1  **Ronald J. Logar --State Bar No. 303**
   **Eric Pulver--State Bar No.** 7874
2  LAW OFFICE OF LOGAR & PULVER, PC
   225 S. Arlington Ave., Ste. A
3  Reno , NV  89501
   Tel:  (775) 786-5040; Fax:  (775) 786-7544

4  **Michael J. Flynn, Mass. State Bar No. 172780**
5  **Philip H. Stillman, California State Bar No. 152861**
   FLYNN & STILLMAN
6  224 Birmingham Drive, Suite 1A4
   Cardiff, CA 92007
7  Tel:  (888) 235-4279; Fax:  (888) 235-4279
   (*Application for Admission Pro Hac Vice*)

8  Attorneys for Defendant DENNIS MONTGOMERY and
9  Counterclaimant MONTGOMERY FAMILY TRUST, a California Trust.

10                **UNITED STATES DISTRICT COURT**

11              **FOR THE DISTRICT OF NEVADA (RENO)**

| | |
|---|---|
| 12  DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust, | Case No: CV-N-06-00056- BES-VPC |
| 14                     Plaintiffs, | |
| 15  vs. | |
| 16  eTREPPID TECHNOLOGIES, INC., a Nevada LLC; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA and DOES 1 through 10, | |
| 18                     Defendants. | |
| 19  ETREPPID TECHNOLOGIES, INC., a Nevada Limited Liability Company, | Case No: CV-N-06-00145- BES-VPC |
| 20                     Plaintiffs, | |
| 21  vs. | |
| 22  DENNIS MONTGOMERY, THE MONTGOMERY FAMILY TRUST, DENNIS MONTGOMERY AND BRENDA MONTGOMERY as Trustee of the Montgomery Family Trust, and DOES 1-20 individual, and DOES 1 THROUGH 20, | |
| 24                     Defendants. | |

25  **NOTICE OF MOTION AND MOTION BY DENNIS  MONTGOMERY AND THE**
26  **MONTGOMERY FAMILY TRUST TO CONSOLIDATE UNITED STATES DISTRICT**
    **COURT, DISTRICT OF NEVADA, CASES CV-00145-BES-VPC & CV00056-BES-VPC.**

27
28         **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:** Please take notice that

pursuant to FRCP 42, Dennis Montgomery and the Montgomery Family Trust (hereinafter collectively "Montgomery") submit his Motion to Consolidate two cases in the United States District Court, District of Nevada, Reno: (1) *eTreppid Technologies, Inc. v. Montgomery, et al,* CV 00145-BEX-VPC; and (2) *Montgomery, et al v. eTreppid Technologies, Inc.*, CV 00056-BES-VPC. Montgomery's attorney, Eric Pulver, conferred with eTreppid's attorney, Jerry Snyder, but they were unable to resolve this dispute without a motion.

This motion is based on this notice of motion and motion, the following memorandum of points and authorities, the declaration of Michael Flynn, the docket and pleadings of these said cases, and any evidence presented at the hearing of this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE.**

**I.  INTRODUCTION.**

Montgomery seeks complete consolidation of the following two cases:  (1) *Montgomery et al v. eTreppid Technologies, Inc., et al*, U.S.D.C., District of Nevada, Reno, CV-00056-BES-VPC (hereinafter "Montgomery v. eTreppid"); and *eTreppid Technologies, Inc. v. Dennis Montgomery, et al*, U.S.D.C., District of Nevada, Reno, CV-N-06-0145 (hereinafter "eTreppid v. Montgomery"). These cases meet the requirements for consolidation under FRCP 42(a) because they "involve common questions of law and fact." As set forth herein, they involve the same parties, arise from the same nucleus of facts, the core issues are the same, the parties are represented by the same attorneys, the witnesses and exhibits will be very similar, if not the same, the status of discovery is the same, and the two main players opposing each other, Montgomery and Trepp, (majority co-owners of eTreppid Technologies), are the same.  These cases are so intertwined they should be consolidated to enhance judicial efficiency, reduce expense, and ensure there is no risk of prejudice, confusion and no inconsistent adjudications of common factual and legal issues.

