PETER D. KEISLER
Assistant Attorney General
DANIEL G. BOGDEN
United States Attorney
District of Nevada
GREG ADDINGTON
Assistant United States Attorney
Nevada Bar 6875
100 West Liberty, Suite 600
Reno, Nevada 89501
VINCENT M. GARVEY
Deputy Branch Director
CARLOTTA P. WELLS
Senior Trial Counsel
Federal Programs Branch
Civil Division - Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW/P.O. Box 883
Washington, D.C. 20044

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY, and MONTGOMERY FAMILY TRUST, a California Trust, <br><br> Plaintiffs, <br><br> v. <br><br> ETREPPID TECHNOLOGIES, INC., WARREN TREPP, DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA, and DOES 1-10, <br><br> Defendants. | CV-N 06-00056 (BES)(VPC) |

**NOTICE OF MOTION AND MOTION TO DISMISS
BY THE UNITED STATES DEPARTMENT OF DEFENSE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: Please take notice that, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), defendant, the United States Department of Defense (DoD), hereby submits its motion to dismiss. The motion is based on this notice of motion and motion and the following memorandum of points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

Plaintiff Dennis Montgomery, et al. (Montgomery) has brought this action against the United States Department of Defense (DoD), alleging a violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*, and requesting that Montgomery be relieved of obligations under a non-disclosure agreement in order to adequately raise claims and defenses relating to allegations that copyrights have been infringed and trade secrets violated. This Court lacks jurisdiction over the claims pleaded against DoD. Copyright infringement claims against the United States must be brought in the Court of Federal Claims, not in District Court. Further, Montgomery's only basis for asserting a claim for relief under the terms of a non-disclosure is the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* Because that statute does not create an independent cause of action, the Court lacks jurisdiction and the claim against DoD must be dismissed. In addition, Montgomery's claim is without merit because the court lacks authority to require that an Executive Branch agency divulge classified information.

**FACTUAL BACKGROUND**

Montgomery filed this complaint against defendant eTreppid Technologies, Inc., *et al.* (eTreppid) and DoD, asserting claims of copyright infringement. Montgomery claimed that he is an inventor and software developer who developed software for which he was granted copyrights in 1982. Complaint ¶ 8. Montgomery asserted that, after the registration of the copyrights, he developed derivative works based on the copyrighted technology. *Id.* ¶ 9. In September 1998, Montgomery and counter-defendant Warren Trepp formed eTreppid. *Id.* ¶ 10. Pursuant to an agreement entered into between Montgomery and Trepp, Montgomery alleged he contributed certain technology in exchange for a 50 percent interest in eTreppid. *Id.*

The dispute between Montgomery and eTreppid stems from the issue of the extent to which Montgomery retained the sole interest in the derivative works based on the copyrighted technology. Complaint ¶¶ 11-14. Montgomery alleged that, in 2003, eTreppid "began sublicensing the Derivative Works to various entities, including the United States government and collecting licensing fees for the sublicenses," without having a license to take such action. *Id.* ¶¶

16-18. Further, Montgomery claimed that, to the extent eTreppid had "an oral nonexlusive license to exploit the Derivative Works," such oral license was terminated in January 2006. *Id.* ¶¶ 17-18. Montgomery asserted that eTreppid not only has failed to account for any profits associated with its "unlicensed exploitation" of the derivative works, but also may have destroyed part of the derivative works' "source code." *Id.* ¶¶ 19-20. Montgomery asserted that eTreppid's and DoD's exploitation of the derivative works constitutes a copyright infringement, *id.* ¶¶ 21-26 and that defendants have unlawfully distributed the derivative works in violation of the Copyright Act, *id.* ¶¶ 27-30.

