J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, NV 89511
Tel: (775) 327-3000
Fax: (775) 786-6179

PILLSBURY WINTHROP SHAW PITTMAN, LLP
David A. Jakopin, Esq. (CA Bar No. 209950)
Jonathan D. Butler, Esq. (CA Bar No. 229638)
2475 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

Attorneys for Defendants
eTreppid Technologies, LLC and Warren Trepp

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT COURT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust,<br><br>    Plaintiff,<br><br>    vs.<br><br>ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA, and DOES 1 through 10,<br><br>    Defendants | Case No. 3:06-CV-00056-BES-VPC<br><br>**NOTICE OF MOTION AND MOTION BY ETREPPID TECHNOLOGIES, LLC FOR PROTECTIVE ORDER** |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, eTreppid Technologies, LLC ("eTreppid") hereby moves the above-entitled Court to enter a protective order that protects the confidentiality of information and documents that may be disclosed in the above-entitled action. for an order that certain property seized from the above-entitled address be

returned to eTreppid.

The present motion is supported by the attached Declaration of Jerry M. Snyder in Support of Motion for Protective Order, by the following Memorandum of Points and Authorities, and by the evidence and testimony adduced at the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This matter arises out of the claims by Plaintiffs Dennis Montgomery ("Montgomery") and the Montgomery Family Trusts (collectively, "Plaintiffs") against Defendants eTreppid Technologies, LLC ("eTreppid") and Warren Trepp (collectively, "Defendants"). Specifically, in this action Plaintiffs allege that eTreppid has infringed upon certain copyrights that purportedly belong to Plaintiffs. Plaintiffs also allege herein that Defendants are liable for, *inter alia*, breach of contract and breach of fiduciary duty.

In a separate action initiated by eTreppid in the Second Judicial District Court in Washoe County prior to this action (the "eTreppid Action"), eTreppid asserts that Montgomery has misappropriated certain trade secrets belonging to eTreppid, and that Montgomery is liable for, *inter alia*, conversion, breach of contract, and breach of fiduciary duty. Notably, after a lengthy evidentiary hearing, the court in the eTreppid Action entered a Preliminary Injunction Order against Dennis Montgomery on February 8, 2006 (the "PI Order"), stating in the PI Order that eTreppid was reasonably likely to prevail on its claims for ownership of the disputed technology.

Both this action and the eTreppid Action seek to resolve the parties' ownership rights to computer software and source codes that incorporate applications for data compression, object tracking, pattern recognition, and anomaly detection (the "Software"). eTreppid contends that the Software is protected as a trade secret owned by eTreppid – because *inter alia* the Software was developed by eTreppid using eTreppid personnel and equipment, and during the relevant time period Montgomery was employed as eTreppid's Chief Technology Officer. Plaintiffs, by contrast, apparently contend that the Software infringes on certain copyrights, which appear to have been registered over twenty years ago and which appear to relate to various medical applications.

In light of the nature of this dispute as to ownership rights for the confidential Software, it is likely that the parties will seek discovery of substantial trade secret and commercially-sensitive information – including software source code, confidential documents relating to the operation and management of eTreppid, information relating to eTreppid's products and potential products, and confidential financial information.

## II. STATEMENT OF FACTS

### A. Previous Efforts to Implement a Protective Order Governing the Parties' Dispute.

eTreppid has already made a substantial effort to agree to the terms of a stipulated protective order. As set forth during the May 11, 2006 hearing on eTreppid's prior motion for a protective order, one of Montgomery's attorneys opined that the Court should seal the entire file for the eTreppid Action. At the subsequent hearing on eTreppid's motion for preliminary injunction, Montgomery's counsel again insisted that the information to be discussed is so sensitive that the parties' respective counsel should not be party to some of the required testimony.

Because the parties appeared to agree that some form of protective order should govern proceedings regarding the parties' dispute, eTreppid sought a formal protective order. To eTreppid's surprise, Montgomery's counsel rebuffed eTreppid's approaches. Accordingly, eTreppid moved the Court to enter a protective order, which Montgomery opposed. At the hearing on eTreppid's motion (which occurred on May 11, 2006), Montgomery's counsel opined that the parties' dispute would require disclosure of little or no confidential and/or sensitive information.

