**UNITED STATES' MOTION FOR
PROTECTIVE ORDER**

**EXHIBIT 3**

1  PETER D. KEISLER
   Assistant Attorney General
2  DANIEL G. BOGDEN
   United States Attorney
3  District of Nevada
   GREG ADDINGTON
4  Assistant United States Attorney
   Nevada Bar 6875
5  100 West Liberty, Suite 600
   Reno, Nevada 89501
6  VINCENT M. GARVEY
   Deputy Branch Director
7  CARLOTTA P. WELLS
   Senior Trial Counsel
8  Federal Programs Branch
   Civil Division - Room 7150
9  U.S. Department of Justice
   20 Massachusetts Ave., NW
10 P.O. Box 883
   Washington, D.C.  20044

11                  **UNITED STATES DISTRICT COURT**

12                      **DISTRICT OF NEVADA**

13  ETREPPID TECHNOLOGIES, LLC,           )
                                          )
14              Plaintiff,                )
                                          )            CV-N- 06-00145 (BES)(VPC)
15  v.                                    )
                                          )
16  DENNIS MONTGOMERY,                    )
    et al.,                               )
17                                        )
                Defendants.               )
18  _____)
    DENNIS MONTGOMERY, et al.,            )
19                                        )
                Plaintiffs,               )
20                                        )            CV-N-06-00056 (BES)(VPC)
    v.                                    )
21                                        )
    ETREPPID TECHNOLOGIES, INC.,          )
22  et al.,                               )
                                          )
23              Defendants.               )
    _____)
24
              **UNITED STATES' PROPOSED PROTECTIVE ORDER**
25
26        Pursuant to Federal Rule of Civil Procedure 26, in order to protect the classification,

27  confidentiality and the rights to information and documents developed and disclosed in

    connection with this litigation, and to facilitate discovery by and among the parties to this action
28
    and from third parties, the United States hereby proposes entry of the following protective order.

IT IS HEREBY ORDERED as follows:

1.  Certain intelligence information that may or may not be relevant to the claims and defenses of the parties to this litigation, as delineated in paragraphs 2 and 3 below, is subject to the state secrets privilege, the disclosure of which reasonably could be expected to cause serious, and in some cases exceptionally grave, damage to the national security of the United States. Such information shall not be subject to discovery or disclosure by any of the above-captioned parties during all proceedings in these actions, and shall be excluded from evidence at trial.

2.  The parties to these actions shall not serve or take any discovery relating to or questioning the existence or non-existence of any actual or proposed relationship, agreement, connection, contract, transaction, communication, or meeting of any kind between any entity in the intelligence community as defined by the National Security Act of 1947, 50 U.S.C. § 401(a)(4), which includes intelligence elements of the military services [hereinafter referred to as "any intelligence agency"], or any current or former official, employee, or representative thereof, and any individuals or entities associated with these lawsuits, or any current or former officer or employee thereof.

3.  The parties to these actions shall not serve or take any discovery relating to or questioning any actual or proposed interest in, application, or use by any intelligence agency, or any current or former official, employee, or representative thereof, of any technology, software, or source code owned or claimed by any individuals or entities associated with these lawsuits.

4.  This Order does not preclude the parties to these actions from serving or taking any discovery from other parties or non-parties relating to, or questioning, the following:

a.  The existence and nature of the "Big Safari" contract [hereinafter referred to as "the contract"] between eTreppid, Inc. and the Unites States Air Force, including but not limited to the fact that the contract required eTreppid to perform data analysis and the fact that the data analysis eTreppid performed under the contract involved image identification technology;

b.  The fact that the contract required employees and/or officers of eTreppid, Inc. to sign secrecy agreements with the Department of Defense;

-2-

c. The technical specifications relating to any technology, owned or claimed by any non-government individual or entity associated with these lawsuits, used under the terms of the contract or any other contract, relationship, agreement, connection, contract, transaction, communication, or meeting of any kind, unless covered by paras. 2 and 3 above;

d. Any actual or potential commercial or government applications of any technology owned or claimed by any non-government individual or entity associated with these lawsuits at any time, except to the extent that any application is covered by paragraph 2 and/or 3 above.

e. Facts relating to the issue of ownership, by any non-government individual or entity associated with these lawsuits, of any right or interest in the source code, software, or other technology owned or claimed by the parties to these lawsuits, except to the extent that any application is covered by paragraph 2 and/or 3 above.

5. The parties shall not discuss, mention, question, or introduce as evidence, either at trial or in any pleading, or motion, any actual or proposed relationship, agreement, connection, contract, transaction, communication, or meeting of any kind between any intelligence agency, or any current or former official, employee, or representative thereof, and any individuals or entities associated with these lawsuits, or any current or former officer or employee thereof.

6. The parties shall not discuss, mention, question, or introduce as evidence, either at trial or in any pleading, or motion, any actual or proposed interest in, application of, or use by any intelligence agency, or any current or former official, employee, or representative thereof, of any technology, software, or source code owned or claimed by any individuals or entities associated with these lawsuits.

7. Every question asked and every document requested by the parties in discovery or at trial, whether or not on its face such question or request relates to or concerns any intelligence agency, shall be deemed, without the need for objection, not to require a response that would include any information relating to or implicating the existence or non-existence of any actual or proposed relationship, agreement, connection, contract, transaction, communication, or meeting

1    of any kind between any intelligence agency, or any current or former official, employee, or

2    representative thereof, and any individual or entity associated with these lawsuits, or any current

3    or former employees thereof.

4        8. Every question asked and every document requested by the parties in discovery or at

5    trial, whether or not on its face such question or request relates to or concerns any intelligence

6    agency, shall be deemed, without the need for objection, not to require a response that would

7    include any information relating to or implicating any actual or proposed  interest in, application

8    of, or use by any intelligence agency, or any current or former official, employee, or

9    representative thereof, of any technology, software, or source code owned or claimed by any

10   individuals or entities associated with these lawsuits.

11       9. The military and state secrets privilege can only be invoked by the United States.  It

12   cannot be asserted by a private individual or entity.

13       10. All parties shall serve the attorneys for the United States with (a) a copy of all notices

14   of depositions, (b) a copy of all requests for discovery and responses thereto, and (c) a copy of all

15   pleadings and motions filed together with supporting memoranda [hereinafter collectively

16   referred to as the "documents"], unless such documents request or relate to information covered

17   by paras 2 and 3 herein.  If the documents request or relate to information covered by paras. 2

18   and 3 herein, the parties shall submit the documents to the United States for classification review

19   prior to service or filing.

20       11. The Clerk of the Court shall send attorneys for the United States a copy of all future

21   decisions and notices for hearings in these cases.

22       12. As the United States deems necessary, attorneys for the United States may attend all

23   depositions and proceedings in this case and may make objections as necessary to protect

24   national security information.  If attorneys for the United States assert an objection based on the

25   need to protect national security information with respect to either witness testimony or

26   documents introduced or otherwise relied upon during a deposition, then the witness shall be

27   precluded from testifying with respect to the line of inquiry that engendered the objection and the

28

1  document shall be withdrawn from the record pending an order of the Court with respect to the

2  scope of the government's national security objection.

3        13. To protect the United States' interests, attorneys for the United States may participate

4  in any proceeding in these cases, including but not limited to motions hearings, all pre-trial

5  proceedings, or trial by making and opposing motions, submitting briefs, and participating in

6  arguments.

7        14. The United States shall be excepted from all party discovery during the pendency of

8  its motions to dismiss the claims against the Department of Defense.

9

10  SO ORDERED: _____

11

12                                   _____

13                                   United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28