SCOTT A. GLOGOVAC, ESQ.
Nevada Bar No. 000226
DAVID S. McELROY, ESQ.
Nevada Bar No. 000334
BURTON, BARTLETT & GLOGOVAC
50 W. Liberty St., Suite 700
Reno, Nevada 89501
Telephone: 775/333-0400
Facsimile: 775/333-0412

Attorneys for Proposed Intervenor
Reno Newspapers, Inc., a Nevada
Corporation doing business as the
Reno Gazette-Journal

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ETREPPID TECHNOLOGIES, INC. a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>DENNIS MONTGOMERY, an individual, MONTGOMERY FAMILY TRUST, a California Trust, and DOES 1 THROUGH 20,<br><br>        Defendant. | Case No.   3:06-CV-00145-PMP-VPC; and<br>3:06-CV-00056-PMP-VPC |
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust,<br><br>        Plaintiffs,<br><br>    vs.<br><br>eTREPPID TECHNOLOGIES, INC. a Nevada LLC; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA and DOES 1 through 10,<br><br>        Defendants. | **MOTION TO INTERVENE** |

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

1

1   Proposed Intervenor Reno Newspapers, Inc., a Nevada corporation doing business
2   as the Reno Gazette-Journal, ("RGJ") respectfully moves the Court for an order granting it
3   leave to intervene in this case for the limited purpose of filing a motion to require open
4   proceedings and unseal records.  Attached hereto as Exhibit 1 is a copy of the RGJ's
5   proferred motion.
6
7       This motion for intervention is made on the ground that the RGJ has a right under
8   the First Amendment to the United States Constitution to access the courtroom
9   proceedings and documentary records in this matter.   Moreover, the RGJ has a
10  corresponding right to intervene into this matter for the limited purpose of seeking to protect
11  that right of access by moving the Court for an order requiring open proceedings and
12  unsealing records.
13      This motion is based upon the memorandum of points and authorities submitted
14  herewith, and upon all other papers, pleadings and documents on file herein.
15
16      DATED this 13th day of March, 2007.
17                                  BURTON, BARTLETT & GLOGOVAC
18                          By:
19                                  SCOTT A. GLOGOVAC, ESQ.
                                    Nevada Bar No. 000226
20                                  DAVID S. McELROY, ESQ.
                                    Nevada Bar No. 000334
21
22                                  Attorneys for Proposed Intervenor
                                    Reno Newspapers, Inc., a Nevada
                                    Corporation doing business as the
23                                  Reno Gazette-Journal
24
25
26
27
28

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

2

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   **Background.**

These two cases involve competing claims of ownership and copyright in certain intellectual property. Both were originally filed in January, 2006. On their face, the cases do not appear to involve matters that are particularly newsworthy or affecting the public interest. However, public filings in these cases on behalf of Mr. Montgomery, in particular the "Motion for Disclosures" filed on March 5, 2007, contain serious allegations of unlawful collusion between Mr. Tripp, the Nevada United States Attorney's office, the FBI, and Nevada Governor James Gibbons.

In brief, Mr. Montgomery alleges that Mr. Tripp has a close personal relationship with Governor Gibbons, and used this relationship to improperly influence the Nevada United States Attorney and the FBI into conducting an illegal search and seizure of certain property located at 12720 Buckthorn Lane, Reno, Nevada. The details concerning this search and seizure are under seal in the case of In the Matter of the Search of 12720 Buckthorn Lane, 3:06-CV-0263-PMP-VPC (the "Sealed Case").

The Motion for Disclosures also references a 33 page Order issued on November 28, 2006 by Judge Valerie Cook in the Sealed Case which found the search and seizures unconstitutional. The serious allegations contained in the Motion for Disclosures obviously affect the public interest, as they involve claims of unlawful conduct and impropriety by public officials.

Proposed Intervenor Reno Newspapers, Inc. is a Nevada corporation doing business as the Reno Gazette-Journal ("RGJ"). The RGJ is a newspaper published daily in Reno, Nevada. In that capacity, the RGJ has a right under the First Amendment to the United States Constitution to access the courtroom proceedings and documentary records

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

3

in this matter, including but not limited to all filings in these cases and full access to the courtroom proceedings herein. The RGJ will also be seeking to intervene in the Sealed Case for the purpose of making the records and proceedings therein public as well.

While the RGJ is not currently a party to this proceeding, it has a right under the governing common law to intervene into this matter for the limited purpose of filing a motion for open proceedings and to unseal records. (In this regard, as noted above, a copy of the RGJ's preferred motion is attached hereto as Exhibit 1.)

