UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>ETREPPID TECHNOLOGIES, LLC; WARREN TREPP; and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>Defendants.<br><br>AND ALL RELATED MATTERS. | 3:06-CV-00056-PMP-VPC<br>**BASE FILE**<br><br>3:06-CV-00145-PMP-VPC<br><br>O R D E R |

Presently before the Court is Motion of Defendants and Counterclaimants for Judgment on the Pleadings (3:06-CV-00145-PMP-VPC, Doc. #24), filed on May 15, 2006. Plaintiff and Cross-Defendant eTreppid and Cross-Defendant Warren Trepp ("eTreppid") filed an Opposition (3:06-CV-00145-PMP-VPC, Doc. #28) on June 1, 2006. Defendants and Counter-Claimants Dennis Montgomery and the Montgomery Family Trust ("Montgomery") filed a Reply (3:06-CV-00145-PMP-VPC, Doc. #41) on June 27, 2006.

Montgomery moves for judgment on the pleadings as to eTreppid's claims for misappropriation of trade secrets, breach of contract, and conversion. eTreppid responds that the motion is premature because at the time Montgomery filed the motion the pleadings were not closed as the United States Department of Defense had not yet responded to the third party claim against it.

A motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) may be brought "[a]fter the pleadings are closed but within such time as not to delay the trial . . . ." Federal Rule of Civil Procedure 7 defines pleadings as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer if a third-party complaint is served." Fed. R. Civ. P. 7(a). Reading Rules 7(a) and 12(c) together, the pleadings are closed once a complaint and answer have been filed, "assuming . . . that no counterclaim or cross-claim is made." Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005). A motion to dismiss does not constitute a pleading, and thus the pleadings are not "closed" upon a defendant filing a motion to dismiss. Id. A Rule 12(c) motion filed before the pleadings are closed is "procedurally premature" and the Court must deny it. Id.

At the time Montgomery filed his motion for judgment on the pleadings, neither eTreppid nor the United States Department of Defense had filed a reply to Montgomery's Answer to First Amended Complaint and First Amended Counterclaim. As in Doe, eTreppid and the United States have filed motions to dismiss Montgomery's counterclaim, which do not constitute pleadings. The pleadings therefore are not "closed" and the Court will deny without prejudice Montgomery's procedurally premature motion for judgment on the pleadings.

IT IS THEREFORE ORDERED that Motion of Defendants and Counterclaimants for Judgment on the Pleadings (Doc. #24) is hereby DENIED.

DATED: March 19, 2007.

_____
PHILIP M. PRO
United States District Judge