UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DENNIS MONTGOMERY and the
MONTGOMERY FAMILY TRUST,

    Plaintiffs,

v.

ETREPPID TECHNOLOGIES, LLC;
WARREN TREPP; and the UNITED
STATES DEPARTMENT OF DEFENSE,

    Defendants.

AND ALL RELATED MATTERS.

3:06-CV-00056-PMP-VPC
**BASE FILE**

3:06-CV-00145-PMP-VPC

O R D E R

    Presently before the Court is eTreppid Technologies, LLC's ("eTreppid") Motion to Dismiss Counterclaim (3:06-CV-00145-PMP-VPC, Doc. #16, Ex. 3), filed on February 16, 2006 while this matter still was pending in Nevada state court.[1]  Also before the Court is the Motion of Plaintiff and Cross-Defendant eTreppid Technologies, LLC and Cross-Defendant Warren Trepp to Dismiss Amended Counterclaim (3:06-CV-00145-PMP-VPC, Doc. #16, Ex. 12), filed on March 15, 2006 while this matter still was pending in Nevada state court.  On June 2, 2006, Dennis Montgomery and the Montgomery Family Trust ("Montgomery") filed an Opposition (3:06-CV-00145-PMP-VPC, Doc. #31) in this Court.  eTreppid filed a Reply (3:06-CV-00145-PMP-VPC, Doc. #36) on June 16, 2006.

---

[1] Dennis Montgomery and the Montgomery Family Trust thereafter filed the First Amended Complaint and First Amended Counterclaim (3:06-CV-00145-PMP-VPC, Notice of Removal [Doc. #1], Ex. 1), rendering this motion moot.

1    eTreppid argues Montgomery's counterclaim for an accounting under Nevada
2 state law is preempted by the Copyright Act.  Montgomery responds that because this action
3 now is in federal court, eTreppid's preemption argument is moot.  Montgomery also argues
4 eTreppid's motion is defective because it moves for failure to state a claim instead of
5 dismissal for lack of subject matter jurisdiction.
6    Section 301 of the Copyright Act preempts "'any rights under the common law or
7 statutes of a State that are equivalent to copyright and that extend to works, within the scope
8 of the Federal copyright law.'"  Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1137 (9th
9 Cir. 2006) (quoting H.R. Rep. No. 94-1476, at 130 (1976)); see also 17 U.S.C. § 301(a).
10 The Copyright Act preempts a state law claim if (1) the state law claim's subject matter
11 falls within the subject matter of copyright as described in 17 U.S.C. § 102 and § 103[2] and
12 (2) the asserted state law rights are equivalent to the rights contained in 17 U.S.C. § 106,
13 which sets forth a copyright holder's exclusive rights.  Laws, 448 F.3d at 1137-38; 17
14 U.S.C. § 106 (granting copyright owners the exclusive rights of reproduction, adaptation,
15 publication, performance, and display).  To avoid preemption, "the state cause of action
16 must protect rights which are qualitatively different from copyright rights. . . .  The state
17 claim must have an 'extra element' which changes the nature of the action."
18 Valente-Kritzer Video v. Pinckney, 881 F.2d 772, 776 (9th Cir. 1989) (quotation omitted).
19    Montgomery's counterclaim seeks an accounting based on the Montgomery
20 Family Trust's status as "the exclusive owner of the Copyrights and Derivative Works."
21 (Notice of Removal, [3:06-CV-00145-PMP-VPC, Doc. #1, Ex. 1], First Am. Answer &
22 First Am. Countercl. at 11.)  Montgomery further alleges "Counterdefendants have

---

[2] Section 102 affords copyright protection to "original works of authorship fixed in any tangible medium of expression . . . from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device."  Section 103 extends the copyright protection in § 102 to compilations and derivative works.

wrongfully exploited the Copyrights and Derivative Works without payment to the Trust therefor." (Id.)  Montgomery therefore seeks an accounting "of all profits derived from Counterdefendants' exploitation of the Copyrights and Derivative Works." (Id.)

Montgomery's state law counterclaim for accounting falls within the subject matter of copyright as described in sections 102 and 103 because he asserts copyright protection in computer software source code and derivative works.  See id. at 8; Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc., 307 F.3d 775, 779 (9th Cir. 2002) (recognizing computer program as work of authorship entitled to copyright protection); Johnson Controls, Inc. v. Phoenix Control Sys., Inc., 886 F.2d 1173, 1175 (9th Cir. 1989) (same for computer source code).  Additionally, Montgomery's asserted state law rights are equivalent to the rights contained in section 106 because he alleges Counterdefendants wrongfully exploited his copyrighted software and derivative works by sub-licensing the derivative works to the United States Government without authority to do so and without payment to the Trust.  (First Am. Answer & First Am. Countercl. at 8-9.)  Montgomery identifies no extra element in his state law accounting counterclaim that changes the nature of the action or makes it qualitatively different from a copyright claim.  Rather, Montgomery's First Amended Counterclaim asserting only a state law accounting claim rests on nearly identical language to Montgomery's initial Counterclaim which asserted counterclaims for copyright infringement.  (Answer & Countercl. [3:06-CV-00056-PMP-VPC, Doc. #15, Ex. 9].)  The Copyright Act therefore preempts Montgomery's state law accounting counterclaim.

Montgomery's contention that eTreppid's motion is moot because the matter has been removed to federal court is incorrect.  Federal copyright law prohibits state law protection for any right equivalent to those in the Copyright Act regardless of whether the plaintiff brings the claim in state or federal court.  See Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1211-13 (9th Cir. 1998) (holding Copyright Act preempted state law unfair

3

1  competition claim the plaintiff brought in federal court).  Accordingly, eTreppid properly
2  brought this motion as a motion for failure to state a claim rather than as a motion to
3  dismiss for lack of subject matter jurisdiction.  Montgomery's accounting counterclaim fails
4  to state a claim because the Copyright Act preempts this state law cause of action.  The
5  Court therefore will grant eTreppid's motion to dismiss
6          IT IS THEREFORE ORDERED that eTreppid Technologies, LLC's Motion to
7  Dismiss Counterclaim (3:06-CV-00145-PMP-VPC, Doc. #16, Ex. 3) is hereby DENIED as
8  moot.
9          IT IS FURTHER ORDERED that the Motion of Plaintiff and Cross-Defendant
10 eTreppid Technologies, LLC and Cross-Defendant Warren Trepp to Dismiss Amended
11 Counterclaim (3:06-CV-00145-PMP-VPC, Doc. #16, Ex. 12) is hereby GRANTED.  Count
12 two (state law claim for accounting) of Dennis Montgomery and the Montgomery Family
13 Trust's First Amended Counterclaim [3:06-CV-00145-PMP-VPC, Doc. #1, Ex. 1] is hereby
14 DISMISSED with prejudice as to Counterdefendants eTreppid Technologies, LLC and
15 Warren Trepp.

17 DATED:   March 20, 2007

_____
PHILIP M. PRO
United States District Judge

4