UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST,<br><br>        Plaintiffs,<br><br>v.<br><br>ETREPPID TECHNOLOGIES, LLC; WARREN TREPP; and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>        Defendants.<br><br>AND ALL RELATED MATTERS. | 3:06-CV-00056-PMP-VPC<br>BASE FILE<br><br><br>3:06-CV-00145-PMP-VPC<br><br><br>O R D E R |

   Presently before the Court is Dennis Montgomery and the Montgomery Family Trust's ("Montgomery") Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction (3:06-CV-00145-PMP-VPC, Doc. #16, Ex. 1), filed on February 9, 2006 while this matter still was pending in Nevada state court. eTreppid Technologies, LLC ("eTreppid") filed an Opposition (3:06-CV-00145-PMP-VPC, Doc. #16, Ex. 3) on February 16, 2006. Montgomery filed a Reply (3:06-CV-00145-PMP-VPC, Doc. #16, Ex. 5) on March 3, 2006.

   This case concerns a dispute between eTreppid and Montgomery as to who owns certain computer software source code. eTreppid brought suit in Nevada state court against Montgomery, asserting claims for misappropriation of trade secrets, breach of contract, conversion, breach of fiduciary duty, bad faith, declaratory relief, and intentional

interference with contract. (Pl. eTreppid Technologies, LLC's First Am. Compl. [3:06-CV-00056-PMP-VPC, Doc. #15, Ex. 14].) While this matter was before the Nevada state court,[1] Montgomery moved to dismiss eTreppid's First Amended Complaint, arguing the state court lacked subject matter jurisdiction because the Copyright Act preempts eTreppid's state law claim for misappropriation of trade secrets. Montgomery argued eTreppid asserts ownership interests in Montgomery's copyright-protected derivative works and to determine ownership the state court would have to decide copyright questions, and thus eTreppid's trade secrets claim is preempted.[2]

eTreppid responds that its misappropriation of trade secrets claim is not preempted because it does not assert state law rights equivalent to copyright rights. In particular, eTreppid argues its misappropriation of trade secrets claim alleges the disputed source code qualifies as a trade secret and Montgomery breached fiduciary duties which makes eTreppid's state law claim qualitatively different from a copyright claim.[3]

Section 301 of the Copyright Act preempts "'any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works, within the scope of the Federal copyright law.'" Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1137 (9th Cir. 2006) (quoting H.R. Rep. No. 94-1476, at 130 (1976)); see also 17 U.S.C. § 301(a). The Copyright Act preempts a state law claim if (1) the state law claim's subject

---

[1] The United States Department of Defense removed the action to this Court upon being served with Montgomery's First Amended Answer and First Amended Counterclaim. (Notice of Removal [3:06-CV-000145, Doc. #1].)

[2] The case having been removed to federal court, Montgomery's argument that the state court lacked subject matter jurisdiction is moot.

[3] In the reply brief, Montgomery argues eTreppid's claims for conversion, breach of fiduciary duty, breach of the implied covenant of good faith, declaratory relief, and intentional interference with a contractual relationship also are preempted. The Court will not consider issues raised for the first time in a reply brief. Fifty-Six Hope Road Music, Ltd. v. Mayah Collections, Inc., No. 2:05-CV-01059-KJDGWF, slip copy at 2, 2006 WL 1687451, *2 (D. Nev. 2006).

1  matter falls within the subject matter of copyright as described in 17 U.S.C. § 102 and
2  § 103[4] and (2) the asserted state law rights are equivalent to the rights contained in 17
3  U.S.C. § 106, which sets forth a copyright holder's exclusive rights.  Laws, 448 F.3d at
4  1137-38; 17 U.S.C. § 106 (granting copyright owners the exclusive rights of reproduction,
5  adaptation, publication, performance, and display).  To avoid preemption, "the state cause
6  of action must protect rights which are qualitatively different from copyright rights. . . .
7  The state claim must have an 'extra element' which changes the nature of the action."
8  Valente-Kritzer Video v. Pinckney, 881 F.2d 772, 776 (9th Cir. 1989) (quotation omitted).
9        The United States Court of Appeals for the Ninth Circuit has not addressed
10 whether the Copyright Act preempts a claim for misappropriation of trade secrets under
11 Nevada law.  However, the Ninth Circuit has found the Copyright Act does not preempt a
12 misappropriation of trade secrets claim pursuant to California's Uniform Trade Secrets Act
13 because such a claim "does not involve a legal or equitable right equivalent to an exclusive
14 right of a copyright owner under the Copyright Act, but only prohibits certain means of
15 obtaining confidential information . . . ."  S.O.S., Inc. v. Payday, Inc., 886 F.2d 1081, 1090
16 n.13 (9th Cir. 1989); see also Cal. Civ. Code §§ 3426 et seq.  In reaching this conclusion,
17 the Ninth Circuit referred to California Civil Code § 3426.1's definition of
18 "misappropriation" through "improper means."  S.O.S., Inc., 886 F.2d at 1089 n.12 (citing
19 Cal. Civ. Code § 3426.1).  The Nevada Uniform Trade Secrets Act contains nearly identical
20 language defining "misappropriation" and "improper means."  Compare Cal. Civ. Code
21 § 3426.1 with Nev. Rev. Stat. § 600A.030.
22 ///
23
24
   [4] Section 102 affords copyright protection to "original works of authorship fixed in any
25 tangible medium of expression . . . from which they can be perceived, reproduced, or otherwise
   communicated, either directly or with the aid of a machine or device."  Section 103 extends the
26 copyright protection in § 102 to compilations and derivative works.

1    The Court therefore concludes the Copyright Act does not preempt a claim for
2 misappropriation of trade secrets under Nevada's Uniform Trade Secrets Act because such
3 a claim protects rights qualitatively different from copyright rights by prohibiting certain
4 means of obtaining confidential information.  This conclusion is supported by several other
5 circuit courts which have found the Copyright Act does not preempt various state law
6 claims for misappropriation of trade secrets because they contain the extra element of
7 establishing a trade secret and/or the breach of a confidential relationship.  See <u>Stromback</u>
8 <u>v. New Line Cinema</u>, 384 F.3d 283, 303-04 (6th Cir. 2004) (collecting cases).
9 Accordingly, the Court will deny Montgomery's motion to dismiss eTreppid's state law
10 trade secrets claim on the basis of preemption.
11    IT IS THEREFORE ORDERED that the Motion to Dismiss First Amended
12 Complaint for Lack of Subject Matter Jurisdiction (3:06-CV-00145-PMP-VPC, Doc. #16,
13 Ex. 1) is hereby DENIED.

15 DATED:   March 20, 2007.

_____
PHILIP M. PRO
United States District Judge