1  PETER D. KEISLER
   Assistant Attorney General
2  STEVEN W. MYHRE
   Acting United States Attorney
3  District of Nevada
   GREG ADDINGTON
4  Assistant United States Attorney
   Nevada Bar 6875
5  100 West Liberty, Suite 600
   Reno, Nevada 89501
6  VINCENT M. GARVEY
   Deputy Branch Director
7  CARLOTTA P. WELLS
   Senior Trial Counsel
8  Federal Programs Branch
   Civil Division - Room 7150
9  U.S. Department of Justice
   20 Massachusetts Ave., NW/P.O. Box 883
10 Washington, D.C.  20044
   Telephone: (202)514-4522
11 Facsimile:  (202) 616-8470

12              **UNITED STATES DISTRICT COURT**
                  **DISTRICT OF NEVADA**
13

14 _____
   DENNIS MONTGOMERY, et al.,        )
15                                    )
              Plaintiffs,             )
16                                    )        3:06-CV-00056-PMP-VPC
                                      )        **BASE FILE**
   v.                                 )
17                                    )        3:06-CV-00145-PMP-VPC
   ETREPPID TECHNOLOGIES, INC.,       )
18 et al.,                            )
                                      )
              Defendants.             )
19 _____)

20        **NOTICE OF EMERGENCY MOTION AND MOTION FOR**
              **RECONSIDERATION BY THE UNITED STATES**
21

22        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: Please take notice that

23 the United States Department of Defense (DoD), hereby submits its emergency motion for

24 reconsideration of the Court's March 19, 2007 Order to prevent the possible unauthorized

25 disclosure of classified information protected by the state secrets privilege.  The motion is based

26 on this notice of motion and motion and the following memorandum of points and authorities.

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' EMERGENCY MOTION FOR RECONSIDERATION**

In its March 19, 2007 Order, the Court granted plaintiffs' Federal Rule of Criminal Procedure 41(g) motion to unseal search warrant affidavits and return seized property. During the pendency of the proceedings relating to the Rule 41(g) motion, the Court had ordered that the filings be made under seal, as a result of which neither counsel for eTreppid nor the United States in the civil litigation has previously reviewed the documents filed in the return of property proceedings. The March 19 Order provides that the filings made in the Rule 41(g) action shall be unsealed unless, for good cause shown, the Court determines that a particular filing, declaration, or exhibit is privileged. March 19, 2007 Order at 17. Acknowledging that both the United States and eTreppid had filed motions for protective orders, the Court has provided the parties with 21 days to review the sealed case file and to file with the Court any objection to the unsealing of any portion of the record. *Id.*

On September 25, 2006, the United States moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c) to prevent the disclosure of information relating to (1) the existence or non-existence of any actual or proposed relationship, agreement, connection, contract, transaction, communication, or meeting of any kind between an intelligence agency as defined in 50 U.S.C. § 401(a)(4), which includes intelligence elements of the military services; and (2) any actual or proposed interest in, application, or use by any intelligence agency, or any current or former official, employee, or representative thereof, of any technology, software, or source code owned or claimed by any individuals or entities associated with these lawsuits. The basis for the protective order was that such information is protected by the military and state secrets privilege. As explained in the Declaration of John D. Negroponte (Exhibit 1 to the Motion for Protective Order), because the disclosure of information at issue in this litigation reasonably could be expected to cause serious, and in some cases exceptionally grave, damage to national security, the United States' interest in preserving its state secrets is overriding and must

1  be safeguarded, even if a party is thereby precluded from establishing its legal position in these

2  cases.

3       Notwithstanding this overriding and compelling interest of the United States, the Court's

4  March 19 Order requires the simultaneous review of the filings in the return of property

5  proceedings by counsel for the United States and for eTreppid.  To the extent that the filings in

6  the return of property matter contain information that is classified, the timing of the review could

7  result in the unauthorized disclosure of information covered by the state secrets privilege and,

8  thus, could reasonably be expected to cause serious, if not exceptionally grave, harm to national

9  security.  Counsel for eTreppid and Montgomery do not possess security clearances and have not

10  been authorized to access the classified information that may be at issue in this litigation

11  (including information that may have been included in filings made during the course of the

12  litigation pertaining to the return of property).   Consequently, if the simultaneous review were to

13  proceed as ordered, there could be an unauthorized disclosure of the precise information subject

14  to state secrets privilege, which the government has sought to protect by filing the motion for

15  protective order.

