```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                          LAS VEGAS, NV
```

DENNIS MONTGOMERY, et al., )
                           )
    Plaintiff(s),         )
                           )
vs.                        )         3:06-CV-0056-PMP-VPC
                           )
ETREPPID TECHNOLOGIES, LLC,)         **MINUTES OF PROCEEDINGS**
et al.,                    )
                           )
    Defendant(s).         )         DATED: March 23, 2007

PRESENT: THE HONORABLE PHILIP M. PRO, UNITED STATES DISTRICT JUDGE

PRESENT: THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

Deputy Clerk: Donna Andrews      Recorder: Erin Smith

Counsel for Dennis Montgomery, et al:
                              Michael James Flynn, Carla Dimare

Counsel for Etreppid Technologies, et al:
                              Jeffrey S. Ross, J.S. Peek

Counsel for U.S. Dept. of Defense:
                              Carlotta P. Wells, Greg Addington

**PROCEEDINGS: TELEPHONIC HEARING ON EMERGENCY MOTION FOR RECONSIDERATION BY THE UNITED STATES (#133)**

10:05 a.m. Court convenes.

The Court addresses counsel and then hears the representations of counsel on the pending motion.

Ms. Wells advises the Court they have people who are prepared to present themselves to the clerk next Tuesday, March 27th to review the documents.

3:06-CV-56-PMP-VPC
March 23, 2007
Page 2

---

Regarding Mr. Montgomery's Response, wherein Mr. Flynn raised the question as to who the Response to the Government's Motion for Protective Order should be served on, Ms. Wells advises the Court and counsel she is counsel of record and the Response should be served on her.

Mr. Peek advises the Court they have downloaded off of pacer most of the documents and exhibits and inquires whether those should be destroyed or returned to the Court.

The Court instructs Mr. Peek to deliver those documents to Magistrate Judge Cooke today.

Magistrate Judge Cooke inquires whether Mr. Flynn, having been a party to the search warrant proceedings, is obliged to turn in all of his records on behalf of Mr. Montgomery.

Ms. Wells advises the Court only the Executive Branch has the authority to determine what information is subject to the state secrets privilege.

**IT IS ORDERED** the Government's Emergency Motion for Reconsideration [133] is granted as follows: As to Defendants Montgomery and Etreppid, they shall cease all further review of the files in Case Number 3:06-CV-263-PMP-VPC, including review on the electronic case filing system, until the Department of Defense has conducted its review of the materials next week.  The review will take place as follows: Ms. Wells, and whomever else from the Department of Defense that is going to be conducting that review, will conduct the review at the Court's chambers in Las Vegas, where the case file is located and maintained.  They will mark the documents that they have a concern with.  When the Court returns on Friday, at 9:30 a.m., the Court will meet with those individuals in chambers to review those materials to which redaction is proposed.  Assuming that redaction is necessary, the Court will accomplish it at that time.  Directions will be given to counsel of record as to what they must do with regard to materials they have received.

The Court directed the Clerk of Court to withdraw the access of counsel to these proceedings to the Court's sealed ECF case file pending review of the file as outlined above and further Order of the Court.

The Court instructs Mr. Flynn to file his Response to the Government's Motion for Protective Order forthwith.

The Court will not address Etreppid's Motion (#139) today.

Mr. Ross advises the Court they contend there is classified data in the seized materials and Mr. Trepp is the only one able to address that matter.

The Court advises Mr. Ross the Department of Defense is the only ones who can make the determination as to what is classified.

Ms. Wells advises the Court they have no objection to the items being returned to Mr. Montgomery as he is under an injunction not to disseminate it, share it, use it, or do anything with it except hold it.

Mr. Ross requests there be a hearing, before the DVD and servers are returned, in which Mr. Trepp can demonstrate that the classified information he has is the same as the classified information on that DVD.  The Court denies Mr. Ross's request.

The Court will not modify its previous Order entered on March 19, 2007, except to state that the materials that were seized from Montgomery pursuant to search warrant that the Court has ordered returned, are returned to Montgomery subject to the Preliminary Injunction previously entered in this case, which specifically would prohibit Montgomery, or anybody on his behalf, from destroying, modifying, duplicating, distributing, disseminating, hypothecating, transferring, licensing or assigning such property until further Order of the Court.

```
3:06-CV-56-PMP-VPC
March 23, 2007
Page 4
```
___

The Court instructs Ms. Wells to carefully consider who within the Department of Defense is in a position to review the 3:06-CV-263-PMP-VPC case file and to coordinate with the various sections of the Department of Justice involved in all pertinent investigations to insure a comprehensive review.  Mr. Wells is instructed to have the agents who will review the file arrive on Thursday and Friday of next week instead of Tuesday and Wednesday and to contact the Court's clerk, Donna Andrews, at 702-464-5426 for the agents to be brought to chambers.

Mr. Flynn addresses the Court on the attempt to modify the Preliminary Injunction in the search case.  Mr. Flynn advises the Court there are new proceedings pending in Washington and he has been asked by the Department of Justice attorneys involved in those proceedings and the FBI to cooperate and to voluntarily provide copies of what has been seized by the Government.  The Court's Order returning seized property subject to the Preliminary Injunction would implicate his ability to turn that material over.  The Court hears the representations of Ms. Wells and Mr. Ross.

The Court grants an exception to the Court's previous Order which provides, to the extent said materials are requested in writing by the United States Department of Justice, copies may be provided by Mr. Montgomery.  The Court instructs Mr. Flynn also to advise Ms. Wells of the name of the Department of Justice representative he is communicating with on this issue.

Mr. Peek reiterates their request to have a forensic examination of all of the seized property made and that replica deposited with the Clerk of the Court until further order.  The Court will not order that at this time.

Magistrate Judge Cooke confers with counsel on Etreppid's Motion for Protective Order [74].  The Response to that Motion was sealed and was not served on Etreppid because it alluded to matters relating to the sealed file.  The Court hears the representations of counsel.  **IT IS ORDERED** the Response shall be sent to Las Vegas, the Department of Justice officials shall review it and if there are concerns, they can address those with Judge Pro.

3:06-CV-56-PMP-VPC
March 23, 2007
Page 5

---

Mr. Ross moves the FBI be ordered to prepare a very detailed inventory identifying each of the CD's that are being returned and the inclusion of serial numbers on each item being returned.

**IT IS ORDERED** that prior to returning the items, Assistant United States Attorney Addington, in conjunction with the FBI, shall prepare a detailed inventory of the items to be returned, including photographs of them and documentation of serial numbers.  A copy of that inventory shall be filed with the Court in 3:06-CV-263-PMP-VPC prior to the deadline for returning the property to Mr. Montgomery.

11:25 a.m. Court adjourns.

```
                              LANCE S. WILSON, CLERK
                              By:
                                   /S/
                              Donna Andrews, Deputy Clerk
```