HALE LANE PEEK DENNISON AND HOWARD
J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
5441 Kietzke Lane, Second Floor
Reno, NV  89511
Tel: (775) 327-3000
Fax:  (775) 786-6179

Attorneys for eTreppid Technologies, L.L.C.
and Warren Trepp

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY; MONTGOMERY FAMILY TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>ETREPPID TECHNOLOGIES, L.L.C.; WARREN TREPP; and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>Defendants.<br><br>AND ALL RELATED MATTERS. | 3:06-CV-00056 (PMP)(VPC)<br>**BASE FILE**<br><br>3:06-CV-00145 (PMP)(VPC) |

## RESPONSE BY ETREPPID TECHNOLOGIES, LLC AND WARREN TREPP TO DENNIS MONTGOMERY'S REQUEST/MOTION FOR DISCLOSURES

eTreppid Technologies, L.L.C. ("eTreppid") and Warren Trepp set forth herein their Response to Montgomery's Motion for Disclosures Regarding Conduct of Former Nevada U.S. Attorney, Trepp's Attorneys, and Others that May Be the Subject of a Complaint filed with the Department of Justice, as follows:

## I.     INTRODUCTION

Through the present Motion, Dennis Montgomery ("Montgomery") seeks to commence discovery in this matter, notwithstanding the current discovery stay in the above-entitled litigation. At the Status Conference that took place on September 26, 2006, Magistrate Judge Valerie Cooke ordered that discovery is stayed until the pending Motions for Protective Orders, filed by eTreppid and by the

1 United States, have been resolved. Notably, eTreppid has not yet had an opportunity to file a reply in
2 support of its Motion for Protective Order because Montgomery filed his opposition to that motion
3 under seal and did not provide eTreppid with a copy.

4 However, Montgomery does not explain why this court should lift the discovery stay for Montgomery's benefit, while still preventing eTreppid from conducting discovery. Rather, Montgomery seeks this Court's permission to embark upon a fishing expedition, putatively justified by Montgomery's preposterous and utterly unsupported notion that he is the victim of some grand conspiracy between the F.B.I., the United States Attorney's Office and eTreppid.

If the requested information is relevant to the present consolidated cases, Montgomery will have an opportunity to conduct this discovery in appropriate manner when the pending motions for protective orders are decided and the discovery stay is lifted. There is simply no reason to suppose that Montgomery has any need to obtain the requested documents and to take the requested depositions at the present time. Moreover, although the present motion is essentially a motion to compel discovery, Montgomery did not make any effort to resolve this matter informally before filing the motion. Accordingly, eTreppid respectfully submits that the Court should deny this motion.

## II.    ARGUMENT

### A.    The Requested Discovery Is Not Beyond the Scope of Permissible Discovery

Even if no discovery stay was in place, the requested discovery should not be allowed because the information sought is neither relevant nor reasonable calculated to lead to the discovery of relevant evidence, as required by Fed. R. Civ. P. 26(b).

Montgomery appears to base his discovery requests on an absurd notion that the United States Attorney's Office, the FBI, the Governor of Nevada, and eTreppid and its attorneys have conspired against him. Montgomery bases these wild allegations on nothing more than his attorneys' "information and belief," (Motion for Disclosures at 11:8-10), and assertions that "everyone knows" the "USAO [was] acting in collusion with Trepp." (*Id.* at 20:28). In spite of the fact that "everyone knows" this, Montgomery has not provided an iota of evidence to support these allegations, nor has he

explained how his fantastic conspiracy theory is even remotely relevant to the claims or defenses asserted in this case.

Montgomery is attempting to end run the discovery process by requesting that this court order eTreppid to produce documents and witnesses for deposition while a discovery stay is in place and without any attempt, on Montgomery's part, to comply with the discovery rules. However, even if Montgomery was employing an appropriate procedure to compel discovery then, as the requesting party, Montgomery would have the burden of showing why any objections that eTreppid made to the subject discovery were invalid. *Garcia v. Almieda*, 2006 WESTLAW 3001171 (N.D. Cal. 2006). In the present motion, Montgomery has not provided any basis for this court to conclude that the requested discovery is relevant. Accordingly, *a fortiori*, he is not entitled to a court order requiring eTreppid to comply with these discovery requests.

