UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST, | |
| Plaintiffs, | |
| v. | 3:06-CV-00056-PMP-VPC **BASE FILE** |
| ETREPPID TECHNOLOGIES, LLC; WARREN TREPP; and the UNITED STATES DEPARTMENT OF DEFENSE, | 3:06-CV-00145-PMP-VPC |
| Defendants. | <u>O R D E R</u> |
| AND ALL RELATED MATTERS. | |

Since receiving assignment of these now consolidated civil cases on February 23, 2007, and a related Search Warrant case, 3:06-cv-0263-PMP-VPC, the Court has issued numerous orders to resolve a host of outstanding motions. Among the most challenging have been the motions filed by each party asserting various claims of privilege to protect alleged military and state secrets, trade secrets, and attorney client communications. Common law, constitutional, and statutory privileges exist for sound policy reasons. The Court has endeavored to address carefully each of the claims of privilege advanced to insure that the parties' legitimate interests are protected yet balanced with the equally legitimate interests of the public in access to Court proceedings.

/ / /

/ / /

Currently the parties are engaged in long delayed briefing of Motions for Protective Orders brought on behalf of Defendants Department of Defense ("DoD") and eTreppid. The Court will resolve those motions upon completion of briefing. A more immediate issue has arisen, however, with regard to the DoD's claim of military and state secrets privilege related to the Search Warrant case.

On March 19, 2007, the Court entered an Order in the Search Warrant case (3:06-cv-0263-PMP-VPC) affirming the ruling of Magistrate Judge Valerie Cooke which had granted Montgomery's Motion for the Return of Seized Property and to Unseal Search Warrant Affidavits. As the Search Warrant proceedings were related to these consolidated civil actions, the Court also filed a copy of the Search Warrant Order in this case (Doc. #125). In part, the Court's Order in the Search Warrant case directed the FBI to return property seized from Montgomery as a result of the Search Warrant executed on March 1 and March 3, 2006. To reconcile the claims of state secrets and trade secrets asserted respectively by DoD and eTreppid, the Court's Order further established a protocol for the review of the previously sealed Search Warrant file in case, 3:06-cv-0263-PMP-VPC, which provided as follows:

> IT IS FURTHER ORDERED that all filings made in this action with the exception of the declaration of Dennis Montgomery (#115) filed on February 28, 2007, shall be unsealed unless for good cause shown the Court determines that assertion of state secrets, trade secrets, or other privilege is found to be meritorious and requires the continued sealing of a particular filing, declaration or exhibit in this case. In this regard, counsel for the parties in the related civil actions shall have twenty-one days from the date of this order within which to review the sealed case file in this case and to file with the Court any objection to the unsealing of any portion thereof. To assist in the review of the sealed search warrant case file, counsel for Montgomery, eTreppid, and the United States shall immediately contact Chief Deputy Clerk of Court, Cynthia Jensen, at (702) 464-5477, who will provide limited access to the sealed case file through the Court's electronic case filing system.

The goal of the foregoing Order was to establish a procedure which would insure the unsealing of the related Search Warrant proceedings while at the same time protecting

1  legitimate claims of privilege asserted by the parties to the related actions.  The protocol
2  outlined by the Court was especially necessary due to the pendency of a Motion for
3  Protective Order (Doc. #83) filed September 25, 2006, on behalf of Defendant DoD which
4  asserted a claim of military and state secrets privilege. That Motion was supported by the
5  unclassified declaration of John D. Negroponte, formerly director of National Intelligence
6  of the United States, and a classified declaration reviewed by the Court in camera on March
7  15, 2007.

8        On March 21, 2007, Defendant DoD filed an Emergency Motion for
9  Reconsideration (Doc. #133) requesting the Court to modify the case file review protocol
10 outlined above.  Defendant DoD requested the Court permit DoD to review the Search
11 Warrant case file to insure that it did not contain classified information or other material
12 subject to a viable claim of military or state secrets privilege before making the file
13 available to the Montgomery and eTreppid parties for review.

14       At a hearing conducted March 23, 2007, the Court granted DoD's Motion in part
15 and directed that Defendant DoD conduct a review of the Search Warrant case file materials
16 the following week thereby permitting an in camera review with the Court on March 30,
17 2007, of any materials as to which Defendant DoD asserted a claim of privilege.

18       Defendant DoD conducted the review of the Search Warrant case file as directed
19 on March 28 and 29, 2007.  On Friday, March 30, 2007, representatives of Defendant DoD
20 met with the Court in camera to review claims of military and state secrets privilege in
21 accord with the unclassified Negroponte Declaration and the classified declaration
22 previously reviewed by the Court.  As a result of that review, the Court has determined that
23 DoD's assertions of the military and state secrets privilege are valid with regard to a limited
24 number of items contained within the Search Warrant case file.  The Court therefore has
25 directed that the pages of documents contained within the Search Warrant case file which
26 contain classified information shall be redacted to remove references to such classified

material. The original and unredacted copy of each such page shall be retained under seal by a Court security officer and shall be subject to further review by this Court and any appropriate appellate court. The redacted pages shall be returned to the Search Warrant case file whereupon they will be available for the previously contemplated review by the Montgomery and eTreppid parties to determine whether additional claims of trade secrets or other privileges apply. Thereafter, the redacted Search Warrant case file will be unsealed in accordance with this Court's Order of March 19, 2007.

