1  **Ronald J. Logar, Nev. State Bar No. 303**
   **Eric Pulver, Nev. State Bar No. 7874**
2  LAW OFFICE OF LOGAR & PULVER, PC
   225 S. Arlington Ave., Ste. A
3  Reno, NV  89501
   Tel:   (775) 786-5040;Fax:  (775) 786-7544
4  **Michael J. Flynn, Mass. State Bar No.172780**
   P.O. Box 690, 6125 El Tordo
5  Rancho Santa Fe, CA 92067
   Tel:   (858) 775-7624;Fax:  (858) 759-0711
6  *Admitted Pro Hac Vice*
   **Carla A. DiMare, Mass. State Bar No. 553432;**
7  **CA State Bar No. 182906**
   LAW OFFICE OF CARLA DIMARE
8  P.O. Box 1668
   Rancho Santa Fe, CA 92067
9  Tel:   (858)775-0707; Fax:  (858)786-2859
   *Admitted Pro Hac Vice*
10 Attorneys for Plaintiff DENNIS MONTGOMERY, THE MONTGOMERY FAMILY TRUST, AND THE TRUSTEES OF THE MONTGOMERY FAMILY TRUST.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY, and the MONTGOMERY FAMILY TRUST, <br><br>  Plaintiffs, <br><br> v. <br><br> ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE, <br><br>  Defendants. <br><br> AND ALL RELATED MATTERS. | 3:06-CV-00056-PMP-VPC <br> **BASE FILE** <br><br> 3:06-CV-00145-PMP-VPC <br><br> **MONTGOMERY'S REPLY IN SUPPORT OF HIS REQUEST FOR DISCLOSURES REGARDING CONDUCT OF FORMER NEVADA U.S. ATTORNEY, TREPP'S ATTORNEYS, AND OTHERS THAT MAY BE THE SUBJECT OF A COMPLAINT FILED WITH THE DEPARTMENT OF JUSTICE.** |

Mr. Montgomery's request/motion for disclosures should be granted for the reasons set forth in his motion, and the following reasons:

1. <u>Trepp and the Department of Defense ("Government") Did NOT Address the Law in Mr. Montgomery's Motion.</u>

Under its inherent authority *and* F.R.Crim.P. 16, as set forth in Mr. Montgomery's request for disclosures, this Court can order disclosures of the information. Neither Trepp or the Government addressed, or refuted, this law.

2. <u>It's a Denial of Reality or Specious for Trepp and the Government to Claim that Mr. Montgomery's Claims are "Baseless," "Extravagant," or "Preposterous"—Everyone in Nevada Who Has Read a Newspaper in the Past Ninety Days Knows that Trepp and the Government's Statements are Specious.</u>

Trepp claimed Mr. Montgomery's claims were "preposterous," and "wild accusations." Yet, Trepp did not file any declarations. The Government incredibly claimed Mr. Montgomery's claims were "extravagant and baseless," also without any declarations. It is particularly disingenuous for the Government to claim that Mr. Montgomery's accusations are "extravagant and baseless" considering that the same U.S. Government through its DOJ is currently and actively investigating Mr. Montgomery's claims. *The Government is, again, not speaking with "one voice," or is in complete disarray.*

Obviously, Mr. Montgomery's claims are *not* "baseless," "extravagant," or "preposterous." Almost every citizen in Nevada knows that because Mr. Montgomery bravely came forward and fought some powerful people in Nevada, significant apparent corruption between Warren Trepp and Nevada Gov. Gibbons has already been uncovered, including but not limited to the following:

(1) After Gov. Gibbons was exposed in the *Wall Street Journal*, Gibbons belatedly reported to a congressional ethics committee a previously unreported lavish private jet flight and cruise he and his family received compliments of Trepp;

(2) The Department of Justice in D.C., as well as the Public Integrity Division of the DOJ in D.C., are currently actively investigating Trepp and Gibbons, including conduct related to "black-budget" defense contracts. A skilled team of attorneys, FBI agents and

1

staff actively and daily work on this important investigation.

(3) The Nevada Secretary of State is investigating Gibbons' political donations.

(4) The e-mails between Trepp and his wife, where she reminds Trepp to bring the money for Gibbons, and Trepp replies, "Don't you ever send me such an email ... Erase that right now," are self-revealing.

(5) The *Wall Street Journal* recently reported yet one more conflict of interest, except this time it is between Trepp, Gibbons and Mrs. Gibbons; and

(6) The Court found the RENO FBI and USAO acted in "callous disregard" of Mr. Montgomery's rights, while acting as Trepp's "agent" and "unwitting pawn," etcetera. (Order, Nov. 28, 2006, cv-0263, docket #130 in cv-00056.)

So Trepp's <u>and</u> the Government's claims that Mr. Montgomery's claims are "baseless" or "wild accusations," are obviously untrue.

3.   <u>The Disclosures are Relevant Now and this Motion Is *Not* an Attempt to "Circumvent Discovery" or the Discovery Stay in these Civil Cases</u>.

Likewise, Trepp and the Government's contention that the disclosures are "irrelevant" and an attempt to circumvent discovery are untrue for the following reasons:

(1) According to the **RENO** U.S. Attorney's office **only**, and in particular, attorneys Rachow and Myhre, as of January 2007, Mr. Montgomery continued to be the subject of an investigation, which is clearly retaliation. Therefore, Mr. Montgomery is entitled to know if Mr. Bogden and Trepp's lawyers acted in collusion and are under investigation for their role in the unconstitutional searches; and/or for unethical filings after the close of evidence.

(2) Although the search matter, cv-0263, against Mr. Montgomery is over, and he was completely successful, <u>these civil cases are not over</u>, and it is indisputable that the disclosures are inextricably intertwined with these civil matters.

