UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

|  |  |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST, | |
| Plaintiffs, | 3:06-CV-00056-PMP-VPC BASE FILE |
| v. | |
| ETREPPID TECHNOLOGIES, LLC; WARREN TREPP; and the UNITED STATES DEPARTMENT OF DEFENSE, | 3:06-CV-00145-PMP-VPC |
| Defendants. | O R D E R |
| AND ALL RELATED MATTERS. | |

Presently before the Court is eTreppid Technologies, LLC's ("eTreppid") Notice of Motion and Motion to File Amended Complaint; Motion for Order Shortening Time; Memorandum of Points and Authorities (3:06-CV-00145-PMP-VPC, Doc. #70) with supporting declaration (3:06-CV-00145-PMP-VPC, Doc. #71), filed on February 27, 2007. Dennis Montgomery and the Montgomery Family Trust ("Montgomery") filed an Opposition (3:06-CV-00145-PMP-VPC, Doc. #84) and Objection to eTreppid's supporting declaration (3:06-CV-00145-PMP-VPC, Doc. #85) on March 13, 2007. eTreppid did not file a reply.

///

///

///

These consolidated proceedings concern a dispute between eTreppid Technologies, LLC/Warren Trepp and Dennis Montgomery/the Montgomery Family Trust as to who owns certain computer software source code.  eTreppid originally brought suit in Nevada state court asserting various causes of action and seeking a preliminary injunction.  On February 8, 2006, the state court granted eTreppid's motion for a preliminary injunction and enjoined Montgomery from "destroying, hypothecating, transferring, modifying, and/or assigning the ETreppid Source Code, from discussing any ETreppid technology, including anomaly detection and pattern recognition software, with any third-party . . . ."  (3:06-CV00056-PMP-VPC, Doc. #15, Ex. 7 at 3.)

In March 2006, based on allegations Montgomery had stolen the disputed source code from eTreppid, the Federal Bureau of Investigations ("FBI") conducted searches of Montgomery's home and leased storage spaces and seized certain items, including computer hard drives.  (Order [Doc. #130].)  Montgomery thereafter moved the Court for the return of his property pursuant to Federal Rule of Criminal Procedure 41(g).  (See generally, In the Matter of the Search of: the Residence Located at 12720 Buckthorne Lane, Reno, Nevada, and Storage Units 136, 140, 141, 142, and 143, Double R Storage, 888 Maestro Drive, Reno, Nevada, 3:06-CV-0263-PMP-VPC.)  Magistrate Judge Valerie P. Cooke ruled the Government acted in callous disregard of Montgomery's rights.  (Order [Doc. #130].)  Upon reviewing the Government's objections to the Magistrate Judge's ruling, the undersigned affirmed the Magistrate Judge's findings and ordered the FBI to return the seized property to Montgomery within ten days.  (Order [Doc. #125].)

eTreppid moves to amend its Complaint to reflect new evidence and facts which have come to light since eTreppid filed its original Complaint, specifically the search of Montgomery's home and storage facilities and the recovery of hard drives and other items eTreppid claims belong to it.  eTreppid also moves to amend its Complaint to add a cause of action for claim and delivery so that if the FBI relinquishes possession of the seized items,

the items will be returned to eTreppid, not Montgomery.  Montgomery responds by arguing the Court should deny the motion due to eTreppid's unclean hands and bad faith.  Montgomery argues eTreppid wrongfully is using sealed materials from the search warrant case which were obtained by the FBI through an unconstitutional search to support the motion to amend the complaint.  Montgomery also questions certain alleged discrepancies between the lists of hard drives eTreppid provides in its motion to amend and the inventory the FBI prepared when it conducted the searches.

Generally, a plaintiff may amend his or her complaint once "as a matter of course at any time before a responsive pleading is served . . . ." Fed. R. Civ. P. 15(a).  If a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also Foman v. Davis, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").  Courts frequently consider five factors to assess whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended his complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citing Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).

The Court will grant eTreppid's motion to amend.  eTreppid has not engaged in bad faith by violating the Court's Order sealing the search warrant case.  eTreppid's motion to amend relies on the FBI's contact with eTreppid after the FBI searched Montgomery's home and storage units.  According to eTreppid, the FBI gave eTreppid a list of hard drives seized from the search and asked eTreppid if it could identify any of the items as belonging to eTreppid.  (eTreppid Technologies, LLC's Notice of Mot. & Mot. to File Am. Compl.

///

///

[3:06-CV-00145-PMP-VPC, Doc. #70, Ex. B.)[1] eTreppid thus does not rely upon a sealed filing in the search warrant case to support its motion to amend.

Further, the Government's conduct in searching and seizing Montgomery's property does not necessarily preclude eTreppid's use of the seized materials in a civil action. The exclusionary rule generally does not apply to civil proceedings between private litigants. See In re Establishment Inspection of Hern Iron Works, Inc., 881 F.2d 722, 729 (9th Cir. 1989). Although Montgomery contends eTreppid and the Government improperly colluded to conduct the illegal search, Montgomery offers no evidence to support his allegations. The record as it currently exists therefore does not warrant denying the motion to amend. The Court is not making an evidentiary ruling as to the admissibility of any evidence seized during the searches, however, and the Court does not rule out the possibility that the seized items may be subject to exclusion. See I.N.S. v. Lopez-Mendoza, 468 U.S. 1032, 1050-51 (1984); Adamson v. C.I.R., 745 F.2d 541, 546 (9th Cir. 1984). Montgomery's arguments regarding a discrepancy in the FBI's search inventory and the lists the FBI gave to eTreppid is a matter to explore in discovery, but does not weigh against granting amendment at this time.

Montgomery will not be prejudiced by the amendment because the parties have not conducted any discovery in this matter. Amendment is not futile, as it adds further factual allegations regarding events occurring after eTreppid filed the original Complaint and asserts a new cause of action for claim and delivery of the seized property. However, at the time eTreppid filed the motion to amend, the Government still possessed the seized property. That no longer is the case. Accordingly, eTreppid should modify its proposed amended complaint to reflect Montgomery possesses the seized materials. Finally,

---

[1] Montgomery raises several objections to the affidavits of Warren Trepp and Jerry M Snyder. The Court will overrule the objections for purposes of resolving this motion. The present motion is to amend the Complaint, not a motion for summary judgment.

4

1  eTreppid has not amended its Complaint previously.  Given the liberal standard of Rule 15,
2  the Court will grant eTreppid's motion to amend its Complaint.  eTreppid must file the
3  amended complaint within twenty (20) days of the date of this Order.
4      IT IS THEREFORE ORDERED that eTreppid Technologies, LLC's Notice of
5  Motion and Motion to File Amended Complaint; Motion for Order Shortening Time;
6  Memorandum of Points and Authorities (3:06-CV-00145-PMP-VPC, Doc. #70) is hereby
7  GRANTED.
8      IT IS FURTHER ORDERED that eTreppid Technologies, LLC shall file its
9  amended complaint within twenty (20) days of the date of this Order.

DATED: May 22, 2007.

_____
PHILIP M. PRO
United States District Judge