UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST, | |
| Plaintiffs, | 3:06-CV-00056-PMP-VPC BASE FILE |
| v. | |
| ETREPPID TECHNOLOGIES, LLC; WARREN TREPP; and the UNITED STATES DEPARTMENT OF DEFENSE, | 3:06-CV-00145-PMP-VPC |
| Defendants. | O R D E R |
| AND ALL RELATED MATTERS. | |

Presently before the Court is the United States Department of Defense's ("DOD") Motion to Dismiss (3:06-CV-00056-PMP-VPC, Doc. #56), filed on June 21, 2006. eTreppid Technologies, LLC and Warren Trepp filed a Notice of Non-Opposition (3:06-CV-00056-PMP-VPC, Doc. #60) on July 10, 2006. Dennis Montgomery and the Montgomery Family Trust filed an Opposition (3:06-CV-00056-PMP-VPC, Doc. #71) on September 15, 2006. The United States did not file a reply.

Also before the Court is the United States Department of Defense's Motion to Dismiss (3:06-CV-00145-PMP-VPC, Doc. #39), filed on June 21, 2006. eTreppid Technologies, LLC and Warren Trepp filed a Notice of Non-Opposition (3:06-CV-00145-PMP-VPC, Doc. #44) on July 10, 2006. Dennis Montgomery and the Montgomery Family Trust filed an Opposition (3:06-CV-00145-PMP-VPC, Doc. #49) on September 15, 2006.

The United States did not file a reply.

**I.     BACKGROUND**

These consolidated proceedings concern a dispute between eTreppid Technologies, LLC/Warren Trepp ("eTreppid") and Dennis Montgomery/the Montgomery Family Trust ("Montgomery") as to who owns certain computer software source codes.

eTreppid originally brought suit in Nevada state court against Montgomery, asserting various causes of action including misappropriation of trade secrets. Montgomery answered and counterclaimed against both eTreppid and the DOD alleging eTreppid exploited Montgomery's copyrighted and derivative works without Montgomery's authority by licensing the source code to the Government. (3:06-CV-00145-PMP-VPC, Doc. #1, Ex. 1.) Montgomery asserted against eTreppid and the DOD counterclaims for declaratory relief regarding Montgomery's obligations under a non-disclosure agreement with the Government (counterclaim one) and an accounting for profits from eTreppid's use of the source code (counterclaim two). (Id.)

Montgomery also separately brought suit in this Court against eTreppid and the DOD. (Compl. [3:06-CV-00056-PMP-VPC, Doc. #1].) Montgomery's Amended Complaint asserts against the DOD claims for copyright infringement (counts one and two), an accounting of profits derived from the source code (count four), conversion of the source code (count nine), and declaratory relief regarding Montgomery's non-disclosure agreement with the DOD (count ten). (Am. Compl. [3:06-CV-00056-PMP-VPC, Doc. #7].)

The DOD moves to dismiss counts one, two, and four of Montgomery's Amended Complaint, arguing that through 28 U.S.C. § 1498(b), the United States has waived its sovereign immunity regarding copyright infringement claims only if the suit is brought in the Court of Federal Claims. The DOD thus argues this Court has no jurisdiction to consider Montgomery's copyright claims against the DOD. The DOD also moves to dismiss Montgomery's claims for declaratory relief in the Amended Complaint and

1  Amended Counterclaims, arguing Montgomery has not identified any statute which waives
2  the United States' sovereign immunity except for the Declaratory Judgment Act, which
3  does not waive sovereign immunity and is not an independent source of a cause of action.
4  Additionally, the DOD argues Montgomery's declaratory judgment claim is defective on
5  the merits because he is bound by a contract with the DOD not to disclose classified
6  information and only the Executive Branch, not the Judiciary, can authorize the disclosure
7  of classified information.

Montgomery responds the DOD's motion is procedurally defective because the Court cannot dismiss the copyright claims for lack of jurisdiction. Montgomery contends 28 U.S.C. § 1498(b) is an affirmative defense, not a jurisdictional statute. Additionally, Montgomery argues § 1498(b) does not require him to bring suit in the Court of Federal Claims because the DOD may have facilitated copyright infringement innocently, rather than expressly authorized it. With respect to his declaratory judgment claim, Montgomery argues the judicial branch has a role in reviewing the executive branch's assertion of the state secrets privilege. Finally, Montgomery notes that he has alleged claims against the DOD which the DOD has not moved to dismiss and therefore a complete dismissal would be inappropriate.

**II.     LEGAL STANDARD**

In considering a motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, taking all [his] allegations as true and drawing all reasonable inferences from the complaint in [his] favor." Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005). However, the Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). There is a strong presumption against dismissing an action for failure to state a claim. Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). "'The issue is not whether

1  a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to
2  support the claims.'" Hydrick v. Hunter, 466 F.3d 676, 686 (9th Cir. 2006) (quoting
3  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**III.    DISCUSSION**

"The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity." Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). Sovereign immunity is a jurisdictional bar if the United States has not consented to be sued on a particular claim. Balser v. Dep't of Justice, Office of U.S. Tr., 327 F.3d 903, 907 (9th Cir. 2003). The United States must express unequivocally a waiver of sovereign immunity. Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007). Courts strictly construe statutory waivers of sovereign immunity and a waiver's terms define the contours of the court's jurisdiction. Id. The party asserting jurisdiction exists bears the burden of establishing the United States has waived its sovereign immunity. Vacek, 447 F.3d at 1250.

