1  PETER D. KEISLER
   Assistant Attorney General
2  STEVEN W. MYHRE
   Acting United States Attorney
3  District of Nevada
   GREG ADDINGTON
4  Assistant United States Attorney
   Nevada Bar 6875
5  100 West Liberty, Suite 600
   Reno, Nevada 89501
6  VINCENT M. GARVEY
   Deputy Branch Director
7  CARLOTTA WELLS
   Senior Trial Counsel
8  Federal Programs Branch
   Civil Division - Room 7150
9  U.S. Department of Justice
   20 Massachusetts Avenue, N.W. /P.O. Box 883
10 Washington, D.C.  20044
   Telephone: (202) 514-4522
11 Facsimile: (202) 616-8470

12          **UNITED STATES DISTRICT COURT**

13              **DISTRICT OF NEVADA**

14 DENNIS MONTGOMERY, et al.,        )
                                     )
15          Plaintiffs,              )     3:06-CV-0056-PMP-VPC
                                     )        **BASE FILE**
16      vs.                          )
                                     )     3:06-CV-0145-PMP-VPC
17 ETREPPID TECHNOLOGIES, LLC, et al., )    (Consolidated action)
                                     )
18          Defendants.              )
   _____)     DEPARTMENT OF DEFENSE'S RESPONSE
19                                   )     TO eTREPPPID'S "LETTER MOTION TO
   AND RELATED MATTERS.             )     COMPEL PRODUCTION OF
20                                   )     PHOTOGRAPHS" (# 180)
   _____)

21          Comes now defendant Department of Defense (DoD), through its undersigned counsel, and

22 responds as follows to eTreppid's "letter motion to compel production of photographs" (#180).  The

23 "letter motion" should be denied.

24          These consolidated civil proceedings concern a dispute between eTreppid and Montgomery

25 as to who owns certain computer software source codes.  See Order (#177) at  2, lines 3-5.  DoD is

26 a party based on Montgomery's causes of action against DoD for declaratory relief concerning the

1  scope of Montgomery's non-disclosure agreement with DoD and Montgomery's claims of copyright

2  infringement.  Id. at 2, lines 11-20.  Most of the claims against DoD have been dismissed by this

3  Court, with ongoing proceedings to obtain dismissal of any remaining claims against DoD.  See

4  Order (#177) & Motion (#181).

5       A separate criminal proceeding under Rule 41, Fed.R.Crim,P.,  was initiated by Montgomery

6  to obtain return of materials seized by the F.B.I.  That proceeding, docketed as case number 3:06-cv-

7  0263-PMP-VPC (the "criminal search warrant proceeding"), resulted in an order directing the return

8  of seized items of property to Montgomery.  eTtreppid sought to intervene in the criminal search

9  warrant proceeding, but this Court denied eTreppid's intervention motion in that case.

10      At a hearing conducted in these consolidated civil actions on March 23, 2007, this Court (at

11 the request of eTreppid's counsel) directed DoD counsel to prepare and file an inventory of the items

12 of property which were to be returned to Montgomery in connection with the criminal search warrant

13 proceeding.  DoD counsel at the March 23 hearing opposed eTreppid's request because DoD counsel

14 in these consolidated actions has not appeared (and has had no role) in the criminal search warrant

15 proceeding and government counsel of record in the criminal search warrant proceeding had no

16 opportunity to address the Court concerning the proposed inventory.  Nonetheless, DoD counsel

17 informed Assistant U.S. Attorney Ronald Rachow, government counsel of record assigned to the

18 criminal search warrant proceeding, of this Court's directive.  Following the return of the seized

19 materials to Montgomery, the United States filed its inventory of returned property in the criminal

20 search warrant proceeding.

21      eTreppid, despite being a non-party to the criminal search warrant proceeding, is dissatisfied

22 with the inventory filed by the United States in that case.  Specifically, eTreppid asserts that the

23 inventory should include copies of the photographs taken by F.B.I. at the time of the return of

24 property.  Rather than seeking relief through a motion filed  in the criminal search warrant

25 proceeding, eTreppid has now written a letter to the Court, which the Court has converted to a

26                                            2

motion to be addressed in these civil consolidated actions.

DoD respectfully submits that the adequacy of the inventory which eTreppid challenges is a matter which is properly brought before the Court, if at all, in the criminal search warrant proceeding, not in the instant civil actions.[1]  As there is no pending discovery request in these civil consolidated actions regarding the inventory in the criminal search warrant proceeding, there is no jurisdictional or other basis herein for eTreppid's "letter motion" to compel a filing (or supplemental filing) in the criminal search warrant proceeding.[2]  Accordingly, eTreppid's "letter motion" should be denied.

Based on the foregoing, eTreppid's "letter motion to compel production of photographs" (#180) should be denied.

Respectfully submitted,

PETER KEISLER
Assistant Attorney General

STEVEN W. MYHRE
Acting United States Attorney

 /s/ Greg Addington
GREG ADDINGTON
Assistant United States Attorney

---

[1]  According to Assistant U.S. Attorney Ronald Rachow, the government counsel of record in the criminal search warrant proceeding, the inventory filed by the United States in that case complies with this Court's directive which was announced at the March 23 hearing in these consolidated cases.  Further elucidation of that view is properly left to proceedings conducted in the criminal search warrant proceeding.

[2]  To the extent eTreppid's "letter motion" is construed as an effort to "compel production" of the photographs taken by F.B.I. so that eTreppid can use those photographs in this civil litigation, then eTreppid's "letter motion" is properly regarded as a discovery motion which is premature.  Discovery has been stayed in these consolidated civil actions.  See Minutes of the Court (#88).  Furthermore, eTreppid has made no request for production of the photographs in accordance with Federal Rule of Civil Procedure 34, a necessary predicate to any "motion to compel" such production.

VINCENT M. GARVEY
Deputy Branch Director
CARLOTTA P. WELLS
Senior Trial Counsel
Federal Programs Branch
U.S. Department of Justice-Civil Division

1

2

PROOF OF SERVICE

3    I hereby certify that service of the foregoing DEPARTMENT OF DEFENSE'S
RESPONSE TO MONTGOMERY'S REQUEST/MOTION FOR DISCLOSURES, etc. (#118)
was made through the Court's electronic notification system or, as appropriate, by sending same
4    through first class mail from Reno, Nevada, to the addressees below on June 8, 2007.

5    Ronald Logar, Esq.
Eric Pulver, Esq.
6    225 S. Arlington Avenue, Suite A
Reno, NV 89501

7

8    Michael Flynn, Esq.
P.O. Box 690, 6125 El Tordo
Rancho Santa Fe, CA 92067

9

10   Carla DiMare, Esq.
P.O. Box 1668
Rancho Santa Fe, CA 92067

11

12   J. Stephen Peek, Esq.
Jerry Snyder, Esq.
5441 Kietzke Lane, Second Floor
13   Reno, NV 89511

14   Jeffrey Ross, Esq,
David Jakopin, Esq.
15   Jonathan Butler, Esq.
50 Fremont Street, Post Office Box 7880
16   San Francisco, CA 94120-7880

17

18                                    /s/ Greg Addington
GREG ADDINGTON

19

20

21

22

23

24

25

26                                    5