J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, NV  89511
Tel: (775) 327-3000
Fax: (775) 786-6179

Reid H. Weingarten (D.C. Bar #365893) (*Admitted Pro Hac Vice June 15, 2007*)
Brian M. Heberlig (D.C. Bar #455381) (*Admitted Pro Hac Vice June 15, 2007*)
Robert A. Ayers (D.C. Bar #488284) (*Admitted Pro Hac Vice June 15, 2007*)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Attorneys for Plaintiff and Cross-Defendant eTreppid
Technologies, L.L.C. and Cross-Defendant Warren Trepp

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

DENNIS MONTGOMERY; MONTGOMERY FAMILY TRUST,

Plaintiffs,

vs.

ETREPPID TECHNOLOGIES, L.L.C.; a Nevada Limited Liability Company, WARREN TREPP; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA; and DOES 1-10,

Defendants.

AND ALL RELATED MATTERS.

Case No. 3:06-CV-0056-PMP-VPC

Case No. 3:06-CV-00145-PMP-VPC

**DEFENDANTS ETREPPID TECHNOLOGIES, L.L.C. AND WARREN TREPP'S NOTICE OF OBJECTION TO THE PUBLIC FILING OF IRRELEVANT, PREJUDICIAL, AND PREMATURE DOCUMENTS BY DENNIS MONTGOMERY**

Defendants eTreppid Technologies, L.L.C. and Warren Trepp, through counsel, hereby object

to the documents submitted by Mr. Montgomery to the Court on June 12, 2007, to be filed in the

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

public record in this case, because they are irrelevant to the Department of Defense's ("DoD") Motion for Protective Order under consideration, prejudicial and premature.

## I. INTRODUCTION:

On June 12, 2007, the Court heard oral argument regarding the DoD's motion for protective order to protect from disclosure military and state secrets information.  At that hearing, counsel for Mr. Montgomery submitted 13 exhibits "in support of" Mr. Montgomery's opposition to the DoD's proposed protective order and requested that the Court file those exhibits as part of the public record in this case.  Despite counsel's attempt to articulate Mr. Montgomery's position regarding the relevance of the 13 exhibits to the DoD's Motion for Protective Order, the purported relevance of these exhibits remains unclear.  What is apparent from a review of the exhibits offered by Mr. Montgomery, however, is that they are part of his continued attempt to smear Mr. Trepp with inflammatory allegations while avoiding actually taking discovery and litigating these cases.  The documents Mr. Montgomery submitted to the Court are wholly irrelevant to the issues relating to the DoD's proposed protective order.  Instead, they are a transparent effort to file prejudicial and inflammatory information in the public record in a misguided attempt to harass eTreppid and Warren Trepp into settling their misappropriation of trade secrets and other civil claims against Mr. Montgomery. Furthermore, to the extent that any of the exhibits are relevant to the underlying civil claims, filing them as part of the public record at this time it is premature because discovery in the civil cases has not even commenced.

## II. ARGUMENT

The United States seeks a protective order "to prevent the disclosure of information relating to (1) the existence or non-existence of any actual or proposed relationship . . . between an intelligence agency . . . and (2) any actual or proposed interest in, application, or use by any intelligence agency, or any current or former official, employee, or representative thereof, of any technology, software, or source code owned or claimed by any individuals or entities associated with these lawsuits."  Motion For Protective Order By The United States, at 2.  The protective order proposed by the DoD sets forth specific areas in which questioning and discovery would not be precluded.  See United States' Proposed Protective Order, ¶ 4.  The DoD has represented that the exclusion of the small universe of

state secrets information at issue does not require dismissal of the civil cases and has suggested that the Court not "accede to Montgomery's request that the case be dismissed based upon his view of what information is or should be privileged."  See Reply Of The United States In Support Of Motion For Protective Order ("Gov't Reply"), at 2, 8.  eTreppid and Mr. Trepp agree with the government's position.

