**Michael J. Flynn, Mass. State Bar No.172780**
P.O. Box 690, 6125 El Tordo
Rancho Santa Fe, CA 92067
Tel:   (858) 775-7624;Fax:  (858) 759-0711
*Admitted Pro Hac Vice*
**Carla A. DiMare, Mass. State Bar No. 553432**
LAW OFFICE OF CARLA DIMARE
P.O. Box 1668
Rancho Santa Fe, CA 92067
Tel:   (858)775-0707; Fax:  (858)756-2859
*Admitted Pro Hac Vice*
Attorneys for Plaintiff DENNIS MONTGOMERY, THE MONTGOMERY FAMILY TRUST, AND THE TRUSTEES OF THE MONTGOMERY FAMILY TRUST.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, and the MONTGOMERY FAMILY TRUST,<br><br>    Plaintiffs,<br><br>v.<br><br>ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>    Defendants.<br><br>AND ALL RELATED MATTERS. | 3:06-CV-00056-PMP-VPC<br>**BASE FILE**<br><br>3:06-CV-00145-PMP-VPC<br><br>**<u>EX PARTE MOTION TO WITHDRAW AS COUNSEL FOR MONTGOMERY.</u>** |

TO ALL PARTIES AND ATTORNEY OF RECORD: Attorney Michael Flynn and Attorney Carla DiMare (and the Law Office of Carla DiMare), (hereinafter "counsel"), who were admitted pro hac vice in the above captioned cases, move this Court for an Order allowing them to withdraw forthwith from representing Dennis Montgomery, individually and as Trustee of the Montgomery Family Trust, Brenda Montgomery as Trustee of the Montgomery Family Trust, and the Montgomery Family Trust (hereinafter collectively "Montgomery"), in the above captioned cases and the related search warrant matter, 3:06-cv-0263.  Montgomery would not consent to withdrawal, and no new Montgomery attorney has contacted counsel, necessitating this ex parte motion.

This motion is made on the grounds that "good cause" exists for granting this motion. *See e.g. Page v. Walser*, 46 Nev. 390 (1923)[attorney can withdraw for good cause]. Counsel has always fully and diligently performed the services for which they were retained, as the record and pleadings clearly

reflect. Montgomery "has breached an obligation for the payment of fees," and "has engaged in conduct that has made continued representation unreasonably difficult." (Attorney Declarations, filed herewith). The best interest of justice and these cases will be served by allowing withdrawal forthwith and GRANTING this motion.

Notice has been given as required by law. Montgomery has been served with a copy of all moving papers related to this withdrawal motion via e-mail at his current e-mail address and U.S. mail. (See Atty. Declarations, filed herewith; Certificate of Service). Also, he is still represented by and in communication with local counsel, Logar & Pulver, which has been served with these moving papers, along with all other parties who have appeared in these cases. (Certificate of Service).

Nevada Supreme Court Rule 173 states in pertinent part that " . . . a member of the state bar, . . . may withdraw at any time with the consent of the client but if the consent of the client cannot be obtained then he should obtain the approval of the court for his withdrawal." Counsel gave written notice to Montgomery of a Notice of Intent to Withdraw, which gave Montgomery reasonable time to find substitute counsel. However, in response to that said Notice, Montgomery said he would not consent to withdrawal. If Montgomery claims he needs additional time to engage substitute attorney(s), this Court should not require counsel to remain in the case without full payment made by Montgomery forthwith to counsel. Alternatively, if Montgomery claims he needs more time to engage substitute attorneys, this Court should GRANT this motion and grant Montgomery additional time to engage replacement counsel, if any.

Counsel has taken "reasonable steps to avoid reasonably forseeable prejudice" to Montgomery. *See* A.BA. Rule 2.110 A-2 ["In any event, a lawyer should not withdraw . . . until he has taken reasonable steps to avoid forseeable prejudice to the rights of his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with the applicable laws and rules."] Again, counsel gave written notice to Montgomery of a Notice of Intent to Withdraw, which gave Montgomery reasonable time to engage substitute attorney(s). Counsel also communicated both orally and in writing to local counsel that they would help in a smooth transition, and, in fact, has already begun to deliver Montgomerys' papers and property in these cases. As the Court may know, Montgomery has had two local counsel in Reno,

1  Nevada, Ron Logar and Eric Pulver, who have attending all court hearings, and have had their finger
2  on the pulse of these cases, so Montgomery has representation.
3        Additionally, counsel has taken reasonable steps to avoid prejudice to Montgomery if substitute
4  counsel, if any, files an appearance. At this time there are no deadlines and nothing is due, except
5  possibly Montgomery's Answer to eTreppid's 2nd Amended Complaint, which Logar & Pulver will
6  complete and file. In addition, as the Court knows, discovery is currently stayed and has been stayed
7  since September 26, 2006. Discovery had barely begun when discovery was "stayed," and no
8  depositions have ever been taken in these cases. Also, due to a series of events reflected in the
9  pleadings, the District Judge was not assigned to this case until March 2007, and, significantly, no trial
10 date has been set. *See e.g. Dorsey v. Payne*, 44 Fed.Appx. 164, 167 (9th cir. 2002)[district court abused
11 its discretion by not granting a continuance on the eve of trial for the defendant to find substitute
12 counsel]. The important issues involving the state secrets and proposed protective order were already
13 fully briefed by counsel. Accordingly, this litigation is truly in its nascent stages and there will be no
14 prejudice to Montgomery if this motion is granted. Conversely, the best interests of justice and these
15 cases would be prejudiced by not granting this motion.
16       For the above reasons, attorney Michael Flynn and attorney Carla DiMare respectfully request
17 that they be allowed to completely withdraw forthwith. A proposed Order is attached.

                                  Respectfully submitted,

                                  _____

Dated: July ____, 2007               Michael J. Flynn, Esq.
                                  Carla DiMare, Esq.

# CERTIFICATE OF SERVICE

I, Carla A. DiMare, declare: I am an attorney admitted pro hac vice in the United States District Court of Reno in the related civil cases, U.S.D. Reno, No. 3:06-CV-00056 and 3:06-CV-000145. I am over the age of 18 years and not a party to this action.

I am familiar with the practice for the collection of mail, delivery of hand-deliveries, process of facsimile, and the practice of mailing.

On July ____, 2007, I caused the foregoing document (Ex Parte Motion to Withdraw, and this Certificate of Service), to be mailed to the following persons and/or entities:

        Attorneys Stephen Peek & Jerry Snyder
        HALE LANE
        5441 Kietzke Lane, 2nd Fl.
        Reno, NV 89511

        Attorney Carlotta P. Wells,
        U.S. DEPT. OF JUSTICE
        P.O. Box 883
        Washington, D.C. 20044

        Dennis Montgomery
        Montgomery Family Trust
        Opspring, LLC
        600 106TH Ave. N.E., No. 210
        Bellevue, WA 98004-5043
        (Also sent via e-mail)

        Ronald J. Logar, Esq.
        Eric Pulver, Esq.\
        LAW OFFICE OF LOGAR & PULVER, PC
        225 S. Arlington Ave., Ste. A
        Reno, NV 89501
        (Also sent via e-mail)

        ____/S/_____
        Attorney Carla DiMare