| | |
|---|---|
| 1 | Ronald J. Logar, Nev. State Bar No. 303 |
| 2 | Eric A. Pulver, Nev. State Bar No. 7874<br>Law Office of Logar & Pulver, PC |
| 3 | 225 South Arlington Avenue<br>Suite A |
| 4 | Reno, Nevada 89501<br>Tel: (775) 786-5040   Fax: (775) 786-7544 |
| 5 | Attorneys for Plaintiff |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DENNIS MONTGOMERY, and the MONTGOMERY FAMILY TRUST, | ) | 3:06-CV-00056-PMP-VPC |
| Plaintiffs, | ) ) ) | **PLAINTIFFS' REPLY TO MICHAEL J. FLYNN'S AND CARLA A. DIMARE'S MOTION TO WITHDRAW AND THE UNITED STATES' RESPONSE THERETO; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | ) ) | |
| ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE, | ) ) ) | |
| Defendants. | ) ) | [Declaration of Deborah A. Klar in support] |
| AND RELATED MATTERS. | ) ) ) | |

Plaintiffs Dennis Montgomery and the Montgomery Family Trust respectfully submit this Reply in response to attorneys Michal J. Flynn's and Carla DiMare's Motion to Withdraw and the United States' response thereto:

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION AND SUMMARY OF REPLY**

Plaintiffs Dennis Montgomery and the Montgomery Family Trust do not oppose the recent request by their current lead counsel of record to withdraw from this case, and indeed, have already retained the law firm of Liner Yankelevitz Sunshine & Regenstrief LLP, who are ready, willing and able to substitute into this matter. Unfortunately, however, as a result of the government's latest tactic, new counsel is unable to formally substitute into this matter until Mr. Montgomery's complete client file is turned over to them, causing undue prejudice to the plaintiffs and both their existing and new counsel. See Declaration of Deborah Klar attached hereto.

Amazingly, the government now apparently claims that not only is Mr. Montgomery and his present counsel not allowed to provide their files to new counsel in order to assume the prosecution and defense of these actions, but that government agents should once again be allowed to "retrieve" and "identify" documents from counsel's attorney-client privileged files to be destroyed. This is clearly nothing more than another wrongful attempt by the government to undo Magistrate Judge Valerie Cooke's November 28, 2006 Order and wrongfully search and seize Mr. Montgomery's property without basis or probable cause. Furthermore, this is a wholly improper attempt to invade the attorney-client and work product privileges and interfere with Mr. Montgomery's ability to obtain adequate representation. Accordingly, the government's opposition should be disregarded and current counsel should be allowed to turn over Mr. Montgomery's complete case files to new counsel immediately.

0020001/001/ 356886v03

## II.

## **SUMMARY OF FACTS**

As this Court is by now well-aware, these consolidated actions involve civil claims for, among other things, breach of contract, breach of fiduciary duty, misappropriation of trade secrets, and related claims between Etreppid Technologies, LLC and its principal, Warren Trepp, and Dennis Montgomery and the Montgomery Family Trust concerning certain computer software technology developed by Mr. Montgomery. Because the actions may involve certain national security issues, the United States of America was named as an indispensable party to this action, and it has since sought to improperly and unconstitutionally obstruct the parties' ability to prosecute and defend these cases.

### A.  **The Search Warrant Proceedings**

Claiming, among other things, that Mr. Montgomery had in his possession certain "classified" materials concerning national security, in March 2006, the government initiated an action under seal, Case No. 3:06-cv-0263 PMP (VPC), and obtained a search warrant to search and seize various documents, files and property from Mr. Montgomery's home (the "Search Warrant Case"). After withholding Mr. Montgomery's property for nearly nine months, in response to Mr. Montgomery's Motion for Return of Property, the government subsequently conceded that there was no such "classified" information. The Court, Hon. Valerie P. Cooke, accordingly granted Mr. Montgomery's Motion and ordered his property and files returned to him. See Hon. Valerie P. Cooke's November 28, 2006 Order granting Mr. Montgomery's Motion for the Return of Seized Property and to Unseal Search Warrant Affidavits.[1] The Court also ordered the entire case file to be unsealed, with

---

[1] The Court specifically stated in this regard: "The evidence before this court compels the conclusion that SA West acted with callous disregard of Montgomery's constitutional rights, which resulted in the improper search of Montgomery's home and storage units, and the improper seizure of his property." November 28, 2006 Order at 31:19-21.

3

the exception of certain limited information. Id. In light of the Court's extensive and detailed ruling, there is no longer any purpose served by the Search Warrant Case, and that action should now be dismissed or closed.

### B.     The Unsealing Orders

Following the issuance of Judge Cooke's Order, in response to the government's objections, the Court entered a series of orders setting forth a protocol for the review and redaction of the Search Warrant Case files by the government prior to release of the information to the parties and their counsel. The Court thereafter entered an order governing the filing and disclosure to the Court of any purported "classified" material. See April 2, 2007 Order. At no time did the Court issue any order requiring any information to be viewed by "attorneys' eyes only" or preventing counsel from communicating any information in their possession with their clients.

### C.     The Civil Proceedings

There are presently three civil actions pending between the parties, but no discovery has yet been conducted in any of the cases as a result of the foregoing proceedings. Indeed, it is clear that no discovery will be conducted without strenuous objection by the government, and it is questionable whether any discovery *can* be conducted in these cases in light of the positions taken by the government.

Plaintiffs' lead counsel has now moved to withdraw, and none of the parties object to such withdrawal; however, the government once again seeks to improperly seize control of plaintiffs' property, thereby preventing the plaintiffs from prosecuting this action. There is simply no support for the government's position -- none is cited --and its request should be denied so that the parties may proceed with the prosecutions of these actions, including discovery, forthwith.

