UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ETREPPID TECHNOLOGIES, LLC; WARREN TREPP; and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>　　　　Defendants.<br><br>AND ALL RELATED MATTERS. | 3:06-CV-00056-PMP-VPC<br>BASE FILE<br><br>3:06-CV-00145-PMP-VPC<br><br>O R D E R |

Presently before the Court is eTreppid Technologies, LLC ("eTreppid") and Warren Trepp's ("Trepp") Motion to Dismiss First Amended Complaint and, in the Alternative, to Strike Each and Every Cause of Action (3:06-CV-00056-PMP-VPC, Doc. #76), filed on September 21, 2006. Dennis Montgomery ("Montgomery") and the Montgomery Family Trust ("Trust") filed an Opposition (3:06-CV-00056-PMP-VPC, Doc. #87) on October 10, 2006. eTreppid and Trepp filed a Reply (3:06-CV-00056-PMP-VPC, Doc. #93) and Evidentiary Objections to Declaration of Dennis Montgomery (3:06-CV-00056-PMP-VPC, Doc. #94) on October 24, 2006. Montgomery and the Trust did not file a response to the evidentiary objections.

///

///

# I. BACKGROUND

This case concerns a dispute between eTreppid and Montgomery as to who owns certain computer software source code. According to the First Amended Complaint, Montgomery is an inventor and software developer who developed and obtained copyrights for pattern recognition software. (First Am. Compl. [3:06-CV-00056-PMP-VPC, Doc. #7] at 2.) The First Amended Complaint alleges the Trust owns the copyright registrations related to this software. (Id.) Montgomery alleges he thereafter developed Derivative Works from the copyrighted software prior to 1998 and the Trust also owns the Derivative Works. (Id.)

In September 1998, Montgomery and Trepp formed Intreppid Technologies, LLC, which later became eTreppid. (Id.) Pursuant to a Contribution Agreement between Montgomery and Trepp, Montgomery and the Trust would receive a fifty percent ownership share in the company in exchange for contributing software compression technology contained on a certain "CD No. 1." (Id. at 2-3.) The Contribution Agreement also indicated the Trust and Montgomery were not contributing to eTreppid any other tangible or intangible assets owned by Montgomery or the Trust. (Id. at 3.) Montgomery and the Trust allege the Derivative Works which Montgomery developed prior to 1998 were not contained on CD No. 1 and they did not transfer the Derivative Works to eTreppid. (Id.)

According to the First Amended Complaint, eTreppid sublicensed the Derivative Works to various entities, including the United States Government, without authorization from or payment to the Trust. (Id.) Montgomery brought suit in this Court against eTreppid, Trepp, and the United States Department of Defense, asserting claims for copyright infringement, declaratory relief as to ownership of the source code, accounting, breach of fiduciary duty, fraud, breach of contract, misappropriation of trade secrets, conversion, and declaratory relief against the Department of Defense regarding a secrecy

2

oath between Montgomery and the Government.  (Id. at 4-9.)

eTreppid moves to dismiss the First Amended Complaint, arguing it fails to establish this Court has subject matter jurisdiction over the copyright claims because copyright records do not show Montgomery or the Trust as owners of the copyrights asserted, Montgomery has failed to plead copyright infringement with specificity, and the Derivative Works were not registered for copyright protection.  eTreppid also moves to dismiss Montgomery's state law claims.

Montgomery and the Trust respond this Court has subject matter jurisdiction because Montgomery and the Trust have asserted non-frivolous federal claims under the Copyright Act.  Montgomery and the Trust also argue the First Amended Complaint states a copyright infringement claim because the Trust alleges it owns the copyrights at issue and they have submitted evidence showing such ownership.  Montgomery and the Trust further contend eTreppid violated their copyright rights by reproducing the Derivative Works, preparing derivative works based on the copyrighted work, and distributing copies to others.  Montgomery and the Trust contend Federal Rule of Civil Procedure 8 does not require them to plead their copyright claims with any greater specificity.  Finally, Montgomery and the Trust defend their state law claims on the merits and contend this Court should retain supplemental jurisdiction over those claims.

