**Michael J. Flynn, Mass. State Bar No.172780**
P.O. Box 690, 6125 El Tordo
Rancho Santa Fe, CA 92067
Tel:    (858) 775-7624;Fax:   (858) 759-0711
*Admitted Pro Hac Vice*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, and the MONTGOMERY FAMILY TRUST, | |
| Plaintiffs, | 3:06-CV-00056-PMP-VPC |
| v. | **BASE FILE** |
| ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE, | 3:06-CV-00145-PMP-VPC |
| Defendants. | |
| AND ALL RELATED MATTERS. | |

**NOTICE OF MICHAEL J. FLYNN THAT THE COURT
SHOULD PROCEED WITH THE HEARING ON HIS MOTION TO
WITHDRAW SCHEDULED FOR AUGUST 17, 2007.**

Michael J. Flynn has been terminated as counsel for the Montgomery parties as of August 1, 2007. Mr. Flynn's Motion to Withdraw is pending before the Court. The Montgomery parties do not oppose it and with their termination, the issue of his representation is moot. He no longer represents the Montgomery parties.

However, numerous collateral issues remain in connection with said Motion to Withdraw, all of which may concern the safeguarding of the integrity of the judicial process both in the pending civil cases, and in the pending widely publicized criminal investigation; and issues of national security are

yet to be defined and resolved. Moreover, there are overriding issues concerning the public's access to the judicial files.

Many relevant issues remain unresolved relating to the government's Response to the Motion to Withdraw in connection with its requested relief concerning its redaction of certain documents allegedly protected by the state secrets privilege; specifically as it applies to the requested relief in connection with Mr. Flynn's files. The *precise* meaning and scope of this Court's April 2, 2007 Order is yet to be decided within the context of the government's proposed protective order, which impacts both the procedure for redacting Mr. Flynn's files and the scope of the redactions of his files under the Negroponte declaration. As set forth in his Reply to the government, Mr. Flynn is in favor of maintaining the status quo with respect to his files, he is agreeable to cooperating with the government to safeguard national security *within the judicial process,* but he is opposed to the abstruce "certification" requests of the government and the imposition of the same on the court.

Additionally, Mr. Flynn has a "retaining lien" on said files; and he is *extremely concerned* about maintaining the integrity of said files both in connection with issues raised by the government's attempt to redact his files, and *other* issues relating to his Motion to Withdraw, and the reasons for his withdrawal aside from unpaid fees and costs. There are vital issues and facts that remain to be litigated. It would be a terrible miscarraige of justice in these matters for *any* issues to be swept under the rug of the state secrets privilege, or unnecessarily hidden behind protective orders. As an interested party in possession of the subject case files, it is my view that the Court should examine all such matters with an extremely narrow and restrictive application of the privileges and the proposed protective orders. Although I previously publicly made this request as counsel for the Montgomery parties, in connection with which I now have no such authority, I now make this request as an interested party and lien holder in possession of files over which I have a "retaining lien," and which may contain matters relevant to the cases and of public interest. There is no prejudice to the Montgomery parties because the files will remain in my possession subject to the lien.

As in most cases, but particularly in this matter, the *times* and *dates* relating to certain events, particularly as recorded in documents and electronic media, such as emails, may be critical to the disposition of the cases. This is a particularly unusual case; and events occurred and changed rapidly

depending on the circumstances. It is critical to maintain a *chronology* of the events as they occurred. In this matter, events occurring around March 25 - 28, 2007, and thereafter may be critical to defining and deciding many issues. (It may or may not be a coincidence that the government filed its emergency motion and requested an emergency hearing to redact documents in the search case file at that same time in March 25 -28, 2007 *??)* At that time, and thereafter, Mr. Flynn learned certain facts and particularly in May - June, 2007, which may be relevant to many issues in the cases, relevant to his Motion to Withdraw, and relevant to the application of the state secrets privilege. His case files contain relevant documents pertaining to this evolving discovery process. Oftentimes the troops in the trenches ado not know what the Generals in the field are doing, and the field Generals do not know what their superiors and the Commander in Chief are doing or what information is available up the chain of command. Given the secrecy surrounding many issues and facts in these cases *allegedly involving national security*, but intermixed with a complex set of circumstances involving the relevant parties involvement in past and on-going events, that problem may be particularly acute here.

   Thus, it may be necessary for the Court to issue orders in connection with maintaining Mr. Flynn's files *in Mr. Flynn's possession* over which he has a "retaining lien," specifically in consideration of the attorney client privilege, and in consideration of maintaining the integrity of the files, and in consideration of this Court's April 2, 2007 Order relating to the state secrets privilege. Given circumstances and information learned by Mr. Flynn in April, then May, then June, 2007, he is agreeable to some type of cooperation with the government regarding the surrender of redacted documents that are *legitimately* subject to the state secrets privilege as established in the Declaration of John Negroponte, subject to issues relating to the attorney client privilege, subject to his "retaining lien", subject to the Nevada Rules of Professional Conduct, and subject to maintaining the *integrity of the judicial process*.

   In sum, Mr. Flynn requests that the Court proceed with the hearing scheduled on August 17, 2007 so that these issues may be heard by the Court. Given the importance of these matters, Mr. Flynn will be in attendance unless the Court restricts the hearing to a telephonic appearance.

| | |
|---|---|
| 1 | Respectfully Submitted, |
| 3 | /S/_____ |