**Michael J. Flynn, Mass. State Bar No.172780**
P.O. Box 690, 6125 El Tordo
Rancho Santa Fe, CA 92067
Tel:    (858) 775-7624; Fax:   (858) 759-0711
*Admitted Pro Hac Vice*
**Carla A. DiMare, Mass. State Bar No. 553432**
LAW OFFICE OF CARLA DIMARE
P.O. Box 1668
Rancho Santa Fe, CA 92067
Tel:    (858)775-0707; Fax:   (858)756-2859
*Admitted Pro Hac Vice*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, and the MONTGOMERY FAMILY TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE, <br><br> Defendants. <br><br> AND ALL RELATED MATTERS. | 3:06-CV-00056-PMP-VPC <br> **BASE FILE** <br><br> 3:06-CV-00145-PMP-VPC <br><br> **SUPPLEMENTAL DECLARATION OF MICHAEL J. FLYNN IN SUPPORT OF EX PARTE MOTION TO WITHDRAW AS COUNSEL FOR MONTGOMERY.** |

**DECLARATION OF MICHAEL J. FLYNN**

I, Michael J. Flynn, declare:

1. I am an attorney licensed to practice in the state of Massachusetts. I have appeared pro hac vice as counsel for Dennis Montgomery, individually and as Trustee of the Montgomery Family Trust, Brenda Montgomery, as Trustee of the Montgomery Family Trust, and the Montgomery Family Trust, (hereinafter "Montgomery"), in the above captioned related cases, 3:06-cv-0056 and 3:06-cv-00145, and 3:06-cv-0263. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently to them. I file this declaration to give the Court a chronology of recent and past events in connection with the Motion to Withdraw.

2. In May - June, 2007, I decided that Dennis Montgomery "has engaged in conduct that has

made continued representation unreasonably difficult." In June, 2007, based on certain recently discovered facts, I decided that I had conflicting duties between the attorney client privilege and the Nevada Rules of Professional Conduct.

3. Throughout June 2007, I repeatedly reiterated my intention to withdraw based on conduct of Dennis Montgomery and non-payment of fees.

4. On June 26, 2007, I gave written notice of my intention to file a motion to withdraw after Montgomery made a specific statement.

5. On July 9, 2007, I filed the Motion to Withdraw.

6. On July 10, 2007, I faxed a signed substitution of attorney to Attorney Robert Shore of the Liner Firm without receiving any telephone call from Deborah Klar or Teri Pham, who yesterday, August 14, 2007, filed appearances in these cases.

7. On July 16, 2007, the Government filed a Response to the Motion to Withdraw requesting specific conditions to the withdrawal.

8. On July 17, 2007, I filed a Reply to the Government's response stipulating to certain conditions and objecting to another. I hereby withdraw that objection. Given certain conduct of new counsel for Montgomery as briefly recited below, I believe that judicial supervision will be required throughout all phases of withdrawal.

9. On July 26, 2007, Dennis Montgomery filed a Response to the Motion to Withdraw, with a declaration from his new counsel, Deborah Klar. The Response requests the transfer of my Montgomery file to Montgomery, a "gag order," and arguments asserted against the government's request to prevent delivery of parts of the file to Montgomery.

10. On July 30, 2007, I filed a Reply to Montgomery's Response together with a sealed declaration.

11. On July 31, 2007, I had a conference call with "new counsel" Teri Pham of the Liner Firm for the first time. She refused to acknowledge my "retaining lien" under Nevada law, refused to acknowledge the propriety of the government's position with regard to preventing any file transfer until the redaction issues were resolved, refused to acknowledge issues relating to Montgomery's credibility relating to the files, and refused

1     to acknowledge the moneys owed to me for past due fees and costs.

2  12.  On August 1, 2007, Montgomery terminated my representation.

3  13.  On August 3, 2007, Montgomery sued me in the Los Angeles Superior Court in a complaint prepared by Deborah Klar and Teri Pham on the false and fabricated grounds that I " held myself out as a California lawyer" to Montgomery. This is demonstrably false as proven in numerous documents and emails sent to Montgomery, not the least of which is every pleading sent to him with my Massachusetts Bar Number. The Pham/Klar complaint seeks injunctive relief and demands the return of his file, and a "gag order", the identical relief he is seeking here. In a letter attaching a copy of the aforesaid complaint, Ms. Pham also accused me of *defamation* of Montgomery to local counsel, and *extortion*. I am in the process of consulting Nevada ethics counsel in connection with these false allegations, and in connection with my duties under the aforesaid Rules. I believe that this Court is the proper forum to resolve these matters.

14. On August 8, 2007, following removal to the Los Angeles Federal Court, I filed a Motion to Dismiss or Transfer the California action to the Nevada Federal Court, a copy of which is attached hereto as Exhibit 1 (without Exhibits).

15. On August 15, 2007, I informally stipulated with the Government to make the return of at least those portions of Montgomery's file relating to the state secrets privilege subject to a "condition precedent" to withdrawal of my pro hac vice admission. However, it is my position that under no circumstances am I currently acting as counsel for Dennis Montgomery having been terminated by him on August 1, 2007.

I declare under penalty of perjury under the laws of the United States and the State of Nevada that the foregoing is true and correct. Signed this 15th day of August in Rancho Santa Fe, California..

/S/_____
Michael J. Flynn, Esq.

# CERTIFICATE OF SERVICE

I, Michael J. Flynn declare: I am an attorney admitted pro hac vice in the United States District Court of Reno in the related civil cases, U.S.D. Reno, No. 3:06-CV-00056 and 3:06-CV-000145. I am over the age of 18 years and not a party to this action.

I am familiar with the practice for the collection of mail, delivery of hand-deliveries, process of facsimile, and the practice of mailing.

On August 15, 2007, I caused the foregoing document (Supplemental Declaration with Exhibit 1, (without exhibits), and this Certificate of Service), to be faxed and/or emailed to the following persons and/or entities:

> Attorneys Stephen Peek & Jerry Snyder
> HALE LANE
> 5441 Kietzke Lane, 2nd Fl.
> Reno, NV 89511
> Fax: 775 786 6179
>
> Attorney Carlotta P. Wells,
> U.S. DEPT. OF JUSTICE
> P.O. Box 883
> Washington, D.C. 20044
>  (Via email)
>
>
> Ronald J. Logar, Esq.
> Eric Pulver, Esq.\
> LAW OFFICE OF LOGAR & PULVER, PC
> 225 S. Arlington Ave., Ste. A
> Reno, NV 89501
> Fax: 775 786 7544
>
> Greg Addington, Esq.
> Assistant United States Attorney
> 100 West Liberty Street
>  Reno, NV. 89501
>  Fax: 775 784 5181
>
>
> Teri Pham, Esq.
> 1100 Glendon Avenue, 14th Floor
>  Los Angeles, Ca. 90024,3501
>  Fax: 310 500 3501

  /S/  _____
Attorney Michael J. Flynn

3