1  Ronald S. Logar, Esq. (SBN: 00303)
   Eric A. Pulver, Esq. (SBN: 07874)
2  LAW OFFICE OF LOGAR & PULVER, PC
   225 S. Arlington Avenue, Suite A
3  Reno, Nevada 89501
   Telephone:  (775) 786-5040
4  Facsimile:  (775) 786-7544

5  Deborah A. Klar, Esq. (SBN: 124750)
   Tuneen E. Chisolm, Esq. (SBN: 211741)
6  Ryan M. Lapine, Esq. (SBN: 239316)
   SUNSHINE & REGENSTREIF LLP
7  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
8  Telephone:  (310) 500-3500
   Facsimile:  (310) 500-3501
9
   Attorneys for Defendants, Counterclaimants and Third Party
10 Plaintiffs Dennis Montgomery, Brenda Montgomery and The
   Montgomery Family Trust
11
                    UNITED STATES DISTRICT COURT
12
                     FOR THE DISTRICT OF NEVADA
13

| | |
|---|---|
| ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company,<br><br>            Plaintiff,<br>   vs.<br><br>DENNIS MONTGOMERY, THE MONTGOMERY FAMILY TRUST, DENNIS MONTGOMERY and BRENDA MONTGOMERY as Trustees of The MONTGOMERY FAMILY TRUST; and DOES 1 through 20,<br><br>            Defendants.<br>_____<br>DENNIS MONTGOMERY: MONTGOMERY FAMILY TRUST,<br><br>            Counterclaimants and Third-Party Plaintiffs,<br>   vs.<br><br>ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA; and DOES 1-10,<br><br>            Counterdefendants and Third-Party Defendants. | Case No. 3:06-CV-00056-PMP-VPC<br><br>**BASE FILE**<br>3:06-CV-00145-PMP-VPC<br><br>**ANSWER TO ETREPPID TECHNOLOGIES, L.L.C.'S SECOND AMENDED COMPLAINT** |

0039641/001/ 359728v01

Defendants Dennis Montgomery ("Montgomery"), The Montgomery Family Trust (the "Montgomery Trust"), Dennis Montgomery and Brenda Montgomery as Trustees of The Montgomery Family Trust (collectively Defendants), for themselves and no other, answer the Second Amended Complaint of Etreppid Technologies, LLC's ("Plaintiff" or "eTreppid") as follows:

1. Defendants deny the allegations in paragraph 1 of the Second Amended Complaint.

2. Defendants admit only that Montgomery was appointed as Chief Technology Officer of eTreppid, and otherwise deny the allegations in paragraph 2 of the Second Amended Complaint.

3. Defendants deny the allegations in paragraph 3 of the Second Amended Complaint.

4. Defendants admit only that the Montgomery Trust owns the rights to the intellectual property at issue in the Second Amended Complaint, otherwise Defendants deny the remaining allegations in paragraph 4 of the Second Amended Complaint.

5. Defendants admit only that the Second Amended Complaint purports to seek the relief described therein, but otherwise deny the allegations in paragraph 5 of the Second Amended Complaint.

6. Defendants admit the allegations in paragraph 6 of the Second Amended Complaint.

7. Defendants admit the allegations in paragraph 7 of the Second Amended Complaint.

8. Defendants admit only that Montgomery was appointed as Chief Technology Officer of eTreppid and was appointed to eTreppid's management committee, and otherwise deny the remaining allegations in paragraph 8 of the Second Amended Complaint.

9. Defendants deny the allegations in paragraph 9 of the Second Amended Complaint.

10. Defendants admit only that the contents of the referenced document speaks for itself, and otherwise deny the allegations in paragraph 10 of the Second Amended Complaint.

11. Defendants admit only that the contents of the referenced document speaks for itself, and otherwise deny the allegations in paragraph 11 of the Second Amended Complaint.

12. Defendants admit only that the contents of the referenced document speaks for itself, and otherwise deny the allegations in paragraph 12 of the Second Amended Complaint.

13. Defendants admit only that the contents of the referenced document speaks for itself, and otherwise deny the allegations in paragraph 13 of the Second Amended Complaint.

