1  **Michael J. Flynn, Mass. State Bar No.172780**
P.O. Box 690, 6125 El Tordo
2  Rancho Santa Fe, CA 92067
Tel:   (858) 775-7624;Fax:  (858) 759-0711
3  *Admitted Pro Hac Vice*

4

5                     **UNITED STATES DISTRICT COURT**

6                          **DISTRICT OF NEVADA**

7

8  DENNIS MONTGOMERY, and the           )
MONTGOMERY FAMILY TRUST,              )          3:06-CV-00056-PMP-VPC
                                      )          **BASE FILE**
9          Plaintiffs,                )
                                      )          3:06-CV-00145-PMP-VPC
10  v.                                )
                                      )
11  ETREPPID TECHNOLOGIES, LLC,        )   **DECLARATION OF MICHAEL FLYNN**
WARREN TREPP, and the UNITED          )   **IN SUPPORT OF HIS MOTION FOR**
12  STATES DEPARTMENT OF DEFENSE,      )   **PAYMENT OF FEES AND COSTS**
                                      )
13          Defendants.               )
   _____ )
14                                     )
AND ALL RELATED MATTERS.              )
15  _____ )

16

17          I, Michael J. Flynn, declare:

18  1.    I am an attorney licensed to practice in the state of Massachusetts. I have appeared pro hac

19        vice as counsel for Dennis Montgomery, individually and as Trustee of the Montgomery

20        Family Trust, Brenda Montgomery, as Trustee of the Montgomery Family Trust, and the

21        Montgomery Family Trust, (hereinafter "Montgomery"),  in the above captioned related

22        cases, 3:06-cv-0056 and 3:06-cv-00145, and 3:06-cv-0263.  I have personal knowledge of

23        the facts stated herein, and if called as a witness, I could and would testify competently to

24        them. I file this declaration in support of my Motion for Payment of Fees and Costs.

25  2.    Except for the filing of a suit against me by the Montgomerys in Los Angeles Superior

26        Court, filed by the attorneys on the payroll of Edra Blixseth, I would not be making this

27        Declaration with the points and facts I am raising. But I must defend myself in that action.

28        As recited herein, I believe that the underlying issues in that case are the same as those here

          in connection with this Motion.

1  3.      On August 1, 2007,  Dennis Montgomery, individually and as Trustee of the Montgomery

2           Family Trust,  Brenda Montgomery, individually and as Trustee of the Montgomery Family

3           Trust and  the Trust, (the "Montgomery parties"), terminated me as their lawyer in

4           connection with all matters, including those pending before this Court.

5  4.      Begining in May and throughout  June 2007, I repeatedly reiterated my intention to

6           withdraw based on conduct of Dennis Montgomery and for non-payment of fees.

7  5.      The fees and costs  reflected in my last invoice as of July 10, 2007 are in the amount of

8           $608,959.00. plus interest, fees and costs since said date.

9  6.      On June 26, 2007, I gave written notice of my intention to file a motion to withdraw after

10          Montgomery made a specific statement.

11  7.      On July 9, 2007,  I filed the Motion to Withdraw.

12  8.      On July 10, 2007, I faxed a signed substitution of attorney to Attorney Robert Shore of the

13          Liner Firm.

14  9.      On July 16, 2007, the Government filed a Response to the Motion to Withdraw requesting

15          specific conditions to the withdrawal.

16  10.     On July 17, 2007, I filed a Reply to the Government's response stipulating to certain

17          conditions and objecting to another. That objection has been withdraw.  Given certain

18          conduct of new counsel for Montgomery as briefly recited below,  I believe that judicial

19          supervision will be required throughout all phases of withdrawal. I have stipulated to the

20          government's conditions for withdrawal.

21  11.     On July 26, 2007, Dennis Montgomery filed a Response to the Motion to Withdraw, with a

22          declaration from his new counsel, Deborah Klar. The Response requests the transfer of my

23          Montgomery file to Montgomery, a "gag order," and arguments asserted against the

24          government's request to prevent delivery of parts of the file to Montgomery.

25  12.     On July 30, 2007,  I filed a Reply to Montgomery's Response together with a sealed

26          declaration.

