PETER D. KEISLER
Assistant Attorney General
STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
GREG ADDINGTON
Assistant United States Attorney
Nevada Bar 6875
100 West Liberty, Suite 600
Reno, Nevada 89501
VINCENT M. GARVEY
Deputy Branch Director
CARLOTTA P. WELLS
Senior Trial Counsel
Federal Programs Branch
Civil Division - Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW/P.O. Box 883
Washington, D.C.  20044
Telephone: (202)514-4522
Facsimile:  (202) 616-8470

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY, et al., | |
| Plaintiffs, | 3:06-CV-00056-PMP-VPC |
| v. | **BASE FILE** |
| ETREPPID TECHNOLOGIES, INC., et al., | 3:06-CV-00145-PMP-VPC |
| Defendants. | |

**UNITED STATES   PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26, in order to protect the classification, confidentiality and the rights to information and documents developed and disclosed in connection with this litigation, and to facilitate discovery by and among the parties to this action and from third parties, the United States hereby proposes entry of the following protective order.

IT IS HEREBY ORDERED as follows:

1. Certain information that may or may not be relevant to the claims and/or defenses of eTreppid Technologies, LLC and its current or former officers or employees (hereinafter collectively referred to as "eTreppid"), Warren Trepp, Dennis Montgomery, the Montgomery Family Trust and/or Dennis Montgomery and Brenda Montgomery as trustees of the Montgomery Family Trust (hereinafter collectively referred to as "the Parties"), as delineated in paragraphs 2 and 3 below, is subject to the state secrets privilege, the disclosure of which reasonably could be expected to cause serious, and in some cases exceptionally grave, damage to the national security of the United States. Such information shall not be subject to discovery or disclosure by any of the Parties during all proceedings in these actions, and shall be excluded from evidence at trial.

2. The Parties shall not serve or take any discovery relating to or questioning the existence or non-existence of any actual or proposed relationship, agreement, connection, contract, transaction, communication or meeting of any kind between any entity in the intelligence community as defined by the National Security Act of 1947, 50 U.S.C. § 401(a)(4), which includes intelligence elements of the military services, or any current or former official, employee or representative thereof (hereinafter collectively referred to as "intelligence agency") and the Parties.

3. The Parties shall not serve or take any discovery relating to or questioning any actual or proposed intelligence agency interest in, application of or use of any technology, software or source code owned or claimed by the Parties.

4. This Order does not preclude the Parties from serving or taking any discovery from other Parties or third parties relating to, or questioning, the following:

  a. The existence and nature of the "Big Safari" contract (hereinafter referred to as "the Big Safari Contract") between eTreppid and the Unites States Air Force, including but not limited to the fact that the Big Safari Contract required eTreppid to perform data analysis and the fact that the data analysis eTreppid performed under the Big Safari Contract involved image identification technology;

  b. The fact that the Big Safari Contract required employees and/or officers of eTreppid to sign secrecy agreements with the Department of Defense;

  c. The computer source code, software, programs, or technical specifications relating to any technology owned or claimed by any of the Parties ("the Technology");

  d. Any contract, relationship, agreement, connection, transaction, communication or meeting of any kind relating to the Technology, unless covered by paragraphs 2 or 3 above;

  e. Any actual or potential commercial or government applications of the Technology, unless covered by paragraphs 2 or 3 above;

  f. Facts relating to the issue of ownership by the Parties of any right or interest in the Technology, unless covered by paragraphs 2 or 3 above;

  g. The revenue, income, expenses, profits and losses of the Parties, unless disclosure of such information would be covered by paragraphs 2 or 3 above; and

  h. Any consideration received by any of the Parties relating to the Technology, unless covered by paragraphs 2 or 3 above.

  5. The Parties shall not discuss, mention, question or introduce as evidence, either at trial, in any pleading or motion, or in any case-related correspondence, any actual or proposed relationship, agreement, connection, contract, transaction, communication or meeting of any kind between any intelligence agency and any of the Parties.

6. The Parties shall not discuss, mention, question or introduce as evidence, either at trial, in any pleading or motion, or in any case-related correspondence, any actual or proposed intelligence agency interest in, application of or use of the Technology.

7. No question and no document request in discovery or at trial shall require a response that would include any information covered by paragraphs 2, 3, 5 or 6 above, but if the responding party believes that a full and complete response could disclose information within the scope of the state secrets privilege, the responding party shall provide timely notice of such belief and the full and complete response to the United States prior to responding, and shall respond only with information that the United States has determined is not subject to the state secrets privilege.

8. The military and state secrets privilege, the claim that any discovery is covered by paragraphs 2 or 3 above, and the claim that any evidence is covered by paragraphs 2 or 3 above, can only be invoked by the United States. These claims cannot be asserted by a private individual or entity.

9. All Parties shall serve the attorneys for the United States with (a) a copy of all notices of depositions, (b) a copy of all requests for discovery and responses thereto, and (c) a copy of all pleadings and motions filed together with supporting memoranda (hereinafter collectively referred to as the "documents"), unless such documents request or relate to information covered by paragraphs 2 or 3 above. If the documents request or relate to information covered by paragraphs 2 or 3 above, the Parties shall submit the documents to the United States for privilege review prior to service or filing. All documents filed or sought to be used as evidence by the Parties in this case shall be unclassified. This requirement applies to all motions, pleadings, briefs, and any other document, including exhibits, correspondence, or anything appended thereto or filed therewith. If the United States determines that a document or discovery response includes

-4-

information covered by paragraphs 2 or 3 above, the United States shall redact the information and provide the parties and Court with a redacted copy of the document or discovery response.

10. The Clerk of the Court shall send attorneys for the United States a copy of all future decisions and notices for hearings in these cases.

11. As the United States deems necessary, attorneys for the United States may attend all depositions and proceedings in this case and may make objections as necessary to protect national security information. If attorneys for the United States assert an objection based on the need to protect national security information with respect to either witness testimony or documents introduced or otherwise relied upon during a deposition, then the witness shall be precluded from testifying with respect to the line of inquiry that engendered the objection, and the document shall be withdrawn from the record pending an order of the Court with respect to the scope of the government's national security objection.

12. To protect the United States' interests, attorneys for the United States may participate in any proceeding in these cases, including but not limited to motions hearings, all pre-trial proceedings, or trial by making and opposing motions, submitting briefs, and participating in arguments.

13. The United States shall be excepted from all party discovery during the pendency of its motions to dismiss the claims against the Department of Defense.

It is so ordered.

Dated: _____August 29, 2007_____

_____
PHILIP M. PRO
United States District Judge