UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST<br><br>    Plaintiffs,<br><br>  vs.<br><br>ETREPPID TECHNOLOGIES, LLC; WARREN TREPP; and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>    Defendants.<br><br>AND ALL RELATED MATTERS. | 3:06-CV-00056-PMP-VPC<br>**BASE FILE**<br><br>3:06-CV-00145-PMP-VPC<br><br>**ORDER** |

      Michael J. Flynn, Esq., and Carla DiMare, Esq., have served as lead counsel for Plaintiffs Dennis Montgomery and the Montgomery Family Trust since the these consolidated proceedings commenced.  They now seek to withdraw as counsel for Plaintiffs pursuant to a motion filed July 9, 2007, (Doc. #204, #205, and #206).

      Defendant United States does not oppose Flynn and DiMare's motion to withdraw as counsel, but because the Court has upheld the United States' assertions of the military and state secrets privilege with respect to a variety of pleadings, motions, declarations and other materials filed herein, Defendant United States seek to condition counsel's withdrawal on the following four conditions:

> 1) all counsel (i.e., Michael J. Flynn, Carla DiMare, Ronald J. Logar, and Eric A. Pulver) have complied with their obligations to protect information subject to the military and the state secrets privilege as upheld by the Court in the instant actions;

///

1  2) all counsel certify that they have not transmitted any
information covered by the military and state secrets
2  privilege to new counsel for Dennis Montgomery or to
any other person;
3
3) all counsel have either produced to the United States
4  or, after consultation with United States Department of
Justice Security and Emergency Planning Staff (SEPS),
5  certified that they have properly destroyed all information,
either in hard copy or electronic format, in their possession
6  that is protected by the military and state secrets privilege; and

7  4) the United States either has confirmed that all counsel for
Montgomery have produced such documents to the United
8  States or determined that counsel for Montgomery's
certification that information protected by the military and
9  state secrets privilege in any documents in either hard or
electronic format in counsel for Montgomery's possession
10  has been destroyed is sufficiently detailed.(Doc. #259)

11         Plaintiffs Dennis Montgomery and the Montgomery Family Trust, through local

12 counsel Ronald Logar, Esq., and Eric Pulver, Esq., who also have represented Plaintiffs in

13 conjunction with Flynn and DiMare throughout most of this litigation, state in their Reply

14 (Doc. #213) that they do not oppose Flynn and DiMare's motion to withdraw.  Indeed,

15 Plaintiffs state that they have retained new lead counsel of record, to wit: the law firm of

16 Liner Yankelevitz Sunshine & Regenstreif, LLP who are prepared to substitute into this

17 case on Plaintiffs' behalf so long as the Flynn and DiMare turn over Plaintiffs' complete

18 client file.

19         Flynn and DiMare reply that the four conditions Defendant United States

20 proposes are more properly directed to new counsel of record for the Montgomery

21 Plaintiffs.  Nonetheless, to the extent the conditions Defendant United States proposes are

22 directed at them, Flynn and DiMare state that they will comply with their obligations to

23 protect information subject to the military state secrets privilege as upheld by this Court in

24 its  April 2, 2007 Order (Doc. #147), and any subsequent Orders this Court may enter

25 pertaining to the United States' claim of and military state secrets privilege.  Flynn and

26 DiMare further state with respect to proposed condition number two, that they have not to

date knowingly turned over to any other person any documents in violation of this Court's April 2, 2007 Order. Preconditions three and four, however, draw the objection of Flynn and DiMare as improper and unenforceable.

Specifically, Flynn and DiMare state that they cannot agree to provide to the Defendant United States Department of Justice Security in Emergency Planning Staff any of Plaintiffs' client files absent an Order of this Court. Flynn and DiMare insist that the attorney-client privilege permeates Plaintiffs' client files and to surrender them to Defendant United States for review would violate their attorney client obligations to the Montgomery Plaintiffs (Doc. #210).

Flynn and DiMare object to the argument advanced on Plaintiffs' behalf by local counsel Logar and Pulver (Doc. #213), that new lead counsel of record cannot substitute into the case until they obtain Plaintiffs' entire file from Flynn and DiMare. Flynn and DiMare argue that because they have not yet been "terminated" as counsel for the Montgomery Plaintiffs and the law firm of Liner Yankelevitz Sunshine & Regenstreif, LLP has not yet entered an appearance on behalf of the Montgomery Plaintiffs, they are not obligated to turn any files over to new counsel for the Montgomery Plaintiffs.[1] Additionally, Flynn and DiMare argue that Nevada Rule of Professional Conduct 1.16(d) affords them a "retaining lien" over the Montgomery Plaintiffs' client files and that until the Montgomery Plaintiffs pay any outstanding fees and costs due Flynn and DiMare, withdrawing counsel are not obligated to surrender the client files to new counsel (Doc. #214, #215 and #216).

///

///

///

---

[1] On August 1, 2007, the Montgomery Plaintiffs, through local counsel Logar and Pulver, filed a Notice of Termination of Flynn and DiMare as counsel for Plaintiffs (Doc. #227). Additionally, the law firm of Liner Yankelevitz Sunshine & Regenstreif LLP recently has entered an appearance on behalf of the Montgomery Plaintiffs.

1  On August 17, 2007, the Court conducted a hearing regarding the Flynn and DiMare motion to withdraw as counsel for the Montgomery Plaintiffs (Doc. #204 #205, and #206).  Having considering counsel's arguments as well as all supplemental filings made by the parties since the hearing conducted August 17, 2007, the Court finds that Flynn and DiMare's motion of to withdraw (Doc. #204, #205 and #206) should be granted subject to conditions one and two set forth in Defendant United States' Response (Doc. #209) filed July 16, 2007.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that proposed conditions three and four by Defendant United States as conditions to the withdrawal of Flynn and DiMare as counsel for the Montgomery Plaintiffs are rejected.

IT IS FURTHER ORDERED that to the extent the Montgomery Plaintiffs seek to condition the withdrawal of Flynn and DiMare on Flynn and DiMare surrendering their complete "client file" to new counsel of record for Plaintiffs (Doc. #213), said precondition is rejected by the Court.  In this regard, the record before the Court does not support a finding that Flynn and DiMare have withdrawn "voluntary" as counsel for Montgomery Plaintiffs, <u>In the Matter of Kaufman</u> 93 Nev. 452, 567 P.2d 957 (1977), nor does it appear on the record before the Court that Flynn and DiMare should be compelled to surrender their files to new counsel of record.  <u>Figliuzzi v. Fed. Dist Court</u>. 111 Nev. 338, 890 P.2d 798 (1995).

DATED:  September 4, 2007.

_____
PHILIP M. PRO
United States District Judge