1  Ronald S. Logar, Esq. (SBN: 00303)
   Eric A. Pulver, Esq. (SBN: 07874)
2  LAW OFFICE OF LOGAR & PULVER, PC
   225 South Arlington Avenue, Suite A
3  Reno, Nevada 89501
   Telephone: (775) 786-5040
4  Facsimile: (775) 786-7544

5  Deborah A. Klar, Esq. (California State Bar No. 124750)
   Teri T. Pham, Esq. (California State Bar No. 193383)
6  Ryan M. Lapine, Esq. (California State Bar No. 239316)
   LINER YANKELEVITZ
7  SUNSHINE & REGENSTREIF LLP
   1100 Glendon Avenue, 14th Floor
8  Los Angeles, California 90024-3503
   Telephone: (310) 500-3500
9  Facsimile: (310) 500-3501

10 Admitted *Pro Hac Vice*
   Attorneys for Dennis Montgomery, Brenda Montgomery and
11 the Montgomery Family Trust

12              **UNITED STATES DISTRICT COURT**

13        **FOR THE DISTRICT OF NEVADA - RENO COURTHOUSE**

14  DENNIS MONTGOMERY, an individual; and   )   **Case No. 3:06-CV-00056-PMP-VPC**
    MONTGOMERY FAMILY TRUST, a California )
15  Trust,                                  )   **NOTICE OF MOTION AND MOTION**
                                            )   **BY DENNIS MONTGOMERY, BRENDA**
16              Plaintiffs,                 )   **MONTGOMERY AND THE**
                                            )   **MONTGOMERY FAMILY TRUST TO**
17      vs.                                 )   **CONSOLIDATE USDC, DISTRICT OF**
                                            )   **NEVADA, CASES 06-CV00056-PMP-**
18  eTREPPID TECHNOLOGIES, LLC, a Nevada )      **VPC AND 06-CV00145-PMP-VPC AND**
    Limited Liability Company; WARREN TREPP, )  **07-CV00250-ECR-VPC**
19  an individual; DEPARTMENT OF DEFENSE of )
    the UNITED STATES OF AMERICA; and       )   [Request for Judicial Notice filed
20  DOES 1 through 10,                       )   concurrently]
                                            )
21              Defendants.                 )
    _____)
                                            )
22                                          )
    ETREPPID TECHNOLOGIES, L.L.C., a Nevada )   **Case No: 3:06-CV-00145-PMP-VPC**
23  Limited Liability Company,              )
                                            )
24              Plaintiff,                  )
                                            )
25      vs.                                 )
                                            )
26  DENNIS MONTGOMERY, THE                  )
    MONTGOMERY FAMILY TRUST, DENNIS         )
27  MONTGOMERY and BRENDA                   )
    MONTGOMERY as Trustees of The           )
28  MONTGOMERY FAMILY TRUST; and DOES       )
    1 through 20,                           )

0039641/001/ 358598v02

|  |  |  |
|---|---|---|
| 1 | Defendants. | ) |
| 2 |  | ) |
| 3 | FRIENDLY CAPITAL PARTNERS, L.P., a California limited partnership, | ) **Case No: 3:07-CV-00250-ECR-VPC** |
| 4 | | ) |
| | Plaintiff, | ) |
| 5 | | ) |
| | vs. | ) |
| 6 | | ) |
| | DENNIS MONTGOMERY, an individual; | ) |
| 7 | BRENDA MONTGOMERY, an individual; MONTGOMERY FAMILY TRUST, a California | ) |
| 8 | trust, and DOES 1-10, individually, | ) |
| 9 | Defendants. | ) |
| 10 | | |

11   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

12   PLEASE TAKE NOTICE THAT pursuant to Federal Rules of Civil Procedure 42(a),

13   Dennis Montgomery, Brenda Montgomery and the Montgomery Family Trust (the "Trust")

14   (collectively the "Montgomery Parties") will, and hereby do move, for an order consolidating the

15   following cases in the United States District Court, District of Nevada:

16       1.   *Montgomery et al v. eTreppid Technologies et al*, 3:06-cv-0056-PMP-VPC;

17       2.   *eTreppid Technologies, LLC v. Montgomery et al*, 3:06-cv-00145-PMP-VPC; and

18       3.   *Friendly Capital Partners, L.P. v. Montgomery et al*, 3:07-cv-00250-ECR-VPC.

