1   Ronald S. Logar, Esq. (SBN: 00303)
    Eric A. Pulver, Esq. (SBN: 07874)
2   LAW OFFICE OF LOGAR & PULVER, PC
    225 S. Arlington Avenue
3   Suite A
    Reno, Nevada 89501
4   Telephone: (775) 786-5040
    Facsimile: (775) 786-7544
5
    Deborah A. Klar, Esq. (SBN: 124750)
6   Teri T. Pham, Esq. (SBN: 193383)
    Ryan M. Lapine, Esq. (SBN: 239316)
7   LINER YANKELEVITZ
    SUNSHINE & REGENSTREIF LLP
8   1100 Glendon Avenue, 14th Floor
    Los Angeles, California 90024-3503
9   Telephone: (310) 500-3500
    Facsimile: (310) 500-3501
10  ADMITTED PRO HAC VICE

11  Attorneys for Plaintiffs
    DENNIS MONTGOMERY, and the MONTGOMERY
12  FAMILY TRUST

13              UNITED STATES DISTRICT COURT

14                  DISTRICT OF NEVADA

15

16  DENNIS MONTGOMERY and the          )  Case No. 3:06-CV-00056-PMP-VPC
    MONTGOMERY FAMILY TRUST,           )  BASE FILE
17                                     )
              Plaintiffs,              )  (3:06-CV-00145-PMP-VPC)
18                                     )
         vs.                           )  THE MONTGOMERY PARTIES'
19                                     )  OPPOSITION TO MICHAEL J.
    ETREPPID TECHNOLOGIES, LLC, WARREN )  FLYNN'S MOTION FOR ATTORNEYS
20  TREPP, and the UNITED STATES       )  FEES AND COSTS; MEMORANDUM
    DEPARTMENT OF DEFENSE,             )  OF POINTS AND AUTHORITIES;
21                                     )  DECLARATIONS OF DENNIS
              Defendants.              )  MONTGOMERY AND TERI T. PHAM
22                                     )
    _____)  [Request for Judicial Notice submitted
23                                     )  concurrently]
    AND RELATED CASES.                 )
24  _____)

25      Dennis Montgomery, Brenda Montgomery, and the Montgomery Family Trust, respectfully

26  submit this brief in opposition to the Motion for Attorney Fees and Costs filed in these consolidated

27  and related actions by attorney Michael J. Flynn:

28

0039641/001/362629v01

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### INTRODUCTION

4   After representing Dennis Montgomery, Brenda Montgomery and the Montgomery Family

5   Trust ("the Montgomery Parties") for over 18 months in a variety of different matters from his

6   offices in California through the California law firm of Flynn & Stillman, Massachusetts attorney

7   Michael J. Flynn now seeks a summary order from this Nevada court awarding him in excess of

8   $600,000 in legal fees purportedly billed by the firm of Flynn & Stillman and its California

9   attorneys. Not only does Mr. Flynn lack standing to bring this motion, but both the forum he has

10  selected and the summary procedure he has employed in an attempt to extract this significant

11  additional payment from the Montgomery Parties is entirely improper.

12  There is already pending in the Superior Court for the State of California an action,

13  Montgomery v. Flynn, Los Angeles Superior Court Case No. BC 375335 ("CA State Court

14  Action") (Request for Judicial Notice ("RFJN") No. 1), dealing with the attorney-client relationship

15  between Mr. Flynn and the Montgomery Parties, and an arbitration proceeding has already been

16  commenced in California against Mr. Flynn concerning his improper billing practices and the

17  parties' fee dispute, pursuant to California Business & Professions Code Sections 6200 et seq

18  (RFJN No. 2). Furthermore, Mr. Flynn's attempt to transfer the CA State Court action to this Court

19  for adjudication has already been rejected by the District Court for the Central District of

20  California, and it will remain in the California State Court for adjudication. (RFJN No. 3). Even

21  assuming Nevada is the proper forum for resolution of this dispute, this Court very recently

22  confirmed that a summary proceeding is not the proper procedure for recovery of fees by an

23  attorney where the client disputes the amount of fees owed. See Ecomares Incorporated v.

24  Ovcharik, 2007 U.S. Dist. LEXIS 50491, *5-6 (June 8, 2007) (Cooke, J.). Mr. Flynn's motion

25  should accordingly be denied.

