UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| DENNIS MONTGOMERY, et al., | ) | 3:06-CV-0056-PMP (VPC) |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | September 11, 2007 |
| eTREPPID TECHNOLOGIES, LLC, et al., | ) | |
| Defendants. | ) | |

PRESENT:     THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:     LISA MANN          REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Pursuant to Fed.R.Civ.P. 16 and Local Rule ("LR") 16-2, a case management conference shall be set before United States Magistrate Judge Valerie P. Cooke as the court concludes that a Rule 16 case management conference will assist the parties, counsel, and the court. Counsel for the parties shall contact the Courtroom Administrator, Lisa Mann (775-686-5653), no later than Monday, September 17, 2007, to schedule the case management conference to be held within thirty days of this order.

In preparation for this case management conference, it is hereby ordered as follows:

**A.     Case Management Report**

The parties shall submit a proposed stipulated discovery plan and scheduling order (#19) to include the following information in separately numbered paragraphs:

1.     A short statement of the nature of the case (three pages or less), including a description of each claim and defense;

2.     A description of the principal factual and legal disputes in the case;

3. The jurisdictional bases for the case, citing specific jurisdictional statutes;[1]

4. Any parties who have not been served and an explanation why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

5. A statement whether any party expects to add additional parties to the case or otherwise amend the pleadings (the court will set a deadline to join parties or amend pleadings at the case management conference);

6. A list of contemplated motions and a statement of issues to be decided by these motions;

7. Whether there are any pending motions that may affect the parties' abilities to comply with a case management order, including a brief description of those motions;

8. The status of related cases pending before other courts or other judges of this court;

9. Any further supplemental discussion of necessary discovery (in addition to the discussion contained in docket #19), including:

   a. The extent, nature, and location of discovery anticipated by the parties;

   b. Suggested revisions, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LR 26(1)(e);

   c. The number of hours permitted for each deposition, unless extended by the parties.

10. A discussion of any issues relating to the disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (*see* Rules 16(b)(5), 26(f)(3));

11. A discussion of any issues related to claims of privilege or work product (*see* Rules 16(b)(6), 26(f)(4));

12. The court will consider the parties' proposed dates for each of the following:

---

[1] If jurisdiction is based on diversity, the basis shall include a statement of the citizenship of every party and the amount in dispute. *See* e.g. U.S.C. § 1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners resides. *See* 28 U.S.C. § 1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).

    a. A deadline for the completion of fact discovery;

    b. Dates for complete disclosure of expert testimony under Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure;

    c. A deadline for completion of all expert depositions;

    d. A date by which the parties shall have engaged in good faith settlement talks;

13. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth reasons);

14. The estimated length of trial and any suggestions for shortening the trial;

15. The prospects for settlement, including any request of the court for assistance in settlement efforts; and

16. Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Fed.R.Civ.P. 1.

The parties shall jointly file the case management report with the Clerk of Court not less than seven days before the case management conference. The case management report shall not exceed **ten (10) pages**. It is plaintiff's responsibility to initiate and prepare the joint case management report, and it is defendants' responsibility to assist in preparation of the case management report.

  **B.** **Case Management Conference and Order**

The court directs counsel to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the case management conference. Counsel who appear at the case management conference shall have authority to enter into stipulations regarding all matters that may be discussed. Out-of-state counsel may appear telephonically.

  **C.** **Other Matters**

Counsel for all parties are expected to comply fully with the Federal Rules of Civil Procedure and this court's Local Rules to minimize the expense of discovery.

The Clerk of Court shall serve copies of this order to all counsel of record and to any parties appearing *in propria persona*.

  **IT IS SO ORDERED.**

              LANCE S. WILSON, CLERK

            By: /s/
              Deputy Clerk