UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF NEVADA

DENNIS MONTGOMERY, an individual; and
MONTGOMERY FAMILY TRUST, a California Trust,

    Plaintiff,

vs.

ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA, and DOES 1 through 10,

    Defendants

AND RELATED CASE(S)

Case No. 3:06-CV-00056-PMP-VPC
**Base File**

3:06-cv-00145-PMP-VPC

## ~~PROPOSED~~ PROTECTIVE ORDER

This matter comes before the Court on eTreppid Technologies, LLC's Motion for a Protective Order, filed September 19, 2006. Having reviewed the Motion, the Opposition thereto filed by Dennis Montgomery and the Montgomery Family Trust, the pleadings and papers filed in support of and in opposition to that motion, and having heard the arguments of counsel, this Court determines that in the course of this litigation a party may produce documents and information which are confidential or commercially sensitive in nature and that public disclosure of such information could be detrimental to the producing party's interests. Similarly, such confidential or commercially sensitive information may be disclosed by written discovery, deposition testimony, or in other filings with the Court. This Court accordingly enters the following Protective Order:

1.    SCOPE. The present Protective Order shall apply to all non-public information and materials provided or produced by the parties in the course of the above-captioned litigation, whether

written, oral, contained in documents or transcripts, or in any other form, which has in good faith been designated "Confidential" or "Restricted Confidential" in accordance with Paragraphs 2 and 3 below.

2. <u>DEFINITION OF CONFIDENTIAL INFORMATION</u>. There will be two levels of confidential information - - "Confidential" and "Restricted Confidential." A producing party may designate as "Confidential" such non-public documents, information, and materials produced by it which the producing party believes in good faith constitute, contain or reflect proprietary, trade secret or commercially sensitive information, that is not generally known and/or which the party would not normally reveal to non-parties or, if revealed to non-parties, would cause non-parties to maintain in confidence. A producing party may designate as "Restricted Confidential" such Confidential documents, information, and materials produced by it which the producing party believes in good faith constitute, contain or reflect extremely sensitive and highly confidential proprietary, trade secret or commercial information, for which the designation Confidential will not afford adequate protection under the terms of this Protective Order.

3. <u>DESIGNATION</u>.

(A) A producing party or its counsel may designate as Confidential or Restricted Confidential any documents or other tangible things by (i) marking every page of such item Confidential or Restricted Confidential as the case may be, or (ii) sending written notice designating each page of such documents or each portion of such tangible things to be treated as Confidential or Restricted Confidential as the case may be.

(B) A producing party or its counsel may designate deposition or other testimony provided by the producing party as Confidential or Restricted Confidential by any one of the following means: (i) stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that the information is Confidential or Restricted Confidential, or (ii) sending written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential or Restricted Confidential within 10 days after receipt of the transcripts.

4. <u>USE OF CONFIDENTIAL AND RESTRICTED CONFIDENTIAL INFORMATION</u>.

Confidential and Restricted Confidential documents and information shall not be disclosed or

communicated in any fashion nor be used for any purpose other than preparing for and conducting this litigation, as provided for in this Protective Order. It will be the responsibility of each of the parties' counsel to use reasonable efforts to ensure compliance with the Protective Order. However, nothing in this Protective Order shall prevent any producing party from disclosing or using its own Confidential or Restricted Confidential information as it deems appropriate, and any such use shall not be deemed a waiver of any party's rights or obligations under this Protective Order with respect to any confidential information. In addition, nothing in this Protective Order shall impose any restrictions on the use or disclosure by any party of documents, information, materials, or testimony obtained by such party independent of this litigation.

5. **RESTRICTIONS ON ACCESS TO CONFIDENTIAL AND RESTRICTED CONFIDENTIAL INFORMATION.**

(A) Access to Confidential information, and to any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated "Confidential" shall be limited to the following:

(1) Counsel of record for the parties to the litigation, including office associates, paralegals, stenographic and clerical employees;

(2) The parties to this action, their representatives, employees and agents, including in-house counsel;

(3) Outside witnesses, potential witnesses, consultants, and/or experts, subject to the provisions of Paragraph 6 below;

(4) Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof;

(5) The Court and court personnel, including clerks and stenographic reporters engaged in such proceedings as are necessarily incident to this litigation;

(6) Court reporters or stenographers who record deposition or other testimony in the litigation;

(7) Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer

personnel performing duties in relation to a computerized litigation system;

(8) Any other person whom the producing party agrees to in writing.

(B) Access to Restricted Confidential information, and any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated "Restricted Confidential" shall be limited to the following:

(1) Counsel of record for the parties to the litigation, including office associates, paralegal, stenographic and clerical employees.

