J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang (NV Bar #10117)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile: (775) 786-6179
speek@halelane.com; jsnyder@halelane.com;
alang@halelane.com

Reid H. Weingarten (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
Brian M. Heberlig (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
Robert A. Ayers (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone: (202) 429-3000

Attorneys for eTreppid Technologies, LLC and Warren Trepp

UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust, | Case No. 3:06-CV-00056-BES-VPC<br>**Base File** |
| Plaintiff, | Case No. 3:06-cv-00145-PMP-VPC |
| vs. | |
| ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA, and DOES 1 through 10, | |
| Defendants | |
| AND RELATED CASE(S) | |

**ETREPPID TECHNOLOGIES, LLC AND WARREN TREPP'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendants eTreppid Technologies, L.L.C., ("eTreppid") and Warren Trepp ("Trepp") "), by and through their undersigned counsel of record, Hale Lane Peek Dennison and Howard, set forth

1

::ODMA\PCDOCS\HLRNODOCS\665968\1

herein their Answer to Plaintiffs' First Amended Complaint, as follows:

## INTRODUCTION

1. Defendants deny the allegations in Paragraph 1 of the First Amended Complaint.

## PARTIES

2. Defendants are without sufficient knowledge to form a belief as to the veracity of the allegations in Paragraph 2 of the First Amended Complaint and, therefore, deny the same.

3. Defendants are without sufficient knowledge to form a belief as to the veracity of the allegations in Paragraph 3 of the First Amended Complaint and, therefore, deny the same.

4. Defendants admit the allegations in Paragraph 4 of the First Amended Complaint.

5. Defendants admit the allegations in Paragraph 5 of the First Amended Complaint.

6. Defendants are without sufficient knowledge to form a belief as to the veracity of the allegations in Paragraph 6 of the First Amended Complaint and, therefore, deny the same.

## JURISDICTION AND VENUE

7. Defendants deny the allegations in Paragraph 7 of the First Amended Complaint.

## FACTUAL ALLEGATIONS

8. Defendants deny the allegations in Paragraph 8 of the First Amended Complaint.

9. Defendants deny the allegations in Paragraph 9 of the First Amended Complaint.

10. Defendants deny the allegations in Paragraph 10 of the First Amended Complaint.

11. Defendants admit the allegations in Paragraph 11 of the First Amended Complaint.

12. Defendants are without sufficient knowledge to form a belief as to the veracity of the allegations in Paragraph 12 of the First Amended Complaint and, therefore, deny the same.

13. Defendants deny the allegations in Paragraph 13 of the First Amended Complaint.

14. Defendants deny the allegations in Paragraph 14 of the First Amended Complaint.

15. Defendants deny the allegations in Paragraph 15 of the First Amended Complaint.

16. Defendants deny the allegations in Paragraph 16 of the First Amended Complaint.

17. Defendants deny the allegations in Paragraph 17 of the First Amended Complaint.

18. Defendants are without sufficient knowledge to form a belief as to the veracity of the allegations in paragraph 18 of the First Amended Complaint and, therefore, deny the same.

::ODMA\PCDOCS\HLRNODOCS\665968\1

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

19. Defendants deny the allegations in Paragraph 19 of the First Amended Complaint.

20. Defendants deny the allegations in Paragraph 20 of the First Amended Complaint.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement against all Defendants)

21. Defendants restate their responses to Paragraphs 1 through 20 as though fully set forth herein.

22. Defendants deny the allegations in Paragraph 22 of the First Amended Complaint.

23. Defendants deny the allegations in Paragraph 23 of the First Amended Complaint and also note that any claims for infringement of alleged derivative works have been dismissed.

24. Defendants deny the allegations in Paragraph 24 of the First Amended Complaint.

25. Defendants deny the allegations in Paragraph 25 of the First Amended Complaint.

26. Defendants deny the allegations in Paragraph 26 of the First Amended Complaint.

## SECOND CLAIM FOR RELIEF

### (Copyright Infringement – Unlawful Distribution of Copyrighted Work – Injunction 17 U.S.C. §106(3)

27. Defendants restate their responses to Paragraphs 1 through 26 as though fully set forth herein.

28. Defendants deny the allegations in Paragraph 28 of the First Amended Complaint.

29. Defendants deny the allegations in Paragraph 29 of the First Amended Complaint and also note that any claims for infringement of alleged derivative works have been dismissed.

30. Defendants deny the allegations in Paragraph 30 of the First Amended Complaint.

## THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

31. Defendants restate their responses to Paragraphs 1 through 30 as though fully set forth herein.

32. Defendants are without sufficient knowledge to form a belief as to the veracity of the allegations in Paragraph 32 of the First Amended Complaint and, therefore, deny the same.

