# EXHIBIT "4"

Deborah A. Klar, Esq. (SBN: 124750)
Teri T. Pham, Esq. (SBN: 193383)
Shannon H. Anderson, Esq. (SBN: 240466)
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501

Attorneys for Plaintiffs
DENNIS MONTGOMERY,
BRENDA MONTGOMERY, and
THE MONTGOMERY FAMILY TRUST

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; BRENDA MONTGOMERY, an individual; and the MONTGOMERY FAMILY TRUST, a California revocable trust, <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL J. FLYNN, an individual, and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. BC375335 <br><br> [Assigned for all purposes to the Honorable Edward A. Ferns, Department 69] <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR WRIT OF POSSESSION; DECLARATIONS OF DENNIS MONTGOMERY AND TERI T. PHAM** <br><br> [Appendix of non-California Authorities, Application for Writ of Possesssion and Proposed Order filed concurrently] <br><br> Date:          October 18, 2007 <br> Time:          9:30 a.m. <br> Courtroom:  66 <br><br> Complaint Filed:  August 3, 2007 |

Plaintiffs Dennis Montgomery, Brenda Montgomery and the Montgomery Family Trust

respectfully submit the following Memorandum of Points and Authorities in support of their

Application for Writ of Possession filed concurrently herewith.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### INTRODUCTION

4     Attorney Michael J. Flynn is wrongfully withholding client files belonging to his former

5   clients, Dennis Montgomery, Brenda Montgomery and the Montgomery Family Trust ("the

6   Montgomery parties"), in violation of California law. Those files are presently being held at

7   Flynn's residence in Rancho Santa Fe, California where Flynn resides and practices law. Flynn's

8   sole purpose in retaining those files is to extort money from the Montgomery parties, which he

9   claims he is owed under some alleged oral fee agreement. California does not allow attorneys

10   performing functions in this state to take such abusive positions, and this Court should enter a

11   routine turnover order and Writ of Possession under these circumstances.

12

### II.

13

### STATEMENT OF FACTS

14     Until August of this year, the Montgomery parties were represented in a variety of legal

15   matters by attorney Michael J. Flynn and his colleagues in his California law firm of Flynn &

16   Stillman. Throughout that time, Flynn led the Montgomery parties to believe that he was

17   authorized to practice law in the State of California. Among other things, he resides in California,

18   and he maintained an office in California where he met with the Montgomery parties. See

19   Declaration of Dennis Montgomery ("Montgomery Decl.") at ¶3. Although he was admitted to

20   practice *pro hac vice* before a District Court in Nevada in connection with his representation of the

21   Montgomery parties on some litigation matters, all of his legal work was performed from his

22   offices in California, along with other California attorneys, see Exhibit A to Declaration of Teri T.

23   Pham ("Pham Decl."), and all of his pleadings listed a California address and telephone number.

24   See Exhibit A to Montgomery Decl. In addition, all of his invoices were sent from an address in

25   California, and all payments were remitted to California. See Exhibit B to Montgomery Decl.

26

27

28

1   Following disputes between the Montgomery parties and Flynn concerning his billing

2   practices and handling of the various legal matters,[1] Flynn filed a Motion to Withdraw as counsel

3   of record in the Nevada District Court.[2]  See Exhibit C to Montgomery Decl.  The Montgomery

4   parties immediately retained new counsel and thereafter learned for the first time that Flynn was

5   never licensed to practice law in California, and in fact, was *only* licensed to practice in the State of

6   Massachusetts.  See Montgomery Decl. at ¶7.

7   On August 1, 2007, the Montgomery parties terminated Flynn's representation of them in

8   all matters.  The Montgomery parties also demanded that Flynn return to them all client files in his

9   possession.  See Exhibit D to Montgomery Decl.  Flynn refused to do so, and instead, demanded

10  that the Montgomery parties pay him in excess of $600,000 before he would turn over the files.

11  See Montgomery Decl. at ¶8.  The Nevada District Court subsequently granted the Motion to

12  Withdraw subject to certain conditions requested by the United States Department of Defense ("US

13  DoD").  See Exhibit B to Pham Decl.

14  Flynn now claims that he has a right to retain the client files under Nevada law, despite the

15  fact that: (1) he was never licensed to practice in Nevada; (2) a number of the files pertain to

16  matters unrelated to the Nevada litigation, including business transactions in California and

17  investigations and proceedings in Washington DC; and (3) Flynn at all times resided in California

18  and maintained a law firm in California with other California attorneys.  Neither the law nor the

19  facts support Flynn's position and his continued withholding and ransom of the files is extremely

20  prejudicial to the Montgomery parties in light of the ongoing proceedings and transactions in

21  Nevada, California and Washington DC.  See Montgomery Decl. at ¶11.

22  The Montgomery parties have not yet made a specific request to any court for the return of

23  their files, and no court has specifically addressed this issue or Flynn's claimed right to retain those

24  ---

[1] The Montgomery parties disputed, and continue to dispute, the legal bills provided by Flynn,
25  which, among other things, the Montgomery parties believe are unreasonable and inaccurate, and
    contain inadequate descriptions in that they do not clearly state the basis of the bills, including the
26  amount, rate, basis for calculation, or other method of calculation.  The Montgomery parties have
    initiated arbitration proceedings against Flynn to resolve their fee dispute pursuant to California
27  Business & Professions Code Sections 6200 et seq.

28  [2]

1  files.  Other than the California arbitration proceeding regarding the parties' fee dispute, there is no

2  other action pending between these parties.  The Montgomery parties accordingly respectfully

3  request that this Court order Flynn to immediately turn over all of the Montgomery client files in

4  his possession.

### III.

### ARGUMENT

**A.    Flynn is Governed by California Law**

As a preliminary matter, even though he is licensed to practice only in Massachusetts, Flynn

is governed by California law.  The California Rules of Professional Conduct govern both attorneys

licensed by the State Bar of California **and** attorneys from other jurisdictions who engage in "the

performance of lawyer functions" in California:

> (1) As to members: These rules shall govern the activities of
> members in and outside this state, except as members lawfully
> practicing outside this state may be specifically required by a
> jurisdiction in which they are practicing to follow rules of
> professional conduct different from these rules.

> (2) *As to lawyers from other jurisdictions who are not members:*
> *These rules shall also govern the activities of lawyers while*
> *engaged in the performance of lawyer functions in this state;* but
> nothing contained in these rules shall be deemed to authorize the
> performance of such functions by such persons in this state except as
> otherwise permitted by law.

California Rules of Professional Conduct, Rule 1-100(D) (emphasis added).  As discussed above, at

all times, Flynn maintained, and continues to maintain, an office in California where he practices

with other California attorneys and performed "lawyer functions" for the Montgomery parties.  All

pleadings were prepared in California and served in California.  See Montgomery Decl. at ¶4.  All

fees were billed from California and paid in California.  See Montgomery Decl. at ¶5.  Flynn is

accordingly subject to the California Rules of Professional Conduct despite the fact that he is not,

and never was, authorized to practice law in the State of California.

**B.    The Montgomery Parties are Entitled to a Writ of Possession and Routine Turnover**
**Order.**

Pursuant to California Code of Civil Procedure § 512.010, a writ of possession may issue

upon: (1) a showing of the basis of the plaintiff's claim and that the plaintiff is entitled to

1   possession of the property claimed; (2) a showing that the property is wrongfully detained by the

2   defendant, of the manner in which the defendant came into possession of the property, and,

3   according to the best knowledge, information, and belief of the plaintiff, of the reason for the

4   detention; (3) a particular description of the property and a statement of its value; (4) a statement,

5   according to the best knowledge, information, and belief of the plaintiff, of the location of the

6   property and, if the property, or some part of it, is within a private place which may have to be

7   entered to take possession, a showing that there is probable cause to believe that such property is

8   located there; (5) a statement that the property has not been taken for a tax, assessment, or fine,

9   pursuant to a statute; or seized under an execution against the property of the plaintiff; or, if so

10  seized, that it is by statute exempt from such seizure.  See C.C.P. §512.010.  Motions for orders

11  compelling turnover of client files are "***routinely granted.***"  Vapnek, Tuft et al.., Professional

12  Responsibility at 10:337 (The Rutter Group 2006) (emphasis added).  Here, as discussed below, the

13  Montgomery parties clearly have a right to possession of their own client files, and Flynn is

14  wrongfully detaining those files in order to extort money from the Montgomery parties, in direct

15  violation of California law.

