J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang (NV Bar #10117)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone   (775) 327-3000
Facsimile    (775) 786-6179
speek@halelane.com; jsnyder@halelane.com;
alang@halelane.com

Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone: (202) 429-3000

Attorneys for eTreppid Technologies, LLC and Warren Trepp

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT COURT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust,<br><br>                    Plaintiff,<br><br>    vs.<br><br>ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA, and DOES 1 through 10,<br><br>                    Defendants<br>_____/<br>AND RELATED CASE(S)<br>_____/ | Case No. 3:06-CV-00056-BES-VPC<br>**Base File**<br><br>3:06-cv-00145-PMP-VPC<br><br>**OPPOSITION TO MOTION TO CONSOLIDATE USDC, DISTRICT OF NEVADA, CASES 06-CV00056-PMP-VPC AND 06-CV00145-PMP-VPC AND 07-00250-ECR-VPC** |

::ODMA\PCDOCS\HLRNODOCS\670603\2                      1

eTreppid Technologies, L.L.C. ("eTreppid") and Warren Trepp ("Trepp"), by and through their undersigned counsel of record, Hale Lane Peek Dennison and Howard, hereby submit their opposition to Motion by Dennis Montgomery, Brenda Montgomery and the Montgomery Family Trust ("Montgomery") to Consolidate USDC, District of Nevada, Cases 06-CV00056-PMP-VPC and 06-CV00145-PMP-VPC and 07-CV00250-ECR-VPC. This opposition is supported by the following points and authorities.

**POINTS AND AUTHORITIES**

**I.      Introduction.**

Through the present motion, Montgomery seeks to improperly consolidate two separate and unrelated cases that arise from entirely different sets of facts merely because the cases involve some of the same parties. Taken in context, Montgomery's motion to consolidate this case (the "Trade Secret Litigation") with the *Friendly Capital Partners v. Montgomery* matter, Case No. 07-00250-ECR-VPC (the "FCP Matter") is nothing more than a litigation tactic designed to confuse the issues and delay the resolution of the FCP Matter.

The Trade Secret Litigation is a dispute over (1) Montgomery's unlawful attempt to convert the ownership rights of eTreppid's source code, and (2) Montgomery's spurious related business tort and breach of contract claims. The FCP Matter, however, has nothing to do with the eTreppid source code, nor does it involve the business tort and breach of contract claims that Montgomery alleged in the Trade Secret Litigation. The FCP Matter is nothing more than a straight-forward action on the part of Friendly Capital Partners, L.P. ("FCP") to collect on a promissory note. Although Montgomery has attempted to confuse that matter by filing a counterclaim alleging essentially the same tort and breach of contract claims that he alleged in the Trade Secret Litigation, these counterclaims are presently the subject of a motion to dismiss as they are impermissible attempts on Montgomery's part to split these claims into two separate and distinct cases. The two cases involve different facts, different legal issues, different evidentiary issues, and different parties. The fact that Trepp and Montgomery may be involved with both actions is not a sufficient basis on which to consolidate the two cases. Moreover, consolidating the two cases will only serve to confuse the issues and to prejudice eTreppid and FCP's right to fair adjudication of their claims. For the foregoing reasons, eTreppid and Trepp respectfully

::ODMA\PCDOCS\HLRNODOCS\670603\2                           2

request that Montgomery's motion be denied.

## II. Factual and Procedural Background.

The Trade Secret Litigation and FCP Matter arise from different sets of facts and are wholly unrelated. The Trade Secret Litigation is a dispute over eTreppid property and Montgomery's attempt to steal and misuse eTreppid's property. The FCP Matter is a dispute over Montgomery's failure to make payments under a promissory note and FCP's attempts to foreclose the note.

### A. The Trade Secret Litigation.

The Trade Secret Litigation is fundamentally about who has rights to the eTreppid source code. Indeed, the claims alleged in the Trade Secret Litigation center on the Contribution Agreement entered into by Montgomery and upon Montgomery's attempts to unlawfully acquire possession of the eTreppid source code.

