1

2

3

4

5

6                       **UNITED STATES DISTRICT COURT**
                             **DISTRICT OF NEVADA**
7

8   DENNIS MONTGOMERY, et al.,            )      3:06-CV-0056-PMP (VPC) (Base File)
                                          )
9            Plaintiff,                    )      3:06-CV-0145-PMP (VPC)
                                          )
10            vs.                          )      **ORDER**
                                          )
11   eTREPPID TECHNOLOGIES, LLC, et al.,   )
                                          )
12            Defendants.                  )
                                          )
13  _____ )
                                          )
    AND RELATED CLAIMS                     )
14  _____ )

15          On October 12, 2007, this court entered an order granting in part and denying in part the motion

16  of Michael Flynn for attorney's fees and costs (#296).  The court determined that it would adjudicate the

17  amount of attorney's fees and costs that Mr. Flynn sought, and it established a detailed protocol for Mr.

18  Flynn's supplemental fee application. *Id.*   After the court granted Mr. Flynn a one-week extension to

19  file his supplemental brief, Dennis Montgomery, Brenda Montgomery and the Montgomery Family Trust

20  ("Montgomery parties") filed an *ex parte* application for an order requiring attorney-client

21  communications to be redacted prior to submission to the court, and attached the declaration of Kenneth

22  M. Moscaret (#302).  The court stayed its order concerning supplemental briefing of the attorney's fees

23  to allow briefing on the Montgomery parties' *ex parte* motion (#307).  Mr. Flynn filed his opposition

24  (#306), former co-counsel of Mr. Flynn, Carla Dimare, filed a declaration in response and moved to

25  strike the declaration of Mr. Moscaret (#311), the Montgomery parties replied and moved to strike Ms.

26  Dimare's declaration (#316), and Mr. Flynn filed reply papers (#s 317-320).

27

28

1    The Montgomery parties contend that this fee dispute does not constitute a waiver of the

2 attorney-client privilege and cite *Van Asdale v. Intl'l. Game Technology,* 498 F.Supp 2d 1321 (D.Nev.

3 2007) for this proposition:

4        Many courts apply an exception to the attorney client privilege where the
         attorney and the client become adversaries in a subsequent controversy
5        or lawsuit. However, such exceptions are usually limited to cases where
         the client has sued the attorney *or where the attorney must reveal the*
6        *privileged communication in order to establish or collect a fee. See, e.g.,*
         *Gomez v. Vernon,* 255 F.3d 1118, 1131 (9th Cir. 2001) ("the privilege may
7        be waived by the client either implicitly, by placing privileged matters in
         controversy, or explicitly, by turning over privileged documents.");*U.S.*
8        *v. Ballard,* 779 F.2d 287, 292 (5th Cir. 1986) (where client waived the
         privilege by suing attorney for malpractice).

9
10 (emphasis supplied).  The Montgomery parties ignore the disjunctive portion of this sentence, which

11 clearly applies in this dispute: Mr. Flynn is permitted to reveal privileged communications in order to

12 establish his fee.  In a fee dispute, the client implicitly places privileged matters at issue, but this does

13 not give the attorney *carte blanche* to vilify the former client and make public those communications

14 which obviously need not be disclosed during the systematic process of provided billing statements for

15 claimed attorney's fees.

16    Fee disputes between a disgruntled client and his or her attorney occur routinely in legal

17 proceedings in state and federal courts in this country.  In instances where attorney-client privileged

18 communication must be revealed to provide context to the legal services performed, such disclosures,

19 even when made *in camera,* must be crafted very carefully to avoid disclosure of unnecessary details of

20 the communication. The Montgomery parties provide the declaration of Mr. Moscaret, as well as sample

21 billing statements of Mr. Flynn, in support of their contention that Mr. Flynn's billing statements fail

22 to conform to reasonable and customary practices for attorney billing statements (#302, Ex.D).  The

23 court agrees with Mr. Moscaret's conclusion, but observes that (1) it earlier entered an order expressly

24 providing the protocol for Mr. Flynn's preparation of a supplemental billing statement to ameliorate

25 these very concerns, and (2) the court cannot discern whether Mr. Moscaret's proposed redactions found

26 in Exhibit D are warranted because they are redacted.  The court will not substitute Mr. Moscaret's

27 judgment for its own.

