J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone:   (775) 327-3000
Facsimile:    (775) 786-6179
speek@halelane.com; jsnyder@halelane.com;
alang@halelane.com

Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
Telephone:  (202) 429-3000

Attorneys for eTreppid Technologies, LLC and Warren Trepp

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT COURT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust, | Case No. 3:06-CV-00056-PMP-VPC<br>**Base File** |
| Plaintiff, | 3:06-CV-00145-PMP-VPC |
| vs. | **ETREPPID TECHNOLOGIES, L.L.C. AND WARREN TREPP'S OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE RIGHT TO INSPECTION OF RECORDS** |
| ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA, and DOES 1 through 10, | |
| Defendants. | |
| AND RELATED CASE(S) | |

eTreppid Technologies, L.L.C. and Warren Trepp (hereinafter collectively referred to as "eTreppid"), by and through their counsel Hale Lane Peek Dennison and Howard, hereby submit their Opposition to Plaintiffs' Motion to Enforce Right to Inspection of Records.

This Opposition is supported by the following Points and Authorities.

**POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Montgomery does not, in the present Motion to Enforce Right to Inspection of Records (the "Motion to Enforce"), articulate any cognizable procedural basis upon which this court may grant the requested order requiring eTreppid to produce certain business records for inspection and copying. There are only two conceivable bases for Montgomery's request. Either this is a motion to compel based on Fed. R. Civ. P. 37, or it is a request for a mandatory preliminary injunction based on Fed. R. Civ. P. 65. In either event, the request is procedurally improper and should be denied.

Moreover, the statute that Montgomery cites in support of his motion, NRS 86.241, provides only limited inspection rights. It does not give Montgomery carte blanche to obtain every business record he thinks that he would like to see. Rather, the statute requires eTreppid to allow inspection only of (1) lists of each member and manager, (2) the filed articles of organization and any amendments, and (3) the current operating agreement. Montgomery seeks a great deal more than this statute allows.

In addition, the present motion is pure procedural gamesmanship. As shown by the exhibits attached to Montgomery's motion, eTreppid already agreed that it would treat Montgomery's request to inspect business records as a discovery request under Fed. R. Civ. P. 34, and that eTreppid would respond to the request on or before December 9, 2007. Nonetheless, Montgomery proceeded to file the present motion. Apparently, having asserted discovery should be limited to the issue of ownership, Montgomery intended to use the present motion to obtain discovery of eTreppid's business records by other means. Thus, Montgomery was attempting to limit eTreppid's ability to take full discovery in this matter while, at the same, he was seeking a court order requiring eTreppid to disclose records that Montgomery could obtain through the discovery process. This court should not aid such gamesmanship.

Even more disturbing, Montgomery supports the present motion with a declaration through which he purports to set forth his basis for alleging that eTreppid and Warren Trepp have somehow abused Montgomery's rights as a member of eTreppid. As set forth in detail in eTreppid's Motion for Sanctions, filed concurrently with the present opposition, Montgomery's declaration contains so many

knowingly false statements that it evinces a complete disregard for the truth.  For example:

- Montgomery states under oath that he has never been given access to eTreppid's books and records.  In fact, for years before Montgomery was terminated, he frequently requested, and was routinely provided with, financial information regarding eTreppid.

- Montgomery asserts that "even though the company was formed in September 1998, I have never seen confirmation that Trepp followed through on his commitment to contribute any cash."  In fact, Montgomery himself wrote several letters to eTreppid's attorney, Doug Frye, containing budgets showing that the company was spending tens of thousands of dollars every month and that this cash was contributed by Trepp.

- Montgomery declares under oath that he was not represented by counsel at the time the original eTreppid Operating Agreement was signed.  This is absolutely untrue. Attached to the present motion is correspondence from Montgomery's counsel at the time eTreppid was formed, which shows that the terms of the Operating Agreement were negotiated between attorneys representing Montgomery and Trepp.

- Montgomery states that the K-1 that he received from eTreppid in 2000 advised him, for the first time, that his interest in eTreppid had been diluted.  Montgomery further asserts that this K-1 did not show any loss on the part of the company or pass that loss on to Montgomery.  In fact, K-1s provided to Montgomery for 1999 and 2000 each show, on their face, that this statement is false.  Moreover, every time eTreppid needed to raise additional capital, Montgomery signed documents authorizing capital calls, both as a member and manager of eTreppid.

Thus, the present motion is without procedural basis, is asserted for an improper purpose, and is supported by a declaration which is rife with perjury.  For these reasons, eTreppid respectfully requests that Montgomery's motion be denied.

II. **ARGUMENT**

A. **There Is No Procedural Basis For the Present Motion**

Montgomery asserts that the present motion is based upon NRS 86.101 and upon the terms of the eTreppid Operating Agreement.  However, Montgomery has not cited to any authority to suggest

1  that this Court may, under the present circumstances, order eTreppid to produce the subject
2  documents. Instead, Montgomery makes the unsupported assertion that "Nevada law clearly grants
3  Montgomery the rights he is seeking." Motion to Enforce at 9:9-10. Thus, Montgomery seems to
4  imply that the present motion is the only conceivable manner in which he could vindicate the
5  inspection rights granted to him by NRS 86.241.

