1  Mark H. Gunderson, Esq. (SBN: 2134)
   Catherine A. Reichenberg, Esq. (SBN: 10362)
2  GUNDERSON LAW FIRM
   5345 Kietzke Lane, Suite 200
3  Reno, Nevada 89511
   Telephone: (775) 829-1222
4  Facsimile: (775) 829-1226

5  Deborah A. Klar, Esq. (SBN: CA 124750)
   Teri T. Pham, Esq. (SBN: CA 193383)
6  Tuneen E. Chisolm, Esq. (SBN: CA 211741)
   LINER YANKELEVITZ
7  SUNSHINE & REGENSTREIF LLP
   1100 Glendon Avenue, 14th Floor
8  Los Angeles, California 90024-3503
   Telephone: (310) 500-3500
9  Facsimile: (310) 500-3501
   ADMITTED PRO HAC VICE

10
   Attorneys for Plaintiffs
11 DENNIS MONTGOMERY, and the MONTGOMERY
   FAMILY TRUST
12

13              **UNITED STATES DISTRICT COURT**

14                 **DISTRICT OF NEVADA**

15

16  DENNIS MONTGOMERY and the          )  Case No. 3:06-CV-00056-PMP-VPC
    MONTGOMERY FAMILY TRUST,           )  BASE FILE
17                                     )
              Plaintiffs,              )  (Consolidated with Case No. 3:06-CV-
18                                     )  00145-PMP-VPC)
                                       )
19       vs.                          )
                                       )  **RESPONSE OF THE MONTGOMERY**
    ETREPPID TECHNOLOGIES, LLC, WARREN )  **PARTIES TO THE PROTOCOLS**
20  TREPP, and the UNITED STATES       )  **PROPOSED BY THE GOVERNMENT**
    DEPARTMENT OF DEFENSE,             )  **TO FACILITATE THE U.S.**
21                                     )  **PROTECTIVE ORDER AND**
              Defendants.             )  **[PROPOSED] PROTOCOLS TO**
22                                     )  **FACILITATE THE U.S. PROTECTIVE**
    _____   )  **ORDER**
23                                     )
    AND RELATED CASES.                 )
24  _____   )

25      The Montgomery Parties have compared the protocols proposed by the Government to

26  implement the U.S. Protective Order to the express terms of the U.S. Protective Order and

27  generally concluded that the Government's proposed protocols (i) cannot be reconciled with the

28  plain language of the U.S. Protective Order and (ii) appear to modify and expand the terms of the

0039641/001/372574v01

1  U.S. Protective Order.  *See* Exhibit "A" annexed hereto.[1]  Such relief, however, is not authorized

2  absent the filing of an appropriate motion to modify the U.S. Protective Order.  Accordingly, the

3  Montgomery Parties respectfully submit the [Proposed] Protocols to Facilitate the U.S. Protective

4  Order included on Exhibit "B", annexed hereto, which protocols are designed to implement the

5  specific paragraphs of the U.S. Protective Order and are consistent with the express language of

6  each of those paragraphs.

7  Dated:  November 30, 2007                    Respectfully submitted,

8                                               LINER YANKELEVITZ
                                                SUNSHINE & REGENSTREIF LLP
9

10                                              By: _____

11                                                  Deborah A. Klar
                                                    Tuneen E. Chisolm
12                                                  Attorneys for Plaintiffs
                                                    DENNIS MONTGOMERY and the
13                                                  MONTGOMERY FAMILY TRUST

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1]  Exhibit "A" sets forth the Montgomery Parties' concerns with respect to specific paragraphs of the Government's Proposed Protocols.  In Exhibit "B", which is the Montgomery Parties' [Proposed] Protocols to Facilitate the U.S. Protective Order, each of those concerns is addressed and ameliorated, consistent with the express terms of the U.S. Protective

0039641/001/372574v01

# EXHIBIT A

# (pp.1-6)

# TO RESPONSE OF THE MONTGOMERY PARTIES TO THE PROTOCOLS PROPOSED BY THE GOVERNMENT TO FACILITATE THE U.S. PROTECTIVE ORDER AND [PROPOSED] PROTOCOLS TO FACILITATE THE U.S. PROTECTIVE ORDER

EXHIBIT $A$ PAGE $1$

# U.S. PROPOSED PROTOCOLS

**Government Proposed Language:** On August 29, 2007, the Court issued a protective order, which is incorporated herein by reference  ("U.S. Protective Order"). For the purpose of facilitating discovery in the action styled *Dennis Montgomery v. eTreppid Technologies, et al.*, Base File 3:06-CV-00056-PMP-VPC and 3:06-CV-00145-PMP-VPC ("the Action"), the parties have stipulated with the United States to adopt the following protocols to supplement the terms of the U.S. Protective Order:

**Montgomery Response:** There is no reason to incorporate the Protective Order into the Protocols, thereby creating a new protective order. The Protective Order should only be annexed as an exhibit to the protocols.

