JEFFREY BUCHOLTZ
Acting Assistant Attorney General
STEVEN W. MYHRE
United States Attorney
District of Nevada
GREG ADDINGTON
Assistant United States Attorney
Nevada Bar 6875
100 West Liberty, Suite 600
Reno, Nevada 89501
VINCENT M. GARVEY
Deputy Branch Director
CARLOTTA P. WELLS
RAPHAEL O. GOMEZ
Senior Trial Counsel
Federal Programs Branch
Civil Division - Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW/P.O. Box 883
Washington, D.C.  20044
Telephone: (202)514-4522 (CW)
          (202)513-1318(RG)
Facsimile:  (202) 616-8470

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY, et al., | |
| Plaintiffs, | |
| v. | 3:06-CV-00056-PMP-VPC<br>**BASE FILE** |
| ETREPPID TECHNOLOGIES, INC., et al., | 3:06-CV-00145-PMP-VPC |
| Defendants. | |

**UNITED STATES' MEMORANDUM**
**IN SUPPORT OF PROPOSED DISCOVERY PROTOCOLS**

**INTRODUCTION**

In the interest of ensuring compliance with the August 29, 2007 U.S. Protective Order and to facilitate discovery by and among the parties to this action, the United States proposed that discovery protocols be identified.  At the discovery conference held on October 11, 2007, this Court instructed the United States to file a stipulation or report regarding the protocols no later than November 9, 2007.  (Docket No. 297).  On November 19, 2007, the United States filed its

Report regarding the proposed discovery protocols, notified the Court that eTreppid counsel had agreed to the protocols, reported that counsel for Montgomery and Family ("Montgomery") took issue with certain provisions in the protocols; and, that the United States would continue to seek resolution of Montgomery's dispute. (Docket No. 327). On November 13, 2007, the United States filed a supplemental notice in which it reported that Montgomery continued to reject certain provisions in the United States proposed discovery protocols and that agreement had not been reached.

Montgomery's objections fall into three categories. First, Montgomery alleges that the protocols seek to expand the scope of the U.S. Protective Order. Second, Montgomery contends that the protocols should not make general reference to the U.S. Protective Order but should identify the specific paragraph at issue. Third, Montgomery seeks to set deadlines of 2 or 3, or no more than 3 or 4, business days from receipt of documents for the United States to complete its review of documents; to determine whether they contain information subject to the U.S. Protective Order, and redact any that do; and, notify or provide copies of redacted documents to the parties. Montgomery's contentions are unfounded and without merit.

**ARGUMENT**

I.   The U.S. Protective Order Prohibits Disclosure
     Of Military And States Secrets Information In Discovery

This Court has upheld the United States' invocation of military and state secrets privilege and issued a protective order prohibiting the disclosure of such information as detailed in the U.S. Protective Order issued on August 29, 2007. (Docket No. 253). Under that Order, the United States, not a private party, determines whether information is subject to the U.S. Protective Order. U.S. Protective Order at ¶¶ 1-3, 5-9, and 11. This is in keeping with the well established principle that the Executive Branch is responsible for the protection and control of national security information. See Department of Navy v. Egan, 484 U.S. 518, 527 (1988). The privilege is a unique and exclusively governmental privilege that may be asserted by the Government, not private litigants. See e.g., United States v. Reynolds, 345 U.S. 1, 7-8 (1953);

<u>New York Times Co. v. United States</u>, 403 U.S. 713, 728-29 (1971) (J. Stewart concurring).

Montgomery objects to the inclusion of paragraphs 4, 5, and 6 in the proposed discovery protocols. The three paragraphs read as follows:

> 4. If a party identifies information within a document or documents responsive to a discovery request or subpoena that is subject to paragraphs 2 or 3 of the U.S. Protective Order, paragraph 9 of that Order requires submission of such documents to the United States before responding to a discovery request or subpoena.
>
> 5. If in the course of its review of a document produced under paragraph 4 above, the United States identifies information subject to the U.S. Protective Order, the United States will redact such information and provide the redacted document or documents to the submitter within a reasonable time after the document is provided to counsel for the United States.
>
> 6. With respect to all other documents produced in discovery or pursuant to a subpoena, if in the course of its review of such documents, the United States identifies information subject to the U.S. Protective Order, the United States will redact such information and provide the redacted document to the submitter within a reasonable period of time after receipt.

