**Michael J. Flynn, Mass. State Bar No.172780**
P.O. Box 690, 6125 El Tordo
Rancho Santa Fe, CA 92067
Tel:   (858) 775-7624;Fax:   (858) 759-0711
*Admitted Pro Hac Vice*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, and the MONTGOMERY FAMILY TRUST, | 3:06-CV-00056-PMP-VPC **BASE FILE** |
| Plaintiffs, | 3:06-CV-00145-PMP-VPC |
| v. | **DECLARATION OF MICHAEL FLYNN IN RESPONSE TO GOVERNMENT MOTION TO COMPEL ENFORCEMENT OF PROTECTIVE ORDERS** |
| ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE, | |
| Defendants. | |
| AND ALL RELATED MATTERS. | |

## DECLARATION OF MICHAEL J. FLYNN

I, Michael J. Flynn, declare:

1. I am an attorney licensed to practice in the state of Massachusetts. I have appeared pro hac vice as counsel for Dennis Montgomery, individually and as Trustee of the Montgomery Family Trust, Brenda Montgomery, as Trustee of the Montgomery Family Trust, and the Montgomery Family Trust, (hereinafter "Montgomery"), in the above captioned related cases, 3:06-cv-0056 and 3:06-cv-00145, and 3:06-cv-0263. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently to them.

2. I support the protocols in the Government's Motion to Compel Enforcement of the Protective Orders because I believe it is the only reliable, consistent, and most efficient process to secure the confidentiality of information from my files, and the files of Montgomery and others, that I believe implicates national security, regardless of legal and factual issues relating to it being "classified" or not; and because I believe that this Court is

the proper forum to resolve the intertwined issues relating to the state secrets privilege, the attorney client privilege, the fee, file and lien issues, and the applicable Nevada Rules of Professional Conduct in order to achieve substantial justice. Based on my knowledge of events, and the presence of third parties during many of those events, I also believe that the attorney client privilege has either been waived by Montgomery, or is subject to other exclusions and exceptions. I believe Montgomery comprehensively waived the privilege when he sued me in Los Angeles falsely accusing me of fraud by representing myself to be a California licensed lawyer.

3. I accept and stipulate for purposes of this Response to the Government's Motion, that any classifications and/or redactions from any of the court files made by the government and approved by the Court on or after April 2, 2007, constitutes "classified information." Based on representations of Dennis Montgomery made to me while I was his lawyer, and based on my own legal and factual analysis while I served as counsel for Montgomery, I do not know, nor am I able to determine whether certain information *when* it came to me from Montgomery was either "classified" or not "classified". While serving as Montgomery's counsel, regardless of "classification" issues, based on Montgomery's representations, I believed certain information in Montgomery's possession implicated national security. But apparently, based on this Court's unsealing order, that belief was erroneous. Other information based on varying positions by the government, the Court's unsealing Orders, and original, and then subsequent government redactions, such as certain Peter Wiedeman information, became the subject of ambiguity and uncertainty at various times during the litigation, even after April 2, 2007. As to the identity of any intelligence community personnel, I <u>strongly</u> support the protection of their identity and any related information, regardless of other considerations, including assertions of the attorney client privilege; and based on my knowledge of events and facts in these matters, I strongly believe that the *only* reliable and consistent means of securing the confidentiality of such "protected information" is to adopt the government protocols as soon as possible.

4. Regardless of "classified information" uncertainties that arose during the course of the

litigation, including that in the search case proceedings; and regardless of the search case files forming the basis for identifying "protected information" in all files in all cases; and regardless of the facts and circumstances wherein "protected information" exists apart from the search case files in my files, I am presently able to comply with the court ordered redaction process for my files in the September 4, 2007 Order with regard to my *paper* files. Although it is time consuming and extremely burdensome to review my *paper* files and comply, which I have already partially accomplished, considering that I have already been defrauded of over six months of legal fees by Montgomery, it is akin to aiding Montgomery's fraud against me by requiring substantial time and resources to accomplish just the *paper* file redactions and cleansing, while Montgomery and his partner continue to cheat me out of my time, and fees, and costs, and continue to maintain their files.

