1   J. Stephen Peek, Esq. (NV Bar #1758)
    Jerry M. Snyder, Esq. (NV Bar #6830)
2   Adam G. Lang, Esq. (NV Bar #10117)
    Hale Lane Peek Dennison and Howard
3   5441 Kietzke Lane, Second Floor
    Reno, Nevada 89511
4   Telephone: (775) 327-3000
    Facsimile: (775) 786-6179
5   speek@halelane.com; jsnyder@halelane.com;
    alang@halelane.com
6

7   Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
    Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
8   Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
    Steptoe & Johnson LLP
9   1330 Connecticut Avenue, N.W.
    Washington, D.C. 20036-1795
10  Telephone: (202) 429-3000

11  Attorneys for eTreppid Technologies, LLC and Warren Trepp

12              **UNITED STATES DISTRICT COURT**

13           **FOR THE DISTRICT COURT OF NEVADA**

14  DENNIS MONTGOMERY, an individual; and        Case No. 3:06-CV-00056-PMP-VPC
    MONTGOMERY FAMILY TRUST, a California        **Base File**
15  Trust,
                                                 3:06-CV-00145-PMP-VPC
16                  Plaintiff,

17          vs.                                  ETREPPID TECHNOLOGIES, L.L.C.'S
                                                 MOTION TO REALIGN THE PARTIES
18  ETREPPID TECHNOLOGIES, L.L.C., a Nevada
    Limited Liability Company; WARREN TREPP, an
19  individual; DEPARTMENT OF DEFENSE of the
    UNITED STATES OF AMERICA, and
20  DOES 1 through 10,

21                  Defendants.
                                          /
22  AND RELATED CASE(S)

23  _____ /

24      **ETREPPID TECHNOLOGIES, L.L.C.'S MOTION TO REALIGN THE PARTIES**

25          Plaintiff eTreppid Technologies, L.L.C., by and through its undersigned counsel of

26  record, Hale Lane Peek Dennison and Howard, hereby submits its Motion to Realign the Parties.

27  This Motion is supported by the following points and authorities.

28

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    **I.      Introduction.**

2         This consolidated action originally consisted of two separate lawsuits. The *first* lawsuit

3    was filed by eTreppid Technologies, L.L.C. ("eTreppid") (3:06-CV-00145-PMP-VPC) (the "145

4    Matter"). The *second* lawsuit was filed by Dennis Montgomery (3:06-CV-00056-PMP-VPC)

5    (the "56 Matter"). Accordingly, eTreppid is the proper Plaintiff in this action because it was the

6    first to file suit. When the actions were consolidated, however, the *second* lawsuit, the 56

7    Matter, was designated as the "base file" suit which is currently reflected in the case caption.

8    Accordingly, all pleadings filed in the consolidated action are currently being filed under the 56

9    Matter filed by Dennis Montgomery as Plaintiff in that matter. It is eTreppid, however, that

10   initiated the original action (the 145 Matter) and it is eTreppid, therefore, that should be

11   designated as the Plaintiff in the consolidated matter. Accordingly, eTreppid requests that this

12   Court realign the 145 Matter to be the "Base File" in the consolidated action, that eTreppid be

13   considered the proper Plaintiff in the consolidated action, and that the caption in the consolidated

14   action be altered to reflect this change. For all of the foregoing reasons, eTreppid respectfully

15   requests that its Motion to Realign the Parties be granted.

16   **II.     Procedural Background.**

17        This consolidated action arises out of a dispute as to the ownership of certain intellectual

18   property rights relating to software used for video compression, object tracking, pattern

19   recognition, and anomaly detection. eTreppid Technologies, L.L.C. ("eTreppid") *first* initiated

20   this litigation on January 19, 2006, by filing a Complaint and a Motion for a Preliminary

21   Injunction in the Second Judicial District Court for the State of Nevada. On January 25, 2006,

22   Montgomery filed a Notice of Removal, claiming that diversity jurisdiction existed. On January

23   27, 2006, eTreppid filed an Ex Parte Motion for Summary Remand. On that same date,

24   Montgomery filed an answer and counterclaim alleging claims for copyright infringement,

25   declaratory relief, and an accounting. On January 31, 2006, the United States District Court

26   ordered the case remanded to State Court. On February 8, 2007, following a lengthy evidentiary

27   hearing, the motion was granted and a preliminary injunction entered.

28        After Judge Perry signed and entered the Order granting the Plaintiffs' Preliminary

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    Injunction, Dennis Montgomery, Brenda Montgomery, and the Montgomery Family Trust

2    (collectively "Montgomery"), filed an amended Answer and Counterclaim on February 17, 2006

3    to allege a third-party claim for declaratory relief against the United States Department of

4    Defense (the "United States"). On March 20, 2006, the United States filed its notice of removal

5    pursuant to 28 U.S.C. §1442. Upon removal, eTreppid's action subsequently became the 145

6    Matter.

7         In the meantime, on January 31, 2006, Montgomery initiated the 56 Matter in the U.S.

8    District Court for the District of Nevada alleging causes of action for, *inter alia*, copyright

9    infringement. The factual allegations and legal claims set forth in this complaint are essentially

10   similar to those set forth in the January 27, 2006 Answer and Counterclaim Montgomery filed in

11   the state court action. Montgomery filed a First Amended Complaint in the 56 Matter on

