UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

DENNIS MONTGOMERY, et al.,           )   3:06-CV-0056-PMP (VPC)
                                     )
         Plaintiffs,                 )
                                     )   **ORDER REGARDING**
    vs.                              )   **DISCOVERY PROTOCOLS**
                                     )
ETREPPID TECHNOLOGIES, LLC., et al., )
                                     )
         Defendants.                 )
_____)

At the October 11, 2007 discovery status conference, this court directed the United States to submit a proposed stipulation or to outline discovery protocols required to implement the August 29, 2007 protective order regarding the military and state secrets privilege (#253) and to file such a report by November 9, 2007 (#297). The United States filed its notice regarding proposed discovery protocols and further reported that although eTreppid counsel agreed to the proposed protocols, Montgomery counsel did not. However, the United States noted that it would continue discussions with Montgomery counsel to resolve any disputes (#327). The United States also attached the proposed protocols to its notice (#327, Ex. 1 - attached hereto). The United States then filed a supplemental notice to advise the court that the United States and Montgomery counsel could not reach agreement on proposed discovery protocols (#329).

At the November 15, 2007 discovery status conference, the court heard arguments from counsel regarding the proposed protocols and directed counsel for the United States and Montgomery to file simultaneous briefs by November 30, 2007 (#335). The parties duly filed their briefs (#s348/349) and eTreppid filed a notice that it concurs with the United States' proposed discovery protocols (#347).

On August 29, 2007, the District Court upheld the United States' assertion of the military and state secrets privilege and issued a protective order prohibiting disclosure of such information ("U.S. Protective Order") (#253). It is the United States, as opposed to a private party, who decides whether information is subject to the U.S. Protective Order. *See, e.g. United States v. Reynolds*, 345 U.S. 1, 7-8 (1953); *New York Times Co. V. United States*, 403 US. 713, 728-29 (1971) (J. Stewart concurring).

The court has reviewed the parties' points and authorities, the record herein, and addresses each provision of the U.S. proposed protocols in turn. *See* #327, Ex.1 - attached hereto.

### I.   United States' Proposed Protocols (#327, Ex. 1)

#### A.   Introductory Paragraph

This introductory paragraph provides context for the discovery protocols and does not create a new protective order, as Montgomery contends. The court finds that the U.S Protective order must necessarily be read in light of its purpose, which is to provide a mechanism for the United States to protect against disclosures of information that is covered by the United States' assertion of the military and state secrets privilege. To do otherwise would undermine the purpose of the U.S. Protective order. This paragraph stands as written.

#### B.   Paragraph 1

Paragraph 1 provides a mechanism for production of documents in discovery or otherwise when a party has a good faith belief that such documents may fall within the scope of relevant provisions of the U.S. Protective Order. This provision does not expand or modify the U.S. Protective Order; rather, it provides a reasonable mechanism for compliance with the order.

Montgomery counsel also object to the provision that the United States be given a "reasonable time" in which to decide whether a document falls within the scope of paragraphs 2 and 3 of the U.S. Protective Order, and instead propose a deadline of two to four days for such review. The court finds it unrealistic to impose such a short deadline for document review, since the number of documents to be reviewed, the resources available for such review, and other exigencies of discovery may prevent compliance with a set deadline. The court accepts the United States' commitment that it will make every effort to conduct an expeditious review of the documents and further agrees with the United States that

production of documents pursuant to Fed.R.Civ.P. 26 will ameliorate potential problems. Finally, to the extent the United States unreasonably delays document review, the parties can ask the court to intervene.

Paragraph 1 stands as written.

### C. Paragraph 2

All parties agree with the language in Paragraph 2 of the U.S. proposed protocols.

### D. Paragraph 3

Paragraph 3 stands as written for the same reasons outlined in this court's discussion of paragraph 1.

### E. Paragraphs 4, 5, and 6

Paragraphs 4, 5, and 6 outline the procedure for submission of documents to the United States where a party believes them to be subject to the U.S. Protective order and further provide for a redaction process if the United States concludes information is protected by the military and state secrets privilege. Paragraphs 4 and 5 reasonably address document production pursuant to Fed.R.Civ.P. 34 and 45. These provisions require the person or entity responsible for production to review the document production, to determine whether the production may include information subject to the U.S. Protective Order, and if so, to submit documents to the United States for review. Paragraph 6 proposes a similar procedure for documents produced to the United States but not identified by the parties as containing information subject to the U.S. Protective Order.

