1  Mark H. Gunderson, Esq. (SBN: 2134)
   Catherine A. Reichenberg, Esq. (SBN: 10362)
2  GUNDERSON LAW FIRM
   5345 Kietzke Lane, Suite 200
3  Reno, Nevada 89511
   Telephone: (775) 829-1222
4  Facsimile: (775) 829-1226

5  Deborah A. Klar, Esq. (SBN: CA 124750)
   Tuneen E. Chisolm, Esq. (SBN: CA 211741)
6  LINER YANKELEVITZ
   SUNSHINE & REGENSTREIF LLP
7  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
8  Telephone: (310) 500-3500
   Facsimile: (310) 500-3501
9  ADMITTED PRO HAC VICE

10 Attorneys for Plaintiffs
   DENNIS MONTGOMERY and the MONTGOMERY
11 FAMILY TRUST

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST, | Case No. 3:06-CV-00056-PMP-VPC BASE FILE |
| Plaintiffs, | (Consolidated with Case No. 3:06-CV-00145-PMP-VPC) |
| vs. | **OPPOSITION OF THE MONTGOMERY PARTIES TO MOTION OF THE UNITED STATES TO ENFORCE U.S. PROTECTIVE ORDER RE: ATTORNEY'S FILES** |
| ETREPPID TECHNOLOGIES, LLC; WARREN TREPP; and the UNITED STATES DEPARTMENT OF DEFENSE, | |
| Defendants. | |
| AND RELATED CASES. | |

## I. INTRODUCTION.

In its so called "Motion For Enforcement of U.S. Protective Order with Respect to Attorney Files," the United States (hereinafter "Government") acknowledges that it has previously requested that this Court impose the same relief it seeks pursuant to this motion. But, as the Government concedes, this Court, in its September 4, 2007 order granting Michael Flynn's ("Flynn") motion to withdraw, declined to impose the review procedures that the Government sought. The Government's renewed attempt to have the Court impose procedures to facilitate its review and "storage" of the files Flynn maintained in connection with his representation of Dennis Montgomery, Brenda Montgomery and the Montgomery Family Trust ("the Montgomery Parties")--files which the Government acknowledges contain information that is subject to the attorney-client privilege--is an improper motion for reconsideration of this Court's September 4, 2007 order. But, nowhere in its moving papers does the Government demonstrate that the criteria for granting a motion for reconsideration are satisfied--*e.g.*, new facts, clear error by the Court, or a change in controlling law. For this reason alone, the Government's so-called Motion for Enforcement of U.S. Protective Order properly should be denied.

The Government's motion also should be denied because it is not entitled to the relief which it seeks under the U.S. Protective Order. The U.S. Protective Order--which the Government erroneously claims it is "enforcing" by its motion--does not give the Government the right to review any attorney's files. The U.S. Protective Order only gives the Government the right to review documents which are the subject of discovery in the pending actions.

Finally, the Government's motion should be denied because, as the Government acknowledges, much of the information it seeks to review is protected by the attorney-client privilege. However, the U.S. Protective Order does not afford the Government the right to review information protected by the attorney-client privilege. Furthermore, the Government presents no authority that a Government agent is entitled to review documents that are protected by the attorney-client privilege in the circumstance presented in its motion.

Notwithstanding that the Government's motion should be denied for the reasons stated above, the Montgomery Parties believe that the competing concerns of the Government and the

1  Montgomery Parties can be accommodated. According to Flynn, the documents in his files that
2  fall within the parameters of paragraphs 2 and 3 of the U.S. Protective Order are e-mails and a few
3  "original" documents. Given those limited categories, it would appear that the interests of the
4  Government could be reconciled by means of an Order of this Court directing Flynn and all of the
5  attorneys he employed to work with him on the Montgomery Party matters to (i) deliver to the
6  Court all of the e-mails they sent and received in connection with Flynn's representation of the
7  Montgomery Parties and (ii) certify to the Court that they have destroyed all electronic and paper
8  copies of the subject e-mails. Such an order would accommodate the Government's concern,
9  because once the emails were deposited with the Court, there would be no risk that information
10 protected by the state secrets privilege contained therein would be disseminated to any third party.
11 The order would accommodate the concerns of the Montgomery Parties because no review of
12 attorney-client information would be required.

13       Because there are only one or two "original" documents in the Flynn files that may include
14 privileged state secret information, the Order could further provide that those few "original"
15 documents would be reviewed and redacted by the Court, as were certain pleadings and transcripts.
16 The Montgomery Parties recognize that such a review imposes a burden on the Court. However, it
17 appears to be the least intrusive method to accommodate the competing concerns of the
18 Government and the Montgomery Parties.

