Mark H. Gunderson, Esq. (SBN: 2134)
Catherine A. Reichenberg, Esq. (SBN: 10362)
MARK H. GUNDERSON, LTD.
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511
Telephone: (775) 829-1222
Facsimile: (775) 829-1226

Deborah A. Klar, Esq. (SBN: CA 124750)
Tuneen E. Chisolm, Esq. (SBN: CA 211741)
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501
ADMITTED PRO HAC VICE

Attorneys for Plaintiffs
DENNIS MONTGOMERY, and the MONTGOMERY
FAMILY TRUST

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>Defendants.<br><br>AND RELATED CASES. | Case No. 3:06-CV-00056-PMP-VPC<br>BASE FILE<br><br>(Consolidated with Case No. 3:06-CV-00145-PMP-VPC)<br><br>**DECLARATION OF DEBORAH A. KLAR IN SUPPORT OF THE MONTGOMERY PARTIES' OPPOSITION TO MOTION FOR ENFORCEMENT OF U.S. PROTECTIVE ORDER WITH RESPECT TO ATTORNEY FILES** |

0039641/001/ 375862v01

## DECLARATION OF DEBORAH A. KLAR

I, Deborah A. Klar, declare as follows:

1.  I am an attorney at law duly licensed to practice in the State of California and admitted pro hac vice to appear before this Court. I am a partner with the law firm of Liner Yankelevitz Sunshine & Regenstreif LLP, counsel of record for Dennis Montgomery, and The Montgomery Family Trust in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.  I have been admitted pro hac vice in the Nevada District Court as counsel for the plaintiffs in connection with the matters pending before that court.

3.  Attached hereto as Exhibit A is a true and correct copy of the relevant pages of the transcript of the proceedings before the Court in this action on August 17, 2007 in this action.

4.  Attached hereto as Exhibit B is a true and correct copy of the relevant pages of the transcript of the proceedings before the Court in this action on November 15, 2007.

5.  Attached hereto as Exhibit C is a true and correct copy of a letter dated December 26, 2007 that I sent to counsel at the U.S. Department of Justice which confirms the substance of a meet and confer discussion I had with Carlotta Wells and Raphael Gomez regarding the Government's pending motion.

6.  During that meet and confer, as stated in Exhibit C, I asked the Ms. Wells and Mr. Gomez whether the Government expected counsel for a party to review documents to be produced for purposes of evaluating whether a document falls within the parameters of the U.S. Protective Order in this action or whether the client was expected to make that determination. In response, Ms. Wells and Mr. Gomez stated that the expectation is that counsel for the producing party would review documents for that purpose.

1     I declare under penalty of perjury under the laws of the United States that the foregoing is
2 true and correct.

3     Executed this 28th day of December, 2007 at Los Angeles, California

                                                                        DEBORAH A. KLAR

0039641/001/ 375862v01

# Exhibit "A"
# to the Declaration of Deborah A. Klar

```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA
                        LAS VEGAS DIVISION




DENNIS MONTGOMERY, ET AL.,     )  CASE NO: 3:06-CV-00056-PMP-VPC
                               )
          Plaintiffs,          )          CIVIL
                               )
    vs.                        )       Las Vegas, Nevada
                               )
ETREPPID TECHNOLOGIES, ET AL., )   Friday, August 17, 2007
                               )    (10:17 a.m. to 11:30 a.m.)
          Defendants.          )


                         MOTION HEARING


              BEFORE THE HONORABLE PHILIP M. PRO,
                 UNITED STATES DISTRICT JUDGE




Appearances:    (See next page)
```

Court Recorder:   Aaron Blazevich


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1  been counsel and are still counsel. That hasn't changed.
2  Mr. Pulver as well, and you're on the line. I know Mr. Flynn
3  and Ms. DiMare are on the line, and I know new counsel, I
4  believe it's Ms. Pham and Ms. Klar, am I correct?
5         MS. PHAM: Yes, your Honor, that's correct.
6         THE COURT: Great. Are also on the line. So,
7  Mr. Flynn, let me ask you, as I understand it, certainly you
8  wish to be and Ms. DiMare as well, wish to be relieved as
9  counsel. In essence you have been, as far as the clients are
10 concerned.
11        With respect to -- I understand your desire to
12 collect fees that were agreed upon and should be paid. What
13 needs to be done to address that, number one, and number two,
14 how do you propose any issues regarding turning over the file?
15 It's my impression that if the fees were paid, as far as you
16 were concerned, the file would've been turned over through
17 Mr. Logar, whatever he doesn't already have, and Mr. Pulver
18 already.
19        MR. FLYNN: Yes, thank you, your Honor. Michael
20 Flynn here. I think your Honor's thumbnail sketch covers the
21 issues somewhat. The precise answer to the Court's question is
22 that if the fees were paid, the files would be turned over, but
23 only subject to the Court's April 2nd order, and the conditions
24 that have been laid down by the government.
25        In other words, to give the Court an idea of the

