**Michael J. Flynn, Mass. State Bar No.172780**
P.O. Box 690, 6125 El Tordo
Rancho Santa Fe, CA 92067
Tel:    (858) 775-7624;Fax:   (858) 759-0711
*Admitted Pro Hac Vice*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DENNIS MONTGOMERY, and the ) 
MONTGOMERY FAMILY TRUST,  )         3:06-CV-00056-PMP-VPC
                          )         **BASE FILE**
    Plaintiffs,            )
                          )         3:06-CV-00145-PMP-VPC
v.                        )
                          )         **SUPPLEMENTAL DECLARATION**
ETREPPID TECHNOLOGIES, LLC, )       **OF MICHAEL FLYNN IN RESPONSE**
WARREN TREPP, and the UNITED )      **TO MONTGOMERY"S OPPOSITION TO**
STATES DEPARTMENT OF DEFENSE, )     **THE  GOVERNMENT'S MOTION  TO**
                          )         **COMPEL ENFORCEMENT OF**
    Defendants.           )         **PROTECTIVE  ORDERS**
_____)
                          )
AND ALL RELATED MATTERS.  )
_____)

**DECLARATION OF MICHAEL J. FLYNN**

I, Michael J. Flynn, declare:

1.  I am an attorney licensed to practice in the state of Massachusetts. I have appeared pro hac vice as counsel for Dennis Montgomery, individually and as Trustee of the Montgomery Family Trust, Brenda Montgomery, as Trustee of the Montgomery Family Trust, and the Montgomery Family Trust, (hereinafter "Montgomery"),  in the above captioned related cases, 3:06-cv-0056 and 3:06-cv-00145, and 3:06-cv-0263.  I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently to them.

2.  I make this Supplemental Declaration because Montgomery and his lawyers continue to mislead the Court about critical issues now before the Court, this time in connection with the government's Motion to Enforce. In this instance, their conduct includes false representations about the contents of my files, *and* about  the contents of the transcript of the August 17th hearing. They have also omitted key pages of that transcript.  I have

1    attached hereto as Exhibit 1 to this Supplemental Declaration, the relevant pages of the
2    transcript.
3    3.    In their "Opposition," Montgomery and his lawyer, Deborah Klar explicitly misrepresent
4    the contents of my files. They state that "[a}ccording to Flynn, the documents in his files
5    that fall within the parameters of paragraphs 2 and 3 of the U.S. Protective Order are emails
6    and a few 'original' documents." (Opp. At p. 3 lines 1-3).  They cite and attach portions of
7    the transcript from the August 17th hearing. (Klar Dec. Ex. A).  But they fail to recite the
8    most relevant portions of that transcript at p. 6, line 25 to p. 7, line 5, and intentionally
9    omit the sequential pages:

> "In other words, to give the Court an idea of the magnitude of the problem,
> there are probably thousands of emails, *many of which contain references to
> matters that ended up in memos, declarations and transcripts*, that relate, in one
> way or another, to what the government - to what the Court has approved to be
> redacted under your April 2nd order."

Further on page 7, line 21 to p.8 line 5 :

> "It is an extremely burdensome and significant task to go through those *documents
> and emails*, many of which - most of which are also in electronic form, and many
> of which are in *documents that were made at various points in time along the way*,
> it would be a huge task to go through them all, protect the attorney client
> privilege, not let government personnel see what's in there, yet redact what needs
> to be protected...and then turn over to the government redacted documents and/or
> electronic media...."

Further on p. 8 lines 11 - 20:

> "If we turn over those in redacted form, Mr. Montgomery and his counsel would be
> left with unredacted emails and *documents* that from what my perspective would be
> directly relevant to, at the very least, our dispute, and I'm certain they would be
> relevant to issues presently pending before the Court in other cases.
> In other words, the issues relating to *these documents* are extremely complex, for

those reasons that I just specified and others. Overriding all of that, is the issue of how the process could be accomplished."

4. The foregoing statements are plain: protected information that is in emails is *also* in memos, declarations, transcripts, etc *that were made throughout the litigation.* In the context of the actual files retrievable on Pacer in these cases, such as declarations, memos, pleadings etc, together with the multiple pleadings on file about the contents of my files, including my Response to the government's Motion to Enforce, it is obvious to a first grader, that Klar's statements limiting the protected material in my files to emails and a "few" originals are outright false. The government knows what the "few" originals references in connection with the August 17th transcript, as does Klar. They have already been turned over to Carlotta Wells.

5. If the foregoing transcript was not sufficiently clear to Klar, my previous Response and declaration, as well as Montgomery's, Edra Blixseth's, and local counsel's files, all available to Klar, as well as the online pleadings, make the issues obvious to anyone. My previous Response and declaration stated unequivocally that protected information in documents, (such as the Negroponte questions), declarations, (such as the Montgomery February 28, 2007 declaration - which Klar just recently opposed being unsealed), multiple drafts of such documents transmitted to multiple parties, hundreds of documents, as well as emails, were all stored electronically "on multiple computers in multiple files." My previous Response then states:

"The same problem applies to potentially hundreds of documents, declarations, pleadings, etcetera, and thousands of related emails and transmittals stored on respondent's, Montgomery's and local counsel's, and now presumably current counsel's computers which could be transformed into *paper* copies at any time."
(Italics in original). (Flynn Response p. 4 line 24 to p.5, line 1).

