

JAN - 7 2008

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DENNIS MONTGOMERY, et al.,            )        3:06-CV-0056-PMP (VPC)
                                      )
    Plaintiffs,                       )
                                      )        **ORDER**
    vs.                               )
                                      )
ETREPPID TECHNOLOGIES, LLC., et al.,  )
                                      )
    Defendants.                       )

       Before the court is the motion of defendant, eTreppid Technologies ("eTreppid"), to realign the parties (#360). Plaintiffs, Dennis Montgomery and the Montgomery Family Trust ("Montgomery"), filed a statement of non-opposition (#368). While the court would ordinarily grant such a request, it declines to do so in this instance as more fully explained below.

       As eTreppid recounted in its motion for realignment, this consolidated proceeding originally consisted of two lawsuits. eTreppid initially filed its lawsuit against Montgomery in state court on January 19, 2006, which the United States removed to this court on March 20, 2006, because Montgomery had filed counterclaims. That matter became case number 3:06-CV-00145-PMP-VPC) ("145 case"). On January 31, 2006, Montgomery filed a separate lawsuit in this court, case number 3:06-CV-00056-PMP-VPC ("56 case"). The District Court subsequently consolidated the 145 and 56 cases, and designated the 56 case as the base file because it was the first case filed in this court (#123). Since eTreppid filed the first complaint as between the parties, it now seeks to realign the parties accordingly.

On October 23, 2007, eTreppid file its motion for leave to file a third amended complaint for the purpose of adding Opspring LLC, Atigeo LLC, Edra Blixseth, and Michael Sandoval as additional defendants, since it was not aware of potential claims against these proposed defendants at the time it filed its original complaint in state court (#303). The proposed third amended complaint named eTreppid as the plaintiff and Montgomery and the newly added parties as defendants.[1] On December 10, 2007, eTreppid filed the instant motion to realign the parties. The court granted eTreppid's motion to file the third amended complaint at the December 17, 2007 case management conference, but had not yet reviewed the motion for realignment of the parties (#375). On that same date, eTreppid filed its third amended complaint (#370), and the Clerk of Court issued summonses for the newly named defendants (#s 371-374).

After reviewing eTreppid's motion for realignment, the court conferred with the chief deputy for the clerk of court to ascertain whether realignment of the parties would create any technical problems with the court's electronic court filing system ("CM/ECF"). The chief deputy clerk reported if the parties were reversed as plaintiff and defendant, there would be continual discrepancies between the listing of the parties at the top of the docket sheet and the notations in the actual docket sheet as to the party's designation as plaintiff and defendant, as well as the filing party's identity. While it would be possible to edit the text of each docket entry to change the reference to the parties to reflect the proposed realignment, it would have to be done manually for each docket entry. In addition, the deputy clerk advised that realignment would create potential problems with the links CM/ECF has established within the database. Finally, there would be discrepancies between what the documents themselves state and what the docket sheet would reflect, which would not be possible to resolve.

The court next considered ordering that the realignment occur as of the filing of the third amended complaint with the parties reversed as reflected on that pleading. However, this approach would also result in the parties both being designated as the plaintiff and defendant from that point on

---

[1] After entry of the consolidation order in March 2007 (#123), eTreppid filed a second amended complaint and identified itself as the plaintiff (#186). The court assumes that eTreppid did so inadvertently and simply used the same case title from the original state court action.

the docket sheet. This approach will also create confusion in docketing, and the potential for mistakes is significant.

Finally, the court considered whether to recommend to the District Court that the 145 case be designated the new base file, since it would be less difficult to transfer and re-docket the entries from the 56 case to the 145 case. However, this re-docketing would result in the re-numbering of each document when the documents are moved to the 145 case. The renumbering would generate real confusion between references to the old 56 case docket entries and the new 145 case entries.

Based upon this analysis of the repercussions of what would otherwise be a routine request, the court is constrained to deny eTreppid's motion for realignment. The court earlier granted eTreppid's motion to amend/correct complaint (#375); however, given the technical repercussions of realignment, the court orders that the second and third amended complaints (#186 & #370) be stricken, and vacates the summonses that the clerk issued (#s 371-374). Pursuant to Fed.R.Civ.P. 13(h), eTreppid has leave to amend its answer (#268) to Montgomery's operative complaint (#7) to include a counterclaim, which will be identical to its third amended complaint, but denominated as a counterclaim.

IT IS HEREBY ORDERED:

1. eTreppid's motion to realign the parties (#360) is **DENIED**;
2. The operative complaint in this action is Montgomery's February 21, 2006 complaint (#7);
3. The Clerk of Court shall **STRIKE** eTreppid's second and third amended complaints (#186 & #370) and **VACATE** the summonses issued in connection with the third amended complaint (#s 371-374);
4. eTreppid shall have leave to amend its answer (#268) to include a counterclaim, which will be identical to its third amended complaint, but denominated as a counterclaim;
5. eTreppid shall have leave to request that new summonses be issued by the clerk for the newly named counter-defendants;
6. eTreppid shall file its answer and amended counterclaim no later than Friday, January 11, 2008; and

3

7.  Montgomery shall file the reply to the counterclaim no later than January 22, 2008.

IT IS SO ORDERED.

DATED:  January 7, 2008.

_____
UNITED STATES MAGISTRATE JUDGE