1  Mark H. Gunderson, Esq. (SBN: 2134)
   Catherine A. Reichenberg, Esq. (SBN: 10362)
2  GUNDERSON LAW FIRM
   5345 Kietzke Lane, Suite 200
3  Reno, Nevada 89511
   Telephone: (775) 829-1222
4  Facsimile: (775) 829-1226

5  Deborah A. Klar, Esq. (SBN: CA 124750)
   Teri T. Pham, Esq. (SBN: CA 193383)
6  Tuneen E. Chisolm, Esq. (SBN: CA 211741)
   LINER YANKELEVITZ
7  SUNSHINE & REGENSTREIF LLP
   1100 Glendon Avenue, 14th Floor
8  Los Angeles, California 90024-3503
   Telephone: (310) 500-3500
9  Facsimile: (310) 500-3501
   ADMITTED PRO HAC VICE
10
   Attorneys for Plaintiffs
11 DENNIS MONTGOMERY and the MONTGOMERY
   FAMILY TRUST
12

13              UNITED STATES DISTRICT COURT

14                   DISTRICT OF NEVADA

15

| | |
|---|---|
| 16  DENNIS MONTGOMERY and the<br>MONTGOMERY FAMILY TRUST,<br>17<br>       Plaintiffs,<br>18<br>   vs.<br>19<br>ETREPPID TECHNOLOGIES, LLC; WARREN<br>20 TREPP; and the UNITED STATES<br>DEPARTMENT OF DEFENSE,<br>21<br>       Defendants.<br>22<br>23 _____<br>AND RELATED CASES.<br>24 _____ | Case No. 3:06-CV-00056-PMP-VPC<br>BASE FILE<br><br>(Consolidated with Case No. 3:06-CV-00145-PMP-VPC)<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO: (1) DECLARATION OF MICHAEL FLYNN IN RESPONSE TO GOVERNMENT MOTION TO COMPEL ENFORCEMENT OF PROTECTIVE ORDERS; AND (2) SUPPLEMENTAL DECLARATION OF MICHAEL FLYNN IN RESPONSE TO MONTGOMERY'S OPPOSITION TO THE GOVERNMENT'S MOTION** |

1   Plaintiffs Dennis Montgomery and the Montgomery Family Trust (the "Montgomery
2   Parties" or "Plaintiffs") object to the following evidence submitted by non-party Michael Flynn
3   ("Flynn") in Response to the Government's Motion to Enforce Protective Order (the "Motion").
4   **Declaration of Michael Flynn in Response to Government's Motion ("Initial Flynn**
5   **Declaration")**
6
7   Plaintiffs object to the Initial Flynn Declaration in its entirety on the ground that Flynn
8   lacks standing to file this declaration since the Government's Motion does not cause or threaten to
9   cause him any injury.
10  Plaintiffs further object to the Initial Flynn Declaration on the following grounds.

| EVIDENCE: | OBJECTIONS: |
|---|---|
| 1. Paragraph 2, page 2, lines 3-8: "Based on my knowledge of events, and the presence of third parties during many of those events, I also believe that the attorney client privilege has either been waived by Montgomery, or is subject to other exclusions and exceptions. I believe Montgomery comprehensively waived the privilege when he sued me in Los Angeles falsely accusing me of fraud by representing myself to be a California licensed lawyer." | 1. Lack of foundation. Flynn fails to present facts establishing that Dennis Montgomery ("Montgomery") waived the attorney client privilege or that Montgomery falsely accused him of lying. Fed. Rules Evid. Rule 602. Improper opinion testimony. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach his conclusions. Fed. Rules Evid. Rule 702. |
| 2. Paragraph 3, lines 12-15: "Based on representations of Dennis Montgomery made to me while I was his lawyer, and based on my own legal and factual analysis while I served as counsel for | 2. Attorney-client privilege. Representations purportedly made by Dennis Montgomery to Flynn are privileged. Fed. Rules Evid. Rule 501. Hearsay. Representations purportedly |

2
EVIDENTIARY OBJECTIONS OF THE MONTGOMERY PARTIES

| | EVIDENCE: | | OBJECTIONS: |
|---|---|---|---|
| | Montgomery, I do not know, nor am I able to determine whether certain information *when* it came to me from Montgomery was either 'classified' or not 'classified'." | | made by Montgomery to Flynn are inadmissible hearsay not subject to any exception. Fed. Rules Evid. Rule 801, 802. Irrelevant. Flynn's claim that he does not know and can't determine the status of information (either classified or unclassified) provided to him by Montgomery is not relevant to the Government's Motion. Fed. Rules Evid. Rule 402. |
| 3. | Paragraph 4, page 3, lines 7-11: "[C]onsidering that I have already been defrauded of over six months of legal fees by Montgomery, it is akin to aiding Montgomery's fraud against me by requiring substantial time and resources to accomplish just the *paper* file redactions and cleansing, while Montgomery and his partner continue to cheat me out of my time, and fees, and costs, and continue to maintain their files." | 3. | Lack of foundation. Flynn fails to present facts establishing that he has been "defrauded" or "cheated" by Montgomery. Fed. Rules Evid. Rule 602. Improper opinion testimony. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach his conclusions. Fed. Rules Evid. Rule 702. |
| 4. | Paragraph 6, lines 23-28: "I have been excessively burdened with responding to Montgomery's opposition to payment of my legal fees and costs in these cases; responding to Montgomery's San Diego | 4. | Lack of foundation. Flynn fails to present facts establishing that he has been "excessively burdened" by his dispute with the Montgomery Parties over legal fees. Fed. Rules Evid. Rule |

