Mark H. Gunderson, Esq. (SBN: 2134)
Catherine A. Reichenberg, Esq. (SBN: 10362)
GUNDERSON LAW FIRM
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511
Telephone: (775) 829-1222
Facsimile: (775) 829-1226

Deborah A. Klar, Esq. (SBN: CA 124750)
Tuneen E. Chisolm, Esq. (SBN: CA 211741)
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501
ADMITTED PRO HAC VICE

Attorneys for Plaintiffs
DENNIS MONTGOMERY and the MONTGOMERY
FAMILY TRUST

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> ETREPPID TECHNOLOGIES, LLC; WARREN TREPP; and the UNITED STATES DEPARTMENT OF DEFENSE, <br><br> Defendants. <br><br> AND RELATED CASES. | Case No. 3:06-CV-00056-PMP-VPC <br> BASE FILE <br><br> (Consolidated with Case No. 3:06-CV-00145-PMP-VPC) <br><br> **PLAINTIFFS' MOTION TO STRIKE:** (1) ATTORNEY MICHAEL FLYNN'S RESPONSE IN SUPPORT OF GOVERNMENT'S MOTION TO COMPEL ENFORCEMENT OF PROTECTIVE ORDERS, (2) DECLARATION OF MICHAEL FLYNN IN SUPPORT THEREOF, AND (3) SUPPLEMENTAL DECLARATION OF MICHAEL FLYNN |

   Plaintiffs Dennis Montgomery and the Montgomery Family Trust (the "Montgomery Parties"), by and through their counsel of record, hereby submit their Motion to Strike: (1) Attorney Michael Flynn's Response in Support of Government's Motion to Compel Enforcement of Protective Orders; (2) Declaration of Michael Flynn in Response to Government Motion to

MOTION TO STRIKE FLYNN'S RESPONSE TO GOVERNMENT'S MOTION

0039641/001/ 376253v03

Compel Enforcement of Protective Orders; and (3) Supplemental Declaration of Michael Flynn in Response to Montgomery's Opposition to the Government's Motion to Compel Enforcement of Protective Orders. The Motion to Strike is supported by the following points and authorities.

## I. INTRODUCTION.

Nothing in the Motion for Enforcement of U.S. Protective Order (the "Motion") by the United States (the "Government") called for any "response" to be filed by Michael Flynn ("Flynn"), prior counsel for plaintiffs the Montgomery Parties. Certainly nothing in the Government's Motion justified Flynn's submission of a brief, an initial declaration executed December 7, 2007 and a supplemental declaration executed January 4, 2008 (collectively, Flynn's "Response") that attacks the Montgomery Parties and their successor counsel personally, dismisses the Montgomery Parties' assertion of the attorney-client privilege and urges the Court to grant the Motion. Flynn no longer represents the Montgomery Parties. Obviously, he cannot purport to be presenting his assertions on behalf of any party to the litigation. Nor can Flynn credibly claim that the Government's Motion required him to file his Response in order to protect his personal interests. The Motion does not require Flynn to do anything other than allow the Government to review files in his possession *that belong to the Montgomery Parties*. In refusing to return those files based on a retaining lien, Flynn necessarily concedes that the files are the Montgomery Parties' property.

Under principles of standing, Flynn lacks any justification to submit a response to the Government's Motion—much less a response that attacks the Montgomery Parties and disputes their assertion of the attorney-client privilege—because the Government's proposals do not threaten to cause Flynn any harm. As Flynn has no stake in the outcome of the Motion, his Response should be stricken in its entirety.

Flynn's Response should be stricken for the independent reason that it is not pertinent to the merits of the Government's Motion. The Response essentially consists of ad hominem attacks on the Montgomery Parties and their successor counsel and arguments that have nothing to do with the Government's proposed document review procedures. Flynn files the Response essentially to vent his apparent rage over his fee dispute with the Montgomery Parties and to punish them by

supporting the Government's Motion. The Response is "impertinent" within the meaning of Rule 12(f) of the Federal Rules of Civil Procedure and should be stricken for this separate reason.

## II. FLYNN'S RESPONSE IN SUPPORT OF THE GOVERNMENT'S MOTION SHOULD BE STRICKEN SINCE FLYNN DOES NOT REPRESENT ANY PARTY AND IS NOT PERSONALLY THREATENED WITH HARM BY THE GOVERNMENT'S PROPOSED REVIEW PROCEDURES.

The doctrine of standing refers to a plaintiff's ability to invoke the jurisdiction of the court to decide "cases" or "controversies" within the meaning of Article III of the Constitution. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The well-established test for standing is useful for determining whether Flynn's Response should be considered by the Court. If Flynn lacks a significant interest in the outcome of the Motion under the test for standing—which assesses the harm to the plaintiff caused by the conduct at issue—then the arguments and assertions he makes in his Response should be stricken.

