**Michael J. Flynn, Mass. State Bar No.172780**
P.O. Box 690, 6125 El Tordo
Rancho Santa Fe, CA 92067
Tel:   (858) 775-7624; Fax:   (858) 759-0711
*Admitted Pro Hac Vice*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DENNIS MONTGOMERY, and the
MONTGOMERY FAMILY TRUST,

    Plaintiffs,

v.

ETREPPID TECHNOLOGIES, LLC,
WARREN TREPP, and the UNITED
STATES DEPARTMENT OF DEFENSE,

    Defendants.

AND ALL RELATED MATTERS.

3:06-CV-00056-PMP-VPC
**BASE FILE**

3:06-CV-00145-PMP-VPC

**OPPOSITION OF MICHAEL FLYNN TO MONTGOMERY'S MOTION TO STRIKE RESPONSE IN SUPPORT OF GOVERNMENT MOTION TO COMPEL ENFORCEMENT OF PROTECTIVE ORDERS**

Respondent, Michael Flynn opposes the Motion to Strike his Response and Declarations filed in support of the proposed protocols in the Government's Motion to Compel Enforcement of the Protective Orders for the following reasons:

1. <u>Standing.</u>  It is beyond dispute that Mr. Flynn has standing to assert his interests in the procedures used to redact his files. The paper files belong to him in whole or in part. Even absent a retaining lien, many of the paper files do not constitute the property of the client. The electronic files and the computers housing them belong exclusively to him. He will be severely harmed by not participating in the redaction process.

    (a) The paper and electronic files are properly within his possession, custody and control, both by Court order pursuant to his retaining lien, giving him a proprietary interest in the files; and

as former counsel for Montgomery. In the latter category, even absent a retaining lien, Mr. Flynn is entitled to maintain a *copy* of even those files he would be obligated to surrender, which would have to be made *after* redactions by the government. This Court's Order of September 4, 2007 (Doc. # 256) prohibits transfer of his files until the redactions are completed. Thus, he cannot make a copy of them or transfer them out of his possession, until the redactions are completed. As to files Montgomery is NOT entitled to receive, which must be redacted, Mr. Flynn has obvious standing. Those files belong exclusively to him and he would be severely harmed if he could not be a participant in their disposition. His standing as the actual and legal (retaining lien) possessor of the files gives him standing to be heard as to how his files are redacted. Even if his fees were paid, many of the paper files, and all of the electronic files stored on *his* computers belong exclusively to him, over which Montgomery has no claim. It is those computers the government must examine. Mr. Flynn is the only person with standing to assert interests as to how his computers are handled.

(b) The electronic versions of the files are on hard drives on Mr. Flynn's computers, which also contain most of his other case files involving numerous clients, as well as his own proprietary files. The protocols necessary to clean the Montgomery files of protected "*information*" from *his computers* require his exclusive and private presence and participation while his computers are examined and redacted. Certainly, Montgomery cannot possibly claim that the computers belong to him. It is Montgomery who has no standing over the physical containment of the files, only over certain alleged attorney client protected information, and actual "client papers."

(c) Mr. Flynn remains in an adversary position with Montgomery regarding his fees, the files, his potential claims in addition to fee claims, and critical evidentiary matters which also permeate the underlying case as evidenced by the Trepp parties' "fabricated email" objection. Thus, he has standing to protect his evidentiary interests in his own files while litigating with Montgomery.

(d) The harm to Mr. Flynn if he is not able to protect his own files is plain. His computers, property, lien, confidential and proprietary information, etc would be taken without an

1  opportunity to protect his interests. If the Montgomery/Klar position was given any credence,
2  Mr. Flynn's computers will in effect be "seized" by the government without due process, *ie,* an
3  opportunity to be heard and to protect his interests, and without a warrant. It is axiomatic that
4  their position defies law and common sense. Were the Court to "strike" Mr. Flynn's pleadings, at
5  Montgomery's request, it would effectively destroy all Fourth Amendment protection. The harm is
6  palpable and plain.

7     2. <u>The Response is Not Impertinent within Rule 12 (f).</u>  Each and every statement,
8  allegation and reference within Mr. Flynn's Response is directly relevant to the issues and facts at
9  hand. In fact, in his motion to strike, Montgomery cites no specific statement in the Response as
10  "impertinent." For that reason alone, this argument in his motion should be disregarded.

11     It is beyond dispute that Ms. Klar directly misrepresented the contents of Mr. Flynn's files
12  as well as the actual August 17th transcript, both of which lie at the core of the issues before the
13  Court - to wit, what is in Mr. Flynn's files, and how should it be dealt with? Challenging
14  Montgomery and Klar with their overtly false statements to this Court, as to the contents of the
15  files and the contents of the transcript, is not 'impertinent", it is exposing the true and relevant
16  facts.

17     It is beyond dispute that Montgomery's alleged theft of electronic data, alleged alteration
18  of electronic emails, failure to pay his legal bills, and Mr. Flynn's rights in retaining the files lie
19  at the heart of the issues in connection with the proposed government protocols. Montgomery and
20  Klar raised these precise issues in their Response claiming that Mr. Flynn should just turn over
21  some paper copies of emails, and then destroy them electronically. This proposal, as Mr. Flynn
22  correctly and relevantly pointed out, would not solve the problem of redacting all protected
23  information; was inherently deceitful in omitting key parts of the August 17th transcript, and in its
24  essential claim that all protected information is in emails; and it would constitute a potential
25  breeding ground for fraud and further alteration of evidence by leaving in Montgomery's hands, the
26  only remaining electronic version of critical evidence. Mr. Flynn has been "cheated" out of his
27  fees. He has a retaining lien over the files at issue in the redaction process for these fees. He
28  relied on critical representations of his client relating to national security issues (which are

contained in part in declarations, partially redacted) to keep working while not being paid. Those representations and national security issues, *which induced Mr. Flynn to keep working,* are embodied in the files to be redacted. They are plainly relevant and "pertinent" to the issues before the Court.

Michael Flynn respectfully requests that the Motion to Strike be Denied.

                                    Respectfully Submitted,

                                      S/S_____
                                        Michael J. Flynn, Esq.

## CERTIFICATE OF SERVICE

I, Michael J. Flynn, declare: I am an attorney admitted pro hac vice in the United States District Court of Reno in the related civil cases, U.S.D. Reno, No. 3:06-CV-00056 and 3:06-CV-000145. I am over the age of 18 years and not a party to this action.

I am familiar with the practice for the collection of mail, delivery of hand-deliveries, process of facsimile, and the practice of mailing.

On January 17, 2008, I caused the foregoing document (Declaration with Exhibits and this Certificate of Service), to be emailed to the following persons and/or entities:

                Attorney Stephen Peek
                HALE LANE
                5441 Kietzke Lane, 2nd Fl.
                Reno, NV 89511

                Attorney Carlotta P. Wells,
                U.S. DEPT. OF JUSTICE
                P.O. Box 883
                Washington, D.C. 20044

                Deborah Klar,
                Liner, Yankelevitz etc.
                100 Glendon Ave.
                Los Angeles, CA 90024

            ____/S/_____
            Attorney Michael J. Flynn

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28