Mark H. Gunderson, Esq. (SBN: 2134)
Catherine A. Reichenberg, Esq. (SBN: 10362)
GUNDERSON LAW FIRM
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511
Telephone: (775) 829-1222
Facsimile: (775) 829-1226

Deborah A. Klar, Esq. (SBN: CA 124750)
Teri T. Pham, Esq. (SBN: CA 193383)
Tuneen E. Chisolm, Esq. (SBN: CA 211741)
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501
ADMITTED PRO HAC VICE

Attorneys for Plaintiffs
DENNIS MONTGOMERY, and the MONTGOMERY FAMILY TRUST

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>Defendants. | Case No. 3:06-CV-00056-PMP-VPC<br>BASE FILE<br><br>(Consolidated with Case No. 3:06-CV-00145-PMP-VPC)<br><br>**MONTGOMERY PARTIES' DISCOVERY STATUS REPORT** |
| AND RELATED CASES. | |

Pursuant to the Court's Minute Order dated October 23, 2007, Plaintiffs Dennis Montgomery and the Montgomery Family Trust (collectively the "Montgomery Parties" or "Plaintiffs") hereby submit their discovery status report in advance of the discovery status conference scheduled for January 22, 2008, at 10:30 a.m.

## I. OUTSTANDING DISCOVERY FROM DEFENDANTS

Plaintiff propounded its first sets of interrogatories and requests for production of documents to eTreppid Technologies, LLC ("eTreppid") on August 9, 2006. eTreppid served objections and responses thereto on September 11, 2006, and did not produce any documents. Plaintiffs initiated the meet and confer process by letter dated November 16, 2008, regarding eTreppid's failure to produce documents and the deficiencies in its written discovery responses. Plaintiffs also propounded a second set of interrogatories and requests for production of documents to eTreppid on November 16, 2008.

Counsel for the parties met and conferred telephonically on November 30, 2007, at which time eTreppid agreed to supplement certain of its written responses and to produce documents on CD by December 4, 2008, along with a privilege log regarding the documents withheld under claim of attorney-client privilege. To date, eTreppid has not provided a privilege log and has made piecemeal productions which are yet incomplete. Plaintiffs expect to further meet and confer with eTreppid regarding its document production and written responses and hope to avoid a motion.

## II. ELECTRONIC DISCOVERY ISSUES

### A. Production of Documents in Native Format

The parties previously agreed to produce documents in their native format, as is reflected in the joint Rule 26(f) report. To date, eTreppid has produced CDs which contain copies of hardcopy documents, and nothing in its native format. Plaintiffs' counsel has conferred with eTreppid's counsel regarding adherence to the agreement.

### B. Identification of Sources and Volume of Electronic Documents

During counsels' November 30, 2007 meet and confer conference call regarding eTreppid's discovery responses, eTreppid's counsel advised that he had not yet taken stock of eTreppid's electronic documents. Plaintiffs' counsel requested a letter identifying the sources of electronic

documents in eTreppid's possession, custody or control, and the volume thereof, from which responsive documents would be pulled. eTreppid's counsel agreed to deliver such a letter by December 7, 2007. Counsel agreed to discuss the timetable for production of electronic documents once the parties had mutually identified the sources and volume of electronic documents. However, eTreppid subsequently failed to identify the sources of its electronic documents.

On January 16, 2008, counsel for the parties conferred regarding the status of discovery issues and agreed to mutually exchange a preliminary list of the sources of electronic documents in eTreppid's possession, custody or control, and the volume thereof, from which their respective responsive documents would be pulled by January 30, 2008.

### C. Method for Actual Production of Electronic Documents

During counsels' November 30, 2007 conference call, eTreppid's counsel proposed that electronic discovery be effected by each party depositing electronic data with a third party, such that the discovering party would then submit search terms to the third party to retrieve documents. Plaintiffs' counsel objected to that proposal and at the time, counsel agreed that the proposal was not a workable alternative in this action, particularly in light of the United States protective order issues. On January 16, 2008, counsel for eTreppid again proposed the same method for electronic discovery, and Plaintiffs' counsel renewed its objections thereto. To date, there is no agreed method for electronic discovery.

## III. PLAINTIFFS ANTICIPATE A MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

eTreppid has been producing documents in piecemeal fashion. Several thousand pages of documents were produced subsequent to the date originally set for Plaintiff to file its motion to amend its pleading or add parties and the document production is still incomplete. As of January 17, 2008, counsel for eTreppid was unable to provide a date certain for eTreppid's production of the next group of documents responsive to Plaintiffs' prior discovery requests.

Plaintiffs' counsel has begun but not yet completed its review of the eTreppid documents produced to date. Based upon the review of eTreppid's document production thus far, Plaintiffs'

counsel anticipates that Plaintiff may seek relief from the prior deadline to amend and seek leave to file a Second Amended Complaint.

Dated: January 17, 2008

Respectfully submitted,

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By: ______________________________
Deborah A. Klar
Tuneen E. Chisolm
Attorneys for Plaintiffs
DENNIS MONTGOMERY and the
MONTGOMERY FAMILY TRUST

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICES OF LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP, and that on **January 17, 2008**, I caused to be served the within document described as **MONTGOMERY PARTIES' DISCOVERY STATUS REPORT** on the interested parties in this action as stated below:

| | |
|---|---|
| J. Stephen Peek, Esq.<br>Jerry M. Snyder, Esq.<br>Hale Lane Peek Dennison and Howard<br>5441 Kietzke Lane<br>SecondFloor<br>Reno, Nevada 89511<br>(775) 327-3000; 786-6179 - FAX<br>speek@halelane.com; jsnyder@halelane.com<br>Attorneys for Etreppid and Warren Trepp | Carlotta P. Wells, Sr. Trial Counsel<br>U.S. Dept. of Justice<br>Fed. Programs Branch<br>Civil Division<br>Room 7150<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-4522; 616-8470 - FAX<br>E-mail: Carlotta.wells@usdoj.gov<br>Attorneys for Department of Defense |
| Reid H. Weingarten, Esq.<br>Brian M. Heberlig, Esq.<br>Robert A. Ayers, Esq,<br>Steptoe & Johnson, LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-1795<br>(202) 429-3000; (202) 429-3902 - FAX<br>rweingarten@steptoe.com;<br>bhaberlig@steptoe.com; rayers@steptoe.com<br>Attorneys for eTreppid and Warren Trepp | Ralph O. Gomez, Esq., Sr. Trial Counsel<br>U.S. Dept. of Justice, Fed. Programs Branch<br>Civil Division, Room 6144<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-1318; 616-8470 - FAX<br>E-mail: raphael.gomez@usdoj.gov<br>Attorneys for Department of Defense |
| Greg Addington, AUSA<br>U.S. DEPARTMENT OF JUSTICE<br>100 W. Liberty Street. Suite 600<br>Reno, Nevada 89501<br>E-mail: Greg.addington@usdoj.gov<br>(775) 784-5181 - FAX<br>Attorneys for Department of Defense | |

[X] (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

☒ [Federal] I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on January 17, 2008, at Los Angeles, California

| Criss A. Draper | [signature] |
|---|---|
| (Type or print name) | (Signature) |