Mark H. Gunderson, Esq. (SBN: 2134)
Catherine A. Reichenberg, Esq. (SBN: 10362)
GUNDERSON LAW FIRM
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511
Telephone: (775) 829-1222
Facsimile: (775) 829-1226

Deborah A. Klar, Esq. (SBN: CA 124750)
Teri T. Pham, Esq. (SBN: CA 193383)
Tuneen E. Chisolm, Esq. (SBN: CA 211741)
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501
ADMITTED PRO HAC VICE

Attorneys for Plaintiffs
DENNIS MONTGOMERY and the MONTGOMERY
FAMILY TRUST

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>ETREPPID TECHNOLOGIES, LLC; WARREN TREPP; and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>Defendants.<br><br>AND RELATED CASES. | Case No. 3:06-CV-00056-PMP-VPC<br>BASE FILE<br><br>(Consolidated with Case No. 3:06-CV-00145-PMP-VPC)<br><br>**EVIDENTIARY OBJECTIONS OF THE MONTGOMERY PARTIES TO THE SUPPLEMENTAL DECLARATION OF MICHAEL FLYNN IN RESPONSE TO MONTGOMERY'S OPPOSITION TO THE GOVERNMENT'S MOTION TO COMPEL ENFORCEMENT OF PROTECTIVE ORDER** |

Plaintiffs Dennis Montgomery ("Montgomery") and the Montgomery Family Trust object (jointly, the "Montgomery Parties") to the Supplemental Declaration of Michael Flynn in Response to Montgomery's Opposition to the Government's Motion to Compel Enforcement of Protective Order (the "Motion") as follows.

| **EVIDENCE:** | **OBJECTION:** |
|---|---|
| 1. Paragraph 2, page 1, and lines 25-28: "Montgomery and his lawyers continue to mislead the Court about critical issues now before the Court, this time in connecting with the government's Motion to Enforce. In this instance, their conduct includes false representations about the contents of my files, *and* about the contents of the transcript of the August 17th hearing. They have also omitted key pages of that transcript. | 1. Improper opinion testimony. FED. R. EVID. 702. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach this conclusion. Further, it is inappropriate to set forth legal argument in a declaration. Lack of foundation. FED. R. EVID. 602. Flynn does not establish that Montgomery and his lawyers have misled the court, made false representations or omitted pages of the August 17th transcript. |
| 2. Paragraph 3, page 2, lines 3-9: "In their "Opposition," Montgomery and his lawyer, Deborah Klar explicitly misrepresent the contents of my files. . . . But they fail to recite the most relevant portions of that transcript at p.6, line 25 to p. 7, line 5 and intentionally omit the sequential pages:" | 2. Improper opinion testimony. FED. R. EVID. 702. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach this conclusion. Further, it is inappropriate to set forth legal argument in a declaration. Lack of foundation. FED. R. EVID. 602. Flynn does not establish that Montgomery or Deborah Klar have misrepresented anything intentionally |

| | **EVIDENCE:** | | **OBJECTION:** |
|---|---|---|---|
| | | | omitted anything. |
| 3. | Paragraph 4, page 3, lines 7-11: "[I]t is obvious to a first grader that Klar's statements limiting the protected material in my files to emails and a "few" originals are outright false. The government knows what the 'few' originals references in connection with the August 17th transcript, as does Klar." | 3. | Improper opinion testimony. FED. R. EVID. 702. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach this conclusion. Further, it is inappropriate to set forth legal argument in a declaration. Lack of foundation. FED. R. EVID. 602. Flynn does not establish that Deborah Klar made any false statement. Additionally, Flynn does not establish that he has personal knowledge of what the government "knows." |
| 4. | Paragraph 6, page 3, line 26: "Klar's Opposition is simply dishonest." | 4. | Improper opinion testimony. FED. R. EVID. 702. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach this conclusion. Further, it is inappropriate to set forth legal argument in a declaration. Lack of foundation. FED. R. EVID. 602. Flynn does not establish that the Opposition filed by the Montgomery's Parties to the Motion or the declaration of Deborah Klar in support of the Opposition are "dishonest." |
| 5. | Paragraph 7, page 4, line 12-14: "This | 5. | Improper opinion testimony. FED. R. |

3
EVIDENTIARY OBJECTIONS OF THE MONTGOMERY PARTIES TO SUPP. FLYNN DECL.

0039641/001/375615v01

| | **EVIDENCE:** | | **OBJECTION:** |
|---|---|---|---|
| | problem inheres in connection with virtually all protected information. Klar and Montgomery know this to be true." | | EVID. 702. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach this conclusion. Further, it is inappropriate to set forth legal argument in a declaration. Lack of foundation. FED. R. EVID. 602. Flynn does not establish he has personal knowledge of what Deborah Klar or Montgomery purportedly "know." |
| 6. | Paragraph 8, page 4, lines 18-23: "Klar's suggestion that paper copies of my email files be turned over to the Court and electronic version destroyed is thus not only deceitful, it does not resolve the redaction of protected information, and is designed to perpetrate and create more issues and problems involving Montgomery's potential computer related fabrications." He has already been accused of fabricating emails by the Trepp parties. Klar's plan may put the fox inside the hen house." | 6. | Improper opinion testimony. FED. R. EVID. 702. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach this conclusion. Further, it is inappropriate to set forth legal argument in a declaration. Lack of foundation. FED. R. EVID. 602. Flynn does not establish that Klar's proposal is "deceitful;" or that Montgomery has been involved in purported "computer related fabrications." |
| 7. | Paragraph 8, page 4, lines 23-26: "I intend to sue those responsible for the | 7. | Improper opinion testimony. FED. R. EVID. 702. Flynn has not stated the facts |

EVIDENTIARY OBJECTIONS OF THE MONTGOMERY PARTIES TO SUPP. FLYNN DECL.

