# EXHIBIT "A"

# EXHIBIT "A"

J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, NV  89511
Tel: (775) 327-3000
Fax:  (775) 786-6179

PILLSBURY WINTHROP SHAW PITTMAN, L.L.P.
DAVID A. JAKOPIN, CA Bar No. 209950
JONATHAN D. BUTLER, CA Bar No. 229638
2475 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545
(Admitted *pro hac vice* on March 7, 2006)

Attorneys for Defendants eTreppid Technologies,
L.L.C. and Warren Trepp

*Hale Lane Peek Dennison and Howard*
*5441 Kietzke Lane, Second Floor*
*Reno, Nevada 89511*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT COURT OF NEVADA

DENNIS MONTGOMERY, an individual; and
MONTGOMERY FAMILY TRUST, a California
Trust,

                    Plaintiff,

        vs.

ETREPPID TECHNOLOGIES, L.L.C., a Nevada
Limited Liability Company; WARREN TREPP,
an individual; DEPARTMENT OF DEFENSE of
the UNITED STATES OF AMERICA, and
DOES 1 through 10,

                    Defendants
_____/

CASE NO. 3:06-CV-00056-BES-VPC

**FIRST SET OF REQUESTS BY
DEFENDANT ETREPPID
TECHNOLOGIES, L.L.C. FOR
PRODUCTION OF DOCUMENTS BY
PLAINTIFFS DENNIS
MONTGOMERY AND THE
MONTGOMERY FAMILY TRUST**

| | |
|---|---|
| PROPOUNDING PARTY: | Defendant eTreppid Technologies, L.L.C. |
| RESPONDING PARTIES: | Plaintiffs Dennis Montgomery and The Montgomery Family Trust |
| SET NUMBER: | ONE |

1    Pursuant to Rule 34 of the Nevada Rules of Civil Procedure, Defendant eTreppid

2 Technologies, LLC ("eTreppid"), by and through its undersigned counsel, Hale Lane Peek Dennison

3 and Howard, hereby requests that Plaintiffs Dennis Montgomery and The Montgomery Family Trust

4 (collectively, "Plaintiffs") produce the documents and things described below for inspection and

5 copying by counsel for eTreppid. The production of documents and things shall occur at the offices of

6 Hale Lane Peek Dennison and Howard, located at 5441 Kietzke Lane, Second Floor, in Reno, Nevada,

7 at 10:00 a.m. on the thirtieth (30th) day following service of this request, unless extended by the parties

8 or by law.

9                    **INSTRUCTIONS**

10   1.    The following rules of construction shall be applied herein: (1) the words "and" or "or"

11 shall be construed conjunctively or disjunctively as necessary to make the requests for production

12 inclusive rather than exclusive; (2) the singular includes the plural and vice-versa; and (3) the words

13 "any," "all," "each" and "every" all include any, all, each and every.

14   2.    The following requests seek all DOCUMENTS in YOUR possession, custody or

15 control, wherever located, and specifically includes all DOCUMENTS in the possession, custody or

16 control of YOUR agents, partners, officers, employees, attorneys, accountants, investigators,

17 representatives and each of them. A DOCUMENT is deemed to be in YOUR possession, custody or

18 control if it is in YOUR physical custody, or if it is in the physical custody of any other PERSON and

19 YOU (i) own such DOCUMENT in whole or in part, (ii) have a right by contract, statute or otherwise,

20 to use, inspect, examine or copy such DOCUMENT on any terms, (iii) have an understanding, express

21 or implied, that YOU may use, inspect, examine or copy such DOCUMENT on any terms, or (iv)

22 have, as a practical matter, been able to use, inspect, examine or copy such DOCUMENT when YOU

23 sought to do so.

24   3.    For each DOCUMENT that YOU decline to make available for inspection and copying

25 on the grounds of privilege or the attorney work product rule, provide the following information:

26         (a)    State the date on which the DOCUMENT was created,

27         (b)    IDENTIFY the author of the document,

28         (c)    State the title of the DOCUMENT,

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    (d)  Briefly describe the nature and contents of the DOCUMENT,

2    (e)  IDENTIFY each PERSON or entity that received a copy of the

3 DOCUMENT or to whom the DOCUMENT or its contents were disclosed,

4    (f)  Identify the privilege or rule that YOU contend protects the DOCUMENT from

5 disclosure, and

6    (g)  Identify each fact on which YOU base YOUR contention that the   privilege or

7 rule identified in YOUR response to section (e) of this instruction is applicable.

8   4.  YOU shall produce only one copy of each DOCUMENT requested herein; however,

9 each non-identical version of any DOCUMENT shall constitute a separate document.

10   5.  If these requests for production cannot be responded to in full, respond to the extent

11 possible, specify the reason for YOUR inability to respond to the remainder and state whatever

12 information or knowledge YOU have regarding the portion to which YOU have not responded.

13   6.  Where a date is requested and the actual date is not known, state the approximate date.

14          **DEFINITIONS**

15   1.  "COMMUNICATION" includes all conversations, written, oral, or electronic,

16 including meetings, memoranda, correspondence, conferences, and any other means or manner by

17 which information is or was conveyed to or received from others.

18   2.  "COPYRIGHTS" means the following registered copyrights: TXu-98-018, TXu98-699,

19 TXu-98-727, TXu-98-728, TXu-98-731, TXu-117-868, TXu-119-540, TX-1-983-147, TX-1-992-867,

20 TX-2-000-234, TX-2-083-750, and TX-2-095-009.

21   3.  "Defendants" refers herein to eTreppid Technologies, L.L.C. and Warren Trepp, either

22 collectively or individually.

23   4.  "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including

24 any written, printed, recorded, pictorial, graphic or photographic material, however produced or

25 reproduced, of each document YOU have knowledge of or which is in YOUR possession, custody or

26 control as well as any matter attached thereto – including, but not limited to, the original or a copy of

27 any handwriting, typewriting, printing, photostatting, photographing, and every other means of

28 recording upon any tangible thing and form of communicating or representation, including letters,

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1 words, pictures, sounds, symbols, combinations of them, and any data, information, or electronic

2 media recorded in any form by or on a computer, floppy disk, compact disk, or similar device

3 (including, but not limited to, software and source code), correspondence, memoranda (internal, inter-

4 office and/or external), statements, agreements, e-mails (deleted and/or active), contracts, drafts,

5 telegraphs, cables, notes, reports, studies, analyses, records, evaluations, charts, ledgers, checks, tables,

6 tabulations, compilations, summaries, indices, abstracts, drawings, blueprints, labels, tags, pleadings,

7 testimony, speeches, articles, books, pamphlets, brochures, magazines, newspapers, calendars, diaries,

8 minutes, orders, photographs, moving pictures, microfilms, microfiche, tapes, recordings, computer

9 records and disks, and any other matter which contains any form of communication or representation,

10 and all drafts thereof.

11     5.     "IDENTIFY" with reference to a natural PERSON means to state the name and last

12 known residence address and business address and home and work telephone numbers for such person,

13 as well as the name and address of his present employer, the nature of his current employment and his

14 employment relationship, if any, to YOU.

15     6.     "IDENTIFY" with reference to a non-natural PERSON means to state the name and last

16 known business address and telephone numbers for such company.

17     7.     "IDENTIFY" with reference to a DOCUMENT means to state the date that it bears, its

18 author(s), its specific format(s) (for example, a computer file in Microsoft Word format, or an email in

19 HTML format), and any PERSON known to have seen, received or reviewed its contents. Whenever

20 YOU are requested to "IDENTIFY" a DOCUMENT, YOU may submit the DOCUMENT itself in lieu

21 of IDENTIFYING it. If any such DOCUMENT exists, but is no longer in YOUR possession or

22 subject to YOUR control, state what disposition was made of it and its present location and custodian.

23 If any such DOCUMENT once existed but no longer exists, state what disposition was made of it,

24 when such disposition took place, and list each PERSON who has knowledge of such disposition.

25     8.     "IDENTIFY" with reference to a COMMUNICATION means to state: the identity of

26 each PERSON who made each COMMUNICATION; the identity of each PERSON to whom each

27 COMMUNICATION was made; the identity of each PERSON who was present during each

28 COMMUNICATION or who received a copy of each COMMUNICATION; and a complete

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1  description of the substance and content of the COMMUNICATION.

2      9.    "PERSON" or "PERSONS" means any natural person, corporation, cooperative,

3  partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission or

4  other entity.

5      10.    "RELATED TO", "RELATE TO" and "RELATING TO" shall include, without

6  limitation, constituting, contemplating, covering, criticizing, communicating, detailing, evaluating,

7  demonstrating, respecting, regarding, concerning, pertaining to, referring to, stating, establishing,

8  showing, describing, recording, noting, embodying, memorializing, containing, mentioning, studying,

9  analyzing or discussing.

10      11.    "STATE" means to set forth fully and unambiguously every fact relevant to the answer

11  called for by the Interrogatory, of which YOU have knowledge.

12      12.    "YOU," "YOUR" and "YOURS" refer herein to plaintiff Dennis Montgomery, plaintiff

13  The Montgomery Family Trust, Brenda Montgomery, and anyone acting or authorized to act on behalf

14  of any and all of them – including any representatives, employees, agents, servants, or attorneys and

15  others who are in possession or may have obtained information for you or on your behalf.

16  <div align="center">**REQUESTS FOR PRODUCTION**</div>

17      **Request for Production No. 1:** All DOCUMENTS that RELATE TO any of YOUR

18  responses to the Interrogatories served herewith.

19      **Request for Production No. 2:** All DOCUMENTS that YOU reviewed or to which YOU

20  referred in preparing YOUR Responses to the Interrogatories served herewith.

21      **Request for Production No. 3:** All DOCUMENTS that contain some or all of the full text of

22  each of the COPYRIGHTS.

23      **Request for Production No. 4:** All DOCUMENTS that contain some or all of any material,

24  included in and/or protected by the COPYRIGHTS, that YOU contend Defendants have, either

25  collectively or individually, infringed.

26      **Request for Production No. 5:** All DOCUMENTS that RELATE TO YOUR contention that

27  YOU own the COPYRIGHTS.

28

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    **Request for Production No. 6:** All DOCUMENTS that contain some or all of the full text of

2    each work that YOU contend is a 'derivative work' of the COPYRIGHTS.

3    **Request for Production No. 7:** All DOCUMENTS that RELATE TO the registration(s) of

4    each work that YOU contend is a 'derivative work' of the COPYRIGHTS.

5    **Request for Production No. 8:** All DOCUMENTS that RELATE TO YOUR contention that

6    Defendants, either collectively or individually, have infringed upon any of the COPYRIGHTS.

7    **Request for Production No. 9:** All DOCUMENTS that RELATE TO YOUR contention that

8    Defendants, either collectively or individually, have infringed upon any work that YOU contend is a

9    'derivative work' of the COPYRIGHTS.

10    **Request for Production No. 10:** All DOCUMENTS that RELATE TO any health insurance

11    for YOU from 1998 through 2005 (this includes, but is not limited to: all invoices, enrollment forms,

12    insurance cards, and evidence of payment of any premiums).

13    **Request for Production No. 11:** All DOCUMENTS that RELATE TO personal income tax

14    returns filed by YOU from 1998 through 2005.

15    **Request for Production No. 12:** All DOCUMENTS that RELATE TO any payment of

16    money by Defendants, either collectively or individually, to YOU (including, but not limited to: pay

17    stubs, expense vouchers, I.R.S. Form 1099s, and I.R.S. Form W-2s).

18    **Request for Production No. 13:** All DOCUMENTS that RELATE TO any loan made to

19    YOU by Warren Trepp or by any entity controlled by Mr. Trepp (including, but not limited to:

20    promissory notes or similar instruments, copies of checks, bank statements showing the deposit of loan

21    proceeds, receipts, and each DOCUMENT that RELATES TO any such loan).

22    **Request for Production No. 14:** All DOCUMENTS that RELATE TO repayment of any loan

23    made to YOU by Warren Trepp or by any entity controlled by Mr. Trepp (including, but not limited to:

24    cancelled checks, receipts, or bank statements).

25    **Request for Production No. 15:** All DOCUMENTS that RELATE TO any discussion in

26    which YOU informed any officer or agent of eTreppid of YOUR contention that YOU owned an

27    interest in any technology being developed by eTreppid (this does not include any ownership interest

28    arising solely from YOUR ownership interest as a member of eTreppid).

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1  **Request for Production No. 16:** All DOCUMENTS that RELATE TO eTreppid's
2  technology, products, and/or research and development efforts (including, but not limited to: any and
3  all marketing documents, business plans, PowerPoint presentations, white papers, correspondence,
4  and/or notes of meetings with customers or potential customers).

5  **Request for Production No. 17:** All DOCUMENTS that RELATE TO any transaction
6  through which YOU transferred any ownership interest (or portion thereof) in eTreppid to any third
7  party.

8  **Request for Production No. 18:** All DOCUMENTS that contain any source code, written by
9  YOU or under YOUR direction, that RELATES TO the fields of data compression, pattern
10  recognition, object tracking or anomaly detection (including, but not limited to: all or any part of a
11  software program or algorithm).

12  **Request for Production No. 19:** All DOCUMENTS that RELATE TO any research and
13  development efforts made, by YOU or by anyone working under YOUR direction, in the fields of data
14  compression, object tracking, pattern recognition, or anomaly detection (including, but not limited to:
15  any and all notes, diagrams, laboratory materials, or source code).

16  **Request for Production No. 20:** Executable versions of any and all software, developed by
17  YOU or by anyone working under YOUR direction, which RELATES TO the fields of data
18  compression, object tracking, pattern recognition, or anomaly detection.

19  **Request for Production No. 21:** All DOCUMENTS (including, but not limited to: notes,
20  letters, electronic correspondence, calendar entries, phone messages, or any type of memorandum),
21  which RELATES TO any COMMUNICATION from 1998 to present, by or between YOU and any
22  other person or entity, which RELATES TO the development of software or other technology in the
23  fields of data compression, object tracking, pattern recognition, or anomaly detection.

