# EXHIBIT "E"

# EXHIBIT "E"

1  J. Stephen Peek, Esq. (NV Bar #1758)
   Jerry M. Snyder, Esq. (NV Bar #6830)
2  Adam G. Lang, Esq. (NV Bar #10117)
   Hale Lane Peek Dennison and Howard
3  5441 Kietzke Lane, Second Floor
   Reno, Nevada  89511
4  Telephone:  (775) 327-3000
   Facsimile:  (775) 786-6179
5
   Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
6  Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
   Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
7  Steptoe & Johnson LLP
   1330 Connecticut Avenue, N.W.
8  Washington, D.C.  20036-1795
   Telephone:  (202) 429-3000
9

10 Attorneys for eTreppid Technologies, L.L.C. and
   Warren Trepp
11

12 **UNITED STATES DISTRICT COURT**

13 **FOR THE DISTRICT COURT OF NEVADA**

14 DENNIS MONTGOMERY, an individual; and
   MONTGOMERY FAMILY TRUST, a California      Case No. 3:06-CV-00056-PMP-VPC
15 Trust,                                      Base File

16            Plaintiff,                       3:06-CV-00145-PMP-VPC

17       vs.                                   **SECOND SET OF REQUESTS BY**
                                               **ETREPPID TECHNOLOGIES, L.L.C.**
18 ETREPPID TECHNOLOGIES, L.L.C., a Nevada     **AND WARREN TREPP FOR**
   Limited Liability Company; WARREN TREPP,    **PRODUCTION OR INSPECTION OF**
19 an individual; DEPARTMENT OF DEFENSE of      **DOCUMENTS OR TANGIBLE**
   the UNITED STATES OF AMERICA, and           **THINGS**
20 DOES 1 through 10,

21            Defendants
                                          /
22

23 AND RELATED CASE(S)
                                          /
24

25      PROPOUNDING PARTY:        eTreppid Technologies, L.L.C. and Warren Trepp

26      RESPONDING PARTIES:       Dennis Montgomery and The Montgomery Family Trust

27      SET NUMBER:               TWO

28

::ODMA\PCDOCS\HLRNODOCS\690198\1        Page 1 of 11

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1  Pursuant to Rule 34 of the Federal Rules of Civil Procedure, eTreppid Technologies, L.L.C.

2  and Warren Trepp ("eTreppid"), by and through their undersigned counsel, Hale Lane Peek Dennison

3  and Howard, hereby request that Dennis Montgomery and The Montgomery Family Trust

4  (collectively, "Montgomery") produce the documents and things described below for inspection and

5  copying by counsel for eTreppid.   As requested by Rule 34(a), Montgomery must produce all

6  documents for inspection and copying either as they are kept in the ordinary course of business or

7  segregated according to each request and must be produced within thirty (30) days of this request.

8  Montgomery shall produce such documents and things for inspection and copying to Jerry Snyder at

9  the office of Hale Lane Peek Dennison and Howard, located at 5441 Kietzke Lane, Second Floor,

10  Reno, Nevada 89511, unless otherwise set forth in the request.

11  **INSTRUCTIONS**

12  1.  The following rules of construction shall be applied herein: (1) the words "and" or "or"

13  shall be construed conjunctively or disjunctively as necessary to make the requests for production

14  inclusive rather than exclusive; (2) the singular includes the plural and vice-versa; and (3) the words

15  "any," "all," "each" and "every" all include any, all, each and every.

16  2.  The following requests seek all DOCUMENTS in YOUR possession, custody or control,

17  wherever located, and specifically includes all DOCUMENTS in the possession, custody or control of

18  YOUR agents, partners, officers, employees, attorneys, accountants, investigators, representatives and

19  each of them.  A DOCUMENT is deemed to be in YOUR possession, custody or control if it is in

20  YOUR physical custody, or if it is in the physical custody of any other PERSON and YOU (i) own

21  such DOCUMENT in whole or in part, (ii) have a right by contract, statute or otherwise, to use,

22  inspect, examine or copy such DOCUMENT on any terms, (iii) have an understanding, express or

23  implied, that YOU may use, inspect, examine or copy such DOCUMENT on any terms, or (iv) have,

24  as a practical matter, been able to use, inspect, examine or copy such DOCUMENT when YOU sought

25  to do so.

26  3.  For each DOCUMENT that YOU decline to make available for inspection and copying on

27  the grounds of privilege or the attorney work product rule, provide the following information:

28  (a)    State the date on which the DOCUMENT was created,

1     (b)    IDENTIFY the author of the document,

2     (c)    State the title of the DOCUMENT,

3     (d)    Briefly describe the nature and contents of the DOCUMENT,

4     (e)    IDENTIFY each PERSON or entity that received a copy of the DOCUMENT or

5    to whom the DOCUMENT or its contents were disclosed,

6     (f)    Identify the privilege or rule that YOU contend protects the DOCUMENT from

7    disclosure, and

8     (g)    Identify each fact on which YOU base YOUR contention that the privilege or

9    rule identified in YOUR response to section (e) of this instruction is applicable.

10    4.    YOU shall produce only one copy of each DOCUMENT requested herein; however,

11   each non-identical version of any DOCUMENT shall constitute a separate document.

12    5.    If these requests for production cannot be responded to in full, respond to the extent

13   possible, specify the reason for YOUR inability to respond to the remainder and state whatever

14   information or knowledge YOU have regarding the portion to which YOU have not responded.

15    6.    Where a date is requested and the actual date is not known, state the approximate date.

16                                    **DEFINITIONS**

17    1.    "COMMUNICATION" includes all conversations, written, oral, or electronic, including

18   meetings, memoranda, correspondence, conferences, and any other means or manner by which

19   information is or was conveyed to or received from others.

20    2.    "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including any

21   written, printed, recorded, pictorial, graphic or photographic material, or electronically stored

22   information, however produced or reproduced, of each document YOU have knowledge of or which is

23   in YOUR possession, custody or control as well as any matter attached thereto – including, but not

24   limited to, the original or a copy of any handwriting, typewriting, printing, photostatting,

25   photographing, and every other means of recording upon any tangible thing and form of

26   communicating or representation, including letters, words, pictures, sounds, symbols, combinations of

27   them, and any data, information, or electronic media recorded in any form by or on a computer, floppy

28   disk, compact disk, or similar device (including, but not limited to, software and source code),

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    correspondence, memoranda (internal, inter-office and/or external), statements, agreements, e-mails

2    (deleted and/or active), contracts, drafts, telegraphs, cables, notes, reports, studies, analyses, records,

3    evaluations, charts, ledgers, checks, tables, tabulations, compilations, summaries, indices, abstracts,

4    drawings, blueprints, labels, tags, pleadings, testimony, speeches, articles, books, pamphlets,

5    brochures, magazines, newspapers, calendars, diaries, minutes, orders, photographs, moving pictures,

6    microfilms, microfiche, tapes, recordings, computer records and disks, and any other matter which

7    contains any form of communication or representation, and all drafts thereof. All electronically stored

8    information is to be produced in native format, including all metadata.

9        3.  "FORENSIC COPY" shall mean "an exact copy of the entire physical storage media (hard

10   drive, CD-ROM, DVD-ROM, tape, etc.), including all active and residual data and unallocated space

11   on the media."

12       4.  "IDENTIFY" with reference to a natural PERSON means to state the name and last known

13   residence address and business address and home and work telephone numbers for such person, as well

14   as the name and address of his present employer, the nature of his current employment and his

15   employment relationship, if any, to YOU.

16       5.  "IDENTIFY" with reference to a non-natural PERSON means to state the name and last

17   known business address and telephone numbers for such company.

18       6.  "IDENTIFY" with reference to a DOCUMENT means to state the date that it bears, its

19   author(s), its specific format(s) (for example, a computer file in Microsoft Word format, or an email in

20   HTML format), and any PERSON known to have seen, received or reviewed its contents.  Whenever

21   YOU are requested to "IDENTIFY" a DOCUMENT, YOU may submit the DOCUMENT itself in lieu

22   of IDENTIFYING it.  If any such DOCUMENT exists, but is no longer in YOUR possession or

23   subject to YOUR control, state what disposition was made of it and its present location and custodian.

24   If any such DOCUMENT once existed but no longer exists, state what disposition was made of it,

25   when such disposition took place, and list each PERSON who has knowledge of such disposition.

26       7.  "IDENTIFY" with reference to a COMMUNICATION means to state: the identity of each

27   PERSON who made each COMMUNICATION; the identity of each PERSON to whom each

28   COMMUNICATION was made; the identity of each PERSON who was present during each

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

COMMUNICATION or who received a copy of each COMMUNICATION; and a complete description of the substance and content of the COMMUNICATION.

8. "NATIVE FORMAT" means the original electronic, audio, and/or video format in which a particular document was created (*e.g.* Microsoft Word, Microsoft Outlook, MP3, etc.)

9. "PERSON" or "PERSONS" means any natural person, corporation, cooperative, partnership. joint venture, firm, association, proprietorship, agency, board, authority, commission or other entity.

10. "RELATED TO," "RELATE TO" and "RELATING TO" shall include, without limitation, constituting, contemplating, covering, criticizing, communicating, detailing, evaluating, demonstrating, respecting, regarding, concerning, pertaining to, referring to, stating, establishing, showing, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing or discussing.

11. "SOURCE CODE" means, without limitation, all text files that have been compiled to develop any and all computer files or software programs; any sequence of instructions in human readable form that may be converted into a machine readable language to create any and all computer files or software programs; and any and all combination of functionalities that may be used to create computer files or software programs.

12. "STATE" means to set forth fully and unambiguously every fact relevant to the answer called for by the Request, of which YOU have knowledge.

13. "YOU," "YOUR" and "YOURS" refer herein to Dennis Montgomery, The Montgomery Family Trust, Brenda Montgomery, and anyone acting or authorized to act on behalf of any and all of them – including any representatives, employees, agents, servants, or attorneys and others who are in possession or may have obtained information for you or on your behalf.

## REQUESTS FOR PRODUCTION AND INSPECTION

**Request for Production No. 1:** Please produce all documents that contain any source code, written by you or under your direction, that relates to the fields of data compression, pattern recognition, object tracking or anomaly detection (including, but not limited to, all or any part of a software program or algorithm).

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    **Request for Production No. 2:**  Please produce all documents that relate to any research and
2    development efforts made, by you or by anyone working under your direction, in the fields of data
3    compression, object tracking, pattern recognition, or anomaly detection (including, but not limited to,
4    any and all notes, diagrams, laboratory materials, or source code).

5    **Request for Production No. 3:**   Please produce all executable versions of any and all
6    software, developed by you or by anyone working under your direction, which relates to the fields of
7    data compression, object tracking, pattern recognition, or anomaly detection.

8    **Request for Production No. 4:**  Please produce all documents that relate to the software that
9    you transferred to eTreppid under the terms of the September 28, 1998 Contribution Agreement
10   (including, but not limited to, all source code – whether in printed or electronic form – executable files,
11   shop notes, laboratory notes, and any other memoranda).

12   **Request for Production No. 5:**  Please produce **FOR INSPECTION** by Jonathan Karchmer
13   of LECG at a time mutually agreeable to the parties, but in no event later than within the next thirty
14   (30) days, at the law offices of Hale Lane Peek Dennison and Howard, 5441 Kietzke Lane, Reno,
15   Nevada 89511, or **PRODUCE** forensic copies of, any original or copied electronic storage device,
16   including any hard drive, or disk.  This Request includes, but is not necessarily limited to, evidence
17   stored in any electrical, electronic, or magnetic form, such as an electronic or magnetic storage device,
18   including floppy diskettes, hard disks, ZIP disks, JAZ Drives, CD-ROMs, DVD-ROMs, optical disks,
19   backup tapes, printer buffers, smart cards, memory calculators, pagers, personal digital assistants, and
20   printouts or readouts from any magnetic storage device.

21   **Request for Production No. 6:**  Please produce **FOR INSPECTION** by Jonathan Karchmer
22   of LECG at a time mutually agreeable to the parties, but in no event later than within the next thirty
23   (30) days, at the law offices of Hale Lane Peek Dennison and Howard, 5441 Kietzke Lane, Reno,
24   Nevada 89511, or **PRODUCE** forensic copies of, any original or copied electronic storage device,
25   including any hard drive or disk, within your custody, control or possession that was seized by the
26   Federal Bureau of Investigation ("FBI") and returned to you pursuant to File No. 295A-LV-39368.
27   This Request includes, but is not necessarily limited to, evidence stored in any electrical, electronic, or
28   magnetic form, such as an electronic or magnetic storage device, including floppy diskettes, hard

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1  disks, ZIP disks, JAZ Drives, CD-ROMs, optical disks, backup tapes, printer buffers, smart cards,
2  memory calculators, pagers, personal digital assistants, and printouts or readouts from any magnetic
3  storage device that was seized by the FBI and returned to you.

4      **Request for Production No. 7:**  Please produce **FOR INSPECTION** by Jonathan Karchmer
5  at a time mutually agreeable to the parties, but in no event later than within the next thirty (30) days, at
6  the law offices of Hale Lane Peek Dennison and Howard, 5441 Kietzke Lane, Reno, Nevada 89511, or
7  **PRODUCE** forensic copies of all documents and electronically stored information, including, but not
8  limited to, all source code contained on all computer hard drives seized by the FBI and returned to you
9  pursuant to File No. 295A-LV-39368, including, but not limited to, the following hard drives:
10  WD3200, Serial No. WMAMR1066012; WD3200, Serial No. WMAMR1509932; WD3200, Serial
11  No.  WMAMR1523649;  WD3200,  Serial  No.  WMAMR1537929;  WD2500,  Serial  No.
12  WMAL71844911; WD3200, Serial No. WMAMR1538197; WD3200, Serial No. WMAMR1538570;
13  WD3200, Serial No. WMAMR1538581; WD3200, Serial No. WMAMR1539825; WD3200, Serial
14  No.  WMAMR1539942;  WD3200,  Serial  No.  WMAMR1543003;  WD3200,  Serial  No.
15  WMAMR1580666; WD3200, Serial No. WMAMR1580671; WD3200, Serial No. WMAMR1612253;
16  WD3200,  Serial  No.  WMAMR1624507;  WD3200,  Serial  No.  WMAMR1673681;  Serial  No.
17  WMAMR1420949; Serial No. WMAD15194737; 120 GB Hard drive, Serial No. WMA8C1223396;
18  40 GB Hard drive, Serial No. WMAD15256807; 40 GB Hard drive, Serial No. WCAD16502878; 40
19  GB Hard drive, Serial No. WMAD16644525; 40 GB Hard drive, Serial No. WMAD15335294; 40 GB
20  Hard drive, Serial No. WCAD13691228; 120 GB Hard drive, Serial No. WMA863243070; Seagate
21  30.6 GB Hard drive, Serial No. 3CK028W3; Seagate 30.6 GB Hard drive, Serial No. 3CK00XXY; and
22  Maxtor 300 GB Hard drive, Serial No. L60XL7PH.

23      **Request for Production No. 8:**  Please produce all versions, both drafts and final, of all
24  eTreppid organizational agreements, including the Contribution Agreement, the Operating Agreement
25  and amendments thereto.

26      **Request for Production No. 9:**  Please produce all documents referencing or concerning your
27  membership in eTreppid, including all correspondence between you, or anyone acting on your behalf,
28  and eTreppid, Warren Trepp, Doug Frye, or any other manager or member of eTreppid.

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    **Request for Production No. 10**: Please produce all documents referencing or concerning

2    Copyright Registration Certificates for TXu00098728, TXu800098727, TXu00098699,

3    TXu000119540, TXu000117868, TXu0002000234, TXu0001992867, TXu0002034758,

4    TXu0001983147, TXu0002000234, TXu000098731, TXu0002083750, and TXu0002095009.

5    **Request for Production No. 11:** Please produce all Patents and Patent Applications identified

6    as exhibits during the state court action hearing on eTreppid's motion for preliminary injunction.

7    **Request for Production No. 12:** Please produce all documents relating to eTreppid's

8    contracts and work with the private sector, including all contracts with non-governmental third-parties.

9    **Request for Production No. 13:** Please produce all documents referencing or concerning any

10   and all payments from eTreppid to Montgomery.

11   **Request for Production No. 14:** Please produce all documents relating to eTreppid's

12   contracts and work with the United States Government.

13   **Request for Production No. 15:** Please produce all documents referencing or concerning

14   eTreppid's monthly invoices to the United States Government.

15   **Request for Production No. 16:** Please produce for inspection all items seized from and

16   returned to Montgomery in connection with the FBI search, seizure and return pursuant to File No.

17   295A-LV-39368.

18   **Request for Production No. 17:** Please produce all documents memorializing

19   communications to and from eTreppid, regarding eTreppid's use and intended use of any intellectual

20   property in which Montgomery asserts any ownership interest.

21   **Request for Production No. 18:** Please produce all documents (including e-mails and

22   correspondence in native format) referencing any and all source code used by eTreppid from the

23   execution of the Contribution Agreement on September 28, 1998 to the present time.

24   **Request for Production No. 19:** Please produce any and all e-mails contained in the e-mail

25   account(s) provided to you by eTreppid, in their native format.

26   **Request for Production No. 20:** Please produce all e-mails sent or received by Warren

27   Trepp, Doug Frye, or any other manager, member, or employee of eTreppid, in their native format.

28

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1      **Request for Production No. 21:**  Please produce all correspondence between you and Doug

2   Frye, Warren Trepp, or any other member, manager or employee of eTreppid, discussing, concerning,

3   or relating to the management of eTreppid, budgeting for expenses, employment policies, or any like

4   matters.

5      **Request for Production No. 22:**  Please provide all documents which you have provided to

6   NBC, the Wall Street Journal, or any other newspaper, television network, or other media outlet

7   regarding Warren Trepp, eTreppid, Jim Gibbons, or any other aspect of the present litigation.

8      **Request for Production No. 23:**  Please provide all correspondence between you or anyone

9   acting on your behalf and reporter John Wilke of the Wall Street Journal, reporter David Johnston of

10   the New York Times, or any other reporters which discusses, refers to, or relates to Trepp, eTreppid,

11   Jim Gibbons, or any other aspect of the present litigation.

12      **Request for Production No. 24:**  Please provide all documents evidencing any payment made

13   to you for any purpose whatsoever by Edra Blixseth, OpSpring, Inc, AziMyth, Inc. Michael Sandoval,

14   or Atigeo between July 2005 and the present.

15      **Request for Production No. 25:**  Please provide every contract of any kind whatsoever,

16   including but not limited to any technology licensing agreements, employment agreements, consulting

17   agreements, technology sale agreements, or any kind of assignment of an interest in intellectual

18   property between you, on one hand, and Edra Blixseth, OpSpring, Inc, AziMyth, Inc., Michael

19   Sandoval, or Atigeo, on the other.

20      **Request for Production No. 26:**  Please produce any and all documents, including but not

21   limited to correspondence, emails (in native format), calendar notes, journal entries, or phone

22   messages memorializing any communication between you or anyone acting on your behalf and Edra

23   Blixseth, OpSpring, Inc, AziMyth, Inc. Michael Sandoval, or Atigeo, Inc.

24      **Request for Production No. 27:**  Please produce any and all documents, including but not

25   limited to correspondence, emails (in native format), calendar notes, journal entries, power point

26   presentations, marketing materials, or phone messages memorializing any communication between

27   you or anyone acting on your behalf and any customer or prospective customer of OpSpring, Inc., or

28   AziMyth, Inc.

**Request for Production No. 28:**  Please produce all documents identified in your Fed. R. Civ.

P. 26(a) Initial Disclosures, served on November 2, 2007.

Dated:  November 19, 2007.

