# EXHIBIT "J"

# EXHIBIT "J"

1 | Mark H. Gunderson, Esq. (SBN: 2134)
Catherine A. Reichenberg, Esq. (SBN: 10362)
2 | GUNDERSON LAW FIRM
5345 Kietzke Lane, Suite 200
3 | Reno, Nevada 89511
Telephone: (775) 829-1222
4 | Facsimile: (775) 829-1226

5 | Deborah A. Klar, Esq. (SBN: CA 124750)
Teri T. Pham, Esq. (SBN: CA 193383)
6 | Tuneen E. Chisolm, Esq. (SBN: CA 211741)
LINER YANKELEVITZ
7 | SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
8 | Los Angeles, California 90024-3503
Telephone: (310) 500-3500
9 | Facsimile: (310) 500-3501
ADMITTED PRO HAC VICE

10

Attorneys for Plaintiffs
11 | DENNIS MONTGOMERY, and the MONTGOMERY
FAMILY TRUST

12

13 | **UNITED STATES DISTRICT COURT**

14 | **DISTRICT OF NEVADA**

15

16 | DENNIS MONTGOMERY and the )    Case No. 3:06-CV-00056-PMP-VPC
MONTGOMERY FAMILY TRUST, )    BASE FILE
17 | )
       Plaintiffs, )    (Consolidated with Case No. 3:06-CV-
18 | )    00145-PMP-VPC)
vs. )
19 | )    **PLAINTIFFS DENNIS**
ETREPPID TECHNOLOGIES, LLC, WARREN )    **MONTGOMERY'S AND THE**
20 | TREPP, and the UNITED STATES )    **MONTGOMERY FAMILY TRUST'S**
DEPARTMENT OF DEFENSE, )    **SUPPLEMENTAL RESPONSES TO**
21 | )    **DEFENDANT ETREPPID**
       Defendants. )    **TECHNOLOGIES, LLC'S**
22 | )    **INTERROGATORIES, SET ONE**
)
23 | )
AND RELATED CASES. )
24 | )

25 |       PROPOUNDING PARTY:    DEFENDANT ETREPPID TECHNOLOGIES, LLC

26 |       RESPONDING PARTY:    PLAINTIFFS DENNIS MONTGOMERY AND THE

27 |                        MONTGOMERY FAMILY TRUST

28 |       SET NO.:           ONE

PLAINTIFFS' SUPPLEMENTAL RESPONSES TO ETREPPID'S INTERROGATORIES, SET ONE

003964 1/001/ 377840v01

1    Dennis Montgomery and the Montgomery Family Trust (collectively "Responding Parties"

2   or "The Montgomery Parties") hereby supplement their response to Defendant eTreppid

3   Technologies, LLC's First Set of Interrogatories.

4                    **PRELIMINARY STATEMENT**

5    Responding Parties have not completed their investigation of the facts relating to this case

6   and discovery is still in the early stages.  The responses contained herein are based upon only such

7   information and documents which are presently available to and specifically known to Responding

8   Parties.  It is anticipated that further discovery and investigation may lead to additional facts and/or

9   identification of additional witnesses.  Accordingly, the following responses are made without

10  prejudice to Responding Parties' right to amend or supplement these responses, or to produce and

11  rely upon evidence of subsequently discovered facts and/or witnesses.

12   To the extent applicable, Responding Parties' responses are made in compliance with the

13  U.S. Protective Order, entered in this action on August 29, 2007, and subject to the Protective

14  Order entered in this action on September 20, 2007.

15  **INTERROGATORY NO. 1**:

16   STATE in detail all facts supporting YOUR contention that Defendants, either collectively

17  or individually, have infringed any copyright owned by YOU (this includes, but is not limited to

18  stating the registration numbers for each copyright and derivative work that YOU contend

19  Defendants, either collectively or individually, have infringed).

20  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1**:

21   Responding Parties object to this interrogatory on the grounds that, as the terms YOU and

22  YOUR are defined, the interrogatory:  (i) is overly broad and ambiguous; (ii) seeks information

23  which is neither relevant to the claims and defenses asserted in this action, nor reasonably

24  calculated to lead to discovery of admissible evidence; and (iii) seeks information protected from

25  disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding

26  Parties further object to this interrogatory to the extent is purports to impose obligations upon

27  Responding Parties that exceed those imposed by the Federal Rules of Civil Procedure and Local

28  Rules.

1    Subject to and without waiving the stated objections, per agreement Responding Parties'

2  supplement their response to this interrogatory to provide the following United States Copyright

3  Registration numbers:  TXu00098018; TXu00098728; TXu00098727; TXu000119540;

4  TXu00020000234; TXu0001992867; TXu000098731; TXu0002083750; TXu0002095009.

5  Responding Parties cannot provide a complete response to this interrogatory without violating the

6  U.S. Protective Order.

7  **INTERROGATORY NO. 2**:

8    IDENTIFY each PERSON with knowledge of any of the facts provided in your response to

9  Interrogatory No. 1.

10  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2**:

11    Responding Parties object to this interrogatory to the extent is purports to impose

12  obligations upon Responding Parties that exceed those imposed by the Federal Rules of Civil

13  Procedure and Local Rules.

14    Subject to and without waiving the stated objections, Responding Parties provide the

15  following supplemental response regarding persons with personal knowledge:  Dennis

16  Montgomery c/o Mr. Montgomery's counsel of record at Liner Yankelevitz Sunshine &

17  Regenstreif LLP, 1100 Glendon Ave, 14th Floor, Los Angeles, California 90024; (310) 500-3500;

18  Warren Trepp; Douglas Frye; Patty Gray; Sloan Venables; Venkata Kalluri; Jesse Anderson;

19  Barjinder Bal; Zehang Sun; S.A. Michael West; S.A. Paul Haraldesen; General Brown.  Additional

20  parties may include other present and past employees of eTreppid.  Responding Parties cannot

21  provide a complete response to this interrogatory without violating the U.S. Protective Order.

22  **INTERROGATORY NO. 4**:

23    IDENTIFY each portion of any DOCUMENT you contend is substantially similar to and

24  [sic] any copyrighted work or derivative work identified in your response to this Interrogatory (this

25  includes, but is not limited to, IDENTIFYING each DOCUMENT).

26  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**:

27    Responding Parties object to this interrogatory on the grounds that, particularly as the term

28  DOCUMENT is defined, the interrogatory: (i) is overly broad and ambiguous; (ii) seeks

1  information which is neither relevant to the claims and defenses asserted in this action, nor

2  reasonably calculated to lead to discovery of admissible evidence; and (iii) purports to impose

3  obligations upon Responding Parties that exceed those imposed by the Federal Rules of Civil

4  Procedure and Local Rules.

5       Subject to and without waving the stated objections, Responding Parties supplement their

6  response to this interrogatory as follows:  Responding Parties cannot provide a complete response

7  to this interrogatory without violating the U.S. Protective Order.

8  **INTERROGATORY NO. 5:**

9       STATE all damages which YOU have incurred as a result of any wrongful act on the part of

10  Defendants, either collectively or individually. If YOU are unable to precisely calculate the

11  damages that YOU have incurred, state (1) the manner in which such damages may be calculated,

12  and (2) the information needed to perform a precise calculation of damages.

13  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

14       Responding Parties object to this interrogatory on the grounds that, as the terms YOU and

15  YOUR are defined, the interrogatory:  (i) is overly broad and ambiguous; and (ii) seeks information

16  which is neither relevant to the claims and defenses asserted in this action, nor reasonably

17  calculated to lead to discovery of admissible evidence.  Responding Parties further object to this

18  interrogatory to the extent is purports to impose obligations upon Responding Parties that exceed

19  those imposed by the Federal Rules of Civil Procedure and Local Rules.

