UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| DENNIS MONTGOMERY, et al., ) | | 3:06-CV-0056-PMP-VPC |
| ) | | |
| Plaintiff(s), ) | | **MINUTES OF PROCEEDINGS** |
| ) | | |
| vs. ) | | |
| ) | | DATED: February 21, 2008 |
| ETREPPID TECHNOLOGIES, ) et al., ) | | |
| ) | | |
| Defendant(s). ) | | |
| _____) | | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, MAGISTRATE JUDGE
Deputy Clerk:       Lisa Mann         Court Reporter:      FTR
Counsel for Plaintiff(s):   Tuneen Chisolm and Mark Gunderson
Counsel for Defendant(s):   Jerry Snyder and Stephen Peek
Counsel for Interested Party:   Carlotta Wells and Raphael Gomez

PROCEEDINGS: DISCOVERY STATUS CONFERENCE

10:31 a.m.  Court convenes.

The Court initially addresses the parties regarding the plaintiffs' notice of deposition of custodian of records for Ashley Quinn certified public accountants and consultants (#95) filed February 20, 2008 in case number 3:06-CV-0145-PMP-VPC.  The Court explains that discovery documents are not filed with the Clerk of Court and shall be STRICKEN.

The Court recites the chronology of events in this action since the last discovery status conference held on January 23, 2008.

The Court and the parties discuss the United States' notice of filing regarding vendor protocols (#434) filed on February 19, 2008.

IT IS ORDERED that counsel for the plaintiffs and defendants shall have until no later than **Friday, February 29, 2008** to file objections to the United States' notice of filing regarding vendor protocols (#434).  The United States shall then have until **Friday, March 7, 2008** to file its response.

1

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
February 21, 2008

The Court and the parties address eTreppid's motion to compel (#431). The parties present their arguments regarding the facts and merits regarding eTreppid's motion to compel (#431).

Having heard from the parties and good cause appearing, the Court finds as follows:

1) **eTreppid's first request for production of documents ("RFP-1"): Request No. 2:**

   The Montgomery parties shall produce all discoverable non-attorney/client protected documents or documents referred to in preparing responses to interrogatories. If there are documents that were identified in response to Request No. 1 that are also responsive to Request No. 2, the Montgomery parties shall indicate such in their response.

2) **eTreppid's RFP-1: Request Nos. 3, 4, 6, 8, 9, 16, 18, 19, 20, and 22 and eTreppid's second request for production of documents ("RFP-2"): Request Nos. 1, 2, and 3:**

   The parties present their arguments regarding eTreppid's first set of requests for production of documents concerning Request Nos. 3, 4, and 6. The Court notes that the contents of CD No. 1, purportedly attached to the parties' contribution agreement, is critical evidence in this action. Counsel present arguments concerning the extent to which discovery is proper regarding the trade secrets at issue in this proceeding.

11:51 a.m.   Court recesses.

1:15 p.m.   Court reconvenes.

The Court advises that it has reviewed the parties' arguments regarding the disputed discovery requests.

IT IS ORDERED that Dennis Montgomery and Warren Trepp shall each file a declaration, under penalty of perjury, stating that they have diligently reviewed their files in a good faith effort to locate CD No. 1 and have not been able to locate the original CD No. 1, a copy of CD No. 1, or CD No. 1 in printed form or otherwise. Mr. Trepp shall also indicate in his declaration that he has conferred with those individuals at eTreppid who may have had access to the information contained on CD No. 1 and provide any additional information relevant to CD No. 1. These declarations shall be filed no later than **Monday, March 10, 2008**.

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
February 21, 2008

      The Court reviews its understanding of the parties' positions concerning production of trade secret information in discovery.  eTreppid alleges misappropriation of trade secrets, and the Montgomery parties' claim alleges misappropriation of derivative works.  A trade secrets claim first requires proof that a trade secret exists, and, second, that the opposing party has acquired the trade secret by some improper means.  The party alleging that the trade secret exists has the burden of proving its existence.  The contents of CD No. 1 is unknown, which presents a problem for the parties, since it would reveal what Mr. Montgomery contributed to eTreppid, the scope of work he performed during the course of his business relationship with eTreppid, and the extent to which that work is or is not derived from CD No. 1.

      eTreppid contends that whatever is on CD No. 1 is what it received pursuant to the contribution agreement and that during the course of Mr. Montgomery's relationship with eTreppid, he signed various non-compete agreements and also agreed to devote his technical know-how to eTreppid. eTreppid claims that because Mr. Montgomery was eTreppid's chief technical officer and worked daily on the technology that eTreppid was developing, he was in the unique position to fully understand the scope of his work and technology at issue.  eTreppid needs the requested discovery to identify the trade secret, particularly since eTreppid alleges that Mr. Montgomery took virtually all of the technology with him when he left eTreppid in January 2006.

