J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone:   (775) 327-3000
Facsimile:    (775) 786-6179
speek@halelane.com; jsnyder@halelane.com;
alang@halelane.com; sbiornstad@halelane.com

Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
Telephone:  (202) 429-3000

Attorneys for eTreppid Technologies, LLC and Warren Trepp

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT COURT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust, | Case No. 3:06-CV-00056-PMP-VPC<br>**Base File** |
| Plaintiff, | 3:06-CV-00145-PMP-VPC |
| vs. | **ETREPPID'S AND WARREN TREPP'S OPPOSITION TO THE MONTGOMERY PARTIES' MOTION FOR ORDER ON SHORTENED TIME STAYING MAGISTRATE JUDGE'S ORDER FILED FEBRUARY 21, 2008** |
| ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA, and DOES 1 through 10, | |
| Defendants. | |
| AND RELATED CASE(S) | |

**ETREPPID'S AND WARREN TREPP'S OPPOSITION TO THE MONTGOMERY PARTIES' MOTION FOR ORDER ON SHORTENED TIME STAYING MAGISTRATE JUDGE'S ORDER FILED FEBRUARY 21, 2008**

eTreppid Technologies, L.L.C., and Warren Trepp, (hereinafter collectively referred to as "eTreppid"), by and through their counsel, Hale Lane Peek Dennison and Howard, hereby submit their

::ODMA\PCDOCS\HLRNODOCS\725064\1         Page 1of 8

Opposition to Dennis Montgomery and the Montgomery Family Trust's (collectively "Montgomery") Motion for Order on Shortened Time Staying Magistrate Judge's Order Filed February 21, 2008 ("Motion to Stay Discovery"). This Opposition is supported by the following Memorandum of Points and Authorities and all pleadings and papers filed herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Introduction.

Despite the fact that this case has been pending for over two years now, the parties have made very little progress by way of discovery. Montgomery, in particular, has produced only a handful of documents in this litigation. The present Motion to Stay Discovery, if granted, will only serve to further disrupt an already protracted discovery process. Indeed, Montgomery seeks to stay the production of particular categories of documents pending a ruling on his "Objections to, Request for Reconsideration of Motion to Modify Magistrate Judge's Order" ("Motion for Reconsideration"). Montgomery, however, provides no adequate basis on which to further delay the discovery process. In particular, Montgomery's Motion for Stay should be denied as moot because the Court will not have an opportunity to rule on the Motion for Reconsideration until the deadline for producing the documents has passed. Furthermore, Montgomery's Motion for Reconsideration provides no basis on which to further delay discovery because it is deficient and will likely be denied. For all of the foregoing reasons, Montgomery's Motion to Stay Discovery should be denied.

### II.  Brief Factual and Procedural Backround.

On February 21, 2008, Magistrate Cooke entered an order granting, in part, eTreppid's motion to compel production of documents (the February 21, 2008 Order is referred to hereinafter as the "February 21 Order"). *See* Order dated February 21, 2008. The February 21 Order was entered by the Court after extensive efforts between the parties to meet and confer, and after the Court had reviewed the briefs submitted by the parties and entertained nearly a full day of oral argument from counsel regarding eTreppid's discovery requests. *See* eTreppid's Motion to Compel dated February 15, 2008; *see also* February 21 Order. In the February 21 Order, Montgomery was ordered to produce certain documents responsive to a number of document requests propounded by eTreppid. *See id.* Pursuant to the February 21 Order, the deadline to produce responsive documents is March 14, 2008, the date of

the filing of this Opposition. *See id.*

Rather than complying in good faith with this Court's February 21 Order, Montgomery filed a Motion for Reconsideration on March 6, 2008. *See* Motion for Reconsideration, dated March 6, 2008. Montgomery's Motion for Reconsideration claims that the February 21 Order was clearly erroneous with respect to ordering the production of certain categories of documents. *See id.* In particular, Montgomery objects to the production of unredacted tax returns, copies of CDs that belong to eTreppid, and documents concerning Montgomery's attempt to misappropriate eTreppid's software by communicating and contracting with third parties who have been named in this action. *See id.* at 1-2.

