UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, et al., ) | 3:06-CV-0056-PMP-VPC |
| ) | |
| Plaintiff(s), ) | **MINUTES OF PROCEEDINGS** |
| ) | |
| vs. ) | |
| ) | DATED:  March 17, 2008 |
| ETREPPID TECHNOLOGIES, ) | |
| et al., ) | |
| ) | |
| Defendant(s). ) | |
| _____ ) | |

PRESENT:    THE HONORABLE VALERIE P. COOKE, MAGISTRATE JUDGE
Deputy Clerk:         Lisa Mann          Court Reporter:      Kathryn M. French
Counsel for Plaintiff(s):    Deborah Klar, Mark Gunderson, and (Telephonically) Tuneen Chisolm
Counsel for Defendant(s): Jerry Snyder and Stephen Peek
Counsel for Interested Party:   Raphael Gomez and (Telephonically) Carlotta Wells

PROCEEDINGS: DISCOVERY STATUS CONFERENCE

9:04 a.m.  Court convenes.

The Court recites the chronology of events in this action since the last discovery status conference held on February 21, 2008, and hears from parties regarding the pending issues.

The Court notes that the Montgomery parties filed a motion styled as an objection to, and request for reconsideration of, Magistrate Judge's order of February 21, 2007 (#460).  The Court inquires of Ms. Klar whether the Montgomery parties intend the District Court to consider the objection pursuant to L.R. IB 3-1, or whether they are seeking this Court's reconsideration of that order.  Ms. Klar advises that her clients seek the District Court's review, and the Court notes that the motion will be submitted to the District Court.

Counsel for the defendants advise the Court that the neutral expert to be used in this matter shall be designated no later than **Friday, March 21, 2008**.

Counsel for the Montgomery parties advise the Court that the forensic copies of the hard drives as ordered at the February 29, 2008 discovery status conference (#458) is proceeding on track to be completed as ordered no later than **Friday, March 28, 2008**.

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
March 17, 2008
Page 2

    On March 12, 2008, the Montgomery parties filed a status report (#474).

    The Court and the parties discuss the outstanding discovery issues as stated in the Montgomery parties' status report (#474).

    Having discussed with counsel the outstanding discovery issues stated in the Montgomery parties' status report (#474), the Court advises that this hearing shall be recessed to allow counsel to meet and confer regarding the following:

    1)    The inspection of the eTreppid records by Deloitte & Touche is scheduled for March 18-21, 2008, and a date must be scheduled for the production of documents from the eTreppid's accounting firm, Ashley Quinn. The Montgomery parties' counsel provides to the government's counsel, in open court names of the individuals from Deloitte & Touche who will inspect eTreppid records so they may be cleared as provided in the proposed protocols for third party vendors. The parties shall determine when the Montgomery parties shall thereafter supplement their responses to Interrogatory Nos. 3, 7, and 9.

    2)    Counsel for the parties and the United States shall discuss the issues raised by the government's counsel regarding vendor protocols as they pertain to the neutral expert and the upcoming inspection of the eTreppid records by Deloitte & Touche.

9:52 a.m.  Court recesses.

11:17 a.m.  Court reconvenes.

    Counsel for the Montgomery parties report to the Court that an agreement has been reached with respect to the Ashley Quinn document production. That document production shall take place no later than **Friday, March 21, 2008**. Counsel further advises that the inspection of the eTreppid documents will commence on Tuesday, March 18, 2008 and shall proceed through Friday, March 21, 2008. Thereafter, the Montgomery parties will supplement their responses to eTreppid's Interrogatory Nos. 3, 7, and 9 no later than **Friday, April 11, 2008**.

    The Court and the parties discuss the eTreppid parties' status report (#475). The Court confirms with counsel all issues outlined in the report have been addresses with the exception of the Montgomery parties' answer to eTreppid's Interrogatory No. 4.

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
March 17, 2008
Page 3

  The Court and counsel discuss the Montgomery parties' answer to eTreppid's Interrogatory No. 4.  Mr. Snyder proposes a modification to Interrogatory No. 4 to more specifically identify the information the eTreppid parties seek.  Ms. Chisolm advises the Court that she will have to confer with Mr. Montgomery before agreeing to the proposed modification.  Therefore, the Court directs Ms. Chislom to contact Mr. Montgomery during the noon recess so that this issue can be resolved today.

  Mr. Gomez, counsel for the government, advises the Court of the following:

1) That prior to the inspection of the eTreppid documents, he will need to obtain signed acknowledgments from the three Deloitte & Touche employees who will be conducting the inspection, to confirm that they agree to abide by the proposed protocols;

2) The Montgomery parties agree to proceed under the proposed protocols without waiving their potential objections, which shall be filed on March 21, 2008;

3) Mr. Gomez confirms the procedure for copies of documents produced;

4) Mr. Gomez advises that the vendor protocols shall be resolved and in place prior to the neutral expert conducting his or her work in this action; and

5) Mr. Gomez advises that if the Montgomery parties intend to hold a records deposition, as opposed to a document production for Ashley Quinn, the government wishes to be present at the deposition of such individual.

  The Court directs Ms. Chisolm to contact Mr. Montgomery over the noon recess regarding the eTreppid parties proposed revision of Interrogatory No. 4 and that court shall be in recess until 1:30 p.m.

12:06 p.m.  Court recesses.

1:37 p.m.  Court reconvenes.

  The Court and counsel discuss the issue regarding eTreppid's Interrogatory No. 4.

  Having heard from the parties and good cause appearing, IT IS ORDERED that the Montgomery parties shall answer the eTreppid parties' Interrogatory No. 4, as originally propounded, by no later than **Friday, March 28, 2008**.

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
March 17, 2008
Page 4

      Ms. Klar addresses the Court regarding the Montgomery parties' concerns about the chain of custody pertaining to the property seized and returned by the Federal Bureau of Investigation ("FBI") in the search warrant proceeding.  Ms. Klar states that some items of property seized were not returned, that clones, as opposed to the originals of some property, were returned, and that more property than was seized was returned.

      The Court directs that if the Montgomery parties intend to file a motion concerning the returned property, they shall do so no later than **Monday, April 7, 2008**.

      Ms. Chisolm advises the Court that during the break she and Mr. Synder conferred and agree that the Montgomery parties shall provide supplemental responses to the following interrogatories propounded by the eTreppid parties:

      1)     Interrogatory No. 3 (First Set);
      2)     Amended Interrogatory No. 1 (Second Set); and
      3)     Interrogatory Nos. 7 and 11 (Second Set).

      The parties agree that the supplemental responses to these interrogatories shall be provided no later than **Friday, March 28, 2008**.

      Mr. Gomez, counsel for the government, requests that when counsel for the parties schedule document productions, inspections of records, or any other discovery that implicates the United States protective order and proposed protocols, that they provide adequate advance notice to the government so that individuals can receive clearance.  The Court admonishes counsel for the parties to promptly communicate with government counsel on such matters in the future to avoid unnecessary delays in this proceeding.

      Mr. Peek, counsel for the eTreppid parties, asks for clarification concerning whether there is a stay of this Court's February 21, 2008 order as a result of the Montgomery parties' objection (#460).  The Court advises that no stay of that order is in effect, and if the Montgomery parties intend to seek a stay, that motion should be made to the District Court.

      **IT IS SO ORDERED.**

2:19 p.m.  Court adjourns.

                                                                              LANCE S. WILSON, CLERK
                                                                              By:_____/s/_____
                                                                               Lisa Mann, Deputy Clerk