J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone:   (775) 327-3000
Facsimile:    (775) 786-6179
speek@halelane.com; jsnyder@halelane.com;
alang@halelane.com

Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
Telephone:  (202) 429-3000

Attorneys for eTreppid Technologies, LLC and Warren Trepp

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT COURT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust,<br><br>                         Plaintiff,<br><br>     vs.<br><br>ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA, and DOES 1 through 10,<br><br>                         Defendants<br>_____/<br>AND RELATED CASE(S)<br>_____/ | Case No. 3:06-CV-00056-PMP-VPC<br>**Base File**<br><br>3:06-CV-00145-PMP-VPC<br><br>**ETREPPID TECHNOLOGIES, L.L.C. AND WARREN TREPP'S MOTION FOR SANCTIONS** |

eTreppid Technologies, L.L.C. and Warren Trepp (hereinafter collectively referred to as "eTreppid"), by and through their counsel Hale Lane Peek Dennison and Howard, hereby submit their Motion for Sanctions.

This Motion is supported by the following Points and Authorities.

1

::ODMA\PCDOCS\HLRNODOCS\726579\2

**POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

On February 21, 2008, after hearing several hours of argument on eTreppid's February 15, 2008 Motion to Compel and Montgomery's Opposition thereto, this Court ordered that Montgomery produce a number of documents requested in eTreppid's First and Second sets of Requests for Production of Documents. For example, this Court ordered that Montgomery provide:

- All of Montgomery's tax returns for 1998 through 2005.

- All documents relating to loans made by Trepp, or any entity that Montgomery understood to be controlled by Trepp, to Montgomery.

- Documents relating to eTreppid's technology, including white papers, power point presentations marketing documents, and correspondence with potential customers.

- Documents relating to any attempt by Montgomery to license, sell, or distribute any technology in the fields of data compression, pattern recognition, object tracking, or anomaly detection, between January 18, 2006 (when Montgomery was terminated from eTreppid) and the present.

- Documents that Montgomery provided to the Wall Street Journal, as well as any other reporters or media organizations, discussing or referring to Trepp, eTreppid, or Jim Gibbons.

- Photocopies of the faces of all CDs seized during the FBI's March, 2006 search of Montgomery's home and storage units.

- Where any CD seized by the FBI is marked as an eTreppid CD, a copy of the CD.

This Court ordered that Montgomery produce the subject documents on or before March 14, 2008. On March 6, 2008, Montgomery filed his Objection to the Magistrate Judge's February 21, 2008 Order. However, Montgomery did not obtain a stay of that Order prior to the March 14 date by which production was required. On March 19, 2008, this Court entered an order affirming the Magistrate's February 21, 2008 Order.

On March 14, 2008, Montgomery provided documents numbered DM 888 through DM 906. A true and correct copy of the letter enclosing these documents is attached hereto as **Exhibit 1.** These

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

documents included two letters purporting to transfer an interest in certain copyrights to Montgomery and photocopies of the faces of 31 CDs. On March 17, after receiving this inadequate document production, counsel for eTreppid enquired as to whether Montgomery intended to produce any further documents at the present time. Counsel for Montgomery indicated that Montgomery would not be producing additional documents. A true and correct copy of a letter confirming this conversation is attached hereto as **Exhibit 2.** In a subsequent email message, Montgomery's counsel has suggested that, in fact, it may provide additional documents. However, counsel has refused to identify what additional documents are to be produced or when such production will be made. A true and correct copy of an eMail in which Montgomery's counsel declines to provide such information is attached hereto as **Exhibit 3.**

By failing to provide documents that he was ordered to produce, Montgomery has willfully, and without excuse, disregarded this Court's February 21, 2008 Order. Montgomery's refusal to comply with this Court's order by providing the subject information is nothing more than yet another blatant attempt to avoid a resolution of this matter on the merits. There is no basis or justification for Montgomery's refusal to provide the information in a timely manner. Accordingly, eTreppid respectfully requests that this Court sanction Montgomery for this non-compliance.

