**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DENNIS MONTGOMERY, et al., | ) | 3:06-CV-0056-PMP (VPC) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | **OF U.S. MAGISTRATE JUDGE** |
| | ) | |
| ETREPPID TECHNOLOGIES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This report and recommendation is made to the Honorable Philip M. Pro pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is the motion of eTreppid Technologies and Warren Trepp ("eTreppid") for sanctions (#s 343-346).  Plaintiffs, Dennis Montgomery and the Montgomery Family Trust ("Montgomery parties") opposed (#s394-397), and eTreppid replied (#s 406-410).  The court has thoroughly reviewed the record, has considered oral argument of counsel, and recommends that eTreppid's motion for sanctions (#343) be denied.  The Montgomery parties' objections to defendants' evidence in support of motion for sanctions (#394) are denied.  The Montgomery parties' objections (#411) to (1) supplemental declaration of Warren Trepp (#410); (2) supplemental declaration of Doug Frye (#408); and (3) declaration of Jonathan Karchmer (#409) all in support of eTreppid's motion for sanctions are also denied.

**I.   Procedural History**

eTreppid brings this motion for sanctions based upon allegations that Dennis Montgomery ("Mr. Montgomery") has made false statements in declarations signed under oath and filed with this court, that he has submitted fabricated documents to the court, and that he provided false live testimony at the state

court's preliminary injunction hearing. Specifically, eTreppid cites the following instances in which Mr. Montgomery has provided false information to the court:

1. Mr. Montgomery's November 5, 2007 declaration in support of the Montgomery parties' motion to enforce inspection rights;

2. September 25, 2003 email submitted to the court, attached to the June 12, 2007 Montgomery declaration in opposition to Department of Defense's motion for a protective order and in support of June 12, 2007 hearing exhibits; and

3. Mr. Montgomery's testimony at the February 7, 2006 state court hearing on motion for preliminary injunction.

eTreppid alleges that Mr. Montgomery has manufactured evidence and submitted perjured testimony and asks this court to exercise its inherent authority to sanction the Montgomery parties as follows: (1) award eTreppid the attorney's fees it incurred in filing its opposition to the Montgomery parties' motion to enforce inspection rights and in filing its June 22, 2007 objection to fabricated document; (2) dismiss the following claims in the Montgomery parties' amended complaint: fourth claim (accounting); fifth claim (breach of fiduciary duty); sixth claim (fraud); and seventh claim (breach of contract); and (3) refer this matter to the United States Attorney's Office for an investigation of perjury and obstruction of justice charges against Mr. Montgomery.

## II.  Discussion and Analysis

Three primary sources of authority enable the court to sanction parties or their lawyers for improper conduct: (1) Fed.R.Civ.P. 11, which applies to signed writings with the court; (2) 28 U.S.C. § 1927, which penalizes conduct that vexatiously and unreasonably multiplies the proceedings; and (3) the court's inherent power. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The federal courts have inherent power to levy sanctions, including attorney's fees, for "willful disobedience of a court order . . . or when the losing party has acted vexatiously, wantonly, or for oppressive reasons. . . ." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766 (1980) (internal quotation marks and citations omitted). In *Chambers v. NASCO,* 501 U.S. 32, 46 (1991), the Court emphasized the continuing need to resort to the court's inherent power, since it is "both broader and narrower than other means of imposing sanctions." However, "when there is bad-faith conduct in the course of litigation that could be adequately sanctioned

under the Rule, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Id.* at 50.

Dismissal of an action pursuant to the court's inherent power is subject to the same considerations as those made pursuant to the Federal Rules of Civil Procedure:

> (1) the existence of certain extraordinary circumstances, (2) the presence of willfulness, bad faith, or fault of the offending party, (3) the efficacy of lesser sanctions, (4) the relationship or nexus between the misconduct drawing the dismissal sanction and the matters in controversy in the case, and finally, as optional considerations where appropriate, (5) the prejudice to the party victim of the misconduct, and (6) the government interests at stake.

*Halaco Engineering, Co. v. Costle,* 843 F.2d 376, 380 (9th Cir. 1988).

### A.   Mr. Montgomery's November 5, 2007 Declaration

eTreppid contends that several statements contained in Mr. Montgomery's November 5, 2007 declaration made in support of a motion to enforce inspection rights are untrue:

1. That in all the time he was a member of eTreppid, he was never permitted to inspect the company's books and records;

2. That even though eTreppid was formed in September 1998, Mr. Montgomery never saw confirmation that Mr. Trepp followed through on his commitment to contribute any cash;

3. That when Mr. Montgomery was presented with eTreppid's original operating agreement in November 1999, he was not represented by counsel;[1]

4. That Mr. Montgomery made false statements concerning discussions about the transfer of a portion of Mr. Montgomery's interest in eTreppid to Steve Sands and Mr. Sands's possible investment of capital in the company; and

5. That Mr. Montgomery first learned his interest in eTreppid had been diluted when he received his 1999 K-1 from eTreppid in 2000.

---

[1]The court finds that pursuant to eTreppid's Employee Handbook, employees were expressly advised that employee privacy rights did not extend to email, voicemail and computer network systems (#410, Trepp. Decl. ¶ 4). Mr. Montgomery stored correspondence with his private counsel on eTreppid hardware; therefore, the correspondence was not privileged.

