1  J. Stephen Peek, Esq. (NV Bar #1758)
   Jerry M. Snyder, Esq. (NV Bar #6830)
2  Adam G. Lang, Esq. (NV Bar #10117)
   Shane M. Biornstad, Esq. (NV Bar #9972)
3  Hale Lane Peek Dennison and Howard
   5441 Kietzke Lane, Second Floor
4  Reno, Nevada  89511
   Telephone:  (775) 327-3000
5  Facsimile:   (775) 786-6179
   speek@halelane.com; jsnyder@halelane.com;
6  alang@halelane.com; sbiornstad@halelane.com

7  Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
   Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
8  Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
   Steptoe & Johnson LLP
9  1330 Connecticut Avenue, N.W.
   Washington, D.C.  20036-1795
10 Telephone:  (202) 429-3000

11 Attorneys for eTreppid Technologies, LLC and Warren Trepp

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT COURT OF NEVADA

DENNIS MONTGOMERY, an individual; and
MONTGOMERY FAMILY TRUST, a California
Trust,

                Plaintiffs,

      vs.

ETREPPID TECHNOLOGIES, L.L.C., a Nevada
Limited Liability Company; WARREN TREPP,
an individual; DEPARTMENT OF DEFENSE of
the UNITED STATES OF AMERICA; and
DOES 1 through 10,

                Defendants.
_____/
AND RELATED CASE(S)
_____/

Case No. 3:06-CV-00056-PMP-VPC
**Base File**

3:06-CV-00145-PMP-VPC

**ETREPPID TECHNOLOGIES, L.L.C.
AND WARREN TREPP'S REPLY IN
SUPPORT OF MOTION FOR
SANCTIONS**

## ETREPPID'S AND WARREN TREPP'S REPLY IN SUPPORT OF MOTION FOR

## SANCTIONS

      eTreppid Technologies, LLC and Warren Trepp (collectively "eTreppid") hereby submit their

Reply in Support of Motion for Sanctions.

*(sidebar, left margin)* Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

I.      **INTRODUCTION**

Montgomery's Opposition to the present Motion for Sanctions is based almost entirely on his assertion that he has been unable to comply with this Court's February 21, 2008 Order because much of the information that he was ordered to produce exists only in electronic form, and this was not ordered to be produced, and (2) eTreppid failed to meet and confer to resolve any issues relating to Montgomery's failure to provide responsive documents before filing the present motion.

Both of these arguments are unavailing.  Montgomery's failure to provide virtually any of the documents that he was ordered to produce cannot be excused by the fact that these documents may be stored electronically.  First, there is simply no reason why Montgomery cannot begin to produce electronically stored documents – as eTreppid has done – by printing them out and producing hard copies.  Second, the production of many of the subject documents, such as copies of all CDs that are labeled as belonging to eTreppid, does not require the use of a third party vendor.  Third, many of the documents requested, such as any Agreements between Montgomery and Blixseth and/or Opspring, almost certainly exist in hard copy form as well as in electronic form.  Indeed, although Montgomery asserts, in his Opposition, that he is not in possession of any paper hard copy documents, he does not provide any evidence, such as a supporting declaration executed by Dennis Montgomery, to support this fact.

Montgomery's assertion that eTreppid has failed to meet and confer in good faith regarding his failure to provide responsive documents is likewise unsupportable.  Montgomery simply fails to inform the Court that even after the present motion was filed, counsel for eTreppid asked counsel for Montgomery, on a number of occasions, when Montgomery would provide responsive documents.  Counsel for Montgomery simply ignored these communications.  After refusing to participate in any meaningful discussions relating to the production of the documents as required by this Court's February 21, 2008 Order, it is absurd for Montgomery to assert that eTreppid failed to attempt to meet and confer in good faith.

/ / /

/ / /

/ / /

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

II.    **ARGUMENT**

A.    **eTreppid Attempted In Good Faith to Resolve this Discovery Dispute Both Before and After Filing the Present Motion**

As set forth in eTreppid's Motion for Sanctions, on March 18, 2008, prior to filing that Motion, eTreppid requested that Montgomery inform it of what documents Montgomery intended to produce, and when Montgomery intended to produce them. Montgomery did not provide this information. *See* **Exhibit 3** to eTreppid's March 19, 2008 Motion for Sanctions.

