**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY, et al., ) | 3:06-CV-0056-PMP (VPC) |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ETREPPID TECHNOLOGIES, LLC, et al., ) | |
| Defendants. ) | |

On April 18, 2008, Mr. Flynn filed a motion to establish procedures to comply with Nevada Rules of Professional Conduct 3.3(a)(3) and (b) (#540). On April 24, 2008, Mr. Flynn filed a motion for sanctions pursuant to (a) 28 U.S.C. S 1927; and/or (b) the inherent power of the court; and/or (c) LR IA 4-1, as well as exhibits (#s 545-548 & 550-557).

On Thursday, April 24, 2008, counsel for the plaintiffs, Dennis Montgomery and the Montgomery Family Trust ("Montgomery parties") telephoned the deputy clerk of court concerning these motions. Counsel stated that she was contacting the deputy court clerk because she did not want to file a motion to strike if the court intended to issue an order *sua sponte* striking these papers, as she did not want to file unnecessary papers. The deputy clerk of court notified this court of Montgomery parties' counsel *ex parte* request that this court issue such an order. On Friday, April 25, 2008, the deputy court clerk was on annual leave, but the Montgomery parties' counsel left two messages to advise the deputy court clerk that Mr. Flynn had filed fourteen additional papers. On Monday, April, 28, 2008, this court instructed the deputy court clerk to tell the Montgomery parties' counsel to do what the local rules of practice require: file a motion.

On April 29, 2008, the Montgomery parties filed an emergency motion of plaintiffs, for: (1) order sealing and striking docket item nos. 540, 545, 546, 547, 548, 550, 551, 552, 553, 554, 555, 556, 557 and any subsequent filings by non-party/former counsel Michael Flynn; (2) order requiring all persons served with those filings to delete/destroy any and all copies of the same and to submit a declaration of compliance to the court; and (3) order barring further filings by non-party/former counsel Michael Flynn, Carla DiMare and Alfred Rada without prior leave of court.  Mr. Flynn opposed (#564).

LR 7-6 of this court's Local Rules of Practice governs *ex parte* communications with the court and states, "No party or counsel for any party shall make an *ex parte* communication with the court except as specifically permitted by these rules."  Nowhere in the Local Rules of Practice are counsel permitted to contact an employee of the Clerk of Court to engage in *ex parte* communications with the Court.  Implicit in the communication between the Montgomery parties' counsel and the deputy court clerk was the request that the deputy clerk advise this court that the Montgomery parties desired that this court enter an immediate order striking Mr. Flynn's papers.  This is a violation of the Local Rules.

The deputy clerk routinely communicates with counsel for parties who have proceedings pending before the court on matters such as scheduling upcoming hearings, clarifying briefing schedules, and the like.  Asking the deputy clerk to inquire of the court whether it intends to issue an order *sua sponte* goes well beyond such routine matters.  Counsel for the Montgomery parties are admonished that should they engage in such *ex parte* communications in the future, they will be subject to sanctions.

The court now turns to the Montgomery parties' emergency motion (#562).  LR 7-2 of the Local Rules provides the procedure for filing motions in this court, which states that "[t]he motion shall be supported by a memorandum of points and authorities."  The "points and authorities" submitted in support of the Montgomery parties' emergency motion consists of one sentence, which "adopts and incorporate[s] herein by this reference the [proposed] findings of facts and conclusions of law lodged concurrently herewith and attached hereto for the court's convenience."  *Id.*  Attached to the motion are two proposed orders, presumably the orders that the Montgomery parties desired the court to issue *sua sponte* (#s 562 & 563).  These proposed orders are not points and authorities, and there is no factual or legal basis for the relief requested.

2

1 | The Montgomery parties' emergency motion (#562) is **DENIED.**

2 | IT IS SO ORDERED.

3 | DATED: April 30, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

3