**Michael J. Flynn, Mass. State Bar No.172780**
P.O. Box 690, 6125 El Tordo
Rancho Santa Fe, CA  92067; *and*
One Center Plaza, Suite 240
Boston, MA  02108
Tel.: (858) 775-7624; Fax: (858) 759-0711
*Admitted Pro Hac Vice*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, and the MONTGOMERY FAMILY TRUST,<br><br>     Plaintiffs,<br><br>v.<br><br>ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>     Defendants.<br>_____<br>AND ALL RELATED MATTERS.<br>_____ | 3:06-CV-00056-PMP-VPC<br>**BASE FILE**<br><br>3:06-CV-00145-PMP-VPC<br><br>**RESPONSE OF MICHAEL FLYNN TO EMERGENCY MOTION OF MONTGOMERY / BLIXSETH TO FILE 75 PAGE MEMORANDUM WITH EVIDENTIARY OBJECTIONS** |

Michael Flynn opposes the "Emergency Motion" filed by the Dennis Montgomery/Edra Blixseth parties for leave to file a "75 page Memorandum of Points and Authorities." Although the Emergency Motion is ambiguous, as to how many pages Ms. Klar seeks for actual points and authorities, and how many pages for evidentiary objections to Mr. Flynn's filings, it is apparent that 45 pages of rote evidentiary objections will not aid in the disposition of the Motion for Sanctions. (The Motion") Nor will parroting uniform legalisms in the form of evidentiary objections *mixed* into a 75 page memo advance the search for truth. It will merely constitute more of what this Court has become accustomed to from the Liner Firm.

Without declarations from Dennis Montgomery, Teri Pham and Deborah Klar, and/or Edra Blixseth, all subjects of the Motion, responding to the two primary issues raised therein, 75 pages of mixed objections and points and authorities, will likely constitute more deflection and evasion, typical

1

of Ms. Klar's "attack strategy."[1] The two primary issues involving their abusive litigation strategies which spawned the Motion, and accompanying declaration, Timeline, and exhibits are:

1. Whether the filing of the September 10, 2007 Montgomery "perjured declaration" in this Court, which is directly contrary to Montgomery's February 27, 2007 declaration, and a conclusive amount of of documentary evidence in the Liner Firm's pre-filing possession, and which they used to evade Court Orders and foment litigation in here and in forums across the United States, warrants sanctions.

2. Whether the false statements made by Ms. Klar in the January 22, 2007 hearing falsely accusing Mr. Flynn of "publically" filing states secrets' protected information in "unsealed" declarations and pleadings, were part of a pattern of litigation misconduct (including the "perjured declaration") all of which "multiplied the proceedings," constituted "bad faith," and supports sanctions.

The Liner Firm does not need 45 extra pages for a "Memorandum" to file declarations and relevant exhibits. Mr. Flynn filed a 24 page memo and a 6 page Motion. His lengthy declaration was filed to provide a sworn evidentiary foundation in support of both of the foregoing issues. The Montgomery/Blixseth parties, and their counsel, who are also the subject of the Motion, can meet these issues directly and file declarations with proper evidentiary support, rather than filing useless objections. Ms. Klar's now exposed, irrelevant and unfounded "attack" strategy should end here.

Mr. Flynn's Feb. 28, 2007 declaration (doc. # 114 in Case # 263) was emailed to Montgomery FOUR TIMES in draft and final form in the last ten days of February, 2007. See emails attached to Flynn Dec., Exhibit 9 in support of Motion for Sanctions. The Feb. 28, 2007 declaration filed in response to the government's motion to disqualify Mr. Flynn, stated in *every* emailed draft and in the final filed copy, available to Ms. Klar a month *before* she filed the perjured declaration:

> **"Both Mr. Stillman and I are licensed attorneys in Massachusetts where the Firm was originally based. Mr. Stillman is licensed to practice in California. Messrs. Sheridan and Tabb, my former partners through 2002, were, like myself, only licensed**

---

[1] This Court prohibited the filing of separate evidentiary objections, which the Liner Firm had repeatedly filed as part of their "attack litigation strategy." It was apparent that their "objections" were virtually useless and mostly irrelevant to resolution of the issues in the respective pleadings.

**in Massachusetts.**

Six months *later*, Ms. Klar and Ms. Pham had Montgomery state under oath on September 10, 2007, that Mr. Flynn *never* informed him that he was not licensed in California and that he only found out from the Liner Firm when he retained them in July, 2007. This *evidence* and numerous additional documents and evidence, including Mr. Stillman's direct disclosures to Ms. Pham between late July, and September 10, 2007 (Stillman dec. # 281 ¶¶ 11-13 ) explicitly refuting the false statements, was either hand delivered to the Liner Firm, told directly to them, or available to them online over a month before they filed the perjured declaration.. The very day they filed the September 10, 2007 declaration, Mr. Stillman told Ms. Pham that Mr. Flynn never held himself out as a California lawyer to Montgomery. (Id.) Coupled with the documentary evidence, there is no other rational conclusion except that Montgomery knew that he was lying under oath, and the Liner Firm suborned it. They do not need 75 pages to deal with this un-rebuttable evidence. It will only assist in their evasion of the issues.

Respectfully Submitted,

May 12, 2008; Boston, MA                         S/S_____

                                                Michael J. Flynn

3