J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone:   (775) 327-3000
Facsimile:   (775) 786-6179
speek@halelane.com; jsnyder@halelane.com;
alang@halelane.com; sbiornstad@halelane.com

Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
Telephone:  (202) 429-3000

Attorneys for eTreppid Technologies, LLC and Warren Trepp

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT COURT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust, | Case No. 3:06-CV-00056-PMP-VPC<br>**Base File** |
| Plaintiffs, | 3:06-CV-00145-PMP-VPC |
| vs. | **ETREPPID TECHNOLOGIES, L.L.C.'S AND WARREN TREPP'S MEMORANDUM PURSUANT TO MAY 16, 2008 MINUTES OF THE COURT** |
| ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA; and DOES 1 through 10, | |
| Defendants. | |
| AND RELATED CASE(S) | |

eTreppid Technologies, L.L.C. and Warren Trepp (hereinafter referred to collectively as "eTreppid"), hereby submit their Memorandum Pursuant to May 16, 2008 Minutes of the Court.

## I. INTRODUCTION: MONTGOMERY'S BAD FAITH IN SEEKING TO FURTHER DELAY DISCOVERY

Montgomery's "Emergency Request" for a status conference is nothing more than a transparent and bad faith attempt to further delay eTreppid's efforts to take discovery in this matter. The discovery requests at issue have been pending, in some instances, since the autumn of 2006. Despite Montgomery's efforts to prevent eTreppid from taking virtually any discovery in this matter, on February 21, 2008, this Court ordered Montgomery to produce the subject documents by March 14, 2008. Montgomery refused to comply with this Order, and on May 7, 2008, in response to eTreppid's motion for sanctions, this Court ordered Montgomery to produce the subject documents on or before May 19, 2008.

Despite the fact that Montgomery has been under court order to produce the subject documents since February 21, 2008, he has waited until less than one week before the Court-ordered production deadline of May 19, 2008, to advise the Court that he is unable to provide the subject documents in a timely manner because of the amount of effort involved in complying with the United States Protective Order.[1] The timing of the present "Emergency Motion" alone is sufficient to demonstrate the bad faith with which Montgomery has approached his discovery obligations in this matter. This bad faith is confirmed by the remaining circumstances in this matter.

The United States Protective Order, which was entered on August 29, 2007, provides that only very limited information is subject to protection. Specifically, the Protective Order prohibits the disclosure of (1) the existence or non-existence of any relationship between either of the parties and any intelligence agency, and (2) any actual or proposed intelligence agency interest in, application of, or use of the technology or software at issue in this case. The protective order specifically identifies certain categories of documents that are not covered by the protective order, including the technical specifications of the subject technology, the existence and nature of the "Big Safari" contract, etc.

///

---

[1] Montgomery's assertion that he has approximately 1.5 million pages of responsive documents – the bulk of which could only have come from eTreppid – is especially ironic in light of Montgomery's testimony, at the preliminary hearing, that he did not take "files or hard drives or anything" from eTreppid. Transcript of Hearing on eTreppid's Motion for Preliminary Injunction, Vol. II, 194:17-19.

Given the limited scope of the protective order, Montgomery's suggestion that he is in possession of hundreds of thousands of documents that are covered by the protective order is simply not credible and raises the additional question of where these documents came from, if not from eTreppid during Montgomery's tenure as its Chief technology Officer. Montgomery has asserted that many of these documents are in electronic form. As such, Montgomery – who has previously stated under oath that he is a computer scientist with decades of experience – could surely conduct electronic searches to determine whether or not the subject documents contain any information which he, in good faith, believes falls within the scope of the United States Protective Order. Montgomery has had three months to engage in this process; he should not be allowed further to delay his discovery obligations based on his last minute incredible claim that the task is too burdensome.

