J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone:  (775) 327-3000
Facsimile:   (775) 786-6179
speek@halelane.com; jsnyder@halelane.com;
alang@halelane.com; sbiornstad@halelane.com

Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone:  (202) 429-3000

Attorneys for eTreppid Technologies, LLC and Warren Trepp

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT COURT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust, | Case No. 3:06-CV-00056-PMP-VPC<br>**Base File** |
| Plaintiffs, | 3:06-CV-00145-PMP-VPC |
| vs. | |
| ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA; and DOES 1 through 10, | **ETREPPID TECHNOLOGIES, L.L.C.'S AND WARREN TREPP'S MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH MAY 21, 2008 ORDER** |
| Defendants. | |
| AND RELATED CASE(S) | |

eTrepppid Technologies, L.L.C. and Warren Trepp (hereinafter referred to collectively as "eTreppid") hereby file their Motion for Sanctions for Failure to Comply with May 21, 2008 Order. This Motion is supported by the following points and authorities, and all papers and pleadings filed herein.

## I. INTRODUCTION

On four occasions, this Court has ordered Plaintiffs (collectively, "Montgomery") to produce documents in response to eTreppid's discovery requests. Most recently, on May 21, 2008, this Court ordered Montgomery to produce documents responsive to a number of eTreppid's discovery requests no later than Friday, May 23, 2008, or in the event that responsive documents were in the possession of Opspring, LLC, Monday, May 26, 2008. Montgomery has, in large part, once again disregarded this Court's orders requiring him to produce these documents. Although Montgomery has provided approximately 350 pages of hard copy documents and one unreadable hard drive in response to this Court's order, he has failed to provide a number of documents that this Court specifically ordered him to provide.

Most surprisingly, Montgomery has failed to provide a copy of the Len Gloguaer email, which he previously provided to the *Wall Street Journal*. Montgomery has been aware, for several months, that eTreppid vigorously contests the authenticity of this document. Montgomery has been aware – for several months – that this Court ordered him to provide this email. Indeed, the Court has specifically questioned Montgomery's counsel as to the location of this email. Nonetheless, instead of providing a native format copy of this email, Montgomery's counsel now asserts that "the hard drive with the Glogauer email on it is not in Montgomery's possession." Counsel for Montgomery further stated that Montgomery would advise, on Tuesday, May 27, as to when this email would be provided. As of the time of filing this pleading, Montgomery has not advised eTreppid of any such arrangements. The bad faith shown by Montgomery's refusal to provide this document, even after he was specifically ordered to do so, is astonishing.

Montgomery was first ordered to produce these documents on February 21, 2008, more than three months ago. His abject refusal to comply with a series of court orders requiring the production of these documents is not excusable, and at this point can only be viewed as intentional. Accordingly, eTreppid requests that this Court sanction Montgomery for his non-compliance with Court orders by (1) striking Montgomery's complaint in this matter, (2) striking Montgomery's response to eTreppid's counterclaim, and (3) awarding eTreppid's costs in bringing the present motion.

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

## II. STATEMENT OF FACTS

On February 21, 2008, this Court granted eTreppid's Motion to Compel, and ordered Montgomery to provide a number of documents in response to eTreppid's requests for production by March 14, 2008. Montgomery refused to provide the subject documents, and instead filed an objection to this Court's February 21, 2008 Order and a motion to stay that Order. On March 19, 2008, this Court affirmed its February 21, 2008 Order. However, Montgomery did not comply and continued to refuse to produce most of the subject documents. eTreppid subsequently filed a motion for sanctions. On May 7, 2008, this Court entered an order granting in part eTreppid's motion for sanctions, and ordered Montgomery to produce the following documents on or before May 19, 2008:

- "Documents relating to eTreppid's technology, including white papers, power point presentations, marketing documents, and correspondence with potential customers;"
- "Documents relating to any attempt by the Montgomery parties to license, sell, or distribute any technology in the fields of data compression, pattern recognition, object tracking, or anomaly detection between January 18, 2006 and the present;"
- "Documents that the Montgomery parties provided to the *Wall Street Journal*, as well as any other reporters or media organizations, which discuss or refer to Mr. Trepp, eTreppid, or Jim Gibbons;"
- "Photocopies of the faces of *all* CDs seized during the FBI's March 2006 search of the Montgomery residence and storage units and a copy of any CD seized by the FBI and marked as an 'eTreppid CD.'" (emphasis added).

