UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>ETREPPID TECHNOLOGIES, LLC., et al., )<br>)<br>Defendants. )<br>_____ ) | 3:06-CV-0056-PMP (VPC)<br><br>**ORDER TO SHOW CAUSE** |

### I.   Procedural History

This order to show cause follows a series of discovery disputes, and the court summarizes the events preceding up to the issuance of this order.

The origins of this discovery dispute date back to August 2006 when defendants, eTreppid Technologies and Warren Trepp ("eTreppid"), sent a first request for production of documents ("RFP-1") to the plaintiffs, Dennis Montgomery and the Montgomery Family Trust ("Montgomery parties"). Before they could respond, this court issued an order staying all discovery pending disposition of the related search warrant proceeding (#84). In the fall of 2007, discovery resumed, and the Montgomery parties responded to RFP-1; however, a dispute arose concerning those responses. In November 2007, eTreppid sent the Montgomery parties a second request for production of documents ("RFP-2"), and they responded in January 2008. eTreppid also found these responses deficient and filed a motion to compel as to both RFP-1 and RFP-2 (#431).

On February 21, 2008, this court held a discovery status conference and granted in part and denied in part, eTreppid's motion to compel production of documents (#448). In summary, the court ordered the Montgomery parties to produce the following documents no later than Friday, March 14, 2008:

> 1.   Documents relating to eTreppid's technology, including white papers, power point presentations, marketing documents and correspondence with potential customers;

    2.    Documents relating to any attempt by the Montgomery parties to license, sell, or distribute any technology in the fields of data compression, pattern recognition, object tracking, or anomaly detection between January 18, 2006 and the present;

    3.    Documents that the Montgomery parties provided to the *Wall Street Journal*, as well as any other reporters or media organizations, which discuss or refer to Mr. Trepp, eTreppid, or Jim Gibbons; and

    4.    Photocopies of the faces of all CDs seized during the FBI's March 2006 search of the Montgomery residence and storage units and a copy of any CD seized by the FBI and marked as "eTreppid CD."

(#448; *see also* #582).

On March 6, 2008, the Montgomery parties filed a paper styled as an objection *and* request for reconsideration of and notice of motion to modify Magistrate Judge's order (#460), which asked for mutually exclusive forms of relief: an order from the District Court overruling the order, but also for reconsideration of this court's order. The Montgomery parties failed to obtain a stay of this court's order prior to the March 14, 2008 court-ordered deadline for production of the documents, and the District Court ultimately affirmed this court's February 21, 2008 order (#480). In response to those orders, the Montgomery parties produced eighteen pages of documents and after further attempts to meet and confer, eTreppid filed a motion for sanctions for the Montgomery parties' failure to comply with this court's orders (#482).

On May, 7, 2008, this court granted in part and denied in part eTreppid's motion for sanctions (#582). The court found that in light of the Montgomery parties' chronic pattern of abusive discovery tactics, sanctions were warranted. In addition to granting monetary sanctions for the Montgomery parties' failure to comply with the February 21, 2008 order, the court once again ordered the Montgomery parties to produce "every single document" already earlier ordered by the court and that they do so no later than Monday, May, 19, 2008. *Id.*

The Montgomery parties did not do so; instead, they filed a document on May 14, 2008, entitled "emergency request by Montgomery parties for status conference to address the Montgomery parties' compliance with the court's May 7, 2008 order" (#604). Although the Montgomery parties filed this motion at 3:45 p.m. on Wednesday, May 14, 2008, and requested a hearing at 1:30 p.m. the following

day, they gave the court clerk no notice that they had even filed the motion. The court only learned of the motion during the noon hour the following day when eTreppid's counsel telephoned the court's chambers to ask whether the 1:30 p.m. hearing that afternoon would proceed. Apart from the lack of any request to the court for the emergency hearing on less than a day's notice, the court and its deputy court clerk were attending the annual District Court Conference that day and were unavailable.

The court ordered a hearing on shortened time for Wednesday, May 21, 2008 (#608 & #609), and allowed eTreppid and counsel for the United States an opportunity to respond, which they did (#s 611 & 615). The court will not recount all of the details of the hearing, but notes that the Montgomery parties' failure to respond to the May 7, 2008 order is the subject of another eTreppid motion for sanctions (#615). Ms. Klar, counsel for the Montgomery parties, filed papers with the court representing that there were between 700,000 to 1.5 million potentially responsive documents (#604), and during oral argument, she represented there were anywhere from three to four million documents possibly responsive to these document production requests. In light of the longstanding nature of these discovery requests, the court asked Ms. Klar when Mr. Montgomery had begun compiling documents responsive to RFP-1 and RFP-2, and she responded that Mr. Montgomery began an actual review of documents within the weeks just prior to the May 21, 2008 hearing. *See* #641, Transcript of May 21, 2008 hearing at page 17:3-25; 18; 19; 20:1.

