# Index of Exhibits

Exhibit "1"    Declaration of Deborah A. Klar
               Fax dated June 2, 2008 from Carlotta Wells

Exhibit "2"    Declaration of Dennis Montgomery

**EXHIBIT 1**

Mark H. Gunderson, Esq. (SBN: 2134)
Catherine A. Reichenberg, Esq. (SBN: 10362)
GUNDERSON LAW FIRM
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511
Telephone: (775) 829-1222
Facsimile: (775) 829-1226

Deborah A. Klar, Esq. (SBN: CA 124750)
Tuneen E. Chisolm, Esq. (SBN: CA 211741)
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501
ADMITTED PRO HAC VICE

Attorneys for DENNIS MONTGOMERY, the
MONTGOMERY FAMILY TRUST, EDRA BLIXETH, and
OPSPRING LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE, <br><br> Defendants. <br><br> AND RELATED CASES. | Case No. 3:06-CV-00056-PMP-VPC BASE FILE <br><br> (Consolidated with Case No. 3:06-CV-00145-PMP-VPC) <br><br> **DECLARATION OF DEBORAH A. KLAR IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION REQUESTING DELAY IN HEARING OR IN THE ALTERNATIVE, RELIEF FROM THE REQUIREMENT THAT MONTGOMERY BRING HARD DRIVES CONTAINING POTENTIALLY PRIVILEGED INFORMATION** |

DECLARATION OF DEBORAH A. KLAR

0039641/001/ 395655v01

## DECLARATION OF DEBORAH A. KLAR

I, Deborah A. Klar, declare and state as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am a partner of the law firm of Liner Yankelevitz Sunshine & Regenstreif LLP, counsel of record for Dennis Montgomery, the Montgomery Family Trust, Edra Blixseth, and Opspring LLC in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Attached hereto as Exhibit 1 is a true and correct copy of an e-mail that I received from Carlotta Wells on June 2, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 5, 2008.

*/s/ Deborah A. Klar*
Deborah A. Klar

**Deborah A. Klar**

From: Wells, Carlotta (CIV) [Carlotta.Wells@usdoj.gov]
Sent: Monday, June 02, 2008 1:15 PM
To: Deborah A. Klar; Tuneen E. Chisolm
Cc: Gomez, Raphael (CIV)
Subject: Meeting

**Deborah--**

**I apologize for not calling you back. We should be ready to discuss parameters for the meeting shortly after 3:00 pm pdt.**

**On another issue, we have been requested to inform Mr. Montgomery that he should not bring with him any samples of information that he believes may be covered by the US protective order or the NDA to the meeting on Wednesday. As you know, he is not authorized to transport such information.**

**Carlie**

**EXHIBIT 2**

1  Mark H. Gunderson, Esq. (SBN: 2134)
   Catherine A. Reichenberg, Esq. (SBN: 10362)
2  GUNDERSON LAW FIRM
   5345 Kietzke Lane, Suite 200
3  Reno, Nevada 89511
   Telephone: (775) 829-1222
4  Facsimile: (775) 829-1226

5  Deborah A. Klar, Esq. (SBN: CA 124750)
   Tuneen E. Chisolm, Esq. (SBN: CA 211741)
6  LINER YANKELEVITZ
   SUNSHINE & REGENSTREIF LLP
7  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
8  Telephone: (310) 500-3500
   Facsimile: (310) 500-3501
9  ADMITTED PRO HAC VICE

10 Attorneys for DENNIS MONTGOMERY, the
   MONTGOMERY FAMILY TRUST, EDRA BLIXETH, and
11 OPSPRING LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>Defendants.<br><br>AND RELATED CASES. | Case No. 3:06-CV-00056-PMP-VPC<br>BASE FILE<br><br>(Consolidated with Case No. 3:06-CV-00145-PMP-VPC)<br><br>**DECLARATION OF DENNIS MONTGOMERY IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION REQUESTING DELAY IN HEARING OR IN THE ALTERNATIVE, RELIEF FROM THE REQUIREMENT THAT MONTGOMERY BRING HARD DRIVES CONTAINING POTENTIALLY PRIVILEGED INFORMATION** |

## DECLARATION OF DENNIS MONTGOMERY

I, Dennis Montgomery, declare as follows:

1.  I am a party to this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.  I believe that the storage media that are the subject of the Court's May 29, 2008, Order to Show Cause contain a mix of classified and unclassified materials. I have been instructed by the Government that I am not authorized to transport storage media (including hard drives) that I believe may contain classified material. It is therefore impossible for me to comply with both the provision of the Court's Order requiring me to bring hard drives with me to this Court's June 10 hearing and also the Government's instructions to me not to transport storage media containing classified information. I can comply with the Court's Order or the Government's instruction, but not both.

3.  To solve this problem for the earlier production, I provided files that I was confident contained no classified material. Potentially classified work with the Government did not begin until 2003. Therefore, I was confident that any file older than that could not contain classified information. I searched for and copied all such files from my original storage media to new media and produced the copies.

4.  Unfortunately, it is physically impossible for me to complete a similar process for the post-2003 files in time for the June 10 hearing. Indeed, for the reasons I describe below, until I speak with the Government, I cannot predict how long it will take me to complete the process for those files.

