J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada   89511
Telephone:   (775) 327-3000
Facsimile:    (775) 786-6179
speek@halelane.com; jsnyder@halelane.com;
alang@halelane.com; sbiornstad@halelane.com

Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
Telephone:  (202) 429-3000

Attorneys for eTreppid Technologies, LLC and Warren Trepp

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT COURT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust, | Case No. 3:06-CV-00056-PMP-VPC **Base File** |
| Plaintiffs, | 3:06-CV-00145-PMP-VPC |
| vs. | |
| ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA; and DOES 1 through 10, | |
| Defendants. | |
| AND RELATED CASE(S) | |

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

**REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE**

Pursuant to this Court's Order of May 29, 2008, eTreppid hereby files its Reply in Support of

Motion for Order to Show Cause.

This Reply is supported by the Following Points and Authorities:

I.    **INTRODUCTION**

After having failed, for several months, to make any effort to produce, or even collect, documents in response to eTreppid's discovery requests – even in the face of multiple court orders requiring production – Montgomery now seeks to avoid further discovery sanctions by asserting that (1) he is unable to produce responsive documents because of limitations imposed by the United States Protective Order; (2) he has already provided responsive documents; (3) he is unable to provide responsive documents because they are in the possession of his former counsel, or (4) he is unable to provide responsive documents because he has misplaced them.

Montgomery's excuses for failing to comply with this Court's orders are unavailing and demonstrate a degree of bad faith that is breathtaking.  As detailed below, Montgomery has failed to produce a number of documents that eTreppid requested, that this Court ordered produced, and that are identifiably within Montgomery's possession, custody, and control.  Montgomery has, in bad faith, refused over and over to comply with this Court's February 21, 2008 order.

Terminal sanctions are appropriate here.  eTreppid has incurred significant prejudice as a result of Montgomery's refusal to provide responsive documents.  The cut-off for fact discovery is set at August 15, 2008.  However, because Montgomery has not provided responsive documents, eTreppid has been unable to even begin to take depositions in this matter.  eTreppid has been unable to probe the basis for Montgomery's claims or defenses in any meaningful way.  Moreover, Montgomery has demonstrated that lesser sanctions simply will not motivate him to participate meaningfully in the discovery process.   Accordingly, eTreppid respectfully submits that this Court should strike Montgomery's answer, counterclaim, and affirmative defenses and enter a default judgment in eTreppid's favor.

II.   **STATEMENT OF FACTS**

    A.    **Montgomery Has Refused to Provide Documents Relating to eTreppid's Technology**

Montgomery first asserts that he has in good faith attempted to comply with this Court's order requiring production of "documents relating to eTreppid's technology, including white papers, powerpoint presentations, marketing documents, and correspondence with potential customers" by

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    providing two hard drives, containing a total of nearly one terabyte of data.  Montgomery asserts that

2    he has only been able to provide documents created prior to December 31, 2002, because documents

3    created later than that may contain information subject to the Untied States Protective Order.

4         As these hard drives were not produced until May 24 and May 27, 2008, eTreppid has not had

5    sufficient time to thoroughly analyze the information contained thereon.  eTreppid hopes to be able to

6    provide additional information relating to what is contained on the subject drives before the hearing

7    scheduled for June 10, 2008.

8         eTreppid's initial review of the hard drives that Montgomery produced shows that these hard

9    drives contained dozens of viruses which, if they had been allowed to infect the networks of eTreppid

10   or of eTreppid's counsel, could have caused significant damage to the network.  Given the fact that (1)

11   anti-virus software is ubiquitous on modern computers, and (2) Montgomery is a self-styled computer

12   scientist who presumably would have the ability to screen these viruses, the fact that viruses existed on

13   the hard drives delivered by Montgomery is further evidence of the bad faith and gamesmanship with

14   which Montgomery has approached his discovery obligations.

