Mark H. Gunderson, Esq. (SBN: 2134)
Catherine A. Reichenberg, Esq. (SBN: 10362)
GUNDERSON LAW FIRM
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511
Telephone: (775) 829-1222
Facsimile: (775) 829-1226

Deborah A. Klar, Esq. (SBN: CA 124750)
Tuneen E. Chisolm, Esq. (SBN: CA 211741)
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501
ADMITTED PRO HAC VICE

Attorneys for Plaintiffs
DENNIS MONTGOMERY, and the MONTGOMERY
FAMILY TRUST

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST, EDRA BLIXSETH, an individual, OPSPRING LLC, a Washington limited liability company,, <br><br> Plaintiffs, <br><br> vs. <br><br> ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE, <br><br> Defendants. <br><br> AND RELATED CASES. | Case No. 3:06-CV-00056-PMP-VPC <br> BASE FILE <br><br> (Consolidated with Case No. 3:06-CV-00145-PMP-VPC) <br><br> **MONTGOMERY PARTIES' NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH THE JANUARY 22, 2008 ORDER AND FOR AN ORDER TO SHOW CAUSE WHY ETREPPID TECHNOLOGIES, LLC AND WARREN TREPP SHOULD NOT BE HELD IN CIVIL CONTEMPT** |

MONTGOMERY PARTIES' NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE

0039641/001/ 392612v02

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

2  PLEASE TAKE NOTICE that Dennis Montgomery and the Montgomery Family Trust (collectively "Montgomery") do hereby move the Court for an order of compelling eTreppid Technologies, LLC ("eTreppid") to comply fully and promptly with the Court's Order of January 22, 2008, regarding the Montgomery Parties' inspection of eTreppid books and records. eTreppid should be ordered to promptly produce to the duly authorized representatives of Deloitte & Touche FAS ("Deloitte") all of eTreppid's books and records, *whether in electronic or paper format,* including but not limited to those books and records: i) encompassed by the twenty-three categories in the February 4, 2008 Stipulation; ii) designated for copying by Deloitte &Touche FAS ("Deloitte") on April 21, 2008; iii) encompassed in the open items list attached to Tuneen Chisolm's letter of May 1, 2008; iv) contained in the five boxes eTreppid withheld from Deloitte's inspection on April 21, 2008; and v) the purported "legal documents" eTreppid withheld from inspection on April 21, 2008.

Montgomery further moves for an Order to Show Cause why eTreppid and Warren Trepp should not be held in civil contempt for its violation of the January 28, 2008 Order and required to pay Montgomery's attorneys' fees incurred as a result of eTreppid's violation of the Order.

This Motion is made on the grounds that eTreppid and Warren Trepp have failed to comply with this Court's January 22, 2008 Order; instead, has deliberately interfered with Montgomery's inspection of eTreppid's books and records; and has deliberately refused to permit the completion of the inspection by Montgomery's duly authorized representatives.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations of Roslyn Dahl, Tuneen E. Chisolm, and Rachael Poehler, and exhibits attached thereto, all pleadings and papers on file in this action, all facts of which the Court may take judicial notice, and such further evidence and argument as the Court may consider at the hearing on this Motion.

| | | |
|---|---|---|
| 1 | Dated: June 19, 2008 | Respectfully submitted, |
| 2 | | LINER YANKELEVITZ |
| 3 | | SUNSHINE & REGENSTREIF LLP |
| 4 | | |
| 5 | | By: _____/S/_____ |
| | | Deborah A. Klar |
| 6 | | Attorneys for Plaintiffs |
| | | DENNIS MONTGOMERY and the |
| 7 | | MONTGOMERY FAMILY TRUST |

## I. INTRODUCTION

By its January 22, 2008 Order, this Court granted the motion of Dennis Montgomery and the Montgomery Family Trust ("Montgomery") to inspect <u>all</u> of the books and records of eTreppid Technologies, LLC ("eTreppid"). This Order was followed by a February 4, 2008 Stipulation identifying twenty three "categories of items considered 'books and records' that were included, <u>without limitation</u>, in Montgomery's motion. In the Stipulation, e-Treppid represents that all books and records can be accessed <u>for paper and forensic</u> inspections by February 18, 2008.

