1  Mark H. Gunderson, Esq. (SBN: 2134)
   Catherine A. Reichenberg, Esq. (SBN: 10362)
2  GUNDERSON LAW FIRM
   5345 Kietzke Lane, Suite 200
3  Reno, Nevada 89511
   Telephone: (775) 829-1222
4  Facsimile: (775) 829-1226

5  Deborah A. Klar, Esq. (SBN: CA 124750)
   Tuneen E. Chisolm, Esq. (SBN: CA 211741)
6  LINER YANKELEVITZ
   SUNSHINE & REGENSTREIF LLP
7  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
8  Telephone: (310) 500-3500
   Facsimile: (310) 500-3501
9  ADMITTED PRO HAC VICE

10 Attorneys for Plaintiffs
   DENNIS MONTGOMERY and
11 the MONTGOMERY FAMILY TRUST and
   counterdefendants EDRA BLIXSETH and
12 OPSPRING LLC

13                    **UNITED STATES DISTRICT COURT**

14                         **DISTRICT OF NEVADA**

15 | DENNIS MONTGOMERY and the          ) Case No. 3:06-CV-00056-PMP-VPC
   | MONTGOMERY FAMILY TRUST,           ) BASE FILE
16 |                                    )
   |          Plaintiffs,               ) (Consolidated with Case No. 3:06-CV-
17 |                                    ) 00145-PMP-VPC)
   | vs.                                )
18 |                                    ) **MONTGOMERY PARTIES' BRIEF RE**
   | ETREPPID TECHNOLOGIES, LLC, WARREN ) **LIMITATION ON SUBJECT MATTER**
19 | TREPP, and the UNITED STATES       ) **OF CORRESPONDENCE REQUIRED**
   | DEPARTMENT OF DEFENSE,             ) **TO BE PRODUCED PURSUANT TO**
20 |                                    ) **ETREPPID'S REQUEST NO. 26 IN**
   |          Defendants.               ) **REQUEST FOR PRODUCTION, SET**
21 |                                    ) **TWO**
   |                                    )
22                                      )
   AND RELATED CASES.                   )
23                                      )

24

25         At the June 10, 2008 hearing on the Court's order to show cause ("OSC"), counsel for

26 Dennis Montgomery ("Montgomery"), and the Montgomery Family Trust (jointly with

27 Montgomery, the "Montgomery Parties") stated that it was the Montgomery Parties' understanding

28 that the Court had limited the scope of the documents that the Montgomery Parties were required to

                                                           Case No. 3:06-CV-00056-PMP-VPC

0039641/001/ 38202v01

1  produce in response to Request No. 26 ("Request No. 26") in the Second Set of Requests for
2  Production propounded by eTreppid Technologies LLC and Warren Trepp (jointly, "eTreppid").
3  Based on argument and the ruling made by the Court at a February 21, 2008 hearing on a motion
4  by eTreppid to compel discovery, the Montgomery Parties understand that the Court limited the
5  scope of the correspondence they are required to produced in response to Request No. 26 to
6  correspondence concerning certain technology. [Transcript of June 10, 2008 hearing at 119:18-
7  120:1.] eTreppid, on the other hand, takes the position that no limitation was ever imposed on the
8  scope of the correspondence that is the subject of Request No. 26.

9        The Montgomery Parties have reviewed the transcript of the February 21, 2008 hearing
10 where these issues were discussed and resolved and respectfully submit that the transcript of that
11 hearing appears to support the understanding of the Montgomery Parties. Because this issue is
12 germane to the OSC hearing, the Montgomery Parties submit this memorandum so the issue finally
13 can be resolved.

14       Request No. 26 states:

15     Please produce any and all documents, including but not limited to
    correspondence, emails (in native format), calendar notes, journal entries, or
16     phone messages memorializing any communication between you or anyone acting
    on your behalf and Edra Blixseth, OpSpring, Inc., AziMyth, Inc. Michael
17     Sandoval, or Atigeo, Inc.

