UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| DENNIS MONTGOMERY, et al., | ) | 3:06-CV-0056-PMP-VPC |
| | ) | |
| Plaintiff(s), | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | |
| | ) | DATED:  June 17, 2008 |
| ETREPPID TECHNOLOGIES, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, MAGISTRATE JUDGE
Deputy Clerk:         Lisa Mann            Court Reporter:        FTR
Counsel for Plaintiff(s):  Mark Gunderson and (Telephonically) Deborah Klar and Tuneen Chisolm
Counsel for Defendant(s): Jerry Synder and Stephen Peek
Counsel for Third-Party Defendant(s): Bridgett Robb-Peck and (Telephonically) Gregory Schwartz

PROCEEDINGS: DISCOVERY HEARING

9:10 a.m.  Court convenes.

The Court notes for the record that counsel for the government is not present either telephonically or in person at this hearing.

The Court addresses the parties regarding the plaintiffs' ("Montgomery parties") objections to Magistrate Judge's order regarding source code discovery and request for stay pending appeal (#672) and advises counsel that the District Court will address this objection. However, the Court further advises that it has reviewed the objection and notes that other than the "request for stay pending appeal," which is found in the title of the objection, the Montgomery parties articulate no basis for a stay. The Montgomery parties are advised that there is no stay of this Court's order (#672) at this time.

The Court addresses the parties regarding eTreppid Technologies and Warren Trepp's ("eTreppid") motion to compel attendance of Ms. Edra Blixseth and motion for order shortening time (#675), indicating that the Court has issued an order setting a briefing schedule on shortened time (#676), and further directs that eTreppid's reply to the motion shall be filed by no later than noon on Friday, June 20, 2008.

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
June 17, 2008
Page 2

  Ms. Klar and Ms. Chisolm are directed to notify Ms. Blixseth of eTreppid's motion to compel her attendance at the continued show cause hearing scheduled for Tuesday, June 24, 2008 at 9:00 a.m., and to advise her to make herself available for that hearing pending the Court's consideration of the motion.

  The Court reminds counsel of its standing order directing counsel to file discovery status reports by no later than three (3) court days prior to each scheduled discovery hearing (#300), to insure the Court has sufficient time to review and prepare for the discovery hearing.

  The Court and the parties discuss the pending motions to be addressed at this hearing.

  Having heard from the parties and good cause appearing, the Court finds as follows:

1) **Montgomery parties' motion for an evidentiary hearing and motion for a protective order pending the holding of an evidentiary hearing (#527):**

  a) **Request for Production No. 7:**

    The Court reviews the parties' meet and confer report regarding outstanding discovery disputes (#650). As to eTreppid's request for forensic copies of the hard drives, eTreppid's counsel reports that he has received those forensic copies; therefore, this matter is resolved.

  b) **Request for Production No. 6:**

    This request for production concerns the compact discs ("CDs") which were returned to Mr. Montgomery from the Federal Bureau of Investigation ("FBI"). The Court reviews the parties' meet and confer reports (#650), and there still remains a dispute concerning production. The Montgomery parties' counsel reports that Mr. Montgomery has conducted a search of the CDs, and he cannot locate certain CDs and Mr. Flynn, his former counsel, may have them. However, Montgomery parties' counsel also believes that whatever is on potentially missing CDs will be found on the backup hard drives that Mr. Montgomery is in the process of producing.

    eTreppid's counsel reports that based on its review of the photos taken by the FBI of the property returned to Mr. Montgomery, there are one hundred sixty-nine CDs that were returned. The Montgomery parties have produced approximately sixty-seven photocopies of the faces of CDs. At the June 10, 2008 order to show cause hearing, Mr. Montgomery brought approximately

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
June 17, 2008
Page 3

thirty additional CDs, the faces of which have not been photocopied, nor have they been electronically copied. Mr. Montgomery produced an additional seventeen CDs at that hearing, which were delivered to counsel for the United States pursuant to the United States protective order, but copies of the faces of the CDs were made by the Clerk of Court for the parties. eTreppid's counsel estimates that there are approximately seventy-two CDs outstanding.

