UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>ETREPPID TECHNOLOGIES, LLC; WARREN TREPP; and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>Defendants.<br><br>AND ALL RELATED MATTERS. | 3:06-CV-00056-PMP-VPC<br>BASE FILE<br><br>3:06-CV-00145-PMP-VPC<br><br>O R D E R |

Presently before the Court is Counterdefendant Atigeo, LLC's Motion to Dismiss eTreppid and Warren Trepp Counterclaims against Atigeo, LLC (Doc. #452), filed on March 3, 2008. Counterclaimants eTreppid Technologies, LLC and Warren Trepp ("eTreppid") filed an Opposition (Doc. #501) on March 24, 2008. Atigeo, LLC filed a Reply (Doc. #526) on April 7, 2008. eTreppid filed a Supplement (Doc. #531) on April 11, 2008.

Also before the Court is Counterdefendant Michael Sandoval's Motion to Dismiss eTreppid and Warren Trepp Counterclaims and Joinder in Motion to Dismiss Filed by Atigeo, LLC (Doc. #514), filed on March 26, 2006. eTreppid filed an Opposition (Doc. #533) on April 11, 2008. Michael Sandoval filed a Reply (Doc. #549) on April 24, 2008.

///

## I. BACKGROUND

This case concerns a dispute between eTreppid and Plaintiff/Counterdefendant Dennis Montgomery ("Montgomery") as to who owns certain computer software source code. At issue in the present motion are eTreppid's misappropriation of trade secrets and non-statutory state law tort claims asserted in eTreppid's Counterclaim (Doc. #393). Specifically, Counterdefendants Atigeo, LLC and Michael Sandoval argue eTreppid fails to state a claim for misappropriation of trade secrets and eTreppid's claims in counts three, four, five, seven, nine, ten, and eleven are preempted by Nevada's Uniform Trade Secrets Act because they arise out of the same factual allegations as eTreppid's misappropriation of trade secrets claim. eTreppid responds that its other tort claims include conduct beyond Counterdefendants' alleged misappropriation of trade secrets, and therefore the Act does not preempt the claims. Additionally, eTreppid argues that even if the claims are duplicative, eTreppid may plead in the alternative under Federal Rule of Civil Procedure 8.

In the Counterclaim, eTreppid alleges it is in the business of developing and marketing software, including software for data compression, pattern recognition, object tracking, and anomaly detection. (Countercl. [Doc. #393] at 13.) The software is written in human readable computer language known as source code. (Id. at 9.) The Counterclaim defines the term "eTreppid Source Code" as "the source code which comprises eTreppid's digital compression products, including data compression, pattern recognition, object tracking and anomaly detection and other related functions." (Id. at 9, 13.) eTreppid contends it took measures to protect access to its Source Code, including limiting the storage of the Source Code to two password-protected servers and computer workstations. (Id. at 14.) Only Montgomery and one other eTreppid employee knew the password. (Id.) These computers were stored in a room accessible by only a few employees. (Id.) In addition to this security, eTreppid controlled access to its building and had an alarm system. (Id.)

2

eTreppid alleges it permitted its employees to work on portions of the eTreppid Source Code from a shared directory, but only Montgomery, eTreppid's Chief Technology Officer, had access to the complete eTreppid Source Code. (Id. at 9, 11, 15.) According to the Counterclaim, Montgomery began deleting eTreppid Source Code files in December 2005. (Id.) eTreppid contends Montgomery removed one of the backup workstations used to store the Source Code and Montgomery deleted the Source Code from the eTreppid servers and the employees' workstations. (Id. at 16.) eTreppid discovered the Source Code was deleted in January 2006 and thereafter terminated Montgomery's employment. (Id. at 16-17, 19.) eTreppid alleges that as a result of Montgomery deleting its Source Code, eTreppid's employees' ability to perform their work on customer projects is limited, eTreppid is unable to obtain contracts with interested customers, and also has been "precluded from doing business with certain of its prior customers because they had been brought into this litigation by Montgomery." (Id. at 18-19.)

