**Michael J. Flynn, Mass. State Bar No.172780**
P.O. Box 690, 6125 El Tordo
Rancho Santa Fe, CA 92067; and
One Boston Place, Suite 240
Boston, MA 02109
Tel:   (858) 775-7624;Fax:   (858) 759-0711
*Admitted Pro Hac Vice*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, and the MONTGOMERY FAMILY TRUST,<br><br>    Plaintiffs,<br><br>v.<br><br>ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>    Defendants.<br><br>AND ALL RELATED MATTERS. | 3:06-CV-00056-PMP-VPC<br>**BASE FILE**<br><br>3:06-CV-00145-PMP-VPC<br><br>**REPLY OF MICHAEL FLYNN RE: THE MOTION TO STRIKE THE MONTGOMERY OBJECTIONS TO THE MAY 7, 2008 ORDER** |

## INTRODUCTION

The Montgomery/Klar Response, (#678), to the Flynn Motion to Strike, (# 643), their untimely "Objection," (# 639), to no less than *five* Court Orders, (#256, 291, 296, 338, 502), under the guise of objecting to one purely ministerial Court Order, (#584, "the Ministerial Order"), presents a substantially less than honest approach to the Court. Ms. Klar would have been better off admitting excusable neglect, rather than attempting to bootstrap over eight months of failure to follow the Rules, into a single untimely objection to the Ministerial Order. That Order merely performed the ministerial act of conforming the *amount* of the fees to the March 24, 2008 Order, (#502), which, in turn, was based on the four previous Orders.

Neither the Objection, nor the Response to the Motion to Strike it, even remotely relate to anything in the Ministerial Order. The Response does not even attempt to correlate any objections to

anything in any specific Order. The reason is plain. Ms. Klar never filed objections to any of the five previous Orders which solely relate to the issues she now attempts to raise for the first time after *nine* months of litigation.

Ms. Klar did NOT timely file objections, and/or seek reconsideration, and/or follow this Court's original invitation to file a Motion for the client files, in connection with any of the *five* previous Orders, all dealing with the fees, files and state secrets. Her current Response attempts to cover-up her failures.

Although her "Objection" to the May 7, 2008 Ministerial Order conforming the fees to the #502 Order may be timely, (depending on how the Court construes the 10 day Rule to object to a Magistrate's Order and/or Report [1]), both her Response to the Motion to Strike, and her initial Objections say one thing loud and clear: she NEVER even mentions the change in the *amount* of the fees in either pleading as the basis for an "Objection" to either that Order or any other Order. The only timely Objection she *could* have raised to the May 7, 2008 Order was the ministerial change in the *amount* of the fees because that is all that said Order adjudicated. But she did not even do that.

She made **six** objections in her "Objection," (#639), to the May 7, 2008 Order. In each instance, she denominated her objections as being to the "May 7, 2008 Order", but none of the objections have anything to do with that Order. They **all** relate to the Court's five previous Orders, to which she did not timely object. Plainly, a simple review of her untimely "Objections" and her "Response" reveals what she has objected to and what she has not.

Mr. Flynn filed a Motion to Strike rather than responding to the May 27, 2008 "Objection" because under any reasonable analysis, the "Objection" was NOT timely filed in connection with any of the *five* previous Orders; and if this Court were to undertake a time consuming review of *each* of those Orders, under either a *de novo* or other standard, the Rules would be short circuited. If the

---

[1] Ms. Klar cites Rule III(A)(2) of the Nevada District Court Electronic Filing Procedures claiming an additional three days for "service" for the electronically filed and served Court Order, (#584). Under one construction of that Rule and Fed R Civ Proc 6(a), her Objection to the May 7, 2008 Order was due on May 23, 2008. Under the construction, she adopts based on *Lerro v. The Quaker Oats Company,* 84 F. 3d 239 (7th Cir. 1996), for which she gives an incorrect citation ("230"), May 27 would be a possible outside date to object to the May 7, 2008 Order. But NOT once does she raise a single argument or even mention the change in the amount of fees addressed in that Order as an "Objection."

