GREGORY A. BROWER
United States Attorney
District of Nevada

GREG ADDINGTON
Assistant United States Attorney
Nevada Bar 6875
100 West Liberty, Suite 600
Reno, Nevada 89501
Telephone: (775) 784-5438
Facsimile: (775) 784-5181

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, et al.,<br><br>            Plaintiffs,<br><br>     vs.<br><br>ETREPPID TECHNOLOGIES, LLC, et al.,<br><br>            Defendants.<br><br>AND RELATED MATTERS. | 3:06-CV-0056-PMP-VPC<br>**BASE FILE**<br><br>UNITED STATES' STATUS REPORT REGARDING EVIDENTIARY HEARING REQUESTED BY MONTGOMERY PARTIES |

Comes now the United States, through its undersigned counsel, and submits the following status report in compliance with this court's order (#700) dated June 17, 2008. The focus of this status report is the motion (#527) by the Montgomery parties for an evidentiary hearing and this court's order (#700) concerning that motion.

1. As directed by the court, the undersigned counsel for the United States has conferred with counsel for Montgomery parties and counsel for eTreppid parties concerning the appropriate context for the evidentiary hearing requested by the Montgomery parties. The undersigned counsel for the United States has also consulted with separate Department of Justice counsel representing the interests of the Department of Defense (DoD) in this civil action, which interests concern compliance with a protective order (#253) and related protocols.

2. This court presided over a separate proceeding initiated by Montgomery parties to obtain, among other things, a return of property seized by the Federal Bureau of Investigation. That proceeding under Rule 41(g), Fed.R.Crim.P., is captioned <u>In the Matter of the Search of the Residence Located at 12720 Buckthorn Lane, etc.</u>, 3:06-cv-263-PMP-VPC (the "search warrant proceeding"). Following an evidentiary hearing in the search warrant proceeding, this court (per U.S. Magistrate Judge Valerie P. Cooke) entered its order on November 28, 2006, granting the Montgomery parties' motion for the return of property. That order was subsequently affirmed by order of United States District Judge Philip M.Pro. As directed by the court, the United States filed its inventory of property returned to Montgomery parties.

3. In their motion (#527) for an evidentiary hearing, Montgomery parties allege disparity between the FBI's inventories prepared at the time of the search and FBI's inventories reflecting items returned to Montgomery as directed by this court in the search warrant proceeding.

4. Evidence concerning the circumstances of the FBI return of property to Montgomery parties may be pertinent and useful to matters currently pending in this civil action, which matters concern the Montgomery parties and the eTreppid parties.

5. The United States, as a party to the search warrant proceeding, has an interest in opposing the Montgomery parties' allegations of disparity between the FBI's inventory of property seized and FBI's inventory of property returned.

6. In order for all parties' interests to be adequately represented and preserved, the United States proposes that the hearing described in the court's minutes of proceedings (#700) be conducted simultaneously in this civil action as well as in the search warrant proceeding, with appropriate findings and orders entered in each action. Based on discussion with Montgomery counsel and eTreppid counsel, the undersigned United States' counsel believes there is no objection to this proposal.

7. The Montgomery parties have requested certain materials from the FBI concerning the return of property as directed by this court in the search warrant proceeding. The two (2) requests, dated June 27, 2008, are attached hereto as Exhibit A.

8. The June 27, 2008, requests (exhibit A) by the Montgomery parties prompted a response from the undersigned counsel dated July 1, 2008, a copy of which is attached hereto as Exhibit B, as well as a subsequent response from the undersigned dated July 2, 2008, a copy of which is attached hereto as Exhibit C. It is the United States' view that the July 2 response effectively concluded one of the requests by the Montgomery parties.

9. The June 27, 2008, requests (exhibit A) by the Montgomery parties prompted a response from the FBI dated July 1, 2008, a copy of which is attached hereto as Exhibit D. To date, no supplemental materials have been received in response to FBI's letter (exhibit D).

