1 | Mark H. Gunderson, Esq. (SBN: 2134)
Catherine A. Reichenberg, Esq. (SBN: 10362)
2 | GUNDERSON LAW FIRM
5345 Kietzke Lane, Suite 200
3 | Reno, Nevada 89511
Telephone: (775) 829-1222
4 | Facsimile: (775) 829-1226

5 | Deborah A. Klar, Esq. (SBN: CA 124750)
LINER YANKELEVITZ
6 | SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
7 | Los Angeles, California 90024-3503
Telephone: (310) 500-3500
8 | Facsimile: (310) 500-3501
ADMITTED PRO HAC VICE
9 |
Attorneys for Plaintiffs
10 | DENNIS MONTGOMERY, THE MONTGOMERY FAMILY TRUST, OPSPRING, LLC, and
EDRA BLIXSETH
11 |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST, | ) Case No. 3:06-CV-00056-PMP-VPC ) BASE FILE |
| Plaintiffs, | ) ) (Consolidated with Case No. 3:06-CV- ) 00145-PMP-VPC) |
| vs. | ) |
| ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE, | ) **REPORT OF MONTGOMERY PARTIES** ) **REGARDING EVIDENTIARY** ) **HEARING INVOLVING FBI** ) |
| Defendants. | ) ) |
| AND RELATED CASES. | ) ) ) |

Counsel for Dennis Montgomery and the Montgomery Family Trust (jointly, the "Montgomery Parties") has participated in a meet and confer discussion with counsel for the United States regarding the evidentiary hearing involving the Federal Bureau of Investigation ("FBI") and reports the following.

The Montgomery Parties' Requests for Information From the FBI

The Montgomery Parties, through counsel, submitted two separate requests for information from the FBI pursuant to 28 C.F.R. 16.21, *et seq.* By letter dated June 27, 2008, the Montgomery

1  Parties requested a copy of a video surveillance tape of an interview room in which certain property

2  belonging to Dennis Montgomery was returned to him after having been seized by the FBI

3  (Request No. 1).  The Montgomery Parties' second letter also dated June 27, 2008 (Request No. 2)

4  was more comprehensive seeking:

5         (1) Copies of all photographs, videotapes, audio recordings, electronic
       surveillance files, and all other documents (including documents in electronic form)
6       that depict or relate to all activity on the part of the Federal Bureau of Investigation
       concerning the search warrants issued in the matter known as *In re: Search*
7       *Warrant of the Residence Located at 12720 Buckthorn Lane, Reno, Nevada, and*
       *Storage Units 136, 140, 141, 142, 143, Double R Storage, 888 Maestro Drive,*
8       *Reno, Nevada*, Case #: 3:06-cv-00263-PMP-VPC (hereinafter, the "Search
       Warrants") including, but not limited to, the seizure of items pursuant to the Search
9       Warrants and the return of such items to Mr. Montgomery; and

10        (2) Copies of all photographs, videotapes, audio recordings, electronic
       surveillance files, and all other documents (including documents in electronic form)
11      that depict or relate to all activity on the part of the FBI concerning the FBI's
       surveillance of Mr. Montgomery and his family between January 2006 to the
12      present.

13         As to Request No. 1, on July 2, 2008 the United States Attorney's Office provided a DVD

14  to the Montgomery Parties' counsel comprising approximately 55 minutes of video.  The

15  Montgomery Parties believe that the video files provided by the FBI depict only a portion of the

16  activity involving the return of property by the FBI to Mr. Montgomery.  The Montgomery Parties

17  estimate that there should be one or more videos that span the three to four hours during which Mr.

18  Montgomery was present at the FBI's Reno offices.

19         Through counsel, the Montgomery Parties raised these concerns to Assistant U.S. Attorney

20  Greg Addington by email dated July 9, 2008 (attached hereto as Exhibit 1).  Mr. Addington

21  responded by email dated July 9, 2008 (attached hereto as Exhibit 2), tacitly admitting that the

22  concerns of the Montgomery Parties were valid, stating only "[t]here is no FBI video record

23  beyond that which was produced."

24         The Montgomery Parties request that at the time of the evidentiary hearing which the

25  Montgomery Parties have requested in this matter, the government be ordered to produce the

26  person knowledgeable who can testify on the subject of why "[t]here is no FBI video record

27  beyond that which was produced" and what happened to the videotapes which recorded, on

28

1

1 | multiple cameras, the return of the property which was unlawfully seized by the FBI from Mr.
2 | Montgomery's home and storage units.

