**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DENNIS MONTGOMERY, et al., | ) | 3:06-CV-0056-PMP (VPC) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| ETREPPID TECHNOLOGIES, LLC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is plaintiffs, Dennis Montgomery and the Montgomery Family Trust, ("Montgomery parties") amended motion for orders (1) sealing and striking certain docket items (#s566-568 and 571).[1] Counterdefendant Michael Sandoval filed a joinder to the Montgomery parties' motion (#574). Carla Dimare, former counsel for the Montgomery parties, opposed (#610), as did former counsel, Michael Flynn (#s 613 & 620-625). eTreppid Tchnologies, LLC and Warren Trepp ("eTreppid") joined in opposition (#614), and the Montgomery parties replied (#649).

**I.      Procedural Background**

Michael Flynn, former counsel to the Montgomery parties, filed two motions and accompanying declarations and exhibits which are the subject of this dispute. By his motion to establish procedures to comply with Nevada Rules of Professional Conduct 3.3(a)(3) and (b), Mr. Flynn alleges that the Montgomery parties and their current counsel have engaged in litigation misconduct which may be governed by the disclosure requirements of Rule 3.3 of the Nevada Rules of Professional Conduct (#540). Mr. Flynn filed a companion motion for sanctions against the Montgomery parties and their

---

[1] The court grants the Montgomery parties' request for judicial notice (#567).

1  current counsel pursuant to 28 U.S.C. § 1927, and/or the court's inherent power, and/or Local Rule IA
2  4-1 (#545). This motion is supported by Mr. Flynn's declaration with exhibits, a timeline, and papers
3  on file in this case, and the search warrant proceeding, case number 3:06-CV-00263.

4  The Montgomery parties seek an order to seal and strike these motions and supporting papers
5  on the grounds that the motions are brought to compromise the Montgomery parties' ability to defend
6  claims alleged against them by eTreppid and to prosecute their own claims. They further contend that
7  the filings improperly use and reveal information Mr. Flynn gained during his representation of the
8  Montgomery parties in violation of Rule 1.9 of the Nevada Rules of Professional Conduct.

9  **II.     Discussion**

10 In *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006), the court considered
11 circumstances under which a party may seek to seal judicial records. The court acknowledged that
12 "[u]nless a particular court record is one 'traditionally kept secret,' [such as grand jury transcripts and
13 pre-indictment warrant materials], a 'strong presumption in favor of access' is the starting point." *Id.* at
14 1178 (citing *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)). The party asking to seal a
15 judicial record bears the burden of overcoming this strong presumption. *Id.* However, the court noted
16 that in prior decisions, it had made a distinction between documents attached to a non-dispositive motion
17 and had concluded that because the public has less of a need to access such records, the "good cause"
18 standard under Fed.R.Civ.P. 26(c) will "'suffice [ ] to warrant preserving the secrecy of sealed discovery
19 materials attached to non-dispositive motions.'" *Id.* at 1180, (quoting *Foltz v. State Farm Auto.*
20 *Insurance Company,* 331 F.3d 1122, 1135(9th Cir. 2003)). The court finds that the disputed motions –
21 Mr. Flynn's motion to establish procedures and his motion for sanctions – are non-dispositive motions
22 and, therefore, subject to the "good cause" showing under Rule 26(c).

23 The court has reviewed the disputed papers and finds that good cause exists to seal the motions
24 and accompanying documents filed by Mr. Flynn. However, the court will not strike the documents at
25 this time.

2

### III. Conclusion

IT IS THEREFORE ORDERED that the Montgomery parties' motion to seal and strike Mr. Flynn's motions (#566) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Clerk of Court will seal docket numbers 540, 545, 546, 547, 548, 550, 551, 552, 553, 554, 555, 556, 557, 566, 567, 568, 571, 574, 585, 587, 588, 589, 593, 595, 596, 597, 598, 599, 600, 601, 602, 603, 605, 610, 613, 614, 620, 621, 622, 623, 624, 625, 632, 633, 635, 637, 638, 649, 661, 680, 698, and 714, and shall restrict access to these documents to the court only pending further order of this court;

2. In the event Mr. Flynn, Ms. Dimare, or counsel for the Montgomery parties do not have hard copies of these documents, they may seek leave of court to obtain copies;

3. Counsel for the remaining parties to this action may retain their copies of these documents, but shall henceforth treat these documents as "attorney's eyes only," and;

4. While the subject motions are under submission to this court, no other party to this action or their counsel shall use any information contained in the sealed papers in any proceedings pending before this court, or for any other purpose.

IT IS FURTHER ORDERED that the Montgomery parties' request for sealing of documents filed in support of the Montgomery parties' amended notice of motion and motion for orders re: filing by Michael Flynn (#571) is **GRANTED**, and that the same protocol as is set out more fully above shall apply.

**IT IS SO ORDERED.**

DATED: July 11, 2008.

*/s/ Valerie P. Cooke*
_____
UNITED STATES MAGISTRATE JUDGE