UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA


| | |
|---|---|
| DENNIS MONTGOMERY, et al., ) | 3:06-CV-0056-PMP-VPC |
| ) | |
| Plaintiff(s), ) | **MINUTES OF PROCEEDINGS** |
| ) | |
| vs. ) | |
| ) | DATED:   July 15, 2008 |
| ETREPPID TECHNOLOGIES, ) | |
| et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, MAGISTRATE JUDGE

Deputy Clerk:   Lisa Mann        Court Reporter:   Margaret Griener

Counsel for Plaintiff(s):   Deborah Klar and Mark Gunderson

Counsel for Defendant(s):   Jerry Snyder

Counsel for Third-Party Defendant(s):   Bridgett Robb Peck and (Telephonically) Gregory Schwartz, Robert Rhode and Jacqueline Beatty

Counsel for Interested Party:   Carlotta Wells, Raphael Gomez, and Gregory Addington

PROCEEDINGS: DISCOVERY STATUS CONFERENCE

9:08 a.m.  Court convenes.

    The Court addresses the parties regarding the purpose of this discovery status conference and advises how it shall proceed with this hearing.

    The Court and the parties review the directives the Court ordered at the June 17, 2008 discovery status conference (#700).

    Having heard from the parties and good cause appearing, the Court finds as follows:

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
July 15, 2007
Page 2

1) **Production of compact discs ("CDs") by Montgomery parties:**

   Counsel for the Montgomery parties advises the Court with respect to the production of CDs and hard drives, that production is available for inspection; therefore, the parties shall make the necessary arrangements to conduct this inspection. Mr. Montgomery filed his declaration to report on the results of his inspection of photos provided by the Federal Bureau of Investigation ("FBI") in the search warrant return (#690), and the parties discuss the declaration.

2) **Evidentiary hearing regarding the FBI search warrant return requested by Montgomery parties (#527):**

   The Court reviews with counsel the Montgomery parties' status report (#716), the report by the United States (#738), and the Montgomery parties' supplemental report (#744).

   Having heard from counsel, the Court orders that an evidentiary hearing is set for **Friday, September 5, 2008** at **9:00 a.m.** to **noon**, specifically concerning the following three areas of inquiry:

   a) Inventory of the items seized by the FBI;

   b) Inventory of the items returned to Dennis Montgomery by the FBI; and

   c) The chain of custody concerning the items seized and returned by the FBI.

   This hearing will be conducted simultaneously in this civil action, as well as in the search warrant proceeding (Case No. 3:06-CV-0263-PMP-VPC) with findings and ordered entered in each action.

   Counsel for the Montgomery parties request that prior to the evidentiary hearing, counsel meet and confer with Assistant United States Attorney, Gregory Addington, regarding who will testify at the hearing; therefore, counsel have leave to meet and confer regarding this issue.

3) **The Montgomery parties' discovery requests: eTreppid's responses to specification of third-parties and contracts regarding trade secrets:**

   Mr. Snyder reports that eTreppid produced a copy of one commercial contract responsive to this request. Ms. Klar reports that she is skeptical that eTreppid had

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
July 15, 2007
Page 3

only once such contract. The Court reminds counsel of their ongoing duty to supplement discovery responses. If eTreppid subsequently produces more contracts and Ms. Klar believes this to be bad faith, she may file an appropriate motion.

The Court next considers the status of eTreppid's production of approximately thirty bankers boxes of documents, and Mr. Snyder reports that this production is completed. Ms. Klar advises that the documents appear to be disorganized and asks leave of Court to inspect the records again. Mr. Snyder responds that the documents were produced in the ordinary course of business. The Court denies Ms. Klar's request to inspect, but orders eTreppid's custodian of records to file a declaration attesting as to how the records are kept in the ordinary course of business. eTreppid's custodian of records shall file the declaration no later than **Friday, July 25, 2008**.

Counsel for the Montgomery parties requests that to the extent these documents are produced in response to particular requests for production, eTreppid should provide the Montgomery parties with a bates-number range and indicate which documents are responsive to which requests. The Court finds that counsel shall meet and confer to determine whether it is reasonable for eTreppid to supplement the responses to itemize by reference to bates-number of those documents, responsive to the requests. Counsel are directed to meet and confer concerning this issue no later than **Friday, July 25, 2008**.

