Mark H. Gunderson, Esq. (SBN: 2134)
Catherine A. Reichenberg, Esq. (SBN: 10362)
GUNDERSON LAW FIRM
5345 Kietzke Lane, Suite 200
Reno, Nevada 89511
Telephone: (775) 829-1222
Facsimile: (775) 829-1226

Deborah A. Klar, Esq. (SBN: CA 124750)
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501
ADMITTED PRO HAC VICE

Attorneys for DENNIS MONTGOMERY, the
MONTGOMERY FAMILY TRUST, EDRA BLIXETH, and
OPSPRING LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST, | Case No. 3:06-CV-00056-PMP-VPC BASE FILE |
| Plaintiffs, | (Consolidated with Case No. 3:06-CV-00145-PMP-VPC) |
| vs. | **PLAINTIFFS' EMERGENCY MOTION FOR STAY OF ORDER TO PRODUCE SOURCE CODE** |
| ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE, | |
| Defendants. | |
| AND RELATED CASES. | |

---

EMERGENCY MOTION FOR STAY OF ORDER TO PRODUCE SOURCE CODE

0039641/001/ 400433v01

1  Plaintiffs respectfully request that this Court stay the Court's Order of May 29, 2008
2  (docket no. 645), affirmed on July 3, 2008 (docket no. 728), <u>to the extent it requires production of</u>
3  <u>source code</u>, so that plaintiffs may seek review from the Court of Appeals via Petition for Writ of
4  Mandamus. Plaintiffs request that this stay remain in place until the Court of Appeals rules on
5  Plaintiffs' Writ Petition (which Plaintiffs anticipate will be filed on Monday, July 21), or in the
6  alternative, that it remain in place until the Court rules on the Motion to Modify the Protective
7  Order that Magistrate Judge Cooke has authorized plaintiffs to file "within the week." *Minutes of*
8  *Proceedings* (docket no. 760), at 5.

9  Good cause exists to grant this Emergency Motion. This dispute, at bottom, revolves
10 around the rightful ownership of source code written by Montgomery. Montgomery contends that
11 eTreppid is using the discovery process to gain access to source code that belongs to Montgomery.
12 ETreppid recently confirmed its intent — it acknowledged in its July 11 Reply in Support of
13 Motion for Protective Order (docket no. 751) that it planned to "fully evaluate the documents,
14 <u>including the source code to be produced by Montgomery</u>," in preparation for its 30(b)(6)
15 deposition. Docket No. 751, at 4-5 (emphasis added).

16 This proposed use of the source code would be a clear violation of the protective order that
17 Magistrate Judge Cooke understandably assumed would protect Montgomery's interests. *Order*
18 *Regarding Source Code Discovery* (docket no. 645), at 17. The resulting harm to plaintiffs would
19 be enormous. This bell, of course, cannot be unrung. Saini v. International Game Technology, 434
20 F. Supp. 2d 913, 919 (D. Nev. 2006) ("[D]isclosure of confidential information or trade secrets
21 would create irreparable injury . . . ."). Thus, once eTreppid gains access to Montgomery's source
22 code, this case is effectively over no matter who truly owns Montgomery's source code. Viacom
23 Int'l, Inc. v. YouTube, Inc., Case No. 07 Civ. 2103 (LLS), 2008 U.S. Dist. LEXIS 50614, at *11
24 (S.D.N.Y. July 2, 2008) ("[T]he protections set forth in the stipulated confidentiality order are
25 careful and extensive, but nevertheless not as safe as nondisclosure. There is no occasion to rely on
26 them without a preliminary proper showing . . . .").

27 This risk is the reason trade secrets are subject to a different and more demanding standard
28 than ordinary discovery. Ordinarily, discovery is proper under a simple and lenient "relevance"

1

1 standard. FED. R. CIV. P. 26(b)(1). However, "before a court is justified in ordering disclosure" of
2 a trade secret, the party seeking disclosure must "establish that the trade secret sought is relevant
3 and necessary to the prosecution and defense of the case." Hartley Pen Co. v. United States Dist.
4 Court, 287 F.2d 324, 330-31 (9th Cir. 1961) (emphasis added).

5       Plaintiffs acknowledge that this Court disagreed with their position that discovery of
6 Montgomery's source code is not appropriate under the proper standard. However, because the
7 Court's ruling threatens plaintiffs with the irreparable loss of the very rights they brought this
8 action to defend, they are compelled to seek writ review from the Court of Appeals. A stay is
9 appropriate to permit the Court of Appeals to address plaintiffs' request.

10       The Court has broad inherent equitable power "to do equity and to mould each decree to the
11 necessities of the particular case." Porter v. Warner Holding Co., 328 U.S. 395, 398 (1946)
12 (quotation marks omitted). In this case, the equities clearly and strongly favor a stay. If plaintiffs
13 are clearly mistaken in their view of the law, the only consequence of a stay would be a short delay
14 while the Court of Appeals summarily denies the Writ Petition plaintiffs are filing today. Indeed,
15 Magistrate Judge Cooke has authorized Plaintiffs to file a motion to modify the existing protective
16 order or to seek appointment of a special master to oversee trade secret discovery. *Minutes of*
17 *Proceedings* (docket no. 760), at 5. Clearly it would be inappropriate to produce source code while
18 this motion remains pending, so even if the Ninth Circuit disagrees with plaintiffs, there would be
19 no prejudice.

