1

2       **UNITED STATES DISTRICT COURT**

3       **DISTRICT OF NEVADA**

4    MONTGOMERY, *et al*.,                    )
                                              )        3:06-CV-00056-PMP-VPC
5              Plaintiffs,                     )        BASE FILE
                                              )
6    v.                                        )        3:06-CV-00145-PMP-VPC
                                              )
7    ETREPPID TECHNOLOGIES, LLC,              )
     *et al*.,                                 )
8                                              )        **ORDER TO SHOW CAUSE**
                                              )
9              Defendants.                    )
     _____          )
10                                             )
     AND ALL RELATED MATTERS.                 )
11   _____          )

12          Before the court is Dennis Montgomery ("Montgomery") and the Montgomery Family

13   Trust's ("the Trust") (collectively the "Montgomery parties") report regarding compliance with

14   this court's May 29, 2008 order regarding source code discovery (#768).

15                  **I.  HISTORY & PROCEDURAL BACKGROUND**

16          This litigation involves a dispute between the Montgomery parties and Warren Trepp and

17   eTreppid Technologies, LLC (collectively "eTreppid") over who owns the rights to certain

18   technology and trade secrets.[1]

19          This Order To Show Cause stems from this court's May 29, 2008 Order Regarding Source

20   Code Discovery (#645) (hereinafter "Source Code Order").  The Source Code Order resulted from

21   a discovery disagreement between the Montgomery parties and eTreppid over whether the trade

22   secret source code technology at issue in this case was relevant and necessary to the disposition

23   of the parties' claims.[2]  *Id*.  After briefing, a hearing, and supplemental briefing, this court

24   concluded that production of the source code was essential to resolving the central issues in this

25

26          _____

27          [1] As this court and the parties are quite familiar with the involved history of this case, much of which
     is irrelevant to the current issues before the court, the court does not set out the entire background.

28          [2] The Montgomery parties define "source code" as "the human readable and modifiable version of
     software programs, before it is compiled into machine-readable object code" (#672).

1   case. *Id*. The court ordered, with certain limits, that the Montgomery parties produce all

2   documents, either in printed or electronic form, that are responsive to eTreppid's outstanding

3   discovery requests seeking source code and other technology Montgomery claims as a trade

4   secret. *Id*. The court further stated in paragraph V.5. of the Source Code Order that the

5   Montgomery parties "shall file a discovery status report with this court no later than **Monday,**

6   **June 30, 2008**, outlining its proposed timeline for compliance with this order, notwithstanding

7   that any party may file an objection to this order pursuant to LR IB 3-2." *Id*. (emphasis in

8   original).

9       On June 12, 2008, the Montgomery parties filed a paper entitled "The Montgomery

10   parties' objections to Magistrate Judge's order re source code discovery and request for stay

11   pending appeal" (#672). The Montgomery parties argued that this court had incorrectly applied

12   the law with respect to production of trade secrets and that the trade secret source code has no

13   relevance to either eTreppid's trade secret misappropriation claim or the Montgomery parties'

14   copyright claim. *Id*. They requested that the District Court reverse the Source Code Order to the

15   extent that it directs production of the Montgomery parties' trade secret source code.[3] *Id*.

16       On June 17, 2008, this court held its monthly discovery status conference. The court

17   noted for the record that while the Montgomery parties had purportedly filed for a stay of the

18   Source Code Order, the request for a stay was made only in the title of their motion, and they had

19   not articulated a basis for the stay within their objection (#700; *see also* transcript of hearing,

20   #733). The court advised the parties that there was no stay of the Source Code Order in place.[4]

21   ─────────────────────

22   [3] Notably, the Montgomery parties continually refer to the source code as "Montgomery's" trade
    secret. However, ownership of the source code is a central issue in the case.

23

24   [4] During the June 17, 2008 hearing, this court stated:

25       The court, of course, is aware that the Montgomery parties filed an
        objection to this Court's order regarding Source Code. That objection is
26        docket number 672. And, of course, as everyone is aware, that objection
        will be considered by Judge Pro.

27
        The issue that I want to bring to everyone's attention is that, in the
28        title of that objection, there is a request for stay pending appeal. But I

1    *Id*.

