1 | Mark H. Gunderson, Esq. (SBN: 2134)
Catherine A. Reichenberg, Esq. (SBN: 10362)
2 | GUNDERSON LAW FIRM
5345 Kietzke Lane, Suite 200
3 | Reno, Nevada 89511
Telephone:  (775) 829-1222
4 | Facsimile:  (775) 829-1226

5 | Ellyn S. Garofalo, Esq. (SBN: CA 158795) (admitted *pro hac vice*)
Richard J. Mooney, Esq. (SBN CA 176486) (admitted *pro hac vice*)
6 | LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
7 | 1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
8 | Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

9 |
Attorneys for Plaintiffs
10 | DENNIS MONTGOMERY and
the MONTGOMERY FAMILY TRUST

11 |

12 | **UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**
13 |

14 | DENNIS MONTGOMERY and the
MONTGOMERY FAMILY TRUST,

15 | Plaintiffs,

16 | vs.

17 | ETREPPID TECHNOLOGIES, LLC, WARREN
TREPP, and the UNITED STATES
18 | DEPARTMENT OF DEFENSE,

19 | Defendants.

20 |

21 | AND RELATED CASES.

22 |

Case No. 3:06-CV-00056-PMP-VPC
BASE FILE

(Consolidated with Case No. 3:06-CV-00145-PMP-VPC)

**THE MONTGOMERY PARTIES'
OBJECTIONS TO MAGISTRATE
JUDGE'S ORDER RE 30(B)(6)
DEPOSITION OF ETREPPID;
MEMORANDUM OF POINTS AND
AUTHORITIES**

23 |

24 |

25 |

26 |

27 |

28 |

1

Case No.  3:06-CV-00056-PMP-VPC

0039641/001/ 39024v02

1

**OBJECTION TO MAGISTRATE'S ORDER**

2      Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Dennis Montgomery

3   ("Montgomery") and the Montgomery Family Trust (plaintiffs in the base file matter 3:06-CV-

4   00056-PMP-VPC and defendants in the member case 3:06-CV-00145-PMP-VPC) and Brenda

5   Montgomery (defendant in the member case 3:06-CV-00145-PMP-VPC) (collectively, the

6   "Montgomery Parties") do hereby respectfully object to the Magistrate Judge's ruling regarding the

7   30(b)(6) deposition of eTreppid, issued in minute form on July 17, 2008 (the "July 17 Order") on

8   the ground that it may be read as improperly authorizing a violation of the Protective Order in

9   connection with the preparation of the FRCP 30(b)(6) deposition of eTreppid.

10      The brief in support of the objection is attached hereto.

11

12

13   Dated:  August 4, 2008                    Respectfully submitted,

14                                             LINER YANKELEVITZ
                                               SUNSHINE & REGENSTREIF LLP
15

16
                                             By:   _____
17                                                 Richard J. Mooney

18

19

20

21

22

23

24

25

26

27

28

Case No.  3:06-CV-00056-PMP-VPC

1

**BRIEF IN SUPPORT**

2

**I.     INTRODUCTION**

3             On June 27, eTreppid filed a motion seeking to postpone its deposition under FRCP

4    30(b)(6) on the ground that additional document discovery should occur before commencing the

5    deposition.  In particular, eTreppid argued that the Montgomery Parties should be forced to

6    produce computer files containing trade secret source code in advance of the deposition, so that

7    eTreppid could use that source code to prepare the eTreppid representative for the deposition.  Such

8    preparation would be an intentional direct violation of the applicable protective order and would

9    severely prejudice the Montgomery Parties.  The Magistrate Judge nonetheless granted the

10   postponement, in an order that might be construed as implicitly endorsing eTreppid's planned

11   violation of the protective order.  The Montgomery Parties therefore file this Objection to ensure

12   that any such endorsement is explicitly rejected by the Court and eTreppid is made aware that

13   violations of the protective order (and in particular *intentional* ones) will not be tolerated.

14   **II.    BACKGROUND**

15            On September 11, 2007, the Court entered the Protective Order to ensure the confidentiality

16   of sensitive information produced in discovery in this matter.  *See* Docket No. 264.  The Protective

17   Order provides in part that any party may designate as "Restricted Confidential" documents,

18   information, or other material that "the producing party believes in good faith constitute, contain or

19   reflect extremely sensitive and highly confidential proprietary, trade secret or commercial

20   information, for which the designation Confidential will not afford adequate protection under the

21   terms of this Protective Order."  *Id.* ¶ 2.  The Order further provides that "[d]ocuments or

22   information which has been designated 'Restricted Confidential' shall not be given to the receiving

23   party or the receiving party's employees, representatives, or agents, other than its counsel of record

24   . . . ."  *Id.* ¶ 5.

