1   Mark H. Gunderson, Esq. (SBN: 2134)
    Catherine A. Reichenberg, Esq. (SBN: 10362)
2   GUNDERSON LAW FIRM
    5345 Kietzke Lane, Suite 200
3   Reno, Nevada 89511
    Telephone:  (775) 829-1222
4   Facsimile:  (775) 829-1226

5   Randall J. Sunshine, Esq. (SBN: 137363)
    Ellyn S. Garofalo, Esq. (SBN: 158795)
6   LINER YANKELEVITZ
    SUNSHINE & REGENSTREIF LLP
7   1100 Glendon Avenue, 14th Floor
    Los Angeles, California 90024-3503
8   Telephone:  (310) 500-3500
    Facsimile:  (310) 500-3501
9   ADMITTED PRO HAC VICE

10  Attorneys for Plaintiffs
    DENNIS MONTGOMERY and the MONTGOMERY
11  FAMILY TRUST

12              **UNITED STATES DISTRICT COURT**

13              **DISTRICT OF NEVADA**

14

15  DENNIS MONTGOMERY and the          )   Case No. 3:06-CV-00056-PMP-VPC
    MONTGOMERY FAMILY TRUST,           )   BASE FILE
16                                     )
                Plaintiffs,            )   (Consolidated with Case No. 3:06-CV-
17                                     )   00145-PMP-VPC)
            vs.                        )
18                                     )   **THE MONTGOMERY PARTIES'**
    ETREPPID TECHNOLOGIES, LLC, WARREN )   **EMERGENCY MOTION TO**
19  TREPP, and the UNITED STATES       )   **PRECLUDE THE TESTIMONY OF**
    DEPARTMENT OF DEFENSE,             )   **JONATHAN KARCHMER, OR IN THE**
20                                     )   **ALTERNATIVE, CONTINUE THE**
                Defendants.            )   **HEARING ON THE OSC; SUPPORTING**
21                                     )   **DECLARATION OF ROBERT M.**
    _____     )   **SHORE**
22                                     )
    AND RELATED CASES.                 )
23  _____     )

24

25

26

27

28

_____
EMERGENCY MOTION TO PRECLUDE KARCHMER TESTIMONY OR CONTINUE OSC HEARING
0039641/001/ 402893v02

## NOTICE OF EMERGENCY MOTION AND MOTION

Plaintiffs and Counter-defendants Dennis Montgomery ("Montgomery") and the Montgomery Family Trust (jointly with Montgomery, the "Montgomery Parties") hereby move on an emergency basis for an order precluding eTreppid Technologies LLC and Warren Trepp (the "eTreppid Parties") from offering any testimony or evidence by or through their expert, Jonathan Karchmer ("Karchmer"), or in the alternative, to continue the Order to Show Cause hearing now scheduled to resume on August 18 to allow the Montgomery Parties a fair opportunity to prepare for Karchmer's testimony.

This Notice of Emergency Motion and Motion is based upon this Emergency Notice, the attached Memorandum of Points and Authorities, the Declaration of Robert Shore, the pertinent pleadings and orders of record, and all such further evidence and argument as may be considered in further support hereof.

Dated:  August 12, 2008               Respectfully submitted,

                                       LINER YANKELEVITZ
                                       SUNSHINE & REGENSTREIF LLP


By:   _____/s/_____
       Richard Mooney
       Counsel for DENNIS MONTGOMERY,
       the MONTGOMERY FAMILY TRUST,
       OPSPRING LLC and EDRA BLIXSETH

0039641/001/ 402893v02

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiffs and Counter-defendants Dennis Montgomery ("Montgomery") and the Montgomery Family Trust (jointly with Montgomery, the "Montgomery Parties") respectfully request that the Court either: (a) preclude eTreppid Technologies LLC and Warren Trepp (jointly, the "eTreppid Parties") from offering any testimony or evidence by or through their expert, Jonathan Karchmer ("Karchmer") at the Order to Show Cause hearing now scheduled to resume on August 18 (the "OSC"); or (b) continue the OSC hearing to allow the Montgomery Parties a fair opportunity to prepare for Karchmer's testimony. This Motion is necessary because the eTreppid Parties delayed the production of documents by LECG, LLC ("LECG")—which the Montgomery Parties understand to be Karchmer's employer—pertinent to testimony that eTreppid apparently intends to offer at the OSC. The Montgomery Parties simply do not have time to review the documents that LECG produced only today to be prepared for Karchmer's testimony.

## II.    PROCEDURAL BACKGROUND

The Montgomery Parties served a subpoena duces tecum on LECG seeking its production of documents pertinent to Karchmer's testimony at the OSC. Shore Decl., Exhs. 1, 2. Pursuant to the subpoena, documents were required to be produced by Friday, July 25. LECG waited until the day its documents were due before contacting Montgomery's counsel and asking for an extension of time to respond. Shore Decl., Exh. 3. The Montgomery Parties counsel declined to agree to the requested extension due to the upcoming OSC hearing. eTreppid and LECG then served objections to the subpoena on July 25, the day LECG's documents were due to be produced. Shore Decl., Exhs. 4, 5.

Montgomery's counsel immediately contacted eTreppid's counsel regarding its objections to the subpoena. In a conversation on July 28, counsel resolved the objections as to all but one of the categories of the subpoena, Category No. 13. As to this category eTreppid's counsel promised an answer by July 30. Shore Decl., ¶ 7. By letter, the Montgomery Parties' counsel asked eTreppid's counsel to confirm that documents would be produced by July 30 but counsel did not respond. Shore Decl., Exh. 6.

As of July 31, the eTreppid Parties had not advised the Montgomery Parties of their position regarding the documents in Category No. 13 of the subpoena. The Montgomery Parties' counsel promptly followed up with a phone call and a confirming e-mail. In addition to asking whether the eTreppid Parties now agreed that Category No. 13 was acceptable as written, counsel for the Montgomery Parties again asked for a firm date on which responsive documents would be produced. Shore Decl., ¶ 8 & Exh. 7. The eTreppid Parties' counsel ignored the latter request.

On August 1, the Montgomery Parties' counsel again pressed the eTreppid Parties' counsel via both telephone and e-mail for a firm production date. Shore Decl., ¶ 9 & Exh. 8. Counsel received no response.

On August 4, only two weeks before the continued OSC hearing was scheduled to resume, counsel for the Montgomery Parties again asked for a firm production date. Counsel pointed out that the prejudice to the Montgomery Parties' resulting from the delayed document production by LECG might necessitate a continuance of the OSC hearing. Shore Decl., Exh. 9. On August 5, the eTreppid Parties' counsel finally responded promising only to "get back to you by the end of the day on this." Shore Decl., Exh. 10.

The eTreppid Parties' counsel did not, however, get back to the Montgomery Parties' counsel by the end of the day on August 5th. Shore Decl., ¶ 11. Thus, counsel for the Montgomery Parties sent another e-mail to the eTreppid Parties' counsel on August 6 asking whether counsel would oppose a continuance of the OSC hearing date. Shore Decl., Exh. 11. Only then did counsel for the eTreppid Parties commit that LECG would produce responsive documents on August 11, a mere week before the OSC hearing. Shore Decl., Exh. 12.

The Montgomery Parties did not actually receive documents from LECG until August 12, a day after the promised delivery date. Shore Decl., ¶ 15 & Exh. 14.

## III.    EITHER KARCHMER'S TESTIMONY SHOULD BE PRECLUDED OR THE OSC SHOULD BE CONTINUED

At the June 24, 2008 session of the OSC hearing, counsel for the eTreppid Parties, Stephen Peek, made clear that the eTreppid Parties intend to rely on Karchmer's testimony to show that the

EMERGENCY MOTION TO PRECLUDE KARCHMER TESTIMONY OR CONTINUE OSC HEARING

0039641/001/ 402893v02

1   Montgomery Parties have not complied with the Court's discovery orders.  Mr. Peek argued as

2   follows:

3            MS. KLAR: Objection, your Honor, what relevance does this—

4            MR. PEEK: Your Honor, I'll get to the relevance because what--you're

5        going to see the relevance as we go through when Mr.Karchmer testifies as to

6        what's actually on the hard drive.

7   [Transcript of June 24, 2008 OSC Hearing at 80:5-10.]

8            MR. PEEK: [. . .]  And what we do know, and we'll connect up with Mr.

9        Karchmer, is that the files were formatted in 2003 on one of the drives, and on

10       the other one, 2004.  [. . .]

11  [Transcript of June 24, 2008 OSC Hearing at 125:7-10.]

12           THE COURT: Where do you want to go with this, Mr. Peek?

13           MR. PEEK: I want to show, your Honor, the bad faith of Mr.

14       Montgomery in a number of ways, and we'll connect it up with Mr. Karchmer.

15  [Transcript of June 24, 2008 OSC Hearing at 125:18-22.]

16           MR. PEEK: [. . . ]  And I'm going to connect that up with Mr. Karchmer,

17       so I want to be able to at least get his answers so that I can show that there are

18       more lies coming from Mr. Montgomery.

19  [Transcript of June 24, 2008 OSC Hearing at 126:11-13.]

20           MR. PEEK:  Well, then, perhaps the fault lies with counsel in the way

21       this was done because he must have given something to somebody to be able to

22       give to this Court and to me a PST file which we have found again to be false

23       and fraudulent, your Honor, and we'll have testimony to that with Mr. Karchmer.

24  [Transcript of June 24, 2008 OSC Hearing at 136:19-24.]

25           MR. PEEK: Ms. Klar may have some redirect of him, I don't know.  And

26       then with respect to Mr. Karchmer, we would have two hours on direct, I don't

27       know how much cross.

28  [Transcript of June 24, 2008 OSC Hearing at 234:7-10.]

1    Given, the eTreppid Parties' intention to rely on Karchmer's opinions at the OSC, the

2   Montgomery Parties should be afforded a full and fair opportunity to prepare for his testimony.  To

3   do this, the Montgomery Parties need to be able to conduct a thorough and meaningful review of

4   the documents that Karchmer has apparently relied upon in forming his opinions.  Among other

5   things, the Montgomery Parties need time for the eTreppid Parties should not be permitted to

6   frustrate the Montgomery Parties ability to prepare for Karchmer's testimony by delaying LECG's

7   production of documents.  Four business days is simply not enough time for the Montgomery

8   Parties to review the 482 pages of documents that LECG produced only today.

9   **IV.**    **CONCLUSION**

10    For all of the foregoing reasons, the Montgomery Parties respectfully request that the Court

11   either preclude any testimony or evidence offered by or through Karchmer, or in the alternative,

12   continue the August 18 hearing to allow them a fair opportunity to prepare for Karchmer's

13   testimony.

14   Dated:  August 12, 2008                  LINER YANKELEVITZ
                                              SUNSHINE & REGENSTREIF LLP

15

16                                           By: _____ /S/ _____

17                                                Richard Mooney
                                                 Attorneys for Plaintiffs
18                                               DENNIS MONTGOMERY and the
                                                 MONTGOMERY FAMILY TRUST

19

20

21

22

23

24

25

26

27

28

EMERGENCY MOTION TO PRECLUDE KARCHMER TESTIMONY OR CONTINUE OSC HEARING

0039641/001/ 402893v02

## DECLARATION OF ROBERT M. SHORE

I, Robert M. Shore, declare as follows:

1.    I am an attorney at law duly licensed to practice before this Court. I am a senior counsel of the law firm of Liner Yankelevitz Sunshine & Regenstreif LLP, counsel of record for Plaintiffs Dennis Montgomery and the Montgomery Family Trust in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.    Attached hereto as Exhibit 1 is a true and correct copy of a *Notice of Subpoena Duces Tecum* served by our office on July 11, 2008.

3.    Attached hereto as Exhibit 2 is a true and correct copy of the Proof of Service for the subpoena our office served on LECG, LLC ("LECG").

4.    Attached hereto as Exhibit 3 is a true and correct copy of an e-mail sent by Peter Bransten of our San Francisco office.

5.    Attached hereto as Exhibit 4 is a true and correct copy of a letter our office received on July 25, 2008.

6.    Attached hereto as Exhibit 5 is a true and correct copy of a facsimile our office received (according to the business records routinely maintained by our fax room) on or about 5:00 p.m. on July 25, 2008.

7.    I called eTreppid's counsel, Jerry Snyder, on July 28 to meet and confer about eTreppid's objections to the subpoena. During our phone conversation, Mr. Snyder and I resolved eTreppid's objections to all of the categories of documents requested in the subpoena except for Category No. 13. Mr. Snyder asked me to allow him until July 30 to consider his office's position with respect to Category No. 13, and I agreed to his request. Attached hereto as Exhibit 6 is a true and correct copy of a letter I sent via e-mail to Mr. Snyder on July 29, 2008, which accurately recounts the conversation we had held the previous day.

8.    By July 31, Mr. Snyder still had not advised me of eTreppid's position with respect to Category No. 13. On that day, I left a voicemail message for Mr. Snyder and sent him an e-mail to follow up. We spoke that day, and Mr. Snyder agreed that LECG would produce documents in

1  response to Category No. 13 as written.  During that conversation, I again asked Mr. Snyder to

2  advise us by noon the next day when LECG would produce its documents.  Attached hereto as

3  Exhibit 7 is a true and correct copy of an e-mail that I sent to Mr. Snyder on July 31, 2008.

4      9.      Mr. Snyder did not respond by noon, August 1, to my request for a firm production

5  date.  I followed up via telephone and e-mail, but he did not return either message.  Attached hereto

6  as Exhibit 8 is a true and correct copy of an e-mail that I sent to Mr. Snyder on August 1, 2008.

7      10.     Attached hereto as Exhibit 9 is a true and correct copy of an e-mail that I sent to Mr.

