1  Robert E. Rohde (WSBA No. 12809)
   Gregory G. Schwartz (WSBA No. 35921)
2  Rohde & Van Kampen PLLC
   1001 Fourth Avenue, Suite 4050
3  Seattle, Washington 98154
   Tel.: (206) 386-7356
4  Fax: (206) 405-2825
   E-mail: brohde@rohdelaw.com
5
   Bridget Robb Peck, NV Bar 3143
6  Lewis and Roca LLP
   50 W. Liberty Street, Ste. 410
7  Reno, NV 89501
   Tel: (775) 823-2900
8  Fax: (775) 823-2929
   E-Mail: bpeck@lrlaw.com
9  Local Counsel

10 Attorneys for Atigeo LLC

11                    UNITED STATES DISTRICT COURT
12                    FOR THE DISTRICT COURT OF NEVADA

13 DENNIS MONTGOMERY, an individual;    )
   and MONTGOMERY FAMILY TRUST, a       ) Case No. 3:06-CV-00056-PMP-VPC
14 California Trust,                    ) BASE FILE
                                        )
15              Plaintiffs,             ) Case No. 3:06-CV-00145-PMP-VPC
                                        )
16     vs.                              ) **ATIGEO'S AND MICHAEL**
                                        ) **SANDOVAL'S OBJECTION TO FORM**
17 ETREPPID TECHNOLOGIES, LLC, a        ) **OF PROPOSED DISMISSAL RELATING**
   Nevada Limited Liability Company;    ) **TO CONFIDENTIALITY OF A**
18 WARREN TREPP, an individual; and the ) **SETTLEMENT**
   UNITED STATES DEPARTMENT OF          )
19 DEFENSE;                             )
                                        )
20              Defendants.             )
   _____ )
21                                      )
   AND RELATED MATTERS.                 )
22 _____ )

## I. INTRODUCTION AND RELIEF REQUESTED

The eTreppid, Montgomery, Opspring, and Blixseth parties have reached an undisclosed settlement and have asked this Court to dismiss claims among those parties with prejudice. *See* Docket No. 866. Thereafter, the Montgomery parties, Ms. Blixseth, and Opspring (collectively the "Montgomery/Blixseth parties"), who have been assigned all remaining claims against Atigeo, LLC and Mr. Sandoval (collectively "Atigeo"), agreed to a dismissal with prejudice of all such claims against Atigeo. Accordingly, all claims have been resolved.

Nonetheless, Atigeo objects to one aspect of the form of dismissal submitted by the eTreppid and Montgomery/Blixseth parties. That proposed order asks this Court to order that the settlement among those parties "shall remain confidential." *See* Docket No. 866-2. If the settling parties mean only that the agreement is confidential as to the rest of the world, Atigeo has no objection. If, however, the proposed order is intended to prohibit Atigeo or Mr. Sandoval from seeking discovery of the terms of the agreement in other litigation, the request is inappropriate for the following reasons.

First, the request is not properly before this Court. Parties may only seek relief from the Court through a properly-noticed and supported motion. Fed. Rule Civ. Proc. 7(b). Here, the settling parties have not filed any motion relating to confidentiality of their undisclosed settlement, let alone offered any support. Indeed, it is unclear how the Court could possibly consider and rule upon the confidentiality of the settlement agreement, at least as to Atigeo, when that agreement has not been presented to the Court.

Second, the issue is not ripe for resolution as the settling parties have not asked the Court to approve the settlement. Nor has any party sought disclosure of the agreement through discovery. Atigeo notes that Mr. Flynn's objection is neither a discovery request nor a properly-noticed and supported motion. Fed. Rule Civ. Proc. 7(b). Nonetheless Atigeo takes no position as to Mr. Flynn's contentions except to submit that any order in response should be without prejudice to Atigeo's rights.

