J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone:  (775) 327-3000
Facsimile:   (775) 786-6179
speek@hollandhart.com; jsnyder@hollandhart.com;
alang@hollandhart.com; sbiornstad@hollandhart.com

Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
Telephone: (202) 429-3000

Attorneys for eTreppid Technologies, LLC and Warren Trepp

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WARREN TREPP,<br><br>          Plaintiff,<br><br>vs.<br><br>DENNIS MONTGOMERY, BRENDA MONTGOMERY, THE MONTGOMERY FAMILY TRUST, EDRA BLIXSETH, OPSPRING, INC., AND BLXWARE, INC.,<br><br>          Defendants.<br>_____/ | Case No. 3:06-CV-00056-PMP-VPC<br><br>**CONFESSION OF JUDGMENT** |

Pursuant to NRS 17.090 through 17.110, Dennis Montgomery, a citizen of the state of California; Brenda Montgomery, a citizen of the state of California; the Montgomery Family Trust, a citizen of the state of California; Edra Blixseth, a citizen of the state of California;

Page 1 of 4

Opspring, Inc., a Washington Corporation; and Blxware, Inc., a Delaware corporation (collectively "Blixseth") do hereby verify under oath that they, stipulate, confess, and authorize the entry of judgment (the "Judgment") against them, jointly and severally, and in favor of Warren Trepp, a citizen of the state of Nevada, in the amount of five million dollars ($5,000,000.00), as set forth fully in the Promissory Note (the "Note"), which is attached hereto as **Exhibit "A"** and incorporated herein by reference, if and in the event Blixseth fails to provide the collateral described in Paragraph 3.1 of the Note on or before December 15, 2008 or fails to pay Friendly Capital $1,500,000.00 on or before December 8, 2008.

Blixseth further expressly agree that upon the filing of this Confession of Judgment in the above court, judgment may be entered against them, jointly and severally, and in favor of Warren Trepp, by the Clerk of the Court as outlined above. The parties further acknowledge that complete diversity of citizenship exists between the plaintiff and all defendants pursuant to 28 U.S.C. § 1332.

Dated: November ___, 2008.

_____
Dennis Montgomery

_____
Brenda Montgomery

The Montgomery Family Trust

By: _____
Trustees

_____
Edra Blixseth

Opspring, Inc.

By: _____
Its:

Blxware, Inc.

By: _____
Its:

Page 2 of 4

4308482_2.DOC

VERIFICATION

Dennis Montgomery, being first duly sworn, deposes and says that on behalf of the Montgomery Family Trust and on his individual behalf, he has read the foregoing Confession of Judgment and knows the contents thereof; that the same is true of his own knowledge.

DATED this ___ day of November 2008.

_____
Dennis Montgomery

STATE OF _____ )
                    )
COUNTY OF _____ )

Signed and sworn to before me on this ____ day of November 2008, by Dennis Montgomery.

*See attached*

_____
Notary Public

VERIFICATION

Brenda Montgomery, being first duly sworn, deposes and says that on behalf of the Montgomery Family Trust and on her individual behalf, she has read the foregoing Confession of Judgment and knows the contents thereof; that the same is true of her own knowledge.

DATED this ___ day of November 2008.

_____
Brenda Montgomery

STATE OF _____ )
                    )
COUNTY OF _____ )

Signed and sworn to before me on this ____ day of November 2008, by Brenda Montgomery.

*See attached*

_____
Notary Public

Page 3 of 4

4308482_2.DOC

*Holland & Hart LLP*
*5441 Kietzke Lane, Second Floor*
*Reno, Nevada 89511*

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

1. ~~~~
2. ~~~~
3. ~~~~
4. ~~~~
5. ~~~~
6. ~~~~

_____     _____
Signature of Document Signer No. 1           Signature of Document Signer No. 2 (if any)

State of California
County of Riverside

[Notary Seal: ELIZABETH CARRAZCO, Commission # 1783491, Notary Public - California, Riverside County, My Comm. Expires Dec 4, 2011]

Place Notary Seal Above

Subscribed and sworn to ~~(or affirmed)~~ before me on this 19th day of November, 20 08, by

(1) Dennis Montgomery,
    Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me (X) (,)

(and
(2) Brenda Montgomery,
    Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature _____
          Signature of Notary Public

─────────────── **OPTIONAL** ───────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827

VERIFICATION

Edra Blixseth, being first duly sworn, deposes and says that on behalf of Opspring, Inc., Blxware, Inc., and on her individual behalf, she has read the foregoing Confession of Judgment and knows the contents thereof; that the same is true of her own knowledge.

