J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile: (775) 786-6179
speek@hollandhart.com; jsnyder@hollandhart.com;
alang@hollandhart.com; sbiornstad@hollandhart.com

Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone: (202) 429-3000

Attorneys for eTreppid Technologies, LLC and Warren Trepp

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust,<br><br>Plaintiff,<br><br>vs.<br><br>ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA, and DOES 1 through 10,<br><br>Defendants<br>_____/<br>AND RELATED CASE(S)<br>_____/ | Case No. 3:06-CV-00056-BES-VPC<br>**Base File**<br><br>3:06-cv-00145-PMP-VPC<br><br>**ETREPPID TECHNOLOGIES, L.L.C.'S AND WARREN TREPP'S MOTION TO CERTIFY JUDGMENTS** |

eTreppid Technologies, L.L.C. ("eTreppid") and Warren Trepp ("Mr. Trepp") hereby file their Motion to Certify the judgments entered by the Court on December 11, 2008 [Docket Nos. 897 and 898] so that they may register the judgments in other district courts where assets may be located. This Motion is supported by the following points and authorities, and all papers and pleadings filed herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Introduction.**

On December 11, 2008, this Court entered two judgments: one in favor of Warren Trepp [Docket No. 897] and one in favor of eTreppid Technologies, L.L.C. [Docket No. 898]. Although the judgments have been entered in the U.S. District of Nevada, Mr. Trepp and eTreppid (collectively referred to as "eTreppid") seek to register the judgments in other United States district courts (where assets that may be used to satisfy the judgments may be located). 28 U.S.C. 1963 provides that a judgment that is entered by one United States district court may be registered in another United States district court by filing a certified copy of the judgment in the district court "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." Here, eTreppid should not be required to wait until the 30-day appeal period has expired. There is "good cause" for the Court to certify eTreppid's judgments immediately, without waiting the 30-day appeal period because the judgments were entered pursuant to confessions of judgment from which no appeal would or should be taken and that will likely not be appealed and Edra Blixseth ("Ms. Blixseth") has failed to provide the collateral required by the parties' settlement agreement and the secured promissory notes. Indeed, Ms. Blixseth's failure to provide the collateral provides reason to believe that the collateral may be lost or impaired and eTreppid should be permitted to register its judgments in other federal district courts as soon as possible. Accordingly, there is "good cause" to certify eTreppid's judgments without waiting for the "time to appeal" to run and eTreppid respectfully requests that this motion be granted.

///

///

II.     **Legal Argument.**

    A.     Legal Standard.

28 U.S.C. 1963 provides as follows:

> A judgment in an action for the recovery of money or property entered in any [district court] may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . [a] judgment so registered shall have the same effect as a judgment of the district court where registered and may be enforced in like manner.

A district court's decision to certify a judgment for registration is reviewed for an abuse of discretion. There is good cause to certify a judgment based "on an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001) (affirming the district court's order to certify judgment for registration in the district court where substantial assets were located).

    B.     There is Good Cause to Certify eTreppid's Judgments Because the Judgments Will Likely Not be Appealed and the Assets Are Likely in a Different Forum.

If the default provision of 28 U.S.C. 1963 is followed (*i.e.* requiring eTreppid to wait until the time for appeal has expired on January 12, 2009) before eTreppid is allowed to register its judgment in other jurisdictions, there is a high probability that eTreppid's rights will be impaired. Indeed, eTreppid is informed and believes that there is an absence of assets in the State of Nevada and that substantial assets are located in other forums. This is evidenced, at least in part, by the fact that none of the judgment debtors are citizens of the State of Nevada. *See* Confessions of Judgment [Docket Nos. 897, 898] at p. 1. Accordingly, eTreppid is entitled to register the judgments in other district court jurisdictions where assets may be located. Furthermore, eTreppid should be relieved from waiting the 30-day appeal period because the judgments were entered in accordance with the parties' settlement agreement and executed

confessions of judgment and will likely *not be appealed*.[1] This fact, coupled with the strong likelihood that any assets that may be used to satisfy the judgments are likely located outside of the State of Nevada provide "good cause" to allow eTreppid to proceed with certifying the judgments for immediate registration in other district courts.

### III. Conclusion.

For all of the foregoing reasons, eTreppid respectfully requests that its Motion to Certify Judgments be granted.

Dated: December 15, 2008.

/s/
J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile: (775) 786-6179

Reid H. Weingarten, Esq. (D.C. Bar #365893)
Brian M. Heberlig, Esq. (D.C. Bar #455381)
Robert A. Ayers, Esq. (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Attorneys for Plaintiff and Cross-Defendant eTreppid Technologies, L.L.C. and Cross-Defendant Warren Trepp*

---

[1] The fact that the judgment creditor desires to register the judgments before the expiration of the 30 day period does not deny the judgment debtors from taking an appeal. They still have the right to an appeal and can post a supersedeas bond to avoid execution and sale of assets.

## PROOF OF SERVICE

I, Liz Ford, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Holland & Hart LLP. My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511**. I am over the age of 18 years and not a party to this action. I am readily familiar with Holland & Hart LLP's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On December 15, 2008, I caused the foregoing **ETREPPID TECHNOLOGIES, L.L.C.'S AND WARREN TREPP'S MOTION TO CERTIFY JUDGMENTS** to be:

__X__   filed electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

mgunderson@gundersonlaw.com
Gunderson Law Firm
Mark H. Gunderson, Esq.
3895 Warren Way
Reno, Nevada 89509
*Fax No. 775/829-1226*

rsunshine@linerlaw.com;
egarofalo@linerlaw.com
Randall J. Sunshine, Esq.
Ellyn S. Garofalo, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503
*Fax 310/500-3501*

Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC 20044
*Fax No. 202/616-8470*

Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, DC 20044
*Fax 202/616-8470*

Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV 89501
*Fax No. 784-5181*

bpeck@lrlaw.com
Bridget Robb Peck, Esq.
Lewis and Roca, LLP
50 W. Liberty Street, Ste. 410
Reno, Nevada 89501
*Fax No. 775-823-2929*

*heather.ristau@bingham.com;*
*roland.tellis@bingham.com;*
*marshall.grossman@bingham.com*
Heather Ristau, Esq.
Roland Tellis, Esq.
Marshall B. Grossman, Esq.
Bingham McCutchen LLP
The Water Garden
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404
*Fax No. 310-907-2000*

brohde@rohdelaw.com
Robert E. Rohde, Esq.
Rohde & Van Kampen
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154
*Fax No. (206) 405-2825*

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on December 15, 2008.

                                       /s/
                                       Liz Ford

4405555_2

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511