J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone:  (775) 327-3000
Facsimile:   (775) 786-6179
speek@hollandhart.com; jsnyder@hollandhart.com;
alang@hollandhart.com; sbiornstad@hollandhart.com

Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
Telephone:  (202) 429-3000

Attorneys for eTreppid Technologies, LLC and Warren Trepp

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust,<br><br>Plaintiff,<br><br>vs.<br><br>ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA, and DOES 1 through 10,<br><br>Defendants<br>_____/<br>AND RELATED CASE(S)<br>_____/ | Case No. 3:06-CV-00056-BES-VPC<br>**Base File**<br><br>3:06-cv-00145-PMP-VPC<br><br>**ETREPPID TECHNOLOGIES, L.L.C.'S AND WARREN TREPP'S REPLY IN SUPPORT OF MOTION TO CERTIFY JUDGMENTS** |

eTreppid Technologies, L.L.C. (hereinafter referred to as "eTreppid"), by and through its counsel Holland & Hart LLP, hereby submits its Reply in Support of Motion to Certify Judgments [Docket # 899]. This Reply is supported by the following Memorandum of Points and Authorities and all papers and pleadings filed herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Introduction.**

While the Blixseth Parties argue, in their Opposition to The Trepp Parties' Motion to Certify Judgments, that the Trepp Parties have not shown good cause for early certification of the subject judgments by confession, the Blixseth Parties do not even attempt to demonstrate that they would be prejudiced in any way by early certification. Indeed, as the subject judgments are based on confessions, they cannot be subject to a serious attempt to appeal. Notably, the Blixseth Parties do not assert that they may appeal these judgments. Accordingly, there is simply no reason why these judgments should not be certified immediately.

**II.   Argument**

The Blixseth Parties argue that the Trepp Parties have failed to show "good cause" for early certification of the judgments at issue because (1) the mere fact that the judgment creditor will seek to execute against assets in another jurisdiction does not constitute good cause, and (2) the Trepp Parties are already in possession of assets belonging to the Blixseth Parties. However, these arguments are unsupported and should be disregarded.

First, the Court should note that the Blixseth Parties do nothing whatsoever to rebut eTreppid's primary basis for requesting early certification so that the judgments may be registered elsewhere. The judgments at issue were entered pursuant to Confessions of Judgment duly executed by the Blixseth Parties. The Blixseth Parties do not contest the validity of these confessions, nor do they make any attempt to argue that they were not properly entered. Moreover, the Blixseth Parties do not assert that they intend to appeal these judgments. Indeed, it is difficult to conceive of any cognizable basis for appeal of a judgment entered by confession. Accordingly, because these judgments will not be appealed, there is no reason to delay eTreppid's efforts to execute these judgments.

The Blixseth Parties next argue that the mere fact that eTreppid seeks to execute this judgment against parties in another district cannot be used to show good cause for early registration because in any case in which a party seeks to register a judgment in another district, the judgment creditor will be seeking assets in another district. However, this argument ignores the circumstances of this case as a whole: Judgment was entered against the Blixseth Parties because they defaulted their obligation, agreed to in the settlement of this case, to make certain payments to the Trepp Parties. The Blixseth parties also defaulted in their obligation to provide assets to secure the amounts owed to the Trepp Parties under the terms of the settlement agreement. Under these circumstances as a whole, early certification of the judgments is appropriate.

Finally, the Blixseth Parties argue that early registration is not necessary because certain "significant assets" are already in possession of the Trepp Parties. However, the Blixseth Parties support this claim with a declaration of Ellyn Garofalo which was filed under seal and which has not yet been served on counsel for eTreppid. As the Trepp Parties have not been able to review and rebut the information contained in this declaration, they respectfully submit that this Court should not consider it in its consideration of the present motion. Moreover, it is unlikely that the value of any property belonging to the Blixseth Parties will amount to anything more than a small fraction of the amount owed to the Trepp Parties pursuant to the Confessions of Judgment.

Thus, the Blixseth parties have failed to refute eTreppid's showing of good cause for the early certification of judgment. Moreover, the Blixseth Parties have failed to suffer any unfair prejudice in the event that the present motion is granted. Accordingly, eTreppid respectfully requests that this Court immediately certify the subject judgments for registration in other districts.

/ / /

/ / /

/ / /

/ / /

/ / /

### III. Conclusion.

For all of the foregoing reasons, eTreppid respectfully requests that its Motion to Certify Judgments be granted.

Dated: December 22, 2008.

/s/
J. Stephen Peek, Esq.  (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone:  (775) 327-3000
Facsimile:   (775) 786-6179

Reid H. Weingarten, Esq. (D.C. Bar #365893)
Brian M. Heberlig, Esq. (D.C. Bar #455381)
Robert A. Ayers, Esq. (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone:  (202) 429-3000
Facsimile:   (202) 429-3902

*Attorneys for Plaintiff and Cross-Defendant eTreppid Technologies, L.L.C. and* Cross-Defendant Warren Trepp

# PROOF OF SERVICE

I, Cynthia L. Kelb, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Holland & Hart LLP. My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada  89511**. I am over the age of 18 years and not a party to this action. I am readily familiar with Holland & Hart LLP's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On December 22, 2008, I caused the foregoing **ETREPPID TECHNOLOGIES, L.L.C.'S AND WARREN TREPP'S REPLY IN SUPPORT OF MOTION TO CERTIFY JUDGMENTS** to be:

__X___    filed electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

mgunderson@gundersonlaw.com
Gunderson Law Firm
Mark H. Gunderson, Esq.
3895 Warren Way
Reno, Nevada 89509
*Fax No. 775/829-1226*

rsunshine@linerlaw.com;
egarofalo@linerlaw.com
Randall J. Sunshine, Esq.
Ellyn S. Garofalo, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503
*Fax 310/500-3501*

Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC  20044
*Fax No. 202/616-8470*

Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, DC  20044
*Fax 202/616-8470*

Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV  89501
*Fax No. 784-5181*

bpeck@lrlaw.com
Bridget Robb Peck, Esq.
Lewis and Roca, LLP
50 W. Liberty Street, Ste. 410
Reno, Nevada 89501
*Fax No. 775-823-2929*

*heather.ristau@bingham.com*;
*roland.tellis@bingham.com*;
*marshall.grossman@bingham.com*
Heather Ristau, Esq.
Roland Tellis, Esq.
Marshall B. Grossman, Esq.
Bingham McCutchen LLP
The Water Garden
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA  90404
*Fax No. 310-907-2000*

brohde@rohdelaw.com
Robert E. Rohde, Esq.
Rohde & Van Kampen
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154
*Fax No. (206) 405-2825*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on December 22, 2008.

\_\_\_\_/s/_____
Cynthia L. Kelb

4410572_1

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511