J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone:  (775) 327-3000
Facsimile:   (775) 786-6179
speek@hollandhart.com; jsnyder@hollandhart.com;
alang@hollandhart.com; sbiornstad@hollandhart.com

Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone: (202) 429-3000

Attorneys for eTreppid Technologies, LLC and Warren Trepp

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust,<br><br>Plaintiff,<br><br>vs.<br><br>ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA, and DOES 1 through 10,<br><br>Defendants<br>_____/<br>AND RELATED CASE(S)<br>_____/ | Case No. 3:06-CV-00056-BES-VPC<br>**Base File**<br><br>3:06-cv-00145-PMP-VPC<br><br>**ETREPPID TECHNOLOGIES, L.L.C.'S AND WARREN TREPP'S MOTION FOR RELIEF IN AID OF EXECUTION** |

eTreppid Technologies, L.L.C. ("eTreppid") and Warren Trepp ("Mr. Trepp") by and through their undersigned counsel, Holland & Hart LLP, hereby make Motion for Relief in Aid of Execution.

**POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On December 9, 2008, pursuant to the terms of a settlement agreement between the parties, eTreppid and Trepp each recorded a Confession of Judgment against Dennis Montgomery, Brenda Montgomery, the Montgomery Family Trust, Opspring, Inc., Blxware, Inc., and Edra Blixseth (the "Blixseth Parties") (Doc. Nos. 897 and 898). As the Blixseth Parties stated in their Opposition to eTreppid's Motion for Certification of Judgments (Doc. 906), eTreppid is in possession of certain personal property, including "that certain software compression, object detection and anomaly detection software, including, without limitation, all electronic media, source code, contracts, related documents, hard drives, intellectual property, tapes, outputs of any nature in [eTreppid's] possession or under its reasonable control and any other property which was the subject of [eTreppid's] software development and which was licensed and/or sold pursuant to U.S. Government contracts, which it agreed to provide to the Blixseth Parties pursuant to the settlement agreement." (the "Property") eTreppid and Trepp seek to execute their judgments against this personal property. However, as set forth below, the ordinary means of execution are not practicable here.

Accordingly, eTreppid respectfully requests that this Court order that: (1) the property at issue shall be applied toward partial satisfaction of the judgment, (2) eTreppid's claim to this property is superior to that of any other judgment creditors; and (3) allow eTreppid to maintain possession of the property (rather than have the United States Marshall take possession of the Property) pending liquidation of the property or agreement between the parties as to an appropriate way to determine value.

**II.   ARGUMENT**

This Court has entered judgment in favor of eTreppid and against the Blixseth Parties in the amount of $20,000,000.00. The judgment in favor of Trepp is in the amount of $5,000,000. As the Blixseth Parties have asserted, eTreppid is currently in possession of the Property, including a number of computer hard drives, and that the Property is of some value. Indeed, the Blixseth Parties have asserted, through a declaration of counsel, that the Property in eTreppid's

1  possession is worth in excess of $20,00,000.00. While eTreppid believes that the Blixseth
2  Parties' appraisal of the value of this property is inflated by several orders of magnitude,
3  eTreppid and Trepp will execute against this property in partial satisfaction of the subject
4  Judgments.

5        Under ordinary circumstances, eTreppid would cause the United States Marshall to issue
6  a writ of execution, the property would be taken into the Marshall's custody, and sold at public
7  auction in the manner set forth in 28 U.S.C. § 2001 and 2004. Obviously, the purpose of this
8  procedure is to provide a mechanism through which the judgment creditor can realize the fair
9  market value for the property taken pursuant to the judgment.

10       However, this procedure is impractical in the present case for a number of reasons. First,
11 the information contained on the subject hard drives may be subject to the United States
12 Protective Order. As such, it is not clear whether this personal property may be put up for public
13 auction. Second, while the personal property at issue has some value as hardware, most of the
14 value is in the information contained on these drives. This information is of significant value
15 only to the Blixseth Parties, who are in possession of the software source code which is at issue
16 in this litigation. Without this software and other trade secret information, which is in the
17 exclusive possession of the Blixseth Parties, the information on the subject hard drives is likely
18 to be of very limited value on an open market. Accordingly, the "market" for the personal
19 property in eTreppid's possession is, for all practical purposes, extremely limited in scope, and a
20 public auction is unlikely to be an effective mechanism for determining value.

