Mark H. Gunderson, Esq. (SBN: 2134)
Catherine A. Reichenberg, Esq. (SBN: 10362)
GUNDERSON LAW FIRM
3895 Warren Way
Reno, Nevada 89509
Telephone: (775) 829-1222
Facsimile: (775) 829-1226

Randall J. Sunshine, Esq. (SBN: CA 137363)
Ellyn S. Garofalo, Esq. (SBN: CA 158795)
LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501
ADMITTED PRO HAC VICE

Attorneys for
DENNIS MONTGOMERY, the MONTGOMERY FAMILY
TRUST, EDRA BLIXSETH and OPSPRING LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST, | Case No. 3:06-CV-00056-PMP-VPC BASE FILE |
| Plaintiffs, | (Consolidated with Case No. 3:06-CV-00145-PMP-VPC) |
| vs. | **REPLY TO RESPONSE OF MICHAEL FLYNN TO EMERGENCY MOTION FOR CROSS-EXAMINATION** |
| ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE, | |
| Defendants. | |
| AND RELATED CASES. | |

0039641/001/ 417240v.01

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In his Response to the Montgomery Parties' Emergency Motion to Cross-Examine Mr. Flynn on his Declaration in Support of Motion to Certify Judgment (Docket # 941), Mr. Flynn objects that the Montgomery Parties seek to launch an impermissible "discovery rampage" against him.[1] (Response, first page, lns. 21-22.) This is incorrect. The Montgomery Parties do not seek discovery from Mr. Flynn or any third party. Rather, the Montgomery Parties seek to cross-examine Mr. Flynn on the statements made in his Declaration in Support of Motion to Certify Judgment (the "Declaration"), under penalty of perjury. (Docket # 904.)

Mr. Flynn's is no ordinary declaration.[2] It is littered with serious allegations of fraud and attorney misconduct. Although made under penalty of perjury, the allegations are admittedly asserted on information and belief. If Mr. Flynn is to be allowed to hijack these proceedings and pollute the record with accusations of fraud and misconduct against the Montgomery Parties, as well as Ms. Blixseth and the Liner firm (who are not judgment debtors), he should, at the very least, be required to establish his competence as a witness, and corroborate the so-called "facts" with admissible evidence. Put another way, Mr. Flynn's Declaration should not be permitted to remain in the record unless Mr. Flynn can establish his knowledge of the facts asserted in the Declaration and that his purported knowledge is based upon admissible, credible evidence.

---

[1] Mr. Flynn asserts that the "Court would then have to implement a wholesale discovery plan of the banks, lenders, lawyers, former employees etc who have personal knowledge about the Blixseth/Montgomery financial frauds." (Response, p. 2, lns. 13-15.) The Court will have to do no such thing. The only goal of cross-examination is to corroborate whether Mr. Flynn is competent to testify to the "facts" asserted in his Declaration or whether his statements should be stricken as inadmissible hearsay.

[2] Mr. Flynn states that when a party disagrees with the contents of a pleading, the remedy is a motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Response, p. 6, lns. 26-27.) The Montgomery Parties seek to cross-examine Mr. Flynn not on a pleading, but a sworn declaration. Indeed, the Montgomery Parties have moved to strike the Declaration. (Docket # 924.) As explicitly stated in the Emergency Motion, cross-examination is unnecessary if the bulk of Mr. Flynn's Declaration is stricken. The Montgomery Parties only seek cross-examination if the Court is reluctant to strike the Declaration.

1    Mr. Flynn knows he cannot meet this test and thus vociferously objects to enlightening the
2 Montgomery Parties and the Court of the basis for his knowledge of the "facts" supporting his wild
3 allegations of fraud and deception. Indeed, Mr. Flynn admits that he would need to conduct broad
4 discovery "*to establish the truth*" of his allegations. (Response, p. 6, lns. 12-14 (emphasis added).)
5 This statement proves the Montgomery Parties' point -- that Mr. Flynn had no legitimate basis for
6 swearing to the truth of the allegations in his Declaration. Yet, amazingly, Mr. Flynn takes the
7 position that that he has already sworn to the "facts" under oath, and thus further inquiry is
8 unnecessary.[3] (Response, p. 4, lns. 23-24.) Mr. Flynn again misses the point. Simply swearing to
9 "facts" does not make them true. If this were so, there could be no perjury. "Facts" are established
10 through admissible evidence. Mr. Flynn admits that his Declaration is based primarily on
11 information and belief -- *i.e.*, inadmissible hearsay. Mr. Flynn -- who has elected to make the
12 allegations under penalty of perjury -- bears the burden of supporting those allegations by
13 submitting to cross-examination.[4]

