**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY, et al., ) | 3:06-CV-0056-PMP (VPC) |
| Plaintiffs, ) | |
| ) | **ORDER** |
| vs. ) | |
| ETREPPID TECHNOLOGIES, LLC, et al., ) | |
| Defendants. ) | |

Michael Flynn, ("Mr. Flynn") former counsel for plaintiffs, Dennis Montgomery and the Montgomery Family Trust ("plaintiffs") moved to establish procedures to comply with Nevada Rules of Professional Conduct 3.3(a)(3) and (b) (#540). Plaintiffs opposed (#588), and Mr. Flynn replied (#605).

On September 17, 2008, this court convened a settlement conference in this proceeding, which resulted in a settlement between plaintiffs and defendants, eTreppid Technologies, LLC and Warren Trepp ("defendants") (#856). Thereafter, the Clerk of Court entered judgment against plaintiffs and in favor of defendants, eTreppid Technologies, LLC and Warren Trepp (#898).

On October 9, 2008, this court set a hearing on a proposed stipulation for dismissal and objections thereto, and invited the parties and interested parties to submit memoranda addressing the effect of dismissal on, among other matters, Mr. Flynn's Rule 3.3 motion. Plaintiffs and defendants filed responses (#884 & 886), and Mr. Flynn filed responses (#878 & #882).

On November 19, 2008, this court held a status conference to consider outstanding matters, including Mr. Flynn's Rule 3.3 motion (#891). Notwithstanding this settlement and entry of judgement, this court retained jurisdiction over certain matters, including Mr. Flynn's Rule 3.3 motion (#962). The court now considers Mr. Flynn's Rule 3.3 motion in light of the settlement and subsequent entry of judgment between the parties to this proceeding.

Rule 3.3 provides that:

    (a)    A lawyer shall not knowingly:

          \*    \*    \*

        (3)    Offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

    (b)    A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

Rule 3.3 is based on Rule 3.3 of the ABA Model Rules of Professional Conduct ("Model Rule 3.3"), and Comment 2 to Model Rule 3.3 provides some clarity to the purpose of the rule:

> The Rule sets forth the special duties of lawyers as officers of the court to avoid conduct that undermines the integrity of the adjudicative process. A lawyer acting as an advocate in an adjudicative proceeding has an obligation to present the client's case with persuasive force. Performance of that duty while maintaining confidences of the client, however, is qualified by the advocate's duty of candor to the tribunal. *Consequently, although a lawyer in an adversary proceeding is not required to present an impartial exposition of the law or to vouch for the evidence submitted in a cause, the lawyer must not allow the tribunal to be misled by false statement of law or fact or evidence that the lawyer knows to be false.*

(Emphasis added).

Comment 10 is also instructive concerning the purpose of Rule 3.3 and obligates a lawyer to take steps necessary to prevent admission of false testimony or evidence by either counseling the client, withdrawing from the representation, and/or bringing the false evidence to the Court's attention. The court must then decide what measures may be required to keep such evidence from influencing the trier of fact:

> Having offered material evidence in the belief that it was true, a lawyer may subsequently come to know that the evidence is false. Or, a lawyer may be surprised when the lawyer's client, or another witness called by the lawyer, offers testimony the lawyer knows to be false, either during the lawyer's direct examination or in response to cross-examination by the opposing lawyer. In such situations or if the lawyers knows of the falsity of the testimony elicited from the client during a deposition, the lawyer must take reasonably remedial measures. In such situations, the

2

> advocate's proper course is to remonstrate with the client confidentially, advise the client of the lawyer's duty of candor to the tribunal and seek the client's cooperation with respect to the withdrawal or correction of the false statements or evidence. If that fails, the advocate must take further remedial action. If withdrawal from the representation is not permitted or will not undo the effect of the false evidence, the advocate must make such disclosure to the tribunal as is reasonably necessary to remedy the situation, even if doing so requires the lawyer to reveal information that otherwise would be protected by Rule 1.6. *It is for the tribunal then to determine what should be done – making a statement about the matter to the trier of fact, ordering a mistrial or perhaps nothing.*

(Emphasis added).

Based upon the foregoing, the court finds that the purpose of Rule 3.3 is to prevent or remedy the submission, or threatened submission, of false evidence that would mislead the court or the trier of fact in an ongoing proceeding. Comment 13 to ABA Model Rule 3.3 notes that the logical end point of an attorney's obligation to rectify false evidence or false statement of law and fact ends with the conclusion of the litigation: "when a final judgment in the proceeding has been affirmed on appeal or the time for review has passed."

Here, the substantive claims between the parties have been resolved by settlement and subsequent entry of judgment. Thus, since the substantive claims in the action have been settled and judgment has been entered, the court finds that this proceeding is concluded for purposes of Rule 3.3. No evidence will ever be presented to a jury, and such evidence will not weigh in any court rulings concerning the merits of the parties' substantive claims. Since no further evidence will be submitted, the Rule 3.3 motion cannot prevent the submission of evidence that will mislead the court.

Based upon the foregoing, and for good cause appearing, Mr. Flynn's Rule 3.3 motion (#540), is **DENIED as moot.**

**IT IS SO ORDERED.**

DATED:   February 20, 2009.

_____
UNITED STATES MAGISTRATE JUDGE