**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY, et al., ) | 3:06-CV-0056-PMP (VPC) |
| Plaintiffs, ) | |
| ) | **ORDER** |
| vs. ) | |
| ETREPPID TECHNOLOGIES, LLC, et al., ) | |
| Defendants. ) | |

Before the court is the motion of interested party, Michael Flynn ("Mr. Flynn") for orders compelling discovery and debtors examination (#908). Dennis Montgomery and the Montgomery Family Trust ("Montgomery parties"), Edra Blixseth, and Opspring LLC responded (#932) and Mr. Flynn replied (#945).

Rule 69 of the Federal Rules of Civil Procedure permits discovery from the judgment debtor and/or third persons. *Danning v. Lavine*, 572 F.2d 1386, 1389-90 (9th Cir. 1978); *1st Technology, LLC v. Rational Enterprises LTDA*, 2007 WL 5596692, *4 (D. Nev. 2007). Local Rule IB 1-9(k) authorizes this court to conduct judgment debtor examinations and to preside over proceedings to enforce civil judgments. The court has broad discretion to limit discovery, including discovery pursuant to Rule 69. *See* Fed.R.Civ.P. 69(a)(2). Rule 26 further provides that protective orders may be entered to limit the scope of a deposition and to require that highly sensitive or confidential information is maintained as confidential. *See* Fed.R.Civ.P. 26(c)(1)(D) and (c)(G). Thus, the court has discretion to issue a protective order limiting the scope and accessibility of information sought in such proceedings. In addition to potential confidentiality concerns typically attendant to post-judgment proceedings, there are also United States protective orders (#s 252 & 253), which remain in effect.

Mr. Flynn seeks broad discovery to satisfy his judgment against the Montgomery parties. In addition to the Montgomery parties, Mr. Flynn seeks discovery from third parties, including Edra Blixseth, Opspring LLC, Blxware, Andrus Burgyan, Jory Russell, Jack Scalia, Bill Manak, Brian Montgomery, Steven Montgomery, Kathleen Montgomery, "and/or any individual who has been

involved in the receipt or disbursement of monies to the Montgomery parties over the amount of five thousand dollars" (#908). In his reply memorandum, Mr. Flynn proposes that such discovery be staged (#945).

The court finds that at this early stage in the post-judgment process, the discovery sought is too broad, and that the initial focus of discovery should be on the judgment debtors themselves. Having considered the parties' papers, and for good cause appearing, Mr. Flynn's motion for order compelling discovery and debtor examinations (#945) is **GRANTED IN PART AND DENIED IN PART** as follows:

**A.     Document Production**

Mr. Flynn may request production of the following documents:

1. The production from Dennis Montgomery, Brenda Montgomery and the Montgomery Trust (The "Montgomery parties") of all tax returns for the years 2006 through the present, including all schedules, W-2's and 1099's.

2. The production from the Montgomery parties of all their checkbooks, and checkbook stubs and entries for the years 2006 to the present.

3. The production from the Montgomery parties of all their bank statements, cancelled checks and related banking documents for the years 2006 through the present.

4. The production from the Montgomery parties of all accounting records, computerized and/or in printed or paper format for the years 2006 through the present.

5. The production from the Montgomery parties of all financial records received from casinos or any other financial institution subject to the Bank Secrecy Act, for the years 2006 through the present, including but not limited to credit, deposit, or check cashing account records, currency transaction reports, ("CTRC"), W-2G's. chip redemptions, and/or any other records received from any casinos.

### B. Protective Order

The court finds good cause exists for a protective order to issue, which shall provide for the confidentiality of any financial or confidential information disclosed in discovery to limit its dissemination and use and to insure compliance with the United States protective order. The court is concerned that none of the financial information disclosed pursuant to this order be disseminated to any third parties; therefore, the protective order shall include a provision for resolution of violations of the order. No later than ten business days from the date of this order, or by **March 11, 2009,** counsel for the parties shall meet and confer for the purpose of submitting a stipulated protective order, and they shall also confer with counsel for the United States. To the extent they agree on the terms of the protective order, it shall be filed with the Clerk of Court no later than **March 16, 2009.** If the parties cannot agree, they shall file their respective proposed protective orders on that same date for the court's review. Thereafter, a protective order shall be issued.

### C. Deadline for Document Production

The Montgomery parties shall have forty-five days from the date this court issues the protective order to produce the documents described herein.

### D. Depositions of Judgment Debtors

After receipt of the documents described herein, Mr. Flynn shall have leave to take the depositions of the judgment debtors in accordance with Fed.R.Civ.P. 69 and LR IB 1-9.

If at the conclusion of this post-judgment discovery, Mr. Flynn wishes to renew his request for additional discovery, he has leave to do so.

**IT IS SO ORDERED.**

DATED: February 25, 2009.

_____
UNITED STATES MAGISTRATE JUDGE