Mark H. Gunderson, Esq. (SBN: 2134)
Catherine A. Reichenberg, Esq. (SBN: 10362)
GUNDERSON LAW FIRM
3895 Warren Way
Reno, Nevada 89509
Telephone: (775) 829-1222
Facsimile: (775) 829-1226

Randall J. Sunshine, Esq. (SBN: CA 137363)
Ellyn S. Garofalo, Esq. (SBN: CA 158795)
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501
ADMITTED PRO HAC VICE

Attorneys for
DENNIS MONTGOMERY, the MONTGOMERY FAMILY TRUST, EDRA BLIXSETH and OPSPRING LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST,<br><br>    Plaintiffs,<br><br>vs.<br><br>ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>    Defendants.<br><br>AND RELATED CASES. | Case No. 3:06-CV-00056-PMP-VPC<br>BASE FILE<br><br>(Consolidated with Case No. 3:06-CV-00145-PMP-VPC)<br><br>**STIPULATED PROTECTIVE ORDER** |

0039641/001/ 422357v.01

On December 16, 2008, the Court entered judgment in favor of interested party Michael Flynn ("Mr. Flynn") against Dennis Montgomery, Brenda Montgomery and the Montgomery Family Trust (collectively, the "Judgment Debtors") in the amount of $628,812.15 (the "Judgment"). On February 25, 2009, the Court entered an order permitting Mr. Flynn to conduct judgment debtor exams of the Judgment Debtors and directing the Judgment Debtors to produce five categories of documents (Docket # 968) (the "Order"). In order to provide for the confidentiality of any financial, proprietary or other confidential information disclosed in such discovery, to limit its dissemination and use to and by Parties to the Judgment, and to insure compliance with the United States protective order, Mr. Flynn and the Judgment Debtor (collectively, the "Parties"), hereby submit the following Stipulated Protective Order which shall govern any document, information or other thing furnished by any Party in connection with the Order and/or any further order by the Court relating to post judgment discovery or proceedings.

**1. Proceedings and Information Governed.**

This Order shall govern any documents, information or other thing furnished by either Party, including a Party's representatives, in connection with the Order and any further order by the Court for discovery in these post judgment proceedings. The information so governed includes, but is not limited to, responses to requests to produce documents or other things, deposition testimony and exhibits, all copies, extracts, summaries, compilations, designations and portions thereof and any other discovery permitted by the Court. The Order does not govern proceedings before the Court nor does it prohibit any party from seeking a protective order to govern proceedings before the Court.

**2. Designation of Information for Protection Under This Order.**

(a) All financial documents and information produced by any Party in these post judgment proceedings shall be deemed "Confidential - Attorneys' Eyes Only", whether or not expressly designated as such by the Party furnishing the information. Any other information produced in this post-judgment proceeding that is reasonably believed by the producing party to be nonpublic, proprietary or confidential may be designated by the producing party as "Confidential Information" or "Confidential - Attorneys' Eyes Only." Such designation may be made by

1

stamping or otherwise marking the material prior to production as follows: "Confidential Information" or "Confidential - Attorneys' Eyes Only." In the case of written material, documents or tangible items, the designation "Confidential Information" or "Confidential - Attorneys' Eyes Only" shall be made by the producing party at the time the receiving party is provided a copy of the writing or thing.  For multiple page documents, the designation "Confidential Information" or "Confidential - Attorneys' Eyes Only," shall be made on the first page of the documents, but shall apply to all pages of such documents unless expressly provided otherwise by the producing party. In the case of deposition testimony, a party seeking to invoke the protection of this order as to "Confidential" or "Confidential - Attorneys' Eyes Only" information shall give prompt notice thereof at the initiation, conclusion, termination, or suspension of said deposition of testimony or portion of testimony that is designated as "Confidential" or "Confidential - Attorneys' Eyes Only". In the event such notice is given, the provisions of paragraphs 3, 4  and 5 below shall apply.

(b)     Where it is determined that "Confidential Information" or "Confidential - Attorneys' Eyes Only" information has been produced, but not initially designated as such, the "Confidential Information" or "Confidential - Attorneys' Eyes Only" information can be designated as such in writing at a later date, each party shall make a reasonable effort to retrieve documents containing the later designated "Confidential Information" or "Confidential - Attorneys' Eyes Only" information and otherwise insure that persons to whom the "Confidential Information" or "Confidential - Attorneys' Eyes Only" information has been disclosed will treat such documents accordingly.

