GARY R. GOODHEART, ESQ.
Nevada Bar No. 1203
JONES VARGAS
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89169
Telephone: (702) 862-3300
Facsimile: (702) 737-3305
grg@jonesvargas.com
Attorneys for Non-party Deborah A. Klar

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, and the MONTGOMERY FAMILY TRUST,<br><br>v.<br><br>ETREPPID TECHNOLOGIES, L.L.C., WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>AND ALL RELATED MATTERS. | 3:06-CV-00056-PMP-VPC<br>Base File<br><br>3:06-CV-00145-PMP-VPC<br><br>**DEBORAH A. KLAR'S EMERGENCY MOTION TO EXTEND DEADLINE TO FILE OBJECTIONS TO ORDER RE: MOTION FOR SANCTIONS** (Docket No. 985)<br><br>(First Request)<br><br>**EXPEDITED RELIEF REQUESTED** |

On March 31, 2009, the Honorable Valerie P. Cooke, United States Magistrate Judge, issued the Order Re: Motion for Sanctions (#985). The Order provides, at page 54, that a party may file objections to the Order with the District Court by Friday April 10, 1009. By this Motion, and for the reasons stated in the accompanying Memorandum of Points and Authorities, Deborah A. Klar, former counsel to Plaintiffs and a party against whom the sanctions are assessed, seeks a thirty day extension of time to file objections to the Order.

. . .

. . .

This Motion is brought pursuant to LR 6-1 and is the <u>first request</u> for the extension of time sought.

A Motion for Order Shortening time within which to oppose this Emergency Motion is being filed concurrently with this Motion.

DATED this 6 day of April, 2009.

                          JONES VARGAS

By: /s/ Gary R. Goodheart
GARY R. GOODHEART, ESQ.
Nevada Bar # 1203
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89169
Telephone: (702) 862-3300
Facsimile: (702) 737-0069
ATTORNEYS FOR DEBORAH KLAR

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEBORAH A. KLAR'S MOTION TO EXTEND DEADLINE

On March 31, 2009, United States Magistrate Judge Valerie P. Cooke entered the Order re: Motion for Sanctions (Docket No. 958) ("the Order"). The Order totals 54 pages, and assesses serious sanctions against a number of parties, including Movant Deborah A. Klar, Esq. At page 53 of the Order, Magistrate Judge Cooke acknowledged what would be clear to anyone reading the Order, that it had taken her "many, many hours of time" to review the papers and documents submitted in connection with Michael Flynn's Motion for Sanctions (#545).

Ms. Klar became aware of the Order last Wednesday, April 1, 2009. She immediately commenced the task of finding and retaining counsel to represent her in connection with further proceedings in this matter. After contacting and discussing the case with a number of lawyers, she was able to retain Gary R. Goodheart of Jones Vargas late Friday afternoon, April 3, 2009. Neither Mr. Goodheart nor any member of his firm has had any involvement in this case. All of the issues involved in the case, particularly including those raised by Mr. Flynn's Motion for Sanctions and Magistrate Judge Cooke's Order on that Motion were entirely unknown to Mr. Goodheart or his firm before last Friday.

Ms. Klar intends to file objections to the Order pursuant to 28 U.S.C.§ 636 (b)(1)(C) and LR-IB 3-1(a). Ms. Klar's ability to file meaningful objections to the Order by the stated due date, April 10, 2009, will be severely limited by the following factors:

1. Ms. Klar's new counsel needs a reasonable amount of time to accumulate and review the voluminous pleadings, papers, and records that relate to the Order to be able to analyze and draft meaningful and appropriate objections.

2. Mr. Flynn's Motion for Sanctions (#545) was filed April 24, 2008. At some point thereafter, on a date not yet ascertainable by the undersigned counsel, Ms. Klar and others against whom the Motion was targeted, filed Points and Authorities in Opposition to the Motion. On May 27, 2008, Mr. Flynn filed his Reply in Support of the Motion for Sanctions (#633). At some point after that date, the Court held a day long evidentiary hearing (Case No. 06-56,#826). Order, pg. 1. Document No. 826 is apparently the transcript of the day long evidentiary hearing, but

