**Michael J. Flynn, Mass. State Bar No.172780**
P.O. Box 690, 6125 El Tordo
Rancho Santa Fe, CA 92067; *and*
One Center Plaza, Suite 240
Boston, MA 02129
Tel:   (858) 775-7624; Fax:  (858) 759-0711
*Admitted Pro Hac Vice*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, and the MONTGOMERY FAMILY TRUST, | 3:06-CV-00056-PMP-VPC **BASE FILE** |
| Plaintiffs, | 3:06-CV-00145-PMP-VPC |
| v. | |
| ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE, | **RESPONSE OF MICHAEL FLYNN TO ATTORNEYS KLAR AND PHAM'S MOTIONS TO EXTEND DEADLINE.** |
| Defendants. | |
| AND ALL RELATED MATTERS. | |

**A.   <u>A One Week Extension is Reasonable; a One Month Extension is Not Reasonable</u>**.

Mr. Flynn does not oppose giving attorneys Klar and Pham a one week extension to file objections to the Court's March 31, 2009 "Order Re: Motion for Sanction (#545)." (Order, #985, March 31, 2009). However, Mr. Flynn does oppose what he believes are excessive extensions requested by Ms. Klar and Ms. Pham, i.e., May 10 and May 1, respectively, because those extensions are not reasonable under the facts presented here. Mr. Flynn agrees to an extension up to and including April 17, 2009.

A one week extension is reasonable because:

● Local Rule IB 3-1(a) allows a party ten days from the date of service of the Order to object to the Order. The legislature has determined that 10 days is sufficient, so it seems excessive for Ms. Klar and Ms. Pham to ask for three and four times what the legislature has determined is reasonable.

On the other hand, with a one week extension, Ms. Klar and Ms. Pham will have seventeen days to file their objections, which is more in line with legislative intent.

- The policy reasons behind the strict enforcement of the ten-day rule are similarly applicable here. *See Gonzales v. Harris*, 514 F. Supp. 991, 994 (E.D. Cal. 1981) [Noting the "overwhelming practical problem a court would confront if the 10-day rule were not strictly enforced."]; *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992) [ holding that the failure to file objections within the ten-day statutory period waived any appeal thereon]). Under these facts, "efficient judicial administration," *see Gonzalez*, 514 F. Supp. at 994, must take precedence.

- A one week extension is reasonable because the factual and legal issues in the Order are very familiar to Ms. Klar and Ms. Pham because they were participants from the outset, when they began to represent the Montgomery parties in August 2007, until the time of the hearing on the Motion for Sanctions in August 2008. Also, the legal issues in the Order are familiar to them since they are lawyers. Ms. Klar's statement that she needs time to obtain billing records, seems far fetched. She knows what she did, she was involved from the outset, filed a declaration and was presumably prepared to testify in August 2008, when she appeared for the sanction hearing.

- Ms. Klar and Pham, both chose to file extensive pleadings, declarations and arguments in opposition to the Motion for Sanctions defending themselves as well as the Montgomery parties, including an Emergency Motion to Seal and Strike (doc. # 562), a Motion for Orders Sealing and Striking, (doc. #566), a Motion for leave to file 100 pages in opposition (doc. # 591), and the Opposition with declarations from Klar and Pham(doc. # 601 -602). Although their extensive filings were denominated as filings <u>on behalf of the Montgomery parties</u>, they exhaustively defended themselves and their conduct, <u>but filed no declaration from Montgomery</u>. They are responsible for the vexatious, "bounty hunter" strategies ruled on by the Court.

