1  Mark H. Gunderson, Esq. (SBN: 2134)
   Catherine A. Reichenberg, Esq. (SBN: 10362)
2  GUNDERSON LAW FIRM
   3895 Warren Way
3  Reno, Nevada 89509
   Telephone: (775) 829-1222
4  Facsimile: (775) 829-1226

5  Randall J. Sunshine, Esq. (SBN: CA 137363)
   Ellyn S. Garofalo, Esq. (SBN: CA 158795)
6  LINER GRODE STEIN YANKELEVITZ
   SUNSHINE REGENSTREIF & TAYLOR LLP
7  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
8  Telephone: (310) 500-3500
   Facsimile: (310) 500-3501
9  ADMITTED PRO HAC VICE

10 Attorneys for
   DENNIS MONTGOMERY, the MONTGOMERY FAMILY
11 TRUST, EDRA BLIXSETH and OPSPRING LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST, | Case No. 3:06-CV-00056-PMP-VPC BASE FILE |
| Plaintiffs, | (Consolidated with Case No. 3:06-CV-00145-PMP-VPC) |
| vs. | |
| ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE, | **STIPULATION AND ORDER RE SEALED DOCUMENTS** |
| Defendants. | |
| AND RELATED CASES. | |

0039641/001/ 422357v01

This Stipulation is entered into between Interested Party Deborah A. Klar ("Klar") and Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP ("Liner Firm"), counsel for Dennis Montgomery and the Montgomery Family Trust (hereinafter collectively "Parties"):.

A.  On March 31, 2009, Document No. 985 was entered in the above-captioned matter.

B.  In order to file objections in response to Document No. 985, Klar, who is not a party to the action, requires access to documents that are under seal in the above-captioned matter ("Sealed Documents"). Klar does not have access to the Sealed Documents in that she is no longer a partner of the Liner Firm.

WHEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

1.  The Liner Firm shall provide Klar copies of all Sealed Documents in its possession that Klar requests to facilitate her response to Document No. 985. Where available, the Liner Firm shall transmit Sealed Documents to Klar and/or her Counsel electronically, via email.

2.  Klar agrees to treat the Sealed Documents as "Confidential Material".

3.  As used in this Stipulation "this Action" means the above-captioned civil action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

4.  Pursuant to this Stipulation "Confidential Material" shall be used solely for purposes of this Action and shall not be used for any other purpose including, without limitation, any other legal proceeding. Except as expressly provided for herein, Klar shall not disclose any Confidential Material to any individual other than (i) the Court; (ii) her Counsel; (iii) associated personnel of Klar or her Counsel whom access to Confidential Information is necessary to assist

1  such persons in this Action, including litigation assistants, paralegals, secretarial or other clerical
2  personnel, and stenographers or other persons involved in taking or transcribing testimony in this
3  action; (iv) consultants, experts or litigation support services retained by either Klar of her
4  Counsel, including outside copying services, retained for the purpose of assisting Klar or her
5  Counsel; and (vi) authors or recipients of the designated Confidential Information.  Confidential
6  Material shall not be disclosed to any other person or entity without further order of the Court.

7       5.    In the event that Klar deems it necessary to file any Confidential Material with the
8  Court in this Action, it shall be filed under seal.

9       6.    This Stipulation does not affect any other orders of this Court concerning Sealed
10  Documents.

11       7.    Any electronically stored information or documents containing Confidential
12  Material shall be treated as Confidential Material through and following the termination of all
13  proceedings in this Action.

14       8.    All persons governed by this Stipulation, by reviewing Confidential Material shall
15  agree to the jurisdiction of this Court over their person for the purpose of any action seeking to
16  enforce the terms and conditions of this Stipulation.

Dated: April 8, 2009                 JONES VARGAS

By:  /s/ Gary R. Goodheart
      Gary R. Goodheart

2

STIPULATION RE SEALED DOCUMENTS

1  Dated: April 8, 2009                              LINER GRODE STEIN YANKELEVITZ
2                                                                    SUNSHINE REGENSTREIF & TAYLOR LLP
3
4                                                                    /s/ Ellyn S. Garofalo
                                                                         Ellyn S. Garofalo
5
6
7
8  **IT IS SO ORDERED**.
9
10  Dated: April 9th, 2009
11                                                                    U. S. DISTRICT COURT JUDGE
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1 **CERTIFICATE OF SERVICE**

2 Pursuant to Fed. R. Civ. P. 5(b), and Section IV of the District of Nevada electronic

3 Filing Procedures, I certify that I am an employee of JONES VARGAS, and that the foregoing

4 document is being served on the parties to this action via electronic service on April 8, 2009.

5

6            /s/ Barbara R. Seed

           An employee of JONES VARGAS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28