J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone:   (775) 327-3000
Facsimile:    (775) 786-6179
speek@hollandhart.com; jsnyder@hollandhart.com;
alang@hollandhart.com; sbiornstad@hollandhart.com

Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
Telephone:  (202) 429-3000

Attorneys for eTreppid Technologies, LLC and Warren Trepp

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DENNIS MONTGOMERY, an individual; and
MONTGOMERY FAMILY TRUST, a California
Trust,

                    Plaintiffs,

      vs.

ETREPPID TECHNOLOGIES, L.L.C., a Nevada
Limited Liability Company; WARREN TREPP,
an individual; DEPARTMENT OF DEFENSE of
the UNITED STATES OF AMERICA; and
DOES 1 through 10,

                    Defendants.

_____/

AND RELATED CASE(S)

_____/

Case No. 3:06-CV-00056-PMP-VPC
**Base File**

3:06-CV-00145-PMP-VPC

**ETREPPID'S AND TREPP'S
MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

///

///

**ETREPPID'S AND TREPP'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

eTreppid Technologies, L.L.C., and Warren Trepp, (hereinafter collectively referred to as "eTreppid"), by and through their counsel Holland & Hart LLP, hereby submit their Motion to Compel Production of Documents. This Motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

As the Court knows, eTreppid and Warren Trepp (the "eTreppid Parties") and Dennis Montgomery ("Montgomery"), the Montgomery Family Trust (the "Trust"), Edra Blixseth, Opspring, LLC, and Blxware LLC (the "Blixseth Parties") agreed to a settlement of this case in September 2008. The Blixseth Parties obligations to the eTreppid Parties were secured by Confessions of Judgment in the amount of $20,000,000.00 in favor of eTreppid, and in the amount of $5,000,000 in favor of Trepp individually. In December 2008, the Blixseth Parties breached their obligations under the settlement agreement, and the eTreppid Parties had judgments by confession entered.

On February 23, 2009, as part of eTreppid's efforts to collect on these judgments, eTreppid and Trepp served Requests for Production of Documents on Dennis Montgomery and the Montgomery Family Trust. At the same time, eTreppid noticed the depositions of Montgomery and the Montgomery Family Trust for April 14 and 15, 2009. These Judgment Debtors served their responses to these Requests for Production on March 30, 2009. In these responses, the Judgment Debtors agree to produce a number of documents, provided that eTreppid and Trepp agree to a confidentiality agreement and subject to any state secret concerns raised by the United States. Counsel for eTreppid and Montgomery subsequently agreed to the terms of a protective order. However, Montgomery has not responded to eTreppid's attempts to meet and confer to agree on a date certain for the production of these documents.

Because Montgomery has refused to provide documents which eTreppid requires in order to effectively take his deposition, eTreppid is obliged to take these upcoming depositions off

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

calendar.  Nonetheless, eTreppid respectfully requests that this Court grant the following relief to allow discovery to go forward:

- That this Court order Montgomery and the Montgomery Family Trust to produce the requested documents immediately,

- That this Court order Montgomery and the Montgomery Family Trust to appear before the Magistrate for a Judgment Debtor's exam, and

- That, pursuant to Fed. R. Civ. P. 37 and the terms of the settlement agreement in this matter, this Court order the Judgment Debtors to pay all attorney's fees that eTreppid has incurred in the course of enforcing these judgments.

## II.   STATEMENT OF RELEVANT FACTS.

On December 11, 2009, this Court entered Judgments against the Blixseth Parties pursuant to Confessions of Judgment filed on December 9, 2008 (Doc. Nos. 893 and 894). These Judgments are in the amount of $5,000,000.00 in favor of Trepp (Doc. No. 897) and $20,000,000.00 in favor of eTreppid (Doc. No. 898).  The Confessions of Judgment were entered as provided for under the terms of two Promissory Notes executed by the Blixseth Parties.  These Promissory Notes, which have been filed with this Court as an attachment to the Confessions of Judgment, provide, in relevant part, that if Trepp or eTreppid is obliged to commence an action to enforce the terms of the Promissory Notes, then the prevailing party in such litigation will be entitled to collect attorney's fees.  Doc. 893 and 894, Ex. A, ¶ 9.  For the Court's convenience, additional copies of these Promissory Notes are attached as **Exhibit A** to the April 9, 2009 Declaration of Jerry Snyder ("Snyder Decl.").

On February 23, 2009, eTreppid and Trepp served one set of Requests for Production of Documents on Montgomery and one set on the Trust.  Snyder Decl., **Exhibits B and C**.  On March 30, 3009, Montgomery and the Trust served responses to these Requests for Production.  Snyder Decl., **Exhibit D and E.**

On April 1, 2009, counsel for eTreppid sent a meet and confer letter to counsel for Montgomery and the Trust setting forth a number of deficiencies in the Responses.  Snyder Decl., **Exhibit F**  Specifically, eTreppid pointed out the following deficiencies:

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

- In response to a number of requests, Montgomery and the Trust agreed to produce responsive documents that "are not already in Judgment Creditor's possession." However, Montgomery has not identified, by Bates number or otherwise, which responsive documents he had already produced, as required by Fed. R. Civ. P. 34(b)(i).

