```
                                                                    1

                       UNITED STATES DISTRICT COURT
                            DISTRICT OF NEVADA
           BEFORE THE HONORABLE VALERIE P. COOKE, MAGISTRATE JUDGE
                                 ---o0o---


 Dennis Montgomery,              :  No. 3:06-cv-056-PMP-VPC
                                 :
            Plaintiff,           :  November 9, 2007
                                 :
       -vs-                      :  United States District Court
                                 :  400 S. Virginia Street
 ETreppid Technologies,          :  Reno, Nevada  89501
 et al.,                         :
                                 :
            Defendant.           :
                                 :


                    TRANSCRIPT OF EMERGENCY HEARING


 A P P E A R A N C E S:

 FOR THE PLAINTIFF:          Mark Gunderson
                             Attorney at Law


 FOR THE DEFENDANT:          Jerry Snyder
                             Attorney at Law


 FOR INTERESTED PARTY:       Raphael Gomez
                             Carlotta Wells
                             Attorneys for Department of Justice


                             Michael Flynn
                             Attorney at Law

 VPC/FTR:   110907@11:00am


 Proceedings recorded by digital produced by computer-aided
 transcript


 Transcribed by:                    KATHRYN M. FRENCH, RPR, CCR
                                    NEVADA LICENSE NO. 392
                                    CALIFORNIA LICENSE NO. 8536
```

```
 1        Reno, Nevada, Friday, November 9, 2007, 11:00 a.m.
 2                            ---OoO---
 3
 4             THE CLERK:  This is the date and time set
 5   for a telephonic hearing in case number 06-cv-0056-PMP-VPC,
 6   Dennis Montgomery, et al. versus eTreppid Technologies, et al.
 7             Present on behalf of plaintiff, Mark Gunderson.
 8             Present on behalf of defendant, Jerry Snyder.
 9             Present on behalf of interested parties,
10   Carlotta Wells and Raphael Gomez.
11             Also present, Michael Flynn.
12             THE COURT:  Thank you very much, Miss Clerk.
13   And good morning to everyone.
14             This hearing, emergency hearing, has been arranged
15   after the deputy court clerk received a telephone call from
16   Mr. Gomez, from the Department of Justice, concerning -- I'll
17   just tell you what I understand the issue to be in this case:
18             That Mr. Flynn, in another proceeding, I believe
19   a proceeding pending in the Superior Court, somewhere in
20   California, I'm not certain whether it's the same dispute
21   concerning the attorneys lien.  I have no idea.  Anyway,
22   that Mr. Flynn intends to file some responsive paper in that
23   proceeding on Tuesday, November 13, and that it is a document
24   that the Department of Justice does not wish Mr. Flynn to
25   lodge.  And I believe it is docket number 113, which is
```

1  Mr. Montgomery's Sealed Declaration in Support of Montgomery's
2  Opposition to the Government's Motion to Strike Pleadings, and
3  Preclude Pro Hac Vice Motion of Attorney Flynn.  And because
4  the fact that we aren't going to be -- the federal courts are
5  closed on Monday, and the filing is required to take place on
6  Tuesday, it seemed to the Court a good idea to hear whatever
7  concerns the parties might have.
8       I'm presuming that the concerns the government has,
9  the Department of Justice has, are based upon the Protective
10 Order in this case, docket 253, but I'm not certain of that
11 either.  I don't know, in addition, whether the Department
12 of Justice's counsel provided Mr. Montgomery's counsel, or
13 eTreppid, a copy of the document that is the subject of the
14 Department's concern or not.  So, that is what I know.
15      So, with that, I guess I'll go ahead and hear from
16 Mr. Gomez or Ms. Wells.
17           MR. GOMEZ:  Your Honor, this is Raphael Gomez.
18 You're correct, the government received a request from
19 Mr. Flynn for a declaration filed in a certain limited
20 document, docket -- well, it's referenced in docket number
21 113 and 115 in the search warrant case.  It was a document
22 that was reviewed by the government last spring, pursuant
23 to Judge Pro's order to identify whether or not there were
24 any information contained in the document, and other search
25 warrant documents that may be covered by the proposed

1  protective order.  In fact, the government identified

2  information in the Declaration of Dennis Montgomery, which

3  had been filed in that case, along with two exhibits, which

4  were also partially redacted, and they were provided, the

5  redacted documents were provided to the clerk's office, I

6  believe by the Department of Justice security officer in

7  Las Vegas.  At that point, they were supposed to, as we

8  understood, they were supposed to be put on Pacer, and

9  eTreppid counsel was to review them for any trade secret.

