| | |
|---|---|
| 1 | Mark H. Gunderson, Esq. (SBN: 2134) |
| | Catherine A. Reichenberg, Esq. (SBN: 10362) |
| 2 | GUNDERSON LAW FIRM |
| | 3895 Warren Way |
| 3 | Reno, Nevada 89509 |
| | Telephone: (775) 829-1222 |
| 4 | Facsimile: (775) 829-1226 |
| 5 | Randall J. Sunshine, Esq. (SBN: CA 137363) |
| | Ellyn S. Garofalo, Esq. (SBN: CA 158795) |
| 6 | LINER GRODE STEIN YANKELEVITZ |
| | SUNSHINE REGENSTREIF & TAYLOR LLP |
| 7 | 1100 Glendon Avenue, 14th Floor |
| | Los Angeles, California 90024-3503 |
| 8 | Telephone: (310) 500-3500 |
| | Facsimile: (310) 500-3501 |
| 9 | ADMITTED PRO HAC VICE |
| 10 | Attorneys for |
| | DENNIS MONTGOMERY and the |
| 11 | MONTGOMERY FAMILY TRUST |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST, | ) ) | Case No. 3:06-CV-00056-PMP-VPC BASE FILE |
| Plaintiffs, | ) ) | (Consolidated with Case No. 3:06-CV-00145-PMP-VPC) |
| vs. | ) | |
| ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE, | ) ) ) ) | **RESPONSE TO MOTION TO HOLD THE MONTGOMERY PARTIES IN CIVIL CONTEMPT RE FEBRUARY 25, 2009 ORDER (DOCKET 968) AND REQUEST FOR SANCTIONS FOR FILING FRIVOLOUS MOTION** |
| Defendants. | ) ) | |
| AND RELATED CASES. | ) ) ) | |

0039641/001/ 426527v.01

I.

# INTRODUCTION

Interested party Michael Flynn ("Mr. Flynn") has made a cottage industry of filing sanctions and other motions aimed at discrediting the Montgomery Parties and their lawyers. In his latest assault, Mr. Flynn seeks an order holding the Montgomery Parties in contempt for purportedly failing to comply with this Court's February 25, 2009 Order (Docket # 968).

Mr. Flynn's Motion to Hold the Montgomery Parties in Civil Contempt (Docket # 1010) (the "Motion") must be denied for the simple reason that compliance with the Order is not yet due and thus the Order cannot have been violated.

II.

# MR. FLYNN'S MOTION IS FRIVOLOUS ON ITS FACE

According to Mr. Flynn, the February 25 Order "required Montgomery to provide certain financial documents with 'forty-five days of the Order.'" (Motion, p. 1, lns. 24-25.) Mr. Flynn contends that the Montgomery Parties violated this Order because "to date, the Montgomery parties have provided no such documents." (Id. at p. 1, ln. 25.) Mr. Flynn seeks sanctions in the amount of $3,500 a day until compliance with the Order and monetary sanctions for "attorney time trying to get the Montgomery parties to comply with this Court's Order." (Id., p. 1, lns. 26-27.)

Contrary to Mr. Flynn's assertion, the Order does not require the Montgomery Parties to produce documents within forty-five days of the Order. Rather, the Order specifically states that "the Montgomery parties shall have ***forty-five days from the date this court issues the protective order*** to produce the documents described herein." (Order, p. 3, lns. 14-15 (emphasis added).) The protective order issued on March 20, 2009. Hence, the Montgomery Parties have until May 4, 2009 to produce documents -- more than two weeks *after* Mr. Flynn filed his contempt motion.

In sum, the Montgomery Parties cannot be held in contempt for violating (or refusing to comply with) an Order which clearly and unambiguously does not require compliance until May 4, 2009. Nor is there any authority that would allow the Court to order the Montgomery Parties to pay $3,500 per day until they comply with an Order *before* compliance is due. And, of course,

1

there is no authority that would permit the Court to order the Montgomery Parties to pay attorneys' fees incurred in trying to force compliance which is not yet due.

