1

2                          **UNITED STATES DISTRICT COURT**
                                **DISTRICT OF NEVADA**
3

4    DENNIS MONTGOMERY, et al.,            )        3:06-CV-0056-PMP (VPC)
                                           )
5              Plaintiffs,                 )
                                           )        **ORDER**
6         vs.                              )
                                           )
7    ETREPPID TECHNOLOGIES, LLC., et al., )
                                           )
8              Defendants.                 )
     _____)
9

10          eTreppid Technologies, L.L.C., and Warren Trepp ("eTreppid") moved to compel production

11   of documents and for the judgment debtor examination before this court of plaintiff, Dennis

12   Montgomery ("Mr. Montgomery"), individually and in his capacity as trustee of the Montgomery Family

13   Trust (#s 1004 & 1005). On April 20, 2009, this court held a sealed hearing to consider matters relating

14   to post-judgment proceedings (#1019). The parties filed no additional papers concerning eTreppid's

15   motion to compel; therefore, the court directed eTreppid to advise the court whether it intended to

16   proceed with the motion or to withdraw it (#1027). eTreppid gave notice that it intended to proceed with

17   the motion to compel (#1030), and Mr. Montgomery and the United States were given leave to respond

18   to the motion within ten days, or by May 20, 2009. Neither the United States nor Mr. Montgomery filed

19   a response. On May 22, 2009, eTreppid filed a notification that since no responses had been filed, it be

20   given the relief sought in the motion to compel (#1053). Local Rule 7-2(d) states, "The failure of an

21   opposing party to file points and authorities in response to any motion shall constitute consent to

22   granting the motion."

            The court has reviewed the motion to compel, no opposition having been filed, and good cause
23
     appearing, eTreppid's motion compel (#1004) is **GRANTED** as follows:
24
            1.      Mr. Montgomery and/or the Montgomery Family Trust shall produce the following
25
                    documents:
26
                    •       All cancelled checks written by Mr. Montgomery; between January 1, 2006 and
27
                            the present.

- All financial records for any bank, credit union, brokerage, or other depository account of any kind whatsoever, whether domestic or foreign.

- Any evidence of life insurance held by Mr. Montgomery.

- Copies of all current vehicle registrations and proofs of insurance.

- All promissory notes or other documents evidencing any loan, whether unsecured, secured by real property, or secured by personal property, including all mortgages and auto loans, obtained by Mr. Montgomery between January 2006 and the present.

- Any application for a loan filled out by Montgomery between January 2006 and the present.

- Pay stubs from any employer, including but not limited to, Blxware, from January 2006 to April 22, 2009.

- All documents related to property purchased or sold, personal or real, from January 2002 to April 22, 2009.

- All documents related to gambling at any casino, including but not limited to credit applications, marker play, chips purchased, chips redeemed, payments from casinos, obligations to casinos.

- Any documents related to cash transactions, including, but not limited to, ATM machines, checks cashed, cashier's checks purchased.

- Any payments to family or friends or for the benefit of any family or friends.

- Wire transfers both received by, and sent by, Mr. Montgomery, and any and all documents related to the wire transfers.

- Documents related to any payments for services rendered.

- Payments of any kind to law firms.

- Promissory notes not only for real property or vehicles but for any loans, either as maker or payee.

- Source code and any [and] all intellectual property of Blxware and/or Montgomery, as well as running and operative object code, all system documentation, and functional specifications.

2. Mr. Montgomery shall produce the documents no later than **Wednesday, June 3, 2009.**

3. Counsel for the parties shall contact Ms. Lisa Mann, deputy court clerk, at 775-686-5653, on or before **Wednesday, June 3, 2009** to schedule a judgment debtor's examination before this court.

2

4.      eTreppid shall be awarded its attorney's fees and costs incurred for bringing the motion to compel and shall file a memorandum of attorney's fees and costs pursuant to LR 54-16 no later than **Wednesday, June 3, 2009.**  Mr. Montgomery may file a response to that statement no later than **Tuesday, June 16, 2009**, and eTreppid shall have leave to reply no later than **Tuesday, June 23, 2009**.

**IT IS SO ORDERED.**

**Dated: May 26, 2009.**

_Valerie P. Cooke_

_____
UNITED STATES MAGISTRATE JUDGE

3