J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone:   (775) 327-3000
Facsimile:   (775) 786-6179
speek@hollandhart.com; jsnyder@hollandhart.com;
alang@hollandhart.com; sbiornstad@hollandhart.com

Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
Telephone:  (202) 429-3000

Attorneys for eTreppid Technologies, LLC and Warren Trepp

*Holland & Hart LLP*
*5441 Kietzke Lane, Second Floor*
*Reno, Nevada 89511*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust, | Case No. 3:06-CV-00056-PMP-VPC **Base File** |
| Plaintiffs, | 3:06-CV-00145-PMP-VPC |
| vs. | **ETREPPID'S AND TREPP'S MOTION FOR CONTEMPT; REQUEST FOR ORDER SHORTENING TIME** |
| ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA; and DOES 1 through 10, | |
| Defendants. | |
| _____/ | |
| AND RELATED CASE(S) | |
| _____/ | |

///

///

**ETREPPID'S AND TREPP'S MOTION FOR CONTEMPT;**
**REQUEST FOR ORDER SHORTENING TIME**

eTreppid Technologies, L.L.C., and Warren Trepp, (hereinafter collectively referred to as "eTreppid"), by and through their counsel Holland & Hart LLP, hereby submit their Motion for Contempt.  This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On May 26, 2009 this Court issued an Order (Doc. No. 1054) granting eTreppid's Motion to Compel the production of a number of separate categories of documents.  On May 6, 2009, Montgomery's counsel provided a CD which, Montgomery claimed, contained all responsive documents with Montgomery's possession, custody, and control.  However, as set forth below, the evidence clearly shows that Montgomery has failed to produce a number of responsive documents that lie within his possession, custody, and control.

Montgomery's refusal to provide these documents is part of the judgment debtors' ongoing refusal to either comply with their obligations under the September 2008 Settlement Agreement or to participate meaningfully in discovery.  Instead, Montgomery has elected to simply ignore this Court's order compelling further discovery.  Contempt sanctions are clearly appropriate.

### II.   STATEMENT OF RELEVANT FACTS

eTreppid propounded the Requests for Production of Documents at issue in this case on February 23, 2009.  On April 10-13, 2009, Montgomery provided, via electronic mail, certain responsive documents.  These responsive documents included bank statements, certain credit card bills, and a smattering of other responsive documents.  These documents were not Bates Numbered.  The parties subsequently engaged in an unsuccessful effort to meet and confer, and on April 9, 2009, eTreppid filed a Motion to Compel [Doc. No. 1004].

Even after the Motion to Compel was filed, the parties continued to discuss Montgomery's efforts to produce documents.  On Friday, April 24, 2009, the undersigned counsel for eTreppid spoke telephonically with counsel for Montgomery.  The contents of this

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

conversation were confirmed in a letter dated Monday, April 27, 2009.  A true and correct copy of this letter is attached hereto as **Exhibit 1.**   In that conversation, counsel for Montgomery indicated that, although Montgomery did not automatically receive copies of cancelled checks from his bank, he was in the process of obtaining such documents.  In addition, Montgomery's counsel stated that a number of other documents would be produced as soon as Montgomery was able to locate them.

As of May 6, 2009, Montgomery had still not produced any additional responsive documents, and eTreppid therefore filed its Notification to Court to Proceed with Motion to Compel [Doc. No. 1030].  On May 21, 2009, Montgomery provided a CD with responsive documents.  A true and correct copy of the letter enclosing this CD is attached hereto as **Exhibit 2.**  The documents on this CD were likewise not Bates numbered.  However, it appears that the vast majority of the documents contained on this CD were previously produced via email.

Montgomery has still failed to produce a number of documents that are certainly within his possession, custody, and control.  These documents include:

- Copies of cancelled checks;
- Current and complete bank statements;
- Documents demonstrating the manner in which Montgomery disposed of nearly $600,000.00 in deposits made in early 2009.
- Electronic financial records, such as Quicken or QuickBooks files;
- Promissory notes and current statements from any real estate mortgages;
- Evidence of life insurance.
- Promissory notes for any vehicle or personal loans;
- Documents relating to credit applications and marker play at Casinos; as well as documents reflecting payments from Casinos or obligations owed Casinos; and
- Paystubs or other evidence of payments received from Blxware.

eTreppid needs these documents to prepare to take the judgment debtor exam of Mr. Montgomery, which is scheduled for June 26, 2009.  Montgomery's failure to comply with this

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Court's previous order requiring production of these documents is a blatant and improper attempt to prevent eTreppid from taking discovery necessary to execute its judgment against Montgomery.

### III.    ARGUMENT

####   A.    Montgomery Has Failed to Provide Documents As Ordered By This Court

It is undisputable that Montgomery has failed to produce documents that this Court explicitly ordered him to produce.  Montgomery asserts that he has produced all documents within his possession, custody, and control.  However, this is plainly not the case.

It is well settled that "control" of a document, under Fed. R. Civ. P. 34, is to be broadly construed so that a party may be obliged to produce documents even though it is not in actual possession of the document.  *Poole v. Textron, Inc.*, 192 FRD 494 (Md. 2004).  Thus, a party is deemed to have control of a document so long as that party has "a legal right or ability to obtain documents from another source on demand."  *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142 (3d Cir. 2004).

Here, while Montgomery may not currently be in possession of the subject documents, he clearly has the legal right and ability to obtain these documents.  Indeed, on April 24, 2009, Montgomery's counsel indicated that Montgomery was in the process of obtaining copies of cancelled checks.  Montgomery clearly has a legal right to obtain copies of all the above-listed documents. Montgomery could have obtained bank records, paycheck stubs, mortgage information, and the remaining requested information by simply asking that the entity in actual possession of the subject records provide him with copies.  However, Montgomery apparently has not taken even this step.  Montgomery has had well over two months to obtain these records since eTreppid propounded its initial requests for production, but apparently has taken no steps to do so.

