J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone:   (775) 327-3000
Facsimile:    (775) 786-6179
speek@hollandhart.com; jsnyder@hollandhart.com;
alang@hollandhart.com; sbiornstad@hollandhart.com

Reid H. Weingarten, Esq. (D.C. Bar #365893) (Admitted Pro Hac Vice June 15, 2007)
Brian M. Heberlig, Esq. (D.C. Bar #455381) (Admitted Pro Hac Vice June 15, 2007)
Robert A. Ayers, Esq. (D.C. Bar #488284) (Admitted Pro Hac Vice June 15, 2007)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
Telephone:  (202) 429-3000

Attorneys for eTreppid Technologies, LLC and Warren Trepp

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust, | Case No. 3:06-CV-00056-BES-VPC **Base File** |
| Plaintiff, | 3:06-cv-00145-PMP-VPC |
| vs. | |
| ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA, and DOES 1 through 10, | **ETREPPID TECHNOLOGIES, L.L.C.'S AND WARREN TREPP'S REPLY IN SUPPORT OF MOTION FOR CONTEMPT** |
| Defendants | |
| AND RELATED CASE(S) | |

eTreppid Technologies, L.L.C. and Warren Trepp (hereinafter referred to as "eTreppid"), by and through their counsel Holland & Hart LLP, hereby submits their Reply in Support of Motion for Contempt [Docket # 1074]. This Reply is supported by the following Memorandum of Points and Authorities and all papers and pleadings filed herein.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

While Montgomery states, in his June 17, 2009 Opposition to the present Motion for Order to Show Cause, that he has substantially complied with this Court's May 26, 2009 Order, his Opposition actually serves to highlight significant areas in which he has utterly failed to comply with that Order. For instance, although Montgomery acknowledges that we withdrew approximately $600,000.00 "in a series of cashier's checks," in early 2009, he has not provided a single document which indicates how these funds were spent. Thus, Montgomery is asserting that he disposed of approximately $600,000.00 in cash without retaining any documents to indicate the manner in which he did so. This is simply not credible.

Montgomery's remaining responses demonstrate further deficiencies. Montgomery has apparently made no effort to obtain copies of promissory notes and he has not produced electronic copies of his Quicken and Bill Pay records. Furthermore, even though eTreppid served its requests for production on February 23, 2009, Montgomery apparently made no effort to obtain cancelled checks until after March 31, 2009, when (he affirms), his checking accounts were closed.

In short, Montgomery's Opposition to the present motion demonstrates that he has made, at best, a minimal effort either to respond to eTreppid's February 23, 2009 Requests for Production or to Comply with this Court's May 26, 2009 Order. Accordingly, significant contempt sanctions are appropriate.

### II.    Argument

A.    Montgomery Has Failed to Provide Copies of Cancelled Checks

Montgomery asserts that he should not be obliged to provide copies of cancelled checks because, as his checking accounts have been closed, there is a fee of fifteen dollars per check for

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    him to obtain these documents.  However, the bank statements that Montgomery did produce

2    show that he had bank accounts at Bank of America and Wells Fargo which were opened

3    through March 2009.  eTreppid's Requests for Production were propounded on February 23,

4    2009.  Thus, had Montgomery timely responded to these requests, he could have obtained these

5    cancelled checks before the accounts were closed.

6           Moreover, even though Montgomery was ordered to produce <u>all</u> financial records, he has

7    not provided any correspondence or other documents demonstrating that, as he claims, these

8    bank accounts were closed by the respective financial institutions.

9           Montgomery is essentially asserting that, because his dilatory conduct has resulted in a

10   greater expense associated with obtaining these documents, eTreppid should be obliged to pay to

11   obtain them.  This Court should not reward Montgomery's failure to make an effort to timely

12   comply with eTreppid's document requests by relieving him of the burden of complying with

13   these requests.  Accordingly, Montgomery should be held in contempt for failing to produce

14   these records.

15          B.      <u>Documents Relating to the Disposition of $600,000.00 Deposited in Early 2009</u>

16          Montgomery's records show that he deposited approximately $600,000.00 in his bank in

17   early 2009.  He asserts that this entire amount was withdrawn in a series of cashiers checks.

18   However, Montgomery has failed to produce any evidence showing how this money was spent.

19   Montgomery apparently would have this Court believe that he disposed of $600,000.00 in some

20   unspecified way without retaining a single document to evidence any payments made.

