**Michael J. Flynn, Esq.,** Mass. State Bar No.172780
P.O. Box 690,
Rancho Santa Fe, CA 92067; *and*
One Center Plaza, Suite 240
Boston, MA 02129
Tel:   (858) 775-7624; Fax:(858) 759-0711
*Former Counsel, Admitted Pro Hac Vice*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, and the MONTGOMERY FAMILY TRUST,<br><br>  Plaintiffs,<br><br>v.<br><br>ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE,<br><br>  Defendants.<br><br>AND ALL RELATED MATTERS. | 3:06-CV-00056-PMP-VPC<br>**BASE FILE**<br><br>3:06-CV-00145-PMP-VPC<br><br>**MOTION TO CONFORM ORDER OF MAGISTRATE JUDGE TO ORDER OF DISTRICT JUDGE** |

Pursuant to the Order of the District Judge, Pro, J., (the "Objections Order"; Doc. #1150) sustaining certain technical objections of the Liner Law Firm, Deborah Klar, and Teri Pham to the Order of this Court, Cooke, J., (The "Sanctions Order"; Doc. # 1040) on narrow and limited grounds, Michael Flynn hereby moves this Court for an order to conform this Court's Sanctions Order to the Objections Order as follows:

1.  Michael Flynn (Flynn) respectfully requests that this Court conform its Sanctions Order to the Objections Order by ruling without further hearing, and pursuant to its Findings of Fact in the Sanctions Order, which findings have now been upheld in the Objections Order, that the sanctions imposed on the Liner Law Firm were made pursuant to this Court's inherent powers.

2.  Flynn respectfully requests that this Court conform its Sanctions Order to the Objections Order by issuing an amended Order to Show Cause against Deborah Klar (Klar) and Teri Pham (Pham) and scheduling a hearing, if deemed necessary by this Court, pursuant to Flynn's Amended NOTICE of Motion for Sanctions; and that said OSC and scheduled hearing be based on this Court's Findings of

1  Fact in the Sanctions Order, now upheld by the Objections Order.

2  3.  Flynn respectfully requests that in the event this Court permits Klar and Pham to present additional evidence either by testimony or affidavit, Flynn be granted permission to introduce additional evidence relating to all of the subject matters in the Sanctions Order.

4.  Flynn respectfully requests an order as part of the OSC to order the appearance of Dennis Montgomery and Edra Blixseth at any scheduled hearing; and/or for an order to permit Flynn to take the depositions of Klar, Pham, Dennis Montgomery, and Edra Blixseth, and for the production of documents for the purpose of preserving evidence to be offered at any subsequent hearing.

## POINTS AND AUTHORITIES

On April 24, 2008, Flynn filed a Motion for Sanctions pursuant to 28 U.S.C. § 1927 and this Court's inherent powers. On March 21, 2009, this Court entered the 54 page Sanctions Order with extensive, comprehensive, and detailed Findings of Fact and comprehensive Conclusions of Law. ("Findings" and / or "Conclusions".)  On May 9, 2008, Montgomery, the Liner firm, Klar, and Pham filed objections with supporting declarations from Liner, Montgomery, and Klar and appealed to the District Judge Pro, J.  (Doc. # 1035, 1036, 1037, 1038, 1040, 1042, 1043.) The sanctioned parties all challenged *both* the Findings and Conclusions with lengthy, rambling, and discursive recitations of *their* versions of the facts, and *their* interpretation of the Magistrate Judge's Findings. Their versions of the facts and their interpretation of the Magistrate's Findings permeate their memoranda. *Id.*

They also mounted numerous legal challenges to the Magistrate Judge's Conclusions based in part upon their version of the facts and their interpretation of the Findings. They also made several highly technical legal challenges *not* involving the Findings.

On June 25, 2009, Flynn filed four responses to the respective objections essentially relying on the Magistrate's Findings and Conclusions, but also correlating said Findings with his legal analysis where the objections were based on their versions of the facts which misstated or just simply manufactured facts not in the record. On April 5, 2010, the District Judge Pro, J., issued the Objections Order overruling Montgomery's mostly fact based objections to the Findings and

referencing numerous facts in the Findings as not being erroneous or contrary to law. The District Judge also sustained specific, very narrow, technical, legal objections made by Liner, Pham, and Klar, and which did not require the interpretation, alteration or even reference to any Findings. Indeed, the District Judge did not make any ruling whatsoever that disturbed any of the Findings; but in overruling Montgomery's objections, and in not disturbing any Findings as to Liner, Klar, and Pham upheld as a matter of law the Magistrate Judge's Findings.

**Montgomery.** In overruling Montgomery's predominately fact based challenges to the Sanctions Order, the District Judge has upheld both the Findings and Conclusions as to Montgomery regarding, inter alia, perjury; and he has upheld the Findings as to the conduct of the lawyers in their participation in it *as detailed in the Findings*, particularly as to the Findings that evidence their bad faith motive to "crush Mr. Flynn into submission" in connection with joint and several liability. As to Montgomery, after reciting the Findings, the District Judge ruled that the "Magistrates Judge's finding that Montgomery perjured himself is not clearly erroneous or contrary to law." The perjury Findings permeate all of this Court's Findings, as do the perjury participation Findings involving Pham and Klar as explicitly recited in said Findings. See Findings 39 -143.

