Thomas H. Casey - Bar No. 138264
Kathleen M. Goldberg - Bar No. 132637
LAW OFFICE OF THOMAS H. CASEY, INC.
A PROFESSIONAL CORPORATION
22342 Avenida Empresa, Suite 260
Rancho Santa Margarita, CA 92688
Telephone:  (949) 766-8787
Facsimile:   (949) 766-9896
Email: TomCasey@tomcaseylaw.com
       KGoldberg@tomcaseylaw.com

Attorney for Jason M. Rund
Chapter 7 Bankruptcy Trustee

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS LEE MONTGOMERY, an individual; and, MONTGOMERY FAMILY TRUST, a California Trust,<br><br>    Plaintiff,<br><br>vs.<br><br>ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the United States of America, and Does 1 through 10,<br>    Defendants. | Case No. 3:06-CV-00056-PMP-VPC<br><br>**STIPULATION TO AMEND PROTECTIVE ORDER ENTERED ON SEPTEMBER 11, 2007** |

This Stipulation (the "Stipulation") is entered into by and between Jason M. Rund, in his capacity as Chapter 7 Trustee ("Trustee") of the estate of Dennis Lee Montgomery and Brenda Kathleen Montgomery and eTreppid Technologies, L.L.C. and Warren Trepp ("eTreppid") (together referred to as the "Parties").

## FACTS

**WHEREAS**, Michael Flynn ("Flynn") represented Dennis Lee Montgomery ("Debtor") in the above entitled case, among other litigation matters pending in the U.S. District Court of Nevada, including case numbers 3:06-cv-00691-PMP-VPC, 3:06-cv-00250-BES-VPC, and 3:06-cv-00263-PMP-VPC ("Nevada Actions").

**WHEREAS**, Flynn's representation of the Debtor in the Nevada Actions ended in July of 2007.

1  **WHEREAS**, upon the withdrawal of Flynn as counsel, Liner, Grode, Stein, Yankelevitz,
2  Sunshine, Regenstreif & Taylor (the "Liner Firm") began to represent the Debtor In the Nevada
3  Actions.

4  **WHEREAS**, upon the request of the United States Department of Justice ("DOJ") the
5  Court in the Nevada Actions entered several protective orders including an Order entered on
6  August 29, 2007 ("USA Protective Orders"). Pursuant to the USA Protective Orders, the Debtor
7  and eTreppid are barred from seeking discovery or disclosure from any party which could cause
8  damage to the national security of the United States. However, specific areas of inquiry were
9  delineated as allowed areas of inquiry including any contract or agreement regarding the
10  technology claimed to be owned by either the Debtors or eTreppid, facts relating to the issue of
11  ownership of the technology, and the revenue or income of the Debtor.

12  **WHEREAS**, the Nevada District Court in the Nevada Actions entered a protective order
13  regarding discovery matters between the Debtor and eTreppid. The Order, entered on September
14  11, 2007, is attached hereto as **Exhibit "1"** ("Protective Order").

15  **WHEREAS**, the Protective Order provides that documents produced between the Debtor
16  and eTreppid could be labeled as "Confidential" or "Restricted Confidential" and that such
17  designated documents could not be disclosed or communicated in any fashion and could not be
18  used for any purpose other then preparing for the litigation of the Nevada Actions.

19  **WHEREAS**, in the Nevada Actions eTreppid may have produced documents to Flynn
20  pursuant to document requests from the Debtor, and eTreppid may have marked certain,
21  produced documents as "Confidential"or "Restricted Confidential".

22  **WHEREAS**, in the Nevada Actions eTreppid did produced approximately 100 boxes of
23  documents to the Liner Firm pursuant to a document requests from the Debtor, and eTreppid did
24  mark certain, produced documents as "Confidential"or "Restricted Confidential".

25  **WHEREAS**, the Debtor, along with his wife, Brenda Kathleen Montgomery, filed a
26  voluntary petition under Chapter 7 of the Bankruptcy Code on June 26, 2009 ("Petition Date").

27  **WHEREAS**, Jason M. Rund is the duly appointed trustee ("Trustee") of the bankruptcy
28  estate of Dennis Lee Montgomery and Brenda Kathleen Montgomery ("Bankruptcy Estate").

