1   Thomas H. Casey - Bar No. 138264
    Kathleen M. Goldberg - Bar No. 132637
2   LAW OFFICE OF THOMAS H. CASEY, INC.
    A PROFESSIONAL CORPORATION
3   22342 Avenida Empresa, Suite 260
    Rancho Santa Margarita, CA  92688
4   Telephone:     (949) 766-8787
    Facsimile:      (949) 766-9896
5   Email: TomCasey@tomcaseylaw.com
           KGoldberg@tomcaseylaw.com
6
    Attorney for Jason M. Rund
7   Chapter 7 Bankruptcy Trustee

8                    UNITED STATES DISTRICT COURT

9                     FOR THE DISTRICT OF NEVADA

10  DENNIS LEE MONTGOMERY, an individual; )
    and, MONTGOMERY FAMILY TRUST, a )      Case No. 3:06-CV-00056-PMP-VPC
11  California Trust,                              )
                              Plaintiff,          )
12                                                )
                  vs.                             )   **STIPULATION   TO   AMEND**
13                                                )   **PROTECTIVE ORDER ENTERED ON**
    ETREPPID   TECHNOLOGIES,   L.L.C.,   a )      **MARCH 20, 2009**
14  Nevada Limited Liability Company; WARREN )
    TREPP, an individual; DEPARTMENT OF )
15  DEFENSE of the United States of America, and )
    Does 1 through 10,                            )
16                            Defendants.         )
                                                  )
17  _____ )

18

19        This Stipulation (the "Stipulation") is entered into by and between Jason M. Rund, in his

20  capacity as Chapter 7 Trustee ("Trustee") of the estate of Dennis Lee Montgomery and Brenda

21  Kathleen Montgomery and Michael Flynn ("Flynn") (together referred to as the "Parties").

22                              **FACTS**

23        **WHEREAS,** Flynn represented Dennis Lee Montgomery ("Debtor") in the above entitled

24  case among other litigation matters pending in the U.S. District Court of Nevada, including case

25  numbers 3:06-cv-00691-PMP-VPC, 3:06-cv-00250-BES-VPC, and 3:06-cv-00263-PMP-VPC

26  ("Nevada Actions").

27        **WHEREAS,** upon the request of the United States Department of Justice ("DOJ") the

28  Court in the Nevada Actions entered several protective orders including an Order entered on

1    August 29, 2007 ("USA Protective Orders").  Pursuant to the USA Protective Orders, the Debtor

2    and the Defendants in the Nevada Actions are barred from seeking discovery or disclosure from

3    any party which could cause damage to the national security of the United States.  However,

4    specific areas of inquiry were delineated as allowed areas of inquiry including any contract or

5    agreement regarding the technology claimed to be owned by either the Debtors or the Defendants

6    in the Nevada Actions, facts relating to the issue of ownership of the technology, and the revenue

7    or income of the Debtor.

8           **WHEREAS**, on or about December 16, 2008, the Nevada District Court entered a

9    judgment against the Debtor and others and in favor of Flynn for unpaid attorney fees and cost in

10   the amount of $628,812.15 ("Judgment").

11          **WHEREAS**, on or about February 25, 2009 the Nevada District Court entered an order

12   permitting Flynn to conduct a judgment debtor's examination of the Debtor and others ("Exam

13   Order").

14          **WHEREAS**, the Exam Order provided for the production of documents from the Debtor

15   to Flynn regarding the Debtor's financial status.

16          **WHEREAS**, the Nevada District Court in the Nevada Actions entered a protective order

17   regarding the Exam Order ("Protective Order").  The Protective Order, entered on March 20,

18   2009, is attached hereto as **Exhibit "1"**.

19          **WHEREAS**, the Protective Order provides that documents produced by the Debtor to

20   Flynn may be deemed to be "Confidential-Attorney Eyes Only", whether or not any documents

21   produced were so marked or not.  See, page 1 paragraph 2(a) of the Protective Order.

22          **WHEREAS**, the Debtor produced documents to Flynn pursuant to the Protective Order

23   and many of the documents were marked as "Confidential-Attorney Eyes Only".

