# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, et al., | 3:06-CV-0056-PMP (VPC) |
| Plaintiffs, | |
| vs. | **ORDER** |
| ETREPPID TECHNOLOGIES, LLC., et al., | |
| Defendants. | |

Before the court are the motions of Michael J. Flynn ("Mr. Flynn") to conform order of the magistrate judge to the order of the district judge (#1151) and amended notice of motion for sanctions (#1152). Liner Grode Stein Yankelevitz Sunshine Regenstrief & Taylor LLP (the "Liner firm") responded (#1157) and Mr. Flynn replied (#1166).

On March 31, 2009, this court issued an order re: motion for sanctions against Dennis Montgomery ("Mr. Montgomery"), the Liner firm and two of its partners, Deborah Klar ("Ms. Klar") and Teri Pham ("Ms. Pham") (#985). Mr. Montgomery, Ms. Klar, Ms. Pham, and the Liner firm objected to the court's sanction order. On April 5, 2010, the District Court overruled Mr. Montgomery's objections, but sustained the Liner firm's objections, finding that a law firm is not subject to sanctions under 28 U.S.C. § 1927 (#1150). The District Court also sustained Ms. Klar and Ms. Pham's objections. *Id.* As to the Liner firm, Ms. Klar, and Ms. Pham, the District sustained their objections "without prejudice to any further proceedings consistent with this Order with respect to Flynn's motion for sanctions." *Id.* at p. 38, lines 6-7, 11-12, & 15-16. Mr. Flynn then filed the present motions, but Ms. Pham and Ms. Klar thereafter timely appealed the District Court's order (#s 1155 and 1158).

"The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Federal Rule of Civil Procedure 62.1 offers district courts several options for action when "a timely motion is made for

relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1. Under Rule 62.1(a), a district court may defer consideration of or deny the motion, or it may indicate that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. *Id.* at 62.1(a). Rule 62.1 operates in conjunction with Federal Rule of Appellate Procedure 12.1, which provides that if the district court, pursuant to Rule 62.1(a)(3), states that it would either grant the motion on remand or that the motion raises a substantial issue, the movant must notify the circuit clerk. Fed. R. App. P. 12.1.

Rule 62.1 does not apply to the six motions identified in Federal Rule of Appellate Procedure 4(a)(4)(A) for which the appellate process is halted to allow the district court time to rule on the motion, as the district court is not divested of jurisdiction in these cases. Fed. R. App. P. 4(a)(4)(A). These motions include motions for judgment under Rule 50(b), motions to amend or make new factual findings under Rule 52, motions for attorney's fees under Rule 54, motions to alter or amend judgment under Rule 59, motions for a new trial under Rule 59, and motions for relief under Rule 60. *Id.*

Here, Mr. Flynn filed his motion to conform order and amended notice of motion for sanctions on April 9, 2010. Ms. Pham and Ms. Klar filed their appeals with the Ninth Circuit Court of Appeals on April 23, 2010 and April 26, 2010, respectively. Mr. Flynn's motions concern the issues on appeal, and they do not fall within one of the Federal Rule of Appellate Procedure 4(a)(4)(A) excepted motion categories; therefore, the district court does not have jurisdiction to hear Mr. Flynn's motions at this time. Rule 62.1 permits this court to defer ruling on or deny the motions, or the court may issue an indicative ruling stating that it would grant the motions if the issues are remanded by the Ninth Circuit, or the court may simply state that Mr. Flynn's motions raise a substantial issue. Mr. Flynn filed his motions prior to the notices of appeal, and so did not request that the court issue an indicative ruling pursuant to Rule 62.1(a)(3) or the related Federal Rule of Appellate Procedure 12.1. However, this court does not wish to speculate at this time as to whether it would grant the motions on remand should the occasion arise. Rather, the court elects to deny Mr. Flynn's motions without prejudice. Upon the conclusion of the appeals process, the parties may reassess their positions and determine how to proceed.

**IT IS THEREFORE ORDERED** that Mr. Flynn's motion to conform order of magistrate judge to order of district judge (#1151) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Mr. Flynn's amended notice of motion and motion authorizing sanctions (#1152) is **DENIED without prejudice**.

**Dated: January 7, 2011.**

*/s/ Valerie P. Cooke*
_____
UNITED STATES MAGISTRATE JUDGE