ANDREW D. PARKER, ESQ. (pro hac vice forthcoming)
Arizona Bar No. 028314
E-Mail: parker@parkerdk.com
**PARKER DANIELS KIBORT LLC**
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101

ADAM R. FULTON, ESQ.
Nevada Bar No. 11572
E-mail: afulton@jfnvlaw.com
LOGAN G. WILLSON, ESQ.
Nevada Bar No. 14967
E-mail: logan@jfnvlaw.com
**JENNINGS & FULTON, LTD.**
2580 Sorrel Street
Las Vegas, Nevada 89146
Telephone: (702) 979-3565
Facsimile:  (702) 362-2060

*Attorneys for* Proposed Intervenor

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust,<br><br>Plaintiff,<br><br>v.<br><br>ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company; WARREN TREPP, an individual; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA; and DOES 1 through 10,<br><br>Defendants.<br><br>AND ALL RELATED CASE(S) | CASE NO.: 3:06-cv-00056-PMP-VPC<br>and<br>3:06-cv-00145-PMP-VPC |

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
AND TO LIFT PROTECTIVE ORDER**

**Oral Argument Requested**

Non-party Michael J. Lindell ("Lindell") hereby seeks to intervene in these actions for the limited purpose of obtaining the lifting of the Court's protective order entered on August 29, 2007 in case no. 06-cv-00056 as Doc. #253 ("Protective Order"). Lindell possesses data ("Data") obtained from party Dennis Montgomery ("Montgomery"), which Lindell seeks to use to defend himself against claims asserted in other litigation, and the Data may be covered by the Protective Order.

**I.
Factual Background**

Lindell is a defendant in US Dominion, Inc. et al. v. My Pillow, Inc. et al., case no. 1:21-cv-00445 in the United States District Court for the District of Columbia ("D.C. Litigation"). The plaintiffs' complaint in that action alleges Lindell defamed them by making various statements about electronic election equipment used in the 2020 presidential election being hacked to manipulate the results of the election. Decl. of Michael Lindell *See Exhibit A* at ¶ 3 & Ex. A ¶ 165 ("Lindell Decl."). In making these statements, Lindell relied in part upon information that originated with Montgomery. *Id*. ¶ 74; Lindell Decl. ¶ 4. Accordingly, Lindell seeks to use testimony and evidence concerning Montgomery's background and his work for U.S. intelligence agencies, and the information from Montgomery itself, to defend the reasonability and veracity of his allegedly defamatory statements in the D.C. Litigation. *Id*. ¶ 5.

The information that Lindell in part relied upon, the Data, comprises internet transmissions sent during the 2020 election that were collected by technology Montgomery developed and previously licensed to the US government. Lindell Decl. ¶ 7; Montgomery

*See Exhibit B* at Decl. ¶ 40. Montgomery has gathered extensive data showing that voting machine manufacturers and their employees were hacked several times, and information related to illegal US government surveillance programs that Montgomery worked in. Montgomery Decl. ¶ 38. Lindell agreed to acquire ownership rights to the Data from Montgomery. Lindell Decl. ¶ 6; Montgomery Decl. ¶ 39. The Protective Order entered by this Court prohibits the use or disclosure of information related to Montgomery's work for or relationship with U.S. intelligence agencies. *See* Doc. #253. Montgomery believes the Protective Order remains in place and precludes disclosure of the Data. Montgomery Decl. ¶ 41. Lindell seeks removal of this barrier to him using the Data, and testimony and evidence concerning Montgomery, to defend himself in the D.C. Litigation. Lindell Decl. ¶ 10.

## II.
## Lindell May Intervene in This Action for the Limited Purpose Modifying the Protective Order.

Fed. R. Civ. P. 24(a)(2) grants the right to intervene in an action under specified circumstances. Rule 24(b)(1)(B) grants the ability to intervene in an action on a permissive basis. Lindell can intervene in this action for his intended limited purpose, both permissively under Rule 24(b)(1)(B) and as of right under Rule 24(a)(2).

The "requirements for intervention" are to be "broadly interpreted in favor of intervention," *Kalbers v. United States DOJ*, 22 F.4th 816, 822 (9th Cir. 2021), and "The courts have widely recognized that the correct procedure for a nonparty to challenge a protective order is through intervention for that purpose." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (citing *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir. 1988)).