**II.  FACTUAL BACKGROUND.**

The two cases arise out of eTreppid, and its managing shareholder, Warren Trepp's, attempts to improperly take control and ownership of software that Dennis Montgomery authored, copyrighted, and never assigned to eTreppid or Trepp.  Despite the fact that eTreppid has artfully framed its case, as a "trade secrets" case, *it actually turns on copyright law* and the ownership of

certain technology, not the disclosure of that technology to third parties. Indeed, eTreppid has not, and can not, plead with "reasonable particularity" the identity of the "trade secrets" it alleges it owns because only Montgomery knows the source codes for *his* software technology embodied in *his* copyrights. Because these cases require the Court to determine matters of federal copyright law pursuant to the Copyright Act of 1976 regarding (1) whether the software technology at issue is a derivative work of copyrights owned by Montgomery, 17 U.S.C. § 101; (2) whether there is any written transfer of Montgomery's ownership interests in the copyrights by means of a writing that complies with 17 U.S.C. § 204(a); and (3) whether any software at issue is considered to be a "work for hire" pursuant to 17 U.S.C. § 201(b), these cases will turn on who owns the copyrights, Montgomery or Trepp, and should be consolidated.

A. Claims in *Montgomery v. eTreppid.*

Montgomery's claims are: (1) copyright infringement, (2) copyright infringement by distribution, (3) declaratory judgment, (4) accounting, (5) breach of fiduciary duty, (6) fraud, (7) breach of contract, (8) misappropriation of trade secrets, (9) conversion, and (10) declaratory relief against the U.S. Department of Defense. (Complaint, docket no. 1[filed Jan. 31, 2006]; Declaration of Attorney Flynn, [hereinafter "Atty. Decl."], filed herewith).

B. Claims in *eTreppid v. Montgomery.*

ETreppid's "artfully drafted" claims are: (1) misappropriation of trade secrets, (b) breach of contract, and (c) conversion. (Atty. Decl.). ETreppid has alleged that Montgomery "breached an employment agreement and contribution agreement, which assigned to eTreppid any and all rights in the eTreppid Source Code," ¶43; that eTreppid's backup CDs "never had contained a complete copy of the eTreppid source code," ¶ 28; "[w]ithout the eTreppid Source Code, eTreppid's programmers cannot perform their ordinary duties . . .," ¶ 31; and "upon information and belief [Montgomery] willfully . . . misappropriated eTreppid's trade secrets." There is no "employment agreement," and eTreppid has nothing to support its position that Montgomery assigned any rights to his now disputed copyrights to eTreppid.

If eTreppid opposes this motion, it will likely allege that it has state claims and Montgomery's case involves different copyright claims; and if its pending motion to remand *eTreppid v. Montgomery*

Montgomery Motion to Consolidate
CV-N-06-00056 & CV-N-06-00145              Page 3 of 11

to state court is granted, this consolidation motion will be moot.[1]   This argument fails because eTreppid's motion to remand is meritless; and federal copyright law, preempts state law. ETreppid's claims for misappropriation of trade secrets, breach of contract, conversion, are really copyright claims, artfully drafted to try to avoid federal court.[2]  *Fed. Dept. Stores, Inc. v. Motie*, 45 U.S. 394, 397 (1981) [a plaintiff can't defeat removal by "artfully" disguising federal copyright claims as state claims]; *Sparta Surgical Corp. v. Nat'l Assoc. of Securities Dealers, Inc.,* 159 F.3d 1209, 1212 (9th cir. 1998)[ "A plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law."].   Federal law will preempt state law which will infringe on a copyright owner's exclusive rights established and protected under the copyright act.  *See e.g.*, *G.S. Ramussen & Assoc. v. Kalitta Flying Service, Inc.*, 958 F.2d 896, 904 (9th Cir 1992) *cert denied*, 113 S.Ct. 2927 (1993); *see also*, *Avtec Sys. v. Peiffer*, 21 F.3d 568 (4th Cir. 1994) [ holding that the company could not have a state law trade secret claim when the company did not own the copyrights].   Therefore, despite eTreppid's disingenuous labeling of its claims, the claims in both cases evolve around copyright law, and this court has exclusive jurisdiction of copyright cases.

In both cases, there is also an almost identical claim by Montgomery against eTreppid and the U.S. Department of Defense for declaratory relief.  (Notice of Removal and attached counterclaim, ¶22-31, docket no. 1 [removal filed March 20, 2006]).