With respect to DoD, Montgomery also claimed that he signed a "secrecy oath" which "prevents him from discussing, disclosing or even identifying the subject matter of his work for the United States on penalty of criminal prosecution . . ." Complaint ¶ 69. Montgomery signed the Classified Information Nondisclosure Agreement (Nondisclosure Agreement), which was executed with the Defense Security Service, an agency within the DoD, on September 16, 2003. Exhibit 1. Pursuant to the terms of the Nondisclosure Agreement, Montgomery *inter alia*: (1) accepted certain obligations in exchange for being granted access to classified information (para. 1); (2) agreed never to divulge classified information to anyone unless authorized under the terms of the agreement and to comply with all laws prohibiting the unauthorized disclosure of classified information (para. 3); (3) stated he had been advised that the unauthorized disclosure of classified information could violate certain criminal statutes (para. 4); (4) stated he understood that the United States government may seek any remedy available to it to enforce the terms of the agreement, including but not limited to seeking a court order to prohibit the unauthorized disclosure of classified information (para. 6); (5) stated he understood that the classified information to which he would have or obtain access to was and would remain the property and under the control of the United States government (para. 7); and (6) agreed that the conditions and obligations imposed upon him under the agreement apply unless and until he is relieved of such obligations in writing by an authorized representative of the United States government (para. 8). *Id.*

In addition, the complaint asserted that Montgomery's defense of the action would require him to discuss the nature of the work he had been performing on behalf of DoD while associated with eTreppid. Counter-complaint ¶ 71. Naming DoD as a counter-defendant, Montgomery claimed that in order to defend against eTreppid's claims of trade secret misappropriation, Montgomery "will be obligated to disclose the nature of the technology, the type of work he has performed on the government contracts using his technology versus that of eTreppid, and the capabilities of his technology . . . in performing work for certain government agencies." *Id.* Asserting that disclosures of information relating to the work performed on government contracts would violate his "secrecy contract," *id.*, Montgomery sought a declaration that the disclosure of the information he believed is necessary to his defense will not constitute a violation of "the contract between Montgomery and the United States to maintain [] secrets, and/or a declaration of immunity for Montgomery from the United States." *Id.* ¶ 26.

## ARGUMENT

It is axiomatic that the United States cannot be sued absent a waiver of sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Such waivers are strictly construed in favor of the sovereign. Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999); Lane v. Pena, 518 U.S. 187, 192 (1996). In addition, plaintiffs suing the government must show not only a waiver of sovereign immunity, but also a grant of subject matter jurisdiction. VS Limited Partnership v. United States, 235 F.3d 1109, 1112 (8th Cir. 2000); Taylor v. United States, 248 F.3d 736, 737 (8th Cir. 1986).

**I.    THE DISTRICT COURT LACKS JURISDICTION OVER MONTGOMERY'S COPYRIGHT CLAIMS AGAINST DOD**

With respect to the first through fourth claims in Montgomery's Federal Case Complaint, he alleges that "defendants," including DoD, violated copyright laws. Any action against the government for copyright violations, however, are cognizable solely and exclusively in the Court of Federal Claims. 28 U.S.C. § 1498(b). Further, injunctive relief is not available under this provision. Williams & Wilkins Co. V. United States, 487 F.2d 1345, 1360 (Ct. Cl. 1973), *aff'd*

420 U.S. 376 (1975).  Therefore, this Court does not have jurisdiction to consider Montgomery's claims that the government violated copyright laws and those claims should be dismissed..

## II. THE COURT LACKS JURISDICTION OVER MONTGOMERY'S CLAIM FOR DECLARATORY RELIEF

In this case, Montgomery has not, in his tenth claim for relief, identified any statute that waives sovereign immunity and, thus, serves as the basis for his claim against DoD, except for the Declaratory Judgment Act.  This Act, however, does not provide the Court with jurisdiction.  Indeed, the Declaratory Judgment Act does not create an independent cause of action.  Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).  A court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief.  *Id.*  Accord Akins v. Penobscot Nation, 130 F.2d 482, 490 n.9 (1st Cir. 1997); In re Joint E. & S. Dist. Asbestos Litigation, 14 F.3d 726, 731 (2d Cir. 1993); Earnest v. Lowentritt, 690 F.2d 1198, 1203 (5th Cir. 1982).  Nor does the Act effect a waiver of sovereign immunity.  *See* Muirhead v. Mecham, 427 F.3d 14, 18 (1st Cir. 2005).  Inasmuch as the Declaratory Judgment Act does not provide a basis for a cause of action herein, Montgomery's claims against DoD must be dismissed.