At the conclusion of the May 11 hearing, the Court ordered the parties to 'meet and confer' regarding terms for a protective order – further providing an exemplar of a two-tier protective order, under which the parties could designate material as either "confidential" (to limit access to attorneys, parties and agents) or "restricted confidential" (to limit access to attorneys and non-party agents).

eTreppid promptly provided a draft protective order, modeled on the Court's two-tier protective order, to counsel for both the United States and Montgomery. Declaration of Jerry Snyder In Support Of Motion For Protective Order ("Snyder Decl."), ¶ __ **Ex. 1**. On June 30, 2006, the United States also provided a draft protective order, which focused only on protection of "classified" information. Snyder Decl., ¶ __ **Ex. 2**. Montgomery then provided a draft protective order on July 5,

2006, incorporating elements of the draft orders provided by both eTreppid and the United States. Snyder Decl., ¶ __ **Ex. 3**.

The parties held a conference call on July 24, 2006 to discuss the various draft protective orders. During this call, Montgomery's counsel stated their unwillingness to sign any protective order unless the parties identified, at the time of entry of the protective order, each and every document that they contend are "confidential." Snyder Decl., ¶ __, **Ex. 4.** The parties were unable to agree during the call on terms for a protective order.

Accordingly, eTreppid sent Montgomery a letter on August 4, 2006 to explain eTreppid's concerns with the draft protective order that Montgomery had proposed. Snyder Decl., ¶ __, **Ex. 5.** In particular, eTreppid identified three primary areas of concern:

- The parties should enter into separate protective orders that protect, respectively, eTreppid's concerns regarding disclosure of confidential or trade secret information and the United States' concerns regarding disclosure of classified information.

- The identification of Dennis Montgomery as an expert witness would eviscerate the purpose of a two-tier protective order that allows a party to designate information as not accessible by other parties. Further, the two-tier order allows the parties to consult independent expert witnesses – which obviates the need to designate Dennis Montgomery as an "expert" for purposes of this action.

- The requirement that parties designate all confidential documents upon entry of the protective order would place a tremendous burden on all the parties, by requiring counsel to designate each confidential document that might be produced rather than addressing each requested document as appropriate.

Notwithstanding eTreppid's stated concerns and willingness to further discuss a mutually-agreeable protective order, Montgomery's counsel indicated, in an August 8, 2006 letter, that he was not willing to accommodate eTreppid's concerns. Snyder Decl. ¶ __, **Ex. 6**.

///

///

///

B.  *Montgomery Served Discovery Requests That Require Disclosure of Confidential Information.*

Notwithstanding the parties' inability to negotiate a mutually-agreeable protective order, Montgomery served eTreppid with discovery requests that require the disclosure of confidential and trade secret information. Specifically, Montgomery served eTreppid with Interrogatories and Requests for Production of Documents, effecting service by U.S. mail on August 9, 2006. Montgomery has, *inter alia*, requested the following:

- that eTreppid "STATE and IDENTIFY fully YOUR alleged trade secret" (Interrogatory No. 1);

- that eTreppid "IDENTIFY in detail all of YOUR alleged trade secrets that only Dennis Montgomery had access to" (Interrogatory No. 2);

- that eTreppid produce "All of your corporate records" (Request for Production No. 3);

- that eTreppid produce "All of your contracts" (Request for Production No. 4);

- that eTreppid produce "All of your wire transfers and wire transfer authorizations" (Request for Production No. 10); and

- that eTreppid produce "All documents and data which is, or was, classified by the U.S. government" (Request for Production No. 26).

**Snyder Decl., Ex**. 7. Although eTreppid deems these discovery requests to be objectionable on various grounds, eTreppid presently moves only for a protective order that protects confidential and trade secret information disclosed through discovery. ETreppid provided timely responses to these requests for production on September 11, 2006. However, because no protective order has been entered, eTreppid has not yet provided responsive documents.

III.  **ARGUMENT**

Rule 26(c) of the Federal Rules of Civil Procedure provides that "[u]pon motion by a party… and for good cause shown, the court in which the action is pending… may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: … (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a

1  designated way." This Court has wide discretion to grant a motion for a protective order. *See Travers*
2  *v. Shalala*, 20 F.3d 993, 999 (9th Cir. 1994) (*citing Home Sav. Bank, F.S.B. by Resolution Trust Corp.*
3  *v. Gillman,* 952 F.2d 1152, 1157 (9th Cir. 1991)).