Based upon the foregoing, the RGJ respectfully requests the Court to enter an order allowing it to intervene in this matter for the purpose of filing its motion for open proceedings and to unseal records.

## II.    Discussion: RGJ Has Standing, And A Corresponding Common Law Right To Intervene Into This Matter To Require Open Proceedings and Unseal Records.

The United States Supreme Court has held that the First Amendment to the United States Constitution guarantees the press and the public the right to attend trials and pre-trial proceedings. Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 (1980); Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 604-05 (1982); Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 505-09 (1984); Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 10 (1986).  This guarantee applies to judicial records and documents, and not just to the courtroom proceedings themselves. Associated Press v. U.S. Dist. Court for Cent. Dist. of California, 705 F.2d 1143, 1145 (9th Cir. 1983)(stating that "[t]here is no reason to distinguish between pretrial proceedings and the documents filed in regard to them.").

The right of access to judicial proceedings applies to civil matters as well as to criminal matters. See, e.g., Publicker Indus. v. Cohen, 733 F.2d 1059 (3d Cir. 1984) (upholding First Amendment and common law right of access in civil proceedings); In re Continental Illinois Sec. Litig., 732 F.2d 1302, 1308 (7th Cir. 1984) ("...the policy reasons

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

4

for granting public access to criminal proceedings apply to civil cases as well."); <u>Grove Fresh Distribs., Inc. v. Everfresh Juice Co.</u>, 24 F.3d 893, 897 (7th Cir. 1994) (recognizing the media's First Amendment and common law rights to obtain disclosure in civil cases through intervention); <u>Brown & Williamson Tobacco Corp. v. FTC</u>, 710 F.2d 1165 (6th Cir. 1983) (recognizing common law and First Amendment access rights in civil judicial proceedings, and <u>vacating the trial court's order sealing documents</u>); <u>Doe</u> v. Santa Fe Indep. School Dist., 933 F. Supp. 647, 648-50 (S.D. Tex. 1996) (rights of access in civil matters are grounded in the First Amendment as well as in the common law).

Because of the importance of public access to proceedings and documents, the United States Supreme Court has held that "representatives of the press and public <u>must be given an opportunity to be heard</u> on the question of their exclusion." <u>Globe Newspapers Co. v. Superior Court</u>, 457 U.S. 596, 609 n.25 (1982)(emphasis added).  In accordance with this pronouncement, courts permit the media to appear in criminal and civil cases in which they are not parties for the purpose of challenging requests or orders to seal judicial records.  See <u>San Jose Mercury News v. U.S. District Court</u>, 187 F.3d 1096, 1101.  More specifically, courts grant the media, as a surrogates for the public, "an opportunity to intervene and protect [that] interest." <u>U.S. v. Brooklier</u>, 685 F.2d 1162, 1168 (9th Cir. 1982).

In this regard, the Nevada Supreme Court has expressly recognized a media representative's right to intervene in a proceeding for the limited purpose of challenging a closure order which would restrict the media's access to the proceeding. <u>Azbill v. Fisher</u>, 84 Nev. 414, 417, 442 P.2d 916, 917 (968).  In <u>Azbill</u>, a media representative petitioned the court "to participate as an intervenor in [the] proceedings," asserting that an order allowing the defendant to exclude the press from the courtroom during the defendant's preliminary hearing was "an infringement upon the constitutional doctrine of freedom of the press." <u>Id.</u>

BURTON, BARTLETT & GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

5

The Nevada Supreme Court held that the media representative had the right to intervene, and that the media representative's standing to challenge the closure order was "in the public interest." Id.

Other courts have also expressly held that media representatives have standing to intervene into criminal matters to protect the public's right of access to courtroom proceedings and documents. Thus, for instance, in State v. Tallman, the Vermont Supreme Court held that "direct intervention in a trial court proceeding is an appropriate legal vehicle for ensuring that the news media's voice is heard in a timely manner." 537 A.2d 422, 424 (Vt. 1987). That court additionally held that the assertion by the press of "the public's First Amendment right of access will assure that the public's interest is represented." Id. See also In re Associated Press, 162 F.3d 503, 507 (7th Cir. 1998)(noting that the most appropriate mechanism to protect the public and media's constitutional right to access judicial proceedings and documents is to allow intervention by the media for that limited purpose); U.S. v. Kushner, 349 F.Supp.2d 892, 896 (D.N.J. 2005)(stating that the media has standing to intervene because the media and public have a right of access to judicial records that they cannot be deprived of without notice and an opportunity to be heard).