16       Given these factors, the government moves for reconsideration of the March 19 Order.

17  The government's interest in protecting national security is paramount.  In order to ensure that an

18  unauthorized disclosure does not occur, the government must review the sealed documents first,

19  prior to their review by the other parties, for purposes of determining whether information

20  covered by the state secrets privilege, as asserted in this case, is implicated.  Such review must be

21  undertaken by personnel who possess the appropriate security clearances with respect to the

22  privileged information at issue.  The government recognizes, however, that others have

23  significant interests in reviewing the sealed materials and that it is advisable to allow the

24  litigation to proceed in an expeditious manner.  Government counsel of record in the civil

25  litigation will be unavailable from March 28-April 9, 2007, because of long-scheduled travel

26  outside of the country.  Nevertheless, the government will ensure that the review process, as

27

28       -3-

outlined below, will not be delayed due to her absence by having other officials with the appropriate clearances undertake and complete the process of identifying any information that is subject to the state secrets privilege as asserted, and providing redacted versions of the pertinent documents for substitution and filing with the Court by April 9, 2007.

The United States requests the Court to adopt the following process for review:

1. Authorized representatives of the United States, not limited to its counsel, who have the level of clearance necessary to review information covered by the state secrets privilege as asserted in this litigation, will review all material in the sealed case file referenced in this Court's March 19 Order, and any filings or material placed under seal in the related civil actions, including the declaration of Dennis Montgomery referenced in this Court's Order. The review will be for the purpose of determining whether any documents contain information that is protected by the state secrets privilege.

2. Neither the other parties nor their counsel may review the above-referenced sealed documents until after the United States government review has been completed.

3. With respect to those documents for which the state secrets privilege **is** implicated, the United States government official(s) will:

a. Inform the Clerk's office of the identity of the pertinent documents and request that the Clerk's office remove those documents from the sealed case file and store the documents, under the control and supervision of the Court, in accordance with government-approved security procedures for classified information.

b. Make a copy of the documents to be transported to an appropriate facility for a classification review by an original classification authority.

c. Provide the Court with a redacted, unclassified copy of the documents which contained information protected by the state secrets privilege, to be filed with the Court and substituted for the original documents in the record. Such review, redaction, and return of the documents for substitution and filing will be completed by April 9, 2007.

-4-

4..  After the redacted documents have been substituted for the originals and filed in the record, they may be reviewed by counsel for eTreppid and Montgomery.

5.  With respect to those filings for which the state secrets privilege **is not** implicated, the United States has no objection to their review after the review provided for in paragraph 1 has been completed.

The above process will prevent the unauthorized disclosure of classified national security information protected by the state secrets privilege and permit the unsealing of information in a timely manner to the extent that such disclosure is not precluded by law.

## CONCLUSION

For the foregoing reasons, the United States' emergency motion for reconsideration should be granted.

DATED: March 21, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

STEVEN W. MYRHE
Acting United States Attorney
District of Nevada

GREG ADDINGTON
Assistant United States Attorney
Nevada Bar 6875
100 West Liberty, Suite 600
Reno, Nevada 89501

VINCENT M. GARVEY
Deputy Branch Director

/s/ Carlotta P. Wells
CARLOTTA P. WELLS
Senior Trial Counsel
Federal Programs Branch
Civil Division - Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, D.C.  20044

1    Counsel for United States
     Department of Defense
2
     IT IS SO ORDERED
3
4    Date: _____, 2007                _____
                                                UNITED STATES DISTRICT JUDGE
5
                           CERTIFICATE OF SERVICE
6
7          I hereby certify that I am an employee in the office of the United States Department of

8    Justice, Civil Division in Washington DC and I am of such age and discretion as to be competent

9    to serve papers.  On March 21, 2006, I electronically filed the United States' Notice of

10   Emergency Motion and Motion for Reconsideration, with the accompanying Memorandum of

11   Points and Authorities.  Service was effected through the Court's electronic filing and service

12   system upon the following:

     Ronald J.  Logar, Esq.
13   Eric A. Pulver, Esq.
     LAW OFFICES OF LOGAR & PULVER, PC
14   255 S. Arlington Avenue, Suite A
     Reno, NV 89501
15
     Michael J. Flynn, Esq.
16   Philip H. Stillman, Esq.
     FLYNN & STILLMAN
17   224 Birmingham Drive, Suite 1A4
     Cardiff, CA 92007
18
     Stephen J. Peek, Esq.
19   Jerry M. Snyder, Esq.
     HALE LANE PEEK DENNISON AND HOWARD
20   5441 Kietzke Lane, Second Floor
     Reno, NV 89511
21
22   David A. Jakopin, Esq.
     Jonathan D. Butler, Esq.
23   PILLSBURY WINTHROP SHAW PITTMAN, L.L.P.
     2475 Hanover Street
24   Palo Alto, CA 94304-1114
25
                                           /s/ Carlotta P. Wells
26                                         Carlotta P. Wells
27
28                           -6-

1   PETER D. KEISLER
    Assistant Attorney General
2   STEVEN W. MYHRE
    Acting United States Attorney
3   District of Nevada
    GREG ADDINGTON
4   Assistant United States Attorney
    Nevada Bar 6875
5   100 West Liberty, Suite 600
    Reno, Nevada 89501
6   VINCENT M. GARVEY
    Deputy Branch Director
7   CARLOTTA P. WELLS
    Senior Trial Counsel
8   Federal Programs Branch
    Civil Division - Room 7150
9   U.S. Department of Justice
    20 Massachusetts Ave., NW/P.O. Box 883
10  Washington, D.C.  20044
    Telephone: (202)514-4522
11  Facsimile:  (202) 616-8470

12              **UNITED STATES DISTRICT COURT**
                    **DISTRICT OF NEVADA**
13

14  _____
    DENNIS MONTGOMERY, et al.,         )
15                                     )
                Plaintiffs,            )
16                                     )         3:06-CV-00056-PMP-VPC
    v.                                 )         **BASE FILE**
17                                     )
    ETREPPID TECHNOLOGIES, INC.,       )         3:06-CV-00145-PMP-VPC
18  et al.,                            )
                                       )
                Defendants.            )
19  _____  )

20                    **PROPOSED ORDER**

21          Upon consideration of the United States' Emergency Motion for Reconsideration, it is

22  hereby

23          ORDERED that the review of the sealed documents referenced in the Court's March 19,

24  2007 Order shall proceed in the manner set forth below:

25          1.  Authorized representatives of the United States, not limited to its counsel, who have

26  the level of clearance necessary to review information covered by the state secrets privilege as

27

28                              -7-

asserted in this litigation, shall review all material in the sealed case file referenced in this Court's March 19 Order, and any filings or material placed under seal in the related civil actions, including the declaration of Dennis Montgomery referenced in this Court's Order.  The review will be for the purpose of determining whether any documents contain information that is protected by the state secrets privilege.

2.  Neither the other parties nor their counsel shall review the above-referenced sealed documents until after the United States government review has been completed.

3.  With respect to those documents for which the state secrets privilege **is** implicated, the United States government official(s) will:

a.  Inform the Clerk's office of the identity of the pertinent documents and request that the Clerk's office remove those documents from the sealed case file and store the documents, under the control and supervision of the Court, in accordance with government-approved security procedures for classified information.

b.  Make a copy of the documents to be transported to an appropriate facility for a classification review by an original classification authority.

c.  Provide the Court with a redacted, unclassified copy of the documents which contained information protected by the state secrets privilege, to be filed with the Court and substituted for the original documents in the record.  Such review, redaction, and return of the documents for substitution and filing will be completed by April 9, 2007.

4.  After the redacted documents have been substituted for the originals and filed in the record, they may be reviewed by counsel for eTreppid and Montgomery.

5.  With respect to those filings for which the state secrets privilege **is not** implicated, counsel for eTreppid and Montgomery may review after the review provided for in paragraph 1 has been completed.

1  IT IS SO ORDERED

2  Date: _____, 2007                    _____

3                                                  UNITED STATES DISTRICT JUDGE