Montgomery simply has not shown any reason for this Court to believe that he is, or will be, entitled to take the subject discovery even once the discovery stay is lifted. For this reason, the present motion should be denied.

**B.      This Motion Should Be Denied as Montgomery Has Made no Effort to Meet and Confer**

L-R 26-7(b) provides that discovery motions will not be considered unless counsel certifies that "after personal consultation and sincere effort to do so, counsel have been unable to resolve the matter without court action." The present motion is clearly a discovery motion; Montgomery seeks this Court's permission to obtain certain documents and to take the depositions of certain of eTreppid's employees and attorneys -- including Steve Peek, Doug Frye, Sloan Venables, Warren Trepp and Patricia Gray. However, Montgomery has not made any effort to resolve this matter without court action. Accordingly, the Court should deny this motion as premature.

**C.      Montgomery Should Not Be Allowed to Begin Discovery**

Magistrate Cooke held a status conference on September 26, 2006, and ordered a discovery stay in light of several pending motions (Document No. 84 in Case 56, and Document No. 52 in Case 145). The discovery stay is still in effect. In the course of a status conference that took place on March 15, 2007, this Court affirmed that the discovery stay would remain in effect pending resolution

of eTreppid's Motion for a Protective Order, which was filed September 19, 2006. eTreppid's motion for a protective order has still not been briefed because eTreppid has not yet received copies of Montgomery's opposition papers.

Montgomery does not make any real effort to explain why this Court should allow Montgomery to begin discovery before eTreppid's motion for a protective order is decided. Montgomery asks, *inter alia*, that this court (1) order the disclosure of "all documents relating to communication between the FBI, the USAO, and Warren Trepp and any of his attorney's, agents, or employees," and (2) order the depositions of Warren Trepp, Daniel Bogden, James Gibbons, Paul Pugliesi, Stephen Peek, Douglas Frye, Sloan Venables and Patricia Gray. However, Montgomery does not explain either how the requested discovery is relevant to any claim or defense in this action. Moreover, Montgomery does not explain why he should be entitled to the subject discovery now, rather than when discovery is allowed to proceed.

If the requested information is relevant to the present case, then Montgomery will have an opportunity to conduct this discovery according to the rules of civil procedure, after the Court lifts the current discovery stay. *See, e.g.*, Fed. R. Civ. P. 26-37. Until Montgomery properly requests the subject discovery and eTreppid has an opportunity to respond to those requests, Montgomery simply does not have a right to begin his discovery efforts.

### III. CONCLUSION

For the foregoing reasons, eTreppid respectfully requests that the Court deny this motion.

Dated: March 25, 2007.

        HALE LANE PEEK DENNISON AND HOWARD
        5441 Kietzke Lane, Second Floor
        Reno, Nevada 89511

        By: /s/
           Jerry M. Snyder
           Attorneys for ETREPPID TECHNOLOGIES, LLC and
           WARREN TREPP

**PROOF OF SERVICE**

I, Gaylene Silva, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard. My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511**. I am over the age of 18 years and not a party to this action

I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On March 26, 2007, I caused the foregoing **RESPONSE BY ETREPPID TECHNOLOGIES, LLC AND WARREN TREPP TO DENNIS MONTGOMERY'S REQUEST/MOTION FOR DISCLOSURES** to be:

  X    filed the document electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

*Fax No. 786-5044*
Email Lezlie@renofamilylaw.com
Ronald J. Logar, Esq.
Eric A. Pulver, Esq.
The Law Offices of Logar & Pulver
225 S. Arlington Avenue, Suite A
Reno, NV 89501

*Fax No. 858-759-0711*
Email mailto:mjfbb@msn.com
And mailto:cdimare@worldnet.att.net
Michael J. Flynn, Esq.
P.O. Box 690
6125 El Tordo
Rancho Santa Fe, CA 90267

*Fax No. 202/616-8470*
Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC 20044

Fax 784-5181
Greg.addington@usdoj.gov
Greg Addington
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV 89501

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on March 26, 2007.

/s/
Gaylene Silva