The Court's review of the Search Warrant case file and the determination that limited classified information was contained therein requires that the Court augment the time schedule for review set forth in the Court's Order of March 19, 2007, as amended at the hearing conducted March 23, 2007.

IT IS THEREFORE ORDERED as follows:

1. Defendant Department of Defense shall not later than Friday, April 6, 2007, complete the process of redacting classified information from the Search Warrant case file and shall substitute appropriately redacted pages.

2. Commencing Monday, April 9, 2007, the Clerk of Court shall make available to the Montgomery and eTreppid parties the electronic case file in the Search Warrant case, 3:06-cv-0263-PMP-VPC, and the related transcripts and exhibits for their further review. The Montgomery and eTreppid parties thereafter shall have to and including Friday, April 20, 2007, within which to complete their review **AND** to file with the Court any objections to the unsealing of any portion thereof. To assist in the review of the sealed Search Warrant case file, counsel for the Montgomery and eTreppid parties shall contact Chief Deputy

<div style="padding-left: 4em;">

Clerk of Court Cynthia Jensen, at (702) 464-5477, who will provide access to the sealed case file through the Court's electronic case filing system.

3. Upon resolution of any further objections by the parties filed not later than April 20, 2007, the redacted Search Warrant case file, 3:06-cv-0263-PMP-VPC, will be unsealed in accord with this Court's Order of March 19, 2007.

</div>

From the <u>in camera</u> review of the Search Warrant case file conducted by the Court on March 30, 2007, it has become apparent that the parties to the Search Warrant case, both Montgomery and the United States, have not guarded against the disclosure of classified information as carefully as they should.  To the extent Montgomery or any other party to these proceedings possess classified information it is incumbent upon them strictly to avoid disclosure of such information in any filing with the Court be it an unsealed, sealed or <u>in camera</u> submission.  This is not an onerous requirement.  Any party to this litigation who thinks it is necessary to raise a classified matter with the Court can do so with a proper filing of a Motion to Permit the Disclosure of Classified Information to the Court.  In doing so, however, the party making the motion must be careful not to disclose the classified content of the very information they seek to bring to the Court's attention unless and until the Court has given them specific permission to do so.

The process for doing so is well illustrated by the Motion for Protective Order (Doc. #83) filed on behalf of Defendant DoD on September 25, 2006.  That motion was supported by the September 19, 2006, unclassified Declaration of John D. Negroponte, which identified a classified declaration which Defendant DoD made available to the Court for its <u>in camera</u> review as directed by the Court.  All parties to this action should employ a similar procedure before filing or submitting any classified materials in these cases.

The United States of America is a party to each of these cases. Unfortunately, because many executive branch entities which comprise the United States are involved, as well as an equally diverse aggregation of government counsel, it is imperative that the various components of the United States which make up the parties involved in these related cases exert greater effort to communicate and cooperate amongst themselves prior to making filings with the Court which are later determined to have been improvident. To date, the United States has failed to do so. The result has been the inadvertent release of classified information which could have been avoided had the various representatives of the United States in these cases taken the care and the time necessary to communicate more effectively. As stated at the hearing conducted on March 23, 2007, regarding Defendant DoD's Emergency Motion for Reconsideration (Doc. #143), the Court, as well as every other party to these related cases and the public is entitled to have the United States as a party speak with "one voice" at least insofar as it relates to representations as to what is or is not subject to a claim of the military and state secrets privilege.

To assist the parties, their counsel, and ultimately the Court from being put in the position of trying to put the "genie back in the bottle" when it comes to addressing inadvertent disclosures of classified information, the Court has determined that it is appropriate to declare a thirty (30) day hiatus in the filing of motions by the parties to these related cases to enable them to meet and confer and to address more thoughtfully their collective understanding as to what may be filed with the Court without improperly disclosing classified or other privileged information. This hiatus shall not apply to any filings which the Court previously has ordered or which otherwise are required by any Federal Rules of Civil or Appellate Procedure.

///

///

///

Accordingly, IT IS FURTHER ORDERED that the parties shall not file any further Motions or other papers with the Court for thirty (30) days from the date of this Order without leave of the Court through Magistrate Judge Cooke or the undersigned except for any filings this Court previously has ordered the parties to file or otherwise are required by the Federal Rules of Civil or Appellate Procedure.

IT IS FURTHER ORDERED that the parties shall meet and confer within the next thirty (30) days to gain a collective understanding of what material is subject to the various assertions of privilege in these related proceedings, and in particular to address the matter of avoiding future disclosures of classified information.

IT IS FURTHER ORDERED that Counsel for Defendant DoD shall forthwith consult with Government counsel appearing in related proceedings to insure that all representing the United States understand their obligations with respect to the protection of material subject to a claim of military and state secrets privilege.

Dated: April 2, 2007.

_____
PHILIP M. PRO
United States District Judge