(3) Mr. Montgomery should obtain these disclosures now, rather than later when and if the discovery stay can be lifted, because two of Trepp's motions to modify the preliminary injunction are still outstanding, and these disclosures—potential evidence of collusion between Trepp and the Reno USAO—are directly relevant to Mr. Montgomery's oppositions

2

1  to Trepp's motions for modification of the injunction. So far Trepp has tried to modify the
2  preliminary injunction four times.[1] Even though the Court has denied Trepp's motion, he
3  has disregarded the Court's denials. (Montgomery Opp. to Trepp's "Emergency Motion," filed
4  April 6, 2007, p. 5-8, [no docket no]). Therefore, Mr. Montgomery should be allowed these
5  disclosures to defend himself. Discovery can be granted so a party can defend themself on
6  a motion for an injunction. *See Stanley v. University of So. Calif.*, 13 F.3d 1313, 1326 (9th
7  Cir. 1994) [parties may need to engage in discovery in order to prepare for the preliminary
8  injunction hearing].

9  (4) As set forth in Montgomery's request for disclosures, Trepp is trying to use
10  evidence <u>in these cases</u> that he obtained in violation of the Court's then sealing order in the
11  search matter, cv-0263, in collaboration with the Reno FBI and USAO, i.e., the lists of hard
12  drives. As such, Mr. Montgomery is entitled to the disclosures <u>in these cases</u>. The
13  indisputable state of the record is that the Reno FBI only recorded 23 hard-drives in the
14  original inventory, and somehow that number increased to 27 or 30, which Trepp then
15  claimed were his property. FBI agents are trained to inventory with precision. There is at
16  least an inference of improper collaboration, planting evidence, tampering with the administration
17  of justice, and obstruction of justice in the search matter <u>and</u> these civil cases. As such, this Court
18  can and should use its inherent authority, as well as the authority under F.R.Crim.P 16, to Order
19  appropriate disclosures now. Hard-drives do not reproduce in Government custody unless
20  something is seriously wrong.

21  (5) Any investigation by DOJ, including its Office of Professional Responsibility, into

---

[1] Days after the state court entered the preliminary injunction, Trepp tried to modify it, and was denied. (Letter Order, Feb. 10, 2006, Exh. 3 to Montgomery Opp. to Trepp's "Emergency" Motion, filed April 6, 2006, cv-00056, no docket no.). Days later, Trepp filed a motion to modify the state injunction, which is pending. (Montgomery filed a motion to vacate the state court preliminary injunction, which is also pending.) On March 1, 2007, Trepp filed a second motion for a temporary restraining Order. (Etreppid App. for TRO, cv-00056, docket # 73-74). It was DENIED on March 21, 2007. (Order, March 21, 2007, cv-00056, docket #136). On March 22, 2007, Trepp filed a so-called "emergency" motion under F.R.Civ. 65, so therefore Trepp has tried <u>four times</u> to modify the state court injunction. History says he will continue to try to put this issue before the court, since court Orders, the law regarding "reconsideration motions," and the law regarding the "law of the case" have not stopped Trepp in the past.

Mr. Bogden or Mr. Pugliese and Trepp's attorneys, would clearly be evidence material and vital to Mr. Montgomery <u>in these cases</u>. He made a timely and proper request under Rule 16 in the search matter, and accordingly he should be entitled to this information. Because his "seized" property was returned, does not mitigate or negate his need for these disclosures. Given a year of well-documented chicanery by Trepp and the Government in this sordid tale of egregious governmental misconduct, as briefly sketched above, Mr. Montgomery's entitlement to full disclosure and to the filing of any complaint involving all Government filings after the close of evidence on August 17, 2006, is necessary to protect his rights in these civil case and to the fair administration of justice. He is legally entitled to know if Mr. Bogden and Trepp's lawyers acted in collusion and are under investigation for their role in the unconstitutional searches; and/or for unethical filings after the close of evidence. In either situation, Mr. Montgomery has a right to know *now* if a complaint has been filed with the Office of Professional Responsibility inside the Department of Justice, and/or whether there has been reported misconduct by the USAO acting in collusion with Trepp's attorneys. Any pending investigation may substantially affect Mr. Montgomery's rights, including his fundamental due process right to be heard and participate in the investigation since the Governmental action was directed against him in the context of the illegal raid on his home, *and the potentially improper conduct occurred in the proceedings on his Rule 41 (g) motion, which are incontrovertibly intertwined with and directly relevant to these cases.*

For all of the above reasons, the Court should Oder these disclosures, or fashion disclosures it deems appropriate. If Trepp's lawyers and the Reno USAO acted improperly, or worse, they should *not* be allowed to hide behind a stay of discovery, particularly where these disclosures are directly relevant now to Mr. Montgomery's defense in Trepp's meritless lawsuit.

                                    Respectfully submitted,

/s/_____
Michael J. Flynn, Esq.
Carla DiMare, Esq.
ATTORNEYS FOR DENNIS MONTGOMERY

4

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICE OF LOGAR & PULVER, PC, and that on the 9th day of April 2007, I

✓ deposited for mailing in the U.S. Mail, with sufficient postage affixed thereto.

☐ sent via Federal Express or other overnight delivery service.

☐ delivered via facsimile to:

☐ personally delivered.

☐ caused to be delivered via Reno-Carson Messenger Service.

the foregoing document addressed to:

>   Jerry M. Snyder, Esq.
>   Hale Lane Peek Dennison and Howard
>   5441 Kietzke Lane, Second Floor
>   Reno, NV 89511

and

>   Carlotta P. Wells, Esq.
>   U.S. Department of Justice
>   P.O. Box 883
>   Washington, DC 20044

/s/
ZACHARY DRAPER
for the Law Office of Logar & Pulver, PC

5