**A. Copyright Claims**

Title 28 U.S.C. § 1498(b) waives the United States' sovereign immunity for claims it infringed a copyright but directs that such claims may be brought only in the Court of Federal Claims:

> Hereafter, whenever the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States, by a corporation owned or controlled by the United States, or by a contractor, subcontractor, or any person, firm, or corporation acting for the Government and with the authorization or consent of the Government, the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims for the recovery of his reasonable and entire compensation as damages for such infringement, including the minimum statutory damages as set forth in section 504(c) of title 17, United States Code . . . .

"In addition to restricting suit against the United States to monetary compensation for infringing uses, section 1498 relieves a federal contractor of liability where the contractor

uses or manufactures an infringing invention for the United States." Toxgon Corp. v. BNFL, Inc., 312 F.3d 1379, 1381 (Fed. Cir. 2002) (referring to 28 U.S.C. § 1498(a) which contains a similar waiver of sovereign immunity for patent infringement actions). Section 1498(b) thus operates both as a jurisdictional bar and as an affirmative defense. Where the plaintiff sues the United States for copyright infringement, § 1498(b) is jurisdictional because it is an express waiver of the United States' sovereign immunity for copyright infringement claims but that waiver is limited exclusively to claims brought in the Court of Federal Claims. See Crater Corp. v. Lucent Tech., Inc., 255 F.3d 1361, 1364 (Fed. Cir. 2001) ("In addition to giving the United States Court of Federal Claims exclusive jurisdiction over patent infringement suits against the government, § 1498(a) also provides an affirmative defense for applicable government contractors.") (quotation omitted); Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 555 n.6 (Fed. Cir. 1990). However, where the plaintiff sues a private party, § 1498(b) provides an affirmative defense if the private party infringed the copyright while acting for the United States and with the United States' authorization or consent, and the district court's jurisdiction is unaffected. Madey v. Duke Univ., 307 F.3d 1351, 1359 (Fed. Cir. 2002).

Montgomery alleges copyright infringement by both eTreppid and the DOD. While § 1498(b) may be an affirmative defense for eTreppid as a private party, with respect to the DOD, § 1498(b) is a jurisdictional bar because only the Court of Federal Claims has jurisdiction over Montgomery's copyright claims against the DOD. Accordingly, the Court will grant the DOD's motion to dismiss counts one, two, and four of Montgomery's Amended Complaint (3:06-CV-00056-PMP-VPC, Doc. #7) for lack of jurisdiction as to Defendant DOD.

**B. Declaratory Judgment Claims**

The Declaratory Judgment Act permits a federal district court to declare the rights and other legal relations of parties in cases of "actual controversy within its

1  jurisdiction." 28 U.S.C. § 2201. The Declaratory Judgment Act "does not constitute the
2  United States' consent to be sued, it 'merely grants an additional remedy in cases where
3  jurisdiction already exists in the court.'" Western Shoshone Nat'l Council v. United States,
4  408 F. Supp. 2d 1040, 1047-48 (D. Nev. 2005) (quoting Brownell v. Ketcham Wire & Mfg.
5  Co., 211 F.2d 121, 128 (9th Cir. 1954)).

6  Montgomery bears the burden of establishing a waiver of sovereign immunity
7  exists to support jurisdiction for his declaratory judgment claims. Montgomery has not
8  established any waiver of sovereign immunity that would permit his declaratory relief
9  claims against the United States to proceed. Because Montgomery has failed to show the
10 United States waived its sovereign immunity for these claims, the Court will grant the
11 DOD's motion to dismiss count ten of Montgomery's Amended Complaint (3:06-CV-
12 00056-PMP-VPC, Doc. #7) and count one of Montgomery's Answer and First Amended
13 Counterclaim (3:06-CV-00145-PMP-VPC, Doc. #1, Ex. 1).

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that the United States Department of Defense's Motion to Dismiss (3:06-CV-00056-PMP-VPC, Doc. #56) is hereby GRANTED. Counts one, two, four and ten of the Amended Complaint (3:06-CV-00056-PMP-VPC, Doc. #7) are hereby dismissed for lack of jurisdiction as to Defendant Department of Defense.

IT IS FURTHER ORDERED that the United States Department of Defense's Motion to Dismiss (3:06-CV-00145-PMP-VPC, Doc. #39) is hereby GRANTED. Count one of the Answer and First Amended Counterclaim (3:06-CV-00145-PMP-VPC, Doc. #1, Ex. 1) is hereby dismissed for lack of jurisdiction.

DATED: May 24, 2007.

_____
PHILIP M. PRO
United States District Judge