Without filing any motion to dismiss, Mr. Montgomery asserts that "these cases cannot proceed because the privilege makes discovery or trial impossible," the "DoD's motion should be denied, and the civil cases should be dismissed."  Dennis Montgomery And The Montgomery Family Trust's Response To U.S. Department Of Defense's Motion For A Protective Order; Sealed Declaration Of Dennis Montgomery Filed In Camera, Ex Parte; And Request For Denial Of The Motion; Or, Alternatively, Dismissal Of Both Cases Under The State Secrets Privilege, at 5.  Alternatively, Mr. Montgomery proposes that the Court deny the DoD's motion for a protective order and allow him unfettered access to "all individuals, agencies and government 'operatives' he worked with" during the discovery phase of the civil cases regardless of the state secrets information involved. Id.

The only issues before the Court relating to the DoD's request for a protective order are whether (1) the DoD has properly invoked the state secrets privilege and a protective order is warranted in this case, and (2) the proposed order is narrowly tailored to protect and exclude from discovery only legitimate state secrets information while permitting discovery on the remaining issues in the civil cases to proceed.  The exhibits Mr. Montgomery seeks to file publicly in support of his opposition to the DoD's proposed protective order, however, are irrelevant to those issues and should not be filed by the Court.

Mr. Montgomery has taken every opportunity throughout this civil dispute to cast aspersions on Mr. Trepp through baseless accusations of criminal conduct, both in the media and the conspiratorial and frequently irrational rants contained in his pleadings.  For example, in virtually every substantive pleading Mr. Montgomery has filed, he has noted Mr. Trepp's past association with Mr. Milken (over 20 years ago), regardless of the utter lack of relevance that fact has to any issue in the civil cases.  See, e.g., id. at 8 (describing Mr. Trepp in Opposition to U.S. Motion For Protective

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    Order as "a local, powerful and wealthy Nevada political donor with loads of 'junk bond' money from

2    the Drexel/Milken crime wave").  The exhibits submitted by Mr. Montgomery are a continuation of his

3    efforts to get irrelevant and prejudicial materials before this Court and the public.

4          Mr. Montgomery has submitted 13 exhibits in support of his opposition to the DoD's Motion

5    For Protective Order.  The exhibits were accompanied by a "Table of Contents" and a Declaration Of

6    Dennis Montgomery In Opposition To The Department Of Defenses' [sic] Motion For A Protective

7    Order & In Support Of His June 12, 2007 Hearing Exhibits ("Montgomery Decl."), in which

8    Mr. Montgomery declares, under the penalty of perjury, that all of the exhibits are "true and accurate

9    copies."  Montgomery Decl., ¶ 2.  None of these exhibits are relevant to the narrow issues facing the

10   Court by the DoD's motion for a protective order.  Moreover, several of the documents are of dubious

11   authenticity and appear to be nothing more than part of Mr. Montgomery's effort to publicize -- before

12   any discovery has been taken -- his unfounded allegations of an improper relationship between

13   Mr. Trepp and Mr. Gibbons.  Accordingly, with the possible exception of excerpts from pleadings

14   already filed publicly, the Court should not file any of the exhibits as part of the public record.

15         Indeed, the "Table of Contents" that accompanies Mr. Montgomery's submission reveals that

16   his true motivation is to attempt to prejudice Mr. Trepp in the eyes of the Court before discovery has

17   even commenced.  Instead of providing the Court with a true index to the various documents contained

18   in each exhibit, the purported "Table of Contents" consists primarily of Mr. Montgomery's

19   inflammatory, baseless factual allegations and legal conclusions, which the Court should simply

20   disregard.  For example, the "Table of Contents" includes assertions such as exhibit 5 "[p]roves

21   Wiedemann working for [redacted], while effectively helping Trepp misappropriate Montgomery

22   technology.  Wiedemann knew that only Montgomery had the source code algorithms for the 'Video

23   Compressor' and that Montgomery claimed ownership."  Table of Contents of Montgomery Exhibits,

24   June 12, 2007 Hearing ("Table of Contents"), Ex. 5 (emphasis added).  Exhibit 5, however, utterly

25   fails to support Mr. Montgomery's allegations that Mr. Wiedemann entered into an illicit conspiracy