0020001/001/ 356886v03

# III.

# ARGUMENT

### A. There is No Basis for the Government's Request.

The government provides no legal or factual basis in its Opposition for its unreasonable and intrusive request to hinder Mr. Montgomery's attorney-client relationship and invade the attorney-client privilege. The government has already conceded that there were no "classified" materials in Mr. Montgomery's possession in relation to the Search Warrant Case. See Hon. Valerie P. Cooke's November 28, 2006 Order. Furthermore, the Court previously provided the government with a protocol for the redaction and sealing of purportedly states secret information from the Court's file in the Search Warrant Case before making it available to plaintiffs' counsel. See April 2, 2007 Order. To the extent that the Court has issued any orders limiting or prohibiting disclosure of any classified information by the parties and their counsel, new counsel will be governed by those orders, as well. Therefore, there is simply no basis for the government's recent request.

The government's current position cannot be reconciled with its earlier admission that Mr. Montgomery does not have classified information in his files. Nor has the government identified any specific information in either Mr. Montgomery's or his counsel's possession which is prohibited from disclosure to new counsel. The government should not be allowed to engage in a fishing expedition at the expense of the attorney-client relationship and privilege, and its unreasonable conditions should be rejected.

### B. Plaintiffs Would Be Highly Prejudiced if the Court Allows a Violation of Counsel's Ethical Obligations.

As current counsel's Motion to Withdraw makes clear, plaintiffs cannot continue to be represented by attorneys Michael Flynn and Carla DiMare. Thus, unless plaintiffs are allowed to substitute new counsel into these actions, they will be unfairly left without representation. Although new counsel is ready, willing, and

5

able to substitute into this matter, they cannot competently do so without immediate access to plaintiffs' complete case files.  It is axiomatic that to exercise requisite diligence and skill, an attorney must review and have knowledge of the case upon which he advocates See State Bar v. Slocum, 101 Nev. 967 (1985) (an attorney fails to exercise requisite diligence when he handles a legal matter without adequate preparation given the circumstances).  It is further axiomatic that a client has a right to see his own client files, to know of their substance and to communicate with his attorney as to their contents.  See Nev. Rules of Prof. Conduct, Rule 1.4.[2]  The government's latest request is an attempt to prevent the plaintiffs and their counsel from doing just that.

Under both Nevada Rules of Professional Conduct and California Rules of Professional Conduct, upon termination of the attorney-client relationship, the attorney must return the client's files to his client.  Nev. Rules of Prof. Conduct, Rule 1.16(d); Cal. Rules of Prof. Conduct, Rule 3-700.[3]  The ethical rules adopted by the Nevada State Bar and the California State Bar promote open dialogue between a client and his attorney and the freedom for a client to change counsel should a working relationship deteriorate.  See In re Kaufman, 93 Nev. 452 (1977); Isrin v. Superior Court of Los Angeles County, 63 Cal.2d 153 (1965); see also Attorney-Client Privilege in California, 10 Stan. L. Rev. 297 (1958).  The government has not and cannot provide any legitimate basis to prevent or excuse current counsel from

---

[2] Cal. Rule of Prof. Conduct 3-500 similarly provides:  a member shall keep a client reasonably informed about significant developments relating to the employment or representation, including promptly complying with reasonable requests for information and copies of significant documents when necessary to keep the client so informed.

[3] Both Mr. Flynn and Ms. DiMare are residents of California.  Ms. DiMare is a California attorney.  Although Mr. Flynn is apparently not licensed to practice in California, he maintains an office in California and most, if not all, communications between Mr. Flynn and plaintiffs took place within the State of California.

1 complying with their ethical obligations. The government's request is highly
2 improper, unduly prejudicial and should be rejected.

### IV.
### CONCLUSION

5 For all the foregoing reasons, plaintiffs respectfully request that the Court reject the improper conditions requested by the government, and allow plaintiffs' current counsel to immediately turn over all files to new counsel so that they may properly substitute into this matter. Furthermore, attorneys Michael Flynn and Carla DiMare should be ordered to comply with their ethical obligations, maintain client confidences, and not file or disclose any information which may be adverse to their client or a violation of the attorney-client privilege.

Dated: July 26, 2007         LOGAR & PULVER


                             By: _____/s/_____
                                 Ronald Logar
                                 Eric Pulver
                                 Attorneys for Plaintiffs Dennis
                                 Montgomery and the Montgomery
                                 Family Trust

0020001/001/ 356886v03

## DECLARATION OF DEBORAH A. KLAR

I, Deborah Klar, declare as follows:

1. I am an attorney licensed to practice law in the State of California. I am a partner in the law firm of Liner Yankelevitz Sunshine & Regenstreif LLP. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2. I have previously been admitted to practice before this Court *pro hac vice* and I am prepared to submit an application for admission *pro hac vice* in this matter upon substitution into this case.

3. My firm has been retained to substitute into this matter and related matters on behalf of Dennis Montgomery, Brenda Montgomery, and the Montgomery Family Trust ("the Montomerys"), and is ready, willing and able to do so upon receipt of the complete client files from the Montgomerys' present counsel, Michael Flynn and Carla DiMare.

4. Although my office has requested in writing that Mr. Flynn return the files to the Montgomerys, he has not done so, and I understand that he is hesitant to do so in light of the government's recent opposition.

5. I accordingly respectfully request that the Court reject the government's requests in its opposition and require Mr. Flynn and Ms. DiMare to turn over all client files in their possession, so that my office may properly assume the representation of the Montgomerys in these matters.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 26th day of July, 2007, in Los Angeles, California.

_____
Deborah A. Klar

0020001/001/ 356886v03