## II. DISCUSSION

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."  Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, the Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  There is a strong presumption against dismissing an action for failure to state a claim.  Ileto v. Glock

3

1  Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). "'The issue is not whether a plaintiff will
2  ultimately prevail but whether the claimant is entitled to offer evidence to support the
3  claims.'" Hydrick v. Hunter, 466 F.3d 676, 686 (9th Cir. 2006) (quoting Scheuer v.
4  Rhodes, 416 U.S. 232, 236 (1974)).
5        A party may challenge the Court's jurisdiction under Federal Rule of Civil
6  Procedure 12(b)(1) "either on the face of the pleadings or by presenting extrinsic
7  evidence." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).
8  Where the jurisdictional question is intertwined with the merits, the Court assumes the
9  complaint's allegations are true unless controverted by undisputed facts in the record. Id.
10       **A. Standing**
11       eTreppid and Trepp assert Montgomery and the Trust lack standing to assert the
12 copyright claims because (1) Montgomery and the Trust have not shown they own the
13 copyrights at issue and (2) the Derivative Works were not registered prior to filing suit.
14 Montgomery and the Trust respond by providing evidence to establish their ownership
15 interests, including Montgomery's affidavit and recently-filed recordations showing a
16 transfer of ownership of the copyrights. Montgomery and the Trust also argue they need
17 not have registered the Derivative Works prior to filing suit because eTreppid and Trepp
18 violated the Trust's right to prepare derivative works which is an exclusive right deriving
19 from the original copyrights.
20       The First Amended Complaint alleges the Trust owns the following copyrights:
21 TXu-98-018, TXu-98-699, TXu-98-727, TXu-98-728, TXu-98-731, TXu-117-868, TXu-
22 119-540, TX-1-983-147, TX-1-992-867, TX-2-000-234, TX-2-083-750, and TX-2-095-
23 009. (First Am. Compl. at 2.) However, eTreppid and Trepp have presented the original
24 copyright registrations showing a company named Computermate, Inc. owned copyrights
25 TXu-98-018, TXu-98-699, TXu-98-727, TXu-98-728, TXu-98-731, TXu-117-868, and
26 TXu-119-540, and a company named Barrett Laboratories, Inc. owned copyrights TX-1-

983-147, TX-1-992-867, TX-2-000-234, TX-2-083-750, and TX-2-095-009.  (Decl. of Jerry M. Snyder [3:06-CV-00056-PMP-VPC, Doc. #80], Ex. 4.)

In response, Montgomery and the Trust offer Montgomery's declaration previously filed in this case in which Montgomery states that although Computermate, Inc. and Barrett Labs, Inc. originally owned the copyrights, those companies assigned the copyrights to Montgomery in 1983 and 1987, respectively.  (Pls.' Opp'n to Mot. to Dismiss Compl. for Lack of Subject Matter Jurisdiction or in the Alternative, for Summ. J. [3:06-CV-00056-PMP-VPC, Doc. #32, "Pls.' Opp'n"], Decl. of Dennis Montgomery at 1.) Montgomery avers he subsequently assigned his rights in the copyrights to the Trust, of which Montgomery is a co-trustee.  (Id.)  Montgomery concedes that as of March 2006, neither he nor the Trust had recorded these assignments with the United States Copyright Office.  (Id.)  Montgomery and the Trust also present Montgomery's testimony before a Nevada state court during a preliminary injunction hearing in which he testified that Computermate, Inc. and Barrett Laboratories, Inc. transferred copyright rights to Montgomery.[1]  (Pls.' Opp'n, Decl. of Philip Stillman, Ex. 1 at 121-25.)

---

[1] eTreppid and Trepp object to portions of Montgomery's declaration.  The only paragraph to which eTreppid and Trepp object which is relevant to this issue is Montgomery's statement that: "Although those copyrights were originally held in the name of two companies that I owned, Computermate, Inc. and Barrett Labs, Inc., I received written assignments of those copyrights from each company to me, dated April 7, 1983 and August 11, 1987, copies of which is [sic] attached hereto as Exhibit 1."  (Pls.' Opp'n to Mot. to Dismiss Compl. for Lack of Subject Matter Juris. [Doc. #32], Montgomery Decl. at ¶ 3.)  eTreppid and Trepp contend this statement lacks personal knowledge because it fails to demonstrate Montgomery owned the two companies.  The Court will overrule this objection.  An individual would have personal knowledge as to whether he owned a company. eTreppid and Trepp also object that the two letters are hearsay and the declaration does not state the attached letters are true and correct copies of the originals.  The Court will sustain this objection. Montgomery does not aver the attached letters are true and correct copies of the letters he received transferring the copyrights from the companies to himself.  He has failed to present sufficient authenticating evidence supporting a finding that the letters are what he purports them to be.  See Fed. R. Evid. 901(a), (b)(1). The Court therefore will not consider the two letters attached to Montgomery's declaration.