14. Defendants admit only that the contents of the referenced document speaks for itself, and otherwise deny the allegations in paragraph 14 of the Second Amended Complaint.

15. Defendants admit only that the contents of the referenced document speaks for itself, and otherwise deny the allegations in paragraph 15 of the Second Amended Complaint.

16. Defendants admit that the Montgomery Trust is a California trust as alleged in paragraph 16 of the Second Amended Complaint.

17. Defendants admit the allegations in paragraph 17 of the Second Amended Complaint.

18. Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 18 of the Second Amended Complaint and on that basis deny those allegations.

19. Defendants deny the allegations in paragraph 19 of the Second Amended Complaint.

20. Defendants deny the allegations in paragraph 20 of the Second Amended Complaint.

21. Defendants deny the allegations in paragraph 21 of the Second Amended Complaint.

22. Defendants deny the allegations in paragraph 22 of the Second Amended Complaint.

23. Defendants deny the allegations in paragraph 23 of the Second Amended Complaint.

24. Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 24 of the Second Amended Complaint and on that basis deny those allegations.

25. Defendants deny the allegations in paragraph 25 of the Second Amended Complaint.

26. Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 26 of the Second Amended Complaint and on that basis deny those allegations.

27. Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 27 of the Second Amended Complaint and on that basis deny those allegations.

28. Defendants deny the allegations in paragraph 28 of the Second Amended Complaint.

0039641/001/ 359728v01

29.     Defendants admit that at times, some of eTreppid's programmers stored software they were working on at their workstations, and otherwise defendants lack sufficient information to ascertain the truth of the allegations in paragraph 29 of the Second Amended Complaint and on that basis deny those allegations.

30.     Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 30 of the Second Amended Complaint and on that basis deny those allegations.

31.     Defendants lack sufficient information to ascertain the truth of the allegations concerning the content of "Mr. Bal's workstation" and on that basis deny those allegations. Defendants deny the remaining allegations in paragraph 31 of the Second Amended Complaint.

32.     Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 32 of the Second Amended Complaint and on that basis deny those allegations.

33.     Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 33 of the Second Amended Complaint and on that basis deny those allegations.

34.     Defendants deny the allegations in paragraph 34 of the Second Amended Complaint.

35.     Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 35 of the Second Amended Complaint concerning Mr. Venables' observations and on that basis deny those allegations. Defendants deny the remaining allegations in paragraph 35 of the Second Amended Complaint.

36.     Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 36 of the Second Amended Complaint and on that basis deny those allegations.

37.     Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 37 of the Second Amended Complaint concerning Mr. Kalluri's actions and on that basis deny those allegations. Defendants deny the remaining allegations in paragraph 37 of the Second Amended Complaint.

38.     Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 38 of the Second Amended Complaint and on that basis deny those allegations.

39.     Defendants deny the allegations in paragraph 39 of the Second Amended Complaint.

0039641/001/ 359728v01

40. Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 40 of the Second Amended Complaint and on that basis deny those allegations.

41. Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 41 of the Second Amended Complaint concerning Mr. Venables' actions and on that basis deny those allegations. Defendants deny the remaining allegations in paragraph 41 of the Second Amended Complaint.

42. Defendants deny the allegations in paragraph 42 of the Second Amended Complaint.

43. Defendants deny the allegations in paragraph 43 of the Second Amended Complaint.

44. Defendants admit only that, pursuant to an unconstitutional search warrant, agents of the Federal Bureau of Investigation conducted a search of Montgomery's residence and seized certain property including computer hard drives, which were subsequently returned to Montgomery upon a finding that the warrant was unconstitutional. Defendants lack sufficient information to ascertain the truth of the remaining allegations in paragraph 44 of the Second Amended Complaint and on that basis deny those allegations.

45. Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 45 of the Second Amended Complaint concerning Messrs. Trepps' and Venables' activities and on that basis deny those allegations. Defendants deny the remaining allegations in paragraph 45 of the Second Amended Complaint.

46. Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 46 of the Second Amended Complaint and on that basis deny those allegations.

47. Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 47 of the Second Amended Complaint and on that basis deny those allegations.

48. Defendants re-allege and incorporate each and every allegation set forth in paragraphs 1 through 47 above, as if fully set forth herein.

49. Defendants deny the allegations in paragraph 49 of the Second Amended Complaint.

50. Defendants deny the allegations in paragraph 50 of the Second Amended Complaint.

51. Defendants deny the allegations in paragraph 51 of the Second Amended Complaint.

52. Defendants deny the allegations in paragraph 52 of the Second Amended Complaint.

0039641/001/359728v01

|   |     |                                                                                         |
|---|-----|-----------------------------------------------------------------------------------------|
| 1 | 53. | Defendants deny the allegations in paragraph 53 of the Second Amended Complaint.        |
| 2 | 54. | Defendants deny the allegations in paragraph 54 of the Second Amended Complaint.        |
| 3 | 55. | Defendants deny the allegations in paragraph 55 of the Second Amended Complaint.        |

56. Defendants re-allege and incorporate each and every allegation set forth in paragraphs 1 through 55 above, as if fully set forth herein.

57. Defendants deny the allegations in paragraph 57 of the Second Amended Complaint.

58. Defendants deny the allegations in paragraph 58 of the Second Amended Complaint.

59. Defendants deny the allegations in paragraph 59 of the Second Amended Complaint.

60. Defendants re-allege and incorporate each and every allegation set forth in paragraphs 1 through 59 above, as if fully set forth herein.

61. Defendants deny the allegations in paragraph 61 of the Second Amended Complaint.

62. Defendants deny the allegations in paragraph 62 of the Second Amended Complaint.

63. Defendants re-allege and incorporate each and every allegation set forth in paragraphs 1 through 62 above, as if fully set forth herein.

64. The allegations in paragraph 64 of the Second Amended Complaint are conclusions of law as to which no admission or denial is required.

65. Defendants deny the allegations in paragraph 65 of the Second Amended Complaint.

66. Defendants deny the allegations in paragraph 66 of the Second Amended Complaint.

67. Defendants deny the allegations in paragraph 67 of the Second Amended Complaint.

68. Defendants deny the allegations in paragraph 68 of the Second Amended Complaint.

69. Defendants re-allege and incorporate each and every allegation set forth in paragraphs 1 through 68 above, as if fully set forth herein.

70. The allegations in paragraph 70 of the Second Amended Complaint are conclusions of law as to which no admission or denial is required.

71. The allegations in paragraph 71 of the Second Amended Complaint are conclusions of law as to which no admission or denial is required.

72. Defendants deny the allegations in paragraph 72 of the Second Amended Complaint.

73. Defendants deny the allegations in paragraph 73 of the Second Amended Complaint.

0039641/001/ 359728v01

74. Defendants deny the allegations in paragraph 74 of the Second Amended Complaint.

75. Defendants re-allege and incorporate each and every allegation set forth in paragraphs 1 through 74 above, as if fully set forth herein.

76. Defendants admit that an actual dispute exists between eTreppid, on the one hand, and Montgomery and the Montgomery Trust, on the other hand, regarding the ownership of the source code at issue.

77. Defendants deny the allegations in paragraph 77 of the Second Amended Complaint.

78. Defendants re-allege and incorporate each and every allegation set forth in paragraphs 1 through 77 above, as if fully set forth herein.

79. Defendants lack sufficient information to ascertain the truth of the allegations in paragraph 79 of the Second Amended Complaint and on that basis deny those allegations.

80. Defendants deny the allegations in paragraph 80 of the Second Amended Complaint.

81. Defendants deny the allegations in paragraph 81 of the Second Amended Complaint.

82. Defendants deny the allegations in paragraph 82 of the Second Amended Complaint.

83. Defendants deny the allegations in paragraph 83 of the Second Amended Complaint.

84. Defendants re-allege and incorporate each and every allegation set forth in paragraphs 1 through 83 above, as if fully set forth herein.