27  13.     On August 3, 2007, within two days after my termination, Montgomery sued me in the Los

28          Angeles Superior Court in a complaint prepared by Deborah Klar and Teri Pham on the

false and fabricated grounds that I " held myself out as a California lawyer" to Montgomery. Ms. Klar and Pham also represent Edra Blixseth in a multi billion dollar divorce proceeding. Their allegation  is demonstrably false as proven in numerous documents and emails sent to Montgomery, not the least of which is every pleading sent to him with my Massachusetts Bar Number, together with emails, letters and documents stating "Admitted Only In Massachusetts."  The Pham/Klar complaint seeks injunctive relief and demands the return of my file, and a "gag order", the identical relief Montgomery is seeking here. In a letter attaching a copy of the aforesaid complaint, Ms. Pham also accused me of *defamation* of Montgomery to local counsel, and *extortion*.  I believe that this Court is the proper forum to resolve these matters.

14.   On August 8, 2007, following removal to the Los Angeles Federal Court, I filed a Motion to Dismiss or Transfer  the California action to the Nevada Federal Court. That Motion is being withdrawn and replaced with an AMENDED Motion to Dismiss based on statements made by Montgomery's counsel Deborah Klar in a hearing before this Court on August 17, 2007.

15.   The underlying issues in my Motion for Payment of Unpaid Fees and Costs and the underlying issues in the California action are the same as recited in my Motion. This results from the fact that the *reasons* for my withdrawal as counsel for the Montgomery parties directly impact both the injunctive relief sought in the California action, *and* the failure to pay the fees and costs due in this Motion. An adjudication on the merits in either matter will bar relief in the other. The generic issues, without reference to any facts and/or attorney client confidential communications, relating to the *reasons* for my withdrawal are recited at pages 5-7 of my Motion. I feel it is important for the Court to have at least a very general concept, at this stage of the proceedings, of the reasons for my withdrawal, without intruding into client confidences, because Montgomery has sued me in California and I must defend myself there.  Also, I  understand that the *only* reason Montgomery and Blixseth are  not paying said fees is not related to the fees or costs charged.  A rapid resolution of this Motion by this Court should resolve the California litigation, resolve the

2

1   file transfer issues, and allow the underlying cases to proceed without these collateral

2   burdens.

3   16.   Between early February, 2006 and May, 2007, Dennis Montgomery convinced me of the

4   merits of his cause, the merits of his technology, and the merits of virtually every material

5   issue in this case.  The reason my bills became over six months in arrears is because I

6   believed and relied upon the merits of my client's positions, and other representations made

7   to me. Because I withdrew,  the bill has not been paid.

8   17.   Dennis Montgomery, Edra Blixseth, and Opsprings, LLC  made numerous written and oral

9   promises to pay me for all of my services rendered and my costs, right up through May,

10   2007.  Montgomery, Blixseth, and Opsring, through Michael Sandoval, repeatedly

11   instructed me to pursue every available legal remedy to defend the Montgomery parties, do

12   everything necessary to defend the ownership and legitimacy of the technology, and to

13   pursue every avenue to prosecute the Montgomerys' claims. Prior to June, 2007, they never

14   challenged, objected to, opposed or questioned any of the invoices sent to them. In fact,

15   they repeatedly praised my work and agreed to pay all invoices sent.

16   18.   Only when issues  arose in May, 2007, did questions begin about the fees and costs, and

17   then only in connection with Montgomery's alleged inability to pay them, and in

18   connection with conflicts with Ms. Blixseth. But Montgomery's inability to pay them is not

19   true. In the event Montgomery asserts that as a reason for non-payment in response to this

20   Motion, I will reply. While Montgomery received these moneys, my bills fell further in

21   arrears until they were over six months behind. Evidence on this issue might be critical to

22   the Court's understanding of why I have  no written "engagement letter" with Montgomery.

23   His new counsel raised this issue on August 17, 2007, in the telephonic hearing with the

24   Court, I will not respond to this issue, notwithstanding Ms. Klar's provocation, until after

25   Montgomery responds to the Motion for payment of fees. These issues permeate my entire

26   relationship with Montgomery, and my withdrawal.