19   This motion is based on this notice of motion and motion, the attached memorandum of

20   points and authorities, the accompanying Request for Judicial Notice, the docket and pleadings in

21   the actions at issue and any evidence presented at the hearing on this motion.

22   Dated: September 7, 2007

    Respectfully submitted,

23       LINER YANKELEVITZ
    SUNSHINE & REGENSTREIF LLP

24

25   By: _____

26       Deborah A. Klar
    Teri T. Pham

27       Ryan M. Lapine
    Attorneys for Dennis Montgomery, Brenda

28       Montgomery and the Montgomery Family
    Trust

0039641/001/ 358598v02

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

By this Motion, Dennis Montgomery, Brenda Montgomery and the Montgomery Family Trust (collectively the "Montgomery Parties") seek to consolidate the third lawsuit in a series of civil disputes filed in this Court between Warren Trepp ("Trepp") and his companies and the Montgomery Parties arising out of the business dealings between Trepp and the Montgomery Parties surrounding eTreppid Technologies, LLC ("eTreppid"). The Court has already consolidated two prior related cases: *Montgomery et al v. eTreppid Technologies, et al,* 3:06-cv-00056-PMP-VPC and *eTreppid Technologies, LLC v. Montgomery, et al,* 3:06-cv-00145-PMP-VPC (collectively the "2006 Actions"), and those cases are now pending in this District in Las Vegas, Nevada, before the Honorable Philip M. Pro. For similar reasons, the Court should consolidate this latest action filed by Trepp's alter ego corporation, Friendly Capital Partners, L.P. ("FCP"), against the Montgomery Parties with the 2006 Actions before Judge Pro.[1]

All three of these actions arise out of the same factual underpinnings. These actions involve the same parties -- the Montgomery Parties, Trepp and eTreppid. These actions involve the same core issues -- all parties assert related claims arising out of their business venture. These actions involve the same witnesses, exhibits and testimonial evidence. The parties are also represented in these actions by the same attorneys. In order to avoid conflicting and inconsistent adjudications of common factual and legal issues, to enhance judicial economy and efficiency, to reduce costs for all parties and the Court, and to eliminate the substantial risk of prejudice, the Montgomery Parties respectfully request that the Court consolidate these cases.

---

[1]  This Court, Honorable Edward C. Reed, Jr., very recently issued a Minute Order recusing himself and referring this case to the Chief Judge for reassignment to another Judge. See September 5, 2007 Minute Order. Honorable Valerie P. Cooke is the Magistrate Judge assigned to all three cases, and is intimately familiar with the facts surrounding these disputes.

## II.

## FACTUAL BACKGROUND

### A.    Facts Common to All Three Actions

These actions all stem from a business relationship between Trepp and the Montgomery Parties. Counterclaimant Dennis Montgomery is a highly skilled scientist and software engineer. Prior to 1998, Dennis Montgomery developed certain software, which was copyrighted with the United States Copyright Office and assigned to the Montgomery Family Trust ("Trust"), of which Dennis Montgomery and Brenda Montgomery serve as trustees. (See the Montgomery Parties' Complaint in *Montgomery et al v. eTreppid Technologies et al*, 3:06-cv-0056-PMP-VPC (hereinafter "Montgomery Complaint") ¶¶ 7-8; see also the Montgomery Parties' First Amended Counterclaim filed in this action (hereinafter "Montgomery Counterclaim"), ¶ 3.