26

27

28

0039641/001/ 362629v01

## II.

## SUMMARY OF FACTS

As this Court is by now well aware, these related disputes concern the ownership and use of certain technology created and developed by software engineer Dennis Montgomery, as well as the management and disposition of the assets of eTreppid Technologies, LLC. Until August of this year, the Montgomery Parties were represented in these related disputes by attorney Michael J. Flynn and his colleagues in his California law firm of Flynn & Stillman. Throughout that time, Mr. Flynn led the Montgomery Parties to believe that he was authorized to practice law in the State of California. Among other things, he resides in California, and all of his pleadings filed in these matters -- including his pleadings on this very motion for fees -- list a California address. See Declaration of Dennis Montgomery ("Montgomery Decl."). All invoices were sent from an address in California, and all payments were remitted to California. See Exhibit A to Montgomery Decl. In addition, all of the other attorneys who appeared on the Flynn & Stillman invoices are California attorneys. See Exhibit A to Declaration of Teri T. Pham. However, none of those attorneys, including the law firm of Flynn & Stillman itself, are parties to this present motion. Indeed, Mr. Flynn's former partner, Philip Stillman, has indicated that he is not aware of the invoices and fees billed and paid in these matters, and does not even have copies of those invoices. See Montgomery Decl. at ¶11.

Following disputes between the Montgomery Parties and Mr. Flynn concerning his billing practices and handling of these matters, Mr. Flynn filed a Motion to Withdraw from these consolidated cases, 3:06-CV-00056 VPC and 3:06-CV-00145.[1] On August 1, 2007, the Montgomery Parties terminated Mr. Flynn's representation and the Court subsequently granted the parties' requests that Mr. Flynn be relieved as counsel in these matters.

On August 3, 2007, the Montgomery Parties filed a complaint for injunctive relief in the Superior Court for the State of California against Mr. Flynn for his misconduct in connection with

---

[1]  Mr. Flynn has not sought to withdraw from the related search warrant action, In re 12720 Buckthorne Lane, Reno, Nevada et al., USDC Nev. Case No. 3:06CV-0263, although the Montgomery Parties expect no objection to his substitution out of that matter.

0039641/001/ 362629v01

1   their confidential and privileged information and client files, <u>Montgomery v. Flynn</u>, Los Angeles

2   Superior Court Case No. BC 375335. (RFJN No. 1). Mr. Flynn thereafter attempted to remove the

3   action to the United States District Court for the Central District of California, and sought to

4   dismiss and transfer it to this Court in Nevada. On August 22, 2007, the California District Court

5   rejected Flynn's attempt to remove the case and remanded it back to the California Superior Court.

6   It also denied the motion to dismiss and transfer. (RFJN No. 3). The Montgomery Parties

7   thereafter commenced an arbitration proceeding pursuant to California Business & Professions

8   Code Sections 6200 <u>et seq</u> to resolve the parties' fee dispute and related issues. (RFJN No. 2).

9   Flynn now seeks to bypass the California courts and arbitration requirement by seeking a summary

10   adjudication of his fee dispute in this Court. Neither the facts or the law, however, support his

11   request and this motion should be denied.

12                                        **III.**

13                                   <u>**ARGUMENT**</u>

14          **A.    <u>Flynn Lacks Standing to Assert This Claim for Fees.</u>**

15          As a preliminary matter, Mr. Flynn has made no showing that he personally is entitled to

16   recover the fees requested in his motion. As the purported fee invoices show, legal services were

17   allegedly rendered by multiple attorneys from the law firm of Flynn & Stillman, and just not Mr.

18   Flynn alone. <u>See</u> Exhibit A to Montgomery Decl. However, this motion has been brought by Mr.

19   Flynn in his personal capacity to recover *all* fees allegedly outstanding, and there is no indication

20   that those other attorneys or the law firm of Flynn & Stillman itself are aware of or support Mr.

21   Flynn's present request. Indeed, Mr. Flynn's own partner, Phillip Stillman, has suggested

22   otherwise. <u>See</u> Montgomery Decl. at ¶11. Accordingly, Mr. Flynn lacks standing to bring this

23   motion, and it should be denied for this reason alone.