(2) The Court and court personnel, including clerks and stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

(3) Court reporters or stenographers who record deposition or other testimony in the litigation.

(4) Any person who is indicated on the face of the Restricted Confidential document to have been an author, addressee, or copy recipient thereof.

(5) Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system.

(6) Outside consultants and/or experts, subject to the provisions of paragraph 6.

(7) Any other person whom the producing party agrees to in writing.

Documents or information which has been designated "Restricted Confidential" shall not be given to the receiving party or the receiving party's employees, representatives or agents, other than its counsel of record, or to any outside witness, unless such person is entitled to access to "Restricted Confidential" information pursuant to this paragraph.

6. <u>ACCESS BY OUTSIDE WITNESSES, CONSULTANTS, AND/OR EXPERTS TO CONFIDENTIAL INFORMATION.</u>  The parties' counsel may, to the extent necessary to the prosecution or defense of this action, in accordance with the terms of this Protective Order, and in good faith, make confidential documents or information and any copies, portions, summaries, analyses or excerpts of any documents containing confidential information available to outside or non-party witnesses, consultants, or expert witnesses, provided however that prior to delivering any such

information to such witness, consultant, or expert, counsel shall obtain from the witness, consultant or expert, a signed and dated statement to the effect that the person has read this Protective Order and agrees to bound by its terms. ("Statement of Compliance").

7. <u>RENDERING ADVICE</u>. Nothing herein shall bar or otherwise restrict an attorney who is a qualified recipient of Restricted Confidential information under the terms of this Order from rendering advice to his or her client with respect to this action and, in the course thereof, from generally relying upon his or her examination of such information. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose the specific content of any Restricted Confidential information to any other person or party where such disclosure would not otherwise be permitted under the terms of this Order.

8. <u>DEPOSITIONS</u>. Persons may be deposed regarding documents or information of which they have knowledge which have been designated "Confidential" or "Restricted Confidential." All transcripts of these depositions and any other deposition containing confidential information will be treated in accordance with this Protective Order and when filed shall be marked pursuant to the procedures set forth in Paragraph 9 below.

Aside from the witness, no person shall attend any portion of any deposition containing testimony regarding confidential information or documents except counsel for the parties unless such person has executed the Statement of Compliance. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed, except as provided in this Protective Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed with the Court.

9. <u>DISPUTES CONCERNING DESIGNATION OR DISCLOSURE OF DOCUMENTS</u>. If any party to this Protective Order objects to the designation of any information as Confidential or Restricted Confidential, or there is a dispute concerning the disclosure of confidential information to the person(s) designated by the parties, the party having the objection or dispute shall first state the objection or issue by letter to the party that made such designations. The parties are ordered to confer

1  in good faith by telephone or in person to resolve any dispute respecting the terms or operation of this
2  Protective Order. If the parties are unable to resolve such a dispute within 3 days of such conference,
3  the dispute shall be submitted to the Court. In any such proceeding, the designating party shall have
4  the burden of establishing that the disputed documents or information are "Confidential" or "Restricted
5  Confidential", as defined in Paragraph 2 above. No disclosure of any document or information in
6  dispute shall be made pending resolution of the dispute. In the event that the Court is required to
7  review a claim of confidentiality, the particular documents or information that has been challenged
8  shall be submitted to the Court for in camera inspection.

9  The failure of any party to challenge the designation by another producing party of documents,
10 materials, or information as Confidential or Restricted Confidential shall not be a waiver of that party's
11 right to object to the designation of such material at trial.

12     10.    FILING WITH THE COURT. No party or non-party shall file or submit for filing as
13 part of the court record any documents under seal without first obtaining leave of court.
14 Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears
15 the burden of overcoming the presumption in favor of public access to papers filed in court.

16 However, any party seeking to file with this Court or any appellate court discovery materials
17 which contain "Confidential" or "Restricted Confidential" information, or any pleading, brief, or
18 memorandum purporting to reproduce or paraphrase "Confidential" or "Restricted Confidential"
19 information has an affirmative obligation not to file "Confidential" or "Restricted Confidential"
20 material but to seek this Court's leave to file such material under seal. No party shall file any
21 "Confidential" or "Restricted Confidential" information until this Court has ruled on that party's
22 request for leave to file such information under seal.