33. Defendants are without sufficient knowledge to form a belief as to the veracity of the allegations in Paragraph 33 of the First Amended Complaint and, therefore, deny the same.

34. Defendants deny the allegations in Paragraph 34 of the First Amended Complaint.

35. Defendants are without sufficient knowledge to form a belief as to the veracity of the allegations in Paragraph 35 of the First Amended Complaint and, therefore, deny the same.

## FOURTH CLAIM FOR RELIEF

### (Accounting)

36. Defendants restate their responses to Paragraphs 1 through 35 as though fully set forth herein.

37. Defendants deny the allegations in Paragraph 37 of the First Amended Complaint.

38. Defendants deny the allegations in Paragraph 38 of the First Amended Complaint and also note that any claims for infringement of alleged derivative works have been dismissed.

39. Defendants deny the allegations in Paragraph 39 of the First Amended Complaint.

## FIFTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

40. Defendants restate their responses to Paragraphs 1 through 39 as though fully set forth herein.

41. Defendants deny the allegations in Paragraph 41 of the First Amended Complaint.

42. Defendants deny the allegations in Paragraph 42 of the First Amended Complaint.

43. Defendants deny the allegations in Paragraph 43 of the First Amended Complaint.

44. Defendants deny the allegations in Paragraph 44 of the First Amended Complaint.

## SIXTH CAUSE OF ACTION

### (Fraud against Trepp)

45. Defendants restate their responses to Paragraphs 1 through 44 as though fully set forth herein.

46. Defendants are deny the allegations in Paragraph 46 of the First Amended Complaint.

47. Defendants deny the allegations in Paragraph 47 of the First Amended Complaint.

48. Defendants deny the allegations in Paragraph 48.

::ODMA\PCDOCS\HLRNODOCS\665968\1

1  49. Defendants deny the allegations of Paragraph 49 of the First Amended Complaint.

2  50. Defendants deny the allegations of Paragraph 50 of the First Amended Complaint.

3  51. Defendants deny the allegations of Paragraph 51 of the First Amended Complaint.

## SEVENTH CAUSE OF ACTION

**(Breach of Contract)**

52. Defendants restate their responses to Paragraphs 1 through 51 as though fully set forth herein.

53. Defendants deny the allegations of Paragraph 53 of the First Amended Complaint.

54. Defendants are without sufficient knowledge to form a belief as to the veracity of the allegations in Paragraph 54 and, therefore, deny the same.

55. Defendants deny the allegations of Paragraph 55 of the First Amended Complaint.

56. Defendants deny the allegations of Paragraph 56 of the First Amended Complaint.

57. Defendants deny the allegations of Paragraph 57 of the First Amended Complaint.

## EIGHTH CAUSE OF ACTION

**(Misappropriation of Trade Secret)**

58. Defendants restate their responses to Paragraphs 1 through 58 as though fully set forth herein.

59. Defendants deny the allegations of Paragraph 59 of the First Amended Complaint.

60. Defendants deny the allegations of Paragraph 60 of the First Amended Complaint.

61. Defendants deny the allegations of Paragraph 61 of the First Amended Complaint.

62. Defendants deny the allegations of Paragraph 62 of the First Amended Complaint.

## NINTH CAUSE OF ACTION

**(Conversion)**

63. Defendants restate their responses to Paragraphs 1 to 62 as though fully set forth herein.

64. Defendants deny the allegations of Paragraph 64 of the First Amended Complaint.

65. Defendants deny the allegations of Paragraph 65 of the First Amended Complaint.

66. Defendants deny the allegations of Paragraph 66 of the First Amended Complaint.

67. Defendants deny the allegations of Paragraph 67 of the First Amended Complaint.

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

## TENTH CLAIM FOR RELIEF

### (Declaratory Relief Against United States)

68. Defendants restate their responses to Paragraphs 1 to 67 as though fully set forth herein.

69. Defendants are without sufficient knowledge to form a belief as to the veracity of the allegations in Paragraph 69 and, therefore, deny the same.

70. Defendants are without sufficient knowledge to form a belief as to the veracity of the allegations in Paragraph 70 and, therefore, deny the same.

71. Defendants are without sufficient knowledge to form a belief as to the veracity of the allegations in Paragraph 71 and, therefore, deny the same.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants are without sufficient knowledge to form a belief as to the veracity of the allegations in Paragraph 73 and, therefore, deny the same.

74. Defendants are without sufficient knowledge to form a belief as to the veracity of the allegations in Paragraph 74 and, therefore, deny the same.

### AFFIRMATIVE DEFENSES

As and for a separate defense, Defendants allege the following affirmative defenses:

1. The First Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

2. Without admitting that Defendants acted as alleged in the First Amended Complaint, Plaintiffs consented to the acts as alleged to have been committed by Defendants.