16       The California Rules of Professional Conduct mandate that a terminated attorney must

17  promptly release all client files at the client's request:

18            Papers, Property, and Fees.  A member whose employment has
          terminated shall:  (1) Subject to any protective order or non-
19          disclosure agreement, promptly release to the client, at the request of
          the client, all the client papers and property. "Client papers and
20          property" includes correspondence, pleadings, deposition transcripts,
          exhibits, physical evidence, expert's reports, and other items
21          reasonably necessary to the client's representation, ***whether the
          client has paid for them or not*** . . . .

22

23  California Rule of Professional Conduct, Rule 3-700(D) (emphasis added).

24       Indeed, the client's right to his files in California is so sacrosanct that California prohibits

25  possessory retaining liens of client files, ***even where a written retainer agreement between the***

26  ***attorney and the client creates such a consensual lien***.  Academy of California Optometrists, Inc.

27

28

1 | v. Superior Court, 51 Cal.App.3d 999, 1003-04 (1975).[3]  In that case, the Court of Appeal rejected

2 | an attorney's claim that he was entitled to retain his former client's files until receipt of payment

3 | based upon their written fee agreement, stating:

4 | > [The attorney] is in the untenable position of insisting upon the
5 | > exercise of his contractual right to damage his client's cause (the
   | > same cause which he hitherto espoused and which generated fees to
   | > him, both disputed and undisputed), unless the client pays him the
6 | > disputed fees in full and foregoes his right to honestly litigate the
   | > dispute.  The client's cause, sacred as it is to a member of the legal
7 | > profession, may not be so abused.

8 | Id. at 1005.  As the Court of Appeal explained:

9 | > [T]he papers are of no direct benefit to [the attorney] in his quest for
   | > unpaid fees . . . .  Their sole benefit to [the attorney] is the coercive
10 | > effect they will have on [the client, to whom] the papers are of
   | > substantial value, both tangible and in tangible.  Intangibly, they are
11 | > of presumed inestimable value in the preparation and trial of the case.
   | > Tangibly, their value is two-fold.  First, . . . the cost of duplicating the
12 | > great quantity of material in the court clerk's file is not trivial . . . .
   | > Second, materials in [the attorney's] file which are not available in
13 | > the court file may be indispensable to [the client's] ultimate success
   | > in the litigation;" thus there is an extreme potential dollar benefit to
14 | > [the client] which is lost if the papers are not surrendered.

15 | Id.  Similarly, here, Flynn has absolutely no grounds for abusing his clients' cause.  As the court in

16 | Academy of California Optometrists made clear, permitting Flynn to withhold client files here

17 | would "condone a violation of the . . . ethical duties owed by a lawyer to his client, contrary to the

18 | public policy of the state."  Id. at 1006.  California does not permit such behavior from those

19 | performing lawyer functions in this state, and Flynn should be ordered to immediately turn over his

20 | client files to the Montgomery parties.[4]  The Montgomery parties believe that those files are being

21 |

---

22 | [3] Furthermore, California law even prohibits a nonpossessory "charging" lien against a future judgment unless the attorney-client contract specifies that such a lien may be placed thereon or the attorney has a judgment against the client.  Cappa v. F & K Rock & Sand, Inc , 203 Cal.App.3d 172, 174-175 (1988); California Code of Civil Procedure 708.410.  Flynn does not have an agreement with the Montgomery parties for legal fees and he does not have a judgment against the Montgomery parties so he does not even qualify for a nonpossessory charging lien, let alone a possessory retaining lien.

26 | [4] While it is California's Rules of Professional Conduct that apply under these circumstances, even under Massachusetts' rules -- where Mr. Flynn is solely licensed -- Mr. Flynn would not be entitled to retain his clients' files.  Rule 1.16(d) of the Massachusetts Rules of Professional Conduct provides: "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client,
   | (Continued...)

1   maintained at Flynn's residence in Santa Fe, California, see Montgomery Decl. at ¶10, and they

2   have not been taken for a tax, assessment, or fine, pursuant to a statute, or seized under an

3   execution against the property of the plaintiff.

4        In an effort to avoid his duties under California law, Flynn now claims that he is governed

5   by Nevada law[5] simply because he occasionally made court appearances in the Nevada court.[6]

6   California's Rule of Professional Conduct 1-100(D) makes clear, however, that Flynn is in fact

7   governed by California's Rules of Professional Conduct, so long as he performs functions in this

8   state, which he has. Moreover, even under California's choice of law analysis, it is clear that Flynn

9   is governed by California's rules where he resides, maintains his office, and practices law.

10   California courts apply a three-step "governmental interest" analysis and will generally apply the

11   law of the forum absent a strong governmental interest of another jurisdiction. Reich v. Purcell, 67

12   Cal. 2d 551, 553 (1967); Kearney v. Salomon Smith Barney, Inc., 39 Cal. 4th 95, 107-108 (2006).

13   Under California's three-step analysis: (1) the court examines the substantive laws of each

14   jurisdiction to determine whether the laws differ as applied to the relevant transaction; (2) if the

15   laws do differ, the court must determine whether a true conflict exists in that each of the relevant

16   _____

17   (...Continued)

  allowing time for employment of other counsel, *surrendering papers and property to which the*
18   *client is entitled*, and refunding any advance payment of fee that has not been earned." Mass. R.
  Prof. Cond. 1.16(d) (emphasis added).

19

      Rule 1.16(e) of the Massachusetts Rules of Professional Conduct further provides: "A
20   lawyer must make available to a former client, within a reasonable time following the client's
  request for his or her file, the following: (1) all papers, documents, and other materials the client
21   supplied to the lawyer . . . . (2) all pleadings and other papers filed with or by the court or served by
  or upon any party . . . . (3) all investigatory or discovery documents for which the client has paid
22   the lawyer's out-of-pocket costs, including but not limited to medical records, photographs, tapes,
  disks, investigative reports, expert reports, depositions, and demonstrative evidence . . . (7)
23   *notwithstanding anything in this paragraph (e) to the contrary, a lawyer may not refuse, on*
  *grounds of nonpayment, to make available materials in the client's file when retention would*
24   *prejudice the client unfairly.*" Mass. R. Prof. Cond. 1.16(e) (emphasis added).

25   [5] Nevada law recognizes an attorneys' retaining lien under certain circumstances, but must
  counterbalance that lien with the right of the client to possession of his files and the attorneys'
26   obligation to avoid prejudice to his client. See In the Matter of Kaufman, 93 Nev. 452 (1977).

27   [6] The Nevada District Court does not regularly schedule hearings on motions and other
  proceedings. All motions are determined on the papers unless otherwise ordered by the Court and
28   out-of-state counsel may appear by telephone.

1   jurisdictions has an interest in having its law applied; and (3) if more than one jurisdiction has a

2   legitimate interest the court must identify and apply the law of the state whose interest would be

3   more impaired if its law were not applied. Id. Here, assuming a conflict does exist, it is clear that

4   California has a greater interest in applying its rules, and its interests would be more impaired

5   given that Flynn lives and works in California, and is misleading unwary clients to believe that he

6   is authorized to practice in California. This is particularly true in this case given that *the files are*

7   *located in California -- not Nevada.* The Court should accordingly issue the routine turnover order

8   so as to avoid any further prejudice to the Montgomery parties.

9                             **IV.**

10                     **CONCLUSION**

11       For all of the reasons set forth herein, the Court should issue a Writ of Possession in favor

12   of plaintiffs Dennis Montgomery, Brenda Montgomery, and the Montgomery Family Trust, and

13   issue an order directing defendant Michael J. Flynn to turn over all client files to the plaintiffs.

14   Dated: September 18, 2007           LINER YANKELEVITZ
                                      SUNSHINE & REGENSTREIF LLP

15

16                           By:

17                                  Teri T. Pham

18                                  Attorneys for Plaintiffs
                                 DENNIS MONTGOMERY,

19                                  BRENDA MONTGOMERY, and
                                 THE MONTGOMERY FAMILY TRUST

20

21

22

23

24

25

26

27

28

Case No. BC375335
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR WRIT OF POSSESSION

0039641/004/ 363553v01

## DECLARATION OF DENNIS MONTGOMERY

I, Dennis Montgomery, declare as follows:

1.     I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2.     In January 2006, I was introduced to attorney Michael J. Flynn to represent me in connection with proceedings in Nevada.