#### 1. The State Court Action.

On January 19, 2006 eTreppid filed a Complaint against Dennis Montgomery alleging: (1) Misappropriation of Trade Secrets; (2) Breach of Contract; and (3) Conversion. eTreppid's trade secret claim alleged that Montgomery had "destroyed, deleted, and/or taken" eTreppid's trade secrets and "maliciously misappropriated" the same. *See* Complaint, at ¶¶ 35-37. eTreppid also claimed that it was entitled to a preliminary injunction enjoining Montgomery from further misappropriating eTreppid's trade secrets. eTreppid's breach of contract claim alleged that Montgomery had "breached the terms of his employment agreement and of the contribution agreement by which he assigned eTreppid any and all rights in the eTreppid Source Code." *See id.* at ¶ 43. eTreppid's conversion claim alleged that Montgomery had "improperly taken and converted eTreppid Confidential Information to their use." *See id.* at 46.

Notably, each claim asserted by eTreppid was based on the factual allegation that Montgomery had taken and misappropriated eTreppid's source code. In addition to filing its Complaint, eTreppid also filed a motion for temporary restraining order and preliminary injunction. The preliminary injunction was granted on February 8, 2006.

On February 1, 2006, eTreppid filed its First Amended Complaint alleging additional facts and adding claims of relief for Breach of Fiduciary Duty, Bad Faith, Declaratory Relief, and Intentional

1  Interference with Contract. Again, the allegations centered around Montgomery's unlawful taking of
2  eTreppid's source code.

3        On February 17, 2006, Montgomery answered eTreppid's state court actions and filed a
4  counterclaim against eTreppid and a third party complaint against the United States. On March 20,
5  2006, the United States filed a notice of removal in the state court action, the case was assigned Case
6  No. 3:06-cv-00145-PMP-VPC (the "145 Case").

7        2. *Montgomery's Federal Court Action.*

8        Shortly after eTreppid filed its action in state court, Montgomery filed an action in federal
9  court. Case No. 06-CV-00056-BES-VPC (the "56 Case"). Montgomery alleged claims for: (1)
10 Copyright Infringement; (2) Copyright Infringement by Distribution; (3) Declaratory Judgment; (4)
11 Accounting; (5) Breach of Fiduciary Duty; (6) Fraud; (7) Breach of Contract; (8) Misappropriation of
12 Trade Secrets; and (9) Conversion. On February 21, 2006, Montgomery filed his First Amended
13 Complaint alleging the same claims as his original complaint and adding a claim for declaratory relief
14 against the United States. The 145 Case was subsequently consolidated with the 56 Case.

15   B. <u>The FCP Matter.</u>

16       On April 23, 2007, FCP filed a complaint against Montgomery seeking to foreclose on
17 Montgomery's interest in eTreppid, which was pledged by Montgomery to secure repayment of a
18 promissory note. FCP alleged claims for breach of contract, breach of the implied covenant of good
19 faith and fair dealing, and unjust enrichment – all pertaining to Montgomery's default under the
20 promissory note. FCP's complaint had nothing to do with eTreppid's source code nor did the
21 complaint allege any facts relating to the Trade Secret Litigation. Indeed, FCP's action was limited to
22 asserting FCP's rights to be repaid under the promissory note and FCP's remedies for Montgomery's
23 default.

24       Despite FCP's restraint in limiting its complaint to issues relating to the promissory note,
25 Montgomery alleged counterclaims against eTreppid, Trepp, and FCP that were virtually identical to
26 claims alleged by Montgomery in the Trade Secret Litigation. Montgomery's counterclaims in the
27 FCP Matter rely on the same factual allegations that Montgomery has alleged in the Trade Secret
28 Litigation even though they are unrelated to his default under the promissory note. Moreover, the

1  actual claims Montgomery has alleged in the FCP Matter are nearly identical to the claims he alleged
2  in the Trade Secret Litigation; in both cases, Montgomery has alleged claims against for breach of
3  contract, fraud, breach of fiduciary duty, accounting, and conversion.

4  Montgomery's counterclaim in the FCP Matter is nothing more than a transparent attempt to
5  make the two cases appear similar so that Montgomery could argue that consolidation is appropriate
6  and thereby cause substantial delay in the resolution of the FCP Matter, which is a straight-forward
7  collection action.  Accordingly, on September 17, 2007, FCP responded by filing a motion to dismiss
8  on the basis that, *inter alia*, Montgomery's claims in the FCP Matter were so similar to the claims in
9  the Trade Secret Litigation that they constituted improper claim splitting and should be dismissed so
10 that they can be fully and fairly litigated in the Trade Secret Litigation.  When these claims are
11 dismissed, there will be few common, if any,  questions of law or fact in the FCP Matter and the Trade
12 Secret Litigation.