28                                                    2

1    In its October 12, 2007 order, the court provided detailed guidelines for the preparation of Mr.

2 Flynn and Ms. Dimare's billing statements.  However, having reviewed samples of Mr. Flynn's billing

3 statements (#302, Ex. D), as well as the Mr. Flynn and Ms. Dimare's responses,  the court now orders

4 that the supplemental billing statements and fee application shall strictly comply with Local Rule 54-16.

5 The court further orders that the billing entries and the task summaries comply with the letter and spirit

6 of Rules 1.6 and 1.9 of the Nevada Rules of Professional Conduct.  The fee application process is not

7 an invitation to include prejudicial, accusatory comments about the Montgomery parties, hyperbole,

8 personal attacks, or any other invective that has no relevance to the legal services performed. Should Mr.

9 Flynn and Ms. Dimare ignore this order, the court will strike those entries and task summaries, as well

10 as the time billed for those legal services. The court is keenly aware that the attorney-client relationship

11 between client and counsel deteriorated to the point that counsel sought to withdraw, and the court is

12 familiar with the nature of the dispute.  The court's task is to undertake a careful review of the fee

13 application, to consider the respective arguments of the parties concerning the reasonableness of the fees

14 sought, and then make an award.  To complete its work, the court must rely on the professionalism and

15 high ethical standards of all counsel concerned, and it expects nothing less.

16    The Montgomery parties propose that to avoid prejudice that may result from the information

17 disclosed in this fee dispute, this court should appoint a special master or refer this motion to another

18 magistrate judge.  The court rejects this proposal for three reasons.  First, judges are routinely privy to

19 derogatory or even incriminating information about parties during the course of litigation, yet they must

20 nevertheless resolve such disputes.  With the court's strong admonitions to Mr. Flynn and Ms. Dimare

21 concerning the contents of the supplemental fee application, this issue should be resolved.  Second, this

22 court will not add an additional layer to what is already a complex, lengthy proceeding that is further

23 complicated by the state secrets privilege and related issues.  Third, to the extent the parties or counsel

24 fear this fee dispute will prejudice the court, the parties have leave to appeal this court's orders to the

25 District Court.

26    The court fully expects that notwithstanding acrimony that may exist between Mr. Flynn and Ms.

27 Dimare and the Montgomery parties, they will conduct themselves with utmost professionalism, mindful

28

of their ethical duties to their former clients.  Should they fail to do so, the court will proceed accordingly.

### Conclusion

Based upon the foregoing and for good cause appearing, it is hereby ordered as follows:

1.   The *ex parte* application for order requiring attorney-client communications to be redacted prior to submission to the court (#302) is **DENIED**;

2.   The request to strike the declaration of Montgomery's alleged expert (#311) is **DENIED;**

3.   The request to strike the declaration of Carla Dimare and request for oral argument (#316) are **DENIED;** and

4.   The request to strike irrelevant materials (#317) is **DENIED**.

5.   IT IS FURTHER ORDERED that this court's order governing Mr. Flynn and Ms. Dimare's motion for attorney's fees (#296) is supplemented as follows:

   a.   Former counsels' supplemental billing statements shall strictly comply with Local Rule 54-16;

   b.   Neither the billing entries, the task summaries, nor any portion of the supplemental fee application shall violate Rules 1.6 and 1.9 of the Nevada Rules of Professional Conduct, nor shall it contain prejudicial personal attacks, hyperbole, or any other invective that has no relevance to the legal services performed;

   c.   Should the court conclude that the supplemental fee application violates Paragraph 5(b) of this order, the court will strike those entries and task summaries, as well as the time billed for those legal services;

   d.   Mr. Flynn and Ms. Dimare shall submit their joint supplement *in camera* no later than **December 5, 2007**, and shall serve the supplement on counsel for the Montgomery parties on that same date;

1     e.     The Montgomery parties have leave to file a response *in camera* no later than **December 13, 2007**, and they shall serve a copy of their response on Mr. Flynn on that same date;

f.     Mr. Flynn and Ms. Dimare have leave to file a joint reply *in camera* no later than **December 21, 2007**, and they shall serve counsel for the Montgomery parties on that same date; and

g.     Mr. Flynn and Ms. Dimare shall otherwise comply with the protocols outlined in this court's October 12, 2007 order (#296).

**IT IS SO ORDERED.**

DATED:   November 27, 2007.

_____
UNITED STATES MAGISTRATE JUDGE