6  Chapter 86 does not provide a specific remedy to shareholders in an LLC who have been
7  denied inspection rights. However, Chapter 78, Nevada's corporations statute, provides that where a
8  stockholder is denied inspection rights, he may bring an action for damages. NRS 78.105, *Garaventa*
9  *v. Garaventa Land and LivestockCo.*, 61 Nev. 110, 118 P.2d 703 (1941). Thus, chapter 78 does not
10 grant stockholders in a corporation the right to compel inspection of records on a bare motion
11 requesting such inspection. There is no reason to think that the legislature intended to grant members
12 of an LLC broader inspection rights.

13 Because Chapter 86 of the Nevada Revised Statutes does not set forth a specific procedure
14 through which a member of an LLC may enforce any rights to inspect business records, only two
15 procedural bases conceivably apply to the present motion. Montgomery could either seek production
16 of the present records through a motion to compel brought under Fed. R. Civ. P. 37, or he could seek a
17 mandatory preliminary injunction requiring eTreppid to produce the subject records under Fed. R. Civ.
18 P. 65.[1] However, neither of these procedures can avail Montgomery in the present circumstances.

19
20      1.   Montgomery Has No Basis, Under the Discovery Rules, To Compel Production
             of the Subject Records
21
22 Montgomery apparently recognizes that he cannot properly bring a motion to compel pursuant
23 to Fed. R. Civ. P. 37 at the present time, and for this reason he does not style the present motion as a
24 motion to compel. However, the reasons that Montgomery cites for seeking the subject documents
25 make it clear that Montgomery is using the present motion as a tool to take discovery relative to the

26 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
27 [1] In different procedural circumstances, Montgomery could also seek to enforce his inspection rights by way of a motion for summary judgment on a separate action for breach of contract or violation of
28 NRS 86.241. However, as he has not brought such an action, this motion can not be construed as such a request.

claims that he has asserted in this matter.

Montgomery appears to assert, in his declaration, that he must have access to eTreppid's business records so that he may have his accountant "perform a forensic audit of the Company's books and records," so that he may investigate whether "Trepp has been using the Company to fund his personal travel expense." November 5, 2007 Declaration of Dennis Montgomery ("Montgomery Decl.") at ¶¶ 13-14. Montgomery further states, in his Declaration, that Trepp had diluted Montgomery's interest in eTreppid through a series of improper capital calls. *Id.* at ¶¶ 6-11. Notably, Montgomery has specifically alleged in this matter that Trepp breached his fiduciary duty to Montgomery by, *inter alia*, (1) improperly using eTreppid funds, and (2) using his majority interest in eTreppid to dilute Montgomery's interest in eTreppid. Montgomery's First Amended Complaint at ¶¶ 41-42. Accordingly, the Montgomery Declaration makes clear that Montgomery is seeking to obtain the subject business records in order to conduct discovery relative to the allegations of the First Amended Complaint. As such, Montgomery's motion can be read as a motion to compel pursuant to Fed. R. Civ. P. 37.

As motion to compel, Montgomery's request is improper for a number of reasons. First, at the time Montgomery filed this motion, the Court had not yet ruled that discovery could go forward, and Montgomery's motion is therefore premature. Second, Montgomery has not identified any Request for Production, served pursuant to Fed. R. Civ. P. 34, which requires production of all the records identified in Montgomery's Motion to Enforce. Third, Montgomery has not even attempted to certify, as required by Fed. R. Civ. P. 37(a)(2)(B), that he has in good faith conferred or attempted to confer with counsel for eTreppid regarding this motion.[2] Indeed, eTreppid has already agreed that it would treat Montgomery's request for the subject records as a request for production, and that it would respond to the request on or before December 9, 2007. As such, there is simply no basis for Montgomery's insistence on proceeding with the present motion.

Moreover, Montgomery's attempt to conduct discovery of eTreppid's business records shows

---

[2] Although the parties have exchanged correspondence relative to Montgomery's request, the content of this correspondence makes it clear that Montgomery was conducting a meet and confer based on his inspection rights under NRS 86.241 rather than upon any rights that he might have under the discovery rules.

1  the bad faith with which Montgomery has prosecuted this case.  On November 9, 2007, Montgomery
2  filed his Report and Proposal Re Staging Discovery.  In this pleading, Montgomery asserted that
3  discovery should be limited in the initial stages to the issue of ownership, arguing that discovery
4  related to other issues should be delayed until the ownership question was resolved.  Even while
5  Montgomery was asserting that limited discovery was appropriate, he filed the present motion, seeking
6  in effect to compel eTreppid to disclose documents which Montgomery believes are relevant to the
7  claims asserted in his complaint.  Accordingly, the present motion should be viewed as an element of a
8  strategy through which Montgomery intended to compel eTreppid to disclose information while
9  Montgomery refused to provide responsive information.