1.    **Government Proposed Language:** Pursuant to paragraph 9 of the U.S. Protective Order, if a party intends to produce a document in discovery or otherwise which that party in good faith believes may fall within the scope of paragraphs 2 and 3 of the U.S. Protective Order, that document must be provided to counsel for the United States for review prior to production. The United States will make a determination and inform counsel for the parties in writing within a reasonable time whether the document falls within the scope of paragraphs 2 and 3 of the U.S. Protective Order.

**Montgomery Response:** Paragraph 7 of the Protective Order expressly addresses the circumstance when the Government may review documents produced in response to "a document request in discovery or at trial." Paragraph 9 does not. This language, therefore, purports to improperly modify the Protective Order. Paragraph 6 of the Montgomery Parties' [Proposed] Protocols addresses the implementation of the provisions of Paragraph 7 of the Protective Order, consistent with the express language of Paragraph 7. In addition, the phrase "reasonable time" is ambiguous.

2.    **Government Proposed Language:** In connection with document discovery propounded pursuant to Rule 45 to a person not a party to the Action, a copy of the subpoena with which the person is served shall state the following: **"DISCOVERY IN THIS ACTION IS LIMITED BY THE TERMS OF THE U.S. PROTECTIVE ORDER ANNEXED HERETO AS EXHIBIT "A". PURSUANT TO THE TERMS OF THE U.S. PROTECTIVE ORDER EVERY WITNESS WHO APPEARS FOR DEPOSITION AND PRODUCES DOCUMENTS IN RESPONSE TO A SUBPOENA OR VOLUNTARILY PRODUCES DOCUMENTS OR PROVIDES TESTIMONY MUST COMPLY WITH THE TERMS OF THE U.S. PROTECTIVE ORDER"**

**Montgomery Response:** This language is included verbatim in Paragraph 1 of the Montgomery Parties' [Proposed] Protocols.

3    **Government Proposed Language:** Pursuant to paragraph 9 of the U.S. Protective Order, if a party or witness intends to produce a document required to be produced in connection

1

with a deposition which that party or witness in good faith believes may fall within the scope of paragraphs 2 and 3 of the U.S. Protective Order, then the document must be provided to counsel for the United States for review within a reasonable time before the deposition. Within a reasonable time, the United States will make a determination and inform counsel for the parties and/or the witness in writing of the document's receipt whether the document falls within the scope of paragraphs 2 and 3 of the U.S. Protective Order.

**Montgomery Response:**  Paragraph 7 of the Protective Order expressly addresses the circumstance when the Government may review documents produced in response to "a document request in discovery or at trial." Paragraph 9 does not. This language, therefore, purports to improperly modify the Protective Order. Paragraph 6 of the Montgomery Parties' [Proposed] Protocols addresses the implementation of the provisions of Paragraph 7 of the Protective Order, consistent with the express language of Paragraph 7. In addition, the phrase "reasonable time" is ambiguous. Paragraph 6 of the Montgomery Parties' [Proposed] Protocols addresses that issue with the following phrase "the United States, unless otherwise directed by the Court, within three business days of receipt of the complete document or written discovery response, shall redact the protected information . . . ."

4      **Government Proposed Language:**  If a party identifies information within a document or documents responsive to a discovery request or subpoena that is subject to paragraphs 2 or 3 of the U.S. Protective Order, paragraph 9 of that Order requires submission of such documents to the United States before responding to a discovery request or subpoena.

**Montgomery Response:**  Paragraph 7 of the Protective Order expressly addresses the circumstance when the Government may review documents produced in response to "a document request in discovery or at trial." Paragraph 9 does not. This language, therefore, purports to improperly modify the Protective Order. Paragraph 6 of the Montgomery Parties' [Proposed] Protocols addresses the implementation of the provisions of Paragraph 7 of the Protective Order, consistent with the express language of Paragraph 7. In addition, the phrase "reasonable time" is ambiguous. Paragraph 6 of the Montgomery Parties' [Proposed] Protocols addresses that issue with the following phrase "the United States, unless otherwise directed by the Court, within three business days of receipt of the complete document or written discovery response, shall redact the protected information . . . ."

5.     **Government Proposed Language:**  If in the course of its review of a document produced under paragraph 4 above, the United States identifies information subject to the U.S. Protective Order, the United States will redact such information and provide the redacted document or documents to the submitter within a reasonable time after the document is provided to counsel for the United States.