Montgomery objects to the inclusion of paragraph 4 and 5, in part, because they are addressed in paragraph 9 in the U.S. Protective Order and to paragraph 6 because Montgomery contends that it is beyond the scope of the Order. These paragraphs are intended to clarify the responsibilities of the parties under paragraph 9 with respect to particular circumstances. For example, paragraphs 4 and 5 make clear that regardless of whether a document is being produced in connection with a deposition or pursuant to a Rule 45 or Rule 34 production, the party or person or entity responsible for the production is under an obligation to review the production and identify whether they believe there is any information contained in the document production that is subject to the U.S. Protective Order. If the party, person or entity believes there is, the respondent must submit the document or documents to the United States for review. The United States proposes a similar procedure in paragraph 6 for handling documents produced to the United States but not identified by the parties as containing information subject to the U.S.

Protective Order.[1]

As further elucidated at the discovery conference on November 15, 2007, Montgomery's counsel objects to paragraphs 5 and 6 in their entirety, contending that the parties are under no obligation to provide copies of documents produced in discovery to the United States and that the U.S. Protective Order does not specify that United States may review such documents. Montgomery's contentions are without merit.

Paragraph 9 of the U.S. Protective Order specifically provides that: "[A]ll parties shall serve the attorneys for the United States with . . . (b) copies of all requests for discovery and responses thereto . . . ." Presumably, Montgomery distinguishes production of documents from the service of a response stating that the documents are available for inspection or some other response, like an objection. The plain language of the protective order does not support such a reading and, moreover, since the purpose of the U.S. Protective Order is to ensure prevention of disclosures of military and state secrets information, it is illogical that the United States would only be interested merely in seeing a notice that documents are available for inspection or an objection to a document request and not the production itself.

Nor is there any merit to Montgomery's contention that the United States is limited to reviewing only documents that the parties believe contain information subject to the U.S. Protective Order. Paragraph 1 of the U.S. Protective Order specifically states that information delineated in paragraphs 2 and 3 "<u>shall not be subject to discovery</u> or disclosure by any of the Parties during all proceedings in these actions, and shall be excluded from evidence at trial." (emphasis supplied). Paragraph 9 states that "[I]f the United States determines that a document or discovery response includes information covered by paragraph 2 or 3 above, the United States shall redact the information and provide the parties and Court with a redacted copy of the document or discovery response." While having the parties identify information that they believe

---

[1] Montgomery's objection as to limiting the time for review as to paragraphs 3, 4 and 5 is addressed below.

may be subject to the U.S. Protective Order provides assistance to an arduous task, it cannot be viewed as limiting the United States' ability to protect its information. Moreover, as demonstrated above, the U.S. Protective Order specifically affirms that it is the United States that makes the determination as to whether information is subject to the Order. See U.S Protective Order at ¶ 8. The U.S. Protective Order must be read in light of the purpose for what it was entered – to provide a mechanism for the United States to protect against disclosures of information that the Court has already concluded is covered by the United States' assertion of the military and state secrets privilege. It should not be read in a manner that undercuts the very purpose for which it was intended. Indeed, the record in this case demonstrates the need for a robust process to protect against disclosure.[2]

Montgomery also contends that paragraph 13 in the proposed discovery protocols should be excluded. Paragraph 13 reads as follows:

> 13. With respect to any document that the United States identifies as having information subject to the U.S. Protective Order that is in the possession of the parties, the parties shall produce such unredacted documents to counsel for the United States upon request.

As demonstrated above, military and state secrets information is subject to the control of the President and the Executive Branch, not private litigants. It is information that may adversely affect the national security interests. This Court has upheld the United States' assertion of the privilege and by order of the Court on April 2, 2007 has permitted the United States to redact

---

[2] The military and states secrets privilege and the U.S. Protective Order do not contemplate that a party may get a "peek" at national security information through discovery. Nor does the U.S. Protective Order permit the parties to produce such information in discovery or otherwise file such information under seal, as suggested by counsel for Montgomery. As demonstrated in the United States motion and memorandum in support of the U.S. Protective Order, the assertion of the military and state secrets privilege might leave a party to litigate "in the dark." See Stillman v. CIA, 319 F.3d 546, 549 (D.C. Cir. 2003) (plaintiff's counsel not permitted to review classified in camera affidavit in support of assertion of military and state secrets privilege); Farnsworth Cannon, Inc. v. Grimes, 635 F.2d 268, 281 (4th Cir. 1980) (en banc) (plaintiff's counsel left unaware of the scope of excluded information); Maxwell v. First National Bank, 143 F.R.D. 590 , 599-600 (D. Md. 1992) (plaintiff's counsel rebuffed in his attempts to discovery matters with respect to which the privilege had been asserted).

such information that had previously been filed in the Search Warrant Case and in the two instant consolidated cases. Counsel for the parties are not authorized to utilize or maintain such information. Counsel for eTreppid has produced copies of all documents that have been redacted by the United States. In contrast, counsel for Montgomery has instructed former local counsel not to produce such documents to the United States; opposed return of copies of filings that the United States redacted pursuant to the Court's April 2, 2007 Order and that remain in the possession of Michael Flynn, former Montgomery counsel; and, now, apparently contends that counsel for Montgomery may retain national security information that the United States redacts from documents under the U.S. Protective Order. The U.S. Protective Order clearly contemplates that the parties are obligated to provide documents that are determined to contain military and state secrets information to the United States upon request.