5. I know of no way to certify with absolute certainty that *all* protected information from all files, paper and electronic, in all cases before the Court, has been redacted, or removed, or destroyed, other than the process requested by the government. Moreover, there are electronic files, such as numerous pdf files, which present problems in the redaction process, and in connection with which I do not have the technical, electronic sophistication to redact, and leave other portions of the electronic file intact. Additionally, my electronic files are voluminous and in multiple computers in different locations. My paper files are on both coasts. The best solution appears to be to have government personnel go to those locations with me, and redact the files.

6. I hereby certify that I have not knowingly transmitted any protected information to anyone other than Carlotta Wells; and I do not believe that I have inadvertently transmitted any protected information to anyone. However, I have been excessively burdened with responding to Montgomery's opposition to payment of my legal fees and costs in these cases; responding to Montgomery's San Diego fee arbitration petition; responding to Montgomery's Massachusetts Bar complaint; and responding to Montgomery's Los Angeles law suit and his multiple motions to obtain my files, notwithstanding this Court's explicit Orders. Although all of those matters have now been dismissed, (see attached

|     |     |
| --- | --- |
| 1   | Exhibits 1 through 3), I have spent the last four months defending against them, as well as |
| 2   | maintaining my existing cases. Thus, I am not one hundred percent certain that there have |
| 3   | been no inadvertent disclosures, but I do not believe there have been. The only reliable |
| 4   | method to insure against such problems is to implement the requested government |
| 5   | procedures. |

7. In sum, after I routinely worked 60 plus hour weeks for 18 months to defend him, Montgomery and his "partner" defrauded me of over $600,000, then relentlessly attacked me with a perjured declaration and comprehensive abuse of the judicial system, engineered by attorneys Klar and Pham, causing me and co-counsel to incur another $200,000 in attorney time and costs.

8. I respectfully request that I be present when my files are redacted by government security personnel. There are several computers involved and I have hundreds of unrelated files contained on these computers involving other clients, some of whom are prominent public figures, thus implicating the attorney client privilege as it relates to them. My presence is necessary to protect them. Additionally, substantial issues exist, which I have reported to the appropriate authorities, involving the "accessing" of my computers and related issues with my files that will require a forensic analysis after the protected information has been redacted.

9. If the Court does not adopt the government's procedures, then I respectfully request an additional 120 days to complete the redaction process.

10. The Exhibits attached hereto are true and correct copies.

11. I respectfully request that the proposed government procedures be established to redact all files of all parties and counsel at this time.

3

1  I declare under penalty of perjury under the laws of the United States and the State of Nevada that
2  the foregoing is true and correct. Signed this 7th of December, 2007, in Rancho Santa Fe,
3  California.

                                                                                                      _____
                                                                                                      Michael J. Flynn, Esq.

## CERTIFICATE OF SERVICE

10      I, Michael J. Flynn, declare: I am an attorney admitted pro hac vice in the United States
11  District Court of Reno in the related civil cases, U.S.D. Reno, No. 3:06-CV-00056 and 3:06-CV-
12  000145. I am over the age of 18 years and not a party to this action.
13      I am familiar with the practice for the collection of mail, delivery of hand-deliveries,
14  process of facsimile, and the practice of mailing.
15      On December 8, 2007, I caused the foregoing documents (Response and Declaration with
16  Exhibits and this Certificate of Service), to be emailed to the following persons and/or entities:

                Attorney Stephen Peek
                HALE LANE
                5441 Kietzke Lane, 2nd Fl.
                Reno, NV 89511

                Attorney Carlotta P. Wells,
                U.S. DEPT. OF JUSTICE
                P.O. Box 883
                Washington, D.C. 20044

                Deborah Klar,
                Liner, Yankelevitz etc.
                100 Glendon Ave.
                Los Angeles, CA 90024

        ____/S/_____
        Attorney Michael J. Flynn