12   February 21, 2006.

13        The 145 Matter and the 56 Matter were subsequently consolidated into the present

14   proceedings. On March 15, 2007, this Court entered an Order of consolidation which provides

15   that the "base file" for this matter shall be designated: "3:06-CV-0056-PMP-VPC" (the 56

16   Matter). *See* Order dated March 15, 2007. The foregoing Order also provides that "[a]ll future

17   filing shall be filed in said case." *See id.* Accordingly, all filings in this consolidated matter are

18   currently being filed under the 56 Matter, which was initiated by Montgomery *after* the 145

19   Matter was initiated by eTreppid.

20   **III.    Legal Argument.**

21        It is well-established that "[t]he courts, not the parties, are responsible for aligning the

22   parties according to their interests in the litigation." *Continental Airlines, Inc. v. Goodyear Tire*

23   *& Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987). Indeed, the "trial court has broad discretion

24   in deciding the realignment of parties and order of proof." *L-3 Communications Corp. v. OSI*

25   *Systems, Inc.*, 418 F.Supp.2d 380, 383 (S.D.N.Y. 2005) (citations omitted). In a consolidated

26   action, the "first case filed" should be the "lead case" rather than any actions that are

27   subsequently filed. *Alaska Airlines v. United States*, 399 F.Supp. 906, 909 (N.D. Cal. 1975). In

28   fact, "where both parties bear the burden of proof on distinct counts of their causes of action, the

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1  court has good grounds for allowing the 'actual plaintiff, the party that filed the lawsuit, to

2  proceed first.'" *L-3 Communications,* 418 F.Supp. at 383. (holding that the *original* plaintiff in

3  the action was entitled to proceed first at trial because plaintiff initiated the action *first*), *see also*

4  *Anheuser-Busch, Inc. v. John Labatt,* Ltd. 89 F.3d 1339, 1344 (8th Cir. 1996) (holding that where

5  each side bore the burden of proof on separate causes of action, "The District Court

6  understandably chose to allow the actual plaintiff, the party that filed the lawsuit, to proceed

7  first.") This is true in light of the fact that "[w]hen a state court action is removed to federal

8  court, the removal is treated as if the original action has been commenced in federal court."

9  *Schnabel v. Lui,* 302 F.3d 1023, 1037 (9th Cir. 2002).

10  It is well within this Court's discretion to realign the parties in this case. *See Continental*

11  *Airlines, Inc.,* 819 F.2d at 1523. In realigning the parties, the Court should primarily consider

12  who filed their lawsuit *first. See, e.g. Alaska Airlines*, 399 F.Supp. at 909, *Anheuser-Busch,* 89

13  F.3d 1339. Here, this Court should realign the parties because eTreppid was the first to file its

14  complaint. Indeed, eTreppid first initiated this litigation by filing its complaint in state court on

15  January 19, 2006. eTreppid's state court action was removed to federal court on March 20,

16  2006, thereby becoming the 145 Matter. For jurisdictional purposes, however, the 145 Matter

17  must be treated as if it were originally commenced in federal court. *See Schnabel*, 302 F.3d at

18  1037. It was not until January 31, 2006 that Montgomery initiated the 56 Matter. Therefore,

19  Montgomery's suit was initiated only *after* eTreppid's suit was initiated.

20  Accordingly, eTreppid respectfully submits that this court should exercise its discretion

21  to realign the parties so that eTreppid, which was the first to file a complaint in these

22  consolidated matters and which bears the burden of proving its affirmative claims for relief, will

23  appear as the plaintiff in this matter and will present its case first at trial.

24  / / /

25  / / /

26  / / /

27  / / /

28  / //

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

IV.    **Conclusion.**

For all of the foregoing reasons, eTreppid respectfully requests that its Motion to Realign the Parties be granted.

Dated:  December 10, 2007.

/s/
J. Stephen Peek, Esq.  (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone:  (775)  327-3000
Facsimile:  (775)  786-6179

Reid H. Weingarten, Esq. (D.C. Bar #365893)
Brian M. Heberlig, Esq. (D.C. Bar #455381)
Robert A. Ayers, Esq. (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone:  (202) 429-3000
Facsimile:  (202) 429-3902

*Attorneys for Plaintiff and Cross-Defendant
eTreppid Technologies, L.L.C. and
Cross-Defendant Warren Trepp*

::ODMA\PCDOCS\HLRNODOCS\695220\2          Page 5 of 6

**PROOF OF SERVICE**

I, Cynthia L. Kelb, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard. My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511**. I am over the age of 18 years and not a party to this action.

On December 10, 2007, I caused the foregoing **ETREPPID TECHNOLOGIES, L.L.C.'S MOTION TO REALIGN THE PARTIES** to be:

__X__    filed electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

*Fax No. 775/829-1226*
mgunderson@gundersonlaw.com
Mark H. Gunderson, Ltd.
Mark H. Gunderson, Esq.
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511

*Fax 310/500-3501*
Tpham@linerlaw.com; dklar@linerlaw.com;
rlapine@linerlaw.com
Teri T. Pham, Esq.
Deborah A. Klar, Esq.
Ryan M. Lapine, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

*Fax No. 202/616-8470*
Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC 20044

*Fax No. 784-5181*
Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV 89501

*Fax 202/616-8470*
Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, D.C. 20044

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on December 10, 2007.

/s/
Cynthia L. Kelb

::ODMA\PCDOCS\HLRNODOCS\695220\2          Page 6 of 6