The court concludes that these procedures are not only reasonable, they are exactly what this court contemplated when the United States suggested establishing protocols to insure compliance with the U.S. Protective Order. Contrary to the assertion of Montgomery counsel at the November 15, 2007 discovery conference, the U.S. Protective Order clearly obligates all parties to provide copies of documents produced in discovery to the United States so that the United States may conduct a document review; otherwise, the U.S. Protective Order is meaningless. Similarly, Montgomery's contention that the United States is limited to reviewing only documents that the parties believe contain information subject to the U.S. Protective Order is meritless. Is it is the United States who holds and asserts the military and state secrets privilege, not private litigants. The court has already addressed and rejected

Montgomery's objection as to the timeliness of the United States' document review; therefore, paragraphs 4, 5, and 6 stand as written.

### F. Paragraphs 7, 8, and 9

There is no dispute, and paragraphs 7, 8, and 9 stand.

### G. Paragraph 10

Montgomery objects to the "reasonable time" language for notification to counsel for the propounding party whether the United States has an objection to service of subpoena, subpoena duces tecum or notice of deposition. For the reasons already stated herein, the court finds this language is acceptable, and paragraph 10 stands as written.

### H. Paragraphs 11 and 12

Paragraphs 11 and 12 establish protocols for deposition testimony pursuant to paragraph 11 of the U.S. Protective Order, and Montgomery objects on the ground that these provisions are unnecessary because paragraph 11 of the U.S. Protective Order is not ambiguous. The court finds that paragraphs 11 and 12 shall stand as written, since they simply outline logical protocol for implementation of the U S. Protective Order.

### I. Paragraph 13

Paragraph 13 provides that documents subject to the U.S. Protective Order in the parties' possession shall produce unredacted documents to counsel for the United States upon request. The court finds that paragraph 13 is consistent with the intent of the U.S. Protective Order, and it will stand as written.

### J. Paragraphs 14 and 15

There is no dispute, and paragraphs 14 and 15 stand as written.

/ / /

/ / /

/ / /

4

## II. Conclusion

Based upon the foregoing, this court approves the United States' proposed protocols (#327, Ex. 1 - attached hereto), and all persons shall comply with these discovery protocols in this proceeding.

IT IS SO ORDERED.

DATED: December 11, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

5

## U.S. PROPOSED PROTOCOLS

On August 29, 2007, the Court issued a protective order, which is incorporated herein by reference. ("U.S. Protective Order"). For the purpose of facilitating discovery in the action styled *Dennis Montgomery v. eTreppid Technologies, et al.*, Base File 3:06-CV-00056-PMP-VPC and 3:06-CV-00145-PMP-VPC ("the Action"), the parties have stipulated with the United States to adopt the following protocols to supplement the terms of the U.S. Protective Order:

1.    Pursuant to paragraph 9 of the U.S. Protective Order, if a party intends to produce a document in discovery or otherwise which that party in good faith believes may fall within the scope of paragraphs 2 and 3 of the U.S. Protective Order, that document must be provided to counsel for the United States for review prior to production. The United States will make a determination and inform counsel for the parties in writing within a reasonable time whether the document falls within the scope of paragraphs 2 and 3 of the U.S. Protective Order.

2.    In connection with document discovery propounded pursuant to Rule 45 to a person not a party to the Action, a copy of the subpoena with which the person is served shall state the following: **"DISCOVERY IN THIS ACTION IS LIMITED BY THE TERMS OF THE U.S. PROTECTIVE ORDER ANNEXED HERETO AS EXHIBIT "A". PURSUANT TO THE TERMS OF THE U.S. PROTECTIVE ORDER EVERY WITNESS WHO APPEARS FOR DEPOSITION AND PRODUCES DOCUMENTS IN RESPONSE TO A SUBPOENA OR VOLUNTARILY PRODUCES DOCUMENTS OR PROVIDES TESTIMONY MUST COMPLY WITH THE TERMS OF THE U.S. PROTECTIVE ORDER"**

3.    Pursuant to paragraph 9 of the U.S. Protective Order, if a party or witness intends to produce a document required to be produced in connection with a deposition which that party or witness in good faith believes may fall within the scope of paragraphs 2 and 3 of the U.S. Protective Order, then the document must be provided to counsel for the United States for review within a reasonable time before the deposition. Within a reasonable time, the United States will make a determination and inform counsel for the parties and/or the witness in writing of the document's receipt whether the document falls within the scope of paragraphs 2 and 3 of the U.S. Protective Order.