19 **II. PERTINENT PROCEDURAL BACKGROUND.**

20       In connection with Flynn's motion to withdraw, the Government asked the Court to impose
21 as conditions of the withdrawal that:
22       (1) all counsel certify that they have complied with their obligations to protect information
23 subject to the military and state secrets privilege as upheld by the Court in the instant actions;
24       (2) all counsel certify that they have not transmitted any information covered by the military
25 and states secrets privileged to new counsel for Montgomery or to any other person;
26       (3) all counsel have either produced to the United States or, after consultation with United
27 States Department of Justice Security and Emergency Planning Staff (SEPS), certified that they
28

have properly destroyed all information, either in hard copy or electronic format, in their possession that is protected by the military and state secrets privilege; and

(4) the United States either has confirmed that all counsel for Montgomery have produced such documents to the United States, or determined that counsel for Montgomery's certification that information protected by the military and state secrets privilege in any documents in either hard or electronic format in counsel for Montgomery's possession has been destroyed is sufficiently detailed. *See* Motion For Enforcement Of U.S. Protective Order With Respect To Attorney Files ("Motion"), p. 2.

The Court declined to impose the conditions that the Government sought requiring only that Flynn and his associate, Carla DiMare ("DiMare"), certify that they have not transferred any information covered by the military and state secrets privilege to new counsel for Dennis Montgomery or to any other person. The Government's request was not denied without prejudice. *See* September 4, 2007 Order granting Flynn Motion to Withdraw.

By its so-called Motion for Enforcement of U.S. Protective Order, the Government once again seeks for this Court to impose conditions to protect information that is purportedly subject to the state or military secrets privilege. Specifically, the Government wants this Court to establish various categories of information and then:

- have U.S. Government employee or employees with the appropriate security clearances and authorizations review the Montgomery client files in his former counsel's possession to identify and segregate all documents that fall within three of the specified categories and redact purportedly protected information from such documents;[1]
- return redacted copies of the documents to the Montgomery client files;
- store unredacted originals and one copy of the redacted documents with the U.S. Department of Justice Security Office until 90 days after the date on which a

---

[1] According to the Government, in theory, these employees would not disclose the content of attorney-client privileged documents either to Government counsel or to any other Government officials working on or otherwise connected with such cases. *See* Motion, p. 4.

resolution on the fees issue is reached, or a final order is issued, and any appeal therefrom relating to the transfer of files from former counsel to current counsel has been exhausted; and

- upon completion of the 90-day period, destroy the unredacted originals and copies unless either: (a) before resolution of the transfer of files issue, both current and former counsel notify the U.S. Government in writing that it is not necessary to retain the originals and copies referred to in this paragraph; or (b) after resolution of the transfer of files issue, current or former counsel obtain a court order postponing the destruction of the originals and copies.

Motion, pp. 3-5.

### III. THE GOVERNMENT'S IMPROPER MOTION FOR RECONSIDERATION SHOULD BE DENIED

As stated, the Government acknowledges that the Court denied its request for specific procedures "for reviewing and securing any military and state secrets privileged information contained in" the files of the Montgomery Parties' former counsel. Motion, p. 2 ("The Court, however, declined to impose, as conditions of withdrawal, the government's proposals for reviewing and securing any military and state secrets privileged information contained in Flynn and DiMare's files."). *See also* 11/15/07 Hearing Tr. at 72:4-11 appended as Exhibit "B" to the Declaration of Deborah A. Klar ("Klar Decl.") (Government acknowledges that in connection with the Montgomery Parties' counsel's motion to withdraw, the Government sought "to review the material or have it secured, that was in -- the documents that were in the possession of Mr. Flynn because -- and Mr. Logar for that matter -- because Mr. Flynn had indicated that his files were replete with information that is covered by the U.S. Protective Order.") These acknowledgements are fatal because they can only be construed as admissions by the Government that, by its pending Motion for Enforcement of U.S. Protective Order, the Government actually seeks reconsideration of the relief which it sought, but which the Court denied, pursuant to its September 4, 2007 order.

A motion for reconsideration is appropriate only if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,

1  or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah Cty. v.*
2  *Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Here, the Government has made no showing of
3  either newly discovered evidence, clear error by this Court, a manifestly unjust decision, or an
4  intervening change in controlling law. Accordingly, the Government's improper motion for
5  reconsideration, captioned "Motion for Enforcement of the U.S. Protective Order With Respect to
6  Attorney Files" properly must be denied.

## IV. THE GOVERNMENT IS NOT ENTITLED TO REVIEW OR STORE PRIVILEGED ATTORNEY-CLIENT COMMUNICATIONS BETWEEN THE MONTGOMERY PARTIES AND THEIR FORMER COUNSEL.