1  magnitude of the problem, there are probably thousands of e-
2  mails, many of which contain references to matters that ended
3  up in memos, declarations and transcripts, that relate, in one
4  way or another, to what the government -- to what the Court has
5  approved to be redacted under your April 2nd order.
6        The government, as the Court knows, filed a response
7  to our motion to withdraw setting forth these four conditions.
8  We have now, and are willing to stipulate for numerous reasons
9  that are complex, that relate to the attorney/client privilege;
10 that relate to the Nevada Rules of Professional Conduct; that
11 relate to underlying issues of fact and law in the lawsuit; we
12 have agreed or stipulated with the government informally,
13 there's nothing in writing, to adhere to the conditions that
14 the government wants to impose on our withdrawal.
15        And one of the real practical nuts and bolts reasons
16 for that, is that the e-mails that primarily went between
17 myself and Mr. Montgomery and co-counsel, both co-counsel in
18 Nevada and three of the other attorneys that worked with and
19 for me on this matter, relate to specific items that the Court
20 has redacted.
21        It is an extremely burdensome and significant task to
22 go through those documents and e-mails, many of which -- most
23 of which are also in electronic form, and many of which are in
24 documents that were made at various points in time along the
25 way, it would be a huge task to go through them all, protect

1   are probably three to four inches thick without attachments,
2   and that's just for the month of June.
3           There were many other months that were characterized
4   by far more significant population-wise, at least e-mails,
5   particularly between myself and Mr. Montgomery.
6           So all of those e-mails, which are really the bulk of
7   what we're talking about here are in the possession of
8   Mr. Montgomery, easily retrieved by Ms. Klar with a simple
9   request to the client.
10          Her point about original documents is probably
11  limited to, and this is the off the top of my head so I can't
12  be bound by this, but it's probably limited to one document, or
13  perhaps two, one of which is extremely sensitive for national
14  security purposes, containing names and phone numbers, which I
15  have already agreed with Mr. Addington to turn over to
16  Ms. Wells, as soon as I get a court order.  That document is an
17  original given to me by Mr. Montgomery.
18          There may be one or two other documents which
19  traditionally would not be called originals.  In other words,
20  they weren't probably FedEx'd or mailed, but were an attachment
21  to an e-mail or e-mails from Mr. Montgomery, that are of
22  extreme significance in relevance in this case.
23          The original of that -- the original, insofar it was
24  an attachment to an e-mail, as that would be diagnosed or dealt
25  with by an expert, in terms of what was transmitted, when it

1  and Ms. DiMare's future and continuing obligations concerning
2  the handling of their file, particularly as it relates to the
3  state secret, military secret privilege.
4      The focus of the Department of Defense is not, of
5  course, on the fee dispute or the dynamic that will no doubt
6  continue between old counsel and new counsel and the Montgomery
7  parties, but the focus is entirely from our perspective on
8  sanitizing the material, both written and electronic, that is
9  within the four walls of Mr. Flynn's office and Ms. DiMare's
10 office, so that we can prevent any future disclosures of
11 privileged material.  And that is our only interest, and has
12 throughout this litigation, been our only interest, rather than
13 in taking sides between one party or another.
14      I have talked to Mr. Flynn or discussed with
15 Mr. Flynn throughout this past week, various mechanisms that
16 would be employed or could be employed to address Department of
17 Defense's interest in undergoing that review, redaction,
18 sanitizing process.  And I think there's very little, if any,
19 divergence of views, as between Mr. Flynn and government
20 counsel in that regard.
21      **THE COURT:**  I don't want to get into the details of
22 what those mechanisms are right now on the record, but tell me
23 do they address the concern Ms. Klar has raised about the
24 balance or conflict of the government's interests in protecting
25 military and state secrets, which of course, would apply

# CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                     September 13, 2007
           Signed                                              Dated