6. Klar's Opposition is simply dishonest. As I also stated in my previous Response, I am unable to certify that I have redacted my electronic files. Making paper copies of the emails I can find which may contain protected information, and depositing them with the Court

2

does nothing to solve the problem. Hundreds, perhaps thousands of items of protected information, will remain in documents stored on multiple computers in multiple locations.

7. As stated in my prior declarations and pleadings, my files contain *documents and emails*, in paper and electronic form, of which many of the electronic *documents* are in pdf format, which I cannot redact. I estimate that the *documents* containing protected information that are contained within my computers are many time greater than the emails containing protected information. For example, the so-called Negroponte questions containing protected information went through numerous drafts most of which were emailed and/or faxed to Montgomery, Blixseth, Congressional committee members, and co-counsel. These drafts and the additions to them were maintained in numerous different files for various reasons. Thus, the electronically stored protected information in them is contained in numerous electronic documents and locations, not just emails and attachments. This problem inheres in connection with virtually all protected information. Klar and Montgomery know this to be true. The above stated representations to Judge Pro were true and accurate when made; and remain accurate to this day, with the exception of my current lack of possession of a "few" originals, which have already been turned over to the government.

8. Klar's suggestion that paper copies of my email files be turned over to the Court and the electronic version destroyed is thus not only deceitful, it does not resolve the redaction of protected information, and it is designed to perpetrate and create more issues and problems involving Montgomery's potential computer related "fabrications." He has already been accused of fabricating emails by the Trepp parties. Klar's plan may put the fox inside the hen house. I am in an adversarial position with Montgomery. I intend to sue those responsible for the outrageous abuse of the judicial process Montgomery and Klar perpetrated, (filing a false declaration to obtain jurisdiction is a per se abuse of process, among other torts), as well as other claims. Additionally, I have compelling reasons to believe that my computers have been "accessed." There are files missing; and there may be files altered. I must have a forensics expert examine them after the protected material has

been deleted. Klar's plan enables Montgomery to maintain, and/or fabricate, and or alter emails, and/or electronic documents, while mine will have been destroyed. As of May-June, 2007, Montgomery was then engaged in computer related behavior that is related to these potential problems. Montgomery's direct communications with third party media individuals, (not protected by the attorney-client privilege), insisting that copies of emails that he had previously turned over to them, in some cases without my prior knowledge, NOT be shared with Trepp's counsel, because then Trepp would know the exact *"time"* of a particular email is illustrative of the problem. Montgomery cannot be trusted with *any* electronic information. His files should be redacted *first.* It would be unfair to redact my files in the context of pending and proposed litigation and not to redact all other files in the possession of other litigants.

9. As I have repeatedly stated, I know of no way to certify with absolute certainty that *all* protected information from all files, paper and electronic, in all cases before the Court, has been redacted, or removed, or destroyed, other than the process requested by the government. My electronic files are voluminous and in multiple computers in different locations. My paper files are on both coasts. The best solution appears to be to have government personnel go to those locations with me, and redact the files.

10. I also understand that on repeated occasions, Attorney Klar has raised issues with the Court involving me without providing me notice or opportunity to be heard. Plainly, I still have standing before the Court on all issues relating to my withdrawal, fees, files, and lien, as reflected, *inter alia,* in the matters contained herein. I herewith request that in the future, that she be required to give me notice if she raises any issues relating to me, my withdrawal, files, fees, lien, etcetera.

11. Exhibit 1 attached hereto is a true and correct copy.

I declare under penalty of perjury under the laws of the United States and the State of Nevada that the foregoing is true and correct. Signed this 4th day of January, 2008, in Boston, Massachusetts.

4

S/S_____
Michael J. Flynn, Esq.

**CERTIFICATE OF SERVICE**

I, Michael J. Flynn, declare: I am an attorney admitted pro hac vice in the United States District Court of Reno in the related civil cases, U.S.D. Reno, No. 3:06-CV-00056 and 3:06-CV-000145. I am over the age of 18 years and not a party to this action.

I am familiar with the practice for the collection of mail, delivery of hand-deliveries, process of facsimile, and the practice of mailing.

On January 4, 2008, I caused the foregoing documents, (Declaration with Exhibit 1 and this Certificate of Service), to be emailed to the following persons and/or entities:

Attorney Stephen Peek
HALE LANE
5441 Kietzke Lane, 2nd Fl.
Reno, NV 89511

Attorney Carlotta P. Wells,
U.S. DEPT. OF JUSTICE
P.O. Box 883
Washington, D.C. 20044

Deborah Klar,
Liner, Yankelevitz etc.
100 Glendon Ave.
Los Angeles, CA 90024

____/S/_____
Attorney Michael J. Flynn

5