0039641/001/ 35473v01

| | EVIDENCE: | | OBJECTIONS: |
|---|---|---|---|
| | fee arbitration petition; responding to Montgomery's Massachusetts Bar complaint; and responding to Montgomery's Los Angeles law suit and his multiple motions to obtain my files, notwithstanding this Court's explicit Orders. | | 602. Irrelevant. Flynn's fee dispute with the Montgomery Parties is not relevant to the Government's Motion. Fed. Rules Evid. Rule 402. Improper opinion testimony. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach his conclusions. Fed. Rules Evid. Rule 702. |
| 5. | Paragraph 7, lines 7-10: "Montgomery and his 'partner' defrauded me of over $600,000, then relentlessly attacked me with a perjured declaration and comprehensive abuse of the judicial system, engineered by attorneys Klar and Pham . . . ." | 5. | Lack of foundation. Flynn fails to present facts establishing that (i) Dennis Montgomery and his "partner" have defrauded and attacked him; (ii) Montgomery's declaration is "perjured;" and (iii) there has been any "comprehensive abuse of the judicial system." Fed. Rules Evid. Rule 602. Improper opinion testimony. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach his conclusions. Fed. Rules Evid. Rule 702. |

**Supplemental Declaration of Michael Flynn in Response to Montgomery's Opposition to the Government's Motion ("Supplemental Flynn Declaration")**

Plaintiffs object to the Supplemental Flynn Declaration in its entirety on the ground that Flynn lacks standing to file this declaration since the Government's Motion does not cause or threaten to cause him any injury.

Plaintiffs further object to the Supplemental Flynn Declaration on the following grounds.

| | **EVIDENCE:** | | **OBJECTIONS:** |
|---|---|---|---|
| 6. | Paragraph 4, lines 7-9: "[i]t is obvious to a first grader, that Klar's statements limiting the protected material in my files to emails and a 'few' originals are outright false." | 6. | Lack of foundation. Flynn fails to present facts establishing that any statements made by Deborah Klar in her declaration in support of the Montgomery Parties' Opposition to the Government's Motion are false. Fed. Rules Evid. Rule 602. Improper opinion testimony. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach his conclusions. Fed. Rules Evid. Rule 702. |
| 7. | Paragraph 4, lines 9-10: "The government knows what the 'few' originals references in connection with the August 17th transcript, as does Klar." | 7. | Lack of foundation. Flynn fails to present facts establishing that he has personal knowledge of the Government's or Deborah Klar's state of mind. Further, Flynn fails to present facts establishing what the "originals" referenced in the August 17th transcript actually consist of. Fed. Rules Evid. Rule 602. |
| 8. | Paragraph 6, line 26: "Klar's Opposition is simply dishonest." | 8. | Lack of foundation. Flynn fails to present facts establishing that the opposition brief filed by the Montgomery Parties to the Government's Motion and the supporting declaration of Deborah Klar |

| | EVIDENCE: | | OBJECTIONS: |
|---|---|---|---|
| | | | are "dishonest." Fed. Rules Evid. Rule 602. Improper opinion testimony. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach his conclusions. Fed. Rules Evid. Rule 702. |
| 9. | Paragraph 8, lines 18-21: "Klar's suggestion that paper copies of my email files be turned over to the Court and the electronic version destroyed is thus not only deceitful, it does not resolve the redaction of protected information, and it is designed to perpetrate and create more issues and problems involving Montgomery's potential computer related 'fabrications.'" | 9. | Lack of foundation. Flynn fails to present facts establishing that: (i) Montgomery has engaged in any "computer related fabrications;" (ii) Flynn has personal knowledge of Montgomery's computer related activities; and (iii) any suggestions made by Deborah Klar in connection with the Montgomery Parties' opposition to the Government's Motion are "deceitful" or "designed to perpetrate and create more issues and problems." Fed. Rules Evid. Rule 602. Improper opinion. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach his conclusions. Fed. Rules Evid. Rule 702. |
| 10. | Paragraph 8, lines 21-23 and lines 26-28: "He [Dennis Montgomery] has already been accused of fabricating emails by the Trepp parties. Klar's plan | 10. | Lack of foundation. Flynn fails to present facts establishing that: (i) Montgomery has fabricated emails; (ii) Flynn's files have been accessed or that |