To establish standing: (1) a plaintiff must have suffered an injury in fact; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury complained of can be redressed by a favorable court decision. *See Cent. Delta Water Agency v. United States*, 306 F.3d 938, 946-947 (9th Cir. 2002). With respect to the first prong of the test, "[a]n injury in fact is an invasion of a legally protectable interest which is both 'concrete and particularized,' as well as 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 946-947 quoting *Lujan*, *supra*, 504 U.S. at 560. Under the considerations pertinent to the test for standing, Flynn has no legal justification to take a position on the merits of the Government's Motion because it does not threaten to cause him any injury.

By its Motion, the Government wants this Court to establish various categories of information in the Montgomery Parties' files in Flynn's possession and then:

- have a Government employee or employees with the appropriate security clearances review the files to identify and segregate all documents that fall within three of the specified categories and redact purportedly protected information from those documents;

- return redacted copies of the documents to the Montgomery client files;
- store unredacted originals and one copy of the redacted documents with the U.S. Department of Justice Security Office until 90 days after the final resolution of the Montgomery Parties' fee dispute with Flynn; and
- upon completion of the 90-day period, destroy the unredacted originals and copies unless directed by current and former counsel or ordered otherwise.

Government's Motion, pp. 3-5.

By asserting his right to withhold these files from the Montgomery Parties pursuant to a retaining lien, Flynn necessarily acknowledges that the files are the Montgomery Parties' property. As the court observed in *Morse v. Eighth Judicial Dist. Court*, 65 Nev. 275 (1948), a retaining lien "may be defined as the right of an attorney at law to retain possession of such documents, money, or *other property of his client coming into his hands by virtue of the professional relationship* . . ." *Id.* at 285 (emphasis added). Since Flynn does not own the files that the Government wants to review, the procedures that the Government seeks to implement by its Motion do not cause or threaten to cause Flynn any harm. Accordingly, under principles pertinent to standing, Flynn lacks any legal basis for taking any position regarding the Government's Motion, let alone a position that is opposed by the Montgomery Parties.

Notably, Flynn makes no effort to demonstrate that the Government's Motion threatens him with any injury that gives him grounds to present his Response. Flynn claims that he "is not certain how to accomplish" the redaction of electronic documents. *See* Response of Attorney Flynn in Support of Government's Motion ("Flynn's Brief") at 3-4; Declaration of Michael Flynn in Response to Government Motion ("Initial Flynn Decl."), ¶ 5; and Supplemental Declaration of Michael Flynn in Response to Government Motion ("Supplemental Flynn Decl."), ¶ 7. He further claims that it has been impossible for him to complete the redaction process ordered by the Court and certify his completion of that process due to being consumed by having to respond to the Montgomery Parties' efforts to recover their files. Brief at 5-6; Initial Flynn Decl., ¶ 4; and Supplemental Flynn Decl., ¶ 6. Finally, in direct contravention of the Montgomery Parties' rights,

Flynn challenges the Montgomery Parties' assertion of the attorney-client privilege and/or claims that the privilege is trumped by the Government's competing interests. Brief at 6-9.

Not only are Montgomery's assertions legally without merit, they fail to establish that Flynn would suffer any injury if the Government's Motion were granted. The Motion does not direct that Flynn redact any electronic files or other documents or certify his completion of that process. In fact, contrary to Flynn's assertions, the Court's September 4, 2007 order permitting him to withdraw does not actually require that he redact information in his files. Rather, the Court ordered that Flynn and his co-counsel certify that they have "not transmitted any information covered by the military and state secrets privilege to new counsel for Dennis Montgomery . . . ." See Court's September 4, 2007 Order. To the extent Flynn contends he cannot provide this certification without redacting information in his files, his remedy is to seek an appropriate limitation on the scope of the certification requirement in the September 4, 2007 order, not to file a Response that, contrary to the Montgomery Parties' interests, supports the Government's Motion.

Nor does the Motion give Flynn any grounds to challenge the Montgomery Parties' right to assert the attorney-client privilege. Only the Montgomery Parties can waive the privilege. See *Manley v. State*, 115 Nev. 114, 121 (1999) ("While the attorney may claim the privilege on the client's behalf, only the client has the ability to waive it."). See also Nev. Rev. Stat. Ann. § 49.095.

In sum, Flynn had no standing to file his Response to the Government's Motion as the Motion did not threaten to cause him any injury. Certainly he lacked any justification for presenting a response that is diametrically opposed to the interests of his former clients. Flynn's Response should be stricken in its entirety.