0039641/001/ 375615v01

| | **EVIDENCE:** | | **OBJECTION:** |
|---|---|---|---|
| | outrageous abuse of the judicial process Montgomery and Klar perpetrated, (filing a false declaration to obtain jurisdiction is a per se abuse of process, among other torts), as well as other claims." | | upon which he relies or the principles and methods he applies to reach this conclusion. Further, it is inappropriate to set forth legal argument in a declaration. Lack of foundation. FED. R. EVID. 602. Flynn does not establish that Montgomery or Deborah Klar committed an abuse of judicial process, or filed a false declaration. |
| 8. | Paragraph 8, page 5, lines 1-2: "Klar's plan enables Montgomery to maintain, and/or fabricate and or alter emails, and/or electronic documents, while mine will have been destroyed. | 8. | Improper opinion testimony. FED. R. EVID. 702. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach this conclusion. Further, it is inappropriate to set forth legal argument in a declaration. Lack of foundation. FED. R. EVID. 602. Flynn does not establish that Klar has proposed any "plan" that enables Montgomery to do any of the acts Flynn asserts. |
| 9. | Paragraph 8, page 5, lines 2-4: "As of May-June 2007, Montgomery was then engaged in computer related behavior that is related to these potential problems." | 9. | Improper opinion testimony. FED. R. EVID. 702. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach this conclusion. Further, it is inappropriate to set forth legal argument in a declaration. Lack of foundation. FED. R. |

| | **EVIDENCE:** | | **OBJECTION:** |
|---|---|---|---|
| | | | EVID. 602. Flynn does not establish that Montgomery engaged in behavior related to "problems" he claims to be having with his computer or that Montgomery is responsible for those purported "problems." |
| 10. | Paragraph 8, page 5, lines 8-9: "Montgomery cannot be trusted with any electronic information." | 10. | Improper opinion testimony. FED. R. EVID. 702. Flynn has not stated the facts upon which he relies or the principles and methods he applies to reach this conclusion. Further, it is inappropriate to set forth legal argument in a declaration." |

Dated: January 21, 2008

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By: _____/s/_____
Deborah A. Klar
Tuneen E. Chisolm
Attorneys for Plaintiffs
DENNIS MONTGOMERY and the
MONTGOMERY FAMILY TRUST

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICES OF LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP, and that on **January 22, 2008**, I caused to be served the within document described as **EVIDENTIARY OBJECTIONS OF THE MONTGOMERY PARTIES TO THE SUPPLEMENTAL DECLARATION OF MICHAEL FLYNN IN RESPONSE TO MONTGOMERY'S OPPOSITION TO THE GOVERNMENT'S MOTION TO COMPEL ENFORCEMENT OF PROTECTIVE ORDER** on the interested parties in this action as stated below: |

| | |
|---|---|
| J. Stephen Peek, Esq.<br>Jerry M. Snyder, Esq.<br>Hale Lane Peek Dennison and Howard<br>5441 Kietzke Lane<br>SecondFloor<br>Reno, Nevada 89511<br>(775) 327-3000; 786-6179 - FAX<br>speek@halelane.com; jsnyder@halelane.com<br>Attorneys for Etreppid and Warren Trepp | Carlotta P. Wells, Sr. Trial Counsel<br>U.S. Dept. of Justice<br>Fed. Programs Branch<br>Civil Division<br>Room 7150<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-4522; 616-8470 - FAX<br>E-mail: Carlotta.wells@usdoj.gov<br>Attorneys for Department of Defense |
| Reid H. Weingarten, Esq.<br>Brian M. Heberlig, Esq.<br>Robert A. Ayers, Esq,<br>Steptoe & Johnson, LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-1795<br>(202) 429-3000; (202) 429-3902 - FAX<br>rweingarten@steptoe.com;<br>bhaberlig@steptoe.com; rayers@steptoe.com<br>Attorneys for eTreppid and Warren Trepp | Ralph O. Gomez, Esq., Sr. Trial Counsel<br>U.S. Dept. of Justice, Fed. Programs Branch<br>Civil Division, Room 6144<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-1318; 616-8470 - FAX<br>E-mail: raphael.gomez@usdoj.gov<br>Attorneys for Department of Defense |
| Greg Addington, AUSA<br>U.S. DEPARTMENT OF JUSTICE<br>100 W. Liberty Street. Suite 600<br>Reno, Nevada 89501<br>E-mail: Greg.addington@usdoj.gov<br>(775) 784-5181 - FAX<br>Attorneys for Department of Defense | |

☒ (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

☒ [Federal] I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare

PROOF OF SERVICE

0039641/001/ 371787v01

1  under penalty of perjury under the laws of the United States of America that the above is true and correct.

2  I declare under penalty of perjury under the laws of the State of California and
3  the United States of America that the foregoing is true and correct.

4  Executed on January 22, 2008, at Los Angeles, California

      Criss A. Draper                      *Criss A. Draper*
   (Type or print name)                      (Signature)

PROOF OF SERVICE

0039641/001/ 371787v01