24  **Request for Production No. 22:** All DOCUMENTS that RELATE TO the software that
25  YOU transferred to eTreppid under the terms of the September 28, 1998 Contribution Agreement
26  (including, but not limited to: all source code – whether in printed or electronic form -- executable
27  files, shop notes, laboratory notes, and any other memoranda).

28

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    **Request for Production No. 23:**  All DOCUMENTS that RELATE TO the formation and/or

2    creation of The Montgomery Family Trust.

3    **Request for Production No. 24:**  All DOCUMENTS that RELATE TO YOUR relationship

4    (business or otherwise) with an entity known as Computermate, Inc.

5    **Request for Production No. 25:**  All DOCUMENTS that RELATE TO YOUR relationship

6    (business or otherwise) with an entity known as Barrett Laboratories, Inc.

7    **Request for Production No. 26:**  All DOCUMENTS that RELATE TO YOUR relationship

8    (business or otherwise) with an entity known as 3Net Systems, Inc.

9    **Request for Production No. 27:**  All DOCUMENTS that RELATE TO YOUR relationship

10   (business or otherwise) with an entity known as Alternative Technology Resources, Inc.

11   **Request for Production No. 28:**  All DOCUMENTS that RELATE TO YOUR relationship

12   (business or otherwise) with an entity known as National Healthcare Exchange Services, Inc.

13   **Request for Production No. 29:**  All DOCUMENTS that RELATE TO any attempt (either

14   successful or unsuccessful) by YOU to sell, license, distribute or otherwise exchange for value any

15   interest in the COPYRIGHTS, from 1980 to present.

16   **Request for Production No. 30:**  All DOCUMENTS that RELATE TO any attempt (either

17   successful or unsuccessful) by YOU to sell, license, distribute or otherwise exchange for value any

18   interest in software or other technology in the fields of data compression, object tracking, pattern

19   recognition, or anomaly detection, from January 18, 2006 to present.

20   **Request for Production No. 31:**  All DOCUMENTS that RELATE TO any attempt (either

21   successful or unsuccessful) by YOU to sell, license, distribute or otherwise exchange for value any

22   interest in software or other technology in the fields of data compression, object tracking, pattern

23   recognition, or anomaly detection, from February 8, 2006 to present.

24   **Request for Production No. 32:**  All DOCUMENTS under YOUR control which RELATE

25   TO Michael Sandoval, who resides in or near Portland, Oregon, which date from January 18, 2006 to

26   present.

27

28

1    **Request for Production No. 33:**  All DOCUMENTS that RELATE TO any attempt (either

2    successful or unsuccessful) by YOU and in conjunction with Michael Sandoval (who resides in or near

3    Portland, Oregon) to sell, license, distribute or otherwise exchange for value any interest in software or

4    other technology in the fields of data compression, object tracking, pattern recognition, or anomaly

5    detection, from January 18, 2006 to present.

6            Dated: July 25, 2006.

7

8                                              J. Stephen Peek, Esq.
                                               Nevada Bar Number  1758
9                                              Jerry M. Snyder, Esq.
                                               Nevada Bar Number 6830
10                                             Hale Lane Peek Dennison and Howard
                                               5441 Kietzke Lane, Second Floor
11                                             Reno, Nevada  89511
                                               Telephone:  (775) 327-3000
12                                             Facsimile:  (775) 786-6179
                                               *Attorneys for Defendants eTreppid Technologies,*
13                                             *L.L.C. and Warren Trepp*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1                                        **PROOF OF SERVICE**

2        I, Gaylene Silva, declare:

3          I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices
of Hale Lane Peek Dennison and Howard.  My business address is: **5441 Kietzke Lane, Second**

4   **Floor, Reno, Nevada 89511.** I am over the age of 18 years and not a party to this action

5          **HAND DELIVERY ONLY** I am readily familiar with Hale Lane Peek Dennison and
Howard's practice for collection and delivery of its hand-deliveries.  Such practice in the ordinary

6   course of business provides for the delivery of all hand-deliveries on the same day requested.

7          On July 25, 2006, I caused the foregoing **FIRST SET OF REQUESTS BY DEFENDANT
ETREPPID TECHNOLOGIES, LLC FOR PRODUCTION OF DOCUMENTS BY**

8   **PLAINTIFFS DENNIS MONTGOMERY AND THE MONTGOMERY FAMILY TRUST** to be
hand-delivered by providing a true and correct copy to Hale Lane Peek Dennison and Howard's

9   runners with instructions to hand-deliver the same to:

10   *Fax No. 786-5044*
Ronald J. Logar, Esq.

11   Eric A. Pulver, Esq.
The Law Offices of Logar & Pulver

12   225 S. Arlington Avenue, Suite A
Reno, NV 89501

13

         **MAIL ONLY** I am readily familiar with Hale Lane Peek Dennison and Howard's practice for

14   collection and processing of its outgoing mail with the United States Postal Service.  Such practice in
the ordinary course of business provides for the deposit of all outgoing mail with the United States

15   Postal Service on the same day it is collected and processed for mailing.

16          On July 25, 2006, I served the foregoing **FIRST SET OF REQUESTS BY DEFENDANT
ETREPPID TECHNOLOGIES, LLC FOR PRODUCTION OF DOCUMENTS BY**

17   **PLAINTIFFS DENNIS MONTGOMERY AND THE MONTGOMERY FAMILY TRUST** by
placing a true copy thereof in Hale Lane Peek Dennison and Howard's outgoing mail in a sealed

18   envelope, addressed as follows:

19   *Fax No. 202/616-8470*                     *Fax No. 888-235-4279*
  Carlotta P. Wells                          Michael J. Flynn, Esq.

20   Senior Trial Counsel                      Philip H. Stillman, Esq.
  Federal Programs Branch                Flynn & Stillman

21   Civil Division – Room 7150            224 Bermingham Dr., Ste. 1A4
  U.S. Department of Justice            Cardiff, CA  92007

22   20 Massachusetts Ave., NW
  P.O. Box 883

23   Washington, DC  20044

24          I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct, and that this declaration was executed on July 25, 2006.

25

26

27                                  Gaylene Silva

28

*Hale Lane Peek Dennison and Howard*
*5441 Kietzke Lane, Second Floor*
*Reno, Nevada 89511*

# EXHIBIT "B"

# EXHIBIT "B"

7757867544
Case 3:06-cv-00056-PMP-VPC   Document 433-2   Filed 02/15/08   Page 13 of 61   1 /56
Logar & Pulver Law                                      10:34:48 a.m.   08 29 2006

1  Ronald J. Logar --State Bar No. 303
   Eric Pulver--State Bar No. 7874
2  LAW OFFICE OF LOGAR & PULVER, PC
3  225 S. Arlington Ave., Suite A
   Reno, NV  89501
4  Tel:  (775) 786-5040; Fax:  (775) 786-7544

5  Michael J. Flynn, Mass. State Bar No. 172780
6  Philip H. Stillman, California State Bar No. 152861
   FLYNN & STILLMAN
7  224 Birmingham Drive, Suite 1A4
   Cardiff, CA 92007
8  Tel:  (858) 759-7000; Fax:  (858) 759-0711
9  (*Application for Admission Pro Hac Vice*)

10 Attorneys for Plaintiffs

11

12          **UNITED STATES DISTRICT COURT**
            **FOR THE DISTRICT COURT OF NEVADA**
13

14                                          Case No. **CV-N-06-0056-BES-VPC**
   **DENNIS MONTGOMERY et al.,**
15
                **Plaintiffs,**              **PLAINTIFF DENNIS MONTGOMERY AND**
16                                           **MONTGOMERY FAMILY TRUST'S**
17 **vs.**                                   **RESPONSES TO ETREPPID**
                                             **TECHNOLOGY LLC'S REQUESTS FOR**
18 **ETREPPID TECHNOLOGIES, LLC et al.,**    **PRODUCTION OF DOCUMENTS:**
19              **Defendants.**

20

21              **PRELIMINARY STATEMENT**

22        By this response, Dennis Montgomery and the Montgomery Family Trust (hereinafter

23 collectively referred to as "Plaintiff") do not intend to waive, and do not waive, any objection at trial

24 to admitting into evidence all or a part of these responses, or the documents in connection with it.

25 Rather, Plaintiff intends to preserve, and does preserve, all objections to admitting into evidence all

26 or a part of these responses, or the documents in connection with it, including, without limitation,

27 objections based on relevance, foundation, authenticity, or privilege, as well as any and all

28 objections.

---

                                1

---

        Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

1    These responses are based on the preliminary information currently known to Plaintiff and

2    such information that is within his possession, custody, or control. Discovery is preliminary and

3    ongoing, and he has not been able to complete discovery of defendant, its agents, and employees.

4    Plaintiff incorporates this preliminary statement as well as the following general objections into each

5    of his specific responses to the individual Responses to the Requests for Production of Documents.

6                                     **GENERAL OBJECTIONS**

7    Plaintiff incorporates the following General Objections into each of his specific responses to

8    the individual Responses to the Requests for Production of Documents.

9    1.    Plaintiff objects to any Requests for Production of Documents to the extent it seeks

10   irrelevant information on the ground that discovery of such matter is not authorized by the Federal

11   Rules of Civil Procedure or Local Rules.

12   2.    Plaintiff objects to any Requests for Production of Documents to the extent it seeks

13   information or documents protected from disclosure by the attorney-client privilege, or the attorney

14   work-product doctrine. This objection is made on the ground that there is no right to discover

15   privileged documents or information.

16   3.    Plaintiff objects to any Requests for Production of Documents to the extent it purports

17   to impose obligations upon him and his agents beyond those provided for in the Federal Rules of

18   Civil Procedure, Local Rules, and other applicable law. This objection is made on the ground that

19   discovery of such matter is not authorized by the Federal Rules of Civil Procedure or Local Rules.

20   4.    Plaintiff objects to any Requests for Production of Documents to the extent it requests

21   private, confidential, proprietary, copyrighted, or trade secret information protected from disclosure

22   by state or federal law, including, but not limited to, the state and federal constitutional rights to

23   privacy, copyrights, trade secrets, as well as other applicable statutory or common-law privacy

24   rights. This objection is made on the ground that there is no right to discover privileged documents

25   or information.

26   5.    Plaintiff objects to any Requests for Production of Documents to the extent it purports

27   to require information that is protected by privacy rights. This objection is made on the ground that

28   there is no right to discover privileged documents or information.

2

08/29/2006 TUE 10:35   [TX/RX NO 9606]

7757867544        Logar & Pulver Law                           10:36:15 a.m.    08 20 2006        3 /56

1   6.  Plaintiff generally objects to this set of Requests for Production of Documents because

2  the term "Software" is overly broad and ambiguous.

3   7.  Plaintiff generally objects to this set of Requests for Production of Documents because

4  the term "You," "Your," and "Yours" are overly broad and ambiguous.

5   8.  For purposes of responding to these Requests for Production of Documents, the term

6  "Copyrights" refers to the individual and collective copyrights listed in the Complaint and itemized

7  in Definition No. 2 of Defendants' Requests for Production of Documents, but the term

8  "Copyrights" is used interchangeably in these responses both with regard to each individual

9  copyright and to the collective copyrights depending on the context of each response. Because the

10  case is at its preliminary stage, because Defendants have denied access to Plaintiff to all of its books

11  and records as required by law and as required by the agreements of the parties, because Defendants

12  have sole and exclusive access to all of the evidence and "documents" as defined in their

13  interrogatories which are necessary to respond to these Requests for Production of Documents, and

14  because Defendants have not produced said evidence and documents pursuant to Rule 26, and/or as

15  required by law, and/or as required by the "Operating Agreements" of Defendants, Plaintiff

16  generally objects to these Requests for Production of Documents, and Plaintiff is not able at this time

17  to respond to said Requests for Production of Documents as fully as requested. Plantiff further

18  objects on the grounds that the Defendant Trepp initiated a false and fraudulent criminal complaint

19  against the Plaintiff which caused the FBI to conduct an illegal search and seizure of Plaintiff's

20  home resulting in the illegal taking of Plaintiff's computers and various types of electronic media

21  storage, documents and other materials, thereby preventing Plaintiff from accessing said materials

22  needed to respond to this discovery. Plaintiff will supplement these responses within a reasonable

23  time after receiving full and complete access to all of the books and records of Defendants as he is

24  entitled by law and agreements between the parties; and receiving back all of the items illegally

25  seized by the FBI.

26

27       **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

28

<div align="center">3</div>

<div align="center">Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)</div>

1        Plaintiff incorporates fully into each of the following specific responses the aforementioned

2    "Preliminary Statement" and "General Objections," and more specifically incorporates "General

3    Objection No. 8."

4        No specific response shall be construed to waive any of the General Objections, including,

5    but not limited to, General Objection No. 8, or any of the Statements contained in the "Preliminary

6    Statement."

7    **Request for Production No. 1:** All DOCUMENTS that RELATE TO any of YOUR responses to

8    the Interrogatories served herewith.