J. Stephen Peek, Esq.
Nevada Bar Number  1758
Jerry M. Snyder, Esq.
Nevada Bar Number 6830
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone:  (775) 327-3000
Facsimile:  (775) 786-6179
*Attorneys for eTreppid Technologies, L.L.C. and*
*Warren Trepp*

**PROOF OF SERVICE**

I, Paul D. Cain, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard.  My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada  89511.**  I am over the age of 18 years and not a party to this action.  I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On November 19, 2007, I caused the foregoing **SECOND SET OF REQUESTS FOR PRODUCTION** to be:

___X___      mailed to the following persons at the following addresses:

*Fax No. 775/829-1226*
mgunderson@gundersonlaw.com
Mark H. Gunderson, Ltd.
Mark H. Gunderson, Esq.
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511

*Fax 310/500-3501*
Tpham@linerlaw.com; dklar@linerlaw.com;
rlapine@linerlaw.com
Teri T. Pham, Esq.
Deborah A. Klar, Esq.
Ryan M. Lapine, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

*Fax No. 202/616-8470*
Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC  20044

*Fax No. 784-5181*
Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV  89501

*Fax 202/616-8470*
Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, D.C.  20044

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on November 19, 2007.

Paul D. Cain

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

# EXHIBIT "F"

# EXHIBIT "F"

1 | Mark H. Gunderson, Esq. (SBN: 2134)
Catherine A. Reichenberg, Esq. (SBN: 10362)
2 | GUNDERSON LAW FIRM
5345 Kietzke Lane, Suite 200
3 | Reno, Nevada 89511
Telephone:  (775) 829-1222
4 | Facsimile:  (775) 829-1226

5 | Deborah A. Klar, Esq. (SBN: CA 124750)
Teri T. Pham, Esq. (SBN: CA 193383)
6 | Tuneen E. Chisolm, Esq. (SBN: CA 211741)
LINER YANKELEVITZ
7 | SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
8 | Los Angeles, California 90024-3503
Telephone:  (310) 500-3500
9 | Facsimile:  (310) 500-3501
ADMITTED PRO HAC VICE

10 |

Attorneys for Plaintiffs
11 | DENNIS MONTGOMERY, and the MONTGOMERY
FAMILY TRUST

12 |

13 | **UNITED STATES DISTRICT COURT**

14 | **DISTRICT OF NEVADA**

15 |

| 16 | DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST, | ) | Case No. 3:06-CV-00056-PMP-VPC BASE FILE |
| 17 | | ) | |
| | Plaintiffs, | ) | (Consolidated with Case No. 3:06-CV- |
| 18 | | ) | 00145-PMP-VPC) |
| 19 | vs. | ) | **THE MONTGOMERY PARTIES'** |
| | ETREPPID TECHNOLOGIES, LLC, WARREN | ) | **OBJECTIONS TO SECOND SET OF** |
| 20 | TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE, | ) | **REQUESTS BY ETREPPID TECHNOLOGIES, LLC AND WARREN** |
| 21 | | ) | **TREPP FOR PRODUCTION OR** |
| | Defendants. | ) | **INSPECTION OF DOCUMENTS OR** |
| 22 | | ) | **TANGIBLE THINGS** |
| 23 | | ) | |
| | AND RELATED CASES. | ) | |
| 24 | | ) | |

25 |

26 |

27 |

28 |

1  PROPOUNDING PARTY:   eTREPPID TECHNOLOGIES, LLC AND WARREN

2  TREPP

3  RESPONDING PARTIES:   DENNIS MONTGOMERY AND THE MONTGOMERY

4  FAMILY TRUST

5  SET NO.:   TWO

6      Dennis Montgomery and the Montgomery Family Trust (collectively the "Montgomery

7  Parties" or "Responding Parties") hereby respond to the Second Set Of Requests By eTreppid

8  Technologies, LLC And Warren Trepp For Production Or Inspection Of Documents Or Tangible

9  Things (the "Requests"). The documents and things to be produced in response to the Requests, as

10  indicated herein, shall be made available for inspection and copying at the office of Liner

11  Yankelevitz Sunshine & Regenstreif, LLP, located at 1100 Glendon Avenue, 14th Floor, Los

12  Angeles, California 90024-3503, at a time that is mutually convenient for the parties.

13                    **PRELIMINARY STATEMENT**

14      Responding Parties have not completed their investigation of the facts relating to this case

15  and discovery is still in the early stages. The responses contained herein are based upon only such

16  information and documents which are presently available to and specifically known to Responding

17  Parties. It is anticipated that further discovery and investigation may lead to additional facts and/or

18  identification of additional witnesses. Accordingly, the following responses are made without

19  prejudice to Responding Parties' right to amend or supplement these responses, or to produce and

20  rely upon evidence of subsequently discovered facts and/or witnesses.

21      To the extent applicable, Responding Parties' production of documents in response to these

22  requests shall be made in compliance with the U.S. Protective Order, entered in this action on

23  August 29, 2007, and subject to the Protective Order entered in this action on September 20, 2007.

24              **RESPONSES TO REQUESTS FOR PRODUCTION**

25  **REQUEST FOR PRODUCTION NO. 1**:

26      Please produce all documents that contain any source code, written by you or under your

27  direction, that relates to the fields of data compression, pattern recognition, object tracking or

28

1   anomaly detection (including, but not limited to, all or any part of a software program or
2   algorithm).

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

4   　　　Responding Parties object to this request on the grounds that: (i) the request is vague and
5   ambiguous, particularly with respect to what is meant by source code in the fields of data
6   compression, pattern recognition, object tracking, and anomaly detection; (ii) the request is
7   overbroad, especially as to temporal scope; (iii) the request is unduly burdensome, particularly in
8   light of the volume of documents that would be responsive to the request as written and the
9   associated cost; (iv) the request calls for information which is neither relevant to the claims and
10  defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible
11  evidence; (v) the request is unnecessarily invasive of Responding Parties' right to maintain and
12  protect its trade secrets; (vi) the request is unnecessarily invasive of Responding Parties'
13  confidential business information and rights of privacy; (vii) the "Instructions" for the request
14  purport to impose upon Responding Parties obligations which exceed Responding Parties'
15  obligations under Rule 34 of the Federal Rules of Civil Procedure; and (viii) the request is
16  harassing in that it is duplicative, verbatim, of Request No. 18 in eTreppid's first set of requests for
17  production.

18  **REQUEST FOR PRODUCTION NO. 2:**

19  　　　Please produce all documents that relate to any research and development efforts made, by
20  you or by anyone working under your direction, in the fields of data compression, object tracking,
21  pattern recognition, or anomaly detection (including, but not limited to, any and all notes,
22  diagrams, laboratory materials, or source code).

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

24  　　　Responding Parties object to this request on the grounds that: (i) the request is vague and
25  ambiguous, particularly with respect to what is meant by "research and development efforts" "in
26  the fields of data compression, pattern recognition, object tracking, and anomaly detection"; (ii) the
27  request is overbroad, especially as to subject matter and temporal scope; (iii) the request is unduly
28  burdensome, particularly in light of the volume of documents that would be responsive to the

1  request as written and the associated cost; (iv) the request calls for information which is neither
2  relevant to the claims and defenses asserted in this action, nor reasonably calculated to lead to
3  discovery of admissible evidence; (v) the request is unnecessarily invasive of Responding Parties'
4  right to maintain and protect its trade secrets; (vi) the request is unnecessarily invasive of
5  Responding Parties' confidential business information and rights of privacy; (vii) the "Instructions"
6  for the request purport to impose upon Responding Parties obligations which exceed Responding
7  Parties' obligations under Rule 34 of the Federal Rules of Civil Procedure; and (viii) the request is
8  harassing in that it is duplicative, verbatim, of Request No. 19 in eTreppid's first set of requests for
9  production.

10  **REQUEST FOR PRODUCTION NO. 3:**

11       Please produce all executable versions of any and all software, developed by you or by
12  anyone working under your direction, which relates to the fields of data compression, object
13  tracking, pattern recognition, or anomaly detection.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

15       Responding Parties object to this request on the grounds that: (i) the request is vague and
16  ambiguous, particularly with respect to what is meant by "executable versions of any and all
17  software" developed "in the fields of data compression, pattern recognition, object tracking, and
18  anomaly detection"; (ii) the request is overbroad, especially as to subject matter and temporal
19  scope; (iii) the request is unduly burdensome, particularly in light of the volume of documents that
20  would be responsive to the request as written and the associated cost; (iv) the request calls for
21  information which is neither relevant to the claims and defenses asserted in this action, nor
22  reasonably calculated to lead to discovery of admissible evidence; (v) the request is unnecessarily
23  invasive of Responding Parties' right to maintain and protect its trade secrets; (vi) the request is
24  unnecessarily invasive of Responding Parties' confidential business information and rights of
25  privacy; (vii) the "Instructions" for the request purport to impose upon Responding Parties
26  obligations which exceed Responding Parties' obligations under Rule 34 of the Federal Rules of
27  Civil Procedure; and (viii) the request is harassing in that it is duplicative, verbatim, of Request No.
28  20 in eTreppid's first set of requests for production.

1 **REQUEST FOR PRODUCTION NO. 4**:

2       Please produce all documents that relate to the software that you transferred to eTreppid

3 under the terms of the September 28, 1998 Contribution Agreement (including, but not limited to,

4 all source code — whether in printed or electronic form — executable files, shop notes, laboratory

5 notes, and any other memoranda).

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

7       Responding Parties object to this request on the grounds that: (i) the request is vague and

8 ambiguous and overbroad, particularly with respect to what is meant by "relate to the software";

9 (ii) the request is unduly burdensome, particularly in light of the volume of documents that would

10 be responsive to the request as written and the associated cost; (iii) the request calls for information

11 which is neither relevant to the claims and defenses asserted in this action, nor reasonably

12 calculated to lead to discovery of admissible evidence; (iv) the request calls for information

13 protected from disclosure by attorney-client privilege and/or the attorney work product doctrine;

14 (v) the "Instructions" for the request purport to impose upon Responding Parties obligations which

15 exceed Responding Parties' obligations under Rule 34 of the Federal Rules of Civil Procedure; and

16 (vi) the request is harassing in that it is duplicative, verbatim, of Request No. 22 in eTreppid's first

17 set of requests for production.

18 **REQUEST FOR PRODUCTION NO. 5**:

19       Please produce FOR INSPECTION by Jonathan Karchmer of LECG at a time mutually

20 agreeable to the parties, but in no event later than within the next thirty (30) days, at the law offices

21 of Hale Lane Peek Dennison and Howard, 5441 Kietzke Lane, Reno, Nevada 89511, or PRODUCE

22 forensic copies of, any original or copied electronic storage device, including any hard drive, or

23 disk. This Request includes, but is not necessarily limited to, evidence stored in any electrical,

24 electronic, or magnetic form, such as an electronic or magnetic storage device, including floppy

25 diskettes, hard disks, ZIP disks, JAZ Drives, CD-ROMs, DVD-ROMs, optical disks, backup tapes,

26 printer buffers, smart cards, memory calculators, pagers, personal digital assistants, and printouts or

27 readouts from any magnetic storage device.

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

2       Responding Parties object to this request on the grounds that: (i) the request is vague and

3  ambiguous and unintelligible in that it fails to identify with any degree of particularity the category

4  of documents sought as required under Rule 34 of the Federal Rules of Civil Procedure; (ii) the

5  request is overbroad; (iii) the request is unduly burdensome, particularly in light of the volume of

6  documents that would be responsive to the request as written; (iv) the request calls for information

7  which is neither relevant to the claims and defenses asserted in this action, nor reasonably

8  calculated to lead to discovery of admissible evidence; (v) the request is unnecessarily invasive of

9  Responding Parties' right to maintain and protect its trade secrets; (vi) the request is unnecessarily

10  invasive of Responding Parties' confidential business information and rights of privacy; and (vii)

11  the request calls for disclosure of information to Jonathan Karchmer of LECG, who is neither a

12  party to this action nor an identified retained expert or consultant in this action; (viii) the

13  "Instructions" for the request purport to impose upon Responding Parties obligations which exceed

14  Responding Parties' obligations under Rule 34 of the Federal Rules of Civil Procedure; and (ix) the

15  request ostensibly calls for information protected from disclosure by the attorney-client privilege

16  and/or the attorney work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 6**:

18       Please produce FOR INSPECTION by Jonathan Karchmer of LECG at a time mutually

19  agreeable to the parties, but in no event later than within the next thirty (30) days, at the law offices

20  of Hale Lane Peek Dennison and Howard, 5441 Kietzke Lane, Reno, Nevada 89511, or PRODUCE

21  forensic copies of any original or copied electronic storage device, including any hard drive or disk,

22  within your custody, control or possession that was seized by the Federal Bureau of Investigation

23  ("FBI") and returned to you pursuant to File No. 295A-LV-39368. This Request includes, but is not

24  necessarily limited to, evidence stored in any electrical, electronic, or magnetic form, such as an

25  electronic or magnetic storage device, including floppy diskettes, hard disks, ZIP disks, JAZ

26  Drives, CD-ROMs, optical disks, backup tapes, printer buffers, smart cards, memory calculators,

27  pagers, personal digital assistants, and printouts or readouts from any magnetic storage device that

28  was seized by the FBI and returned to you.

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

2 Responding Parties object to this request on the grounds that: (i) the request is overbroad;
3 (ii) the request calls for information which is neither relevant to the claims and defenses asserted in
4 this action, nor reasonably calculated to lead to discovery of admissible evidence; (iii) the request is
5 unnecessarily invasive of Responding Parties' confidential business information and rights of
6 privacy; (iv) the "Instructions" for the request purport to impose upon Responding Parties
7 obligations which exceed Responding Parties' obligations under Rule 34 of the Federal Rules of
8 Civil Procedure; and (v) the request calls for disclosure of information to Jonathan Karchmer of
9 LECG, who is neither a party to this action nor an identified retained expert or consultant in this
10 action.

11 **REQUEST FOR PRODUCTION NO. 7**:

12 Please produce FOR INSPECTION by Jonathan Karchmer at a time mutually agreeable to
13 the parties, but in no event later than within the next thirty (30) days, at the law offices of Hale
14 Lane Peek Dennison and Howard, 5441 Kietzke Lane, Reno, Nevada 89511, or PRODUCE
15 forensic copies of all documents and electronically stored information, including, but not limited to,
16 all source code contained on all computer hard drives seized by the FBI and returned to you
17 pursuant to File No. 295A-LV-39.368, including, but not limited to, the following hard drives:
18 WD.3200, Serial No. WMAMR1066012; WD3200, Serial No. WMAMR1509932; WD3200,
19 Serial No. WMAMR1523649; WD3200, Serial No. WMAMR1537929; WD2500, Serial No.
20 WMAL71844911; WD3200, Serial No. WMAMRI538197; WD3200, Serial No.
21 WMAMR1538570; WD3200, Serial No. WMAMR1538581; WD3200, Serial No.
22 WMAMR1539825; WD3200, Serial No. WMAMR1539942; WD3200, Serial No.
23 WMAMR1543003; WD3200, Serial No. WMAMR1580666; WD3200, Serial No.
24 WMAMR1580671; WD3200, Serial No WMAMR1612253; WD3200, Serial No.
25 WMAMR1624507; WD3200, Serial No. WMAMR1673681; Serial No.. WMAMR1420949; Serial
26 No. WMAD15194737; 120 GB Hard drive, Serial No. WMA8C1223396; 40 GB Hard drive, Serial
27 No. WMAD15256807; 40 GB Hard drive, Serial No. WCAD16502878; 40 GB Hard drive, Serial
28 No. WMAD16644525; 40 GB Hard drive, Serial No. WMAD15335294; 40 GB Hard drive, Serial

1   No. WCAD13691228; 120 GB Hard drive, Serial No. WMA863243070; Seagate 30.6 GB Hard
2   drive, Serial No. .3CK028W3; Seagate 30.6 GB Hard drive, Serial No. 3CKOOXXY; and Maxtor
3   .300 GB Hard drive, Serial No. L6OXL7PH.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

5       Responding Parties object to this request on the grounds that: (i) the request is overbroad;
6   (ii) the request calls for information which is neither relevant to the claims and defenses asserted in
7   this action, nor reasonably calculated to lead to discovery of admissible evidence; (iii) the request is
8   unnecessarily invasive of Responding Parties' confidential business information and rights of
9   privacy; (iv) the "Instructions" for the request purport to impose upon Responding Parties
10   obligations which exceed Responding Parties' obligations under Rule 34 of the Federal Rules of
11   Civil Procedure; and (v) the request calls for disclosure of information to Jonathan Karchmer of
12   LECG, who is neither a party to this action nor an identified retained expert or consultant in this
13   action.

14   **REQUEST FOR PRODUCTION NO. 8**:

15       Please produce all versions, both drafts and final, of all eTreppid organizational agreements,
16   including the Contribution Agreement, the Operating Agreement and amendments thereto.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

18       Responding Parties object to this request on the ground that the "Instructions" for the
19   request purport to impose upon Responding Parties obligations which exceed Responding Parties'
20   obligations under Rule 34 of the Federal Rules of Civil Procedure. Responding Parties further
21   object to this request to the extent it seeks documents protected from disclosure by the attorney-
22   client privilege and/or the attorney-work product doctrine.

23   **REQUEST FOR PRODUCTION NO. 9**:

24       Please produce all documents referencing or concerning your membership in eTreppid,
25   including all correspondence between you, or anyone acting on your behalf, and eTreppid, Warren
26   Trepp, Doug Frye, or any other manager or member of eTreppid.

27

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

2       Responding Parties object to this request on the grounds that: (i) the request is overbroad;

3 (ii) the request is vague and ambiguous, particularly with respect to what is meant by "documents

4 referencing or concerning your membership in eTreppid"; (iii) the request is unduly burdensome,

5 particularly in light of the volume of documents that would be responsive to the request as written

6 and the associated cost; (iv) the request calls for information which is neither relevant to the claims

7 and defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

8 evidence; (v) the request is unnecessarily invasive of Responding Parties' confidential business

9 information and rights of privacy; (vi) the "Instructions" for the request purport to impose upon

10 Responding Parties obligations which exceed Responding Parties' obligations under Rule 34 of the

11 Federal Rules of Civil Procedure; and (vii) the request calls for information protected from

12 disclosure by the attorney-client privilege and/or the attorney work product doctrine.

13   **REQUEST FOR PRODUCTION NO. 10**:

14       Please produce all documents referencing or concerning Copyright Registration Certificates

15 for TXu00098728, TXu800098727, TXu00098699, TXu000119540, TXu117868,

16 TXu0001992867, TXu0002034758, TXu0001983147, TXu0002000234, TXu000098731,

17 TXu0002083750, and TXu0002095009.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

19       Responding Parties object to this request on the grounds that: (i) the request is vague and

20 ambiguous with regard to what is "concerning" the Copyright Registration Certificates; (ii) the

21 request is overbroad; (ii) the request calls for information which is neither relevant to the claims

22 and defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

23 evidence; (iii) the request is unnecessarily invasive of Responding Parties' confidential business

24 information and rights of privacy; (iv) the "Instructions" for the request purport to impose upon

25 Responding Parties obligations which exceed Responding Parties' obligations under Rule 34 of the

26 Federal Rules of Civil Procedure; and (v) the request calls for information protected from

27 disclosure by the attorney-client privilege and/or the attorney work product doctrine.

28

9  Case No. 3:06-CV-00056-PMP-VPC    BASE FILE
Plaintiffs' Objections to Second Set of Requests for Production or Inspection of Documents or Tangible Things
0039641/001/372550v03

1 | **REQUEST FOR PRODUCTION NO. 11**:

2       Please produce all Patents and Patent Applications identified as exhibits during the state

3 | court action hearing on eTreppid's motion for preliminary injunction.

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

5       Responding Parties object to this request on the grounds that: (i) the "Instructions" for the

6 | request purport to impose upon Responding Parties obligations which exceed Responding Parties'

7 | obligations under Rule 34 of the Federal Rules of Civil Procedure; and (ii) the referenced exhibits

8 | were submitted by eTreppid, not Responding Parties, and therefore are already in eTreppid's

9 | possession, custody or control.