20       Subject to and without waiving the stated objections, Responding Parties supplement their

21  response to this interrogatory as follows:  Responding Parties' calculation of damages will be the

22  subject of expert testimony and there is no requirement that the information be prematurely

23  disclosed at this time.

24  **INTERROGATORY NO. 7:**

25       STATE all facts supporting YOUR contention that Defendants, either collectively or

26  individually, have wrongfully diluted YOUR ownership interest in eTreppid.

27

28

1 **INTERROGATORY NO. 8**:

2    IDENTIFY each PERSON with knowledge of any of the facts provided in your response to
3 Interrogatory No. 7.

4 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**:

5    Responding Parties object to this interrogatory to the extent is purports to impose
6 obligations upon Responding Parties that exceed those imposed by the Federal Rules of Civil
7 Procedure and Local Rules.

8    Subject to and without waiving the stated objection, Responding Parties supplement their
9 response to this interrogatory as follows: Dennis Montgomery c/o Mr. Montgomery's counsel of
10 record at Liner Yankelevitz Sunshine & Regenstreif LLP, 1100 Glendon Ave, 14th Floor, Los
11 Angeles, California 90024; (310) 500-3500; Warren Trepp; Jale Trepp; Douglass Frye; Patty Gray;
12 George Ashley; Su Perez; Moss Adams; Wayne Primm; Joel Safriet; Joyce Benka; Judy Hamacher;
13 John Drinkwater; Rose Noaiwees; J Darin; Harvey Bookstein; William Randall Holloway; Steve
14 Sands.

15 **INTERROGATORY NO. 9**:

16    STATE in detail all facts supporting YOUR allegation that "Trepp began to dilute
17 Montgomery's share in eIntrepid [*sic*] and, used his majority interest in eIntrepid [*sic*] to obtain
18 favorable treatment for himself as a majority shareholder at the expense of Montgomery."

19 **INTERROGATORY NO. 10**:

20    IDENTIFY each PERSON with knowledge of any of the facts provided in your response to
21 Interrogatory No. 9.

22 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**:

23    Responding Parties object to this interrogatory to the extent is purports to impose
24 obligations upon Responding Parties that exceed those imposed by the Federal Rules of Civil
25 Procedure and Local Rules.

26    Subject to and without waiving the stated objection, Responding Parties supplement their
27 response to this interrogatory as follows: Dennis Montgomery c/o Mr. Montgomery's counsel of
28 record at Liner Yankelevitz Sunshine & Regenstreif LLP, 1100 Glendon Ave, 14th Floor, Los

1 | Angeles, California 90024; (310) 500-3500; Warren Trepp; Jale Trepp; Douglass Frye; Patty Gray;
2 | George Ashley; Su Perez; Moss Adams; Wayne Primm; Joel Safriet; Joyce Benka; Judy Hamacher;
3 | John Drinkwater; Rose Noaiwees; J Darin; Harvey Bookstein; William Randall Holloway; Steve
4 | Sands.

5 | **INTERROGATORY NO. 11**:

6 | IDENTIFY each owner and/or claimant of the COPYRIGHTS and of any works that YOU
7 | contend are "derivative works" of the COPYRIGHTS, from 1980 to present.

8 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**:

9 | Responding Parties object to this interrogatory on the grounds that, as the terms YOU is
10 | defined, the interrogatory: (i) is overly broad and ambiguous; and (ii) seeks information which is
11 | neither relevant to the claims and defenses asserted in this action, nor reasonably calculated to lead
12 | to discovery of admissible evidence. Responding Parties further object to this interrogatory to the
13 | extent is purports to impose obligations upon Responding Parties that exceed those imposed by the
14 | Federal Rules of Civil Procedure and Local Rules.

15 | Subject to and without waiving the stated objection, Responding Parties supplement their
16 | response to this interrogatory as follows: Dennis Montgomery and the Montgomery Family Trust
17 | c/o Mr. Montgomery's counsel of record at Liner Yankelevitz Sunshine & Regenstreif LLP, 1100
18 | Glendon Ave, 14th Floor, Los Angeles, California 90024; (310) 500-3500.

19 |

20 | Dated: January 17, 2008 | LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
21 |
22 | | By:
23 | | Deborah A. Klar
Tuneen E. Chisolm
24 | | Attorneys for Plaintiffs DENNIS
MONTGOMERY and the
25 | | MONTGOMERY FAMILY TRUST
26 |
27 |
28 |

6

1  **VERIFICATION**

2      I have read the foregoing PLAINTIFFS DENNIS MONTGOMERY'S AND THE

3  MONTGOMERY FAMILY TRUST'S SUPPLEMENTAL RESPONSES TO DEFENDANT

4  ETREPPID TECHNOLOGIES, LLC'S INTERROGATORIES, SET ONE and know its contents.

5      I am a party to this action.  The matters stated in the foregoing document are true of my

6  own knowledge except as to those matters which are stated on information and belief, and as to

7  those matters I am informed and believe that they are true.

8      I declare under penalty of perjury under the laws of the United States of America that the

9  foregoing is true and correct.

10      Executed on this ____ day of January, 2008, at _RANCHO MIRAGE_ , _CA_ .

11

12                                               _____

13                                             Dennis Montgomery

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' SUPPLEMENTAL RESPONSES TO ETREPPID'S INTERROGATORIES, SET ONE

0039641/001/ 377840v01

1  **CERTIFICATE OF SERVICE**

2    Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICES
OF LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP, and that on
3  **January 17, 2008**, I caused to be served the within document described as
**PLAINTIFFS DENNIS MONTGOMERY'S AND THE MONTGOMERY**
4  **FAMILY TRUST'S SUPPLEMENTAL RESPONSES TO DEFENDANT**
**ETREPPID TECHNOLOGIES, LLC'S INTERROGATORIES, SET ONE** on
5  the interested parties in this action as stated below:

| | |
|---|---|
| 6  J. Stephen Peek, Esq.<br>Jerry M. Snyder, Esq.<br>7  Hale Lane Peek Dennison and Howard<br>5441 Kietzke Lane<br>8  SecondFloor<br>Reno, Nevada 89511<br>9  (775) 327-3000; 786-6179 - FAX<br>speek@halelane.com; jsnyder@halelane.com<br>10  Attorneys for Etreppid and Warren Trepp | Carlotta P. Wells, Sr. Trial Counsel<br>U.S. Dept. of Justice<br>Fed. Programs Branch<br>Civil Division<br>Room 7150<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-4522; 616-8470 - FAX<br>E-mail: Carlotta.wells@usdoj.gov<br>Attorneys for Department of Defense |
| 12  Reid H. Weingarten, Esq.<br>Brian M. Heberlig, Esq.<br>13  Robert A. Ayers, Esq,<br>Steptoe & Johnson, LLP<br>14  1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-1795<br>15  (202) 429-3000; (202) 429-3902 - FAX<br>rweingarten@steptoe.com;<br>16  bhaberlig@steptoe.com; rayers@steptoe.com<br>Attorneys for eTreppid and Warren Trepp | Ralph O. Gomez, Esq., Sr. Trial Counsel<br>U.S. Dept. of Justice, Fed. Programs Branch<br>Civil Division, Room 6144<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-1318; 616-8470 - FAX<br>E-mail: raphael.gomez@usdoj.gov<br>Attorneys for Department of Defense |
| 18  Greg Addington, AUSA<br>U.S. DEPARTMENT OF JUSTICE<br>100 W. Liberty Street. Suite 600<br>19  Reno, Nevada 89501<br>E-mail: Greg.addington@usdoj.gov<br>20  (775) 784-5181 - FAX<br>Attorneys for Department of Defense | |

22  [X]  (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed
23  envelope addressed as set forth above. I am readily familiar with this firm's practice
for collection and processing of correspondence for mailing. Under that practice it
24  would be deposited with the U.S. Postal Service on that same day with postage
thereon fully prepaid in the ordinary course of business. I am aware that on motion
25  of the party served, service is presumed invalid if postal cancellation date or postage
meter date is more than one day after date of deposit for mailing contained in
26  affidavit.