      The Montgomery parties' position is that eTreppid's description of its trade secret is ambiguous and fails to describe the trade secret with particularity.  Notwithstanding that, the Montgomery parties assert that eTreppid is not entitled to get in discovery that which the Court has earlier ordered that eTreppid cannot have; that is, information describing the trade secret.  Moreover, the issue is not what the trade secret is, but ownership of the trade secret.

      The Court must resolve these conflicting positions as they concern the disputed document production requests and directs the parties to file points and authorities on this issue.  The Court invites counsel to attach additional declarations concerning the cost and burden involved in responding to these discovery requests and any other information that will assist the Court in resolving this discovery dispute.

      The parties shall file simultaneous briefs and supporting declarations regarding eTreppid's first set of requests for production of documents, Request Nos. 3, 4, 6, 8, 9, 16, 18, 19, 20, and 22, and eTreppid's second set of requests for production of documents, Request Nos. 1, 2, and 3, no later than **Monday, March 10, 2008**.  Thereafter, the parties shall file simultaneous replies no later than **Friday, March 21, 2008**, by **5:00 p.m. P.S.T.**  Also, to the extent eTreppid's first set of requests for production of documents, Request Nos. 30 and 31, and eTreppid's second set of requests for production of documents, Request Nos. 6, 7, and 24 through 28, implicate the issues that the parties have been asked to brief, they shall also address these requests in their brief to the Court.  The Court advises that it shall hear arguments regarding the balance of the additional issues

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
February 21, 2008

regarding these document requests at this hearing.  The Court shall then have a separate hearing to hear and rule upon these document production requests on **Wednesday, April 2, 2008** at **10:30 a.m.**

    3)    **eTreppid's RFP-1: Request No. 10:**

        The Montgomery parties shall supplement their response to eTreppid's Request No. 10 to state that the only relevant, non-privileged documents sufficient to demonstrate that Mr. Montgomery obtained health insurance through eTreppid are his own K-1's.

    4)    **eTreppid's RFP-1: Request No. 11:**

        The Court agrees that the Montgomery parties' tax returns shall be produced for the years 1998 through 2005.  The Court believes that the protective order in this matter will insure their privacy rights.  Counsel for the Montgomery parties make an oral request to provide redacted tax returns, and this request is denied.  IT IS ORDERED that the Montgomery parties' un-redacted tax returns shall be produced for the years 1998 through 2005.

    5)    **eTreppid's RFP-1: Request Nos. 13 and 14:**

        The Montgomery parties shall produce documents regarding eTreppid's Request Nos. 13 and 14 only as to the entities Mr. Montgomery understood to be controlled by Warren Trepp or to be a Warren Trepp-related entity.

    6)    **eTreppid's RFP-1: Request No. 16:**

        The Montgomery parties will produce documents concerning products and/or research and development and technology limited to marketing documents, business plans, power point presentations, white papers, correspondence, and/or notes of meetings with customers and potential customers.  This does not include source code information or executable versions of software at issue in this action.

    7)    **eTreppid's RFP-1: Request Nos. 18, 19, and 20:**

        Consideration of Request Nos. 18, 19, and 20 are deferred, since they are related to the further briefing as ordered earlier by the Court.

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
February 21, 2008

    8)    **eTreppid's RFP-1: Request Nos. 24 - 28:**

    The Court will allow a limited document production in response to these requests. After this first round of document production requests, eTreppid has leave to propound additional requests for production of documents. Preliminarily, however, the Court directs that the Montgomery parties shall produce, apart from copyrighted documents themselves, any documents related to or connected with, in any fashion, any communications, letters, etc., that relate to the copyright assignments for Computermate, Inc., Barrett Laboratories, 3 Net Systems, Inc., Alternative Technology Resources, Inc., and National Health Care Exchange Services, Inc. With respect to attorney-client privileged documents, to the extent an issue arises with respect to this document production, the Court shall allow the Montgomery parties to reserve the right to interpose appropriate objections.