Notably, Montgomery's Motion for Reconsideration was filed on March 6, 2008, two weeks after the February 21 Order was entered, and approximately one week before the March 14, 2008 deadline in which to produce the documents encompassed within the February 21 Order. *See* Motion for Reconsideration; *see also* February 21 Order. On March 10, 2008, only four days prior to the deadline to produce the documents, Montgomery filed the present Motion to Stay Discovery and requested that it be decided on shortened time. *See* Motion. On March 11, 2008, this Court entered an Order *denying* Montgomery's request that the Motion for Stay be heard on shortened time. *See* Minute Order, dated March 11, 2008.

As it stands, Montgomery has been ordered to produce hard copies of all documents encompassed within the February 21 Order by March 14, 2008. *See* February 21 Order. Accordingly, Montgomery's underlying Motion for Reconsideration and the present Motion for Stay are moot to the extent they seek to avoid production of such documents. Furthermore, Montgomery's Motion for Reconsideration raises no new arguments, but merely rehashes the same arguments that were made by Montgomery's counsel in the discovery status conference held on February 21, 2008. *See* Transcript of Discovery Status, dated February 21, 2008. For these reasons and the reasons more fully discussed below, Montgomery's Motion for Stay should be denied.

**III.    Legal Argument.**

    A.    <u>Montgomery's Motion to Stay Discovery Should Be Denied as Moot.</u>

Montgomery contends that the Court should stay the February 21 Order with respect to certain categories of documents that he has been ordered to produce. *See* Motion, at 2-3 (outlining the

particular documents to which Montgomery objects to producing). However, Montgomery *admits* that unless the Motion for Stay is granted *prior* to the March 14, 2008 deadline to produce the documents, "the Montgomery Parties would be effectively denied the opportunity to seek reconsideration of the Magistrate's Order .…" *See id.* at 4. This is so because Montgomery is *required by order of this Court* to produce the responsive documents prior to the March 14, 2008 deadline. It follows that eTreppid will receive Montgomery's responsive documents before *this* Court decides the present Motion to Stay Discovery or the underlying Motion for Reconsideration. Accordingly, Montgomery's Motion for Stay *and* Motion for Reconsideration are moot, and both motions should be denied on this basis alone.

Importantly, Montgomery's failure to file his Motion for Stay (or his Motion for Reconsideration) in a timely manner has effectively rendered both Motions procedurally defective. It makes little sense, therefore, that Montgomery be permitted to use his untimely Motion for Reconsideration as a basis on which to stay the February 21 Order. Additionally, Montgomery's Motion for Stay is moot to the extent it seeks to preclude the production of documents that will be produced *before* the Court decides the present Motion, and should be denied on this basis alone.

Montgomery has plainly been ordered to produce hard copies of all responsive documents by March 14, 2008. It follows that if he fails to produce *all* documents encompassed within the February 21 Order by the March 14, 2008 deadline, both Montgomery and his counsel will be in violation of the Court's Order. This Court should not permit Montgomery to use his pending Motion for Reconsideration or the present Motion for Stay as a basis on which to withhold documents.

Here, Montgomery was dilatory in filing his Motion for Reconsideration and Motion to Stay Discovery. In a last-ditch effort, he attempted to have his Motion to Stay Discovery heard on shortened time – a request this Court flatly denied. This Court should not allow Montgomery to avoid his plain obligation to comply with the February 21 Order merely because of his pending motions. Accordingly, should Montgomery be found to have withheld *any documents* encompassed with the February 21 Order by failing to produce the documents by the March 14, 2008 deadline, both he and his counsel will plainly violate the Court's Order.

///

B. <u>Montgomery Should Not Be Permitted to Delay Discovery Based on His Motion for Reconsideration.</u>

Montgomery's Motion for Stay is only one of many efforts Montgomery has made to avoid producing documents in this matter. Indeed, eTreppid's attempts to conduct discovery have seemingly been thwarted at every turn, and Montgomery has produced only a handful of documents in this litigation. *See*, *e.g.*, eTreppid's Motion to Compel, dated February 15, 2008, at 4 (indicating that in this litigation Montgomery has produced approximately 400 documents, most of which consist of publicly available documents such as court pleadings and papers and incomplete copyright certificates). The present Motion is merely a litigation tactic being employed by Montgomery in an overall effort to ensure that eTreppid receives as little discoverable information as possible.