**II.     ARGUMENT**

**A.     Montgomery Should Be Sanctioned For Willfully Failing to Provide Court-Ordered Discovery**

Fed. R. Civ. P. 37(b) provides that "if a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery. . . the court where the action is pending may issue further just orders." These further orders may include "prohibiting the disobedient party from supporting or opposing designated claims or defenses," or "striking pleadings in whole or part." Fed. R. Civ. P. 37(b)(2)(ii) and (iii). In addition, the Court may order that "the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure."

Here, Montgomery has refused to provide all but a handful of the documents that he is required to provide pursuant to this Court's February 21, 2008 Order. Montgomery has been unable to state

3

::ODMA\PCDOCS\HLRNODOCS\726579\2

whether or when he will provide documents in compliance with that Order. Montgomery has not offered any excuse for his refusal to comply with this order. Accordingly, eTreppid respectfully requests that this Court impose sanctions as allowed under Fed. R. Civ. P. 37.

### B. Montgomery's Complaint and His Answer to eTreppid's Counterclaim Should Be Stricken

The Ninth Circuit has held that terminating sanctions may be appropriate where a party has acted with "willfulness, bad faith, and fault" in failing to comply with a court order requiring discovery. *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). In determining whether terminating sanctions are appropriate, the Court should consider five factors:

- The public's interest in expeditious resolution of litigation;
- The court's need to manage its dockets;
- The risk of prejudice to the party seeking sanctions;
- The public policy favoring disposition of cases on their merits; and
- The availability of less drastic sanctions.

*Id.*

In the present case, these factors strongly militate in favor of the imposition of terminating sanctions. This case was initiated in January 2006. Since that time, Montgomery has provided virtually no meaningful discovery responses and has provided only a small handful of non-public documents. Even though the discovery stay was lifted in November 2007, Montgomery still has not produced any of the key documents in this case, including the text of the software that he claims to have copyrighted. Given this background of deliberate delay in the discovery process, Montgomery's outright refusal to comply with this Court's order of February 21, 2008 is clearly just one more attempt to delay the expeditious resolution of this litigation.

The second factor also militated in favor of imposing terminating sanctions on Montgomery. This Court has devoted a tremendous amount of time to this case already. Indeed, Magistrate Cooke has held monthly status conferences to encourage the expeditious resolution of discovery disputes. The February 21, 2008 order requiring Montgomery to produce documents in response to eTreppid's

discovery demands was issued as a result of one such status conference. By willfully disregarding that order, Montgomery has demonstrated a certain contempt for the effort that this Court is devoting to the management of this case. Thus, Montgomery's refusal to comply with this Court's February 21, 2008 order undermines this Court's ability to manage its docket.

Montgomery's refusal to provide the requested documents causes significant prejudice to eTreppid. Montgomery has simply failed to provide virtually any documents which relate to his and eTreppid's respective claims and defenses. Even though the discovery cut-off in this matter is rapidly approaching, eTreppid has been utterly unable to evaluate the extent to which documents in Montgomery possession, custody, and control relate to the facts at issue in this case. eTreppid has been unable to prepare to depose relevant witnesses because Montgomery has refused to provide documents needed to prepare for such depositions. In particular, eTreppid has been unable to thoroughly evaluate the following issues because Montgomery has refused to provide the ordered discovery:

- eTreppid has been unable to evaluate Montgomery's assertion that he was not an employee of eTreppid because Montgomery has not provided tax returns which may shed light on this issue.
- eTreppid has been unable to conduct discovery as to its claim for misappropriation of trade secret because Montgomery has refused to provide documents evidencing his communications with his current employers, which may very well support eTreppid's claims.
- eTreppid has been unable to evaluate Montgomery's claim that he owns the technology at issue because Montgomery has refused to provide not only the source code for the subject technology, but he has also failed to provide any other documents in his possession which may describe the subject technology.

The fourth factor, the policy of deciding cases on their merits, likewise militates in favor of the imposition of terminating sanctions. Montgomery's refusal to meaningfully participate in the discovery process has made a resolution of this case on the merits virtually impossible. As set forth above, Montgomery continues to refuse to provide information that is absolutely necessary to the

5

::ODMA\PCDOCS\HLRNODOCS\726579\2

ultimate trial of this matter.