3

1  The court has reviewed Mr. Montgomery's declaration, as well as the declarations of Mr. Trepp, Mr.
2  Frye, and Ms. Perez and concludes that the statements in Mr. Montgomery's declaration can be
3  construed differently, depending on the context of the statements, and what one surmises from them.
4  Any challenges eTreppid may have to the veracity of Mr. Montgomery's statements will be fully vetted
5  through deposition and written discovery. Although eTreppid did not address the *Halaco* factors as it
6  related to this declaration, the court has done so and finds that dismissal or lesser sanctions are not
7  warranted.

8  The two remaining grounds for eTreppid's motion for sanctions do not directly relate to the
9  Montgomery parties' motion to enforce inspection rights; rather, they concern Mr. Montgomery's
10 February 2006 preliminary injunction testimony and a September 25, 2003 email. Each is addressed in
11 turn.

12 **B.   Mr. Montgomery's Testimony at the Preliminary Injunction Hearing**

13 eTreppid challenges as false Mr. Montgomery's testimony at the February 7, 2006 preliminary
14 injunction hearing held in the state district court during which Mr. Montgomery testified that he did not
15 destroy or take any files, hard drives, or anything else from eTreppid before he left the company in
16 January 2006. eTreppid points to the testimony of Michael West of the Federal Bureau of Investigation
17 ("FBI") that among the hard drives and other property seized by the FBI seized property at Mt.
18 Montgomery's residence and storage units, at least seven of those hard drives matched serial numbers
19 for hard drives owned by eTreppid. eTreppid also contends that several photocopies of the seized CDs
20 are labeled as "eTreppid Technologies" and "Warren Old eMail." The court is familiar with the seized
21 property and the dispute concerning whether certain items belong to eTreppid or Mr. Montgomery, and
22 it finds that there is not conclusive evidence before the court that Mr. Montgomery misappropriated the
23 hard drives or other seized property, or that he was untruthful in his testimony at the preliminary
24 injunction hearing. The labeling, storage, and ownership of the disputed property will be better
25 understood after inspection of these items is completed, and also after discovery is completed. In
26 addition, the court's analysis of the *Halaco* factors weighs against imposition of sanctions.

27
28

### C. The September 25, 2003 Email from Len Glogauer to Warren Trepp

On June 12, 2007, the District Court held a hearing to consider the United States' motion for protective order pursuant to the military and state secrets privilege. Counsel for Mr. Montgomery submitted several exhibits in opposition to the United States' motion for protective order, supported by Mr. Montgomery's declaration that the documents were true and accurate copies of the originals. Exhibit 6 is a compilation of emails and other documents, including a September 25, 2003 email from eTreppid employee Len Glogauer to Mr. Trepp.[2] eTreppid contends that this email is forged, fabricated and manufactured and challenged its authenticity in a document styled, "notice of objection to the public filing of a fabricated document by Dennis Montgomery" (#198).[3]

eTreppid provides the declaration of Jonathan Karchmer, a computer forensics examiner, in support of its contention that the email was an altered version of the email Mr. Glogauer actually sent to Mr. Trepp (#199). The Montgomery parties traverse Mr. Karchmer's conclusions with the declaration of Scott Cooper, a forensic computer analyst, who challenges the methodology Mr. Karchmer employed in reaching his conclusions, and, therefore, the conclusions he reached. (#395, Decl. of Scott Cooper). Thus, there is a dispute between the parties' experts concerning the methodology employed in establishing the authenticity of this email, and the court finds that eTreppid has not conclusively established that the email was forged or fabricated. Finally, eTreppid failed to make the case for sanctions under *Halaco.*

### III. Conclusion

eTreppid has made extremely serious allegations of perjury and forgery against Mr. Montgomery about testimony and evidence he submitted to this court, and the court takes such allegations very seriously. These allegations, if true, may well result in sanctions. However, based upon *Halaco* and the record currently before the court, eTreppid has not established that this court should exercise its inherent

---

[2] When making a reference to a hearing, a paper filed with the court, or an exhibit, eTreppid's counsel is admonished to provide a concise reference to the court's record.

[3] eTreppid asserts that the Montgomery parties never opposed this notice, which is correct. However, since eTreppid styled this paper as a "notice," the court does not construe the notice as a motion pursuant to LR 7-2.

5

power and award the sanctions that eTreppid seeks. Therefore, this court recommends that the District Court enter an order denying eTreppid's motion for sanctions (#343).

The parties should be aware of the following:

1. They may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order, and any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that the District Court enter an order as follows:

1. **DENYING** eTreppid's motion for sanctions (#343);

2. **DENYING** the Montgomery parties' objections to defendants' evidence in support of motion for sanctions (#394);

3. **DENYING** the Montgomery parties' objections (#411) to (1) supplemental declaration of Warren Trepp (#410); (2) supplemental declaration of Doug Fryer (#408); and (3) declaration of Jonathan Karchmer (#409) all in support of eTreppid's motion for sanctions.

DATED: April 1, 2008.

_____
UNITED STATES MAGISTRATE JUDGE