Since filing that Motion, eTreppid has requested on at least two occasions that Montgomery provide the additional documents that he was ordered to produce. On March 25, 2008, counsel for eTreppid sent an eMail to counsel for Montgomery again requesting that Montgomery identify what he intended to produce, and when he intended to produce it. A true and correct copy of this email is attached hereto as **Exhibit 1.** Montgomery did not respond to this eMail. On March 28, 2008, counsel for eTreppid sent counsel for Montgomery a letter again requesting this information. A true and correct copy of this email is attached hereto as **Exhibit 2.** Montgomery did not respond to this letter.

Thus, on at least three occasions, eTreppid attempted to engage in a good faith effort to discuss a resolution of this dispute – or at least a portion of the dispute – by requesting that Montgomery identify what he intended to produce, and when such production would be made. Montgomery did not respond in any way to these attempts at an informal resolution. He cannot seriously assert that eTreppid failed to attempt such an informal resolution.

B.    **Montgomery Is Not Relieved of His Duty to Disclose By the Fact that Some Documents Are Stored Electronically**

Substantively, Montgomery's Opposition is premised on the notion that no sanctions are appropriate because Montgomery is currently complying with the February 21, 2008 Order, but that his compliance has been delayed because, he asserts, the documents at issue are stored electronically. As Montgomery points out, he has produced a handful of documents since the present motion was filed. Specifically, Montgomery has produced the following documents in response to this Court's February 21, 2008 Order:

- Copies of Montgomery's tax returns for the years 1998 to 2005.

- Photocopies of the faces of only 31 of the 167+ CDs that the FBI returned to Montgomery in March 2007.
- A letter purporting to show that Computermate transferred rights in certain copyrights to Montgomery.
- Copies of checks written by Montgomery in partial repayment of a loan made to him by Friendly Capital Partners.

Montgomery has failed to produce a number of other documents that are the subject of this Court's February 21, 2008 order.  Montgomery asserts that he cannot have produced these documents yet, because they are stored electronically.  As such, Montgomery was waiting for this Court's determination relative to vendor protocols for electronic discovery prior to production.  Because those protocols were not entered until April 2, 2008, Montgomery asserts, he was unable to provide responsive documents prior to that time.

Montgomery fails to explain why he cannot simply do as eTreppid has done and provide hard copies of documents that are stored electronically.  To date, eTreppid has produced in excess of 13,000 pages of hard copy documents, many of which are printed versions of documents stored electronically.  Montgomery has not even attempted to engage in such an exercise, even though many of the requested documents – such as any agreements between Montgomery and Opspring and /or Blixseth, and indicia of payment made pursuant to those agreements – are likely to exist electronically as .pdf files, or scanned copies of documents.  Nonetheless, Montgomery has failed to make any attempt whatsoever to comply with this Court's February 28, 2008 Order.

Moreover, although Montgomery asserts that the documents at issue exist only in electronic form, he fails to support this assertion with any evidence, such as a Declaration executed by Mr. Montgomery explaining what information is stored electronically and how long it will take to produce such information.

Moreover, Montgomery has not provided all the hard copy documents that this Court ordered him to produce.  The FBI seized, and returned to Montgomery, more than 160 CDs.  Montgomery has provided copies of the faces of only 31 CDs.  Montgomery asserts that he was unable to provide copies of the rest of the CDs because of "discrepancies between the FBI's seizure inventory list and return

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

inventory list."  However, Montgomery does not explain how these alleged "discrepancies" impact the question of what CDs were seized and returned.

Indeed, a comparison of the search warrant returns with the Inventory of items returned to Montgomery shows that there is little discrepancy relating to CDs actually seized and returned.  The March 29, 2007 FBI Inventory of items returned to Montgomery (A true and correct copy of which is attached hereto as **Exhibit 3**) shows that in excess of 160 CDs were returned to Montgomery, including:

- "One yellow and gray case containing eTreppid disks – 51 CDs" (Item No. 9);

- "Thirteen Computer CDs" (Item No. 25);

- "Sixteen Computer CDs" (Item No. 26);

- "Three Computer CDs" (Item No. 27);

- "Seventy-Eight (78) CDs" (Item No. 29).