Indeed, most of the categories of documents that this Court ordered Montgomery to produce cannot possibly contain any information that is subject to the United States Protective Order. For example, documents relating to Montgomery's attempts to market the software to third parties after he left eTreppid should not contain such information. As Montgomery demonstrated during the preliminary injunction hearing, he was aware of his confidentiality obligations since the beginning of this matter, and he surely would not have breached these obligations by disclosing classified information to third parties in the course of his attempts to license or sell technology following his termination from eTreppid. Likewise, any documents sent to the Wall Street Journal or any other news organizations should not contain any confidential information. Similarly, the faces of the 168 CDs that the FBI returned to Montgomery in April 2007 are highly unlikely to contain any confidential information. As such, there is simply no reason why Montgomery should be relieved of his obligation to produce such documents immediately.

Moreover, as the United States noted in its Memorandum Pursuant to May 16, 2008 Minutes of the Court, the United States has offered to meet with Montgomery to discuss the scope of Montgomery's discovery obligations, and to discuss the use of search terms to facilitate the identification of documents that could fall within the scope of the United States Protective Order. Montgomery has refused this offer. eTreppid submits that Montgomery's refusal to engage in serious discussions with the appropriate government personnel demonstrates that he is not attempting in good

faith to produce documents in a manner which complies with the United States Protective Order. Rather, he is attempting to avoid his discovery obligations by hiding behind a bogus interpretation of the requirements of that order.

This court should not allow Montgomery's continued gamesmanship to avoid complying with its clear order. Accordingly, eTreppid respectfully requests that this Court enforce its February 21, 2008 and May 7, 2008 orders and require Montgomery to produce the subject documents immediately or face further discovery sanctions.

## II. DISCUSSION OF SPECIFIC TOPICS IN THIS COURT'S MAY 16, 2008 ORDER

(1) Montgomery has an obligation, pursuant to Fed. R. Civ. P. 34(b)(2)(E)(i), to either "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Under the circumstances in this case, Montgomery cannot possibly assert that he will produce documents as they are kept in the ordinary course of business; he has acknowledged that during the course of the FBI's search of his property, the manner in which he kept his electronic files was disturbed. Accordingly, Montgomery must organize and label the documents to correspond with eTreppid's specific discovery responses.

(2) To the extent that Montgomery's production is to be staged, eTreppid suggests the following steps:

(a) Montgomery immediately produce those categories of requested documents that cannot contain confidential information, including:

- Documents related to Montgomery's attempts to market the subject technology after January 19, 2006 (eTreppid's First Set of Requests, for Production, Req. Nos. 30 and 31, and eTreppid's Second Set of Requests for Production, Req. Nos. 24, 25, 26, and 27). These documents include evidence of payments made to Montgomery by Blixseth, Opspring, AziMyth, or Sandoval, or any third parties; communications between Montgomery and those parties, and any contracts between Montgomery and those parties. Because none of these parties has a classified clearance, none of the communications with these parties should be classified.

- Documents provided to the Wall Street Journal, NBC, or any other news organization. (eTreppid's Second Set of Requests for Production, Req. Nos. 22 and 23). As these documents were provided to media outlets, they cannot possibly contain any information within the scope of the United States Protective Order.[2]

- Photocopies of the faces of the approximately 168 CDs returned to Montgomery by the FBI, as well as copies of the contents of any of the CDs that are labeled as eTreppid property. To the extent that Montgomery has a good faith concern that such CDs may contain information falling within the scope of the United States Protective Order, he should be ordered to (1) provide a copy of the CDs to the court immediately, to insure the integrity of the CDs, and (2) within two weeks, meet and confer with the United States Government regarding search terms for confidential information, and provide copies of the subject CDs (with any confidential information removed) to eTreppid.

- The requested white papers, Power Point presentations, and marketing documents also are unlikely to contain any information falling within the scope of the United States Protective Order. These documents should be produced immediately.

(b) Any documents not falling in the above categories should be produced as soon as possible following the below procedure:

- Montgomery should meet and confer immediately with authorized representatives of the United States Government to develop a list of search terms that will assist in locating potentially classified documents.

- After Montgomery has used the search terms to conduct an electronic search for potentially classified documents, he will immediately produce any documents that did not contain any of the subject search terms.

---

[2] Montgomery has asserted that he does not possess hard copies of any such documents. This raises significant concerns on eTreppid's part that evidence has been spoliated. However, eTreppid cannot investigate this issue until the subject documents are produced.