May 7, 2008 Order (Document 582) at p. 6:1-12.

Montgomery again failed to produce documents responsive to this Order, and instead filed an "Emergency Motion" requesting a hearing regarding Montgomery's attempts to produce documents in a manner complying with the United States Protective Order. On May 21, 2008, this Court heard Montgomery's Emergency Motion. At the conclusion of this hearing, the Court ordered as follows:

> 2) Mr. Montgomery shall comply with this Court's May 7, 2008 order (#582) and produce documents described more fully on page 6, lines 1-12 (item numbers 1-4) no later than **Friday, May 23, 2008**; however, to the extent Mr. Montgomery has a good faith belief that documents responsive to this request may be subject to the United States protective order, production is deferred until after Mr. Montgomery's meeting with

Government officials next week.

3) Ms. Klar, counsel for the Montgomery Parties, advises the Court that she is awaiting production of certain responsive documents from Opspring, LLC; therefore, production of these documents is deferred until **Monday, May 26, 2008**; and

4) Mr. Montgomery shall provide the [Len] Glogauer emails as part of this document production no later than **Friday, May 23, 2008**, and these documents shall be produced in PST or native format.

Since the Court entered this Order, Montgomery has produced a total of 350 pages of paper documents, and a hard drive which was not readable. Montgomery asserts that the hard drive contains documents relating to eTreppid's technology which were created prior to December 31, 2002. Attached hereto as **Exhibits 1-6** is a series of letters and emails enclosing these documents.

Despite the fact that Montgomery has produced some additional documents, his most recent attempts to provide responsive documents fall far short of what this Court required.

<u>Montgomery Has Failed to Provide Documents Relating to eTreppid's Technology</u>

Montgomery has not yet provided any documents responsive to eTreppid's request for "documents relating to eTreppid's technology, including white papers, power point presentations, marketing documents, and correspondence with potential customers." On Friday, May 23, 2008, Montgomery delivered a hard drive to eTreppid allegedly containing documents created prior to December 31, 2002 which relate to eTreppid's technology. However, this hard drive was not readable. eTreppid advised Montgomery of this fact on Saturday, May 24, 2008.[1] In response, Montgomery acknowledged that "a problem was identified in the other forensic copies of the drive," and agreed to provide a replacement hard drive on Tuesday, May 27, 2008. **Exhibit 4.**

Even if Montgomery had provided a hard drive which was readable, the documents which Montgomery claims exist on that hard drive – i.e., documents created prior to December 31, 2002 – are not a sufficient response to eTreppid's request or this Court's Order. It is simply not credible that Montgomery can have a good faith belief that every document created after December 31, 2002, which relates to eTreppid's technology contains information subject to the United States Protective Order.

---

[1] As eTreppid has pointed out before, it is ironic that Montgomery is obliged now to provide documents that relate to eTreppid's technology on a hard drive, given that Montgomery previously took the position that he did not take "files or hard drives, or anything from eTreppid."

Montgomery worked at eTreppid for seven years, working full time as eTreppid's Chief Technology Officer, responsible for the development of all of eTreppid's technology. Many of these years predate any governmental contracts, and therefore could not contain information subject to the United States Protective Order. Moreover, in the three months since Montgomery was first ordered to produce these documents, he has apparently made no attempt to segregate responsive documents that may be subject to the United States Protective Order. Instead, notwithstanding clear direction from the Court, Montgomery implicitly makes the broad assertion that any document created after December 31, 2002 could contain classified information, and on that basis, he has refused to comply with the Court's most recent May 21, 2008 Order, and has once again failed to provide such documents. Accordingly, Montgomery has failed to provide documents that are responsive to eTreppid's request and this Court's Order

<u>Montgomery Has Failed to Provide All Documents Relating to His Attempts to Market the Subject Technology</u>

Montgomery has also failed to provide all documents "relating to any attempt by the Montgomery parties to license, sell, or distribute any technology in the fields of data compression, pattern recognition, object tracking, or anomaly detection between January 18, 2006 and the present." Montgomery has provided some documents relevant to this request, including documents memorializing an employment contract between Opspring and Montgomery through which Opspring agreed to pay Montgomery an annual salary of $1.2 million and copies of emails exchanged between Montgomery's former counsel, Michael Flynn, and counsel for Opspring. However, Montgomery has not produced any emails or other correspondence between himself, on one hand, and Opspring, Blixseth, Sandoval, or any third party, on the other. In addition, Montgomery has not provided any pay stubs or bank statements which show payments made by these entities to him. These omissions are intentional and strain credibility. It is simply inconceivable that Montgomery entered into a contract through which he was paid $1.2 million per year without any emails or correspondence being exchanged relating to the nature of Montgomery's skills or the type of technology software that Montgomery was licensing to Opspring. There is no correspondence discussing the market for the subject technology or how Opspring would use the subject technology. There is no correspondence