After hearing arguments from counsel concerning the Montgomery parties' failure to comply with the court's February 21, 2008 order (#448), the District Court's March 19, 2008 order (#480), and this court's May 7, 2008 order (#582), the court ordered as follows:

    1.    Counsel for Mr. Montgomery and the United States have agreed that Mr. Montgomery shall travel to Washington, D.C. the week of May 26, 2008, to meet with government officials to discuss the scope of the United States protective order and any nondisclosure agreements Mr. Montgomery has executed. Counsel for these parties placed on the record their agreement concerning a written summary of that meeting;

    2.    Mr. Montgomery shall comply with this court's May 7, 2008 order (#582) and produce all documents described more fully on page 6, lines 1-12 (item numbers 1-4) no later than Friday, May 23, 2008; however, to the extent Mr. Montgomery has a good faith belief that documents responsive to this request may be subject to the United States protective order, production is

                deferred until after Mr. Montgomery's meeting with government officials next week;

    3.    Ms. Klar, counsel for the Montgomery parties, advises the court that she is awaiting production of certain responsive documents from Opspring, LLC; therefore, production of these documents is deferred until Monday, May 26, 2008; and

    4.    Mr. Montgomery shall produce the Glen Glogauer emails as part of this document production no later than Friday, May 23, 2008, and these documents shall be produced in PST or native format.[1]

(#628).

## II. eTreppid's Motion for Sanctions for Failure to Comply with May 21, 2008 Order (#634)

On May 27, 2008, eTreppid filed its motion for sanctions on the ground that the Montgomery parties failed to comply with this court's May 21, 2008 order (#634). Etreppid now reports that Mr. Montgomery produced only 350 pages of paper documents and one hard drive, which is not readable. *Id.* eTreppid further reports that even if the hard drive were readable, the documents he claims exist on the hard drive – documents created prior to December 31, 2002 – do not sufficiently respond to the court-ordered discovery responses. *Id.* eTreppid surmises that Mr. Montgomery takes the position that all documents created after December 31, 2002, are subject to the United States protective order. *Id.* Similarly, eTreppid contends that documents produced relating to Mr. Montgomery's attempts to market the disputed technology also fall short of what was ordered to be produced. *Id.* As to photocopies of the faces of the CDs that the FBI returned, Mr. Montgomery responded that the remaining CDs may be subject to the United States protective order. *Id.* Finally, Mr. Montgomery failed to produce the Glen Glogauer email and produced only 119 pages of documents relating to communications with the media, which eTreppid claims is far short of the hundreds of emails that were reportedly given to the media. *Id.*

///
///
///

---

[1] With respect to production of documents provided to the *Wall Street Journal*, as well as any other reporters or media organizations, which discuss or refer to Mr. Trepp, eTreppid, or Jim Gibbons, Ms. Klar stated at the hearing that her law firm had those documents, that they should have been produced, and that she would insure they were produced on May 23, 2008.

4

### III. Conclusion

This court construes eTreppid's motion for sanctions (#634) as a motion for order to show cause why the Montgomery parties should not be held in contempt of court for their failure to abide by this court's order of May 21, 2008 (#628).

**IT IS HEREBY ORDERED** that the Montgomery parties shall have leave to respond to eTreppid's motion (#634) no later than **Tuesday, June 3, 2008, 5:00 p.m., P.D.T.,** and eTreppid may file its reply no later than **Friday, June 6, 2008, 5:00 p.m., P.D.T.**

**IT IS FURTHER ORDERED** that there shall be a hearing on the motion for order to show cause on **Tuesday, June 10, 2008, at 9:00 a.m.**

**IT IS FURTHER ORDERED** that Dennis Montgomery shall appear **in person** and be prepared to testify at this hearing, and he shall bring with him all documents and/or tangible things (including hard drives) ordered to be produced pursuant to this court's May 21, 2008 order, its May 7, 2008 order, and its February 21, 2008 order.  Mr. Montgomery's failure to appear in person and/or failure to bring all documents and/or tangible things as set forth above may result in sanctions, including but not limited to, dismissal of the Montgomery parties' complaint and entry of a default in favor of eTreppid on its counterclaims.

**IT IS FURTHER ORDERED** that Deborah Klar, Esq., counsel for the Montgomery parties, shall appear in person for this hearing.

**IT IS FURTHER ORDERED** that counsel for the United States shall file a report with the court no later than **Friday, June 6, 2008, 5:00 p.m. P.D.T.,** to verify that Mr. Montgomery met with representatives of the United States as set forth in the May 21, 2008 order, and to report on the outcome of that meeting to the extent not prohibited by the United States protective order, as well as any other matters deemed relevant to the show cause hearing.

///
///
///
///
///

**IT IS FURTHER ORDERED** that if counsel for the United States requests an *in camera* meeting with the court prior to the June 10, 2008, hearing to discuss matters related to the United States protective order and the Montgomery parties' document production, counsel shall file a request for such meeting no later than **Wednesday, June 4, 2008, 5:00 p.m. P.D.T.** so that arrangements can be made for a meeting in advance of the show cause hearing.

**IT IS SO ORDERED.**

**Dated: May 29, 2008.**

_____
UNITED STATES MAGISTRATE JUDGE