5.  My storage media are located in California and contain approximately 2.87 million files. To identify which of these files contain classified material, so that they must be removed from the copies, I must run searches using terms provided by representatives of the Government.

6.  The Government is not willing to discuss this subject matter via telephone or e-mail. Indeed, the only way in which the Government will discuss this subject matter is in person, in a location in or near Washington, D.C., that the Government believes is sufficiently secure. Thus, I

Error! Unknown document property name./Error! Unknown document property name./ Error! Unknown document property name.vError! Unknown document property name.

1  plan to fly to Washington, D.C., to obtain the search terms from the Government. The Government
2  has scheduled that meeting for June 6, and I will attend.

3      7.    The Government will not permit me to transport any classified material. It is also
4  my understanding that the Government will not permit anyone but me to work with storage media
5  containing potentially classified material. I have not been permitted to share these media with my
6  attorneys in this action. As a result, I understand that I must personally implement any searches the
7  Government wishes me to perform in order to find classified material, and I cannot start the process
8  until I return to California from my June 6 meeting.

9      8.    I estimate that searching for even a single term will take approximately 60 hours. I
10 start the process by transferring the files from the original storage media to a larger and more
11 modern drive. This transfer speeds the process, because the step of the search process that causes a
12 bottleneck is the speed and frequency of transfers between the storage media and the computer's
13 working memory. The more transfers that are necessary, and the slower each transfer occurs, the
14 longer the search process will take.

15     9.    To visualize why the search process in this case takes so long, an analogy is helpful.
16 Imagine that you must add up a long column of numbers and that all of your work must be done on
17 a desk top. (The desk top is analogous to the computer's working memory.) If you must add only
18 a few thousand numbers, then your desk top has enough room for all of the numbers, for the paper
19 on which you are performing the addition, and for any scratch paper you might need. Then you can
20 quickly perform the required addition without ever leaving your desk. On the other hand, if you
21 must add millions of numbers, you will have no choice but to shuttle back and forth thousands of
22 times between your desk and the file room (analogous to the storage media) clearing one set of
23 numbers from the desk to make room for the next set. This shuttling process is much slower than
24 the addition process. Using more modern storage media helps because it is analogous to hiring a
25 more efficient file room staff that can respond more quickly to requests.

26     10.    I am using the Windows XP Pro search utility to perform my search. This utility
27 was designed to search thousands of files, not millions. Thus, the system frequently finds itself
28

3
DECLARATION OF DENNIS MONTGOMERY

needing to "swap" data between working memory (the desk top) and the storage media (the file room). These frequent swaps slow the search process down tremendously.

11. Also, the number of files presented to the search utility causes it to crash frequently. Returning to the desk top analogy, imagine that the desk top became so crowded that one of the papers with numbers to be added fell on top of your scratch paper. When it comes time to return the papers to storage, you will discover that your scratch paper is missing. You will know that an error has occurred, but you won't know precisely where. Under these circumstances, the system will crash. When I last ran a search of these files, the system crashed roughly 8-10 times before the search concluded.

12. If I happen to be physically present when a crash occurs, I can restart the search promptly. However, I cannot monitor the process 24 hours a day. If a crash occurs while I am attending to other business or sleeping, the computer sits idle until I return to restart the process. That is the basis for my estimating that a single search would require 60 hours to complete.

13. Moreover, I cannot rely entirely on the search process because it will result in both false positives and false negatives. A false positive is a file identified by the search that does not, in fact, contain classified information. If I cannot eliminate false positives, I cannot represent to the Court that I have, in fact, produced all of the files that do not contain classified information. A false negative is a file that is <u>not</u> picked up by the search that, nonetheless, contains classified information. If I cannot eliminate false negatives, I cannot assure the Government that I have complied with its requirement that I not transport classified information.

14. To explain how false positives can occur, assume that one of the search terms given to me by the Government is the acronym "MBA." Then in addition to identifying all files that use the term "MBA," the search will also pick up files that refer to the "ruMBA" and files that discuss "luMBAgo." I will have to manually inspect the search results to weed out these false positives and restore them to the files to be produced. Based on my knowledge of the contents of the files and the terms I expect to be asked to search, I anticipate that there will be a substantial number of false positives.

4

DECLARATION OF DENNIS MONTGOMERY

Error! Unknown document property name./Error! Unknown document property name./ Error! Unknown document property name.vError! Unknown document property name.

15. To explain how false negatives can occur, it is necessary to understand that the search utility searches only text, not images. Thus, the search utility could review the contents of a page maintained in Word format, but not a photograph of the same page maintained in, say, TIF format. Approximately half of the 2.87 million files that must be searched are image files. Many of them have watermarks with text, and I anticipate that the text will or may include terms that the Government will ask me to include within my search. The only way for me to detect and remove these "false negatives" from production is to manually inspect each and every image file.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 5, 2008.

*/s/ Dennis Montgomery*

5

DECLARATION OF DENNIS MONTGOMERY

Error! Unknown document property name./Error! Unknown document property name./ Error! Unknown document property name.vError! Unknown document property name.