15        Moreover, Montgomery continued assertion that files relative to eTreppid may contain

16   classified information is in marked contrast to the position he took during the Buckthorne Lane

17   proceedings, when he asserted that he did not have any classified information in his possession, and no

18   such information was seized by the FBI.  For Montgomery to now claim that he has a good faith belief

19   that every file in his possession which was created from 2003 forward may contain classified

20   information is simply not credible.  As such, Montgomery's claim that his discovery efforts have been

21   slowed by a concern for classified information is yet another instance of bad faith.

22        **B.**    **Montgomery Has Refused to Provide Documents Relating to His Attempts to**

23               **License, Sell, Or Distribute Technology**

24        Montgomery asserts that "the only documents even arguably responsive to this request are

25   agreement [sic] between Opspring and Montgomery."  Montgomery further asserts that he has

26   produced all such documents.  These assertions are both demonstrably false.

27        eTreppid has propounded a number of document requests seeking documents relating to

28   Montgomery's attempts to license, sell or distribute his technology.  Specifically:

::ODMA\PCDOCS\HLRNODOCS\754731\1          Page 3 of 12

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1

2

3

4

- eTreppid's first set of Requests for Production, Requests Nos. 30 and 31 seek all documents relating to any attempt on Montgomery's part to sell, license, distribute, or otherwise exchange for value any interest in software or other technology in the fields of data compression, object tracking, pattern recognition, or anomaly detection.

5

6

7

- eTreppid's Second Set of Requests for Production, Request No. 24, seeks all evidence of payments made to Montgomery by Sandoval, Blixseth, Opspring, AziMyth, or Atigeo.

8

9

- eTreppid's Second Set of Requests for Production, Request No. 25, seeks all contracts between Montgomery and Sandoval, Blixseth, Opspring, AziMyth, or Atigeo.

10

11

12

- eTreppid's Second Set of Requests for Production, Request No. 26, seeks all correspondence or other communications between Montgomery and Sandoval, Blixseth, Opspring, AziMyth, or Atigeo.

13

14

15

- eTreppid's Second Set of Requests for Production, Request No. 27, seeks all evidence of communications between Montgomery and any customer or potential customer of Opspring or AziMyth.

16    In this Court's February 21, 2008 Order, the Court specifically ordered Montgomery to provide

17   documents in response all of the above-cited requests.  Montgomery's claim that the only responsive

18   documents are agreements between himself and Opspring defies both common sense and the text of

19   eTreppid's document requests.  It is clear that Montgomery corresponded with Blixseth via email.

20   Attached hereto has **Exhibit 1** is a copy of an email attached to a pleading filed by Montgomery's

21   former counsel, Michael Flynn.  In this email, Blixseth, apparently anticipating the beginning of a

22   media campaign against Mr. Trepp, advises Montgomery that "the ball will start rolling to expose

23   some things about WT that need to come out."  It is simply inconceivable that this is the only email

24   exchanged between Blixseth and Montgomery.  eTreppid is entitled, by virtue of multiple court orders,

25   to obtain all such emails.  Montgomery's failure to produce them is clearly sanctionable.

26    The Contract between Montgomery and Opspring shows that Opspring agreed to pay

27   Montgomery a salary of $100,000.00 per month to act as its chief scientist.  Surely before entering into

28   an agreement of this magnitude, the parties exchanged emails discussing nature of the technology, the

1    terms of any potential agreement, etc.   However, Montgomery has produced virtually no emails

2    between himself and Sandoval, Blixseth, Opspring, or Atigeo.   Montgomery has failed to provide any

3    communications between himself and any third parties discussing the technology at issue.   Likewise,

4    he has failed to produce any documents evidencing payments that Opspring made to him.

5            Moreover, the documents that Montgomery actually did produce are incomplete on their face.

6    For instance, Montgomery has provided copies of emails exchanged between counsel attaching drafts

7    of agreements.   However, Montgomery has not produced the draft agreements referred to in the subject

8    emails.   At the show cause hearing, eTreppid will demonstrate several instances in which Montgomery

9    has failed to provide documents that are specifically referred to in the documents which he actually did

10   provide.