Montgomery's representative Deloitte & Touche FAS ("Deloitte") was not granted access until March 19 to 21, 2008. At that time, eTreppid produced only four boxes of books and records that it had previously produced to Montgomery's attorneys' in discovery, and incomplete and inconsistent electronic information from its various accounting systems. Senior Manager Roslyn Dahl of Deloitte, however, discovered that eTreppid had wrongfully withheld 29 or 30 boxes of books and records, and gave eTreppid Request Lists for books and records that should have been produced.

eTreppid, after refusing further access to Ms. Dahl allowed Rachael Poehler, a junior employee, access on April 21, 2008 to tag documents from about 24 of the 29 previously withheld boxes for copying. (eTreppid failed to produce five boxes and withheld certain documents from the 24 boxes.) After repeatedly promising to deliver copies, eTreppid refused to provide copies of the tagged items and to allow any further inspection. Accordingly, notwithstanding the January 22, 2008 Order granting Montgomery the right to inspect all of eTreppid's books and records, Montgomery has received only a few documents beyond those previously produced in discovery, and has been allowed to review incomplete, inconsistent, and often illegible electronic records.

eTreppid now flouts the Court's Order based on three meritless assertions: 1) Montgomery's production of documents in discovery has been inadequate; 2) eTreppid's filing of a motion for a protective order to prevent Montgomery from taking "further discovery;" and 3) Deloitte's previous access to some of the books and records for several days.

eTreppid's "excuses should be summarily rejected and its blatant contempt should not be tolderated. eTreppid's first "excuse" assumes that it is entitled to violate this Court's January 22,

2008 Order based on a supposed unilateral determination that Montgomery has not complied with its discovery obligations. eTreppid has no such right. Nor does eTreppid's filing a motion for a protective order to prevent Montgomery from taking "further discovery" constitute a legal defense to eTreppid's contempt of this Court's Order. Moreover, the motion has been denied. eTreppid's final excuse that Deloitte had previous access to some of the books and records for several days is equally baseless.

eTreppid should be ordered to produce by not later than July 22, 2008 to the duly authorized representatives of Deloitte all of eTreppid's books and records, <u>whether in electronic or paper format</u>, including but not limited to those books and records: i) encompassed by the twenty-three categories in the February 4, 2008 Stipulation; ii) encompassed in the list attached to Tuneen Chisolm's letter of May 1, 2008; and iii) encompassed in the Open Items List attached to the Declaration of Roslyn Dahl as Exhibit 1; and iv) those contained in the approximately 34 boxes at eTreppid's offices.

Further, given that eTreppid's contempt of this Court's January 21, 2008 is intentional and cannot be excused for any of the reasons cited by eTreppid and Warren Trepp should be held in contempt.

## II. PERTINENT FACTS

On November 5, 2007, Montgomery filed a motion to enforce its right to inspect the books and records of eTreppid (Document #321). The motion was made on the ground that Montgomery, as a member of eTreppid, had a right under Section 9.3 of eTreppid's Operating Agreement to inspect and copy "all of the Company's financial and organizational books and records." Document #321 at 1:5-6. The motion was not brought as a discovery motion. *Id.*, 1:25 – 2:7.

On January 22, 2008, this Court granted Montgomery's motion. (Document #419). It directed counsel for the parties to meet and confer about the scope of books and records to be inspected; the anticipated time frame to complete the inspection; and the date by which a forensic inspection of the records could be accomplished. *Id.*, p. 3. The parties were ordered to report back to the Court by February 4, 2008. *Id.*

On February 4, 2008, the parties filed their "Stipulation Re: Status of Discovery and Record Inspection Per Minute Order Filed January 22, 2008." (Document #422). In Article IV, the parties reported to the Court that "without limitation" [emphasis in the original] there were at least twenty-three categories of books and records that they considered to be encompassed by Montgomery's Notice of Motion for Inspection of Books and Records. *Id.*, 3:9-26. After stipulating that eTreppid had not yet produced in discovery numerous documents responsive to these categories (*Id.*), the Stipulation states: "e-Treppid represents that all books and records can be accessed for paper inspection as of February 18, 2008." It also states: "e-Treppid represents that all books and records can be accessed for forensic inspection as of February 18, 2008." *Id.*, 6:4-7.