18 [See Ex. E to Declaration of Jerry Snyder filed February 15, 2008, Request No. 26 at p. 10 of 91
19 (Docket # 433-3).]

20       While the language of Request No. 26 does not limit the requested correspondence to that
21 involving a particular subject matter, this Court, at the February 21, 2008 hearing, ruled that
22 Request No. 26 should be deemed to seek correspondence concerning certain types of technology.
23 Oral argument by eTreppid's counsel and the Court's subsequent ruling on the record following
24 counsel's argument makes this limitation on Request No. 26 clear.

25       At the February 21 hearing, eTreppid's counsel urged that Request No. 26 *not* be limited to
26 particular technology. eTreppid's counsel argued:

27     MR. SNYDER: And then in request number 26, we would, we request
    correspondence, e-mails, communication, et cetera, between Dennis Montgomery
28     and those entities; Blixseth, Opspring, Azimyth, et cetera. This is one I don't

> want to limit it to things discussing the particular technology, because those discussions might encompass a wide variety, or those communications might not directly discuss the technology, but might certainly be relevant to other issues related to misappropriation, or related to our other claims here.

[Ex. 1 (Transcript of 2/21/08 Hearing) to Request for Judicial Notice filed in Support of Montgomery Parties' Opposition to eTreppid's Motion to Compel (Docket # 681) at 103:14-23.]

The Court rejected the argument of eTreppid's counsel that Request No. 26 should not be limited to certain technology. The Court appeared to rule that the correspondence produced in Request No. 26 could be limited by subject matter, specifically, to correspondence relating to "technology arising out of object detection, data compression, pattern recognition, object tracking, and anomaly detection" in response to Request No. 26 would be acceptable. As the Court stated at the hearing:

> Then, with respect to numbers, requests -- this is second set for requests of production, request 24, 25, 26, and 27, the Montgomery parties will answer requests for production number 24 as is.
>
> As it relates to request for production relates to docket, request for production 25, 26, and 27, that -- those document production requests which, say, for example, 25 says, "Please provide every contract of any kind, including but not limited to any technology, licensing agreements, employment agreements, et cetera, between you, on the one hand, and then that counter-defendants, additional counter-defendant's name." It will include this limitation: Technology, the term technology is limited to technology arising out of object detection, data compression, pattern recognition, object tracking, and anomaly detection.
>
> **And the same limitations will be imposed as to requests for production 26 and 27**.

[*Id.* at 115:14-116:5 (emphasis added).]

Request No. 26 does not use the term "technology." Similarly, Request No. 27 in eTreppid's Second Request for Production does not use this term.[1] [*See* Ex. E to Declaration of Jerry Snyder filed February 15, 2008, Request No. 27 at p. 10 of 91 (Docket # 433-3).] Yet, the

---

[1] Request No. 27 states: "Please produce any and all documents, including but not limited to correspondence, emails (in native format), calendar notes, journal entries, power point presentations, marketing materials, or phone messages memorializing any communication between you or anyone acting on your behalf and any customer or prospective customer of OpSpring, Inc., or AziMyth." *See* Ex. E to Declaration of Jerry Snyder filed February 15, 2008, Request No. 27 at p. 10 of 91 (Docket # 433-3).

Court specifically referred to Request Nos. 26 and 27 when it stated that the "the same limitations" would refer to these particular document requests.

In order to give meaning and effect to the Court's ruling that the "same limitations will be imposed as to requests for production 26 and 27," the Court's ruling must logically be construed as limiting the correspondence required to be produced in response to Request No. 26 and 27 to correspondence involving "technology arising out of object detection, data compression, pattern recognition, object tracking, and anomaly detection." Otherwise, the Court's directive that "the same limitations"—i.e, the subject matter limitation involving these technologies—"will be imposed as to requests for production 26 and 27" would not make sense.