The Montgomery parties' counsel advises the Court that she intends to meet on June 18, 2008 with Mr. Montgomery, and the objective is to produce both photocopies of the faces of all remaining CDs, as well as electronic copies of the CDs, by Friday, June 20, 2008. If any of the CDs is subject to the United States protective order, the Montgomery parties will comply with that order.

After further discussion, the Court orders as follows:

1. Mr. Montgomery shall meet with his counsel on June 18, 2008 to review the photos of the items returned by to Mr. Montgomery by the FBI;

2. Mr. Montogmery shall determine what faces of CDs should be photocopied, keeping in mind what has earlier been produced;

3. Electronic copies of the CDs and the remaining photocopies of CDs shall be produced to eTreppid by **Friday, June 20, 2008;**

4. If Mr. Montgomery cannot locate CDs that appear in the photos, he shall file a declaration on **Friday, June 20, 2008**, which attests as follows:

    a. The procedures Mr. Montogmery used to locate and review the CDs;

    b. The items Mr. Montgomery reviewed;

    c. Where he located the CDs he is producing;

    d. An itemization of what he produced, and

    e. If Mr. Montgomery cannot produce CDs featured in the FBI photos, Mr. Montgomery's belief about where he believes they are now located.

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
June 17, 2008
Page 4

    **c)**    **Evidentiary hearing regarding search warrant return:**

The Montgomery parties' motion for an evidentiary hearing is GRANTED. Ms. Klar shall coordinate with the FBI concerning a possible review of a video tape of the search warrant return by no later than **Monday, June 30, 2008**. Thereafter, if an evidentiary hearing is not necessary, Ms. Klar shall file a notice so advising the Court no later than **Monday, June 30, 2008**. If an evidentiary hearing is required, Ms. Klar shall file such notice requesting a hearing by no later than **Monday, June 30, 2008**, and an evidentiary hearing shall be set. Counsel for the government is directed to advise Gregory Addington, Assistant United States Attorney, of this issue and that Special Agent Michael West's testimony will be required at the evidentiary hearing. Thereafter, the parties shall contact the deputy court clerk to set a date for the hearing. The Montgomery parties' motion (#527) is GRANTED in part and DENIED in part as set forth above.

The Court indicates on the record that both Ms. Wells and Mr. Gomez counsel for the government are now present in the courtroom.

**2)**    **Montgomery parties' motion for order (1) compelling eTreppid to provide further responses to interrogatories; (2) warning eTreppid of case ending sanctions; and (3) imposing monetary sanctions (#535):**

The Court reviews the parties' meet and confer report (#650) concerning this outstanding discovery dispute and notes that its order regarding how source code discovery (#645) affects the disposition of these matters.

    **a)**    **Montgomery Parties' Interrogatory No. 3 (First Set) and Amended Interrogatory No. 1 (Second Set):**

Interrogatory No. 3 (first set) and amended Interrogatory No. 1 (second set) asks eTreppid to identify its alleged trade secrets and to identify the employees who allegedly created those trade secrets. If the District Court affirms this Court's source code discovery order (#645), the Montgomery parties will be required produce the disputed source code, and eTreppid will presumably respond to these discovery requests with more specificity. However, if the District Court overrules the source code discovery order, the Montgomery parties will have leave to seek supplemental answers to these interrogatories based upon the information eTreppid has available without reference to the source code.

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
June 17, 2008
Page 5

>   eTtreppid's counsel advises that it has produced the names of current and former eTreppid employees who may have worked on trade secret-related matters, but until it has access to the source code, it cannot provide more specificity, just as it cannot more particularly describe its trade secret without reference to the source code. Based upon the foregoing, the Montgomery parties' motion to compel (#535) as to Interrogatory No. 3 (first set) and Amended Interrogatory No. 1 (second set) is denied without prejudice with leave to renew the motion after the District Court issues its order regarding the source code discovery order.