On March 6, 2006, Federal Bureau of Investigation ("FBI") agents searched Montgomery's residence and rented storage units. (Id. at 18.) The FBI seized, among other things, computer hard drives. (Id.) eTreppid contends twenty-seven of these hard drives belong to eTreppid, as documented by the serial numbers and eTreppid's receipts. (Id.)

eTreppid initially brought an action against Montgomery in state court, where it obtained a preliminary injunction restraining "Montgomery and all persons or entities in active concert or participation therewith" from "destroying, hypothecating, transferring, modifying and/or assigning the eTreppid Source Code, [and] from discussing any eTreppid technology, including anomaly detection and pattern recognition software, with any third-party." (Id. at 19.) eTreppid contends that after it terminated Montgomery's employment in January 2006, and after the preliminary injunction took effect, Montgomery discussed the eTreppid technology with potential investors, including Counterdefendants Edra

3

Blixseth, Michael Sandoval, Opspring LLC, and Atigeo LLC.  (Id. at 19-20.)  According to eTreppid, these individuals and entities currently possess the eTreppid Source Code and are modifying and developing the Source Code to market it to third parties, despite their awareness of the preliminary injunction.  (Id. at 20.)

After eTreppid brought suit in Nevada state court, Montgomery brought suit in this Court and then removed the state court action to this Court.  The Court has consolidated the actions.  Based on the above allegations, eTreppid brings counterclaims for misappropriation of trade secrets under Nevada Revised Statutes § 600A.010 et seq., breach of contract, conversion, breach of fiduciary duty, bad faith - tortious and contractual, declaratory relief, intentional interference with contract, claim and delivery, civil conspiracy, and intentional interference with prospective economic relations.

Counterdefendants Atigeo, LLC ("Atigeo") and Michael Sandoval ("Sandoval) move to dismiss eTreppid's misappropriation of trade secrets claim for failure to state a claim.  Counterdefendants argue eTreppid fails to allege facts supporting each element of this claim.  Alternatively, Counterdefendants move to dismiss eTreppid's state law claims based on misappropriation of trade secrets as preempted by Nevada's Uniform Trade Secrets Act.  eTreppid responds that it adequately has alleged it had a trade secret in the form of source code, that Counterdefendants misappropriated that secret through use and disclosure of the technology, and that Counterdefendants were under a duty not to disclose by virtue of the Nevada state court's preliminary injunction order.  With respect to preemption, eTreppid argues its misappropriation of trade secrets claim and its Nevada common law claims are not necessarily based on the same facts, and, in any event, eTreppid is permitted to plead the claims in the alternative.

**II. DISCUSSION**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."  Wyler

Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, the Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  There is a strong presumption against dismissing an action for failure to state a claim.  Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"  Hydrick v. Hunter, 500 F.3d 978, 985 (9th Cir. 2006) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief.   Bell Atl. Corp. v Twombly, 127 S. Ct. 1955, 1965 (2007).  Such allegations must amount to "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Id. at 1964-65.

### A. Misappropriation of Trade Secrets

Counterdefendants argue the Counterclaim contains no factual allegations relating to Atigeo or Sandoval except for a single paragraph in which eTreppid alleges "On information and belief, Counterdefendants wrongfully, willfully and/or maliciously misappropriated eTreppid's trade secrets."  (Countercl. at ¶ 65.)  Atigeo and Sandoval argue eTreppid therefore fails to allege the existence of a trade secret, the misappropriation thereof, that Counterdefendants misappropriated anything in breach of an agreement, or that Counterdefendants had a duty not to disclose.  eTreppid responds that it has alleged it had a valuable trade secret in the form of source code, which it protected as a trade secret.  eTreppid further argues it alleges Counterdefendants misappropriated the trade secret by using it and attempting modify and/or market it.  Finally, eTreppid argues it has alleged Counterdefendants were under a duty not to disclose because Counterdefendants knew of the state court preliminary injunction order which precluded Montgomery and those acting in concert with Montgomery from using or disclosing eTreppid Source Code.