1

Court does decide to undertake such a review, then Mr. Flynn respectfully requests that his Motion to Strike be deemed an opposition under Local Rule IB-3-1 and 3-2.

**1. The May 7, 2008 Order does not "subsume or supers(c)ede" any of the five previous Orders.**

In her Response, at pages 2:12 and 3:6-8, Ms. Klar cavalierly glosses over the hingepin of her argument claiming that the May 7, 2008, Ministerial Order "sub<u>s</u>umes, super<u>s</u>edes, super<u>c</u>edes, and encompasses" the March 24, 2008 Order. She cites no authority, and provides no facts or arguments whatsoever in support of this whimsical, wishful thinking; nor does she even attempt to explain what she means. She studiously refrains from citing specific objections to specific parts of specific Orders, or even general objections to specific Orders. Perhaps that is because the facts herein are clear; and the law governing review of a Magistrate-Judge's Orders, Reports or Recommendations by the District Judge is also clear, indeed cemented in stone.

In order to obtain review of a Magistrates' orders, rulings, reports or recommendations, the complaining party MUST within ten days file objections to the *specific* findings, rulings, etcetera of the Magistrate. 28 U.S.C. § 636(b)(1)(C) states: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations <u>to which objection is made</u>." (Underlining added). That section also provides for ten days to "serve and file written objections to <u>such</u> proposed findings and recommendations as provided by rules of court." (Id.).

Although the foregoing subsection (C) specifically references the most stringent standard of *de novo* review for review of matters excluded within that section from a Magistrates' power, it is black letter law that specific objections to specific Orders must also be made under subsection(A). *Ecomares v. Ovcharik,* 2007 U.S. Dist. LEXIS 50335 (Nev. 2007)[ No review required if no objection to "any issue that is not the subject of an objection."]; *Schmidt v. Johnstone,* 263 F. Supp. 2d 1219 (D. Ariz. 2003) [Court conducted extensive review of cases and issues involving required objections to Magistrates' Orders]. [2]

In her "Objection" Ms. Klar cites 28 U.S.C. § 636 (B)(1)(A), the catch-all "pretrial" section

---

[2] A Shepard's review of the *Schmid*t case reveals a lengthy string of cases involving what can only be described as "black letter" adoption of the above cited rule by Judge Sandoval of this Court.

2

1  governing a Magistrates'" jurisdiction and powers," and requests review under the "clearly erroneous
2  or contrary to law" standard contained therein for her "Objection." (Objection, #639, p. 3). Ms. Klar
3  then claims that "the Magistrate Judge relied on inadmissible hearsay evidence....;" but she then claims
4  that the Magistrate Judge "never had any authority to <u>engage in this nine month ancillary proceeding</u>."
5  (*Id.*, #639, 4:8-10, [underlining added]. Thus, she effectively admits that she is objecting to the Orders
6  during the "nine month ancillary proceeding." The "Objection" references "subject matter jurisdiction,"
7  (*id*); and then purports to attack the March 24, 2008 Order based on it not being a "Report and
8  Recommendation," (p. 8); but based on inadmissible hearsay, lack of deposition discovery, lack of
9  "testimony" and "oral argument, (*id.*, p. 6), all of which relates to previous Orders and having nothing
10 to do with the Ministerial Order. Curiously, although now claiming the need for deposition discovery,
11 she never submitted a declaration from Montgomery challenging any particulars related to any fees.
12      In her "Objection" to the May 7, 2008 Order, there are NO "objections" to anything in that
13 Order; and there is absolutely NOTHING in that Order relating to any of her objections. The ONLY
14 "<u>such proposed findings and recommendations</u>" "<u>to which objection is made</u>" in her May 27, 2008
15 "Objection," are contained in the following Orders in reverse chronological order:
16 (a)   The March 24, 2008 Order, (#502, relating to the "evidence" supporting the Order and Klar's
17 "block billing" objection);
18 (b)   The November 27, 2007 Order, (#338, relating to attorney client communications and the
19 procedures to submit evidence);
20 (c)   The October 12, 2007 Order, (#296 relating to ancillary jurisdiction, the retaining lien, the
21 *Ecomares* case relied upon by Klar, and the procedures to submit evidence on the fee dispute);
22 (d)   The October 4, 2007 Order, (#291 denying reconsideration of the September 4, 2007 Order; but
23 permitting a motion for the files); and
24 (e)   The September 4, 2007 Order, (#256, establishing two state secrets conditions and the retaining
25 lien).
26      This is not an issue of placing form over substance. Ms. Klar attempts to abrogate the most
27 fundamental rules relating to the requirements for objecting to a Magistrate-Judge's Orders. She
28 attempts to resurrect "nine months of ancillary proceedings" involving at least five primary Court