10. As indicated in the July 2 letter (exhibit C), it is the United States' view (based on clear observation of Mr. Montgomery's activities) that the Montgomery parties prepared a video record at the FBI facility at the time property was returned to Montgomery and that the video record should be produced by the Montgomery parties prior to the evidentiary hearing which Montgomery parties have requested. The video record prepared by the Montgomery parties has not been produced. Counsel for Montgomery parties (Ms. Klar) informed the undersigned on July 8, 2008, that "No such video exists. The commercial cameras identified by Agent West were commercial cameras being used by the media, not by Mr. Montgomery. The FBI, therefore, will have to contact the media to obtain a copy of the video which Agent West saw being filmed."

11. It is the United States' view that Ms. Klar's statement regarding the video record prepared by the Montgomery parties is, at best, intentionally misleading and is properly characterized as demonstrably false. It is further the United States' view that the evidentiary hearing requested by the Montgomery parties (#527) should be deferred until the video record described above is produced.

1  12. The language in paragraphs 1-10, above, was transmitted electronically to counsel for
2  Etreppid parties and counsel for Montgomery parties with a request that proposed revisions be
3  submitted by noon on July 9. No proposed revisions were received.

        Respectfully submitted,

        GREGORY A. BROWER
        United States Attorney

        /s/ Greg Addington
        GREG ADDINGTON
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing UNITED STATES' STATUS REPORT REGARDING EVIDENTIARY HEARING REQUESTED BY MONTGOMERY PARTIES was made through the Court's electronic notification system or, as appropriate, by sending same through first class mail from Reno, Nevada, to the addressees below on July 9, 2008.

Mark Gunderson, Esq.
5345 Kietzke Lane
Reno, NV 89511

Carlotta Wells, Esq.
Raphael Gomez, Esq.
U.S. Department of Justice
P.O. Box 883
Washington, DC 20044

Deborah Klar, Esq.
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

Bridget Robb Peck, Esq.
50 West Liberty Street, #410
Reno, NV 89501

J. Stephen Peek, Esq.
Jerry Snyder, Esq.
5441 Kietzke Lane, Second Floor
Reno, NV 89511

/s/ Greg Addington
GREG ADDINGTON



# Gunderson
## Law Firm

From the Desk of:
Mark H. Gunderson
mgunderson@gundersonlaw.com

June 27, 2008

**Via Facsimile 784-5181 and U.S. Mail**
Greg Addington, Esq.
U.S. Attorney's Office
Civil Division
100 West Liberty Street, Suite 600
Reno, Nevada 89501

> **Re:** *Montgomery / eTreppid*
> *Case No. 3:06-CV-00056-PMP-VPC (Base File)*
> *Consolidated with Case No. 3:06-CV-00145-PMP-VPC*
> *United States District Court, District of Nevada*

Dear Mr. Addington,

This letter serves as a written request for a full and accurate copy of a video recording of a meeting between our client, Dennis Montgomery, and your office. This recording is a video surveillance tape of an interview room in which certain property belonging to Mr. Montgomery was returned to him after it had been seized by the Federal Bureau of Investigation.

This request is made pursuant to the applicable federal regulations, including but not limited to 28 CFR 16.21. Should you have any questions or need additional information, please do not hesitate to contact this office.

Very truly yours,

MARK H. GUNDERSON, LTD.

Mark H. Gunderson, Esq.

MHG:par



EXHIBIT A

5345 Kietzke Lane, Suite 200 | Reno, Nevada 89511 | P. 775.829.1222 | F. 775.829.1226 | gundersonlaw.com

**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**
199 Fremont Street | Suite 2000 | San Francisco, CA 94105.2255
t. 415.489.7700 | f. 415.489.7701

PETER BRANSTEN
pbransten@linerlaw.com
Direct Dial: (415) 489-7722



June 27, 2008

VIA EMAIL (GREG.ADDINGTON@USDOJ.GOV)
Greg Addington
United States Attorney's Office
100 West Liberty, Suite 600
Reno, Nevada 89501

Re: Request for Evidence in Connection With *Montgomery, et al., v. eTreppid Technologies, L.L.C., et al.*, United States District Court for the District of Nevada, Case No. 3:06-CV-00056-PMP-VPC

Dear Mr. Addington:

This law firm represents Dennis Montgomery in the above-captioned litigation. In connection with the litigation, we request production of the following documents and information pursuant to 28 C.F.R. 16.21, *et seq*.