3 | As to Request No. 2, counsel for the Montgomery Parties received, on July 8, 2008, a letter
4 | from Steven M. Martinez, Special Agent in Charge, by David M. Staretz, Chief Division Counsel,
5 | dated July 1, 2008. In that letter, Mr. Martinez states, among other things, that "an affidavit or
6 | statement from the party seeking the information must be furnished which sets forth a summary of
7 | the information sought and its relevance to the proceeding." Mr. Martinez further states that if the
8 | requested information is from a criminal investigation and relates to a civil matter, the Privacy Act
9 | precludes the disclosure of the requested information "absent written notarized consent from the
10 | individuals identified in our files or a court order authorizing the disclosure."

11 | Counsel for the Montgomery Parties spoke with Assistant U.S. Attorney Addington about
12 | Mr. Martinez's letter on July 8th. The Montgomery Parties' counsel inquired why it appeared to be
13 | the case that the FBI had provided information to eTreppid Technologies, LLC ("eTreppid") in
14 | response to a request for information propounded by eTreppid under 28 C.F.R. 16.21, *et seq.*
15 | without having requested a written notarized consent to the disclosure by Mr. Montgomery or a court
16 | order as Mr. Martinez was now seeking from the Montgomery Parties. Mr. Addington responded, in
17 | substance, that eTreppid's request for information was more discrete in scope and, therefore, the
18 | United States Attorney's Office did not deem it necessary to comply, strictly, with the requirements
19 | pertinent to a request for information under the statute. Counsel for the Montgomery Parties asked
20 | Mr. Addington, in substance, why he believed that requests which were discrete in scope did not
21 | require compliance with the formalities of the statute. Mr. Addington did not respond substantively
22 | but simply referred the Montgomery Parties' counsel to Mr. Martinez's letter as the government's
23 | position concerning the matter.

24 | Notwithstanding the United States Attorney's Office disparate treatment of the Montgomery
25 | Parties and eTreppid, by letter dated July 10, 2008 (attached hereto as Exhibit 3), the Montgomery
26 | Parties' counsel provided to Assistant U.S. Attorney Addington the information requested in Mr.
27 | Martinez's letter and Montgomery's notarized consent to the release of the information requested.
28 |

2

<u>News Organization Video Tape of the FBI's Return of Items to Montgomery</u>

In a letter dated July 2, 2008 to the Montgomery Parties' counsel, Mark Gunderson, the United States Attorney's Office requested that the Montgomery Parties promptly produce a video allegedly taken by representatives of Mr. Montgomery depicting the items Mr. Montgomery had received from the FBI and his loading of those items into a car he was using.  By email dated July 8, 2008, counsel for the Montgomery Parties, Deborah Klar, advised Assistant U.S. Attorney Addington that the video he appeared to be referring to in his letter of July 2nd was not taken by representatives of Mr. Montgomery but by the news media.  In its Status Report to this Court, the United States asserts that Ms. Klar's July 8, 2008 email is "properly characterized as demonstrably false."  The Montgomery Parties request that the Court order the United States to promptly produce any evidence that shows that the statements made by Ms. Klar in her July 8th email are "demonstrably false."

Dated:  July 10, 2008                             Respectfully submitted,

                                                  LINER YANKELEVITZ
                                                  SUNSHINE & REGENSTREIF LLP


                                                  By:  _____/S/_____
                                                       Deborah A. Klar
                                                       Attorneys for Plaintiffs
                                                       DENNIS MONTGOMERY, the
                                                       MONTGOMERY FAMILY TRUST,
                                                       OPSPRING LLC and EDRA BLIXSETH

0039641/001/ 399467v02

1

**CERTIFICATE OF SERVICE**

2   Pursuant to NRCP 5(b), I certify that I am an employee of the Law Offices Of Liner
Yankelevitz Sunshine & Regenstreif LLP, and that on July 9, 2008, I caused to be
3   served the within document described as **REPORT OF MONTGOMERY PARTIES
REGARDING EVIDENTIARY HEARING INVOLVING FBI** on the interested parties in
4   this action as stated below:

| | |
|---|---|
| 5   J. Stephen Peek, Esq.<br>Jerry M. Snyder, Esq.<br>6   Holland & Hart<br>5441 Kietzke Lane, Second Floor<br>7   Reno, Nevada  89511<br>(775) 327-3000; 786-6179 - FAX<br>8   speek@halelane.com; jsnyder@halelane.com<br>Attorneys for eTreppid and Warren Trepp<br>9 | Carlotta P. Wells, Sr. Trial Counsel<br>U.S. Dept. of Justice; Fed. Programs Branch<br>Civil Division, Room 7150<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-4522; 616-8470 - FAX<br>E-mail:  Carlotta.wells@usdoj.gov<br>Attorneys for Department of Defense |
| 10   Reid H. Weingarten, Esq.<br>Brian M. Heberlig, Esq.<br>11   Robert A. Ayers, Esq.,<br>Steptoe & Johnson, LLP<br>12   1330 Connecticut Avenue, N.W.<br>Washington, D.C.  20036-1795<br>13   (202) 429-3000; (202) 429-3902 - FAX<br>rweingarten@steptoe.com;<br>14   bhaberlig@steptoe.com; rayers@steptoe.com<br>Attorneys for eTreppid and Warren Trepp | Raphael O. Gomez, Esq., Sr. Trial Counsel<br>U.S. Dept. of Justice, Fed. Programs Branch<br>Civil Division, Room 6144<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-1318; 616-8470 - FAX<br>E-mail:  raphael.gomez@usdoj.gov<br>Attorneys for Department of Defense |
| 15   Greg Addington, AUSA<br>U.S. DEPARTMENT OF JUSTICE<br>16   100 W. Liberty Street. Suite 600<br>Reno, Nevada  89501<br>17   E-mail:  Greg.addington@usdoj.gov<br>(775) 784-5181 - FAX<br>18   Attorneys for Department of Defense | Bridget Robb Peck, Esq.<br>Lewis and Roca LLP<br>50 West Liberty Street, Suite 410<br>Reno, Nevada  89501<br>Tel:  (775) 823-2900; Fax:  (775) 823-2929<br>bpeck@lrlaw.com<br>Attorneys for Atigeo LLC and Michael Sandoval |
| 19   Jacquelyn A. Beatty, Esq.<br>Karr Tuttle Campbell<br>20   1201 Third Avenue, Suite 2900<br>Seattle, Washington  98101<br>21   Fax: (206) 682-7100<br>E-mail:  jbeatty@karrtuttle.com<br>22   Attorneys for Michael Sandoval | Robert E. Rohde, Esq.<br>Gregory Schwartz, Esq.<br>Rohde & Van Kampen<br>1001 Fourth Avenue, Suite 4050<br>Seattle, Washington 98154<br>Tel:  (206) 386-7353Fax:  (206) 405-2825<br>E-mail:  brohde@rohdelaw.com<br>Attorneys for Atigeo LLC |

23   ☒   **[ELECTRONIC]**  By filing the document(s) electronically with the U.S.
District Court and therefore the court's computer system has electronically
24   delivered a copy of the foregoing document(s) to the persons listed above at
their respective email address.
25

26         I declare under penalty of perjury under the laws of the State of California and
the United States of America that the foregoing is true and correct.
27

28

1

1    Executed on July 10, 2008, at San Francisco, California.

2    Tarina Yasmoothr-Larsen

3         (Type or print name)                    (Signature)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

0039641/001/399467v02

**EXHIBIT 1**

## Deborah A. Klar

| | |
|---|---|
| **From:** | Deborah A. Klar |
| **Sent:** | Wednesday, July 09, 2008 12:26 PM |
| **To:** | 'Addington, Greg (USANV)' |
| **Cc:** | Peter Bransten |
| **Subject:** | Montgomery v eTreppid |

**Attachments:** lysr_logo.jpg

lysr_logo.jpg
(1 KB)

**Dear Greg: We have reviewed the CD that we received from the government which purports to include the videotape which the Court instructed the Montgomery Parties to obtain from the FBI or your office. We believe the videotape has been edited and that it does not reflect all of the activity at issue.**

**The Montgomery Parties arrived at the FBI at 9:45. The seized material was returned to Mr. Montgomery between 10:00 and noon. A break was taken at noon. Activity in connection with the return of the Montgomery property resumed at approximately 12:45 and was ongoing until 2:30. Accordingly, we estimate that there should be a video that spans the four hours during which Mr. Montgomery was present at the FBI's Reno offices.**

**The CD which has been provided by the government only runs 55 minutes and has obvious edits. We are at a loss to understand why the complete video has not been produced. Please produce the complete video showing the return of the Montgomery property within the next 48 hours. This video should run from the time the seized material left the evidence holding area until the time it left the FBI building that day. At the time of Mr. Montgomery's visit to the FBI's Reno offices, we understand that there were multiple video cameras which should have captured all of this information. Thank you in advance for your cooperation in connection with this matter.**