4) **eTreppid's answer to the Montgomery parties' Interrogatory No. 11:**

Counsel for eTreppid advises that eTreppid responded to this interrogatory on July 14, 2008; however, counsel shall meet and confer to insure there are no further issues concerning eTreppid's answer to Interrogatory No. 11.

5) **Montgomery parties' request for production including a privilege-log:**

eTreppid's counsel reports concerning responses to the Montgomery parties' request for production of documents, including a privilege log, which are due **July 28, 2008**. eTreppid's counsel advises that eTreppid is producing several hundred thousand documents, that the document production is proceeding as a rolling production, and that there are other sources of documents that eTreppid has discovered and is undertaking to review and produce. Further, eTreppid is currently putting these documents in a .tif image that are bates-stamped and linked to the original native format. Mr. Snyder acknowledges that a directory is being created to assist all parties in understanding which documents are responsive to which requests for production,

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
July 15, 2007
Page 4

and he further advises that as a result of this electronic production, the parties shall be able to locate documents using search terms. In anticipation of the July 28, 2008 deadline, the Court directs counsel to meet and confer with their technical staffs to discuss this production no later than **Friday, July 25, 2008**.

With respect to the thirty boxes of documents eTreppid produced, Mr. Snyder will provide counsel for the Montgomery parties the information concerning which CDs have the .tif images that are linked to the original native format. Mr. Snyder shall begin to provide this information on **July 16, 2008,** and shall continue to do so thereafter.

6) **Protocol for production of electronically stored information ("ESI"):**

Having reviewed the parties status reports concerning ESI (#739, #740, and #745), and having discussed the parties' protocols, the Court finds that the following protocol will be used for ESI:

Step 1: The requesting party will make a request for information.

Step 2: The responding party will provide a list of search terms it proposes to use to find the documents.

Step 3: The requesting party has one week to raise concerns about proposed search terms and, if necessary, the parties will meet and confer to clarify any issues.

Step 4: The responding party produces responsive materials captured by search terms, subject to objections, such as attorney-client privilege, work product, or non-responsiveness.

Step 5: The parties agree the ESI will be produced using the bates-numbering format and native files will be linked to numbered images such as .tif or .pdf file. Further, the parties will consult with a vendor concerning the least expensive means to achieve a numbering system.

As to Steps 1 and 2, the Court and the parties agree with Atigeo's position that the responding parties will be deemed to have met their discovery obligations insofar as they will search for potentially responsive documents; however, when meeting and conferring about search terms, the parties will not be obligated to repeatedly search

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
July 15, 2007
Page 5

    back in computers and hard drives that they reasonably know do not have responsive documents.

    The Court and the parties discuss two areas of disagreement:

    a)     Who bears the cost of responding to ESI?

    The Court hears argument of counsel and finds that the responding party shall bear the cost of respond to ESI discovery requests; however, the responding party has leave to ask the Court to shift the cost of production if the party believes the cost of production is unreasonable and ought to be shared or shifted to the requesting party.

    b)     In disclosing a list of search terms to identify responsive documents, should the responding party provide the requesting party a directory of locations from which the information is sought?

    Having heard argument from counsel, the Court finds that the parties shall first meet and confer concerning specific discovery requests to discuss whether the responding party should provide the requesting party with a directory. If the parties are unable to resolve a dispute, they have leave to file a motion with the Court.

10:32 a.m.  Court recesses.

10:49 a.m.  Court reconvenes.

    7)     **Modification of existing protective order (#264):**

    The Court has reviewed the parties' positions concerning a modification of the protective order concerning trade secrets (#741, #743, and #745).

    Counsel for the Montgomery parties advises that eTreppid will not agree to proposed revisions, and Ms. Klar may file a motion to ask that a special master be appointed to oversee trade secret discovery, or alternatively, to seek to modify the provisions of the protective order (#264).

    The Court finds that if the Montgomery parties intend to file such a motion, they shall do so within the next week and that motion shall be briefed in the normal course. The Court advises that the current protective order (#264) remains in place.

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
July 15, 2007
Page 6

8) <u>**30(b)(6) deposition of eTreppid:**</u>

The Court considers eTreppid's motion for protective order (#708) and Atigeo's and Michael Sandoval's motion for order preserving rights (#719).