20       On the other hand, if plaintiffs are correct, the consequences of denying a stay would be
21 irreparable. Plaintiffs will have lost control of an enormously valuable trade secret even though
22 they have diligently done everything within their power to protect it. Even if the Court of Appeals
23 believes the question is close, a stay is appropriate to allow it to fully consider the issue before the
24 damage is done.

25       For all of these reasons, plaintiffs respectfully request that this Court stay their obligation to
26 produce source code until the Ninth Circuit disposes of the Writ Petition plaintiffs expect to file on
27 Monday. In the alternative, plaintiffs respectfully request that this Court stay any obligation to
28

1 produce source code until resolution of their Motion to Modify the Protective Order, so that the
2 Ninth Circuit can consider plaintiffs' stay request in an orderly fashion.

3 Dated: July 18, 2008                           LINER YANKELEVITZ
                                                SUNSHINE & REGENSTREIF LLP

                                                By:            /S/
                                                    Deborah A. Klar
                                                    Attorneys for Plaintiffs
                                                    DENNIS MONTGOMERY, the
                                                    MONTGOMERY FAMILY TRUST,
                                                    OPSPRING LLC and EDRA BLIXSETH

3

0039641/001/ 400433v01

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the Law Offices Of Liner Yankelevitz Sunshine & Regenstreif LLP, and that on July 18, 2008, I caused to be served the within document described as **PLAINTIFFS' EMERGENCY MOTION FOR STAY OF ORDER TO PRODUCE SOURCE CODE** on the interested parties in this action as stated below:

| | |
|---|---|
| J. Stephen Peek, Esq.<br>Jerry M. Snyder, Esq.<br>Hale Lane Peek Dennison and Howard<br>5441 Kietzke Lane, Second Floor<br>Reno, Nevada 89511<br>(775) 327-3000; 786-6179 - FAX<br>speek@halelane.com; jsnyder@halelane.com<br>Attorneys for eTreppid and Warren Trepp | Carlotta P. Wells, Sr. Trial Counsel<br>U.S. Dept. of Justice; Fed. Programs Branch<br>Civil Division, Room 7150<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-4522; 616-8470 - FAX<br>E-mail: Carlotta.wells@usdoj.gov<br>Attorneys for Department of Defense |
| Reid H. Weingarten, Esq.<br>Brian M. Heberlig, Esq.<br>Robert A. Ayers, Esq.,<br>Steptoe & Johnson, LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-1795<br>(202) 429-3000; (202) 429-3902 - FAX<br>rweingarten@steptoe.com;<br>bhaberlig@steptoe.com; rayers@steptoe.com<br>Attorneys for eTreppid and Warren Trepp | Raphael O. Gomez, Esq., Sr. Trial Counsel<br>U.S. Dept. of Justice, Fed. Programs Branch<br>Civil Division, Room 6144<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-1318; 616-8470 - FAX<br>E-mail: raphael.gomez@usdoj.gov<br>Attorneys for Department of Defense |
| Greg Addington, AUSA<br>U.S. DEPARTMENT OF JUSTICE<br>100 W. Liberty Street. Suite 600<br>Reno, Nevada 89501<br>E-mail: Greg.addington@usdoj.gov<br>(775) 784-5181 - FAX<br>Attorneys for Department of Defense | Bridget Robb Peck, Esq.<br>Lewis and Roca LLP<br>50 West Liberty Street, Suite 410<br>Reno, Nevada 89501<br>Tel: (775) 823-2900; Fax: (775) 823-2929<br>bpeck@lrlaw.com<br>Attorneys for Atigeo LLC and Michael Sandoval |
| Jacquelyn A. Beatty, Esq.<br>Karr Tuttle Campbell<br>1201 Third Avenue, Suite 2900<br>Seattle, Washington 98101<br>Fax: (206) 682-7100<br>E-mail: jbeatty@karrtuttle.com<br>Attorneys for Michael Sandoval | Robert E. Rohde, Esq.<br>Gregory Schwartz, Esq.<br>Rohde & Van Kampen<br>1001 Fourth Avenue, Suite 4050<br>Seattle, Washington 98154<br>Tel: (206) 386-7353 Fax: (206) 405-2825<br>E-mail: brohde@rohdelaw.com,<br>gschwartz@rohdelaw.com<br>Attorneys for Atigeo LLC |

☒ **[ELECTRONIC]** By filing the document(s) electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document(s) to the persons listed above at their respective email address.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

---

1
EMERGENCY MOTION FOR STAY OF ORDER TO PRODUCE SOURCE CODE

0039641/001/ 400433v01

1
2    Executed on July 18, 2008, at Los Angeles, California.
3    ___Sklar K. Toy___                       _____
         (Type or print name)                              (Signature)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2
EMERGENCY MOTION FOR STAY OF DISCOVERY ORDER

0039641/001/ 400433v01