2    On June 20, 2008, the Montgomery parties filed a motion for an order shortening time for

3    hearing or other resolution of their motion for a stay of compliance with the Source Code Order

4    pending resolution of their objections to the Source Code Order (#692; *see also* #693).  In that

5    motion, the Montgomery parties acknowledged the discussion with this court during the June 17

6    status conference that a stay was not currently in place.  *Id*.  The Montgomery parties stated that

7    the Source Code Order "directed the Montgomery parties to produce enormous amounts of

8    extremely sensitive trade secret information in contravention of controlling Ninth Circuit

9    authority and to begin that process prior to June 30."  *Id*.  They further argued that such

10   compliance would "irreparably harm the Montgomery parties both by prejudicing them in the

11   litigation and by imposing enormous financial costs on them" because their objections to the

12   Source Code Order – then pending before the District Court – would not be addressed until after

13   June 30, 2008, and would, therefore, be mooted without a stay in place.  *Id*.

14   On June 24, 2008, this court granted the Montgomery parties motion for order shortening

15   time on motion for stay of the Source Code Order, and requiring briefing completed by July 1,

16   2008 (#697).  The Montgomery parties filed a second motion requesting an Order continuing the

17   June 30, 2008 deadline for compliance with the Source Code Order because although this court

18   had granted their motion shortening time, the motion for a stay of compliance with the Source

19   Code Order would not be resolved prior to the June 30, 2008 deadline for compliance set out in

20   the Source Code Order (#703).  Again, the Montgomery parties noted that compliance with the

21   Source Code Order by June 30, 2008 would cause "significant irreparable prejudice" and

22   "enormous financial costs" on them.  *Id*.  eTreppid opposed the motion, arguing that compliance

23   _____

24        reviewed the objection to ascertain whether there was a basis articulated in
         that objection for a stay, and there is not.  The only reference to a request
25       for a stay is simply in the title, as far as I can tell.

26        And so as far as this court is concerned, with respect to the Source
         Code order, there is no stay in effect.  And unless and until such stay is
27       granted, the obligation to comply with that order is one that is outstanding.

28   (#733, p. 4).

1    with the Source Code Order would not cause harm to the Montgomery parties because the Source

2    Code Order did not set a date for production of the source code, it merely required the

3    Montgomery parties to file a discovery status report by June 30, 2008 outlining its proposed

4    timeline for compliance with the Source Code Order (#704).

5        On June 27, 2008, this court granted the continuance, stating: "The June 30, 2008 deadline

6    for filing a plan for production of source code contained in the order regarding source code

7    discovery (#645) is **STAYED** pending further order of this court" (#707) (emphasis in original).

8        On July 3, 2008, the District Court issued an order overruling the Montgomery parties'

9    objections and affirming this court's Source Code Order (#728). In its order, the District Court

10   stated that "the discovery and analysis of the source code at issue in this case is clearly relevant

11   to the resolution of this action and the Montgomery Parties' should forthwith comply with

12   Magistrate Judge Cooke's order of production of the source code." *Id*. The court lifted the June

13   27, 2008 stay order (#707) and ordered that "to the extent that they have not already done so, the

14   parties shall fully comply with Magistrate Judge Cooke's Order Regarding Source Code

15   Discovery (Doc. #645) no later than Monday, July 21, 2008." *Id*.

16       On July 15, 2008, this court held another discovery status conference. The Montgomery

17   parties informed this court that they would like to modify the existing trade secret protective order

18   but that eTreppid would not agree to a modification (#760). As such, the Montgomery parties

19   were considering filing a motion to request that either a special master be appointed to oversee

20   the trade secret discovery, or that the protective order be modified. *Id*. The court stated that if

21   the Montgomery parties intended to file such a motion, they could do so "within the next week,"

22   and that the motion would be briefed in the normal course. *Id*. The court specifically noted that

23   the current protective order remained in place. *Id*.

24       On July 18, 2008, the Montgomery parties filed an emergency motion for a stay of the

25   Source Code Order "to the extent it requires production of source code" so that they could seek

26   Ninth Circuit review of the Source Code Order via a Writ of Mandamus (#762). The

27   Montgomery parties requested that the stay remain in place until the Ninth Circuit ruled on their

28   Writ (which they stated they anticipated filing on July 21, 2008), or alternatively, until this court

1    ruled on their yet-to-be-filed motion to modify the protective order. *Id*. Although the

2    Montgomery parties acknowledged that the District Court had disagreed with their objections to

3    the Source Code Order that the production of the source code was not "necessary" to the

4    resolution of this case, the Montgomery parties stated that they were compelled to request review

5    of that decision by the Ninth Circuit because "the Court's ruling threatens plaintiffs with the

6    irreparable loss of the very rights they brought this action to defend." *Id*.