25            On June 6, the Montgomery Parties noticed the deposition of eTreppid on a range of topics

26   relating to the products and services sold by eTreppid and the technology used to provide those

27   products and services.  *See* Docket No. 737-2 at 2-6.  After the parties encountered difficulty

28   scheduling the deposition, the Court on June 24 directed the parties to meet and confer and select a

1  date during the week of July 21.  *See* Docket No. 702 at 3-4.  eTreppid's counsel declined to agree

2  to a date during that week, and on June 27 filed a motion seeking a protective order that would

3  delay the deposition.  *See* Docket No. 708.  The motion argued principally that the deposition

4  should be postponed because the parties were in the middle of producing documents and such

5  production should be concluded prior to the commencement of depositions.  *Id*. at 2.  The

6  Montgomery Parties opposed the motion, noting among other things that the deposition topics were

7  comprised principally of the very same issues about which eTreppid was prepared to testify in

8  February 2006 at the state court injunction hearing.  *See* Docket No. 737 at 1.

9      eTreppid then filed a reply on July 11.  *See* Docket No. 751.  In the reply, eTreppid argued

10  at length that the Montgomery Parties should be forced to produce the source code in their

11  possession prior to any deposition of eTreppid.  *Id.* At 4-5.  eTreppid's stated rationale for

12  postponing the deposition until after the production of the source code was that it intended to use

13  the Montgomery Parties' source code in preparing to give testimony at eTreppids deposition.  *Id.*

14  For example, eTreppid argued:

15      Montgomery has also repeatedly contended that eTreppid has not sufficiently
        identified its "trade secret" source code.  In his 30(b)(6) notice, Montgomery states
16      the intent to depose eTreppid regarding "[t]he identification of each trade secret that
        eTreppid contends was misappropriated . . . ."  [Cite].  Montgomery will
17      undoubtedly probe this issue in the 30(b)(6) deposition.  Montgomery, however, has
        flatly refused to produce the source code at issue in this case, making it impossible
18      foro eTreppid to thoroughly evaluate this issue or to adequately prepare for the
        30(b)(6) deposition.  The deposition should be postponed for this reason alone  . . .
19      eTreppid should have the opportunity to fully evaluate the documents, including the
        source code to be produced by Montgomery, before having to submit to examination
20      on this and related topics.  To allow Montgomery to move forward with the
        deposition before eTreppid has had an opportunity to examine the source code
21      would be highly prejudicial to eTreppid.

22  *Id.*

23      The Magistrate Judge granted eTreppid's motion in minutes dated July 17, 2008, stating in

24  relevant part:

25      The Court finds that the District Court recently affirmed this Court's order regarding
        source code discovery (#728) nd also issued orders denying counter-defendants,
26      Atiego's and Mr. Sandoval's motion to dismiss (#701).  As a result, Atigeo and Mr.
        Sandoval must now engage in discovery, and eTreppid is entitled to discovery on
27      the source code.  Counsel for the Montgomery parties advises she anticipates a two
        or three-day deposition of eTreppid's 30(b)(6) witness, but may require additional
28      time, depending on the results of eTreppid's July 28, 2008 document production.

2

1

2
> Given these circumstances, the Court finds that good cause exists to grant eTreppid's motion for protective order (#708) and Atigeo's and Mr. Sandoval's motion for order preserving rights (#719).

3  Docket No. 760 at 6.

4  **III.    ARGUMENT**

5          The Magistrate Judge did not explicitly endorse eTreppid's plan to violate the protective

6  order by using the produced source code to prepare the 30(b)(6) deposition witness (anticipated to

7  be Mr. Trepp himself).  However, eTreppid relied in large part on that plan in its reply argument,

8  and the Magistrate Judge specifically mentioned the upcoming source code production as one

9  reason the motion was being granted.  Under the circumstances, eTreppid may believe that it has

10  been authorized to ignore the strictures of the Protective Order in connection with the source code

11  and the 30(b)(6) preparation.

12          It is important that such an interpretation be clearly rejected, and eTreppid directed that it

13  not prepare its 30(b)(6) witness with the source code (or any other material produced with a

14  "Restricted Information" designation).  The Protective Order was entered last September precisely

15  because of the extreme sensitivity of material to be produced.  The source code to be produced is

16  among the very most sensitive of such material – worth millions or tens of millions of dollars and

17  easily copied if not strictly protected.  It is in fact the paradigmatic example of material that should

18  and must be guarded as "Restricted Information" under the protective order.[1]

19          In addition, Paragraph 9 of the Protective provides a detailed procedure for challenging the

20  designation of any information produced.  If eTreppid in good faith believes that portions of the

21  source code should not be treated as "Restricted Information", it can and should avail itself of those

22  procedures.  A simple assertion, in advance, that it need not comply with the Protective Order is

23  completely improper.