8  Snyder on August 4, 2008.

9      11.     Attached hereto as Exhibit 10 is a true and correct copy of an e-mail that I received

10  from Mr. Snyder on August 5, 2008.  That e-mail is the only communication that I received from

11  Mr. Snyder on August 5.

12      12.     Attached hereto as Exhibit 11 is a true and correct copy of an e-mail that I sent to

13  Mr. Snyder on August 6, 2008.

14      13.     Attached hereto as Exhibit 12 is a true and correct copy of an e-mail that I received

15  from Mr. Snyder on August 6, 2008.

16      14.     Within minutes after I received the e-mail that is attached as Exhibit 12, I sent Mr.

17  Snyder another e-mail, a true and correct copy of which is attached as Exhibit 13.

18      15.     Our office received nothing on August 11 from LECG in response to our subpoena.

19  Earlier today, we received via FedEx a CD-ROM, which bears a label indicated that it contains 482

20  pages in PDF format.  No one has ever communicated to our office that LECG's production is now

21  complete.

22      16.     A true and correct copy of the FedEx package's mailing label is attached hereto as

23  Exhibit 14.  The return address indicates that it was sent from LECG's office in the Century City

24  area of Los Angeles.  I am extremely familiar with the area.  I worked in Century City for three

25  years, it is approximately two miles from my home of eleven years, and I have passed Century City

26  on my way to work nearly every business day for the last five and a half years.  LECG's office is

27

28

EMERGENCY MOTION TO PRECLUDE KARCHMER TESTIMONY OR CONTINUE OSC HEARING

0039641/001/ 402893v02

1  approximately three miles from our Los Angeles office, which the subpoena designated as the

2  location for the production of documents.

3      17. True and correct copies of the pages of the transcript of the June 24, 2008 Order to

4  Show Cause hearing that are cited in the above-captioned motion are attached hereto as Exhibit 15.

5      I declare under penalty of perjury under the laws of the United States of America that the

6  foregoing is true and correct.  Executed on August 12, 2008.

7

8

9                                      Robert M. Shore

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EMERGENCY MOTION TO PRECLUDE KARCHMER TESTIMONY OR CONTINUE OSC HEARING

0039641/001/ 402893v02

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the Law Offices Of Liner Yankelevitz Sunshine & Regenstreif LLP, and that on August 12, 2008, I caused to be served the within document described as **THE MONTGOMERY PARTIES' EMERGENCY MOTION TO PRECLUDE THE TESTIMONY OF JONATHAN KARCHMER, OR IN THE ALTERNATIVE, CONTINUE THE HEARING ON THE OSC; SUPPORTING DECLARATION OF ROBERT M. SHORE** on the interested parties in this action as stated below:

| | |
|---|---|
| J. Stephen Peek, Esq.<br>Jerry M. Snyder, Esq.<br>Holland & Hart LLP<br>5441 Kietzke Lane, Second Floor<br>Reno, Nevada 89511<br>(775) 327-3000; 786-6179 - FAX<br>speek@hollandhart.com;<br>jsnyder@hollandhart.com<br>Attorneys for eTreppid Technologies LLC and Warren Trepp | Carlotta P. Wells, Sr. Trial Counsel<br>U.S. Dept. of Justice<br>Fed. Programs Branch<br>Civil Division, Room 7150<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-4522; 616-8470 - FAX<br>E-mail: Carlotta.wells@usdoj.gov<br>Attorneys for Department of Defense |
| Reid H. Weingarten, Esq.<br>Brian M. Heberlig, Esq.<br>Robert A. Ayers, Esq,<br>Steptoe & Johnson, LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-1795<br>(202) 429-3000; (202) 429-3902 - FAX<br>rweingarten@steptoe.com;<br>bhaberlig@steptoe.com; rayers@steptoe.com<br>Attorneys for eTreppid and Warren Trepp | Raphael O. Gomez, Esq., Sr. Trial Counsel<br>U.S. Dept. of Justice, Fed. Programs Branch<br>Civil Division, Room 6144<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-1318; 616-8470 - FAX<br>E-mail: raphael.gomez@usdoj.gov<br>Attorneys for Department of Defense |
| Greg Addington, AUSA<br>U.S. DEPARTMENT OF JUSTICE<br>100 W. Liberty Street. Suite 600<br>Reno, Nevada 89501<br>E-mail: Greg.addington@usdoj.gov<br>(775) 784-5181 - FAX<br>Attorneys for Department of Defense | Bridget Robb Peck, Esq.<br>Lewis and Roca LLP<br>50 West Liberty Street, Suite 410<br>Reno, Nevada 89501<br>Tel: (775) 823-2900<br>Fax: (775) 823-2929<br>bpeck@lrlaw.com<br>Attorneys for Atigeo LLC and Michael Sandoval |
| Heather Ristau, Esq. Roland Tellis, Esq.<br>Marshall B. Grossman, Esq. Bingham McCutchen LLP<br>The Water Garden 1620 26th Street, 4th Floor, North Tower Santa Monica, CA 90404<br>Fax No. 310-907-2000<br>heather.ristau@bingham.com;<br>roland.tellis@bingham.com;<br>marshall.grossman@bingham.com<br>Attorneys for Michael Sandoval | Robert E. Rohde, Esq.<br>Rohde & Van Kampen<br>1001 Fourth Avenue, Suite 4050<br>Seattle, Washington 98154<br>Fax: (206) 405-2825<br>E-mail: brohde@rohdelaw.com<br>Attorneys for Atigeo LLC |

EMERGENCY MOTION TO PRECLUDE KARCHMER TESTIMONY OR CONTINUE OSC HEARING

0039641/001/ 402893v02

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

☒ **[ELECTRONIC]** By filing the document(s) electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document(s) to the persons listed above at their respective email address.

    I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

    Executed on August 12, 2008, at Los Angeles, California.

Richard Mooney
(Type or print name)

(Signature)

10

0039641/001/ 402893v02

**EXHIBIT 1**

1   Mark H. Gunderson, Esq. (SBN: 2134)
    Catherine A. Reichenberg, Esq. (SBN: 10362)
2   GUNDERSON LAW FIRM
    5345 Kietzke Lane, Suite 200
3   Reno, Nevada 89511
    Telephone:  (775) 829-1222
4   Facsimile:  (775) 829-1226

5   Attorneys for Plaintiffs
    DENNIS MONTGOMERY and MONTGOMERY FAMILY
6   TRUST

7   Deborah A. Klar, Esq. (SBN: CA 124750)
    LINER YANKELEVITZ
8   SUNSHINE & REGENSTREIF LLP
    1100 Glendon Avenue, 14th Floor
9   Los Angeles, California 90024-3503
    Telephone:  (310) 500-3500
10  Facsimile:  (310) 500-3501
    ADMITTED PRO HAC VICE

11

12  Attorneys for Plaintiffs
    DENNIS MONTGOMERY, and the MONTGOMERY
    FAMILY TRUST
13

14              UNITED STATES DISTRICT COURT

15                   DISTRICT OF NEVADA

16

17  DENNIS MONTGOMERY and the          )  Case No. 3:06-CV-00056-PMP-VPC
    MONTGOMERY FAMILY TRUST,           )  BASE FILE
18                                     )
              Plaintiffs,              )  (Consolidated with Case No. 3:06-CV-
19                                     )  00145-PMP-VPC)
          vs.                          )
20                                     )  NOTICE OF SUBPOENAS DUCES
    ETREPPID TECHNOLOGIES, LLC, WARREN )  TECUM
21  TREPP, and the UNITED STATES       )
    DEPARTMENT OF DEFENSE,             )
22                                     )
              Defendants.              )
23                                     )
24  _____ )
                                       )
    AND RELATED CASES.                 )
25                                     )

26

27

28

                              1

1       PLEASE TAKE NOTICE that DENNIS MONTGOMERY and the MONTGOMERY

2  FAMILY TRUST have caused to be served a Subpoena Duces Tecum for the production of

3  documents upon LECG, LLC, copies of which is attached hereto as Exhibit A.

4       The Subpoena was issued and served for the purpose of obtaining documents only.  There

5  will be no depositions taken at this time.

6       DATED this ⌐⌐th day of July 2008.

7

8

9              By: _____

10                 Deborah A. Klar, Esq.
LINER YANKELEVITZ SUNSHINE &

11                 REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor

12                 Los Angeles, CA 90024
Telephone: (310) 500-3500

13                 Facsimile: (310) 500-3501

14                 Mark H. Gunderson, Esq.
Catherine A. Reichenberg, Esq.

15                 GUNDERSON LAW FIRM
5345 Kietzke Lane, Suite 200

16                 Reno, Nevada 89511
Telephone: (775) 829-1222

17                 Facsimile: (775) 829-1226

18                 *Attorneys for Plaintiffs*
DENNIS MONTGOMERY and

19                 MONTGOMERY FAMILY TRUST

20

21

22

23

24

25

26

27

28

2

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL _____ DISTRICT OF CALIFORNIA

DENNIS MONTGOMERY and the MONTGOMERY
FAMILY TRUST

**SUBPOENA IN A CIVIL CASE**

V.

eTREPPID TECHNOLOGIES, LLC, WARREN
TREPP and the UNITED STATES DEPARTMENT
OF DEFENSE

Case Number:[1]   3:06-CV-00056-PMP-VPC

TO:  LECG, LLC
     2049 Century Park East, Suite 2300
     Los Angeles , California , 90067

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
   the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):
See Attachment "B" attached hereto

| PLACE  Liner Yankelevitz Sunshine & Regenstreif LLP 1100 Glendon Avenue, 14th Floor, Loss Angeles, CA  90024 Tel:  (310) 500-3500 / Fax:  (310) 500-3501 | DATE AND TIME July 25, 2008 5:00 p.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) /Deborah A. Klar, Attorney | DATE July 11, 2008 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Liner Yankelevitz Sunshine & Regenstreif LLP
1100 Glendon Avenue, 14th Floor, Loss Angeles, CA  90024 / Tel:  (310) 500-3500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# ATTACHMENT A

1  PETER D. KEISLER
   Assistant Attorney General
2  STEVEN W. MYHRE
   Acting United States Attorney
3  District of Nevada
   GREG ADDINGTON
4  Assistant United States Attorney
   Nevada Bar 6875
5  100 West Liberty, Suite 600
   Reno, Nevada 89501
6  VINCENT M. GARVEY
   Deputy Branch Director
7  CARLOTTA P. WELLS
   Senior Trial Counsel
8  Federal Programs Branch
   Civil Division - Room 7150
9  U.S. Department of Justice
   20 Massachusetts Ave., NW/P.O. Box 883
10 Washington, D.C. 20044
   Telephone: (202) 514-4522
11 Facsimile: (202) 616-8470

12              UNITED STATES DISTRICT COURT
                   DISTRICT OF NEVADA
13

14 DENNIS MONTGOMERY, et al.,

15              Plaintiffs,                    3:06-CV-00056-PMP-VPC
                                              BASE FILE
16        v.
                                              3:06-CV-00145-PMP-VPC
17 ETREPPID TECHNOLOGIES, INC.,
   et al.,
18
                Defendants.
19

20              UNITED STATES  PROTECTIVE ORDER

21       Pursuant to Federal Rule of Civil Procedure 26, in order to protect the classification,

22 confidentiality and the rights to information and documents developed and disclosed in

23 connection with this litigation, and to facilitate discovery by and among the parties to this

24 action and from third parties, the United States hereby proposes entry of the following

25 protective order.

26

27

28

IT IS HEREBY ORDERED as follows:

1. Certain information that may or may not be relevant to the claims and/or defenses of eTreppid Technologies, LLC and its current or former officers or employees (hereinafter collectively referred to as "eTreppid"), Warren Trepp, Dennis Montgomery, the Montgomery Family Trust and/or Dennis Montgomery and Brenda Montgomery as trustees of the Montgomery Family Trust (hereinafter collectively referred to as "the Parties"), as delineated in paragraphs 2 and 3 below, is subject to the state secrets privilege, the disclosure of which reasonably could be expected to cause serious, and in some cases exceptionally grave, damage to the national security of the United States. Such information shall not be subject to discovery or disclosure by any of the Parties during all proceedings in these actions, and shall be excluded from evidence at trial.

2. The Parties shall not serve or take any discovery relating to or questioning the existence or non-existence of any actual or proposed relationship, agreement, connection, contract, transaction, communication or meeting of any kind between any entity in the intelligence community as defined by the National Security Act of 1947, 50 U.S.C. § 401(a)(4), which includes intelligence elements of the military services, or any current or former official, employee or representative thereof (hereinafter collectively referred to as "intelligence agency") and the Parties.

3. The Parties shall not serve or take any discovery relating to or questioning any actual or proposed intelligence agency interest in, application of or use of any technology, software or source code owned or claimed by the Parties.

4. This Order does not preclude the Parties from serving or taking any discovery from other Parties or third parties relating to, or questioning, the following:

a. The existence and nature of the "Big Safari" contract (hereinafter referred to as "the Big Safari Contract") between eTreppid and the Unites States Air Force, including but not limited to the fact that the Big Safari Contract required eTreppid to perform data analysis and the fact that the data analysis eTreppid performed under the Big Safari Contract involved image identification technology;

b. The fact that the Big Safari Contract required employees and/or officers of eTreppid to sign secrecy agreements with the Department of Defense;

c. The computer source code, software, programs, or technical specifications relating to any technology owned or claimed by any of the Parties ("the Technology");

d. Any contract, relationship, agreement, connection, transaction, communication or meeting of any kind relating to the Technology, unless covered by paragraphs 2 or 3 above;

e. Any actual or potential commercial or government applications of the Technology, unless covered by paragraphs 2 or 3 above;

f. Facts relating to the issue of ownership by the Parties of any right or interest in the Technology, unless covered by paragraphs 2 or 3 above;

g. The revenue, income, expenses, profits and losses of the Parties, unless disclosure of such information would be covered by paragraphs 2 or 3 above; and

h. Any consideration received by any of the Parties relating to the Technology, unless covered by paragraphs 2 or 3 above.