Third, Ms. Blixseth and her companies previously filed claims against Atigeo in Seattle, Washington relating to an agreement among those parties. Ms. Blixseth's claims were dismissed with prejudice. Atigeo then filed claims against Ms. Blixseth and her companies in Seattle pursuant to that same agreement for, among other things, indemnification of the claims asserted against it in this Nevada action. Thus, regardless of the dismissals in this action, the settlement among the eTreppid and Montgomery/Blixseth parties may be relevant and discoverable in continuing litigation in another forum. The potential discoverability of the settlement in another action, however, is again not ripe for resolution as no request for disclosure has been made.

Accordingly, out of an abundance of caution, Atigeo respectfully submits that any order by the Court as to the confidentiality of the settlement agreement should be without prejudice to Atigeo or Mr. Sandoval's right to seek discovery, as appropriate, in other proceedings.

DATED this 1st day of October, 2008.

                                   ROHDE & VAN KAMPEN PLLC

                                   By: s/ Gregory G. Schwartz
                                   Robert E. Rohde, WSBA No. 12809
                                   Gregory G. Schwartz, WSB No. 35921
                                   Attorneys for Defendant, Atigeo LLC
                                   Rohde & Van Kampen PLLC
                                   1001 Fourth Avenue, Suite 4050
                                   Seattle, Washington 98154-1000
                                   Phone: (206) 386-7353
                                   Fax: (206) 405-2825
                                   Email: brohde@rohdelaw.com;
                                   gschwartz@rohdelaw.com

# CERTIFICATE OF SERVICE

I, Gregory G. Schwartz, declare:

I am employed in Seattle, Washington, by the law offices of Rohde & Van Kampen, 1001 Fourth Avenue, Suite 4050, Seattle, Washington. I am over the age of 18 years and not a party to this action.

I herby certify that on October 1, 2008, I caused to be electronically filled the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notification of such filing to the following:

| | |
|---|---|
| Carlotta P. Wells<br>Senior Trail Counsel<br>Federal Programs Branch<br>Civil Division – Room 7150<br>U.S. Department of Justice<br>20 Massachusetts Ave., NW<br>P.O. Box 883<br>Washington, DC 20044<br>Carlotta.wells@usdoj.gov | Randall Sunshine<br>Ellyn Garofalo<br>Liner Yankelevitz Sunshine &<br>Regenstreif, LLP<br>199 Fremont St., 20th Floor<br>San Francisco, CA 94105-2255<br>rsunshine@linerlaw.com<br>egarofalo@linerlaw.com |
| Greg Addington<br>Assistant U.S. Attorney<br>100 W. Liberty Street, Suite 600<br>Reno, Nevada 89501<br>Greg.addington@usdoj.gov | Mark Gunderson<br>5345 Kietzke Lane, Suite 200<br>Reno, Nevada 89511<br>mgunderson@gundersonlaw.com |
| Raphael O. Gomez<br>Senior Trial Counsel<br>Federal Programs Branch<br>Civil Division – Room 6144<br>U.S. Department of Justice<br>20 Massachusetts Ave., NW<br>P.O. Box 883<br>Washington, DC 20044<br>Raphael.gomez@usdoj.gov | Roland Tellis<br>Marshall B. Grossman<br>Heather Ristau<br>Bingham McCutchen LLP<br>The Water Garden, 4th Floor, North Tower<br>1620 26th Street<br>Santa Monica, CA 90404<br>roland.tellis@bingham.com<br>marshall.grossman@bingham.com<br>heather.ristau@bingham.com |
| Stephen Peek<br>Jerry Snyder<br>Adam G. Lang<br>Shane M. Biornstad<br>Holland & Hart, LLP<br>5441 Kietzke Lane, Second Floor<br>Reno, Nevada 89511 | Reid Weingarten<br>Brian Heberlig<br>Robert Ayers<br>Steptoe & Johnson LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-1795<br>rweingarten@steptoe.com |

speek@hollanhart.com
jsnyder@hollandhart.com
alang@hollandhart.com
sbiornstad@hollandhart.com

bheberlig@steptoe.com
rayers@steptoe.com

Bridget Robb Peck
Lewis and Roca, LLP
50 W. Liberty Street, Suite 410
Reno, Nevada 89501
bpeck@lrlaw.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct, and that this declaration was executed on September 17, 2008.

s/ Gregory Schwartz
Gregory Schwartz