DATED this ___ day of November 2008.

_____
Edra Blixseth

STATE OF _____ )
                      )
COUNTY OF _____ )

Signed and sworn to before me on this _____ day of November 2008, by Edra Blixseth.

_____*See attached*_____
Notary Public

**JUDGMENT**

Pursuant to NRS 17.110, the Clerk of this Court hereby endorses this judgment, and judgment in the amount of Five Million Dollars ($5,000,000.00), together with interest thereon in the amount of the statutory rate until paid, is entered in favor of Warren Trepp and against the defendants, jointly and severally.

_____
CLERK OF THE COURT

4308482_2.DOC

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

1. ~~_____~~
2. ~~_____~~
3. ~~_____~~
4. ~~_____~~
5. ~~_____~~
6. _____

_____        _____
Signature of Document Signer No. 1        Signature of Document Signer No. 2 (if any)

State of California
County of **Riverside**

[Notary Seal: ELIZABETH CARRAZCO, Commission # 1783491, Notary Public - California, Riverside County, My Comm. Expires Dec 4, 2011]

Place Notary Seal Above

Subscribed and sworn to (or affirmed) before me on this **19th** day of **November**, 20**08**, by

(1) **Edra Blixseth**,
Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)()(

(and

(2) _____,
Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature _____
Signature of Notary Public

──────── OPTIONAL ────────

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Further Description of Any Attached Document**

Title or Type of Document: _____

Document Date: _____  Number of Pages: _____

Signer(s) Other Than Named Above: _____

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827

# EXHIBIT "A"

# EXHIBIT "A"

# SECURED PROMISSORY NOTE

$5,000,000 USD                                                                November 18, 2008
5% Interest

      **FOR VALUE RECEIVED**, the undersigned, OPSPRING, INC., a Washington corporation EDRA BLIXSETH, an individual DENNIS MONTGOMERY, an individual BRENDA MONTGOMERY, an individual THE MONTGOMERY FAMILY TRUST, and BLXWARE, INC., a Delaware corporation (collectively referred to herein as "Maker"), jointly and severally, promises to pay to the order of ("Holder"), at 755 Trademark Drive, Reno, Nevada 89521, or such other place as Holder hereof may from time to time designate, the principal sum of FIVE MILLION DOLLARS ($5,000,000.00) ("Principal"), plus interest on the outstanding principal balance at the rate of Five Percent (5%) per annum, in lawful money of the United States of America until fully paid. Principal and Interest shall be due and payable as hereinafter set forth.

    1.      Payment of Principal and Interest.

        1.1.    The Principal of this Note shall be paid in accordance with the following schedule (each a "Payment Date"): (a) on or before September 15, 2009, the sum of ONE MILLION DOLLARS ($1,000,000.00), plus all accrued but unpaid interest on the outstanding principal balance; (b) on or before September 15, 2010, the sum of TWO MILLION DOLLARS ($2,000,000.00), plus all accrued but unpaid interest on the outstanding principal balance; and (c) on or before September 15, 2011, the sum of TWO MILLION DOLLARS ($2,000,000.00), plus all accrued but unpaid interest on the outstanding principal balance.

        1.2.    Maker may prepay the principal balance of this Note, in whole or in part, at any time without penalty or premium, provided that all Interest which has accrued and is outstanding is paid in full at the time of prepayment. Interest not paid when due shall be added to Principal and shall thereafter bear interest at the rate set forth in this Note. Interest payable with respect to any full calendar month shall be calculated on the assumption that such month is a 30-day month in a 360 day year. Interest payable with respect to any period that is less than a full calendar month shall be calculated according to the actual number of days elapsed in such period as a fraction of a 30-day month.