21       Legal authority clearly exists for this Court to order the personal property at issue sold
22 through means other than public auction, and for the proceeds of such sale to be applied in partial
23 satisfaction of the subject judgments. 28 U.S.C. § 2001 and 2004 provide that, after a hearing
24 "the court may order the sale of such [property] at a private sale for cash or other consideration
25 and upon such terms and conditions as the court approves." eTreppid submits that, for the
26 reasons outlined above, a private sale of this property may be more appropriate than a public
27 auction. Notably, Nevada state law provides that the Court may order "any property of the
28 / / /

Case 3:06-cv-00056-PMP-VPC Document 914 Filed 12/29/08 Page 4 of 7

judgment debtor not exempt from execution, in the hands of the debtor or any other person . . . be applied toward the satisfaction of judgment."

However, eTreppid believes that a request for such a hearing is premature pending resolution of questions regarding (1) the nature of the information stored on the subject hard drives, (2) the resolution of any concerns regarding the United States Protective Order, and (3) further negotiations amongst the parties regarding an appropriate mechanism for determination of the value of the subject property.

Nonetheless, because eTreppid believes that there may be other judgment creditors with claims to this personal property, eTreppid and Trepp have, along with the present motion, filed Affidavits and Request for Issuance of Writs of Execution and Writs of Execution of the subject property (**see Exhibits "1" and "2"**). eTreppid and Trepp filed these Writs of Execution in order to secure their judgment creditor's interest in the subject personal property. Because of the considerations outlined above, it is simply impractical for the United States Marshall to enforce the subject writs of execution. Accordingly, eTreppid requests that this Court order as follows:

(1) That eTreppid and Trepp be deemed to have executed the subject judgments against the Property as of the date the Writs of Execution, filed contemporaneously with this motion, are issued.

(2) That the United State's Marshall's office defer enforcement of the subject Writs of Execution pending resolution of a mechanism for liquidating the Property,

(3) That eTreppid is entitled to maintain possession of the Property pending resolution of the manner in which the Property is to be liquidated.

(4) That a mechanism for liquidating the value of the Property will be determined through further proceedings following an effort by the Parties to meet and confer in an attempt to agree on such a mechanism.

/ / /
/ / /
/ / /
/ / /

Page 4 of 7

### III. CONCLUSION

For the foregoing reasons, eTreppid respectfully requests that the present motion be granted.

DATED this 29th day of December 2008

/s/
J. Stephen Peek, Esq.  (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone:  (775) 327-3000
Facsimile:   (775) 786-6179

Reid H. Weingarten, Esq. (D.C. Bar #365893)
Brian M. Heberlig, Esq. (D.C. Bar #455381)
Robert A. Ayers, Esq. (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone:  (202) 429-3000
Facsimile:   (202) 429-3902

*Attorneys for Plaintiff and Cross-Defendant*
*eTreppid Technologies, L.L.C. and*
Cross-Defendant Warren Trepp

# PROOF OF SERVICE

I, Cynthia L. Kelb, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Holland & Hart LLP.  My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511**.  I am over the age of 18 years and not a party to this action.  I am readily familiar with Holland & Hart LLP's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On December 29, 2008, I caused the foregoing **ETREPPID TECHNOLOGIES, L.L.C.'S AND WARREN TREPP'S MOTION FOR RELIEF IN AID OF EXECUTION** to be:

\_X\_\_\_ filed electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

mgunderson@gundersonlaw.com
Gunderson Law Firm
Mark H. Gunderson, Esq.
3895 Warren Way
Reno, Nevada 89509
*Fax No. 775/829-1226*

rsunshine@linerlaw.com;
egarofalo@linerlaw.com
Randall J. Sunshine, Esq.
Ellyn S. Garofalo, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503
*Fax 310/500-3501*

Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC  20044
*Fax No. 202/616-8470*

Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, DC  20044
*Fax 202/616-8470*

Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV  89501
*Fax No. 784-5181*

bpeck@lrlaw.com
Bridget Robb Peck, Esq.
Lewis and Roca, LLP
50 W. Liberty Street, Ste. 410
Reno, Nevada 89501
*Fax No. 775-823-2929*

*heather.ristau@bingham.com;*
*roland.tellis@bingham.com;*
*marshall.grossman@bingham.com*
Heather Ristau, Esq.
Roland Tellis, Esq.
Marshall B. Grossman, Esq.
Bingham McCutchen LLP
The Water Garden
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA  90404
*Fax No. 310-907-2000*

brohde@rohdelaw.com
Robert E. Rohde, Esq.
Rohde & Van Kampen
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154
*Fax No. (206) 405-2825*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on December 29, 2008.

\_\_\_\_/s/_____
Cynthia L. Kelb

4405555_2

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511