14                                              **II.**

15              **MR. FLYNN'S CROSS-EXAMINATION IS WARRANTED**

16    Stripped of hyperbole, Mr. Flynn's Response opposes cross-examination on the grounds
17 that: (1) the taking of oral testimony is disfavored; (2) the Montgomery Parties, Edra Blixseth and
18 the Liner firm have not refuted the allegations of fraud leveled by Mr. Flynn in his Declaration; and
19 (3) Mr. Flynn is "presumptively entitled to a protective order against being deposed by an
20 adversary." (Response, p. 7, lns. 7-8.) None of these grounds is sufficient to outweigh the
21 compelling need for cross-examination in this case.

---

[3] Mr. Flynn also seems to think that the Montgomery Parties are seeking to depose him. They are not. The Montgomery Parties are seeking an evidentiary hearing to cross-examine Mr. Flynn on the statements made in his Declaration. The Montgomery Parties are not seeking any other discovery.

[4] Mr. Flynn's Response includes a dissertation of "pertinent, unrefuted facts." These are not "facts" as Mr. Flynn has not presented competent admissible evidence establishing these "facts." There is no authority for Mr. Flynn's tautological claim that hearsay allegations are "facts" until proven otherwise by an opposing party. Indeed, Mr. Flynn has not made the threshold showing that any of the "facts" he asserts are based on personal knowledge or other admissible evidence.

2

0039641/001/ 417240v.01

A. **The Court Has the Discretion to Allow Cross-Examination to Establish the Credibility of a Declarant's Sworn Statements.**

As noted in the Montgomery Parties' Emergency Motion (Docket # 925), Rule 43(c) of the Federal Rules of Civil Procedure permits a federal district court to take oral testimony "When a motion relies on facts outside the record." Mr. Flynn, however, maintains that Rule 43(d) "militates against taking oral testimony on this Motion." (Response, p. 5, ln. 27.) Rule 43(d) does no such thing. Rule 43(d) merely authorizes the Court to appoint an interpreter in the appropriate case. And, in fact, nothing in Rule 43 "militates" or cautions against the taking of oral testimony. The express language of the Rule merely vests the district court with the authority to do so.

Nonetheless, the Montgomery Parties do not dispute Mr. Flynn's premise that oral testimony is generally disfavored and should be used only in limited and appropriate circumstances including where, as here, questions of credibility predominate. *See United Commercial Insurance Service, Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (1992); *In re Bryan*, 261 B.R. 240, 247-48 (9th Cir. 2001). In fact, district courts, including this one, routinely permit evidentiary hearings where oral testimony is elicited from parties in connection with pending motions. This Court, for instance, permitted Mr. Flynn to examine witnesses, including Mr. Montgomery and his lawyers, in connection with Mr. Flynn's Motion for Sanctions.

Here, Mr. Flynn's oral testimony is crucial to protect the integrity of the record and this Court. Mr. Flynn has leveled highly inflammatory allegations of fraud and deceit against opposing counsel, Mr. Montgomery and Ms. Blixseth. The allegations are based on facts outside the record and are admittedly asserted on information and belief, not on Mr. Flynn's personal knowledge. Mr. Flynn's Declaration does not establish his competency to testify on these facts and Mr. Flynn has not submitted any authenticated documentary evidence to support the allegations. This is precisely the circumstance where cross-examination is not only justified, but warranted.