**3.     Disclosure of "Confidential - Attorneys' Eyes Only" Information.**

Confidential - Attorneys' Eyes Only information shall not be disclosed to any Party or third party without prior Court approval, except as required pursuant to the U.S. Protective Order.  The Party seeking Court approval for the use or disclosure of Confidential - Attorneys' Eyes Only Information, shall file a noticed motion with the Court, under seal, identifying the documents or information to be disclosed and the person or persons to whom the Confidential - Attorneys' Eyes Only information is to be disclosed and specifying the need for the disclosure or use of the Confidential - Attorneys' Eyes Only information.  The Court shall then determine whether

2

00039641/001/ 422357v.01

disclosure of the Confidential - Attorneys' Eyes Only Information is warranted. Any hearing which refers to or described Confidential - Attorneys' Eyes Only information may at the Court's discretion, be held in camera.

**4. Disclosure of Confidential Information.**

Information that is designated "Confidential Information" (but which is not marked "Confidential - Attorneys' Eyes Only") may be disclosed by the receiving Party only to:

(a) The attorneys of record in this proceeding, each Party's in-house counsel, and any attorneys retained by the Parties in this action to consult on the action, and their respective associates, clerks, legal assistants, stenographic and support personnel, and organizations retained by such attorneys to provide support services in this action and the employees of said organizations;

(b) Independent experts and consultants retained in this proceeding and the employees of such experts and consultants who are assisting them;

(c) The officers, directors and employees of a Party;

(d) Persons who were the authors or recipients of such documents; and

(e) Such other persons as hereafter may be designated by written agreement of all Parties in this action or by order of the Court, obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure;

(f) Persons deposed pursuant to further orders of this Court; and

(g) Government personnel pursuant to the U.S. Protective Order.

**5. Distribution of Confidential Information.**

Unless otherwise approved by the parties in writing, no copies, summaries or abstracts of Confidential Information shall be made by parties or their counsel for distribution or for use by persons other than those designated in paragraph 4.

**6. Undertaking.**

(a) Each person referred to in paragraph 4 hereof to whom Confidential Information is to be given, shown, disclosed, made available or communicated in any way, except the Parties themselves, their respective attorneys of record, and government personnel pursuant to the U.S.

3

00039641/001/ 422357v.01

Protective Order, shall first execute an undertaking, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order, and the original undertaking shall be retained by counsel for the party so sharing the Confidential Information.

 (b) Each person to whom the Court may authorize the disclosure of Confidential - Attorneys' Eyes Only" information shall first execute an undertaking, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order, and the original undertaking shall be retained by counsel for the party so sharing the Confidential Information.

**7. Use.**

Information protected under this Order, whether designated "Confidential Information" or "Confidential - Attorneys' Eyes Only", shall be used by the Party and any other persons as authorized herein to whom it is disclosed solely in connection with this proceeding. Confidential Information or "Confidential - Attorneys' Eyes Only" information shall not be used by such Party or any other persons as authorized herein for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court. No person who is furnished information protected under this Order shall disclose it to any person not entitled under this Order to receive it.

**8. Party's Own Information.**

The restrictions on the use of Confidential Information and Confidential - Attorneys' Eyes Only information established by this Protective Order are applicable only to the use by a Party of information received from the other Party. A Party is free to do whatever it desires with its own Confidential Information or Confidential - Attorneys' Eyes Only information.

**9. Removal of Designation.**

A Party may seek removal of the designation of Confidential Information or "Confidential - Attorneys' Eyes Only" of any document or information through the following procedures:

 (a) The Party or person seeking such removal shall give counsel of record for the other Party written notice thereof, supported by reasons therefore specifying the documents, information or other thing as to which such removal is sought;

4

0039641/001/ 422357v.01

     (b)    If the Parties cannot reach agreement concerning the matter within five (5) business days after delivery by e-mail of the notice, or such other time as the Court may allow, then the Party seeking the removal of Confidential Information from this Order may file and serve a motion for an order of the Court for appropriate relief. Such motion must be filed and served by e-mail within five (5) business days after the expiration of the five-day period referred to previously. Any such motion shall be set for the earliest possible date on the Court's calendar, and shall not be continued without the consent of all Parties. The Party seeking to remove the designation bears the burden, in any such motion, to establish the appropriateness of the relief being sought.

**10. <u>Disclosure to Author or Addressee.</u>**

Nothing herein shall prohibit a Party, or its counsel, from disclosing a document which is designated "Confidential Information" or Confidential - Attorneys' Eyes Only to the person who is the author or recipient of such documents as shown on the face of the document.

**11. <u>Depositions.</u>**

Any deposition reporter who transcribes testimony in this action at a deposition shall be given a copy of this Order and shall be required to agree on the transcript of the deposition, before taking down any such testimony, that all testimony and information revealed at the deposition shall not be disclosed by such reporter or any person who transcribed such testimony except to the attorneys of record for the Parties in this action. In addition, all deposition testimony and exhibits designated "Confidential - Attorneys' Eyes Only" shall be bound in a separate transcript, and clearly marked on each page "Confidential - Attorneys' Eyes Only."