1   it is not referenced in the Civil Docket Sheet for this case which undersigned counsel accessed on
2   April 6, 2009. Counsel does not yet have a copy of the transcript.
3       3.    Ms. Klar left her former firm, Liner Grode Stein Yankelevitz Sunshine Regenstreif
4   & Taylor LLP ("Liner Firm") on or about September 7, 2008. Ms. Klar believes this was shortly
5   after the hearing on the Motion for Sanctions. Ms. Klar was represented by the Liner firm in
6   connection with the Motion for Sanctions. Given the substance of the Order it would not be
7   appropriate for the Liner Firm to represent her with regard to the filing of objections to the Order.
8       4.    Since leaving the Liner Firm, Ms. Klar has not had access to the firm's file for
9   Dennis Montgomery and the Montgomery Family Trust, the firm's clients in this matter. Since
10  becoming aware of the Order, Ms. Klar has been in contact with members of the firm in an effort to
11  obtain copies of documents which will be helpful or necessary for her and counsel to prepare
12  objections to the Order. While some documents have been forthcoming, the process of obtaining
13  all necessary documents will take additional time. It may be necessary for Ms. Klar to access,
14  either voluntarily or by way of subpoena, her timesheets or other billing records from the Liner
15  Firm in order to adequately prepare objections. This process likewise will take additional time.
16      5.    Undersigned counsel understands that the transcript of the hearing on the Motion for
17  Sanctions as well as all of the exhibits, are under seal. Since Mr. Goodheart and his firm were only
18  retained last Friday afternoon, he has not yet had an opportunity to determine what will be required
19  to obtain copies of those and other documents which are under seal.
20      6.    Finally, Ms. Klar has had longstanding plans to travel from Los Angeles, California
21  to New York on April 7, 2009, to spend the Passover holiday with her 94 year old father, who is in
22  deteriorating health.
23      Fed. R. Civ. P. 6(b)(1) provides that "[w]hen an act may or must be done within a specified
24  time, the Court may, for good cause, extend the time: . . .if a request is made, before the original
25  time or its extension expires. . ." An application for the enlargement of time under Rule 6(b)(1)
26  normally will be granted in the absence of bad faith on the part of the party seeking relief or
27  prejudice to the adverse party. *Wright & Miller, Fed. Practice & Procedure: Civ. 3d §1165.*
28  . . .

1    For the reasons set forth above, and in the accompanying Affidavit of Gary R. Goodheart,
2 Deborah Klar hereby requests the Court to extend the time for her to file objections to the Order for
3 a period of 30 days, to and until May 10, 2009.

                                                                             Respectfully submitted,

                                                                             JONES VARGAS

By: _/s/ Gary R. Goodheart_____
     GARY R. GOODHEART, ESQ.
     Nevada Bar # 1203
     3773 Howard Hughes Parkway
     Third Floor South
     Las Vegas, Nevada 89169
     Telephone: (702) 862-3300
     Facsimile:  (702) 737-0069
     ATTORNEYS FOR DEBORAH KLAR

# AFFIDAVIT OF GARY R. GOODHEART

State of Nevada    )
                   ) ss:
County of Clark    )

Gary R. Goodheart, after first being duly sworn, deposes and says:

1. I am a member of the State Bar of Nevada, a member of the bar of the United States District Court for the District of Nevada, and a stockholder in Jones Vargas.

2. On Friday, April 3, 2009, I was contacted by Deborah Klar, who requested that I represent her in connection with an Order for Sanctions that had been entered against her in *Montgomery v. Etreppid Technologies, L.L.C.*, Case No. 3:06-CV-0056-PMP-VPC. After doing a conflicts check and discussing the substance of the matter very briefly with Ms. Klar late in the afternoon on April 3, 2009, I agreed to represent her.

3. Since agreeing to represent her, I have accessed the Court's Docket Sheet on PACER, and have been able to review the sanctions Order dated and filed March 31, 2009, as well as other related documents.

4. Based on my review of these preliminary documents and my discussions with my clients, it is clear to me that additional time will be necessary to fully understand the issues involved so that I will be able to meaningfully and professionally present to the District Court Ms. Klar's objections to the sanctions Order.

5. Without an extension of time, it would be virtually impossible for counsel new to the case to read and understand the vast amount of material which is related to the Motion for Sanctions, the sanctions Order, and Ms. Klar's proposed objections. This is especially so given my understanding that a number of relevant documents in this case were filed under seal and are not immediately available through PACER or otherwise.

6. Based on discussions with my client, I believe that she has a good faith belief that certain portions of the sanctions Order are not appropriate and properly should be addressed by the

District Court. I do not believe that she seeks to file objections for the purpose of delay or for any other improper purpose, and if I did so believe, I would not have agreed to represent her.

7.  Pursuant to LR 7-5, I certify that I spoke to Michael Flynn, Esq. on April 6, 2009, at 5:15 p.m. I told him I was preparing a motion for a 30 day extension to file objections to the sanctions Order. He offered to extend the filing deadline from April 10 to April 16 if there were no jurisdictional impediments to doing so. I told him I would need more time to prepare the objections. Accordingly, a stipulation of counsel could not be reached.

_____
GARY R. GOODHEART

SUBSCRIBED AND SWORN before me this 6th day of April, 2009.

_____
NOTARY PUBLIC



Notary Public - State of Nevada
County of Clark
BARBARA R. SEED
My Appointment Expires
June 19, 2009
No: 93-1731-1

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of JONES VARGAS, and that the foregoing document was served via electronic service on April 6, 2009.

_Barbara R. Seed_
Barbara R. Seed