**B.**     **<u>Ms. Pham is Trying to Mislead the Court -  Again.</u>**

Ms. Pham claims in her motion that she "was not put on notice that the Magistrate Judge was considering issuing sanctions against her personally," and was only involved in these matters between July and October, 2007. (Emergency Motion of Pham, 4:22-24, #987). However, incontrovertible

evidence shows that Ms. Pham's "notice" statement is untrue. Her statement is remarkably reminiscent of why she was sanctioned on March 31, 2009. Ms. Phams' baseless argument that she did not have "notice" is belied by her own filings, her appearance at the evidentiary hearing on direct orders from the Court, and her voluntary testimony in which she contemptuously lied under oath about her own motives and reasons for filing the perjured declaration of Montgomery; and she also lied about her actions before the Los Angeles Superior Court. Ms. Pham just does not get it. She should consider herself *extremely fortunate* that the Court did not find that she suborned perjury. A Grand Jury may decide differently.

As to her duration of involvement, the perjured declaration was filed by Ms. Pham *after* she *admittedly* reviewed numerous documents establishing perjury. Then, as ruled upon by the Court, she pursued three separate forums, and explicitly lied or withheld critical facts and Court orders from *every forum,* and lied to the Los Angeles Superior Court about this Court's October 12, 2007 Order. Her argument is akin to saying "I only drove the get-away car in the bank heist, and I left after we robbed the bank." Or, " I only made three court appearances and only prepared and filed about fifteen pleadings (including the perjured declaration) and had a lesser role than the real bad guys - Klar and Montgomery - so I should not have been sanctioned. Ms. Pham's request for an extension should not be rewarded as her contemptuous tone continues.

The Motion for Sanctions was against the Montgomery parties and their lawyers, the Liner law firm. Only two lawyers are identified throughout the memoranda and accompanying declarations and Timeline as the culpable lawyers in support of the motion for sanctions, and those two attorneys are Ms. Klar and Ms. Pham. Ms. Pham personally engaged in serious misconduct from July 2007 until at least Oct. 22, 2007 in Nevada, Los Angeles, San Diego and Massachusetts. *The memorandum in support of sanctions and the reply in support of sanctions specifically name "Ms. Pham" approximately 34 times.* The memo expands upon the motion. For example, on page 3, line 3 of the motion it states that "Montgomery and his lawyers tried to defy this Court's Orders in Los Angeles." The only two lawyers who appeared in Los Angeles to try to defy this Court's Orders regarding the file were Ms. Klar and Ms. Pham, as set forth in the Memorandum, and supported with transcripts of

hearings and filings. The first sentence of the Motion for Sanctions Reply states, "Deborah Klar and *Teri Pham* make four primary arguments in opposition to the motion to sanction them and Mr. Montgomery for their perjury and subornation, which they used to "countermand" three Nevada Orders." (Reply, 1:2-3 [emphasis added]). Ms. Pham is a partner at the Liner law firm, and she was not an unwilling participant or forced to do the things she did.

Ms. Pham also filed the "Declaration of Teri T. Pham in Support of the Montgomery Parties' Opposition to Motion for Sanctions Filed by Attorney Michael J. Flynn." (Pham Decl., May 12, 2008). In her declaration she repeatedly defends *her conduct*, and sets forth the steps that *she personally took*, which the Court found sanctionable. Ms. Pham also testified at the hearing on the motion for sanctions, in an effort to defend *her* misconduct on a direct order ("notice") of the Court to be present.

There is much more, but the point is made. Ms. Pham had notice; and her current arguments in support of an extension reflect continued contempt and lack of remorse for obviously sanctionable conduct. The Court's referral of the perjury facts to the U.S. Attorney may make Ms. Pham understand the consequences of her actions. Apparently, the Court's 54 page Order has not achieved that objective. It is clear she had notice, and she should not again try to evade her professional responsibilities by misstating the facts and contending that she did not have notice, when, in fact, she did. Moreover, the Court has discretion to sanction attorneys who appear before the Court and commit misconduct, as Ms. Pham clearly did.

**Conclusion.**

For the above reasons, Mr. Flynn asks the Court to limit an extension, if any, and that he be granted a similar extension of time to respond to objections, if any, that may be filed.

Respectfully Submitted,

Dated: April 7, 2009, Boston, MA            /S/_____

Michael J. Flynn, Esq.