- Although Montgomery and the Trust  agreed to produce documents in response to the bulk of the requests, no responsive documents, have yet been produced. Montgomery and the Trust have not responded to eTreppid's request that they identify a date by which documents will be produced.

- In response to a number of Requests, Montgomery and the Trust state that you state that they will not produce responsive documents without "prior consent of the government and execution of a suitable confidentiality agreement." While it is conceivable that some documents in Montgomery's possession contain information protected by the state secrets privilege, the overwhelming bulk of the documents can not possibly contain any classified information.

- Montgomery also stated that he would not produce documents until a "suitable confidentiality agreement" was entered into. While eTreppid has some concerns about the viability of this objection, it agreed to enter into a confidentiality agreement. On Friday, April 3, 2008, eTreppid sent counsel for Montgomery a draft protective order. Snyder Decl. ¶ 8, **Ex. G.** On Saturday, April 4, 2008, counsel for Montgomery advised with respect to this protective order, that "I think this is fine. If so, I'll get a signature to you on monday." Snyder Decl. ¶ 9, **Ex. H.** However, counsel for Montgomery has neither executed the proposed stipulated protective order, nor has counsel identified any concerns with that Order.

On Monday, April 6, 2008, the undersigned counsel for eTreppid replied to counsel's April 4, 2009 email by inquiring whether there were any problems with the protective order, and requesting that counsel for Montgomery identify a time to meet and confer regarding the issues

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

raised in eTreppid April 1, 2008 "meet and confer" letter.  Snyder Decl. ¶ 10, **Ex. I.**  Counsel for Montgomery did not respond to this request.  However, on Tuesday, April 7, 2009, counsel for Montgomery spoke to eTreppid's counsel Steve Peek.  Counsel for Montgomery did not, in the course of that conversation, confirm when the requested documents would be produced.  Mr. Peek subsequently requested, in an email dated April 7, 2009, that counsel for Montgomery confirm that all documents would be produced by noon on Thursday, April 9, 2009.  Snyder Decl. ¶ 11, **Ex. J**.  Accordingly, even though eTreppid and Trepp attempted in good faith to meet and confer to resolve this dispute, as of the time this motion was filed, counsel for Montgomery has not agreed to produce any documents by any date certain.

## III.  ARGUMENT

### A.  Montgomery Should Be Ordered To Produce Responsive Documents Forthwith

Fed. R. Civ. P. 69 provides that "In aid of the judgment or execution, the judgment creditor . . . may take discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court sits."  Courts have widely held that this grants judgment creditors broad rights of discovery relating to the assets of judgment debtors.  *British International Ins. Co. v. Seguras La Republica, S.A.*, 200 FRD 586 (WD Tex 2000).

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), if, in a response to a Rule 34 Request, a party "fails to permit inspection as requested," then the requesting party may seek an order compelling such an inspection.

Here, Montgomery and the Trust cannot seriously contend that the requested documents are not discoverable.  eTreppid seeks broad rights to take discovery as to the nature and extent of Montgomery's assets.  To the extent that Montgomery has concerns relating the confidentiality of the requested documents, eTreppid has provided a draft protective order which Montgomery's counsel agreed was "fine."  While a small number of the requested documents may fall within the scope of the state secrets privilege, that is at best a very slight number.  Accordingly, Montgomery has not asserted any viable objections to eTreppid's requests for production.

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Nonetheless, even after an attempt to meet and confer, Montgomery and the Trust have failed to (1) produce responsive documents, (2) identify any responsive documents already produced, and (3) state when responsive documents will be produced.  Accordingly, eTreppid requests that Montgomery be required to produce all requested documents immediately.

### B.   Montgomery Should Be Ordered to Appear Before This Court For a Judgment Debtor's Examination

Although eTreppid previously noticed Montgomery's and the Trust's depositions pursuant to Fed. R. Civ. P. 69 and 30, eTreppid has since become concerned (in part because of Montgomery's refusal to provide the requested documents in a timely manner) that Montgomery will be less than forthcoming in his deposition. Accordingly, eTreppid respectfully requests that Montgomery be ordered to attend a judgment debtor's examination before this Court.