10              I believe it's my, it's my understanding that, at

11 some point, the government may actually have provided a

12 copy of that declaration and exhibits, the redacted one, to

13 eTreppid.  However, it appears that the redacted document was

14 not put on Pacer by the clerk's office.  I assume it may have

15 been only -- may have been because it had originally been

16 filed under seal; however, the Court's, Judge Pro's order

17 of September 17th, docket number 131 of the search warrant

18 case, specifically provided that the search warrant case

19 was unsealed, with the exception of docket number, document

20 number 70 and exhibit 30.

21              THE COURT:  Right.

22              MR. GOMEZ:  Because this matter has -- because

23 the file is in the possession of Mr. Flynn, the government

24 seeks a document that may contain information covered by

25 the Protective Order, including this particular document

5

1   that Mr. Flynn has in unredacted form, had been an issue
2   in Nevada, and also raised in California, we thought it would
3   be best to seek approval before we would release the document
4   from eTreppid counsel, as well as Montgomery counsel.  And
5   eTreppid counsel gave their agreement, but Montgomery counsel
6   did not.  And Ms. Klar was intending to raise this next
7   Thursday at the discovery conference, she informed us, but
8   Mr. Flynn raised with us the point that he had a filing that
9   was due on Tuesday, and this was a responsive document.
10  That's why we've called the Court.
11              From our perspective, it appears that this document,
12  through some inadvertence, was not put on Pacer and not
13  made available.  We believe it is a document, the redacted
14  document, it's a document that is public, should be publically
15  available.
16              THE COURT:  Oh.  All right.  Okay.
17              Well, and I'm going to hear from everyone else,
18  but I will just make this comment, I guess, primarily for
19  the benefit of Mr. Gunderson, who has newly arrived as local
20  counsel in this case, and so I think may be at a disadvantage
21  in understanding what's happened.  But by way of background,
22  after Judge Pro was going to go ahead and unseal the search
23  warrant, documents, and as Mr. Gomez has recounted, the
24  government wanted an opportunity to review those documents.
25  It did.  I suspect -- and as docket number 270 indicates,

1  there are only two documents that were not to be unsealed.
2  And those, as Mr. Gomez correctly noted, are docket numbers 70
3  and 30 in the search warrant proceeding.
4          So, it's appearing to the Court -- in other words,
5  and I think, as it was very confusing trying to, first of all,
6  have Department of Justice, after the fact; that is, after
7  the search warrant proceeding, had come to a conclusion, and
8  all of the documents had been filed in the case, and evidence
9  and so on, Judge Pro gave the Department of Justice an
10 opportunity, notwithstanding that, to go Las Vegas, review
11 all of the papers in Judge Pro's chambers personally, and
12 redact them.  And then there was this protocol in place to
13 allow, then, eTreppid's counsel, once the government made the
14 redactions it felt appropriate pursuant to the State Secret
15 and Military Secrets Privilege, to do that, that eTreppid
16 would then have an opportunity to make any claims under trade
17 secrets.
18          And, Mr. Snyder, did you ever get this document?
19          MR. SNYDER:  Yes, we did.
20          THE COURT:  And you had no trade secrets issues
21 then as far as this document is concerned.
22          Is that correct, sir?
23          MR. SNYDER:  That is correct.
24          THE COURT:  All right.  And so, just in the
25 normal course, it would seem to me, that Mr. Gomez is

1    correct, that this document was supposed to be then put on
2    Pacer.  In other words, filed in the CM/ECF system, in what
3    is called Pacer to outside users, so that it was a public
4    document with the redactions.  That's at least -- and I
5    suspect, because there was so much confusion with what was
6    going on, the clerk's office, for some reason, may not have
7    gotten this document.  Because when I checked with the
8    clerk's office this morning about this document, we didn't
9    have it.  And so it -- so that's, anyway, what I understand.
10              So, with that, I guess, Mr. Snyder, please go ahead
11   and state for the record your position with regard to this
12   document, sir.
13              MR. SNYDER:  We do not have any objections to it
14   being put on Pacer as redacted by the Department, or by the
15   Department of Justice.
16              THE COURT:  All right.
17           And Mr. Gunderson, I know you contacted my chambers
18   because you were interested in seeing the document prior to
19   the hearing.
20              Were you provided a copy, sir?
21              MR. GUNDERSON:  I was not, Your Honor.
22              THE COURT:  All right.  So, Mr. Gomez, why
23   wasn't Mr. Gunderson given a copy of the document?
24              MR. GOMEZ:  Your Honor, it was unclear to us --
25   we were not aware of whether Mr. Gunderson had a copy or not.