### III.

### MR. FLYNN SHOULD BE SANCTIONED FOR FILING A FRIVOLOUS MOTION

There is simply no explanation, excuse or justification for Mr. Flynn's misquoting of the clear and unambiguous language of the February 25, 2009 Order. Most egregiously, Mr. Flynn repeats the misrepresentation in his sworn declaration where he states, under penalty of perjury, that the "Order required the Montgomery [sic] provide me with specific financial documents within 'forty-five days' of the Order so that I could attempt to enforce a civil judgment issued from this Court." (Declaration of Michael Flynn, ¶ 3.) The falsity of this statement is corroborated on the face of the Order. Surely Mr. Flynn read the Order prior to bringing his Motion and thus must have know that his statement is false.

Accordingly, Mr. Flynn's Motion is frivolous on its face.[1] Even assuming that in his haste to file yet another sanctions motion, Mr. Flynn was just reckless, frivolous filings which, like this one, vexatiously multiply the litigation are subject to sanctions pursuant to 28 U.S.C. § 1927. See Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.), 78 F.3d 431, 436 (9th Cir. 1996). Furthermore, motions like this one which depend on perjured declarations are sanctionable under the court's inherent powers.[2] Chambers v. NASCO, Inc., 501 U.S. 32, 55, 115 L.Ed.2d 27, 111 S.Ct. 2123 (1991) (district court has inherent authority to impose sanctions for conduct that constitutes bad faith or is tantamount to bad faith); Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001) (district court has inherent authority to impose sanctions for bad faith which includes a broad range of willful and improper conduct). The district court may award sanctions in an amount

---

[1] There may be a reason why Mr. Flynn is so anxious to obtain financial information from the Montgomery Parties. Mr. Flynn now represents Tim Blixseth in adversary proceedings in the Yellowstone Club bankruptcy pending in the District of Montana. Mr. Blixseth is adverse to Ms. Blixseth in those proceedings. Mr. Flynn may well be trying to elicit information to be used to advance Mr. Blixseth's interests in the ongoing war between the Blixseths.

[2] Mr. Flynn expressly acknowledges, "The court may assess attorney fees or other sanctions under its inherent power." (Motion, p. 5, ln. 3.)

1  sufficient to reimburse the aggrieved party for the reasonable costs and fees incurred as a result of
2  conduct sanctioned under Section 1927 or the court's inherent power.
3       Mr. Flynn should be held to the same scrupulous standards he seeks to impose on the
4  Montgomery Parties.  Moreover, Mr. Flynn's associate, Carla DiMare, prepared the offending
5  Motion. (Motion, p. 5, lns. 17-20.)  Thus, instead of sanctioning the Montgomery Parties, the
6  Court should impose sanctions against Mr. Flynn and Ms. DiMare jointly in the amount of
7  $2.587.50.  (See Declaration of Ellyn S. Garofalo, ¶ 2.)

## IV.

## CONCLUSION

10       For the foregoing reasons, Mr. Flynn's Motion to Hold the Montgomery Parties in
11  Contempt must be denied.  As the Motion is frivolous on its face, the Montgomery Parties request
12  that the Court impose sanctions against Mr. Flynn and Ms. DiMare pursuant to 28 U.S.C. § 1927
13  for multiplying these proceeding, and the court's inherent powers, in an amount sufficient to
14  reimburse the Montgomery Parties for the attorneys' fees and costs incurred in responding to the
15  frivolous motion.

17  Dated:  April 20, 2009          Respectfully submitted,

18                                  LINER GRODE STEIN YANKELEVITZ
                                SUNSHINE REGENSTREIF & TAYLOR LLP

20                                By: /s/ Ellyn S. Garofalo
                                  Ellyn S. Garofalo
                                  Attorneys for DENNIS MONTGOMERY and
                                  the MONTGOMERY FAMILY TRUST