####   B.    Montgomery Should Be Subject to Contempt Sanctions for His Failure to Provide These Documents

Fed. R. Civ. P. 37(b)(2)(vii) provides that, where a party fails to comply with a court order requiring discovery, the Court may impose sanctions, including "treating as contempt of

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

court the failure to obey any order except an order to submit to a physical or mental examination." Here, Montgomery has plainly failed to comply with this Court's May 26, 2009 Order. Because this case has been settled, neither issue sanctions nor claim sanctions will have any effect. Mere monetary sanctions are unlikely to have a significant effect on Montgomery; he, along with the remaining Judgment Debtors, already owe the eTreppid Parties in excess of $25 million. Moreover, this Court has already held that Montgomery will be sanctioned for the cost of bringing the Motion to Compel which resulted in this Court's May 26, 2009 Order. Accordingly, significant contempt sanctions are necessary to compel Montgomery's compliance with this Court's May 26, 2009 Order.

C.      eTreppid Requests that this Motion Be Heard on Shortened Time

Montgomery's Judgment debtor's exam is set for June 26, 2009. eTreppid must have an opportunity to review the subject documents prior to this exam. Accordingly, eTreppid requests that this Court hear the present motion on shortened time by requiring that any opposition to the present motion be filed on or before Wednesday, June 17, 2009, with any reply in support of this motion to be filed on or before Friday, June 19, 2009.

///
///
///
///
///
///
///
///
///
///
///
///
///

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, eTreppid respectfully requests that the Court grant the present Motion for Contempt and order that the present motion be heard on shortened time.

Dated:  June 12, 2009.

```
                                                       /s/
                                        J. Stephen Peek, Esq.  (NV Bar #1758)
                                        Jerry M. Snyder, Esq. (NV Bar #6830)
                                        Adam G. Lang, Esq. (NV Bar #10117)
                                        Shane M. Biornstad, Esq. (NV Bar #9972)
                                        HOLLAND & HART LLP
                                        5441 Kietzke Lane, Second Floor
                                        Reno, Nevada  89511
                                        Telephone:  (775) 327-3000
                                        Facsimile:  (775) 786-6179

                                        Reid H. Weingarten, Esq. (D.C. Bar #365893)
                                        Brian M. Heberlig, Esq. (D.C. Bar #455381)
                                        Robert A. Ayers, Esq. (D.C. Bar #488284)
                                        Steptoe & Johnson LLP
                                        1330 Connecticut Avenue, N.W.
                                        Washington, D.C. 20036-1795
                                        Telephone:  (202) 429-3000
                                        Facsimile:  (202) 429-3902
```

*Attorneys for Plaintiff and Cross-Defendant eTreppid Technologies, L.L.C. and Cross-Defendant Warren Trepp*

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1

## PROOF OF SERVICE

2

I, Cynthia L. Kelb, declare:

3

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law
offices of Holland & Hart LLP.  My business address is: **5441 Kietzke Lane, Second Floor,
Reno, Nevada  89511**.  I am over the age of 18 years and not a party to this action.  I am readily
familiar with Holland & Hart LLP's practice for collection of mail, delivery of its hand-
deliveries and their process of faxes.

4

5

6

On June 12, 2009, I caused the foregoing **ETREPPID'S AND TREPP'S MOTION
FOR CONTEMPT; REQUEST FOR ORDER SHORTENING TIME** to be:

7

8

  X____          filed electronically with the U.S. District Court and therefore the court's computer
                 system has electronically delivered a copy of the foregoing document to the
                 following person(s) at the following e-mail addresses:

9

10

rsunshine@linerlaw.com;
egarofalo@linerlaw.com
Randall J. Sunshine, Esq.
Ellyn S. Garofalo, Esq.
Liner  Grode  Stein  Yankelevitz  Sunshine
Regenstreif & Taylor LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503
*Fax 310/500-3501*

dkennedy@baileykennedy.com
Dennis L. Kennedy, Esq.
Bailey Kennedy
8984 Spanish Ridge Avenue
Las Vegas, NV 89148-1302
*Fax No. 702/562-8821*

11

12

13

14

15

16

Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC  20044
*Fax No. 202/616-8470*

Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV  89501
*Fax No. 784-5181*

17

18

19

20

21

Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, DC  20044
*Fax 202/616-8470*

bpeck@lrlaw.com
Bridget Robb Peck, Esq.
Lewis and Roca, LLP
50 W. Liberty Street, Ste. 410
Reno, Nevada 89501
*Fax No. 775-823-2929*

22

23

24

25

26

27

28

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

| | |
|---|---|
| 1 | *heather.ristau@bingham.com*;<br>*roland.tellis@bingham.com*; | brohde@rohdelaw.com<br>Robert E. Rohde, Esq. |
| 2 | *marshall.grossman@bingham.com* | Rohde & Van Kampen |
| 3 | Heather Ristau, Esq.<br>Roland Tellis, Esq. | 1001 Fourth Avenue, Suite 4050<br>Seattle, Washington 98154 |
| 4 | Marshall B. Grossman, Esq.<br>Bingham McCutchen LLP | *Fax No. (206) 405-2825* |
| 5 | The Water Garden | |
| 6 | 1620 26th Street, 4th Floor, North Tower<br>Santa Monica, CA  90404 | |
| 7 | *Fax No. 310-907-2000* | |

1620 26th Street, 4th Floor, North Tower

8

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on June 12, 2009.

9

10

                                        /s/
                              _____
11                            Cynthia L. Kelb

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    4537372_1

28

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511