21   Montgomery's position is just not credible.

22          C.      <u>Electronic Financial Records</u>

23          Montgomery purports to have complied with eTreppid's request for electronic financial

24   records by providing printouts from the electronically stored records.  This is simply not

25   sufficient.  Montgomery was obliged to produce these records in electronic format.

26          D.      <u>Documents Relating to Current Real Estate Mortgages and Auto Loans</u>

27          Montgomery seems to assert that he does not need to obtain and produce documents

28   relating to his real estate mortgages because "eTreppid has already placed liens on all three

properties." This is irrelevant. Montgomery was ordered to produce these documents. He cannot avoid his obligation to obtain copies of the subject documents from his lender by merely noting that eTreppid has liened the subject properties. Moreover, Montgomery has apparently made no effort whatsoever to locate promissory notes or lease agreements for his automobiles. Montgomery's failure to make any effort to obtain these documents is clearly contemptuous.

      E.    <u>Montogmery's Failure to Obtain Paystubs</u>

      Montgomery asserts that he was not obliged to produce these records because "he does not maintain check stubs." At the time the underlying requests were served, Montgomery was an employee of Blxware earning in excess of $1.2 million per year. Montgomery could have obtained these records on demand from Blxware. He was obligated, upon receipt of eTreppid's February 23, 2009 discovery requests, to do so. His failure to now produce these records clearly constitutes contempt.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

III.    **Conclusion**

Montgomery's Opposition demonstrates, over and over again, that he has not made any real effort to comply with this Court's May 26, 2009 Order.  Accordingly, eTreppid submits that Montgomery should be held in contempt.

Dated:  June 19, 2009.

<div style="margin-left:50%;">

_____/s/ Jerry M. Snyder_____
J. Stephen Peek, Esq.  (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Adam G. Lang, Esq. (NV Bar #10117)
Shane M. Biornstad, Esq. (NV Bar #9972)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone:  (775) 327-3000
Facsimile:  (775) 786-6179

Reid H. Weingarten, Esq. (D.C. Bar #365893)
Brian M. Heberlig, Esq. (D.C. Bar #455381)
Robert A. Ayers, Esq. (D.C. Bar #488284)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone:  (202) 429-3000
Facsimile:   (202) 429-3902

*Attorneys for Plaintiff and Cross-Defendant*
  *eTreppid Technologies, L.L.C. and*
Cross-Defendant Warren Trepp

</div>

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

**PROOF OF SERVICE**

I, Cynthia L. Kelb, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada,** by the law offices of Holland & Hart LLP. My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511**. I am over the age of 18 years and not a party to this action. I am readily familiar with Holland & Hart LLP's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On June 19, 2009, I caused the foregoing **ETREPPID TECHNOLOGIES, L.L.C.'S AND WARREN TREPP'S REPLY IN SUPPORT OF MOTION FOR CONTEMPT** to be:

___X___   filed electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

rsunshine@linerlaw.com;
egarofalo@linerlaw.com
Randall J. Sunshine, Esq.
Ellyn S. Garofalo, Esq.
Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503
*Fax 310/500-3501*

dkennedy@baileykennedy.com
Dennis L. Kennedy, Esq.
Bailey Kennedy
8984 Spanish Ridge Avenue
Las Vegas, NV 89148-1302
*Fax No. 702/562-8821*

Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC  20044
*Fax No. 202/616-8470*

Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV  89501
*Fax No. 784-5181*

Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, DC  20044
*Fax 202/616-8470*

bpeck@lrlaw.com
Bridget Robb Peck, Esq.
Lewis and Roca, LLP
50 W. Liberty Street, Ste. 410
Reno, Nevada 89501
*Fax No. 775-823-2929*

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1

heather.ristau@bingham.com;
roland.tellis@bingham.com;

2

marshall.grossman@bingham.com

3

Heather Ristau, Esq.
Roland Tellis, Esq.

4

Marshall B. Grossman, Esq.
Bingham McCutchen LLP

5

The Water Garden
1620 26th Street, 4th Floor, North Tower

6

Santa Monica, CA  90404
*Fax No. 310-907-2000*

brohde@rohdelaw.com
Robert E. Rohde, Esq.
Rohde & Van Kampen
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154
*Fax No. (206) 405-2825*

7

8

9

        I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct, and that this declaration was executed on June 19, 2009.

10

11

        /s/ Cynthia L. Kelb
        Cynthia L. Kelb

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

4545819_1

28

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511