The perjury misconduct and the perjury Findings underlie all of the Liner, Pham, and Klar misconduct in connection with their filings in four separate forums to "crush Mr. Flynn into submission." Indeed, the District Judge upheld joint and several liability and specifically noted that it was based upon the facts that "Montgomery, Klar, and Pham were jointly engaged in the misconduct at issue." This "joint" misconduct is at the heart of the Sanctions Order Findings. *Id. Additionally,* the District Judge makes no ruling whatsoever disturbing, questioning, changing, or altering the Sanctions Order relating to these Findings as they relate to the joint participation of Liner, Pham, and Klar in the perjury. Thus, this Court must conclude that its Findings and Conclusions have been upheld as to their joint and several liability.[1]

---

[1] The District Judge does note that given his narrow rulings on Liner, Klar, and Pham, he does not address their other objections. However, he also makes no ruling or even observations that disturbs any of the 143 Findings. Given the standard for reviewing credibility which he notes at p. 26: 19-20, the most reasonable conclusion is that after a thorough nine month review of the record, the Findings are not clearly erroneous or contrary to law. Indeed, at least one inference from his rulings is that in any subsequent proceeding, Montgomery may likely offer evidence against Klar and Pham *and* other Liner lawyers as to which he has made public statements to the effect that he will not "take the fall by himself," and that he possesses documentary evidence against them

1    **Liner.**  As to Liner, the District Judge issued an extremely narrow, non-fact based ruling that
2 28 U.S.C. § 1927 does not apply to law firms; and that the Sanctions Order was technically unclear
3 *enough* as to whether sanctions were imposed under § 1927 *or* this Court's inherent powers.  On that
4 narrow basis, the District Judge  remanded  this specific issue, and this issue alone, back to this Court
5 for that specific conclusion. (Objections Order at 23; 18 - 24;12.)   There is no ruling disturbing any
6 Finding.   Thus, Flynn respectfully requests that this Court make said ruling pursuant to the Objections
7 Order of the District Judge *and that this Court's Order be based upon the undisturbed Findings in the*
8 *Sanctions Order.*

9    **Pham.**  As to Pham, the District Judge issued an extremely narrow, non-fact based as to any
10 substantive facts, ruling that Pham did not have adequate notice - the last refuge of a guilty party -
11 particularly a lawyer who was ordered to attend the evidentiary hearing and who filed a declaration in
12 opposition to the motion for sanctions, and who was called to testify by her own lawyer without
13 claiming inadequate notice.  The District Judge noted that the Flynn motion for sanctions did not
14 "explicitly seek sanctions against Pham." Objections Order 34: 8.  The Objections Order also referenced
15 the Order to Show Cause. Objections Order, 34: 26 - 35: 7.

16    Flynn is filing an amended motion for sanctions incorporating by reference the Findings in the
17 Sanctions Order as the factual basis to impose sanctions; and respectfully requests that this Court issue
18 an Amended Order to Show Cause explicitly referencing Pham.[2]  If the Court deems further hearings
19 necessary, or Pham wishes to present additional evidence by means of testimony, affidavit, or
20 declaration, Flynn respectfully requests that he be given the opportunity to obtain documents and to
21 depose Pham, Klar, Montgomery, and Edra Blixseth. Based upon evidence collected in unrelated
22 proceedings, Flynn submits that Pham is maneuvering herself from the frying pan into the fire. Perhaps
23 with the minimal discovery sought, Pham will concede to the existing sanctions, before this Court
24 concludes that Pham actually suborned Montgomery's perjury if he claims advice of counsel with
25 documentary evidence.
26 ///
27

28    [2] For purposes of any future proceedings in this matter and / or in connection with other pending litigation, Flynn asserts that the Findings in the Sanctions Order are res judicata.

**Klar.** As to Klar, the District Judge again sustained the inadequate notice objection asserted by Klar, without any reference whatsoever to any substantive Findings relating to her misconduct, on the grounds that the sanctions imposed were broader than those sought in the motion and OSC. Flynn respectfully requests pursuant to his amended notice of motion for sanctions that this Court issue an amended Order to Show Cause; and if the Court deems further hearings necessary, that he be granted permission to conduct the limited discovery referenced above. Again, it is likely, given Montgomery's subsequent claims against Liner, Pham, and Klar in his bankruptcy proceedings, and other discovered evidence, that such discovery may cause Klar to reconsider her objections to the existing Sanctions Order.

## **CONCLUSION**

For all of the foregoing reasons, Flynn respectfully requests the aforesaid relief.

Dated: April 9, 2010                                         Respectfully Submitted,


                                                                          /s/
                                                             Michael J. Flynn, Esq.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing MOTION TO CONFORM ORDER OF MAGISTRATE JUDGE TO ORDER OF DISTRICT JUDGE was filed electronically via CM/ECF in the United States District Court for the District of Nevada, with notice of same being electronically served by the Court on all of the attorneys of record registered with the CM/ECF system this 9th day of April, 2010.

/s/

ZACHARY DRAPER
Legal Assistant to the
Logar Pulver