1  **WHEREAS**, in his capacity as Chapter 7 Trustee of the Bankruptcy Estate the Trustee
2  steps into the shoes of the Debtor and pursuant to 11 U.S.C. Section 541 is vested with all right,
3  title and interest in all property of the Debtor as of the Petition Date.

4  **WHEREAS**, in order to properly fulfill his statutory and fiduciary duties to investigate
5  and administer the assets of the Bankruptcy Estate, the Trustee requires the turnover of any and
6  all documents regarding the Debtor from Flynn and the Liner Firm.

7  **WHEREAS**, such a turnover of documents from Flynn and the Liner Firm to the Trustee
8  would include documents marked as "Confidential" or "Restricted Confidential" by eTreppid
9  prior to their delivery to Flynn or the Liner Firm.

10  **WHEREAS**, eTreppid wishes to maintain the restrictions on the documents marked as
11  "Confidential" or "Restricted Confidential" by eTreppid pursuant to the Protective Order.

12  **WHEREAS**, the Trustee has no objection to continuing to abide by such restrictions
13  placed upon any documents pursuant to the Protective Order.

14  **WHEREAS**, the Parties enter into this Stipulation to resolve issues concerning the
15  Protective Order and the Liner Firm's turnover of documents to the Trustee.

16  ### STIPULATION

17  **IT IS HEREBY STIPULATED** that, except for the Trustee and his professionals, the
18  documents turned over to the Trustee by Flynn or the Liner Firm shall remain subject to the
19  Protective Order, pending further order of the Court.

20  **IT IS FURTHER STIPULATED**, that upon entry of the orders of the Nevada U.S.
21  District Court and the U.S. Bankruptcy Court approving this Stipulation, Etreppid has no
22  objection to Flynn or the Liner Firm turning over all documents in its possession, custody and
23  control to the Trustee.

24  **IT IS FURTHER STIPULATED**, the Trustee will not release any document marked as
25  "Confidential" or "Restricted Confidential" by eTreppid to any party unless prior written approval
26  is obtained by eTreppid.

27  **IT IS FURTHER STIPULATED**, that such approval by eTreppid will not be withheld
28  unreasonably.

**IT IS FURTHER STIPULATED**, if eTreppid withholds approval for the Trustee to release any document marked as "Confidential" or "Restricted Confidential" by eTreppid pursuant to the Protective Order, the United States Bankruptcy Court for the Central District of California, Riverside Division, presiding over the Debtors' bankruptcy case may hear and rule on the Trustee's request to except a particular document from the Protective Order.

**IT IS FURTHER STIPULATED**, that when the Bankruptcy Estate is fully administered or if the Trustee obtains Bankruptcy Court approval to abandon any document marked as "Confidential" or "Restricted Confidential" by eTreppid pursuant to the Protective Order such documents will be destroyed or returned to eTreppid pursuant to eTreppid's written designation of option.

**IT IS FURTHER STIPULATED**, that the Parties to this Stipulation agree to continue to abide by the USA Protective Orders.

**IT IS FURTHER STIPULATED**, this Stipulation shall become effective only upon entry of an order of the United States Bankruptcy Court authorizing the Trustee to enter into this Stipulation and approving the terms set forth herein. Absent entry of an order of the United States Bankruptcy Court approving this Stipulation, this Stipulation shall be null and void.

**IT IS FURTHER STIPULATED**, should any dispute arise regarding this Stipulation, the United States Bankruptcy Court for the Central District of California, Riverside Division shall have jurisdiction to determine the dispute.

DATED: March 23, 2010   LAW OFFICE OF THOMAS H. CASEY, INC.,
A PROFESSIONAL CORPORATION

By: _____
Thomas H. Casey, Attorney for
Jason M. Rund, in his capacity as Chapter 7 Trustee
for the estate of Dennis Lee and Brenda Kathleen
Montgomery

DATED: March 9, 2010   HOLLAND & HART, LLP

By: _____
Jerry M. Snyder, Attorney for
eTreppid Technologies, LLC and Warren Trepp

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE

DATED: April 27, 2010

S:\Wordperfect\Montgomery\Pleadings\StipAmendProtectiveOrdereTreppid.wpd   4

IT IS SO ORDERED:

DATED:

_____
UNITED STATES DISTRICT JUDGE

**Exhibit 1**

Case 3:06-cv-00056-PMP-VPC   Document 1164   Filed 04/28/10   Page 7 of 19
Case 3:06-cv-00056-PMP-VPC   Document 1153   Filed 04/22/10   Page 7 of 19
Case 3:06-cv-00056-PMP-VPC   Document 264   Filed 09/11/2007   Page 1 of 10
Case 3:06-cv-00056-PMP-VPC   Document 260   Filed 09/10/2007   Page 1 of 10

UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust,<br><br>Plaintiff,<br><br>vs.<br><br>ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA, and DOES 1 through 10,<br><br>Defendants<br>_____/<br>AND RELATED CASE(S)<br>_____/ | Case No. 3:06-CV-00056-PMP-VPC<br>**Base File**<br><br>3:06-cv-00145-PMP-VPC |

## ~~PROPOSED~~ PROTECTIVE ORDER

This matter comes before the Court on eTreppid Technologies, LLC's Motion for a Protective Order, filed September 19, 2006. Having reviewed the Motion, the Opposition thereto filed by Dennis Montgomery and the Montgomery Family Trust, the pleadings and papers filed in support of and in opposition to that motion, and having heard the arguments of counsel, this Court determines that in the course of this litigation a party may produce documents and information which are confidential or commercially sensitive in nature and that public disclosure of such information could be detrimental to the producing party's interests. Similarly, such confidential or commercially sensitive information may be disclosed by written discovery, deposition testimony, or in other filings with the Court. This Court accordingly enters the following Protective Order:

1. SCOPE. The present Protective Order shall apply to all non-public information and materials provided or produced by the parties in the course of the above-captioned litigation, whether

Case 3:06-cv-00056-PMP-VPC   Document 1164   Filed 04/28/10   Page 8 of 19
Case 3:06-cv-00056-PMP-VPC   Document 1153   Filed 04/22/10   Page 8 of 19
Case 3:06-cv-00056-PMP-VPC   Document 264   Filed 09/11/2007   Page 2 of 10
Case 3:06-cv-00056-PMP-VPC   Document 260   Filed 09/10/2007   Page 2 of 10

1  written, oral, contained in documents or transcripts, or in any other form, which has in good faith been
2  designated "Confidential" or "Restricted Confidential" in accordance with Paragraphs 2 and 3 below.
3      2.   DEFINITION OF CONFIDENTIAL INFORMATION. There will be two levels of
4  confidential information - - "Confidential" and "Restricted Confidential." A producing party may
5  designate as "Confidential" such non-public documents, information, and materials produced by it
6  which the producing party believes in good faith constitute, contain or reflect proprietary, trade secret
7  or commercially sensitive information, that is not generally known and/or which the party would not
8  normally reveal to non-parties or, if revealed to non-parties, would cause non-parties to maintain in
9  confidence. A producing party may designate as "Restricted Confidential" such Confidential
10 documents, information, and materials produced by it which the producing party believes in good faith
11 constitute, contain or reflect extremely sensitive and highly confidential proprietary, trade secret or
12 commercial information, for which the designation Confidential will not afford adequate protection
13 under the terms of this Protective Order.
14     3.   DESIGNATION.
15     (A) A producing party or its counsel may designate as Confidential or Restricted
16 Confidential any documents or other tangible things by (i) marking every page of such item
17 Confidential or Restricted Confidential as the case may be, or (ii) sending written notice designating
18 each page of such documents or each portion of such tangible things to be treated as Confidential or
19 Restricted Confidential as the case may be.
20     (B) A producing party or its counsel may designate deposition or other testimony
21 provided by the producing party as Confidential or Restricted Confidential by any one of the following
22 means: (i) stating orally on the record, with reasonable precision as to the affected testimony, on the
23 day the testimony is given that the information is Confidential or Restricted Confidential, or (ii)
24 sending written notice designating, by page and line, the portions of the transcript of the deposition or
25 other testimony to be treated as Confidential or Restricted Confidential within 10 days after receipt of
26 the transcripts.
27     4. USE OF CONFIDENTIAL AND RESTRICTED CONFIDENTIAL INFORMATION.
28     Confidential and Restricted Confidential documents and information shall not be disclosed or

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Case 3:06-cv-00056-PMP-VPC   Document 1164   Filed 04/28/10   Page 9 of 19
Case 3:06-cv-00056-PMP-VPC   Document 1153   Filed 04/22/10   Page 9 of 19
Case 3:06-cv-00056-PMP-VPC   Document 264   Filed 09/11/2007   Page 3 of 10
Case 3:06-cv-00056-PMP-VPC   Document 260   Filed 09/10/2007   Page 3 of 10