24          **WHEREAS**, the Debtor, along with his wife, Brenda Kathleen Montgomery, filed a

25   voluntary petition under Chapter 7 of the Bankruptcy Code on June 26, 2009 ("Petition Date").

26          **WHEREAS**, Jason M. Rund is the duly appointed trustee ("Trustee") of the bankruptcy

27   estate of Dennis Lee Montgomery and Brenda Kathleen Montgomery ("Bankruptcy Estate").

28          **WHEREAS**, in his capacity as Chapter 7 Trustee of the Bankruptcy Estate the Trustee

1  steps into the shoes of the Debtor and pursuant to 11 U.S.C. Section 541 is vested with all right,

2  title and interest in all property of the Debtor as of the Petition Date.

3      **WHEREAS**, in order to properly fulfill his statutory and fiduciary duties to investigate

4  and administer the assets of the Bankruptcy Estate, the Trustee requires the turnover of any and

5  all documents regarding the Debtor from Flynn.

6      **WHEREAS**, such a turnover of documents from Flynn to the Trustee would include

7  documents marked as "Confidential-Attorney Eyes Only" by the Debtor prior to their delivery to

8  Flynn.

9      **WHEREAS**, Pursuant to the Protective Order the Debtor and/or Flynn could seek the

10  removal of the designation of the "Confidential-Attorney Eyes Only". See, page 4 paragraph 9 of

11  the Protective Order.

12      **WHEREAS**, the Trustee and Flynn wish to remove the designation of "Confidential-

13  Attorney Eyes Only" from all documents delivered to Flynn pursuant to the Exam Order.

14      **WHEREAS**, the Parties enter into this Stipulation to resolve issues concerning the

15  Protective Order and Flynn's turnover of documents to the Trustee.

16  **STIPULATION**

17      **IT IS HEREBY STIPULATED** that the designation of "Confidential-Attorney Eyes

18  Only" from all documents delivered by the Debtor to Flynn pursuant to the Exam Order is hereby

19  removed.

20      **IT IS FURTHER STIPULATED**, that upon entry of the orders of the Nevada U.S.

21  District Court and the U.S. Bankruptcy Court approving this Stipulation, Flynn has no objection

22  to turning over to the Trustee all documents delivered to Flynn by the Debtor, including

23  documents delivered pursuant to the Exam Order, and agrees to do so forthwith.

24      **IT IS FURTHER STIPULATED**, that Flynn's turnover of documents to the Trustee of

25  the documents received by Flynn pursuant to the Exam Order from the Debtor is not a violation

26  of the Protective Order.

27      **IT IS FURTHER STIPULATED**, that the Parties to this Stipulation agree to continue to

28  abide by the USA Protective Orders.

1    **IT IS FURTHER STIPULATED,** this Stipulation shall become effective only upon

2    entry of an order of the United States Bankruptcy Court authorizing the Trustee to enter into this

3    Stipulation and approving the terms set forth herein.  Absent entry of an order of the United

4    States Bankruptcy Court approving this Stipulation, this Stipulation shall be null and void.

5    **IT IS FURTHER STIPULATED,** should any dispute arise regarding this Stipulation,

6    the United States Bankruptcy Court for the Central District of California, Riverside Division

7    shall have jurisdiction to determine the dispute.

8

9    DATED:  January _____, 2010          LAW OFFICE OF THOMAS H. CASEY, INC.,
                                            A PROFESSIONAL CORPORATION
10

11                                         By:_____
                                               Thomas H. Casey, Attorney for
12                                             Jason M. Rund, in his capacity as Chapter 7 Trustee
                                               for the estate of Dennis Lee and Brenda Kathleen
13                                             Montgomery

14    DATED:  January _11_, 2010

15                                         _____

16                                         Michael Flynn

17

18

19

20

21

22

23

24

25

26

27

28

S:\Wordperfect\Montgomery\Pleadings\StipAmendProtectiveOrderFlynn.wpd          4

1   **IT IS FURTHER STIPULATED**, this Stipulation shall become effective only upon

2   entry of an order of the United States Bankruptcy Court authorizing the Trustee to enter into this

3   Stipulation and approving the terms set forth herein.  Absent entry of an order of the United

4   States Bankruptcy Court approving this Stipulation, this Stipulation shall be null and void.

5   **IT IS FURTHER STIPULATED**, should any dispute arise regarding this Stipulation,

6   the United States Bankruptcy Court for the Central District of California, Riverside Division

7   shall have jurisdiction to determine the dispute.