/ / /

**A.      Lindell May Intervene on a Permissive Basis.**

"Generally, permissive intervention under Rule 24(b) requires '(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'" *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 473 (9th Cir. 1992)). However, "[T]here is ample support for intervenor's argument that courts also recognize Rule 24(b) intervention as a proper method to modify a protective order." *Beckman*, 966 F.2d 470, 472 (9th Cir. 1992). Accordingly,

- "No independent jurisdictional basis is needed" when an intervenor seeks to modify a protective order rather than litigate a claim on the merits, *Beckman*, 966 F.2d at 473; *Pansy*, 23 F.3d at 778, n.3; *EEOC*, 146 F.3d at 1047; *In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987);

- "[M]otions to intervene for the purpose of seeking modification of a protective order in long-concluded litigation are not untimely," *Blum*, 712 F.3d at 1353 (citing "the growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated"); *United Nuclear Corp.,* 905 F.2d at 1427 ("Rule 24(b)'s timeliness requirement is to prevent prejudice in the adjudication of the rights of the existing parties, a concern not present when the existing parties have settled their dispute and intervention is for a collateral purpose."); and

- "There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order." *Beckman*, 966 F.2d at 474. The requirement that a claim or defense present "common legal or

-4-

factual issues" to the main action is interpreted with "considerable breadth." *EEOC*, 146 F.2d at 1046; *Pansy*, 23 F.3d at 778. *See also Advance Loc. Media*, 918 F.3d at 1173 n.12 (when a party seeks to intervene only for the limited purpose of obtaining access to sealed judicial records, there need not be a "strong nexus of fact or law" to the issues in the original case) (quoting *Flynt*, 782 F.3d at 967); *Jessup v. Luther*, 227 F.3d 993, 997-99 (7th Cir. 2000); *Pansy*, 23 F.3d at 778; *In re Estelle*, 516 F.2d 480, 485 (5th Cir. 1975).

Here, all three requirements for permissive intervention are met. Lindell seeks to intervene for the limited purpose of modifying the Court's Protective Order. No independent jurisdictional basis is needed, the motion is not untimely, and there is a common question of law and fact between the grounds that considerations that justified the entry of the Protective Order originally, and whether those grounds still justify any restrictions of the Protective Order upon the Data. *Cf. Beckman* 966 F.2d at 474 ("The issue of interpretation of the policy supplies a sufficiently strong nexus between the district court action and the state actions to satisfy the commonality requirement").

An additional consideration for motions to intervene is whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights." *Blum*, 712 F.3d at 1354. But, again, when the intervention is for the limited purpose of addressing a protective order, this consideration loses force. Where "[t]he existing parties have settled their dispute," intervention has "has little effect on the original parties' underlying rights." *Id.* This action was settled and all claims dismissed in 2009. *See* Order (Feb. 19, 2009) (doc. 100).

All elements for permissive intervention are met, and no part would be prejudiced by Lindell's limited intervention. Lindell should be permitted to intervene under Rule 24(b).

### B.     Lindell May Intervene as of Right.

Lindell also can intervene for his limited purpose as of right, pursuant to Fed. R. Civ. P. 24(a)(2). Under Rule 24(a)(2), a non-party may exercise the right to intervene if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Ninth Circuit has interpreted Rule 24(a)(2) as requiring four things of an intervenor: (1) its intervention motion is "timely"; (2) it "has a significantly protectable interest relating to . . . the subject of the action"; (3) it "is so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest"; and (4) its "interest is inadequately represented by the parties to the action." *Kalbers v. United States DOJ*, 22 F.4th 816, 822 (9th Cir. 2021) (quotations omitted). Each of those requirements is met here.

**Timeliness**.  Timeliness of a motion to intervene "hinges on three primary factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Kalbers*, 22 F.4th at 822 (quotation omitted). As discussed above, considerations of timeliness have a different meaning in the context of an intervention for the purpose of addressing a protective order, than in the context of affecting the substantive or procedural resolution of the parties' claims and defenses. The core consideration underlying the timeliness requirement is "to prevent prejudice in the adjudication of the rights of the existing parties," a factor that is

"not present when the existing parties have settled their dispute and intervention is for a collateral purpose." *United Nuclear Corp.*, 905 F.2d at 1427 (citing *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 786-87 (1st Cir. 1988) and *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 161-62 (6th Cir. 1987)). "While it is true that an application for intervention must be timely, 'timeliness is to be determined from all the circumstances,' and 'the point to which the suit has progressed . . . is not solely dispositive.'" *United Nuclear Corp.*, 905 F.2d at 1427 (quoting *NAACP v. New York*, 413 U.S. 345, 365-66 (1973))\; *Kalbers*, 22 F.4th at 826 ("stage of proceeding" factor uses a "nuanced, pragmatic approach" and "substance prevails over form" such that "[n]either the formal "stage" of the litigation" nor the "length of time that has passed since a suit was filed" is dispositive).