C.   The Crux of These Cases is Identical.

In this case, as well as the related copyright case, the core issue will be whether Montgomery contributed his copyrights to eTreppid, or whether they were excluded under paragraph 1.3 of his Contribution Agreement with eTreppid (then known as iTreppid). (Atty. Decl.).  Article 1.2.1 of the Contribution Agreement states that Montgomery (his Trust) contributed the software compression

---

[1] On May 12, 2006, Montgomery's attorney, Eric Pulver, conferred with eTreppid's attorney, Jerry Snyder, and asked if he would agree to consolidation. They were unable to resolve this issue. (Atty. Decl.)

[2] In February 2006, while this case was in state court and *before* it was removed to federal court, Montgomery had filed a motion to dismiss eTreppid's first amended complaint for lack of subject matter jurisdiction saying that this case is a copyright case, which belongs in federal court.  However, that motion was never ruled upon because this case was transferred.

technology contained on CD number one, to eTreppid, and that was the "*only*" software technology he contributed to eTreppid. In fact, Article 1.3 of the Contribution Agreement, specifically states that Montgomery (his Trust) *was not contributing* "any other tangible or intangible assets" not expressly contributed in the Contribution Agreement.   So if the technology was not on CD number one, eTreppid does not have an interest in it.  All of Montgomery's other technology, which was copyrighted by him long before his association with eTreppid, is  owned by him. [3]

### III.  ARGUMENT.

A.  Applicable Law.

Rule of civil procedure 42(a) states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The purpose of consolidation under rule 42(a) is to enhance trial court efficiency by avoiding unnecessary duplication of proceedings and effort, *see e.g. Enterprise Bank v. Saettele*, 21 F.3d 233, 235-36 (8th Cir. 1994); and avoid the substantial danger of inconsistent adjudications. *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

A district court's decision to consolidate two federal actions is discretionary and will not be reversed absent clear error or exigent circumstances. *United States E.P.A. v. City of Green Forest, Ark.*, 921 F.2d 1394, 1402 (8th Cir. 1990); *Investors Research Co. v. U.S. Dist. Ct. for Central Dist. of Calf.*, 877 F.2d 777, 777 (9th Cir. 1989).   Failure to make precise findings as to what are the common questions of law or fact renders consolidation an abuse of discretion. *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2nd Cir. 1993)[abuse of discretion to consolidate 44 repetitive stress injury claims where plaintiffs worked for different employers, had different occupations and suffered

---

[3] Other than the Contribution Agreement, eTreppid has not presented a single writing purporting to transfer it an interest in anything. Thus, other than on some implication that because Montgomery permitted the use of his technology for a short time, its ownership was implied to have been transferred to eTreppid, there is no compliance with the Copyright Act's "writing" requirement and no showing of ownership by eTreppid. Moreover, the only writing in the record – the Contribution Agreement – is directly to the contrary.   See 17 U. S. C. § 201(a).
17 U.S.C. § 204. [" Execution of transfers of copyright ownership (a) A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."].

from different conditions].

Consolidation is not dependant on party approval. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)[court has the power to order consolidation sua sponte over parties objections]; *Devlin v. Transportation Communications Int'l Union,* 175 F.3d 121, 130 (2nd Cir. 1999) *citing In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1989). Rule 42(a) was designed and intended to encourage consolidation <u>where ever possible</u>. *United States v. Knauer*, 149 F.2d 519 (7th Cir. 1945), *aff'd* 328 U.S. 654 (1946), *reh den* 329 U.S. 818 (1946).

      B.      <u>Common Legal and Factual Questions</u>.

● It is undisputed that the parties are identical. (See Docket Sheets; Atty Decl.).

●It is undisputed that eTreppid's case against Montgomery, and Montgomery's case against eTreppid, arise from Montgomery's ownership in eTreppid, and his status as an independent contractor and employee with eTreppid from 1998 to January 2006. (*eTreppid v. Montgomery*, Complaint ¶¶2, 5, 43, compare with *Montgomery v. eTreppid,* Complaint ¶¶ 1-18). So there's a common workplace and time period.