Montgomery's claims against DoD also are defective because, as he has acknowledged, he is bound by the terms of the Nondisclosure Agreement he executed with DoD.  Under its terms, Montgomery agreed not to make any unauthorized disclosures of classified information.  Exhibit 1.  Montgomery also stated that he understood that the classified information to which he gained access was owned and controlled by the United States government.  *Id*.  In other words, the agreement prohibits Montgomery from disclosing classified information absent authorization from the United States government.  Such authorization has not been obtained and, thus, Montgomery cannot, under the agreement, disclose classified information.

Moreover, as the agreement expressly states, only the United States government –not this Court– can provide Montgomery with the authorization he seeks.  The authority "to classify and control access to information bearing on national security" is constitutionally vested in the President as head of the Executive Branch and Commander in Chief.  *See* Department of the Navy v. Egan, 484 U.S. 518, 527 (1988).  Concomitantly, it is " the responsibility of [the Executive},

not that of the judiciary, to weigh the variety of complex and subtle factors in determining whether" to disclose classified information. <u>Central Intelligence Agency v. Sims</u>, 471 U.S. 159, 180 (1985). *Accord* <u>Fitzgibbon v. Central Intelligence Agency</u>, 911 F.2d 755, 766 (D.C. Cir. 1990) (impermissible for trial court to "perform[] its own calculus as to whether or not harm to the national security . . . would result from disclosure" of national security information); <u>Guillot v. Garrett</u>, 970 F.2d 1320, 1324 (4th Cir. 1992) (the President has "exclusive constitutional authority over access to national security information"); <u>Dorfmont v. Brown</u>, 913 F.2d 1399, 1405 (9th Cir. 1990) (Kozinski, J., concurring) ("Under the Constitution, the President has unreviewable discretion over security decisions made pursuant to his powers as chief executive and Commander-in-Chief."), *cert. denied*, 499 U.S. 905 (1991). Therefore, the district court lacks authority to rewrite the terms of the Nondisclosure Agreement Montgomery signed, to substitute its assessment of harm for that of the Executive Branch, and to require the United States government to permit Montgomery to disclose classified information.

## CONCLUSION

For the foregoing reasons, the Department of Defense's motion to dismiss should be granted.

DATED: June 21, 2006

                                                                     Respectfully submitted,

                                                                     PETER D. KEISLER
Assistant Attorney General

DANIEL G. BOGDEN
United States Attorney
District of Nevada

GREG ADDINGTON
Assistant United States Attorney
Nevada Bar 6875
100 West Liberty, Suite 600
Reno, Nevada 89501

VINCENT M. GARVEY
Deputy Branch Director

/s/ Carlotta P. Wells
CARLOTTA P. WELLS
Senior Trial Counsel
Federal Programs Branch
Civil Division - Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, D.C.  20044

Counsel for Defendant,
United States Department of Defense

<u>IT IS SO ORDERED</u>

Date: _____, 2006       _____

UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee in the office of the United States Department of Justice, Civil Division in Washington DC and I am of such age and discretion as to be competent to serve papers.  On June 21, 2006, I served copies of the Department of Defense's Notice of Motion and Motion to Dismiss, with the accompanying Memorandum of Points and Authorities, by placing said copies in postpaid envelopes addressed to the persons named below at the places and addresses stated below and by depositing said envelopes and contents in the United States mail at the United States Department of Justice, 20 Massachusetts Avenue, Washington D. C. 20001.

Ronald J. Logar, Esq.
Eric A. Pulver, Esq.
LAW OFFICES OF LOGAR & PULVER, PC
255 S. Arlington Avenue, Suite A
Reno, NV 89501

Michael J. Flynn, Esq.
Philip H. Stillman, Esq.
FLYNN & STILLMAN
224 Birmingham Drive, Suite 1A4
Cardiff, CA 92007

Stephen J. Peek, Esq.
Jerry M. Snyder, Esq.

1  HALE LANE PEEK DENNISON AND HOWARD
   5441 Kietzke Lane, Second Floor
2  Reno, NV 89511

3

   David A. Jakopin, Esq.
4  Jonathan D. Butler, Esq.
   PILLSBURY WINTHROP SHAW PITTMAN, L.L.P.
5  2475 Hanover Street
   Palo Alto, CA 94304-1114
6

7                                    /s/ Carlotta P. Wells
                                     Carlotta P. Wells
8                                    Senior Trial Counsel
                                     Federal Programs Branch, Civil Division
9                                    United States Department of Justice

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-