4        Montgomery's discovery requests require the disclosure of "trade secret or other confidential
5  research, development, or commercial information," within the meaning of Rule 26(c). eTreppid
6  anticipates that a great deal of confidential information may be disclosed, including documents that:

- Reflect non-public aspects of eTreppid's business, such as shareholders' identities, employees' confidential information, and eTreppid's financial information;
- Reflect eTreppid's research and development efforts, business plans, marketing information and similar information; and
- Reflect technical aspects of eTreppid's products, such as software algorithms, source code, and underlying research.

      Some of this information (such as the software source code and other technical information) is highly confidential, trade secret information. Because the parties' dispute incorporates eTreppid's allegations that Dennis Montgomery for misappropriation of trade secrets, eTreppid requests that the Court enter a protective order that prevents Montgomery from reviewing eTreppid's highly confidential technical information. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1469-1471 (9th Cir. 1992) (Court upheld protective order that permitted a party's outside counsel - but not its in-house counsel – to review trade secret information). The Ninth Circuit articulated the relevant balancing test as follows:

> [the Court] must balance the risk to Symantec of inadvertent disclosure of trade secrets to competitors against the risk to Brown Bag that protection of Symantec's trade secrets impaired prosecution of Brown Bag's claims.

*Brown Bag*, 960 F.2d at 1470.

      As in *Brown Bag*, in considering this motion the Court should balance the risk to eTreppid of inadvertent disclosure of trade secrets against the risk to Montgomery that protection of those trade secrets impairs the prosecution of Montgomery's claims. As explained above, Montgomery would have eTreppid disclose its trade secrets without any protective order whatsoever. By contrast, eTreppid's proposed protective order would allow Montgomery's counsel and independent experts to

review eTreppid's trade secrets for purposes of pursuing the parties' dispute; Montgomery's ability to prosecute his claims is not "impaired" by the need to hire an independent expert (rather than reviewing the trade secrets himself). Further, the need to preserve the secrecy of eTreppid's trade secrets outweighs any other impairment presented by eTreppid's proposed protective order.

Accordingly, eTreppid moves the Court to enter its proposed protective order (attached hereto as Exhibit 1 to the Snyder Decl.).

## IV. CONCLUSION

For the foregoing reasons, eTreppid respectfully requests that this Court grant the present Motion for a Protective Order.

Dated: September 19, 2006.

/s/
J. Stephen Peek, Esq.
Nevada Bar Number 1758
Jerry M. Snyder, Esq.
Nevada Bar Number 6830
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Tel:  (775) 327-3000
Fax:   (775) 786-6179

*Attorneys for Defendants eTreppid Technologies, L.L.C. and Warren Trepp*

# PROOF OF SERVICE

I, Gaylene Silva, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard. My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511**. I am over the age of 18 years and not a party to this action

I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On September 19, 2006, I caused the foregoing **NOTICE OF MOTION AND MOTION BY ETREPPID TECHNOLOGIES, LLC FOR PROTECTIVE ORDER** to be:

__X__  mailed a true copy thereof to the following person(s) at the address(es) listed below by placing the document in Hale Lane Peek Dennison and Howard's practice for collection and processing of its outgoing mail with the United States Postal Service to the following:

__X__  filed the document electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

Ronald J. Logar, Esq.  
Eric A. Pulver, Esq.  
The Law Offices of Logar & Pulver  
225 S. Arlington Avenue, Suite A  
Reno, NV 89501  

Fax No.: (775) 786-5044  

Email: Lezlie@renofamilylaw.com

Michael J. Flynn, Esq.  
Philip H. Stillman, Esq.  
Flynn & Stillman  
224 Bermingham Dr., Ste. 1A4  
Cardiff, CA 92007  

Fax No.: (888) 235-4279  

Email: pstillman@flynnstillman.com

Carlotta P. Wells  
Senior Trial Counsel, Federal Programs Branch  
Civil Division – Room 7150  
U.S. Department of Justice  
20 Massachusetts Ave., NW  
P.O. Box 883  
Washington, DC 20044  

Fax No.: (202) 616-8470  

Email: Carlotta.wells@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on September 19, 2006.

/s/  
Gaylene Silva