Based upon the foregoing authorities, the RGJ has standing to require that the proceedings in this case are and remain public, and that all papers and pleadings filed herein are unsealed. Moreover, especially considering the serious allegations by Mr. Montgomery as to misconduct by public officials, there is no question that the RGJ has a corresponding common law right to intervene into this matter for the limited purpose of filing a motion by which such relief is sought.

. . .

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

6

1    **III.**    **Conclusion.**

2         Based upon the foregoing, the RGJ respectfully requests the Court to enter an order

3 granting it leave to intervene into this matter for the limited purpose of filing its proposed

4 motion to require open proceedings and unseal records.

5         DATED this 13th day of March, 2007.

6                              BURTON, BARTLETT & GLOGOVAC

7

8                 By:                                 

                            SCOTT A. GLOGOVAC, ESQ.

9                             Nevada Bar No. 000226

                            DAVID S. McELROY, ESQ.

10                            Nevada Bar No. 000334

11                            Attorneys for Proposed Intervenor

                            Reno Newspapers, Inc., a Nevada

12                            Corporation doing business as the

                            Reno Gazette-Journal

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

7

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the law offices of Burton, Bartlett & Glogovac, 50 W. Liberty St., Suite 700, Reno, NV 89501, and that on the 13th day of March, 2007, I served the foregoing document(s) described as follows:

### MOTION TO INTERVENE

On the party(s) set forth below by:

  X  Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices.

_____  Personal delivery.

_____  Facsimile (FAX).

_____  Federal Express or other overnight delivery.

addressed as follows:

Jerry M. Snyder, Esq.
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, NV 89511

David A. Jakopin, Esq.
Jonathan D. Butler, Esq.
Pillsbury Winthrop Shaw Pittman, L.L.P.
2475 Howard St.
Palo Alto, CA 94304-1114

Ronald Rachow, Esq.
Assistant United States Attorney
100 W. Liberty St., Suite 600
Reno, NV 89501

Carlotta P. Wells, Esq.
U.S. Department of Justice
P.O. Box 883
Washington, DC 20044

Ronald J. Logar, Esq.
Eric A. Pulver, Esq.
Law Office of Logar & Pulver, PC
225 S. Arlington Ave., Suite A
Reno, NV 89501

Michael J. Flynn, Esq.
P.O. Box 690
6125 El Tordo
Rancho Santa Fe, CA 92067

Dated this 13th day of March, 2007.

Roni L. Shaffer

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

# Exhibit 1

1   SCOTT A. GLOGOVAC, ESQ.
    Nevada Bar No. 000226
2   DAVID S. McELROY, ESQ.
    Nevada Bar No. 000334
3   BURTON, BARTLETT & GLOGOVAC
    50 W. Liberty St., Suite 700
4   Reno, Nevada 89501
    Telephone:  775/333-0400
5   Facsimile:  775/333-0412

6   Attorneys for Proposed Intervenor
    Reno Newspapers, Inc., a Nevada
7   Corporation doing business as the
    Reno Gazette-Journal

8

9                    UNITED STATES DISTRICT COURT

10                    FOR THE DISTRICT OF NEVADA

11   ETREPPID   TECHNOLOGIES,   INC.   a   | Case No.      3:06-CV-00145-PMP-VPC;
     California corporation,                |               and
12                                          |               3:06-CV-00056-PMP-VPC
13                Plaintiff,

14        vs.

15   DENNIS  MONTGOMERY,  an  individual,          **MOTION TO REQUIRE OPEN
     MONTGOMERY   FAMILY   TRUST,   a          **PROCEEDINGS AND TO UNSEAL**
16   California Trust, and DOES 1 THROUGH             **RECORDS**
17   20,

18                Defendants.

19   DENNIS  MONTGOMERY,  an  individual;
     and MONTGOMERY FAMILY TRUST, a
20   California Trust,

21                Plaintiffs,

22

23        vs.

24   eTREPPID   TECHNOLOGIES,   INC.   a
     Nevada  LLC;  WARREN  TREPP,  an
25   individual; DEPARTMENT OF DEFENSE of
     the UNITED STATES OF AMERICA and
26   DOES 1 through 10,

27                Defendants.

28

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

                                        1

1    Intervenor Reno Newspapers, Inc., a Nevada corporation doing business as the

2   Reno Gazette-Journal, ("RGJ") respectfully moves the Court for an order requiring the

3   proceedings in these cases to be and remain open, and to unseal all records filed herein.