26   with Mr. Trepp or what Mr. Wiedemann "knew" about the facts related to this civil dispute.  In fact,

27   Mr. Montgomery's assertion that Mr. Wiedemann knew that Mr. Montgomery claimed ownership of

28   the compression technology directly conflicts with his position that "[t]he plaintiffs clearly

1   acknowledge that the software compression technology described specifically and clearly in the

2   Contribution Agreement was transferred to eTreppid."  Plaintiffs' Opposition To Motion To Dismiss

3   Complaint And In The Alternative To Strike Each And Every Cause Of Action, at 6.

4          Furthermore, the Court should rebuff Mr. Montgomery's efforts to use public filings in this

5   case as a vehicle to make further scurrilous accusations against Mr. Trepp.  For instance, the

6   description of exhibit 6 in the "Table of Contents" includes Mr. Montgomery's conclusion that the

7   exhibit "[p]roves that Trepp corrupts everything he touches even with legitimate technology."  Table

8   of Contents, Ex. 6.  The Court should not condone Mr. Montgomery's attempt to publicly file such

9   inflammatory accusations as part of the record.  At a minimum, the entire "Table of Contents" should

10  be excluded from the public record.

11         The 13 hearing exhibits Mr. Montgomery submitted to the Court fare no better.  They are

12  irrelevant to the DoD's request for a protective order and replete with prejudicial information.

13  Moreover, many of the documents included in the exhibits appear to have been stolen by

14  Mr. Montgomery from eTreppid, which corroborates eTreppid's claims in this action that

15  Mr. Montgomery also stole the eTreppid Source Code.  Mr. Montgomery's "hearing exhibits" contain

16  the following:

17         •  Exhibit 1:  This exhibit is a publicly available internet article regarding Mr. Trepp's

18  personal and professional relationship with former congressman Jim Gibbons and a government

19  IDIQ contract awarded to eTreppid.  The article includes Mr. Montgomery's false allegations that

20  Mr. Trepp bribed Mr. Gibbons in return for his assistance acquiring government contracts.  This

21  article also references a seemingly incriminating, yet highly suspect, email exchange between

22  Mr. Trepp and his wife, the authenticity of which Mr. Trepp fully intends to challenge in discovery

23  and at trial.  The issues discussed in the article are irrelevant to the state secrets issues before the

24  Court; therefore, the exhibit should not be filed in the public record, which would allow

25  Mr. Montgomery to yet again draw public attention to his false allegations against Mr. Trepp.

26         •  Exhibit 2:  Exhibit 2 is a publicly available internet article announcing an IDIQ contract

27  eTreppid was awarded by the United States government.  Again, the fact of the contract is not in

28  dispute and is irrelevant to the protective order sought by the DoD.  Thus, there is no compelling

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    reason to publicly file this exhibit.

2          • Exhibits 3 & 4:  These exhibits consist of a summary of amounts received by

3    Wiedemann Consulting for the six year period from 2000 to 2006 and an email from

4    Mr. Wiedemann to Mr. Trepp regarding their business relationship.  The relevance proffered by

5    Mr. Montgomery in the "Table of Contents" is difficult to discern, but, in any event, the income

6    earned by Wiedemann Consulting and Mr. Wiedemann's intentions to refocus his business efforts

7    for eTreppid and take a vacation are assuredly irrelevant to the state secrets issue and do not belong

8    in the record in this case.

9          • Exhibit 5:  This exhibit is a memo from Pete Wiedemann to Mr. Montgomery regarding

10   an approach and plan to use eTreppid technology for a certain purpose.  Mr. Montgomery asserts

11   that the document proves that Mr. Wiedemann helped Mr. Trepp "misappropriate"

12   Mr. Montgomery's technology and proves that Mr. Wiedemann "knew" Mr. Montgomery was the

13   true owner of the technology referenced in the memo.  Mr. Montgomery's assertions are baseless.