5

On May 30, 2006, the Copyright Office recorded two letters.[2] (Pls.' Request for Judicial Notice in Supp. of Their Opp'n to Mot. to Dismiss Compl. & in the Alternative to Strike Each & Every Cause of Action [3:06-CV-00056-PMP-VPC, Doc. #86], Ex. 1.) One is dated April 7, 1983, and purports to transfer Computermate, Inc.' copyrights to Montgomery. (Id.) The other letter is dated August 11, 1987, and purports to transfer Barrett Laboratories, Inc.'s copyrights to Montgomery. (Id.) The parties have presented no other evidence of transfers, assignments, or other claims of ownership recorded with the Copyright Office regarding the subject copyrights.

Montgomery and the Trust have presented evidence in the form of Montgomery's affidavit and prior testimony that the two companies assigned the copyright rights to Montgomery, who in turn assigned those rights to the Trust. eTreppid and Trepp have provided no contrary evidence. Accordingly, the Court will deny eTreppid and Trepp's motion to dismiss the copyright claims for lack of standing.

///

---

[2] Montgomery and the Trust requested the Court take judicial notice of the letters recorded with the Copyright Office. The Court denied the request (3:06-CV-00056-PMP-VPC, Doc. #129), ruling the letters were not subject to judicial notice. Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." As to the second category of judicially noticeable facts, a court appropriately may take judicial notice of matters of public record. Transmission Agency of N. Cal. v. Sierra Pac. Power Co., 295 F.3d 918, 924 n.3 (9th Cir. 2002); Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001). However, when a court takes judicial notice of a matter of public record, such as another court's opinion, it may do so "'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" Lee, 250 F.3d at 690 (quoting S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999)); see also Marsh v. San Diego County, 432 F. Supp. 2d 1035, 1044 (S.D. Cal. 2006) (stating a court may take judicial notice of a document's contents, but not the truth of those contents.) Consequently, the Court will take judicial notice of the fact that the Copyright Office recorded the letters, but the Court will not take judicial notice of the truth of the letters' content, i.e., that the two companies in fact transferred their copyright rights to Montgomery.

1          However, in response to Montgomery and the Trust's presentation of the recent
2   recordation of the two letters with the Copyright Office, eTreppid and Trepp contend
3   recording a transfer of a copyright is a prerequisite to filing suit.  eTreppid and Trepp thus
4   argue the Court should dismiss the First Amended Complaint because Montgomery and the
5   Trust filed suit before recording the transfer of copyrights.
6          Copyright law previously required recordation of a transfer as a prerequisite to
7   filing suit.  See 17 U.S.C. § 205(d) (1976) ("No person claiming by virtue of a transfer to
8   be the owner of copyright . . . is entitled to institute an infringement action under this title
9   until the instrument of transfer under which such person claims has been recorded in the
10  Copyright Office, but suit may be instituted after such recordation on a cause of action that
11  arose before recordation.").  However, in 1988, Congress struck this requirement to
12  conform to the Berne Convention.  See Berne Convention Implementation Act of 1988,
13  Pub. L. 100-568, 102 Stat. 2853 (1988); 134 Cong. Rec. H10091-02 (Oct. 12, 1988); S.
14  Rep. No. 100-352, 42-43, 1988 U.S.C.C.A.N. 3706, 3740 (1988); Lloyd v. Schlag, 884
15  F.2d 409, 410 n.1 (9th Cir. 1989).  Consequently, recordation of a transfer no longer is a
16  prerequisite to bringing suit.  The Court therefore will deny eTreppid and Trepp's motion to
17  dismiss for failure to record the transfers prior to bringing suit.
18          **B. Registration**
19          eTreppid and Trepp contend registering a copyright is a prerequisite to suit but
20  only the copyrights for the original works have been registered.  They therefore move for
21  partial dismissal of the copyright claims to the extent Montgomery and the Trust allege
22  infringement of the Derivative Works because Montgomery and the Trust have not
23  registered the Derivative Works.  Montgomery and the Trust respond that eTreppid and
24  Trepp violated the Trust's right to prepare derivative works which is an exclusive right
25  deriving from the original copyrights.
26  ///

A party may not institute an action for infringement of a copyright in a United States work until the copyright is registered or preregistered.  17 U.S.C. § 411(a); Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1211 (9th Cir. 1998).  The evidence before the Court shows only the original copyrights are registered.  Montgomery and the Trust have presented no evidence they registered the Derivative Works before initiating this suit.