85. Defendants deny the allegations in paragraph 85 of the Second Amended Complaint.

86. Defendants deny the allegations in paragraph 86 of the Second Amended Complaint.

87. Defendants deny the allegations in paragraph 87 of the Second Amended Complaint.

88. Defendants admit only that, pursuant to an unconstitutional search warrant, agents of the Federal Bureau of Investigation conducted a search of Montgomery's residence and seized certain property including computer hard drives, which were subsequently returned to Montgomery upon a finding that the warrant was unconstitutional.

89. Defendants deny the allegations in paragraph 89 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

Without compromising the denials set forth herein, Defendants assert the following defenses to the Second Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. The Second Amended Complaint, and each cause of action pled therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Preemption)

2. The Second Amended Complaint, and each cause of action pled therein, is barred in whole or in part by the doctrine of copyright preemption.

### THIRD AFFIRMATIVE DEFENSE

(Fraud in the Inducement)

3. The Second Amended Complaint, and each cause of action pled therein, fails to the extent it relies upon the Contribution Agreement alleged, because Plaintiff fraudulently induced Defendants to enter into the Contribution Agreement by, *inter alia*, concealing its intent to breach its fiduciary duties, as majority shareholder, to Defendants and to otherwise deprive Defendants of the benefits intended under the Contribution Agreement.

### FOURTH AFFIRMATIVE DEFENSE

(Excuse)

4. To the extent it relies upon the contracts alleged, the Second Amended Complaint, and each cause of action pled therein, is barred in whole or in part by the doctrine of excuse.

### FIFTH AFFIRMATIVE DEFENSE

(Failure of Consideration)

5. To the extent it relies upon the contracts alleged, the Second Amended Complaint, and each cause of action pled therein, is barred in whole or in part by failure of consideration.

### SIXTH AFFIRMATIVE DEFENSE

(Equitable Estoppel)

6. The Second Amended Complaint, and each cause of action pled therein, is barred in whole or in part by the doctrine of equitable estoppel.

0039641/001/359728v01

## SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

7. The Second Amended Complaint, and each cause of action pled therein, is barred in whole or in part by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

8. The Second Amended Complaint, and each cause of action pled therein, is barred in whole or in part by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

(Set-Off)

9. To the extent Defendants, or any of them, may be found liable, Plaintiff's recovery on the Second Amended Complaint, and each cause of action pled therein, is barred in whole or in part by any and all set-off to which Defendants are entitled according to proof.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

10. To the extent Defendants, or any of them, may be found liable, Plaintiff's recovery on the Second Amended Complaint, and each cause of action pled therein, is barred in whole or in part by Plaintiff's failure to mitigate.

## ELEVENTH AFFIRMATIVE DEFENSE

(Fair Use)

11. To the extent Defendants, or any of them, may be found liable, Plaintiff's recovery on the Second Amended Complaint, and each cause of action pled therein, is barred in whole or in part by the doctrine of fair use.

0039641/001/ 359728v01

WHEREFORE Defendants pray that Plaintiff take nothing by its Second Amended Complaint and the Court award to Defendants all costs of suit incurred and all other relief as the Court may deem proper.

Dated: August 17, 2007

Respectfully submitted,

LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP

By: _____
Teri T. Pham
Attorneys for Defendants,
Counterclaimants and Third Party
Plaintiffs Dennis Montgomery, Brenda
Montgomery, and The Montgomery
Family Trust

0039641/001/ 359728v01

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICE OF LOGAR & PULVER, PC, and that on the 20th day of August 2007, I

✓     deposited for mailing in the U.S. Mail, with sufficient postage affixed thereto

☐     sent via Federal Express or other overnight delivery service

☐     delivered via facsimile machine to fax number:

☐     personally delivered

☐     caused to be delivered via Reno-Carson Messenger Service

the foregoing document addressed to:

> Jerry M. Snyder, Esq.
> Hale Lane Peek Dennison and Howard
> 5441 Kietzke Lane, Second Floor
> Reno, NV 89511

and

> Carlotta P. Wells, Esq.
> U.S. Department of Justice
> P.O. Box 883
> Washington, DC 20044

                                                     /s/
                                              ZACHARY DRAPER
                                              for the Law Office of Logar & Pulver, PC