27   19.   I will not attach my invoices to this Motion in order to avoid prejudice to Montgomery. In

28   the event the fees and costs are not paid, and the Motion is opposed,  I will provide them to

3

1     the Court. Compliance with LR 54-16, "Motions For Attorney's Fees" does not appear to

2     be applicable to this Motion for the following reasons:  the circumstances of my withdrawal

3     as counsel and Motion for fees do not fall within  Fed. R.Civ. P. 54(d)(2)(B);

4     Montgomery's attempt to divert this Court's jurisdiction and venue over this matter to

5     California makes these issues now ripe for adjudication here; it would be prejudicial and an

6     unnecessary burden on the judicial system and the parties to require a separate action in a

7     separate court before a separate judge to resolve these issues. The "timing" of this Motion

8     cannot await final judgment in this matter because of the pending California action, judicial

9     efficiency, and my rights and duties under the Nevada Rules of Professional Conduct, and

10     my right to bring a separate action.

11   20.   I will follow the guidelines of said Local Rule 54-16 in supporting this Motion. I therefore

12        make the following statements:

13        (a)  The invoices contain a "reasonable itemization and description of the work performed."

14        (b)  The costs are itemized and not otherwise taxable pursuant to the local rules.

15        (c)  The results obtained are known to the Court. Montgomery prevailed in the search and

16        seizure matter. Montgomery has prevailed in multiple motions before the Court.

17        Montgomery's rights have been consistently and diligently protected in all matters  before

18        the Court. This case has required virtually full time and constant attention by myself and

19        Ms. DiMare and at times other attorneys whose time sheets are contained on the bills. My

20        representation and that of co-counsel lasted  for over a period of 18 months.

21        (d)  The time and labor involved are set forth in the invoices to be provided to the Court.

22        (e)  These cases presented numerous complex, difficult and novel questions before the

23        Court involving search and seizure based on a complaint by one of two competing

24        business owners, hearings with regard to the same, state secrets privilege matters,

25        sophisticated intellectual property  issues relating to software technology, business and

26        partnership law, copyright and federal jurisdictional issues, grand jury proceedings,

27        three different cases, conflicting ethical issues, national security issues, alleged  political

28        corruption at least partially exposed in connection with the admitted "cruise," and

4

1    comprehensive motions, briefings and memos on numerous matters.

2    (f) I am a lawyer with 37 years experience in complex litigation matters who has litigated

3    cases in many parts of the United States. The skill required in these cases demanded

4    virtually my full time and attention as well as the use of the skills and experience acquired

5    throughout my career.

6    (g)  I forsook other opportunities to represent the Montgomerys, as did attorney DiMare.

7    (h) The customary fee charged in these matters for a lawyer of my skill and experience is

8    between $600 and $800 per hour for me; and $400 to $600 for my colleagues including Ms.

9    DiMare. I charged a discounted rate of $400 per hour and Ms. DiMare charged a discounted

10    rate of $300.00.

11    (i) The fee was hourly and agreed upon with oral and written promises to pay.

12    (j)  There were numerous court required time limitations and constraints in which my

13    schedule was devoted to meeting said time requirements.

14    (k)  I am a lawyer with 37 years experience in litigating successfully numerous high profile

15    cases. I have enjoyed a reputation as a skilled, experienced, successful lawyer of integrity

16    and honesty. I consider my trial and cross examination skills equal to that of any lawyer in

17    the United States.

18    (l)  The case became extremely visible in the media, my client's media involvement  was

19    initially directed by Edra Blixseth, and difficult issues arose requiring large amounts of

20    attorney time.

21    (m) The professional relationship with the client spanned a period over 18 months.

22    (n) I have achieved numerous successful results in other high profile matters.

23    21.    I will provide a substantially more detailed statement relative to the points recited in the

24    foregoing paragraph after Montgomery has responded to this Motion in order to avoid

25    prejudice to Montgomery.

26

27    Signed under the pains and penalties of perjury under the laws of the State of Nevada and of the

28    United States this 21st, day of August, 2007 in Rancho Santa Fe, California..

5

1

2                                              /S/_____

3                                                Michael J. Flynn

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28