In or around September 1998, Dennis Montgomery and Trepp formed eTreppid. (See the Montgomery Parties' First Amended Counterclaim in *Friendly Capital Partners, L.P. v. Montgomery et al*, 3:07-cv-00250-ECR-VPC (hereinafter "Montgomery Counterclaim"), ¶ 10). Pursuant to a "Contribution Agreement" dated September 28, 1998, the Montgomery Parties contributed specific technology identified in Paragraph 1.2.1 of the Contribution Agreement (the "Software") in exchange for a 50% interest in eTreppid. (Montgomery Counterclaim ¶ 11).

At the same time, Trepp and his alter ego company, FCP, agreed to contribute $1,300,000 in liquid capital into eTreppid in exchange for a 50% interest in eTreppid. The Montgomery Parties are informed and believe, however, that Trepp and FCP never made the required capital contribution. (Montgomery Counterclaim ¶¶ 12, 25). Instead, unbeknownst to the Montgomery Parties, Trepp treated eTreppid like his own personal piggy bank. Among other things, Trepp paid for personal trips for himself and his family, and others with eTreppid funds. (Montgomery Counterclaim ¶ 25.) He hired illegal aliens to work in his home and compensated them with eTreppid funds. (Montgomery Counterclaim ¶ 26). He also channeled money out of eTreppid and into other entities owned by him and his family members, including FCP. (Montgomery Counterclaim ¶ 28).

4

1    In addition, over the course of their business relationship, Trepp, through eTreppid,

2 misappropriated and exploited software and technology developed by Dennis Montgomery, which

3 had not been contributed to the company.  (See Montgomery Complaint).  At the same time, Trepp

4 also demanded that the Montgomery Parties contribute additional money into eTreppid for the

5 company's operations.  (Montgomery Counterclaim ¶ 16).  Trepp induced the Montgomery Parties

6 to borrow money from FCP pursuant to various promissory notes in order to make those additional

7 contributions to eTreppid.  (Montgomery Counterclaim ¶¶ 15-18, 20, 21, 25).

8    **B.    The 2006 Actions**

9    On January 19, 2006, eTreppid filed a Complaint against the Montgomery Parties in the

10 Nevada state court seeking a determination that *it* is the owner of Dennis Montgomery's software

11 and technology, and alleging claims for misappropriation and breach of fiduciary duty against the

12 Montgomery Parties.  On January 27, 2006, the Montgomery Parties filed an Answer and

13 Counterclaim against eTreppid and Trepp for accounting.  Shortly thereafter, on January 31, 2006,

14 the Montgomery Parties filed a Complaint in this Court alleging copyright infringement,

15 misappropriation of trade secrets, breach of fiduciary duty and related claims against Trepp, and

16 eTreppid.  See *Montgomery et al v. eTreppid Technologies et al*, 3:06-cv-0056-PMP-VPC (the

17 "Montgomery Action").

18    eTreppid subsequently filed a First Amended Complaint in the state court, and on February

19 17, 2006, the Montgomery parties filed an Answer to eTreppid's First Amended Complaint, along

20 with a First Amended Counterclaim adding a claim against the Unites States Department of

21 Defense ("United States") for declaratory relief in light of potential issues of national security.  On

22 February 21, 2007, the Montgomery Parties filed a First Amended Complaint in the Montgomery

23 Action adding a similar claim for Declaratory Relief against the United States.

24    On March 20, 2006, the United States removed the state court action to this Court.  See

25 *eTreppid Technologies, LLC v. Montgomery, et al*, 3:06-cv-00145-PMP-VPC (the "Etreppid

26 Action").  The Montgomery Parties joined in that removal.  On May 15, 2006, the Montgomery

27 Parties filed a motion to consolidate the Montgomery Action and the eTreppid Action.  On March

28 15, 2007, this Court granted that motion and consolidated both actions for all purposes.