24          **B.    <u>California is the Proper Forum for This Attorney-Client Fee Dispute</u>**

25          As discussed above, it is a California attorney-client relationship that is at the heart of this

26   dispute, and as Mr. Flynn is well-aware, there is already an action pending in the California state

27   court governing the attorney-client relationship between Mr. Flynn and the Montgomery Parties.

28   Furthermore, there is already an arbitration proceeding pending against Mr. Flynn pursuant to

1    California law regarding this very fee dispute. There is <u>no</u> action pending before this Court

2    governing this fee dispute, and as discussed below, Mr. Flynn is required to commence such an

3    action under these circumstances before this Court may properly hear the matter -- along with any

4    motion to dismiss for lack of jurisdiction and/or forum nonconveniens. As a mere fee dispute, this

5    would only be a breach of contract action between non-Nevada residents, and there would be no

6    subject matter jurisdiction. In addition, all of the documents and third party witnesses (the other

7    Flynn & Stillman lawyers) are located in California, where the majority of the activities (the

8    rendering and billing of legal services) took place. <u>See</u> 28 U.S.C. 1404(a); <u>A.J. Industries, Inc. v.</u>

9    <u>United States Dist. Ct</u>, 53 F.2d 384, 389 (9th Cir. 1974).

10            Furthermore, a portion of the legal services for which Mr. Flynn now seeks fees include

11   services performed by the Flynn & Stillman firm that are unrelated to these Nevada actions and

12   concern the Montgomery Parties' other personal and business matters. <u>See</u> Montgomery Decl. at

13   ¶9. For all of these reasons, this Court should deny the motion and allow the California court and

14   arbitration tribunal to proceed with adjudication of this dispute.

15           **C.    <u>This Dispute Should Not Be Adjudicated in a Summary Proceeding.</u>**

16            This Court has very recently held that where there is a dispute between an attorney and

17   client concerning payment of fees, the attorney may <u>not</u> seek to adjudicate that issue by way of a

18   motion in the underlying dispute, but <u>must</u> commence a separate action or await conclusion of the

19   underlying action before adjudication of a perfected attorney's lien. <u>See</u> <u>Ecomares Incorporated v.</u>

20   <u>Ovcharik</u>, 2007 U.S. Dist. LEXIS 50491, *5-6 (D. Nev. June 8, 2007) (Cooke, J.), adopted by

21   <u>Ecomares, Inc. v. Ovcharik</u>, 2007 U.S. Dist. LEXIS 500335 (D.Nev. July 2, 2007). Despite, Mr.

22   Flynn's attempt to distinguish the <u>Ecomares</u> decision, the case is directly on point.

23            There, a Nevada law firm filed a motion in the underlying case to convert its attorney's lien

24   into a judgment while the action was still pending. The lien was based on a written agreement

25   between the client and the firm. <u>Id.</u> at *3. In opposition to the motion, the client disputed the

26   amount of fees owed and informed the court that she was pursuing a fee dispute resolution through

27   the Nevada State Bar. <u>Id.</u> In denying the law firm's motion, this Court stated.

28                    Where there is a dispute between the client and former counsel
                      regarding the fee requested or the legal services rendered, <u>Morse v.</u>

1    <u>Eighth Judicial District Court</u>, 65 Nev. 275 (1948) dictates a different
     result. In <u>Morse</u>, the court held that where there are such disputes
2    between the attorney and client, the trial court should properly refuse
     to decide such issues in a summary proceeding in the pending case.
3

4    <u>Id.</u> at *5-6. The Court specifically distinguished the case from <u>Gordon v. Stewart</u>, 74 Nev. 115

5    (1958), relied upon by Mr. Flynn, in which the client expressly conceded that he had breached the

6    fee agreement and that the attorney was entitled to recover in quantum meruit. <u>Ecomares</u>, 2007

7    U.S. Dist. LEXIS 50491 at *5.

8    　　Likewise, here, the Montgomery parties dispute that Mr. Flynn is entitled to any further fees

9    and have commenced an arbitration proceeding in accordance with the California State Bar

10   requirements for resolution of such fee disputes. Furthermore, there is no showing that Mr. Flynn

11   has even perfected his purported lien. He has not provided any evidence to support his request for

12   fees, much less a lien for $600,000. Indeed, there is no written retainer agreement, and Mr. Flynn's

13   declaration is noticeably void of any evidence that the parties agreed to the purported amount of

14   fees owed. Therefore, this motion, just as in <u>Ecomares</u>, should be denied.