23     11.    NO IMPLIED ACKNOWLEDGMENT OF CONFIDENTIALITY. The receipt of
24 documents, information or other materials designated as Confidential or Restricted Confidential
25 pursuant to this Protective Order shall not constitute an acknowledgment that the same are in fact
26 confidential or otherwise legally protectable, and the parties and their counsel shall not be obliged to
27 challenge the propriety of any confidentiality designation. Failure to do so shall not preclude a
28 subsequent challenge to the propriety of any such designation. Until and unless the parties may agree

or the Court may finally determine that such documents, information or materials are not properly designated as Confidential or Restricted Confidential pursuant hereto, the same shall continue to be treated as so designated in accordance with the terms of this Protective Order.

12. NO WAIVER. The production of documents for inspection shall not constitute a waiver of a party's rights to claim in this lawsuit or otherwise that the documents are privileged or otherwise undiscoverable. Production by any party of confidential documents or information in other litigation shall not constitute a waiver of its right to claim in this lawsuit or hereafter that such documents or information are confidential, privileged or otherwise undiscoverable. Nothing in this Protective Order requires any party to produce any documents or information that the party believes is privileged or otherwise non-discoverable. By entering into this Protective Order, the parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or seek any further protective order, or to seek relief from the Court from any provision of this Protective Order by application or on noticed motion on any grounds.

13. THIRD PARTIES. Any third-party served with a subpoena in connection with this litigation or who otherwise produces documents or is noticed for a deposition in connection with this litigation may invoke the protections of this Protective Order by signing a copy of this Protective Order and agreeing to be bound by its terms.

14. DISPOSITION OF CONFIDENTIAL DOCUMENTS AND INFORMATION UPON FINAL DETERMINATION. Upon the final determination of this action, whether by judgment which is no longer appealable, determination after appeal, settlement, or otherwise, all documents, information and material designated as "Confidential" or "Restricted Confidential" and all copies, testimony, summaries, notes, extracts, or abstracts of such documents or of such information shall promptly be returned to the producing party's counsel, or disposed of pursuant to further order of the Court, except that counsel shall be entitled to retain all memoranda or other documents prepared by counsel embodying information derived from any such materials; provided, however, that no subsequent use shall entail disclosure of any information as to which claim of confidentiality has been made. The final determination of this action shall not terminate the limitations on use and disclosure contained in this Protective Order.

15. **AMENDMENT AND MODIFICATION.** This Protective Order may be amended by the written agreement of counsel for the parties submitted to an approved by the Court in this case. Nothing in this Protective Order shall preclude any party to this action from moving to vacate or modify this Protective Order or any provision thereof.

16. **JURISDICTION AND ENFORCEMENT.** Any person to whom documents or information designated as "Confidential" or "Restricted Confidential" are disclosed shall be subject to the jurisdiction of this Court for purposes of determining, assuring and adjudging such person's compliance with this Protective Order. This jurisdiction shall survive the termination of this action. Any party or person subject to this Protective Order who violates its provisions shall be liable for contempt of court and damages for any injuries or loss suffered by the producing party as a result of such violation.

17. **RELATIONSHIP TO STATE SECRETS.** The United States Protective Order, entered by the Court on August 29, 2007, upholds the government's assertion of military and states secret privilege regarding information as identified in said protective order. While it is not contemplated that trade secret information sought to be protected by the instant Protective Order directly involves military and states secrets information, to the extent that there is overlap of trade secret and military and states secrets information, the United States Protective Order takes precedence over the terms of the instant Protective Order. Accordingly, no party is to disclose or produce information subject to the

///
///
///

United States Protective Order in the handling or production of trade secret information as identified in the instant Protective Order.

**IT IS SO ORDERED** this 11th day of September, 2007.

U.S. MAGISTRATE JUDGE

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

# PROOF OF SERVICE

I, Gaylene Silva, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard. My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada  89511**. I am over the age of 18 years and not a party to this action. I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On September 10, 2007, I caused the foregoing **PROPOSED PROTECTIVE ORDER** to be:

__X__    filed the document electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

*Fax No. 786-5044*
Lezlie@renofamilylaw.com
Ronald J. Logar, Esq.
Eric A. Pulver, Esq.
The Law Offices of Logar & Pulver
225 S. Arlington Avenue, Suite A
Reno, NV 89501

*Fax 310/500-3501*
Tpham@linerlaw.com; dklar@linerlaw.com;
rlapine@linerlaw.com
Teri T. Pham, Esq.
Deborah A. Klar, Esq.
Ryan M. Lapine, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

*Fax No. 202/616-8470*
Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC 20044

*Fax No. 784-5181*
Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV 89501

*Fax 202/616-8470*
Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, D.C. 20044

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on September 10, 2007.

_____/s/_____
Gaylene Silva

::ODMA\PCDOCS\HLRNODOCS\665580\2              Page 10 of 10