3. Without admitting that Plaintiffs are entitled to any damages whatsoever, any award to Plaintiffs should be reduced or precluded by reason of Montgomery's comparative bad faith.

4. Defendants allege that the damages, if any, suffered by Plaintiffs were caused in whole or in part, or were contributed to by reason of the negligence of Plaintiffs.

5. By the doctrine of estoppel and Montgomery's actions, Plaintiffs are estopped from asserting their claims against Defendants.

6. Plaintiffs' claims are barred under the doctrine of copyright misuse because Montgomery has misused the copyrights at issue in a manner violative of public policy.

::ODMA\PCDOCS\HLRNODOCS\665968\1

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

7.     Plaintiffs are barred from recovery by the doctrine of unclean hands.

8.     Plaintiffs' claims, including its claims of copyright infringement, misappropriation of trade secrets and conversion, are barred because any alleged use by Defendants of Plaintiffs' copyrights or other property allegedly violative of rights of plaintiffs was authorized by Montgomery and was pursuant to either an express or implied license.

9.     Plaintiffs' claims are barred because eTreppid is the owner of the software at issue that was either transferred to eTreppid by Montgomery by agreement or created by Montgomery within the scope of his employment while he was a member and/or officer of eTreppid or is otherwise a work made for hire.

10.    Plaintiffs have failed to register in the Copyright Office any of the alleged derivative works at issue and therefore are barred from instituting an action for infringement under the Copyright Act, 17 U.S.C. §411 .

11.    All acts and conduct, if any, and allegations made against Defendants were not the proximate cause of damages, if any, sustained by Plaintiffs.

12.    By the doctrines of waiver and acquiescence, any claims Plaintiffs may have had against Defendants are barred.

13.    By the doctrine of laches, any claim of Plaintiffs is barred by Plaintiffs delay in pursuing such claims.

14.    Defendants have satisfied any contractual obligations to Plaintiffs, or those obligations have been excused.

15.    Plaintiffs' claims are barred by the applicable statute of limitations.

16.    Plaintiffs' claims of misappropriation of trade secrets and conversion are preempted by the Copyright Act, 17 U.S.C. §301.

17.    To the extent that any of the claims made against Plaintiffs by Montgomery in the *eTreppid v. Montgomery, et. al.* matter, case number 3:06-cv-00145-PMP-VPC, also operate as affirmative defenses in this matter, Defendants incorporate those affirmative defenses as though fully set forth herein.

18.    Pursuant to the provisions of Rule 11 of the Rules of Civil Procedure, at the time of the

7

::ODMA\PCDOCS\HLRNODOCS\665968\1

filing of Defendants' Answer to the First Amended Complaint, all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and other relevant information may not have been available after reasonable inquiry, and therefore, Defendants reserve the right to amend this Answer to allege affirmative defenses if subsequent investigation warrants the same.

WHEREFORE, Defendants demand relief as follows:

1. That Montgomery take nothing by way of his First Amended Complaint and that the First Amended Complaint be dismissed with prejudice;

2. For reasonable attorney's fees;

3. For costs of said action; and

4. For such other and further relief as the Court deems just and proper.

DATED: This is the 14th day of September, 2007.

/s/
J. Stephen Peek, Esq. (Nevada Bar No. 1758)
Jerry M. Snyder, Esq. (Nevada Bar No. 6830)
Adam G. Lang, Esq. (Nevada Bar No. 10117)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

*Attorneys for Defendants eTreppid Technologies, LLC and Warren Trepp*

# PROOF OF SERVICE

I, Kimberly Blake, declare:

I am employed in the City of Reno, County of Washoe, State of Nevada, by the law offices of Hale Lane Peek Dennison and Howard. My business address is: 5441 Kietzke Lane, Second Floor, Reno, Nevada 89511. I am over the age of 18 years and not a party to this action. I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On September 14, 2007, I caused the foregoing **eTreppid Technologies, LLC and Warren Trepp's Answer to First Amended Complaint** to be:

  X     filed the document electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

*Fax No. 786-5044*
Lezlie@renofamilylaw.com
Ronald J. Logar, Esq.
Eric A. Pulver, Esq.
The Law Offices of Logar & Pulver
225 S. Arlington Avenue, Suite A
Reno, NV 89501

*Fax 310/500-3501*
Tpham@linerlaw.com; dklar@linerlaw.com; rlapine@linerlaw.com
Teri T. Pham, Esq.
Deborah A. Klar, Esq.
Ryan M. Lapine, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

*Fax No. 202/616-8470*
Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC 20044

*Fax No. 784-5181*
Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV 89501

*Fax 202/616-8470*
Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, D.C. 20044

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on September 14, 2007.

　　　　　　　　　　　　　　　　　　　　__/s/_____
　　　　　　　　　　　　　　　　　　　　Kim Blake

::ODMA\PCDOCS\HLRNODOCS\665968\1