3.     Mr. Flynn led me to believe at that time and throughout the course of his representation that he was a California attorney, and I believed that I was engaging a California lawyer to represent me. Specifically, he told me he had a law firm, Flynn & Stillman, in California, and I met with him at his offices in Cardiff, California.

4.     All of the pleadings and papers he filed in the Nevada courts listed a California address and telephone number. True and correct sample copies of some of those pleading captions are attached to this declaration as Exhibit A.

5.     In addition, all of his invoices were sent from California, and all payments were remitted to California. True and correct redacted sample copies of Flynn & Stillman's invoices without description are attached to this declaration as Exhibit B.

6.     Following disputes between Mr. Flynn and me concerning his billing practices and handling of the various legal matters, Mr. Flynn filed a Motion to Withdraw as counsel of record for me in the Nevada District Court. A true and correct copy of the Motion to Withdraw is attached to this declaration as Exhibit C.

7.     I immediately thereafter retained new counsel and I learned for the first time that Mr. Flynn was never licensed to practice law in California, but was in fact *only* licensed to practice in the State of Massachusetts. At no time did Mr. Flynn ever inform me that he was not and is not licensed to practice in the State of California.

8.     On August 1, 2007, I sent Mr. Flynn and his colleagues a notice of termination of representation in all matters. I also demanded that Mr. Flynn return to all of my client files in his possession. A true and correct copy of my August 1, 2007 notice is attached to this declaration as

1  Exhibit D. Mr. Flynn refused to do so, and instead, demanded that I pay him in excess of $600,000

2  before he would turn over the files.

3      9.      Mr. Flynn and the firm of Flynn & Stillman also represented me in other legal

4  matters unrelated to the lawsuits in Nevada, such as business and contract issues relating to

5  transactions in California, and legal proceedings in Washington DC.

6      10.     I believe that Mr. Flynn has since separated from his former law firm and he now

7  maintains a separate practice in Rancho Santa Fe, California at the address listed on his Motion to

8  Withdraw, where he maintains all of my client files. I believe that he also resides in Rancho Santa

9  Fe, California with his fiance, California attorney Carla DiMare, who has also appeared as an

10  attorney on my behalf.

11     11.     I have suffered significant prejudice in connection with the transactions and

12  proceedings in California, Nevada, and Washington DC as a result of Mr. Flynn's refusal to turn

13  over my files to me, and I will continue to suffer prejudice unless Mr Flynn is ordered to turn over

14  my client files to me immediately.

15      I declare under penalty of perjury under the laws of the State of California that the

16  foregoing is true and correct.

17      Executed this 12 day of September, 2007, in Bellevue, WA.

18

19      _____
        Dennis Montgomery

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR WRIT OF POSSESSION

0039641/004/362576v02

# EXHIBIT "A"

1  Ronald J. Logar --State Bar No. 303
   Eric Pulver--State Bar No. 7874
2  LAW OFFICE OF LOGAR & PULVER, PC
   225 S. Arlington Ave., Ste. A
3  Reno, NV 89501
   Tel:    (775) 786-5040
4  Fax:    (775) 786-7544

5  Michael J. Flynn, admitted *pro hac vice*
   Philip H. Stillman, admitted *pro hac vice*
6  FLYNN & STILLMAN
   224 Birmingham Drive, Suite 1A4
7  Cardiff, CA 92007
   Tel:    (888) 235-4279
8  Fax:    (888) 235-4279

9  Attorneys for Defendant DENNIS MONTGOMERY and Counterclaimants DENNIS MONTGOMERY
   and the MONTGOMERY FAMILY TRUST, a California Trust.
10

                FILED

        2006 FEB 17  PM 4: 18

        RONALD A. LONGTIN, JR.

        BY____ J. Sheets
                DEPUTY


        U.S. ATTORNEY, Reno, Nev

        FEB 23 2006

        RECEIVED

11         IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

12                    IN AND FOR THE COUNTY OF WASHOE

13  ETREPPID TECHNOLOGIES, INC., a      )  CASE NO.:    CV 06-0114
    California corporation,              )
14                                       )
                   Plaintiff,            )  ANSWER to FIRST AMENDED COMPLAINT and
15                                       )  FIRST AMENDED COUNTERCLAIM FOR:
            vs.                          )
16                                       )  1.    DECLARATORY JUDGMENT;
    DENNIS MONTGOMERY, and individual;   )  2.    ACCOUNTING;
17  THE MONTGOMERY FAMILY TRUST;         )
    DENNIS MONTGOMERY and BRENDA         )
18  MONTGOMERY as Trustees of THE        )
    MONTGOMERY FAMILY TRUST; and         )
19  DOES 1 THROUGH 20,                   )
                                         )
20                 Defendants.           )
    _____ )
21                                       )
    DENNIS MONTGOMERY, an individual;    )
22  and MONTGOMERY FAMILY TRUST, a       )
    California Trust,                     )
23                 Counterclaimants,     )
                                         )
24          vs.                          )
                                         )
25  eTREPPID TECHNOLOGIES, INC., a       )
    California corporation, aka eTreppid )
26  Technologies, LLC, a Nevada LLC;     )
    WARREN TREPP, an individual;         )
27  DEPARTMENT OF DEFENSE of the         )
    UNITED STATES OF AMERICA and DOES    )
28  1 through 10,                        )
                   Counterdefendants.    )
    _____ )

1

Ronald J. Logar --State Bar No. 303
Eric Pulver--State Bar No. 7874
LAW OFFICE OF LOGAR & PULVER, PC
225 S. Arlington Ave., Ste. A
Reno , NV 89501
Tel:    (775) 786-5040
Fax:    (775) 786-7544

2

3

4

5

Michael J. Flynn, Mass. State Bar No.
Philip H. Stillman, California State Bar No. 152861
FLYNN & STILLMAN
224 Birmingham Drive, Suite 1A4
Cardiff, CA 92007
Tel:    (888) 235-4279
Fax:    (888) 235-4279
(Application for Admission Pro Hac Vice forthcoming)

6

7

8

9

Attorneys for Plaintiff DENNIS MONTGOMERY, an individual
and MONTGOMERY FAMILY TRUST,
a California Trust

10

11

## UNITED STATES DISTRICT COURT

12

### FOR THE DISTRICT OF NEVADA

13

14

CV-06 00056

15

16

17

18

19

20

21

22

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust,<br><br>Plaintiff,<br><br>vs.<br><br>eTREPPID TECHNOLOGIES, LLC., a Nevada Limited Liability Company; WARREN TREPP, an individual; and DOES 1 through 10,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br>2. COPYRIGHT INFRINGEMENT BY DISTRIBUTION;<br>3. DECLARATORY JUDGMENT;<br>4. ACCOUNTING;<br>5. BREACH OF FIDUCIARY DUTY;<br>6. FRAUD;<br>7. BREACH OF CONTRACT;<br>8. MISAPPROPRIATION OF TRADE SECRETS;<br>9. CONVERSION. |

23

24

25

26

27

1   Ronald J. Logar --State Bar No. 303
    Eric Pulver--State Bar No. 7874
2   LAW OFFICE OF LOGAR & PULVER, PC
    225 S. Arlington Ave., Ste. A
3   Reno , NV 89501
    Tel: (775) 786-5040; Fax: (775) 786-7544

4
    Michael J. Flynn, Mass. State Bar No. 172780
5   Philip H. Stillman, California State Bar No. 152861
    FLYNN & STILLMAN
6   224 Birmingham Drive, Suite 1A4
    Cardiff, CA 92007
7   Tel: (888) 235-4279; Fax: (888) 235-4279
    (Application for Admission Pro Hac Vice)

8
    Attorneys for Defendant DENNIS MONTGOMERY and
9   Counterclaimant MONTGOMERY FAMILY TRUST, a California Trust.

10              UNITED STATES DISTRICT COURT

11           FOR THE DISTRICT OF NEVADA (RENO)

12  DENNIS MONTGOMERY, an individual; and        Case No: CV-N-06-00056- BES-VPC
13  MONTGOMERY FAMILY TRUST, a
    California Trust,
14                    Plaintiffs,

15              vs.