13 **III.    Legal Argument.**

14     A.    Legal Standard.

15 Under FRCP 42(a):

16 When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
17
18

19 "The district court, in exercising its broad discretion to order consolidation of actions
20 presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort
21 consolidation would produce against any inconvenience, delay, or expense that it would cause."
22 *Huene v. United States*, 743 F.2d 703, 704 (1984).  In the exercise of discretion, courts have taken the
23 view that considerations of judicial economy favor consolidation.  *See, e.g. Romacho v. Stanley*, 567
24 F.Supp. 1417, 1419 n. 2 (S.D.N.Y. 1983), *aff'd sub nom. Morse v. Stanley*, 732 F.2d 1139 (2d Cir.
25 1984).  However, the discretion to consolidate is not unfettered.  *See, e.g. Arnold v. Eastern Air Lines,
26 Inc.*, 712 F.2d 899, 906 (4th Cir. 1983) (en banc), *cert. Denied*, 464 U.S. 1040, 104 S.Ct. 803, 79
27 L.Ed.2d 158 (1984).  Moreover, "considerations of convenience and economy must yield to a
28 paramount concern for a fair and impartial trial." *Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D.

1  463, 464 (S.D.N.Y. 1977). When considering consolidation, the court must consider:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

"The court should not consolidate the trial . . . in cases where the issues affecting various defendants are certain to lead to confusion or prejudice to any one or all of the defendants." *United States v. Knauer*, 149 F.2d 519, 520 (1945).

B.  <u>The Trade Secret Litigation and FCP Matter Involve Different Questions of Fact and Law.</u>

Montgomery argues that the Trade Secret Litigation and the FCP Matter should be consolidated because they "arise out of the same factual underpinnings." *See* Motion, at p. 3. This could not be further from the truth. The Trade Secret Litigation involves eTreppid and Montgomery's competing claims to eTreppid's proprietary technology. On the other hand, the FCP Matter is merely a collection and foreclosure action on a promissory note. Accordingly, the cases should not be consolidated because they do not arise from common facts.

The Trade Secret Litigation involves claims for copyright infringement and misappropriation of trade secrets. Notably, most of the claims in the Trade Secret Litigation arise from Montgomery's contention that he was the inventor of the eTreppid source code and has rights to the copyrighted material. In particular, Montgomery alleges that eTreppid has violated the copyright by using the source code for its business purposes. On the other hand, eTreppid argues that Montgomery unlawfully stole eTreppid's property by removing hard drives and taking the source code. There is no question that the primary issue in the Trade Secret Litigation is who owns the source code used by eTreppid. Indeed, the claims in the Trade Secret Litigation each evolve around this central issue.

In contrast, the FCP Matter has nothing to do with copyright infringement or misappropriation of trade secrets. The factual issues raised in these cases are remarkably different. In the FCP Matter, FCP is simply seeking to exercise its rights under a promissory note (and subsequent modifications) entered into by Montgomery. Montgomery agreed to repay FCP the money it loaned Montgomery

1  evidenced by the promissory note. When FCP made a demand for payment pursuant to the terms of
2  the note, Montgomery refused to comply. Accordingly, FCP has sought judicial foreclosure pursuant
3  to the terms of the promissory note and related agreements. FCP does not make even a passing
4  reference to the eTreppid source code, or to Montgomery's unlawful possession of eTreppid's
5  property, in its complaint.

6  Despite these obvious differences, Montgomery would have the court believe that the Trade
7  Secret Litigation and the FCP Matter are identical and will involve the same factual issues, witnesses,
8  documents and the like. This is not the case. As noted above, the Trade Secret Litigation arises from a
9  completely different set of facts than does the FCP Matter. Indeed, the Trade Secret Litigation is
10 focused on rights to the eTreppid source code. Moreover, the Trade Secret Litigation implicates
11 multiple issues regarding national security, confidential information and other issues significantly
12 impacting the scope of discovery. The FCP Matter, however, has nothing to do with the applications
13 developed and used by eTreppid. Indeed, the FCP Matter will not require the same scrutiny with
14 respect to discovery issues, public disclosure of sensitive information and the like. The FCP Matter
15 will only involve the same discovery issues as a standard breach of contract case.