10  For these reasons, to the extent that the present motion is a motion to compel, it is unsupported,
11  premature, and should be denied.

12          2.      <u>Montgomery's Motion Is An Improper Attempt to Seek a Mandatory Injunction</u>

13  Because Montgomery cannot obtain the subject documents through a motion to compel, he
14  apparently asserts that eTreppid is compelled to provide the documents under NRS 86.241 and the
15  terms of the eTreppid Operating Agreement.  The only procedural mechanism through which the
16  requirements of the statute or Operating Agreement may be enforced is through an action for breach of
17  contract, specific performance of inspection rights, or damages based on the alleged violation of
18  Montgomery's inspection rights, followed by motion for a preliminary injunction under Fed. R. Civ. P.
19  65 or a motion for summary judgment under Fed. R. Civ. P. 56..  Because Montgomery has made no
20  effort to show that he is entitled to a preliminary injunction or summary judgment, this request must be
21  denied.

22  In order to prevail on a motion for a preliminary injunction, Montgomery would need to
23  establish that (1) he has shown a substantial likelihood of success on the merits, and (2) that he will
24  suffer irreparable harm if no injunction is issued.  *Preminger v. Principi,* 422 F.3d 815 (9th Cir.2005)
25  (holding that a preliminary injunction was not warranted because plaintiffs had failed to show
26  likelihood of success on the merits of a First Amendment claim and did not demonstrate significant
27  irreparable harm).  Montgomery cannot show either of these elements.

28  Montgomery cannot show any likelihood of success on the merits because he has not at any

time stated a claim for specific enforcement of his inspection rights, either under the terms of the Operating Agreement or under NRS 86.241. There is simply no pending claim upon which Montgomery could obtain a mandatory injunction requiring eTreppid to produce the subject documents. Moreover, Montgomery cannot show that NRS 86.241 provides that he is entitled to inspect all documents he seeks. Rather, this statute only requires eTreppid to maintain (1) lists of each member and manager, (2) the filed articles of organization and any amendments, and (3) the current operating agreement. Thus, Montgomery cannot show any likelihood of success on the merits.

Even if Montgomery were to show a likelihood of success, he cannot show any threat of irreparable harm if the subject documents are not produced. eTreppid has agreed to treat Montgomery's demand to inspect eTreppid's books and records as a Rule 34 request for production, and to respond to this request by December 9, 2007. Montgomery has available to him the full panoply of discovery mechanisms to obtain the subject documents.

In addition, as set forth above, Chapter 86 simply does not provide that Montgomery is entitled to the requested injunctive relief. Nevada's corporations statute allows only a claim for damages based on any breach of an obligation to allow inspections. NRS 78.105. There is no reason to suppose that Chapter 86 allows more extensive relief.

Accordingly, Montgomery cannot claim to have suffered any irreparable harm as a result of eTreppid refusal to provide these documents prematurely.

//
//
//
//
//
//
//
//
//
//

### III. CONCLUSION

For the reasons set forth above, eTreppid respectfully submits that this Court should deny the present motion.

Dated: November 29, 2007.

                                                  /s/  
J. Stephen Peek, Esq. (NV Bar #1758)  
Jerry M. Snyder, Esq. (NV Bar #6830)  
Adam G. Lang, Esq. (NV Bar #10117)  
Hale Lane Peek Dennison and Howard  
5441 Kietzke Lane, Second Floor  
Reno, Nevada 89511  
Telephone: (775) 327-3000  
Facsimile: (775) 786-6179  

-and-

Reid H. Weingarten, Esq. (D.C. Bar #365893)  
Brian M. Heberlig, Esq. (D.C. Bar #455381)  
Robert A. Ayers, Esq. (D.C. Bar #488284)  
Steptoe & Johnson LLP  
1330 Connecticut Avenue, N.W.  
Washington, D.C. 20036-1795  
Telephone: (202) 429-3000  
Facsimile: (202) 429-3902  

*Attorneys for Plaintiff and Cross-Defendant eTreppid Technologies, L.L.C. and Cross-Defendant Warren Trepp*

# PROOF OF SERVICE

I, Meena Dalluge, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard. My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511**. I am over the age of 18 years and not a party to this action.

On November 29, 2007, I caused the foregoing **document** to be:

_ X _    filed electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

*Fax No. 775/829-1226*
mgunderson@gundersonlaw.com
Mark H. Gunderson, Ltd.
Mark H. Gunderson, Esq.
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511

*Fax 310/500-3501*
Tpham@linerlaw.com; dklar@linerlaw.com; rlapine@linerlaw.com
Teri T. Pham, Esq.
Deborah A. Klar, Esq.
Ryan M. Lapine, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

*Fax No. 202/616-8470*
Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC 20044

*Fax No. 784-5181*
Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV 89501

*Fax 202/616-8470*
Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, D.C. 20044

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on November 29, 2007.

                                              /s/
                                    Meena Dalluge