**Montgomery Response:**  Paragraph 7 of the Protective Order expressly addresses the circumstance when the Government may review documents produced in response to "a document request in discovery or at trial." Paragraph 9 does not. This language, therefore, purports to improperly modify the Protective Order. Paragraph 6 of the Montgomery Parties'

[Proposed] Protocols addresses the implementation of the provisions of Paragraph 7 of the Protective Order, consistent with the express language of Paragraph 7. In addition, the phrase "reasonable time" is ambiguous. Paragraph 6 of the Montgomery Parties' [Proposed] Protocols addresses that issue with the following phrase "the United States, unless otherwise directed by the Court, within three business days of receipt of the complete document or written discovery response, shall redact the protected information . . . "

6. **Government Proposed Language:** With respect to all other documents produced in discovery or pursuant to subpoena, if in the course of its review of such documents, the United States identifies information subject to the U.S. Protective Order, the United States will redact such information and provide the redacted document or documents to the submitter within a reasonable period of time after receipt.

**Montgomery Response:** Paragraph 7 of the Protective Order expressly addresses the circumstance when the Government may review documents produced in response to "a document request in discovery or at trial." Paragraph 9 does not. This language, therefore, purports to improperly modify the Protective Order. Paragraph 6 of the Montgomery Parties' [Proposed] Protocols addresses the implementation of the provisions of Paragraph 7 of the Protective Order, consistent with the express language of Paragraph 7. In addition, the phrase "reasonable time" is ambiguous. Paragraph 6 of the Montgomery Parties' [Proposed] Protocols addresses that issue with the following phrase "the United States, unless otherwise directed by the Court, within three business days of receipt of the complete document or written discovery response, shall redact the protected information . . . ."

7. **Government Proposed Language:** In connection with deposition discovery propounded pursuant to Rule 45 to a person not a party to the Action, a copy of the subpoena with which the person is served shall state the following: **"DISCOVERY IN THIS ACTION IS LIMITED BY THE TERMS OF THE U.S. PROTECTIVE ORDER ANNEXED HERETO AS EXHIBIT "A". PURSUANT TO THE TERMS OF THE U.S. PROTECTIVE ORDER EVERY WITNESS WHO APPEARS FOR DEPOSITION AND PRODUCES DOCUMENTS IN RESPONSE TO A SUBPOENA OR VOLUNTARILY PRODUCES DOCUMENTS OR PROVIDES TESTIMONY MUST COMPLY WITH THE TERMS OF THE U.S. PROTECTIVE ORDER"**

**Montgomery Response:** This language is included verbatim in Paragraph 2 of the Montgomery Parties' [Proposed] Protocols.

8. **Government Proposed Language:** In connection with depositions noticed pursuant to Rule 30, a copy of the notice subpoena with which the person is served shall state the following: **"DISCOVERY IN THIS ACTION IS LIMITED BY THE TERMS OF THE U.S. PROTECTIVE ORDER ANNEXED HERETO AS EXHIBIT "A". PURSUANT TO THE TERMS OF THE U.S. PROTECTIVE ORDER EVERY WITNESS WHO APPEARS FOR DEPOSITION AND PRODUCES DOCUMENTS IN RESPONSE TO A SUBPOENA OR**

3

**VOLUNTARILY PRODUCES DOCUMENTS OR PROVIDES TESTIMONY MUST COMPLY WITH THE TERMS OF THE U.S. PROTECTIVE ORDER"**

**Montgomery Response:**  This language is included verbatim in Paragraph 3 of the Montgomery Parties' [Proposed] Protocols.

9.    **Government Proposed Language:**  A copy of the U.S. Protective Order should be made the first exhibit to all depositions.

**Montgomery Response:**  This language is included verbatim in Paragraph 4 of the Montgomery Parties' [Proposed] Protocols.

10.    **Government Proposed Language:**  Pursuant to paragraphs 2 and/or 3 of the U.S. Protective Order, prior to serving a subpoena, subpoena duces tecum or notice of deposition upon any person who is a current or former employee of the federal government, the parties will provide the name of that person to counsel for the United States.  Within a reasonable time, counsel for the United States will inform counsel for the propounding party whether the United States has an objection under the U.S. Protective Order.

**Montgomery Response:**  The phrase "reasonable time" is ambiguous.  Paragraph 5 of the Montgomery Parties' [Proposed] Protocols addresses that issue with the following phrase "Unless otherwise directed by the Court, within two business days of its receipt of that name, the United States shall inform counsel . . . ."

11.    **Government Proposed Language:**  Pursuant to paragraph 11 of the U.S. Protective Order, at a deposition, if the responding party reasonably believes that a full and complete response to a question could disclose information protected by the U.S. Protective Order, the responding party shall so state on the record.  The responding party shall then provide a complete response to counsel for the United States prior to responding and outside the presence of counsel for the parties or any other person.  After such consultation, the responding party shall respond only with information that counsel for the United States has determined is not governed by the U.S. Protective Order.

**Montgomery Response:**  Paragraph 11 of the Protective Order expressly states that the information protected at a deposition is information protected pursuant to paragraphs 2,3,5 or 6 of the Protective Order.  Paragraph 9 of the Montgomery Parties' [Proposed] Protocols tracks the language of Paragraph 11 of the Protective so there is no ambiguity regarding the information that is protected and subject to objection by the Government.