II.  Identification Of The Grounds For Precluding Testimony Beyond Stating That The Proposed Testimony Is Subject To the U.S. Protective Order Is Not Necessary; Arbitrary Deadlines For Review, Redaction And Notification That Information In Documents Produced In Discovery Are Not Warranted.

Montgomery has two remaining objections to the proposed discovery protocols. First, Montgomery objects to the implementation of paragraph 11 of the proposed discovery protocols, which reads as follows:

> 11. Pursuant to paragraph 11 of the U.S. Protective Order, at a deposition, if the responding party reasonably believes that a full and complete response to a question could disclose information protected by the U.S. Protective Order, the responding party shall so state on the record. The responding party shall then provide a complete response to counsel for the United States prior to responding and outside the presence of counsel for the parties or any other person. After such consultation, the responding party shall respond only with information that counsel for the United States has determined is not governed by the U.S. Protective Order.

Montgomery contends that since the U.S. Protective Order specifically identifies information that is to be protected, paragraph references should be required to be identified in the protocols in lieu of referencing the U.S. Protective Order in general. Accordingly, Montgomery contends that a responding party should specifically identify what paragraph or paragraphs under

the U.S. Protective Order precludes him or her from making a complete response and that after conferring with counsel for the United States, as provided in paragraph 11 of the U.S. Protective Order, the responding party should identify on the record what paragraph or paragraphs under the U.S. Protective Order counsel for the United States has determined precludes his or her complete response.

Plaintiffs' contention is unfounded. Paragraph 9 of the U.S. Protective Order does not require the responding party identify what paragraph or paragraphs preclude his or her complete response. In the context of a question, it is not possible to identify an applicable paragraph under the U.S. Protective Order without disclosing protected information. Accordingly, the U.S. Protective Order does not require that the United States inform the deponent as to whether paragraphs 2 or 3, or both, of the Order are at issue, only that the information is subject to the U.S. Protective Order.

Second, Montgomery seeks to set deadlines of 2 or 3, or no more than 3 or 4, business days from receipt of documents for the United States to complete its review of documents; to determine whether they contain information subject to the U.S. Protective Order, and redact any that do; and, notify or provide copies of redacted documents to the parties. Montgomery objects to the protocols providing for a reasonable time for such review, redaction and notification and insists that a specific deadline be identified. Montgomery raises this objection as to paragraphs 1, 3, 5, 6, and 10. While the United States will make every effort to expeditiously conduct its review of documents to determine whether they contain information subject to the U.S. Protective Order, it is not possible to divine the number of documents that may need to be reviewed, the nature of the information that needs to be reviewed, the amount of information that may require detailed scrutiny, and the potential demands on personnel to conduct other urgent tasks. Further, third party-production may not be provided to the United States in a timely manner. The United States is seeking to ameliorate these potential problems by requesting that the parties provide all documents under their Rule 26 initial disclosures as soon as possible.

1  Montgomery apparently contemplates that the only documents that the United States would
2  review would be documents identified by the parties, or by persons or entities subject to a
3  document request, as being potentially subject to the U.S. Protective Order.  As demonstrated
4  above, that is only one tool utilized under the U.S. Protective Order.  All documents produced in
5  discovery are subject to review by the United States.  Under the U.S. Protective Order, the United
6  States will soon be able to determine how thorough the parties and non-parties have carried out
7  their responsibility to review all documents before production to identify information subject to
8  the U.S. Protective Order.

**Conclusion**

For the reasons stated above, the Court should issue an order requiring all persons to comply with the discovery protocols filed by the United States.

DATED: November 30, 2007

                                            Respectfully submitted,

JEFFREY BUCHOLTZ
Acting Assistant Attorney General

STEVEN W. MYRHE
United States Attorney
District of Nevada

GREG ADDINGTON
Assistant United States Attorney
Nevada Bar 6875
100 West Liberty, Suite 600
Reno, Nevada 89501

VINCENT M. GARVEY
Deputy Branch Director

             /s/ Raphael O. Gomez
            _____
             RAPHAEL O. GOMEZ
             CARLOTTA P. WELLS
             Senior Trial Counsel
             Federal Programs Branch
             Civil Division - Room 7150
             U.S. Department of Justice
             20 Massachusetts Ave., NW
             P.O. Box 883
             Washington, D.C.  20044

             Counsel for United States