4.    If a party identifies information within a document or documents responsive to a discovery request or subpoena that is subject to paragraphs 2 or 3 of the U.S. Protective Order, paragraph 9 of that Order requires submission of such documents to the United States before responding to a discovery request or subpoena.

5.    If in the course of its review of a document produced under paragraph 4 above, the United States identifies information subject to the U.S. Protective Order, the United States will redact such information and provide the redacted document or documents to the submitter within a reasonable time after the document is provided to counsel for the United States.

1

6.   With respect to all other documents produced in discovery or pursuant to subpoena, if in the course of its review of such documents, the United States identifies information subject to the U.S. Protective Order, the United States will redact such information and provide the redacted document or documents to the submitter within a reasonable period of time after receipt.

7.   In connection with deposition discovery propounded pursuant to Rule 45 to a person not a party to the Action, a copy of the subpoena with which the person is served shall state the following:  **"DISCOVERY IN THIS ACTION IS LIMITED BY THE TERMS OF THE U.S. PROTECTIVE ORDER ANNEXED HERETO AS EXHIBIT "A".  PURSUANT TO THE TERMS OF THE U.S. PROTECTIVE ORDER EVERY WITNESS WHO APPEARS FOR DEPOSITION AND PRODUCES DOCUMENTS IN RESPONSE TO A SUBPOENA OR VOLUNTARILY PRODUCES DOCUMENTS OR PROVIDES TESTIMONY MUST COMPLY WITH THE TERMS OF THE U.S. PROTECTIVE ORDER"**

8.   In connection with depositions noticed pursuant to Rule 30, a copy of the notice subpoena with which the person is served shall state the following:  **"DISCOVERY IN THIS ACTION IS LIMITED BY THE TERMS OF THE U.S. PROTECTIVE ORDER ANNEXED HERETO AS EXHIBIT "A".  PURSUANT TO THE TERMS OF THE U.S. PROTECTIVE ORDER EVERY WITNESS WHO APPEARS FOR DEPOSITION AND PRODUCES DOCUMENTS IN RESPONSE TO A SUBPOENA OR VOLUNTARILY PRODUCES DOCUMENTS OR PROVIDES TESTIMONY MUST COMPLY WITH THE TERMS OF THE U.S. PROTECTIVE ORDER"**

9.   A copy of the U.S. Protective Order should be made the first exhibit to all depositions.

10.   Pursuant to paragraphs 2 and/or 3 of the U.S. Protective Order, prior to serving a subpoena, subpoena duces tecum or notice of deposition upon any person who is a current or former employee of the federal government, the parties will provide the name of that person to counsel for the United States.  Within a reasonable time, counsel for the United States will inform counsel for the propounding party whether the United States has an objection under the U.S. Protective Order.

11.   Pursuant to paragraph 11 of the U.S. Protective Order, at a deposition, if the responding party reasonably believes that a full and complete response to a question could disclose information protected by the U.S. Protective Order, the responding party shall so state on the record. The responding party shall then provide a complete response to counsel for the United States prior to responding and outside the presence of counsel for the parties or any other person. After such consultation, the responding party shall respond only with information that counsel for the United States has determined is not governed by the U.S. Protective Order..

12.   If during a deposition information is put on the record by any person present during the deposition which counsel for the United States believes is protected by the U.S. Protective Order, counsel for the United States has the right to object on the record and direct the person who has made the disclosure to make no further disclosure which is protected by the U.S. Protective

2

Order. Counsel for the United States shall have the right to direct the court reporter to provide a copy of that portion of the transcript to counsel for the United States. After receipt of the portion of the transcription, the United States will review the transcript within a reasonable time. If information protected under the U.S. Protective Order was disclosed, that information may be redacted by the United States and the redacted transcript will be provided to the court reporter. The court reporter shall be required to provide all written or oral recordations of the redacted portion of the transcript to counsel for the United States for disposition. An unredacted copy of the transcript will be maintained by the U.S. Department of Justice Security office.

13.  With respect to any document that the United States identifies as having information subject to the U.S. Protective Order that is in the possession of the parties, the parties shall produce such unredacted documents to counsel for the United States upon request.

14.  The U.S. Protective Order governs any mediation convened in the Action. No documents, testimony or other information protected under the U.S. Protective Order are permitted to be provided to the opposing party, counsel or other person.

Nothing in these protocols shall be construed to waive any party's right to seek further relief from the Court as deemed necessary and appropriate by that party.