10  The attorney-client privilege is regarded as the most sacred of all legally recognized
11 privileges. *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997). It serves the purpose of
12 encouraging full and frank communication between attorneys and their clients and, in turn,
13 promotes public interest in the observance of law and administration of justice. *Upjohn Co. v*
14 *United States*, 449 U.S. 383, 389 (1981). As the Supreme Court noted, "the privilege recognizes
15 that sound legal advice or advocacy serves public ends and that such advice or advocacy depends
16 upon the lawyer's being fully informed by the client." *Id.* The client is the sole holder of the
17 attorney-client privilege and, as such, has the exclusive authority to waive it. *United States v*
18 *Layton*, 855 F.2d 1388, 1406 (9th Cir. 1988).

19  The Government concedes that much of the information that is the subject of the
20 Government's Motion is subject to the attorney-client privilege. Motion, p. 4. That fact is
21 confirmed by Flynn. *See, e.g.*, 8/17/07 Hearing Tr. at 6:25-7:5 appended as Exhibit "A" to Klar
22 Decl. Relying exclusively on on Justice O'Connor's dissenting opinion in *Swidler & Berlin v.*
23 *United States*, 524 U.S. 399 (1998), the Government takes the position that the attorney-client
24 privilege may be abrogated when there is a compelling law enforcement need for the information or
25 if the information otherwise relates to a pivotal issue in the litigation. Motion, p. 8. However, the
26 Government's reliance on Justice O'Connors dissenting opinion in *Swidler* for this proposition is
27 misplaced.
28

*Swidler* addresses the issue whether the attorney-client privilege survives the death of the client. Since Mr. Montgomery is very much alive, whether and under what circumstances the attorney-client privilege will be upheld after the privilege holder's death is irrelevant. *Swidler* is also inapposite because the privileged information sought by the Government related to a criminal investigation. *Id.* at 401. Here, the Government is not seeking to abrogate the attorney-client privilege to secure "information of substantial importance to a particular criminal case" -- the issue that concerned Justice O'Connor in her dissent. *Id.* at 408-409.

Further, the actual holding in *Swidler* does not support the Government's assertion that the privilege can be abrogated where the information sought concerns a pivotal litigation issue or a compelling law enforcement need. The majority rejected the application of a balancing test weighing the importance of the information against client interests. *Id.* at 409 citing *Upjohn Co. v United States*, 449 U.S. 383, 393 (1981) and *Jaffe v Redmond*, 518 U.S. 1, 17-18 (1996).

Finally, Justice O'Connor indicated in her dissenting opinion that she was advocating an exception to the attorney-client privilege that did not presently exist. As Justice O'Connor stated:

> In my view, a criminal defendant's right to exculpatory evidence or a compelling law enforcement need for information may, where the testimony is not available from other sources, override a client's posthumous interest in confidentiality" and that "an exception may likewise be warranted in the face of a compelling law enforcement need for the information.

*Id.* at 411, 413. In short, the Government's assertion that its interest in reviewing the Flynn's files, justifies abrogation of the attorney-client privilege entirely lacks support.

The Government further argues that a reasonable consequence of the withdrawal of Flynn and DiMare, as counsel for the Montgomery Parties is that an unidentified third party, acting on behalf of the Government, should be entitled to review all of the files which Flynn has maintained in connection with his representation of the Montgomery Parties since in or about January 2006. This would include files maintained in connection with matters unrelated to the pending litigation that also contain information that is absolutely privileged pursuant to the attorney-client privilege. That result is draconian and should not receive this Court's imprimatur.

7
OPPOSITION TO ENFORCE U.S. PROTECTIVE ORDER RE: ATTORNEY'S FILES

0039641/001/ 375896v01

1    "But for" the termination of the attorney-client relationship between Flynn and the
2  Montgomery Parties, the Government would not be seeking an order to inspect Flynn's files.
3  Moreover, they cite no precedent to support the novel assertion that given the termination of the
4  attorney-client relationship and before successor counsel has an opportunity to inspect the Flynn
5  files, the Government must be permitted to inspect those files. That is not a reasonable
6  consequence of the termination of an attorney-client relationship.

7    In sum, the Government fails to demonstrate any basis to abrogate the attorney client
8  privilege held by the Montgomery Parties in this circumstance. Accordingly, its motion should be
9  denied.