*TONI HUDSON, TRANSCRIBER*

# Exhibit "B"
# to the Declaration of Deborah A. Klar

```
                                                                    1
 1               UNITED STATES DISTRICT COURT
                     DISTRICT OF NEVADA
 2     BEFORE THE HONORABLE VALERIE P. COOKE, MAGISTRATE JUDGE
                          ---oOo---
 3

 4   Dennis Montgomery, et al.,    :  No. 3:06-cv-056-PMP-VPC
                                   :
 5               Plaintiff,        :  November 15, 2007
                                   :
 6         -vs-                    :  United States District Court
                                   :  400 S. Virginia Street
 7   ETreppid Technologies, LLC,   :  Reno, Nevada  89501
                                   :
 8               Defendant.        :
                                   :
 9   _____:

10

11
            TRANSCRIPT OF DISCOVERY STATUS CONFERENCE
12

13   A P P E A R A N C E S:

14   FOR THE PLAINTIFFS:      Deborah Klar
                              Tuneen Chisolm
15                            Mark Gunderson
                              Attorneys at Law
16

17   FOR THE DEFENDANTS:      Stephen Peek
                              Jerry Snyder
18                            Attorneys at Law

19   FOR INTERESTED PARTY:    Carlotta Wells
                              Raphael Gomez
20                            Gregory Addington

21   VPC/FTR:  11-15-07 @ 10:30 a.m.

22

     Proceedings recorded by digital recording produced by
23   computer-aided transcript

24
     Transcribed by:              KATHRYN M. FRENCH, RPR, CCR
25                                NEVADA LICENSE NO. 392
                                  CALIFORNIA LICENSE NO. 8536
```

1   Mr. Logar would be under an order where they are not to
2   transmit to any person any information covered by the U.S.
3   Protective Order.
4           We also sought as part of the motion to withdraw,
5   just to cleanup the matter at that point, the opportunity
6   to either review -- well, to review the material or have
7   it secured, that was in -- the documents that were in the
8   possession of Mr. Flynn because -- and Mr. Logar for that
9   matter -- because Mr. Flynn had indicated that his files
10  were replete with information that is covered by the U.S.
11  Protective Order.  And so the Court, when it issued its
12  order with respect to the motion to withdraw, specifically
13  included the provision that the two, the counsel as part of
14  the withdraw were precluded from providing any information
15  covered by the U.S. Protective Order, and did not also add
16  the other two conditions that the government was proposing.
17  And I think it -- and I'm just speculating at this point,
18  Your Honor, I think it may be, and part of the concern that
19  was raised by Ms. Klar with respect to attorney/client
20  privilege.  And, essentially, putting off to another day to
21  try to resolve that.
22          But the Court was making clear that counsel were not
23  to -- they were bound by the Protective Order, and they were
24  not to -- contrary to what I believe Ms. Klar just said --
25  they were not to turn over the files if -- or at least any

# Exhibit "C"
# to the Declaration of Deborah A. Klar

**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**
1100 Glendon Avenue | 14th Floor | Los Angeles, CA 90024.3503
t. 310.500.3500 | f 310.500.3501

Deborah A. Klar
dklar@linerlaw.com
Direct Dial: (310) 500-3614



December 26, 2007

Carlotta Wells, Esq.
Federal Programs Branch
Civil Division, Room 7150
20 Massachusetts Ave., NW
P.O. Box 883
Washington, D.C. 20530

Ralph Gomez, Esq.
U.S. Dept. of Justice Federal Programs Branch
Civil Division, Room 6144
20 Massachusetts Ave., NW
P.O. Box 883
Washington, D.C. 20044

    Re:    Dennis Montgomery, et. al. v. eTreppid Technologies, LLC, et. al. USDC, Nevada Case
              No. 3:06 CV-00056-PMP-VPC (Base File)

Dear Counsel:

       This letter will confirm the substance of our discussion on Friday, December 14, 2007, regarding the scope and operation of the U.S. Protective Order ("U.S. Protective Order") entered in the above-captioned action and the motion filed by the government titled "Motion for Enforcement of U.S. Protective Order with Respect to Attorney Files" ("Motion"). We appreciate your effort to meet and confer with respect to certain of the issues raised by the Motion. Unfortunately, however, we were not able to resolve any of those issues.

       You initiated the call to discuss whether the Montgomery Parties would agree to permit an "independent person" to review the documents in the files that have been maintained by former counsel for the Montgomery Parties, Michael Flynn and the law firm of Logar & Pulver, including all of the documents in those files that constitute attorney-client communications. The ostensible purpose of that review would be for the "independent third party" to identify any document that may be protected by the state secrets privilege. In response, we indicated that we may be amenable to having an independent third person review and redact certain documents in the Flynn and Logar & Pulver files which either Flynn or Logar & Pulver identify as document which they believe relate to information covered by paragraphs 2 or 3 of the Protective Order. However, to the extent those documents also contain information protected by the attorney-client privilege or information protected by the traditional Protective Order entered in this case

Carlotta Wells, Esq.
Ralph Gomez, Esq.
December 26, 2007
Page 2

("Protective Order"), for obvious reasons, the Montgomery Parties will not agree to have an "independent party" review those communications.

    We explained, as we have in the past, that with respect to documents protected by the attorney-client privilege, we are not aware of any case law (and none has been provided to us by the government) which can be construed to stand for the proposition that the state secrets privilege trumps the attorney-client privilege. With regard to documents protected by the Protective Order, again, for obvious reasons, we are not prepared to have an unknown person, not subject to the protective order, review such documents.