| | **EVIDENCE:** | | **OBJECTIONS:** |
|---|---|---|---|
| | may put the fox inside the hen house. Additionally, I have compelling reasons to believe that my computers have been "accessed." There are files missing; and there may be files altered. | | Flynn has reason to believe this; (iii) that Flynn's files are missing or altered or that Flynn has reason to believe this; and (iv) that Montgomery had anything to do with any purported access, removal, or alteration of Flynn's files. Fed. Rules Evid. Rule 602. Improper opinion. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach his conclusions. Fed. Rules Evid. Rule 702. |
| 11. | Paragraph 8, lines 23-26: "I intend to sue those responsible for the outrageous abuse of the judicial process Montgomery and Klar perpetrated, (filing a false declaration to obtain jurisdiction is a per se abuse of process, among other torts), as well as other claims." | 11. | Lack of foundation. Flynn fails to present facts establishing that: (i) there has been an abuse of the judicial process by Montgomery or his counsel; and (ii) Montgomery filed a false declaration. Fed. Rules Evid. Rule 602. Improper opinion. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach his conclusions. Fed. Rules Evid. Rule 702. |
| 12. | Paragraph 8, page 4, lines 1-9: "Klar's plan enables Montgomery to maintain, and/or fabricate, and or alter emails, and/or electronic documents, while mine will have been destroyed. As of May-June, 2007, Montgomery was then | 12. | Lack of foundation. Flynn fails to present facts establishing that: (i) Montgomery was engaged in any "computer related behavior" leading to unspecified "potential problems;" and (ii) Flynn has personal knowledge of |

| EVIDENCE: | OBJECTIONS: |
|---|---|
| engaged in computer related behavior that is related to these potential problems. Montgomery's direct communications with third party media individuals, (not protected by the attorney-client privilege), insisting that copies of emails that he had previously turned over to them, in some cases without my prior knowledge, NOT be shared with Trepp's counsel, because then Trepp would know the exact 'time' of a particular email is illustrative of the problem. Montgomery cannot be trusted with *any* electronic information." | Montgomery's purported "computer related behavior." Fed. Rules Evid. Rule 602. Attorney-client privilege. Statements purportedly made by Montgomery to Flynn regarding emails are protected by the attorney-client privilege. Fed. Rules Evid. Rule 501. Hearsay. Statements purportedly made by Montgomery to Flynn regarding emails are inadmissible hearsay not subject to any exception. Fed. Rules Evid. Rule 801, 802. Improper opinion. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach his conclusions. Fed. Rules Evid. Rule 702. |

Dated: January 10, 2008

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By: /s/ Deborah A. Klar

Deborah A. Klar
Tuneen E. Chisolm
Attorneys for Plaintiffs
DENNIS MONTGOMERY and the
MONTGOMERY FAMILY TRUST

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICES OF LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP, and that on the **10th day of January 2008**, I caused to be served the within document described as **PLAINTIFFS' EVIDENTIARY OBJECTIONS TO: (1) DECLARATION OF MICHAEL FLYNN IN RESPONSE TO GOVERNMENT'S MOTION TO COMPEL ENFORCEMENT OF PROTECTIVE ORDERS; AND (2) SUPPLEMENTAL DECLARATION OF MICHAEL FLYNN IN RESPONSE TO MONTGOMERY'S OPPOSITION TO THE GOVERNMENT'S MOTION** on the interested parties in this action as stated below:

J. Stephen Peek, Esq.
Jerry M. Snyder, Esq.
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane
Second Floor
Reno, Nevada 89511
(775) 327-3000; 786-6179 - FAX
speek@halelane.com; jsnyder@halelane.com
Attorneys for Etreppid and Warren Trepp

Reid H. Weingarten, Esq.
Brian M. Heberlig, Esq.
Robert A. Ayers, Esq,
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000; (202) 429-3902 - FAX
rweingarten@steptoe.com;
bhaberlig@steptoe.com; rayers@steptoe.com
Attorneys for eTreppid and Warren Trepp

Greg Addington, AUSA
U.S. DEPARTMENT OF JUSTICE
100 W. Liberty Street. Suite 600
Reno, Nevada 89501
E-mail: Greg.addington@usdoj.gov
(775) 784-5181 - FAX
Attorneys for Department of Defense

Carlotta P. Wells, Sr. Trial Counsel
U.S. Dept. of Justice
Fed. Programs Branch
Civil Division
Room 7150
20 Massachusetts Avenue, NW
Post Office Box 883
Washington, D.C. 20044
(202) 514-4522; 616-8470 - FAX
E-mail: Carlotta.wells@usdoj.gov
Attorneys for Department of Defense

Ralph O. Gomez, Esq., Sr. Trial Counsel
U.S. Dept. of Justice, Fed. Programs Branch
Civil Division, Room 6144
20 Massachusetts Avenue, NW
Post Office Box 883
Washington, D.C. 20044
(202) 514-1318; 616-8470 - FAX
E-mail: raphael.gomez@usdoj.gov
Attorneys for Department of Defense

☒ **[ELECTRONIC]** By filing the document(s) electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document(s) to the persons listed above at their respective email address.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on 1/10/2008, at Los Angeles, California.

_____
CYNTHIA KENNEDY

PROOF OF SERVICE

0039641/001/ 377187v01