### III. FLYNN'S RESPONSE SHOULD BE STRICKEN SINCE IT IS IMPERTINENT.

Rule 12(f) of the Federal Rules of Civil Procedure provides for a motion to strike from any pleading, "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P., Rule 12(f). Impertinent matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). "[A] 'motion to

MOTION TO STRIKE FLYNN'S RESPONSE TO GOVERNMENT'S MOTION
00039641/001/ 376253v03

strike' materials that are not part of the pleadings may be regarded as an 'invitation' by the movant 'to consider whether [proffered material] may properly be relied upon.'" *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 973 (D. Cal. 2004) quoting *United States v. Crisp*, 190 F.R.D. 546, 551 (E.D. Cal. 1999), in turn, quoting *Monroe v. Board of Educ.*, 65 F.R.D. 641, 645 (D. Conn. 1975). "[A] motion to strike has sometimes been used to call to courts' attention questions about the admissibility of proffered material in similar circumstances." *Monroe v. Board of Education*, 65 F.R.D. 641, 645 (D. Conn. 1975).

In essence, Flynn's Response consists of personal attacks against the Montgomery Parties and their current counsel and arguments that have no relevance to the Government's Motion. See, e.g., Brief, generally; Initial Flynn Decl. ¶¶ 3, through 7; and Supplemental Flynn Decl., ¶¶ 3 through 10. Flynn's attacks and assertions do not pertain to and are not necessary to decide the Government's Motion. Ultimately, Flynn's assertions demonstrate that the real reason he supports the Government's Motion is to punish the Montgomery Parties for disputing his fees. The Response should be stricken as "impertinent" within the meaning of Rule 12(f).

## IV. CONCLUSION.

For the foregoing reasons, Flynn's Response, (i.e., his brief and supporting December 7, 2007 and January 4, 2008 declarations), should be stricken in its entirety.

Dated: January 10, 2008

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By: /s/ Deborah A. Klar
Deborah A. Klar
Tuneen E. Chisolm
Attorneys for Plaintiffs
DENNIS MONTGOMERY and the
MONTGOMERY FAMILY TRUST

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICES OF LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP, and that on the **10th day of January 2008**, I caused to be served the within document described as **PLAINTIFFS' MOTION TO STRIKE: (1) ATTORNEY MICHAEL FLYNN'S RESPONSE IN SUPPORT OF GOVERNMENT'S MOTION TO COMPEL ENFORCEMENT OF PROTECTIVE ORDERS, (2) DECLARATION OF MICHAEL FLYNN IN SUPPORT THEREOF, AND (3) SUPPLEMENTAL DECLARATION OF MICHAEL FLYNN** on the interested parties in this action as stated below:

J. Stephen Peek, Esq.
Jerry M. Snyder, Esq.
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane
Second Floor
Reno, Nevada 89511
(775) 327-3000; 786-6179 - FAX
speek@halelane.com; jsnyder@halelane.com
Attorneys for Etreppid and Warren Trepp

Reid H. Weingarten, Esq.
Brian M. Heberlig, Esq.
Robert A. Ayers, Esq,
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000; (202) 429-3902 - FAX
rweingarten@steptoe.com;
bhaberlig@steptoe.com; rayers@steptoe.com
Attorneys for eTreppid and Warren Trepp

Greg Addington, AUSA
U.S. DEPARTMENT OF JUSTICE
100 W. Liberty Street. Suite 600
Reno, Nevada 89501
E-mail: Greg.addington@usdoj.gov
(775) 784-5181 - FAX
Attorneys for Department of Defense

Carlotta P. Wells, Sr. Trial Counsel
U.S. Dept. of Justice
Fed. Programs Branch
Civil Division
Room 7150
20 Massachusetts Avenue, NW
Post Office Box 883
Washington, D.C. 20044
(202) 514-4522; 616-8470 - FAX
E-mail: Carlotta.wells@usdoj.gov
Attorneys for Department of Defense

Ralph O. Gomez, Esq., Sr. Trial Counsel
U.S. Dept. of Justice, Fed. Programs Branch
Civil Division, Room 6144
20 Massachusetts Avenue, NW
Post Office Box 883
Washington, D.C. 20044
(202) 514-1318; 616-8470 - FAX
E-mail: raphael.gomez@usdoj.gov
Attorneys for Department of Defense

☒ **[ELECTRONIC]** By filing the document(s) electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document(s) to the persons listed above at their respective email address.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on 1/10/2008, at Los Angeles, California.

*/s/ Cynthia Kennedy*
CYNTHIA KENNEDY

PROOF OF SERVICE

0039641/001/ 359734v01