9    **Response to Request for Production No. 1:**

10   Defendants infringed each of the Copyrights by lying to Plaintiff, and by defrauding Plaintiff, and by

11   breaching oral and written agreements with Plaintiff, and by violating the laws applying to

12   copyrights and trade secrets, and by attempting to steal and/or convert the algorithms and source

13   codes to the Copyrights, and/or to the derivatives of the Copyrights, and by generally engaging in

14   fraudulent, and/or tortious, and/or illegal conduct regarding the Copyrights. Defendants individually

15   and collectively, and in collusion with individuals and agencies to be identified as discovery in this

16   matter progresses, engaged in the foregoing generally described conduct, to be recited in greater

17   detail as discovery progresses and as Defendants comply with Nevada law and with the Operating

18   Agreements permitting Plaintiff access to the books and records of Defendants in connection with

19   the use of the algorithms and source codes in the Copyrights and/or derivatives of said algorithms

20   and source codes originating in the Copyrights on certain specified Government contracts now

21   exclusively in the possession, custody and control of Defendants, including all "Documents" as

22   defined by Defendants. Without said access to the books and records, and said "Documents" of

23   Defendants to which Plaintiff is absolutely entitled, Plaintiff cannot at this time provide all

24   Documents that related to Plaintiff's responses to the interrogatories served herewith other than with

25   the following general statement:

26   Defendants and Plaintiff agreed on or about September 28, 1998 and continuing to at least

27   September 30, 2005 that Plaintiff exclusively owned and possessed "Software" he had developed

28   over a period of approximately 20 years prior to September 1998 in connection with his career as a

4

1   software designer and developer, which included the design and development of "Software" having

2   multiple and varied uses and applications; and that Plaintiff, as of that period between September 28,

3   1998 and September 30, 2005, held all of the legal and proprietary indicia of ownership and

4   possession in all of the "Software" he developed throughout his career, including but not limited to

5   the legal indicia of ownership to the algorithms and source codes contained in the "Copyrights" *and*

6   *all subsequent derivatives to the algorithms and source codes in said Copyrights*. On or about

7   September 28, 1998 and continuing to at least September 30, 2005, Defendants specifically agreed

8   Plaintiff also owned and possessed multiple and varied and comprehensive "Software" programs not

9   contained within the Copyrights and not conveyed to Defendants. On September 28, 1998, in the

10   context of Plaintiff's ownership of the "Copyrights," and in the context of Plaintiff's ownership and

11   possession of other multiple, varied and comprehensive "Software" programs, including ownership

12   and possession of tens of thousands of algorithms, executables and source codes, Plaintiff and

13   Defendants agreed in writing in a document called the "Contribution Agreement" that Plaintiff

14   would **ONLY** convey to a partnership/LLC to be exclusively owned and controlled by Plaintiff and

15   Defendant Trepp a specific and relatively small amount of his software described specifically in

16   writing as **"the software compression technology contained on that certain Software**

17   **Compression Engine Development Program contained on CD No. 1,"** and that no other software

18   programs, intellectual property, algorithms, or executables or source codes were being conveyed to

19   the partnership/LLC, and that the value of the software contained on said "CD No. 1" was fixed by

20   agreement to be $1,3000,000. As of the date of the agreement, Plaintiff relied upon Trepp's written

21   and oral representations that his interest in the partnership/LLC would always be 50% of the

22   outstanding shares in said company, as reflected by the fact that Plaintiff contributed the value of his

23   software and Defendant Trepp contributed a fixed sum of money. At that time, in September of

24   1998, Plaintiff also discussed with Trepp the sale to their partnership/LLC other components of

25   Plaintiff's software programs for sums in the range of $5,000,000, which Trepp rejected. For that

26   reason, and others, Trepp's lawyer, Douglas Frye, explicitly drafted and embodied in the

27   Contribution Agreement, the express limitation that the only software being conveyed was

28   "contained on CD No. 1," and that all other property, intellectual and otherwise, belonging to

Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

1    Plaintiff was excluded. Defendant Trepp was obligated by said agreement to pay said sum into the

2    partnership/LLC on said date of September 28, 1998. Notwithstanding Plaintiff's repeated requests,

3    Trepp has never allowed access to Plaintiff to the books and records of the partnership/LLC to verify

4    that Trepp paid said sum on September 28, 1998.

5    Pursuant to the "Contribution Agreement," Plaintiff and Defendant Trepp also agreed Plaintiff

6    would serve as "Chief Technology Officer" in the capacity of an *independent contractor* who would

7    contract with the partnership/LLC to develop software programs involving casino surveillance based

8    on the software "contained on CD No. 1." Between September 28, 1998, and December 31, 2002,

9    Plaintiff fulfilled his obligations as an independent contractor utilizing the software programs

10   "contained on CD No. 1 " in order to fulfill the casino surveillance business of the partnership/LLC.

11   Between the filing of the original Copyright registrations in the 1980's and September 28, 1998,

12   using his own computers and at his home-office and elsewhere, Plaintiff refined and created

13   derivatives to the Copyrights having multiple and varied applications. Between September 28, 1998

14   and December 31, 2002, using his own computer at his home-office, Plaintiff made further

15   refinements to the algorithms and source codes originating within the Copyrights, and on other

16   software programs Plaintiff was developing unrelated to the business of the partnership/LLC. Prior

17   to December 31, 2002 as part of his fulfillment to eTreppid and in reliance upon the representations

18   of Trepp and his lawyers, in order to protect against Defendant Trepp's secretive, deceitful and

19   manipulative operation of eTreppid, and in order to quantify and qualify the source codes contained

20   on CD No. 1, Plaintiff, as an independent contractor filed various patents relating to the software on

21   CD No. 1. In or about January to April of 2003, acting as the owner and exclusive possessor of the

22   copyrighted and derived source codes and algorithms, and while acting as an independent contractor,

23   Plaintiff informed certain agencies of the Government that he owned and possessed certain software

24   having potential military applications, particularly in connection with the terrorist threats against our

25   country. At the same time, Plaintiff again offered to sell certain components and specific source

26   codes to Defendant Trepp and to their partnership/LLC for the sum of $5,000,000. Trepp again

27   rejected the offer. In March, 2003, Plaintiff agreed with a certain Government agency to use one

28   component of his exclusively owned software in a special Government contract, and agreed with

Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

1    Trepp and their partnership to license said software to the partnership/LLC, (hereinafter referred to

2    as eTreppid). Plaintiff and Trepp and eTreppid agreed Plaintiff would maintain complete, exclusive

3    and absolute ownership, possession and control over the software and the algorithms and source

4    codes used in certain special Government contracts which Plaintiff worked on with his Copyrights

5    and derivatives containing his source codes and algorithms. Between March, 2003 and January 18,

6    2006, Plaintiff did, in fact, and as per agreement, maintain complete, exclusive, sole, and absolute

7    ownership, possession and control of all of his source codes and algorithms used in the special

8    Government contracts. Throughout this same period, Plaintiff did not permit any person at

9    eTreppid to even have access to said algorithms and source codes as evidenced by his inclusion of

10   "intrusion protocols" into the specific software programs owned by Plaintiff. These "intrusion

11   protocols" were designed to prevent any person, other than Plaintiff, gaining access to the subject

12   programs. IN FACT, NONE OF PLAINTIFF'S EXCLUSIVELY OWNED "SOURCE CODES"

13   USED IN THE SPECIAL GOVERNMENT CONTRACTS WERE EVER ON THE PREMISES OF

14   ETREPPID. Throughout this same period, by his conduct, by repeated statements and

15   representations, and in other forms, Trepp agreed to Plaintiff's conditions of exclusive control,

16   possession and ownership of the subject source codes and algorithms.

17   In order to carry out his scheme to defraud Plaintiff and to steal Plaintiff's algorithms and source

18   codes in Plaintiff's Copyrights and derivatives, between approximately March 2003 and September

19   2005, Defendant Trepp repeatedly employed a variety of false and fraudulent statements,

20   representations, artifices and devices intentionally designed to infringe upon the copyrights and

21   intentionally designed to deceive Plaintiff, and to lull him into the belief and acceptance of

22   Defendant Trepp's promises and representations. The false and fraudulent statements were designed

23   to induce Plaintiff to license and/or sell the copyrighted source codes and derivatives to eTreppid

24   and to the Government. The false statements and fraudulent representations are included but not

25   limited to the following statements expressed as general statements containing the general meaning

26   of the expressions used by Defendant Trepp, i.e., "words to the effect of" unless otherwise quoted:

27   (1) eTreppid will "license your software" and "pay a license fee equal to at least 50% to 75% of the

28   gross amount received from the Government" depending on which contract the parties were

7

Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

1       discussing, "until we have the Government sucked in and they can't do without it" and then we will

2       "close in for the kill" and "sell it for hundreds of millions." Trepp also repeatedly stated that

3       eTreppid will have to calculate its costs and expenses in connection with each contract and if those

4       expenses and costs are below certain ranges in connection with certain specified contracts, Plaintiff's

5       share above 50% to 75% of the gross amount received would increase proportionately "until a final

6       deal is made." In connection with these types of repeated promises, upon information and belief,

7       Trepp repeatedly lied about when he was receiving Government checks on certain contracts, how

8       much he was receiving, what the expenses were, what amounts and expenses were allocated to

9       specific contracts, how eTreppid and the Government were doing the accounting, and what other

10      expenses and costs eTreppid was incurring that were unrelated to the contracts but to other business

11      of eTreppid and that "adversely impacted Plaintiff's membership profits in eTrepped" that had to be

12      "accounted for before a "final payment" or "a final deal" could be made. Plaintiff will require

13      access to all of the books and records of Trepp and eTreppid before providing a more detailed

14      response with respect to exactly how on the books and records of eTreppid Trepp accounted for

15      Plaintiff's contributions, licensing fees, expenses, etc. Not withstanding Trepp's continued

16      representations relied upon by Defendant, the books and records were never made available to him

17      based on a multitude of excuses proffered by Trepp; (2) Trepp also stated that "once we have the

18      Government hooked," eTrpped and Trepp will negotiate a "deal" with the Government to sell parts

19      of "your technology" to the Government for "Five Hundred Million Dollars" and we will "get a

20      billion dollar bond to back up the deal." Trepp repeatedly stated Plaintiff's share will be "at least

21      50% of the gross" "but anything over that will require calculating your interest in eTreppid." Trepp

22      repeatedly promised to "sit down" with Plaintiff and the "bookkeeper" and "the accountant" and get

23      "everything worked out before the "final sale," and "to catch up on the numbers." Prior to

24      September of 2005, Trepp repeatedly said "to just keep processing" the "output" the Government

25      needed in the "war on terror," mostly in connection with Plaintiff's "intercepts" of al Qaeda

26      communications, and "it was a problem of timing," so "just keep processing until we get the deal

27      done." During much of the "processing" period, Plaintiff was working 12 - 18-hour days, and had

28      little time, energy or opportunity to deal with the business aspects of eTreppid. He relied upon the

Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

1   good faith and explicit representations of Trepp as his partner.  In September - October of 2005,

2   Trepp advised Plaintiff to stop all work on a certain Government contract so that he could "force

3   them to buy it for Five Hundred Million," and that he needed Plaintiff to bring the "source codes to

4   eTreppid" to put them in escrow."  Trepp also said he was in the middle of doing the final

5   calculations on how much Plaintiff was owed, and that he had to calculate if Plaintiff had been

6   diluted in his ownership interest in eTreppid because of the investments of others, including Milken,

7   and the "deals" Trepp had "engineered" with others, including Wayne Prim, and that depending on

8   Plaintiff's dilution, it might affect the "final payment amount" relating to the sale of the technology.

9   Plaintiff informed Trepp that he thought that there were "serious national security concerns"

10  involving the safety of potentially millions of Americans if he stopped "processing," that he no

11  longer trusted Trepp, that Trepp had never paid him his license fees, that there had never been any

12  legitimate dilution, that he was owed millions of dollars, that he wanted immediate access to the

13  books and records, and that he would never bring the source codes to eTreppid and would never

14  allow anyone at eTreppid to have access to his source codes.  At first, Trepp promised to make

15  "everything right" as soon as the "deal was done."  But when Plaintiff questioned Trepp about the

16  involvement of Michael Milken in eTreppid and how much he was owed, and the payoffs to

17  Congressman James Gibbons, and the involvement of Ronald Bath, an Air Force General and

18  "consultant" to Trepp, and how much Bath was owed, and how Trepp could claim Plaintiff had been

19  diluted when he was owed millions of dollars, Trepp became extremely hostile and threatened to

20  "bury" Plaintiff by using his "political muscle" with Gibbons and Bath.  Trepp also reminded

21  Plaintiff that he was a lifelong friend of "Richie Bonanno" and that they were "not people to fuck

22  with."  Having observed some of Trepp's fraudulent practices including the payment of

23  approximately $100,000 to Gibbons on a cruise ship in addition to the payment of an additional

24  $100,000 to Gibbons in $10,000 increments through various entities belonging to Trepp, and having

25  watched Trepp give Gibbons thousands of dollars when they were gambling together, and having

26  listened to Trepp recite how he had lied, defrauded, and manipulated the securities industry and

27  falsified evidence in various SEC investigations (mostly when Trepp was heavily intoxicated),

28

9

Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

1　Plaintiff became concerned for his life and the security of his property, including, but not limited to,

2　the source codes and algorithms used in certain special Government contracts.

3　When Defendants were unable to steal Plaintiff's source codes and algorithms while Plaintiff was

4　working as an independent contractor at eTreppid, after his departure, Defendants in collusion with

5　certain individuals within the Government sought to steal them by other illegal means, including an

6　illegal search and seizure of Plaintiff's home and storage facility. As a result of said illegal search

7　and seizure, Plaintiff is unable to access his computers and other materials necessary to answer this

8　interrogatory more fully at this time. Plaintiff incorporates herein General Objection no. 8.

9　Notwithstanding the foregoing, Plaintiff will produce the following: Public records relating to

10　Trepp's campaign contributions to Gibbons; a newspaper article about Trepp; public records relating

11　to Trepp's case with the Securities Exchange Comission; copies of records from the Copyright office

12　relating to Plaintiff's Copyrights.

13

14

15　**Request for Production No. 2:** All DOCUMENTS that YOU reviewed or to which YOU referred

16　in preparing YOUR Responses to the Interrogatories served herewith.

17　**Response to Request for Production No. 2:**

18　See RESPONSE to No. 1, which Plaintiff incorporates herein. Plaintiff will supplement this

19　response as necessary in the detail requested when he has access to all of the books and records of

20　eTreppid.

21　**Request for Production No. 3:** All DOCUMENTS that contain some or all of the full text of each

22　of the COPYRIGHTS.