10 | **REQUEST FOR PRODUCTION NO. 12**:

11       Please produce all documents relating to eTreppid's contracts and work with the private

12 | sector, including all contracts with non-governmental third-parties.

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

14       Responding Parties object to this request on the grounds that: (i) the request is vague and

15 | ambiguous with respect to what is "relating to eTreppid's contracts and work"; (ii) the request calls

16 | for information protected from disclosure by attorney-client privilege and/or the attorney work

17 | product doctrine; and (iii) the "Instructions" for the request purport to impose upon Responding

18 | Parties obligations which exceed Responding Parties' obligations under Rule 34 of the Federal

19 | Rules of Civil Procedure. Responding Parties further object to this request to the extent it may

20 | reasonably be construed to call for disclosure of Responding Parties' trade secrets to which

21 | eTreppid (excluding Responding Parties) has not had access.

22 | **REQUEST FOR PRODUCTION NO. 13**:

23       Please produce all documents referencing or concerning any and all payments from

24 | eTreppid to Montgomery.

25 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

26       Responding Parties object to this request on the grounds that: (i) the request is vague and

27 | ambiguous with respect to what is "concerning" payments from eTreppid to Montgomery; (ii) the

28 | request calls for information protected from disclosure by attorney-client privilege and/or the

1  attorney work product doctrine; and (iii) the "Instructions" for the request purport to impose upon

2  Responding Parties obligations which exceed Responding Parties' obligations under Rule 34 of the

3  Federal Rules of Civil Procedure.  Responding Parties further object to this request to the extent it

4  may be reasonably be construed to be invasive of Responding Parties' privacy rights or to call for

5  documents which are neither relevant to the claims and defenses asserted in this action, nor

6  reasonably calculated to lead to discovery of admissible evidence.

7  **REQUEST FOR PRODUCTION NO. 14**:

8        Please produce all documents relating to eTreppid's contracts and work with the United

9  States Government.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

11        Responding Parties object to this request on the grounds that: (i) the request is vague and

12  ambiguous with respect to what is "relating to eTreppid's contracts and work with the United

13  States Government"; (ii) the request calls for information protected from disclosure by attorney-

14  client privilege and/or the attorney work product doctrine; and (iii) the "Instructions" for the

15  request purport to impose upon Responding Parties obligations which exceed Responding Parties'

16  obligations under Rule 34 of the Federal Rules of Civil Procedure.  Responding Parties further

17  object to this request to the extent it may reasonably be construed to call for disclosure of

18  Responding Parties' trade secrets to which eTreppid (excluding Responding Parties) has not had

19  access or disclosure of classified government information requiring security clearances which

20  eTreppid does not have.

21  **REQUEST FOR PRODUCTION NO. 15**:

22        Please produce all documents referencing or concerning eTreppid's monthly invoices to the

23  United States Government.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

25        Responding Parties object to this request on the grounds that: (i) the request is vague and

26  ambiguous with respect to what is "concerning eTreppid's monthly invoices"; (ii) the request calls

27  for information protected from disclosure by attorney-client privilege and/or the attorney work

28  product doctrine; and (iii) the "Instructions" for the request purport to impose upon Responding

1  Parties obligations which exceed Responding Parties' obligations under Rule 34 of the Federal

2  Rules of Civil Procedure.  Responding Parties further object to this request to the extent it may

3  reasonably be construed to call for disclosure of Responding Parties' trade secrets to which

4  eTreppid (excluding Responding Parties) has not had access or disclosure of classified government

5  information requiring security clearances which eTreppid does not have.

6  **REQUEST FOR PRODUCTION NO. 16**:

7      Please produce for inspection all items seized from and returned to Montgomery in

8  connection with the FBI search, seizure and return pursuant to File No, 295A-LV-39368.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

10      Responding Parties object to this request on the grounds that:  (i) the request is overbroad;

11  (ii) the request calls for information which is neither relevant to the claims and defenses asserted in

12  this action, nor reasonably calculated to lead to discovery of admissible evidence; (iii) the request is

13  unnecessarily invasive of Responding Parties' confidential business information and rights of

14  privacy; (iv) the request is harassing and, to the extent any such items are discoverable, duplicative

15  of Request No. 7; and (v) the "Instructions" for the request purport to impose upon Responding

16  Parties obligations which exceed Responding Parties' obligations under Rule 34 of the Federal

17  Rules of Civil Procedure.

18  **REQUEST FOR PRODUCTION NO. 17**:

19      Please produce all documents memorializing communications to and from eTreppid,

20  regarding eTreppid's use and intended use of any intellectual property in which Montgomery

21  asserts any ownership interest.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

23      Responding Parties object to this request on the ground that the "Instructions" for the

24  request purport to impose upon Responding Parties obligations which exceed Responding Parties'

25  obligations under Rule 34 of the Federal Rules of Civil Procedure.  Responding Parties object to

26  this request to the extent it may reasonably be construed to call for information protected from

27  disclosure by attorney-client privilege and/or the attorney work product doctrine.

28

1 **REQUEST FOR PRODUCTION NO. 18**:

2       Please produce all documents (including e-mails and correspondence in native format)

3 referencing any and all source code used by eTreppid from the execution of the Contribution

4 Agreement on September 28, 1998 to the present time.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

6       Responding Parties object to this request on the grounds that: (i) the request is overbroad,

7 particularly as to subject matter and temporal scope; (ii) the request is unduly burdensome,

8 particularly in light of the volume of documents that would be responsive to the request as written;

9 (iii) the request calls for information which is neither relevant to the claims and defenses asserted in

10 this action, nor reasonably calculated to lead to discovery of admissible evidence; (iv) the request is

11 unnecessarily invasive of Responding Parties' right to maintain and protect its trade secrets; (v) the

12 request calls for disclosure of classified government information requiring security clearances

13 which eTreppid does not have; (vi) the "Instructions" for the request purport to impose upon

14 Responding Parties obligations which exceed Responding Parties' obligations under Rule 34 of the

15 Federal Rules of Civil Procedure; and (vii) the request calls for information protected from

16 disclosure by attorney-client privilege and/or the attorney work product doctrine.

17 **REQUEST FOR PRODUCTION NO. 19**:

18       Please produce any and all e-mails contained in the e-mail account(s) provided to you by

19 eTreppid, in their native format.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

21       Responding Parties object to this request on the grounds that: (i) the request is overbroad;

22 (ii) the request is unduly burdensome, particularly in light of the volume of documents that would

23 be responsive to the request as written and the associated cost; (iii) the request calls for information

24 which is neither relevant to the claims and defenses asserted in this action, nor reasonably

25 calculated to lead to discovery of admissible evidence; (iv) the "Instructions" for the request

26 purport to impose upon Responding Parties obligations which exceed Responding Parties'

27 obligations under Rule 34 of the Federal Rules of Civil Procedure; and (v) the request calls for

28 disclosure of classified government information requiring security clearances which eTreppid does

1  not have. Responding Parties further object to this request to the extent it may reasonably be

2  construed to call for information protected from disclosure by the attorney-client privilege.

3  **REQUEST FOR PRODUCTION NO. 20**:

4       Please produce all e-mails sent or received by Warren Trepp, Doug Frye, or any other

5  manager, member, or employee of eTreppid, in their native format.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

7       Responding Parties object to this request on the grounds that: (i) the request is overbroad;

8  (ii) the request is unduly burdensome, particularly in light of the volume of documents that would

9  be responsive to the request as written; (iii) the request calls for information which is neither

10  relevant to the claims and defenses asserted in this action, nor reasonably calculated to lead to

11  discovery of admissible evidence; (iv) the request calls for documents which are more readily in

12  the possession, custody or control of eTreppid; (v) the request calls for documents more readily

13  accessible from and more readily in the possession, custody or control of eTreppid and/or persons

14  other than Responding Parties; and (vi) the "Instructions" for the request purport to impose upon

15  Responding Parties obligations which exceed Responding Parties' obligations under Rule 34 of the

16  Federal Rules of Civil Procedure.

17  **REQUEST FOR PRODUCTION NO. 21**:

18       Please produce all correspondence between you and Doug Frye, Warren Trepp, or any other

19  member, manager or employee of eTreppid, discussing, concerning or relating to the management

20  of eTreppid, budgeting for expenses, employment policies, or any like matters.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

22       Responding Parties object to this request on the grounds that: (i) the request is vague and

23  ambiguous with respect to what is meant by "any like matters"; (ii) the request is overbroad; (iii)

24  the request is unduly burdensome, particularly in light of the volume of documents that would be

25  responsive to the request as written and the associated cost; (iv) the request calls for information

26  which is neither relevant to the claims and defenses asserted in this action, nor reasonably

27  calculated to lead to discovery of admissible evidence; (v) the "Instructions" for the request purport

28  to impose upon Responding Parties obligations which exceed Responding Parties' obligations

1  under Rule 34 of the Federal Rules of Civil Procedure; and (vi) the request calls for documents

2  more readily accessible from and more readily in the possession, custody or control of eTreppid

3  and/or persons other than Responding Parties.

4  **REQUEST FOR PRODUCTION NO. 22**:

5  Please provide all documents which you have provided to NBC, the Wall Street Journal, or

6  any other newspaper, television network, or other media outlet regarding Warren Trepp, eTreppid,

7  Jim Gibbons, or any other aspect of the present litigation.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

9  Responding Parties object to this request on the grounds that: (i) the request calls for

10  information which is neither relevant to the claims and defenses asserted in this action, nor

11  reasonably calculated to lead to discovery of admissible evidence; and (ii) the "Instructions" for the

12  request purport to impose upon Responding Parties obligations which exceed Responding Parties'

13  obligations under Rule 34 of the Federal Rules of Civil Procedure.

14  **REQUEST FOR PRODUCTION NO. 23**:

15  Please provide all correspondence between you or anyone acting on your behalf and

16  reporter John Wilke of the Wall Street Journal, reporter David Johnston a the New York Times, or

17  any other reporters which discusses, refers to, or relates to Trepp, eTreppid Jim Gibbons, or any

18  other aspect of the present litigation.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

20  Responding Parties object to this request on the grounds that: (i) the request calls for

21  information which is neither relevant to the claims and defenses asserted in this action, nor

22  reasonably calculated to lead to discovery of admissible evidence; and (ii) the "Instructions" for the

23  request purport to impose upon Responding Parties obligations which exceed Responding Parties'

24  obligations under Rule 34 of the Federal Rules of Civil Procedure.

25  **REQUEST FOR PRODUCTION NO. 24**:

26  Please provide all documents evidencing any payment made to you for any purpose

27  whatsoever by Edra Blixseth, OpSpring, AziMyth, Inc., Michael Sandoval, or Atigeo between July

28  2005 and the present.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

2       Responding Parties object to this request on the grounds that: (i) the request calls for
3   information which is neither relevant to the claims and defenses asserted in this action, nor
4   reasonably calculated to lead to discovery of admissible evidence; (ii) the request is unnecessarily
5   invasive of Responding Parties' confidential business information and rights of privacy; and (iii)
6   the "Instructions" for the request purport to impose upon Responding Parties obligations which
7   exceed Responding Parties' obligations under Rule 34 of the Federal Rules of Civil Procedure.

8   **REQUEST FOR PRODUCTION NO. 25**:

9       Please provide every contract of any kind whatsoever, including but not limited to any
10  technology licensing agreements, employment agreements, consulting agreements, technology sale
11  agreements, or any kind of assignment of an interest in intellectual property between you, on one
12  hand, and Edra Blixseth, OpSpring, Inc, AziMyth, Inc., Michael Sandoval, or Atigeo, on the other.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

14      Responding Parties object to this request on the grounds that: (i) the request is overbroad;
15  (ii) the request calls for information which is neither relevant to the claims and defenses asserted in
16  this action, nor reasonably calculated to lead to discovery of admissible evidence; (iii) the request is
17  unnecessarily invasive of Responding Parties' confidential business information and rights of
18  privacy; and (iv) the "Instructions" for the request purport to impose upon Responding Parties
19  obligations which exceed Responding Parties' obligations under Rule 34 of the Federal Rules of
20  Civil Procedure.

21  **REQUEST FOR PRODUCTION NO. 26**:

22      Please produce any and all documents, including but not limited to correspondence, emails
23  (in native format), calendar notes, journal entries, or phone messages memorializing any
24  communication between you or anyone acting on your behalf and Edra Blixseth, OpSpring, the,
25  AziMyth, Inc. Michael Sandoval, or Atigeo, Inc.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

27      Responding Parties object to this request on the grounds that: (i) the request calls for
28  information which is neither relevant to the claims and defenses asserted in this action, nor

1  reasonably calculated to lead to discovery of admissible evidence; (ii) the request is overbroad and

2  unduly burdensome as written; (iii) the request is unnecessarily invasive of Responding Parties'

3  confidential business information and rights of privacy; and (iv) the "Instructions" for the request

4  purport to impose upon Responding Parties obligations which exceed Responding Parties'

5  obligations under Rule 34 of the Federal Rules of Civil Procedure.

6  **REQUEST FOR PRODUCTION NO. 27**:

7       Please produce any and all documents, including but not limited to correspondence, emails

8  (in native format), calendar notes, journal entries, power point presentations, marketing materials,

9  or phone messages memorializing any communication between you or anyone acting on your

10  behalf and any customer or prospective customer of OpSpring, Inc., or AziMyth.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

12       Responding Parties object to this request on the grounds that: (i) the request calls for

13  information which is neither relevant to the claims and defenses asserted in this action, nor

14  reasonably calculated to lead to discovery of admissible evidence; (ii) the request is overbroad and

15  unduly burdensome as written; (iii) the request is unnecessarily invasive of Responding Parties'

16  confidential business information and rights of privacy; and (iv) the "Instructions" for the request

17  purport to impose upon Responding Parties obligations which exceed Responding Parties'

18  obligations under Rule 34 of the Federal Rules of Civil Procedure.

19  **REQUEST FOR PRODUCTION NO. 28**:

20       Please produce all documents identified in your Fed. R. Civ. P. 26(a) Initial Disclosures,

21  served on November 2, 2007.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

23       Responding Parties object to this request on the grounds that: (i) it is incomplete and does

24  not comply with Rule 34 of the Federal Rules of Civil Procedure, in that it requires reference to

25  something other than theses requests to determine the nature of the documents called for; and (ii)

26  the "Instructions" for the request purport to impose upon Responding Parties obligations which

27  exceed Responding Parties' obligations under Rule 34 of the Federal Rules of Civil Procedure.

28

0039641/001/ 372550v03

1       Responding Parties further object to this request to the extent it may reasonably be

2 construed to call for documents which are: (i) neither relevant to the claims and defenses asserted

3 in this action, nor reasonably calculated to lead to discovery of admissible evidence; (ii)

4 government classified; (iii) subject to Responding Parties' rights of privacy; (iv) subject to

5 Responding Parties' right to maintain and protect its trade secrets; and (v) protected from

6 disclosure by the attorney-client privilege and/or the attorney work product doctrine.

7

8 Dated: December 21, 2007             Respectfully submitted,

9                             LINER YANKELEVITZ
                            SUNSHINE & REGENSTREIF LLP

10

11                    By: _____

12                           Deborah A. Klar
                          Tuneen E. Chisolm

13                           Attorneys for Plaintiffs
                          DENNIS MONTGOMERY and the

14                           MONTGOMERY FAMILY TRUST

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Objections to Second Set of Requests for Production or Inspection of Documents or Tangible Things

0039641/001/ 372550v03

1

**CERTIFICATE OF SERVICE**

2

Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICES

OF LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP, and that on

3 **December 21, 2007,** I caused to be served the within document described as **THE**
**MONTGOMERY PARTIES' OBJECTIONS TO SECOND SET OF**

4 **REQUESTS BY ETREPPID TECHNOLOGIES, LLC AND WARREN TREPP**
**FOR PRODUCTION OR INSPECTION OF DOCUMENTS OR TANGIBLE**

5 **THINGS** on the interested parties in this action as stated below:

| | |
|---|---|
| 6 J. Stephen Peek, Esq.<br>Jerry M. Snyder, Esq.<br>7 Hale Lane Peek Dennison and Howard<br>5441 Kietzke Lane<br>8 SecondFloor<br>Reno, Nevada 89511<br>9 (775) 327-3000; 786-6179 - FAX<br>speek@halelane.com; jsnyder@halelane.com<br>10 Attorneys for Etreppid and Warren Trepp<br>11 | Carlotta P. Wells, Sr. Trial Counsel<br>U.S. Dept. of Justice<br>Fed. Programs Branch<br>Civil Division<br>Room 7150<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-4522; 616-8470 - FAX<br>E-mail: Carlotta.wells@usdoj.gov<br>Attorneys for Department of Defense |
| 12 Reid H. Weingarten, Esq.<br>Brian M. Heberlig, Esq.<br>13 Robert A. Ayers, Esq,<br>Steptoe & Johnson, LLP<br>14 1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-1795<br>15 (202) 429-3000; (202) 429-3902 - FAX<br>rweingarten@steptoe.com;<br>16 bhaberlig@steptoe.com; rayers@steptoe.com<br>Attorneys for eTreppid and Warren Trepp<br>17 | Ralph O. Gomez, Esq., Sr. Trial Counsel<br>U.S. Dept. of Justice, Fed. Programs Branch<br>Civil Division, Room 6144<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-1318; 616-8470 - FAX<br>E-mail: raphael.gomez@usdoj.gov<br>Attorneys for Department of Defense |
| 18 Greg Addington, AUSA<br>U.S. DEPARTMENT OF JUSTICE<br>100 W. Liberty Street. Suite 600.<br>19 Reno, Nevada 89501<br>E-mail: Greg.addington@usdoj.gov<br>20 (775) 784-5181 - FAX<br>Attorneys for Department of Defense<br>21 | |

22

[X]    (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed

23 envelope addressed as set forth above. I am readily familiar with this firm's practice
for collection and processing of correspondence for mailing. Under that practice it

24 would be deposited with the U.S. Postal Service on that same day with postage
thereon fully prepaid in the ordinary course of business. I am aware that on motion

25 of the party served, service is presumed invalid if postal cancellation date or postage
meter date is more than one day after date of deposit for mailing contained in

26 affidavit.

27 ⊠    [Federal]    I declare that I am employed in the offices of a member of the
State Bar of this Court at whose direction the service was made. I declare

28 under penalty of perjury under the laws of the United States of America that
the above is true and correct.

PROOF OF SERVICE

1      I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

2

3 Executed on December 21, 2007, at Los Angeles, California

4         Criss A. Draper

5         (Type or print name)               (Signature)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

0039641/001/ 371787v01

# EXHIBIT "G"

# EXHIBIT "G"

**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**
1100 Glendon Avenue | 14th Floor | Los Angeles, CA 90024.3503
t. 310.500.3500 | f. 310.500.3501

TUNEEN E. CHISOLM
tchisolm@linerlaw.com
Direct Dial: 310-500-3499



February 12, 2008

<u>VIA E-MAIL AND U.S. MAIL</u>

Jerry M  Snyder
Hale Lane Peek Dennison & Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

      Re:   <u>Montgomery v. eTreppid</u>
           Case No. CV-00056 PMP-VPC

Dear Jerry:

     Enclosed please find documents (Bates numbered DM 000000318 - 000000405), which are being produced by the Montgomery Parties in connection with the above-referenced matter. The enclosed documents Bates numbered DM 000000347 - 000000404 are designated "Confidential" pursuant to the Protective Order filed on September 11, 2007.

                      Sincerely,

                    LINER YANKELEVITZ
                    SUNSHINE & REGENSTREIF LLP

By

                    Tuneen E. Chisolm

TEC.cd

cc:   Deborah Klar, Esq.
      Peter Bransten, Esq.