27  [X]  [Federal]  I declare that I am employed in the offices of a member of the
State Bar of this Court at whose direction the service was made. I declare
28  under penalty of perjury under the laws of the United States of America that
the above is true and correct.

PROOF OF SERVICE

0039641/001/ 371787v01

1        I declare under penalty of perjury under the laws of the State of California and
2    the United States of America that the foregoing is true and correct.

   Executed on January 17, 2008, at Los Angeles, California
3

4    _____          _____
         Criss A. Draper
5          (Type or print name)                        (Signature)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

0039641/001/371787v01

# EXHIBIT "K"

# EXHIBIT "K"



# HALE LANE
### ATTORNEYS AT LAW

5441 Kietzke Lane | Second Floor | Reno, Nevada 89511
Telephone (775) 327-3000 | Facsimile (775) 786-6179
www.halelane.com

**ADAM G. LANG**                                                                alang@halelane.com

November 20, 2007

**Via Facsimile Only: (310) 500-3501**

Tuneen Chisolm, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA  90024-3503

      **Re:**    **eTreppid Technologies and Warren Trepp adv. Montgomery, et al.**
                **Our File No.: 20801-0002**

Dear Ms. Chisolm:

On July 25, 2006, eTreppid Technologies and Warren Trepp (collectively "eTreppid") propounded its first set of requests for admission, first set of interrogatories, and first set of requests for production of documents upon Dennis Montgomery and the Montgomery Family Trust (collectively "Montgomery"). Montgomery served his responses to the requests for admission on August 28, 2006. Montgomery served his responses to the interrogatories and requests for production on August 29, 2006. We have reviewed the discovery requests eTreppid propounded on Montgomery and Montgomery's responses to these requests, and we believe that Montgomery's responses require supplementation. Accordingly, this letter explains our position and addresses the issue informally in an attempt to meet and confer with respect to Montgomery's responses.

## 1.    <u>Admission Requests.</u>

To begin, Admission Request Nos. 1, 2, 3, 5, 6, 7, and 8 request that Montgomery admit that certain documents in this case are "genuine." FRCP 36 specifically provides that a party may serve requests for admission for the specific purpose of verifying the "genuineness of any documents described in the request." The party serving the requests for admission is to serve copies of the documents or make the documents available for inspection and copying. Here, eTreppid has complied with FRCP 36 by providing Montgomery with copies of the documents relating to its requests and by requesting that Montgomery verify the genuineness of the documents.

**HALE LANE PEEK DENNISON AND HOWARD**
LAS VEGAS OFFICE: 3930 Howard Hughes Parkway | Fourth Floor | Las Vegas, Nevada 89169 | Phone (702) 222-2500 | Facsimile (702) 365-6940
CARSON CITY OFFICE: 777 East William Street | Suite 200 | Carson City, Nevada 89701 | Phone (775) 684-6000 | Facsimile (775) 684-6001

::ODMA\PCDOCS\HLRNODOCS\676191\1



**HALE LANE**
——————ATTORNEYS AT LAW——————

In response, Montgomery denies eTreppid's requests subject to "a review of the books and records of Intrepid/eTreppid." Montgomery further claims that the term "genuine" is "ambiguous" and "uncertain" and opines that the documents do not reflect the "practices" of eTreppid and that the documents have been fraudulently produced.

Montgomery's response to the above requests is deficient. FRCP 36 provides that "[a] denial shall fairly meet the substance of the requested admission." Montgomery's claim that eTreppid has not produced the books and records of eTreppid is wholly irrelevant to the above requests, which merely seek to verify the genuineness of the referenced documents. Montgomery, who was a party to the agreements, may verify the genuineness of these documents independently without access to eTreppid's books and records. Thus, Montgomery's objection is without merit. Further, Montgomery's claim that the term "genuine" is ambiguous is belied by the fact that FRCP 36 expressly provides that requests for admission may be used to determine the "genuineness of any documents." FRCP 36(a).

Montgomery also denies the above requests by making the bald assertion that the documents referenced in the requests are "evidence of fraud." Montgomery's claim that the documents referenced in Request Nos. 1, 2, 3, 5, 6, and 7 are "fraudulent" is unsupported by his responses and does not meet the requirement of FRCP 36 that a response "meet the substance" of a request. In his response to Request No. 1, for example, Montgomery argues that Intrepid's 1998 Operating Agreement is fraudulent because it "bears no dates" next to the signature lines and "appears to establish that it was not created until some time later 1998 or parts in 1999 by Trepp's lawyer..." In his response to Request Nos. 2 and 3, Montgomery argues that the referenced documents are fraudulent because they allegedly contain incorrect dates and lack signatures. In response to Requests Nos. 5, 6, and 7, Montgomery denies the requests and concludes that the documents "appear to be evidence of fraud," but provides no basis whatsoever for his conclusion. It is not enough that Montgomery make an unsupported claim that the documents are fraudulent as the basis for his denials. Indeed, Montgomery's responses to these requests do not "meet the substance" of eTreppid's requests and Montgomery should supplement his responses by more fully stating the reasons for his objections with respect to the genuineness of the referenced documents.

Admission Request Nos. 9, 10, 11, 12, 13, 14, 15, 16, and 17 request that Montgomery admit that he was an employee of eTreppid between the years 1998 and 2006, respectively. In response, Montgomery denies that he was employed by eTreppid and claims that he was an "independent contractor." Montgomery also provides a legal analysis citing case law addressing the distinction between "employees" and "independent contractors." Montgomery's responses, however, do not substantively respond to the requests. Accordingly, Montgomery should supplement his responses by including the factual circumstances in support of Montgomery's denials.

Admission Request Nos. 18, 19, 20, 21, 22, 23, 24, 25, and 26 request that Montgomery admit that he received health insurance benefits from eTreppid between the years 1998 and 2006, respectively. In response, Montgomery denies the requests "subject to a review of Intrepid/eTreppid's books and records." Montgomery further argues that he cannot "fully

November 20, 2007
Page 3



answer this question" until he is granted "access to the books and records" of eTreppid. Montgomery's contention that he cannot answer these requests without the books and records of eTreppid is untenable. Indeed, Montgomery's attempt to connect his ability to answer the requests to eTreppid's books and records is evasive and is nothing more than a stall tactic. Indeed, Montgomery's answer to whether he received health insurance benefits from eTreppid is squarely within Montgomery's personal knowledge and is wholly unrelated to the books and records of eTreppid.

Despite the above objection, Montgomery qualifies his denial by stating that eTreppid agreed to supply health insurance to Montgomery and that the cost of the insurance was deducted from Montgomery's income. We request that Montgomery supplement his response to this request, as his basis for denial is insufficient.

Admission Request Nos. 29, 30, and 31 request that Montgomery admit that his duties as the Chief Technology Officer of eTreppid included the development of software in the fields of "object tracking," "anomaly detection," and "pattern recognition," respectively. Montgomery denies the requests on the basis that the requests are "vague and ambiguous" and refers to the "extremely broad definition of 'software.'" Montgomery's responses are evasive and do not meet the substance of eTreppid's requests. Surely, Montgomery is familiar with the foregoing terms and knows precisely the nature of eTreppid's requests. Accordingly, we request that Montgomery supplement his responses to Request Nos. 29, 30, and 31.