2:37 p.m.  Court recesses.

2:52 p.m.  Court reconvenes.

    9)    **eTreppid's RFP-1: Request Nos. 30 and 31:**

    The Montgomery parties shall produce the documents regarding eTreppid's Request Nos. 30 and 31.

    10)    **eTreppid's RFP-2: Request Nos. 24, 25, 26, and 27:**

    The Montgomery parties shall produce the documents responsive to Request No. 24. As to Request Nos. 25, 26, and 27, the term "technology," as used in these requests, shall be limited to technology arising out of object detection, data compression, pattern recognition, and anomaly detection.

    11)    **eTreppid's RFP-1: Request Nos. 32 and 33:**

    Request Nos. 32 and 33, have been resolved because they are subsumed in the Court's ruling as it relates to eTreppid's RFP-2, Request Nos. 24 through 27.

    12)    **eTreppid's RFP-2: Request No. 4:**

    The parties agree that to the extent Request No. 4 is part of the briefing the Court has previously ordered, the document production regarding this request shall not be

5

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
February 21, 2008

produced at this time. However, the Court finds that to the extent there are other documents characterized as shop notes, lab notes, and similar memoranda, such documents shall be produced.

13) **eTreppid's RFP-2: Request Nos. 5, 6, and 7:**

Counsel for eTreppid withdraws Request No. 5.

With respect to Request Nos. 6 and 7, the parties agree that counsel for eTreppid will provide, a written proposal to counsel for the Montgomery parties outlining the issues regarding the inventory of hard drives seized by the Federal Bureau of Investigation ("FBI") no later than **Monday, February 25, 2008**. Ms. Chisolm shall then respond, and the parties will attempt to resolve this issue. In the event a dispute remains, a telephonic hearing regarding this issue is set for **Friday, February 29, 2008** at **2:00 p.m.** If the parties resolve this matter, they shall file a stipulation informing the court of the agreement and request that the hearing be vacated.

Request Nos. 6 and 7 also pertain to the computer discs ("CDs") the FBI seized, and the Montgomery parties shall: (1) make a photocopy of the face of each CD seized by the FBI, and (2) produce a copy of every CD the FBI seized, which bears an eTreppid or is understood to be eTreppid-related property and/or work routinely performed by eTreppid.

14) **eTreppid's RFP-2: Request No. 20:**

The Court observes that there are emails that both parties in this litigation want to review. The Court finds that as to this specific request, eTreppid has narrowed the request to emails sent or received by Warren Trepp, Doug Frey, any other manager or employee of eTreppid concerning marketing, management, product development or other eTreppid business matters. The Court directs counsel for the parties to meet and confer with their technical people regarding the maintenance of the document depository concerning the email communication and report to the Court no later than **Friday, February 29, 2008**.

15) **eTreppid's RFP-2: Request Nos. 22 and 23:**

The Court finds that the Montgomery parties shall produce the documents sought by Request Nos. 22 and 23.

6

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
February 21, 2008

      Counsel for eTreppid advises the Court that there are some issues regarding interrogatories. Counsel for the Montgomery parties advises that pursuant to the Court's order concerning discovery disputes, she did not brief the issues regarding interrogatories.  Therefore, the Court indicates that if counsel for the Montgomery parties wish to file points and authorities regarding these outstanding interrogatories, they have leave to do so no later than **Monday, March 10, 2008.** eTreppid shall file a reply no later than **Thursday, March 13, 2008**.  If the disputes regarding interrogatories are resolved, the parties shall file a joint report to so advise the Court.

      As to documents ordered produced at this hearing, the hard copy documents shall be produced no later than **Friday, March 14, 2008**.

      **IT IS SO ORDERED.**

4:52 p.m.  Court adjourns.

                                                          LANCE S. WILSON, CLERK

                                                          By:_____/s/_____
                                                             Lisa Mann, Deputy Clerk