This Court should not delay the production of documents, as Montgomery's underlying Motion for Reconsideration is deficient and will likely be denied. Montgomery has had ample time in which to object to and oppose the document requests encompassed by the February 21 Order. He cannot now be permitted to "undo" the February 21 Order after the fact, and with no basis on which to do so. Even a cursory review of the Discovery Status Conference transcript reveals that the Court's decision was not clearly erroneous, but was based on briefing by the parties, substantial oral argument, and consideration of eTreppid's specific requests for documents. *See* Transcript of Discovery Status, dated February 21, 2008. As it stands, Montgomery's Motion for Stay is moot because he *must* produce *all* responsive documents by the March 14, 2008 deadline and cannot use the present Motion as a basis to avoid his discovery obligations. The Court should not permit Montgomery to delay his production of documents based on the underlying Motion for Reconsideration and his Motion to Stay Discovery should, therefore, be denied.

///

///

///

///

///

///

**IV.  Conclusion.**

For all of the foregoing reasons, eTreppid respectfully requests that Montgomery's Motion for Order staying the Magistrate Judge's Order entered February 21, 2008 be denied.

Dated:  March 14, 2008.

/s/
J. Stephen Peek, Esq.  (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone:  (775) 327-3000
Facsimile:   (775) 786-6179

Reid H. Weingarten, Esq. (D.C. Bar #365893)
Brian M. Heberlig, Esq. (D.C. Bar #455381)
Robert A. Ayers, Esq. (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone:  (202) 429-3000
Facsimile:   (202) 429-3902

*Attorneys for Plaintiff and Cross-Defendant eTreppid Technologies, L.L.C. and Cross-Defendant Warren Trepp*

**PROOF OF SERVICE**

I, Cynthia L. Kelb, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard. My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511**. I am over the age of 18 years and not a party to this action. I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On March 14, 2008, I caused the foregoing **ETREPPID'S AND TREPP'S OPPOSITION TO THE MONTGOMERY PARTIES' MOTION FOR ORDER ON SHORTENED TIME STAYING MAGISTRATE JUDGE'S ORDER FILED FEBRUARY 21, 2008** to be:

__X__   filed electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

*Fax No. 775/829-1226*
mgunderson@gundersonlaw.com
Mark H. Gunderson, Ltd.
Mark H. Gunderson, Esq.
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511

*Fax 310/500-3501*
Tpham@linerlaw.com; dklar@linerlaw.com;
rlapine@linerlaw.com
Teri T. Pham, Esq.
Deborah A. Klar, Esq.
Ryan M. Lapine, Esq.
Tuneen Chisolm, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

*Fax No. 202/616-8470*
Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC 20044

*Fax No. 784-5181*
Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV 89501

*Fax 202/616-8470*
Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, D.C. 20044

*Fax No. 775-823-2929*
bpeck@lrlaw.com
Bridget Robb Peck, Esq.
Lewis and Roca, LLP
50 W. Liberty Street, Ste. 410
Reno, Nevada 89501

*Fax No. 206-903-8820*
park.brian@dorsey.com;
stewart.douglas@dorsey.com;
trotta.nicole@dorsey.com;
Crowley.robert@dorsey.com;

::ODMA\PCDOCS\HLRNODOCS\725064\1     Page 7of 8

Brian Park, Esq.
Douglas Stewart, Esq.
Nicole Trotta, Esq.
Robert Crowley, Esq.
Dorsey & Whitney, LLP
1420 Fifth Ave., Ste. 3400
Seattle, Washington 98101

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on March 14, 2008.

_/s/_____
Cynthia L. Kelb

**Hale Lane Peek Dennison and Howard**
**5441 Kietzke Lane, Second Floor**
**Reno, Nevada 89511**