Finally, there is no reason to think that a less drastic sanction will have any real effect. Montgomery has simply refused to comply with this Court's discovery orders. As a result of that refusal, eTreppid's ability to prepare this case for trial has been significantly hampered. Accordingly, eTreppid respectfully submits that Montgomery's complaint in this matter, as well as his answer to eTreppid's counterclaims, should be stricken and a default judgment should be entered against Montgomery.

**C.     The Court Should Order that Montgomery is Precluded From Asserting Any Claims Where He Has Refused to Provide Discovery Relevant to Those Claims**

In the event that this court determines that terminating sanctions are not appropriate, this Court may still enter an order prohibiting Montgomery from supporting or opposing designated claims or defenses. Given the nature of the documents that Montgomery has refused to provide, eTreppid submits that Montgomery should be precluded from making the following assertions:

- Because Montgomery has refused to provide documents showing any negotiations with any third party (including Blixseth, Opspring, Sandoval, and AziMyth) for the sale, license, or other transfer of technology in the fields of data compression, pattern recognition, object tracking, and anomaly detection, this Court should conclude that Montgomery, has violated the preliminary injunction by transferring an interest in eTreppid's technology to a third party.

- Because Montgomery has failed to provide tax records which may shed light on his employment status, this court should conclude that Montgomery has admitted to being an employee of eTreppid from 1998 forward, and the jury should be so instructed at trial.

- Because Montgomery has failed to provide any documents describing the subject technology (such as white papers, marketing materials, etc.) this court should order that Montgomery is precluded from asserting that he owns the subject technology.

6

::ODMA\PCDOCS\HLRNODOCS\726579\2

### D. At a Minimum, eTreppid is Entitled to Monetary Sanctions

Finally, even if this Court concludes that eTreppid is not entitled to issue sanctions or terminating sanctions, this Court should, at a minimum, award eTreppid monetary sanctions arising from Montgomery's failure to comply with this Court's February 21, 2008 order.  At a minimum these sanctions should be sufficient to compensate eTreppid for the cost of bringing the present motion for sanctions.  Because eTreppid is not aware of what those costs will be (because they include fees associated with drafting a reply brief and attending any hearing on this matter), eTreppid submits that, in the event that the Court orders Montgomery to pay monetary sanctions, the amount of such sanctions should be determined following any hearing on the present motion for sanctions.

### III. CONCLUSION

For the reasons set forth above, eTreppid respectfully submits that this Court grant the present motion.  .

Dated:  March 19, 2008.

        /s/
J. Stephen Peek, Esq.  (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone:  (775)  327-3000
Facsimile:  (775)  786-6179

-and-

Reid H. Weingarten, Esq. (D.C. Bar #365893)
Brian M. Heberlig, Esq. (D.C. Bar #455381)
Robert A. Ayers, Esq. (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone:  (202) 429-3000
Facsimile:  (202) 429-3902

*Attorneys for Plaintiff and Cross-Defendant eTreppid Technologies, L.L.C. and Cross-Defendant Warren Trepp*

::ODMA\PCDOCS\HLRNODOCS\726579\2

# PROOF OF SERVICE

I, Cynthia L. Kelb, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard. My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511**. I am over the age of 18 years and not a party to this action. I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On March 19, 2008, I caused the foregoing **ETREPPID TECHNOLOGIES, L.L.C. AND WARREN TREPP'S MOTION FOR SANCTIONS** to be:

  X    filed the document electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

*Fax No. 775/829-1226*
mgunderson@gundersonlaw.com
Mark H. Gunderson, Ltd.
Mark H. Gunderson, Esq.
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511

*Fax 310/500-3501*
Tpham@linerlaw.com; dklar@linerlaw.com; rlapine@linerlaw.com
Teri T. Pham, Esq.
Deborah A. Klar, Esq.
Ryan M. Lapine, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

*Fax No. 202/616-8470*
Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC 20044

*Fax No. 784-5181*
Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV 89501

*Fax 202/616-8470*
Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, D.C. 20044

*Fax No. 775-823-2929*
bpeck@lrlaw.com
Bridget Robb Peck, Esq.
Lewis and Roca, LLP
50 W. Liberty Street, Ste. 410
Reno, Nevada 89501

*Fax No. 206-903-8820*
park.brian@dorsey.com;
stewart.douglas@dorsey.com;
trotta.nicole@dorsey.com;
Crowley.robert@dorsey.com;
Brian Park, Esq.
Douglas Stewart, Esq.