The March 8, 2006 Search Warrant Returns (A true and correct copy of relevant portions of which are attached hereto as **Exhibit** 4) show that the FBI initially seized the following items:

- One Yellow/Grey Case containing eTreppid Disks;

- Seven Compact Disks;

- One box containing 78 Compact Disks;

- 15 Computer CDs

- 16 Computer CDs

These two inventories show that there is virtually no discrepancy between what was seized by the FBI and what was returned to Montgomery.  Nonetheless, Montgomery has failed to provide copies of all but 31 of the CDs seized by the FBI and returned, even though many of the categories of seized documents match very closely, such as "51 eTreppid CDs" contained in the yellow and grey case, and the 78 CDs that were contained in a box.

In addition, Montgomery has refused to provide copies of the contents of a number of CDs that are clearly marked as belonging to eTreppid.  Montgomery states that he has not done so because the February 21, 2008 order applies only to hard copy documents.  Montgomery implies that this Court simply ordered Montgomery to provide copies of the contents of these CDs at his leisure.  This is, of

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

course, nonsense.  When the February 21, 2008 order is read in full, it is clear that this Court intended that Montgomery be required to provide the copies of the CDs by March 14, 2008.  Montgomery made no effort to do so.  Moreover, Montgomery cannot credibly assert that he was unable to provide a copy of these CDs until a third party vendor was engaged.  Simply copying a CD is a trivial matter, requiring no particular technical expertise.  As such, there is simply no basis for Montgomery's refusal to provide both (1) photocopies of the faces of all CDs seized by the FBI and subsequently returned to Montgomery, and (2) copies of the contents of all CDs bearing a label that indicates eTreppid ownership.

Montgomery's refusal to provide these CDs is indicative not only of his disdain for that particular portion of this Court February 21, 2008 order, but also his willful refusal to make a good faith attempt to comply with the remainder of that order.  Accordingly, eTreppid submits that this Court should view Montgomery's insistence that he has been unable to comply with other portions of the February 21 order in light of the frivolous nature of Montgomery's excuse for failing to provide the CDs at issue.

### C.      The Requested Sanctions Are Appropriate

Montgomery next asserts that, in essence, sanctions are not warranted because (1) eTreppid did not make a good faith effort to meet and confer before filing the present motion, and (2) eTreppid has not shown any prejudice from Montgomery's "delay" in producing the ordered documents.

Montgomery's first point is obviously specious; as set forth above, eTreppid has engaged in an extensive effort to meet and confer regarding this dispute.  However, Montgomery has continued to refuse to provide documents that he was ordered to produce, and he has likewise refused to say whether and when the documents will be produced.  Accordingly, Montgomery, and not eTreppid, has failed to participate in a good faith effort to resolve this dispute informally.

Montgomery further implies that his failure to provide the subject documents has not really prejudiced eTreppid, because this is merely a "delay" in his production.  However, even though Montgomery was order to provide the subject documents on March 14, 2008, he has provided only a handful of responsive documents, and he has ignored eTreppid's many requests that he commit to a date by which the production is to take place.

For these reasons, the sanctions that eTreppid has requested in this matter are entirely appropriate, and eTreppid respectfully requests that this Court issue one or more of those sanctions.

## III.   CONCLUSION

For the foregoing reasons, eTreppid respectfully requests that the present motion be granted.

Dated:  April 11, 2008.

<div style="text-align: right">

_____/s/_____
J. Stephen Peek, Esq.  (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone:  (775) 327-3000
Facsimile:   (775) 786-6179

Reid H. Weingarten, Esq. (D.C. Bar #365893)
Brian M. Heberlig, Esq. (D.C. Bar #455381)
Robert A. Ayers, Esq. (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone:  (202) 429-3000
Facsimile:   (202) 429-3902

*Attorneys for Plaintiff and Cross-Defendant*
*eTreppid Technologies, L.L.C. and*
*Cross-Defendant Warren Trepp*

</div>

<div style="margin-left: 0">

**Hale Lane Peek Dennison and Howard**
**5441 Kietzke Lane, Second Floor**
**Reno, Nevada 89511**

</div>

1

**PROOF OF SERVICE**

2

I, Cynthia L. Kelb, declare:

3

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard.   My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511**.  I am over the age of 18 years and not a party to this action.  I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

4

5

6

On April 21, 2008, I caused the foregoing **ETREPPID'S AND WARREN TREPP'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS** to be:

7

8

  X_____         filed electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

9

10

*Fax No. 775/829-1226*
mgunderson@gundersonlaw.com
Mark H. Gunderson, Ltd.
Mark H. Gunderson, Esq.
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511