- Montgomery will then review any potentially classified documents containing any of the search terms to determine if the documents may fall within the scope of the United States Protective Order, and provide any such documents to the United States for review.

(c) To the extent Montgomery fails to comply with the above schedule, he should face terminal sanctions.

(3) The remaining inquiries stated in this Court's May 16, 2008 order appear to be directed to Montgomery and the United States.

## III. MONTGOMERY SHOULD BE SANCTIONED FOR BRINGING THE PRESENT EMERGENCY MOTION

Montgomery has had several opportunities to assert that because of the burden imposed by the United States Protective Order, he is unable to comply with the Court's February 21 Order. Montgomery could have made this argument in (1) his Opposition to eTreppid's Motion to Compel, (2) his Objection to the Magistrate's February 21, 2008 Order, or (3) his Opposition to eTreppid's Motion for Sanctions. Montgomery failed to do and instead elected to wait until the eleventh hour to file the present "Emergency Motion." Moreover, as demonstrated by the United States' Memorandum Pursuant to May 16, 2008 Minutes of the Court, Montgomery has failed to make a reasonable effort to resolve any difficulties in complying with this Court's discovery orders by conferring with appropriate representatives of the United States. Under these circumstances, eTreppid submits that this Court should Order Montgomery to pay any attorneys fees incurred by eTreppid and by the United States in responding to the present "Emergency Motion."

## IV. CONCLUSION

Montgomery has acted with the utmost bad faith. Montgomery has already filed several motions to prevent eTreppid from taking the subject discovery. Now, at the eleventh hour – nearly three months after this Court first ordered the subject documents produced – Montgomery states that he cannot comply with this Court's order because of the burden imposed on him by the United States Protective Order. However, Montgomery has made virtually no effort to work with the United States in good faith to satisfy his obligations under the Protective Order. This gamesmanship must end.

1   Accordingly, eTreppid respectfully submits that this Court order Montgomery immediately to satisfy
2   his discovery obligations in the manner set forth above, or face terminating sanctions.
3         Dated:  May 19, 2008.

         /s/
J. Stephen Peek, Esq.  (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone:  (775) 327-3000
Facsimile:   (775) 786-6179

Reid H. Weingarten, Esq. (D.C. Bar #365893)
Brian M. Heberlig, Esq. (D.C. Bar #455381)
Robert A. Ayers, Esq. (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone:  (202) 429-3000
Facsimile:   (202) 429-3902

*Attorneys for Plaintiff and Cross-Defendant*
*eTreppid Technologies, L.L.C. and*
*Cross-Defendant Warren Trepp*

**PROOF OF SERVICE**

I, Meena Dalluge, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard. My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511**. I am over the age of 18 years and not a party to this action. I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On May 19, 2008, I caused the foregoing **ETREPPID TECHNOLOGIES, L.L.C.'S AND WARREN TREPP'S MEMORANDUM PURSUANT TO MAY 16, 2008 MINUTES OF THE COURT** to be:

 X    filed electronically with the U.S. District Court, and therefore the Court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

*Fax No. 775/829-1226*
mgunderson@gundersonlaw.com
Mark H. Gunderson, Ltd.
Mark H. Gunderson, Esq.
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511

*Fax 310/500-3501*
dklar@linerlaw.com; tchisolm@linerlaw.com
Deborah A. Klar, Esq.
Tuneen Chisolm, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

*Fax No. 202/616-8470*
Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC  20044

*Fax 202/616-8470*
Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, DC  20044

*Fax No. 784-5181*
Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV  89501

*Fax No. 775-823-2929*
bpeck@lrlaw.com
Bridget Robb Peck, Esq.
Lewis and Roca, LLP
50 W. Liberty Street, Ste. 410
Reno, Nevada 89501

*Fax No. 206-682-7100*
jbeatty@karrtuttle.com
Jacquelyn A. Beatty, Esq.
Karr Tuttle Campbell
1201 Third Avenue, Suite 2900
Seattle, WA  98101

*Fax No. (206) 405-2825*
brohde@rohdelaw.com
Robert E. Rohde, Esq.
Rohde & Van Kampen
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154

1  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on May 19, 2008.

2

3  ____/s/_____
Meena Dalluge