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

through which Montgomery describes the difference between the technology that he claims as belonging to him and that belonging to eTreppid. It defies all reason to think that Montgomery has produced all documents that this Court ordered him to produce.

Moreover, Montgomery's former counsel, Michael Flynn, has stated, in a sworn declaration filed with this Court (Document 547), that Blixseth and Klar are currently engaged in an effort to destroy emails relating to the relationship between Blixseth, Opspring, and Montgomery. April 24, 2008 Flynn Declaration at 49:6-23. Accordingly, there are substantial reasons to believe that a large number of emails between Montgomery and these other parties exist, but have not been produced by Montgomery.

The reason for Montgomery's refusal to provide these documents is obvious. If produced, these documents will show that Montgomery has violated the preliminary injunction in this matter by selling and attempting to sell the technology at issue in this case to third parties. These communications, which this Court ordered produced, are likely to contain information showing that Montgomery sold the subject technology to Opspring, Sandoval, and/or Blixseth. As such, they are directly relevant to essential issues in this case, and Montgomery's refusal to provide them is highly prejudicial.

<u>Montgomery Has Failed to Produce All Documents Provided to the News Media</u>

Montgomery has provided 119 pages of documents which he claims constitute documents "relating to communication with the media." **Exhibit 1.** This production simply cannot contain all documents provided to the media.

In a November 1, 2006 *Wall Street Journal* story, a true and correct copy of which is attached hereto as **Exhibit 7**, reporter John Wilke refers to a number of documents which Montgomery provided to the *Wall Street Journal*, but which have not been produced. For instance, Wilke cites a letter to Montgomery from a top Air Force Lawyer, a memo from a Gibbons Staff member to an eTreppid executive, an email from eTreppid's "then-lobbyist," and a number of other emails. None of these documents, which could only have come to the *Wall Street Journal* from Montgomery, has been produced.

In a February 15, 2007 *Wall Street Journal* story, a true and correct copy of which is attached

hereto as **Exhibit 8**, reporter John Wilke refers specifically to a September 25, 2003 email from Len Glogauer to Warren Trepp. Indeed, this Court ordered Montgomery to produce this email in its native format. However, Montgomery has not produced even a copy of this email. Wilke also refers to a March 22, 2005 email between Jale Trepp and Warren Trepp. Montgomery has not produced a copy of this email. Moreover, Wilke states in this same article that "[t]he eTreppid emails include dozens to and from then Rep. Gibbons." Montgomery has not produced these "dozens" of emails.

Moreover, in a May 11, 2007 report on MSNBC's *Countdown with Keith Olbermann*, reporter Lisa Myers states that "Montgomery has provided NBC with hundreds of e-mails, he says, from Trepp's computer." A true and correct copy of a transcript of this report, printed from the MSNBC website at http://www.msnbc.msn.com/id/18659202/, is attached hereto as **Exhibit 9**. Nonetheless, Montgomery has not produced these "hundreds of e-mails," as was required by this Court's Orders of February 21, March 19, May 7, and May 21, 2008.

Astonishingly, Montgomery's counsel now asserts that Montgomery was unable to provide a native format copy of the Len Glogauer email within the deadline imposed by this Court because "[t]he hard drive with the Glogauer email in native form is not in Mr. Montgomery's possession." **Exhibit 10.** Montgomery has long maintained that this email is an essential component of the case, as it shows malfeasance on the part of Trepp in securing government contracts. Nonetheless, he now apparently admits that he has spoliated the subject evidence by failing to maintain a native format copy of this email in his own records.

### Montgomery Has Failed to Provide Photocopies of the Faces of CDs Returned by the FBI

As eTreppid has previously shown, the FBI returned 169 CDs to Montgomery. Montgomery was ordered to provide photocopies of the faces of all of these CDs. However, he has so far provided photocopies of the faces of only 58 CDs in total. Montgomery's counsel now asserts that the faces of the remaining 111 CDs contain information that may be subject to the United States Protective Order. **Exhibit 10.** This contention, made to avoid compliance with this Court's previous orders, is demonstrably false.