11           Montgomery cannot avoid his obligation to produce these documents by disingenuously

12   misinterpreting the requests at issue.   eTreppid's document requests and this Court's numerous orders

13   make clear that the scope of documents relating to Montgomery's attempts to sell, license, or distribute

14   the subject technology go far beyond "the agreement [sic] between Opspring and Montgomery."

15   Montgomery's failure to provide documents in response to these requests is not excusable.

16           **C.**     **<u>Montgomery Has Refused to Provide Documents Provided to the Media</u>**

17           Montgomery has on numerous occasions beginning on February 21, 2008, been ordered to

18   provide "documents that the Montgomery Parties provided to the Wall Street Journal, as well as other

19   reporters or media organizations, which discuss or refer to Mr. Trepp, eTreppid, or Jim Gibbons."

20   Montgomery asserts that he has been unable to provide these documents because "as confirmed by the

21   emails produced on May 21 . . . Flynn was the main point person between Montgomery and the

22   media."   This assertion is simply not credible.

23           The Court should note that Montgomery does not support this claim with a declaration stating

24   that he did not provide information directly to the news media.   Instead, Montgomery's counsel simply

25   makes the unsupported assertion that documents produced on May 21, 2008 show that Flynn was the

26   contact between Montgomery and the media.   The first media report of Montgomery's allegations was

27   made in a November 1, 2008 *Wall Street Journal* article authored by John Wilke.   This article contains

28   references to several internal eTreppid emails that could have come only from Mr. Montgomery.

::ODMA\PCDOCS\HLRNODOCS\754731\1          Page 5 of 12

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    Accordingly, before November 21, 2006, Montgomery had provided the subject emails to the *Wall*

2    *Street Journal*.  However, the first communication between Flynn and any reporter, as shown by

3    Montgomery's May 21, 2008 document production, is November 15, 2008.  Accordingly, it appears

4    likely that Montgomery provided the subject emails to reporters before Mr. Flynn had contact with the

5    media.  Montgomery's assertion to the contrary is simply not supported by the evidence in this case.

6             In spite of Montgomery's assertion that he cannot ascertain the "universe of eMails provided

7    [to the news media] by Flynn," Montgomery stated, in his Opposition to the present motion, that he

8    "was preparing to produce all emails they believe may have been provided to the media."  However,

9    even though Montgomery provided a supplemental production on June 4, 2008 which contains a

10   number of eMails provided to the news media, he has still demonstrably failed to provide all such

11   emails.  For instance, the November 1, 2008 *Wall Street Journal* cites an email from a lobbyist stating

12   that "Congressman Gibbons certainly came through for eTreppid!"  Montgomery has not provided a

13   copy of this email.

14            More troubling, Montgomery stated, in his opposition to the present motion, that he intended to

15   produce a copy of the Len Gloguaer email, in the native PST format, on June 5.  As of the date of the

16   present motion, Montgomery has still failed to provide this document.  As this Court knows, eTreppid

17   has raised significant concerns regarding the authenticity of this email.  eTreppid needs the original

18   email, in the native format, to further investigate these concerns.  Montgomery's continuing refusal to

19   provide this document is precluding this investigation.

20            Finally, this Court should note that even though eTreppid specifically requested that all emails

21   provided to the media be provided in native format, Montgomery has only provided printed copies of

22   the emails.  Thus, even though Montgomery has been able to locate and provide nearly one terabyte

23   worth of electronic files, he has refused to provide the emails provided to the media in their native

24   format.

25            Accordingly, Montgomery has failed to comply with this Court's numerous orders requiring

26   the production of documents provided to the news media.

27

28

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1

2

**D.**      **Montgomery Has Refused to Provide Photocopies of CDs Seized by the FBI and Later Returned to Montgomery**

3      This Court ordered Montgomery in February to provide photocopies of the faces of all CDs

4   that the FBI seized and later returned to him, he now claims – for the first time – that he cannot do so

5   because "at the time the CDs were returned, Montgomery did not segregate the returned items, but

6   merely intermingled the returned CDs with others in his possession." Montgomery further claims that,

7   of the CDs he can identify, he believes in good faith that many disclose information within the ambit

8   of the protective order."