At a March 17, 2008 conference before the Court, the parties agreed that the inspection would commence on March 18, 2008, and Senior Manager Roslyn Dahl and other forensic accountants at Deloitte would initially conduct the inspection. Declaration of Tuneen E. Chisholm ("Chisolm Dec.") *Id.*, Ex. 1 at 24:17 – 25:5; 52:21-24. In preparation for the site visit, Ms. Dahl reviewed the four banker's boxes of documents produced by eTreppid in response to Montgomery's discovery. Declaration of Roslyn Dahl ("Dahl Dec."), ¶ 3.

Deloitte actually began its inspection on March 19, 20, and 21, 2008 at eTreppid's offices. *Id.*, ¶ 2. eTreppid provided access to only the four boxes of books and records that had previously been produced to Montgomery's attorneys in response to their earlier discovery requests. *Id.*, ¶¶ 3, 5. eTreppid produced electronic information from its various accounting systems (Quicken, Zenith, and Quickbooks) that was used by eTreppid during the time period at issue in the inspection. Declaration of Rachel Poehler ("Poehler Dec."), ¶ 4. After reviewing the Quickbooks information, Deloitte determined that the information provided did not contain detailed transaction data for the quarters ended December 31, 2002, and March 31, 2003. In addition, it concluded that eTreppid had used the various systems concurrently for certain time periods at issue, and that for those periods, some of the data in the different systems were inconsistent. For example, transaction descriptions, dates and amounts for the year 1999 differed between the Quicken system and the

1  Zenith system. As a result, Deloitte was unable to determine the accuracy of the information
2  provided. *Id.*, ¶ 4.

3      During the March 2008 inspection, Ms. Dahl and her assistant Rachael Poehler gave
4  eTreppid request lists they had prepared with respect to specific books and records that they wanted
5  eTreppid to provide (the "Request Lists"). The information that was the subject of the Request
6  Lists generally fell into two categories: 1) follow up on the four boxes of documents produced by
7  eTreppid in response to Montgomery's Requests for Production because the production appeared
8  incomplete to Ms. Dahl; and 2) items not found in the produced materials that Deloitte believed
9  would typically be retained in hard copy form by a company like eTreppid. Dahl Dec., ¶ 4.

10      On March 20, 2008, Ms. Dahl noticed that an eTreppid representative, Su Perez, had a four
11  to five page list identifying numerous boxes of documents and describing the contents of each box.
12  She asked Ms. Perez about this list. Ms. Perez advised her that the boxes on the list contained
13  information concerning eTreppid, and that in addition to the four boxes of documents that eTreppid
14  had produced, there were approximately 29 additional boxes that had not been produced. *Id.* ¶ 5.

15      The next day, Ms. Dahl spoke with Warren Trepp about this issue. She requested and
16  obtained a one page list of the boxes which identified a total of 34 boxes. Mr. Trepp told her that
17  eTreppid would not allow access to the boxes on that day. *Id.* ¶ 6.

18      On April 2, 2008, Montgomery's attorney Tuneen Chisolm asked eTreppid's attorney Jerry
19  Snyder about resuming Deloitte's inspection the following week, and specifically asked if there
20  were any dates that would not be possible for eTreppid. Mr. Snyder identified no such dates.
21  Chisolm Dec., ¶ 7. Additionally, Mr. Snyder asked Ms. Chisolm to provide a list of specific
22  documents that Montgomery wished to inspect as a precondition to resumption of the inspection,
23  and she responded that the provision of any such list could not serve as a precondition, particularly
24  in light of the previous discussions between the parties about the scope of the inspection that had
25  resulted in the Stipulation. *Id.*

26      On April 8, 2008 at 4:34 p.m., however, Mr. Snyder sent an e-mail stating that he would not
27  allow the inspection to go forward on April 10 and 11, 2008 because he would be "out of town"
28  and demanded that Montgomery provide a list of specific items that it wished to inspect before any

inspection. *Id.*, Ex. 2. Ms. Chisolm responded at 5:09 p.m. that Mr. Snyder's unavailability was not a valid ground for delaying the inspection, and that although she would try to provide Mr. Snyder with the demanded list, that effort could not delay the resumption of the inspection. *Id.*, Ex. 2. Ms. Chisolm also stated that if eTreppid refused to allow an inspection on April 10 or 11, she would arrange for a resumption sometime the following week based on Deloitte's availability. *Id.*, Ex. 2.