Dated: June 23, 2008

Respectfully submitted,

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP


By: _____/s/_____
Deborah A. Klar

Attorneys for Plaintiffs DENNIS
MONTGOMERY and the
MONTGOMERY FAMILY TRUST, and
Counterdefendants OPSPRING LLC and
EDRA BLIXSETH

3

Case No.  3:06-CV-00056-PMP-VPC

0039641/001/ 38202v01

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the Law Offices Of Liner Yankelevitz Sunshine & Regenstreif LLP, and that on **June 23, 2008**, I caused to be served the within document described as **MONTGOMERY PARTIES' BRIEF RE LIMITATION ON SUBJECT MATTER OF CORRESPONDENCE REQUIRED TO BE PRODUCED PURSUANT TO ETREPPID'S REQUEST NO. 26 IN REQUEST FOR PRODUCTION, SET TWO** on the interested parties in this action as stated below:

| | |
|---|---|
| J. Stephen Peek, Esq.<br>Jerry M. Snyder, Esq.<br>Hale Lane Peek Dennison and Howard<br>5441 Kietzke Lane, Second Floor<br>Reno, Nevada 89511<br>(775) 327-3000; 786-6179 - FAX<br>speek@halelane.com; jsnyder@halelane.com<br>Attorneys for eTreppid and Warren Trepp | Carlotta P. Wells, Sr. Trial Counsel<br>U.S. Dept. of Justice<br>Fed. Programs Branch<br>Civil Division, Room 7150<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-4522; 616-8470 - FAX<br>E-mail: Carlotta.wells@usdoj.gov<br>Attorneys for Department of Defense |
| Reid H. Weingarten, Esq.<br>Brian M. Heberlig, Esq.<br>Robert A. Ayers, Esq.,<br>Steptoe & Johnson, LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-1795<br>(202) 429-3000; (202) 429-3902 - FAX<br>rweingarten@steptoe.com;<br>bhaberlig@steptoe.com; rayers@steptoe.com<br>Attorneys for eTreppid and Warren Trepp | Raphael O. Gomez, Esq., Sr. Trial Counsel<br>U.S. Dept. of Justice, Fed. Programs Branch<br>Civil Division, Room 6144<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-1318; 616-8470 - FAX<br>E-mail: raphael.gomez@usdoj.gov<br>Attorneys for Department of Defense |
| Greg Addington, AUSA<br>U.S. DEPARTMENT OF JUSTICE<br>100 W. Liberty Street. Suite 600<br>Reno, Nevada 89501<br>E-mail: Greg.addington@usdoj.gov<br>(775) 784-5181 - FAX<br>Attorneys for Department of Defense | Bridget Robb Peck, Esq.<br>Lewis and Roca LLP<br>50 West Liberty Street, Suite 410<br>Reno, Nevada 89501<br>Tel: (775) 823-2900<br>Fax: (775) 823-2929<br>bpeck@lrlaw.com<br>Attorneys for Atigeo LLC and Michael Sandovdal |
| Jacquelyn A. Beatty, Esq.<br>Karr Tuttle Campbell<br>1201 Third Avenue, Suite 2900<br>Seattle, Washington 98101<br>Fax: (206) 682-7100<br>E-mail: jbeatty@karrtuttle.com<br>Attorneys for Michael Sandoval | Robert E. Rohde, Esq.<br>Rohde & Van Kampen<br>1001 Fourth Avenue, Suite 4050<br>Seattle, Washington 98154<br>Fax: (206) 405-2825<br>E-mail: brohde@rohdelaw.com<br>Attorneys for Atigeo LLC |

☒ **[ELECTRONIC]** By filing the document(s) electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document(s) to the persons listed above at their respective email address.

[Federal]   I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

4

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on June 23, 2008, at San Francisco, California.

_____Sklar K. Toy_____   _____/s/ SKT_____
(Type or print name)              (Signature)

0039641/001/38202v01