    **b)**    **Specification of Third Parties and Contracts Reference in Connection with Trade Secrets:**

>   The Montgomery parties seek production of documents evidencing eTreppid's commercial, as opposed to government, contracts with third parties. Having heard arguments of counsel, the Montgomery parties' motion to compel (#535) is granted as follows:

>   1.    eTreppid will provide the bates-number ranges of its commercial contracts with third parties, which have already been identified, no later than **Friday, June 20, 2008**;

>   2.    Counsel for the United States has agreed that based upon the good faith representations of eTreppid's counsel that the thirty boxes of documents currently being processed by eTreppid's copying vendor in Omaha, Nebraska do not implicate the United States protective order, those documents can be copied in the standard commercial fashion on an expedited basis; therefore,

>   3.    Documents responsive to this request shall be produced to the Montgomery parties no later than **Friday, June 27, 2008.**

    **c)**    **Montgomery Parties' Interrogatory No. 11:**

>   This interrogatory seeks a factual basis for eTreppid's putative ownership of copyrights in the alleged trade secret source code. Having heard arguments from counsel and recognizing that this Court's earlier source code discovery order affects answers to interrogatories, the court grants in part and denies in part the Montgomery parties' motion to compel (#535) and orders eTreppid to supplement its answer to explain why it cannot more fully respond to the

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
June 17, 2008
Page 6

        interrogatory, to identify current and former eTreppid employees who may have information responsive to this interrogatory, and to identify the dates on which former employees left their employment at eTreppid.

        The Montgomery parties' motion to compel (#535) is GRANTED in part and DENIED in part as set for th above.

**3)**     <u>**Montgomery parties' motion to compel documents withheld under attorney-client privilege (#536):**</u>

        On April 28, 2008, this Court issued its order re: attorney-client privilege (#541), which directly relates to this discovery dispute. By that order, the Court ordered eTreppid to prepare a privilege log. However, there exists a dispute concerning whether the Court's order is dispositive of whether eTreppid waived the attorney-client privilege by failing to produce a privilege log earlier. The Court advises that implicit in its order is a determination that there was no waiver of the attorney-client privilege. Subsequently, the parties engaged in the meet-and-confer on May 20, 2008, and eTreppid produced a privilege log that consisted primarily of entries for attorney invoices. Thereafter, eTreppid agreed to produce redacted copies of attorney's fee statements, as well as an amended privilege log describing the privileged documents (#650). eTreppid further agreed to produce documents from Mr. Frye's files, along with a privilege log listing any documents retained. *Id.* The Montgomery parties continue to object to the substance and scope of the privilege log.

10:41 a.m.  Court recesses.

10:59 a.m.  Court reconvenes.

        Having heard arguments of counsel, it is hereby ordered:

**a)**     Counsel for eTreppid shall produce the final privilege log concerning all of the Doug Frey electronic documents by no later than **Monday, June 23, 2008**.

**b)**     With respect to the Doug Frey hard copy documents, Mr. Snyder shall meet and confer with Mr. Frey regarding this discovery production. Thereafter, Mr. Snyder shall file a document entitled Doug Frey Report which indicates a proposal for the production of the Doug Frey hard copy documents, including a date certain for this production.

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
June 17, 2008
Page 7

The Court advises the parties it shall recess for the noon hour and advises Mr. Snyder to contact the vendor conducting copy work to determine when this document production will be completed.

11:58 a.m.  Court recesses.

1:31 p.m.  Court reconvenes.

Mr. Snyder reports that eTreppid can produce the bulk of the documents responsive to the Montgomery parties' requests for production, including a privilege log, no later than **Monday, July 7, 2008,** with the representation that no other responsive documents will be withheld.  Thereafter, Mr. Snyder reported that the document production and the privilege log can be completed no later than **Monday, July 28, 2008**, which is now the deadline for this production.  Further, all counsel understand they have a continued obligation to supplement discovery responses.

The Montgomery parties motion to compel (#536) is GRANTED in part and DENIED in part as set forth above.