To establish a claim for misappropriation of trade secrets, a plaintiff must show (1) it had a valuable trade secret; (2) the defendant misappropriated the trade secret through use, disclosure, or nondisclosure of use of the trade secret; and (3) the defendant's misappropriation was wrongful because it was in breach of an express or implied contract or was made by a party with a duty not to disclose. Kaldi v. Farmers Ins. Exchange, 21 P.3d 16, 23 (Nev. 2001). eTreppid has made sufficient factual allegations in its Counterclaim that support each of these elements to survive a motion to dismiss for failure to state a claim. First, eTreppid has alleged its Source Code is a trade secret not generally known to the public, and that eTreppid has taken efforts to maintain the Source Code's secrecy. (Countercl. at 20.) The Counterclaim describes the efforts eTreppid has undertaken to keep its trade secret confidential, including limiting the number of people who have access to the code, storing the code on password protected servers, storing those servers in a room accessible by only a small group of individuals, controlling access to the building, and using alarm and surveillance systems. (Id. at 28-35.)

Second, eTreppid has alleged Counterdefendants misappropriated the Source Code by discussing it with Montgomery, licensing it or otherwise accepting the transfer of the Source Code from Montgomery, attempting to develop and modify the Source Code, and engaging in an ongoing effort to market the Source Code to third parties. (Id. at 17, 20.) Finally, eTreppid has alleged Counterdefendants were under a duty not to disclose because they were aware of the preliminary injunction which restrained both Montgomery and anyone acting in concert with him from discussing, modifying, transferring, or assigning eTreppid Source Code with any third party. (Id. at 19.)

eTreppid sufficiently has alleged facts demonstrating a plausible entitlement to relief on its misappropriation of trade secrets claim. The Court therefore will deny Counterdefendants' motions to dismiss on this basis.

///

### B. Preemption

Nevada's Uniform Trade Secrets Act prohibits the misappropriation of trade secrets and provides for a private right of action for damages and injunctive relief. See Nev. Rev. Stat. § 600A.010 et seq. The Act contains a provision indicating it displaces certain conflicting tort remedies:

> 1. Except as otherwise provided in subsection 2, this chapter displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret.
> 2. This chapter does not affect:
>    (a) Contractual remedies, whether or not based upon misappropriation of a trade secret;
>    (b) Other civil remedies that are not based upon misappropriation of a trade secret; or
>    (c) Except as otherwise provided in NRS 600A.035, criminal sanctions, whether or not based upon misappropriation of a trade secret.

Nev. Rev. Stat. § 600A.090. The Act precludes common law tort claims arising from a "single factual episode" of misappropriation of a trade secret. Frantz v. Johnson, 999 P.2d 351, 357-58 (Nev. 2000); Hutchison v. KFC Corp., 809 F. Supp. 68, 71-72 (D. Nev. 1992) (dismissing various common law tort claims as precluded by the Act). However, Nevada's Uniform Trade Secrets Act does not provide a "blanket preemption to all claims that arise from a factual circumstance possibly involving a trade secret." Frantz, 999 P.2d at 357 n.3. If the plaintiff asserts claims that "do not depend on the information at issue being deemed a trade secret," the Act will not preclude those claims. Id.

Pursuant to Federal Rule of Civil Procedure 8, "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Even if any of the above claims are duplicative of the misappropriation of trade secrets claim and therefore preempted by the Nevada Unfair Trade Secrets Act, eTreppid is entitled to plead the claims in the alternative under Rule 8. eTreppid cannot recover on both types of claims. See Frantz, 999 P.2d at 357-58 (finding district court erred in awarding damages on both statutory and common law claims based

7

on a misappropriation of trade secrets). However, it may plead the statutory and non-statutory claims in the alternative at this stage of the proceedings, and it therefore would be premature to dismiss eTreppid's common law claims.[1] The Court will deny Counterdefendants' motions to dismiss on this basis.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Counterdefendant Atigeo, LLC's Motion to Dismiss eTreppid and Warren Trepp Counterclaims against Atigeo, LLC (Doc. #452) is hereby DENIED.

IT IS FURTHER ORDERED that Counterdefendant Michael Sandoval's Motion to Dismiss eTreppid and Warren Trepp Counterclaims and Joinder in Motion to Dismiss Filed by Atigeo, LLC (Doc. #514) is hereby DENIED.

DATED: June 26, 2008.

_____
PHILIP M. PRO
United States District Judge

---

[1] Although this Court dismissed conflicting common law claims as preempted by the Nevada Uniform Trade Secrets Act in another action, it is unclear from the opinion in that case whether the plaintiff argued he was entitled to plead in the alternative under Rule 8. See Hutchison, 809 F. Supp. at 71-72.

8