Orders all requiring extensive court time and resources intertwined with fee, file and state secrets issues with a single objection to an Order *that she doesn't even address in her objections.* Ms. Klar's "subsume, supers(c)ede, encompass" argument is not only meritless, it is directly *contrary* to her own pleadings, including her initial "Objection" and the current Response, and it is in "bad faith."

Courts have noted the chaos that would result if the 10 day rule were not strictly enforced. *Gonzales v. Harris,* 514, F. Supp. 991, 994 (E.D.Cal. 1981) [Noting the "overwhelming practical problem a court would confront if the 10-day rule were not strictly enforced;" and citing *Webb v. Califano* 468 F. Supp. 825, 830 (E.D.Cal. 1979)]. The *Gonzales* court cited two cases in other circuits wherein the failure to timely object to a Magistrates' Orders "results in the forfeiture of the right of appeal from the district court's judgment." (*Id.;* see also, *Davet v Maccarone,* 973 F. 2d, 22, 30-31 (1st Cir. 1992) [holding that the failure to file objections within the ten day statutory period waived any appeal thereon]). Here, the fee, file and state secrets issues were all intertwined. The state secrets issues involve core issues in these cases. The District Court *and* Judge Cooke appropriately asserted jurisdiction over these matters *without any objection whatsoever from Ms. Klar*; and notwithstanding the Court's *invitation* to Ms. Klar to file a Motion. (*See* Order, #291).

Finally, Ms. Klar's one paragraph Response (#542) to the Motion to Conform the Fees, (#520), proves the purely ministerial relationship between the May, 7, 2008 Order "conforming" the fees to the March 24, 2008 Order GRANTING them. (#502). In that Response, her sole objection to the request to conform them contradicts her position here. There, she said the Motion to Conform was an effort at reconsideration; and that the Court's March 24, 2008 Order was based on "29 briefings, including declarations, documentary evidence and legal arguments ... [resulting] in a detailed 19 page order...." Now, she claims that all of those foregoing pleadings and Orders are "subsumed, superseded and encompassed" within the one page May 7, 2008 Order, which merely corrected the arithmetic.

She cannot have it both ways. If the Motion to Conform the math was "reconsideration" as she claimed, which the Court rejected in the May 7, 2008 Order, then the March 24, 2008 Order was the "final" Order to which Objections had to be made within ten days. If it was not reconsideration, but purely a ministerial act, then the May 7 Order could not have "subsumed" "29 briefings etc." The facts are plain: the May 7, 2008 Order has nothing to do with her "Objection." Of note, Ms. Klar has NOT

4

objected to the May 7, 2008 Order as a "reconsideration" of the March 24, 2008 Order.

**2. The District Court has "subject matter" jurisdiction which Klar misstates; Klar's "Objection" to jurisdiction is to the October 12, 2007 Order.**

Ms. Klar's desperation is understandable; but the guts of her objection to what she calls unwaivable "subject matter jurisdiction," (Response, 4), is to the October 12, 2007 Order finding and ruling that "ancillary jurisdiction" applied to this "fee dispute." That Order, # 296, at page 4:9-24, quoted *Curry v. Guam Memorial Hosp. Authority,* 941 F. 2nd 730, 731 (9th Cir. 1991).