1. Copies of all photographs, videotapes, audio recordings, electronic surveillance files, and all other documents (including documents in electronic form) that depict or relate to all activity on the part of the Federal Bureau of Investigation (the "FBI") concerning the search warrants issued in the matter known as *In re: Search Warrant of the Residence Located at 12720 Buckthorn Lane, Reno, Nevada, and Storage Units 136, 140, 141, 142, 143, Double R Storage, 888 Maestro Drive, Reno, Nevada*, United States District Court for the District of Nevada, Case #: 3:06-CV-00263-PMP-VPC (hereinafter, the "Search Warrants") including, but not limited to, the seizure of items pursuant to the Search Warrants and the return of such items by the FBI to Mr. Montgomery.

2. Copies of all photographs, videotapes, audio recordings, electronic surveillance files, and all other documents (including documents in electronic form) that depict or relate to all activity on the part of the FBI concerning the FBI's surveillance of Mr. Montgomery and his family between January 2006 to the present.

Time is of the essence in this matter. Please let me know today, if possible, or Monday when I can expect to receive these documents. Thank you very much.

U.S. Attorney's Office
June 27, 2008
Page 2

Very truly yours,

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By  *[signature]*

Peter Bransten

PB

cc:   Carlotta Wells (via email)
      Raphael Gomez (via email)

0039641/001/ 38372v01



## U.S. Department of Justice

United States Attorney's Office
District of Nevada

---

Gregory A. Brower
United States Attorney

100 West Liberty Street
Suite 600
Reno, Nevada 89501

Phone (775) 784-5438
Fax (775) 784-5181

July 1, 2008

Mark H. Gunderson, Esq.
5345 Kietzke Lane, Suite 200
Reno, NV 89511

SENT BY FACSIMILE
775-829-1226

Peter Bransten, Esq.
199 Fremont Street, Suite 2000
San Francisco, CA 94105-2255

415-489-7701

Re: <u>Montgomery, etc. v. ETreppid, etc.</u>
3:06-cv-0056-PMP-VPC

Dear Counsel:

    This office received two requests - one from each of you - on behalf of Mr. Montgomery seeking variously described materials from the FBI. As an accommodation to your offices, I had suggested that such a request be directed to this office rather than directly to the FBI. I note that the request from Mr. Bransten is much more broad than the request from Mr. Gunderson and much more broad than what was expected based on the conversation between our offices. I thereafter received an e-mail from yet another counsel for Mr. Montgomery requesting that I respond to Mr. Gunderson's request "first" nothwithstanding Mr. Bransten's statement that "time is of the essence" with respect to his request. Given the apparent inability or unwillingness of various Montgomery counsel to coordinate their own efforts and the conflicting statements among co-counsel, the two requests will be forwarded to FBI for its response in the normal course. Given the scope of the request by Mr. Bransten, it would be reasonable for you to expect a significant lapse of time before a response is received notwithstanding his stated view that "time is of the essence." I also note that the vast bulk of the material requested by Mr. Bransten is already in Mr. Montgomery's possession or the possession of his (former) counsel, such material having been produced long ago in connection with the Rule 41 proceedings.

    If you have any questions, do not hesitate to contact me at (775) 784-5438 or at greg.addington@usdoj.gov.

Very truly yours,

GREGORY A. BROWER
United States Attorney

GREG ADDINGTON
Assistant United States Attorney



EXHIBIT B



**U.S. Department of Justice**

United States Attorney's Office
District of Nevada

---

Gregory A. Brower
United States Attorney

100 West Liberty Street   Phone (775) 784-5438
Suite 600                 Fax (775) 784-5181
Reno, Nevada 89501
July 2, 2008

Mark H. Gunderson, Esq.
5345 Kietzke Lane, Suite 200          HAND -DELIVERED
Reno, NV 89511

       Re: Montgomery etc. v. ETreppid, etc.
          3:06-cv-0056-PMP-VPC
          In re Search Warrant, etc.
          3:06-cv-263-PMP-VPC

Dear Mr. Gunderson:

  As requested in your letter of June 27, 2008, I am enclosing a copy of the video surveillance which was conducted from the witness room camera at the FBI facility on March 29, 2007, concerning the return of the seized materials. I am informed that FBI has no other video surveillance concerning this matter. Your letter references a "video recording of a meeting between [Mr. Montgomery] and [this] office." There was no such meeting and no such video.