**Best regards, D.A.K.**

**Deborah A. Klar**

**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**
**     1100 Glendon Avenue | 14th Floor**
**Los Angeles, CA 90024.3503**
**main:  310.500.3500**
**dir:  310.500.3614**

EXHIBIT ___1___

1

fax:  310.500.3501
dklar@linerlaw.com
www.linerlaw.com <http://www.linerlaw.com/>

Notice of Privilege/Confidentiality Privileged and Confidential information may be contained in this message. If you are not the addressee indicated in this message (or Responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure: To ensure compliance with Treasury Department Regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

**EXHIBIT 2**

**Deborah A. Klar**

| | |
|---|---|
| **From:** | Addington, Greg (USANV) [Greg.Addington@usdoj.gov] |
| **Sent:** | Wednesday, July 09, 2008 2:39 PM |
| **To:** | Deborah A. Klar |
| **Subject:** | RE: Montgomery v eTreppid |

**Attachments:**     image001.jpg

image001.jpg
(1 KB)

### There is no FBI video record beyond that which was produced.

**From: Deborah A. Klar [mailto:dklar@linerlaw.com]**
**Sent: Wednesday, July 09, 2008 12:26 PM**
**To: Addington, Greg (USANV)**
**Cc: Peter Bransten**
**Subject: Montgomery v eTreppid**

Dear Greg: We have reviewed the CD that we received from the government which purports to include the videotape which the Court instructed the Montgomery Parties to obtain from the FBI or your office. We believe the videotape has been edited and that it does not reflect all of the activity at issue.

The Montgomery Parties arrived at the FBI at 9:45. The seized material was returned to Mr. Montgomery between 10:00 and noon. A break was taken at noon. Activity in connection with the return of the Montgomery property resumed at approximately 12:45 and was ongoing until 2:30. Accordingly, we estimate that there should be a video that spans the four hours during which Mr. Montgomery was present at the FBI's Reno offices.

The CD which has been provided by the government only runs 55 minutes and has obvious edits. We are at a loss to understand why the complete video has not been produced. Please produce the complete video showing the return of the Montgomery property within the next 48 hours. This video should run from the time the seized material left the evidence holding area until the time it left the FBI building that day. At the time of Mr. Montgomery's visit to the FBI's Reno offices, we understand that there were multiple video cameras which should have captured all of this information. Thank you in advance for your cooperation in connection with this matter.

1

EXHIBIT   2

Best regards, D.A.K.


Deborah A. Klar

LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP


1100 Glendon Avenue | 14th Floor

Los Angeles, CA 90024.3503

main:  310.500.3500

dir:  310.500.3614

fax:  310.500.3501

dklar@linerlaw.com

www.linerlaw.com <http://www.linerlaw.com/>


Notice of Privilege/Confidentiality Privileged and Confidential information may be contained in this message. If you are not the addressee indicated in this message (or Responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.


IRS Circular 230 Disclosure: To ensure compliance with Treasury Department Regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law

provisions or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

**EXHIBIT 3**

**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**

199 Fremont Street | Suite 2000 | San Francisco, CA 94105.2255
t. 415.489.7700 | f. 415.489.7701

PETER BRANSTEN
pbransten@linerlaw.com
Direct Dial: (415) 489-7722



July 10, 2008

<u>VIA E-MAIL AND U.S. MAIL</u>

Gregg Addington
Assistant United States Attorney
Untited States Attorney's Office
100 West Liberty Street, Suite 600
Reno, Nevada 89501

      Re:    <u>Montgomery, et al. v. eTreppid Technologies, LLC, et al. USDC Nevada Case No. 3:06-cv-
             00056-PMP-VPC</u>

Dear Mr. Addington:

      We are in receipt of a July 1, 2008 letter from Steven M. Martinez, Special Agent in Charge, by David M. Staretz, Chief Division Counsel, responding to our letter of June 27, 2008 requesting information from the Federal Bureau of Investigation ("FBI") under 28 C.F.R. 16.21, *et seq.* on behalf of our client, Dennis Montgomery.   Our office did not receive Mr. Martinez's letter until July 7th.   We understand from Mr. Martinez's letter that you are the designated point of contact concerning this matter.