The Court finds that the District Court recently affirmed this Court's order regarding source code discovery (#728) and also issued orders denying counter-defendants, Atigeo's and Mr. Sandoval's motion to dismiss (#701). As a result, Atigeo and Mr. Sandoval must now engage in discovery, and eTreppid is entitled to discovery on the source code. Counsel for the Montgomery parties advises she anticipates a two or three-day deposition of eTreppid's 30(b)(6) witness, but may require additional time, depending on the results of eTreppid's July 28, 2008 document production.

Given these circumstances, the Court finds that good cause exists to grant eTreppid's motion for protective order (#708) and Atigeo's and Mr. Sandoval's motion for order preserving rights (#719).

9) <u>**Dispute regarding OpSpring's request for production of documents: "Outputs":**</u>

Ms. Klar, counsel for the Montgomery parties and OpSpring reports that a discovery dispute has arisen with eTreppid concerning OpSpring's request for production for eTreppid to produce what is referred to as "outputs" (#745). eTreppid's position is that it should not be required to respond until Mr. Montgomery produces the source code. Having heard arguments from counsel, the Court finds this issue requires further briefing. If after a meet and confer, the dispute is unresolved, OpSpring has leave to file a motion to compel.

With respect to any issues pertaining to the United States' protective order, the Court states Mr. Montgomery is apprised of his obligations under that order and to the extent he needs to meet with counsel for the government or take alternative steps that are appropriate to comply with the United States' protective order, the Court encourages him to do so.

12:02 p.m. Court recesses.

1:34 p.m. Court reconvenes.

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
July 15, 2007
Page 7

    **10)**     **Deposition of Sue Perez:**

Ms. Klar makes an oral request that the deposition of eTreppid's 30(b)(6) representative concerning eTreppid's financial records be scheduled, since eTreppid has completed its production of its financial records. eTreppid's counsel agrees; therefore, Mr. Snyder shall email all counsel possible dates for the deposition of eTreppid's bookkeeper, Sue Perez, pr eTreppid's other designee, no later than **July 16, 2008**.

    **11)**     **Montgomery parties' motion for protective order and determination regarding common interest agreement (#717):**

The Court hears argument of counsel concerning the Montgomery parties' motion for protective order and determination regarding common interest agreement (#717), which eTreppid opposed (#736), and to which the Montgomery parties replied (#752). The Court hears arguments concerning whether the Court should uphold or deem waived the common interest, confidentiality, and cooperation agreement executed between Dennis Montgomery, individually and as co-trustee of the Montgomery Family Trust, and OpSpring, LLC (Ex. A to #717).

The Court finds that the parties to the common interest agreement have not met their initial burden to establish that the attorney-client privilege applies to documents which may be the subject of this agreement. Moreover, the Montgomery parties have not provided a privilege log, making it impossible for the Court of the other parties to evaluate whether this doctrine applies.

Based upon the foregoing, the motion (#717) is DENIED without prejudice. The Court gives the Montgomery parties leave to submit a privilege log. Having heard arguments of counsel concerning the production of a privilege log; IT IS ORDERED:

    a)     The Montgomery parties shall produce to counsel for all parties a privilege log identifying documents subject to the privilege and a description of the documents;

    b)     The Montgomery parties shall deliver to the Court in chambers for <u>in camera</u> review the same privilege log, but with a more detailed description of the documents and the basis for the claim of privilege; and

    c)     These privilege logs shall be produced no later than **Friday, July 25, 2008**.

Dennis Montgomery, et al., v. eTreppid Technologies, et al.
3:06-CV-0056-PMP-VPC
July 15, 2007
Page 8

The Court notes for the record that notwithstanding the production of the privilege logs, the Court reserves its determination whether the Montgomery parties have waived their assertion of the common interest doctrine.

**12)** **Montgomery parties' brief regarding limitation on subject matter of correspondence required to be produced pursuant to eTreppid's Request No. 26 in Request for Production, Set Two (#696):**

On June 23, 2008, the Montgomery parties filed a brief regarding limitation on subject matter of correspondence required to be produced pursuant to eTreppid's Request No. 26 in Request for Production, Set Two (#696).  The Court construes this brief as a motion; therefore, eTreppid shall respond to this motion no later than **Friday, July 25, 2008**, and the Montgomery parties shall reply by **Thursday, July 31, 2008**.

**IT IS SO ORDERED.**

2:25 p.m.  Court adjourns.

LANCE S. WILSON, CLERK

By: _____/s/_____
Lisa Mann, Deputy Clerk