7         On July 21, 2008, the District Court denied the Montgomery parties' emergency motion

8    for a stay of the Source Code Order, and ordered that the Montgomery parties "fully comply with

9    Magistrate Judge Cooke's Order Regarding Source Code Discovery (Doc. #645) and this Court's

10    Order (Doc. #728) no later than July 23, 2008" (#765).

11         On July 23, 2008, the Montgomery parties filed the notice presently before the court

12    (#768).  In their notice, the Montgomery parties inform the court that they construe paragraph

13    V.5. of the Source Code Order as seeking a timeline for compliance to produce the source code

14    at issue. *Id*. The Montgomery parties state that they are in possession of electronic files

15    responsive to some of eTreppid's discovery requests with respect to CD No. 1, that they are

16    "diligently searching" millions of files, and that they expect to be able to comply with the Source

17    Code Order by October 30, 2008. *Id*.

18         The Montgomery parties further state that "with respect to the source code developed by

19    Montgomery in the fields of object tracking, pattern recognition, and anomaly detection created

20    in or after 1998," which the Montgomery parties contend was never transferred to eTreppid

21    pursuant to the Contribution Agreement, they will not be producing such documents. *Id*. The

22    Montgomery parties state that they "respectfully" disagree with this court and the District Court's

23    orders, and that they "intend" to file a Writ of Mandamus with the Ninth Circuit to vacate the

24    Source Code Order to the extent it requires production of source code related to object tracking,

25    pattern recognition, and anomaly detection. *Id*. They further note that they intend to seek a stay

26    of the Source Code Order pending a determination of the Writ Petition. *Id*.

27         Finally, the Montgomery parties inform the court that they intend to seek a modification

28    to the protective order in this case, and state that if their Writ to the Ninth Circuit is denied, they

1   will only produce the source code related to object tracking, pattern recognition, and anomaly

2   detection "30 days after there has been a final determination on the Montgomery parties' motion

3   to modify the protective order." *Id*.  They further inform the court that "any such production will

4   be pursuant to the terms of the protective order then in effect." *Id*.

5                                      **II. DISCUSSION**

6           The court first notes that the Montgomery parties have taken a contrary position to their

7   prior contention with respect to what is required of them pursuant to the Source Code Order.  In

8   at least three filings with this court, the Montgomery parties stated that it was their understanding

9   that the Source Code Order required them to start producing actual source code by June 30, 2008.

10  *See* #692, #693, and #703.  The pattern and practice of the Montgomery parties in this case – to

11  take whatever position suits their needs at that immediate moment – makes their current

12  sentiments appear extremely disingenuous. As the participants in this case are all aware, this type

13  of flip-flopping has occurred over and over with respect to the Montgomery parties' compliance

14  with this court's discovery orders.

15          In drafting the Source Code Order, this court was very aware of the complicated

16  undertaking it was requiring of the Montgomery parties, and it endeavored to be reasonable about

17  the Montgomery parties' compliance.  However, even if the court were to construe as genuine the

18  Montgomery parties interpretation of the Source Code Order as merely requiring a timeline, the

19  notice before the court would be completely deficient.  The Montgomery parties' notice does not

20  set a proposed timetable or a plan delineating steps and intermediate deadlines by which they

21  would successfully comply with Source Code Order.   Their notice simply states their

22  interpretation of the Source Code Order and successive court orders, and then sets their own

23  deadline for production.  The Montgomery parties have been on notice that these documents

24  might be subject to discovery since mid-2006, but at the very least, by November 2007 (#431).

25  Once again, they protest that they do not have enough time.

26          Moreover, in complete defiance of *three* court orders requiring the production of source

27  code related to object tracking, pattern recognition, and anomaly detection, the Montgomery

28  parties state that they "respectfully" disagree.  Notably, the Montgomery parties have continually

1   informed this court that they "intend" to file a Writ with the Ninth Circuit to vacate the Source

2   Code Order.  To this court's knowledge, this has not been done.  Further, although they have

3   already sought and been denied a stay from the District Court pending appeal to the Ninth Circuit,

4   the Montgomery parties purport to grant themselves a stay in their notice by stating that they will

5   not produce any documents related to object tracking, pattern recognition, and anomaly detection

6   until after the Ninth Circuit has made a determination on their unfiled Writ.  Finally, the court

7   notes that despite their assertions, the Montgomery parties have yet to request a modification of

8   the protective order.

9          It is quite clear to both this court and the District Court that the Montgomery parties'

10  "notice of compliance" represents their intent to defy the court's orders by any means necessary.

11                              **III. CONCLUSION**

12         Based on the foregoing and for good cause appearing:

13         **IT IS HEREBY ORDERED** that a hearing to show cause as to why the Montgomery

14  parties and Deborah A. Klar, counsel for the Montgomery parties, should not be held in contempt

15  for failure to comply with the Source Code Order is set for **Monday, August 18, 2008, at 10:00**

16  **a.m.**;

17         **IT IS FURTHER ORDERED** that Dennis Montgomery shall appear in person at the

18  hearing to show cause and be prepared to testify as to the matters at issue in this order;

19         **IT IS FURTHER ORDERED** that Deborah A. Klar shall appear in person at the hearing

20  to show cause and be prepared to address the matters at issue in this order;

21         **IT IS SO ORDERED.**

22         **DATED:** July 24, 2008.

23                                        _____

24                                        **UNITED STATES MAGISTRATE JUDGE**

25

26

27

28