24

25

26
27
28
[1]      Indeed, even the "Restricted Information" protection currently provided for is likely to be insufficient, and the Montgomery Parties have moved to modify the protective order to provide additional protection for source code.  *See* Docket No.  774.  Whether or not that motion is granted, there is no basis for eTreppid to decline to comply with the protective order in place.

3

**IV.     CONCLUSION**

For the foregoing reasons, the Montgomery Parties respectfully request that the

Magistrate's Order within the July 17 minutes (Docket No. 760) be overruled to the extent it can be

read explicitly or implicitly to authorize any violation of the current (or subsequently modified)

Protective Order.

Dated:  August 4, 2008                          Respectfully submitted,

                                                LINER YANKELEVITZ
                                                SUNSHINE & REGENSTREIF LLP


                                                By:   _____
                                                      Richard J. Mooney

                                                      Attorneys for DENNIS MONTGOMERY,
                                                      the MONTGOMERY FAMILY TRUST,
                                                      and Counterdefendants OPSPRING LLC
                                                      and EDRA BLIXSETH

4

1

# CERTIFICATE OF SERVICE

2  Pursuant to NRCP 5(b), I certify that I am a partner in Liner Yankelevitz Sunshine &
   Regenstreif LLP, and that on August 4, 2008, I caused to be served the within
3  document described as **THE MONTGOMERY PARTIES' MOTION FOR
   APPOINTMENT OF SPECIAL MASTER AND/OR MODIFICATION OF THE**
4  **PROTECTIVE ORDER** on the interested parties in this action as stated below:

| | |
|---|---|
| 5  J. Stephen Peek, Esq.<br>Jerry M. Snyder, Esq.<br>6  Hale Lane Peek Dennison and Howard<br>5441 Kietzke Lane, Second Floor<br>7  Reno, Nevada  89511<br>(775) 327-3000; 786-6179 - FAX<br>8  speek@halelane.com; jsnyder@halelane.com<br>Attorneys for eTreppid and Warren Trepp | Carlotta P. Wells, Sr. Trial Counsel<br>U.S. Dept. of Justice; Fed. Programs Branch<br>Civil Division, Room 7150<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-4522; 616-8470 - FAX<br>E-mail:  Carlotta.wells@usdoj.gov<br>Attorneys for Department of Defense |
| 10  Reid H. Weingarten, Esq.<br>Brian M. Heberlig, Esq.<br>Robert A. Ayers, Esq.,<br>11  Steptoe & Johnson, LLP<br>1330 Connecticut Avenue, N.W.<br>12  Washington, D.C.  20036-1795<br>(202) 429-3000; (202) 429-3902 - FAX<br>13  rweingarten@steptoe.com;<br>bhaberlig@steptoe.com; rayers@steptoe.com<br>14  Attorneys for eTreppid and Warren Trepp | Raphael O. Gomez, Esq., Sr. Trial Counsel<br>U.S. Dept. of Justice, Fed. Programs Branch<br>Civil Division, Room 6144<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-1318; 616-8470 - FAX<br>E-mail:  raphael.gomez@usdoj.gov<br>Attorneys for Department of Defense |
| 15  Greg Addington, AUSA<br>U.S. DEPARTMENT OF JUSTICE<br>100 W. Liberty Street. Suite 600<br>16  Reno, Nevada  89501<br>E-mail:  Greg.addington@usdoj.gov<br>17  (775) 784-5181 - FAX<br>Attorneys for Department of Defense | Bridget Robb Peck, Esq.<br>Lewis and Roca LLP<br>50 West Liberty Street, Suite 410<br>Reno, Nevada  89501<br>Tel:  (775) 823-2900; Fax:  (775) 823-2929<br>bpeck@lrlaw.com<br>Attorneys for Atigeo LLC and Michael Sandoval |
| 19  Jacquelyn A. Beatty, Esq.<br>Karr Tuttle Campbell<br>1201 Third Avenue, Suite 2900<br>20  Seattle, Washington  98101<br>Fax: (206) 682-7100<br>21  E-mail:  jbeatty@karrtuttle.com<br>Attorneys for Michael Sandoval | Robert E. Rohde, Esq.<br>Gregory Schwartz, Esq.<br>Rohde & Van Kampen<br>1001 Fourth Avenue, Suite 4050<br>Seattle, Washington  98154<br>Tel:  (206) 386-7353Fax:  (206) 405-2825<br>E-mail:  brohde@rohdelaw.com,<br>gschwartz@rohdelaw.com<br>Attorneys for Atigeo LLC |

23

24  ☒      **[ELECTRONIC]**  By filing the document(s) electronically with the U.S.
        District Court and therefore the court's computer system has electronically
25      delivered a copy of the foregoing document(s) to the persons listed above at
        their respective email address.

26

27

28

Case No.  3:06-CV-00056-PMP-VPC

1

2          I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

3          Executed on August 4, at San Francisco, California.

4          Richard J. Mooney

      (Type or print name)                       (Signature)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2