5. The Parties shall not discuss, mention, question or introduce as evidence, either at trial, in any pleading or motion, or in any case-related correspondence, any actual or proposed relationship, agreement, connection, contract, transaction, communication or meeting of any kind between any intelligence agency and any of the Parties.

-3-

6.      The Parties shall not discuss, mention, question or introduce as evidence, either at trial, in any pleading or motion, or in any case-related correspondence, any actual or proposed intelligence agency interest in, application of or use of the Technology.

7.      No question and no document request in discovery or at trial shall require a response that would include any information covered by paragraphs 2, 3, 5 or 6 above; but if the responding party believes that a full and complete response could disclose information within the scope of the state secrets privilege, the responding party shall provide timely notice of such belief and the full and complete response to the United States prior to responding, and shall respond only with information that the United States has determined is not subject to the state secrets privilege.

8.      The military and state secrets privilege, the claim that any discovery is covered by paragraphs 2 or 3 above, and the claim that any evidence is covered by paragraphs 2 or 3 above, can only be invoked by the United States.  These claims cannot be asserted by a private individual or entity.

9.      All Parties shall serve the attorneys for the United States with (a) a copy of all notices of depositions, (b) a copy of all requests for discovery and responses thereto, and (c) a copy of all pleadings and motions filed together with supporting memoranda (hereinafter collectively referred to as the "documents"), unless such documents request or relate to information covered by paragraphs 2 or 3 above.  If the documents request or relate to information covered by paragraphs 2 or 3 above, the Parties shall submit the documents to the United States for privilege review prior to service or filing.  All documents filed or sought to be used as evidence by the Parties in this case shall be unclassified.  This requirement applies to all motions, pleadings, briefs, and any other document, including exhibits, correspondence, or anything appended thereto or filed therewith.  If the United States determines that a document or discovery response includes

-4-

information covered by paragraphs 2 or 3 above, the United States shall redact the information and provide the parties and Court with a redacted copy of the document or discovery response.

    10.    The Clerk of the Court shall send attorneys for the United States a copy of all future decisions and notices for hearings in these cases.

    11.    As the United States deems necessary, attorneys for the United States may attend all depositions and proceedings in this case and may make objections as necessary to protect national security information. If attorneys for the United States assert an objection based on the need to protect national security information with respect to either witness testimony or documents introduced or otherwise relied upon during a deposition, then the witness shall be precluded from testifying with respect to the line of inquiry that engendered the objection, and the document shall be withdrawn from the record pending an order of the Court with respect to the scope of the government's national security objection.

    12.    To protect the United States' interests, attorneys for the United States may participate in any proceeding in these cases, including but not limited to motions hearings, all pre-trial proceedings, or trial by making and opposing motions, submitting briefs, and participating in arguments.

    13.    The United States shall be excepted from all party discovery during the pendency of its motions to dismiss the claims against the Department of Defense.

It is so ordered.

Dated:    August 29, 2007

                                              PHILIP M. PRO
                                            United States District Judge

## ATTACHMENT B

### DEFINITIONS

The following definitions shall apply to these requests for production of documents and things:

1.     "ETREPPID" shall mean and include eTreppid Technologies, LLC, Intrepid Technologies, LLC, or any other company by the same or substantially similar name, its managers, officers, directors, employees, agents, attorneys, and any other person or entity acting, or purporting to act, on its behalf.

2.     "MONTGOMERY" shall mean and include the individual known as Dennis Montgomery, his agents, attorneys, and any other person or entity acting, or purporting to act, on his behalf.

3.     "HEARING" shall mean and include the Continued Order to Show Cause Hearing in the United States District Court for the District of Nevada, Case No. 3:06-cv-056, occurring on August 18, 2008 in Reno, Nevada.

4.     "JONATHAN KARCHMER" shall mean Jonathan Karchmer and his agents, attorneys, representatives and anyone else acting, or purporting to act, at his behest or on his behalf.

5.     "KARCHMER DECLARATION ONE" refers to the Declaration of Jonathan Karchmer in Support of Defendants Etreppid Technologies, L.L.C. and Warren Trepp's Notice of Objection to the Public Filing of a Fabricated Document by Dennis Montgomery dated June 2007.

6.     "KARCHMER DECLARATION TWO" refers to the Declaration of Jonathan Karchmer in Support of Defendants Etreppid Technologies, L.L.C. and Warren Trepp's Motion for Sanctions dated January 2008.

7.    "KARCHMER DECLARATION THREE" refers to the Declaration of Jonathan Karchmer in Support of Defendants Etreppid Technologies, L.L.C. and Warren Trepp's Motion to Compel Production of Source Code dated March 2008.

8.    "EMAILS" shall mean and include the ETREPPID emails analyzed by Jonathan Karchmer and referred to in KARCHMER DECLARATION ONE, KARCHMER DECLARATION TWO, KARCHMER DECLARATION THREE and by counsel for ETREPPID during the Continued Order to Show Cause Hearing transcript dated June 24, 2008 in United States District Court for the District of Nevada, Case No. 3:06-cv-056, at 136:5-2..

9.    "HARD DRIVES" shall mean the hard drives which were produced by MONTGOMERY to ETREPPID in response to discovery requests propounded by ETREPPID to MONTGOMERY and shall include, but are not limited to, those HARD DRIVES which are referred to by counsel for ETREPPID in the Continued Order to Show Cause Hearing transcript dated June 24, 2008 in United States District Court for the District of Nevada, Case No. 3:06-cv-056, at 80:7-10 and 125:7-126:13.

10.    The term "YOU" or "YOUR" shall mean LECG, LLC, including its agents, attorneys, employees, or anyone else acting, or purporting to act, at its behest or on its behalf.

11.    The term "COMMUNICATION" shall mean any oral or written exchange or transmission of words, numbers or ideas to another person or persons. Oral communications shall include, without limitation, all discussions, conversations, conferences, meetings, speeches, statements, and questions. Written communication shall include, without limitation, all printed, typed, handwritten, or other readable documents.

12.    The term "DOCUMENTS" by way of illustration and not by way of limitation, shall mean all material defined in Federal Rule of Civil Procedure 34, and each and every writing

2

or record of any kind (including the original, all identical copies, and all non-conforming or nonidentical drafts and copies thereof, whether different from the original by reason of any annotation made on such copies or otherwise, and all translations of such original or copies into any other language), including without limitation, correspondence, memoranda, stenographic or handwritten notes, diaries, contracts, statistics, letters, telegrams, minutes, agendas, agreements, reports, records, studies, instructions, checks, statements, receipts, returns, summaries, pamphlets, newspapers, magazines, books, periodicals, inter-office correspondence, working papers, work assignments, offers, notations on any sort of conversation, meeting, or other communications, bulletins, printed matters, computer printouts, teletype, phone bills, invoices, purchase orders, worksheets and all drafts, alterations, modifications, changes, and amendments of any of the foregoing, graphic or recorded records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, video tape recordings, motion pictures, and drawings), any electronic, mechanical, or electrical records or representations of any kind (including, without limitation, electronic mail, computer data, tapes, cassettes, disks, data sheet or data processing material, and recordings, whether or not even printed out or displayed) in YOUR possession, custody or control or to which YOU have or have had access.

13.     The term "DOCUMENTS" shall further include, without limitation, all preliminary, intermediate, and final drafts or versions of any DOCUMENT, as well as any notes, comments, and marginalia appearing on any DOCUMENT.

14.     Copies of DOCUMENTS may be produced in lieu of originals, provided that the originals remain available for inspection during the pendency of the litigation.

3

15.   Electronic documents responsive to the requests set forth in this Exhibit B should be produced in either (a) Group IV single-page TIFF files with a text and metadata load file for importation into Concordance document review software; or (b) a format mutually agreed upon by YOU and the party issuing this subpoena.

## DOCUMENT REQUESTS

Request No. 1:  ALL DOCUMENTS concerning, evidencing, regarding or relating to the testimony JONATHAN KARCHMER is expected to give at the HEARING, including but not limited to all reports, notes and materials relied upon with respect thereto, including but not limited to those regarding the analysis of HARD DRIVES and EMAILS.

Request No. 2:  Any resume, curriculum vitae or other DOCUMENT describing the work history, publications, education or other qualifications of JONATHAN KARCHMER.

Request No. 3:  All reports or other DOCUMENTS (including all drafts thereof) authored by JONATHAN KARCHMER which refer or relate in any way to his or YOUR investigation of any issues or any opinions, conclusions or other statements with respect to any issue related to the subject matter of the HEARING, including but not limited to those regarding the analysis of HARD DRIVES and EMAILS, KARCHMER DECLARATION ONE, KARCHMER DECLARATION TWO and KARCHMER DECLARATION THREE.

Request No. 4:  All DOCUMENTS contained in or referred to in the JONATHAN KARCHMER's files maintained by YOU in connection with all matters that are the subject of YOUR consultation for this lawsuit.

4

Request No. 5:  All DOCUMENTS which reflect any communication between JONATHAN KARCHMER and any party to this action, any party's counsel, and/or their agents or representatives.

Request No. 6:  All DOCUMENTS, writing or materials upon which JONATHAN KARCHMER has consulted or relied in performing his investigation or in forming or rendering his opinions or conclusions with respect to any issue about which he is going to testify at the HEARING, including but not limited to those regarding the analysis of HARD DRIVES.

Request No. 7:  All DOCUMENTS that reflect the amount of time JONATHAN KARCHMER has spent in connection with any issue about which he is going to testify at the HEARING, including but not limited to, time sheets, diaries, calendars, billing statements and/or bills.

Request No. 8:  All prior deposition, trial or arbitration transcripts that JONATHAN KARCHMER has given in cases concerning the same or similar subject matter as the testimony about which he is going to testify at the HEARING, including but not limited to the forensic analysis of email and hard drives.

Request No. 9:  ALL DOCUMENTS concerning, evidencing, regarding or relating to ETREPPID's email system and JONATHAN KARCHMER'S analysis of employee email files.

Request No. 13:  ALL DOCUMENTS concerning, evidencing, regarding or relating to the factual basis for why JONATHAN KARCHMER believes that the PST files known as the "Glogauer email" have been altered, modified and/or tampered with.

5

Request No. 14:  ALL DOCUMENTS concerning, evidencing, regarding or relating to any tests, studies, analysis and/or evaluations of any kind that YOU or JONATHON KARCHMER have undertaken regarding the HARD DRIVES and EMAILS.

Request No. 15:  All DOCUMENTS YOU collected or received from ETREPPID in connection with performing the analysis and rendering the opinions set forth in KARCHMER DECLARATION ONE.

Request No. 16:  All DOCUMENTS evidencing, reflecting, referring or relating to the analysis and opinions set forth in KARCHMER DECLARATION ONE.

Request No. 17:  All DOCUMENTS evidencing, reflecting, referring or relating to COMMUNICATIONS between and/or among YOU and any persons or entities, including, but not limited to, ETREPPID and its counsel, relating to the analysis and opinions set forth in KARCHMER DECLARATION ONE.

Request No. 18:  All DOCUMENTS evidencing, reflecting, referring or relating to YOUR internal COMMUNICATIONS relating to the analysis and opinions set forth in KARCHMER DECLARATION ONE.

Request No. 19:  All DOCUMENTS evidencing, reflecting, referring or relating to drafts of KARCHMER DECLARATION ONE.

Request No. 20:  All DOCUMENTS YOU collected or received from ETREPPID or anyone acting on behalf of ETREPPID in connection with the performing the analysis and rendering the opinions set forth in KARCHMER DECLARATION TWO.

Request No. 21:  All DOCUMENTS evidencing, reflecting, referring or relating to the analysis and opinions set forth in KARCHMER DECLARATION TWO.

Request No. 22:  All DOCUMENTS evidencing, reflecting, referring or relating to COMMUNICATIONS between and/or among YOU and any persons or entities, including, but not limited to, ETREPPID and its counsel, relating to the analysis and opinions set forth in KARCHMER DECLARATION TWO.

Request No. 23:  All DOCUMENTS evidencing, reflecting, referring or relating to YOUR internal COMMUNICATIONS relating to the analysis and opinions set forth in KARCHMER DECLARATION TWO.

Request No. 24:  All DOCUMENTS evidencing, reflecting, referring or relating to drafts of KARCHMER DECLARATION TWO.

Request No. 25:  All DOCUMENTS YOU collected or received from ETREPPID or anyone acting on behalf of ETREPPID in connection with the performing the analysis and rendering the opinions set forth in KARCHMER DECLARATION THREE.

Request No. 26:  All DOCUMENTS evidencing, reflecting, referring or relating to the analysis and opinions set forth in KARCHMER DECLARATION THREE.

Request No. 27:  All DOCUMENTS evidencing, reflecting, referring or relating to COMMUNICATIONS between and/or among YOU and any persons or entities, including, but not limited to, ETREPPID and its counsel, relating to the analysis and opinions set forth in KARCHMER DECLARATION THREE.

7

Request No. 28:  All DOCUMENTS evidencing, reflecting, referring or relating to YOUR internal COMMUNICATIONS relating to the analysis and opinions set forth in KARCHMER DECLARATION THREE.

Request No. 29:  All DOCUMENTS evidencing, reflecting, referring or relating to drafts of KARCHMER DECLARATION THREE.

0039641/001/ 399468v03

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1100 Glendon Avenue, 14th Floor, Los Angeles, California 90024-3503. On July 11, 2008, I served the within document(s) described as:

NOTICE OF SUBPOENAS DUCES TECUM

on the interested parties in this action as stated on the attached mailing list.