        1.3.    Principal and interest are payable in lawful money of the United States of America.

    2.      Application of Payments. Any payments received by Holder pursuant to the terms hereof shall be applied first to the payment of all Interest accrued to the date of such payment, and the balance, if any, to the payment of Principal.

    3.      Security.

        3.1.    As material inducement to Holder accepting this Note from Maker, no later than December 15, 2008, Maker shall secure this Note by granting a perfected security

1

interest in collateral provided for or on behalf of Maker and acceptable in quality and value to Holder, in Holder's good faith sole discretion, with a verifiable, tangible net fair market value of no less than TEN MILLION DOLLARS ($10,000,000.00) (the "Collateral"). Maker shall provide Holder upon request adequate information for Holder to identify the owner of the collateral and its value, including without limitation evidence of title, copies of appraisals, and copies of all documents evidencing any ownership or other interest in the Collateral. Maker further covenants and agrees to enter into such other agreements as are reasonably necessary or helpful to evidence the security interest in the Collateral and to perfect such security interest in accordance with applicable law, including mortgages, trust deeds, security agreements, pledge agreements and the like, which together with any other agreements, evidencing or pertaining to this Note or the Collateral are collectively referred to as the "Loan Documents"). The Collateral shall secure the payment of this Note and any other liability of Maker for itself or its agents to Holder however evidenced, now existing or hereafter incurred, matured or unmatured, direct or indirect, absolute or contingent, including any extensions and renewals thereof, which Collateral is pledged and a security interest therein granted to Holder, pursuant to the Loan Documents together with all rights to which the owner of the Collateral is now, or may hereafter become, entitled by virtue of owning such Collateral. The proceeds of any Collateral may be applied against any of the liabilities of Maker to Holder in such order of payment as Holder deems proper. To ensure the Collateral is timely provided, the Maker will execute and deliver to Holder simultaneously with the execution of this Note, a fully executed original of a confession of judgment in favor of Holder in the amount of Five Million Dollars ($5,000,000.00); which Holder may file with the court on or after December 15, 2008, if a perfected security interest in Collateral has not been granted by such date, or in the event the FCP Note (defined below) is not paid on or before December 8, 2008.

      3.2.    Except as to any senior security interest in the Collateral existing on the date of its acceptance by Holder, Maker shall not sell, mortgage, encumber, convey or transfer the Collateral, any portion thereof, or any interest therein, nor divest Maker's title to or any interest in the Collateral or any portion thereof in any manner or way, whether involuntarily or by operation of law, nor enter into any agreement to do any of the foregoing (any such event a "Transfer") without the prior written consent of Holder, which consent may be withheld in Holder's sole discretion. In the event of a Transfer without Holder prior written consent, Holder shall have the right (but not the obligation) to declare all amounts payable hereunder (including all remaining Principal and accrued Interest due pursuant to this Note) immediately due and payable and such action by Maker shall immediately constitute an Event of Default under all of the Loan Documents.

      4.    Event of Default. The occurrence of any of the following shall be deemed to be an event of default ("Event of Default") hereunder:

      4.1.    Failure of Maker to provide and grant a perfected security interest the Collateral in accordance with Section 3.1 above by December 15, 2008.

      4.2.    Maker's failure to pay, perform, and/or observe any of the terms, provisions, covenants, or agreements set forth in this Note, or any other Loan Document, including, without limitation, the failure to pay Principal or Interest due hereunder, when due, pursuant to the terms hereof;

    4.3. Any event which is a default described in any of the other Loan Documents; and

    4.4. This Secured Promissory Note is one of a series of notes issued by Maker in connection with that certain Settlement Agreement dated the same date as this Note, specifically a promissory note in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) issued by Maker to eTreppid Technologies, LLC (the "eTreppid Note"), and a promissory note in the amount of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00) issued by Maker to Friendly Capital Partners, L.P. (the "FCP Note"). The occurrence of any event of default described in the eTreppid Note or the FCP Note shall be an Event of Default under this Note.