In fact, Mr. Flynn implicitly concedes that he lacks admissible evidence of the myriad of accusations leveled against the Montgomery Parties, Ms. Blixseth and the Liner firm. Mr. Flynn expressly states that, "If Mr. Flynn is cross-examined, which should not occur, then he should be permitted to conduct discovery of Blixseth, Montgomery, the lenders, Klar, the Liner partners, (like

Mr. Yankelevitz), *etcetera to establish the truth."* (Response, p. 6, lns. 12-14 (emphasis added).) Mr. Flynn, of course, should have known his statements were true *before* he made them under penalty of perjury. The fact that Mr. Flynn now seeks massive discovery to "establish the truth" of "facts" he has already sworn to be true, speaks volumes about the evidentiary value of Mr. Flynn's Declaration and Mr. Flynn's own credibility as a witness.

Given Mr. Flynn's admission, it is simply inconceivable that there could be a stronger case for oral testimony to establish the credibility of "facts" asserted in a declaration than the one presented here -- where an attorney admits that he submitted a sworn declaration without evidence of the truth of his averments.

**B.   The Montgomery Parties Do Not Bear the Burden of Refuting Unsubstantiated Hearsay Allegations; Mr. Flynn Bears the Burden of Establishing Their Credibility Through Admissible Evidence.**

The lion's share of Mr. Flynn's Response, like all of the papers he has filed in connection with his award of attorney's fees against the Montgomery Parties, is dedicated to Edra Blixseth's finances and alleged lender fraud. Ms. Blixseth, however, is not a judgment debtor and her finances, whatever their state, are irrelevant to Mr. Flynn's ability to satisfy his judgment against the Montgomery Parties. What is before the Court (and what Mr. Flynn is trying desperately to obscure) is that he has a claim against the Montgomery Parties for unpaid legal fees -- not a grandiose conspiracy by Ms. Blixseth to defraud Mr. Flynn, lenders, the government, the Court and the public. As noted in the Montgomery Parties' Evidentiary Objections and Motion to Strike, allegations relating to Ms. Blixseth's alleged financial "fraud" should be stricken on relevance grounds. (Docket # 924.)

Mr. Flynn's Declaration, Motion to Certify and Response are silent as to any loan or lender relationship involving the Montgomery Parties. The best Mr. Flynn can do is opaquely refer to the "Blixseth/Montgomery lender fraud" (Response, p. 2, ln. 8), "Montgomery's role in securing banks loans with Blixseth based on his purported technology" (Response, p. 3, lns. 14-15) and "financial collusion and concealment between [Mr. Montgomery and Ms. Blixseth]" (Response, p.3, ln. 2). However, there is no specific allegation that the Montgomery Parties are parties to or co-obligors

4

on any Blixseth loan, guaranteed any loan, received the proceeds from any loan or in any way participated in obtaining or securing loans or other financings extended to Ms. Blixseth or any related party. Nowhere does Mr. Flynn identify a single loan on which Mr. Montgomery or the Montgomery Parties were borrowers, much less one in which the Montgomery Parties purportedly defrauded a lender. Nor does Mr. Flynn cite a whit of evidence that Mr. Montgomery had any participation whatsoever in any loan transaction involving Ms. Blixseth.

Contrary to Mr. Flynn's contention, it is not the Montgomery Parties' burden to "refute" unsupported allegations in a sworn declaration in order to prove or disprove their veracity; particularly allegations relating to third parties.[5] A declaration must contain admissible evidence, based on personal knowledge. Mr. Flynn admits he lacks personal knowledge, and Mr. Flynn has failed to present admissible documentary or other evidence to support his allegations. Absent firsthand knowledge, or admissible authenticated documentary evidence, Mr. Flynn's declaration has no evidentiary value and should be stricken. If the Court is not inclined to strike the declaration, the record must be augmented by Mr. Flynn's testimony on the source and credibility of his sworn statements.

**C.    Mr. Flynn Is Not Entitled to a Protective Order.**

Mr. Flynn also contends that as counsel for himself, he is "presumptively entitled to a protective order against being deposed by an adversary."[6] To support this notion, Mr. Flynn cites *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). There, Plaintiffs sought to depose in-house counsel for an automobile manufacturer in a wrongful death case. The Court held that the Federal Rules of Civil Procedure do not prohibit the taking of opposing counsel's deposition. However, such depositions should be taken only in limited circumstances where the information is (1) unavailable from other sources; (2) relevant and non-privileged; and (3) crucial

---

[5] Nor is it the obligation of third parties to the judgment, and Mr. Flynn's Motion to Certify, such as Ms. Blixseth and the Liner firm, to refute uncorroborated, hearsay statements in Mr. Flynn's Declaration.