**12. <u>Exclusion From Deposition.</u>**

Whenever any documents, information or other things designated as "Confidential - Attorneys' Eyes Only" are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information or other things designated as "Confidential - Attorneys' Eyes Only."

**13. <u>Subpoenas.</u>**

In the event any person or Party having possession, custody or control of any Confidential Information or Confidential - Attorneys' Eyes Only information receives a subpoena or other

00039641/001/ 422357v.01

process or order to produce such information, such person or Party shall promptly notify in writing the attorneys of record of the Party claiming such confidential treatment of the item, documents or information sought by such subpoena or other process or order, shall furnish those attorneys of record with a copy of said subpoena or other process or order, and shall provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought to be pursued by the Party whose interests may be affected. If the Party asserting the confidentiality makes a motion to quash or modify the subpoena, process or order, the person or Party receiving the subpoena or other process or order shall comply with applicable law or order of the court having jurisdiction over such subpoena, process, order, or motion. If no such motion is made despite a reasonable opportunity to do so, the person or Party receiving the subpoena or other process or order shall be entitled to comply with it provided it has fulfilled its obligations hereunder.

**14. <u>No Waiver.</u>**

Neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order; nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief, other than as specified herein, of any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any Party, is or is not entitled to particular protection or that such information embodies trade secrets of any party. The procedures set forth herein shall not affect the rights of the Parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a party of the necessity of proper response to discovery devices.

**15. <u>No Probative Value.</u>**

This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or person with respect to any Confidential Information or Confidential - Attorneys' Eyes Only information. The fact that information is designated "Confidential Information" or "Confidential - Attorneys' Eyes Only" information under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to

6

00039641/001/ 422357v.01

be confidential or proprietary. This Order shall be without prejudice to the right of any Party to bring before the Court the question of: (i) whether any particular material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the Party complies with the foregoing procedures. Absent a stipulation of all Parties, the fact that information has been designated confidential under this Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation. The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed in and of itself as admissible or offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

**16. <u>Return of Information.</u>**

At the conclusion of this proceeding, including all appeals, all Confidential Information or "Confidential - Attorneys' Eyes Only" information and all documents which reflect such information shall, upon the request of the party furnishing such Confidential Information or "Confidential - Attorneys' Eyes Only" information, be (i) delivered to the Party that furnished such Confidential Information or (ii) in lieu of delivery to the furnishing Party destroyed, in which event counsel shall give written notice of such destruction to opposing counsel. In no event shall a party retain a copy of Confidential Information or "Confidential - Attorneys' Eyes Only" information produced to it.

**17. <u>Violations of the Order.</u>**

Any Party who knowingly and intentionally violates this Protective Order by intentionally disclosing or using "Confidential Information" or "Confidential –Attorneys' Eyes Only" information in such manner as to constitute a violation of this Order shall be subject to sanctions in an amount to be decided in the sole discretion of the Court. Sanctions may be sought pursuant to a noticed motion by the Party who furnished the Protected Information or on the Court's own motion, pursuant to the Court's inherent power.

0039641/001/ 422357v01

**18.  Court's Jurisdiction.**

The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem appropriate. The provisions of this Order regarding the use and/or disclosure of Protected Information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Order.

**19.  Relationship to State Secrets.**

The United States Protective Order, entered by the Court on August 29, 2007 and upholding the government's assertion of military and states secret privilege regarding information as identified in said protective order, remains in effect. While it is not contemplated that financial information sought to be protected by the instant Protective Order directly involves military and states secrets information, to the extent that there is overlap of financial information and military and states secrets information, the United States Protective Order takes precedence over the terms of the instant Protective Order. Accordingly, no party is to disclose or produce information subject to the United States Protective Order in the handling or production of financial information as identified in the instant Protective Order.

SO ORDERED THIS  20th  DAY OF  March , 2009.

_United States Magistrate Judge Valerie P. Cooke_

8

0039641/001/ 422357v:01

# UNDERTAKING

## Exhibit A to Stipulated Protective Order

STATE OF _____ )
                              ) ss.
COUNTY OF _____ )

    I, _____, being first duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my employer is _____.

    3.    My present occupation or job description is _____.

    4.    I have received a copy of the Protective Order in case of <u>Montgomery, et al. v eTreppid, et al.</u>, Civil Action No. 3:06-cv-56 in the United States District Court for the District of Nevada.

    5.    I understand that I can be held in contempt of court for violating the terms of the Protective Order and I submit to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

    6.    I have carefully read and understand the provisions of the Protective Order, and I will comply with all of its provisions.

Dated: _____, 2009                        _____

0039641/001/ 422357v.01