As set forth above, pursuant to Fed. R. Civ. P. 69, eTreppid and Trepp are entitled to obtain discovery in aid of execution either "in the manner provided in these rules or in the manner provided by the practice of the state in which the district court sits."  Pursuant to NRS 21.270(1), this Court may order Montgomery and the Trust to "appear and answer upon oath or affirmation concerning his property, before:  (a) The judge or master . . ."  Moreover, this Court has the discretion to order a deponent to appear for a deposition noticed under Fed. R. Civ. P. 30. *See Bell v. Addus Healthcare, Inc.*, 2006 WESTLAW 3486910 (WD Wash. 2006).  Accordingly, under both the Federal Rules of Civil Procedure and Nevada State Law, this Court may order Montgomery to appear in chambers for a judgment debtor's examination.  As this Court will recall, Montgomery has in the past shown himself to be an evasive witness.  Accordingly, eTreppid respectfully requests that this Court order Montgomery to appear for a judgment debtor's examination in Court.

### C.   Montgomery Should Be Required to Pay All Costs eTreppid Has Thus Far Incurred In Its Efforts to Collect the Judgments

As set forth above, Montgomery and the Trust, along with all other judgment debtors, agreed that in the event that eTreppid and Trepp were obliged to engage in legal proceedings in an effort to collect money due under the promissory note, the prevailing party would be entitled

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

to recover all reasonable attorney's fees associated with those proceedings. Under Nevada Law, such an attorney's fees provision is fully enforceable. NRS 18.010(4). Accordingly, eTreppid respectfully requests that this Court order Montgomery and the Trust to pay all attorney's fees that eTreppid has thus far incurred in attempting to enforce the subject judgments, with the amount of such reasonable attorney's fees to be established through further proceedings.

In addition, eTreppid submits that eTreppid is entitled to recover as a sanction under Fed. R. Civ. P. 37 all attorney's fees and costs incurred in bringing the present motion to compel. Rule 37(a)(4) provides that "if the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . .to pay the reasonable expenses incurred in the motion."

As set forth above, there is no justifiable basis for Montgomery's refusal to produce the requested documents. Accordingly, eTreppid respectfully submits that at a minimum, Montgomery should be obliged to pay the attorney's fees and costs eTreppid incurred in bringing the subject motion.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, eTreppid respectfully requests that the Court grant the present Motion to Compel.

Dated:  April 9, 2009.

_____
/s/
J. Stephen Peek, Esq.  (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone:  (775) 327-3000
Facsimile:  (775) 786-6179

Reid H. Weingarten, Esq. (D.C. Bar #365893)
Brian M. Heberlig, Esq. (D.C. Bar #455381)
Robert A. Ayers, Esq. (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone:  (202) 429-3000
Facsimile:   (202) 429-3902

*Attorneys for Plaintiff and Cross-Defendant*
*eTreppid Technologies, L.L.C. and*
*Cross-Defendant Warren Trepp*

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

**PROOF OF SERVICE**

I, Cynthia L. Kelb, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Holland & Hart LLP.  My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511**.  I am over the age of 18 years and not a party to this action.  I am readily familiar with Holland & Hart LLP's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On April 9, 2009, I caused the foregoing **Document** to be:    **ETREPPID'S AND TREPP'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

__X___          filed electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

mgunderson@gundersonlaw.com
Gunderson Law Firm
Mark H. Gunderson, Esq.
3895 Warren Way
Reno, Nevada 89509
*Fax No. 775/829-1226*

rsunshine@linerlaw.com;
egarofalo@linerlaw.com
Randall J. Sunshine, Esq.
Ellyn S. Garofalo, Esq.
Liner   Grode   Stein   Yankelevitz   Sunshine
Regenstreif & Taylor LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503
*Fax 310/500-3501*

Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC  20044
*Fax No. 202/616-8470*

Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, DC  20044
*Fax 202/616-8470*

Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV  89501
*Fax No. 784-5181*

bpeck@lrlaw.com
Bridget Robb Peck, Esq.
Lewis and Roca, LLP
50 W. Liberty Street, Ste. 410
Reno, Nevada 89501
*Fax No. 775-823-2929*

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1

2

3   *heather.ristau@bingham.com*;          brohde@rohdelaw.com
    *roland.tellis@bingham.com*;           Robert E. Rohde, Esq.
4   *marshall.grossman@bingham.com*        Rohde & Van Kampen
    Heather Ristau, Esq.                   1001 Fourth Avenue, Suite 4050
5   Roland Tellis, Esq.                    Seattle, Washington 98154
    Marshall B. Grossman, Esq.             *Fax No. (206) 405-2825*
6   Bingham McCutchen LLP
    The Water Garden
7   1620 26th Street, 4th Floor, North Tower
    Santa Monica, CA  90404
8   *Fax No. 310-907-2000*

9

10          I declare under penalty of perjury under the laws of the United States of America that the
11  foregoing is true and correct, and that this declaration was executed on April 9, 2009.

12                                              _____/s/_____
13                                              Cynthia L. Kelb

14

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

15

16

17

18

19

20

21

22

23

24

25

26

27

28  4492270_1