                                                                      8

1    We hadn't had a request from Mr. Gunderson until just before
2    we got on the telephone call.
3                THE COURT:  All right.
4                MR. GOMEZ:  And we're prepared to forward a
5    copy.  We have it in pdf format.
6                THE COURT:  Right.  Okay.  So --
7                MR. GOMEZ:  We also did not provide a copy
8    to Ms. Klar.  I don't know if she has a copy or not.  I'm
9    assuming, frankly, she doesn't.
10               MR. GUNDERSON:  I would be surprised -- this is
11   Mark Gunderson if she did.  I've tried mightily this morning,
12   Your Honor, in the time we've had with regard to this hearing,
13   to find any a copy of it.  And, frankly, we're at a bit of a
14   disadvantage, because I don't think either Ms. Klar's office,
15   nor mine, has ever seen the document.
16               THE COURT:  Right.  What I think is that this
17   document should have been one of the documents released
18   pursuant to Judge Pro's order back in September.  And through
19   a misunderstanding in the clerk's office, given the confusion
20   I outlined, it simply wasn't.  That's what I believe happened.
21            But, Mr. Gunderson, is there anything further you
22   would like to say, sir?
23               MR. GUNDERSON:  Well, only that before I would
24   make any comment on this matter, whether or not we would have
25   grounds to seek this document to be sealed, I would have to

1   take a look at it.  And I understand what the Court's position
2   is.  But before we could intelligently respond, we would need
3   to have a legitimate chance to take a look at this.  And,
4   quite frankly, these are the issues that have been held, or
5   been dealt with directly by Ms. Klar's office, and I'm not
6   familiar with the facts or the background to really be able
7   to intelligently respond --
8              THE COURT:  Right.
9              MR. GUNDERSON:  -- to what we want to do.
10             THE COURT:  Right.  I appreciate your
11  position, sir, in that you've had to come in without a
12  lot of background.
13          Mr. Flynn, anything you would like to say, sir?
14             MR. FLYNN:  Yes.  Just, Your Honor, that I
15  agree with the facts as recited by Mr. Gomez.  I'm only
16  looking for a redacted copy, and I have to file it next
17  Tuesday.
18          And in terms of the Montgomery attorneys getting
19  a copy, Mr. Montgomery has this copy in multiple forms,
20  including drafts, redlined, that he has possession of.
21             THE COURT:  All right.
22          Well, so, Mr. Gomez, as I'm gleaning from all of
23  this, you're just looking -- wanted to bring this to the
24  Court's attention.  And to the extent that there's no -- it
25  seems to me, there is no reason why this shouldn't be, given

1  Judge Pro's prior order, that it shouldn't be put on CM/ECF
2  and made available on Pacer in its redacted form, because
3  that's what his order provided.
4           Mr. Gomez, is that your view, sir?
5           MR. GOMEZ:  Yes, Your Honor.  It was probably
6  out of an abundance of caution, but because of the litigation
7  that had arisen in California and Nevada regarding files
8  in the possession of Mr. Flynn, that we were a little
9  concerned.
10          THE COURT:  All right.
11          MR. GOMEZ:  I think we covered all the bases.
12          THE COURT:  All right.  Well, I don't really,
13 you know, given, of course, Mr. Gunderson the benefit of the
14 doubt, since he hasn't seen the document, or isn't really
15 familiar with a lot of these issues given his recent entry
16 into the case, even if he were, I think Judge Pro has already
17 issued his order on September 17 saying what documents will
18 and won't be filed, unsealed in this case, and this is not one
19 of them, this document.  So, I'm going to go ahead and enter
20 an order that this document, which was filed with the clerk's
21 office -- well, no, it wasn't.  It was -- it's date, the
22 file stamp is February 23rd, 2007, and it says "United States
23 Magistrate Judge."  The document that I have is docket
24 number 15.
25          Mr. Gomez, you mentioned another document though.