0039641/001/ 426527v01

# CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the Law Offices of Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP, and that on April 20, 2009, I caused to be served the within document described as **RESPONSE TO MOTION TO HOLD THE MONTGOMERY PARTIES IN CIVIL CONTEMPT RE FEBRUARY 25, 2009 ORDER (DOCKET 968) AND REQUEST FOR SANCTIONS FOR FILING FRIVOLOUS MOTION** on the interested parties in this action as stated below:

| | |
|---|---|
| J. Stephen Peek, Esq.<br>Jerry M. Snyder, Esq.<br>Adam G. Lang, Esq.<br>Shane M. Biornstad, Esq.<br>Holland & Hart LLP<br>5441 Kietzke Lane, Second Floor<br>Reno, Nevada  89511<br>(775) 327-3000; 786-6179 - FAX<br>speek@hollandhart.com ;<br>jsnyder@hollandhartcom,<br>alang@hollandhart.com,<br>sbiornstad@hollandhart.com<br>Attorneys for eTreppid and Warren Trepp | Carlotta P. Wells, Sr. Trial Counsel<br>U.S. Dept. of Justice<br>Fed.Programs Branch<br>Civil Division, Room 7150<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-4522; 616-8470 - FAX<br>E-mail:  Carlotta.wells@usdoj.gov<br> Attorneys for Department of Defense |
| Reid H. Weingarten, Esq.<br>Brian M. Heberlig, Esq.<br>Robert A. Ayers, Esq,<br>Steptoe & Johnson, LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C.  20036-1795<br>(202) 429-3000; (202) 429-3902 - FAX<br>rweingarten@steptoe.com;<br>bheberlig@steptoe.com; rayers@steptoe.com<br>Attorneys for eTreppid and Warren Trepp | Raphael O. Gomez, Esq., Sr. Trial Counsel<br>U.S. Dept. of Justice, Fed. Programs Branch<br>Civil Division, Room 6144<br>20 Massachusetts Avenue, NW<br>Post Office Box 883<br>Washington, D.C. 20044<br>(202) 514-1318; 616-8470 - FAX<br>E-mail:  raphael.gomez@usdoj.gov<br> Attorneys for Department of Defense |
| Greg Addington, AUSA<br>U.S. DEPARTMENT OF JUSTICE<br>100 W. Liberty Street. Suite 600<br>Reno, Nevada  89501<br>E-mail:  Greg.addington@usdoj.gov<br>(775) 784-5181 - FAX<br>Attorneys for Department of Defense | Bridget Robb Peck, Esq.<br>Lewis and Roca LLP<br>50 West Liberty Street, Suite 410<br>Reno, Nevada  89501<br>Tel:  (775) 823-2900; Fax:  (775) 823-2929<br>bpeck@lrlaw.com<br>Attorneys for Atigeo LLC & Michael Sandoval |
| Roland Tellis, Esq.<br>Marshall B. Grossman, Esq.<br>Heather L. Ristau, Esq.<br>Bingham McCutchen LLP<br>1620 26th Street, Fourth Floor, North Tower<br>Santa Monica, CA  90404-4060<br>Fax:  (310) 907-2143<br>E-mail:  roland.tellis@bingham.com;<br>marshall.grossman@bingham.com;<br>heather.ristau@bingham.com<br>Attorneys for Michael Sandoval | Robert E. Rohde, Esq.<br>Gregory Schwartz, Esq.<br>Rohde & Van Kampen<br>1001 Fourth Avenue, Suite 4050<br>Seattle, Washington  98154<br>Fax:  (206) 405-2825<br>E-mail:  brohde@rohdelaw.com,<br> gschwartz@rohdelaw.com<br>Attorneys for Atigeo LLC |

0039641/001/ 426527v.01

|   |   |
|---|---|
| 1<br>2<br>3<br>4 | Michael J. Flynn, Esq.<br>P.O. Box 690, 6125 El Tordo<br>Rancho Santa Fe, CA  92067<br>One Center Plaza, Suite 240<br>Boston, MA  02129<br>Fax: (858) 759-0711<br>E-mail:  mjfbb@msn.com |

⊠   **[ELECTRONIC]**  By filing the document(s) electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document(s) to the persons listed above at their respective email address.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on April 20, 2009, at Los Angeles, California.

| Ellyn S. Garofalo | /s/ Ellyn S. Garofalo |
|---|---|
| (Type or print name) | (Signature) |

0039641/001/ 426527v.01