1 communicated in any fashion nor be used for any purpose other than preparing for and conducting this
2 litigation, as provided for in this Protective Order. It will be the responsibility of each of the parties'
3 counsel to use reasonable efforts to ensure compliance with the Protective Order. However, nothing in
4 this Protective Order shall prevent any producing party from disclosing or using its own Confidential
5 or Restricted Confidential information as it deems appropriate, and any such use shall not be deemed a
6 waiver of any party's rights or obligations under this Protective Order with respect to any confidential
7 information. In addition, nothing in this Protective Order shall impose any restrictions on the use or
8 disclosure by any party of documents, information, materials, or testimony obtained by such party
9 independent of this litigation.

10     5.    **RESTRICTIONS ON ACCESS TO CONFIDENTIAL AND RESTRICTED**
11 **CONFIDENTIAL INFORMATION.**

12     (A) Access to Confidential information, and to any copies, portions, summaries,
13 analyses or excerpts of any documents containing information that has been designated "Confidential"
14 shall be limited to the following:

15     (1) Counsel of record for the parties to the litigation, including office
16 associates, paralegals, stenographic and clerical employees;

17     (2) The parties to this action, their representatives, employees and agents,
18 including in-house counsel;

19     (3) Outside witnesses, potential witnesses, consultants, and/or experts, subject
20 to the provisions of Paragraph 6 below;

21     (4) Any person who is indicated on the face of a document to have been an
22 author, addressee, or copy recipient thereof;

23     (5) The Court and court personnel, including clerks and stenographic reporters
24 engaged in such proceedings as are necessarily incident to this litigation;

25     (6) Court reporters or stenographers who record deposition or other testimony
26 in the litigation;

27     (7) Outside photocopying services, graphic production services, or litigation
28 support services employed by the parties or their counsel to assist in this litigation, and computer

*Hale Lane Peek Dennison and Howard*
*5441 Kietzke Lane, Second Floor*
*Reno, Nevada 89511*

Case 3:06-cv-00056-PMP-VPC   Document 1164   Filed 04/28/10   Page 10 of 19
Case 3:06-cv-00056-PMP-VPC   Document 1153   Filed 04/22/10   Page 10 of 19
Case 3:06-cv-00056-PMP-VPC   Document 264   Filed 09/11/2007   Page 4 of 10
Case 3:06-cv-00056-PMP-VPC   Document 260   Filed 09/10/2007   Page 4 of 10

1  personnel performing duties in relation to a computerized litigation system;

2  (8) Any other person whom the producing party agrees to in writing.

3  (B) Access to Restricted Confidential information, and any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated "Restricted Confidential" shall be limited to the following:

6  (1) Counsel of record for the parties to the litigation, including office associates, paralegal, stenographic and clerical employees.

8  (2) The Court and court personnel, including clerks and stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

10  (3) Court reporters or stenographers who record deposition or other testimony in the litigation.

12  (4) Any person who is indicated on the face of the Restricted Confidential document to have been an author, addressee, or copy recipient thereof.

14  (5) Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system.

17  (6) Outside consultants and/or experts, subject to the provisions of paragraph 6.

18  (7) Any other person whom the producing party agrees to in writing.

19  Documents or information which has been designated "Restricted Confidential" shall not be given to the receiving party or the receiving party's employees, representatives or agents, other than its counsel of record, or to any outside witness, unless such person is entitled to access to "Restricted Confidential" information pursuant to this paragraph.

23  6.  **ACCESS BY OUTSIDE WITNESSES, CONSULTANTS, AND/OR EXPERTS TO CONFIDENTIAL INFORMATION.** The parties' counsel may, to the extent necessary to the prosecution or defense of this action, in accordance with the terms of this Protective Order, and in good faith, make confidential documents or information and any copies, portions, summaries, analyses or excerpts of any documents containing confidential information available to outside or non-party witnesses, consultants, or expert witnesses, provided however that prior to delivering any such

*Hale Lane Peek Dennison and Howard*
*5441 Kietzke Lane, Second Floor*
*Reno, Nevada 89511*

Case 3:06-cv-00056-PMP-VPC   Document 1164   Filed 04/28/10   Page 11 of 19
Case 3:06-cv-00056-PMP-VPC   Document 1153   Filed 04/22/10   Page 11 of 19
Case 3:06-cv-00056-PMP-VPC   Document 264   Filed 09/11/2007   Page 5 of 10
Case 3:06-cv-00056-PMP-VPC   Document 260   Filed 09/10/2007   Page 5 of 10

1  information to such witness, consultant, or expert, counsel shall obtain from the witness, consultant or
2  expert, a signed and dated statement to the effect that the person has read this Protective Order and
3  agrees to bound by its terms. ("Statement of Compliance").