8

9   DATED: February 23, 2010        LAW OFFICE OF THOMAS H. CASEY, INC.,
                                    A PROFESSIONAL CORPORATION

10                                   By: _____

11                                   Thomas H. Casey, Attorney for
                                     Jason M. Rund, in his capacity as Chapter 7 Trustee

12                                   for the estate of Dennis Lee and Brenda Kathleen
                                     Montgomery

13

14   DATED: February ____, 2010

15

16                                   _____
                                     Michael Flynn

17

18   IT IS SO ORDERED,
19   DATED: April 28, 2010           _____
                                     Valerie P. Cooke

20                                   United States Magistrate Judge

21

22

23

24

25

26

27

28

S:\Wordperfect\Montgomery\Pleadings\StipAmendProtectiveOrdereFlynn.wpd        4

**Exhibit 1**

Mark H. Gunderson, Esq. (SBN: 2134)
Catherine A. Reichenberg, Esq. (SBN: 10362)
GUNDERSON LAW FIRM
3895 Warren Way
Reno, Nevada 89509
Telephone:  (775) 829-1222
Facsimile:  (775) 829-1226

Randall J. Sunshine, Esq. (SBN: CA 137363)
Ellyn S. Garofalo, Esq. (SBN: CA 158795)
LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501
ADMITTED PRO HAC VICE

Attorneys for
DENNIS MONTGOMERY, the MONTGOMERY FAMILY
TRUST, EDRA BLIXSETH and OPSPRING LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY and the MONTGOMERY FAMILY TRUST, | Case No. 3:06-CV-00056-PMP-VPC BASE FILE |
| Plaintiffs, | (Consolidated with Case No. 3:06-CV-00145-PMP-VPC) |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| ETREPPID TECHNOLOGIES, LLC, WARREN TREPP, and the UNITED STATES DEPARTMENT OF DEFENSE, | |
| Defendants. | |
| AND RELATED CASES. | |

Exhibit 1  Page 5

Case 3:06-cv-00056-PMP-VPC   Document 1165   Filed 04/28/10   Page 8 of 19
Case 3:06-cv-00056-PMP-VPC   Document 1154   Filed 04/22/10   Page 8 of 19
Case 3:06-cv-00056-PMP-VPC   Document 973   Filed 03/26/2009   Page 2 of 10

1      On December 16, 2008, the Court entered judgment in favor of interested party Michael

2  Flynn ("Mr. Flynn") against Dennis Montgomery, Brenda Montgomery and the Montgomery

3  Family Trust (collectively, the "Judgment Debtors") in the amount of $628,812.15 (the

4  "Judgment"). On February 25, 2009, the Court entered an order permitting Mr. Flynn to conduct

5  judgment debtor exams of the Judgment Debtors and directing the Judgment Debtors to produce

6  five categories of documents (Docket # 968) (the "Order"). In order to provide for the

7  confidentiality of any financial, proprietary or other confidential information disclosed in such

8  discovery, to limit its dissemination and use to and by Parties to the Judgment, and to insure

9  compliance with the United States protective order, Mr. Flynn and the Judgment Debtor

10  (collectively, the "Parties"), hereby submit the following Stipulated Protective Order which shall

11  govern any document, information or other thing furnished by any Party in connection with the

12  Order and/or any further order by the Court relating to post judgment discovery or proceedings.

13  **1.**      **Proceedings and Information Governed.**

14      This Order shall govern any documents, information or other thing furnished by either

15  Party, including a Party's representatives, in connection with the Order and any further order by the

16  Court for discovery in these post judgment proceedings. The information so governed includes, but

17  is not limited to, responses to requests to produce documents or other things, deposition testimony

18  and exhibits, all copies, extracts, summaries, compilations, designations and portions thereof and

19  any other discovery permitted by the Court. The Order does not govern proceedings before the

20  Court nor does it prohibit any party from seeking a protective order to govern proceedings before

21  the Court.