In this case, there is no possibility that any of the parties could be prejudiced in the adjudication of their rights, for that adjudication has been completed. "[P]rejudice must be connected in some way to the timing of the intervention motion." *Kalbers*, 22 F.4th at 825. Lindell has brought his motion to intervene at an appropriate time, seasonably after he became a defendant in the D.C. Litigation, decided to use the Data in his defense in that action, and realized that the Protective Order might lead to the imposition of penalties or harms if he did. This motion satisfies the timeliness requirement because no possibility of prejudice to any party as a result of the timing of the motion exists.

**Significantly Protectable Interest**. The significantly protectable interest factor is met because a non-party may intervene in an action for the purpose of litigating the substance of a protective order. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 354 (11th Cir. 1987) ("[A]ppellants have standing to intervene in this action and challenge the propriety of the district court's protective order."). *See also In re Midland Nat. Life Ins.*

*Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1120 (9th Cir. 2012) (limited purpose intervenor successfully appealed district court order ruling concerning sealing order). Lindell also meets this factor by application of the ordinary test governing application of the factor. A "significantly protectable interest" must be an interest "protectable under some law" and there must be a "relationship between the legally protected interest and the claims at issue." *Kalbers*, 22 F.4th at 827; *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). Here, Lindell has a strong interest in using the Data to defend himself against defamation claims, and a First Amendment interest in being free from prior restraint concerning the publication and use of the Data. There is an obvious relationship between Lindell's interests and the Protective Order which may forbid him from using or publishing the Data.

**Impair or Impede the Interest**. The third factor is met because the Protective Order may impair or impede Lindell's ability to publish or use the Data without incurring liability for contempt of court.

**Interest Not Adequately Protected**. The fourth factor is met because no other party to this action has any interest in the Data or in vindicating Lindell's ability to publish or use the data. This factor imposes a "minimal" burden, and is met if the intervenor shows that "representation of his interest *may* be inadequate." *Kalbers*, 22 F.4th at 828.

Lindell satisfies all four requirements for intervention as of right under Rule 24(a)(2).

### III.
### The Court Should Lift the Protective Order

After permitting Lindell to intervene in this action, the Court should lift the Protective Order, for three reasons.

/ / /

### A. Lindell Needs to Use the Data to Defend Himself.

Lindell will use the Data to defend the reasonability and veracity of his statements regarding the 2020 election at issue in the D.C. Litigation. Lindell Decl. ¶ 5. The statements were based on information received from Montgomery. *Id.* ¶ 4. The substance of the Data will show Lindell's reliance upon it to be reasonable and that the statements were truthful, both points which are defenses to a defamation claim.

### B. The Protective Order Is Stale.

The Protective Order was entered on August 29, 2007, fifteen years ago. It was based on an assertion that secrecy was needed to protect "national security interests" of the United States. Protective Order at 1-2. The affidavit on which the Protective Order was based stated that disclosure of "particular intelligence sources and methods" or the "classified contracting process" could harm U.S. national security. Decl. of John D. Negroponte ¶ 12 (Doc. 83-2). Those sources, methods, and contracts are now at least fifteen years out of date. Computer capabilities and software – the substance of Montgomery's work for eTreppid at issue in this action, *see* case no. 06-cv-00056 doc. 1 ¶¶ 1,7, 15-19 – that in 2007 were cutting-edge are now obsolete. Any need for secrecy to protect these matters has faded, and the Protective Order is no longer necessary. When the government invokes the state secrets privilege, it is the courts' "obligation to review the [government's claims] with a very careful, indeed a skeptical, eye, and not to accept at face value the government's claim or justification of privilege." *Abilt v. CIA*, 848 F.3d 305, 312 (4th Cir. 2017) (quoting *Al-Haramain Islamic Found., Inc. v. Bush*, 507 F.3d 1190, 1203 (9th Cir. 2007)). At this time, after such a long period of time has passed, any initial justification for the Protective Order no longer justifies its restrictions on Montgomery or his Data.