●It is also undisputed that both cases involve the "Contribution Agreement" between Montgomery and Trepp. The core factual and legal issues in both cases are copyright issues, namely whether Montgomery contributed his copyrights to eTreppid under Article 1.2.1 of the Contribution Agreement with eTreppid, or whether they were excluded under paragraph 1.3 of his Contribution Agreement.[4] (Atty. Decl.). Given the Contribution Agreement, the ONLY theory eTreppid has to the Source Code, is the "work for hire" theory, and its ten part test, which is imbedded in copyright law, and permeates both cases. *See Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 109 S. Ct. 2166, 2177-78, 104 L. Ed. 2d 811 (1989) [describing purpose of writing requirement for "works made for hire"]. Classifying a work as "made for hire" determines not only the initial ownership of its copyright, under the Copyright Act of 1976, but also the copyright's duration, 17 U.S.C. § 302(c), and the owner's renewal rights, §304(a), termination rights, §203(a), and a right to

---

[4] Copyright law demonstrates that without any valid writing under 17 U.S.C. § 201 (a), the author of copyrighted material owns the copyright and all derivative works therefrom. While eTreppid may claim its case is not a copyrights case, it can't dispute that the core legal issue will be whether Montgomery contributed his copyrights to eTreppid.

import certain goods bearing the copyright, §601(b)(1). Therefore, consolidation is proper. *Owen v. Labor Ready, Inc.*, 146 Fed. Appx. 139, 141 (9th Cir. 2005)[consolidation granted because cases involved common legal and or factual questions].

● The cases involve substantially the same witnesses, if not the exact same witnesses, including but not limited to Dennis Montgomery; Brenda Montgomery; Warren Trepp; Sloan Venables, Security Manager for eTreppid; Zehang Sun, VP Engineering for eTreppid, Patty Gray and all eTreppid employees, including its accountant; Douglas Freye, an attorney who ran the company while Trepp was on a six month cruise and Montgomery was working sixteen hours a day; Michael West; Paul Pugliese, Esq.; Ron Rachow. Esq.; other agents of the United States government; Michael Milken; and the same experts. (Atty. Decl.). Consolidation is particularly appropriate and will serve purpose of trial convenience and economy, where substantially the same witnesses will testify in two cases arising from the same operative facts. *DeFigueiredo v. Trans World Airlines, Inc.*, 55 FRD 44 (SD NY 1971).

●The cases will largely use the same exhibits, if not the same exhibits, including but not limited to the Contribution Agreement between Montgomery and Trepp; the Operating Agreement between Montgomery and Trepp, and its amendments; compilation of owners; patent assignments Montgomery assigned to eTreppid; patent assignments Montgomery did not assign to eTreppid; Montgomery's Agreement with Corning re: gas analysis from the 1980s; copyrights filed by Computermate, all accounting records and organizational documents for eTreppid. (Atty. Decl.);

●It is undisputed that the parties in both cases are represented by the same attorneys. (*See* Docket Sheets). The presence of one counsel for all claimants is one factor suggesting suitability of consolidation. *Poulson v. Louisiana, Arkansas & Texas Transp. Co.*, 7 FRD 484 (DC La 1947).

●The cases involve the same "governmental interests," and national defense and military secrets, which both the U.S. Department of Defense and eTreppid have acknowledged. *See* Unopposed Motion for Extension of Time for U.S. Dept. of Defense to File a Responsive Pleading, docket no. 47 ["given the vital governmental interests at stake . . . potentially asserting the military

and states secrets privilege"]; Notice of Motion and Motion by eTreppid Technologies, LLC and Warren Trepp for Protective Order and Order to Seal Pleadings and Records, docket no. 33, 2:4-3:26 [according to Trepp, the "technology at issue includes compression, anomaly detection, and pattern recognition software,[5] which eTreppid uses to fulfill obligations to its customers—including the Federal Government—for security and defense applications of the . . . Source Code."]; Atty. Decl.

● The cases are at similar stages in terms of discovery. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989) [consolidation may be denied where cases involved are at different stages of preparedness for trial]. No depositions, or paper discovery have been done in either case.

C. <u>Consolidating These Cases Will Prevent Prejudice and Confusion; Lessen the Risk of Inconsistent Adjudications of Common Factual and Legal Issues; and Save Everyone Involved Time and Money.</u>

In exercising its discretion to consolidate, the Court must determine:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

As set forth above, (*supra*, III. B.) these cases are joined at the hip, and therefore, there will be no prejudice if they are consolidated. In fact, there is a very real and reasonable potential for prejudice if the are *not* consolidated. With two cases involving the same issues on different tracks, there is a reasonable concern for inconsistency in every aspect of these case. For example, witnesses would have to be deposed twice. Also, if the cases are not consolidated, with two different juries hearing the same evidence, there is a reasonable danger of inconsistent adjudications. *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) [danger of inconsistent adjudications]. For example, one jury could find that Montgomery converted eTreppid's technology, (*eTreppid, et al v. Montgomery*, Complaint, ¶¶ 45-47); and the other jury could find that Montgomery owns the copyrights and therefore didn't convert anything. (*Montgomery, et al v. ETreppid*, Complaint, ¶¶ 21-

---

[5] ETreppid's attorney made this statement in filed papers, even though his client, Trepp, had clearly testified under oath that "pattern recognition" was "not" part of his and Montgomery's Contribution Agreement.