4    This motion is made on the ground that pursuant to the First Amendment to the

5   United States Constitution, the RGJ has a right to full access to the courtroom proceedings

6

7   and documentary records in this matter.

8    This motion is based upon the memorandum of points and authorities submitted

9   herewith, and upon all other papers, pleadings and documents on file herein.

10    DATED this _____ day of March, 2007.

11    BURTON, BARTLETT & GLOGOVAC

12

13    By: _____
SCOTT A. GLOGOVAC, ESQ.
Nevada Bar No. 000226
14    DAVID S. McELROY, ESQ.
Nevada Bar No. 000334
15

16    Attorneys for Proposed Intervenor
Reno Newspapers, Inc., a Nevada
17    Corporation doing business as the
Reno Gazette-Journal

18

19

20

21

22

23

24

25

26

27

28

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Background.

These two cases involve competing claims of ownership and copyright in certain intellectual property. Both were originally filed in January, 2006. On their face, the cases do not appear to involve matters that are particularly newsworthy or affecting the public interest. However, public filings in these cases on behalf of Mr. Montgomery, in particular the "Motion for Disclosures" filed on March 5, 2007, contain serious allegations of unlawful collusion between Mr. Tripp, the Nevada United States Attorney's office, the FBI, and Nevada Governor James Gibbons.

In brief, Mr. Montgomery alleges that Mr. Tripp has a close personal relationship with Governor Gibbons, and used this relationship to improperly influence the Nevada United States Attorney and the FBI into conducting an illegal search and seizure of certain property located at 12720 Buckthorn Lane, Reno, Nevada. The details concerning this search and seizure are under seal in the case of In the Matter of the Search of 12720 Buckthorn Lane, 3:06-CV-0263-PMP-VPC (the "Sealed Case").

The Motion for Disclosures also references a 33 page Order issued on November 28, 2006 by Judge Valerie Cook in the Sealed Case which found the search and seizures unconstitutional. The serious allegations contained in the Motion for Disclosures obviously affect the public interest, as they involve claims of unlawful conduct and impropriety by public officials.

Intervenor Reno Newspapers, Inc. is a Nevada corporation doing business as the Reno Gazette-Journal ("RGJ"). The RGJ is a newspaper published daily in Reno, Nevada. In that capacity, the RGJ moved for and obtained leave from the Court to file this. The RGJ will also be seeking to intervene in the Sealed Case for the purpose of making the records and proceedings therein public as well.

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

3

As discussed in detail below, the RGJ has a constitutional right under the First Amendment to the United States Constitution to access the proceedings and records in this matter. The RGJ thus respectfully requests the Court to enter an order requiring all proceeding in this matter to remain public, and to unseal all papers and pleading filed herein.

## II.    Discussion.

The United States Supreme Court has held that the First Amendment to the United States Constitution guarantees the press and the public the right to attend trials and pre-trial proceedings. Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 (1980); Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 604-05 (1982); Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 505-09 (1984); Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 10 (1986).  This guarantee applies to judicial records and documents, and not just to the courtroom proceedings themselves. Associated Press v. U.S. Dist. Court for Cent. Dist. of California, 705 F.2d 1143, 1145 (9th Cir. 1983)(stating that "[t]here is no reason to distinguish between pretrial proceedings and the documents filed in regard to them.").

The right of access to judicial proceedings applies to civil matters as well as to criminal matters. See, e.g., Publicker Indus. v. Cohen, 733 F.2d 1059 (3d Cir. 1984) (upholding First Amendment and common law right of access in civil proceedings); In re Continental Illinois Sec. Litig., 732 F.2d 1302, 1308 (7th Cir. 1984) ("...the policy reasons for granting public access to criminal proceedings apply to civil cases as well."); Grove Fresh Distribs., Inc. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir. 1994) (recognizing the media's First Amendment and common law rights to obtain disclosure in civil cases through intervention); Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165 (6th Cir. 1983) (recognizing common law and First Amendment access rights in civil judicial proceedings, and vacating the trial court's order sealing documents); Doe v. Santa Fe

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

4

Indep. School Dist., 933 F. Supp. 647, 648-50 (S.D. Tex. 1996) (rights of access in civil matters are grounded in the First Amendment as well as in the common law).