14   In any event, however, the ownership of the eTreppid technology is an issue in the underlying civil

15   cases and it is irrelevant to the DoD's assertion of the state secrets privilege.  Exhibits relating to

16   the civil cases, even if relevant, should not be publicly filed before discovery has commenced.

17         • Exhibit 6:  This exhibit purports to be a compilation of emails and correspondence

18   "between and amongst Gibbons, Len Glocauer [sic], Patty Gray, Lobbyist Lettitia White (who

19   worked with convicted felon Jack Abramhoff who gave Dawn Gibbons $50,000) and Trepp."

20   Table of Contents, Ex. 6.  Mr. Montgomery contends that these documents prove "that Trepp

21   corrupts everything he touches even with legitimate technology."  Id.  Again, these documents are

22   completely irrelevant to the state secrets issues.  Moreover, all of these documents, consisting of

23   eTreppid email and internal memoranda, appear to have been stolen by Mr. Montgomery from

24   eTreppid.

25         In addition, at least one of these documents is an outright fabrication by Mr. Montgomery.

26   Specifically, the fourth document in Exhibit 6 purports to be a September 25, 2003 email from Len

27   Glogauer to Mr. Trepp containing a reference to Mr. Gibbons and the statement that "[w]e need to

28   take care of him like we discussed," which Mr. Montgomery claims supports his allegation that

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Mr. Trepp bribed Mr. Gibbons.  As set forth in Mr. Trepp's accompanying objection,[1] the "take care of him" line is a forgery that appears to have been fabricated by Mr. Montgomery. Mr. Montgomery has repeatedly caused this highly prejudicial, false document to be aired publicly, thereby causing substantial harm to Mr. Trepp's reputation, and the Court should not allow him to do so yet again through the public record.

- Exhibits 7, 8 & 9:  These exhibits relate to various government contracts awarded to eTreppid.  Again, Mr. Montgomery appears to have stolen copies of these business records from eTreppid.  In an effort to avoid litigating the civil cases, Mr. Montgomery claims that these documents support his contention that the DoD's assertion of the state secrets privilege, if "properly" asserted by the DoD, would require dismissal of the civil cases because every eTreppid government contract involved the intelligence community.  The government, however, is the sole party entitled to invoke the state secrets privilege, see Gov't Reply at 6 (citations omitted), and it has taken the position that the limited scope of the state secrets information it seeks to protect will not prevent the parties from litigating the civil cases.  Id. at 9.  Mr. Montgomery's opinion as to the scope of the documents covered by the state secrets privilege is irrelevant to the Court's consideration of the DoD's proposed protective order, as are exhibits 7, 8 & 9.  Therefore, these documents should not be publicly filed.

- Exhibit 10:  Similarly, Mr. Montgomery claims that the information redacted pursuant to the Court's April 2, 2007 order from the list of documents contained in the June 7, 2007 DOJ email submitted as exhibit 10 requires dismissal of the civil cases.  Given the absence of any motion to dismiss, the Court should decline to indulge Mr. Montgomery's persistent complaints that the state secrets privilege prevents him from litigating this case, and refuse to file exhibits in the record that are irrelevant to the Court's analysis of the DoD's proposed protective order.

- Exhibit 11:  Exhibit 11 is a copy of several pages from the Notice Of Motion And Motion By ETreppid Technologies, L.L.C. And Warren Trepp For Protective Order And Order To Seal Pleadings And Records.  While irrelevant to the Court's analysis of the DoD's motion for a

---

[1] See Defendants eTreppid Technologies, L.L.C. And Warren Trepp's Notice Of Objection To The Public Filing of A Fabricated Document By Mr. Montgomery.

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

protective order, eTreppid and Mr. Trepp do not object to exhibit 11 insofar as it is already part of the public record.