The United States Court of Appeals for the Ninth Circuit has not addressed whether a derivative work must be registered independently from the preexisting copyright from which it derives before the copyright holder may bring suit for infringing the derivative work.  The Court concludes that to sue for infringement of the novel aspects of the derivative work, the derivative work must be registered prior to suit.

The Copyright Act requires registration as a prerequisite to suit for infringement of the copyright in any "work."  17 U.S.C. § 411(a).  A derivative work is "a work based upon one or more preexisting works . . . ."  17 U.S.C. § 101.  The copyright in a derivative work:

> extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material.  The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material.

17 U.S.C. § 103(b).  A derivative work thus is a separate, independent "work" subject to copyright protection in its own right.  See Ashton-Tate Corp. v. Ross, 916 F.2d 516, 522 (9th Cir. 1990).  Because a derivative work is a type of "work" independent from the pre-existing work, it is subject to § 411(a)'s requirement that before bringing suit for infringement of the novel aspects of the derivative work, the derivative work must be registered.  See Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc., 264 F.3d 622, 630-32 (6th Cir. 2001); see also 17 U.S.C. § 409(9) (requiring registration application to include "in the case of a compilation or derivative work, an identification of any preexisting work

or works that it is based on or incorporates, and a brief, general statement of the additional material covered by the copyright claim being registered"). As a result, "registration of a claim on an original work does not create subject matter jurisdiction with respect to a suit for infringement of the original's unregistered derivative." Well-Made Toy Mfg. Corp v. Goffa Int'l Corp., 354 F.3d 112, 115 (2d Cir. 2003).

However, among the exclusive rights of a copyright owner is the right "to prepare derivative works based upon the copyrighted work." 17 U.S.C. § 106(2). Consequently, to the extent a claim of infringement is based on the exclusive right to prepare derivative works from the original work, registration of the original copyright satisfies the registration requirement. Such a claim is limited to infringement of the original copyrighted work, however, and not to the novel material which an unregistered derivative work adds to the original.

Here, Montgomery and the Trust have presented no evidence they registered the Derivative Works prior to bringing this infringement action. Consequently, the Court will dismiss their copyright claims to the extent those claims are based on infringement of the novel aspects of the Derivative Works. However, the First Amended Complaint alleges eTreppid and Trepp infringed the original copyrights and those copyrights were registered prior to Montgomery and the Trust filing suit. The Court will not dismiss Montgomery and the Trust's copyright claims to the extent they allege infringement of the exclusive copyright rights of the original copyrights, including the right to prepare derivative works.

**C.  Pleading With Specificity**

eTreppid and Trepp argue the Court should dismiss the copyright claims because Montgomery and the Trust fail to allege their claims with the requisite specificity. eTreppid and Trepp argue the First Amended Complaint must identify the protected materials allegedly infringed and state with specificity how they infringed the copyrights. Montgomery and the Trust respond that copyright law contains no such heightened

9

pleading standard and the First Amended Complaint complies with Federal Rule of Civil Procedure 8's requirements setting forth a short and plain statement of the claims.

eTreppid and Trepp do not identify any controlling authority which requires a heightened pleading standard for copyright claims. Instead, eTreppid and Trepp rely on dicta in Hartman v. Hallmark Cards, Inc., 639 F. Supp. 816 (W.D. Mo. 1986) to argue a plaintiff must plead copyright infringement with specificity. In Hartman, the district court suggested that to comply with Rule 8's pleading requirements, a complaint alleging copyright infringement must identify the specific original work that is the subject of the copyright claim and must identify with "some specificity" the particular infringing acts. 639 F. Supp. at 820 (declining to dismiss for failure to plead sufficiently and reviewing the evidence under a summary judgment standard); see also Sefton v. Jew, 201 F. Supp. 2d 730, 747 (W.D. Tex. 2001) (reviewing complaint under heightened standard to determine whether it alleged: "(1) which specific original works are the subject of the claim, (2) that the plaintiff owns the copyright, (3) that the works have been registered in compliance with the copyright laws, and (4) by what acts and during what time the defendant has infringed the copyright").