0039641/001/ 358598v02

On June 11, 2007, eTreppid filed a Second Amended Complaint against the Montgomery Parties in the eTreppid Action. On August 17, 2007, the Montgomery Parties filed an Answer to eTreppid's Second Amended Complaint.[2]

On July 30, 2007, the Court issued a ruling denying in part and granting in part eTreppid's and Trepp's Motion to Dismiss the Montgomery Parties' First Amended Complaint in the Montgomery Action. Accordingly, the defendants' Answer to that First Amended Complaint was due on August 14, 2007.

No depositions have yet been taken in either of the 2006 Actions, and very little written discovery has been served.

C.    **The FCP Action**

On April 23, 2007, Trepp, through his alter ego corporation, FCP, filed a Complaint in the Nevada state court against the Montgomery Parties for breach of contract and related claims regarding the purported promissory notes between FCP and the Montgomery Parties. On May 25, 2007, the Montgomery Parties removed that action to this Court. *Friendly Capital Partners, L.P. v. Montgomery et al*, 3:07-cv-00250-ECR-VPC ("the FCP Action"). On June 8, 2007, the Montgomery Parties filed an Answer and Counterclaim against FCP, Trepp and others for breach of fiduciary duty, fraud and related claims concerning the promissory notes and Trepp's dilution of eTreppid. On August 20, 2007, the Montgomery Parties filed a First Amended Counterclaim in the FCP Action adding claims for breach of contract and declaratory relief arising out of the parties' business relationship and various agreements.[3]

The response to the Montgomery Parties' First Amended Counterclaim is presently due on September 17, 2007. No discovery has yet been conducted in the FCP Action and no Rule 26 conference has taken place.

---

[2] The Court has since dismissed the Montgomery Parties' counterclaims for accounting and declaratory relief in the eTreppid Action.

[3] For the Court's convenience, copies of the operative complaints in each of the actions are attached to the accompanying Request for Judicial Notice.

6

## III.

## ARGUMENT

**A.**   **The Court has Discretion to Consolidate Cases Involving Common Questions of Law or Fact**

Federal Rule of Civil Procedure 42(a) states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; ***it may order all the actions consolidated***; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. Proc. 42(a) (emphasis added).  The purpose of consolidation under Rule 42(a) is to enhance trial court efficiency by avoiding unnecessary duplication of proceedings and effort. *Enterprise Bank v. Seattele*, 21 F.3d 233, 235-236 (8th Cir. 1994).  Consolidation is proper where cases are at similar stages of preparedness for trial. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th. Cir. 1989).  Consolidation minimizes the substantial danger of inconsistent adjudications in related actions. *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

A district court's decision to consolidate two federal actions is discretionary and will not be reversed absent clear error or exigent circumstances. *Investors Research Co. v. U.S. Dist. Ct. for Central Dist. of Calf.*, 877 F.2d 777, 777 (9th Cir. 1989).  Consolidation is not dependant on party approval. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th. Cir. 1989).  Rule 42(a) was designed and intended to encourage consolidation wherever possible. *United States v. Knauer*, 149 F.2d 519 (7th. Cir. 1945), *aff'd* 328 U.S. 654 (1946). Consolidation is proper where two cases will involve similar witnesses, documents and testimony. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2nd Cir. 1990).  Consolidation is also proper when cases involve common legal and/or factual questions. *Owen v. Labor Ready, Inc.*, 146 Fed.Appx. 139, 141 (9th Cir. 2005).

**B.**   **Consolidation is Proper Here Because All Three Cases Involve Common Questions of Fact and Law and Similar Witnesses, Documents and Testimony.**

There can be no question that consolidation of these actions will promote efficiency and avoid unnecessary duplicative proceedings.  These actions involve overlapping and virtually identical parties.  The factual nexus and subject matters of the three actions converge.  They all

7

0039641/001/ 358598v02

1 | revolve around the Montgomery Parties' relationship with, and ownership interests in, eTreppid.

2 | They also all concern the contributions of capital and intellectual property by the parties into

3 | eTreppid, and opposing allegations of wrongful conduct relating to the assets of eTreppid. Because

4 | of this, all three cases will likely require analysis of the same documents, witnesses and testimony.