15   **IV.**

16   <u>**CONCLUSION**</u>

17   　　For all the foregoing reasons, the Montgomery Parties respectfully request that the Court

18   deny Michael J. Flynn's Motion for Attorney Fees and Costs.

19   Dated: September 10, 2007　　　　　Respectfully submitted,

20   　　　　　　　　　　　　　　　　　LINER YANKELEVITZ
     　　　　　　　　　　　　　　　　　SUNSHINE & REGENSTREIF LLP
21

22   By: _____

23   　　　　　　　　　　　　　　　　Deborah A. Klar
     　　　　　　　　　　　　　　　　Teri T. Pham
24   　　　　　　　　　　　　　　　　Attorneys for Plaintiffs DENNIS
     　　　　　　　　　　　　　　　　MONTGOMERY and the MONTGOMERY
25   　　　　　　　　　　　　　　　　FAMILY TRUST

26

27

28

0039641/001/ 362629v01

1   **DECLARATION OF DENNIS MONTGOMERY**

2   I, Dennis Montgomery, declare as follows:

3   1.   I have personal knowledge of the facts stated herein, and if called as a witness, I
4   could and would competently testify thereto.

5   2   I am presently a resident of the State of Washington, although my wife and I
6   previously resided in California, and we are in the process of relocating back to California within
7   the next few weeks.

8   3.   In January 2006, I was introduced to attorney Michael J. Flynn by my local counsel,
9   Ronald Logar.

10   4.   Mr. Flynn led me to believe at that time and throughout his representation that he
11   was a California attorney, and I believed that I was engaging a California lawyer to represent me.
12   Specifically, he told me he had a law firm, Flynn & Stillman, in California, and I met with him at
13   his offices in Cardiff, California.

14   5.   All of his invoices were sent from California, and all payments were remitted to
15   California. True and correct redacted sample copies of Flynn & Stillman's invoices without
16   description are attached to this declaration as Exhibit A.

17   6.   In addition, all of the papers he filed with the Court listed a California address.

18   7.   At no time did Mr. Flynn ever inform me that he was not and is not licensed to
19   practice in the State of California, or that he is licensed to practice only in Massachusetts. I only
20   learned of this after I retained new counsel.

21   8.   I believe that Mr. Flynn resides in California with his fiance, attorney Carla DiMare,
22   who has also appeared as an attorney in my case.

23   9.   Mr. Flynn and the firm of Flynn & Stillman also represented me in other legal
24   matters unrelated to the lawsuits in Nevada, such as business and contract issues, and the invoices
25   also reflected time billed in connection with those matters.

26   10.   I dispute the amount of fees billed by Mr. Flynn and the law firm of Flynn &
27   Stillman in these matters, as well as his handling of these matters and my confidential privileged

28

7

1 │ information, and I have commenced a lawsuit and an arbitration proceeding in California under

2 │ California law to address these issues.

3 │       11.    Mr. Flynn's partner or former partner, Philip Stillman, has informed me that he does

4 │ not know how much has been billed to me by Mr. Flynn and the law firm of Flynn & Stillman, that

5 │ he does not know how much has been paid by me to Mr. Flynn and the law firm of Flynn &

6 │ Stillman, and that he has not even seen or have copies of the invoices purportedly sent to me by

7 │ Mr. Flynn.

8 │       I declare under penalty of perjury under the laws of the United States that the foregoing is

9 │ true and correct.

10 │       Executed this _10_ day of September, 2007, in __Bellevue, WA__.