16  eTREPPID TECHNOLOGIES, INC.,
    a Nevada LLC; WARREN TREPP, an
    individual; DEPARTMENT OF DEFENSE
17  of the UNITED STATES OF AMERICA
    and DOES 1 through 10,
18                    Defendants.

19  ETREPPID TECHNOLOGIES, INC., a              Case No: CV-N-06-00145- BES-VPC
    Nevada Limited Liability Company,
20                    Plaintiffs,

21              vs.
    DENNIS MONTGOMERY, THE
22  MONTGOMERY FAMILY TRUST, DENNIS
    MONTGOMERY AND BRENDA
    MONTGOMERY as Trustee of the Montgomery
23  Family Trust, and DOES 1-20
    individual, and DOES 1 THROUGH 20,
24                    Defendants.

25  NOTICE OF MOTION AND MOTION BY DENNIS  MONTGOMERY AND THE
26  MONTGOMERY FAMILY TRUST TO CONSOLIDATE UNITED STATES DISTRICT
    COURT, DISTRICT OF NEVADA, CASES CV-00145-BES-VPC & CV00056-BES-VPC.
27

28      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: Please take notice that

1  **Michael J. Flynn, Mass. State Bar No.172780**
   P.O. Box 690, 6125 El Tordo
2  Rancho Santa Fe, CA 92067
   Tel:   (858) 775-7624;Fax:   (858) 759-0711
3  *Admitted Pro Hac Vice*

4

5  # UNITED STATES DISTRICT COURT

6  # DISTRICT OF NEVADA

7

8  DENNIS MONTGOMERY, and the                    )
   MONTGOMERY FAMILY TRUST,                      )        3:06-CV-00056-PMP-VPC
                                                 )        **BASE FILE**
9        Plaintiffs,                             )
                                                 )        3:06-CV-00145-PMP-VPC
10  v.                                           )
                                                 )
11  ETREPPID TECHNOLOGIES, LLC,                  )   **DECLARATION OF MICHAEL FLYNN**
    WARREN TREPP, and the UNITED                 )   **IN SUPPORT OF HIS MOTION FOR**
12  STATES DEPARTMENT OF DEFENSE,                )   **PAYMENT OF FEES AND COSTS**
                                                 )
13       Defendants.                             )
                                                 )
14  _____          )
    AND ALL RELATED MATTERS.                     )
15  _____          )

16

17       I, Michael J. Flynn, declare:

18  1.    I am an attorney licensed to practice in the state of Massachusetts. I have appeared pro hac

19       vice as counsel for Dennis Montgomery, individually and as Trustee of the Montgomery

20       Family Trust, Brenda Montgomery, as Trustee of the Montgomery Family Trust, and the

21       Montgomery Family Trust, (hereinafter "Montgomery"), in the above captioned related

22       cases, 3:06-cv-0056 and 3:06-cv-00145, and 3:06-cv-0263. I have personal knowledge of

23       the facts stated herein, and if called as a witness, I could and would testify competently to

24       them. I file this declaration in support of my Motion for Payment of Fees and Costs.

25  2.    Except for the filing of a suit against me by the Montgomerys in Los Angeles Superior

26       Court, filed by the attorneys on the payroll of Edra Blixseth, I would not be making this

27       Declaration with the points and facts I am raising. But I must defend myself in that action.

28       As recited herein, I believe that the underlying issues in that case are the same as those here

         in connection with this Motion.

1    comprehensive motions, briefings and memos on numerous matters.

2    (f) I am a lawyer with 37 years experience in complex litigation matters who has litigated

3    cases in many parts of the United States. The skill required in these cases demanded

4    virtually my full time and attention as well as the use of the skills and experience acquired

5    throughout my career.

6    (g) I forsook other opportunities to represent the Montgomerys, as did attorney DiMare.

7    (h) The customary fee charged in these matters for a lawyer of my skill and experience is

8    between $600 and $800 per hour for me; and $400 to $600 for my colleagues including Ms.

9    DiMare. I charged a discounted rate of $400 per hour and Ms. DiMare charged a discounted

10    rate of $300.00.

11    (i) The fee was hourly and agreed upon with oral and written promises to pay.

12    (j) There were numerous court required time limitations and constraints in which my

13    schedule was devoted to meeting said time requirements.

14    (k) I am a lawyer with 37 years experience in litigating successfully numerous high profile

15    cases. I have enjoyed a reputation as a skilled, experienced, successful lawyer of integrity

16    and honesty. I consider my trial and cross examination skills equal to that of any lawyer in

17    the United States.

18    (l) The case became extremely visible in the media, my client's media involvement was

19    initially directed by Edra Blixseth, and difficult issues arose requiring large amounts of

20    attorney time.

21    (m) The professional relationship with the client spanned a period over 18 months.

22    (n) I have achieved numerous successful results in other high profile matters.

23  21.   I will provide a substantially more detailed statement relative to the points recited in the

24    foregoing paragraph after Montgomery has responded to this Motion in order to avoid

25    prejudice to Montgomery.

26

27  Signed under the pains and penalties of perjury under the laws of the State of Nevada and of the

28  United States this 21st, day of August, 2007 in Rancho Santa Fe, California..

1

2                                                    /S/_____

3                                                         Michael J. Flynn

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

# EXHIBIT "B"

### FLYNN & STILLMAN

*P.O. Box 690, Rancho Santa Fe, California 92067*
*Telephone 858-759-7000  Facsimile 858-759-0711*

## STATEMENT OF PROFESSIONAL SERVICES
### January 01 – April 07, 2006
*Montgomery/*

Invoice Submitted to:

Invoice No. 001



| ATTORNEY TIME KEEPER SUMMARY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Michael J Flynn, Sr | | | |
| Philip H Stillman | | | |
| Al Rava | | | |

**TOTAL LEGAL FEES**
**TOTAL COSTS ADVANCED**    

**TOTAL INVOICE**    

**TOTAL BALANCE DUE**    

10

# FLYNN & STILLMAN

*P O Box 690, Rancho Santa Fe, California 92067*
*Telephone 858-759-7000  Facsimile 858-759-0711*

## STATEMENT OF PROFESSIONAL SERVICES
### April 07 – May 31, 2006
*Montgomery vs. eTreppid Technologies*

Invoice Submitted to:

Invoice No. 002

Mr. Dennis Montgomery

| ATTORNEY TIME KEEPER SUMMARY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Michael J. Flynn, Sr | ▮▮▮ | ▮▮▮▮▮ | ▮▮▮▮▮ |
| Philip H. Stillman | ▮▮▮ | ▮▮▮▮▮ | ▮▮▮▮ |
| Carla A. DiMare | ▮▮▮ ▮▮▮▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮▮▮ |
| Al Rava | ▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮▮ |
| | | | |

**TOTAL LEGAL FEES**
**TOTAL COSTS ADVANCED**           ▮▮▮▮▮▮
**TOTAL INVOICE**

**TOTAL BALANCE DUE**              ▮▮▮▮▮

## FLYNN & STILLMAN
*P O Box 690. Rancho Santa Fe, California 92067*
*Telephone 858-759-7000  Facsimile 858-759-0711*

# STATEMENT OF PROFESSIONAL SERVICES
### June 01 – June 30, 2006
*Montgomery vs. eTreppid Technologies*

Invoice Submitted to:

Mr. Dennis Montgomery

Invoice No. 003

| ATTORNEY TIME KEEPER SUMMARY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Michael J. Flynn, Sr | ▇ | ▇ | ▇ |
| Philip H. Stillman | ▇ | ▇ | ▇ |
| Carla A. DiMare | ▇ | ▇ | ▇ |
| Al Rava | ▇ | ▇ | ▇ |
|  |  |  |  |

**TOTAL LEGAL FEES**
**TOTAL COSTS ADVANCED**
**TOTAL INVOICE**



## FLYNN & STILLMAN

*P O Box 690, Rancho Santa Fe, California 92067*
*Telephone 858-759-7000  Facsimile 858-759-0711*

# STATEMENT OF PROFESSIONAL SERVICES
## July 01 – July 31, 2006
### *Montgomery vs. eTreppid Technologies*

Invoice Submitted to:

Invoice No. 004

Mr. Dennis Montgomery

| ATTORNEY TIME KEEPER SUMMARY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Michael J. Flynn, Sr | ▓▓▓▓ | ▓▓▓▓▓▓▓ | ▓▓▓▓▓ |
| Philip H. Stillman | ▓▓▓ | ▓▓▓▓▓▓▓ | ▓▓▓▓ |
| Carla A. DiMare | ▓▓▓ | ▓▓▓▓▓▓ | ▓▓▓▓ |
| Al Rava | ▓▓▓▓ | ▓▓▓▓▓▓▓ | ▓▓▓▓▓ |
| | | | |

**TOTAL LEGAL FEES**
**TOTAL COSTS ADVANCED**
**TOTAL INVOICE**



**FLYNN & STILLMAN**
*P O Box 690, Rancho Santa Fe, California 92067*
*Telephone 858-759-7000 Facsimile 858-759-0711*

# STATEMENT OF PROFESSIONAL SERVICES
### Through October 31, 2006
*Montgomery vs. eTreppid Technologies*

Invoice Submitted to:

Invoice No. 006

Mr. Dennis Montgomery

| ATTORNEY TIME KEEPER SUMMARY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Michael J. Flynn, Sr | ▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓ |
| Philip H. Stillman | ▓▓ | ▓▓▓▓▓ | ▓▓▓▓ |
| Carla A. DiMare | ▓▓▓ | ▓▓▓▓▓ | ▓▓▓▓ |
| Al Rava | ▓▓ | ▓▓▓▓▓ | ▓▓▓▓ |
| | | | |

**TOTAL LEGAL FEES**
**TOTAL COSTS ADVANCED**               ▓▓▓▓▓
(note: no costs for telephone, copying etc.)

**TOTAL INVOICE**                      ▓▓▓▓▓

**TOTAL BALANCE DUE**                  ▓▓▓▓▓

14

### FLYNN & STILLMAN
*P O  Box 690. Rancho Santa Fe, California 92067*
*Telephone 858-759-7000  Facsimile 858-759-0711*

## STATEMENT OF PROFESSIONAL SERVICES
### Through November 30, 2006, 2006
*Montgomery vs. eTreppid Technologies*

Invoice Submitted to:

Invoice No  007

Mr. Dennis Montgomery

**ATTORNEY**
**TIME KEEPER SUMMARY**

| ATTORNEY | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|
| Michael J. Flynn, Sr | ▮▮▮ | ▮▮▮▮▮ | ▮▮▮▮▮ |
| Philip H. Stillman | ▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮▮ |
| Carla A. DiMare | ▮▮▮ | ▮▮▮▮▮ | ▮▮▮▮ |
| Al Rava | ▮▮▮▮ | ▮▮▮▮▮▮▮ | ▮▮▮▮▮ |
|  |  |  |  |

**TOTAL LEGAL FEES**
**TOTAL COSTS ADVANCED**
(note: no costs for telephone, copying etc.)



**TOTAL INVOICE**



**TOTAL BALANCE DUE**

ATTORNEY TIME RECORD

| RE: | Montgomery vs. eTreppid Technologies | | |
|---|---|---|---|
| DATE | DESCRIPTION | ATTY | TIME |
| ▮▮▮ | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | ▮▮ | ▮▮ |

# EXHIBIT "C"

1  | Michael J. Flynn, Mass. State Bar No.172780
   | P.O. Box 690, 6125 El Tordo
2  | Rancho Santa Fe, CA 92067
   | Tel:   (858) 775-7624;Fax:   (858) 759-0711
3  | *Admitted Pro Hac Vice*
   | Carla A. DiMare, Mass. State Bar No. 553432
4  | LAW OFFICE OF CARLA DIMARE
   | P.O. Box 1668
5  | Rancho Santa Fe, CA 92067
   | Tel:   (858)775-0707; Fax:   (858)756-2859
6  | *Admitted Pro Hac Vice*
   | Attorneys for Plaintiff DENNIS MONTGOMERY, THE MONTGOMERY FAMILY TRUST, AND
7  | THE TRUSTEES OF THE MONTGOMERY FAMILY TRUST.

8  **UNITED STATES DISTRICT COURT**

9  **DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY, and the MONTGOMERY FAMILY TRUST, | ) 3:06-CV-00056-PMP-VPC |
| | ) **BASE FILE** |
| Plaintiffs, | ) |
| | ) 3:06-CV-00145-PMP-VPC |
| v. | ) |
| | ) **EX PARTE MOTION TO WITHDRAW** |
| ETREPPID TECHNOLOGIES, LLC, | ) **AS COUNSEL FOR MONTGOMERY.** |
| WARREN TREPP, and the UNITED | ) |
| STATES DEPARTMENT OF DEFENSE, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| AND ALL RELATED MATTERS. | ) |
| | ) |

19    TO ALL PARTIES AND ATTORNEY OF RECORD: Attorney Michael Flynn and Attorney

20  Carla DiMare (and the Law Office of Carla DiMare), (hereinafter "counsel"), who were admitted pro

21  hac vice in the above captioned cases, move this Court for an Order allowing them to withdraw

22  forthwith from representing Dennis Montgomery, individually and as Trustee of the Montgomery

23  Family Trust, Brenda Montgomery as Trustee of the Montgomery Family Trust, and the Montgomery

24  Family Trust (hereinafter collectively "Montgomery"), in the above captioned cases and the related

25  search warrant matter, 3:06-cv-0263.  Montgomery would not consent to withdrawal, and no new

26  Montgomery attorney has contacted counsel, necessitating this ex parte motion.

27    This motion is made on the grounds that "good cause" exists for granting this motion.  *See e.g.*

28  *Page v Walser*, 46 Nev. 390 (1923)[attorney can withdraw for good cause]. Counsel has always fully

and diligently performed the services for which they were retained, as the record and pleadings clearly

1 reflect. Montgomery "has breached an obligation for the payment of fees," and "has engaged in
2 conduct that has made continued representation unreasonably difficult." (Attorney Declarations, filed
3 herewith). The best interest of justice and these cases will be served by allowing withdrawal forthwith
4 and GRANTING this motion.

5      Notice has been given as required by law. Montgomery has been served with a copy of all
6 moving papers related to this withdrawal motion via e-mail at his current e-mail address and U.S.
7 mail. (See Atty. Declarations, filed herewith; Certificate of Service). Also, he is still represented by
8 and in communication with local counsel, Logar & Pulver, which has been served with these moving
9 papers, along with all other parties who have appeared in these cases. (Certificate of Service).

10      Nevada Supreme Court Rule 173 states in pertinent part that ". . . a member of the state bar,
11 . . . may withdraw at any time with the consent of the client but if the consent of the client cannot be
12 obtained then he should obtain the approval of the court for his withdrawal." Counsel gave written
13 notice to Montgomery of a Notice of Intent to Withdraw, which gave Montgomery reasonable time
14 to find substitute counsel. However, in response to that said Notice, Montgomery said he would not
15 consent to withdrawal. If Montgomery claims he needs additional time to engage substitute
16 attorney(s), this Court should not require counsel to remain in the case without full payment made by
17 Montgomery forthwith to counsel. Alternatively, if Montgomery claims he needs more time to engage
18 substitute attorneys, this Court should GRANT this motion and grant Montgomery additional time to
19 engage replacement counsel, if any.

20      Counsel has taken "reasonable steps to avoid reasonably forseeable prejudice" to Montgomery.
21 See A.B.A. Rule 2.110 A-2 ["In any event, a lawyer should not withdraw . . . until he has taken
22 reasonable steps to avoid foreseeable prejudice to the rights of his client, allowing time for employment
23 of other counsel, delivering to the client all papers and property to which the client is entitled, and
24 complying with the applicable laws and rules."] Again, counsel gave written notice to Montgomery
25 of a Notice of Intent to Withdraw, which gave Montgomery reasonable time to engage substitute
26 attorney(s). Counsel also communicated both orally and in writing to local counsel that they would
27 help in a smooth transition, and, in fact, has already begun to deliver Montgomerys' papers and
28 property in these cases. As the Court may know, Montgomery has had two local counsel in Reno,

1

1 | Nevada, Ron Logar and Eric Pulver, who have attending all court hearings, and have had their finger
2 | on the pulse of these cases, so Montgomery has representation.