16 Indeed, the only reason that there are even arguably common questions of law or fact in the
17 FCP Matter and the Trade Secret Litigation is that Montgomery has re-alleged the similar torts against
18 FCP in the Trade Secret Litigation. Thus, consolidation of the two cases would be inappropriate based
19 on the distinct factual and legal issues.

20 C. <u>Consolidating the Trade Secret Litigation and the FCP Matter Will be Prejudicial.</u>

21 The Trade Secret Litigation and FCP Matter should not be consolidated because consolidation
22 would result in confusion of the issues and in substantial delay to the resolution of the FCP Matter.
23 Montgomery's Counterclaim in the FCP Matter evinces an intention to blend the issues presented by
24 the Trade Secret Litigation into those presented by the FCP Matter. Instead of presenting any
25 cognizable defenses to FCP's attempts to foreclose on Montgomery's interest in eTreppid,
26 Montgomery simply rehashes the allegations, first raised in his complaint in the Trade Secret
27 Litigation, that Trepp breached certain fiduciary obligations to Montgomery and used eTreppid's funds
28 for an improper purpose. Trepp and FCP, however, have filed a motion to dismiss Montgomery's

1  claims based on the fact that they are improper "claim splitting." Indeed, the FCP Matter should be
2  limited to Montgomery's liability under the promissory note and any defenses that Montgomery may
3  have to that claim. Montgomery should not be permitted to allege identical facts and legal theories as
4  those already pending in the Trade Secret Litigation. Accordingly, if counterdefendants' motion is
5  granted, then the FCP Matter will properly be limited to the issues relating to Montgomery's breach
6  under the promissory note.

7  If the present actions are consolidated, then FCP, which is not a party to the Trade Secret
8  Litigation, will suffer unfair prejudice in that the resolution of its claims will be substantially delayed
9  by the discovery process in the Trade Secret Litigation. In order to resolve the issues presented in the
10 Trade Secret Litigation, the parties will need to undertake extensive discovery, including (1)
11 inspections of documents and electronic material, (2) in-depth expert analysis of the disputed source
12 code, and (3) depositions of dozens of percipient and expert witnesses. Indeed, as this Court knows,
13 the threshold steps of entering appropriate protective orders took over one year. As such, it is not
14 unduly pessimistic to believe that the discovery process may well take at least eighteen months to
15 complete.

16 There is no reason that FCP should be obliged to participate in this lengthy discovery process
17 prior to resolution of his claims. The issues presented in the FCP Matter are discrete and will require
18 only limited discovery for their resolution. If FCP is obliged to participate in the Trade Secret
19 Litigation, it will be obliged to incur undue delay and expense while that litigation is resolved.
20 Moreover, the FCP Matter can be resolved without the parties participating in the extensive discovery
21 involved in that litigation. Accordingly, the present motion to consolidate should be denied.

22 //
23 //
24 //
25 //
26 //
27 //
28 //

**IV.   Conclusion.**

For all of the foregoing reasons, eTreppid and Trepp respectfully request that Montgomery's Motion be denied.

Dated this 25th day of September, 2007.

          /s/
J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang (NV Bar #10117)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, NV   89511

Attorneys for eTreppid Technologies, LLC and Warren Trepp

::ODMA\PCDOCS\HLRNODOCS\670603\2                9

**PROOF OF SERVICE**

I, Meena Dalluge, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard. My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511**. I am over the age of 18 years and not a party to this action. I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On September 25, 2007, I caused the foregoing **OPPOSITION TO MOTION TO CONSOLIDATE USDC, DISTRICT OF NEVADA, CASES 06-CV00056-PMP-VPC AND 06-CV00145-PMP-VPC AND 07-00250-ECR-VPC** to be:

_X___    filed the document electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

*Fax 775/829-1226*
mgunderson@gundersonlaw.com
Mark H. Gunderson, Ltd.
Mark H. Gunderson, Esq.
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511

*Fax 310/500-3501*
Tpham@linerlaw.com; dklar@linerlaw.com;
rlapine@linerlaw.com
Teri T. Pham, Esq.
Deborah A. Klar, Esq.
Ryan M. Lapine, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

*Fax No. 202/616-8470*
Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC 20044

*Fax No. 784-5181*
Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV 89501

*Fax 202/616-8470*
Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, D.C. 20044

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on September 25, 2007.

_/s/_____
Meena Dalluge

::ODMA\PCDOCS\HLRNODOCS\670603\2              10