12.    **Government Proposed Language:**  If during a deposition information is put on the record by any person present during the deposition which counsel for the United States believes is protected by the U.S. Protective Order, counsel for the United States has the right to object on the record and direct the person who has made the disclosure to make no further disclosure which is protected by the U.S. Protective Order.  Counsel for the United States shall have the



right to direct the court reporter to provide a copy of that portion of the transcript to counsel for the United States. After receipt of the portion of the transcription, the United States will review the transcript within a reasonable time. If information protected under the U.S. Protective Order was disclosed, that information may be redacted by the United States and the redacted transcript will be provided to the court reporter. The court reporter shall be required to provide all written or oral recordations of the redacted portion of the transcript to counsel for the United States for disposition. An unredacted copy of the transcript will be maintained by the U.S. Department of Justice Security office.

**Montgomery Response:**  Paragraph 11 of the Protective Order expressly states that the information protected at a deposition is information protected pursuant to paragraphs 2,3,5 or 6 of the Protective Order. Paragraph 9 of the Montgomery Parties' [Proposed] Protocols tracks the language of Paragraph 11 of the Protective so there is no ambiguity regarding the information that is protected and subject to objection by the Government.

13.    **Government Proposed Language:**  With respect to any document that the United States identifies as having information subject to the U.S. Protective Order that is in the possession of the parties, the parties shall produce such unredacted documents to counsel for the United States upon request.

**Montgomery Response:**  Paragraph 7 of the Protective Order expressly addresses the circumstance when the Government may review documents produced in response to "a document request in discovery or at trial." There is no provision in Paragraph 7 or in any other paragraph in the Protective Order which states that the parties are obligated to produce unredacted documents to counsel for the United States upon request. This provision is an improper attempt to modify the terms of the Protective Order.

14.    **Government Proposed Language:**  The U.S. Protective Order governs any mediation convened in the Action. No documents, testimony or other information protected under the U.S. Protective Order are permitted to be provided to the opposing party, counsel or other person.

**Montgomery Response:**  This language is included verbatim in Paragraph 10 of the Montgomery Parties' [Proposed] Protocols.

        **Government Proposed Language:**  Nothing in these protocols shall be construed to waive any party's right to seek further relief from the Court as deemed necessary and appropriate by that party.

**Montgomery Response:**  This language is included verbatim in Paragraph 11 of the Montgomery Parties' [Proposed] Protocols.

# EXHIBIT B

# (pp.1-6)

# TO RESPONSE OF THE MONTGOMERY PARTIES TO THE PROTOCOLS PROPOSED BY THE GOVERNMENT TO FACILITATE THE U.S. PROTECTIVE ORDER AND [PROPOSED] PROTOCOLS TO FACILITATE THE U.S. PROTECTIVE ORDER



1  Mark H. Gunderson, Esq. (SBN: 2134)
   Catherine A. Reichenberg, Esq. (SBN: 10362)
2  GUNDERSON LAW FIRM
   5345 Kietzke Lane, Suite 200
3  Reno, Nevada 89511
   Telephone: (775) 829-1222
4  Facsimile: (775) 829-1226

5  Deborah A. Klar, Esq. (SBN: CA 124750)
   Teri T. Pham, Esq. (SBN: CA 193383)
6  Tuneen E. Chisolm, Esq. (SBN: CA 211741)
   LINER YANKELEVITZ
7  SUNSHINE & REGENSTREIF LLP
   1100 Glendon Avenue, 14th Floor
8  Los Angeles, California 90024-3503
   Telephone: (310) 500-3500
9  Facsimile: (310) 500-3501
   ADMITTED PRO HAC VICE
10
   Attorneys for Plaintiffs
11 DENNIS MONTGOMERY, and the MONTGOMERY
   FAMILY TRUST
12

13                **UNITED STATES DISTRICT COURT**

14                   **DISTRICT OF NEVADA**

15

16 DENNIS MONTGOMERY and the          )  Case No. 3:06-CV-00056-PMP-VPC
   MONTGOMERY FAMILY TRUST,           )  BASE FILE
17                                     )
              Plaintiffs,             )  (Consolidated with Case No. 3:06-CV-
18                                     )  00145-PMP-VPC)
          vs.                          )
19                                     )  **[PROPOSED] PROTOCOLS TO**
   ETREPPID TECHNOLOGIES, LLC, WARREN )  **FACILIATE U.S PROTECTIVE ORDER**
20 TREPP, and the UNITED STATES        )  **AND ORDER THEREON**
   DEPARTMENT OF DEFENSE,              )
21                                     )
              Defendants.             )
22                                     )
                                       )
23 ─────────────────────────────────── )
                                       )
24 AND RELATED CASES.                  )
   ─────────────────────────────────── )