10   **V.   THE U.S. PROTECTIVE ORDER DOES NOT IN FACT PROVIDE FOR**
11   **THE PROCEDURES NOW SOUGHT BY THE GOVERNMENT.**

12    Although the Government captions its motion "Notice of Motion and Motion to Enforce
13  Protective Order with Respect to Attorney Files", there is no provision under the U.S. Protective
14  Order and related protocols pursuant to which the Government is entitled to review Flynn's files.
15  Certainly, none is identified in the Government's moving papers.

16    Under the U.S. Protective Order, there is no provision that would entitle the Government to
17  ever review Flynn's files, and certainly not privileged documents contained in those files, even if
18  the documents contained information protected by the states secret privilege. The U.S. Protective
19  Order only allows the Government to review documents that a party intends to produce. The Flynn
20  files do not fall in the category of documents to be produced. Turning over files to successor
21  counsel does not constitute the production of documents. Accordingly, the Court would not be
22  enforcing the U.S. Protective Order if it entitled the Government to review Flynn's files.

23    A further problem with the Government's motion to enforce is that current counsel for the
24  Montgomery Parties would be precluded from reviewing the Flynn files before they were reviewed
25  by the Government. However, during a recent meet and confer, counsel for the Montgomery
26  Parties asked how the Government expected the parties to comply with the U.S. Protective Order.
27  Specifically, counsel for the Montgomery Parties asked whether the Government expected counsel
28  for a party to review documents to be produced for purposes of evaluating whether a document

1 falls within the parameters of the U.S. Protective Order or whether the client was expected to make
2 that determination. In response, counsel for the Government stated it expected counsel for the
3 producing party would review documents for that purpose. Klar Decl. ¶¶ 5-6.

4     Consistent with the Government's recent assertions, if Flynn were a party who was required
5 to respond to discovery, according to the Government, under the U.S. Protective Order, counsel for
6 that party would be required to review the documents to be produced to see if they fall within the
7 parameters of the U.S. Protective Order. See Klar Decl. *Id.*. But, with respect to the Flynn files, the
8 Government, without explanation, takes the anomalous position that successor counsel may not
9 review the documents for that purpose.

10     For the reasons stated above, it is evident that the motion filed by the Government does not
11 seek to enforce any provision of the U.S. Protective Order. Accordingly, no relief properly can be
12 granted by this Court pursuant to that Order.

13 **VI.   THE COMPETING OBJECTIVES OF THE GOVERNMENT AND THE**
14         **MONTGOMERY PARTIES CAN BE ACCOMODATED BY FAR SIMPLER**
15         **AND LESS INTRUSIVE MEANS THAN THE WHOLESALE REVIEW OF**
16         **THE FLYNN FILES SOUGHT BY THE GOVERNMENT IN ITS MOTION.**

17     At the hearing on his motion to withdraw, Flynn described two categories of documents that
18 contain information that may fall within the parameters of paragraphs 2 and 3 of the U.S. Protective
19 Order. First, "there are probably thousands of e-mails, many of which contain references to matters
20 that ended up in memos, declarations and transcripts, that relate, in one way or another, to what the
21 government -- to what the Court has approved to be redacted under your April 2nd order." 8/17/07
22 Hearing Tr. at 6:25-7:5 appended as Exhibit "A" to Klar Decl. Second, Flynn reported to the
23 Court that there were a few "original" documents in his files that might contain such information.
24 8/17/07 Hearing Tr. at 22:10-16 (Regarding the category of "original documents" that "is probably
25 limited to, and this is the off the top of my head so I can't be bound by this, but it's probably limited
26 to one document, or perhaps two, one of which is extremely sensitive for national security
27 purposes, containing names and phone numbers . . .")
28

1    The Government claims it simply needs to ensure that the information identified by Flynn is
2 not publicly disclosed. As the Government's counsel explained at the August 17, 2007 hearing:

3    [T]he focus is entirely from our perspective entirely from our perspective on
4    sanitizing the material, both written and electronic, that is within the four walls of
5    Mr. Flynn's office and Ms. DiMare's office, so that we can prevent any future
6    disclosures of privileged material. And that is our only interest, and has
7    throughout this litigation, been our only interest, rather than in taking sides
8    between one party or another.

9 8/17/07 Hearing Tr. at 29:7-13. At the same hearing, the Court acknowledged the legitimate
10 competing concerns of the Montgomery Parties. Id. at 29:21-30:1.