    We then asked how the government expected the parties to comply with the U.S. Protective Order. Specifically, we asked whether the government expected counsel for a party to review documents to be produced for purposes of evaluating whether a document falls within the parameters of the U.S. Protective Order or whether the client was expected to make that determination. You responded that the government expected that counsel would review the documents.

    In response, we raised two material concerns. First, as we understand the agreements pursuant to which our client may have received information within the parameters of the U.S. Protective Order, Mr. Montgomery is not at liberty to show such information to any third party who does have appropriate clearance. As we have discussed, no one representing Mr. Montgomery in the Reno actions has appropriate clearance. Second, we asked how counsel could be expected to make a determination as to what information might be within the parameters of the U.S. Protective Order, given that the government takes the position that it cannot and will not identify the entities "in the intelligence community as defined by the National Security Act of 1947" or the persons affiliated with those entities. You declined to provide us with a substantive response to either concern.

    Another topic we discussed was our recent request to the government regarding the "output" identified by Mr. Peek at the November 2007 discovery conference. Shortly after that conference, we asked whether the government was aware if that "output" fell within the parameters of the U.S. Protective Order. You stated that you were not. In response, because the U.S. Protective Order prohibits any party from propounding discovery that may fall within its parameters, we asked that you speak with Mr. Peek to ascertain the response to our question. You refused to do so. Because we assumed that the government would want to facilitate the parties' compliance with the U.S. Protective Order, we were surprised by your response.

    Finally, at the conclusion of our call we spoke further about the Motion. Specifically, we stated that it was the position of the Montgomery Parties that the relief sought pursuant to the Motion is precisely the relief which the government requested in its response to the Flynn Motion to Withdraw--relief which Judge Pro denied. Accordingly, we told you that it is the position of the Montgomery Parties that the Motion constitutes an improper motion for reconsideration. While you did not deny that the government was seeking the same relief it had requested in connection with the Flynn Motion to Withdraw, you,

Carlotta Wells, Esq.
Ralph Gomez, Esq.
December 26, 2007
Page 3

nonetheless, insisted that the government's motion was not an improper motion for reconsideration because the earlier request was filed in response to Mr. Flynn's motion to withdraw. We pointed out that, in our view, that was a distinction without a difference. Accordingly, the position of the Montgomery Parties remains that the government's recent motion is an improper motion for reconsideration which should be denied for that reason alone.

We hope you both enjoy the upcoming holidays.

Very truly yours,

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By  *[signature]*
Deborah A. Klar

DAK:rt

cc: Tuneen Chisolm, Esq.

# CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICES OF LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP, and that on the **28th day of December 2007**, I caused to be served the within document described as **DECLARATION OF DEBORAH A. KLAR IN SUPPORT OF THE MONTGOMERY PARTIES' OPPOSITION TO MOTION FOR ENFORCEMENT OF U.S. PROTECTIVE ORDER WITH RESPECT TO ATTORNEY FILES** on the interested parties in this action as stated below:

J. Stephen Peek, Esq.
Jerry M. Snyder, Esq.
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane
Second Floor
Reno, Nevada 89511
(775) 327-3000; 786-6179 - FAX
speek@halelane.com; jsnyder@halelane.com
Attorneys for Etreppid and Warren Trepp

Reid H. Weingarten, Esq.
Brian M. Heberlig, Esq.
Robert A. Ayers, Esq,
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000; (202) 429-3902 - FAX
rweingarten@steptoe.com;
bhaberlig@steptoe.com; rayers@steptoe.com
Attorneys for eTreppid and Warren Trepp

Greg Addington, AUSA
U.S. DEPARTMENT OF JUSTICE
100 W. Liberty Street. Suite 600
Reno, Nevada 89501
E-mail: Greg.addington@usdoj.gov
(775) 784-5181 - FAX
Attorneys for Department of Defense

Carlotta P. Wells, Sr. Trial Counsel
U.S. Dept. of Justice
Fed. Programs Branch
Civil Division
Room 7150
20 Massachusetts Avenue, NW
Post Office Box 883
Washington, D.C. 20044
(202) 514-4522; 616-8470 - FAX
E-mail: Carlotta.wells@usdoj.gov
Attorneys for Department of Defense

Ralph O. Gomez, Esq., Sr. Trial Counsel
U.S. Dept. of Justice, Fed. Programs Branch
Civil Division, Room 6144
20 Massachusetts Avenue, NW
Post Office Box 883
Washington, D.C. 20044
(202) 514-1318; 616-8470 - FAX
E-mail: raphael.gomez@usdoj.gov
Attorneys for Department of Defense

☒ **[ELECTRONIC]** By filing the document(s) electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document(s) to the persons listed above at their respective email address.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on 12/28/2007, at Los Angeles, California.

*/s/ Nancy Torrecillas*
NANCY TORRECILLAS

PROOF OF SERVICE

0039641/001/ 359652v01