23　**Response to Request for Production No. 3:**

24　See RESPONSE to No. 1, which Plaintiff incorporates herein. Until Plaintiff obtains access to all of

25　the books and records of eTreppid, he cannot provide further details at this time. Nevertheless,

26　Plaintiff will provide eTreppid with copies of the certified copies of the deposits made with the

27　United States Copyright Office when registering the Copyrights.

28

10

Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

1    **Request for Production No. 4:** All DOCUMENTS that contain some or all of any material,

2    included in and/or protected by the COPYRIGHTS, that YOU contend Defendants have, either

3    collectively or individually, infringed.

4    **Response to Request for Production No. 4:**

5    See RESPONSE to No. 1, which Plaintiff incorporates herein. Until Plaintiff obtains access to all of

6    the books and records of eTreppid, he cannot provide further details at this time. Nevertheless,

7    Plaintiff will provide eTreppid with copies of the certified copies of the deposits made with the

8    United States Copyright Office when registering the Copyrights.

9

10    **Request for Production No. 5:** All DOCUMENTS that RELATE TO YOUR contention that YOU

11    own the COPYRIGHTS.

12    **Response to Request for Production No. 5:**

13    See RESPONSE to No. 1, which Plaintiff incorporates herein. Until Plaintiff obtains access to all of

14    the books and records of eTreppid, he cannot provide further details at this time. Nevertheless,

15    Plaintiff will provide eTreppid with copies of the certified copies of the deposits made with the

16    United States Copyright Office when registering the Copyrights.

17

18    **Request for Production No. 6:** All DOCUMENTS that contain some or all of the full text of each

19    work that YOU contend is a 'derivative work' of the COPYRIGHTS.

20    **Response to Request for Production No. 6:**

21    See RESPONSE to No. 1, which Plaintiff incorporates herein. Until Plaintiff obtains access to all of

22    the books and records of eTreppid, he cannot provide further details at this time. Nevertheless,

23    Plaintiff will provide eTreppid with copies of the certified copies of the deposits made with the

24    United States Copyright Office when registering the Copyrights.

25

26    **Request for Production No. 7:** All DOCUMENTS that RELATE TO the registration(s) of each work

27    that YOU contend is a 'derivative work' of the COPYRIGHTS.

28    **Response to Request for Production No. 7:**

11

Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

1   See RESPONSE to No. 1, which Plaintiff incorporates herein. Until Plaintiff obtains access to all of

2   the books and records of eTreppid, he cannot provide further details at this time. Nevertheless,

3   Plaintiff will provide eTreppid with copies of the certified copies of the deposits made with the

4   United States Copyright Office when registering the Copyrights.

5

6   **Request for Production No. 8:** All DOCUMENTS that RELATE TO YOUR contention that

7   Defendants, either collectively or individually, have infringed upon any of the COPYRIGHTS.

8   **Response to Request for Production No. 8:**

9   See RESPONSE to No. 1, which Plaintiff incorporates herein. Until Plaintiff obtains access to all of

10   the books and records of eTreppid, he cannot provide further details at this time. Nevertheless,

11   Plaintiff will provide eTreppid with copies of the certified copies of the deposits made with the

12   United States Copyright Office when registering the Copyrights.

13

14   **Request for Production No. 9:** All DOCUMENTS that RELATE TO YOUR contention that

15   Defendants, either collectively or individually, have infringed upon any work that YOU contend is a

16   'derivative work' of the COPYRIGHTS.

17   **Response to Request for Production No. 9:**

18   See RESPONSE to No. 1, which Plaintiff incorporates herein. Until Plaintiff obtains access to all of

19   the books and records of eTreppid, he cannot provide further details at this time. Nevertheless,

20   Plaintiff will provide eTreppid with copies of the certified copies of the deposits made with the

21   United States Copyright Office when registering the Copyrights.

22

23   **Request for Production No. 10:** All DOCUMENTS that RELATE TO any health insurance for

24   YOU from 1998 through 2005 (this includes, but is not limited to: all invoices, enrollment forms,

25   insurance cards, and evidence of payment of any premiums).

26   **Response to Request for Production No. 10:**

27   See RESPONSE to No. 1, which Plaintiff incorporates herein. Until Plaintiff obtains access to all of

28   the books and records of eTreppid, he cannot provide further details at this time.

Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

7757867544                 Logar & Pulver Law                        10:44:17 a.m.      08 20 2006              13 /56

1

2    **Request for Production No. 11:**  All DOCUMENTS that RELATE TO personal income tax returns

3    filed by YOU from 1998 through 2005.

4    **Response to Request for Production No. 11:**

5    See RESPONSE to No. 1, which Plaintiff incorporates herein.  Until Plaintiff obtains access to all of

6    the books and records of eTreppid, he cannot provide further details at this time.  Plaintiff objects to

7    this request for tax returns on privacy grounds.

8

9    **Request for Production No. 12:**  All DOCUMENTS that RELATE TO any payment of money by

10   Defendants, either collectively or individually, to YOU (including, but not limited to: pay stubs,

11   expense vouchers, I.R.S. Form 1099s, and I.R.S. Form W-2s).

12    **Response to Request for Production No. 12:**

13   See RESPONSE to No. 1, which Plaintiff incorporates herein.  Until Plaintiff obtains access to all of

14   the books and records of eTreppid, he cannot provide further details at this time.  Plaintiff objects to

15   this request for tax returns information on privacy grounds.

16

17   **Request for Production No. 13:**  All DOCUMENTS that RELATE TO any loan made to YOU by

18   Warren Trepp or by any entity controlled by Mr. Trepp (including, but not limited to: promissory

19   notes or similar instruments, copies of checks, bank statements showing the deposit of loan

20   proceeds, receipts, and each DOCUMENT that RELATES TO any such loan).

21   **Response to Request for Production No. 13:**

22   See RESPONSE to No. 1, which Plaintiff incorporates herein.  Until Plaintiff obtains access to all of

23   the books and records of eTreppid, he cannot provide further details at this time. Plaintiff further

24   states that the use of the term "loan" is misleading and inaccurate. Trepp's so-called "loan"

25   transactions are evidence of Trepp's fraudulent operating practices within eTreppid. Plaintiff refers

26   Defendants to the copies of the cancelled check(s) in evidence in the preliminary injunction hearing.

27

28

13

Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

1   **Request for Production No. 14:**  All DOCUMENTS that RELATE TO repayment of any loan

2   made to YOU by Warren Trepp or by any entity controlled by Mr. Trepp (including, but not limited

3   to: cancelled checks, receipts, or bank statements).

4   **Response to Request for Production No. 14:**

5   See RESPONSE to No. 1, which Plaintiff incorporates herein.  Until Plaintiff obtains access to all of

6   the books and records of eTreppid, he cannot provide further details at this time. See responses to

7   numbers 1 and 13 incorporated herein.

8

9   **Request for Production No. 15:**  All DOCUMENTS that RELATE TO any discussion in which

10  YOU informed any officer or agent of eTreppid of YOUR contention that YOU owned an interest in

11  any technology being developed by eTreppid (this does not include any ownership interest arising

12  solely from YOUR ownership interest as a member of eTreppid).

13  **Response to Request for Production No. 15:**

14  See RESPONSE to No. 1, which Plaintiff incorporates herein.  Until Plaintiff obtains access to all of

15  the books and records of eTreppid, he cannot provide further details at this time.  Plaintiff also

16  believes he may have evidence relating to  Trepp's computer related statements and transactions; but

17  until he receives back from the FBI his computers and other materials illegally seized by the FBI,

18  which seizure was  based on Trepp's false and fraudulent representations to the FBI, he cannot

19  produce said evidence at this time.

20

21  **Request for Production No. 16:**  All DOCUMENTS that RELATE TO eTreppid's technology,

22  products, and/or research and development efforts (including, but not limited to: any and all

23  marketing documents, business plans, PowerPoint presentations, white papers, correspondence,

24  and/or notes of meetings with customers or potential customers).

25  **Response to Request for Production No. 16:**

26  See RESPONSE to No. 1, which Plaintiff incorporates herein.  Until Plaintiff obtains access to all of

27  the books and records of eTreppid, he cannot provide further details at this time. See responses to

28  numbers 1 and 15 which Plaintiff incorporates herein.

Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

1

2   **Request for Production No. 17**: All DOCUMENTS that RELATE TO any transaction through

3   which YOU transferred any ownership interest (or portion thereof) in eTreppid to any third party.

4   **Response to Request for Production No. 17:**

5   See RESPONSE to No. 1, which Plaintiff incorporates herein. Until Plaintiff obtains access to all of

6   the books and records of eTreppid, he cannot provide further details at this time. Plaintiff

7   incorporates his response to number 13 herein.

8

9   **Request for Production No. 18**: All DOCUMENTS that contain any source code, written by YOU

10   or under YOUR direction, that RELATES TO the fields of data compression, pattern recognition,

11   object tracking or anomaly detection (including, but not limited to: all or any part of a software

12   program or algorithm).

13   **Response to Request for Production No. 18:**

14   See RESPONSE to No. 1, which Plaintiff incorporates herein. Until Plaintiff obtains access to all of

15   the books and records of eTreppid, he cannot provide further details at this time. Plaintiff further

16   objects on the grounds of privacy, relevancy, trade secrets, and incorporates his responses to

17   numbers 1, 13, and 15 herein.

18   **Request for Production No. 19**: All DOCUMENTS that RELATE TO any research and

19   development efforts made, by YOU or by anyone working under YOUR direction, in the fields of

20   data compression, object tracking, pattern recognition, or anomaly detection (including, but not

21   limited to: any and all notes, diagrams, laboratory materials, or source code).

22   **Response to Request for Production No. 19:**

23   See RESPONSE to No. 1, which Plaintiff incorporates herein. Until Plaintiff obtains access to all of

24   the books and records of eTreppid, he cannot provide further details at this time. See response to

25   number 18 which Plaintiff incorporates herein.

26   **Request for Production No. 20**: Executable versions of any and all software, developed by YOU

27   or by anyone working under YOUR direction, which RELATES TO the fields of data compression,

28   object tracking, pattern recognition, or anomaly detection.

15

Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

1    **Response to Request for Production No. 20**:

2    See RESPONSE to No. 1, which Plaintiff incorporates herein. Until Plaintiff obtains access to all of

3    the books and records of eTreppid, he cannot provide further details at this time. Plaintiff

4    incorporates herein his responses to numbers 1,13, 15 and 18.

5

6    **Request for Production No. 21**: All DOCUMENTS (including, but not limited to: notes, letters,

7    electronic correspondence, calendar entries, phone messages, or any type of memorandum), which

8    RELATES TO any COMMUNICATION from 1998 to present, by or between YOU and any other person or

9    entity, which RELATES TO the development of software or other technology in the fields of data

10   compression, object tracking, pattern recognition, or anomaly detection.

11   **Response to Request for Production No. 21**:

12   See RESPONSE to No. 1, which Plaintiff incorporates herein. Until Plaintiff obtains access to all of

13   the books and records of eTreppid, he cannot provide further details at this time. Plaintiff

14   incorporates herein his response to numbers 1,13, 15 and 18.

15

16   **Request for Production No. 22**: All DOCUMENTS that RELATE TO the software that YOU

17   transferred to eTreppid under the terms of the September 28, 1998 Contribution Agreement

18   (including, but not limited to: all source code – whether in printed or electronic form – executable

19   files, shop notes, laboratory notes, and any other memoranda).

20   **Response to Request for Production No. 22**:

21   See RESPONSE to No. 1, which Plaintiff incorporates herein. Until Plaintiff obtains access to all of

22   the books and records of eTreppid, he cannot provide further details at this time.   Plaintiff

23   incorporates herein his response to numbers 1, 13, 15 and 18.

24

25   **Request for Production No. 23**: All DOCUMENTS that RELATE TO the formation and/or

26   creation of The Montgomery Family Trust.

27   **Response to Request for Production No. 23**:

28

16

Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

1  See RESPONSE to No. 1, 13, 15 and 18, which Plaintiff incorporates herein. Defendants are in

2  possession of the Montgomery Family Trust document.

3

4  **Request for Production No. 24:** All DOCUMENTS that RELATE TO YOUR relationship

5  (business or otherwise) with an entity known as Computermate, Inc.

6  **Response to Request for Production No. 24:**

7  See RESPONSE to No. 1, 13, 15, and 18 which Plaintiff incorporates herein.    Plaintiff further

8  objects on the grounds that Defendants' present counsel represented Plaintiff from 1990 to

9  approximately 1997 in connection with documents and matters relating to Computermate, Barrett

10  Laboratories, 3Net Systems, Alternative Technologies, National Healthcare Services. Said counsel

11  has possession, custody and control of documents relating to said representation including

12  possession and control over numerous confidential communications between Plaintiff and said

13  counsel. Plaintiff will not produce any discovery relating to these companies until he has received a

14  full inventory of all of his "Documents", as defined herein, from said counsel; and he has had the

15  opportunity to disqualify said counsel, and any other lawyers or individuals who have had access to

16  his confidential "Documents" as defined herein.

17

18  **Request for Production No. 25:** All DOCUMENTS that RELATE TO YOUR relationship

19  (business or otherwise) with an entity known as Barrett Laboratories, Inc.

20  **Response to Request for Production No. 25:**

21  See RESPONSE to No. 1, 13, 15 and 18, and 24 which Plaintiff incorporates herein.

22

23  **Request for Production No. 26:** All DOCUMENTS that RELATE TO YOUR relationship

24  (business or otherwise) with an entity known as 3Net Systems, Inc.

25  **Response to Request for Production No. 26:**

26  See RESPONSE to No. 1, 13, 15, 18 and 24 which Plaintiff incorporates herein.

27

28

Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

7757867544

Logan & Pulver Law

18 /56

1   **Request for Production No. 27**: All DOCUMENTS that RELATE TO YOUR relationship

2   (business or otherwise) with an entity known as Alternative Technology Resources, Inc.