# EXHIBIT "H"

# EXHIBIT "H"

1   J. Stephen Peek, Esq. (NV Bar #1758)
    Jerry M. Snyder, Esq. (NV Bar #6830)
2   Hale Lane Peek Dennison and Howard
    5441 Kietzke Lane, Second Floor
3   Reno, NV   89511
    Tel: (775) 327-3000
4   Fax:  (775) 786-6179

5   PILLSBURY WINTHROP SHAW PITTMAN, L.L.P.
    DAVID A. JAKOPIN, CA Bar No. 209950
6   JONATHAN D. BUTLER, CA Bar No. 229638
7   2475 Hanover Street
    Palo Alto, CA 94304-1114
8   Telephone: (650) 233-4500
    Facsimile: (650) 233-4545
9   (Admitted *pro hac vice* on March 7, 2006)

10  Attorneys for Defendants eTreppid Technologies,
11  L.L.C. and Warren Trepp

12              **UNITED STATES DISTRICT COURT**

13            **FOR THE DISTRICT COURT OF NEVADA**

14
    DENNIS MONTGOMERY, an individual; and
15  MONTGOMERY FAMILY TRUST, a California       CASE NO. 3:06-CV-00056-BES-VPC
    Trust,
16
                Plaintiff,                      **FIRST SET OF INTERROGATORIES**
17                                              **BY DEFENDANT ETREPPID**
        vs.                                     **TECHNOLOGIES, L.L.C. TO**
18                                              **PLAINTIFFS DENNIS**
    ETREPPID TECHNOLOGIES, L.L.C., a Nevada     **MONTGOMERY AND THE**
19  Limited Liability Company; WARREN TREPP,    **MONTGOMERY FAMILY TRUST**
    an individual; DEPARTMENT OF DEFENSE of
20  the UNITED STATES OF AMERICA, and
    DOES 1 through 10,
21
                Defendants
22  _____/

23      PROPOUNDING PARTY:        Defendant eTreppid Technologies, L.L.C.

24      RESPONDING PARTIES:       Plaintiffs Dennis Montgomery and The Montgomery
25                                Family Trust

        SET NUMBER:               ONE
26

27

28

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant eTreppid Technologies,

2   LLC ("eTreppid"), by and through its undersigned counsel, Hale Lane Peek Dennison and Howard,

3   hereby requests that Plaintiffs Dennis Montgomery and The Montgomery Family Trust (collectively,

4   "Plaintiffs") respond within thirty (30) days from service hereof to the following Interrogatories.

## INSTRUCTIONS

6    1.    Please respond to each interrogatory separately by setting forth the interrogatory

7   followed by your response to the interrogatory.

8    2.    The following rules of construction shall be applied herein: (1) the words "and" or "or"

9   shall be construed conjunctively or disjunctively as necessary to make the requests for production

10   inclusive rather than exclusive; (2) the singular includes the plural and vice-versa; and (3) the words

11   "any," "all," "each" and "every" all include any, all, each and every.

12    3.    The following interrogatories seek all information in YOUR possession, custody and

13   control, wherever and in whomever located, and specifically includes all information in the possession,

14   custody or control of YOUR agents, partners, officers, employees, attorneys, accountants,

15   investigators, servants, representatives and each of them.

16    4.    Where a date is requested and the actual date is not known, state the approximate date.

17    5.    If YOU cannot respond to any of the following Interrogatories in full, after exercising

18   due diligence to secure the information requested therein, please so state and respond to the extent

19   possible, specifying any inability to respond and stating whatever information at all YOU may have

20   concerning the portion to which you have responded.

21    6.    These Interrogatories are deemed to continue so as to require a supplemental response if

22   YOU obtain further information between the time YOUR response is served and the time of trial.

23   YOUR responses to these Interrogatories must be amended in a timely fashion if YOU make

24   additional or different contentions of fact which are not the same as those set forth in YOUR response

25   or if YOUR response to any Interrogatory ceases to be a true or complete response between the time

26   YOUR response is served and the time of trial.

27    7.    If any claim is made that the information requested in these interrogatories is privileged

28   or constitutes attorney work product such that YOU will not respond to the interrogatory, provide a

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1  written statement describing the factual basis of the purported privilege or claim of work product in
2  sufficient detail to permit the hearing officer to adjudicate the validity of the claim.

3      8.     If objections to these interrogatories are not served within thirty (30) days, absent an
4  extension, said objections shall be waived.

## DEFINITIONS

6      1.     "COPYRIGHTS" means the following registered copyrights: TXu-98-018, TXu98-699,
7  TXu-98-727, TXu-98-728, TXu-98-731, TXu-117-868, TXu-119-540, TX-1-983-147, TX-1-992-867,
8  TX-2-000-234, TX-2-083-750, and TX-2-095-009.

9      2.     "Defendants" refers herein to eTreppid Technologies, L.L.C. and Warren Trepp, either
10  collectively or individually.

11      3.     "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including
12  any written, printed, recorded, pictorial, graphic or photographic material, however produced or
13  reproduced, of each document YOU have knowledge of or which is in YOUR possession, custody or
14  control as well as any matter attached thereto – including, but not limited to, the original or a copy of
15  any handwriting, typewriting, printing, Photostatting, photographing, and every other means of
16  recording upon any tangible thing and form of communicating or representation, including letters,
17  words, pictures, sounds, symbols, combinations of them, and any data, information, or electronic
18  media recorded in any form by or on a computer, floppy disk, compact disk, or similar device
19  (including, but not limited to, software and source code), correspondence, memoranda (internal, inter-
20  office and/or external), statements, agreements, e-mails (deleted and/or active), contracts, drafts,
21  telegraphs, cables, notes, reports, studies, analyses, records, evaluations, charts, ledgers, checks, tables,
22  tabulations, compilations, summaries, indices, abstracts, drawings, blueprints, labels, tags, pleadings,
23  testimony, speeches, articles, books, pamphlets, brochures, magazines, newspapers, calendars, diaries,
24  minutes, orders, photographs, moving pictures, microfilms, microfiche, tapes, recordings, computer
25  records and disks, and any other matter which contains any form of communication or representation,
26  and all drafts thereof.

27      4.     "IDENTIFY" with reference to a natural PERSON means to state the name and last
28  known residence address and business address and home and work telephone numbers for such person,

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1  as well as the name and address of his present employer, the nature of his current employment and his
2  employment relationship, if any, to YOU.

3      5.      "IDENTIFY" with reference to a non-natural PERSON means to state the name and last
4  known business address and telephone numbers for such company.

5      6.      "IDENTIFY" with reference to a DOCUMENT means to state the date that it bears, its
6  author(s), its specific format(s) (for example, a computer file in Microsoft Word format, or an email in
7  HTML format), and any PERSON known to have seen, received or reviewed its contents.  Whenever
8  YOU are requested to "IDENTIFY" a DOCUMENT, YOU may submit the DOCUMENT itself in lieu
9  of IDENTIFYING it.  If any such DOCUMENT exists, but is no longer in YOUR possession or
10 subject to YOUR control, state what disposition was made of it and its present location and custodian.
11 If any such DOCUMENT once existed but no longer exists, state what disposition was made of it,
12 when such disposition took place, and list each PERSON who has knowledge of such disposition.

13     7.      "PERSON" or "PERSONS" means any natural person, corporation, cooperative,
14 partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission or
15 other entity.

16     8.      "STATE" means to set forth fully and unambiguously every fact relevant to the answer
17 called for by the Interrogatory, of which YOU have knowledge.

18     9.      "YOU," "YOUR" and "YOURS" refer herein to plaintiff Dennis Montgomery, plaintiff
19 The Montgomery Family Trust, Brenda Montgomery, and anyone acting or authorized to act on behalf
20 of any and all of them – including any representatives, employees, agents, servants, or attorneys and
21 others who are in possession or may have obtained information for you or on your behalf.

22                          **INTERROGATORIES**

23     **Interrogatory No. 1:**  STATE in detail all facts supporting YOUR contention that Defendants,
24 either collectively or individually, have infringed any copyright owned by YOU (this includes, but is
25 not limited to stating the registration numbers for each copyright and derivative work that YOU
26 contend Defendants, either collectively or individually, have infringed) .

27     **Interrogatory No. 2:**  IDENTIFY each PERSON with knowledge of any of the facts provided
28 in your response to Interrogatory No. 1.

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    **Interrogatory No. 3**: IDENTIFY each PERSON that YOU contend created, developed, or

2    wrote each DOCUMENT that YOU contend infringes any of YOUR copyrights and/or derivative

3    works.

4    **Interrogatory No. 4**: IDENTIFY each portion of any DOCUMENT you contend is

5    substantially similar to and any copyrighted work or derivative work identified in your response to this

6    Interrogatory (this includes, but is not limited to, IDENTIFYING each DOCUMENT).

7    **Interrogatory No. 5**: STATE all damages which YOU have incurred as a result of any

8    wrongful act on the part of Defendants, either collectively or individually. If YOU are unable to

9    precisely calculate the damages that YOU have incurred, state (1) the manner in which such damages

10   may be calculated, and (2) the information needed to perform a precise calculation of damages.

11   **Interrogatory No. 6**: IDENTIFY each PERSON with knowledge of any of the facts provided

12   in your response to Interrogatory No. 5.

13   **Interrogatory No. 7**: STATE all facts supporting YOUR contention that Defendants, either

14   collectively or individually, have wrongfully diluted YOUR ownership interest in eTreppid.

15   **Interrogatory No. 8**: IDENTIFY each PERSON with knowledge of any of the facts provided

16   in your response to Interrogatory No. 7.

17   **Interrogatory No. 9**: STATE in detail all facts supporting YOUR allegation that "Trepp

18   began to dilute Montgomery's share in eIntrepid [*sic*] and, used his majority interest in eIntrepid [*sic*]

19   to obtain favorable treatment for himself as a majority shareholder at the expense of Montgomery."

20   **Interrogatory No. 10**: IDENTIFY each PERSON with knowledge of any of the facts

21   provided in your response to Interrogatory No. 9.

22

23

24

25

26

27

28

1  **Interrogatory No. 11:** IDENTIFY each owner and/or claimant of the COPYRIGHTS and of

2  any works that YOU contend are "derivative works" of the COPYRIGHTS, from 1980 to present.

3  Dated: July 25, 2006.

J. Stephen Peek, Esq.
Nevada Bar Number 1758
Jerry M. Snyder, Esq.
Nevada Bar Number 6830
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile: (775) 786-6179
*Attorneys for Defendants eTreppid Technologies,
L.L.C. and Warren Trepp*

::ODMA\PCDOCS\HLRNODOCS\554354\1              Page 6 of 7

**PROOF OF SERVICE**

I, Gaylene Silva, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard.  My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511.** I am over the age of 18 years and not a party to this action

**HAND DELIVERY ONLY** I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection and delivery of its hand-deliveries.  Such practice in the ordinary course of business provides for the delivery of all hand-deliveries on the same day requested.

On July 25, 2006, I caused the foregoing **FIRST SET OF INTERROGATORIES BY DEFENDANT ETREPPID TECHNOLOGIES, LLC TO PLAINTIFFS MONTGOMERY AND THE MONTGOMERY FAMILY TRUST** to be hand-delivered by providing a true and correct copy to Hale Lane Peek Dennison and Howard's runners with instructions to hand-deliver the same to:

*Fax No. 786-5044*
Ronald J. Logar, Esq.
Eric A. Pulver, Esq.
The Law Offices of Logar & Pulver
225 S. Arlington Avenue, Suite A
Reno, NV 89501

**MAIL ONLY** I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection and processing of its outgoing mail with the United States Postal Service.  Such practice in the ordinary course of business provides for the deposit of all outgoing mail with the United States Postal Service on the same day it is collected and processed for mailing.

On July 25, 2006, I served the foregoing **FIRST SET OF INTERROGATORIES BY DEFENDANT ETREPPID TECHNOLOGIES, LLC TO PLAINTIFFS MONTGOMERY AND THE MONTGOMERY FAMILY TRUST** by placing a true copy thereof in Hale Lane Peek Dennison and Howard's outgoing mail in a sealed envelope, addressed as follows:

*Fax No. 202/616-8470*
Carlotta P. Wells
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC 20044

*Fax No. 888-235-4279*
Michael J. Flynn, Esq.
Philip H. Stillman, Esq.
Flynn & Stillman
224 Bermingham Dr., Ste. 1A4
Cardiff, CA 92007

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on July 25, 2006.

Gaylene Silva

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

# EXHIBIT "I"

# EXHIBIT "I"

1 | Ronald J. Logar --State Bar No. 303
Eric Pulver--State Bar No. 7874
2 | LAW OFFICE OF LOGAR & PULVER, PC
225 S. Arlington Ave., Suite A
3 | Reno, NV 89501
Tel: (775) 786-5040; Fax: (775) 786-7544
4 | Michael J. Flynn, Mass. State Bar No. 172780
Philip H. Stillman, California State Bar No. 152861
5 | FLYNN & STILLMAN
224 Birmingham Drive, Suite 1A4
6 | Cardiff, CA 92007
Tel: (858) 759-7000; Fax: (858) 759-0711
7 | (Application for Admission Pro Hac Vice)
Attorneys for DENNIS MONTGOMERY and
8 | MONTGOMERY FAMILY TRUST

9

10 | **UNITED STATES DISTRICT COURT**

11 | **FOR THE DISTRICT OF NEVADA**

12 | DENNIS MONTGOMERY, ET AL.,     )     Case No: CV-N-06-00056-BES-VPC

13 |      Plaintiffs,      )

14 |      )    **Plaintiff Dennis Montgomery and the Montgomery**
     )    **Family Trust''s Answers to Defendant eTreppid**
     )    **Technologies, LLC Interrogatories (Set One)**

15 | vs.      )

16 | ETREPPID TECHNOLOGIES, ET AL.      )

17 |      Defendants.      )

18 | **PRELIMINARY STATEMENT**

19 |      By this response, Dennis Montgomery and the Montgomery Family Trust (hereinafter collectively

20 | referred to as Plaintiff) do not intend to waive, and do not waive, any objection at trial to admitting into

21 | evidence all or a part of these responses, or the documents in connection with it. Rather, Plaintiff intends

22 | to preserve, and does preserve, all objections to admitting into evidence all or a part of these responses, or

23 | the documents in connection with it, including, without limitation, objections based on relevance,

24 | foundation, authenticity, or privilege, as well as any and all objections.

25 |      These responses are based on the preliminary information currently known to Plaintiff and such

26 | information that is within his possession, custody, or control. Discovery is preliminary and ongoing, and

27 | he has not been able to complete discovery of defendant, its agents and employees. Plaintiff incorporates

28 | this preliminary statement as well as the following general objections into each of his specific responses

1   to the individual Responses to the Interrogatories.

2                              **GENERAL OBJECTIONS**

3       Plaintiff incorporates the following General Objections into each of his specific responses to the

4   individual Responses to the Interrogatories.

5   1.      Plaintiff objects to any interrogatory to the extent it seeks irrelevant information on the ground that

6   discovery of such matter is not authorized by the Federal Rules of Civil Procedure or Local Rules.

7   2.      Plaintiff objects to any interrogatory to the extent it seeks information or documents protected from

8   disclosure by the attorney-client privilege, or the attorney work-product doctrine. This objection is made

9   on the ground that there is no right to discover privileged documents or information.

10  3.      Plaintiff objects to any interrogatory to the extent it purports to impose obligations upon him and

11  his agents beyond those provided for in the Federal Rules of Civil Procedure, Local Rules, and other

12  applicable law. This objection is made on the ground that discovery of such matter is not authorized by

13  the Federal Rules of Civil Procedure or Local Rules.

14  4.      Plaintiff objects to any interrogatory to the extent it requests private, confidential, proprietary,

15  copyrighted, or trade secret  information protected from disclosure by state or federal law, including, but

16  not limited to, the state and federal constitutional rights to privacy, copyrights, trade secrets, as well as

17  other applicable statutory or common-law privacy rights. This objection is made on the ground that there is

18  no right to discover privileged documents or information.

19  5.      Plaintiff objects to any interrogatory to the extent it purports to require information that is

20  protected by privacy rights. This objection is made on the ground that there is no right to discover

21  privileged documents or information.

22  6.      Plaintiff generally objects to this set of interrogatories because the term "Software" is overly broad

23  and ambiguous.

24  7.      Plaintiff generally objects to this set of interrogatories because the term "You," "Your," and "Yours,"

25  are overly broad and ambiguous.

26  8.      For purposes of responding to these interrogatories, the term "Copyrights" refers to the individual

27  and collective copyrights listed in the Complaint and itemized in Definition No. 1 of

28  Defendants' interrogatories; but the term "Copyrights" is used interchangeably in these responses both

Plaintiff Montgomery Responses to
Defendant Etreppid Interrogatories (Set One)                    2

with regard to each individual copyright and to the collective copyrights depending on the context of each

response. Because the case is at its preliminary stage, and because the Defendants have denied access to

Plaintiff to all of it's books and records as required by law, and as required by the agreements of the

parties, and because the Defendants have sole and exclusive access to all of the evidence and "documents"

as defined in their interrogatories which are necessary to respond to these interrogatories, and because

Defendants have not produced said evidence and documents pursuant to Rule 26, and/or as required by

law, and/ or as required by the "Operating Agreements" of Defendants, Plaintiff generally objects to these

interrogatories; and Plaintiff is not able at this time to respond to said interrogatories with the detailed

responses requested. Plantiff further objects on the grounds that the Defendant Trepp initiated a false and

fraudulent criminal complaint against the Plaintiff which caused the FBI to conduct an illegal search and

seizure of Plaintiff's home resulting in the illegal taking of Plaintiff's computers and various types of

electronic media storage, documents and other materials, thereby preventing Plaintiff from accessing said

materials need to respond to this discovery. Plaintiff will supplement these responses within a reasonable

time after receiving full and complete access to all of the books and records of Defendants as he is entitled

by law and agreements between the parties; and receiving back all of the items illegally seized by the FBI..

## RESPONSES TO SPECIAL INTERROGATORIES

Plaintiff incorporates fully into each of the following specific responses the aforementioned

"Preliminary Statement" and"General Objections,"and more specifically incorporates "General Objection

No. 8." No specific response shall be construed to waive any of the General Objections, including, but not

limited to, General Objection No. 8, or any of the Statements contained in the "Preliminary Statement."

**INTERROGATORY NO. 1:** STATE in detail all facts supporting YOUR contention that Defendants,

either collectively or individually, have infringed any copyright owned by YOU (this includes, but is not

limited to stating the registration numbers for each copyright and derivative work that YOU contend

Defendants, either collectively or individually, have infringed).