2.      **Interrogatories.**

Montgomery's response to eTreppid's interrogatories is likewise deficient.

Interrogatory No.1 requests that Montgomery state the facts supporting his contention that eTreppid infringed copyrights allegedly owned by Montgomery. Rather than responding to the question of infringement of actual copyrights allegedly owned by Montgomery, Montgomery instead offers a lengthy narrative replete with baseless accusations. Montgomery *does not* specify which copyrights eTreppid may have infringed nor does he state how the alleged infringement may have occurred. In particular, eTreppid requests that Montgomery state the "registration numbers" for each copyright Montgomery claims that eTreppid has infringed. Montgomery fails to do so. Moreover, Montgomery does not answer the substance of Interrogatory No. 1. Instead, Montgomery offers a lengthy narrative regarding the dispute between eTreppid and Montgomery while failing to identify the copyrights. We request that Montgomery supplement his answer to Interrogatory No. 1 by identifying the registration numbers of copyrights that Montgomery believes eTreppid has infringed and by stating the facts giving rise to the alleged infringement.

Interrogatory No. 2 asks that Montgomery "identify" each person with knowledge of the facts provided in response to Interrogatory No. 1. Montgomery's response is insufficient because Montgomery fails to identify any individuals as requested. Instead, Montgomery merely references categories of individuals, such as "all employees, consultants, independent contractors, lawyers, and agents and representatives of eTreppid and Defendant Trepp . . ."

November 20, 2007
Page 4



Montgomery does not identify a single *individual* in his response. It is not enough that Montgomery list categories of people. Indeed, eTreppid specifically defines "Identify" to mean that Montgomery provide the "name and last known residence address and business address and home and work telephone numbers for such person." Montgomery's response is also deficient in this regard. Accordingly, we request that Montgomery supplement his answer to Interrogatory No. 2 by providing a list of specific persons and to properly "identify" the individual by providing information consistent with our definition.

Montgomery's response to Interrogatory No. 3 is likewise deficient. Indeed, Montgomery's response merely refers to his responses to Interrogatories Nos. 1 and 2, which we have already stated are deficient. Montgomery also claims that he cannot provide further details until he "obtains access to all of the books and records of eTreppid." Montgomery's attempts to avoid proffering an answer to Interrogatory No. 3 are unacceptable. Moreover, Montgomery's access to eTreppid's records is wholly irrelevant to his ability to identify individuals as requested. Accordingly, we request that Montgomery properly respond to Interrogatory No. 3.

FRCP 33(b)(1) requires that interrogatories be answered "fully." Montgomery responds to Interrogatory No. 4 by stating that "all of the 'documents'" necessary to answer this interrogatory are in the "custody, possession and control of Defendants." This response is evasive and incomplete. Accordingly, we request that Montgomery properly respond to Interrogatory No. 4.

Montgomery's response to Interrogatory No. 5 is likewise evasive and incomplete. Montgomery's contention that he needs all government contracts and all of the accounting books of eTreppid prior to answering Interrogatory No. 5 is untenable. We request that Montgomery adequately respond to Interrogatory No. 5.

Montgomery's response to Interrogatory No. 6 fails to "identify" any "person" but instead attempts to incorporate his prior reasons for not responding. We request that Montgomery provide a response to Interrogatory No. 6.

Montgomery fails to identify any individuals in response to Interrogatory No. 8. We request that Montgomery respond to this interrogatory.

Montgomery does not respond to Interrogatory No. 9 but instead references Interrogatory No. 7. Montgomery's assumption that Interrogatory Nos. 7 and 9 are identical is false. Accordingly, we request that Montgomery properly respond to Interrogatory No. 9.

Montgomery does not respond to Interrogatory No. 10 but instead references Interrogatory No. 9. Montgomery's assumption that Interrogatories 9 and 10 are identical is false. Accordingly, we request that Montgomery properly respond to Interrogatory No. 10.

Montgomery's response to Interrogatory No. 11 does not properly "identify" the Montgomery Trust because it omits contact information for Montgomery. It is insufficient that

November 20, 2007
Page 5



Montgomery merely state that eTreppid has "the addresses of these owners." Montgomery must "identify" contact information to fully respond to Interrogatory No. 11.

### 3. Document Requests.

Montgomery has produced virtually no documents in this case, except for a few incomplete copyrights and other miscellaneous documents. His objections to eTreppid's requests are insufficient and so is his overall document production.

For instance, Document Request No. 1 asks Montgomery to produce all documents relating to Montgomery's responses to interrogatories. Without formally making an objection, Montgomery merely rehashes the same baseless accusations he makes in his response to Interrogatory No. 1. Indeed, it appears that his response here is identical to his response to Interrogatory No. 1. Notably, Montgomery does assert any objection to this request. Yet, he has also failed to produce any responsive documents. Accordingly, we request that Montgomery produce documents responsive to Document Request No. 1.

Montgomery's response to Document Request No. 2 is likewise deficient in that it seeks to incorporate Montgomery's response to Document Request No. 1. Montgomery also states that he will supplement his response as necessary when he has access to all of the books and records of eTreppid. Notably, Request No. 2 only asks Montgomery to produce documents he reviewed or referred to in preparing his response to eTreppid's first set of interrogatories. Thus, Montgomery's contention that he can only fully respond after gaining access to the books and records of eTreppid is meritless. Montgomery should produce all documents he referenced in preparing his interrogatories, which has nothing to do with documents or records that may currently be in the custody of eTreppid.

Document Request No. 3 seeks all documents that contain some or all of the full text of each of the copyrights as defined by eTreppid's requests. Pursuant to the definitions provided therein, "Copyrights" are defined as the following registered copyrights: TXu-98-018, TXu98-699, TXu-98-727, TXu-98-728, TXu-98-731, TXu-117-868, TXu-119-540, TX-1-983-147, TX-1-992-867, TX-2-000-234, TX-2-083-750, and TX-2-095-009. Notably, Montgomery does not identify which documents are responsive to this request. Additionally, Montgomery did *not* provide the full text of the copyrights, as set forth in the request. Furthermore, although Montgomery produces some documents related to this request, the overall production is sparse and limited only to incomplete productions of the following copyrights: TXu98-018, TXu-117-868, TXu-119-540, TXu-98-699, TXu-98-727, and TXu-98-728. Further, Montgomery should produce the full text of the foregoing copyrights and *all* of the documents relating to the foregoing copyrights. Additionally, Montgomery should also produce the full text of the following copyrights: TXu-98-731, TX-1-983-147, TX-1-992-867, TX-2-000-234, TX-2-083-750, and TX-2-095-009, none of which have been produced. Finally, we note that Montgomery has not objected to this request, but has failed to provide responsive documents. Please provide such documents immediately.

November 20, 2007
Page 6



In response to Document Request Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, and 22 Montgomery fails to provide responsive documents on the grounds that "Until Plaintiff obtains access to all of the books and records of eTreppid, he cannot provide further details at this time." Montgomery's response is inadequate. Indeed, Montgomery has a duty to "produce all documents within his custody or control." Montgomery cannot simply ignore these requests merely because he claims that eTreppid has control of some of the documents.

For instance, Document Request No. 4 requests documents containing material protected by Montgomery's copyrights, which Montgomery alleges eTreppid has infringed. It is reasonable to assume that Montgomery would be in possession of at least some material, yet he does not produce any documents that contain such material. Montgomery's response is inadequate and he should produce all documents in his control that are responsive to Document Request No. 4. Moreover, if Montgomery contends that eTreppid is in possession of the requested documents, then please advise as to where such material is kept at eTreppid.