8

::ODMA\PCDOCS\HLRNODOCS\726579\2

Nicole Trotta, Esq.
Robert Crowley, Esq.
Dorsey & Whitney, LLP
1420 Fifth Ave., Ste. 3400
Seattle, Washington 98101

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on March 19, 2008.

                                         _/s/_____
                                          Cynthia L. Kelb

**Hale Lane Peek Dennison and Howard**
**5441 Kietzke Lane, Second Floor**
**Reno, Nevada 89511**

::ODMA\PCDOCS\HLRNODOCS\726579\2

# EXHIBIT "1"

# EXHIBIT "1"

**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**
1100 Glendon Avenue | 14th Floor | Los Angeles, CA 90024.3503
t. 310.500.3500 | f. 310.500.3501

TUNEEN E. CHISOLM
tchisolm@linerlaw.com
Direct Dial: 310-500-3499



March 14, 2008

<u>U.S. MAIL</u>

Jerry M. Snyder
Hale Lane Peek Dennison & Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

    Re:    *Montgomery v. eTreppid* – Case No. 3:06-CV-00056 and consolidated matters

Dear Jerry:

    Enclosed are documents (Bates numbered DM 000000888 - 000000906), which are being produced by the Montgomery Parties in connection with the above-referenced matter. Documents Bates numbered DM 000000890- 000000906 are designated "Confidential" pursuant to the Protective Order filed on September 11, 2007, and should be treated accordingly.

                      Sincerely,

                      LINER YANKELEVITZ
                      SUNSHINE & REGENSTREIF LLP

          By   */s/ Tuneen E. Chisolm/cd*
                  Tuneen E. Chisolm

TEC:cd

cc:    Deborah Klar, Esq.
       Peter Bransten, Esq.
       Carlotta P. Wells, Esq.
       Raphael O. Gomez, Esq.
       Greg Addington, AUSA

**EXHIBIT "2"**

**EXHIBIT "2"**



## HALE LANE
### ATTORNEYS AT LAW

5441 Kietzke Lane | Second Floor | Reno, Nevada 89511
Telephone (775) 327-3000 | Facsimile (775) 786-6179
www.halelane.com

**JERRY M. SNYDER**

jsnyder@halelane.com
Direct: (775) 327-3017

March 18, 2008

*<u>Via eMail and Regular Mail</u>*
Tuneen Chisolm, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

  Re: eTreppid Technologies and Warren Trepp adv. Montgomery, et al.
     Our File No.: 20801-0002

Dear Ms. Chisolm:

  This will confirm our conversation yesterday regarding Montgomery's production of documents in compliance with the Court's order of February 21, 2008. You have provided a handful of documents, numbered DM 888-906. You stated yesterday that Montgomery did not intend at this time to provide any further documents.

                 Sincerely,

                 Jerry M. Snyder

JMS/ck

---

**HALE LANE PEEK DENNISON AND HOWARD**
LAS VEGAS OFFICE: 3930 Howard Hughes Parkway | Fourth Floor | Las Vegas, Nevada 89169 | Phone (702) 222-2500 | Facsimile (702) 365-6940
CARSON CITY OFFICE: 777 East William Street | Suite 200 | Carson City, Nevada 89701 | Phone (775) 684-6000 | Facsimile (775) 684-6001

::ODMA\PCDOCS\HLRNODOCS\718071\1

**EXHIBIT "3"**

**EXHIBIT "3"**

### Jerry Snyder

| | |
|---|---|
| **From:** | Tuneen E. Chisolm [TCHISOLM@linerlaw.com] |
| **Sent:** | Tuesday, March 18, 2008 3:41 PM |
| **To:** | Jerry Snyder |
| **Cc:** | Deborah A. Klar; Criss Draper |
| **Subject:** | RE: Letter from Jerry Snyder |

Jerry: Per my advisement earlier, I had hoped to provide the information you requested below by close of business today, but cannot, as Deborah is in arbitration all day and thus unavailable.