*Fax 310/500-3501*
dklar@linerlaw.com; tchisolm@linerlaw.com
Deborah A. Klar, Esq.
Tuneen Chisolm, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

11

12

13

*Fax No. 202/616-8470*
Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC  20044

*Fax 202/616-8470*
Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, DC  20044

14

15

16

17

18

19

20

*Fax No. 784-5181*
Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV  89501

*Fax No. 775-823-2929*
bpeck@lrlaw.com
Bridget Robb Peck, Esq.
Lewis and Roca, LLP
50 W. Liberty Street, Ste. 410
Reno, Nevada 89501

21

22

23

24

*Fax No. 206-682-7100*
jbeatty@karrtuttle.com
Jacquelyn A. Beatty, Esq.
Karr Tuttle Campbell
1201 Third Avenue, Suite 2900
Seattle, WA  98101

*Fax No. 206-903-8820*
park.brian@dorsey.com;
stewart.douglas@dorsey.com;
trotta.nicole@dorsey.com;
Crowley.robert@dorsey.com;
Brian Park, Esq.
Douglas Stewart, Esq.
Nicole Trotta, Esq.

25

26

27

28

*Hale Lane Peek Dennison and Howard*
*5441 Kietzke Lane, Second Floor*
*Reno, Nevada 89511*

Robert Crowley, Esq.
Dorsey & Whitney, LLP
1420 Fifth Ave., Ste. 3400
Seattle, Washington 98101

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on April 21, 2008.


_____/s/_____
Cynthia L. Kelb

EXHIBIT "1"

EXHIBIT "1"

## Jerry Snyder

| | |
|---|---|
| **From:** | Jerry Snyder |
| **Sent:** | Tuesday, March 25, 2008 4:48 PM |
| **To:** | 'Tuneen E. Chisolm' |
| **Cc:** | 'Deborah A. Klar'; 'Criss Draper' |
| **Subject:** | RE: Letter from Jerry Snyder |

I have not heard anything further regarding what Montgomery intends to produce and when it will be produced.

Furthermore, please note that the documents produced to date are incomplete.  In the February 21, 2008 order, the Magistrate ordered Montgomery to (1) provide a photocopy of the face of each CD seized by the FBI, and (2) produce a copy of every CD the FBI seized, which bears an eTreppid or is understood to be eTreppid property.

You have provided photocopies of the faces of approximately 30 CD's.  The Government's March 30, 2007 Detailed Inventory of Property Returned shows that the FBI seized and returned at least 167 CDs.  Please provide copies of these remaining CDs.

In addition, a number of the CD's for which you did provide copies clearly bear an eTreppid logo.  However, you have not yet provided copies of these CDs.

Please advise as to when this material will be provided.

---

**From:** Tuneen E. Chisolm [mailto:TCHISOLM@linerlaw.com]
**Sent:** Tuesday, March 18, 2008 3:41 PM
**To:** Jerry Snyder
**Cc:** Deborah A. Klar; Criss Draper
**Subject:** RE: Letter from Jerry Snyder

Jerry:  Per my advisement earlier, I had hoped to provide the information you requested below by close of business today, but cannot, as Deborah is in arbitration all day and thus unavailable.

Regarding any documents provided to the media, there are no hard copy documents that we know of so that production has to await the electronic protocols.

I will let you know about anything else as soon as possible.  If you reply to this email, please reply to all.  Thanks.

---

**From:** Jerry Snyder [mailto:JSnyder@halelane.com]
**Sent:** Tuesday, March 18, 2008 12:05 PM
**To:** Tuneen E. Chisolm
**Subject:** RE: Letter from Jerry Snyder

Please advise as to (1) what Montgomery intends to produce, and (2) when will it be produced.

If you do not confirm, by the close of business today, that Montgomery will provide all documents that he was ordered, on February 21, 2008 order, to produce on or March 14, 2008,  then eTreppid will proceed with a motion seeking sanctions for Montgomery's failure to comply with that order.