On March 19, 2007, Montgomery filed an Opposition to eTreppid's Motion for a Temporary Restraining Order. Attached as Exhibit 7 to that Motion was a photograph of a series of CDs which

Montgomery describes, in his March 19, 2007 pleading, as an "FBI Inventory Picture." Opposition to Motion for Temporary Restraining Order at 20:23-27. This FBI inventory picture shows approximately 16 CDs, but only the faces of some are legible. A true and correct copy of this photograph is attached hereto as **Exhibit 11.** These CDs include, *inter alia,* a CD marked "DEO XYZ Data," a CD marked "Warren Old eMail," a CD marked "Voice Messages 12/03-07/04," and a CD marked "eTreppid Technologies, LLC Dennis Backup." Notably, these CDs were in the FBI's possession for several months. The FBI photographed the CDs and has prepared an inventory of these items. At no time has the United States asserted that any information contained on the face of these CDs falls within the scope of the State Secrets privilege.

The faces of the CDs depicted in Montgomery's March 19, 2007 pleading clearly do not contain information that is subject to the United States Protective Order; the United States has not redacted any of the information in this exhibit, even though it has been filed publicly for more than one year. Nonetheless, despite being specifically ordered to do so, Montgomery has not provided copies of the faces of these CDs. Obviously, the fact that Montgomery has not provided photocopies of the faces of these particular CDs, which are clearly not subject to the United States Protective Order, strongly suggests that he is acting in bad faith by asserting that 111 CDs that he has not yet produced may contain information that is subject to the United States Protective Order.

Incredibly, Montgomery's counsel has specifically stated that Montgomery does not now have possession of one of the CDs that was clearly depicted in Montgomery March 19, 2007 pleading. In an email dated May 24, 2008 (a true and correct copy of which is attached hereto as **Exhibit 12**), Ms. Klar states that "I do not believe that Dennis has the CD marked Warren's Old Email." Montgomery previously asserted that this CD was in the FBI's possession. The 169 CDs that the FBI seized were returned to Montgomery by early April 2007. If this CD is not in Montgomery's possession, then Montgomery has deliberately spoliated significant evidence in this case.

Accordingly, the evidence shows that Montgomery has utterly failed to provide a substantial number of documents which he was ordered to produce. Montgomery's failure to provide this information, after being ordered to do so on four separate occasions, is simply outrageous. Accordingly, eTreppid respectfully requests that this Court sanction Montgomery for his failure to

provide responsive documents.

### III. ARGUMENT

#### Montgomery Should Be Subject to Terminating Sanctions

The Ninth Circuit has held that terminating sanctions may be appropriate where a party has acted with "willfulness, bad faith, and fault" in failing to comply with a court order requiring discovery. *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). In determining whether terminating sanctions are appropriate, the Court should consider five factors:

- The public's interest in expeditious resolution of litigation;
- The court's need to manage its dockets;
- The risk of prejudice to the party seeking sanctions;
- The public policy favoring disposition of cases on their merits; and
- The availability of less drastic sanctions.

*Id.*

In the present case, these factors strongly militate in favor of the imposition of terminating sanctions. This case was initiated in January 2006. Since that time, Montgomery has provided virtually no meaningful discovery responses, and has provided only a small handful of non-public documents. Even though the discovery stay was lifted in November 2007, Montgomery still has not produced any of the key documents in this case, even though this Court has ordered him to do so on four occasions. Given this background of deliberate delay in the discovery process, Montgomery's outright refusal to comply with this Court's Order of February 21, 2008 is clearly just one more attempt to delay the expeditious resolution of this litigation.

The second factor also militates in favor of imposing terminating sanctions on Montgomery. This Court has devoted a tremendous amount of time to this case already. Indeed, Magistrate Cooke has held monthly status conferences to encourage the expeditious resolution of discovery disputes. The February 21, 2008 Order requiring Montgomery to produce documents in response to eTreppid's discovery demands was issued as a result of one such status conference. By willfully disregarding that order as well as three subsequent orders also requiring Montgomery to produce these documents,

Montgomery has demonstrated a certain contempt for the effort that this Court is devoting to the management of this case, as well as the Court's authority over this process. Thus, Montgomery's refusal to comply with this Court's February 21, 2008, March 19, 2008, May 7, 2008, and May 21, 2008 Orders undermines this Court's ability to manage its docket.