9      Montgomery cannot, in good faith, claim that he has lost track of the CDs seized by the FBI

10   and later returned to him. Before the CD's were returned, eTreppid specifically requested that the

11   Court order that a forensic copy of all CDs and hard drives be made in order to prevent Montgomery

12   from destroying this evidence. The Court did not order that such a forensic copy be made, but the

13   Court ordered that the scope of the February 8, 2006 Preliminary Injunction, would be expanded to

14   enjoin Montgomery from "destroying, modifying, duplicating, distributing, disseminating,

15   hypothecating, transferring, licensing or assigning" the materials that were seized by the FBI and

16   returned to Montgomery. (Doc. No. 146, 34:20 to 35:5). Thus, despite this Court's previous order

17   requiring Montgomery to maintain all materials seized by the FBI and subsequently returned to him,

18   Montgomery now claims that he is unable to locate these CDs. Thus, Montgomery has violated both

19   this Court's Order requiring production of documents and the previous order requiring that he maintain

20   all materials that the FBI returned to him.

21      Montgomery also cannot honestly claim that he has a good faith belief that a number of the

22   CDs returned to him have information written on their face which may be classified. On Thursday,

23   June 5, 2008, eTreppid obtained a copy of photographs taken by the FBI of items returned to

24   Montgomery.[1]   These photographs include photos of the individual CDs that were returned to

25   Montgomery. By way of example, the FBI photographs that CDs, bearing the following labels *inter*

26

27   [1] These photographs are being numbered for production and will be produced to all parties prior to the

28   June 10, 2008 hearing.

1    *alia*, were returned to Montgomery:

2            • eTreppid, Gianna Documents, 06/02/02.

3            • eTreppid, Michael, 2/14/01

4            • 3 CDs, labeled attorney client privileged, identified as containing voice messages from

5              12/03 – 7/04.

6            • A CD labeled DEO Warren Old Email.

7        There are dozens of additional CDs that bear labels that cannot possibly contain confidential

8    information.  None of these CD's – or even copies of the faces of these CDs – have been produced by

9    Mr. Montgomery.  He cannot possibly believe that the information contained on the face of these CDs

10   has could be subject to the Untied States Protective Order.  Instead, Montgomery's refusal to produce

11   even copies of the faces of these CDs appears to be a calculated attempt to prevent eTreppid from

12   discovering, for instance, the contents of the "Warren Old Email" CD.

13       Moroever, in the course of the proceedings related to the FBI's search of his residence at

14   Buckthorne Lane, Montgomery asserted, repeatedly and vigorously, that the information taken by the

15   FBI was not classified.  Montgomery's assertion that he now has developed a good faith belief that the

16   subject information may be classified is simply dishonest.

17       Accordingly, Montgomery has both failed to maintain evidence, disregarding this Court's

18   specific orders to the contrary, and he has refused to provide evidence that this Court ordered him to

19   produce.  Montgomery has no cognizable excuse for his refusal to provide this information.

20   **III.    ARGUMENT**

21       Terminal sanctions are appropriate in this case.  Montgomery has persistently, and in bad faith,

22   refused to comply with this Court's orders.  The discovery cut-off, which is set for August 15, 2008, is

23   rapidly approaching, and because of Montgomery's refusal to provide responsive documents, eTreppid

24   has been unable to adequately prepare for trial.   Moreover, Montgomery's refusal to produce

25   documents such as the "Warren's Old Email" CD and the Len Gloguaer email, demonstrate "a pattern

26   of deception" that renders it impossible for eTreppid to prepare for trial.   Accordingly, terminal

27   sanctions are appropriate.

28       The case law cited by Montgomery supports a finding that terminal sanctions are appropriate.

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

The factors set forth in *Yourish v. California Amplifier* , 191 F.3d 983, 990 (9th Cir. 1999) all favor dismissal.  As Montgomery points out, the most decisive of these factors are (1) the risk of prejudice to the party seeking production, and (2) the availability of less drastic sanctions.