On April 8, 2008, Mr. Snyder further interfered with the Court-ordered inspection by sending a letter asserting that eTreppid would not allow Roslyn Dahl to participate in the resumed inspection because, from eTreppid's point of view, Ms. Dahl made a false assertion in her April 7, 2008 declaration in opposition to eTreppid's motion for sanctions (Document #529). *Id.*, Ex. 3. Montgomery's attorney responded in an e-mail that she found e-Treppid's refusal to proceed and to allow Ms. Dahl to participate in the inspection remarkable in that it was purporting to countermand a Court order that required eTreppid to allow the inspection of its books and records and the Court's awareness that Ms. Dahl would be participating in the inspection. *Id.*, Ex. 4. Ms. Chisolm stated that Ms. Dahl's continued participation was necessary for continuity of the inspection, and that she would not allow Montgomery to be prejudiced by eTreppid's refusal. She again requested that eTreppid confirm that inspection would resume either on April 10 and 11th or the following week. *Id.*, Ex. 4.

Having received no response for six days, on April 14, 2008, Montgomery's counsel sent another e-mail to Mr. Snyder about eTreppid's failure to provide a date for resumption of the inspection. *Id.*, Ex. 5. Ms. Chisolm proposed a date of April 21, 2008, while not agreeing that eTreppid could bar Ms. Dahl. Montgomery's counsel proposed that Rachael Poehler of Deloitte, who Ms. Dahl supervises, go to eTreppid's offices on April 16 or 17, 2008 for the purpose of overseeing the copying of the withheld approximately 30 boxes of documents that Ms. Dahl had discovered. Finally, to overcome one of the artificial obstacles imposed by eTreppid, Montgomery's counsel attached the list of items that Mr. Snyder had demanded, notwithstanding her understanding that these items had already been identified in the handwritten Request Lists that Montgomery gave to eTreppid during the March 2008 inspection. *Id.*, Ex. 5 and ¶ 11.

1   Ms. Poehler returned to eTreppid by herself on April 21, 2008 to review approximately 29
2   boxes of eTreppid's books and records that had not been withheld. Poehler Dec., ¶ 5. Her task was
3   to get a sense of the nature and volume of the books and records that Deloitte FAS would like to
4   copy in the future.  She was provided access to about 29 of the 34 boxes on the list given to Ms.
5   Dahl. *Id.*, ¶ 6. She was not allowed access to box #967 and boxes #996 through 999. Mr. Trepp
6   told her that information in boxes 996 through 999 consisted of a former employee's personal items
7   and that he would have to check with his attorneys before permitting access to those boxes as well
8   as to box 967, which was described on the list as containing "various logbooks, message books,
9   etc." *Id.*, ¶ 6. Additionally, eTreppid was not allowed access to certain documents in the 29 boxes
10  that were described as "legal documents" and which she observed being removed from the boxes.
11  *Id.*, ¶ 6. With the understanding that Deloitte would be allowed to return to eTreppid's office at a
12  later date to further inspect and make copies, Ms. Poehler looked through those boxes provided to
13  her and tagged files that she believed Deloitte was preliminarily interested in copying. *Id.*, ¶ 7.

14  In a May 1, 2008, letter, Montgomery's counsel asserted that eTreppid had violated the
15  Court's January 22, 2008 Order and engaged in sanctionable conduct. Chisolm Dec., Ex. 8. This
16  ten page letter, like the Request Lists given to eTreppid in March 2008, specified books and
17  records that should have been made available but that had apparently been withheld.
18  Montgomery's counsel demanded confirmation by the close of business on May 5, 2008 that
19  eTreppid would comply, and sought dates to allow completion of the inspection by May 16, 2008.
20  *Id.*, Ex. 8.