4) **eTreppid's motion for protective order staying Montgomery's discovery of eTreppid, Warren Trepp, and all third parties (#577):**

   a) The Court having reviewed the papers, heard arguments from counsel, and good cause appearing, find that eTreppid's motion for protective order is (#577) is DENIED.

5) **The parties' proposed joint discovery plan and scheduling order (#640):**

   a) The Court advises that having conferred with the District Court regarding the status of this case, a hearing concerning the parties' proposed joint discovery plan and scheduling order (#640) shall be deferred pending a case management hearing scheduled on **Monday, August 18, 2008** at **10:00 a.m.**  If counsel for the government wish to meet with the Court prior to the hearing concerning the issues regarding the United States' protective order, counsel shall file a request, and that meeting shall take place on **Monday, August 18, 2008** at **9:00 a.m.**  All parties shall file their case management reports no later than **Tuesday, August 12, 2008** by **noon P.D.T.**

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
June 17, 2008
Page 8

    **b)**      In light of this ruling, the July 11, 2008 discovery cut-off and all subsequent deadlines of the discovery plan and scheduling order currently governing this action shall be suspended pending the August 18, 2008 hearing. However, the Court advises counsel the suspension of the discovery cut-off and other deadlines shall not be construed as a suspension from any parties' obligations to proceed with discovery. Further, the Court advises counsel that there shall be **no** stay of discovery granted, notwithstanding that motions to dismiss are under submission to the District Court.

**6)**      <u>Meet and confer:</u>

Counsel are directed to meet and confer concerning the following matters:

    **a)**      **<u>Electronically stored information:</u>**

Counsel shall meet and confer to discuss and propose a reasonable protocol for the production of electronically stored information ("ESI") in accordance with Fed.R.Civ.P. 26. Counsel shall file a report concerning ESI by no later than **Wednesday, July 9, 2008**. The report shall outline the parties' agreement, but if no agreement is reached, counsel shall file reports summarizing the disagreement and proposed protocols for production of ESI.

    **b)**      **<u>Modification of existing protective order (#264):</u>**

If counsel believe it necessary to modify the existing protective order (#264), a modified protective order shall be filed by no later than **Wednesday, July 9, 2008**.

    **c)**      **<u>Motion for protective order to enforce the common interest privilege agreement:</u>**

The Montgomery parties' motion for protective order to enforce a common interest privilege agreement shall be filed by no later than **Monday, June 30, 2008**. The opposition shall be filed no later than **Tuesday, July 8, 2008**, and the reply shall be due no later than **noon P.D.T.** on **Friday, July 11, 2008**.

Ms. Chisolm addresses the Court regarding the deposition of eTreppid's person most knowledgeable. The Court directs counsel to meet and confer and schedule this deposition.

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
June 17, 2008
Page 9

      Ms. Wells addresses the Court concerning the Montgomery parties' request for an evidentiary hearing on the FBI's return of seized property to Mr. Montgomery. Ms. Wells inquires whether such and evidentiary hearing should properly proceed in the search warrant proceeding, case number 3:06-CV-0263-PMP-VPC, as opposed to this action.

      Having heard from counsel, the Court finds that if an evidentiary hearing is requested, the hearing shall be heard in the search warrant proceeding, case number 3:06-CV-0263-PMP-VPC. Counsel for the Montgomery parties and eTreppid state on the record their interest in participating in the evidentiary hearing to insure that any order issued at that hearing is binding in this litigation. If an evidentiary hearing proceeds, counsel for the United States, Gregory Addington will be asked to meet and confer with counsel for the Montgomery parties and eTreppid no later than **Wednesday, July 9, 2008**, concerning their participation at the hearing. If Mr. Addington has no objection to the participation of counsel at the evidentiary hearing, the parties shall file such a stipulation. If there is an objection, Mr. Addington shall file a notice with the Court and counsel for eTreppid and/or the Montgomery parties can move to intervene.

      **IT IS SO ORDERED.**

3:21 p.m.  Court adjourns.

                          LANCE S. WILSON, CLERK

                          By:            /s/

                          Lisa Mann, Deputy Clerk