> **"Courts have long recognized that fee disputes arising from litigation pending before a district court fall within that court's ancillary jurisdiction. Ancillary jurisdiction permits courts to adjudicate matters that arise during the course of an action and affect the court's ability either to render an efficacious judgment or to control the litigation before it."**

The *Curry* case and numerous other cases unequivocally confer "ancillary" jurisdiction over a "fee dispute." There is no question that this Court has "subject matter" jurisdiction over all of the matters before it. Ms. Klar is either confused or attempting to circumvent her failure to file timely objections with the proverbial red-herring. Without objection to the October 12, 2007 Order, the Court then proceeded to work for over *five* months pursuant to procedures established both in that Order and in subsequent Orders, (#305, 307, 309, 331, 338) in order to adjudicate the fee dispute. These Orders were intertwined with numerous additional Orders relating to the state secrets issues involving the Flynn files, until the dispositive Order on the fees on March 24, 2008, (#502); and the dispositive Order on the file redaction issues on February 19, 2008, (#435). No objections to either Order were made.

Plainly, Ms. Klar was over eight months late when she filed her "Objection" on May 27, 2008 to the October 12, 2007 Order by which the Court asserted jurisdiction over the fees and files. Hence, the Motion to Strike.

**3. The Magistrate Judge Had "jurisdiction" and "power" to render all of the previous Orders, including the March 24, 2008 Order adjudicating the fees.**

The Klar Response states that "the Magistrate Judge clearly did not have jurisdiction or authority to rule on Flynn's dispositive fee motion." (Response, 4:1-3). Klar then cites the case of *Pacemaker Diagnostic Clinic v. Instromedix, Inc.* 725 F. 2d 537 546 (9th Cir. 1984) to "clearly" support her statement; but that case and page have nothing to do with the jurisdictional prohibition she claims

5

1  is "clearly" supported by that citation. That case is a "reference" and "consent" case involving a "trial,"
2  having nothing to do with "pre-trial" matters under 28 U.S.C § 636 (b)(1)(A), or ancillary jurisdiction
3  over attorneys fees; and page 546 of that opinion has nothing to do with a Magistrates' jurisdiction over
4  fee matters, subject matter jurisdiction, the 10 day rule and/or waiver of objections by failing to comply
5  with the rule. That case is irrelevant to these matters. Notably, Ms. Klar does not cite any cases in
6  support of her contention that a Magistrate Judge does NOT have jurisdiction, authority or power to
7  adjudicate a fee dispute *during* the pre-trial phase of a case.

8  Although Ms. Klar is transparently mistaken in her "subject matter " jurisdiction argument,
9  what she is apparently attempting to argue is that the "catch-all" "pretrial" provisions of 28 U.S.C
10 § 636 (b)(1) (A) do not apply to fee disputes; and/or that the exclusions in that section which are subject
11 to sub-section (B) makes Judge Cooke's October 12, 2007 and March 24, 2008 Orders, at the most,
12 recommendations subject to *de novo* review by the District Court. Assuming these are her arguments,
13 Klar's points are mere sophistry.

14 As to the first, since the District Court had "ancillary jurisdiction," and since the fee, file and
15 state secrets redaction issues are all intertwined as "pretrial" matters, the Magistrate Judge "clearly" had
16 jurisdiction and power to adjudicate the fee dispute, particularly where the Court limited collection of
17 the award to recovery by Montgomery in the underlying case and the only dispute was over the *amount*
18 of the fees based on reasonableness.  See Order # 296, p. 7-8, distinguishing *Ecomares v. Ovcharik,*
19 2007 U.S. Dist. LEXIS 50491; affirmed at 2007 U.S.Dist. LEXIS 50335 (D.Nev. July 2007).