  My expectation is that an evidentiary hearing will be scheduled with respect to the return of seized materials, as your client requested. In addition to the enclosed video record by FBI, your client also created a contemporaneous video record of the materials which he was receiving from FBI and placing into the vehicle he was using. I request that the video record prepared by your client (or at his direction), in its entirety, be provided promptly so that it can be evaluated well in advance of the evidentiary hearing.

  If you have any questions, do not hesitate to contact me at (775) 784-5438 or at greg.addington@usdoj.gov.

               Very truly yours,

               GREGORY A. BROWER
               United States Attorney

               GREG ADDINGTON
Encl.              Assistant United States Attorney

cc: Deborah Klar, Esq. (w/o enclosure, by facsimile)
   Jerry Snyder (w/ enclosure, hand delivery)





U.S. Department of Justice

Federal Bureau of Investigation

---

In Reply, Please Refer to
File No.

John Lawrence Bailey Memorial Building
1787 West Lake Mead Boulevard
Las Vegas, Nevada 89106
July 1, 2008

U.S. ATTORNEY, Reno, Nev.

JUL 0 7 2008

RECEIVED

Mr. Peter Brantsen
Liner Yankelevitz Sunshine & Regenstreif LLP
199 Fremont Street
Suite 2000
San Francisco, CA 94105-2255

                RE:   Request for Evidence in Montgomery v.
                      eTreppid Technologies

Dear Mr. Bransten:

       On July 1, 2008, this office received a copy of a letter from your office dated June 27, 2008, sent to Mr. Greg Addington, United States Attorney's Office in Reno, Nevada, requesting production of documents and information relative to the above captioned litigation. In order to obtain the items requested additional information will be required as more fully described below.

       By way of background, Federal regulations published at Title 28, Code of Federal Regulations (C.F.R.), Section 16.21 <u>et seq</u>. govern the conduct of present and former Department of Justice (DOJ) employees as witnesses and the production of department files. These regulations apply to FBI employees, were promulgated pursuant to Title 5, United States Code (U.S.C.), Section 301, and have been upheld by the Supreme Court in <u>U.S. ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951).

       The regulations govern demands for information from or about DOJ files or for testimony from a present or former DOJ employee concerning information acquired in the course of their official duties. The purpose of the regulations are to provide the DOJ and the FBI with the opportunity to protect information from unwarranted and unconsidered disclosure.

       In order to properly assess whether information from our files may be released, an affidavit or statement from the party seeking the information must be furnished which sets forth a summary of the information sought and its relevance to the proceeding. Upon receipt of the referenced affidavit or summary by this office, requisite authorization will be sought from the



United States Attorney's Office to permit the requested production or testimony.

If the information you seek is from a criminal investigation and relates to a civil matter, the Privacy Act, Title 5, U.S.C., Section 552a(b), will preclude the disclosure of the requested information absent written notarized consent from the individuals identified in our files or a court order authorizing the FBI to disclose the requested information.

The United States Attorney for the District of Nevada has designated Assistant United States Attorney (AUSA) Greg Addington, the point of contact for this Touhy matter.

You may reach AUSA Addington at (775) 784-5438.

Sincerely,

Steven M. Martinez
Special Agent in Charge

By: _____
David M. Staretz
Chief Division Counsel

cc:   Greg Addington
      Assistant United States Attorney
      United States Attorney's Office
      100 West Liberty Street, Suite 600
      Reno, Nevada 89501

2

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing UNITED STATES' STATUS REPORT REGARDING EVIDENTIARY HEARING REQUESTED BY MONTGOMERY PARTIES was made through the Court's electronic notification system or, as appropriate, by sending same through first class mail from Reno, Nevada, to the addressees below on July 9, 2008.

Mark Gunderson, Esq.
5345 Kietzke Lane
Reno, NV 89511

Carlotta Wells, Esq.
Raphael Gomez, Esq.
U.S. Department of Justice
P.O. Box 883
Washington, DC 20044

Deborah Klar, Esq.
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

Bridget Robb Peck, Esq.
50 West Liberty Street, #410
Reno, NV 89501

J. Stephen Peek, Esq.
Jerry Snyder, Esq.
5441 Kietzke Lane, Second Floor
Reno, NV 89511

/s/ Greg Addington
GREG ADDINGTON