      In his letter, Mr. Martinez indicates that in order to evaluate our request for information, a statement must be furnished which sets forth a summary of the information sought and its relevance to the proceeding. Mr. Martinez further advises that if the requested information is from a criminal investigation and relates to a civil matter, the Privacy Act precludes the disclosure of the information absent written notarized consent from the individuals identified in the FBI's files or a court order authorizing the disclosure.

      As my colleague Deborah Klar advised you in our telephone conversation on July 8th, we are very concerned that the United States Attorney's Office is treating Mr. Montgomery differently than eTreppid Technologies, LLC ("eTreppid") with regard to their respective requests for information from the FBI.  We are informed that eTreppid also made a request to your office under 28 C.F.R. 16.21, *et seq.* for information relating the FBI's seizure and return of Mr. Montgomery's property.  It is our understanding that your office provided information to eTreppid without imposing the requirements set forth in Mr. Martinez's July 1st letter.  In your conversation with Ms. Klar and me on July 8th, you indicated, in substance, that your office did not deem it necessary to comply with the strict requirements of the Privacy Act to which Mr. Martinez refers in his letter, because the information sought by eTreppid was purportedly more discrete in scope than the information sought by Mr. Montgomery as described in my June 27th letter.  We are not aware of anything in the Privacy Act or in 28 C.F.R § 16.21 which justifies this position.



Gregg Addington
July 10, 2008
Page 2

Despite your office's different treatment of Mr. Montgomery in contrast to eTreppid, enclosed herewith, please find Mr. Montgomery's notarized statement authorizing our request for the information described in my letter of June 27th.  In further compliance with Mr. Martinez's letter the information requested is as follows:

(1) Copies of all photographs, videotapes, audio recordings, electronic surveillance files, and all other documents (including documents in electronic form) that depict or relate to all activity on the part of the Federal Bureau of Investigation concerning the search warrants issued in the matter known as In re: Search Warrant of the Residence Located at 12720 Buckthorn Lane, Reno, Nevada, and Storage Units 136, 140, 141, 142, 143, Double R Storage, 888 Maestro Drive, Reno, Nevada, Case #: 3:06-cv-00263-PMP-VPC (hereinafter, the "Search Warrants") including, but not limited to, the seizure of items pursuant to the Search Warrants and the return of such items to Mr. Montgomery; and

(2) Copies of all photographs, videotapes, audio recordings, electronic surveillance files, and all other documents (including documents in electronic form) that depict or relate to all activity on the part of the FBI concerning the FBI's surveillance of Mr. Montgomery and his family between January 2006 to the present.

The information in category (1) is relevant to assertions made by eTreppid in the above-referenced litigation concerning the identity and ownership of items and information seized from and returned to Mr. Montgomery by the FBI in connection with its unlawful search of Mr. Montgomery's residence and storage units. *See* Order dated November 28, 2006 Order, *In re: Search Warrant of the Residence Located at 12720 Buckthorn Lane, Reno, Nevada, etc.*, USDC Nevada Case No. 3:06-cv-00263-PMP-VPC.  eTreppid has propounded discovery to Mr. Montgomery that requires him to identify these items.  By means of the documents and information requested in category (1), Mr. Montgomery seeks to establish the chain of custody of the items that were seized from and returned to him.

The information in category (2) is relevant to the unclean hands defense that Mr. Montgomery has asserted against eTreppid and Warren Trepp.  It is Mr. Montgomery's contention that Mr. Trepp provided false information to the FBI to cause the FBI to issue unlawful search warrants to obtain discovery which eTreppid planned to use and has used to prosecute its civil claims against Mr. Montgomery.  The Court has already indicated that eTreppid and Mr. Trepp did this.  In its November 28, 2006 Order in *In re: Search Warrant of the Residence Located at 12720 Buckthorn Lane, Reno, Nevada, etc.*, USDC Nevada Case No. 3:06-cv-00263-PMP-VPC the Court concluded that Special Agent West "became an unwitting pawn in a civil dispute, and as a result of his inexperience and lack of training, he prepared search warrant affidavits that are riddled with incorrect statements, edited documents and uncorroborated conclusions, which caused this court to exercise its formidable power to authorize the government to search Montgomery's home and storage units."  [See November 28, 2006 Order in *In re: Search Warrant Case*, Case No. 3:06-cv-00263-PMP-VPC, pp. 29-30.]  The requested surveillance information is relevant to the Court's finding.

//

Gregg Addington
July 10, 2008
Page 3


As we have complied in good faith with the requirements of Mr. Martinez's July 1 letter, please provide the requested documents and information forthwith.

Very truly yours,

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By

Peter Bransten

PB:tyl

Encl.