[X]  (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

[ ]  (BY E-MAIL) By transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth on the attached mailing list.

I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 11, 2008, at Los Angeles, California.

Dragana Swinson
(Type or print name)

_Dragana Swinson_
(Signature)

3

0039641/0017 399736v01

## CERTIFICATE OF SERVICE

| | |
|---|---|
| J. Stephen Peek, Esq.<br>Jerry M. Snyder, Esq.<br>Hale Lane Peek Dennison and Howard<br>5441 Kietzke Lane, Second Floor<br>Reno, Nevada 89511<br>(775) 327-3000; 786-6179 - FAX<br>speek@halelane.com; jsnyder@halelane.com<br>Attorneys for Etreppid and Warren Trepp | Carlotta P. Wells, Sr. Trial Counsel<br>U.S. Dept. of Justice<br>Fed. Programs Branch<br>Civil Division, Room 7150<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-4522; 616-8470 - FAX<br>E-mail: Carlotta.wells@usdoj.gov<br>Attorneys for Department of Defense |
| Reid H. Weingarten, Esq.<br>Brian M. Heberlig, Esq.<br>Robert A. Ayers, Esq.<br>Steptoe & Johnson, LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-1795<br>(202) 429-3000; (202) 429-3902 - FAX<br>rweingarten@steptoe.com;<br>bhaberlig@steptoe.com; rayers@steptoe.com<br>Attorneys for eTreppid and Warren Trepp | Raphael O. Gomez, Esq., Sr. Trial Counsel<br>U.S. Dept. of Justice, Fed. Programs Branch<br>Civil Division, Room 6144<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-1318; 616-8470 - FAX<br>E-mail: raphael.gomez@usdoj.gov<br>Attorneys for Department of Defense |
| Greg Addington, AUSA<br>U.S. DEPARTMENT OF JUSTICE<br>100 W. Liberty Street, Suite 600<br>Reno, Nevada 89501<br>E-mail: Greg.addington@usdoj.gov<br>(775) 784-5181 - FAX<br>Attorneys for Department of Defense | Bridget Robb Peck, Esq.<br>Lewis and Roca LLP<br>50 West Liberty Street, Suite 410<br>Reno, Nevada 89501<br>Tel: (775) 823-2900; Fax: (775) 823-2929<br>bpeck@lrlaw.com<br>Attorneys for Atigeo LLC & Michael Sandovdal |
| Jacquelyn A. Beatty, Esq.<br>Karr Tuttle Campbell<br>1201 Third Avenue, Suite 2900<br>Seattle, Washington 98101<br>Fax: (206) 682-7100<br>E-mail: jbeatty@karrtuttle.com<br>Attorneys for Michael Sandoval | Robert E. Rohde, Esq.<br>Rohde & Van Kampen<br>1001 Fourth Avenue, Suite 4050<br>Seattle, Washington 98154<br>Fax: (206) 405-2825<br>E-mail: brohde@rohdelaw.com<br>Attorneys for Atigeo LLC |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

003964 1/00 1/ 399736v01

**EXHIBIT 2**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
### CENTRAL        DISTRICT OF CALIFORNIA

DENNIS MONTGOMERY and the MONTGOMERY
FAMILY TRUST

v.

eTREPPID TECHNOLOGIES, LLC, WARREN
TREPP and the UNITED STATES DEPARTMENT
OF DEFENSE

## SUBPOENA IN A CIVIL CASE

Case Number: 3:06-CV-00056-PMP-VPC

TO:  LECG, LLC
     2049 Century Park East, Suite 2300
     Los Angeles, California  90067

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment "B" attached hereto

| PLACE | DATE AND TIME |
|---|---|
| Liner Yankelevitz Sunshine & Regenstreif LLP<br>1100 Glendon Avenue, 14th Floor, Loss Angeles, CA  90024<br>Tel:  (310) 500-3500 / Fax:  (310) 500-3501 | July 25, 2008<br>5:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /Deborah A. Klar, Attorney | July 11, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Liner Yankelevitz Sunshine & Regenstreif LLP
1100 Glendon Avenue, 14th Floor, Loss Angeles, CA  90024 / Tel:  (310) 500-3500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) and (e) on next page)

1 If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/14/2008 | 2049 Century Park East, #2300<br>Los Angeles, California 90067 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Linda Tortill, Office Manager | Federal Rule 45 of the Civil Procedure |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Ricardo Paz, 3267 Los Angeles | California Registered Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on       7/21/2008
_____
DATE

SIGNATURE OF SERVER

P.O. BOX 861057, LOS ANGELES, CA 90086
ADDRESS OF SERVER

(800) 994-5454                    [LINYA8504.aml]

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
   (2) Command to Produce Materials or Permit Inspection.
      (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
      (3) Quashing or Modifying a Subpoena.
         (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
         (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
         (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
   (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
      (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
      (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) Claiming Privilege or Protection.
      (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
   The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT 3**

## Robert M. Shore

| | |
|---|---|
| **From:** | Peter Bransten |
| **Sent:** | Friday, July 25, 2008 11:19 AM |
| **To:** | 'fschmid@lecg.com' |
| **Cc:** | Randall J. Sunshine; Richard J. Mooney; Ellyn S. Garofalo; Deborah A. Klar |
| **Subject:** | Subpoena to LECG |

Dear Ms. Schmid

This firm represents Dennis Montgomery and the Montgomery Family Trust in the action known as *Montgomery, et al., vs. eTreppid Technologies LLC, et al.*, USDC Nevada, Case No. 3:06-CV-00056-PMP-VPC.

As you are aware, the Montgomery parties served a subpoena on LECG seeking documents pertinent to testimony that Jonathan Karchmer intends to provide at an Order to Show Cause hearing in the above-referenced action on August 18th. Responsive documents are due to be produced by LECG today.

It is my understanding that yesterday you left a voice mail for one of our attorneys, Deborah Klar, seeking an extension of time for LECG to produce documents in response to the subpoena.

As I indicated in my voicemail to you yesterday, in order to be prepared for Mr. Karchmer's testimony on August 18th, the Montgomery parties cannot agree to grant an extension of time for production of the requested documents. Given the circumstances, we expect the subpoenaed documents to be produced at our Los Angeles office (1100 Glendon Ave., 14th Floor, Los Angeles CA 90024) today. Please confirm that LECG will comply with the subpoena.

Thank you.

Peter M. Bransten

Peter Bransten, Esq.
**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**
199 Fremont Street | 20th Floor
San Francisco, CA 94105.2255
main: 415.489.7700
dir: 415.489.7722
fax: 415.489.7701
pbransten@linerlaw.com
**www.linerlaw.com**

Notice of Privilege/Confidentiality Privileged and Confidential information may be contained in this message. If you are not the addressee indicated in this message (or Responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure: To ensure compliance with Treasury Department Regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state

or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

# EXHIBIT 4



**Jerry M. Snyder**
Phone (775) 327-3017
Fax (775) 786-6179
jsnyder@hollandhart.com

July 25, 2008

Deborah A. Klar, Esq.
Liner Yankelevitz Sunshine & Regenstreif LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503

> Re:   eTreppid adv. Montgomery; LECG Subpoena
>       Our File No.: 20801-002

Dear Ms. Klar:

On July 11, 2008, Dennis Montgomery and the Montgomery Parties (collectively "Montgomery") served a Notice of Subpoenas Duces Tecum (the "Subpoena") on LECG, LLC ("LECG"). Please be advised that eTreppid Technologies, LLC ("eTreppid") objects to the Subpoena in its entirety. As you know, neither Montgomery nor eTreppid has disclosed any expert witnesses yet in this matter. Montgomery has served LECG with the Subpoena, presumably because eTreppid intends to call Jonathan Karchmer, an LECG employee, as a witness in the Order to Show Cause ("OSC") hearing scheduled to continue on August 18, 2008. Although eTreppid intends to call Mr. Karchmer to testify at the OSC hearing, this does not provide an adequate basis for Montgomery's Subpoena. Indeed, Montgomery's Subpoena is untimely, overly burdensome, and should be withdrawn immediately. The deadline for expert disclosures has not yet come, and this subpoena appears to be nothing more than a naked and improper attempt to take discovery from eTreppid's experts prematurely.

eTreppid is willing to discuss limiting the scope of the subpoena so that only documents relating to Karchmer's anticipated testimony at the OSC hearing are subject to the subpoena. However, if Montgomery fails to either withdraw the Subpoena or significantly limit the scope of the subpoena, eTreppid will have no choice but to file a motion for protective order. Subject to and without waiving these general objections, eTreppid sets forth the following objections to each specific category of documents requested.

Request No. 1.

eTreppid objects to Request No. 1 to the extent that it requests documents protected under the attorney-client privilege and work product doctrine. eTreppid further objects to Request No. 1 because it is vague, ambiguous, overbroad, and

**Holland & Hart LLP Attorneys at Law**

Phone (775) 327-3000  Fax (775) 786-6179  www.hollandhart.com

5441 Kietzke Lane  Second Floor  Reno, Nevada 89511

Aspen Billings Boise Boulder Carson City Cheyenne Colorado Springs Denver Denver Tech Center Jackson Hole Las Vegas Reno Salt Lake City Santa Fe Washington, D.C
::ODMA\PCDOCS\HLRNODOCS\769045\1



July 25, 2008
Page 2

violative of the requirement that requests for documents be stated with particularity in that it seeks documents "regarding" the analysis of hard drives and emails.

Request No. 2.

eTreppid objects to Request No. 2 to the extent that Jonathan Karchmer has not been disclosed as an expert witness and that the request is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 3.

eTreppid objects to Request No. 3 because it is vague, ambiguous, overbroad, and violative of the requirement that requests for documents be stated with particularity in that it seeks documents that "relate" to a given subject matter.

Request No. 4.

eTreppid objects to Request No. 4 because it is vague, ambiguous, and overbroad in that it seeks "all documents" "in connection" "with all matters" regarding LECG's consultation for this lawsuit. eTreppid further objects to Request No. 4 to the extent it does not seek documents that are relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

Request No. 5.

eTreppid objects to Request No. 5 to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. eTreppid further objects to Request No. 5 because it is overbroad and seeks documents that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

Request No. 6.

eTreppid objects to Request No. 6 because it is vague, ambiguous, overbroad, and violative of the requirement that requests for documents be stated with particularity in that it seeks documents "regarding" the analysis of hard drives.

Request No. 7.

eTreppid objects to Request No. 7 because it seeks documents that are not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. In particular, the amount of time Jonathan Karchmer has spent in connection with testifying at the hearing is not relevant to this litigation.



July 25, 2008
Page 3

Request No. 8.

eTreppid objects to Request No. 8 because "prior deposition, trial or arbitration transcripts" are not relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Request No. 9.

eTreppid objects to Request No. 9 because it is vague, ambiguous, overbroad, and violative of the requirement that requests for documents be stated with particularity in that it seeks documents "relating" to eTreppid's email system and employee email files.

Request No. 13 (Request Nos. 10, 11, and 12 appear to be inadvertently omitted from the Subpoena).

eTreppid objects to Request No. 13 because it is vague, ambiguous, overbroad, and violative of the requirement that requests for documents be stated with particularity in that it seeks documents "relating" to why Jonathan Karchmer believes that the PST files known as the "Glogauer email" have been altered.

Request No. 14.

eTreppid objects to Request No. 14 to the extent that the request for documents relating to "tests, studies, analysis and/or evaluations of any kind" is overly broad and unduly burdensome. eTreppid further objects to Request No. 14 because it is vague, ambiguous, overbroad, and violative of the requirement that requests for documents be stated with particularity in that it seeks documents "relating" to work performed by Jonathan Karchmer.

Request No. 15.

eTreppid objects to Request No. 15 to the extent it requests documents protected by the attorney-client privilege and work product doctrine. eTreppid further objects to Request No. 15 to the extent it is overly broad and unduly burdensome in that it seeks "all documents" "collected or received from eTreppid" in relation to Karchmer Declaration One.



Request No. 16.

eTreppid objects to Request No. 16 because it is overly broad and unduly burdensome in that it seeks "all documents" concerning opinions set forth in Karchmer Declaration One.

Request No. 17.

eTreppid objects to Request No. 17 to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. eTreppid further objects to Request No. 17 because it is vague, ambiguous, overbroad, and violative of the requirement that requests for documents be stated with particularity in that it seeks documents "relating" to the analysis and opinions set forth in Karchmer Declaration One.

Request No. 18.

eTreppid objects to Request No. 18 to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. eTreppid further objects to Request No. 18 because it is vague, ambiguous, overbroad, and violative of the requirement that requests for documents be stated with particularity in that it seeks documents "relating" to the analysis and opinions set forth in Karchmer Declaration One.

Request No. 19.

eTreppid objects to Request No. 19 to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. eTreppid further objects to Request No. 19 because it is vague, ambiguous, overbroad, and violative of the requirement that requests for documents be stated with particularity in that it seeks documents "relating" to drafts of Karchmer Declaration One.

Request No. 20.

eTreppid objects to Request No. 20 to the extent it requests documents protected by the attorney-client privilege and work product doctrine. eTreppid further objects to Request No. 20 to the extent it is overly broad and unduly burdensome in that it seeks "all documents" "collected or received from eTreppid" in relation to Karchmer Declaration Two.



**HOLLAND & HART** LLP
THE LAW OUT WEST

July 25, 2008
Page 5

Request No. 21.

eTreppid objects to Request No. 21 because it is overly broad and unduly burdensome in that it seeks "all documents" concerning opinions set forth in Karchmer Declaration Two.

Request No. 22.

eTreppid objects to Request No. 22 to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. eTreppid further objects to Request No. 22 because it is vague, ambiguous, overbroad, and violative of the requirement that requests for documents be stated with particularity in that it seeks documents "relating" to the analysis and opinions set forth in Karchmer Declaration Two.