  5. Remedies.

    5.1. Upon the occurrence of an Event of Default, the entire balance of Principal together with all accrued Interest thereon, shall, without demand or notice, immediately become due and payable, and Holder shall have the right to proceed against any or all of the Collateral as Holder shall see fit, without waiving any rights to any other security. No single or partial exercise of any power contained in this Note or instrument securing this Note shall preclude any other or further exercise thereof or the exercise of any other power. No delay or omission on the part of Holder in exercising any right hereunder or any other right Holder may have in the event of any Event of Default hereunder shall operate as a waiver of such right or of any other right under this Note.

    5.2. Holder may continue to hold any Collateral after the payment of this Note if, at the time of the payment and discharge hereof, Maker is then directly or contingently liable to Holder, and Holder may thereafter exercise all rights with respect to said Collateral granted herein even though this Note shall have been surrendered to Maker.

  6. Holidays. Whenever this Agreement provides for a date, day or period of time on or prior to which actions or events are to occur or not occur, and if such date, day or last day of such period of time falls on a Saturday, Sunday, or legal holiday, then the same shall be deemed to fall on the immediately preceding business day.

  7. Waiver. Each of Maker and any endorsers, guarantors and sureties of this Note hereby expressly and specifically waives diligence, grace, demand for payment, presentment for payment, protest, notice of nonpayment, notice of protest, notice of intent to accelerate, notice of acceleration, notice of dishonor, right to stay of execution, the benefit of any applicable exemption laws, right to setoff, and notice of nonpayment, and all other notices or demands of any kind and expressly agree that, without in any way affecting the liability of Maker, Holder may extend any maturity date or the time for payment of any installment due hereunder, accept additional security, release any person liable, and release any security or guaranty. Each of Maker and any endorsers, guarantors, and sureties of this Note waives, to the full extent permitted by law, the right to plead any and all statutes of limitations as a defense.

  8. Change, Discharge, Termination, or Waiver. No provision of this Note may be changed, discharged, terminated, or waived except in a writing signed by the party against whom

enforcement of the change, discharge, termination, or waiver is sought. No failure on the part of Holder to exercise and no delay of by Holder in exercising any right or remedy under this Note or under the law shall operate as a waiver thereof. No waiver of any provision or consent to any action under this Note shall constitute a waiver of any other provision or consent to any other action, whether or not similar. No waiver or consent shall constitute a continuing waiver or consent or commit a party to provide a waiver in the future except to the extent specifically set forth in writing. Any waiver given by a party shall be null and void if the party requesting such waiver has not provided a full and complete disclosure of all material facts relevant to the waiver requested.

       9.      <u>Attorneys' Fees</u>. If this Note is not paid when due or if any Event of Default occurs, if any party to this Note institutes any action, suit, counterclaim, appeal, arbitration or mediation for any relief against another party, declaratory or otherwise (collectively an "Action"), to enforce the terms hereof or to declare rights hereunder or with respect to any inaccuracies or material omissions in connection with any of the covenants, representations or warranties on the part of the other party to this Note, then the prevailing party in such Action, whether by arbitration or final judgment, shall be entitled to have and recover of and from the other party all costs and expenses of the Action, including reasonable attorneys' fees and costs (at the prevailing party's attorneys' then-prevailing rates as increased from time to time by the giving of advanced written notice by such counsel to such party) incurred in bringing, prosecuting and/or defending such Action all of which shall be deemed to have accrued on the commencement of such Action. A court or arbitrator shall fix the amount of reasonable attorneys' fees and costs upon the request of either party. Any judgment or order entered in any final judgment shall contain a specific provision providing for the recovery of all costs and expenses of suit, including reasonable attorneys' fees and expert fees and costs (collectively "Costs") incurred. The term "prevailing party" within the meaning of this Section includes, without limitation, a party who agrees to dismiss an Action in consideration for the other party's payment of the amounts allegedly due or performance of the covenants allegedly breached, or obtains substantially the relief sought by such party.

      10.     <u>Severability</u>. If any provision of this Note is unenforceable, the enforceability of the other provisions shall not be affected and such other provisions shall remain in full force and effect.