[6] Mr. Flynn had no such scruples when he examined Ms. Pham in open court or now when he seeks to depose Ms. Klar and other lawyers at the Liner firm who, unlike Mr. Flynn, are neither parties to this action nor declarants on the substantive facts.

to the preparation of the case. *Id.* at 327. *See also*, *Boughton v. Cotter Corp.*, 65 F.3d 823, 831 (10th Cir. 1995) (applying *Shelton* criteria to conclude that examination of opposing counsel at trial was not warranted).

*Shelton* does nothing to advance Mr. Flynn's cause. First and foremost, Mr. Flynn is not merely opposing counsel. He is a party (or interested party) to these proceedings. Moreover, unlike the counsel in *Shelton*, Mr. Flynn elected to make himself a witness by submitting a fact declaration. As a party who submitted a declaration on substantive facts, Mr. Flynn cannot now hide behind the mantle of opposing counsel to avoid being examined on his knowledge of the "facts" stated in his Declaration.

Second, even assuming that the *Shelton* factors apply to an attorney who is a party, the *Shelton* factors weigh against an order protecting Mr. Flynn from having to corroborate his Declaration. Only Mr. Flynn can testify about his personal knowledge of the facts stated in his Declaration. The information sought from Mr. Flynn is relevant to the Declaration filed by Mr. Flynn in support of his Motion to Certify Judgment. The information disclosed in the Declaration is not privileged and, if there were an applicable privilege, it was waived by Mr. Flynn's disclosure of the information in his Declaration. And, Mr. Flynn's knowledge of the facts set forth in his Declaration is crucial to his claim that he is entitled to certification because assets are being concealed or dissipated, issues concerning Mr. Flynn's judgment and his right to certification of that judgment. Thus, the *Shelton* factors weigh in favor of Mr. Flynn's cross-examination.

**D.      Mr. Flynn's Vexatious Filings Should be Curtailed.**

On a final note, Mr. Flynn has repeatedly feigned outrage at vexatious litigation and the Montgomery Parties' relentless filing of "harassing motions." (Response, p. 7, ln. 17.) Perhaps Mr. Flynn should check the docket more carefully as he seems unaware of the fact that he has filed the equivalent of five motions since the September 17, 2008 settlement of the underlying Montgomery/eTreppid litigation.[7] The Montgomery Parties have filed one -- the motion to cross-

---

[7] (1) Motion to Retain Jurisdiction (Docket # 860); (2) an objection to the proposed stipulation re dismissal styled as a "Response to Stipulation and Proposed Order (Docket # 878); (3) Memorandum of Points and Authorities to Convert Lien and Orders to Judgment (Docket
(Continued...)

6

examine -- and even that motion was in response to a filing by Mr. Flynn. In fact, the Montgomery Parties agree with Mr. Flynn that too many "harassing motions" have been filed. Accordingly, the Montgomery Parties respectfully urge this Court exercise its inherent authority to control proceedings before it by entering a protective order prohibiting Mr. Flynn from filing any further pleadings in this matter.

### III.
### CONCLUSION

For the foregoing reasons, and those set forth in their Emergency Motion, the Montgomery Parties respectfully request that the Court grant the Montgomery Parties' Emergency Motion and enter an order directing Mr. Flynn to appear for cross-examination on the facts set forth in his Declaration in Support of Motion to Certify Judgment.

Dated: January 22, 2009

Respectfully submitted,

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By: /s/ Ellyn S. Garofalo
Ellyn S. Garofalo
Attorneys for DENNIS MONTGOMERY,
the MONTGOMERY FAMILY TRUST,
EDRA BLIXSETH and OPSPRING LLC

---

(...Continued)
# 882); (4) Motion to Certify Judgment (Docket # 903); and (5) Motion to Compel Discovery (Docket # 908).