1               MR. GOMEZ:  That --
2               THE COURT:  Docket number --
3               MR. GOMEZ:  I'm looking, now, at a current
4    copy of the search warrant docket.  And for some reason,
5    there's -- docket number 113 refers to Montgomery's opposition
6    to the government's motion to strike pleadings.  And then 115
7    actually has the declaration of Dennis Montgomery in support
8    of Montgomery's opposition.  And the document that I believe
9    Mr. Flynn was seeking in unredacted form was the Declaration
10   of Dennis Montgomery in support, because the first page is
11   actually the first page of the document that we have.  It's
12   just the remaining portions of the Declaration aren't -- are
13   not on Pacer.
14              THE COURT:  And that's docket number 113, you're
15   referring to?
16              MR. GOMEZ:  I'm referring to 115.
17              THE COURT:  Oh.
18              MR. GOMEZ:  I look at the docket, and I'm
19   looking at it now, 113 states:
20         "Montgomery's Opposition to the Government's Motion
21   to Strike Pleadings."  And then the supporting declaration
22   appears to be docket number 115, which is the actual
23   Declaration of Dennis Montgomery," is what I'm looking at.
24              THE COURT:  All right.  Well, my --
25              MR. GOMEZ:  And I see that what we redacted says

```
 1   113, but I'm not sure why it says that.
 2               THE COURT:  All right.  Well, what I'm going
 3   to do is order the clerk to have put on file as one of the
 4   documents unsealed in the search warrant proceedings, docket
 5   number 115 and/or 113.  I'm going to go ahead and take a look
 6   at the docket.  I don't have that docket sheet in front of me,
 7   so I'm a little bit unclear.  And the one docket, the document
 8   I have in front of me, the docket number is just written in
 9   as docket number 113 by my judicial assistant.  I can see that
10   that's her handwriting.  So, it might be that it appeared on
11   the actual docket as docket number 115.
12          But, in any event, I'm going to order that it be
13   unsealed, because that's what Judge Pro had earlier ordered.
14   And I will review, as I said, the search warrant docket to
15   ensure that I get the right docket number.
16          But, Mr. Flynn, it is the Sealed Declaration of
17   Dennis Montgomery in Support of Montgomery's Opposition to
18   Government's Motion to Strike Pleadings and Preclude Pro Hac
19   Vice Motion of Attorney Flynn.
20          Is that it?
21              MR. FLYNN:  Yes, Your Honor.  I'm looking for
22   that in redacted form.
23              THE COURT:  All right.  Well, I'm going to go
24   ahead and order that it be unsealed and put on CM/ECF.
25              MR. GOMEZ:  Your Honor, may I, just one point --
```

1  this is Mr. Gomez -- Mr. Flynn has agreed to provide to the
2  government the unredacted copy of that Declaration that he has
3  in his possession.
4              THE COURT:  All right.  Very good.
5         And please note that on the record, Miss Clerk.
6         And, Mr. Gomez, you and Mr. Flynn will make
7  appropriate arrangements to get possession of that document,
8  sir?
9              MR. FLYNN:  Yes.  Yes, Your Honor.  I'll deliver
10 it to either to Ms. Wells or to Mr. Gomez.
11             THE COURT:  All right.
12        Anything further?
13             MR. SNYDER:  Your Honor, I wanted to clarify
14 one issue.  At the Case Management Conference that we held
15 on the 11th, you indicated that the parties were to meet and
16 confer regarding staging of discovery and file a -- and file
17 something by the 9th.  The impression that I got on at the
18 conference on the 11th, was that if we were unable to come
19 to a joint agreement, we were both to simply file separate
20 pleadings setting forth our position.  The Minute Order,
21 however, appears to require us to file a Joint Case Management
22 Report setting forth, you know, I suppose setting forth
23 eTreppid's position --
24             THE COURT:  Oh.  All right.
25             MR. SNYDER:  -- or Montgomery's position.

1             Do you have a preference?
2                   THE COURT:  Yes.  Thank you for bringing that to
3     my attention, sir.
4             The parties can go ahead and file separate reports
5     if you haven't reached agreement.  That's fine.
6                   MR. SNYDER:  Okay.
7                   THE COURT:  I think, otherwise, it is too much
8     logistical trouble for counsel to get their work done.
9                   MR. SNYDER:  Okay.
10                  MR. GOMEZ:  Your Honor, I apologize.  I have
11    one additional matter.
12            The government has protocols, in connection with the
13    U.S. Protective Order, that it has provided draft ones to the
14    parties.  We received, from Ms. -- from Montgomery's counsel,
15    Ms. Klar yesterday evening, a response.  We're now working
16    with that.  I don't -- we can file, I believe, what we -- and
17    I need to forward that on to Mr. Snyder.  He hasn't received
18    that yet.
19            I think we're pretty close to coming to an
20    agreement, but I can file it with our notice of filing today,
21    where we are today.  And I hope that we can confer with
22    Ms. Klar and be able to have an agreed upon set of protocols
23    then on file on Tuesday, or at least have it narrowed down
24    fairly tightly at that point.
25                  THE COURT:  All right.  And that's fine with

```
 1   me.  Go ahead, with that admonition then, and you can even
 2   include that notation on your report, sir, that you file.
 3   And, hopefully, given a few more days, the parties can
 4   conclude their discussions and reach consensus.
 5            MR. GOMEZ:  Yes, Your Honor.
 6            THE COURT:  All right.  Anything further?
 7       No response.
 8            MR. FLYNN:  No, Your Honor.
 9            THE COURT:  Thank you all very much.
10       Court is adjourned.
11            MS. WELLS:  Thank you.
12            MR. SNYDER:  Thank you.
13       (Court Adjourned.)
14
15                           -o0o-
16
17       I certify that the foregoing is a correct
         transcript from the record of proceedings
18       in the above-entitled matter.
19       \s\Kathryn M. French                    April 8, 2009
20       _____     _____
         KATHRYN M. FRENCH, RPR, CCR                 DATE
21       Official Reporter
22
23
24
25
```