4      7.    RENDERING ADVICE. Nothing herein shall bar or otherwise restrict an attorney who
5  is a qualified recipient of Restricted Confidential information under the terms of this Order from
6  rendering advice to his or her client with respect to this action and, in the course thereof, from
7  generally relying upon his or her examination of such information. In rendering such advice or in
8  otherwise communicating with the client, the attorney shall not disclose the specific content of any
9  Restricted Confidential information to any other person or party where such disclosure would not
10 otherwise be permitted under the terms of this Order.

11     8.    DEPOSITIONS. Persons may be deposed regarding documents or information of
12 which they have knowledge which have been designated "Confidential" or "Restricted Confidential."
13 All transcripts of these depositions and any other deposition containing confidential information will
14 be treated in accordance with this Protective Order and when filed shall be marked pursuant to the
15 procedures set forth in Paragraph 9 below.

16     Aside from the witness, no person shall attend any portion of any deposition containing
17 testimony regarding confidential information or documents except counsel for the parties unless such
18 person has executed the Statement of Compliance. Any court reporter who transcribes testimony in
19 this action at a deposition shall agree, before transcribing any such testimony, that all testimony
20 containing confidential information is and shall remain confidential and shall not be disclosed, except
21 as provided in this Protective Order and that copies of any transcript, reporter's notes or any other
22 transcription records of any such testimony will be retained in absolute confidentiality and safekeeping
23 by such shorthand reporter or delivered to attorneys of record or filed with the Court.

24     9.    DISPUTES CONCERNING DESIGNATION OR DISCLOSURE OF DOCUMENTS.
25 If any party to this Protective Order objects to the designation of any information as Confidential or
26 Restricted Confidential, or there is a dispute concerning the disclosure of confidential information to
27 the person(s) designated by the parties, the party having the objection or dispute shall first state the
28 objection or issue by letter to the party that made such designations. The parties are ordered to confer

Case 3:06-cv-00056-PMP-VPC   Document 1164   Filed 04/28/10   Page 12 of 19
Case 3:06-cv-00056-PMP-VPC   Document 1153   Filed 04/22/10   Page 12 of 19
Case 3:06-cv-00056-PMP-VPC   Document 264   Filed 09/11/2007   Page 6 of 10
Case 3:06-cv-00056-PMP-VPC   Document 260   Filed 09/10/2007   Page 6 of 10

1  in good faith by telephone or in person to resolve any dispute respecting the terms or operation of this
2  Protective Order. If the parties are unable to resolve such a dispute within 3 days of such conference,
3  the dispute shall be submitted to the Court. In any such proceeding, the designating party shall have
4  the burden of establishing that the disputed documents or information are "Confidential" or "Restricted
5  Confidential", as defined in Paragraph 2 above. No disclosure of any document or information in
6  dispute shall be made pending resolution of the dispute. In the event that the Court is required to
7  review a claim of confidentiality, the particular documents or information that has been challenged
8  shall be submitted to the Court for in camera inspection.

9  The failure of any party to challenge the designation by another producing party of documents,
10  materials, or information as Confidential or Restricted Confidential shall not be a waiver of that party's
11  right to object to the designation of such material at trial.

12  10.  **FILING WITH THE COURT.** No party or non-party shall file or submit for filing as
13  part of the court record any documents under seal without first obtaining leave of court.
14  Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears
15  the burden of overcoming the presumption in favor of public access to papers filed in court.

16  However, any party seeking to file with this Court or any appellate court discovery materials
17  which contain "Confidential" or "Restricted Confidential" information, or any pleading, brief, or
18  memorandum purporting to reproduce or paraphrase "Confidential" or "Restricted Confidential"
19  information has an affirmative obligation not to file "Confidential" or "Restricted Confidential"
20  material but to seek this Court's leave to file such material under seal. No party shall file any
21  "Confidential" or "Restricted Confidential" information until this Court has ruled on that party's
22  request for leave to file such information under seal.