22  **2.**      **Designation of Information for Protection Under This Order.**

23      (a)    All financial documents and information produced by any Party in these post

24  judgment proceedings shall be deemed "Confidential - Attorneys' Eyes Only", whether or not

25  expressly designated as such by the Party furnishing the information. Any other information

26  produced in this post-judgment proceeding that is reasonably believed by the producing party to be

27  nonpublic, proprietary or confidential may be designated by the producing party as "Confidential

28  Information" or "Confidential - Attorneys' Eyes Only." Such designation may be made by

1

Exhibit 1 Page 6

1   stamping or otherwise marking the material prior to production as follows: "Confidential

2   Information" or "Confidential - Attorneys' Eyes Only." In the case of written material, documents

3   or tangible items, the designation "Confidential Information" or "Confidential - Attorneys' Eyes

4   Only" shall be made by the producing party at the time the receiving party is provided a copy of the

5   writing or thing. For multiple page documents, the designation "Confidential Information" or

6   "Confidential - Attorneys' Eyes Only," shall be made on the first page of the documents, but shall

7   apply to all pages of such documents unless expressly provided otherwise by the producing party.

8   In the case of deposition testimony, a party seeking to invoke the protection of this order as to

9   "Confidential" or "Confidential - Attorneys' Eyes Only" information shall give prompt notice

10  thereof at the initiation, conclusion, termination, or suspension of said deposition of testimony or

11  portion of testimony that is designated as "Confidential" or "Confidential - Attorneys' Eyes Only".

12  In the event such notice is given, the provisions of paragraphs 3, 4  and 5 below shall apply.

13      (b)      Where it is determined that "Confidential Information" or "Confidential - Attorneys'

14  Eyes Only" information has been produced, but not initially designated as such, the "Confidential

15  Information" or "Confidential - Attorneys' Eyes Only" information can be designated as such in

16  writing at a later date, each party shall make a reasonable effort to retrieve documents containing

17  the later designated "Confidential Information" or "Confidential - Attorneys' Eyes Only"

18  information and otherwise insure that persons to whom the "Confidential Information" or

19  "Confidential - Attorneys' Eyes Only" information has been disclosed will treat such documents

20  accordingly.

21  **3.    Disclosure of "Confidential - Attorneys' Eyes Only" Information.**

22      Confidential - Attorneys' Eyes Only information shall not be disclosed to any Party or third

23  party without prior Court approval, except as required pursuant to the U.S. Protective Order. The

24  Party seeking Court approval for the use or disclosure of Confidential - Attorneys' Eyes Only

25  Information, shall file a noticed motion with the Court, under seal, identifying the documents or

26  information to be disclosed and the person or persons to whom the Confidential - Attorneys' Eyes

27  Only information is to be disclosed and specifying the need for the disclosure or use of the

28  Confidential - Attorneys' Eyes Only information. The Court shall then determine whether

2

Exhibit 1  Page 7

1  disclosure of the Confidential - Attorneys' Eyes Only Information is warranted.  Any hearing

2  which refers to or described Confidential - Attorneys' Eyes Only information may at the Court's

3  discretion, be held in camera.

4  **4.**    **Disclosure of Confidential Information.**

5       Information that is designated "Confidential Information" (but which is not marked

6  "Confidential - Attorneys' Eyes Only") may be disclosed by the receiving Party only to:

7       (a)    The attorneys of record in this proceeding, each Party's in-house counsel, and any

8  attorneys retained by the Parties in this action to consult on the action, and their respective

9  associates, clerks, legal assistants, stenographic and support personnel, and organizations retained

10  by such attorneys to provide support services in this action and the employees of said

11  organizations;

12       (b)    Independent experts and consultants retained in this proceeding and the employees

13  of such experts and consultants who are assisting them;

14       (c)    The officers, directors and employees of a Party;

15       (d)    Persons who were the authors or recipients of such documents; and

16       (e)    Such other persons as hereafter may be designated by written agreement of all

17  Parties in this action or by order of the Court, obtained on noticed motion (or on shortened time as

18  the Court may allow), permitting such disclosure;

19       (f)    Persons deposed pursuant to further orders of this Court; and

20       (g)    Government personnel pursuant to the U.S. Protective Order.