### C.     The Governnment's State Secrets Claim Should Be Viewed with a Critical Eye, Where, as Here, It Conceals Constitutional Violations.

Montgomery has reported to the FBI illegal domestic surveillance of Americans by the government in government programs that Montgomery worked in. Montgomery Decl. ¶¶ 30, 34, 38. The Data that Lindell seeks to use is related to Montgomery's work.[1] *Id*. ¶ 40. The government cannot be allowed to conceal its deprivations of constitutional rights through domestic surveillance by invoking the state secrets doctrine. The Court should review the government's professed need for the Protective Order critically to determine whether it is asserting state secrets for on a legitimate basis or whether it is attempting to cover up unconstitutional activities.

## IV.
## CONCLUSION

Lindell should be granted leave to intervene in this action for the limited purpose of obtaining the lifting or modification of the Protective Order, and the Protective Order should be lifted.

DATED: August 20th, 2022                    **JENNINGS & FULTON, LTD.**

                                By:    */s/ Adam R. Fulton, Esq.*
                                       ADAM R. FULTON, ESQ.
                                       Nevada Bar 11572
                                       E-mail: afulton@jfnvlaw.com
                                       LOGAN G. WILSON, ESQ.
                                       Nevada Bar No. 14967
                                       E-mail: logan@jfnvlaw.com
                                       *Attorneys Michael J. Lindell*

---

[1] Members of Congress have stated that the CIA ran a bulk surveillance program that raises serious concerns about "warrantless backdoor searches of Americans." Senator Ron Wyden Press Release, February 10, 2022, *available at* https://www.wyden.senate.gov/news/press-releases/wyden-and-heinrich-newly-declassified-documents-reveal-previously-secret-cia-bulk-collection-problems-with-cia-handling-of-americans-information.  *See also* Dustin Volz, *Secret CIA Bulk Surveillance Program Includes Some Americans' Records, Senators Say*, Wall St. J. (Feb. 10, 2022), *available at* https://www.wsj.com/articles/secret-cia-bulk-surveillance-program-includes-some-americans-records-senators-say-11644549582.

**CERTIFICATE OF SERVICE**

Pursuant to N.R.C.P. 5(b), I hereby certify that I am an employee of JENNINGS & FULTON, LTD., and that on the 20th day of August 2022, I caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AND TO LIFT PROTECTIVE ORDER** to be served as follows:

\_\_\_\_  by depositing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, enclosed in a sealed envelope; or

\_\_\_\_  by facsimile transmission, pursuant to E.D.C.R. 7.26, as indicated below; or

  X   by electronic service, pursuant to N.E.F.C.R. 9 and Administrative Order 14-2, as indicated below:

| | |
|---|---|
| Edmond "Buddy" Miller, Esq.<br>Bar No. 3116<br>STEPTOE & JOHNSON LLP<br>1610 Montclair Avenue, Suite C<br>Reno, NV 89509<br>bmiller@buddymillerlaw.com<br>Telephone: (775) 828-9898<br><br>*Attorney for*<br>*ETREPPID TECHNOLOGIES, L.L.C. and*<br>*WARREN TREPP* | Reid H. Weingarten, Esq.<br>Brian M. Heberlig, Esq.<br>Robert A. Ayers, Esq.<br>STEPTOE & JOHNSON LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-1795<br>rweingarten@steptoe.com<br>bheberlig@steptoe.com<br>rayers@steptoe.com |
| Dennis L. Kennedy, Esq.<br>Bailey Kennedy<br>8984 Spanish Ridge Avenue<br>Las Vegas, Nevada 89148-1302<br>dkennedy@baileykennedy.com<br>Facsimile: 702-562-8821 | Carlotta P. Wells, Esq.<br>Senior Trial Counsel<br>Federal Programs Branch<br>Civil Division – Room 7150<br>U.S. Department of Justice<br>20 Massachusetts Ave., NW<br>P.O. Box 883<br>Washington, DC 20044<br>Carlotta.Wells@usdoj.gov<br>Fax No. 202-616-8470 |
| J. Stephen Peek, Esq.<br>HOLLAND & HART LLP<br>5441 Kietzke Lane, Second Floor<br>Reno, NV 89511<br>speek@hollandhart.com | Greg Addington, Esq.<br>Assistant U.S. Attorney<br>100 W. Liberty Street, Suite 600<br>Reno, Nevada 89501<br>Greg.Addington@usdoj.gov<br>Facsimile: 784-5181 |