30).

In addition, because there are common factual and legal issues, consolidation will ease everyone's burden and expense to litigate these cases, including the Court's burden and expense. (*Supra*, III. B.) Witnesses can be deposed once for both cases. Exhibits can be produced once for both cases. *See In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2nd Cir. 1993). This will save the Court time and reduce duplication of work during discovery. *See Huene v. U.S. IRS*, 743 F.2d 703, 703 (9th Cir. 1984) ["The district court, in exercising its broad discretion to order consolidation . . . weighs the savings of time and effort consolidation would produce against any inconvenience . . . "]. Here, because the issues, parties, attorneys, witnesses, and exhibits are all the same, it is perspicuously clear that consolidation would be a huge convenience and just result for everyone connected to these contentious cases.

## IV.   CONCLUSION.

For all of the above reasons, these cases should be consolidated under FRCP 42(a).

Respectfully submitted,

May 15, 2006                    /s/ Michael J. Flynn

Michael J. Flynn, Esq.
Attorney for Dennis Montgomery and the
Montgomery Family Trust

**CERTIFICATE OF SERVICE**

I, Lezlie M. Lucas, declare:     I am an employee in the City of Reno, County of Washoe, State of Nevada, employed by the Law Office of Logar & Pulver, PC, located at 225 S. Arlington Avenue, Suite A, Reno, NV 89501. I am over the age of 18 years and not a party to this action.

I am readily familiar with the Law Office of Logar & Pulver's practice for the collection of mail, delivery of its hand-deliveries, their process of facsimile's and the practice of mailing.

On the 15th day of May, 2006, I caused the foregoing document to be delivered to the following persons and/or entities:

| | |
|---|---|
| Via: Hand Delivered: | Mr. Jerry M. Snyder, Esq.<br>Hale Lane Peek Dennison and Howard<br>5441 Kietzke Lane, Second Floor<br>Reno, NV 89511 |
| Via: Hand Delivered: | Stephen J. Peek, Esq.<br>Hale Lane Peek Dennison and Howard<br>5441 Kietzke Lane, Second Floor<br>Reno, NV 89511 |
| Sent Via US Regular Mail: | David A. Jakopin, Esq.<br>Pillsbury Winthrop Shaw Pittman, L.L.P.<br>2475 Hanover Street<br>Palo Alto, CA 94304-1114 |
| Sent Via US Regular Mail: | Jonathan D. Butler, Esq<br>Pillsbury Winthrop Shaw Pittman, L.L.P.<br>2475 Hanover Street<br>Palo Alto, CA 94304-1114 |
| Sent Via US Regular Mail: | Daniel G. Bogden, United States Attorney<br>100 West Liberty Street, Suite 600<br>Reno, NV 89501 |
| Sent Via US Regular Mail: | Greg Addington, Assistant United States Attorney<br>100 W. Liberty Street, Suite 600<br>Reno, NV 89501 |
| Sent Via US Regular Mail: | Civil Process Clerk,<br>United States Attorney for the District of Nevada;<br>100 W. Liberty Street, Suite 600<br>Reno, NV 89501 |
| Sent Via US Regular Mail: | Karen Richardson, Federal Programs Branch<br>Civil Division, Room 6126<br>U.S. Department of Justice<br>200 Massachusetts Avenue, N.W.<br>P.O. Box 883<br>Washington DC 20044 |

| | | |
|---|---|---|
| 3 | Sent Via US Regular Mail: | Donald H. Rumsfield<br>Department of Defense of the U. S. of America<br>1000 Defense Pentagon<br>Washington, DC 20301-1000 |
| 6 | Sent Via US Regular Mail: | Carlotta P. Wells<br>US Department of Justice, Civil Division<br>20 Massachusetts Avenue, NW<br>Washington, DC 20530 |

                                            ___/S/LML_____
                                            Lezlie M. Lucas, CLA, Notary Public
                                            For the Law Office of Logar & Pulver, PC