This First Amendment guarantee is based not only on historical precedent, but also on the theory that the public's right to access all aspects of such proceedings is necessary for the proper functioning of the judicial system. <u>Press-Enterprise Co. v. Superior Court</u>, 464 U.S. 501, 509-510 (1984).  As such, there is a strong presumption in favor of openness.  In <u>Globe Newspaper Co. v. Superior Court</u>, the Supreme Court stated the where "the State attempts to deny the right of access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." 457 U.S. 596, 606-607 (1982). <u>See also</u>, <u>Press-Enterprise v. Superior Court</u> (denying the public and media access must be rare and only for cause shown that outweighs the value of openness) 464 U.S. 501, 509.

"The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." <u>Press-Enterprise</u> 464 U.S. at 510.  Any such overriding interest must "be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." <u>Id.</u>

In support of this policy of openness, the court stated that "[t]he value of openness lies in the fact that people . . . can have confidence that standards of fairness are being observed . . . that established procedures are being followed and that deviations will become known." <u>Id.</u> at 508.

The Supreme Court has additionally observed that "[a] trial is a public event.  What transpires in the court room is public property. . . . There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

1  government, to suppress, edit, or censor events which transpire in proceedings before it."

2  Craig v. Harney, 331 U.S. 367, 374 (1947).

3       Based upon the foregoing authorities, a strong constitutional presumption of

4  openness exists with respect to the courtroom proceedings and documentary records in

5
   these cases.  Absent express, specific findings by the Court in these matters that an order
6
7  sealing any of the records herein "is essential to preserve higher values" and is "narrowly

8  tailored" to serve those values, the RGJ, and all other members of the public, must be

9  granted access the records in these cases.

10      Considering the serious allegations by Mr. Montgomery as to misconduct and

11  improper influence of public officials, these cases are clearly affected with the public

12
   interest and the RGJ has a constitutional right of access to all proceedings and documents
13
14  herein.

15  **III.    Conclusion.**

16      Based upon the foregoing, the RGJ respectfully requests the Court to enter an order

17  requiring open proceedings and unsealing all records in these cases.

18       DATED this _____ day of March, 2007.

19                            BURTON, BARTLETT & GLOGOVAC

20

21                    By:  _____
                            SCOTT A. GLOGOVAC, ESQ.
22                          Nevada Bar No. 000226
                            DAVID S. McELROY, ESQ.
23                          Nevada Bar No. 000334

24                          Attorneys for Proposed Intervenor
                            Reno Newspapers, Inc., a Nevada
25                          Corporation doing business as the
                            Reno Gazette-Journal

26

27

28

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400

6

1

## CERTIFICATE OF SERVICE

2

Pursuant to FRCP 5(b), I certify that I am an employee of the law offices of Burton,

3

Bartlett & Glogovac, 50 W. Liberty St., Suite 700, Reno, NV 89501, and that on the _____

4

day of March, 2007, I served the foregoing document(s) described as follows:

5

### MOTION TO REQUIRE OPEN PROCEEDINGS AND TO UNSEAL RECORDS

6

On the party(s) set forth below by:

7

__X__      Placing an original or true copy thereof in a sealed envelope placed for

8
collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices.

9

_____      Personal delivery.

10

_____      Facsimile (FAX).

11

_____      Federal Express or other overnight delivery.

12

addressed as follows:

13

Jerry M. Snyder, Esq.
David A. Jakopin, Esq.

14

Hale Lane Peek Dennison and Howard
Jonathan D. Butler, Esq.
5441 Kietzke Lane, Second Floor
Pillsbury Winthrop Shaw Pittman, L.L.P.

15

Reno, NV 89511
2475 Howard St.
Palo Alto, CA 94304-1114

16

17

Ronald Rachow, Esq.
Carlotta P. Wells, Esq.
Assistant United States Attorney
U.S. Department of Justice

18

100 W. Liberty St., Suite 600
P.O. Box 883
Reno, NV 89501
Washington, DC 20044

19

20

Ronald J. Logar, Esq.
Michael J. Flynn, Esq.
Eric A. Pulver, Esq.
P.O. Box 690

21

Law Office of Logar & Pulver, PC
6125 El Tordo
225 S. Arlington Ave., Suite A
Rancho Santa Fe, CA 92067

22

Reno, NV 89501

23

Dated this _____ day of March, 2007.

24

25

_____

26

Roni L. Shaffer

27

28

BURTON, BARTLETT
& GLOGOVAC
ATTORNEYS AT LAW
50 WEST LIBERTY STREET
SUITE 700
RENO, NEVADA 89501-1947
(775) 333-0400