- Exhibit 12:  Exhibit 12 is a copy of the Declaration Of Warren Trepp In Support Of ETreppid Technologies, L.L.C.'s Ex Parte Application For A Temporary Restraining Order And Order To Show Cause Re Preliminary Injunction Against Dennis Montgomery.  While irrelevant to the Court's analysis of the DoD's motion for a protective order, eTreppid and Mr. Trepp do not object to exhibit 12 insofar as it is already part of the public record.

- Exhibit 13:  Exhibit 13 is an agreement submitted by eTreppid and Mr. Trepp to a representative of the United States government in an effort to protect eTreppid trade secrets used to perform government contracts.  Again, Mr. Montgomery appears to have stolen this business record from eTreppid.  Although Mr. Montgomery's proffer regarding exhibit 13 in the "Table of Contents" is completely incoherent, it is apparent from the face of the document that its relevance, if any, is strictly related to the civil misappropriation claims and not the state secrets issues currently before the Court.  As such, this exhibit should not be filed at this time.

### III.  CONCLUSION:

In sum, not a single exhibit submitted by Mr. Montgomery would assist the Court in resolving the DoD's motion for a protective order and determining the scope of the proposed protective order.  Instead, Mr. Montgomery's submission represents another transparent attempt to malign Mr. Trepp with baseless allegations and include irrelevant and prejudicial information in the record.  To the extent that any of the exhibits bear some tangential relevance to issues in the underlying civil cases, filing them prior to the commencement of discovery in those cases would be premature.  Accordingly,

///

///

///

with the possible exception of two prior court filings, the Court should decline to file any of the exhibits offered by Mr. Montgomery because they are irrelevant, prejudicial and premature.

Dated: June 22, 2007

Respectfully submitted,

_____/s/_____
J. Stephen Peek, Esquire
Nevada Bar Number 1758
Jerry M. Snyder, Esquire
Nevada Bar Number 6830
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
775-327-3000 (tel), 775-786-6179 (fax)

Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Robert A. Ayers (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

*Attorneys for Plaintiff and Cross-Defendant eTreppid Technologies, L.L.C. and Cross-Defendant Warren Trepp*

1

**PROOF OF SERVICE**

2

3
        I, Gaylene Silva, declare:

4
        I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard.   My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada  89511**.  I am over the age of 18 years and not a party to this action.

5

6
        I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail,  delivery of its hand-deliveries and their process of faxes.

7

8
        On June 22, 2007, I caused the foregoing **DEFENDANTS ETREPPID TECHNOLOGIES, L.L.C. AND WARREN TREPP'S NOTICE OF OBJECTION TO THE PUBLIC FILING OF IRRELEVANT, PREJUDICIAL, AND PREMATURE DOCUMENTS BY DENNIS MONTGOMERY** to be:

9

10

11
  __X__          filed electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

12

13
| *Fax No. 786-5044* | *Fax No. 858-759-0711* |
| Email Lezlie@renofamilylaw.com | Email mailto:mjfbb@msn.com |
| Ronald J. Logar, Esq. | And mailto:cdimare@worldnet.att.net |
| Eric A. Pulver, Esq. | Michael J. Flynn, Esq. |
| The Law Offices of Logar & Pulver | P.O. Box 690 |
| 225 S. Arlington Avenue, Suite A | 6125 El Tordo |
| Reno, NV 89501 | Rancho Santa Fe, CA  90267 |

14

15

16

17
| *Fax No. 202/616-8470* | *Fax No. 784-5181* |
| Carlotta.wells@usdoj.gov | Greg.addington@usdoj.gov |
| Carlotta P. Wells, Esq. | Greg Addington |
| Senior Trial Counsel | Assistant U.S. Attorney |
| Federal Programs Branch | 100 W. Liberty Street, Suite 600 |
| Civil Division – Room 7150 | Reno, NV  89501 |
| U.S. Department of Justice | |
| 20 Massachusetts Ave., NW | |
| P.O. Box 883 | |
| Washington, DC  20044 | |

18

19

20

21

22

23

24
        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on June 22, 2007.

25

26
                        _____/s/_____

27
                        Gaylene Silva

28

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511