The United States Supreme Court has indicated its disapproval of judicially created heightened pleading standards. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513 (2002); see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993). Rather, Rule 8's notice pleading standard "applies to all civil actions, with limited exceptions." Swierkiewicz, 534 U.S. at 513. A heightened pleading requirement for copyright infringement claims "does not comport with the liberal pleading requirements found in the Federal Rules of Civil Procedure." Arista Records LLC v. Greubel, 453 F. Supp. 2d 961, 964-65 (N.D. Tex. 2006). A copyright plaintiff's complaint therefore must contain only a short and plain statement of the claim showing the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a).

To the extent eTreppid and Trepp contend the First Amended Complaint does not give them fair notice of Montgomery and the Trust's claims, the First Amended Complaint identifies the specific works at issue, alleges ownership and registration, and identifies the timing and nature of the allegedly infringing conduct. The First Amended Complaint alleges the Trust owns certain copyrights which are identified specifically by registration number. (First Am. Compl. at 2.) The First Amended Complaint alleges Montgomery thereafter developed Derivative Works from the original copyrighted material. (Id.) The First Amended Complaint further alleges that in 2003, eTreppid began sub-licensing the Derivative Works to various entities, including the United States government, without the Trust's permission and without paying royalties to the Trust. (Id. at 3.) No further specificity is required at this stage of the proceedings. The Court will deny eTreppid and Trepp's motion to dismiss for lack of specificity.

**D. The State Law Claims**[3]

eTreppid and Trepp move to dismiss Montgomery and the Trust's state law claims for breach of fiduciary duty, breach of contract, and fraud. eTreppid and Trepp argue these claims do not share a common nucleus of fact with the copyright claims and thus are not properly before the Court. eTreppid and Trepp also argue these claims fail on the merits. Montgomery and the Trust respond that all claims arise out of a common nucleus of fact and the First Amended Complaint states a claim for breach of fiduciary duty, breach of contract, and fraud.

1. Supplemental Jurisdiction Over the State Law Claims

A federal district may exercise supplemental jurisdiction over a state law claim that is "part of the same 'case or controversy' as the federal claim." Trustees of Constr.

---

[3] Because the Court will not dismiss Montgomery and the Trust's federal copyright claims, the Court will deny eTreppid and Trepp's motion to dismiss the supplemental state law claims under 28 U.S.C. § 1367(c) for lack of a cognizable federal claim.

11

Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003) (quotation omitted); 28 U.S.C. § 1367(a).  A state law claim is part of the same case or controversy as the federal claim if it "derive[s] from a common nucleus of operative fact" and a plaintiff ordinarily would be expected to bring the claims in one proceeding.  Trustees of Constr. Indus. & Laborers Health & Welfare Trust, 333 F.3d at 925 (quotations omitted).

Montgomery and the Trust's state law claims derive from a common nucleus of operative fact and one would expect them to bring these claims in one proceeding.  All claims arise out of the business relationship between Montgomery and eTreppid, the parties' contractual rights, and the disputed ownership and use of the source code.  The Court therefore will deny eTreppid and Trepp's motion to dismiss the breach of fiduciary duty, breach of contract, and fraud claims for lack of supplemental jurisdiction.

## 2.  Breach of Fiduciary Duty

eTreppid and Trepp move to dismiss the breach of fiduciary duty claim, arguing the claim alleges harms to the company, not to Montgomery or the Trust, and therefore only a derivative action by a shareholder is appropriate.  eTreppid and Trepp also argue Trepp owed no special duty to Montgomery.  Montgomery responds that as a majority shareholder, Trepp owed minority shareholders a fiduciary duty.

Nevada has not addressed whether a shareholder in a closely held corporation may bring a direct action, as opposed to a derivative action, for a majority shareholder's alleged wrongs to the corporation.  Further, Nevada has not addressed whether a majority shareholder in a closely held corporation owes fiduciary duties to the minority shareholders.  This Court previously has predicted Nevada would permit direct actions by minority shareholders in a closely held corporation if permitting a direct action will not "(I) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair

distribution of the recovery among all interested persons." Simon v. Mann, 373 F. Supp. 2d 1196, 1198-99 (D. Nev. 2005) (quotation omitted). Additionally, the Court predicted Nevada would permit a minority shareholder in a closely held corporation to bring an individual cause of action "when the wrong is both to the stockholder as an individual and to the corporation." Id. (quotation omitted); see also Phillips v. Parker, 794 P.2d 716, 718 (Nev. 1990) (referring to statutory and common law rights accompanying status as a minority shareholder in a closely held corporation).