5 | All three will require an analysis of the September 28, 1998 Contribution Agreement, Trepp's and

6 | the Montgomery Parties' conduct in relationship to eTreppid, and subsequent agreements and

7 | documents entered into between the parties. The Montgomery Parties, Trepp, and eTreppid's

8 | employees, among others, will likely be key witnesses in all three cases.

9 | In addition, all three cases are at similar stages in preparedness towards trial. Despite

10 | numerous motions and assertions by all parties, the cases are all still at, or barely beyond, the

11 | pleading stage, no depositions have been taken, no documents have been produced, and very little

12 | discovery has been served. Thus, consolidation at this juncture would promote economy and avoid

13 | duplication. Moreover, consolidating these cases in their nescient stages, will protect against the

14 | prospect of inconsistent rulings, a very real possibility given the similar analysis required in these

15 | three actions.

16 | **IV.**

17 | **CONCLUSION**

18 | For all the foregoing reasons, the Montgomery Parties respectfully request that the Court

19 | consolidate the FCP Action with the previously consolidated 2006 Actions.

20 | Dated:  September 7, 2007           Respectfully submitted,

21 |                                    LINER YANKELEVITZ
        SUNSHINE & REGENSTREIF LLP

22 |

23 |                                    By: _____

24 |                                    Deborah A. Klar
        Teri T. Pham

25 |                                    Ryan M. Lapine
        Attorneys for Dennis Montgomery, Brenda

26 |                                    Montgomery and the Montgomery Family
        Trust

27 |

28 |

8

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICES OF LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP, and that on the **7th day of September, 2007,** I caused to be served the within document described as **NOTICE OF MOTION AND MOTION BY DENNIS MONTGOMERY, BRENDA MONTGOMERY AND THE MONTGOMERY FAMILY TRUST TO CONSOLIDATE USDC, DISTRICT OF NEVADA, CASES 06-CV00056-PMP-VPC AND 06-CV00145-PMP-VPC AND 07-CV00250-ECR-VPC** on the interested parties in this action as stated below:

Stephen J. Peek, Esq.
Jerry M. Snyder, Esq.
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane
2nd Floor
Reno, Nevada 89511
(775) 327-3000; 786-6179 - FAX
E-mail: speek@halelane.com
Attorneys for Etreppid Technologies, LLC
and Warren Trepp

Carlotta P. Wells, Esq.
Sr. Trial Counsel
U.S. Department of Justice
Federal Programs Branch
Civil Division, Room 7150
20 Massachusetts Avenue, NW
Post Office Box 883
Washington, D.C. 20530
(202) 616-8470 - FAX
E-mail: Carlotta.wells@usdoj.gov
Attorneys for Department of Defense

Greg Addington, AUSA
U.S. DEPARTMENT OF JUSTICE
100 W. Liberty Street
Suite 600
Reno, Nevada 89501
E-mail: Greg.addington@usdoj.gov
(775) 784-5181 - FAX
Attorneys for Department of Defense

Michael J. Flynn, Esq.
Post Office Box 690
6125 El Tordo
Rancho Santa Fe, California 92067
(858) 759-7000; 759-0711 - FAX
E-mail: mjfbb@msn.com
and cdimare@worldnet.att.net
Former Attorney for Dennis Montgomery,
Brenda Montgomery & the Trustees of The
Montgomery Family Trust

Eric A. Pulver, Esq.
Ronald J. Logar, Esq.
Law Office of Logar & Pulver, PC
225 South Arlington Avenue
Suite A
Reno, Nevada 89501
(775) 786-5040; 786-7544 - FAX
e-Mail: Eric@renofamilylaw.com
e-Mail: rlogar@renofamilylaw.com

☒   **[ELECTRONIC]**  By filing the document(s) electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document(s) to the persons listed above at their respective email address.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed on 9/7/2007, at Los Angeles, California.

NANCY TORRECILLAS

PROOF OF SERVICE

0039641/001/ 359652v01