11 │

12 │                             Dennis Montgomery

13 │

14 │

15 │

16 │

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │

# EXHIBIT "A"

**FLYNN & STILLMAN**
*P O  Box 690, Rancho Santa Fe, California 92067*
*Telephone 858-759-7000  Facsimile 858-759-0711*

# STATEMENT OF PROFESSIONAL SERVICES
## January 01 – April  07, 2006
*Montgomery/* ▓▓▓▓▓

Invoice Submitted to:

Invoice No. 001



| ATTORNEY<br>TIME KEEPER SUMMARY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Michael J. Flynn, Sr | ▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓ |
| Philip H. Stillman | ▓▓ | ▓▓▓▓▓ | ▓▓▓▓ |
| Al Rava | ▓▓ | ▓▓▓▓▓ | ▓▓▓▓▓ |

**TOTAL LEGAL FEES**
**TOTAL COSTS ADVANCED**                          

**TOTAL INVOICE**                                 

**TOTAL BALANCE DUE**                             

## FLYNN & STILLMAN

*P.O. Box 690, Rancho Santa Fe, California 92067*
*Telephone 858-759-7000  Facsimile 858-759-0711*

# STATEMENT OF PROFESSIONAL SERVICES
## April  07 – May 31, 2006
### *Montgomery vs. eTreppid Technologies*

Invoice Submitted to:

Mr. Dennis Montgomery

Invoice No. 002

| ATTORNEY<br>TIME KEEPER SUMMARY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Michael J. Flynn, Sr | ████ | ████████ | ██████ |
| Philip H. Stillman | ████ | ████████ | ██████ |
| Carla A  DiMare | ████<br>████████████ | ████████ | ██████ |
| Al Rava | ████ | ████████ | ██████ |
|  |  |  |  |

**TOTAL LEGAL FEES**
**TOTAL COSTS ADVANCED**          ████████
**TOTAL INVOICE**

**TOTAL BALANCE DUE**          ████████

## FLYNN & STILLMAN

*P O Box 690, Rancho Santa Fe, California 92067*
*Telephone 858-759-7000 Facsimile 858-759-0711*

# STATEMENT OF PROFESSIONAL SERVICES
### June 01 – June 30, 2006
### *Montgomery vs. eTreppid Technologies*

Invoice Submitted to:

Invoice No. 003

Mr Dennis Montgomery

| ATTORNEY<br>TIME KEEPER SUMMARY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Michael J. Flynn, Sr | ▄▄▄ | ▄▄▄▄▄▄ | ▄▄▄▄▄▄ |
| Philip H. Stillman | ▄▄▄ | ▄▄▄▄▄▄ | ▄▄▄▄▄▄ |
| Carla A. DiMare | ▄▄▄ | ▄▄▄▄▄▄ | ▄▄▄▄▄ |
| Al Rava | ▄▄▄ | ▄▄▄▄▄▄ | ▄▄▄▄▄ |
| | | | |

**TOTAL LEGAL FEES**
**TOTAL COSTS ADVANCED**
**TOTAL INVOICE**



**FLYNN & STILLMAN**
*P.O. Box 690, Rancho Santa Fe, California 92067*
*Telephone 858-759-7000  Facsimile 858-759-0711*

# STATEMENT OF PROFESSIONAL SERVICES
## July 01 – July 31, 2006
### *Montgomery vs. eTreppid Technologies*

Invoice Submitted to:

Invoice No. 004

Mr. Dennis Montgomery

| ATTORNEY<br>TIME KEEPER SUMMARY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Michael J. Flynn, Sr | ▀▀▀ | ▀▀▀▀▀ | ▀▀▀▀ |
| Philip H. Stillman | ▀▀▀ | ▀▀▀▀▀ | ▀▀▀ |
| Carla A. DiMare | ▀▀ | ▀▀▀▀▀ | ▀▀▀▀ |
| Al Rava | ▀▀▀ | ▀▀▀▀ | ▀▀▀ |
| | | | |

**TOTAL LEGAL FEES**
**TOTAL COSTS ADVANCED**
**TOTAL INVOICE**



**FLYNN & STILLMAN**
*P O Box 690, Rancho Santa Fe, California 92067*
*Telephone 858-759-7000  Facsimile 858-759-0711*

# STATEMENT OF PROFESSIONAL SERVICES
## Through October  31, 2006
### *Montgomery vs. eTreppid Technologies*

Invoice Submitted to:

Invoice No  006

Mr  Dennis Montgomery

| ATTORNEY<br>TIME KEEPER SUMMARY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Michael J  Flynn, Sr | ▬▬ | ▬▬▬▬ | ▬▬▬ |
| Philip H  Stillman | ▬ | ▬▬▬▬ | ▬▬▬ |
| Carla A. DiMare | ▬▬ | ▬▬▬▬ | ▬▬ |
| Al Rava | ▬ | ▬▬▬▬ | ▬▬▬ |
| | | | |