3 |     Additionally, counsel has taken reasonable steps to avoid prejudice to Montgomery if substitute
4 | counsel, if any, files an appearance. At this time there are no deadlines and nothing is due, except
5 | possibly Montgomery's Answer to eTreppid's 2nd Amended Complaint, which Logar & Pulver will
6 | complete and file. In addition, as the Court knows, discovery is currently stayed and has been stayed
7 | since September 26, 2006. Discovery had barely begun when discovery was "stayed," and no
8 | depositions have ever been taken in these cases. Also, due to a series of events reflected in the
9 | pleadings, the District Judge was not assigned to this case until March 2007, and, significantly, no trial
10 | date has been set. *See e.g. Dorsey v. Payne*, 44 Fed.Appx. 164, 167 (9th cir. 2002)[district court abused
11 | its discretion by not granting a continuance on the eve of trial for the defendant to find substitute
12 | counsel]. The important issues involving the state secrets and proposed protective order were already
13 | fully briefed by counsel. Accordingly, this litigation is truly in its nascent stages and there will be no
14 | prejudice to Montgomery if this motion is granted. Conversely, the best interests of justice and these
15 | cases would be prejudiced by not granting this motion.

16 |     For the above reasons, attorney Michael Flynn and attorney Carla DiMare respectfully request
17 | that they be allowed to completely withdraw forthwith. A proposed Order is attached.

18 |                     Respectfully submitted,

19 |
20 |                     _____
21 | Dated: July ____, 2007         Michael J. Flynn, Esq.
22 |                     Carla DiMare, Esq.
23 |
24 |
25 |
26 |
27 |
28 |

**CERTIFICATE OF SERVICE**

I, Carla A. DiMare, declare: I am an attorney admitted pro hac vice in the United States District Court of Reno in the related civil cases, U.S.D. Reno, No. 3:06-CV-00056 and 3:06-CV-000145   I am over the age of 18 years and not a party to this action.

I am familiar with the practice for the collection of mail, delivery of hand-deliveries, process of facsimile, and the practice of mailing.

On July ____, 2007, I caused the foregoing document (Ex Parte Motion to Withdraw, and this Certificate of Service), to be mailed to the following persons and/or entities:

Attorneys Stephen Peek & Jerry Snyder
HALE LANE
5441 Kietzke Lane, 2nd Fl.
Reno, NV 89511

Attorney Carlotta P. Wells,
U.S. DEPT. OF JUSTICE
P.O. Box 883
Washington, D.C.  20044

Dennis Montgomery
Montgomery Family Trust
Opspring, LLC
600 106TH Ave. N.E., No. 210
Bellevue, WA 98004-5043
(Also sent via e-mail)

Ronald J. Logar, Esq.
Eric Pulver, Esq.\
LAW OFFICE OF LOGAR & PULVER, PC
225 S. Arlington Ave., Ste. A
Reno, NV  89501
(Also sent via e-mail)

_/S/_____
Attorney Carla DiMare

3

# EXHIBIT "D"

*Office of Dennis and Brenda Montgomery and Montgomery Family Trust*

August 1, 2007

**Via PDF [mjfbb@msn.com and cdimare@worldnet.att.net]**
**and Facsimile (858) 759-0711, (888) 235-4279 and (858) 756-2859**

Michael J. Flynn, Esq.
Flynn & Stillman
224 Birmingham Drive, Ste. 1A4
Cardiff, California 92007-1743

PO Box 690
6125 El Tordo
Rancho Santa Fe, California 92067

Carla A. DiMare, Esq.
Law Office of Carla Dimare
P.O. Box 1668
Rancho Santa Fe, California 92067

Dear Michael and Carla:

Please allow this letter to serve as formal notice that we are hereby terminating your representation of us in all matters, effective immediately. Please do no further work in connection with any matter in which you have represented us, and file no further documents with any Court or make any representations to any third party on our behalf. Please also immediately return to us any and all files, papers, records and other things in your possession relating to your representation of us in connection with any matter.

Very truly yours,

Dennis Montgomery and Brenda Montgomery,
Individually and as Trustees of the Montgomery Family Trust

## DECLARATION OF TERI T. PHAM

I, Teri t. Pham, declare as follows:

1.     I am an attorney licensed to practice in the State of California and admitted *pro hac vice* to appear before this Court. I am a partner with the law firm of Liner Yankelevitz Sunshine & Regenstreif LLP, counsel of record for Dennis Montgomery, Brenda Montgomery, and The Montgomery Family Trust ("the Montgomery Parties") in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.     Attached to this Declaration as Exhibit A are true and correct copies of information I printed from the State Bar of California website showing that attorneys Carla Di Mare, Al Rava and Philip Stillman, who also appear on the Flynn & Stillman invoices, are all licensed to practice in the State of California, with addresses in California.

3.     Attached to this Declaration as Exhibit B is a true and correct copy of the District Court for the District of Nevada's ("Nevada Court") Order granting attorneys Michael J. Flynn's and Carla Di Mare's motion to withdraw as counsel.

4.     Attached to this Declaration as Exhibit C is a true and correct copy of the Montgomery Parties' Response To Michael J. Flynn's Unauthorized Sur-Reply And Supplemental Declaration In Support Of Motion To Withdraw.

5.     On September 11, 2007, the Nevada Court issued an Order requiring the parties to comply with Federal Rule of Civil Procedure 16 and Nevada Local Rule 16-2, which among other things, requires the parties to meet and confer and submit a detailed discovery plan and scheduling

///

///

///

1   order. A true and correct copy of the Nevada Court's September 11, 2007 Order is attached to this

2   Declaration as Exhibit D..

3       I declare under penalty of perjury under the laws of the State of California that the

4   foregoing is true and correct.

5       Executed this 18th day of September, 2007, in Los Angeles, California.

6

7                                         _____
                                                    Teri T. Pham
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR WRIT OF POSSESSION

# EXHIBIT "A"

ATTORNEY SEARCH

## Carla A DiMare - #182906

### Current Status: Active

This member is active and may practice law in California

See below for more details

### Profile Information

| | | | |
|---|---|---|---|
| Bar Number | 182906 | | |
| Address | P O Box 1668<br>Rancho Santa Fe, CA 92067-1668 | Phone Number | (858) 775-0707 |
| | | Fax Number | (858) 756-2859 |
| | | e-mail | Not Available |
| District | District 9 | Undergraduate School | Boston Coll; Chestnut Hill I |
| County | San Diego | Law School | New England SOL; Boston |
| Sections | None | | |

### Status History

| Effective Date | Status Change |
|---|---|
| Present | Active |
| 6/10/1996 | Admitted to The State Bar of California |

Explanation of member status

### Actions Affecting Eligibility to Practice Law

#### Disciplinary and Related Actions
This member has no public record of discipline

#### Administrative Actions
This member has no public record of administrative actions

Start New Search >

Contact Us      Site Map      Privacy Policy      Notices      © 2007 The State Bar of California

ATTORNEY SEARCH

## Alfred Gerard Rava - #188318

### Current Status: Active

This member is active and may practice law in California.

See below for more details.

### Profile Information

| | | | |
|---|---|---|---|
| Bar Number | 188318 | | |
| Address | The Rava Law Firm | Phone Number | (619) 238-1993 |
| | 3667 Voltaire St | Fax Number | (619) 374-7288 |
| | San Diego, CA 92106 | e-mail | alrava@cox.net |
| | | | |
| District | District 9 | Undergraduate School | Penn State Univ; Universit |
| County | San Diego | Law School | California Western SOL; S |
| Sections | None | | |

### Status History

| Effective Date | Status Change |
|---|---|
| Present | Active |
| 6/5/1997 | Admitted to The State Bar of California |

Explanation of member status

### Actions Affecting Eligibility to Practice Law

#### Disciplinary and Related Actions
This member has no public record of discipline.

#### Administrative Actions
This member has no public record of administrative actions.

Start New Search >

Contact Us    Site Map    Privacy Policy    Notices    © 2007 The State Bar of California

http://members.calbar.ca.gov/search/member_detail.aspx?x=188318                8/14/2007

ATTORNEY SEARCH

# Philip Harris Stillman - #152861

## Current Status: Active

This member is active and may practice law in California

See below for more details.