25         On August 29, 2007, the Court issued the United States Protective Order, a copy of

26 which is annexed hereto as Exhibit "A" ("Protective Order"). Given the restrictions on discovery

27 imposed by the Protective Order, for the purpose of facilitating discovery in the action styled

28 *Dennis Montgomery v. eTreppid Technologies, et al.*, Base File 3:06-CV-00056-PMP-VPC and

EXHIBIT *B* PAGE *2*

0039641/001/372582v01

1  3:06-CV-00145-PMP-VPC ("the Action"), the parties to the action have stipulated with the United

2  States ("United States") to adopt the following protocols:

3       1.    **Document Discovery Pursuant to Rule 45:**  In connection with document

4  discovery propounded pursuant to Rule 45 to a person not a party to the Action, a copy of the

5  subpoena with which the person is served shall state the following:  **"DISCOVERY IN THIS**

6  **ACTION IS LIMITED BY THE TERMS OF THE UNITED STATES PROTECTIVE**

7  **ORDER ANNEXED HERETO AS EXHIBIT "A" ("PROTECTIVE ORDER").**

8  **PURSUANT TO THE TERMS OF THE PROTECTIVE ORDER EVERY WITNESS WHO**

9  **APPEARS FOR DEPOSITION AND PRODUCES DOCUMENTS IN RESPONSE TO A**

10  **SUBPOENA OR VOLUNTARILY PRODUCES DOCUMENTS OR PROVIDES**

11  **TESTIMONY MUST COMPLY WITH THE TERMS OF THE PROTECTIVE ORDER".**

12       2.    **Deposition Discovery Pursuant to Rule 45:**  In connection with deposition

13  discovery propounded pursuant to Rule 45 to a person not a party to the Action, a copy of the

14  subpoena with which the person is served shall state the following:  **"DISCOVERY IN THIS**

15  **ACTION IS LIMITED BY THE TERMS OF THE UNITED STATES PROTECTIVE**

16  **ORDER ANNEXED HERETO AS EXHIBIT "A" ("PROTECTIVE ORDER").**

17  **PURSUANT TO THE TERMS OF THE PROTECTIVE ORDER EVERY WITNESS WHO**

18  **APPEARS FOR DEPOSITION AND PRODUCES DOCUMENTS IN RESPONSE TO A**

19  **SUBPOENA OR VOLUNTARILY PRODUCES DOCUMENTS OR PROVIDES**

20  **TESTIMONY MUST COMPLY WITH THE TERMS OF THE PROTECTIVE ORDER"**

21       3    **Deposition Discovery Pursuant to Rule 30:**  In connection with depositions

22  noticed pursuant to Rule 30 to a person not a party to the Action, a copy of the notice subpoena

23  with which the person is served shall state the following:  **"DISCOVERY IN THIS ACTION IS**

24  **LIMITED BY THE TERMS OF THE UNITED STATES PROTECTIVE ORDER**

25  **ANNEXED HERETO AS EXHIBIT "A" ("PROTECTIVE ORDER"). PURSUANT TO**

26  **THE TERMS OF THE PROTECTIVE ORDER EVERY WITNESS WHO APPEARS FOR**

27  **DEPOSITION AND PRODUCES DOCUMENTS IN RESPONSE TO A SUBPOENA OR**

28

0039641/001/ 372582v01

EXHIBIT _B_ PAGE _3_

1  **VOLUNTARILY PRODUCES DOCUMENTS OR PROVIDES TESTIMONY MUST**

2  **COMPLY WITH THE TERMS OF THE PROTECTIVE ORDER"**

3      4      **Deposition Exhibit:** A copy of the Protective Order should be made the first

4  exhibit to all depositions.

5      5.     **Implementation of Paragraph 2 of the Protective Order:** Pursuant to paragraph

6  2 of the Protective Order, prior to serving a subpoena, subpoena duces tecum or notice of

7  deposition upon any person who is a current or former employee of the federal government, the

8  parties will provide the name of that person to the United States   Unless otherwise directed by the

9  Court, within two business days of its receipt of that name, the United States shall inform counsel

10 for the propounding party in writing whether pursuant to Paragraph 2 of the Protective Order, the

11 identify of that witness is protected.

12      6.     **Implementation of Paragraph 7 of the Protective Order:** Pursuant to paragraph

13 7 of the Protective Order, if a party responding to a question or document request in discovery or at

14 trial believes that a full and complete response could disclose information protected by paragraphs

15 2,3,5 or 6 of the Protective Order, the responding party shall provide notice of such belief and a full

16 and complete response to the United States, unless otherwise directed by the Court, at least five

17 business days prior to responding, .  If the United States determines that a document or discovery

18 response includes information covered by paragraphs 2,3,5 or 6 of the Protective Order, the United

19 States, unless otherwise directed by the Court, within three business days of receipt of the complete

20 document or written discovery response, shall redact the protected information and provide the

21 parties and Court with a redacted copy of the document or written discovery response

22      7      **Implementation of Paragraph 9 of the Protective Order**: Pursuant to paragraph

23 9 of the Protective Order, if the "documents" (as defined in paragraph 9 of the Protective Order as

24 all notices of depositions, requests for discovery and responses thereto[1] and all pleadings and

25

26 _____

[1] The Government takes the position that the phrase "responses to discovery" used in paragraph 9

27 mandates that all documents produced in the litigation be shall be served on the Government   But
that interpretation of the Protective Order cannot be reconciled with the plain language of

28 paragraph 7 of the Protective Order.  As demonstrated above, paragraph 7 addresses the

(Continued...)