11    It is respectfully submitted that given the limited category of documents identified by Flynn
12 as containing information that would fall within the parameters or paragraphs 2 and 3 of the U.S.
13 Protective Order, the competing concerns of the Government and the Montgomery Parties can be
14 accommodated by the following procedures which are far simpler and less intrusive means than the
15 wholesale review of the Flynn files and other relief sought by the Government's pending motion:

16    **E-mails.** That the Court enter an Order directing that Flynn and all of the attorneys he
17 employed who performed worked on behalf of the Montgomery Parties (i) turn over to the Court all
18 the original e-mails which they sent and received in connection with their representation of the
19 Montgomery Parties during the period January 2006 through and including September 4, 2007, the
20 date of this Court's Order granting the Flynn motion to withdraw; and (ii) certify to the Court that
21 they have destroyed all electronic and paper copies of those e-mails. Further, pursuant to the
22 Order, (i) the original e-mails would be retained by the Court pending resolution of the
23 *Montgomery v. e-Treppid* litigation, (ii) any third party review of the e-mails would be prohibited;
24 and (iii) the e-mails would be destroyed upon the conclusion of the action.

25    **"Original" Documents.** The few "original" documents which Flynn believes fall within
26 the parameters of paragraphs 2 and 3 of the U.S. Protective Order shall be turned over to the Court
27 for its review and redaction. The original redacted documents shall be returned to the Montgomery
28 Parties (or to Flynn if the fee issues between the Montgomery Parties and Flynn have not been

10
OPPOSITION TO ENFORCE U.S. PROTECTIVE ORDER RE: ATTORNEY'S FILES

0039641/001/ 375896v01

1 | resolved by Order of this Court). Copies of the unredacted documents shall be retained by the
2 | Court pending resolution of the *Montgomery v. e-Treppid* litigation and then destroyed upon the
3 | conclusion of the action.

4 | These procedures would fully protect the military and state interests identified by the
5 | Government and accommodate the concerns of the Montgomery Parties.

6 | **VII.   CONCLUSION.**

7 | For the foregoing reasons, the Government's Motion for Enforcement of U.S. Protective
8 | Order with Respect to Attorney Files should be denied in its entirety and that the procedures
9 | proposed by the Montgomery Parties in Point VI be adopted by the Court to accommodate the
10 | Government's concerns regarding information in the Flynn files that may be protected by the
11 | military and state secrets privilege.

13 | Dated: December 28, 2007         Respectfully submitted,

14 |                                                         LINER YANKELEVITZ
                                                            SUNSHINE & REGENSTREIF LLP

16 |                                                         By: [signature]

17 |                                                         Deborah A. Klar
                                                            Tuneen E. Chisolm
18 |                                                         Attorneys for Plaintiffs
                                                            DENNIS MONTGOMERY and the
19 |                                                         MONTGOMERY FAMILY TRUST

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICES OF LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP, and that on the **28th day of December 2007**, I caused to be served the within document described as **OPPOSITION OF THE MONTGOMERY PARTIES TO MOTION TO THE UNITED STATES TO ENFORCE U.S. PROTECTIVE ORDER RE: ATTORNEY'S FILES** on the interested parties in this action as stated below:

J. Stephen Peek, Esq.
Jerry M. Snyder, Esq
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane
Second Floor
Reno, Nevada 89511
(775) 327-3000; 786-6179 - FAX
speek@halelane.com; jsnyder@halelane.com
Attorneys for Etreppid and Warren Trepp

Reid H. Weingarten, Esq.
Brian M. Heberlig, Esq.
Robert A. Ayers, Esq,
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000; (202) 429-3902 - FAX
rweingarten@steptoe.com;
bhaberlig@steptoe.com; rayers@steptoe.com
Attorneys for eTreppid and Warren Trepp

Greg Addington, AUSA
U.S. DEPARTMENT OF JUSTICE
100 W. Liberty Street, Suite 600
Reno, Nevada 89501
E-mail: Greg.addington@usdoj.gov
(775) 784-5181 - FAX
Attorneys for Department of Defense

Carlotta P. Wells, Sr. Trial Counsel
U.S. Dept. of Justice
Fed. Programs Branch
Civil Division
Room 7150
20 Massachusetts Avenue, NW
Post Office Box 883
Washington, D.C. 20044
(202) 514-4522; 616-8470 - FAX
E-mail: Carlotta.wells@usdoj.gov
Attorneys for Department of Defense

Ralph O. Gomez, Esq., Sr. Trial Counsel
U.S. Dept. of Justice, Fed. Programs Branch
Civil Division, Room 6144
20 Massachusetts Avenue, NW
Post Office Box 883
Washington, D.C. 20044
(202) 514-1318; 616-8470 - FAX
E-mail: raphael.gomez@usdoj.gov
Attorneys for Department of Defense

☒ **[ELECTRONIC]** By filing the document(s) electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document(s) to the persons listed above at their respective email address.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on 12/28/2007, at Los Angeles, California.

NANCY TORRECILLAS

PROOF OF SERVICE

0039641/001/ 359652v01