3   **Response to Request for Production No. 27:**

4   See RESPONSE to No. 1, 13, 15, 18 and 24  which Plaintiff incorporates herein.

5

6   **Request for Production No. 28**: All DOCUMENTS that RELATE TO YOUR relationship

7   (business or otherwise) with an entity known as National Healthcare Exchange Services, Inc.

8   **Response to Request for Production No. 28:**

9   See RESPONSE to No. 1, 13, 15, 18 and 24  which Plaintiff incorporates herein.

10

11   **Request for Production No. 29:** All DOCUMENTS that RELATE TO any attempt (either

12   successful or unsuccessful) by YOU to sell, license, distribute or otherwise exchange for value any

13   interest in the COPYRIGHTS, from 1980 to present.

14   **Response to Request for Production No. 29:**

15   See RESPONSE to No. 1, 13, 15, 18 and 24 which Plaintiff incorporates herein.

16

17   **Request for Production No. 30:** All DOCUMENTS that RELATE TO any attempt (either

18   successful or unsuccessful) by YOU to sell, license, distribute or otherwise exchange for value any

19   interest in software or other technology in the fields of data compression, object tracking, pattern

20   recognition, or anomaly detection, from January 18, 2006 to present.

21   **Response to Request for Production No. 30:**

22   See RESPONSE to No. 1, 13, 15, 18 and 24 which Plaintiff incorporates herein.

23

24   **Request for Production No. 31:** All DOCUMENTS that RELATE TO any attempt (either

25   successful or unsuccessful) by YOU to sell, license, distribute or otherwise exchange for value any

26   interest in software or other technology in the fields of data compression, object tracking, pattern

27   recognition, or anomaly detection, from February 8, 2006 to present.

28   **Response to Request for Production No. 31:**

Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

1   See RESPONSE to No. 1, 13, 15, 18 and 24, which Plaintiff incorporates herein. Plaintiff further

2   objects on the grounds that this request is broad, vague, ambiguous and misleading in the context of

3   the preliminary injunction and Plaintiff's right to "work" as a software designer and programmer.

4   Plaintiff has a motion to vacate the preliminary injunction on file. Until such time as said motion to

5   vacate is decided, Plaintiff objects to the production of any "Documents" relating to this request.

6

7   **Request for Production No. 32:** All DOCUMENTS under YOUR control which RELATE TO

8   Michael Sandoval, who resides in or near Portland, Oregon, which date from January 18, 2006 to

9   present.

10   **Response to Request for Production No. 32:**

11   See RESPONSE to No. 1, 13, 15, 18, 24 and 31 which Plaintiff incorporates herein. Plaintiff further

12   objects on the grounds that he does not know any Michael Sandova from Portland Oregon and,

13   therefore cannot respond. He does know a Michael Sandoval., who, to his knowledge, does not

14   reside in Portland Oregon and incorporates herein his response to number 31.

15

16   **Request for Production No. 33:** All DOCUMENTS that RELATE TO any attempt (either

17   successful or unsuccessful) by YOU and in conjunction with Michael Sandoval (who resides in or

18   near Portland, Oregon) to sell, license, distribute or otherwise exchange for value any interest in

19   software or other technology in the fields of data compression, object tracking, pattern recognition,

20   or anomaly detection, from January 18, 2006 to present.

21   **Response to Request for Production No. 33:**

22   See RESPONSE to No. 1, 13, 15, 18, 24 and 31 and 32 which Plaintiff incorporates herein.

23

24   August 28, 2006                     /s/

25                                     Michael J. Flynn, Attorney for Dennis

26                                     Montgomery and the Montgomery Family Trust

27

28

19

Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

## CERTIFICATE OF SERVICE

1

2　　　I, Lezlie M. Lucas, declare: I am an employee in the City of Reno, County of Washoe, State

3　of Nevada, employed by the Law Office of Logar & Pulver, PC, located at 225 S. Arlington Avenue,

　　Suite A, Reno, Nevada 89501. I am over the age of 18 years and not a party to this action.

4

　　　　I am readily familiar with the Law Office of Logar & Pulver's practice for the collection of

5　mail, delivery of its hand-deliveries, their process of facsimile's and the practice of mailing.

6

7　　　　On August 29th, 2006, I caused the foregoing document to be delivered to the following

　　persons and/or entities:

8

　　With Documents Bate Stamped No.: 001 through 0036

9

10　Sent Via US Regular Mail:　　　　　　　Mr. Jerry M. Snyder, Esq.
　　Via-Facsimile: 786-6179　　　　　　　Hale Lane Peek Dennison and Howard
11　　　　　　　　　　　　　　　　　　　5441 Kietzke Lane, Second Floor
　　　　　　　　　　　　　　　　　　　Reno, NV 89511
12

13　Sent Via US Regular Mail:　　　　　　　Stephen J. Peek, Esq.
　　　　　　　　　　　　　　　　　　　Hale Lane Peek Dennison and Howard
14　　　　　　　　　　　　　　　　　　　5441 Kietzke Lane, Second Floor
　　　　　　　　　　　　　　　　　　　Reno, NV 89511
15

16　Sent Via US Regular Mail:　　　　　　　Pillsbury Winthrop Shaw Pittman, L.L.P.
　　　　　　　　　　　　　　　　　　　David A. Jakopin, Esq.
17　　　　　　　　　　　　　　　　　　　2475 Hanover Street
　　　　　　　　　　　　　　　　　　　Palo Alto, CA 94304-1114
18

19　Sent Via US Regular Mail:　　　　　　　Pillsbury Winthrop Shaw Pittman, L.L.P.
　　　　　　　　　　　　　　　　　　　Jonathan D. Butler, Esq.
20　　　　　　　　　　　　　　　　　　　2475 Hanover Street
　　　　　　　　　　　　　　　　　　　Palo Alto, CA 94304-1114
21

22　Sent Via US Regular Mail:　　　　　　　Civil Process Clerk, United States Attorney for the
　　　　　　　　　　　　　　　　　　　District of Nevada;
23　　　　　　　　　　　　　　　　　　　100 W. Liberty Street, Suite 600
　　　　　　　　　　　　　　　　　　　Reno, NV 89501
24

25

26

27　　　　　　　　　　　　　　　　　　　　/S/LML
　　　　　　　　　　　　　　　　　　　Lezlie M. Lucas, Notary Public
28　　　　　　　　　　　　　　　　　　　Legal Assistant to the
　　　　　　　　　　　　　　　　　　　Law Office of Logar & Pulver, PC

20

Plaintiff's Responses to eTreppid's Request for Production of Documents (Set One)

# EXHIBIT "C"

# EXHIBIT "C"

ORIGINAL

Ronald J. Logar --State Bar No. 303
Eric Pulver--State Bar No. 7874
LAW OFFICE OF LOGAR & PULVER, PC
225 S. Arlington Ave., Suite A
Reno, NV 89501
Tel: (775) 786-5040; Fax: (775) 786-7544

Michael J. Flynn, Mass. State Bar No. 172780
Philip H. Stillman, California State Bar No. 152861
FLYNN & STILLMAN
224 Birmingham Drive, Suite 1A4
Cardiff, CA 92007
Tel: (858) 759-7000; Fax: (858) 759-0711
*(Application for Admission Pro Hac Vice)*

Attorneys for Plaintiffs

LAW OFFICE OF LOGAR & PULVER, PC
225 S. ARLINGTON AVENUE
SUITE A
RENO, NV 89501
(775) 786-5040

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF NEVADA**

**DENNIS MONTGOMERY et al.,**

**Plaintiffs,**

**vs.**

**ETREPPID TECHNOLOGIES, LLC et al.,**

Defendants.

Case No. CV-N-06-0056-BES-VPC

PLAINTIFF DENNIS MONTGOMERY AND MONTGOMERY FAMILY TRUST'S RESPONSES TO ETREPPID TECHNOLOGY LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS:

**DOCUMENTS BATE STAMPED 0037 THROUGH AND INCLUDING 0317**

# CERTIFICATE OF SERVICE

I, Lezlie M. Lucas, declare:     I am an employee in the City of Reno, County of Washoe, State of Nevada, employed by the Law Office of Logar & Pulver, PC, located at 225 S. Arlington Avenue, Suite A, Reno, NV 89501. I am over the age of 18 years and not a party to this action.

I am readily familiar with the Law Office of Logar & Pulver's practice for the collection of mail, delivery of its hand-deliveries, their process of facsimile's and the practice of mailing.

On August 30, 2006, I caused the foregoing document to be delivered to the following persons and/or entities:     DOCUMENTS BATE STAMPED 0037 through and including 0317

Sent Via US Regular Mail:                    Mr. Jerry M. Snyder, Esq.
                                             Hale Lane Peek Dennison and Howard
                                             5441 Kietzke Lane, Second Floor
                                             Reno, NV 89511

Sent Via US Regular Mail:                    Stephen J. Peek, Esq.
                                             Hale Lane Peek Dennison and Howard
                                             5441 Kietzke Lane, Second Floor
                                             Reno, NV 89511

Sent Via US Regular Mail:                    David A. Jakopin, Esq.
                                             Pillsbury Winthrop Shaw Pittman, L.L.P.
                                             2475 Hanover Street
                                             Palo Alto, CA 94304-1114

Sent Via US Regular Mail:                    Jonathan D. Butler, Esq.
                                             Pillsbury Winthrop Shaw Pittman, L.L.P.
                                             2475 Hanover Street
                                             Palo Alto, CA 94304-1114

Sent Via US Regular Mail:                    Civil Process Clerk, United States Attorney for the
                                             District of Nevada;
                                             100 W. Liberty Street, Suite 600
                                             Reno, NV 89501

Sent Via US Regular Mail:                    Carlotta P. Wells
                                             US Department of Justice, Civil Division
                                             20 Massachusetts Avenue, NW
                                             Washington, DC 20530
                                             /S/LML
                                             Lezlie M. Lucas, Notary Public
                                             Legal Assistant to the
                                             Law Office of Logar & Pulver, PC

LAW OFFICE OF LOGAR & PULVER, PC
225 S. ARLINGTON AVENUE
SUITE A
RENO, NV 89501
(775) 786-5040

# EXHIBIT "D"

# EXHIBIT "D"

1  | Mark H. Gunderson, Esq. (SBN: 2134)
   | Catherine A. Reichenberg, Esq. (SBN: 10362)
2  | GUNDERSON LAW FIRM
   | 5345 Kietzke Lane, Suite 200
3  | Reno, Nevada 89511
   | Telephone: (775) 829-1222
4  | Facsimile: (775) 829-1226

5  | Deborah A. Klar, Esq. (SBN: CA 124750)
   | Teri T. Pham, Esq. (SBN: CA 193383)
6  | Tuneen E. Chisolm, Esq. (SBN: CA 211741)
   | LINER YANKELEVITZ
7  | SUNSHINE & REGENSTREIF LLP
   | 1100 Glendon Avenue, 14th Floor
8  | Los Angeles, California 90024-3503
   | Telephone: (310) 500-3500
9  | Facsimile: (310) 500-3501
   | ADMITTED PRO HAC VICE

10 |
   | Attorneys for Plaintiffs
11 | DENNIS MONTGOMERY, and the MONTGOMERY
   | FAMILY TRUST

12 |

13 | **UNITED STATES DISTRICT COURT**

14 | **DISTRICT OF NEVADA**

15 |

| | | |
|---|---|---|
| 16 | DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST, | ) ) ) Case No. 3:06-CV-00056-PMP-VPC BASE FILE |
| 17 | | ) |
| 18 | Plaintiffs, | ) (Consolidated with Case No. 3:06-CV- ) 00145-PMP-VPC) |
| 19 | vs. | ) **PLAINTIFFS DENNIS** |
| 20 | ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES | ) **MONTGOMERY'S AND THE** ) **MONTGOMERY FAMILY TRUST'S** |
| 21 | DEPARTMENT OF DEFENSE, | ) **SUPPLEMENTAL RESPONSES TO** ) **DEFENDANT ETREPPID** |
| 22 | Defendants. | ) **TECHNOLOGIES, LLC'S REQUESTS** ) **FOR PRODUCTION OF DOCUMENTS,** |
| 23 | | ) **SET ONE** ) |
| 24 | AND RELATED CASES. | ) ) |

25 | PROPOUNDING PARTY:   DEFENDANT ETREPPID TECHNOLOGIES, LLC

26 | RESPONDING PARTY:   PLAINTIFFS DENNIS MONTGOMERY AND THE

27 | MONTGOMERY FAMILY TRUST

28 | SET NO.:   ONE

---

PLAINTIFFS' SUPPLEMENTAL RESPONSES TO ETREPPID'S REQUESTS FOR PRODUCTION OF
DOCUMENTS, SET ONE

0039641/001/ 373637v02

1    Dennis Montgomery and the Montgomery Family Trust (collectively "Responding Parties"

2  or "The Montgomery Parties") hereby supplement their response to Defendant eTreppid

3  Technologies, LLC's  Request for Production of Documents, Set One.

4    The documents and things to be produced in response to the Requests, as indicated herein,

5  shall be made available for inspection and copying at the office of Liner Yankelevitz Sunshine &

6  Regenstreif, LLP, located at 1100 Glendon Avenue, 14th Floor, Los Angeles, California 90024-

7  3503, at a time that is mutually convenient for the parties.

8    **PRELIMINARY STATEMENT**

9    Responding Parties have not completed their investigation of the facts relating to this case

10  and discovery is still in the early stages.  The responses contained herein are based upon only such

11  information and documents which are presently available to and specifically known to Responding

12  Parties.  It is anticipated that further discovery and investigation may lead to additional facts and/or

13  identification of additional witnesses.  Accordingly, the following responses are made without

14  prejudice to Responding Parties' right to amend or supplement these responses, or to produce and

15  rely upon evidence of subsequently discovered facts and/or witnesses.

16    To the extent applicable, Responding Parties' responses are made in compliance with the

17  U.S. Protective Order, entered in this action on August 29, 2007, and any applicable confidentiality

18  agreements, and subject to the Protective Order entered in this action on September 20, 2007.