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants infringed each of the Copyrights by lying to the Plaintiff, and by defrauding the Plaintiff, and

Plaintiff Montgomery Responses to
Defendant Etreppid Interrogatories (Set One)                    3

by breaching oral and written agreements with the Plaintiff, and by violating the laws applying to copyrights and trade secrets, and by attempting to steal and/or convert the algorithms and source codes to the Copyrights, and/or to the derivatives of the Copyrights, and by generally engaging in fraudulent, and/or tortious, and/or illegal conduct regarding the Copyrights. The Defendants individually and collectively, and in collusion with individuals and agencies to be identified as discovery in this matter progresses, engaged in the foregoing generally described conduct, to be recited in greater detail as discovery progresses and as Defendants comply with Nevada law and comply with the Operating Agreements permitting Plaintiff access to the books and records of Defendants, in connection with the use of the algorithms and source codes in the Copyrights, and/or derivatives of said algorithms and source codes originating in the Copyrights on certain specified Government contracts now exclusively in the possession, custody and control of Defendants, including all "Documents," as defined by Defendants. Without said access to the books and records, and said "Documents" of Defendants as Plaintiff is absolutely entitled, Plaintiff cannot at this time recite the details of Defendants' infringement other than with a general statement as follows:

The Defendants and the Plaintiff agreed on or about September 28, 1998 and continuing to at least September 30, 2005 that Plaintiff exclusively owned and possessed "Software" that he had developed over a period of approximately 20 years prior to September, 1998, in connection with his career as a software designer and developer, which included the design and development of "Software" having multiple and varied uses and applications; and that Plaintiff, as of that period between September 28, 1998 and September 30, 2005, held all of the legal and proprietary indicia of ownership and possession in all of the "Software " that he had developed throughout his career, including but not limited to the legal indicia of ownership to the algorithms and source codes contained in the "Copyrights" *and all subsequent derivatives to the algorithms and source codes in said Copyrights*. On or about September 28, 1998 and continuing to at least September 30, 2005, Defendants specifically agreed that Plaintiff also owned and possessed multiple and varied and comprehensive "Software" programs not contained within the Copyrights and not conveyed to Defendants. On September 28, 1998, in the context of Plaintiff's ownership of the "Copyrights," and in the context of Plaintiff's ownership and possession of other multiple, varied and comprehensive "Software" programs, including ownership and possession of tens of

Plaintiff Montgomery Responses to
Defendant Etreppid Interrogatories (Set One)                 4

7757867544          Logar & Pulver Law                                    10:25:18 a.m.       08 29 2006        5 /15

1   thousands of algorithms, executables and source codes, Plaintiff and the Defendants agreed in writing in a

2   document called the "Contribution Agreement" that Plaintiff would **ONLY** convey to a partnership/LLC

3   to be exclusively owned and controlled by Plaintiff and Defendant Trepp a specific and relatively small

4   amount of his software described specifically in writing as **"the software compression technology**

5   **contained on that certain Software Compression Engine Development Program contained on CD**

6   **No. 1";** and that no other software programs, or intellectual property, or algorithms, or executables or

7   source codes were being conveyed to the partnership/LLC; and that the value of the software contained on

8   said "CD No. 1" was fixed by agreement to be $1,3000,000.00. As of the date of the agreement, Plaintiff

9   relied upon Trepp's written and oral representations that his interest in the partnership/LLC would always

10  be 50% of the outstanding shares in said company, as reflected by the fact that Plaintiff contributed the

11  value of his software and Defendant Trepp contributed a fixed sum of money. At that time, in September,

12  1998, Plaintiff also discussed with Trepp the sale to their partnership/LLC other components of Plaintiff's

13  software programs for sums in the range of $5,000,000.00, which Trepp rejected. For that reason, and

14  others, Trepp's lawyer, Douglas Frye, explicitly drafted and embodied in the Contribution Agreement, the

15  express limitation that the only software being conveyed was "contained on CD No. 1"; and that all other

16  property, intellectual and otherwise, belonging to Plaintiff was excluded. Defendant Trepp was obligated

17  by said agreement to pay said sum into the partnership/LLC on said date of September 28, 1998.

18  Notwithstanding Plaintiff's repeated requests, Trepp has never allowed access to Plaintiff to the books and

19  records of the partnership/LLC to verify that Trepp paid said sum on September28, 1998.

20  Pursuant to the "Contribution Agreement," the Plaintiff and Defendant Trepp also agreed that Plaintiff

21  would serve as "Chief Technology Officer" in the capacity of an *independent contractor* who would

22  contract with the partnership/LLC to develop software programs involving casino surveillance based on

23  the software "contained on CD No. 1." Between September 28, 1998, and December 31, 2002. Plaintiff

24  fulfilled his obligations as an independent contractor utilizing the software programs "contained on CD

25  No. 1 " in order to fulfill the casino surveillance business of the partnership/LLC. Between the filing of

26  the original Copyright registrations in the 1980's and September 28, 1998, using his own computers and at

27  his home-office and elsewhere, Plaintiff refined and created derivatives to the Copyrights having multiple

28  and varied applications. Between September 28, 1998 and December 31, 2002, using his own computer at

his home-office, Plaintiff made further refinements to the algorithms and source codes originating within

the Copyrights, and on other software programs Plaintiff was developing unrelated to the business of the

partnership/LLC. Prior to December 31, 2002 as part of his fulfillment to eTreppid and in reliance upon

the representations of Trepp and his lawyers, and in order to protect against Defendant Trepp's secretive,

deceitful and manipulative operation of eTreppid, and in order to quantify and qualify the source codes

contained on CD No. 1, Plaintiff, as an independent contractor filed various patents relating to the

software on CD No. 1. On or about January to April, 2003, acting as the owner and exclusive possessor

of the Copyrighted and derived source codes and algorithms, and while acting as an independent

contractor, Plaintiff informed certain agencies of the Government that he owned and possessed certain

software having potential military applications, particularly in connection with the terrorist threats against

our country. At the same time, Plaintiff again offered to sell certain components and specific source codes

to Defendant Trepp and to their partnership/LLC for the sum of $5,000,000.00. Trepp again rejected the

offer. In March, 2003, Plaintiff agreed with a certain Government agency to use one component of his

exclusively owned software in a special Government contract; and agreed with Trepp and their partnership

to license said software to the partnership/LLC, (hereinafter referred to as eTreppid). Plaintiff and Trepp

and eTreppid agreed that Plaintiff would maintain complete, exclusive and absolute ownership, possession

and control over the software and the algorithms and source codes used in certain special Government

contracts which Plaintiff worked on with his Copyrights and derivatives containing his source codes and

algorithms. Between March, 2003 and January 18, 2006, Plaintiff did, in fact, and as per agreement,

maintain complete, exclusive, sole, and absolute ownership, possession and control of all of his source

codes and algorithms used in the special Government contracts. Throughout this same period, Plaintiff

did not permit any person at eTreppid to even have access to said algorithms and source codes as

evidenced by his inclusion of "intrusion protocols" into the specific software programs owned by Plaintiff.

These "intrusion protocols" were designed to prevent any person, other than Plaintiff, gaining access to

the subject programs. IN FACT, NONE OF PLAINTIFF'S EXCLUSIVELY OWNED "SOURCE

CODES" USED IN THE SPECIAL GOVERNMENT CONTRACTS WERE EVER ON THE PREMISES

OF ETREPPID. Throughout this same period, by his conduct, by repeated statements and representations,

and in other forms, Trepp agreed to Plaintiff's conditions of exclusive control, possession and ownership

of the subject source codes and algorithms.

In order to carry out his scheme to defraud Plaintiff and to steal Plaintiff's algorithms and source codes in Plaintiff's Copyrights and derivatives, between approximately March, 2003 and September, 2005, Defendant Trepp repeatedly employed a variety of false and fraudulent statements, representations, artifices and devices intentionally designed to infringe upon the copyrights and intentionally designed to deceive Plaintiff; and to lull him into the belief and acceptance of Defendant Trepp's promises and representations. The false and fraudulent statements were designed to induce Plaintiff to license and/or sell the copyrighted source codes and derivatives to eTreppid and to the Government. The false statements and fraudulent representations are included but not limited to the following statements expressed as general statements containing the general meaning of the expressions used by Defendant Trepp, i.e., "words to the effect of" unless otherwise quoted: (1) eTreppid will "license your software" and "pay a license fee equal to at least 50% to 75% of the gross amount received from the Government" depending on which contract the parties were discussing, "until we have the Government sucked in and they can't do without it" and then we will "close in for the kill" and "sell it for hundreds of millions." Trepp also repeatedly stated that eTreppid will have to calculate its costs and expenses in connection with each contract and if those expenses and costs are below certain ranges in connection with certain specified contracts, Plaintiff's share above 50% to 75% of the gross amount received would increase proportionately "until a final deal is made." In connection with these types of repeated promises, upon information and belief, Trepp repeatedly lied about when he was receiving Government checks on certain contracts; how much he was receiving; what the expenses were; what amounts and expenses were allocated to specific contracts; how eTreppid and the Government were doing the accounting; what other expenses and costs eTreppid was incurring which were unrelated to the contracts but to other business of eTreppid and which "adversely impacted Plaintiff's membership profits in eTreppid" which had to be "accounted for before a "final payment" or "a final deal" could be made. Plaintiff will require access to all of the books and records of Trepp and eTreppid before providing a more detailed response with respect to exactly how on the books and records of eTreppid Trepp accounted for Plaintiff's contributions, licensing fees, expenses etc. Not withstanding Trepp's continued representations relied upon by Defendant, the books and records were never made available to him based on a multitude of excuses proffered by Trepp.; (2) Trepp also

Plaintiff Montgomery Responses to
Defendant Etreppid Interrogatories (Set One)                    7

1  stated that "once we have the Government hooked," eTrpped and Trepp will negotiate a "deal" with the

2  Government to sell parts of "your technology" to the Government for "Five Hundred Million Dollars" and

3  we will "get a billion dollar bond to back up the deal." Trepp repeatedly stated that Plaintiff's share will

4  be "at least 50% of the gross" "but anything over that will require calculating your interest in eTreppid."

5  Trepp repeatedly promised to "sit down" with Plaintiff and the "bookkeeper" and "the accountant" and get

6  "everything worked out before the "final sale," and "to catch up on the numbers." Prior to September,

7  2005, Trepp repeatedly said "to just keep processing" the "output" the Government needed in the "war on

8  terror," mostly in connection with Plaintiff's "intercepts" of al Qaeda communications, and "it was a

9  problem of timing," so "just keep processing until we get the deal done." During much of the "processing"

10  period, Plaintiff was working 12 to 18 hour days, and had little time, energy or opportunity to deal with the

11  business aspects of eTreppid. He relied upon the good faith and explicit representations of Trepp as his

12  partner. In September - October, 2005, Trepp advised Plaintiff to stop all work on a certain Government

13  contract so that he could "force them to buy it for Five Hundred Million"; and that he needed Plaintiff to

14  bring the "source codes to eTreppid" to put them in escrow." Trepp also said he was in the middle of

15  doing the final calculations on how much Plaintiff was owed, and that he had to calculate if Plaintiff had

16  been diluted in his ownership interest in eTreppid because of the investments of others, including Milken,

17  and the "deals" Trepp had "engineered" with others, including Wayne Prim; and that depending on

18  Plaintiff's dilution, it might affect the "final payment amount" relating to the sale of the technology.

19  Plaintiff informed Trepp that he thought that there were "serious national security concerns" involving the

20  safety of potentially millions of Americans if he stopped "processing", that he no longer trusted Trepp, that

21  Trepp had never paid him his license fees, that there had never been any legitimate dilution, that he was

22  owed millions of dollars, that he wanted immediate access to the books and records, and that he would

23  never bring the source codes to eTreppid and would never allow anyone at eTreppid to have access to his

24  source codes. At first, Trepp promised to make "everything right" as soon as the "deal was done." But

25  when Plaintiff questioned Trepp about the involvement of Michael Milken in eTreppid and how much he

26  was owed, and the pay-offs to Congressman James Gibbons, and the involvement of Ronald Bath, an Air

27  Force General and "consultant" to Trepp, and how much Bath was owed, and how Trepp could claim

28  Plaintiff had been diluted when he was owed millions of dollars, Trepp became extremely hostile and

Plaintiff Montgomery Responses to
Defendant Etreppid Interrogatories (Set One)                    8

threatened to "bury" Plaintiff by using his "political muscle" with Gibbons and Bath. Trepp also reminded Plaintiff that he was a lifelong friend of "Richie Bonanno" and that they were "not people to fuck with." Having observed some of Trepp's fraudulent practices including the payment of approximately $100,000 to Gibbons on a cruise ship in addition to the payment of an additional $100,000 to Gibbons in $10,000 increments through various entities belonging to Trepp, and having watched Trepp give Gibbons thousands of dollars when they were gambling together, and having listened to Trepp recite how he had lied, defrauded, and manipulated the securities industry and falsified evidence in various SEC investigations, (mostly when Trepp was heavily intoxicated), Plaintiff became concerned for his life and the security of his property, including, but not limited to, the source codes and algorithms used in certain special Government contracts.

When Defendants were unable to steal Plaintiff's source codes and algorithms while Plaintiff was working as an independent contractor at eTreppid, after his departure, Defendants in collusion with certain individuals within the Government sought to steal them by other illegal means, including an illegal search and seizure of Plaintiff's home and storage facility. As a result of said illegal search and seizure, Plaintiff is unable to access his computers and other materials neccessary to answer this interrogatory more fully at this time.

All of the foregoing facts relate to Plaintiff's contention that Defendants infringed upon Plaintiff's Copyrights and derivatives. Plaintiff more specifically incorporates herein General Objection No. 8.

**INTERROGATORY NO. 2**: IDENTIFY each PERSON with knowledge of any of the facts provided in your response to Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 2:**

See RESPONSE to No. 1, and General Objection No. 8 which Plaintiff incorporates herein. Plaintiff will supplement this response as necessary in the detail requested when he has access to all of the books and records of eTreppid. Until then, Plaintiff states that in addition to the individuals identified in response to No. 1, all employees, consultants, independent contractors, lawyers, agents and representatives of eTreppid and Defendant Trepp, and in Trepp's various companies and entities, and in the US Government, and its agents and independent contractors, who participated in any of the various contracts with the Government

and/or its agents and contractors, may have knowledge of the facts recited in Response No. 1. The
addresses for said individuals are in the possession of Defendants, and Plaintiff requires access to the
books and records of Trepp and eTreppid in order to provide them. In addition to the above.

**INTERROGATORY No. 3:** IDENTIFY each PERSON that YOU contend created, developed, or wrote
each DOCUMENT that YOU contend infringes any of YOUR copyrights and/or derivative works.
**RESPONSE TO INTERROGATORY NO. 3:**

See RESPONSES to Interrogatories Numbers 1 and 2, and General Objection No. 8 which Plaintiff
incorporates herein. Until Plaintiff obtains access to all of the books and records of eTreppid, and access
to his computers and other materials, he cannot provide further details at this time.

**INTERROGATORY NO. 4:** IDENTIFY each portion of any DOCUMENT you contend is substantially
similar to and any copyrighted work or derivative work identified in your response to this Interrogatory
(this includes, but is not limited to, IDENTIFYING each DOCUMENT)

**RESPONSE TO INTERROGATORY NO. 4**

See RESPONSE to Interrogatory No. 3, which Plaintiff incorporates herein. To Plaintiff's knowledge all
of the "documents" necessary to answer this interrogatory are in the custody, possession and control of
Defendants.

**INTERROGATORY NO. 5:** STATE all damages which YOU have incurred as a result of any wrongful
act on the part of Defendants, either collectively or individually. If YOU are unable to precisely calculate
the damages that YOU have incurred, state (1) the manner in which such damages may be calculated, and
(2) the information needed to perform a precise calculation of damages.

**RESPONSE TO INTERROGATORY NO. 5**

See RESPONSES to Interrogatories No. 1 through 4, which Plaintiff incorporates herein. In order to fully
respond to this interrogatory, Plaintiff will require each Government contract, all amounts paid on each
contract, when they were paid, all of the accounting books and records of eTreppid, and all
communications of every nature and description which Defendants have had with the Government from

January, 2003 to the present, including, but not limited to, all of their communications with Ronald Bath, James Gibbons and Paul Haraldsen.

**INTERROGATORY NO. 6:** IDENTIFY each PERSON with knowledge of any of the facts provided in your response to Interrogatory No. 5

**RESPONSE TO INTERROGATORY NO. 6**

See RESPONSE to Interrogatory No. 5, which Plaintiff incorporates herein.

**INTERROGATORY NO. 7:** STATE all facts supporting YOUR contention that Defendants, either collectively or individually, have wrongfully diluted YOUR ownership interest in eTreppid

**RESPONSE TO INTERROGATORY NO. 7**

See RESPONSE to Interrogatory No. 1 and General Objection N0. 8 which Plaintiff incorporates herein. Plaintiff will require full and complete access to all of the books and records of eTreppid and to all of the materials illegally seized by the FBI at the behest of Trepp before he can fully respond to this interrogatory. In general, Plaintiff received a letter and/or Notice in March, 2006 stating that he had a then-current ownership interest in eTreppid of less than 9%. Plaintiff owned 50% of eTreppid as of September 28, 1998 and relied upon Trepp's representations that the contribution of his software protected him against dilution.. Notwithstanding his repeated requests, Plaintiff has never been given access to the books and records of eTreppid in order to verify any contributions by Trepp, and/ or any of the "investments" of Trepp's friends, contacts, cronies or disinterested investors. In addition to the foregoing demanded access to the books and records of eTreppid, Plaintiff will require full and complete access to all of the bank accounts of eTreppid, and production of all of the bank statements cancelled checks etc. involving the investment of any funds by any individual claiming to be an investor in eTreppid. Plaintiff will also require deposition discovery of each of said investors causing his alleged dilution and, of course, the depositions of Trepp, Douglas Frye, James Gibbons, Ronald Bath, and all of eTreppid's bookkeepers and accountants in order to fully respond to this interrogatory.

**INTERROGATORY NO. 8:** IDENTIFY each PERSON with knowledge of any of the facts provided in

your response to Interrogatory No. 7.

**RESPONSE TO INTERROGATORY NO. 8**

See RESPONSE to Interrogatory No. 7, which Plaintiff incorporates herein.

**INTERROGATORY NO. 9:** STATE in detail all facts supporting YOUR allegation that "Trepp began to dilute Montgomery's share in eIntrepid [sic] and, used his majority interest in eIntrepid [sic] to obtain favorable treatment for himself as a majority shareholder at the expense of Montgomery."

**RESPONSE TO INTERROGATORY NO. 9**

See RESPONSES to Interrogatories NO. 1 and No. 7, which Plaintiff incorporates herein.

**INTERROGATORY NO. 10:** IDENTIFY each PERSON with knowledge of any of the facts provided in your response to Interrogatory No. 9

**RESPONSE TO INTERROGATORY NO. 10**

See RESPONSE tp Interrogatory No. 9 which Plaintiff incorporates herein.

**INTERROGATORY NO. 11:** IDENTIFY each owner and/or claimant of the COPYRIGHTS and of any works that YOU contend are "derivative works" of the COPYRIGHTS, from 1980 to present.

**RESPONSE TO INTERROGATORY NO. 11**

Dennis Montgomery and the Montgomery Family Trust. Defendants have the addresses of these owners.

Respectfully submitted,

/s/

August ___, 2006

Michael J. Flynn, Attorney for Dennis Montgomery and the Montgomery Family Trust

**CERTIFICATE OF SERVICE**

I, Lezlie M. Lucas, declare:    I am an employee in the City of Reno, County of Washoe, State of

Nevada, employed by the Law Office of Logar & Pulver, PC, located at 225 S. Arlington Avenue, Suite A,

Reno, NV 89501. I am over the age of 18 years and not a party to this action.

I am readily familiar with the Law Office of Logar & Pulver's practice for the collection of mail,

delivery of its hand-deliveries, their process of facsimile's and the practice of mailing.

On ___29th August 2006___ I caused the foregoing document to be delivered to the following persons and/or

entities:

Sent Via US Regular Mail:                 Mr. Jerry M. Snyder, Esq.
Facsimile - 786-6179                      Hale Lane Peek Dennison and Howard
                                          5441 Kietzke Lane, Second Floor
                                          Reno, NV 89511

Sent Via US Regular Mail:                 Stephen J. Peek, Esq.
                                          Hale Lane Peek Dennison and Howard
                                          5441 Kietzke Lane, Second Floor
                                          Reno, NV 89511

Sent Via US Regular Mail:                 Pillsbury Winthrop Shaw Pittman, L.L.P.
                                          David A. Jakopin, Esq.
                                          2475 Hanover Street
                                          Palo Alto, CA 94304-1114

Sent Via US Regular Mail:                 Pillsbury Winthrop Shaw Pittman, L.L.P.
                                          Jonathan D. Butler, Esq.
                                          2475 Hanover Street
                                          Palo Alto, CA 94304-1114

Sent Via US Regular Mail:                 Daniel G. Bogden
                                          United States Attorney
                                          100 West Liberty Street, Suite 600
                                          Reno, NV 89501

Sent Via US Regular Mail:                 Greg Addington
                                          Assistant United States Attorney
                                          100 W. Liberty Street, Suite 600
                                          Reno, NV 89501

Sent Via US Regular Mail:                 Civil Process Clerk, United States Attorney for the District of

Plaintiff Montgomery Responses to
Defendant Etreppid Interrogatories (Set One)              13

1         Nevada;
         100 W. Liberty Street, Suite 600
2         Reno, NV 89501

3
 Sent Via US Regular Mail:    Karen Richardson
4         Federal Programs Branch
         Civil Division, Room 6126
5         U.S. Department of Justice
         200 Massachusetts Avenue, N.W.
6         P.O. Box 883
7         Washington DC 20044

8 Sent Via US Regular Mail:    Donald H. Rumsfield
         Department of Defense of the U. S. of America
9         1000 Defense Pentagon
10         Washington, DC 20301-1000

11

12

13            /S/LML
          Lezlie M. Lucas, Notary Public
14          Legal Assistant to the
          Law Office of Logar & Pulver, PC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Montgomery Responses to
Defendant Etreppid Interrogatories (Set One)     14

## VERIFICATION

I, Dennis Montgomery, am the plaintiff in this action. I have read my answers to Defendant eTreppid Technologies, LLC's Interrogatories, (set one). I am not a lawyer and only have a general understanding of the objections, however, all of the answers are true and accurate to the best of my knowledge.