The same applies to Document Request Nos. 5, 6, and 7. Although Montgomery provides some documents relating to copyrights, he must provide all documents in his possession relative to this request.

Request Nos. 8 and 9 request documents that relate to Montgomery's contention that Defendants "infringed" upon the request or copyrights of the "derivative works." Montgomery has produced no such responsive documents. Further, Montgomery's contention that he cannot respond to these requests without access to eTreppids' books and records is meritless. Montgomery must produce any and all documents in his custody or control relative to these requests.

Montgomery's response to Document Request No. 10 is likewise insufficient. Document Request No. 10 pertains to documents that should be solely in the possession of Montgomery. Montgomery has not produced any invoices, enrollment forms, insurance cards, or any evidence of payments of premiums. The foregoing documents are unrelated to the books and records of eTreppid and should be within Montgomery's control. We request that Montgomery produce documents responsive to Request No. 10.

Montgomery provides no legal basis to object to Document Request No. 11. Montgomery should provide all personal income tax returns he has filed from 1998 through 2005. Further, Montgomery's access to eTreppids books and records are unrelated to his own personal tax returns, which should be solely within his custody or control.

With respect to Document Request Nos. 12, 13, 14, and 15, Montgomery has produced none of the requested documents. These requests pertain to personal documents that should be within Montgomery's custody or control. Montgomery states no legal objection to Request Nos. 12, 13, 14, and 15 and should, therefore, produce the requested documents.

November 20, 2007
Page 7



Request Nos. 16, 17, 18, 19, 20, 21, 22, and 23, pertain to documents that should also be in the custody or control of Montgomery, not to documents relating to eTreppid generally. Montgomery, should, therefore, produce all documents in his possession.

Request Nos. 24, 25, 26, 27, and 28 pertain to Montgomery's relationship with various entities. Montgomery objects to these requests "on the grounds that Defendants' present counsel represented Plaintiff from 1990 to approximately 1997 in connection with documents and matters relating to" the specified entities. Montgomery also refuses to produce such documents until he receives a "full inventory of all his documents" and has had an opportunity to disqualify counsel.

Montgomery's objection has no legal basis and is therefore, insufficient. Moreover, whatever grounds Montgomery may have believed he had for disqualifying his former counsel are moot and irrelevant to his duty to provide responsive documents. Moreover, his refusal to produce documents until he receives documents from his former counsel likewise has no legal basis. Montgomery must produce any and all documents within his custody and control with respect to the above requests.

Finally, Montgomery's responses to Document Request Nos. 29, 30, 31, and 33 are likewise non-responsive, because they only reference Montgomery's prior insufficient responses. Montgomery has produced no documents in response to these requests and we ask that he do so.

Based on the foregoing, please supplement Montgomery's responses no later than two weeks from the date of this letter and contact our office to discuss the foregoing. Please also be advised that we view this as beginning the "meet and confer" process. As you are aware, there may be a need to meet and confer with respect to additional discovery issues in the future. We look forward to hearing from you.

Sincerely,

Adam G. Lang

# EXHIBIT "L"

# EXHIBIT "L"



# HALE LANE
### ATTORNEYS AT LAW

5441 Kietzke Lane | Second Floor | Reno, Nevada 89511
Telephone (775) 327-3000 | Facsimile (775) 786-6179
www.halelane.com

**JERRY M. SNYDER**

jsnyder@halelane.com
Direct: (775) 327-3017

December 10, 2007

**VIA E-MAIL AND FACSIMILE**

Tuneen Chisolm, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

      **Re:    eTreppid Technologies and Warren Trepp adv. Montgomery, et al.**
           **Our File No.: 20801-0002**

Dear Ms. Chisolm:

      As you aware, we held a meet and confer conference on December 3, 2007 and December 4, 2007. This summarizes our agreement with respect to your responses to our discovery requests. Where we note you agreed to supplement your responses, you agreed to do so by December 19, 2007.

**First Set of Interrogatories.**

INTERROGATORY NO.1: You agreed to supplement your response to this interrogatory by properly identifying each of the Copyrights.

INTERROGATORY NO. 2: You agreed to supplement your response by properly identifying each person referred to in your response to this interrogatory.

INTERROGATORY NO. 3: You agreed to supplement your response to this interrogatory by properly identifying each person referred to in your response to this interrogatory.

INTERROGATORY NOS. 4, 5, 6, 7, 8, 9, 10, and 11: You agreed to supplement your responses to these interrogatories.

**HALE LANE PEEK DENNISON AND HOWARD**
LAS VEGAS OFFICE: 3930 Howard Hughes Parkway | Fourth Floor | Las Vegas, Nevada 89169 | Phone (702) 222-2500 | Facsimile (702) 365-6940
CARSON CITY OFFICE: 777 East William Street | Suite 200 | Carson City, Nevada 89701 | Phone (775) 684-6000 | Facsimile (775) 684-6001

::ODMA\PCDOCS\HLRNODOCS\695436\1



December 10, 2007
Page 2

**First Set of Requests for Production of Documents.**

REQUEST NO. 1: You agreed to provide documents responsive to this request.

REQUEST NO. 2:  You refuse to provide documents responsive to this request because you believe that any documents referred to by your client in preparing interrogatories would be protected as work product.  We disagree.  Merely referencing documents does not automatically mean they are protected as attorney work product.  Accordingly, please provide documents responsive to this request.

REQUEST NOS. 3 & 4:  You refuse to produce additional responsive documents because you believe your obligation extends only to copyright documents on file with the general copyright office.  You also refuse to produce additional documents on the basis that they are covered as "trade secrets."  We note that, given the existence of a protective order, this objection lacks merit.  You agreed to give us an answer by December 7, 2007 as to whether you would produce additional documents in response to this request.

REQUEST NO. 5:  You agreed to supplement your production in response to this request.

REQUEST NO. 6:  You agreed to examine this request and to get back to us by the end of the week regarding whether you would produce documents responsive to this request.

REQUEST NOS. 7, 8, 9, 10, 12, 13, 14 & 15:  You agreed to supplement your production in response to these requests.

REQUEST NO. 16:  You agreed to supplement your production in response to this request.  However, you noted a general objection that you would not produce documents regarding trade secrets to which eTreppid never had access.

REQUEST NOS. 17 & 18:  You agreed to supplement your production in response to these requests.

REQUEST NO. 19:  You objected to producing any documents responsive to this request that are pre-1998 or post-2006.  We disagree.  Montgomery must produce *all* documents responsive to this request, regardless of date because all documents requested are relevant in this litigation.

REQUEST NO. 20:  You agreed to produce all documents relative to data compression files contained on CD No. 1.  You refused to produce documents outside the scope of CD No. 1 because you claim that executable versions of software are protected as trade secrets.  We disagree on the basis that appropriate protective orders have been entered.  Montgomery is obligated to provide all responsive documents subject to the protective orders that are in place.  You stated that we would need to compel production of documents with respect to this request.

REQUEST NO. 21:  You said you were inclined to produce documents responsive to this request but would get back to us by December 7, 2007.

::ODMA\PCDOCS\HLRNODOCS\695436\1



December 10, 2007
Page 3

REQUEST NO. 22:  You agreed to supplement your production in response to this request.

REQUEST NO. 23:  You agreed to "probably produce" the trust documents responsive to this request.

REQUEST NOS. 24, 25, 26, 27 & 28:  You asked us to refine these requests.  Upon examination, there is no need to refine these requests as they speak for themselves.  Please provide all responsive documents.