Regarding any documents provided to the media, there are no hard copy documents that we know of so that production has to await the electronic protocols.

I will let you know about anything else as soon as possible. If you reply to this email, please reply to all. Thanks.

---

**From:** Jerry Snyder [mailto:JSnyder@halelane.com]
**Sent:** Tuesday, March 18, 2008 12:05 PM
**To:** Tuneen E. Chisolm
**Subject:** RE: Letter from Jerry Snyder

Please advise as to (1) what Montgomery intends to produce, and (2) when will it be produced.

If you do not confirm, by the close of business today, that Montgomery will provide all documents that he was ordered, on February 21, 2008 order, to produce on or March 14, 2008, then eTreppid will proceed with a motion seeking sanctions for Montgomery's failure to comply with that order.

---

**From:** Tuneen E. Chisolm [mailto:TCHISOLM@linerlaw.com]
**Sent:** Tuesday, March 18, 2008 11:56 AM
**To:** Jerry Snyder
**Cc:** Cynde Kelb; Deborah A. Klar; Criss Draper; Peter Bransten
**Subject:** RE: Letter from Jerry Snyder

Jerry:

I send this email in response to your letter sent today, purporting to confirm our telephone conversation yesterday afternoon. You are not correct. You asked whether there was another package of documents on the way, and I told you there was not. I DID NOT say that no further production is intended.

Tuneen E. Chisolm, Esq.
**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3503
main: 310.500.3500
dir: 310.500.3499
fax: 310.500.3501
dir fax: (800) 517-0819
tchisolm@linerlaw.com
www.linerlaw.com

Notice of Privilege/Confidentiality Privileged and Confidential information may be contained in this message. If you are not

3/19/2008

the addressee indicated in this message (or Responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure: To ensure compliance with Treasury Department Regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

---

**From:** Cynde Kelb [mailto:ckelb@halelane.com]
**Sent:** Tuesday, March 18, 2008 11:24 AM
**To:** Tuneen E. Chisolm
**Subject:** Letter from Jerry Snyder

Please find attached a letter from Jerry Snyder dated March 18, 2008.

<<Letter to Tuneen Chisolm dated 3-18-08.pdf>>

**Cynde Kelb**
Legal Assistant to Jerry Snyder, Esq. and Rob Smith, Esq.
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Direct Dial (775) 327-3051
ckelb@halelane.com

Visit our web site at: www.halelane.com
**PERSONAL AND CONFIDENTIAL:** This message originates from the law firm of Hale Lane Peek Dennison and Howard. This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure. This message and any file(s) or attachment(s) transmitted with it are transmitted based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express only the view of the sender and are not attributable to Hale Lane Peek Dennison and Howard.

```
CONFIDENTIAL: This message and any attachment(s) are confidential, intended only
for the named recipient, and may be privileged. Any disclosure, distribution or
use of this information by anyone other than the intended recipient is strictly proh
If you receive this message in error, please advise the sender by immediate reply an
delete the original message.

IRS DISCLOSURE: This message and any attachment(s) are not intended to, and cannot,
be used for purposes of avoiding penalties imposed under the Internal Revenue Code o
promoting, marketing or recommending to another person any tax-related matter addres
herein.


CONFIDENTIAL: This message and any attachment(s) are confidential, intended only
for the named recipient, and may be privileged. Any disclosure, distribution or
use of this information by anyone other than the intended recipient is strictly proh
```

3/19/2008

If you receive this message in error, please advise the sender by immediate reply an
delete the original message.

IRS DISCLOSURE: This message and any attachment(s) are not intended to, and cannot,
be used for purposes of avoiding penalties imposed under the Internal Revenue Code o
promoting, marketing or recommending to another person any tax-related matter addres
herein.