---

**From:** Tuneen E. Chisolm [mailto:TCHISOLM@linerlaw.com]
**Sent:** Tuesday, March 18, 2008 11:56 AM
**To:** Jerry Snyder

**Cc:** Cynde Kelb; Deborah A. Klar; Criss Draper; Peter Bransten
**Subject:** RE: Letter from Jerry Snyder

Jerry:

I send this email in response to your letter sent today, purporting to confirm our telephone conversation yesterday afternoon.  You are not correct.  You asked whether there was another package of documents on the way, and I told you there was not.  I DID NOT say that no further production is intended.

Tuneen E. Chisolm, Esq.
**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3503
main:  310.500.3500
dir:  310.500.3499
fax:  310.500.3501
dir fax:  (800) 517-0819
**tchisolm@linerlaw.com**
**www.linerlaw.com**

Notice of Privilege/Confidentiality Privileged and Confidential information may be contained in this message. If you are not the addressee indicated in this message (or Responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure: To ensure compliance with Treasury Department Regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

**From:** Cynde Kelb [mailto:ckelb@halelane.com]
**Sent:** Tuesday, March 18, 2008 11:24 AM
**To:** Tuneen E. Chisolm
**Subject:** Letter from Jerry Snyder

Please find attached a letter from Jerry Snyder dated March 18, 2008.

<<Letter to Tuneen Chisolm dated 3-18-08.pdf>>

*Cynde Kelb*
Legal Assistant to Jerry Snyder, Esq. and Rob Smith, Esq.
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Direct Dial (775) 327-3051
ckelb@halelane.com

Visit our web site at: www.halelane.com
**PERSONAL AND CONFIDENTIAL:**  This message originates from the law firm of Hale Lane Peek Dennison and Howard.  This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient, and may contain information that is a trade secret, proprietary, protected by the attorney work product doctrine, subject to the attorney-client privilege, or is otherwise protected against unauthorized use or disclosure.  This message and

any file(s) or attachment(s) transmitted with it are transmitted based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413.  Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited.  If you receive this message in error, please advise the sender by immediate reply and delete the original message.  Personal messages express only the view of the sender and are not attributable to Hale Lane Peek Dennison and Howard.

CONFIDENTIAL: This message and any attachment(s) are confidential, intended only for the named recipient, and may be privileged. Any disclosure, distribution or use of this information by anyone other than the intended recipient is strictly proh If you receive this message in error, please advise the sender by immediate reply an delete the original message.

IRS DISCLOSURE: This message and any attachment(s) are not intended to, and cannot, be used for purposes of avoiding penalties imposed under the Internal Revenue Code o promoting, marketing or recommending to another person any tax-related matter addres herein.

CONFIDENTIAL: This message and any attachment(s) are confidential, intended only for the named recipient, and may be privileged. Any disclosure, distribution or use of this information by anyone other than the intended recipient is strictly proh If you receive this message in error, please advise the sender by immediate reply an delete the original message.

IRS DISCLOSURE: This message and any attachment(s) are not intended to, and cannot, be used for purposes of avoiding penalties imposed under the Internal Revenue Code o promoting, marketing or recommending to another person any tax-related matter addres herein.

EXHIBIT "2"

EXHIBIT "2"



# HALE LANE
## ATTORNEYS AT LAW

5441 Kietzke Lane | Second Floor | Reno, Nevada 89511
Telephone (775) 327-3000 | Facsimile (775) 786-6179
www.halelane.com

**JERRY M. SNYDER**

jsnyder@halelane.com
Direct: (775) 327-3017

March 28, 2008

*Via eMail and Regular Mail*

Tuneen Chisolm, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

Re:    eTreppid Technologies and Warren Trepp adv. Montgomery, et al.
       Our File No.: 20801-0002

Dear Ms. Chisolm:

It has now been two weeks since the March 14 date by which Montgomery was to provide documents as ordered by the Court on February 21, 2008. I have emailed you on numerous occasions to inquire as to what documents you intend to produce and when you intend to produce them. I have had no response to these attempted communications.

We have received, to date, two letters relating to transfers of interest in some of the copyrights at issue in this case, photocopies of the faces of approximately 30 of the 167+ CDs returned to Montgomery by the FBI, and partial tax returns for the years 2002-2005. Please advise as to when the remaining documents that Montgomery has been ordered to produce will be produced.

In addition, you advised on Wednesday that your contact person at IKON no longer worked there. As a result, I advised that either of the other two neutrals that you suggested were acceptable. To date, you have not informed me of the name of either of these individuals, nor have you made any effort to contact them. Please advise as to how you wish to proceed.