Montgomery's refusal to provide the requested documents causes significant prejudice to eTreppid. Montgomery has simply failed to provide virtually any documents which relate to his and eTreppid's respective claims and defenses. Even though the discovery cutoff in this matter is rapidly approaching, eTreppid has been utterly unable to evaluate the extent to which documents in Montgomery's possession, custody, and control relate to the facts at issue in this case. eTreppid has been unable to prepare to depose relevant witnesses because Montgomery has refused to provide documents needed to prepare for such depositions. In particular, eTreppid has been unable to thoroughly evaluate the following issues because Montgomery has refused to provide the ordered discovery:

- eTreppid has been unable to conduct discovery as to its claim for misappropriation of trade secrets because Montgomery has refused to provide documents evidencing his communications with his current employers, which may very well support eTreppid's claims.

- eTreppid has been unable to evaluate Montgomery's claim that he owns the technology at issue because Montgomery has refused to provide not only the source code for the subject technology, but has also failed to provide any other documents in his possession which may describe the subject technology and the basis for Montgomery's alleged ownership.

The fourth factor, the policy of deciding cases on their merits, likewise militates in favor of the imposition of terminating sanctions. Montgomery's refusal to participate meaningfully in the discovery process has made resolution of this case on the merits virtually impossible. As set forth above, Montgomery continues to refuse to provide information that is absolutely necessary to the ultimate trial of this matter.

Finally, there is no reason to think that a less drastic sanction will have any real effect.

Montgomery has already refused to comply with this Court's four previous orders requiring discovery. Indeed, this Court has already granted eTreppid's request for monetary sanctions, Yet Montgomery has continued to refuse to produce discoverable documents. As a result of those refusals, eTreppid's ability to prepare this case for trial has been significantly hampered. Accordingly, eTreppid respectfully submits that Montgomery's complaint in this matter, as well as his answer to eTreppid's counterclaims, should be stricken and a default judgment should be entered against Montgomery.

In addition, eTreppid requests that it be awarded the costs and attorneys' fees expended in bringing the present motion, in an amount to be determined after the motion has been briefed and argued.

## IV. CONCLUSION

For the foregoing reasons, eTreppid respectfully requests that the present motion be granted.

Dated: May 27, 2008.

/s/
J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile: (775) 786-6179

Reid H. Weingarten, Esq. (D.C. Bar #365893)
Brian M. Heberlig, Esq. (D.C. Bar #455381)
Robert A. Ayers, Esq. (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Attorneys for Plaintiff and Cross-Defendant eTreppid Technologies, L.L.C. and Cross-Defendant Warren Trepp*

# PROOF OF SERVICE

I, Paul D. Cain, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Hale Lane Peek Dennison and Howard.  My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada  89511**.  I am over the age of 18 years and not a party to this action.  I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On May 27, 2008, I caused the foregoing **ETREPPID TECHNOLOGIES, L.L.C.'S AND WARREN TREPP'S MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH MAY 21, 2008 ORDER** to be:

__X__    filed electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

*Fax No. 775/829-1226*
mgunderson@gundersonlaw.com
Mark H. Gunderson, Ltd.
Mark H. Gunderson, Esq.
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511

*Fax 310/500-3501*
dklar@linerlaw.com; tchisolm@linerlaw.com
Deborah A. Klar, Esq.
Tuneen Chisolm, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

*Fax No. 202/616-8470*
Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC  20044

*Fax 202/616-8470*
Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, DC  20044

*Fax No. 784-5181*
Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV  89501

*Fax No. 775-823-2929*
bpeck@lrlaw.com
Bridget Robb Peck, Esq.
Lewis and Roca, LLP
50 W. Liberty Street, Ste. 410
Reno, Nevada 89501

*Fax No. 206-682-7100*
jbeatty@karrtuttle.com
Jacquelyn A. Beatty, Esq.
Karr Tuttle Campbell
1201 Third Avenue, Suite 2900
Seattle, WA  98101

*Fax No. 206-405-2825*
Robert E. Rohde, Esq.
Rohde & Van Kampen
1001 Fourth Avenue, Suite 4050
Seattle, WA  98154

::ODMA\PCDOCS\HLRNODOCS\749659\1    Page 12f 13

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on May 27, 2008.

_____/s/_____
Paul D. Cain