Here, Montgomery's refusal to provide responsive documents threatens to interfere with the rightful decision of the case.  Montgomery has refused for several months to provide documents that eTreppid must have to investigate the viability of its claims and defenses in this matter, as well as those of Montgomery.  For example:

- It appears, based on documents that Montgomery has produced in this case, that he violated the preliminary injunction by licensing eTreppid technology to Opspring within weeks of the date upon which the preliminary injunction was entered.  However, Montgomery has refused to provide correspondence between himself and Blixseth, Sandoval, or other agents of Opspring which may shed light on this fact.

- As eTreppid has pointed out, it appears that Montgomery has placed a forged email into evidence.  However, Montgomery has refused to provide the original, native format PST files of the Glogauer email which will allow eTreppid to investigate this claim more thoroughly.

- Although Montgomery has long been in possession of documents that clearly belong to eTreppid, such as the "Warren Old eMail" CD, he has refused to provide this.  As a result, eTreppid has been unable to examine Montgomery's correspondence to determine whether it supports eTreppid's claims in this matter.

Because Montgomery's failure and refusal to provide these crucial documents has operated to prevent eTreppid from going forward with its preparation of this case for trial, terminal sanctions are appropriate.  *Valley Engineers Inc. v. Electric Engineering Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998).  Moreover, because Montgomery's refusal to provide these documents demonstrates a tremendous degree of bad faith on his part, this refusal creates a "pattern of deception" likewise warranting dismissal. *Id.*

Moreover, it is clear that lesser sanctions will not be effective to compel Montgomery to produce the subject documents.  This Court has already ordered Montgomery to pay sanctions in the

1  form of attorney's fees on two occasions.  Nonetheless, Montgomery has again refused to produce the

2  documents that he was ordered to provide.  Accordingly, eTreppid respectfully submits that this Court

3  should prevent further discovery abuses by dismissing Montgomery's complaint and by striking his

4  answer to eTreppid's counterclaims.

5

6      Dated:  April 11, 2008.

7

8                                               /s/

                                        J. Stephen Peek, Esq.  (NV Bar #1758)

9  Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)

10  Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor

11  Reno, Nevada  89511
Telephone:  (775) 327-3000

12  Facsimile:   (775) 786-6179

13  Reid H. Weingarten, Esq. (D.C. Bar #365893)
Brian M. Heberlig, Esq. (D.C. Bar #455381)

14  Robert A. Ayers, Esq. (D.C. Bar #488284)
Steptoe & Johnson LLP

15  1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795

16  Telephone:  (202) 429-3000
Facsimile:   (202) 429-3902

17

18  *Attorneys for Plaintiff and Cross-Defendant
eTreppid Technologies, L.L.C. and
Cross-Defendant Warren Trepp*

19

20

21

22

23

24

25

26

27

28

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

**Hale Lane Peek Dennison and Howard**
**5441 Kietzke Lane, Second Floor**
**Reno, Nevada 89511**

1    **PROOF OF SERVICE**

2        I, Cynthia L. Kelb, declare:

3        I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices
of Hale Lane Peek Dennison and Howard.  My business address is: **5441 Kietzke Lane, Second**
4    **Floor, Reno, Nevada  89511**.  I am over the age of 18 years and not a party to this action.  I am
readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery
5    of its hand-deliveries and their process of faxes.

6        On June 6, 2008, I caused the foregoing **REPLY IN SUPPORT OF MOTION FOR ORDER
TO SHOW CAUSE** to be:

7

8     _X___        filed electronically with the U.S. District Court and therefore the court's computer
                   system has electronically delivered a copy of the foregoing document to the following
                   person(s) at the following e-mail addresses:

9

10   *Fax No. 775/829-1226*                    *Fax 310/500-3501*
     mgunderson@gundersonlaw.com               dklar@linerlaw.com; tchisolm@linerlaw.com
     Mark H. Gunderson, Ltd.                   Deborah A. Klar, Esq.
11   Mark H. Gunderson, Esq.                   Tuneen Chisolm, Esq.
     5345 Kietzke Lane, Suite 200              Liner Yankelevitz Sunshine & Regenstreif, LLP
12   Reno, Nevada 89511                        1100 Glendon Avenue, 14th Floor
                                               Los Angeles, CA 90024-3503
13