21  eTreppid's counsel sent a non-responsive letter on May 2, 2008. *Id.*, Ex. 9. It stated that
22  eTreppid was making arrangements for copying the 30 boxes of books and records that had been
23  withheld, but gave no date for their delivery. The letter did not confirm that the books and records
24  enumerated in Ms. Chisolm's May 1, 2008 letter would be produced. Nor did it provide dates for
25  resumption of the inspection. *Id.*

26  On May 15, 2008, Montgomery's counsel complained about eTreppid's failure to respond
27  to her May 1, 2008 letter demanding, among other things, eTreppid's confirmation that the
28  specified books and records would be provided, and that eTreppid provide dates for resumption of

the inspection. *Id.*, Ex 10. Montgomery requested eTreppid's cooperation in order to avoid Montgomery having to file a motion seeking appropriate sanctions.

eTreppid's counsel responded that same day. *Id.*, Ex. 11. He stated that although eTreppid was still "in the process of arranging for the reproduction of the books and records that would be available for you to inspect," eTreppid actually would not be producing any books and records. eTreppid based its violation of the Court Order on three purported grounds: 1) Montgomery's supposedly minimal production of documents in discovery; 2) eTreppid's filing of a motion for a protective order to prevent Montgomery from taking further discovery; and 3) Deloitte's previous inspection of some of the books and records for "several days."

On the evening of May 15, 2008, Montgomery's counsel replied. *Id.*, Ex. 12. She stated that eTreppid had no right to violate the Court order by either refusing to provide the copies of the thirty boxes of books and records (that eTreppid had previously agreed to provide) or by failing to produce the items demanded by Deloitte and specified in her May 1, 2008 letter (in response to Montgomery's demand for itemization). Ms. Chisolm made clear that eTreppid's stated grounds for non-compliance were baseless. Nevertheless, eTreppid refused to back down, necessitating this motion.

## III. ARGUMENT

### A. The Court Should Order Prompt Compliance With Its Earlier Order

This Court should enforce its January 22, 2008 Order requiring eTreppid to allow Montgomery, as a member of eTreppid, LLC, to inspect <u>all</u> of eTreppid's books and records, whether in electronic or paper form. These books and records include, but are not limited to, those i) encompassed by the twenty-three categories in the February 4, 2008 Stipulation; ii) encompassed in the list attached to Tuneen Chisolm's letter of May 1, 2008; iii) encompassed in the Open Items List attached to the Declaration of Roslyn Dahl as Exhibit 1; and iv) contained in the approximately 34 boxes at eTreppid's offices.

To rule on this motion, the Court need look no further than its January 22, 2008 Order, requiring that access be provided to "all" books and records, Deloitte's Open Items List (attached as Exhibit 1 to the Dahl Declaration), and Ms. Chisolm's May 1, 2008 letter (Chisolm Dec., Ex. 8)

1  (documenting items that were not produced). eTreppid's compliance has been woefully
2  inadequate. Of approximately 34 boxes of responsive items now known to exist, slightly more than
3  four boxes of documents have been produced and copied--virtually all in response to discovery
4  requests preceding the January 22, 2008 Order.[1]

5  To the extent eTreppid has provided limited books and records in paper form in response to
6  Deloitte's requests, the legibility of some of the information was of poor quality, some was
7  presented in an inappropriate format, and some was non-substantive or non-responsive. Dahl Dec.,
8  ¶ 12. Some form documents presented no substantive information, such as blank Excel
9  spreadsheets and blank fax templates. Some spreadsheets, apparently created using Microsoft
10 Excel, were not adequately formatted for printing. Rows of information appeared on multiple
11 pages of a spreadsheet, and in some instances, column headings were omitted. *Id*. Additionally,
12 the space allotted to some rows and/or columns of spreadsheets was insufficient to allow text in the
13 cell to be read. Moreover, eTreppid did not provide these documents to Deloitte in an electronic
14 version that would have enabled Deloitte to reformat and print readable versions. *Id*.

15 eTreppid's electronic production was equally poor. Deloitte has determined that eTreppid
16 did not produce detailed transaction data for the quarters ended December 31, 2002, and March 31,
17 2003, and that the electronic data on the various accounting systems that were used concurrently
18 for certain time periods were inconsistent. Poehler Dec., ¶ 4. For example, transaction
19 descriptions, dates and amounts for the year 1999 differed between the Quicken and Zenith
20 systems. Accordingly, Deloitte was unable to determine the accuracy of the information provided.
21 *Id.*, ¶ 4.