20 As to the second, even assuming that the fee dispute falls under one of the exclusions in 28
21 U.S.C. § 636 (b)(1)(A), which it "clearly" does not, then at most, Ms, Klar is seeking *de novo* review
22 of the October 12, 2007 Order pursuant to which the Court assumed jurisdiction over these issues. Since
23 the issue is not one of "subject matter" jurisdiction, which the Court plainly has, but one of review of
24 a Magistrate's Order, the ten day rule must be enforced.  Plainly, **EIGHT MONTHS** is too late to
25 object to the Magistrate-Judge's power to adjudicate the fees. A timely objection would have given
26 both the District and Magistrate Judges the opportunity to review these issues **EIGHT MONTHS** ago.
27 *Klar is seeking to undo eight months of work because she failed to file timely objections.* She seems
28 to have a propensity to blame the Court for her litigation missteps; and to blame Mr. Flynn to try to

6

cover up her and her clients' numerous, deliberate misrepresentations to the Court. Both of these propensities are reflected in the current matters involving the Court's Order to Show Cause.

**4. The state secrets issues permeate Mr. Flynn's files, which implicate the redaction issues, which implicate the retaining lien, which implicate the *amount* of the fees in order to resolve the lien and state secrets issues.**

Ms. Klar also cavalierly glosses over the core issues the Court confronted regarding Mr. Flynn's withdrawal under the Nevada Rules of Professional Conduct, the state secrets privilege, the attorney client privilege, the redaction of Mr. Flynn's files, his retaining lien under Nevada law, the posting of a bond (never done notwithstanding Ms. Blixseth's billionaire status and Monmtgomery's receipt of $100K per month from her) which required adjudication of the *amount* of the fees; and, presciently, issues involving the state secrets' based FBI search and seizure, now unraveling in the OSC matter. Each of these issues had to be adjudicated *in the Nevada District Court.* They each involved interrelated facts, issues, pleadings, law, jurisdictional considerations, previous and pending Court rulings, and most importantly, preservation of the national security concerns compromised by Montgomery's departure from eTreppid. In Ms. Klar's Response, page four, footnote four, she states:

> "**The Magistrate Judge concluded that ancillary jurisdiction was appropriate because the action concerns information subject to the military and state secrets privilege. However, none of those privileges were implicated in the fee dispute**."

One can only wonder to what lengths it is appropriate for an attorney to advocate on behalf of a client *knowing* facts, and law, and guided by common sense, which conclusively suggest impropriety, all of which hits you right between the eyes. Evidence shows that Ms. Klar's "other client," billionaire Edra Blixseth's money is the deciding factor in resolving the foregoing query because Blixseth is the driving force behind Ms. Klar's bad faith in this Court.

The District Court was correct, the Los Angeles Superior Court was correct, the San Diego Fee Arbitration Board was correct, the Massachusetts Bar Counsel was correct, and Mr. Flynn was correct in keeping all of these matters under the umbrella jurisdiction of the Nevada District Court. This is now being well demonstrated and documented in the OSC proceedings. In order to accomplish *complete, comprehensive* and *exact* redaction of the Flynn files without compromising either national security or attorney client issues, while adhering to Nevada retaining lien law, and adhering to

7

procedures that would most effectively and efficiently accomplish the orderly administration of justice under all of the peculiar circumstances of this case, this Court's assertion of ancillary jurisdiction, and adoption of highly protective procedures *on behalf of Montgomery,* (see Orders # 296, 307, and 338 re sealed and *in camera submissions of evidence regarding the fees*) was obviously correct.

<u>At every step, the Court protected Montgomery</u>. That is why NO objections were made to any of the multiple Orders regarding fees, files, privileges and secrets. The sudden "discovery" by Klar/Montgomery/Blixseth of "millions" of documents when the "jig was up;" and he had to produce discovery, after months of defying Court orders, months of stonewalling discovery, all of which resulted in the OSC, THAT is the reason for the belated and bootstrapped "Objection" filed on May 27, 2008 just a few days after Klar's confrontation with the Court on Wednesday, May 21, 2008, (#628) in which Klar rudely challenged the Court's recitation of facts. Klar's deceptive attempt to bootstrap eight months of Court Orders is obvious. It should be stricken as untimely.