Request No. 23.

eTreppid objects to Request No. 23 to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. eTreppid further objects to Request No. 23 because it is vague, ambiguous, overbroad, and violative of the requirement that requests for documents be stated with particularity in that it seeks documents "relating" to "internal communications" "relating to" Karchmer Declaration Two.

Request No. 24.

eTreppid objects to Request No. 24 to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. eTreppid further objects to Request No. 24 because it is vague, ambiguous, overbroad, and violative of the requirement that requests for documents be stated with particularity in that it seeks documents "relating" to drafts of Karchmer Declaration Two.

Request No. 25.

eTreppid objects to Request No. 25 to the extent it requests documents protected by the attorney-client privilege and work product doctrine. eTreppid further objects to Request No. 25 to the extent it is overly broad and unduly burdensome in that it seeks "all documents" "collected or received from eTreppid" in relation to Karchmer Declaration Three.



July 25, 2008
Page 6

Request No. 26.

eTreppid objects to Request No. 26 because it is overly broad and unduly burdensome in that it seeks "all documents" concerning opinions set forth in Karchmer Declaration Three.

Request No. 27.

eTreppid objects to Request No. 27 to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. eTreppid further objects to Request No. 27 because it is vague, ambiguous, overbroad, and violative of the requirement that requests for documents be stated with particularity in that it seeks documents "relating" to the analysis and opinions set forth in Karchmer Declaration Three.

Request No. 28.

eTreppid objects to Request No. 28 to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. eTreppid further objects to Request No. 28 because it is vague, ambiguous, overbroad, and violative of the requirement that requests for documents be stated with particularity in that it seeks documents "relating" to "internal communications" "relating to" Karchmer Declaration Three.

Request No. 29.

eTreppid objects to Request No. 29 to the extent it seeks documents protected by the attorney-client privilege and work product doctrine. eTreppid further objects to Request No. 29 because it is vague, ambiguous, overbroad, and violative of the requirement that requests for documents be stated with particularity in that it seeks documents "relating" to drafts of Karchmer Declaration Three.

For the foregoing reasons, eTreppid requests that Montgomery withdraw his subpoena in its entirety or eTreppid will have no choice but to seek a protective order.

Sincerely,

Jerry M. Snyder

JMS/ck

**EXHIBIT 5**

1  FOLGER LEVIN & KAHN LLP
   Jennifer S. Romano (CSB No. 195953, jromano@flk.com)
2  1900 Avenue of the Stars, 28th Floor
   Los Angeles, CA 90067
3  Telephone: (310) 556-3700
   Facsimile: (310) 556-3770
4
   Attorneys for Third Party
5  LECG, LLC

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  DENNIS MONTGOMERY and the          Case No.  3:06-CV-00056-PMP-VPC
    MONTGOMERY FAMILY TRUST,
12                                      **OBJECTIONS OF LECG TO INSPECTION**
            Plaintiff,                  **OR COPYING OF RECORDS**
13                                      **DESIGNATED IN SUBPOENA IN A CIVIL**
                                        **CASE**
        v.
14
    eTREPPID TECHNOLOGIES, LLC,
15  WARREN TREPP and the UNITED
    STATES DEPARTMENT OF DEFENSE,
16
            Defendants.
17

18          Third party LECG, LLC ("LECG") hereby respond to the Subpoena in a Civil Case issued

19  on July 11, 2008 in the above-captioned matter.

20          LECG objects to the Subpoena and the request for documents contained therein on the

21  following grounds:

22          1.      LECG objects to the Subpoena and each request therein on the ground that it fails

23  to allow reasonable time for LECG to comply with the subpoena as required under Federal Rule

24  of Civil Procedure 45(c)(3)(i).

25          2.      LECG objects to the subpoena and each request therein to the extent that they are

26  overbroad, unduly burdensome and harassing.

27          3.      LECG objects to the subpoena and each request therein to the extent that

28

1   defendants/plaintiff and their attorneys have failed to comply with their mandatory duties

2   pursuant to Rule 45(c)(1) of the Federal Rules of Civil Procedure to take reasonable steps to

3   avoid imposing undue burden or expense on LECG.

4        4.      LECG objects to the subpoena and each request therein, to the extent that the

5   documents sought are not designated with reasonable particularity within the meaning of Rule

6   45(a)(1)(C) of the Federal Rules of Civil Procedure.

7        5.      LECG objects to the subpoena and each request therein to the extent that the

8   documents sought are neither relevant to issues giving rise to an actionable suit nor reasonably

9   calculated to lead to the discovery of admissible evidence.

10        6.      LECG objects to the subpoena and each request therein to the extent that it calls

11   for documents protected by any privilege, including but not limited to the attorney-client

12   privilege, the attorney work product doctrine under Rule 26(b)(3), of the Federal Rules of Civil

13   Procedure or state law, any privilege relating to settlement negotiations under Rule 408 of the

14   Federal Rules of Evidence or state law, or any privacy rights.  LECG and its counsel hereby assert

15   such privileges.  LECG further objects to the subpoena and each request therein to the extent that

16   they seek documents containing proprietary or confidential business information or to the extent

17   that production of the documents sought would be an invasion of any privacy rights.  Any

18   inadvertent production of information protected by any of the privileges or doctrines listed in this

19   paragraph shall not be deemed a waiver of the protections those privileges or doctrines afford.

20        7.      LECG objects to the subpoena and each request therein, to the extent that the

21   requests are overly lengthy, compound, complicated and confusing, rendering them not

22   reasonably intelligible and unduly burdensome.

23                        **DOCUMENT REQUESTS**

24   **REQUEST NO. 1:**

25        ALL DOCUMENTS concerning, evidencing, regarding or relating to the testimony

26   JONATHAN KARCHMER is expected to give at the HEARING, including but not limited to all

27   reports, notes and materials relied upon with respect thereto, including but not limited to all

28   reports, notes and materials relied upon with respect thereto, including but not limited to those

1  regarding the analysis of HARD DRIVES and EMAILS.

2  **RESPONSE TO REQUEST NO. 1:**

3       LECG objects to this request on the ground that it is overbroad, unduly burdensome and

4  harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

5  attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

6  Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

7  expense on LECG.

8  **REQUEST NO. 2:**

9       Any resume, curriculum vitae or other DOCUMENT describing the work history,

10  publications, education or other qualifications of JONATHAN KARCHMER.

11  **RESPONSE TO REQUEST NO. 2:**

12       LECG objects to this request on the ground that it is overbroad, unduly burdensome and

13  harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

14  attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

15  Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

16  expense on LECG.

17  **REQUEST NO. 3:**

18       All report or other DOCUMENTS (including all drafts thereof) authored by JONATHAN

19  KARCHMER which refer or relate in any way to his or YOUR investigation of any issues or any

20  opinions, conclusions or other statements with to any issue related to the subject matter of the

21  HEARING, including but not limited to those regarding the analysis of HARD DRIVES and

22  EMAILS, KARCHMER DECLARATION ONE, KARCHMER DECLARATION TWO and

23  KARCHMER DECLARATION THREE.

24  **RESPONSE TO REQUEST NO. 3:**

25       LECG objects to this request on the ground that it is overbroad, unduly burdensome and

26  harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

27  attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

28  Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

-3-

1    expense on LECG.

2    **REQUEST NO. 4:**

3        All DOCUMENTS contained in or referred to in the JONATHAN KARCHMER's files

4    maintained by YOU in connection with all matters that are the subject of YOUR consultation for

5    this lawsuit.

6    **RESPONSE TO REQUEST NO. 4:**

7        LECG objects to this request on the ground that it is overbroad, unduly burdensome and

8    harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

9    attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

10   Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

11   expense on LECG.

12   **REQUEST NO. 5:**

13       All DOCUMENTS which reflect any communication between JONATHAN

14   KARCHMER and any party to this action, any party's counsel, and/or their agents or

15   representatives.

16   **RESPONSE TO REQUEST NO. 5:**

17       LECG objects to this request on the ground that it is overbroad, unduly burdensome and

18   harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

19   attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

20   Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

21   expense on LECG.  LECG objects to this request on the ground that the documents sought are

22   neither relevant to issues giving rise to an actionable suit nor reasonably calculated to lead to the

23   discovery of admissible evidence.

24   **REQUEST NO. 6:**

25       All DOCUMENTS, writing or materials upon which JONATHAN KARCHMER has

26   consulted or relied in performing his investigation or in forming or rendering his opinions or

27   conclusions with respect to any issue about which he is going to testify at the HEARING,

28   including but not limited to those regarding the analysis of HARD DRIVES.

-4-

1    **RESPONSE TO REQUEST NO. 6:**

2        LECG objects to this request on the ground that it is overbroad, unduly burdensome and

3    harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

4    attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

5    Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

6    expense on LECG.

7    **REQUEST NO. 7:**

8        All DOCUMENTS that reflect the amount of time JONATHAN KARCHMER has spent

9    in connection with any issue about which he is going to testify at the HEARING, including but

10   not limited to, time sheets, diaries, calendars, billing statements and/or bills.

11   **RESPONSE TO REQUEST NO. 7:**

12       LECG objects to this request on the ground that it is overbroad, unduly burdensome and

13   harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

14   attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

15   Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

16   expense on LECG.

17   **REQUEST NO. 8:**

18       All prior deposition, trial or arbitration transcripts that JONATHAN KARCHMER has

19   given in cases concerning the same or similar subject matter as the testimony about which he is

20   going to testify at the HEARING, including but not limited to the forensic analysis of email and

21   hard drives.

22   **RESPONSE TO REQUEST NO. 8:**

23       LECG objects to this request on the ground that it is overbroad, unduly burdensome and

24   harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

25   attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

26   Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

27   expense on LECG.  LECG objects to this request on the ground that the documents sought are

28   neither relevant to issues giving rise to an actionable suit nor reasonably calculated to lead to the

1    discovery of admissible evidence.

2    **REQUEST NO. 9:**

3        All DOCUMENTS concerning, evidencing, regarding or relating to ETREPPID's email

4    system and JONATHAN KARCHMER's analysis of employee email files.

5    **RESPONSE TO REQUEST NO. 9:**

6        LECG objects to this request on the ground that it is overbroad, unduly burdensome and

7    harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

8    attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

9    Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

10   expense on LECG.

11   **REQUEST NO. 10:**

12       All DOCUMENTS concerning, evidencing, regarding or relating to the factual basis for

13   why JONATHAN KARCHMER believes that the PST files known as the "Glogauer email" have

14   been altered, modified and/or tampered with.

15   **RESPONSE TO REQUEST NO. 10:**

16       LECG objects to this request on the ground that it is overbroad, unduly burdensome and

17   harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

18   attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

19   Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

20   expense on LECG.

21   **REQUEST NO. 11:**

22       All DOCUMENTS concerning, evidencing, regarding or relating to any tests, studies,

23   analysis and/or evaluations of any kind that YOU or JONATHAN KARCHMER have undertaken

24   regarding the HARD DRIVES and EMAILS.

25   **RESPONSE TO REQUEST NO. 11:**

26       LECG objects to this request on the ground that it is overbroad, unduly burdensome and

27   harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

28   attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

1    Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

2    expense on LECG.

3    **REQUEST NO. 12:**

4         All DOCUMENTS YOU collected or received from ETREPPID in connection with

5    performing the analysis and rendering the opinions set forth in KARCHMER DECLARATION

6    ONE.

7    **RESPONSE TO REQUEST NO. 12:**

8         LECG objects to this request on the ground that it is overbroad, unduly burdensome and

9    harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

10   attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

11   Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

12   expense on LECG.

13   **REQUEST NO. 13:**

14        All DOCUMENTS evidencing, reflecting, referring or relating to the analysis and

15   opinions set forth in KARCHMER DECLARATION ONE.

16   **RESPONSE TO REQUEST NO. 13:**

17        LECG objects to this request on the ground that it is overbroad, unduly burdensome and

18   harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

19   attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

20   Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

21   expense on LECG.

22   **REQUEST NO. 14:**

23        All DOCUMENTS evidencing, reflecting, referring or relating to COMMUNICATIONS

24   between an/or among YOU and any persons or entities, including, but not limited to, ETREPPID

25   and its counsel, relating to the analysis and opinions set forth in KARCHMER DECLARATION

26   ONE.

27   **RESPONSE TO REQUEST NO. 14:**

28        LECG objects to this request on the ground that it is overbroad, unduly burdensome and

1  harassing. LECG objects to this request on the ground that defendants/plaintiff and their

2  attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

3  Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

4  expense on LECG.

5  **REQUEST NO. 15:**

6      All DOCUMENTS evidencing, reflecting, referring or relating to YOUR internal

7  COMMUNICATIONS relating to the analysis and opinions set forth in KARCHMER

8  DECLARATION ONE.

9  **RESPONSE TO REQUEST NO. 15:**

10     LECG objects to this request on the ground that it is overbroad, unduly burdensome and

11  harassing. LECG objects to this request on the ground that defendants/plaintiff and their

12  attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

13  Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

14  expense on LECG.

15  **REQUEST NO. 16:**

16      All DOCUMENTS evidencing, reflecting, referring or relating to drafts of KARCHMER

17  DECLARATION ONE.

18  **RESPONSE TO REQUEST NO. 16:**

19      LECG objects to this request on the ground that it is overbroad, unduly burdensome and

20  harassing. LECG objects to this request on the ground that defendants/plaintiff and their

21  attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

22  Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

23  expense on LECG.

24  **REQUEST NO. 17:**

25      All DOCUMENTS YOU collected or received from ETREPPID or anyone acting on

26  behalf of ETREPPID in connection with the performing the analysis and rendering the opinions

27  set forth in KARCHMER DECLARATION TWO.