      11.     <u>Interest Rate Limitation</u>. Maker agrees that none of the terms and provisions contained herein shall be construed to create a contract for the use, forbearance or detention of money requiring payment of interest at a rate in excess of the maximum interest rate permitted to be charged by the governmental entity with jurisdiction over the enforcement of the Note. In such event, if any holder of this Note shall collect monies which are deemed to constitute interest which would otherwise increase the effective interest rate on this Note to a rate in excess of the maximum rate permitted to be charged by the laws of said jurisdiction, all such sums deemed to constitute interest in excess of such maximum rate shall, at the option of Holder, be credited to the payment of principal or returned to Maker.

      12.     <u>Notices</u>. All notices hereunder shall be in writing and personally delivered or sent by certified or registered U. S. mail, return receipt requested, postage prepaid, and shall be deemed received three (3) days after deposit in the U. S. mail or upon actual delivery, whichever

is earlier, to the parties hereto at their respective addresses set forth below, or at such other addresses as each of the parties shall from time to time designate in writing to the other party:

>   If to Maker:        LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP
>                       1100 Glendon Avenue, 14th floor
>                       Los Angeles, California 90024-3503
>                       c/o Ellyn S. Garofalo, Esq.
>
>   If to Holder:       WARREN TREPP
>                       755 Trademark Drive
>                       Reno, Nevada 89521
>
>   With copy to:       FRYE & HSIEH, LLP
>                       24955 Pacific Coast Highway, Suite A201
>                       Malibu, California 90265
>                       Attention:  Douglas J. Frye, Esq.

13. <u>Consent to Jurisdiction</u>.

    13.1. The parties hereto agree that all actions or proceedings arising in connection with interpretation, payment or nonpayment of this Note shall be tried and litigated exclusively, in the state and federal courts located in the Washoe County, State of Nevada, United States of America.  This choice of venue is intended by the parties to be mandatory and not permissive in nature, thereby precluding the possibility of litigation between or among the parties with respect to or arising out of the interpretation, payment or nonpayment of this Note in any jurisdiction other than that specified in this Section.  Each party hereto waives any right that it may have to assert the doctrine *forum non conveniens* or similar doctrine or to object to venue with respect to any proceeding brought in accordance with this Section, and stipulates that the state and federal courts located in the the Washoe County, State of Nevada, shall have *in personam* jurisdiction and venue over each of them for the purpose of litigating any dispute, controversy or proceeding arising out of the interpretation, payment or nonpayment of this Note.  Each party hereby authorizes and accepts service of process sufficient for personal jurisdiction in any action against it as contemplated by this Section by means of registered or certified mail, return receipt requested, postage prepaid, to its address for the giving of notices as set forth in this Note, or in the manner set forth in the section of this Note pertaining to notice.  Any final judgment rendered against the party in any action or proceeding shall be conclusive as to the subject of such final judgment and may be enforced in other jurisdictions in any manner provided by law.

    13.2. This note shall be governed in accordance with the laws of the State of Nevada, without reference to its conflict of law provisions.

14. <u>Interpretation</u>.  In this Note the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa.  Headings at the beginning of each numbered section of this Note are intended solely for convenience and are not part of this Note.

15. <u>Time of the Essence</u>.  Time is of the essence to this Note.

16. <u>Joint and Several Obligations</u>.  This Note shall be the joint and several obligation of Maker and of all sureties, guarantors and endorsers of this Note, and shall be binding upon them and their heirs, personal representatives, administrators, successors and assigns.

17. <u>Counterparts</u>. This Note may be signed in counterparts by the Makers, which, taken together, shall be deemed to constitute one and the same Note.

(Completed and signed on following page)

**IN WITNESS WHEREOF**, Maker has executed this Note as of the date first set forth above.

**MAKER:**

Edra Blixseth, an individual

_____

Dennis Montgomery, an individual

_____

Brenda Montgomery, an individual

_____

The Montgomery Family Trust

By: _____

Its: _____ Trustee

Opspring, Inc., a Washington corporation

By: _____

Its: _____

Blxware, Inc., a Delaware corporation

By: _____

Its: _____

7