7

0039641/001/ 417240v.01

# CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the Law Offices of Liner Yankelevitz Sunshine & Regenstreif LLP, and that on January 22, 2009, I caused to be served the within document described as **REPLY TO RESPONSE OF MICHAEL FLYNN TO EMERGENCY MOTION FOR CROSS-EXAMINATION** on the interested parties in this action as stated below:

| | |
|---|---|
| J. Stephen Peek, Esq.<br>Jerry M. Snyder, Esq.<br>Adam G. Lang, Esq.<br>Shane M. Biornstad, Esq.<br>Holland & Hart LLP<br>5441 Kietzke Lane, Second Floor<br>Reno, Nevada  89511<br>(775) 327-3000; 786-6179 - FAX<br>speek@hollandhard.com;<br>jsnyder@hollandhartcom,<br>alang@hollandhart.com,<br>sbiornstad@hollandhart.com<br>Attorneys for eTreppid and Warren Trepp | Carlotta P. Wells, Sr. Trial Counsel<br>U.S. Dept. of Justice<br>Fed.Programs Branch<br>Civil Division, Room 7150<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-4522; 616-8470 - FAX<br>E-mail:  Carlotta.wells@usdoj.gov<br>Attorneys for Department of Defense |
| Reid H. Weingarten, Esq.<br>Brian M. Heberlig, Esq.<br>Robert A. Ayers, Esq,<br>Steptoe & Johnson, LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C.  20036-1795<br>(202) 429-3000; (202) 429-3902 - FAX<br>rweingarten@steptoe.com;<br>bheberlig@steptoe.com; rayers@steptoe.com<br>Attorneys for eTreppid and Warren Trepp | Raphael O. Gomez, Esq., Sr. Trial Counsel<br>U.S. Dept. of Justice, Fed. Programs Branch<br>Civil Division, Room 6144<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-1318; 616-8470 - FAX<br>E-mail:  raphael.gomez@usdoj.gov<br>Attorneys for Department of Defense |
| Greg Addington, AUSA<br>U.S. DEPARTMENT OF JUSTICE<br>100 W. Liberty Street. Suite 600<br>Reno, Nevada  89501<br>E-mail:  Greg.addington@usdoj.gov<br>(775) 784-5181 - FAX<br>Attorneys for Department of Defense | Bridget Robb Peck, Esq.<br>Lewis and Roca LLP<br>50 West Liberty Street, Suite 410<br>Reno, Nevada  89501<br>Tel:  (775) 823-2900; Fax:  (775) 823-2929<br>bpeck@lrlaw.com<br>Attorneys for Atigeo LLC & Michael Sandoval |
| Roland Tellis, Esq.<br>Marshall B. Grossman, Esq.<br>Heather L. Ristau, Esq.<br>Bingham McCutchen LLP<br>1620 26th Street, Fourth Floor, North Tower<br>Santa Monica, CA  90404-4060<br>Fax:  (310) 907-2143<br>E-mail:  roland.tellis@bingham.com;<br>marshall.grossman@bingham.com;<br>heather.ristau@bingham.com<br>Attorneys for Michael Sandoval | Robert E. Rohde, Esq.<br>Gregory Schwartz, Esq.<br>Rohde & Van Kampen<br>1001 Fourth Avenue, Suite 4050<br>Seattle, Washington  98154<br>Fax:  (206) 405-2825<br>E-mail:  brohde@rohdelaw.com,<br>gschwartz@rohdelaw.com<br>Attorneys for Atigeo LLC |
| Michael J. Flynn, Esq.<br>P.O. Box 690, 6125 El Tordo<br>Rancho Santa Fe, CA  92067<br>One Center Plaza, Suite 240<br>Boston, MA  02129<br>Fax: (858) 759-0711<br>E-mail:  mjfbb@msn.com | |

0039641/001/ 417240v.01

1  ☒     **[ELECTRONIC]**  By filing the document(s) electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document(s) to the persons listed above at their respective email address.

   I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

   Executed on January 22, 2009, at Los Angeles, California.

| Ellyn S. Garofalo | /s/ Ellyn S. Garofalo |
|---|---|
| (Type or print name) | (Signature) |

0039641/001/ 417240v.01