23  11.  **NO IMPLIED ACKNOWLEDGMENT OF CONFIDENTIALITY.** The receipt of
24  documents, information or other materials designated as Confidential or Restricted Confidential
25  pursuant to this Protective Order shall not constitute an acknowledgment that the same are in fact
26  confidential or otherwise legally protectable, and the parties and their counsel shall not be obliged to
27  challenge the propriety of any confidentiality designation. Failure to do so shall not preclude a
28  subsequent challenge to the propriety of any such designation. Until and unless the parties may agree

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Case 3:06-cv-00056-PMP-VPC   Document 1164   Filed 04/28/10   Page 13 of 19
Case 3:06-cv-00056-PMP-VPC   Document 1153   Filed 04/22/10   Page 13 of 19
Case 3:06-cv-00056-PMP-VPC   Document 264   Filed 09/11/2007   Page 7 of 10
Case 3:06-cv-00056-PMP-VPC   Document 260   Filed 09/10/2007   Page 7 of 10

or the Court may finally determine that such documents, information or materials are not properly designated as Confidential or Restricted Confidential pursuant hereto, the same shall continue to be treated as so designated in accordance with the terms of this Protective Order.

12. **NO WAIVER.** The production of documents for inspection shall not constitute a waiver of a party's rights to claim in this lawsuit or otherwise that the documents are privileged or otherwise undiscoverable. Production by any party of confidential documents or information in other litigation shall not constitute a waiver of its right to claim in this lawsuit or hereafter that such documents or information are confidential, privileged or otherwise undiscoverable. Nothing in this Protective Order requires any party to produce any documents or information that the party believes is privileged or otherwise non-discoverable. By entering into this Protective Order, the parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or seek any further protective order, or to seek relief from the Court from any provision of this Protective Order by application or on noticed motion on any grounds.

13. **THIRD PARTIES.** Any third-party served with a subpoena in connection with this litigation or who otherwise produces documents or is noticed for a deposition in connection with this litigation may invoke the protections of this Protective Order by signing a copy of this Protective Order and agreeing to be bound by its terms.

14. **DISPOSITION OF CONFIDENTIAL DOCUMENTS AND INFORMATION UPON FINAL DETERMINATION.** Upon the final determination of this action, whether by judgment which is no longer appealable, determination after appeal, settlement, or otherwise, all documents, information and material designated as "Confidential" or "Restricted Confidential" and all copies, testimony, summaries, notes, extracts, or abstracts of such documents or of such information shall promptly be returned to the producing party's counsel, or disposed of pursuant to further order of the Court, except that counsel shall be entitled to retain all memoranda or other documents prepared by counsel embodying information derived from any such materials; provided, however, that no subsequent use shall entail disclosure of any information as to which claim of confidentiality has been made. The final determination of this action shall not terminate the limitations on use and disclosure contained in this Protective Order.

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

Case 3:06-cv-00056-PMP-VPC   Document 1164   Filed 04/28/10   Page 14 of 19
Case 3:06-cv-00056-PMP-VPC   Document 1153   Filed 04/22/10   Page 14 of 19
Case 3:06-cv-00056-PMP-VPC   Document 264   Filed 09/11/2007   Page 8 of 10
Case 3:06-cv-00056-PMP-VPC   Document 260   Filed 09/10/2007   Page 8 of 10

15. **AMENDMENT AND MODIFICATION.** This Protective Order may be amended by the written agreement of counsel for the parties submitted to an approved by the Court in this case. Nothing in this Protective Order shall preclude any party to this action from moving to vacate or modify this Protective Order or any provision thereof.

16. **JURISDICTION AND ENFORCEMENT.** Any person to whom documents or information designated as "Confidential" or "Restricted Confidential" are disclosed shall be subject to the jurisdiction of this Court for purposes of determining, assuring and adjudging such person's compliance with this Protective Order. This jurisdiction shall survive the termination of this action. Any party or person subject to this Protective Order who violates its provisions shall be liable for contempt of court and damages for any injuries or loss suffered by the producing party as a result of such violation.