21  **5.**    **Distribution of Confidential Information.**

22       Unless otherwise approved by the parties in writing, no copies, summaries or abstracts of

23  Confidential Information shall be made by parties or their counsel for distribution or for use by

24  persons other than those designated in paragraph 4.

25  **6.**    **Undertaking.**

26       (a)    Each person referred to in paragraph 4 hereof to whom Confidential Information is

27  to be given, shown, disclosed, made available or communicated in any way, except the Parties

28  themselves, their respective attorneys of record, and government personnel pursuant to the U.S.

3

Exhibit 1  Page 8

1  Protective Order, shall first execute an undertaking, in the form attached hereto as Exhibit A,

2  agreeing to be bound by the terms of this Order, and the original undertaking shall be retained by

3  counsel for the party so sharing the Confidential Information.

4      (b)     Each person to whom the Court may authorize the disclosure of Confidential -

5  Attorneys' Eyes Only" information shall first execute an undertaking, in the form attached hereto

6  as Exhibit A, agreeing to be bound by the terms of this Order, and the original undertaking shall be

7  retained by counsel for the party so sharing the Confidential Information.

8  **7.     Use.**

9      Information protected under this Order, whether designated "Confidential Information" or

10  "Confidential - Attorneys' Eyes Only", shall be used by the Party and any other persons as

11  authorized herein to whom it is disclosed solely in connection with this proceeding.  Confidential

12  Information or "Confidential - Attorneys' Eyes Only" information shall not be used by such Party

13  or any other persons as authorized herein for any business or other purpose, unless agreed to in

14  writing by all parties to this action or as authorized by further order of the Court.  No person who is

15  furnished information protected under this Order shall disclose it to any person not entitled under

16  this Order to receive it.

17  **8.     Party's Own Information.**

18      The restrictions on the use of Confidential Information and Confidential - Attorneys' Eyes

19  Only information established by this Protective Order are applicable only to the use by a Party of

20  information received from the other Party.  A Party is free to do whatever it desires with its own

21  Confidential Information or Confidential - Attorneys' Eyes Only information.

22  **9.     Removal of Designation.**

23      A Party may seek removal of the designation of Confidential Information or "Confidential -

24  Attorneys' Eyes Only" of any document or information through the following procedures:

25      (a)     The Party or person seeking such removal shall give counsel of record for the other

26  Party written notice thereof, supported by reasons therefore specifying the documents, information

27  or other thing as to which such removal is sought;

28

4

Exhibit 1  Page 9

Case 3:06-cv-00056-PMP-VPC  Document 1165  Filed 04/28/10  Page 12 of 19
Case 3:06-cv-00056-PMP-VPC  Document 1154  Filed 04/22/10  Page 12 of 19
Case 3:06-cv-00056-PMP-VPC  Document 9732  Filed 03/20/09  Page 6 of 10

1      (b)    If the Parties cannot reach agreement concerning the matter within five (5) business

2  days after delivery by e-mail of the notice, or such other time as the Court may allow, then the

3  Party seeking the removal of Confidential Information from this Order may file and serve a motion

4  for an order of the Court for appropriate relief. Such motion must be filed and served by e-mail

5  within five (5) business days after the expiration of the five-day period referred to previously. Any

6  such motion shall be set for the earliest possible date on the Court's calendar, and shall not be

7  continued without the consent of all Parties. The Party seeking to remove the designation bears the

8  burden, in any such motion, to establish the appropriateness of the relief being sought.

9  **10.**    **Disclosure to Author or Addressee.**

10      Nothing herein shall prohibit a Party, or its counsel, from disclosing a document which is

11  designated "Confidential Information" or Confidential - Attorneys' Eyes Only to the person who is

12  the author or recipient of such documents as shown on the face of the document.