| | |
|---|---|
| Raphael O. Gomez, Esq.<br>Senior Trial Counsel<br>Federal Programs Branch<br>Civil Division – Room 6144<br>U.S. Department of Justice<br>20 Massachusetts Ave., N.W.<br>P.O. Box 883<br>Washington, DC 20044<br>Raphael.Gomez@usdoj.gov<br>Facsimile: 202-616-8470 | Roland Tellis, Esq.<br>Marshall B. Grossman, Esq.<br>Bingham McCutchen LLP<br>The Water Garden<br>1620 26th Street, 4th Floor, North Tower<br>Santa Monica, CA 90404<br>rolland.tellis@bingham.com<br>marshall.grossman@bingham.com<br>Facsimile: 310-907-2000 |
| Robert E. Rohde, Esq.<br>Gregory G. Schwartz, Esq.<br>Rohde & Van Kampen<br>1001 Fourth Avenue, Suite 4050<br>Seattle, Washington 98154<br>brohde@rohdelaw.com<br>gschwartz@rohdelaw.com<br>Facsimile: 206-405-2825 | Ronald J. Logar, Esq.<br>Law Office of Logar & Pulver, PC<br>225 S. Arlington Avenue, Suite A<br>Reno, Nevada 89501<br>Zachary@logarpulver.com |
| Amanda J. Cowley, Esq.<br>Bradley Scott Schrager, Esq.<br>Gary R. Goodheart, Esq.<br>Jones Vargas<br>3773 Howard Hughes Parkway<br>Third Floor South<br>Las Vegas, Nevada 89169<br>acowley@jonesvargas.com<br>bschrager@jonesvargas.com<br>grg@jonesvargas.com | Bridget Robb Peck, Esq.<br>Lewis and Roca, LLP<br>50 W. Liberty Street, Suite 410<br>Reno, Nevada 89501<br>bpeck@lrlaw.com<br>Facsimile: 775-823-2929 |
| Michael James Flynn, Esq.<br>Flynn & Stillman<br>P.O. Box 690<br>Rancho Santa Fe, CA<br>mjfbb@msn.com | Debbie Leonard, Esq.<br>Leigh T. Goddard, Esq.<br>John J. Frankovich, Esq.<br>McDonald Carano Wilson LLP<br>P.O. Box 2670<br>Reno, Nevada 89505-2670<br>dleonard@mcdonaldcarano.com<br>lgoddard@mcdonaldcarano.com<br>jfrankovich@mcdonaldcarano.com |
| Ellyn S. Garofalo, Esq.<br>Liner Yankelevitz Sunshine &<br>Regenstreif LLP<br>1100 Glendon Avenue<br>Los Angeles, California 90024-3503<br>egarofalo@linerlaw.com | Thomas H. Casey, Esq.<br>The Law Office of Thomas H. Casey, Inc.<br>22342 Avenida Empresa, Suite 260<br>Rancho Santa Margarita, California 92688<br>msilva@tomcaseylaw.com |

JENNINGS & FULTON, LTD.
2580 SORREL STREET
LAS VEGAS, NEVADA 89146
TELEPHONE 702 979 3565 ♦ FAX 702 362 2060

|   |   |
|---|---|
| Timothy Ryan O'Reilly, Esq.<br>O'Reilly Law Group<br>325 S. Maryland Parkway<br>Las Vegas, Nevada 89101<br>tor@oreillylawgroup.com | *Via U.S. Mail*<br>Dennis Montgomery<br>6 Toscana Way W.<br>Rancho Mirage, CA 92770 |
| *Via U.S. Mail*<br>The Montgomery Family Trust<br>6 Toscana Way W.<br>Rancho Mirage, CA 92770 | *Via U.S. Mail*<br>Blxware LLC<br>600 106th Avenue NE, Suite 210<br>Bellevue, WA 98004-5045 |
| *Via U.S. Mail*<br>Offspring LLC<br>600 106th Avenue NE, Suite 210<br>Bellevue, WA 98004-5045 | |

*/s/ Norma Richter*
*An Employee of*
JENNINGS & FULTON, LTD.

-13-