Here, permitting Montgomery and the Trust to pursue a direct action as minority shareholders in a closely held corporation would not unfairly expose the corporation to a multiplicity of actions. The dispute between the parties is limited to the relative rights and duties of Montgomery and Trepp under the contribution agreement and any employment or independent contractor agreements. Nothing before the Court suggests that permitting the direct action to proceed would prejudice eTreppid's creditors or would interfere with a fair distribution of recovery among interested persons. Further, Montgomery and the Trust have alleged Trepp as majority shareholder violated his fiduciary duties to them as minority shareholders by, among other things, attempting to reduce Montgomery's shares relative to Trepp's holdings, devaluing Montgomery's holdings while increasing the value of Trepp's shares, and taking unequal distributions from the corporation. (First Am. Compl. at 6.) Because the Court concludes Nevada would permit a minority shareholder to bring a direct action alleging such conduct by a majority shareholder of a closely held corporation, the Court will deny eTreppid and Trepp's motion to dismiss the breach of fiduciary duty claim.

### 3. Breach of Contract

eTreppid and Trepp move to dismiss the breach of contract claim, arguing that because Montgomery and the Trust received the benefit of their bargain, they have no claim for breach of contract. The First Amended Complaint alleges the parties entered into a Contribution Agreement pursuant to which Montgomery and the Trust contributed certain

software technology to eTreppid in exchange for a fifty percent interest in the company. (First Am. Compl. at 7.)  The First Amended Complaint further alleges Trepp breached the contract by reducing Montgomery and the Trust's ownership interests in the company.  (Id.) Resolution of this claim will depend on the factual circumstances surrounding the alleged dilution of interests and therefore the claim is not subject to dismissal at this stage of the proceedings.  The Court will deny eTreppid and Trepp's motion to dismiss the breach of contract claim.

### 4.  Fraud

eTreppid and Trepp move to dismiss the fraud claim, contending the First Amended Complaint fails to plead fraud with particularity.  Montgomery and the Trust respond they sufficiently pled fraud, and, alternatively, they request leave to amend if the Court dismisses the claim.

Federal Rule of Civil Procedure 9(b) requires a Plaintiff alleging fraud to state with particularity in the complaint the circumstances constituting fraud.  Fed. R. Civ. P. 9(b).  To satisfy this burden, the complaint "'must set forth more than the neutral facts necessary to identify the transaction.'"  Yourish v. Cal. Amplifier, 191 F.3d 983, 993 (9th Cir. 1999) (footnote omitted) (quoting In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc)).  The Ninth Circuit has defined "neutral facts" to mean the "'time, place, and content of an alleged misrepresentation.'"  Id. at 993 n.10 (quoting GlenFed, 42 F.3d at 1547-48).  In addition to the neutral facts, a plaintiff also must explain what is false about a statement and why it is false.  Id. at 993.  "[M]ere conclusory allegations of fraud are insufficient."  Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989). The complaint sufficiently must describe the circumstances of the alleged fraud so that the defendant is able to respond adequately.  Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir. 2007).

///

According to the First Amended Complaint, Trepp made the alleged misrepresentations at the time the parties formed Intrepid Technologies and executed the Contribution Agreement. (First Am. Compl. at 6.) The First Amended Complaint identifies the content of the alleged misrepresentation to be Trepp's oral and written promise that Montgomery would be a fifty percent shareholder in the company and would share equally in the company's profits. (Id. at 6-7.) The First Amended Complaint states Trepp knew these representations to be false when he made them. (Id. at 7.) Finally, the First Amended Complaint explains the statements were false because Trepp made such promises knowing them to be false to induce Montgomery and the Trust to contribute the software technology to the company and then Trepp failed to share profits equally. (Id.) The First Amended Complaint sufficiently describes the circumstances of the alleged fraud such that eTreppid and Trepp are able to frame a responsive answer. The Court will deny the motion to dismiss the fraud claim for failure to plead with particularity.

## III. CONCLUSION

IT IS THEREFORE ORDERED that eTreppid Technologies, LLC and Warren Trepp's Motion to Dismiss First Amended Complaint and, in the Alternative, to Strike Each and Every Cause of Action (3:06-CV-00056-PMP-VPC, Doc. #76) is hereby GRANTED in part and DENIED in part. The motion is granted with respect to Dennis Montgomery and the Montgomery Family Trust's copyright claims in the First Amended Complaint only to the extent those claims are based on any allegations eTreppid and Trepp infringed the novel aspects of the Derivative Works. The motion is denied in all other respects.

DATED: July 30, 2007.

_____
PHILIP M. PRO
United States District Judge