**TOTAL LEGAL FEES**          ▬▬▬▬
**TOTAL COSTS ADVANCED**      ▬▬▬▬
(note: no costs for telephone, copying etc.)

**TOTAL INVOICE**             ▬▬▬▬

**TOTAL BALANCE DUE**         ▬▬▬▬

**FLYNN & STILLMAN**
*P O  Box 690. Rancho Santa Fe, California 92067*
*Telephone 858-759-7000  Facsimile 858-759-0711*

# STATEMENT OF PROFESSIONAL SERVICES
## Through November 30, 2006, 2006
### *Montgomery vs. eTreppid Technologies*

Invoice Submitted to:

Invoice No  007

Mr. Dennis Montgomery

| ATTORNEY TIME KEEPER SUMMARY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Michael J. Flynn, Sr | ▬▬ | ▬▬▬▬ | ▬▬▬▬ |
| Philip H. Stillman | ▬▬ | ▬▬▬▬ | ▬▬▬ |
| Carla A. DiMare | ▬▬ | ▬▬▬▬ | ▬▬▬▬ |
| Al Rava | ▬▬ | ▬▬▬ | ▬▬▬ |
| | | | |

**TOTAL LEGAL FEES**
**TOTAL COSTS ADVANCED**
(note: no costs for telephone, copying etc.)



**TOTAL INVOICE**

**TOTAL BALANCE DUE**



## ATTORNEY TIME RECORD

| RE: | Montgomery vs. eTreppid Technologies | | |
|---|---|---|---|
| DATE | DESCRIPTION | ATTY | TIME |
| ▬▬ | ▬▬▬▬▬▬▬▬ | ▬▬ | ▬▬ |

**DECLARATION OF TERI T. PHAM**

I, Teri t. Pham, declare as follows:

1.       I am an attorney licensed to practice in the State of California and admitted *pro hac vice* to appear before this Court. I am a partner with the law firm of Liner Yankelevitz Sunshine & Regenstreif LLP, counsel of record for Dennis Montgomery, Brenda Montgomery, and The Montgomery Family Trust in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.       Attached to this Declaration as Exhibit A are true and correct copies of information I printed from the State Bar of California website showing that attorneys Carla Di Mare, Al Rava and Philip Stillman are all licensed to practice in the State of California, with addresses in California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 10 day of September, 2007, in Los Angeles, California.

Teri T. Pham

16

0039641/001/ 356505v02

ATTORNEY SEARCH

# Carla A DiMare - #182906

## Current Status: Active

This member is active and may practice law in California

See below for more details

## Profile Information

| | | | |
|---|---|---|---|
| Bar Number | 182906 | | |
| Address | P O Box 1668 Rancho Santa Fe, CA 92067-1668 | Phone Number | (858) 775-0707 |
| | | Fax Number | (858) 756-2859 |
| | | e-mail | Not Available |
| District | District 9 | Undergraduate School | Boston Coll; Chestnut Hill I |
| County | San Diego | Law School | New England SOL; Boston |
| Sections | None | | |

## Status History

| Effective Date | Status Change |
|---|---|
| Present | Active |
| 6/10/1996 | Admitted to The State Bar of California |

Explanation of member status

## Actions Affecting Eligibility to Practice Law

### Disciplinary and Related Actions
This member has no public record of discipline

### Administrative Actions
This member has no public record of administrative actions

Start New Search >

Contact Us    Site Map    Privacy Policy    Notices    © 2007 The State Bar of California

ATTORNEY SEARCH

## Alfred Gerard Rava - #188318

### Current Status: Active

This member is active and may practice law in California

See below for more details

### Profile Information

| | | | |
|---|---|---|---|
| Bar Number | 188318 | | |
| Address | The Rava Law Firm | Phone Number | (619) 238-1993 |
| | 3667 Voltaire St | Fax Number | (619) 374-7288 |
| | San Diego, CA 92106 | e-mail | alrava@cox net |

| | | | |
|---|---|---|---|
| District | District 9 | Undergraduate School | Penn State Univ; University |
| County | San Diego | Law School | California Western SOL; S |
| Sections | None | | |