## Profile Information

| | | | |
|---|---|---|---|
| Bar Number | 152861 | | |
| Address | Flynn & Stillman | Phone Number | (888) 235-4279 |
| | 224 Birmingham Dr Ste 1A4 | Fax Number | (888) 235-4279 |
| | Cardiff, CA 92007-1743 | e-mail | Not Available |
| | | | |
| District | District 9 | Undergraduate School | Brandeis Univ; Waltham M |
| County | San Diego | Law School | Boston Univ SOL; Boston I |
| Sections | Litigation | | |

## Status History

| Effective Date | Status Change |
|---|---|
| Present | Active |
| 6/13/1991 | Admitted to The State Bar of California |

Explanation of member status

## Actions Affecting Eligibility to Practice Law

### Disciplinary and Related Actions
This member has no public record of discipline

### Administrative Actions
This member has no public record of administrative actions

Start New Search >

Contact Us     Site Map     Privacy Policy     Notices     © 2007 The State Bar of California

# EXHIBIT "B"

1

2                    UNITED STATES DISTRICT COURT

3                         DISTRICT OF NEVADA

4                               * * *

5    DENNIS MONTGOMERY and the          )
     MONTGOMERY FAMILY TRUST            )      3:06-CV-00056-PMP-VPC
6                                       )      **BASE FILE**
          Plaintiffs,                   )
7                                       )      3:06-CV-00145-PMP-VPC
     vs.                                )
8                                       )      **ORDER**
     ETREPPID TECHNOLOGIES, LLC;        )
9    WARREN TREPP; and the UNITED       )
     STATES DEPARTMENT OF DEFENSE,      )
10                                      )
          Defendants.                   )
11   _____)
                                        )
12   AND ALL RELATED MATTERS.           )
                                        )
13   _____)

14          Michael J. Flynn, Esq., and Carla DiMare, Esq., have served as lead counsel for

15   Plaintiffs Dennis Montgomery and the Montgomery Family Trust since the these

16   consolidated proceedings commenced. They now seek to withdraw as counsel for Plaintiffs

17   pursuant to a motion filed July 9, 2007, (Doc. #204, #205, and #206).

18          Defendant United States does not oppose Flynn and DiMare's motion to

19   withdraw as counsel, but because the Court has upheld the United States' assertions of the

20   military and state secrets privilege with respect to a variety of pleadings, motions,

21   declarations and other materials filed herein, Defendant United States seek to condition

22   counsel's withdrawal on the following four conditions:

23                  1) all counsel (i.e., Michael J. Flynn, Carla DiMare,
                    Ronald J. Logar, and Eric A. Pulver) have complied
24                  with their obligations to protect information subject to
                    the military and the state secrets privilege as upheld by
25                  the Court in the instant actions;

26   / / /

1                    2) all counsel certify that they have not transmitted any information covered by the military and state secrets

2                    privilege to new counsel for Dennis Montgomery or to any other person;

3

4                    3) all counsel have either produced to the United States or, after consultation with United States Department of Justice Security and Emergency Planning Staff (SEPS),

5                    certified that they have properly destroyed all information, either in hard copy or electronic format, in their possession

6                    that is protected by the military and state secrets privilege; and

7                    4) the United States either has confirmed that all counsel for Montgomery have produced such documents to the United

8                    States or determined that counsel for Montgomery's certification that information protected by the military and

9                    state secrets privilege in any documents in either hard or electronic format in counsel for Montgomery's possession

10                 has been destroyed is sufficiently detailed.(Doc. #259)

11         Plaintiffs Dennis Montgomery and the Montgomery Family Trust, through local

12 counsel Ronald Logar, Esq., and Eric Pulver, Esq., who also have represented Plaintiffs in

13 conjunction with Flynn and DiMare throughout most of this litigation, state in their Reply

14 (Doc. #213) that they do not oppose Flynn and DiMare's motion to withdraw. Indeed,

15 Plaintiffs state that they have retained new lead counsel of record, to wit: the law firm of

16 Liner Yankelevitz Sunshine & Regenstreif, LLP who are prepared to substitute into this

17 case on Plaintiffs' behalf so long as the Flynn and DiMare turn over Plaintiffs' complete

18 client file.

19        Flynn and DiMare reply that the four conditions Defendant United States

20 proposes are more properly directed to new counsel of record for the Montgomery

21 Plaintiffs. Nonetheless, to the extent the conditions Defendant United States proposes are

22 directed at them, Flynn and DiMare state that they will comply with their obligations to

23 protect information subject to the military state secrets privilege as upheld by this Court in

24 its April 2, 2007 Order (Doc. #147), and any subsequent Orders this Court may enter

25 pertaining to the United States' claim of and military state secrets privilege. Flynn and

26 DiMare further state with respect to proposed condition number two, that they have not to

1   date knowingly turned over to any other person any documents in violation of this Court's

2   April 2, 2007 Order. Preconditions three and four, however, draw the objection of Flynn

3   and DiMare as improper and unenforceable.

4          Specifically, Flynn and DiMare state that they cannot agree to provide to the

5   Defendant United States Department of Justice Security in Emergency Planning Staff any of

6   Plaintiffs' client files absent an Order of this Court. Flynn and DiMare insist that the

7   attorney-client privilege permeates Plaintiffs' client files and to surrender them to

8   Defendant United States for review would violate their attorney client obligations to the

9   Montgomery Plaintiffs (Doc. #210).

10         Flynn and DiMare object to the argument advanced on Plaintiffs' behalf by local

11  counsel Logar and Pulver (Doc. #213), that new lead counsel of record cannot substitute into

12  the case until they obtain Plaintiffs' entire file from Flynn and DiMare. Flynn and DiMare

13  argue that because they have not yet been "terminated" as counsel for the Montgomery

14  Plaintiffs and the law firm of Liner Yankelevitz Sunshine & Regenstreif, LLP has not yet

15  entered an appearance on behalf of the Montgomery Plaintiffs, they are not obligated to turn

16  any files over to new counsel for the Montgomery Plaintiffs.[1] Additionally, Flynn and

17  DiMare argue that Nevada Rule of Professional Conduct 1.16(d) affords them a "retaining

18  lien" over the Montgomery Plaintiffs' client files and that until the Montgomery Plaintiffs

19  pay any outstanding fees and costs due Flynn and DiMare, withdrawing counsel are not

20  obligated to surrender the client files to new counsel (Doc. #214, #215 and #216).

21  / / /

22  / / /

23  / / /

24  _____

25         [1]   On August 1, 2007, the Montgomery Plaintiffs, through local counsel Logar and

26  Pulver, filed a Notice of Termination of Flynn and DiMare as counsel for Plaintiffs
    (Doc. #227). Additionally, the law firm of Liner Yankelevitz Sunshine & Regenstreif LLP
    recently has entered an appearance on behalf of the Montgomery Plaintiffs.

3

1         On August 17, 2007, the Court conducted a hearing regarding the Flynn and

2    DiMare motion to withdraw as counsel for the Montgomery Plaintiffs (Doc. #204 #205, and

3    #206). Having considering counsel's arguments as well as all supplemental filings made by

4    the parties since the hearing conducted August 17, 2007, the Court finds that Flynn and

5    DiMare's motion of to withdraw (Doc. #204, #205 and #206) should be granted subject to

6    conditions one and two set forth in Defendant United States' Response (Doc. #209) filed July

7    16, 2007.

8         IT IS SO ORDERED.

9         IT IS FURTHER ORDERED that proposed conditions three and four by

10   Defendant United States as conditions to the withdrawal of Flynn and DiMare as counsel

11   for the Montgomery Plaintiffs are rejected.

12        IT IS FURTHER ORDERED that to the extent the Montgomery Plaintiffs seek to

13   condition the withdrawal of Flynn and DiMare on Flynn and DiMare surrendering their

14   complete "client file" to new counsel of record for Plaintiffs (Doc. #213), said precondition

15   is rejected by the Court. In this regard, the record before the Court does not support a

16   finding that Flynn and DiMare have withdrawn "voluntary" as counsel for Montgomery

17   Plaintiffs, In the Matter of Kaufman 93 Nev. 452, 567 P.2d 957 (1977), nor does it appear

18   on the record before the Court that Flynn and DiMare should be compelled to surrender

19   their files to new counsel of record. Figliuzzi v. Fed. Dist Court. 111 Nev. 338, 890 P.2d

20   798 (1995).