3      Case No. 3:06-CV-00056-PMP-VPC    BASE FILE

1  motions and supporting memoranda) request or relate to information covered by paragraphs 2 or 3

2  of the Protective Order, the Parties shall submit the documents to the United States for privilege

3  review, unless otherwise directed by the Court, at least 5 business days prior to service or filing. If

4  the United States determines that a document or discovery response includes information covered

5  by paragraphs 2 or 3 above, the United States within three business days of receipt, unless

6  otherwise directed by the Court, shall redact the information and provide the parties and Court with

7  a redacted copy of the documents or discovery response

8      8.    **Implementation of Paragraph 11 of the Protective Order**: Pursuant to paragraph

9  11 of the Protective Order, at a deposition, if the responding party reasonably believes that a full

10  and complete response to a question could disclose information protected by paragraphs 2,3, 5 or 6

11  of the Protective Order, the responding party shall so state on the record. The responding party

12  shall then provide a complete response to the United States prior to responding and outside the

13  presence of counsel for the parties or any other person. After such consultation, the responding

14  party shall respond only with information that the United States has determined is not governed by

15  paragraphs 2,3,5 or 6 of the Protective Order

16      9.    **Implementation of Paragraph 11 of the Protective Order** If during a deposition

17  information is put on the record by any person present during the deposition which the United

18  States believes is protected by paragraphs 2, 3, 5 or 6 of the Protective Order, the United States has

19  the right to object on the record and direct the person who has made the disclosure to make no

20  further disclosure which is protected by paragraphs 2,3,5 or 6 of the Protective Order. The United

21  States shall have the right to direct the court reporter to provide a copy of that portion of the

22  transcript to the United States. After transcription, the United States will review the transcript

23  within 5 business days of its receipt, unless otherwise directed by the Court. If information

24  protected pursuant to paragraphs 2,3,5 or 6 of the Protective Order was disclosed, that information

25  may be redacted by the United States and the redacted transcript promptly will be provided to the

26  _____

27  (...Continued)

28  circumstance when a document to be produced in response to discovery or at trial must be provided
   in advance of production to the Government.

1 | court reporter. The court reporter will be required to provide all written or oral recordations of the

2 | redacted portion of the transcript to the United States for disposition. An unredacted copy of the

3 | transcript will be maintained by the U.S. Department of Justice Security office

4 |        10.   **Scope of Protective Order:** The Protective Order governs any mediation convened

5 | in the Action. No documents, testimony or other information protected pursuant to paragraphs 2,3,

6 | 5 or 6 of the Protective Order are permitted to be provided to the opposing party, counsel or other

7 | person.

8 |        11.   **No Waiver:** Nothing contained in this Protocol shall be construed to waive any

9 | party's right to seek further relief from the Court as being necessary and appropriate by that party.

10 | Dated: November 30, 2007               Respectfully submitted,

11 |                                                   LINER YANKELEVITZ<br>SUNSHINE & REGENSTREIF LLP

12 |

13 |                                         By:

14 |                                            Deborah A. Klar

15 |                                           Tuneen E. Chisolm<br>Attorneys for Plaintiffs DENNIS<br>MONTGOMERY and the

16 |                                           MONTGOMERY FAMILY TRUST

17 |

18 |                                           **ORDER**

19 | It is so Ordered.

20 | Dated: November 30, 2007

21 |                                           U.S. DISTRICT COURT JUDGE

22 |

23 |

24 |

25 |

26 |

27 |

28 |

0039641/001/ 372582v01

# EXHIBIT A TO EXHIBIT B

# (pp.1-6)

# TO RESPONSE OF THE MONTGOMERY PARTIES TO THE PROTOCOLS PROPOSED BY THE GOVERNMENT TO FACILITATE THE U.S. PROTECTIVE ORDER AND [PROPOSED] PROTOCOLS TO FACILITATE THE U.S. PROTECTIVE ORDER