19  **REQUEST FOR PRODUCTION NO. 1**:

20    All DOCUMENTS that RELATE TO any of YOUR responses to the Interrogatories served

21  herewith.

22  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

23    Responding Party objects to this request on the grounds that, particularly as the term YOUR

24  is defined:  (i) the request is overly broad and ambiguous; (ii) the request seeks information which

25  is neither relevant to the claims and defenses asserted in this action, nor reasonably calculated to

26  lead to discovery of admissible evidence; and (iii) the seeks information protected from disclosure

27  by the attorney-client privilege and/or attorney work product doctrine.  Responding Parties further

28  object to this request:  (iv) to the extent it purports to impose obligations upon Responding Parties

1  that exceed those imposed by the Federal Rules of Civil Procedure and Local Rules; (v) to the

2  extent it is unnecessarily invasive of Responding Parties' right to maintain and protect its trade

3  secrets; and (vi) to the extent it is unnecessarily invasive of Responding Parties' confidential

4  business information and rights of privacy.

5       Subject to and without waiving the stated objections, Responding Parties will produce the

6  relevant non-privileged responsive documents in their possession, custody or control, to the extent

7  documents were referenced in Responding Parties' responses to the Interrogatories.

8  **REQUEST FOR PRODUCTION NO. 2**:

9       All DOCUMENTS that YOU reviewed or to which YOU referred in preparing YOUR

10  Responses to the Interrogatories served herewith.

11  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

12       Responding Party objects to this request on the grounds that, particularly as the terms YOU

13  and YOUR are defined, the request: (i) is overly broad and ambiguous; (ii) seeks information

14  which is neither relevant to the claims and defenses asserted in this action, nor reasonably

15  calculated to lead to discovery of admissible evidence; and (iii) seeks information protected from

16  disclosure by the attorney-client privilege and/or attorney work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 3**:

18       All DOCUMENTS that contain some or all of the full text of each of the COPYRIGHTS.

19  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

20       Responding Party objects to this request on the grounds that: (i) the request is overly broad

21  and ambiguous; (ii) the request seeks information which is neither relevant to the claims and

22  defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

23  evidence; (iii) the request seeks information protected from disclosure by the attorney-client

24  privilege and/or attorney work product doctrine; (iv) the request is unnecessarily invasive of

25  Responding Parties' right to maintain and protect its trade secrets; (v) the request is unnecessarily

26  invasive of Responding Parties' confidential business information and rights of privacy; and (vi)

27  the request purports to impose obligations upon Responding Parties that exceed those imposed by

28  the Federal Rules of Civil Procedure and Local Rules.

PLAINTIFFS' SUPPLEMENTAL RESPONSES TO ETREPPID'S REQUESTS FOR PRODUCTION OF
DOCUMENTS, SET ONE
0039641/001/ 373637v02

1      Subject to and without waiving the stated objections, Responding Parties will produce

2  copies of the materials deposited with the United States Copyright Office for the subject copyright

3  registrations.

4  **REQUEST FOR PRODUCTION NO. 4**:

5      All DOCUMENTS that contain some or all of any material, included in and/or protected by

6  the COPYRIGHTS, that YOU contend Defendants have, either collectively or individually,

7  infringed.

8  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

9      Responding Party objects to this request on the grounds that, particularly as the term YOU

10  is defined:  (i) the request is overly broad and ambiguous; (ii) the request seeks information which

11  is neither relevant to the claims and defenses asserted in this action, nor reasonably calculated to

12  lead to discovery of admissible evidence; (iii) the request seeks information protected from

13  disclosure by the attorney-client privilege and/or attorney work product doctrine; (iv) the request is

14  unnecessarily invasive of Responding Parties' right to maintain and protect its trade secrets; (v) the

15  request is unnecessarily invasive of Responding Parties' confidential business information and

16  rights of privacy; and (vi) the request purports to impose obligations upon Responding Parties that

17  exceed those imposed by the Federal Rules of Civil Procedure and Local Rules.

18      Subject to and without waiving the stated objections, Responding Parties will produce

19  copies of the materials deposited with the United States Copyright Office for the subject copyright

20  registrations.

21  **REQUEST FOR PRODUCTION NO. 5**:

22      All DOCUMENTS that RELATE TO YOUR contention that YOU own the

23  COPYRIGHTS.

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

25      Responding Party objects to this request on the grounds that, particularly as the terms YOU

26  and YOUR are defined:  (i) the request is overly broad and ambiguous; (ii) the request seeks

27  information which is neither relevant to the claims and defenses asserted in this action, nor

28  reasonably calculated to lead to discovery of admissible evidence; (iii) the request seeks

1 information protected from disclosure by the attorney-client privilege and/or attorney work product

2 doctrine; (iv) the request is unnecessarily invasive of Responding Parties' right to maintain and

3 protect its trade secrets; (v) the request is unnecessarily invasive of Responding Parties'

4 confidential business information and rights of privacy; and (vi) the request purports to impose

5 obligations upon Responding Parties that exceed those imposed by the Federal Rules of Civil

6 Procedure and Local Rules.

7    Subject to and without waiving the stated objections, Responding Parties will produce

8 copies of the subject copyright registrations and related assignments, and copies of the materials

9 deposited with the United States Copyright Office for the subject copyright registrations.

10 **REQUEST FOR PRODUCTION NO. 6**:

11    All DOCUMENTS that contain some or all of the full text of each work that YOU contend

12 is a 'derivative work' of the COPYRIGHTS.

13 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

14    Responding Party objects to this request on the grounds that, particularly as the term YOU

15 is defined: (i) the request is overly broad and ambiguous; (ii) the request seeks information which

16 is neither relevant to the claims and defenses asserted in this action, nor reasonably calculated to

17 lead to discovery of admissible evidence; (iii) the request seeks information protected from

18 disclosure by the attorney-client privilege and/or attorney work product doctrine; (iv) the request is

19 unnecessarily invasive of Responding Parties' right to maintain and protect its trade secrets; (v) the

20 request is unnecessarily invasive of Responding Parties' confidential business information and

21 rights of privacy; and (vi) the request purports to impose obligations upon Responding Parties that

22 exceed those imposed by the Federal Rules of Civil Procedure and Local Rules.

23 **REQUEST FOR PRODUCTION NO. 7**:

24    All DOCUMENTS that RELATE TO the registration(s) of each work that YOU contend is

25 a 'derivative work' of the COPYRIGHTS.

26 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

27    Responding Party objects to this request on the grounds that, particularly as the term YOU

28 is defined: (i) the request is overly broad and ambiguous; (ii) the request seeks information which

1   is neither relevant to the claims and defenses asserted in this action, nor reasonably calculated to

2   lead to discovery of admissible evidence; (iii) the request seeks information protected from

3   disclosure by the attorney-client privilege and/or attorney work product doctrine; (iv) the request is

4   unnecessarily invasive of Responding Parties' right to maintain and protect its trade secrets; (v) the

5   request is unnecessarily invasive of Responding Parties' confidential business information and

6   rights of privacy; and (vi) the request purports to impose obligations upon Responding Parties that

7   exceed those imposed by the Federal Rules of Civil Procedure and Local Rules.

8          Subject to and without waiving the stated objections, Responding Parties respond that, to

9   date, there are no such registrations.

10  **REQUEST FOR PRODUCTION NO. 8:**

11         All DOCUMENTS that RELATE TO YOUR contention that Defendants, either

12  collectively or individually, have infringed upon any of the COPYRIGHTS.

13  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

14         Responding Party objects to this request on the grounds that, particularly as the term YOUR

15  is defined:  (i) the request is overly broad and ambiguous; (ii) the request seeks information which

16  is neither relevant to the claims and defenses asserted in this action, nor reasonably calculated to

17  lead to discovery of admissible evidence; (iii) the request seeks information protected from

18  disclosure by the attorney-client privilege and/or attorney work product doctrine; (iv) the request is

19  unnecessarily invasive of Responding Parties' right to maintain and protect its trade secrets; (v) the

20  request is unnecessarily invasive of Responding Parties' confidential business information and

21  rights of privacy; and (vi) the request purports to impose obligations upon Responding Parties that

22  exceed those imposed by the Federal Rules of Civil Procedure and Local Rules.

23         Subject to and without waving the stated objections, Responding Parties will produce the

24  relevant non-privileged documents in their possession, custody or control, which are sufficient to

25  demonstrate the infringement.

26

27

28

0039641/001/ 373637v02

1 **REQUEST FOR PRODUCTION NO. 9**:

2       All DOCUMENTS that RELATE TO YOUR contention that Defendants, either

3 collectively or individually, have infringed upon any work that YOU contend is a 'derivative work'

4 of the COPYRIGHTS.

5 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

6       Responding Party objects to this request on the grounds that, particularly as the terms YOU

7 and YOUR are defined:  (i) the request is overly broad and ambiguous; (ii) the request seeks

8 information which is neither relevant to the claims and defenses asserted in this action, nor

9 reasonably calculated to lead to discovery of admissible evidence; (iii) the request seeks

10 information protected from disclosure by the attorney-client privilege and/or attorney work product

11 doctrine; (iv) the request is unnecessarily invasive of Responding Parties' right to maintain and

12 protect its trade secrets; (v) the request is unnecessarily invasive of Responding Parties'

13 confidential business information and rights of privacy; and (vi) the request purports to impose

14 obligations upon Responding Parties that exceed those imposed by the Federal Rules of Civil

15 Procedure and Local Rules.

16       Subject to and without waving the stated objections, Responding Parties will produce the

17 relevant non-privileged documents in their possession, custody, or control, which are sufficient to

18 demonstrate the infringement.

19 **REQUEST FOR PRODUCTION NO. 10**:

20       All DOCUMENTS that RELATE TO any health insurance for YOU from 1998 through

21 2005 (this includes, but is not limited to: all invoices, enrollment forms, insurance cards, and

22 evidence of payment of any premiums).

23 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

24       Responding Party objects to this request on the grounds that, particularly as the term YOU

25 is defined:  (i) the request is overly broad and ambiguous; (ii) the request seeks information which

26 is neither relevant to the claims and defenses asserted in this action, nor reasonably calculated to

27 lead to discovery of admissible evidence; (iii) the request seeks information protected from

28 disclosure by the attorney-client privilege and/or attorney work product doctrine; (iv) the request is

1  unnecessarily invasive of Responding Parties' rights of privacy; and (v) the request purports to

2  impose obligations upon Responding Parties that exceed those imposed by the Federal Rules of

3  Civil Procedure and Local Rules.

4       Subject to and without waving the stated objections, Responding Parties respond that the

5  relevant non-privileged documents sufficient to demonstrate that Dennis Montgomery obtained

6  health insurance through eTreppid at his own cost are the K-1's issued to Mr. Montgomery by

7  eTreppid, some of which have been produced in this action.

8  **REQUEST FOR PRODUCTION NO. 11**:

9       All DOCUMENTS that RELATE TO personal income tax returns filed by YOU from 1998

10  through 2005.

11  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

12       Responding Party objects to this request on the grounds that, particularly as the term YOU

13  is defined: (i) the request is overly broad and ambiguous; (ii) the request seeks information which

14  is neither relevant to the claims and defenses asserted in this action, nor reasonably calculated to

15  lead to discovery of admissible evidence; (iii) the request seeks information protected from

16  disclosure by the attorney-client privilege and/or attorney work product doctrine; (iv) the request is

17  unnecessarily invasive of rights of privacy; and (v) the request purports to impose obligations upon

18  Responding Parties that exceed those imposed by the Federal Rules of Civil Procedure and Local

19  Rules.

20  **REQUEST FOR PRODUCTION NO. 12**:

21       All DOCUMENTS that RELATE TO any payment of money by Defendants, either

22  collectively or individually, to YOU (including, but not limited to: pay stubs, expense vouchers,

23  I.R.S. Form 1099s, and I.R.S. Form W-2s).

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

25       Responding Party objects to this request on the grounds that, particularly as the term YOU

26  is defined: (i) the request is overly broad and ambiguous; (ii) the request seeks information which

27  is neither relevant to the claims and defenses asserted in this action, nor reasonably calculated to

28  lead to discovery of admissible evidence; (iii) the request seeks information protected from

1  disclosure by the attorney-client privilege and/or attorney work product doctrine; and (iv) the

2  request purports to impose obligations upon Responding Parties that exceed those imposed by the

3  Federal Rules of Civil Procedure and Local Rules.

4      Subject to and without waiving the stated objections, Responding Parties respond that the

5  relevant non-privileged documents which reflect this information (excluding reimbursement for

6  expenses) are the K-1's, W-2's, and Form 1099's issued to Montgomery by eTreppid, all of which

7  are in eTreppid's possession, custody, and control, and some of which have been produced in this

8  action by eTreppid.

9  **REQUEST FOR PRODUCTION NO. 13**:

10     All DOCUMENTS that RELATE TO any loan made to YOU by Warren Trepp or by any

11 entity controlled by Mr. Trepp (including, but not limited to: promissory notes or similar

12 instruments, copies of checks, bank statements showing the deposit of loan proceeds, receipts, and

13 each DOCUMENT that RELATES TO any such loan).

14 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

15     Responding Party objects to this request on the grounds that, particularly as the term YOU

16 is defined:  (i) the request is overly broad and ambiguous; (ii) the request seeks information which

17 is neither relevant to the claims and defenses asserted in this action, nor reasonably calculated to

18 lead to discovery of admissible evidence; (iii) the request seeks information protected from

19 disclosure by the attorney-client privilege and/or attorney work product doctrine; (iv) the request is

20 unnecessarily invasive of rights of privacy; and (v) the request purports to impose obligations upon

21 Responding Parties that exceed those imposed by the Federal Rules of Civil Procedure and Local

22 Rules.

23 **REQUEST FOR PRODUCTION NO. 14**:

24     All DOCUMENTS that RELATE TO repayment of any loan made to YOU by Warren

25 Trepp or by any entity controlled by Mr. Trepp (including, but not limited to: cancelled checks,

26 receipts, or bank statements).