Signed under the penalty of perjury this _29th_ day of August 2006.

_____
Dennis Montgomery

1   J. Stephen Peek, Esq. (NV Bar #1758)
    Jerry M. Snyder, Esq. (NV Bar #6830)
2   Adam G. Lang, Esq. (NV Bar #10117)
    Hale Lane Peek Dennison and Howard
3   5441 Kietzke Lane, Second Floor
    Reno, Nevada  89511
4   Telephone:  (775) 327-3000
    Facsimile:  (775) 786-6179
5
    Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
6   Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
    Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
7   Steptoe & Johnson LLP
    1330 Connecticut Avenue, N.W.
8   Washington, D.C.  20036-1795
    Telephone:  (202) 429-3000
9
10  Attorneys for eTreppid Technologies, L.L.C. and
    Warren Trepp
11
12              UNITED STATES DISTRICT COURT
13           FOR THE DISTRICT COURT OF NEVADA
14
    DENNIS MONTGOMERY, an individual; and
15  MONTGOMERY FAMILY TRUST, a California          Case No. 3:06-CV-00056-PMP-VPC
    Trust,                                         Base File
16
                  Plaintiff,                       3:06-CV-00145-PMP-VPC
17
        vs.                                        **SECOND SET OF REQUESTS BY**
18                                                 **ETREPPID TECHNOLOGIES, L.L.C.**
    ETREPPID TECHNOLOGIES, L.L.C., a Nevada        **AND WARREN TREPP FOR**
19  Limited Liability Company; WARREN TREPP,       **PRODUCTION OR INSPECTION OF**
    an individual; DEPARTMENT OF DEFENSE of        **DOCUMENTS OR TANGIBLE**
20  the UNITED STATES OF AMERICA, and              **THINGS**
    DOES 1 through 10,
21
                  Defendants
22  _____/

23  AND RELATED CASE(S)
    _____/
24

25      PROPOUNDING PARTY:          eTreppid Technologies, L.L.C. and Warren Trepp

26      RESPONDING PARTIES:         Dennis Montgomery and The Montgomery Family Trust

27      SET NUMBER:                 TWO

28

::ODMA\PCDOCS\HLRNODOCS\690198\1      Page 1of 11

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, eTreppid Technologies, L.L.C. and Warren Trepp ("eTreppid"), by and through their undersigned counsel, Hale Lane Peek Dennison and Howard, hereby request that Dennis Montgomery and The Montgomery Family Trust (collectively, "Montgomery") produce the documents and things described below for inspection and copying by counsel for eTreppid.  As requested by Rule 34(a), Montgomery must produce all documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request and must be produced within thirty (30) days of this request. Montgomery shall produce such documents and things for inspection and copying to Jerry Snyder at the office of Hale Lane Peek Dennison and Howard, located at 5441 Kietzke Lane, Second Floor, Reno, Nevada 89511, unless otherwise set forth in the request.

## INSTRUCTIONS

1.  The following rules of construction shall be applied herein: (1) the words "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests for production inclusive rather than exclusive; (2) the singular includes the plural and vice-versa; and (3) the words "any," "all," "each" and "every" all include any, all, each and every.

2.  The following requests seek all DOCUMENTS in YOUR possession, custody or control, wherever located, and specifically includes all DOCUMENTS in the possession, custody or control of YOUR agents, partners, officers, employees, attorneys, accountants, investigators, representatives and each of them.  A DOCUMENT is deemed to be in YOUR possession, custody or control if it is in YOUR physical custody, or if it is in the physical custody of any other PERSON and YOU (i) own such DOCUMENT in whole or in part, (ii) have a right by contract, statute or otherwise, to use, inspect, examine or copy such DOCUMENT on any terms, (iii) have an understanding, express or implied, that YOU may use, inspect, examine or copy such DOCUMENT on any terms, or (iv) have, as a practical matter, been able to use, inspect, examine or copy such DOCUMENT when YOU sought to do so.

3.  For each DOCUMENT that YOU decline to make available for inspection and copying on the grounds of privilege or the attorney work product rule, provide the following information:

      (a)    State the date on which the DOCUMENT was created,

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1        (b)        IDENTIFY the author of the document,

2        (c)        State the title of the DOCUMENT,

3        (d)        Briefly describe the nature and contents of the DOCUMENT,

4        (e)        IDENTIFY each PERSON or entity that received a copy of the DOCUMENT or

5    to whom the DOCUMENT or its contents were disclosed,

6        (f)        Identify the privilege or rule that YOU contend protects the DOCUMENT from

7    disclosure, and

8        (g)        Identify each fact on which YOU base YOUR contention that the privilege or

9    rule identified in YOUR response to section (e) of this instruction is applicable.

10    4.    YOU shall produce only one copy of each DOCUMENT requested herein; however,

11    each non-identical version of any DOCUMENT shall constitute a separate document.

12    5.    If these requests for production cannot be responded to in full, respond to the extent

13    possible, specify the reason for YOUR inability to respond to the remainder and state whatever

14    information or knowledge YOU have regarding the portion to which YOU have not responded.

15    6.    Where a date is requested and the actual date is not known, state the approximate date.

16                                    **DEFINITIONS**

17    1.    "COMMUNICATION" includes all conversations, written, oral, or electronic, including

18    meetings, memoranda, correspondence, conferences, and any other means or manner by which

19    information is or was conveyed to or received from others.

20    2.    "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including any

21    written, printed, recorded, pictorial, graphic or photographic material, or electronically stored

22    information, however produced or reproduced, of each document YOU have knowledge of or which is

23    in YOUR possession, custody or control as well as any matter attached thereto – including, but not

24    limited to, the original or a copy of any handwriting, typewriting, printing, photostatting,

25    photographing, and every other means of recording upon any tangible thing and form of

26    communicating or representation, including letters, words, pictures, sounds, symbols, combinations of

27    them, and any data, information, or electronic media recorded in any form by or on a computer, floppy

28    disk, compact disk, or similar device (including, but not limited to, software and source code),

1  correspondence, memoranda (internal, inter-office and/or external), statements, agreements, e-mails
2  (deleted and/or active), contracts, drafts, telegraphs, cables, notes, reports, studies, analyses, records,
3  evaluations, charts, ledgers, checks, tables, tabulations, compilations, summaries, indices, abstracts,
4  drawings, blueprints, labels, tags, pleadings, testimony, speeches, articles, books, pamphlets,
5  brochures, magazines, newspapers, calendars, diaries, minutes, orders, photographs, moving pictures,
6  microfilms, microfiche, tapes, recordings, computer records and disks, and any other matter which
7  contains any form of communication or representation, and all drafts thereof. All electronically stored
8  information is to be produced in native format, including all metadata.

9      3. "FORENSIC COPY" shall mean "an exact copy of the entire physical storage media (hard
10  drive, CD-ROM, DVD-ROM, tape, etc.), including all active and residual data and unallocated space
11  on the media."

12      4. "IDENTIFY" with reference to a natural PERSON means to state the name and last known
13  residence address and business address and home and work telephone numbers for such person, as well
14  as the name and address of his present employer, the nature of his current employment and his
15  employment relationship, if any, to YOU.

16      5. "IDENTIFY" with reference to a non-natural PERSON means to state the name and last
17  known business address and telephone numbers for such company.

18      6. "IDENTIFY" with reference to a DOCUMENT means to state the date that it bears, its
19  author(s), its specific format(s) (for example, a computer file in Microsoft Word format, or an email in
20  HTML format), and any PERSON known to have seen, received or reviewed its contents. Whenever
21  YOU are requested to "IDENTIFY" a DOCUMENT, YOU may submit the DOCUMENT itself in lieu
22  of IDENTIFYING it. If any such DOCUMENT exists, but is no longer in YOUR possession or
23  subject to YOUR control, state what disposition was made of it and its present location and custodian.
24  If any such DOCUMENT once existed but no longer exists, state what disposition was made of it,
25  when such disposition took place, and list each PERSON who has knowledge of such disposition.

26      7. "IDENTIFY" with reference to a COMMUNICATION means to state: the identity of each
27  PERSON who made each COMMUNICATION; the identity of each PERSON to whom each
28  COMMUNICATION was made; the identity of each PERSON who was present during each

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1  COMMUNICATION or who received a copy of each COMMUNICATION; and a complete
2  description of the substance and content of the COMMUNICATION.

3      8. "NATIVE FORMAT" means the original electronic, audio, and/or video format in which a
4  particular document was created (*e.g.* Microsoft Word, Microsoft Outlook, MP3, etc.)

5      9.     "PERSON" or "PERSONS" means any natural person, corporation, cooperative,
6  partnership. joint venture, firm, association, proprietorship, agency, board, authority, commission or
7  other entity.

8      10. "RELATED TO," "RELATE TO" and "RELATING TO" shall include, without limitation,
9  constituting,    contemplating,    covering,    criticizing,    communicating,    detailing,    evaluating,
10  demonstrating, respecting, regarding, concerning, pertaining to, referring to, stating, establishing,
11  showing, describing, recording, noting, embodying, memorializing, containing, mentioning, studying,
12  analyzing or discussing.

13      11.    "SOURCE CODE" means, without limitation, all text files that have been compiled to
14  develop any and all computer files or software programs; any sequence of instructions in human
15  readable form that may be converted into a machine readable language to create any and all computer
16  files or software programs; and any and all combination of functionalities that may be used to create
17  computer files or software programs.

18      12. "STATE" means to set forth fully and unambiguously every fact relevant to the answer
19  called for by the Request, of which YOU have knowledge.

20      13.    "YOU," "YOUR" and "YOURS" refer herein to Dennis Montgomery, The
21  Montgomery Family Trust, Brenda Montgomery, and anyone acting or authorized to act on behalf of
22  any and all of them – including any representatives, employees, agents, servants, or attorneys and
23  others who are in possession or may have obtained information for you or on your behalf.

24              **REQUESTS FOR PRODUCTION AND INSPECTION**

25      **Request for Production No. 1:**  Please produce all documents that contain any source code,
26  written by you or under your direction, that relates to the fields of data compression, pattern
27  recognition, object tracking or anomaly detection (including, but not limited to, all or any part of a
28  software program or algorithm).

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    **Request for Production No. 2:** Please produce all documents that relate to any research and

2    development efforts made, by you or by anyone working under your direction, in the fields of data

3    compression, object tracking, pattern recognition, or anomaly detection (including, but not limited to,

4    any and all notes, diagrams, laboratory materials, or source code).

5    **Request for Production No. 3:** Please produce all executable versions of any and all

6    software, developed by you or by anyone working under your direction, which relates to the fields of

7    data compression, object tracking, pattern recognition, or anomaly detection.

8    **Request for Production No. 4:** Please produce all documents that relate to the software that

9    you transferred to eTreppid under the terms of the September 28, 1998 Contribution Agreement

10    (including, but not limited to, all source code – whether in printed or electronic form – executable files,

11    shop notes, laboratory notes, and any other memoranda).

12    **Request for Production No. 5:** Please produce **FOR INSPECTION** by Jonathan Karchmer

13    of LECG at a time mutually agreeable to the parties, but in no event later than within the next thirty

14    (30) days, at the law offices of Hale Lane Peek Dennison and Howard, 5441 Kietzke Lane, Reno,

15    Nevada 89511, or **PRODUCE** forensic copies of, any original or copied electronic storage device,

16    including any hard drive, or disk. This Request includes, but is not necessarily limited to, evidence

17    stored in any electrical, electronic, or magnetic form, such as an electronic or magnetic storage device,

18    including floppy diskettes, hard disks, ZIP disks, JAZ Drives, CD-ROMs, DVD-ROMs, optical disks,

19    backup tapes, printer buffers, smart cards, memory calculators, pagers, personal digital assistants, and

20    printouts or readouts from any magnetic storage device.

21    **Request for Production No. 6:** Please produce **FOR INSPECTION** by Jonathan Karchmer

22    of LECG at a time mutually agreeable to the parties, but in no event later than within the next thirty

23    (30) days, at the law offices of Hale Lane Peek Dennison and Howard, 5441 Kietzke Lane, Reno,

24    Nevada 89511, or **PRODUCE** forensic copies of, any original or copied electronic storage device,

25    including any hard drive or disk, within your custody, control or possession that was seized by the

26    Federal Bureau of Investigation ("FBI") and returned to you pursuant to File No. 295A-LV-39368.

27    This Request includes, but is not necessarily limited to, evidence stored in any electrical, electronic, or

28    magnetic form, such as an electronic or magnetic storage device, including floppy diskettes, hard

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1  disks, ZIP disks, JAZ Drives, CD-ROMs, optical disks, backup tapes, printer buffers, smart cards,
2  memory calculators, pagers, personal digital assistants, and printouts or readouts from any magnetic
3  storage device that was seized by the FBI and returned to you.

4        **Request for Production No. 7:**  Please produce **FOR INSPECTION** by Jonathan Karchmer
5  at a time mutually agreeable to the parties, but in no event later than within the next thirty (30) days, at
6  the law offices of Hale Lane Peek Dennison and Howard, 5441 Kietzke Lane, Reno, Nevada 89511, or
7  **PRODUCE** forensic copies of all documents and electronically stored information, including, but not
8  limited to, all source code contained on all computer hard drives seized by the FBI and returned to you
9  pursuant to File No. 295A-LV-39368, including, but not limited to, the following hard drives:
10  WD3200, Serial No. WMAMR1066012; WD3200, Serial No. WMAMR1509932; WD3200, Serial
11  No. WMAMR1523649; WD3200, Serial No. WMAMR1537929; WD2500, Serial No.
12  WMAL71844911; WD3200, Serial No. WMAMR1538197; WD3200, Serial No. WMAMR1538570;
13  WD3200, Serial No. WMAMR1538581; WD3200, Serial No. WMAMR1539825; WD3200, Serial
14  No. WMAMR1539942; WD3200, Serial No. WMAMR1543003; WD3200, Serial No.
15  WMAMR1580666; WD3200, Serial No. WMAMR1580671; WD3200, Serial No. WMAMR1612253;
16  WD3200, Serial No. WMAMR1624507; WD3200, Serial No. WMAMR1673681; Serial No.
17  WMAMR1420949; Serial No. WMAD15194737; 120 GB Hard drive, Serial No. WMA8C1223396;
18  40 GB Hard drive, Serial No. WMAD15256807; 40 GB Hard drive, Serial No. WCAD16502878; 40
19  GB Hard drive, Serial No. WMAD16644525; 40 GB Hard drive, Serial No. WMAD15335294; 40 GB
20  Hard drive, Serial No. WCAD13691228; 120 GB Hard drive, Serial No. WMA863243070; Seagate
21  30.6 GB Hard drive, Serial No. 3CK028W3; Seagate 30.6 GB Hard drive, Serial No. 3CK00XXY; and
22  Maxtor 300 GB Hard drive, Serial No. L60XL7PH.

23        **Request for Production No. 8:**  Please produce all versions, both drafts and final, of all
24  eTreppid organizational agreements, including the Contribution Agreement, the Operating Agreement
25  and amendments thereto.

26        **Request for Production No. 9:**  Please produce all documents referencing or concerning your
27  membership in eTreppid, including all correspondence between you, or anyone acting on your behalf,
28  and eTreppid, Warren Trepp, Doug Frye, or any other manager or member of eTreppid.

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    **Request for Production No. 10**:  Please produce all documents referencing or concerning

2    Copyright    Registration    Certificates    for    TXu00098728,    TXu800098727,    TXu00098699,

3    TXu000119540,    TXu000117868,    TXu0002000234,    TXu0001992867,    TXu0002034758,

4    TXu0001983147, TXu0002000234, TXu000098731, TXu0002083750, and TXu0002095009.

5    **Request for Production No. 11:** Please produce all Patents and Patent Applications identified

6    as exhibits during the state court action hearing on eTreppid's motion for preliminary injunction.

7    **Request for Production No. 12:**  Please produce all documents relating to eTreppid's

8    contracts and work with the private sector, including all contracts with non-governmental third-parties.

9    **Request for Production No. 13:** Please produce all documents referencing or concerning any

10    and all payments from eTreppid to Montgomery.

11    **Request for Production No. 14:**  Please produce all documents relating to eTreppid's

12    contracts and work with the United States Government.

13    **Request for Production No. 15:** Please produce all documents referencing or concerning

14    eTreppid's monthly invoices to the United States Government.

15    **Request for Production No. 16:**  Please produce for inspection all items seized from and

16    returned to Montgomery in connection with the FBI search, seizure and return pursuant to File No.

17    295A-LV-39368.

18    **Request for Production No. 17:**    Please produce all documents memorializing

19    communications to and from eTreppid, regarding eTreppid's use and intended use of any intellectual

20    property in which Montgomery asserts any ownership interest.

21    **Request for Production No. 18:**  Please produce all documents (including e-mails and

22    correspondence in native format) referencing any and all source code used by eTreppid from the

23    execution of the Contribution Agreement on September 28, 1998 to the present time.

24    **Request for Production No. 19:** Please produce any and all e-mails contained in the e-mail

25    account(s) provided to you by eTreppid, in their native format.

26    **Request for Production No. 20:**    Please produce all e-mails sent or received by Warren

27    Trepp, Doug Frye, or any other manager, member, or employee of eTreppid, in their native format.

28

1     **Request for Production No. 21:**   Please produce all correspondence between you and Doug

2 Frye, Warren Trepp, or any other member, manager or employee of eTreppid, discussing, concerning,

3 or relating to the management of eTreppid, budgeting for expenses, employment policies, or any like

4 matters.

5     **Request for Production No. 22:**   Please provide all documents which you have provided to

6 NBC, the Wall Street Journal, or any other newspaper, television network, or other media outlet

7 regarding Warren Trepp, eTreppid, Jim Gibbons, or any other aspect of the present litigation.

8     **Request for Production No. 23:**   Please provide all correspondence between you or anyone

9 acting on your behalf and reporter John Wilke of the Wall Street Journal, reporter David Johnston of

10 the New York Times, or any other reporters which discusses, refers to, or relates to Trepp, eTreppid,

11 Jim Gibbons, or any other aspect of the present litigation.

12     **Request for Production No. 24:**   Please provide all documents evidencing any payment made

13 to you for any purpose whatsoever by Edra Blixseth, OpSpring, Inc, AziMyth, Inc. Michael Sandoval,

14 or Atigeo between July 2005 and the present.