REQUEST NOS. 29, 30 & 31:  You said you would let us know by the end of the week if you would produce documents responsive to these requests.

REQUEST NOS. 32 & 33:  You agreed to respond to these requests if we clarified the fact that Michael Sandoval resides in or near Seattle, Washington rather than Portland, Oregon. Accordingly, we hereby clarify that "in or near Portland, Oregon" is replaced with "in or around Seattle, Washington," for the purpose of these requests.  Accordingly, please provide all documents responsive to these requests.

**First Set of Requests for Admission.**

REQUEST NOS. 1, 2 & 3: You agreed to amend your responses to these requests.  You expressed concern that the term "which was effective as of" implies that all conditions and terms have been met, making the document "effective."  We disagree.  However, for purposes of these requests, the terms "which was effective" or "which was effective as of" are hereby replaced with "which has the effective date of."  Accordingly, please supplement your response to these requests.

REQUEST NOS. 4, 5, 6, 7 & 8:  We agreed to clarify these requests.  Accordingly, the term "and a copy" is replaced with "a genuine copy."

REQUEST NOS. 9 -33:  You agreed to amend and supplement your responses to these requests.

If you have any questions or your recollection is different, please call me so that we may further discuss.

Sincerely,

Jerry M. Snyder

JMS/clk

# EXHIBIT "M"

# EXHIBIT "M"

# HALE LANE
### ATTORNEYS AT LAW

5441 Kietzke Lane | Second Floor | Reno, Nevada 89511
Telephone (775) 327-3000 | Facsimile (775) 786-6179
www.halelane.com

**JERRY M. SNYDER**

jsnyder@halelane.com
Direct: (775) 327-3017

January 16, 2008

*VIA FACSIMILE (310) 500-3501 & EMAIL*

Tuneen Chisolm, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

> Re:   eTreppid Technologies and Warren Trepp adv. Montgomery, et al.
>        Our File No.: 20801-0002

Dear Ms. Chisolm:

Despite multiple attempts to meet and confer with respect to Dennis Montgomery and the Montgomery Family Trust's ("Montgomery") lack of responsiveness to eTreppid's discovery requests, eTreppid still has not received supplemental responses to its First Set of Interrogatories or Requests for Admission. Montgomery has also not produced a single document since the discovery stay was lifted months ago.

On November 22, 2007, we sent you a letter specifically detailing why Montgomery's previous discovery responses were insufficient. The November 22, 2007 letter analyzed each discovery request made by eTreppid and provided detailed explanations regarding the deficiencies in Montgomery's responses. Between two conference calls held on November 30, 2007 and December 3, 2007, you and I spent in excess of four hours discussing discovery issues, including the insufficiency of Montgomery's responses. On December 10, 2007 we sent you a letter summarizing the substance of our meet and confer discussions. In short, you agreed that by December 19, 2007, Montgomery would: (1) provide supplemental responses to eTreppid's Requests for Admissions; (2) provide supplemental responses to eTreppid's First Set of Interrogatories; (3) produce documents responsive to eTreppid's First Set of Requests for Production; and (4) produce responsive documents to eTreppid's Second Set of Requests for Production – none of which has happened.

In particular, you agreed to supplement your responses to eTreppid's First Set of Interrogatories, Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 by December 19, 2007. eTreppid has *not received* any supplemental responses to the foregoing interrogatories. You agreed to produce responsive documents to eTreppid's First Set of Request for Production of Documents, Request Nos. 1, 5, 7, 8, 9, 10, 12, 13, 14, 15, 17, 18, 20, 21, 22, and 23 by December 19, 2007.

**HALE LANE PEEK DENNISON AND HOWARD**
LAS VEGAS OFFICE: 3930 Howard Hughes Parkway | Fourth Floor | Las Vegas, Nevada 89169 | Phone (702) 222-2500 | Facsimile (702) 365-6940
CARSON CITY OFFICE: 777 East William Street | Suite 200 | Carson City, Nevada 89701 | Phone (775) 684-6000 | Facsimile (775) 684-6001

::ODMA\PCDOCS\HLRNODOCS\706652\1



January 16, 2008
Page 2

We have *not received* a single document in response to the foregoing requests. You also agreed to amend and provide supplemental responses to eTreppid's First Set of Requests for Admissions, Request Nos. 9-33 by December 19, 2007. We have *not received* any supplemental responses to the foregoing requests. On December 19, 2007, you sent me an eMail advising that these supplemental responses would be delayed. Its is now nearly one month later and we have still received no supplemental responses, nor have we received any of the requested documents.

I tried to call you yesterday to discuss the above requests and additional issues that are arising with respect to discovery. As you are aware, eTreppid objects to subpoenas that Montgomery has served on Bank of America, Nevada Security Bank, and Pillsbury Winthrop. We have sent multiple letters to you stating our objections to the subpoenas. We also have not received a response to our December 7, 2007 letter requesting that we establish protocols for exchange of electronically stored information.

Please call me so we can discuss the foregoing issues. It is my hope that we can resolve these issues without the need of court intervention. However, given the extensive efforts we have made to meet and confer, we are prepared to file a motion to compel, if necessary. I hope to hear from you soon.

Sincerely,

Jerry M. Snyder

JMS/ck

# EXHIBIT "N"

# EXHIBIT "N"



**HALE LANE**
━━━━━━━ ATTORNEYS AT LAW ━━━━━━━
5441 Kietzke Lane | Second Floor | Reno, Nevada 89511
Telephone (775) 327-3000 | Facsimile (775) 786-6179
www.halelane.com

**JERRY M. SNYDER**

jsnyder@halelane.com
Direct: (775) 327-3017

February 4, 2008

*VIA EMAIL & U.S. Mail*

Tuneen Chisolm, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503

   Re: eTreppid Technologies and Warren Trepp adv. Montgomery, et al.
     Our File No.: 20801-0002

Dear Ms. Chisolm:

   Thank you for taking the time on Thursday, January 31, 2008, to meet and confer regarding outstanding discovery issues. This letter is intended as a follow-up to those portions of our conversation relating to eTreppid's outstanding discovery requests.

   ***eTreppid's First Set of Requests for Inspection***

   eTreppid served its first set of Requests for Production on July 25, 2006. Montgomery provided responses to these requests on August 29, 2006, and supplemental responses on January 25, 2008. To date, Montgomery has produced a total of 317 pages of documents, all of which are publicly available. You assured me that Montgomery would make an additional, good faith production no later than Friday, February 8, 2008. I ask that these additional documents be hand delivered to our office, either on CD or in paper form, on that date.

   However, as we discussed, there are a number of requests to which you have not agreed to provide responsive documents.

   <u>Requests Seeking the Text of Montgomery's Claimed Copyrights</u>

   Requests Nos. 3, 4, and 6 specifically request that you provide the full text of the material that is subject to the copyrights that Montgomery asserts eTreppid infringed, as well as the full text of any derivative works of this material. Although Montgomery's initial responses to this request did not raise any specific objections to the production of this material, you now assert objections based on relevance and trade secret. These objections are meritless.

**HALE LANE PEEK DENNISON AND HOWARD**
LAS VEGAS OFFICE: 3930 Howard Hughes Parkway | Fourth Floor | Las Vegas, Nevada 89169 | Phone (702) 222-2500 | Facsimile (702) 365-6940
CARSON CITY OFFICE: 777 East William Street | Suite 200 | Carson City, Nevada 89701 | Phone (775) 684-6000 | Facsimile (775) 684-6001

::ODMA\PCDOCS\HLRNODOCS\712908\1

Tuneen Chisolm, Esq.
February 4, 2008
Page 2



HALE LANE
————ATTORNEYS AT LAW————

First, as Montgomery is asserting a claim for copyright infringement, it is simply beyond question that the text of the copyrighted material is relevant and discoverable. eTreppid cannot possibly evaluate or defend itself against Montgomery's infringement claims without having the opportunity to examine the text of the claimed copyrights.