Sincerely,

Jerry M. Snyder

**HALE LANE PEEK DENNISON AND HOWARD**
LAS VEGAS OFFICE: 3930 Howard Hughes Parkway | Fourth Floor | Las Vegas, Nevada 89169 | Phone (702) 222-2500 | Facsimile (702) 365-6940
CARSON CITY OFFICE: 777 East William Street | Suite 200 | Carson City, Nevada 89701 | Phone (775) 684-6000 | Facsimile (775) 684-6001

::ODMA\PCDOCS\HLRNODOCS\728995\1

**EXHIBIT "3"**

**EXHIBIT "3"**

AO 93 (Rev. 2/90) Search Warrant

| RETURN | | |
|---|---|---|
| DATE WARRANT RECEIVED<br>3/3/2006 | DATE AND TIME WARRANT EXECUTED<br>3/3/2006  6:42pm | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH<br>Locked inside unit 140 |

INVENTORY MADE IN THE PRESENCE OF
SA Michael West and SA Glenn Booth

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

1. One YELLOW/GREY case containing eTreppid disks.

2. Seven Compact disks.

3. Nine Mini DV video cassettes.

4. One Sony Hi 8 video cassette.

5. One USB (Black 2.0 Flashback)

6. One 256MB SanDisk Compact Flash card

7. One IBM Travel Star Hard Drive SN/V29 CH7080N5

8. Eleven Sealed Western Digital Hard Drives.

9. One TDK Mini DV video cassette.

10. Ten various manufacturer Hard Drives

11. One box containing 78 compact disks.

12. Bank statements DEC'05 & Jan '06

13. Financial Documents & phone bills

14. One Removable hard drive Labeled "DENNIS EYES Only"
    & one compact disk Labeled eTreppid.

| CERTIFICATION |
|---|
| I swear that this inventory is true and detailed account of the person or property taken by me on the warrant. |

Subcribed, sworn to, and returned before me this date.

Valerie _____    3/8/06

U.S. Judge or Magistrate    Date

Case 3:06-cv-00056-PMP-VPC   Document 544   Filed 04/21/08   Page 18 of 24
Case 3:06-cv-00056-PMP-VPC   Document 527-2   Filed 04/07/2008   Page 3 of 57
Case 3:06-cv-00263-PMP-VPC   Document 15   Filed 03/08/2006   Page 2 of 7

AO 93 (Rev. 2/90) Search Warrant

| RETURN | | |
|---|---|---|
| DATE WARRANT RECEIVED 2/28/2006 | DATE AND TIME WARRANT EXECUTED 3/1/2006 12:08pm | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH Attorney Eric Pulver |

INVENTORY MADE IN THE PRESENCE OF

Attorney Eric Pulver

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

1. HP Pavilion DV1000 SN/CNF5422H6B Notebook w/Power cord.
2. Six SanDisk Compact Flash Cards
3. Letter on White Paper and Yellow Pages ripped up paper.
4. Rolodex
5. 15 Compact disks
6. White Shredded paper.
7. Misc. Post-it Notes.
8. Network Solutions Account paperwork, 4 pages.
9. Check Stubs - Montgomery Family Trust
10. Western Digital Hard Disk Ser # WEAL 71844911
11. Granite Digital - "DBServer" 12/17/2005 SN/FQ509060042A
12. Silver CPU (Tower) Labeled ATI 3
13. 16 Compact Disks.
14. Three pieces of paper containing phone numbers
15. Granite Digital Server labeled "DEO 01/20/06 PROG"
16. Prescription drugs with No prescription MADE in INDIA
    A. Alipex   42 Tablets .25mg
    B. Edicifrox 40 Tablets 500 mg
    C. Valium 10 168 Tablets 5 mg
    D. Carisoma 190 Tablets 350 mg
    E. Azithromycin 78 Tablets 500 mg
    F. Edicifrox 100 Tablets 500 mg
    G. Zolfresh 5 100 Tablets 5 mg

| CERTIFICATION |
|---|
| I swear that this inventory is true and detailed account of the person or property taken by me on the warrant. |

Subcribed, sworn to, and returned before me this date.