14   *Fax No. 202/616-8470*                    *Fax 202/616-8470*
     Carlotta.wells@usdoj.gov                  Raphael.gomez@usdoj.gov
     Carlotta P. Wells, Esq.                   Raphael O. Gomez, Esq.
15   Senior Trial Counsel                      Senior Trial Counsel
     Federal Programs Branch                   Federal Programs Branch
16   Civil Division – Room 7150                Civil Division – Room 6144
     U.S. Department of Justice                U.S. Department of Justice
17   20 Massachusetts Ave., NW                 20 Massachusetts Ave., N.W.
     P.O. Box 883                              P.O. Box 883
18   Washington, DC  20044                     Washington, DC  20044

19

20   *Fax No. 784-5181*                        *Fax No. 775-823-2929*
     Greg.addington@usdoj.gov                  bpeck@lrlaw.com
21   Greg Addington, Esq.                      Bridget Robb Peck, Esq.
     Assistant U.S. Attorney                   Lewis and Roca, LLP
22   100 W. Liberty Street, Suite 600          50 W. Liberty Street, Ste. 410
     Reno, NV  89501                           Reno, Nevada 89501
23

24   *Fax No. 206-682-7100*                    *Fax No. (206) 405-2825*
     jbeatty@karrtuttle.com                    brohde@rohdelaw.com
25   Jacquelyn A. Beatty, Esq.                 Robert E. Rohde, Esq.
     Karr Tuttle Campbell                      Rohde & Van Kampen
26   1201 Third Avenue, Suite 2900             1001 Fourth Avenue, Suite 4050
     Seattle, WA  98101                        Seattle, Washington 98154
27

28
     ::ODMA\PCDOCS\HLRNODOCS\754731\1          Page 11 of 12

1    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on June 6, 2008.

2

3                                    _____/s/_____
                                     Cynthia L. Kelb

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Hale Lane Peek Dennison and Howard**
**5441 Kietzke Lane, Second Floor**
**Reno, Nevada 89511**

::ODMA\PCDOCS\HLRNODOCS\754731\1          Page 12 of 12

**EXHIBIT "1"**

**EXHIBIT "1"**

## Carla DiMare

| | |
|---|---|
| **From:** | mjfbb Flynn [mjfbh@msn.com] |
| **Sent:** | Tuesday, July 11, 2006 7:29 PM |
| **To:** | Carla DiMare |
| **Subject:** | Fw: revised idea |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

----- Original Message -----
**From:** Dennis Montgomery
**To:** mjfbb Flynn
**Sent:** Tuesday, July 11, 2006 7:00 PM
**Subject:** FW: revised idea

**From:** LearG2@aol.com [mailto:LearC2@aol.com]
**Sent:** Tuesday, July 11, 2006 5:43 PM
**To:** michaels@azimyth.com; Dennis Montgomery
**Subject:** Re: revised idea

In a message dated 7/11/06 5:35:32 PM, michaels@azimyth.com writes:

You've got friends who have your back !!!

Dennis - Warren is a bully. We haven't pulled out all the cards yet. If he feels it slipping now, just wait a week or so. I have a plan that I have sort of talked to with Michael. If you can do one thing for us, try to believe and not worry. There are some things in life that you can't rush. Timing and patience will win, trust me. Once we have the meetings next week, I the ball will start rolling to expose some things about WT that need to come out. His focus will no longer be on you, it will be on his very own ass. Believe. Edra

This message and any attached documents may be confidential, privileged or both. If you are not the intended recipient, you are not authorized to open, read, copy, store, distribute or use this information in any way. Failure to comply with this notice may be a violation of applicable laws concerning the receipt of electronic mail. If you have received this transmission in error, please notify the sender immediately by replying to this e-mail and then delete this message. Thank you.