22 eTreppid's complete and legible books and records should have been provided to
23 Montgomery by not later than February 18, 2008 pursuant to the January 22, 2008 Order and the
24 February 4, 2008 Stipulation. eTreppid has flouted the Order for several months. Its transgressions

---

27 [1] eTreppid recently appeared to represent to this Court that all of its checks and bank statements have been produced. Montgomery contests that assertion. *See, e.g., Chisolm Dec.*, Ex. 8, p.4 item
28 11 and page 6, item 16.

1  include initially, withholding approximately 29 boxes, repeatedly delaying Deloitte's return, and
2  denying Ms. Dahl access.

3  Additionally, on May 15, 2008, eTreppid refused to provide the copies of designated items
4  from the approximately thirty boxes of books and records (that eTreppid had previously agreed to
5  provide), refused to allow further inspections, and refused to certify that it had provided access to
6  all of its books and records. Chisolm Dec., Exs. 11 and 13. Each of eTreppid's stated bases for
7  violating the Court Order is without merit. eTreppid's first "excuse" assumes that it is entitled to
8  violate this Court's January 22, 2008 Order based on a supposed unilateral determination that
9  Montgomery has not complied with its discovery obligations. eTreppid has no such right.

10  Second, eTreppid's filing a motion for a protective order to prevent Montgomery from
11  taking "further discovery" does not constitute a legal defense to eTreppid's contempt of this
12  Court's Order for at least three reasons. First, the January 22, 2008 Order resulted from
13  Montgomery's motion to enforce its contractual and statutory right of inspection as eTreppid's
14  member. It was not a motion to compel a discovery obligation. Second, eTreppid's then pending
15  motion to prevent "*further* discovery" could not bar Montgomery's inspection pursuant to an
16  *existing* January 22, 2008 Order. Third, the motion for a protective order has since been denied.

17  Third, eTreppid's excuse that Deloitte had previous access to some of the books and records
18  for several days is equally baseless. The Court set no limit on the length of inspection, and
19  eTreppid's assertion is particularly meritless in light of the obstacles it has thrown up to Deloitte's
20  efforts to conduct an efficient and complete inspection.

21  The Court should no longer permit these violations. It should require complete compliance
22  with its January 22, 2008 Order by no later than July 22, 2008.

23  **B.     The Court Should Order Defendants To Show Cause Why They Should Not Be
24          Held In Contempt**

25  This Court should enter an Order to Show Cause why eTreppid and Warren Trepp should
26  not be held in contempt. Such an Order is appropriate because this Court's January 22, 2008 Order
27  required eTreppid to provide access to all of its books and records, and eTreppid and Warren Trepp
28  have failed to take all reasonable steps to comply with it. *See Balla v. Idaho State Bd. Of*

*Corrections*, 869 F.2d 461, 466 (9th Cir. 1989). Instead, they have flagrantly violated the Order. For example:

- eTreppid re-produced the four boxes of documents on March 19 to 21, 2008 that it had provided in discovery, failing to produce approximately 30 boxes of documents of which it was aware;
- Roslyn Dahl of Deloitte had to inquire on March 20 and 21, 2008, about additional books and records to determine that about 30 boxes had been withheld;
- eTreppid then repeatedly stalled and delayed dates for inspection;
- on April 8, 2008, eTreppid refused Roslyn Dahl access to continue her investigation;
- eTreppid and Mr. Trepp withheld numerous documents on April 21, 2008;
- Books and records have been produced in illegible formats;
- minimal and inconsistent electronic records have been produced;
- eTreppid has not confirmed compliance with the scope of production set forth in the May 1, 2008 open items list; and
- eTreppid ultimately indicated on May 15, 2008, that it would not provide copies of Deloitte's designated documents from the 29 boxes or allow any further inspection.

Following the hearing on the Order to Show Cause, this Court should fashion the sanction in consideration of the "character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanction in bringing about the result desired." *United States v. United Mine Workers*, 330 U.S. 258, 304, 67 S. Ct. 677, 91 L. Ed. 884 (1947).[2] These sanctions should take the form of a daily fine for defendants' failure to comply to date, a daily fine until compliance occurs, and attorneys' fees incurred to enforce the Order. *See Citronelle-Mobile Gathering Inc., v. Watkins*, 934 F.2d 1297, 1304 (11th Cir. 1991) (permitting such sanctions).