Mr. Flynn's two Motions, one pursuant to Nevada Rules of Professional Conduct 3.3, (#540), and the other for Sanctions, (#545), plainly led to Montgomery's sudden "discovery" of millions of documents. Before the filing of those Motions, Klar adhered to the "finger policy," (Response to Motion to Strike, # 683, p. 1), for over eight months. The Motion for Sanctions explicitly stated at p. 5; "An evidentiary hearing on the issue of the location of protected information will unravel their twisted scheme; and reveal their motive and strategy for the perjury, which is the subject of this Motion."That Motion was filed on April 24, 2008. On May 14, 2008, after producing NOTHING for eight months, Klar disclosed to the Court that they had "discovered "millions" of responsive documents, (#604). After more bad faith and non-production, just days later, the Court issued the OSC, (# 646). At some point, such misconduct should be addressed.

Ms. Klar's attempt to use perjury to get the fee, file and state secrets matters to Los Angeles, San Diego, and or Massachusetts; and to "wrest jurisdiction away from this Court," (#502, p. 3-4, 17) in order to "countermand" its Orders, (id.), would have had potentially disastrous consequences for the national security concerns at issue in these cases, interfered with the administration of justice, concealed "over 1.5 million" documents recently discovered allegedly containing "60-80 %" of state secrets, enabled and suborned Montgomery's perjury, and delayed or completely obstructed compliance

8

with this Court's April 2, 2007 Order, (#147) redacting all state secrets from these cases.

In the face of the Klar/Blixseth/Montgomery perjured accusations essentially charging criminal and unethical conduct, Mr. Flynn has complied with all of the Nevada Rules of Professional Conduct regarding withdrawal, complied to the letter with this Court's multiple Orders regarding the fees, files, and privileges, and after said compliance, taken a measured approach to the information contained in his Motion for Sanctions, (#545), and his Rule 3.3 Motion, (#540). Klar's claim in her Response that all of these issues are not "implicated in the fee dispute" is baseless. The efficient administration of justice now taking place proves otherwise.

**5. The "block billing" issues are the product of the October 12, 2007, October 29, 2007, and November 27, 2007 Orders resulting in findings and rulings in the March 24, 2008 Order.**

In her Response, pages 5-6, Klar challenges the purported "block billing" findings of Judge Cooke in the March 24, 2008 Order. There are NO such findings in the May 7, 2008 Order whatsoever, let alone findings or rulings relating to "block billing" "to which objection is made." See 28 U.S.C. § 636 (b)(1)(C). Aside from her misinterpretation of *Welch v. Metro Life Ins. Co.,* 480 F. 3d 942, 948 (9th Cir. 2007) [that case simply reversed the district court ruling that the district court's "across- the-board reduction for block billing" needed to be supported], once again, her "Objection" is to the March 24, 2008 Order, (#502). As such, it is two months too late. That Order comprehensively addressed all of the fee issues she and her expert raised in their numerous pleadings submitted pursuant to the October, 12 and 29, and November 27, 2007 procedural Orders, *that she requested,* (#296, 307, 338). Ms. Klar's Response on this issue fails on the face of the May 7, 2008 Order and her subsequent "Objection."

**CONCLUSION**

For all of the foregoing reasons, Ms. Klar's "Objection" filed on May 27, 2008 should be stricken; fees incurred to oppose and strike it should be awarded; and the Court should not undertake either *de novo* review under 28 U.S.C. § 636 (b)(1)(C); or "clearly erroneous or contrary to law" review under § 636 (B)(1)(A). In the event that the Court does decide to undertake review, Mr. Flynn respectfully requests that his Motion to Strike filed on May 29, 2008, well within the period prescribed for responding to "Objections," be deemed a Response under Local Rule IB-3-1 and 3-2.

|   |   |
|---|---|
| | Respectfully Submitted |
| June 27, 2008, Boston, MA | /S/_____ |
| | Michael J. Flynn |