28

1   **RESPONSE TO REQUEST NO. 17:**

2      LECG objects to this request on the ground that it is overbroad, unduly burdensome and

3   harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

4   attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

5   Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

6   expense on LECG.

7   **REQUEST NO. 18:**

8      All DOCUMENTS evidencing, reflecting, referring or relating to the analysis and

9   opinions set forth in KARCHMER DECLARATION TWO.

10   **RESPONSE TO REQUEST NO. 18:**

11      LECG objects to this request on the ground that it is overbroad, unduly burdensome and

12   harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

13   attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

14   Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

15   expense on LECG.

16   **REQUEST NO. 19:**

17      All DOCUMENTS evidencing, reflecting, referring or relating to COMMUNICATIONS

18   between and/or among YOU and any persons or entities, including, but not limited to, ETREPPID

19   and its counsel, relating to the analysis and opinions set forth in KARCHMER DECLARATION

20   TWO.

21   **RESPONSE TO REQUEST NO. 19:**

22      LECG objects to this request on the ground that it is overbroad, unduly burdensome and

23   harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

24   attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

25   Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

26   expense on LECG.

27   **REQUEST NO. 20:**

28      All DOCUMENTS evidencing, reflecting, referring or relating to YOUR internal

1  COMMUNICATIONS relating to the analysis and opinions set forth in KARCHMER

2  DECLARATION TWO.

3  **RESPONSE TO REQUEST NO. 20:**

4       LECG objects to this request on the ground that it is overbroad, unduly burdensome and

5  harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

6  attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

7  Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

8  expense on LECG.

9  **REQUEST NO. 21:**

10      All DOCUMENTS evidencing, reflecting, referring or relating to drafts of KARCHMER

11  DECLARATION TWO.

12  **RESPONSE TO REQUEST NO. 21:**

13      LECG objects to this request on the ground that it is overbroad, unduly burdensome and

14  harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

15  attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

16  Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

17  expense on LECG.

18  **REQUEST NO. 22:**

19      All DOCUMENTS YOU collected or received from ETREPPID or anyone acting on

20  behalf of ETREPPID in connection with the performing the analysis and rendering the opinions

21  set forth in KARCHMER DECLARATION THREE.

22  **RESPONSE TO REQUEST NO. 22:**

23      LECG objects to this request on the ground that it is overbroad, unduly burdensome and

24  harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

25  attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

26  Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

27  expense on LECG.

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

LECG'S OBJECTIONS TO SUBPOENA IN A CIVIL CASE; CASE NO. 3:06-CV-00056-PMP-VPC

1  **REQUEST NO. 23:**

2      All DOCUMENTS evidencing, reflecting, referring or relating to the analysis and

3  opinions set forth in KARCHMER DECLARATION THREE.

4  **RESPONSE TO REQUEST NO. 23:**

5      LECG objects to this request on the ground that it is overbroad, unduly burdensome and

6  harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

7  attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

8  Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

9  expense on LECG.

10  **REQUEST NO. 24:**

11      All DOCUMENTS evidencing, reflecting, referring or relating to COMMUNICATIONS

12  between and/or among YOU and any persons or entities, including, but not limited to, ETREPPID

13  and its counsel, relating to the analysis and opinions set forth in KARCHMER DECLARATION

14  THREE.

15  **RESPONSE TO REQUEST NO. 24:**

16      LECG objects to this request on the ground that it is overbroad, unduly burdensome and

17  harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

18  attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

19  Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

20  expense on LECG.

21  **REQUEST NO. 25:**

22      All DOCUMENTS evidencing, reflecting, referring or relating to YOUR internal

23  COMMUNICATIONS relating to the analysis and opinions set forth in KARCHMER

24  DECLARATION THREE.

25  **RESPONSE TO REQUEST NO. 25:**

26      LECG objects to this request on the ground that it is overbroad, unduly burdensome and

27  harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

28  attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

1    Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

2    expense on LECG.

3    **REQUEST NO. 26:**

4        All DOCUMENTS evidencing, reflecting, referring or relating to drafts of KARCHMER

5    DECLARATION THREE.

6    **RESPONSE TO REQUEST NO. 26:**

7        LECG objects to this request on the ground that it is overbroad, unduly burdensome and

8    harassing.  LECG objects to this request on the ground that defendants/plaintiff and their

9    attorneys have failed to comply with their mandatory duties pursuant to Rule 45(c)(1) of the

10   Federal Rules of Civil Procedure to take reasonable steps to avoid imposing undue burden or

11   expense on LECG.

12

13   Dated: July 25, 2008                          FOLGER LEVIN & KAHN LLP

14

15                                                 Jennifer S. Romano
                                                   Attorneys for Third Party
16                                                 LECG, LLC

17   58023\9001\611199.1

18

19

20

21

22

23

24

25

26

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-12-

LECG'S OBJECTIONS TO SUBPOENA IN A CIVIL CASE; CASE NO. 3:06-CV-00056-PMP-VPC

## PROOF OF SERVICE

I, Denise A. West, state:

My business address is 1900 Avenue of the Stars, 28th Floor, Los Angeles, CA 90067. I am over the age of eighteen years and not a party to this action.

On the date set forth below, I served the foregoing document(s) described as:

**OBJECTIONS OF LECG TO INSPECTION OR COPYING OF RECORDS DESIGNATED IN SUBPOENA IN A CIVIL CASE**

on the following person(s) in this action:

**Liner Yankelevitz Sunshine & Regenstrief LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Fax: 310-500-3501**

**Jerry Synder                 (By Mail Only)
Adam Lang
5441 Kietzke Lane, Second Floor
Reno, NV 89511**

☒    <u>BY FIRST CLASS MAIL</u>:  I am employed in the City and County of Los Angeles where the mailing occurred. I enclosed the document(s) identified above in a sealed envelope or package addressed to the person(s) listed above, with postage fully paid. I placed the envelope or package for collection and mailing, following our ordinary business practice. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☒    <u>BY FACSIMILE</u>:  Based on an agreement of the parties to accept service by facsimile transmission, I faxed the document(s) identified above to the person(s) at the fax number(s) listed above. The transmission was reported complete and without error. I have attached a copy of the transmission report that was issued by the facsimile machine.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on July 25, 2008, at Los Angeles, California.

_____
Denise A. West

08/06/2008 12:43 FAX  310 556 3770      FOLGER LEVIN & KAHN LLP                      ☒015/015
07/25/2008 16:59 FAX  310 556 3770      FOLGER LEVIN & KAHN LLP                      ☒001