17. **RELATIONSHIP TO STATE SECRETS.** The United States Protective Order, entered by the Court on August 29, 2007, upholds the government's assertion of military and states secret privilege regarding information as identified in said protective order. While it is not contemplated that trade secret information sought to be protected by the instant Protective Order directly involves military and states secrets information, to the extent that there is overlap of trade secret and military and states secrets information, the United States Protective Order takes precedence over the terms of the instant Protective Order. Accordingly, no party is to disclose or produce information subject to the

///
///
///

Case 3:06-cv-00056-PMP-VPC  Document 1164  Filed 04/28/10  Page 15 of 19
Case 3:06-cv-00056-PMP-VPC  Document 1153  Filed 04/22/10  Page 15 of 19
Case 3:06-cv-00056-PMP-VPC  Document 264  Filed 09/11/2007  Page 9 of 10
Case 3:06-cv-00056-PMP-VPC  Document 260  Filed 09/10/2007  Page 9 of 10

1  United States Protective Order in the handling or production of trade secret information as identified in
2  the instant Protective Order.

3  **IT IS SO ORDERED** this 11th day of September, 2007.

*/s/ Valerie P. Cooke*
U.S. MAGISTRATE JUDGE

Case 3:06-cv-00056-PMP-VPC   Document 1164   Filed 04/28/10   Page 16 of 19
Case 3:06-cv-00056-PMP-VPC   Document 1153   Filed 04/22/10   Page 16 of 19
Case 3:06-cv-00056-PMP-VPC   Document 264   Filed 09/11/2007   Page 10 of 10
Case 3:06-cv-00056-PMP-VPC   Document 260   Filed 09/10/2007   Page 10 of 10

# PROOF OF SERVICE

I, Gaylene Silva, declare:

I am employed in the **City of Reno, County of Washoe, State of Nevada**, by the law offices of Hale Lane Peek Dennison and Howard. My business address is: **5441 Kietzke Lane, Second Floor, Reno, Nevada 89511**. I am over the age of 18 years and not a party to this action. I am readily familiar with Hale Lane Peek Dennison and Howard's practice for collection of mail, delivery of its hand-deliveries and their process of faxes.

On September 10, 2007, I caused the foregoing **PROPOSED PROTECTIVE ORDER** to be:

__X__  filed the document electronically with the U.S. District Court and therefore the court's computer system has electronically delivered a copy of the foregoing document to the following person(s) at the following e-mail addresses:

*Fax No. 786-5044*
Lezlie@renofamilylaw.com
Ronald J. Logar, Esq.
Eric A. Pulver, Esq.
The Law Offices of Logar & Pulver
225 S. Arlington Avenue, Suite A
Reno, NV 89501

*Fax 310/500-3501*
Tpham@linerlaw.com; dklar@linerlaw.com;
rlapine@linerlaw.com
Teri T. Pham, Esq.
Deborah A. Klar, Esq.
Ryan M. Lapine, Esq.
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503

*Fax No. 202/616-8470*
Carlotta.wells@usdoj.gov
Carlotta P. Wells, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 7150
U.S. Department of Justice
20 Massachusetts Ave., NW
P.O. Box 883
Washington, DC 20044

*Fax No. 784-5181*
Greg.addington@usdoj.gov
Greg Addington, Esq.
Assistant U.S. Attorney
100 W. Liberty Street, Suite 600
Reno, NV 89501

*Fax 202/616-8470*
Raphael.gomez@usdoj.gov
Raphael O. Gomez, Esq.
Senior Trial Counsel
Federal Programs Branch
Civil Division – Room 6144
U.S. Department of Justice
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, D.C. 20044

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on September 10, 2007.

/s/
Gaylene Silva

::ODMA\PCDOCS\HLRNODOCS\665580\2          Page 10 of 10

Exhibit 1 Page 14

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Rancho Santa Margarita, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 22342 Avenida Empresa, Suite 260, Rancho Santa Margarita, California 92688.

On April 22, 2010, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:     **STIPULATION TO AMEND PROTECTIVE ORDER ENTERED ON SEPTEMBER 11, 2007**

SERVED UPON:     **SEE ATTACHED SERVICE LIST**

[✓] **(BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"))** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 22, 2010** I checked the CM/ECF docket for this case and determined that the person(s) on the following page are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated on the following page.

[✓] **(BY MAIL)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Rancho Santa Margarita, California. I am readily familiar with the practice of the Law Office of Thomas H. Casey, Inc. for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

[ ] **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile transmission and the transmission was reported as completed and without error. Pursuant to C.R.C. 2009(i), I either caused, or had someone cause, the transmitting machine to properly transmit the attached documents to the facsimile numbers shown on the service list.