13  **11.**    **Depositions.**

14      Any deposition reporter who transcribes testimony in this action at a deposition shall be

15  given a copy of this Order and shall be required to agree on the transcript of the deposition, before

16  taking down any such testimony, that all testimony and information revealed at the deposition shall

17  not be disclosed by such reporter or any person who transcribed such testimony except to the

18  attorneys of record for the Parties in this action. In addition, all deposition testimony and exhibits

19  designated "Confidential - Attorneys' Eyes Only" shall be bound in a separate transcript, and

20  clearly marked on each page "Confidential - Attorneys' Eyes Only."

21  **12.**    **Exclusion From Deposition.**

22      Whenever any documents, information or other things designated as "Confidential -

23  Attorneys' Eyes Only" are to be discussed or disclosed in a deposition, any party claiming such

24  confidentiality may exclude from the room any person who is not entitled to receive documents,

25  information or other things designated as "Confidential - Attorneys' Eyes Only."

26  **13.**    **Subpoenas.**

27      In the event any person or Party having possession, custody or control of any Confidential

28  Information or Confidential - Attorneys' Eyes Only information receives a subpoena or other

Exhibit 1  Page 10

1   process or order to produce such information, such person or Party shall promptly notify in writing

2   the attorneys of record of the Party claiming such confidential treatment of the item, documents or

3   information sought by such subpoena or other process or order, shall furnish those attorneys of

4   record with a copy of said subpoena or other process or order, and shall provide reasonable

5   cooperation with respect to any procedure to protect such information or matter as may be sought

6   to be pursued by the Party whose interests may be affected. If the Party asserting the

7   confidentiality makes a motion to quash or modify the subpoena, process or order, the person or

8   Party receiving the subpoena or other process or order shall comply with applicable law or order of

9   the court having jurisdiction over such subpoena, process, order, or motion. If no such motion is

10  made despite a reasonable opportunity to do so, the person or Party receiving the subpoena or other

11  process or order shall be entitled to comply with it provided it has fulfilled its obligations

12  hereunder.

13  **14.    No Waiver.**

14          Neither the taking of nor the failure to take any action to enforce the provisions of this

15  Protective Order; nor the failure to object to any designation or any such action or omission, shall

16  constitute a waiver of any right to seek and obtain protection or relief, other than as specified

17  herein, of any claim or defense in this action or any other action including, but not limited to, the

18  claim or defense that any information is or is not proprietary to any Party, is or is not entitled to

19  particular protection or that such information embodies trade secrets of any party. The procedures

20  set forth herein shall not affect the rights of the Parties to object to discovery on grounds other than

21  those related to trade secrets or proprietary information claims, nor shall it relieve a party of the

22  necessity of proper response to discovery devices.

23  **15.    No Probative Value.**

24          This Protective Order shall not abrogate or diminish any contractual, statutory or other legal

25  obligation or right of any Party or person with respect to any Confidential Information or

26  Confidential - Attorneys' Eyes Only information. The fact that information is designated

27  "Confidential Information" or "Confidential - Attorneys' Eyes Only" information under this

28  Protective Order shall not be deemed to be determinative of what a trier of fact may determine to

6

Exhibit 1  Page 11

1    be confidential or proprietary. This Order shall be without prejudice to the right of any Party to

2    bring before the Court the question of: (i) whether any particular material is or is not confidential;

3    (ii) whether any particular information or material is or is not entitled to a greater or lesser degree

4    of protection than provided hereunder; or (iii) whether any particular information or material is or

5    is not relevant to any issue of this case, provided that in doing so the Party complies with the

6    foregoing procedures. Absent a stipulation of all Parties, the fact that information has been

7    designated confidential under this Order shall not be admissible during the trial of this action, nor

8    shall the jury be advised of such designation. The fact that any information is disclosed, used or

9    produced in discovery or trial herein shall not be construed in and of itself as admissible or offered

10   in any action or proceeding before any court, agency or tribunal as evidence of or concerning

11   whether or not such information is confidential or proprietary.