### Status History

| Effective Date | Status Change |
|---|---|
| Present | Active |
| 6/5/1997 | Admitted to The State Bar of California |

Explanation of member status

### Actions Affecting Eligibility to Practice Law

#### Disciplinary and Related Actions
This member has no public record of discipline

#### Administrative Actions
This member has no public record of administrative actions

Start New Search >

Contact Us    Site Map    Privacy Policy    Notices    © 2007 The State Bar of California

18

ATTORNEY SEARCH

# Philip Harris Stillman - #152861

## Current Status: Active

This member is active and may practice law in California

See below for more details

## Profile Information

| | | | |
|---|---|---|---|
| Bar Number | 152861 | | |
| Address | Flynn & Stillman<br>224 Birmingham Dr Ste 1A4<br>Cardiff, CA 92007-1743 | Phone Number | (888) 235-4279 |
| | | Fax Number | (888) 235-4279 |
| | | e-mail | Not Available |
| District | District 9 | Undergraduate School | Brandeis Univ; Waltham M |
| County | San Diego | Law School | Boston Univ SOL; Boston I |
| Sections | Litigation | | |

## Status History

| Effective Date | Status Change |
|---|---|
| Present | Active |
| 6/13/1991 | Admitted to The State Bar of California |

Explanation of member status

## Actions Affecting Eligibility to Practice Law

### Disciplinary and Related Actions
*This member has no public record of discipline*

### Administrative Actions
*This member has no public record of administrative actions*

Start New Search >

http://members.calbar.ca.gov/search/member_detail.aspx?x=152861                    8/14/2007

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICES OF LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP, and that on the **10th day of September, 2007,** I caused to be served the within document described as **THE MONTGOMERY PARTIES' OPPOSITION TO MICHAEL J. FLYNN'S MOTION FOR ATTORNEYS FEES AND COSTS; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION S OF DENNIS MONTGOMERY AND TERI T. PHAM** on the interested parties in this action as stated below:

Stephen J. Peek, Esq.
Jerry M. Snyder, Esq.
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, 2nd Floor
Reno, Nevada 89511
(775) 327-3000; 786-6179 - FAX
E-mail: speek@halelane.com
Attorneys for Etreppid Technologies, LLC
and Warren Trepp

Carlotta P. Wells, Esq., Sr. Trial Counsel
U.S. Department of Justice
Federal Programs Branch
Civil Division, Room 7150
20 Massachusetts Avenue, NW
Post Office Box 883
Washington, D.C. 20044
(202) 514-4522; 616-8470 - FAX
E-mail: Carlotta.wells@usdoj.gov
Attorneys for Department of Defense

Ralph O. Gomez, Esq., Sr. Trial Counsel
U.S. Dept. of Justice, Fed. Programs Branch
Civil Division, Room 6144
20 Massachusetts Avenue, NW
Post Office Box 883
Washington, D.C. 20044
(202) 514-1318; 616-8470 - FAX
E-mail: raphael.gomez@usdoj.gov
Attorneys for Department of Defense

Greg Addington, AUSA
U.S. DEPARTMENT OF JUSTICE
100 W. Liberty Street. Suite 600
Reno, Nevada 89501
E-mail: Greg.addington@usdoj.gov
(775) 784-5181 - FAX
Attorneys for Department of Defense

Michael J. Flynn, Esq.
Post Office Box 690
6125 El Tordo
Rancho Santa Fe, California 92067
(858) 759-7000; 759-0711 - FAX
E-mail: mjfbb@msn.com
and cdimare@worldnet.att.net
Former Attorney for Dennis Montgomery,
Brenda Montgomery & the Trustees of The
Montgomery Family Trust

Eric A. Pulver, Esq.
Ronald J. Logar, Esq.
Law Office of Logar & Pulver, PC
225 South Arlington Avenue
Suite A
Reno, Nevada 89501
(775) 786-5040; 786-7544 - FAX
e-Mail: Eric@renofamilylaw.com
e-Mail: rlogar@renofamilylaw.com

☒    **[ELECTRONIC]** By filing the document(s) electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document(s) to the persons listed above at their respective email address.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on 9/10/2007, at Los Angeles, California.

NANCY TORRECILLAS

PROOF OF SERVICE

0039641/001/ 359652v01