21

22   DATED: September 4, 2007.

23

24

25   PHILIP M. PRO
     United States District Judge

26

4

# EXHIBIT "C"

1 | Ronald S. Logar, Esq. (SBN: 00303)
Eric A. Pulver, Esq. (SBN: 07874)
2 | LAW OFFICE OF LOGAR & PULVER, PC
225 S. Arlington Avenue
3 | Suite A
Reno, Nevada 89501
4 | Telephone: (775) 786-5040
Facsimile: (775) 786-7544
5
Deborah A. Klar, Esq. (SBN: 124750)
6 | Teri T. Pham, Esq. (SBN: 193383)
Ryan M. Lapine, Esq. (SBN: 239316)
7 | LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
8 | 1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
9 | Telephone: (310) 500-3500
Facsimile: (310) 500-3501
10
11 | Attorneys for Plaintiffs
Dennis Montgomery and the Montgomery Family Trust
12
13 | **UNITED STATES DISTRICT COURT**
14 | **DISTRICT OF NEVADA**
15
16 | DENNIS MONTGOMERY, an individual; and )   Case No. 3:06-CV-00056-PMP-VPC
MONTGOMERY FAMILY TRUST, a California )
17 | Trust,                                )   BASE FILE
)
18 |             Plaintiffs,               )   3:06-CV-00145-PMP-VPC
)
19 |     vs.                               )   **RESPONSE TO MICHAEL J. FLYNN'S**
)   **UNAUTHORIZED SUR-REPLY AND**
20 | eTREPPID TECHNOLOGIES, LLC, a Nevada )   **SUPPLEMENTAL DECLARATION IN**
Limited Company; WARREN TREPP, an      )   **SUPPORT OF MOTION TO**
21 | individual; and DOES 1 through 10,    )   **WITHDRAW**
)
22 |             Defendants.               )
)
23 | _____ )
)
24 | AND RELATED CASES.                    )
)
25 | _____ )
26 |         Dennis Montgomery, Brenda Montgomery and the Montgomery Family Trust ("the

27 | Montgomerys") respectfully submit this brief response for the purpose of objecting to the

28 | unauthorized sur-reply and supplemental declaration filed by Michael J. Flynn in these

1 consolidated matters. Mr. Flynn has been terminated as counsel of record in this matter and new

2 counsel for the Montgomerys have appeared. To the extent there are any orders and rulings in

3 place governing the conduct of counsel or the parties in these actions, new counsel will continue to

4 be bound by those orders and rulings. Mr Flynn accordingly lacks standing to assert any claims or

5 issues in these matters. As Mr Flynn acknowledges in his recent supplemental declaration, there is

6 presently an action pending in the United States District Court for the Central District of California

7 addressing any issues concerning the attorney-client relationship between Mr. Flynn and the

8 Montgomerys. There is no pending case or controversy between Mr Flynn and the Montgomerys

9 before this Court, and the Montgomerys respectfully request that the Court confirm Mr Flynn's

10 termination and disregard any extraneous issues not properly before this Court.

11 Dated: August 16, 2007                         Respectfully submitted,

12                                                 LINER YANKELEVITZ
                                                   SUNSHINE & REGENSTREIF LLP
13

14                                                 By:

15                                                     Deborah A. Klar
                                                       Teri T. Pham
16                                                     Attorneys for Plaintiffs
                                                       Dennis Montgomery and the Montgomery
17                                                     Family Trust

18

19

20

21

22

23

24

25

26

27

28

0039641/001/ 359919v01

# EXHIBIT "D"

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DENNIS MONTGOMERY, et al., | ) | 3:06-CV-0056-PMP (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | September 11, 2007 |
| | ) | |
| eTREPPID TECHNOLOGIES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   <u>THE HONORABLE VALERIE P. COOKE</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>     LISA MANN     </u>     REPORTER: <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

Pursuant to Fed.R.Civ.P. 16 and Local Rule ("LR") 16-2, a case management conference shall be set before United States Magistrate Judge Valerie P. Cooke as the court concludes that a Rule 16 case management conference will assist the parties, counsel, and the court. Counsel for the parties shall contact the Courtroom Administrator, Lisa Mann (775-686-5653), no later than Monday, September 17, 2007, to schedule the case management conference to be held within thirty days of this order.

In preparation for this case management conference, it is hereby ordered as follows:

**A.   Case Management Report**

The parties shall submit a proposed stipulated discovery plan and scheduling order (#19) to include the following information in separately numbered paragraphs:

1.   A short statement of the nature of the case (three pages or less), including a description of each claim and defense;

2.   A description of the principal factual and legal disputes in the case;

3. The jurisdictional bases for the case, citing specific jurisdictional statutes;[1]

4. Any parties who have not been served and an explanation why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

5. A statement whether any party expects to add additional parties to the case or otherwise amend the pleadings (the court will set a deadline to join parties or amend pleadings at the case management conference);

6. A list of contemplated motions and a statement of issues to be decided by these motions;

7. Whether there are any pending motions that may affect the parties' abilities to comply with a case management order, including a brief description of those motions;

8. The status of related cases pending before other courts or other judges of this court;

9. Any further supplemental discussion of necessary discovery (in addition to the discussion contained in docket #19), including:

   a. The extent, nature, and location of discovery anticipated by the parties;

   b. Suggested revisions, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LR 26(1)(e);

   c. The number of hours permitted for each deposition, unless extended by the parties.

10. A discussion of any issues relating to the disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (*see* Rules 16(b)(5), 26(f)(3));

11. A discussion of any issues related to claims of privilege or work product (*see* Rules 16(b)(6), 26(f)(4));

12. The court will consider the parties' proposed dates for each of the following:

---

[1] If jurisdiction is based on diversity, the basis shall include a statement of the citizenship of every party and the amount in dispute. *See e.g.* U.S.C. § 1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners resides. *See* 28 U.S.C. § 1332(c); *Indus. Tectonics v Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co v Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).

        a.      A deadline for the completion of fact discovery;

        b.      Dates for complete disclosure of expert testimony under Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure;

        c.      A deadline for completion of all expert depositions;

        d.      A date by which the parties shall have engaged in good faith settlement talks;

13.     Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth reasons);

14.     The estimated length of trial and any suggestions for shortening the trial;

15.     The prospects for settlement, including any request of the court for assistance in settlement efforts; and

16.     Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Fed.R.Civ.P. 1.

The parties shall jointly file the case management report with the Clerk of Court not less than seven days before the case management conference. The case management report shall not exceed **ten (10) pages**. It is plaintiff's responsibility to initiate and prepare the joint case management report, and it is defendants' responsibility to assist in preparation of the case management report.

**B.**    **Case Management Conference and Order**

The court directs counsel to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the case management conference. Counsel who appear at the case management conference shall have authority to enter into stipulations regarding all matters that may be discussed. Out-of-state counsel may appear telephonically.

**C.**    **Other Matters**

Counsel for all parties are expected to comply fully with the Federal Rules of Civil Procedure and this court's Local Rules to minimize the expense of discovery.

The Clerk of Court shall serve copies of this order to all counsel of record and to any parties appearing *in propria persona*.

**IT IS SO ORDERED.**

                        LANCE S. WILSON, CLERK

                        By:    /s/
                                Deputy Clerk

1

## PROOF OF SERVICE

2

3    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1100 Glendon Avenue, Fourteenth Floor, Los Angeles, California 90024-3503.

4

5    On September 18, 2007, I served the within document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OR APPLICATION FOR WRIT OF POSSESSION; DECLARATIONS OF DENNIS MONTGOMERY AND TERI T. PHAM** on the interested party in this action as stated below:

6

7

8    Michael J. Flynn, Esq.
Post Office Box 690
6125 El Tordo

9    Rancho Santa Fe, California 92067
(858) 759-7000 and (858) 775-7624

10   (858) 759-0711 - FAX
E-mail: mjfbb@msn.com

11

12   ☒   **[BY MAIL]** By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

13

14

15

16   ☐   **[BY FACSIMILE]** By transmitting a true copy of the foregoing document(s) via facsimile transmission from this firm's facsimile machine, to the interested party at the facsimile machine telephone number(s) set forth above. Said transmission(s) were completed on the aforesaid date at the time stated on the transmission record issued by this firm's sending facsimile machine. Each such transmission was reported as complete and without error and a transmission report was properly issued by this firm's sending facsimile machine for the interested party served. A true copy of each transmission report is attached to the office copy of this proof of service and will be provided upon request.

17

18

19

20   ☐   **[BY E-MAIL]** By transmitting a true copy of the foregoing document(s) to the e-mail address set forth above.

21    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 18, 2007, at Los Angeles, California.

22

23

24   NANCY TORRECILLAS

25

26

27

28