1  PETER D. KEISLER
   Assistant Attorney General
2  STEVEN W. MYHRE
   Acting United States Attorney
3  District of Nevada
   GREG ADDINGTON
4  Assistant United States Attorney
   Nevada Bar 6875
5  100 West Liberty, Suite 600
   Reno, Nevada 89501
6  VINCENT M. GARVEY
   Deputy Branch Director
7  CARLOTTA P. WELLS
   Senior Trial Counsel
8  Federal Programs Branch
   Civil Division · Room 7150
9  U.S. Department of Justice
   20 Massachusetts Ave., NW/P.O. Box 883
10 Washington, D.C. 20044
   Telephone: (202)514-4522
11 Facsimile: (202) 616-8470

12              UNITED STATES DISTRICT COURT
                   DISTRICT OF NEVADA
13

14 DENNIS MONTGOMERY, et al.,                  )
                                               )
15         Plaintiffs,                         )
                                               )    3:06-CV-00056-PMP-VPC
16 v.                                          )    **BASE FILE**
                                               )
17 ETREPPID TECHNOLOGIES, INC.,                )    3:06-CV-00145-PMP-VPC
   et al.,                                     )
18                                             )
           Defendants.                         )
19                                             )

20              UNITED STATES  PROTECTIVE ORDER

21         Pursuant to Federal Rule of Civil Procedure 26, in order to protect the classification,

22 confidentiality and the rights to information and documents developed and disclosed in

23 connection with this litigation, and to facilitate discovery by and among the parties to this

24 action and from third parties, the United States hereby proposes entry of the following

25 protective order.

26

27

28


EXHIBIT _4_ TO
EXHIBIT _6_ PAGE _2_

IT IS HEREBY ORDERED as follows:

1.      Certain information that may or may not be relevant to the claims and/or defenses of eTreppid Technologies, LLC and its current or former officers or employees (hereinafter collectively referred to as "eTreppid"), Warren Trepp, Dennis Montgomery, the Montgomery Family Trust and/or Dennis Montgomery and Brenda Montgomery as trustees of the Montgomery Family Trust (hereinafter collectively referred to as "the Parties"), as delineated in paragraphs 2 and 3 below, is subject to the state secrets privilege, the disclosure of which reasonably could be expected to cause serious, and in some cases exceptionally grave, damage to the national security of the United States. Such information shall not be subject to discovery or disclosure by any of the Parties during all proceedings in these actions, and shall be excluded from evidence at trial.

2.      The Parties shall not serve or take any discovery relating to or questioning the existence or non-existence of any actual or proposed relationship, agreement, connection, contract, transaction, communication or meeting of any kind between any entity in the intelligence community as defined by the National Security Act of 1947, 50 U.S.C. § 401(a)(4), which includes intelligence elements of the military services, or any current or former official, employee or representative thereof (hereinafter collectively referred to as "intelligence agency") and the Parties.

3.      The Parties shall not serve or take any discovery relating to or questioning any actual or proposed intelligence agency interest in, application of or use of any technology, software or source code owned or claimed by the Parties.

4       This Order does not preclude the Parties from serving or taking any discovery from other Parties or third parties relating to, or questioning, the following:

-2-

EXHIBIT 4 TO
EXHIBIT B PAGE 3

1      a     The existence and nature of the "Big Safari" contract (hereinafter referred to as "the Big Safari Contract") between eTreppid and the Unites States Air Force, including but not limited to the fact that the Big Safari Contract required eTreppid to perform data analysis and the fact that the data analysis eTreppid performed under the Big Safari Contract involved image identification technology;

b.     The fact that the Big Safari Contract required employees and/or officers of eTreppid to sign secrecy agreements with the Department of Defense;

c.     The computer source code, software, programs, or technical specifications relating to any technology owned or claimed by any of the Parties ("the Technology");

d.     Any contract, relationship, agreement, connection, transaction, communication or meeting of any kind relating to the Technology, unless covered by paragraphs 2 or 3 above;

e.     Any actual or potential commercial or government applications of the Technology, unless covered by paragraphs 2 or 3 above;

f.     Facts relating to the issue of ownership by the Parties of any right or interest in the Technology, unless covered by paragraphs 2 or 3 above;

g.     The revenue, income, expenses, profits and losses of the Parties, unless disclosure of such information would be covered by paragraphs 2 or 3 above; and

h.     Any consideration received by any of the Parties relating to the Technology, unless covered by paragraphs 2 or 3 above.

5.     The Parties shall not discuss, mention, question or introduce as evidence, either at trial, in any pleading or motion, or in any case-related correspondence, any actual or proposed relationship, agreement, connection, contract, transaction, communication or meeting of any kind between any intelligence agency and any of the Parties.

-3-

EXHIBIT A TO
EXHIBIT B PAGE 4

1    6.    The Parties shall not discuss, mention, question or introduce as evidence, either
2  at trial, in any pleading or motion, or in any case-related correspondence, any actual or
3  proposed intelligence agency interest in, application of or use of the Technology

4    7.    No question and no document request in discovery or at trial shall require a
5  response that would include any information covered by paragraphs 2, 3, 5 or 6 above, but if
6  the responding party believes that a full and complete response could disclose information
7  within the scope of the state secrets privilege, the responding party shall provide timely notice
8  of such belief and the full and complete response to the United States prior to responding, and
9  shall respond only with information that the United States has determined is not subject to the
10  state secrets privilege.