27

28

PLAINTIFFS' SUPPLEMENTAL RESPONSES TO ETREPPID'S REQUESTS FOR PRODUCTION OF
DOCUMENTS, SET ONE

0039641/001/ 373637v02

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

2      Responding Party objects to this request on the grounds that, particularly as the term YOU

3  is defined: (i) the request is overly broad and ambiguous; (ii) the request seeks information which

4  is neither relevant to the claims and defenses asserted in this action, nor reasonably calculated to

5  lead to discovery of admissible evidence; (iii) the request seeks information protected from

6  disclosure by the attorney-client privilege and/or attorney work product doctrine; (iv) the request is

7  unnecessarily invasive of rights of privacy; and (v) the request purports to impose obligations upon

8  Responding Parties that exceed those imposed by the Federal Rules of Civil Procedure and Local

9  Rules.

10  **REQUEST FOR PRODUCTION NO. 15**:

11      All DOCUMENTS that RELATE TO any discussion in which YOU informed any officer

12  or agent of eTreppid of YOUR contention that YOU owned an interest in any technology being

13  developed by eTreppid (this does not include any ownership interest arising solely from YOUR

14  ownership interest as a member of eTreppid).

15  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

16      Responding Party objects to this request on the grounds that, particularly as the terms YOU

17  and YOUR are defined: (i) the request is overly broad and ambiguous, particularly with respect to

18  what technology was "being developed by eTreppid"; (ii) the request seeks information which is

19  neither relevant to the claims and defenses asserted in this action, nor reasonably calculated to lead

20  to discovery of admissible evidence; (iii) the request seeks information protected from disclosure

21  by the attorney-client privilege and/or attorney work product doctrine; and (iv) the request purports

22  to impose obligations upon Responding Parties that exceed those imposed by the Federal Rules of

23  Civil Procedure and Local Rules.

24      Subject to and without waiving the stated objections, Responding Parties will produce the

25  relevant non-privileged responsive documents in their possession, custody or control.

26  **REQUEST FOR PRODUCTION NO. 16**:

27      All DOCUMENTS that RELATE TO eTreppid's technology, products, and/or research and

28  development efforts (including, but not limited to: any and all marketing documents, business

1 | plans, PowerPoint presentations, white papers, correspondence, and/or notes of meetings with

2 | customers or potential customers).

3 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

4 |     Responding Party objects to this request on the grounds that:  (i) the request is overly broad

5 | and ambiguous; (ii) the request seeks information which is neither relevant to the claims and

6 | defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

7 | evidence; (iii) the request seeks information protected from disclosure by the attorney-client

8 | privilege and/or attorney work product doctrine; and (iv) the request purports to impose obligations

9 | upon Responding Parties that exceed those imposed by the Federal Rules of Civil Procedure and

10 | Local Rules.

11 |     Subject to and without waiving the stated objections, Responding Parties will produce the

12 | relevant documents in their possession, custody, or control, which are sufficient to identify the

13 | compression technology transferred to eTreppid under the 1998 Contribution Agreement.

14 | **REQUEST FOR PRODUCTION NO. 17:**

15 |     All DOCUMENTS that RELATE TO any transaction through which YOU transferred any

16 | ownership interest (or portion thereof) in eTreppid to any third party.

17 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

18 |     Responding Party objects to this request on the grounds that, particularly as the term YOU

19 | is defined:  (i) the request is overly broad and ambiguous; (ii) the request seeks information which

20 | is neither relevant to the claims and defenses asserted in this action, nor reasonably calculated to

21 | lead to discovery of admissible evidence; (iii) the request seeks information protected from

22 | disclosure by the attorney-client privilege and/or attorney work product doctrine; (iv) the request is

23 | unnecessarily invasive of Responding Parties' rights of privacy; and (v) the request purports to

24 | impose obligations upon Responding Parties that exceed those imposed by the Federal Rules of

25 | Civil Procedure and Local Rules.

26 |     Subject to and without waiving the stated objections, Responding Parties have no non-

27 | privileged responsive documents in their possession, custody or control.

28 |

1    **REQUEST FOR PRODUCTION NO. 18**:

2        All DOCUMENTS that contain any source code, written by YOU or under YOUR

3    direction, that RELATES TO the fields of data compression, pattern recognition, object tracking or

4    anomaly detection (including, but not limited to: all or any part of a software program or

5    algorithm).

6    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

7        Responding Party objects to this request on the grounds that, particularly as the terms YOU

8    and YOUR are defined:  (i) the request is overly broad and ambiguous; (ii) the request seeks

9    information which is neither relevant to the claims and defenses asserted in this action, nor

10    reasonably calculated to lead to discovery of admissible evidence; (iii) the request seeks

11    information protected from disclosure by the attorney-client privilege and/or attorney work product

12    doctrine; (iv) the request is unnecessarily invasive of Responding Parties' right to maintain and

13    protect its trade secrets; (v) the request is unnecessarily invasive of Responding Parties'

14    confidential business information and rights of privacy; and (vi) the request purports to impose

15    obligations upon Responding Parties that exceed those imposed by the Federal Rules of Civil

16    Procedure and Local Rules.

17        Subject to and without waiving the stated objections, Responding Parties will produce the

18    relevant non-privileged documents in their possession, custody or control, which are sufficient to

19    identify the compression technology source code transferred to eTreppid under the 1998

20    Contribution Agreement.

21    **REQUEST FOR PRODUCTION NO. 19**:

22        All DOCUMENTS that RELATE TO any research and development efforts made, by YOU

23    or by anyone working under YOUR direction, in the fields of data compression, object tracking,

24    pattern recognition, or anomaly detection (including, but not limited to: any and all notes,

25    diagrams, laboratory materials, or source code).

26    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

27        Responding Party objects to this request on the grounds that, particularly as the terms YOU

28    and YOUR are defined:  (i) the request is overly broad and ambiguous; (ii) the request seeks

0039641/001/373637v02

1  information which is neither relevant to the claims and defenses asserted in this action, nor

2  reasonably calculated to lead to discovery of admissible evidence; (iii) the request seeks

3  information protected from disclosure by the attorney-client privilege and/or attorney work product

4  doctrine; (iv) the request is unnecessarily invasive of Responding Parties' right to maintain and

5  protect its trade secrets; (v) the request is unnecessarily invasive of Responding Parties'

6  confidential business information and rights of privacy; and (vi) the request purports to impose

7  obligations upon Responding Parties that exceed those imposed by the Federal Rules of Civil

8  Procedure and Local Rules.

9       Subject to and without waiving the stated objections, Responding Parties will produce the

10  relevant non-privileged documents in their possession, custody or control, which are sufficient to

11  describe the research and development efforts for eTreppid by Dennis Montgomery or anyone

12  working under his direction, with respect to the compression technology transferred under the 1998

13  Contribution Agreement.

14  **REQUEST FOR PRODUCTION NO. 20:**

15       Executable versions of any and all software, developed by YOU or by anyone working

16  under YOUR direction, which RELATES TO the fields of data compression, object tracking,

17  pattern recognition, or anomaly detection.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

19       Responding Party objects to this request on the grounds that, particularly as the terms YOU

20  and YOUR are defined:  (i) the request is overly broad and ambiguous; (ii) the request seeks

21  information which is neither relevant to the claims and defenses asserted in this action, nor

22  reasonably calculated to lead to discovery of admissible evidence; (iii) the request seeks

23  information protected from disclosure by the attorney-client privilege and/or attorney work product

24  doctrine; (iv) the request is unnecessarily invasive of Responding Parties' right to maintain and

25  protect its trade secrets; (v) the request is unnecessarily invasive of Responding Parties'

26  confidential business information and rights of privacy; and (vi) the request purports to impose

27  obligations upon Responding Parties that exceed those imposed by the Federal Rules of Civil

28  Procedure and Local Rules.

0039641/001/ 373637v02

1    Subject to and without waiving the stated objections, Responding Parties will produce the

2    relevant non-privileged documents in their possession, custody or control, which are sufficient to

3    identify the compression technology transferred under the 1998 Contribution Agreement.

4    **REQUEST FOR PRODUCTION NO. 21:**

5    All DOCUMENTS (including, but not limited to: notes, letters, electronic correspondence,

6    calendar entries, phone messages, or any type of memorandum), which RELATES TO any

7    COMMUNICATION from 1998 to present, by or between YOU and any other person or entity,

8    which RELATES TO the development of software or other technology in the fields of data

9    compression, object tracking, pattern recognition, or anomaly detection.

10   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

11   Responding Party objects to this request on the grounds that, particularly as the terms YOU

12   and YOUR are defined:  (i) the request is overly broad and ambiguous; (ii) the request seeks

13   information which is neither relevant to the claims and defenses asserted in this action, nor

14   reasonably calculated to lead to discovery of admissible evidence; (iii) the request seeks

15   information protected from disclosure by the attorney-client privilege and/or attorney work product

16   doctrine; (iv) the request is unnecessarily invasive of Responding Parties' right to maintain and

17   protect its trade secrets; (v) the request is unnecessarily invasive of Responding Parties'

18   confidential business information and rights of privacy; and (vi) the request purports to impose

19   obligations upon Responding Parties that exceed those imposed by the Federal Rules of Civil

20   Procedure and Local Rules.

21   Subject to and without waiving the stated objections, Responding Parties will produce the

22   relevant non-privileged responsive documents in their possession, custody or control.

23   **REQUEST FOR PRODUCTION NO. 22:**

24   All DOCUMENTS that RELATE TO the software that YOU transferred to eTreppid under

25   the terms of the September 28, 1998 Contribution Agreement (including, but not limited to: all

26   source code — whether in printed or electronic form — executable files, shop notes, laboratory

27   notes, and any other memoranda).

28

0039641/001/ 373637v02

1   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

2       Responding Party objects to this request on the grounds that, particularly as the terms YOU

3   and YOUR are defined: (i) the request is overly broad and ambiguous; (ii) the request seeks

4   information which is neither relevant to the claims and defenses asserted in this action, nor

5   reasonably calculated to lead to discovery of admissible evidence; (iii) the request seeks

6   information protected from disclosure by the attorney-client privilege and/or attorney work product

7   doctrine; and (is) the request purports to impose obligations upon Responding Parties that exceed

8   those imposed by the Federal Rules of Civil Procedure and Local Rules.

9       Subject to and without waiving the stated objections, Responding Parties will produce the

10   relevant non-privileged documents in their possession, custody or control, which are sufficient to

11   describe the compression technology transferred under the 1998 Contribution Agreement.

12   **REQUEST FOR PRODUCTION NO. 23:**

13       All DOCUMENTS that RELATE TO the formation and/or creation of The Montgomery

14   Family Trust.

15   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

16       Responding Party objects to this request on the grounds that, particularly as the terms YOU

17   and YOUR are defined:  (i) the request is overly broad and ambiguous; (ii) the request seeks

18   information which is neither relevant to the claims and defenses asserted in this action, nor

19   reasonably calculated to lead to discovery of admissible evidence; (iii) the request seeks

20   information protected from disclosure by the attorney-client privilege and/or attorney work product

21   doctrine; (iv) the request is unnecessarily invasive of Responding Parties' right to maintain and

22   protect its trade secrets; (v) the request is unnecessarily invasive of Responding Parties'

23   confidential business information and rights of privacy; and (vi) the request purports to impose

24   obligations upon Responding Parties that exceed those imposed by the Federal Rules of Civil

25   Procedure and Local Rules.

26       Subject to and without waiving the stated objections, Responding Parties will produce the

27   relevant non-privileged documents in their possession, custody or control, which are sufficient to

28   demonstrate the formation of The Montgomery Family Trust.

0039641/001/ 373637v02

1   **REQUEST FOR PRODUCTION NO. 24**:

2       All DOCUMENTS that RELATE TO YOUR relationship (business or otherwise) with an

3   entity known as Computermate, Inc.

4   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

5       Responding Party objects to this request on the grounds that:  (i) the request is overly broad

6   and ambiguous; (ii) the request seeks information which is neither relevant to the claims and

7   defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

8   evidence; (iii) the request seeks information protected from disclosure by the attorney-client

9   privilege and/or attorney work product doctrine; (iv) the request is unnecessarily invasive of

10  Responding Parties' right to maintain and protect its trade secrets; (v) the request is unnecessarily

11  invasive of Responding Parties' confidential business information and rights of privacy; (vi) the

12  request purports to impose obligations upon Responding Parties that exceed those imposed by the

13  Federal Rules of Civil Procedure and Local Rules; and (vii) the request raises an impermissible and

14  disqualifying conflict of interest issues (which can be imputed to Hale Lane Peek Dennison and

15  Howard) in light of the fact that Pillsbury Winthrop Shaw and Pittman, LLP – which was

16  eTreppid's counsel of record at the time these requests were propounded – represented  Responding

17  Parties with regard to the subject matter of the request and had such documents in their possession,

18  custody or control.

19  **REQUEST FOR PRODUCTION NO. 25**:

20      All DOCUMENTS that RELATE TO YOUR relationship (business or otherwise) with an

21  entity known as Barrett Laboratories, Inc.

22  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

23      Responding Party objects to this request on the grounds that:  (i) the request is overly broad

24  and ambiguous; (ii) the request seeks information which is neither relevant to the claims and

25  defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

26  evidence; (iii) the request seeks information protected from disclosure by the attorney-client

27  privilege and/or attorney work product doctrine; (iv) the request is unnecessarily invasive of

28  Responding Parties' right to maintain and protect its trade secrets; (v) the request is unnecessarily

1   invasive of Responding Parties' confidential business information and rights of privacy; (vi) the

2   request purports to impose obligations upon Responding Parties that exceed those imposed by the

3   Federal Rules of Civil Procedure and Local Rules; and (vii) the request raises an impermissible and

4   disqualifying conflict of interest issues (which can be imputed to Hale Lane Peek Dennison and

5   Howard) in light of the fact that Pillsbury Winthrop Shaw and Pittman, LLP – which was

6   eTreppid's counsel of record at the time these requests were propounded – represented  Responding

7   Parties with regard to the subject matter of the request and had such documents in their possession,

8   custody or control.