15     **Request for Production No. 25:**   Please provide every contract of any kind whatsoever,

16 including but not limited to any technology licensing agreements, employment agreements, consulting

17 agreements, technology sale agreements, or any kind of assignment of an interest in intellectual

18 property between you, on one hand, and Edra Blixseth, OpSpring, Inc, AziMyth, Inc., Michael

19 Sandoval, or Atigeo, on the other.

20     **Request for Production No. 26:**   Please produce any and all documents, including but not

21 limited to correspondence, emails (in native format), calendar notes, journal entries, or phone

22 messages memorializing any communication between you or anyone acting on your behalf and Edra

23 Blixseth, OpSpring, Inc, AziMyth, Inc. Michael Sandoval, or Atigeo, Inc.

24     **Request for Production No. 27:**   Please produce any and all documents, including but not

25 limited to correspondence, emails (in native format), calendar notes, journal entries, power point

26 presentations, marketing materials, or phone messages memorializing any communication between

27 you or anyone acting on your behalf and any customer or prospective customer of OpSpring, Inc., or

28 AziMyth, Inc.

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    **Request for Production No. 28:**   Please produce all documents identified in your Fed. R. Civ.

2    P. 26(a) Initial Disclosures, served on November 2, 2007.

3       Dated: November 19, 2007.

5                                          J. Stephen Peek, Esq.
                                           Nevada Bar Number 1758
6                                          Jerry M. Snyder, Esq.
                                           Nevada Bar Number 6830
7                                          Hale Lane Peek Dennison and Howard
                                           5441 Kietzke Lane, Second Floor
8                                          Reno, Nevada 89511
                                           Telephone: (775) 327-3000
9                                          Facsimile: (775) 786-6179
                                           *Attorneys for eTreppid Technologies, L.L.C. and*
10                                         *Warren Trepp*

**PROOF OF SERVICE**

I, Paul D. Cain, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard. My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511.** I am over the age of 18 years and not a party to this action. I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On November 19, 2007, I caused the foregoing **SECOND SET OF REQUESTS FOR PRODUCTION** to be:

__X__    mailed to the following persons at the following addresses:

*Fax No. 775/829-1226*
mgunderson@gundersonlaw.com
Mark H. Gunderson, Ltd.
Mark H. Gunderson, Esq.
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511

*Fax 310/500-3501*
Tpham@linerlaw.com; dklar@linerlaw.com;
rlapine@linerlaw.com
Teri T. Pham, Esq.
Deborah A. Klar, Esq.
Ryan M. Lapine, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

*Fax No. 202/616-8470*
Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC  20044

*Fax No. 784-5181*
Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV  89501

*Fax 202/616-8470*
Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, D.C.  20044

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on November 19, 2007.

Paul D. Cain

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

# EXHIBIT "F"

# EXHIBIT "F"

1  Mark H. Gunderson, Esq. (SBN: 2134)
   Catherine A. Reichenberg, Esq. (SBN: 10362)
2  GUNDERSON LAW FIRM
   5345 Kietzke Lane, Suite 200
3  Reno, Nevada 89511
   Telephone:  (775) 829-1222
4  Facsimile:  (775) 829-1226

5  Deborah A. Klar, Esq. (SBN: CA 124750)
   Teri T. Pham, Esq. (SBN: CA 193383)
6  Tuneen E. Chisolm, Esq. (SBN: CA 211741)
   LINER YANKELEVITZ
7  SUNSHINE & REGENSTREIF LLP
   1100 Glendon Avenue, 14th Floor
8  Los Angeles, California 90024-3503
   Telephone:  (310) 500-3500
9  Facsimile:  (310) 500-3501
   ADMITTED PRO HAC VICE
10
   Attorneys for Plaintiffs
11  DENNIS MONTGOMERY, and the MONTGOMERY
   FAMILY TRUST
12

13                     **UNITED STATES DISTRICT COURT**

14                          **DISTRICT OF NEVADA**

15

16  DENNIS MONTGOMERY and the            )   Case No. 3:06-CV-00056-PMP-VPC
    MONTGOMERY FAMILY TRUST,             )   BASE FILE
17                                       )
              Plaintiffs,                )   (Consolidated with Case No. 3:06-CV-
18                                       )   00145-PMP-VPC)
        vs.                              )
19                                       )   **THE MONTGOMERY PARTIES'**
    ETREPPID TECHNOLOGIES, LLC, WARREN )    **OBJECTIONS TO SECOND SET OF**
20  TREPP, and the UNITED STATES         )   **REQUESTS BY ETREPPID**
    DEPARTMENT OF DEFENSE,               )   **TECHNOLOGIES, LLC AND WARREN**
21                                       )   **TREPP FOR PRODUCTION OR**
              Defendants.                )   **INSPECTION OF DOCUMENTS OR**
22                                       )   **TANGIBLE THINGS**
                                         )
23  ─────────────────────────────       )
    AND RELATED CASES.                   )
24                                       )

25

26

27

28

Case No.  3:06-CV-00056-PMP-VPC      BASE FILE

1  PROPOUNDING PARTY:   eTREPPID TECHNOLOGIES, LLC AND WARREN

2  TREPP

3  RESPONDING PARTIES:   DENNIS MONTGOMERY AND THE MONTGOMERY

4  FAMILY TRUST

5  SET NO.:   TWO

6  Dennis Montgomery and the Montgomery Family Trust (collectively the "Montgomery

7  Parties" or "Responding Parties") hereby respond to the Second Set Of Requests By eTreppid

8  Technologies, LLC And Warren Trepp For Production Or Inspection Of Documents Or Tangible

9  Things (the "Requests"). The documents and things to be produced in response to the Requests, as

10  indicated herein, shall be made available for inspection and copying at the office of Liner

11  Yankelevitz Sunshine & Regenstreif, LLP, located at 1100 Glendon Avenue, 14th Floor, Los

12  Angeles, California 90024-3503, at a time that is mutually convenient for the parties.

13  **PRELIMINARY STATEMENT**

14  Responding Parties have not completed their investigation of the facts relating to this case

15  and discovery is still in the early stages. The responses contained herein are based upon only such

16  information and documents which are presently available to and specifically known to Responding

17  Parties. It is anticipated that further discovery and investigation may lead to additional facts and/or

18  identification of additional witnesses. Accordingly, the following responses are made without

19  prejudice to Responding Parties' right to amend or supplement these responses, or to produce and

20  rely upon evidence of subsequently discovered facts and/or witnesses.

21  To the extent applicable, Responding Parties' production of documents in response to these

22  requests shall be made in compliance with the U.S. Protective Order, entered in this action on

23  August 29, 2007, and subject to the Protective Order entered in this action on September 20, 2007.

24  **RESPONSES TO REQUESTS FOR PRODUCTION**

25  **REQUEST FOR PRODUCTION NO. 1**:

26  Please produce all documents that contain any source code, written by you or under your

27  direction, that relates to the fields of data compression, pattern recognition, object tracking or

28

1 anomaly detection (including, but not limited to, all or any part of a software program or

2 algorithm).

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

4      Responding Parties object to this request on the grounds that: (i) the request is vague and

5 ambiguous, particularly with respect to what is meant by source code in the fields of data

6 compression, pattern recognition, object tracking, and anomaly detection; (ii) the request is

7 overbroad, especially as to temporal scope; (iii) the request is unduly burdensome, particularly in

8 light of the volume of documents that would be responsive to the request as written and the

9 associated cost; (iv) the request calls for information which is neither relevant to the claims and

10 defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

11 evidence; (v) the request is unnecessarily invasive of Responding Parties' right to maintain and

12 protect its trade secrets; (vi) the request is unnecessarily invasive of Responding Parties'

13 confidential business information and rights of privacy; (vii) the "Instructions" for the request

14 purport to impose upon Responding Parties obligations which exceed Responding Parties'

15 obligations under Rule 34 of the Federal Rules of Civil Procedure; and (viii) the request is

16 harassing in that it is duplicative, verbatim, of Request No. 18 in eTreppid's first set of requests for

17 production.

18 **REQUEST FOR PRODUCTION NO. 2**:

19      Please produce all documents that relate to any research and development efforts made, by

20 you or by anyone working under your direction, in the fields of data compression, object tracking,

21 pattern recognition, or anomaly detection (including, but not limited to, any and all notes,

22 diagrams, laboratory materials, or source code).

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

24      Responding Parties object to this request on the grounds that: (i) the request is vague and

25 ambiguous, particularly with respect to what is meant by "research and development efforts" "in

26 the fields of data compression, pattern recognition, object tracking, and anomaly detection"; (ii) the

27 request is overbroad, especially as to subject matter and temporal scope; (iii) the request is unduly

28 burdensome, particularly in light of the volume of documents that would be responsive to the

3   Case No. 3:06-CV-00056-PMP-VPC    BASE FILE
Plaintiffs' Objections to Second Set of Requests for Production or Inspection of Documents or Tangible Things
00396411/001/372550v03

1  request as written and the associated cost; (iv) the request calls for information which is neither
2  relevant to the claims and defenses asserted in this action, nor reasonably calculated to lead to
3  discovery of admissible evidence; (v) the request is unnecessarily invasive of Responding Parties'
4  right to maintain and protect its trade secrets; (vi) the request is unnecessarily invasive of
5  Responding Parties' confidential business information and rights of privacy; (vii) the "Instructions"
6  for the request purport to impose upon Responding Parties obligations which exceed Responding
7  Parties' obligations under Rule 34 of the Federal Rules of Civil Procedure; and (viii) the request is
8  harassing in that it is duplicative, verbatim, of Request No. 19 in eTreppid's first set of requests for
9  production.

10  **REQUEST FOR PRODUCTION NO. 3**:

11      Please produce all executable versions of any and all software, developed by you or by
12  anyone working under your direction, which relates to the fields of data compression, object
13  tracking, pattern recognition, or anomaly detection.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

15      Responding Parties object to this request on the grounds that: (i) the request is vague and
16  ambiguous, particularly with respect to what is meant by "executable versions of any and all
17  software" developed "in the fields of data compression, pattern recognition, object tracking, and
18  anomaly detection"; (ii) the request is overbroad, especially as to subject matter and temporal
19  scope; (iii) the request is unduly burdensome, particularly in light of the volume of documents that
20  would be responsive to the request as written and the associated cost; (iv) the request calls for
21  information which is neither relevant to the claims and defenses asserted in this action, nor
22  reasonably calculated to lead to discovery of admissible evidence; (v) the request is unnecessarily
23  invasive of Responding Parties' right to maintain and protect its trade secrets; (vi) the request is
24  unnecessarily invasive of Responding Parties' confidential business information and rights of
25  privacy; (vii) the "Instructions" for the request purport to impose upon Responding Parties
26  obligations which exceed Responding Parties' obligations under Rule 34 of the Federal Rules of
27  Civil Procedure; and (viii) the request is harassing in that it is duplicative, verbatim, of Request No.
28  20 in eTreppid's first set of requests for production.

1 **REQUEST FOR PRODUCTION NO. 4**:

2        Please produce all documents that relate to the software that you transferred to eTreppid
3 under the terms of the September 28, 1998 Contribution Agreement (including, but not limited to,
4 all source code — whether in printed or electronic form — executable files, shop notes, laboratory
5 notes, and any other memoranda).

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

7        Responding Parties object to this request on the grounds that:  (i) the request is vague and
8 ambiguous and overbroad, particularly with respect to what is meant by "relate to the software";
9 (ii) the request is unduly burdensome, particularly in light of the volume of documents that would
10 be responsive to the request as written and the associated cost; (iii) the request calls for information
11 which is neither relevant to the claims and defenses asserted in this action, nor reasonably
12 calculated to lead to discovery of admissible evidence; (iv) the request calls for information
13 protected from disclosure by attorney-client privilege and/or the attorney work product doctrine;
14 (v) the "Instructions" for the request purport to impose upon Responding Parties obligations which
15 exceed Responding Parties' obligations under Rule 34 of the Federal Rules of Civil Procedure; and
16 (vi) the request is harassing in that it is duplicative, verbatim, of Request No. 22 in eTreppid's first
17 set of requests for production.

18 **REQUEST FOR PRODUCTION NO. 5**:

19        Please produce FOR INSPECTION by Jonathan Karchmer of LECG at a time mutually
20 agreeable to the parties, but in no event later than within the next thirty (30) days, at the law offices
21 of Hale Lane Peek Dennison and Howard, 5441 Kietzke Lane, Reno, Nevada 89511, or PRODUCE
22 forensic copies of, any original or copied electronic storage device, including any hard drive, or
23 disk. This Request includes, but is not necessarily limited to, evidence stored in any electrical,
24 electronic, or magnetic form, such as an electronic or magnetic storage device, including floppy
25 diskettes, hard disks, ZIP disks, JAZ Drives, CD-ROMs, DVD-ROMs, optical disks, backup tapes,
26 printer buffers, smart cards, memory calculators, pagers, personal digital assistants, and printouts or
27 readouts from any magnetic storage device.

28

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

2        Responding Parties object to this request on the grounds that: (i) the request is vague and

3 | ambiguous and unintelligible in that it fails to identify with any degree of particularity the category

4 | of documents sought as required under Rule 34 of the Federal Rules of Civil Procedure; (ii) the

5 | request is overbroad; (iii) the request is unduly burdensome, particularly in light of the volume of

6 | documents that would be responsive to the request as written; (iv) the request calls for information

7 | which is neither relevant to the claims and defenses asserted in this action, nor reasonably

8 | calculated to lead to discovery of admissible evidence; (v) the request is unnecessarily invasive of

9 | Responding Parties' right to maintain and protect its trade secrets; (vi) the request is unnecessarily

10 | invasive of Responding Parties' confidential business information and rights of privacy; and (vii)

11 | the request calls for disclosure of information to Jonathan Karchmer of LECG, who is neither a

12 | party to this action nor an identified retained expert or consultant in this action; (viii) the

13 | "Instructions" for the request purport to impose upon Responding Parties obligations which exceed

14 | Responding Parties' obligations under Rule 34 of the Federal Rules of Civil Procedure; and (ix) the

15 | request ostensibly calls for information protected from disclosure by the attorney-client privilege

16 | and/or the attorney work product doctrine.

17 | **REQUEST FOR PRODUCTION NO. 6:**

18        Please produce FOR INSPECTION by Jonathan Karchmer of LECG at a time mutually

19 | agreeable to the parties, but in no event later than within the next thirty (30) days, at the law offices

20 | of Hale Lane Peek Dennison and Howard, 5441 Kietzke Lane, Reno, Nevada 89511, or PRODUCE

21 | forensic copies of any original or copied electronic storage device, including any hard drive or disk,

22 | within your custody, control or possession that was seized by the Federal Bureau of Investigation

23 | ("FBI") and returned to you pursuant to File No. 295A-LV-39368. This Request includes, but is not

24 | necessarily limited to, evidence stored in any electrical, electronic, or magnetic form, such as an

25 | electronic or magnetic storage device, including floppy diskettes, hard disks, ZIP disks, JAZ

26 | Drives, CD-ROMs, optical disks, backup tapes, printer buffers, smart cards, memory calculators,

27 | pagers, personal digital assistants, and printouts or readouts from any magnetic storage device that

28 | was seized by the FBI and returned to you.

6  Case No. 3:06-CV-00056-PMP-VPC   BASE FILE
Plaintiffs' Objections to Second Set of Requests for Production or Inspection of Documents or Tangible Things
0039641/001/372550v03

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

2      Responding Parties object to this request on the grounds that: (i) the request is overbroad;
3  (ii) the request calls for information which is neither relevant to the claims and defenses asserted in
4  this action, nor reasonably calculated to lead to discovery of admissible evidence; (iii) the request is
5  unnecessarily invasive of Responding Parties' confidential business information and rights of
6  privacy; (iv) the "Instructions" for the request purport to impose upon Responding Parties
7  obligations which exceed Responding Parties' obligations under Rule 34 of the Federal Rules of
8  Civil Procedure; and (v) the request calls for disclosure of information to Jonathan Karchmer of
9  LECG, who is neither a party to this action nor an identified retained expert or consultant in this
10  action.

11  **REQUEST FOR PRODUCTION NO. 7**:

12      Please produce FOR INSPECTION by Jonathan Karchmer at a time mutually agreeable to
13  the parties, but in no event later than within the next thirty (30) days, at the law offices of Hale
14  Lane Peek Dennison and Howard, 5441 Kietzke Lane, Reno, Nevada 89511, or PRODUCE
15  forensic copies of all documents and electronically stored information, including, but not limited to,
16  all source code contained on all computer hard drives seized by the FBI and returned to you
17  pursuant to File No. 295A-LV-39.368, including, but not limited to, the following hard drives:
18  WD.3200, Serial No. WMAMR1066012; WD3200, Serial No. WMAMR1509932; WD3200,
19  Serial No. WMAMR1523649; WD3200, Serial No. WMAMR1537929; WD2500, Serial No.
20  WMAL71844911; WD3200, Serial No. WMAMRI538197; WD3200, Serial No.
21  WMAMR1538570; WD3200, Serial No. WMAMR1538581; WD3200, Serial No.
22  WMAMR1539825; WD3200, Serial No. WMAMR1539942; WD3200, Serial No.
23  WMAMR1543003; WD3200, Serial No. WMAMR1580666; WD3200, Serial No.
24  WMAMR1580671; WD3200, Serial No WMAMR1612253; WD3200, Serial No.
25  WMAMR1624507; WD3200, Serial No. WMAMR1673681; Serial No.. WMAMR1420949; Serial
26  No. WMAD15194737; 120 GB Hard drive, Serial No. WMA8C1223396; 40 GB Hard drive, Serial
27  No. WMAD15256807; 40 GB Hard drive, Serial No. WCAD16502878; 40 GB Hard drive, Serial
28  No. WMAD16644525; 40 GB Hard drive, Serial No. WMAD15335294; 40 GB Hard drive, Serial

1  No. WCAD13691228; 120 GB Hard drive, Serial No. WMA863243070; Seagate 30.6 GB Hard

2  drive, Serial No. .3CK028W3; Seagate 30.6 GB Hard drive, Serial No. 3CKOOXXY; and Maxtor

3  .300 GB Hard drive, Serial No. L6OXL7PH.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

5         Responding Parties object to this request on the grounds that:  (i) the request is overbroad;

6  (ii) the request calls for information which is neither relevant to the claims and defenses asserted in

7  this action, nor reasonably calculated to lead to discovery of admissible evidence; (iii) the request is

8  unnecessarily invasive of Responding Parties' confidential business information and rights of

9  privacy; (iv) the "Instructions" for the request purport to impose upon Responding Parties

10 obligations which exceed Responding Parties' obligations under Rule 34 of the Federal Rules of

11 Civil Procedure; and (v) the request calls for disclosure of information to Jonathan Karchmer of

12 LECG, who is neither a party to this action nor an identified retained expert or consultant in this

13 action.

14 **REQUEST FOR PRODUCTION NO. 8**:

15        Please produce all versions, both drafts and final, of all eTreppid organizational agreements,

16 including the Contribution Agreement, the Operating Agreement and amendments thereto.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

18        Responding Parties object to this request on the ground that the "Instructions" for the

19 request purport to impose upon Responding Parties obligations which exceed Responding Parties'

20 obligations under Rule 34 of the Federal Rules of Civil Procedure.  Responding Parties further

21 object to this request to the extent it seeks documents protected from disclosure by the attorney-

22 client privilege and/or the attorney-work product doctrine.

23 **REQUEST FOR PRODUCTION NO. 9**:

24        Please produce all documents referencing or concerning your membership in eTreppid,

25 including all correspondence between you, or anyone acting on your behalf, and eTreppid, Warren

26 Trepp, Doug Frye, or any other manager or member of eTreppid.

27

28

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

2     Responding Parties object to this request on the grounds that: (i) the request is overbroad;

3 (ii) the request is vague and ambiguous, particularly with respect to what is meant by "documents

4 referencing or concerning your membership in eTreppid"; (iii) the request is unduly burdensome,

5 particularly in light of the volume of documents that would be responsive to the request as written

6 and the associated cost; (iv) the request calls for information which is neither relevant to the claims

7 and defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

8 evidence; (v) the request is unnecessarily invasive of Responding Parties' confidential business

9 information and rights of privacy; (vi) the "Instructions" for the request purport to impose upon

10 Responding Parties obligations which exceed Responding Parties' obligations under Rule 34 of the

11 Federal Rules of Civil Procedure; and (vii) the request calls for information protected from

12 disclosure by the attorney-client privilege and/or the attorney work product doctrine.