Montgomery's claim that this information may not be produced because it is a trade secret is likewise meritless. As you know, on September 11, 2007, the Court entered a Protective Order providing that the parties may designate materials as "restricted confidential," which will allow for a very high level of confidentiality. At no point during the negotiations and briefing leading up to this order did Montgomery assert that the draft protective order was inadequate to protect Montgomery's interest in the confidentiality of his alleged trade secrets. Moreover, Montgomery has not made any effort to modify the terms of this protective order. As such, Montgomery simply cannot credibly assert that he does not believe that the existing protective order is inadequate to protect his interest in the confidentiality of these documents.

For these reasons, we urge you to provide the subject documents.

### Requests Seeking the Text of Alleged Infringing Works

Requests Nos. 8 and 9 seek all documents relating to Montgomery's assertion that eTreppid has infringed upon either the original copyrights or any derivative works. In Montgomery's response to this document request, he states that he will "produce the relevant non-privileged documents . . . which are sufficient to demonstrate the infringement." Obviously, this is not adequate. eTreppid is entitled to all documents relating to Montgomery's infringement claim, whether or not they support Montgomery's position. This includes the source code for the allegedly infringing software.

Nonetheless, Montgomery has refused this source code, again asserting trade secret concerns. For the reasons discussed above, these concerns are simply meritless. Any documents produced will, if appropriate, be subject to the protective order. As such, Montgomery is clearly obliged to provide such documents.

### Documents Showing Montgomery Purchased Health Insurance

Request No. 10 seeks documents which relate to Montgomery's claim that he purchased his own health insurance coverage. During the preliminary injunction hearing, Montgomery unambiguously testified that he, and not eTreppid, purchased his health insurance. This request seeks any documents which may validate that contention. As Montgomery placed the matter at issue through his testimony, this request is clearly reasonably calculated to lead to the discovery of admissible evidence.

### Montgomery's Tax Returns

Request No. 11 seeks Montgomery's Tax Returns for the years 1998 through 2005. This request is clearly reasonably calculated to lead to evidence relevant to a number of issues in the

Tuneen Chisolm, Esq.
February 4, 2008
Page 3



case, including (1) Montgomery's compensation, (2) what he believed his employment status to be, and (3) whether Montgomery was deriving income from any endeavors other than his employment with eTreppid during this time period.

### Documents Relating to Loans Made to Montgomery

Request Nos. 13 and 14 seek documents relating to any loans made to Montgomery by "Warren Trepp or by any entity controlled by Mr. Trepp." You asserted that this request is ambiguous because Montgomery cannot say whether any particular entity is controlled by Trepp. Accordingly, eTreppid clarifies that it applies to loans made to Montgomery by Warren Trepp or any entity that Montgomery <u>understands</u> to be controlled by Warren Trepp.

Such documents are relevant because they show the degree to which Montgomery used his interest in eTreppid to secure loans. This is an additional benefit Montgomery derived as a result of his interest in eTreppid. Such evidence directly relates to Montgomery's claim that he was not paid an amount sufficient to compensate him for the use of the software that he allegedly owned before joining eTreppid.

### Documents Describing eTreppid's Technology

Request No. 16 seeks all documents describing or relating to eTreppid's technology, products, and research. Your response states that you will provide documents "sufficient to identify the compression technology transferred to eTreppid. . ." Obviously, this response is inadequate. eTreppid is entitled to all documents in Montgomery's position which relate to eTreppid's marketing, technology, and product development efforts. Montgomery was the Chief Technology Officer of eTreppid, and as such, he was likely in the position of receiving a substantial amount of responsive information. Accordingly, you agreed that you would look for additional responsive documents.

### Documents Relating to Montgomery's Claim that He Owns eTreppid's Technology

Request Nos. 18 through 20 seek any documents (1) containing source code and executable versions of software in the fields of pattern recognition, data compression, object tracking, or anomaly detection; (2) relating to Montgomery's research and development efforts in these fields; and (3) identifying communications with other individuals relating to Montgomery's research in these fields. Montgomery has so far refused to provide any responsive information, except documents "sufficient to identify the compression technology source code transferred to eTreppid under the 1998 Contribution Agreement." This response is inadequate.

Obviously, this information is highly relevant to the parties' respective claims concerning ownership of the subject technology. Montgomery has asserted that he owns these technologies and that he developed them prior to and independent of his relationship to eTreppid. eTreppid is entitled to probe the basis for this claim by examining evidence of when Montgomery allegedly developed these technologies, what technology was actually developed, and who else was

Tuneen Chisolm, Esq.
February 4, 2008
Page 4



involved in the development of these technologies. Montgomery's response that he will provide only documents that he deems to be sufficient to identify the 1998 compression technology begs the question; without all of the documents that eTreppid seeks though these requests, eTreppid cannot thoroughly evaluate Montgomery's claim that he owns the subject technology and that it was not developed at eTreppid.

To the extent that Montgomery claims that the requested information constitutes a trade secret, as set forth above, the existing protective order is adequate to protect the secrecy of this information. Accordingly, Montgomery's claimed trade secret concerns do not provide an adequate basis for Montgomery to fail to produce the requested information.

<u>Documents Relating to the 1998 Contribution Agreement</u>

Request No. 22 seeks source code and executable files of the compression software that Montgomery transferred to eTreppid under the 1998 Contribution Agreement, as well as notes and memoranda relating to that technology. Although you agree to provide documents "sufficient to describe" this technology, you have refused to provide the source code and executable files requested. As Montgomery has asserted that this technology represents the universe of what he transferred to eTreppid, the requested information is clearly relevant to Montgomery's assertion that he developed the subject pattern recognition software prior to, and independent of, his work at eTreppid. Accordingly, there is simply no basis for Montgomery's assertion that he is not obliged to provide the requested information.

<u>Documents Relevant to Montgomery's Relationship with Prior Holders of the Subject Copyrights</u>

Requests 24 through 28 seek information relating to Montgomery's relationship with the entities that are the record owners of the copyrights at issue in this matter. Such information is necessary in order to demonstrate the circumstances under which Montgomery obtained an interest in these copyrights, the commercial application for which the software covered by these copyrights was used, and whether or not the transactions through which Montgomery obtained his alleged interest in these copyrights were legitimate.

<u>Documents Showing Montgomery's Recent Efforts to Transfer the Subject Technology</u>

Requests 30 and 31 seek information relating to Montgomery's attempts to sell any interest in any software in the fields of compression, object tracking, pattern recognition, or anomaly detection since he left eTreppid and the preliminary injunction order was entered. eTreppid has asserted that Montgomery has misappropriated eTreppid's trade secret technology in the fields of compression, object tracking, pattern recognition, or anomaly detection, and that Montgomery has violated, and continues to violate, the preliminary injunction.

Evidence of Montgomery's attempts to market software in these fields after he left eTreppid is clearly relevant to eTreppid's claims in this matter. You seem to be asserting that Montgomery is not obliged to provide these documents because he was marketing software that

Tuneen Chisolm, Esq.
February 4, 2008
Page 5



did not belong to eTreppid. This simply begs the question. Montgomery has, under the auspices of his current employer, engaged in efforts to modify and improve the software that was formerly used by eTreppid in fulfilling its contracts to its customers. Accordingly, eTreppid is entitled to find out what efforts he has made to market and/or transfer any interest in this software to a third party. Montgomery cannot avoid disclosure of these documents by relying on the naked assertion that his recent software development and marketing efforts did not involve technology belonging to eTreppid.

### Documents Relating to Communications with Michael Sandoval

Requests 32 and 33 seek documents relating to communications with Michael Sandoval. While these requests mistakenly identify Mr. Sandoval as a resident of the Portland area, instead of Seattle, the identity of the Michael Sandoval at issue is clear from the context of this as a whole. Moreover, I clarified, in our numerous meet-and-confer conversations, that these requests reffered to the Michael Sandoval that is a party to this matter. Accordingly, Montgomery's assertion that he has no responsive documents is simply disingenuous.

### *eTreppid's Second Set of Requests for Inspection and Production*

Montgomery's responses to eTreppid's Second Set of Requests for Production and inspection, which Montgomery served on January 25, 2008, are likewise deficient.

### Source Code and Executable Files for the Subject Software

Requests Nos. 1, 2, and 3 seek source code and executable files, and research materials relating to Montgomery's efforts to develop software in the fields of data compression, object tracking, pattern recognition, and anomaly detection. Obviously, such information is highly relevant to this case. Montgomery contends that he developed this software independently of his work at eTreppid. The material requested here is highly relevant to that contention.

Montgomery's claim that these documents should not be produced as they are trade secrets is likewise meritless. As set forth above, Montgomery may protect any trade secrets in this information through the use of the existing protective order. Accordingly, there is simply no basis for Montgomery to continue to avoid production of these documents.

### Documents Relating to the Compression Software Transferred to eTreppid

Request No. 4 seeks source code and executable files of the compression software that Montgomery transferred to eTreppid under the 1998 Contribution Agreement, as well as notes and memoranda relating to that technology. Although you agree to provide documents "sufficient to describe" this technology, you have refused to provide the source code and executable files requested. As Montgomery has asserted that this technology represents the universe of what he transferred to eTreppid, the requested information is clearly relevant to Montgomery's assertion that he developed the subject pattern recognition software prior to, and

Tuneen Chisolm, Esq.
February 4, 2008
Page 6



independent of, his work at eTreppid. Accordingly, there is simply no basis for Montgomery's assertion that he is not obliged to provide the requested information.

### Inspection of Electronic Materials Seized by the FBI and Returned to Montgomery

Requests 7 and 8 seek inspection of electronic storage media that was seized by the FBI and subsequently returned to Montgomery. As eTreppid has previously shown, some of the hard drives seized by the FBI conclusively belong to eTreppid. In addition, some of the CD ROMS seized are labeled as eTreppid property. Based on this, eTreppid reasonably believes that a substantial portion of this material belongs to it. eTreppid is entitled to conduct an inspection of this material in order to determine the extent to which Montgomery is in possession of equipment and confidential information belonging to eTreppid.

As I stated in our phone call, eTreppid would be amenable to limiting its inspection of this property to an initial, cursory inspection to determine issues related to ownership, including what sort of data is contained on the subject hard drives, CDs, or DVDs, when the subject media were formatted, who did so, and similar information. After collecting this information, we suggest that the parties will be in a better position to determine which of these hard drives, CDs, or DVDs may contain relevant information.

### Emails Received from Trepp, Frye, or Other eTreppid Members

Request 20 seeks all emails in Montgomery's possession which were sent by or received by Trepp, Frye, or any other manager or member of eTreppid. eTreppid will agree to limit the scope of this request to emails discussing the management of eTreppid, eTreppid's marketing efforts, eTreppid's product development efforts, or other eTreppid business matters. Please advise as to whether you will produce documents responsive to this request as narrowed.

### Communications With News Media

Requests 22 and 23 seek all communications with, and documents provided to, any news reporters or news organizations which relate to Trepp, Jim Gibbons, eTreppid, or any other aspect of the present litigation. You did not agree to provide any responsive documents based on your assertion that they were not relevant. Notably, when we discussed this matter last Thursday, you had not read any of the news reports at issue. I subsequently emailed this information to you.

The content of these news stories is strikingly similar to the story set forth by Montgomery in his initial responses to eTreppid's first set of interrogatories. As such, Montgomery has admitted that the information he provided to the press is relevant to this matter. Given this fact, I cannot understand any basis for Montgomery's contention that the information he provided to the news media is not relevant to this case.

### Communications With Opspring, Sandoval, Azimyth, Atigeo, and Edra Blixseth

Tuneen Chisolm, Esq.
February 4, 2008
Page 7



Requests 24 through 27 seek information relative to Montgomery's efforts to license the subject technology to a third party, including evidence of payments made to Montgomery, correspondence with the identified individuals and entities, contracts with these individuals and entities. eTreppid has asserted that Montgomery has misappropriated eTreppid's trade secret technology in the fields of compression, object tracking, pattern recognition, or anomaly detection, and that Montgomery has violated, and continues to violate, the preliminary injunction.

Evidence of Montgomery's attempts to market software in these fields after he left eTreppid is clearly relevant to eTreppid's claims in this matter. You seem to be asserting that Montgomery is not obliged to provide these documents because he was marketing software that did not belong to eTreppid. This simply begs the question. Montgomery has, under the auspices of his current employer, engaged in efforts to modify and improve the software that was formerly used by eTreppid in fulfilling its contracts to its customers. Accordingly, eTreppid is entitled to find out what efforts he has made to market and/or transfer any interest in this software to a third party. Montgomery cannot avoid disclosure of these documents by relying on the naked assertion that his recent software development and marketing efforts did not involve technology belonging to eTreppid.

### *Montgomery's Responses to eTreppid's Interrogatories*

eTreppid served its First Set of Interrogatories on July 25, 2006. Montgomery has still not provided complete responses to these interrogatories.

Interrogatory No. 3 asks that Montgomery identify all individuals who created or developed the allegedly infringing software at eTreppid. Motngomery did not provide any substantive information in response. Montgomery was eTreppid's CTO, and as such, he was responsible for directing eTreppid's development efforts. His assertion that he is unable to provide any responsive information is simply not credible.

Interrogatory No. 4 asks that Montgomery identify any documents which he alleges infringe upon the copyright at issue. Montgomery insists that he cannot respond without violating the U.S. Protective Order. If this is the case, then, pursuant to that order and the discovery protocols adopted by the Court, Montgomery is obliged to provide a response to counsel for the United States for review prior to providing his response to eTreppid. The U.S. Protective Order does not relieve Montgomery of the obligation to respond to this Interrogatory, it only proscribes the method by which his response is to be reviewed.

Interrogatories Nos. 5 and 6 request that Montgomery identify his damages and the manner in which they will be calculated. You have provided no responsive information. While we recognize that discovery is ongoing, we are at least entitled to discover the manner in which Montgomery asserts that his damages should be calculated, even if precise numbers are not provided.

Tuneen Chisolm, Esq.
February 4, 2008
Page 8



Interrogatories Nos. 7, 8, 9, and 10 ask that Montgomery state all facts supporting his claim of dilution. Montgomery has provided no substantive response to these interrogatories. If, in fact, Montgomery is not aware of any facts which support his claim that his interest in eTreppid was wrongfully diluted, then Montgomery has no good faith basis to assert that claim, and it should be withdrawn. If Montgomery is aware of any facts that support his claim, please identify such facts.

Please advise by Friday, February 8, 2008 as to whether you will be providing any supplemental responses to these discovery requests. If you do not agree to provide such supplemental information, eTreppid will proceed with a motion to compel.

Sincerely,

Jerry M. Snyder

JMS/pdc