_____   3/8/06
U.S. Judge or Magistrate         Date

**EXHIBIT "4"**

**EXHIBIT "4"**

597 (Rev 8-11-94)                                                          Page ___1___ of ___4___

**UNITED STATES DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF INVESTIGATION**
**Receipt for Property Received/Returned/Released/Seized**

File # _295A-LV-39368_

On (date) _March 29, 2007_

item(s) listed below were:
☐ Received From
☒ Returned To
☐ Released To
☐ Seized

(Name) _Dennis L. Montgomery_

(Street Address) _____

(City) _Reno, NV_

Description of Item(s): _____ Serial # WCAL 75167504

#1 One Silver Lian Li Tower Serial # no serial # Dennis Home 9/17/05 EO3968052. No harddrive in carrier slot ill 3.5 floppy dist in drive none installed. One in slot

#2 EO3968075 One HP Pavilion DV 1000, SW/CNF5422116D Notebook of powered

#3 EO3968079 Grante Digital - Dex server Labeled 12/17/05 Serial # FO5790650042A with 2 hard drives Serial # WMAMR1066A12 Serial # WMAMR1509552

#4 EO3968081 One Grante Digital Server labeled 1/10/06 Hog with 2 hard drives Serial # WMAMR1537929, Serial # WMAMR1523649  SN # ND. ESS9772

#5 EO3968126 One Western Digital 300GB Serial # WMAMR1420949 containing evidence derived from HP Pavillion Notebook 30GB Hatachi Harddrive Serial # 08K0864

#6 EO3968116 One Maxto 300GB Hard drive Serial # L6LXL7PH containing evidence derived from Custom Tower Western Digital 250Gb Harddrive serial # WCAL75167504

#7 Eleven sealed Western Digital Hard drives SN# WMAMR1539542, SN# WMAMR1624507, SN# WMAMR1673181, SN# WMAMR1538581, SN# WMAMR1539825, SN# WMAMR1533197, SN# WMAMR1612253, SN# WMAMR1580671, SN# WMAMR1580666, SN# WMAMR1538570, SN# WMAMR1543003.

Received By: _____   Received From: _____
              (Signature)                             (Signature)

FD-597 (Rev 8-11-94)

Page __2__ of __4__

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # _295A-LV-39368_

On (date) _March 29, 2007_

item(s) listed below were:
- ☐ Received From
- ☒ Returned To
- ☐ Released To
- ☐ Seized

(Name) _Dennis L. Montgomery_

(Street Address) _____

(City) _Reno, NV_

Description of Item(s):

#8 _EO396810L Seagate 30.6 GB SN#3CKO28WJ, Seagate 30.6 GB Hddrive_
_SN#3CKOOXXY, Western Digital 40GB Harddrive SN# WMAD5194717,_
_Western Digital 120GB Hddrive SN# WMASC1223396, Western Digital 40GB Hddrive_
_SN#WMAD152568O7, Western Digital 40GB Hddrive SN#WCAD16502878,_
_Western Digital 40 GB Hddrive SN# WMAD16644525, Western Digital 40GB_
_Hddrive SN# WMAD15335294, Western Digital 40GB Hddrive SN#WCAD13691228,_
_Western Digital 120GB Hddrive SN#WMASC3243070_

#9 _EO396810G One Yellow and Gray Case Containing 5 Floppil disk-5(CD)s_

#10 _EO3568O8O Western Digital 250GB SN#WMAL71844911_

#11 _EO3568O89 One Removeable Western Digital 60GB SN# WMAAL11O6O98,_
_One DVD disk Encrpl-Dennis, Westen, Gianus 7/11/02_

#12 _EO39C8O55 3 DVD and 2 compct disks, X5 UAE, K2KB2-BUBGV-KMB36-Q6T7X_
_-HUM28, XYZ Frames 6/11/04, Alert Test 11/20/03, Blade Test 12/20/03_

#13 _EO3568O98 Sony Mni DV Tape Lebeled "7/11/05 Alod EO D"_
_SN# D4HC4118-3211_

#14 _EO3568O97 Two DVDs labeled "Lence OutPut data Fld at one cut ins,_
_Encrpl, Eyes Only_

#15 _EO3568O92 Sony Mni DV Tape Lebeled "Multiple Human & Weapon IR Test,_
_One photo labeled "Multiple Human & Weapon IR Test" ✱_

Received By: _Erin P. Rea_ (Signature)     Received From: _____ (Signature)

FD-597 (Rev 8-11-94)

Page __3__ of __4__

### UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
#### Receipt for Property Received/Returned/Released/Seized

File # *295A-LV-39368*

On (date) *March 29, 2007*

item(s) listed below were:
- ☐ Received From
- ☒ Returned To
- ☐ Released To
- ☐ Seized

(Name) *Dennis L. Montgomery*

(Street Address) _____

(City) *Reno, NV*

Description of Item(s):

#16 *E⌀3965⌀91 Sony Mini DV Tape labeled "Test People 11/14/15"*
   *SN# ⌀6HC4228F ⌀6⌀7, One photo labeled "Test People 12/14/15"* ✳

#17 *E⌀3968⌀88 Sony Mini DV Tape labeled "⌀7/⌀7/⌀5 Blind 18⌀"*
   *SN# 2ZHC2126F2718, One photo labeled "⌀7/⌀7/⌀5 Blind 18⌀"* ✳

#18 *E⌀3968⌀57 Sony Hi8MP 8mm video cassette SN# F44⌀4759, Black USB*
   *Memory Stick SN# ⌀3⌀722+⌀8⌀92, One 256mB SanDisk Compact Flash*

#19 *E⌀3968⌀36 One IBM TravelStar ✱ Harddrive SN# V29CH7⌀8⌀N5*

#20 *E⌀3968⌀55 One TDK Mini DV Tape SN# AAUJ218*

#21 *E⌀3965⌀5⌀ Five Mini DV video cassettes - JVC miniDV, Panasonic*
   *DVCAPT3PE-⌀3, Sony Mini DV SN# 52UA191A⌀⌀⌀457, Sony Mini DV*
   *SN# 53113490⌀3⌀⌀159, Sony Mini DV SN# 53AM75⌀7⌀⌀⌀3⌀7 labeled "Pete*
   *Wesermana"*

#22 *E⌀396X⌀34 Bank Statements from Dec ⌀5 and Jan ⌀6 (2 from Wells Fargo,*
   *1 from Bank of America)*

#23 *E⌀3968⌀93 Financial Documents and Cell phone bills*

#24 *E⌀3968⌀83 1) letter on white paper, yellow piece of ripped up paper*
   *2) Rolodex 3) white shredded paper, 4) 17 x post it notes, 5) network interface*
   *ncct paperwork four pages, 6) Check Stubs Montgomery Family Trust*
   *7) three pieces of paper containing phone numbers*

Received By: _____     Received From: _____
                   (Signature)                                          (Signature)

FD-597 (Rev 8-11-94)

Page __4__ of __4__

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # *295A-LV-39368*

On (date) *March 29, 2007*

item(s) listed below were:
- ☐ Received From
- ☒ Returned To
- ☐ Released To
- ☐ Seized

(Name) *Dennis L. Montgomery*

(Street Address) _____

(City) *Reno, NV*

Description of Item(s): _____

#25 *E03963078   Thirteen (13) Computer CD's*

#26 *E03968094   Eleven Sixteen (16) Computer CD's*

#27 *E03968076   Three (3) Computer CD's*

#28 *E03968076   Five (5) San Disk Computer Flash Cards, One (1) Lexar Computer Flash Card.*

#29 *E03968103   Seventy Eight (78) CD's*

✳ = *Three (3) still images taken from three (3) DV Tapes, items 15, 16, and 17 on this inventory list, to determine content of DV Tapes. These images were not seized by the FBI. They were copied by the FBI.*

*3/28/07*

Received By: _____ (Signature)   Received From: _____ (Signature)

FD-597 (Rev 8-11-94)                                                           Page ____/____ of ____/____

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
**Receipt for Property Received/Returned/Released/Seized**

File # *295A-LV-39368*

On (date) *April 6, 2007*

item(s) listed below were:
- ☐ Received From
- ☒ Returned To
- ☐ Released To
- ☐ Seized

(Name) *Dennis Lee Montgomery*

(Street Address) _____

(City) *Reno, NV*

Description of Item(s): _____

#1 *E03968096 Alipex 0.25 43 tablets, Valium 10 108
tablets, Valium 5 60 tablets, Zotfresh 5 100 tablets,
Carisoma Tablets 350mg 190 tablets*

#2 *E0396B095 Edicifrox-500mg 140 tablets, Azithromycin
500mg 78 tablets*

Received By: _____   Received From: _____
                    (Signature)                                    (Signature)