---

[2] The court has wide discretion in determining the appropriate amount of a sanction award. *Torres v. Goodyear Tire & Rubber Co.*, 867 F.2d 1234, 1240 (9th Cir. 1989) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69 (9th Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S. Ct. 1726, 48 L. Ed. 2d 195 (1976)).

## IV. CONCLUSION

For the reasons set forth above, eTreppid should be ordered to produce all of its books and records in both paper and electronic formats, and should be ordered, along with Warren Trepp, to show cause why appropriate sanctions should not be awarded.

Dated: June 19, 2008

Respectfully submitted,

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By: _____/S/_____
Deborah A. Klar
Attorneys for Plaintiffs
DENNIS MONTGOMERY and the
MONTGOMERY FAMILY TRUST

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the Law Offices Of Liner Yankelevitz Sunshine & Regenstreif LLP, and that on June 19, 2008, I caused to be served the within document described as **MONTGOMERY PARTIES' NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH THE JANUARY 22, 2008 ORDER AND FOR AN ORDER TO SHOW CAUSE WHY ETREPPID TECHNOLOGIES, LLC AND WARREN TREPP SHOULD NOT BE HELD IN CIVIL CONTEMPT** on the interested parties in this action as stated below:

| | |
|---|---|
| J. Stephen Peek, Esq.<br>Jerry M. Snyder, Esq.<br>Hale Lane Peek Dennison and Howard<br>5441 Kietzke Lane, Second Floor<br>Reno, Nevada  89511<br>(775) 327-3000; 786-6179 - FAX<br>speek@halelane.com; jsnyder@halelane.com<br>Attorneys for Etreppid and Warren Trepp | Carlotta P. Wells, Sr. Trial Counsel<br>U.S. Dept. of Justice<br>Fed. Programs Branch<br>Civil Division, Room 7150<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-4522; 616-8470 - FAX<br>E-mail: Carlotta.wells@usdoj.gov<br>Attorneys for Department of Defense |
| Reid H. Weingarten, Esq.<br>Brian M. Heberlig, Esq.<br>Robert A. Ayers, Esq,<br>Steptoe & Johnson, LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C.  20036-1795<br>(202) 429-3000; (202) 429-3902 - FAX<br>rweingarten@steptoe.com;<br>bhaberlig@steptoe.com; rayers@steptoe.com<br>Attorneys for eTreppid and Warren Trepp | Raphael O. Gomez, Esq., Sr. Trial Counsel<br>U.S. Dept. of Justice, Fed. Programs Branch<br>Civil Division, Room 6144<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-1318; 616-8470 - FAX<br>E-mail: raphael.gomez@usdoj.gov<br>Attorneys for Department of Defense |
| Greg Addington, AUSA<br>U.S. DEPARTMENT OF JUSTICE<br>100 W. Liberty Street. Suite 600<br>Reno, Nevada  89501<br>E-mail: Greg.addington@usdoj.gov<br>(775) 784-5181 - FAX<br>Attorneys for Department of Defense | Bridget Robb Peck, Esq.<br>Lewis and Roca LLP<br>50 West Liberty Street, Suite 410<br>Reno, Nevada  89501<br>Tel:  (775) 823-2900; Fax:  (775) 823-2929<br>bpeck@lrlaw.com<br>Attorneys for Atigeo LLC & Michael Sandovdal |
| Jacquelyn A. Beatty, Esq.<br>Karr Tuttle Campbell<br>1201 Third Avenue, Suite 2900<br>Seattle, Washington  98101<br>Fax:  (206) 682-7100<br>E-mail:  jbeatty@karrtuttle.com<br>Attorneys for Michael Sandoval | Robert E. Rohde, Esq.<br>Rohde & Van Kampen<br>1001 Fourth Avenue, Suite 4050<br>Seattle, Washington  98154<br>Fax:  (206) 405-2825<br>E-mail:  brohde@rohdelaw.com<br>Attorneys for Atigeo LLC |

☒ **[ELECTRONIC]** By filing the document(s) electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document(s) to the persons listed above at their respective email address.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

---

14
MONTGOMERY PARTIES' NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE

0039641/001/ 392612v02

Executed on June 19, 2008, at Los Angeles, California

| Sklar K. Toy | [signature] |
|---|---|
| (Type or print name) | (Signature) |