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO                  0999
RECIPIENT ADDRESS         85802390019131050038501
DESTINATION ID
ST. TIME                  07/25 16:52
TIME USE                  06'52
PAGES SENT                14
RESULT                    OK
```

# FOLGER LEVIN & KAHN LLP

### Attorneys at Law

1900 Avenue of the Stars, 28th Floor
Los Angeles, CA 90067

Telephone: 310.556.3700
Facsimile: 310.556.3770

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

## FACSIMILE TRANSMISSION

DATE:    July 25, 2008          CLIENT-MATTER NUMBER:   58023-9001

TO:

| NAME: | FAX NO.: |
|---|---|
| Liner Yankelevitz Sunshie & Regenstief LLP | 310-500-3501 |

FROM:    Jennifer S. Romano        PHONE:        (310) 556-3700

RE:      Montgomery v. dTreppid Technologies, USDC Case No. 3:06-CV-00056-PMP-VPC

| NUMBER OF PAGES WITH COVER PAGE:   14 | Originals/Copies Will Follow By Regular Mail |
|---|---|

ADDITIONAL REMARKS:

# EXHIBIT 6

**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**
1100 Glendon Avenue | 14th Floor | Los Angeles, CA 90024-3503
t. 310.500.3500 | f. 310.500.3501

ROBERT M. SHORE
rshore@linerlaw.com
Direct Dial: (310) 500-3502



July 29, 2008

<u>VIA E-MAIL</u>

Jerry M. Snyder, Esq.
Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Re:   <u>Montgomery, et al. v. eTreppid Technologies, LLC, et al.</u>

Dear Mr. Synder:

This letter will confirm our conversation yesterday afternoon regarding our subpoena to LECG, LLC ("LECG"), and your July 25 letter in response thereto. Generally, as I will detail below, we were able to reach agreement that LECG will provide responsive documents relating to the subject matter of the HEARING (as that term is defined in the subpoena). Please let me know as soon as possible if this letter does not comport with your understanding of our agreement.

We agreed that Request Nos. 1, 2, and 3 need not be limited, and LECG will produce all documents within its possession, custody, or control responsive to those requests. We agreed to limit Request Nos. 4 and 5. (Of course, this limitation, as well as the other limitations discussed below, is without prejudice to our right to receive further discovery after expert discovery commences.) As narrowed for this purpose, Request No. 4 will read: "All DOCUMENTS contained in or referred to in JONATHAN KARCHMER's filed maintained by YOU in connection with the subject matter of the HEARING." As narrowed for this purpose, Request No. 5 will read: "All DOCUMENTS which reflect any communication between JONATHAN KARCHMER and any party to this action, any party's counsel, and/or their agents and representatives with respect to any issue related to the subject matter of the HEARING."

We agreed that Request Nos. 6, 7, and 8 need not be limited, and LECG will produce all documents within its possession, custody, or control responsive to those requests. We agreed that Request No. 9 will be limited to the subject matter of the HEARING. As narrowed for this purpose, it will read: "ALL DOCUMENTS relating to the subject matter of the HEARING concerning, evidencing, regarding or relating to ETREPPID's email system and JONATHAN KARCHMER'S analysis of employee email files." There are no Request Nos. 10, 11, and 12. I proposed an amendment for Request No. 13 similar to the preceding requests, but you wanted to think about that before committing to it. <u>Please let us know your response by Wednesday.</u> We agreed that Request No. 14 would be limited as well. As narrowed for this purpose, it will read: "ALL DOCUMENTS concerning, evidencing, regarding or relating to any tests, studies, analysis and/or evaluations of any kind with respect to any issue related to the subject matter of the HEARING that YOU or JONATHAN KARCHMER have undertaken regarding the HARD DRIVES or EMAILS."

Jerry M. Snyder, Esq.
July 29, 2008
Page 2


Finally, Request Nos. 15-29 seek various documents relating to KARCHMER DECLARATION ONE, TWO, and THREE. We agreed to limit these requests "to the extent JONATHAN KARCHMER will or may testify with respect to any of the opinions or analyses set forth in [the appropriate declaration] at the HEARING."

Thank you for your courtesy and cooperation in connection with this matter. The subpoena scheduled production for July 25. We have received no objection from LECG itself, and your letter does not object to the time and place of production. Accordingly, please confirm that by 5:00 p.m. on Wednesday, July 30, LECG will produce at our office responsive documents within the scope of our agreement.

Sincerely,

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By

Robert M. Shore


RMS:eg

cc:     Ellyn S. Garofalo, Esq.
        Deborah A. Klar, Esq.


0039641/001/ 401493v01

**EXHIBIT 7**

## Robert M. Shore

| | |
|---|---|
| **From:** | Robert M. Shore |
| **Sent:** | Thursday, July 31, 2008 2:58 PM |
| **To:** | 'jsnyder@hollandhart.com' |
| **Cc:** | Ellyn S. Garofalo; Peter Bransten |
| **Subject:** | LECG subpoena |

Jerry,

This will confirm the telephone conversation that we just concluded. You have agreed that LECG will produce documents in response to Request No. 13 (concerning the "Glogauer e-mail") as written. Together with my July 29, 2008, letter, this agreement means we have reached agreement with respect to all of your objections.

As we discussed, to the extent LECG's production comprises electronic files, we would like them in native electronic format. To the extent the production comprises hard copies, we would like either hard copies or PDF versions. As you know, the subpoena called for production by July 25 and we are anxious to receive the documents as quickly as possible. I have asked that you advise me by noon tomorrow when we may expect production.

If it will expedite matters, we would accept a rolling production. Thank you for your prompt attention to this matter.

Robert M. Shore, Esq.
**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3503
main: 310.500.3500
dir: 310.500.3582
fax: 310.500.3501
rshore@linerlaw.com
**www.linerlaw.com**

Notice of Privilege/Confidentiality Privileged and Confidential information may be contained in this message. If you are not the addressee indicated in this message (or Responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure: To ensure compliance with Treasury Department Regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

**EXHIBIT 8**

## Robert M. Shore

**From:** Robert M. Shore
**Sent:** Friday, August 01, 2008 12:09 PM
**To:** 'jsnyder@hollandhart.com'
**Cc:** Ellyn S. Garofalo; Peter Bransten
**Subject:** LECG production date?

Jerry,

This e-mail will follow up on the voicemail message I just left for you. We had asked that you inform us by noon today when LECG will produce documents within the scope of our agreement with respect to the subpoena we issued to it. Production was due, pursuant to the subpoena, a week ago.

As we have discussed, given the imminence of the hearing date and our need to analyze the results of LECG's production, we need a firm and prompt production date in the immediate future. Please get back to me. Thanks. --Bob

Robert M. Shore, Esq.
**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3503
main: 310.500.3500
dir: 310.500.3582
fax: 310.500.3501
rshore@linerlaw.com
**www.linerlaw.com**

Notice of Privilege/Confidentiality Privileged and Confidential information may be contained in this message. If you are not the addressee indicated in this message (or Responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure: To ensure compliance with Treasury Department Regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

**EXHIBIT 9**

//0v0

## Robert M. Shore

**From:**   Robert M. Shore
**Sent:**   Monday, August 04, 2008 12:48 PM
**To:**   'jsnyder@hollandhart.com'
**Cc:**   Ellen Graunke; Peter Bransten
**Subject:** LECG documents

Jerry,

I am writing to further follow up on the delivery of documents in response to our subpoena to LECG. In summary, these documents are highly material to our preparation for the August 18 hearing. Pursuant to the subpoena, production was due on July 25. Today is August 4 -- ten days after production was due and two weeks before the hearing is scheduled to begin -- and we still have not received any documents. Indeed, to our great disappointment, you have not even responded to my repeated requests for a firm and prompt production date.

As you know, we have been both diligent and reasonable in our handling of this issue. Your office, on the other hand, has stretched this issue out as much as possible, going so far as to fail to timely respond to our requests for your position.

You sent on July 25 (the day production was due) a letter stating your clients' objections to our subpoena. You and I spoke by telephone on the next business day, July 28, and in the course of that conversation were able to reach agreement along the lines proposed by your letter. We left Category No. 13 open for further discussion, but reached agreement with respect to the others. You promised an answer with respect to Category No. 13 by July 30. In my July 29 letter confirming our conversation, I noted that we had received no objection as to the time or place of production, and asked that production be completed by 5:00 p.m. on July 30.

When I did not hear from you by July 30, I called you on July 31 to reach closure with respect to the sole remaining issue and to again request a commitment with respect to the production date. During that conversation, you agreed to our position in connection with Category No. 13. I asked you to let me know by noon Friday, August 1, when we can expect production, and reminded you that we will need time to review and analyze that production in advance of the hearing.

When I did not hear from you by noon on Friday, I called and sent an e-mail again requesting that you commit to a production date. In a second e-mail sent later that day, I advised you that if we did not receive the LECG documents by noon today, we intended to seek a continuance of the hearing date. To date, you have not done me the courtesy of an answer to these requests.

For the fifth and last time, we request that you provide us with a firm and prompt production date for the LECG documents within the scope of our agreement. We would prefer not to present this issue to Judge Cooke, but your office's failure to respond is leaving us very little choice. --Robert M. Shore

Robert M. Shore, Esq.
LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP



1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3503
main: 310.500.3500
dir:  310.500.3582
fax:  310.500.3501
rshore@linerlaw.com
**www.linerlaw.com**

Notice of Privilege/Confidentiality Privileged and Confidential information may be contained in this message. If you are not the addressee indicated in this message (or Responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure: To ensure compliance with Treasury Department Regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

**EXHIBIT 10**

//0v0

## Robert M. Shore

| | |
|---|---|
| **From:** | Jerry Snyder [JSnyder@hollandhart.com] |
| **Sent:** | Tuesday, August 05, 2008 9:32 AM |
| **To:** | Robert M. Shore |
| **Cc:** | Ellen Graunke; Peter Bransten |
| **Subject:** | RE: LECG documents |

I will get back to you by the end of the day on this -- I have had trouble getting in touch with LECG,

**From:** Robert M. Shore [mailto:rshore@linerlaw.com]
**Sent:** Monday, August 04, 2008 12:48 PM
**To:** Jerry Snyder
**Cc:** Ellen Graunke; Peter Bransten
**Subject:** LECG documents

Jerry,

I am writing to further follow up on the delivery of documents in response to our subpoena to LECG. In summary, these documents are highly material to our preparation for the August 18 hearing. Pursuant to the subpoena, production was due on July 25. Today is August 4 -- ten days after production was due and two weeks before the hearing is scheduled to begin -- and we still have not received any documents. Indeed, to our great disappointment, you have not even responded to my repeated requests for a firm and prompt production date.

As you know, we have been both diligent and reasonable in our handling of this issue. Your office, on the other hand, has stretched this issue out as much as possible, going so far as to fail to timely respond to our requests for your position.

You sent on July 25 (the day production was due) a letter stating your clients' objections to our subpoena. You and I spoke by telephone on the next business day, July 28, and in the course of that conversation were able to reach agreement along the lines proposed by your letter. We left Category No. 13 open for further discussion, but reached agreement with respect to the others. You promised an answer with respect to Category No. 13 by July 30. In my July 29 letter confirming our conversation, I noted that we had received no objection as to the time or place of production, and asked that production be completed by 5:00 p.m. on July 30.

When I did not hear from you by July 30, I called you on July 31 to reach closure with respect to the sole remaining issue and to again request a commitment with respect to the production date. During that conversation, you agreed to our position in connection with Category No. 13. I asked you to let me know by noon Friday, August 1, when we can expect production, and reminded you that we will need time to review and analyze that production in advance of the hearing.

When I did not hear from you by noon on Friday, I called and sent an e-mail again requesting that you commit to a production date. In a second e-mail sent later that day, I advised you that if we did not receive the LECG documents by noon today, we intended to seek a continuance of the hearing date. To date, you have not done me the courtesy of an answer to these requests.

For the fifth and last time, we request that you provide us with a firm and prompt production date for the

LECG documents within the scope of our agreement.  We would prefer not to present this issue to Judge Cooke, but your office's failure to respond is leaving us very little choice.  --Robert M. Shore

Robert M. Shore, Esq.
**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3503
main:  310.500.3500
dir:  310.500.3582
fax:  310.500.3501
rshore@linerlaw.com
**www.linerlaw.com**

Notice of Privilege/Confidentiality Privileged and Confidential information may be contained in this message. If you are not the addressee indicated in this message (or Responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure: To ensure compliance with Treasury Department Regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

**EXHIBIT 11**

## Robert M. Shore

| | |
|---|---|
| **From:** | Robert M. Shore |
| **Sent:** | Wednesday, August 06, 2008 10:53 AM |
| **To:** | 'Jerry Snyder' |
| **Cc:** | Ellyn S. Garofalo; Peter Bransten |
| **Subject:** | RE: LECG documents |

Jerry,

We are now well past "the end of the day" and have heard nothing from you. As you will understand, this delay is unacceptable.

Production was due 12 days ago and the hearing is scheduled to resume in less than two weeks. Although we agreed to narrow some of the categories in response to your objections, you agreed that some categories were appropriate as written. Accordingly, LECG should have produced at least something by now. Instead, though, we have received nothing, not even a commitment as to when responsive documents will be produced.

In the final analysis, LECG is your expert, and therefore its lack of responsiveness is your office's responsibility. The failure to respond appropriately to our subpoena has prejudiced our ability to prepare for the upcoming hearing. Please advise whether you will oppose a motion to continue the August 18 hearing date in order to give us a fair opportunity to review and analyze the documents that LECG eventually produces. --Robert M. Shore

**From:** Jerry Snyder [mailto:JSnyder@hollandhart.com]
**Sent:** Tuesday, August 05, 2008 9:32 AM
**To:** Robert M. Shore
**Cc:** Ellen Graunke; Peter Bransten
**Subject:** RE: LECG documents

I will get back to you by the end of the day on this -- I have had trouble getting in touch with LECG,

**From:** Robert M. Shore [mailto:rshore@linerlaw.com]
**Sent:** Monday, August 04, 2008 12:48 PM
**To:** Jerry Snyder
**Cc:** Ellen Graunke; Peter Bransten
**Subject:** LECG documents

Jerry,

I am writing to further follow up on the delivery of documents in response to our subpoena to LECG. In summary, these documents are highly material to our preparation for the August 18 hearing. Pursuant to the subpoena, production was due on July 25. Today is August 4 -- ten days after production was due and two weeks before the hearing is scheduled to begin -- and we still have not received any documents. Indeed, to our great disappointment, you have not even responded to my repeated requests for a firm and prompt production date.

As you know, we have been both diligent and reasonable in our handling of this issue. Your office, on the other hand, has stretched this issue out as much as possible, going so far as to fail to timely respond to our requests for your position.

You sent on July 25 (the day production was due) a letter stating your clients' objections to our subpoena. You and I spoke by telephone on the next business day, July 28, and in the course of that conversation were able to reach agreement along the lines proposed by your letter. We left Category No. 13 open for further discussion, but reached agreement with respect to the others. You promised an answer with respect to Category No. 13 by July 30. In my July 29 letter confirming our conversation, I noted that we had received no objection as to the time or place of production, and asked that production be completed by 5:00 p.m. on July 30.

When I did not hear from you by July 30, I called you on July 31 to reach closure with respect to the sole remaining issue and to again request a commitment with respect to the production date. During that conversation, you agreed to our position in connection with Category No. 13. I asked you to let me know by noon Friday, August 1, when we can expect production, and reminded you that we will need time to review and analyze that production in advance of the hearing.

When I did not hear from you by noon on Friday, I called and sent an e-mail again requesting that you commit to a production date. In a second e-mail sent later that day, I advised you that if we did not receive the LECG documents by noon today, we intended to seek a continuance of the hearing date. To date, you have not done me the courtesy of an answer to these requests.

For the fifth and last time, we request that you provide us with a firm and prompt production date for the LECG documents within the scope of our agreement. We would prefer not to present this issue to Judge Cooke, but your office's failure to respond is leaving us very little choice. --Robert M. Shore

Robert M. Shore, Esq.
**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**


1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3503
main: 310.500.3500
dir: 310.500.3582
fax: 310.500.3501
rshore@linerlaw.com
**www.linerlaw.com**

Notice of Privilege/Confidentiality Privileged and Confidential information may be contained in this message. If you are not the addressee indicated in this message (or Responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure: To ensure compliance with Treasury Department Regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

**EXHIBIT 12**

## Robert M. Shore

| | |
|---|---|
| **From:** | Jerry Snyder [JSnyder@hollandhart.com] |
| **Sent:** | Wednesday, August 06, 2008 11:15 AM |
| **To:** | Robert M. Shore |
| **Subject:** | RE: LECG documents |

Sorry -- I sent a response earlier today to Peter Bransten.  LECG will provide responsive documents Monday, August 11.  We will oppose any motion to continue the hearing.

**From:** Robert M. Shore [mailto:rshore@linerlaw.com]
**Sent:** Wednesday, August 06, 2008 10:53 AM
**To:** Jerry Snyder
**Cc:** Ellyn S. Garofalo; Peter Bransten
**Subject:** RE: LECG documents

Jerry,

We are now well past "the end of the day" and have heard nothing from you.  As you will understand, this delay is unacceptable.

Production was due 12 days ago and the hearing is scheduled to resume in less than two weeks.  Although we agreed to narrow some of the categories in response to your objections, you agreed that some categories were appropriate as written.  Accordingly, LECG should have produced at least something by now.  Instead, though, we have received nothing, not even a commitment as to when responsive documents will be produced.

In the final analysis, LECG is your expert, and therefore its lack of responsiveness is your office's responsibility.  The failure to respond appropriately to our subpoena has prejudiced our ability to prepare for the upcoming hearing.  Please advise whether you will oppose a motion to continue the August 18 hearing date in order to give us a fair opportunity to review and analyze the documents that LECG eventually produces.  --Robert M. Shore

**From:** Jerry Snyder [mailto:JSnyder@hollandhart.com]
**Sent:** Tuesday, August 05, 2008 9:32 AM
**To:** Robert M. Shore
**Cc:** Ellen Graunke; Peter Bransten
**Subject:** RE: LECG documents

I will get back to you by the end of the day on this -- I have had trouble getting in touch with LECG,

**From:** Robert M. Shore [mailto:rshore@linerlaw.com]
**Sent:** Monday, August 04, 2008 12:48 PM
**To:** Jerry Snyder
**Cc:** Ellen Graunke; Peter Bransten
**Subject:** LECG documents

Jerry,

I am writing to further follow up on the delivery of documents in response to our subpoena to LECG. In summary, these documents are highly material to our preparation for the August 18 hearing. Pursuant to the subpoena, production was due on July 25. Today is August 4 -- ten days after production was due and two weeks before the hearing is scheduled to begin -- and we still have not received any documents. Indeed, to our great disappointment, you have not even responded to my repeated requests for a firm and prompt production date.

As you know, we have been both diligent and reasonable in our handling of this issue. Your office, on the other hand, has stretched this issue out as much as possible, going so far as to fail to timely respond to our requests for your position.

You sent on July 25 (the day production was due) a letter stating your clients' objections to our subpoena. You and I spoke by telephone on the next business day, July 28, and in the course of that conversation were able to reach agreement along the lines proposed by your letter. We left Category No. 13 open for further discussion, but reached agreement with respect to the others. You promised an answer with respect to Category No. 13 by July 30. In my July 29 letter confirming our conversation, I noted that we had received no objection as to the time or place of production, and asked that production be completed by 5:00 p.m. on July 30.

When I did not hear from you by July 30, I called you on July 31 to reach closure with respect to the sole remaining issue and to again request a commitment with respect to the production date. During that conversation, you agreed to our position in connection with Category No. 13. I asked you to let me know by noon Friday, August 1, when we can expect production, and reminded you that we will need time to review and analyze that production in advance of the hearing.

When I did not hear from you by noon on Friday, I called and sent an e-mail again requesting that you commit to a production date. In a second e-mail sent later that day, I advised you that if we did not receive the LECG documents by noon today, we intended to seek a continuance of the hearing date. To date, you have not done me the courtesy of an answer to these requests.

For the fifth and last time, we request that you provide us with a firm and prompt production date for the LECG documents within the scope of our agreement. We would prefer not to present this issue to Judge Cooke, but your office's failure to respond is leaving us very little choice. --Robert M. Shore

Robert M. Shore, Esq.
LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3503
main: 310.500.3500
dir: 310.500.3582
fax: 310.500.3501
rshore@linerlaw.com
www.linerlaw.com

Notice of Privilege/Confidentiality Privileged and Confidential information may be contained in this message. If you are not the addressee indicated in this message (or Responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure: To ensure compliance with Treasury Department Regulations, we advise you that, unless

otherwise expressly indicated, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

**EXHIBIT 13**

## Robert M. Shore

| | |
|---|---|
| **From:** | Robert M. Shore |
| **Sent:** | Wednesday, August 06, 2008 11:32 AM |
| **To:** | 'Jerry Snyder' |
| **Cc:** | Ellen Graunke; Peter Bransten |
| **Subject:** | RE: LECG documents |

Jerry,

Thank you for your response.  Unfortunately, although it shows some progress, it remains problematic.  First, of course, there is no explanation for why LECG is waiting until 17 days after the production date, and only 7 days before the hearing, to produce its documents.  Surely LECG can at least begin its production at once.  If not, we are entitled to an explanation why not.

Second, your note fails to confirm that on August 11, LECG will complete its production of <u>all</u> responsive documents within the scope of our agreement.  Please advise whether you can make that commitment.  Further, please advise what quantity of documents and files you anticipate LECG producing.

As you will understand, this further discussion is without prejudice to our position that the delay in production has prejudiced, and will further prejudice, our ability to prepare for the August 18 hearing. -- Robert M. Shore

---

**From:** Jerry Snyder [mailto:JSnyder@hollandhart.com]
**Sent:** Wednesday, August 06, 2008 11:15 AM
**To:** Robert M. Shore
**Subject:** RE: LECG documents

Sorry -- I sent a response earlier today to Peter Bransten.  LECG will provide responsive documents Monday, August 11.  We will oppose any motion to continue the hearing.

---

**From:** Robert M. Shore [mailto:rshore@linerlaw.com]
**Sent:** Wednesday, August 06, 2008 10:53 AM
**To:** Jerry Snyder
**Cc:** Ellyn S. Garofalo; Peter Bransten
**Subject:** RE: LECG documents

Jerry,

We are now well past "the end of the day" and have heard nothing from you.  As you will understand, this delay is unacceptable.

Production was due 12 days ago and the hearing is scheduled to resume in less than two weeks.  Although we agreed to narrow some of the categories in response to your objections, you agreed that some categories were appropriate <u>as written</u>.  Accordingly, LECG should have produced at least something by now.  Instead, though, we have received nothing, not even a commitment as to when responsive documents will be produced.

In the final analysis, LECG is your expert, and therefore its lack of responsiveness is your office's responsibility. The failure to respond appropriately to our subpoena has prejudiced our ability to prepare for the upcoming hearing. Please advise whether you will oppose a motion to continue the August 18 hearing date in order to give us a fair opportunity to review and analyze the documents that LECG eventually produces. --Robert M. Shore

---

**From:** Jerry Snyder [mailto:JSnyder@hollandhart.com]
**Sent:** Tuesday, August 05, 2008 9:32 AM
**To:** Robert M. Shore
**Cc:** Ellen Graunke; Peter Bransten
**Subject:** RE: LECG documents

I will get back to you by the end of the day on this -- I have had trouble getting in touch with LECG,

---

**From:** Robert M. Shore [mailto:rshore@linerlaw.com]
**Sent:** Monday, August 04, 2008 12:48 PM
**To:** Jerry Snyder
**Cc:** Ellen Graunke; Peter Bransten
**Subject:** LECG documents

Jerry,

I am writing to further follow up on the delivery of documents in response to our subpoena to LECG. In summary, these documents are highly material to our preparation for the August 18 hearing. Pursuant to the subpoena, production was due on July 25. Today is August 4 -- ten days after production was due and two weeks before the hearing is scheduled to begin -- and we still have not received any documents. Indeed, to our great disappointment, you have not even responded to my repeated requests for a firm and prompt production date.

As you know, we have been both diligent and reasonable in our handling of this issue. Your office, on the other hand, has stretched this issue out as much as possible, going so far as to fail to timely respond to our requests for your position.

You sent on July 25 (the day production was due) a letter stating your clients' objections to our subpoena. You and I spoke by telephone on the next business day, July 28, and in the course of that conversation were able to reach agreement along the lines proposed by your letter. We left Category No. 13 open for further discussion, but reached agreement with respect to the others. You promised an answer with respect to Category No. 13 by July 30. In my July 29 letter confirming our conversation, I noted that we had received no objection as to the time or place of production, and asked that production be completed by 5:00 p.m. on July 30.

When I did not hear from you by July 30, I called you on July 31 to reach closure with respect to the sole remaining issue and to again request a commitment with respect to the production date. During that conversation, you agreed to our position in connection with Category No. 13. I asked you to let me know by noon Friday, August 1, when we can expect production, and reminded you that we will need time to review and analyze that production in advance of the hearing.

When I did not hear from you by noon on Friday, I called and sent an e-mail again requesting that you commit to a production date. In a second e-mail sent later that day, I advised you that if we did not

receive the LECG documents by noon today, we intended to seek a continuance of the hearing date.  To date, you have not done me the courtesy of an answer to these requests.

For the fifth and last time, we request that you provide us with a firm and prompt production date for the LECG documents within the scope of our agreement.  We would prefer not to present this issue to Judge Cooke, but your office's failure to respond is leaving us very little choice.  --Robert M. Shore

Robert M. Shore, Esq.
**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3503
main:  310.500.3500
dir:  310.500.3582
fax:  310.500.3501
rshore@linerlaw.com
**www.linerlaw.com**

Notice of Privilege/Confidentiality Privileged and Confidential information may be contained in this message. If you are not the addressee indicated in this message (or Responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer does not consent to Internet email for messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of my firm shall be understood as neither given nor endorsed by it.

IRS Circular 230 Disclosure: To ensure compliance with Treasury Department Regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

**EXHIBIT 14**

From:    Origin ID: CIBA   (310) 556-0709
Jamie Wood
LECG, LLC
2049 Century Park East, Suite 2300

Los Angeles, CA 90067

Ship Date: 11AUG08
ActWgt: 1.0 LB
System#: 8331207/INET8061
Account#: S *********

**FedEx**
Express

**E**

JCL5090409/2003

SHIP TO:   (000) 000-0000        BILL SENDER
**Robert M. Stone, Esq.** *Chore*
**Liner Yankelevitz et al.**
**1100 GLENDON AVE FL 14**
**14TH FLOOR**
**LOS ANGELES, CA 90024**

Delivery Address Bar Code

Ref #    etrpd-24864
Invoice #
PO #
Dept #

TRK#
0201    7970 5172 3334

TUE - 12AUG    A1
STANDARD OVERNIGHT



**QZ SMOA**    90024
CA-US
LAX

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

Exhibit 15

```
 1                    UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA
 2        BEFORE THE HONORABLE VALERIE P. COOKE, MAGISTRATE JUDGE
                            ---o0o---
 3

 4   DENNIS MONTGOMERY and the    :
     Montgomery Family Trust,     :
 5                                :
                    Plaintiffs,   :  No. 3:06-CV-56-PMP(VPC)
 6                                :
           -vs-                   :  June 24, 2008
 7                                :
     ETREPPID TECHNOLOGIES, LLC,  :  Reno, Nevada
 8   WARREN TREPP, and the        :
     UNITED STATES DEPARTMENT OF  :
 9   DEFENSE,                     :
                                  :
10                  Defendants.   :
                                  :
11    AND RELATED CASES           :

12

13       TRANSCRIPT OF CONTINUED ORDER TO SHOW CAUSE HEARING

14   APPEARANCES:

15   FOR THE PLAINTIFFS:   DEBORAH KLAR and MARK GUNDERSON
                           Attorneys at Law
16

17   FOR THE DEFENDANTS:   J. STEPHEN PEEK, JERRY SNYDER,
                           BRIDGETT ROBB PECK, GREGORY SCHWARTZ and
18                         ANDREW LIESE
                           Attorneys at Law
19

20   FOR INTERESTED         CARLOTTA WELLS and RAPHAEL GOMEZ
     PARTIES:               Assistant U.S. Attorneys
21

22   Reported by:          Margaret E. Griener, CCR #3, RDR
                           Official Reporter
23                         400 South Virginia Street
                           Reno, Nevada 89501
24                         (775) 329-9980

25              COMPUTER-ASSISTED TRANSCRIPTION
```

80

1   Q    And what was that?

2   A    I don't actually know what his title was.  I don't recall

3   what his title was specifically.

4   Q    What were his duties besides programming?

5              MS. KLAR:  Objection, your Honor, what relevance

6   does this --

7              MR. PEEK:  Your Honor, I'll get to the relevance

8   because what -- you're going to see the relevance as we go

9   through when Mr. Karchmer testifies as to what's actually on

10  the hard drive.

11             THE COURT:  All right.  Well, I'll overrule the

12  objection for now, but I trust you'll connect with --

13             MR. PEEK:  I will, your Honor.

14             THE WITNESS:  What was the question?

15  BY MR. PEEK:

16  Q    What other duties did Mr. Venables have?

17  A    I guess he was the IT guy, head of IT.

18  Q    And he had the responsibility to do the backups every

19  night, did he not?

20  A    Well, I don't know if he had a responsibility of backing

21  up every night.  I don't --

22  Q    As an IT director, he had the responsibility to perform

23  the backups, did he not?

24  A    No, I don't think so, I don't know.

25  Q    You don't think so?

125

1          MR. PEEK:  Your Honor, I'm happy to look at

2    that, and I think what you'll find is there certainly were

3    questions about formatting, and I'm just trying to establish

4    whether or not the copying occurred on or about the same time

5    because this witness is giving me again more evasive answers

6    as to what he did and when he did it.

7          And what we do know, and we'll connect up with

8    Mr. Karchmer, is that the files were formatted in 2003 on one

9    of the drives, and on the other one, 2004.  I'd like an

10   explanation of that.

11         He gave us a lame explanation last time about, well,

12   gee, I don't know whether my computer clock is correct or not.

13         Here's a man who calls himself a chief scientist and

14   a programmer?  Calls himself chief technical officer,

15   technology officer at eTreppid, and he doesn't know enough

16   about a clock of a computer to be able to set his own and

17   maintain his clock on his computer?

18              THE COURT:  Where do you want to go with this,

19   Mr. Peek?

20         MR. PEEK:  I want to show, your Honor, the bad

21   faith of Mr. Montgomery in a number of ways, and we'll connect

22   it up with Mr. Karchmer.

23         Number one, he changed the file names from what they

24   were on the individual computers.  I'll connect that up with

25   Mr. Karchmer.

1          Number two, he formatted on a date, and we

2    established that last time when, in fact, there were no -- the

3    terabyte wasn't even being sold.

4          What we also know is that the files were copied

5    immediately thereafter, within seconds.  So there is about a

6    16-second gap from the time of the formatting of the disk

7    drive until the copying started, and so for this witness to

8    sit here and tell me that I don't know when I formatted versus

9    when I copied, I don't know if I did them simultaneously, is a

10   purely evasive answer.

11         And I'm going to connect that up with Mr. Karchmer,

12   so I want to be able to at least get his answers so that I can

13   show that there are more lies coming from Mr. Montgomery.

14         MS. KLAR:  Your Honor, eTreppid filed a motion

15   for sanctions, and they set forth in that motion the grounds

16   upon which they were seeking those sanctions.  Absolutely --

17   and then they had an opportunity to reply.  Absolutely none of

18   these arguments were made in those filings.

19         And so here we are today, and we are being

20   sandbagged with arguments that have never been made before and

21   arguments that clearly go beyond the scope of the papers that

22   were filed by eTreppid, and --

23         THE COURT:  Well --

24         MS. KLAR:  For that -- I mean, I'm not going to

25   comment on the substance of what Mr. Peek is telling the

1   you were capturing?

2   A    I don't have them in front of me.

3   Q    You don't recall them as you sit here today?

4   A    Sitting here right this millisecond, no.

5   Q    Okay.  Now, let's move on now to the Glogauer e-mail.

6   You produced a Glogauer e-mail in PST format, did you not?

7   A    I believe so, yes.

8   Q    And did you -- how did you go about creating and copying

9   just the one Glogauer e-mail of September 2003?

10              MS. KLAR:  Your Honor, I'm going to object on

11   the grounds of attorney-client privilege and --

12              THE COURT:  What was your question?

13              MR. PEEK:  He was asked to produce, your Honor,

14   a PST file of the Glogauer e-mail.  I'm asking him how did he

15   go about doing it.  If he says I didn't do it, doesn't that

16   solve it?

17              MS. KLAR:  Well, perhaps you can ask him that

18   question, but --

19              MR. PEEK:  Well, then, perhaps the fault lies

20   with counsel in the way this was done because he must have

21   given something to somebody to be able to give to this Court

22   and to me a PST file which we have found again to be false and

23   fraudulent, your Honor, and we'll have testimony to that with

24   Mr. Karchmer.

25              .  We've been arguing for some time about the validity

234

1    that, sir.  Thank you, though.

2                    MR. SCHWARTZ:  Just double checking.  Thank you,

3    your Honor.

4                    MR. PEEK:  With respect to Mr. Montgomery, I'm

5    assuming that the two hour is my limit of cross.

6                    THE COURT:  Yes.

7                    MR. PEEK:  Ms. Klar may have some redirect of

8    him, I don't know.

9             And then with respect to Mr. Karchmer, we would have

10   two hours on direct, I don't know how much cross.

11                   THE COURT:  All right.  And then so --

12                   MR. PEEK:  And then Mr. Trepp would be an hour

13   and a half at the most.

14                   THE COURT:  So that is five and a half hours.

15                   MS. KLAR:  Your Honor, that doesn't give me very

16   much time for any kind of rebuttal.

17                   THE COURT:  No, it doesn't.  What do you

18   anticipate?  Do you know at this time?

19                   MS. KLAR:  I don't.  I'm assuming that I'm going

20   to have to put an expert on to respond to Mr. Karchmer, and I

21   think I also will have to -- I may have to put testimony on in

22   response to Mr. Trepp, and I would assume that I will be

23   cross-examining Mr. Trepp.

24                   THE COURT:  All right.  Well -- all right.

25             Oh, please hand that extra exhibit -- the record is