[ ] **(BY FEDERAL EXPRESS)** I am readily familiar with the practice of the Law Office of Thomas H. Casey, Inc. for collection and processing of documents for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

[ ] **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized by O.C. Corporate Courier to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed forthwith.

[ ] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[✓] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on April 22, 2010, at Rancho Santa Margarita, California.

*/s/ Marissa Silva*
Marissa Silva

## SERVICE LIST
*In re Montgomery et al v. eTreppid Technologies et al* 3:06-CV-00056-PMP-VPC

### Served Via Electronic Notice:

- Gregory W. Addington  greg.addington@usdoj.gov,judy.farmer@usdoj.gov,joanie.silvershield@usdoj.gov
- Robert A Ayers  rayers@steptoe.com
- Shane M Biornstad  sbiornstad@hollandhart.com,ckelb@hollandhart.com
- Thomas H. Casey  msilva@tomcaseylaw.com
- Amanda J. Cowley  acowley@jonesvargas.com,eparcells@jonesvargas.com
- Carla DiMare  cdimare@worldnet.att.net
- Michael James Flynn  mjfbb@msn.com
- John J Frankovich  jfrankovich@mcdonaldcarano.com,khenley@mcdonaldcarano.com
- Ellyn S. Garofalo  egarofalo@linerlaw.com,mwilcox@linerlaw.com
- Leigh T Goddard  lgoddard@mcdonaldcarano.com,pmiller@mcdonaldcarano.com
- Raphael O. Gomez  raphael.gomez@usdoj.gov
- Gary R. Goodheart
  grg@jonesvargas.com,bschrager@jonesvargas.com,brs@jonesvargas.com,lross@jonesvargas.com
- Marshall B. Grossman  marshall.grossman@bingham.com
- Brian M. Heberlig  bheberlig@steptoe.com
- Dennis L. Kennedy  dkennedy@baileykennedy.com,srusso@baileykennedy.com
- Adam G Lang
  alang@hollandhart.com,btoriyama@hollandhart.com,eford@hollandhart.com,intaketeam@hollandhart.com
- Debbie Leonard  dleonard@mcdonaldcarano.com,pmiller@mcdonaldcarano.com
- Ronald Logar  zachary@logarpulver.com
- Ronald J Logar  Zachary@logarpulver.com,Eric@logarpulver.com
- Timothy Ryan O'Reilly
  tor@oreillylawgroup.com,fr@oreillylawgroup.com,lc@oreillylawgroup.com,mg@oreillylawgroup.com,
  jor@oreillylawgroup.com
- Bridget Robb Peck  bpeck@lrlaw.com,jmoulian@lrlaw.com
- J. Stephen Peek
  speek@hollandhart.com,mdalluge@hollandhart.com,clein@hollandhart.com,dsagert@hollandhart.com,intaketeam@hollandhart.com,dbergsing@hollandhart.com
- Heather Ristau  heather.ristau@bingham.com
- Robert E Rohde  brohde@rohdelaw.com,jertel@rohdelaw.com,brohde@rohdelaw.com

- Gregory G. Schwartz gschwartz@rohdelaw.com
- Richard Segerblom rsegerblom@lvcoxmail.com,tsegerblom@gmail.com
- Jerry M Snyder
  jsnyder@hollandhart.com,btoriyama@hollandhart.com,cpulsipher@hollandhart.com,
  carnold@hollandhart.com,Intaketeam@hollandhart.com,ckelb@hollandhart.com
- Roland Tellis roland.tellis@bingham.com
- Reid H. Weingarten rweingarten@steptoe.com
- Carlotta P Wells carlotta.wells@usdoj.gov

## Served Via US Mail:

Dennis Lee Montgomery
6 Toscana Way
Rancho Mirage, CA 92270

Brenda Kathleen Montgomery
6 Toscana Way
Rancho Mirage, CA 92270

Joseph A Eisenberg
Jeffer Mangels Butler & Marmaro LLP
1900 Ave Of The Stars, 7th Flr
Los Angeles, CA 90067

Edra Blixseth
42765 Dunes View Rd.
Rancho Mirage, CA 92270

Opspring, LLC
600 106th Avenue NE, Ste 210
Bellevue, WA 98004-5045

Blxware, LLC
600 106th Avenue NE, Suite 210
Bellevue, WA 98004