12   **16.**    **Return of Information.**

13       At the conclusion of this proceeding, including all appeals, all Confidential Information or

14   "Confidential - Attorneys' Eyes Only" information and all documents which reflect such

15   information shall, upon the request of the party furnishing such Confidential Information or

16   "Confidential - Attorneys' Eyes Only" information, be (i) delivered to the Party that furnished such

17   Confidential Information or (ii) in lieu of delivery to the furnishing Party destroyed, in which event

18   counsel shall give written notice of such destruction to opposing counsel. In no event shall a party

19   retain a copy of Confidential Information or "Confidential - Attorneys' Eyes Only" information

20   produced to it.

21   **17.**    **Violations of the Order.**

22       Any Party who knowingly and intentionally violates this Protective Order by intentionally

23   disclosing or using "Confidential Information" or "Confidential –Attorneys' Eyes Only"

24   information in such manner as to constitute a violation of this Order shall be subject to sanctions in

25   an amount to be decided in the sole discretion of the Court. Sanctions may be sought pursuant to a

26   noticed motion by the Party who furnished the Protected Information or on the Court's own

27   motion, pursuant to the Court's inherent power.

28

Exhibit 1  Page 12

**18.    Court's Jurisdiction.**

The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem appropriate. The provisions of this Order regarding the use and/or disclosure of Protected Information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Order.

**19.    Relationship to State Secrets.**

The United States Protective Order, entered by the Court on August 29, 2007 and upholding the government's assertion of military and states secret privilege regarding information as identified in said protective order, remains in effect. While it is not contemplated that financial information sought to be protected by the instant Protective Order directly involves military and states secrets information, to the extent that there is overlap of financial information and military and states secrets information, the United States Protective Order takes precedence over the terms of the instant Protective Order. Accordingly, no party is to disclose or produce information subject to the United States Protective Order in the handling or production of financial information as identified in the instant Protective Order.

SO ORDERED THIS ___20th___ DAY OF ___March___, 2009.

_Valerie P. Cooke_

_____
United States Magistrate Judge Valerie P. Cooke

8

Exhibit 1  Page 13

Case 3:06-cv-00056-PMP-VPC   Document 997-2   Filed 03/20/2009   Page 100 of 100

## UNDERTAKING

### Exhibit A to Stipulated Protective Order

STATE OF       )
               ) ss.
COUNTY OF     )

I, _____, being first duly sworn, state that:

1.   My address is _____.

2.   My present employer is _____ and the address of my employer is _____.

3.   My present occupation or job description is _____.

4.   I have received a copy of the Protective Order in case of <u>Montgomery, et al. v eTreppid, et al.</u>, Civil Action No. 3:06-cv-56 in the United States District Court for the District of Nevada.

5.   I understand that I can be held in contempt of court for violating the terms of the Protective Order and I submit to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

6.   I have carefully read and understand the provisions of the Protective Order, and I will comply with all of its provisions.

Dated: _____, 2009          _____

9

Exhibit 1  Page 14

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Rancho Santa Margarita, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 22342 Avenida Empresa, Suite 260, Rancho Santa Margarita, California 92688.

On **April 22**, 2010, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:  **STIPULATION TO AMEND PROTECTIVE ORDER ENTERED ON MARCH 20, 2009**

SERVED UPON:  **SEE ATTACHED SERVICE LIST**

[ ✓ ]  **(BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"))** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 22, 2010** I checked the CM/ECF docket for this case and determined that the person(s) on the following page are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated on the following page.

[ ✓ ]  **(BY MAIL)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Rancho Santa Margarita, California. I am readily familiar with the practice of the Law Office of Thomas H. Casey, Inc. for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

[  ]  **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile transmission and the transmission was reported as completed and without error. Pursuant to C.R.C. 2009(i), I either caused, or had someone cause, the transmitting machine to properly transmit the attached documents to the facsimile numbers shown on the service list.

[  ]  **(BY FEDERAL EXPRESS)** I am readily familiar with the practice of the Law Office of Thomas H. Casey, Inc. for collection and processing of documents for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

[  ]  **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized by O.C. Corporate Courier to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed forthwith.

[  ]  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ✓ ]  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on April 22, 2010, at Rancho Santa Margarita, California.

_Marissa Silva_

Marissa Silva

## SERVICE LIST

*In re Montgomery et al v. eTreppid Technologies et al 3:06-CV-00056-PMP-VPC*

### Served Via Electronic Notice:

- **Gregory W. Addington** greg.addington@usdoj.gov,judy.farmer@usdoj.gov,joanie.silvershield@usdoj.gov
- **Robert A Ayers** rayers@steptoe.com
- **Shane M Biornstad** sbiornstad@hollandhart.com,ckelb@hollandhart.com
- **Thomas H. Casey** msilva@tomcaseylaw.com
- **Amanda J. Cowley** acowley@jonesvargas.com,eparcells@jonesvargas.com
- **Carla DiMare** cdimare@worldnet.att.net
- **Michael James Flynn** mjfbb@msn.com
- **John J Frankovich** jfrankovich@mcdonaldcarano.com,khenley@mcdonaldcarano.com
- **Ellyn S. Garofalo** egarofalo@linerlaw.com,mwilcox@linerlaw.com
- **Leigh T Goddard** lgoddard@mcdonaldcarano.com,pmiller@mcdonaldcarano.com
- **Raphael O. Gomez** raphael.gomez@usdoj.gov
- **Gary R. Goodheart** grg@jonesvargas.com,bschrager@jonesvargas.com,brs@jonesvargas.com,lross@jonesvargas.com
- **Marshall B. Grossman** marshall.grossman@bingham.com
- **Brian M. Heberlig** bheberlig@steptoe.com
- **Dennis L. Kennedy** dkennedy@baileykennedy.com,srusso@baileykennedy.com
- **Adam G Lang** alang@hollandhart.com,btoriyama@hollandhart.com,eford@hollandhart.com,intaketeam@hollandhart.com
- **Debbie Leonard** dleonard@mcdonaldcarano.com,pmiller@mcdonaldcarano.com
- **Ronald Logar** zachary@logarpulver.com
- **Ronald J Logar** Zachary@logarpulver.com,Eric@logarpulver.com
- **Timothy Ryan O'Reilly** tor@oreillylawgroup.com,fr@oreillylawgroup.com,lc@oreillylawgroup.com,mg@oreillylawgroup.com, jor@oreillylawgroup.com
- **Bridget Robb Peck** bpeck@lrlaw.com,jmoulian@lrlaw.com
- **J. Stephen Peek** speek@hollandhart.com,mdalluge@hollandhart.com,clein@hollandhart.com,dsagert@hollandhart.com,inta keteam@hollandhart.com,dbergsing@hollandhart.com
- **Heather Ristau** heather.ristau@bingham.com
- **Robert E Rohde** brohde@rohdelaw.com,jertel@rohdelaw.com,brohde@rohdelaw.com

- **Gregory G. Schwartz** gschwartz@rohdelaw.com

- **Richard Segerblom** rsegerblom@lvcoxmail.com,tsegerblom@gmail.com

- **Jerry M Snyder**
  jsnyder@hollandhart.com,btoriyama@hollandhart.com,cpulsipher@hollandhart.com,
  carnold@hollandhart.com,Intaketeam@hollandhart.com,ckelb@hollandhart.com

- **Roland Tellis** roland.tellis@bingham.com

- **Reid H. Weingarten** rweingarten@steptoe.com

- **Carlotta P Wells** carlotta.wells@usdoj.gov

## Served Via US Mail:

Dennis Lee Montgomery
6 Toscana Way
Rancho Mirage, CA 92270

Brenda Kathleen Montgomery
6 Toscana Way
Rancho Mirage, CA 92270

Joseph A Eisenberg
Jeffer Mangels Butler & Marmaro LLP
1900 Ave Of The Stars, 7th Flr
Los Angeles, CA 90067

Edra Blixseth
42765 Dunes View Rd.
Rancho Mirage, CA 92270

Opspring, LLC
600 106th Avenue NE, Ste 210
Bellevue, WA 98004-5045

Blxware, LLC
600 106th Avenue NE, Suite 210
Bellevue, WA 98004