11
12   8.    The military and state secrets privilege, the claim that any discovery is
13  covered by paragraphs 2 or 3 above, and the claim that any evidence is covered by
14  paragraphs 2 or 3 above, can only be invoked by the United States. These claims cannot be
15  asserted by a private individual or entity.

16   9.    All Parties shall serve the attorneys for the United States with (a) a copy of
17  all notices of depositions, (b) a copy of all requests for discovery and responses thereto,
18  and (c) a copy of all pleadings and motions filed together with supporting memoranda
19  (hereinafter collectively referred to as the "documents"), unless such documents request or
20  relate to information covered by paragraphs 2 or 3 above. If the documents request or
21  relate to information covered by paragraphs 2 or 3 above, the Parties shall submit the
22  documents to the United States for privilege review prior to service or filing. All
23  documents filed or sought to be used as evidence by the Parties in this case shall be
24  unclassified. This requirement applies to all motions, pleadings, briefs, and any other
25  document, including exhibits, correspondence, or anything appended thereto or filed
26  therewith. If the United States determines that a document or discovery response includes
27
28    -4-

information covered by paragraphs 2 or 3 above, the United States shall redact the information and provide the parties and Court with a redacted copy of the document or discovery response

10    The Clerk of the Court shall send attorneys for the United States a copy of all future decisions and notices for hearings in these cases.

11.    As the United States deems necessary, attorneys for the United States may attend all depositions and proceedings in this case and may make objections as necessary to protect national security information. If attorneys for the United States assert an objection based on the need to protect national security information with respect to either witness testimony or documents introduced or otherwise relied upon during a deposition, then the witness shall be precluded from testifying with respect to the line of inquiry that engendered the objection, and the document shall be withdrawn from the record pending an order of the Court with respect to the scope of the government's national security objection.

12    To protect the United States' interests, attorneys for the United States may participate in any proceeding in these cases, including but not limited to motions hearings, all pre-trial proceedings, or trial by making and opposing motions, submitting briefs, and participating in arguments.

13    The United States shall be excepted from all party discovery during the pendency of its motions to dismiss the claims against the Department of Defense

It is so ordered.

Dated:    August 29, 2007

PHILIP M. PRO
United States District Judge

-5-

EXHIBIT A TO
EXHIBIT B PAGE 6

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICES OF LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP, and that on the **30th day of November, 2007**, I caused to be served the within document described as **RESPONSE OF THE MONTGOMERY PARTIES TO THE PROTOCOLS PROPOSED BY THE GOVERNMENT TO FACILITATE THE U.S. PROTECTIVE ORDER AND [PROPOSED] PROTOCOLS TO FACILITATE THE U.S. PROTECTIVE ORDER** on the interested parties in this action as stated below:

J. Stephen Peek, Esq.
Jerry M. Snyder, Esq
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane
Second Floor
Reno, Nevada 89511
(775) 327-3000; 786-6179 - FAX
speek@halelane.com; jsnyder@halelane.com
Attorneys for Etreppid and Warren Trepp

Reid H Weingarten, Esq.
Brian M Heberlig, Esq.
Robert A Ayers, Esq,
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000; (202) 429-3902 - FAX
rweingarten@steptoe.com;
bhaberlig@steptoe.com; rayers@steptoe.com
Attorneys for eTreppid and Warren Trepp

Greg Addington, AUSA
U.S. DEPARTMENT OF JUSTICE
100 W. Liberty Street. Suite 600
Reno, Nevada 89501
E-mail: Greg.addington@usdoj.gov
(775) 784-5181 - FAX
Attorneys for Department of Defense

Carlotta P. Wells, Sr. Trial Counsel
U.S. Dept. of Justice
Fed. Programs Branch
Civil Division
Room 7150
20 Massachusetts Avenue, NW
Post Office Box 883
Washington, D.C. 20044
(202) 514-4522; 616-8470 - FAX
E-mail: Carlotta.wells@usdoj.gov
Attorneys for Department of Defense

Ralph O Gomez, Esq., Sr. Trial Counsel
U.S. Dept. of Justice, Fed Programs Branch
Civil Division, Room 6144
20 Massachusetts Avenue, NW
Post Office Box 883
Washington, D.C. 20044
(202) 514-1318; 616-8470 - FAX
E-mail: raphael.gomez@usdoj.gov
Attorneys for Department of Defense

☒ **[ELECTRONIC]** By filing the document(s) electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document(s) to the persons listed above at their respective email address.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on 11/30/2007, at Los Angeles, California.

CYNTHIA KENNEDY

PROOF OF SERVICE

0039641/001/372898v01