9   **REQUEST FOR PRODUCTION NO. 26**:

10       All DOCUMENTS that RELATE TO YOUR relationship (business or otherwise) with an

11   entity known as 3Net Systems, Inc.

12   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

13       Responding Party objects to this request on the grounds that:  (i) the request is overly broad

14   and ambiguous; (ii) the request seeks information which is neither relevant to the claims and

15   defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

16   evidence; (iii) the request seeks information protected from disclosure by the attorney-client

17   privilege and/or attorney work product doctrine; (iv) the request is unnecessarily invasive of

18   Responding Parties' right to maintain and protect its trade secrets; (v) the request is unnecessarily

19   invasive of Responding Parties' confidential business information and rights of privacy; (vi) the

20   request purports to impose obligations upon Responding Parties that exceed those imposed by the

21   Federal Rules of Civil Procedure and Local Rules; and (vii) the request raises an impermissible and

22   disqualifying conflict of interest issues (which can be imputed to Hale Lane Peek Dennison and

23   Howard) in light of the fact that Pillsbury Winthrop Shaw and Pittman, LLP – which was

24   eTreppid's counsel of record at the time these requests were propounded – represented  Responding

25   Parties with regard to the subject matter of the request and had such documents in their possession,

26   custody or control.

27

28

1 **REQUEST FOR PRODUCTION NO. 27**:

2       All DOCUMENTS that RELATE TO YOUR relationship (business or otherwise) with an

3 entity known as Alternative Technology Resources, Inc.

4 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

5       Responding Party objects to this request on the grounds that:  (i) the request is overly broad

6 and ambiguous; (ii) the request seeks information which is neither relevant to the claims and

7 defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

8 evidence; (iii) the request seeks information protected from disclosure by the attorney-client

9 privilege and/or attorney work product doctrine; (iv) the request is unnecessarily invasive of

10 Responding Parties' right to maintain and protect its trade secrets; (v) the request is unnecessarily

11 invasive of Responding Parties' confidential business information and rights of privacy; (vi) the

12 request purports to impose obligations upon Responding Parties that exceed those imposed by the

13 Federal Rules of Civil Procedure and Local Rules; and (vii) the request raises an impermissible and

14 disqualifying conflict of interest issues (which can be imputed to Hale Lane Peek Dennison and

15 Howard) in light of the fact that Pillsbury Winthrop Shaw and Pittman, LLP – which was

16 eTreppid's counsel of record at the time these requests were propounded – represented  Responding

17 Parties with regard to the subject matter of the request and had such documents in their possession,

18 custody or control.

19 **REQUEST FOR PRODUCTION NO. 28**:

20       All DOCUMENTS that RELATE TO YOUR relationship (business or otherwise) with an

21 entity known as National Healthcare Exchange Services, Inc.

22 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

23       Responding Party objects to this request on the grounds that:  (i) the request is overly broad

24 and ambiguous; (ii) the request seeks information which is neither relevant to the claims and

25 defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

26 evidence; (iii) the request seeks information protected from disclosure by the attorney-client

27 privilege and/or attorney work product doctrine; (iv) the request is unnecessarily invasive of

28 Responding Parties' right to maintain and protect its trade secrets; (v) the request is unnecessarily

1  invasive of Responding Parties' confidential business information and rights of privacy; (vi) the

2  request purports to impose obligations upon Responding Parties that exceed those imposed by the

3  Federal Rules of Civil Procedure and Local Rules; and (vii) the request raises an impermissible and

4  disqualifying conflict of interest issues (which can be imputed to Hale Lane Peek Dennison and

5  Howard) in light of the fact that Pillsbury Winthrop Shaw and Pittman, LLP – which was

6  eTreppid's counsel of record at the time these requests were propounded – represented  Responding

7  Parties with regard to the subject matter of the request and had such documents in their possession,

8  custody or control.

9  **REQUEST FOR PRODUCTION NO. 29**:

10         All DOCUMENTS that RELATE TO any attempt (either successful or unsuccessful) by

11  YOU to sell, license, distribute or otherwise exchange for value any interest in the COPYRIGHTS,

12  from 1980 to present.

13  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

14         Responding Party objects to this request on the grounds that:  (i) the request is overly broad

15  and ambiguous; (ii) the request seeks information which is neither relevant to the claims and

16  defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

17  evidence; (iii) the request seeks information protected from disclosure by the attorney-client

18  privilege and/or attorney work product doctrine; (iv) the request is unnecessarily invasive of

19  Responding Parties' right to maintain and protect its trade secrets; (v) the request is unnecessarily

20  invasive of Responding Parties' confidential business information and rights of privacy; and (vi)

21  the request purports to impose obligations upon Responding Parties that exceed those imposed by

22  the Federal Rules of Civil Procedure and Local Rules.

23         Subject to and without waiving the stated objections, Responding Parties will produce the

24  relevant non-privileged documents concerning eTreppid.

25  **REQUEST FOR PRODUCTION NO. 30**:

26         All DOCUMENTS that RELATE TO any attempt (either successful or unsuccessful) by

27  YOU to sell, license, distribute or otherwise exchange for value any interest in software or other

28

1    technology in the fields of data compression, object tracking, pattern recognition, or anomaly

2    detection, from January 18, 2006 to present.

3    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

4         Responding Party objects to this request on the grounds that:  (i) the request is overly broad

5    and ambiguous; (ii) the request seeks information which is neither relevant to the claims and

6    defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

7    evidence; (iii) the request seeks information protected from disclosure by the attorney-client

8    privilege and/or attorney work product doctrine; (iv) the request is unnecessarily invasive of

9    Responding Parties' right to maintain and protect its trade secrets; (v) the request is unnecessarily

10   invasive of Responding Parties' confidential business information and rights of privacy; and (vi)

11   the request purports to impose obligations upon Responding Parties that exceed those imposed by

12   the Federal Rules of Civil Procedure and Local Rules.

13   **REQUEST FOR PRODUCTION NO. 31:**

14        All DOCUMENTS that RELATE TO any attempt (either successful or unsuccessful) by

15   YOU to sell, license, distribute or otherwise exchange for value any interest in software or other

16   technology in the fields of data compression, object tracking, pattern recognition, or anomaly

17   detection, from February 8, 2006 to present.

18   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

19        Responding Party objects to this request on the grounds that:  (i) the request is overly broad

20   and ambiguous; (ii) the request seeks information which is neither relevant to the claims and

21   defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

22   evidence; (iii) the request seeks information protected from disclosure by the attorney-client

23   privilege and/or attorney work product doctrine; (iv) the request is unnecessarily invasive of

24   Responding Parties' right to maintain and protect its trade secrets; (v) the request is unnecessarily

25   invasive of Responding Parties' confidential business information and rights of privacy; and (vi)

26   the request purports to impose obligations upon Responding Parties that exceed those imposed by

27   the Federal Rules of Civil Procedure and Local Rules.

28

PLAINTIFFS' SUPPLEMENTAL RESPONSES TO ETREPPID'S REQUESTS FOR PRODUCTION OF
DOCUMENTS, SET ONE
0039641/001/373637v02

1  **REQUEST FOR PRODUCTION NO. 32**:

2       All DOCUMENTS under YOUR control which RELATE TO Michael Sandoval, who

3  resides in or near Portland, Oregon, which date from January 18, 2006 to present.

4  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32**:

5       Responding Party objects to this request on the grounds that: (i) the request is overly broad

6  and ambiguous; (ii) the request seeks information which is neither relevant to the claims and

7  defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

8  evidence; (iii) the request seeks information protected from disclosure by the attorney-client

9  privilege and/or attorney work product doctrine; and (iv) the request purports to impose obligations

10  upon Responding Parties that exceed those imposed by the Federal Rules of Civil Procedure and

11  Local Rules.

12       Subject to and without waving the stated objections, Responding Parties respond that they

13  have no documents responsive to this request in their possession, custody, or control.

14  **REQUEST FOR PRODUCTION NO. 33**:

15       All DOCUMENTS that RELATE TO any attempt (either successful or unsuccessful) by

16  YOU and in conjunction with Michael Sandoval (who resides in or near Portland, Oregon) to sell,

17  license, distribute or otherwise exchange for value any interest in software or other technology in

18  the fields of data compression, object tracking, pattern recognition, or anomaly detection, from

19  January 18, 2006 to present.

20  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33**:

21       Responding Party objects to this request on the grounds that: (i) the request is overly broad

22  and ambiguous; (ii) the request seeks information which is neither relevant to the claims and

23  defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

24  evidence; (iii) the request seeks information protected from disclosure by the attorney-client

25  privilege and/or attorney work product doctrine; and (iv) the request purports to impose obligations

26  upon Responding Parties that exceed those imposed by the Federal Rules of Civil Procedure and

27  Local Rules.

28

1

2

3        Subject to and without waving the stated objections, Responding Parties respond that they

4   have no documents responsive to this request in their possession, custody, or control.

5

6   Dated:  January 25, 2008                         Respectfully submitted,

7                                                    LINER YANKELEVITZ
                                                     SUNSHINE & REGENSTREIF LLP
8

9                                                    By: _____

10                                                       Deborah A. Klar
                                                         Tuneen E. Chisolm
11                                                       Attorneys for Plaintiffs
                                                         DENNIS MONTGOMERY and the
12                                                       MONTGOMERY FAMILY TRUST

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' SUPPLEMENTAL RESPONSES TO ETREPPID'S REQUESTS FOR PRODUCTION OF
DOCUMENTS, SET ONE
0039641/001/ 373637v02

1

**VERIFICATION**

2      I have read the foregoing PLAINTIFFS DENNIS MONTGOMERY AND THE

3  MONTGOMERY FAMILY TRUST'S SUPPLEMENTAL RESPONSES TO DEFENDANT

4  ETREPPID TECHNOLOGIES, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS,

5  SET ONE and know its contents.

6      I am a party to this action.

7      I declare under penalty of perjury under the laws of the United States of America that the

8  foregoing is true and correct.

9      Executed on this ___ day of January, 2008, at _____ California.

10

11

12                                        Dennis Montgomery

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2   Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICES
OF LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP, and that on

3   **January 25, 2008,** I caused to be served the within document described as
**PLAINTIFFS DENNIS MONTGOMERY'S AND THE MONTGOMERY**

4   **FAMILY TRUST'S SUPPLEMENTAL RESPONSES TO DEFENDANT**
**ETREPPID TECHNOLOGIES, LLC'S REQUESTS FOR PRODUCTION OF**

5   **DOCUMENTS, SET ONE** on the interested parties in this action as stated below:

| | |
|---|---|
| 6   J. Stephen Peek, Esq. <br> Jerry M. Snyder, Esq. <br> 7   Hale Lane Peek Dennison and Howard <br> 5441 Kietzke Lane <br> 8   SecondFloor <br> Reno, Nevada 89511 <br> 9   (775) 327-3000; 786-6179 - FAX <br> speek@halelane.com; jsnyder@halelane.com <br> 10  Attorneys for Etreppid and Warren Trepp <br> <br> 11 | Carlotta P. Wells, Sr. Trial Counsel <br> U.S. Dept. of Justice <br> Fed. Programs Branch <br> Civil Division <br> Room 7150 <br> 20 Massachusetts Avenue, NW <br> Post Office Box 883 <br> Washington, D.C. 20044 <br> (202) 514-4522; 616-8470 - FAX <br> E-mail: Carlotta.wells@usdoj.gov <br> Attorneys for Department of Defense |
| 12  Reid H. Weingarten, Esq. <br> Brian M. Heberlig, Esq. <br> 13  Robert A. Ayers, Esq, <br> Steptoe & Johnson, LLP <br> 14  1330 Connecticut Avenue, N.W. <br> Washington, D.C. 20036-1795 <br> 15  (202) 429-3000; (202) 429-3902 - FAX <br> rweingarten@steptoe.com; <br> 16  bhaberlig@steptoe.com; rayers@steptoe.com <br> Attorneys for eTreppid and Warren Trepp <br> 17 | Ralph O. Gomez, Esq., Sr. Trial Counsel <br> U.S. Dept. of Justice, Fed. Programs Branch <br> Civil Division, Room 6144 <br> 20 Massachusetts Avenue, NW <br> Post Office Box 883 <br> Washington, D.C. 20044 <br> (202) 514-1318; 616-8470 - FAX <br> E-mail: raphael.gomez@usdoj.gov <br> Attorneys for Department of Defense |
| 18  Greg Addington, AUSA <br> U.S. DEPARTMENT OF JUSTICE <br> 100 W. Liberty Street. Suite 600 <br> 19  Reno, Nevada 89501 <br> E-mail: Greg.addington@usdoj.gov <br> 20  (775) 784-5181 - FAX <br> Attorneys for Department of Defense <br> 21 | |

22

23   ☒   (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed
envelope addressed as set forth above.  I am readily familiar with this firm's practice

24   for collection and processing of correspondence for mailing.  Under that practice it
would be deposited with the U.S. Postal Service on that same day with postage

25   thereon fully prepaid in the ordinary course of business.  I am aware that on motion
of the party served, service is presumed invalid if postal cancellation date or postage

26   meter date is more than one day after date of deposit for mailing contained in
affidavit.

27   ☒   [Federal]   I declare that I am employed in the offices of a member of the State Bar of

28   this Court at whose direction the service was made.  I declare under penalty of perjury
under the laws of the United States of America that the above is true and correct.

PROOF OF SERVICE

1    I declare under penalty of perjury under the laws of the State of California and
     the United States of America that the foregoing is true and correct.

2
     Executed on January 25, 2008, at Los Angeles, California
3

4          Criss A. Draper                              (Signature)
5          (Type or print name)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                              PROOF OF SERVICE

0039641/001/371787v01