13 **REQUEST FOR PRODUCTION NO. 10:**

14     Please produce all documents referencing or concerning Copyright Registration Certificates

15 for TXu00098728, TXu800098727, TXu00098699, TXu000119540, TXu117868,

16 TXu0001992867, TXu0002034758, TXu0001983147, TXu0002000234, TXu000098731,

17 TXu0002083750, and TXu0002095009.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

19     Responding Parties object to this request on the grounds that: (i) the request is vague and

20 ambiguous with regard to what is "concerning" the Copyright Registration Certificates; (ii) the

21 request is overbroad; (ii) the request calls for information which is neither relevant to the claims

22 and defenses asserted in this action, nor reasonably calculated to lead to discovery of admissible

23 evidence; (iii) the request is unnecessarily invasive of Responding Parties' confidential business

24 information and rights of privacy; (iv) the "Instructions" for the request purport to impose upon

25 Responding Parties obligations which exceed Responding Parties' obligations under Rule 34 of the

26 Federal Rules of Civil Procedure; and (v) the request calls for information protected from

27 disclosure by the attorney-client privilege and/or the attorney work product doctrine.

28

1 | **REQUEST FOR PRODUCTION NO. 11**:

2       Please produce all Patents and Patent Applications identified as exhibits during the state

3 | court action hearing on eTreppid's motion for preliminary injunction.

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

5       Responding Parties object to this request on the grounds that: (i) the "Instructions" for the

6 | request purport to impose upon Responding Parties obligations which exceed Responding Parties'

7 | obligations under Rule 34 of the Federal Rules of Civil Procedure; and (ii) the referenced exhibits

8 | were submitted by eTreppid, not Responding Parties, and therefore are already in eTreppid's

9 | possession, custody or control.

10 | **REQUEST FOR PRODUCTION NO. 12**:

11       Please produce all documents relating to eTreppid's contracts and work with the private

12 | sector, including all contracts with non-governmental third-parties.

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

14       Responding Parties object to this request on the grounds that: (i) the request is vague and

15 | ambiguous with respect to what is "relating to eTreppid's contracts and work"; (ii) the request calls

16 | for information protected from disclosure by attorney-client privilege and/or the attorney work

17 | product doctrine; and (iii) the "Instructions" for the request purport to impose upon Responding

18 | Parties obligations which exceed Responding Parties' obligations under Rule 34 of the Federal

19 | Rules of Civil Procedure.  Responding Parties further object to this request to the extent it may

20 | reasonably be construed to call for disclosure of Responding Parties' trade secrets to which

21 | eTreppid (excluding Responding Parties) has not had access.

22 | **REQUEST FOR PRODUCTION NO. 13**:

23       Please produce all documents referencing or concerning any and all payments from

24 | eTreppid to Montgomery.

25 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

26       Responding Parties object to this request on the grounds that: (i) the request is vague and

27 | ambiguous with respect to what is "concerning" payments from eTreppid to Montgomery; (ii) the

28 | request calls for information protected from disclosure by attorney-client privilege and/or the

1   attorney work product doctrine; and (iii) the "Instructions" for the request purport to impose upon

2   Responding Parties obligations which exceed Responding Parties' obligations under Rule 34 of the

3   Federal Rules of Civil Procedure. Responding Parties further object to this request to the extent it

4   may be reasonably be construed to be invasive of Responding Parties' privacy rights or to call for

5   documents which are neither relevant to the claims and defenses asserted in this action, nor

6   reasonably calculated to lead to discovery of admissible evidence.

7   **REQUEST FOR PRODUCTION NO. 14**:

8        Please produce all documents relating to eTreppid's contracts and work with the United

9   States Government.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

11       Responding Parties object to this request on the grounds that: (i) the request is vague and

12  ambiguous with respect to what is "relating to eTreppid's contracts and work with the United

13  States Government"; (ii) the request calls for information protected from disclosure by attorney-

14  client privilege and/or the attorney work product doctrine; and (iii) the "Instructions" for the

15  request purport to impose upon Responding Parties obligations which exceed Responding Parties'

16  obligations under Rule 34 of the Federal Rules of Civil Procedure. Responding Parties further

17  object to this request to the extent it may reasonably be construed to call for disclosure of

18  Responding Parties' trade secrets to which eTreppid (excluding Responding Parties) has not had

19  access or disclosure of classified government information requiring security clearances which

20  eTreppid does not have.

21  **REQUEST FOR PRODUCTION NO. 15**:

22       Please produce all documents referencing or concerning eTreppid's monthly invoices to the

23  United States Government.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

25       Responding Parties object to this request on the grounds that: (i) the request is vague and

26  ambiguous with respect to what is "concerning eTreppid's monthly invoices"; (ii) the request calls

27  for information protected from disclosure by attorney-client privilege and/or the attorney work

28  product doctrine; and (iii) the "Instructions" for the request purport to impose upon Responding

1  Parties obligations which exceed Responding Parties' obligations under Rule 34 of the Federal

2  Rules of Civil Procedure.  Responding Parties further object to this request to the extent it may

3  reasonably be construed to call for disclosure of Responding Parties' trade secrets to which

4  eTreppid (excluding Responding Parties) has not had access or disclosure of classified government

5  information requiring security clearances which eTreppid does not have.

6  **REQUEST FOR PRODUCTION NO. 16**:

7       Please produce for inspection all items seized from and returned to Montgomery in

8  connection with the FBI search, seizure and return pursuant to File No, 295A-LV-39368.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

10       Responding Parties object to this request on the grounds that:  (i) the request is overbroad;

11  (ii) the request calls for information which is neither relevant to the claims and defenses asserted in

12  this action, nor reasonably calculated to lead to discovery of admissible evidence; (iii) the request is

13  unnecessarily invasive of Responding Parties' confidential business information and rights of

14  privacy; (iv) the request is harassing and, to the extent any such items are discoverable, duplicative

15  of Request No. 7; and (v) the "Instructions" for the request purport to impose upon Responding

16  Parties obligations which exceed Responding Parties' obligations under Rule 34 of the Federal

17  Rules of Civil Procedure.

18  **REQUEST FOR PRODUCTION NO. 17**:

19       Please produce all documents memorializing communications to and from eTreppid,

20  regarding eTreppid's use and intended use of any intellectual property in which Montgomery

21  asserts any ownership interest.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

23       Responding Parties object to this request on the ground that the "Instructions" for the

24  request purport to impose upon Responding Parties obligations which exceed Responding Parties'

25  obligations under Rule 34 of the Federal Rules of Civil Procedure.  Responding Parties object to

26  this request to the extent it may reasonably be construed to call for information protected from

27  disclosure by attorney-client privilege and/or the attorney work product doctrine.

28

1 **REQUEST FOR PRODUCTION NO. 18**:

2        Please produce all documents (including e-mails and correspondence in native format)

3 referencing any and all source code used by eTreppid from the execution of the Contribution

4 Agreement on September 28, 1998 to the present time.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

6        Responding Parties object to this request on the grounds that: (i) the request is overbroad,

7 particularly as to subject matter and temporal scope; (ii) the request is unduly burdensome,

8 particularly in light of the volume of documents that would be responsive to the request as written;

9 (iii) the request calls for information which is neither relevant to the claims and defenses asserted in

10 this action, nor reasonably calculated to lead to discovery of admissible evidence; (iv) the request is

11 unnecessarily invasive of Responding Parties' right to maintain and protect its trade secrets; (v) the

12 request calls for disclosure of classified government information requiring security clearances

13 which eTreppid does not have; (vi) the "Instructions" for the request purport to impose upon

14 Responding Parties obligations which exceed Responding Parties' obligations under Rule 34 of the

15 Federal Rules of Civil Procedure; and (vii) the request calls for information protected from

16 disclosure by attorney-client privilege and/or the attorney work product doctrine.

17 **REQUEST FOR PRODUCTION NO. 19**:

18        Please produce any and all e-mails contained in the e-mail account(s) provided to you by

19 eTreppid, in their native format.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

21        Responding Parties object to this request on the grounds that: (i) the request is overbroad;

22 (ii) the request is unduly burdensome, particularly in light of the volume of documents that would

23 be responsive to the request as written and the associated cost; (iii) the request calls for information

24 which is neither relevant to the claims and defenses asserted in this action, nor reasonably

25 calculated to lead to discovery of admissible evidence; (iv) the "Instructions" for the request

26 purport to impose upon Responding Parties obligations which exceed Responding Parties'

27 obligations under Rule 34 of the Federal Rules of Civil Procedure; and (v) the request calls for

28 disclosure of classified government information requiring security clearances which eTreppid does

1  not have.  Responding Parties further object to this request to the extent it may reasonably be

2  construed to call for information protected from disclosure by the attorney-client privilege.

3  **REQUEST FOR PRODUCTION NO. 20**:

4      Please produce all e-mails sent or received by Warren Trepp, Doug Frye, or any other

5  manager, member, or employee of eTreppid, in their native format.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

7      Responding Parties object to this request on the grounds that:  (i) the request is overbroad;

8  (ii) the request is unduly burdensome, particularly in light of the volume of documents that would

9  be responsive to the request as written; (iii) the request calls for information which is neither

10 relevant to the claims and defenses asserted in this action, nor reasonably calculated to lead to

11 discovery of admissible evidence; (iv) the request calls for documents which are more readily in

12 the possession, custody or control of eTreppid; (v) the request calls for documents more readily

13 accessible from and more readily in the possession, custody or control of eTreppid and/or persons

14 other than Responding Parties; and (vi) the "Instructions" for the request purport to impose upon

15 Responding Parties obligations which exceed Responding Parties' obligations under Rule 34 of the

16 Federal Rules of Civil Procedure.

17 **REQUEST FOR PRODUCTION NO. 21**:

18      Please produce all correspondence between you and Doug Frye, Warren Trepp, or any other

19 member, manager or employee of eTreppid, discussing, concerning or relating to the management

20 of eTreppid, budgeting for expenses, employment policies, or any like matters.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

22      Responding Parties object to this request on the grounds that:  (i) the request is vague and

23 ambiguous with respect to what is meant by "any like matters"; (ii) the request is overbroad; (iii)

24 the request is unduly burdensome, particularly in light of the volume of documents that would be

25 responsive to the request as written and the associated cost; (iv) the request calls for information

26 which is neither relevant to the claims and defenses asserted in this action, nor reasonably

27 calculated to lead to discovery of admissible evidence; (v) the "Instructions" for the request purport

28 to impose upon Responding Parties obligations which exceed Responding Parties' obligations

1   under Rule 34 of the Federal Rules of Civil Procedure; and (vi) the request calls for documents

2   more readily accessible from and more readily in the possession, custody or control of eTreppid

3   and/or persons other than Responding Parties.

4   **REQUEST FOR PRODUCTION NO. 22**:

5        Please provide all documents which you have provided to NBC, the Wall Street Journal, or

6   any other newspaper, television network, or other media outlet regarding Warren Trepp, eTreppid,

7   Jim Gibbons, or any other aspect of the present litigation.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

9        Responding Parties object to this request on the grounds that: (i) the request calls for

10   information which is neither relevant to the claims and defenses asserted in this action, nor

11   reasonably calculated to lead to discovery of admissible evidence; and (ii) the "Instructions" for the

12   request purport to impose upon Responding Parties obligations which exceed Responding Parties'

13   obligations under Rule 34 of the Federal Rules of Civil Procedure.

14   **REQUEST FOR PRODUCTION NO. 23**:

15        Please provide all correspondence between you or anyone acting on your behalf and

16   reporter John Wilke of the Wall Street Journal, reporter David Johnston a the New York Times, or

17   any other reporters which discusses, refers to, or relates to Trepp, eTreppid Jim Gibbons, or any

18   other aspect of the present litigation.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

20        Responding Parties object to this request on the grounds that: (i) the request calls for

21   information which is neither relevant to the claims and defenses asserted in this action, nor

22   reasonably calculated to lead to discovery of admissible evidence; and (ii) the "Instructions" for the

23   request purport to impose upon Responding Parties obligations which exceed Responding Parties'

24   obligations under Rule 34 of the Federal Rules of Civil Procedure.

25   **REQUEST FOR PRODUCTION NO. 24**:

26        Please provide all documents evidencing any payment made to you for any purpose

27   whatsoever by Edra Blixseth, OpSpring, AziMyth, Inc., Michael Sandoval, or Atigeo between July

28   2005 and the present.

15 Case No.  3:06-CV-00056-PMP-VPC    BASE FILE
Plaintiffs' Objections to Second Set of Requests for Production or Inspection of Documents or Tangible Things
0039641/001/ 373550v03

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

2      Responding Parties object to this request on the grounds that: (i) the request calls for

3  information which is neither relevant to the claims and defenses asserted in this action, nor

4  reasonably calculated to lead to discovery of admissible evidence; (ii) the request is unnecessarily

5  invasive of Responding Parties' confidential business information and rights of privacy; and (iii)

6  the "Instructions" for the request purport to impose upon Responding Parties obligations which

7  exceed Responding Parties' obligations under Rule 34 of the Federal Rules of Civil Procedure.

8  **REQUEST FOR PRODUCTION NO. 25**:

9      Please provide every contract of any kind whatsoever, including but not limited to any

10  technology licensing agreements, employment agreements, consulting agreements, technology sale

11  agreements, or any kind of assignment of an interest in intellectual property between you, on one

12  hand, and Edra Blixseth, OpSpring, Inc, AziMyth, Inc., Michael Sandoval, or Atigeo, on the other.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

14      Responding Parties object to this request on the grounds that: (i) the request is overbroad;

15  (ii) the request calls for information which is neither relevant to the claims and defenses asserted in

16  this action, nor reasonably calculated to lead to discovery of admissible evidence; (iii) the request is

17  unnecessarily invasive of Responding Parties' confidential business information and rights of

18  privacy; and (iv) the "Instructions" for the request purport to impose upon Responding Parties

19  obligations which exceed Responding Parties' obligations under Rule 34 of the Federal Rules of

20  Civil Procedure.

21  **REQUEST FOR PRODUCTION NO. 26**:

22      Please produce any and all documents, including but not limited to correspondence, emails

23  (in native format), calendar notes, journal entries, or phone messages memorializing any

24  communication between you or anyone acting on your behalf and Edra Blixseth, OpSpring, the,

25  AziMyth, Inc. Michael Sandoval, or Atigeo, Inc.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

27      Responding Parties object to this request on the grounds that: (i) the request calls for

28  information which is neither relevant to the claims and defenses asserted in this action, nor

1   reasonably calculated to lead to discovery of admissible evidence; (ii) the request is overbroad and
2   unduly burdensome as written; (iii) the request is unnecessarily invasive of Responding Parties'
3   confidential business information and rights of privacy; and (iv) the "Instructions" for the request
4   purport to impose upon Responding Parties obligations which exceed Responding Parties'
5   obligations under Rule 34 of the Federal Rules of Civil Procedure.

6   **REQUEST FOR PRODUCTION NO. 27:**

7       Please produce any and all documents, including but not limited to correspondence, emails
8   (in native format), calendar notes, journal entries, power point presentations, marketing materials,
9   or phone messages memorializing any communication between you or anyone acting on your
10  behalf and any customer or prospective customer of OpSpring, Inc., or AziMyth.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

12      Responding Parties object to this request on the grounds that:  (i) the request calls for
13  information which is neither relevant to the claims and defenses asserted in this action, nor
14  reasonably calculated to lead to discovery of admissible evidence; (ii) the request is overbroad and
15  unduly burdensome as written; (iii) the request is unnecessarily invasive of Responding Parties'
16  confidential business information and rights of privacy; and (iv) the "Instructions" for the request
17  purport to impose upon Responding Parties obligations which exceed Responding Parties'
18  obligations under Rule 34 of the Federal Rules of Civil Procedure.

19  **REQUEST FOR PRODUCTION NO. 28:**

20      Please produce all documents identified in your Fed. R. Civ. P. 26(a) Initial Disclosures,
21  served on November 2, 2007.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

23      Responding Parties object to this request on the grounds that: (i) it is incomplete and does
24  not comply with Rule 34 of the Federal Rules of Civil Procedure, in that it requires reference to
25  something other than theses requests to determine the nature of the documents called for; and (ii)
26  the "Instructions" for the request purport to impose upon Responding Parties obligations which
27  exceed Responding Parties' obligations under Rule 34 of the Federal Rules of Civil Procedure.

28

1    Responding Parties further object to this request to the extent it may reasonably be

2   construed to call for documents which are: (i) neither relevant to the claims and defenses asserted

3   in this action, nor reasonably calculated to lead to discovery of admissible evidence; (ii)

4   government classified; (iii) subject to Responding Parties' rights of privacy; (iv) subject to

5   Responding Parties' right to maintain and protect its trade secrets; and (v) protected from

6   disclosure by the attorney-client privilege and/or the attorney work product doctrine.

7

8   Dated:  December 21, 2007            Respectfully submitted,

9                                        LINER YANKELEVITZ
                                         SUNSHINE & REGENSTREIF LLP

10

11                                       By: _____

12                                          Deborah A. Klar
                                            Tuneen E. Chisolm
13                                          Attorneys for Plaintiffs
                                            DENNIS MONTGOMERY and the
14                                          MONTGOMERY FAMILY TRUST

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Objections to Second Set of Requests for Production or Inspection of Documents or Tangible Things

0039641/001/ 372550v03

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICES OF LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP, and that on **December 21, 2007**, I caused to be served the within document described as **THE MONTGOMERY PARTIES' OBJECTIONS TO SECOND SET OF REQUESTS BY ETREPPID TECHNOLOGIES, LLC AND WARREN TREPP FOR PRODUCTION OR INSPECTION OF DOCUMENTS OR TANGIBLE THINGS** on the interested parties in this action as stated below:

| | |
|---|---|
| J. Stephen Peek, Esq.<br>Jerry M. Snyder, Esq.<br>Hale Lane Peek Dennison and Howard<br>5441 Kietzke Lane<br>SecondFloor<br>Reno, Nevada 89511<br>(775) 327-3000; 786-6179 - FAX<br>speek@halelane.com; jsnyder@halelane.com<br>Attorneys for Etreppid and Warren Trepp | Carlotta P. Wells, Sr. Trial Counsel<br>U.S. Dept. of Justice<br>Fed. Programs Branch<br>Civil Division<br>Room 7150<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-4522; 616-8470 - FAX<br>E-mail: Carlotta.wells@usdoj.gov<br>Attorneys for Department of Defense |
| Reid H. Weingarten, Esq.<br>Brian M. Heberlig, Esq.<br>Robert A. Ayers, Esq,<br>Steptoe & Johnson, LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-1795<br>(202) 429-3000; (202) 429-3902 - FAX<br>rweingarten@steptoe.com;<br>bhaberlig@steptoe.com; rayers@steptoe.com<br>Attorneys for eTreppid and Warren Trepp | Ralph O. Gomez, Esq., Sr. Trial Counsel<br>U.S. Dept. of Justice, Fed. Programs Branch<br>Civil Division, Room 6144<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-1318; 616-8470 - FAX<br>E-mail: raphael.gomez@usdoj.gov<br>Attorneys for Department of Defense |
| Greg Addington, AUSA<br>U.S. DEPARTMENT OF JUSTICE<br>100 W. Liberty Street. Suite 600.<br>Reno, Nevada 89501<br>E-mail: Greg.addington@usdoj.gov<br>(775) 784-5181 - FAX<br>Attorneys for Department of Defense | |

[X]   (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

[X]   [Federal]   I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

PROOF OF SERVICE

0039641/001/ 371787v01

1      I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

2

Executed on December 21, 2007, at Los Angeles, California

3

4        Criss A. Draper

5       (Type or print name)            (Signature)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE