# EXHIBIT "A"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| US DOMINION, INC., et al., | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-CV-00445 (CJN) |
| MY PILLOW, INC., et al. | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Dennis Montgomery

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: 9107 Snowy Owl Way, Naples, FL 34120 (electronic production to parker@parkerdk.com preferred) | Date and Time: 11/4/2022 1:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/21/2022

*CLERK OF COURT*

OR   /s/ *Andrew D. Parker*

*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants My Pillow, Inc., and Michael J. Lindell**, who issues or requests this subpoena, are:

Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, MN 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 3:06-cv-00056-MMD-CSD   Document 1236-1   Filed 11/14/22   Page 3 of 11

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Documents to Produce

All documents prepared, received, or sent by Dennis Montgomery ("Montgomery") during the period January 1, 2004, through the date of service of the Subpoena related to:

1. Any patents or copyrights issued to Montgomery for Technology.

2. Any licenses or other agreements by which Montgomery or any entity for which he worked or in which he had an ownership interest authorized another person or entity to use Technology.

3. Any agreements made by Montgomery or any entity for which he worked or in which he had an ownership interest with an agency of the United States concerning the development, refinement, modification, or implementation of Technology.

4. The monitoring of or tampering with any election inside or outside the United States.

5. The operation of any voting system employed by any federal, state, or local entity for recording, tabulating, or managing votes, voting equipment, or voting records in the 2020 presidential election in the United States.

6. The Technology, including the computer methods and sources, computer equipment, and any associated agreements to implement that software or hardware, employed by Montgomery or any entity for which he worked or in which he had an ownership interest, to monitor the 2020 presidential election.

7. Analyses of reports, including those conducted by any governmental entity, reflecting the recording, tabulating, or managing of votes, voting equipment, or voting records in the 2020 presidential election in the United States.

8. The use of Technology for monitoring or tampering with elections that was developed by Montgomery or any entity for which he worked or in which he had an ownership interest which was used by a foreign government in the 2020 elections.

9. Data or images from any electronic voting system or state voter registration system used or in effect during the 2020 presidential election.

10. Documents related to *Hepting v. AT&T Corp.*, no. c-06-672 in the United States District Court for the Northern District of California.

# EXHIBIT "B"

## DECLARATION OF DENNIS L. MONTGOMERY

I, Dennis Montgomery, state the following pursuant to 28 U.S.C. § 1746:

1. Another declaration that I prepared and signed was submitted as Exhibit B to Intervenor Lindell's Memorandum in Support of Motion to Intervene and to Lift Protective Order (ECF No, 1216-2). In this proceeding. I have prepared and signed this declaration to provide additional facts in support of my Motion to Restrict the Application of the State Secrets Privilege, the Protective Order, and a Classified Information Nondisclosure Agreement filed in this case.

2. In response to a motion filed by the Department in 2006 on behalf of the Director of National Intelligence, the Court entered protective orders prohibiting me from disclosing certain information which is described in the protective orders and thereby enforcing the state secrets privilege asserted by the Director of National Intelligence (No. 3:06-cv-00056, ECF Nos. 252 & 253).

3. On March 1, 2006, eight FBI agents, an agent of the Internal Revenue Service, and an agent of the Drug Enforcement Agency executed a search and seizure warrant at me residence in Reno, Nevada, with firearms drawn, handcuffed me to a tree, detained and threatened my family, and seized a massive amount of property, which has never been fully returned to me despite a ruling by the U. S. District Court that the actions of the agents were conducted with callous disregard for the constitutional rights of my wife and me and a ruling that I was entitled to the return of all property seized. The US Government contended that it was not required to return all the that property because it was covered by the state secrets privilege.

4.      Since the entry of the protective orders, attorneys representing the Department have asserted the right and authority to prevent me from disclosing information in other litigation and in other situations based on the state secrets privilege.

5.      As examples of the Department's assertion of the state secrets privilege, Raphael O. Gomez and Carlotta P. Wells, attorneys in the Federal Programs Branch of the Department's Civil Division, have expressly and specifically asserted the state secrets privilege in communications with me in demanding that I not disclose information that they deemed covered by the state secrets privilege in such other situations that were unrelated to the litigation described in paragraph 2, above.

6.      At a 2008 meeting at the District of Columbia office of Jack Kemp attended by Ms. Wells, Mr. Kemp, and me, Ms. Wells declared to Mr. Kemp: "Dennis will be under the state secrets privilege until he dies."

7.      While Ms. Wells and I were together at the _____ at Fort Washington, Maryland in 20__, Ms. Wells said to me when I complained about _____ that the Government can "plant stories" and "leak false information" to the media whenever we have a need to "cover projects to hide what we're doing." Responding to my objection about ____, she said: "You gave up your First Amendment rights when you ____."

8.      Before and during my November 18, 2010, deposition in bankruptcy proceedings in off-the-record communications with me, Ms. Wells directed me to assert the privilege against self-incrimination and refuse to provide information in response to questions that related to subjects that she insisted were covered by the state secrets privilege. She threatened me that I would be arrested if I did not follow her directions. She stated on the record that "paragraphs 2 and 3 of the United States protective order which is Document 253, District of Nevada Caes File 30656"

applied to any information that might be disclosed in that deposition, including the last names of two other Government personnel who accompanied her to the deposition.

9. Before another deposition in my bankruptcy proceedings in 20__, Mr. Gomez directed me not to provide information if questioned about matters that he insisted were covered by the state secrets privilege. Mr. Gomez ordered the testimony to be terminated during that deposition, seized exhibits reflecting my attorneys' billing records related to a government contract in which I had been involved, and took possession of the transcript of the deposition.

10. In 2006, I provided to the Electronic Frontier Foundation information generated in my development of the technical ability to be used by the Government to access electronic transmissions in the fight against international terrorists and information about the use of such technology to conduct surveillance of U.S. citizens and private entities, which information was used in the class action against AT & T filed in the U,S, District Court for the Northern District of California and which information was a portion of the information in that litigation that the Department attempted to block based on the state secrets privilege by filing a motion to dismiss the complaint in that case.

11. I was interviewed on December 3, 2015, for more than three hours by Deborah Curtis, a Department attorney, and two agents of the Federal Bureau of Investigation at the FBI's District of Columbia headquarters. During that interview, Ms. Curtis acknowledged that I was allowed during the interview to discuss matters that the Department deemed protected by the state secrets privilege. But at the conclusion of that interview, she made the statement: "When you leave this room, the state secrets privilege will be on you."

12. Information in my possession or that I can relate from memory includes information that the Department has asserted the state secrets privilege to protect from disclosure and which

would reveal misconduct by agencies of the United States involving surveillance of citizens of the United States and other actions that violate 18 U.S.C. § 1809. As shown in the correspondence between the Department and my former attorney attached to this declaration as Exhibit A, I have provided that information to the Department in 47 hard drives of data.

13. I have attempted for several years to alert then-President Barack Obama, members of Congress, the Inspector General of the Office of the Intelligence Community, the Central Intelligence Agency, The Department of Justice, the Department of Defense, the Department of Homeland Defense, the Department of the Treasury, the Department of State, the U.S. Air Force, and the Defense Intelligence Agency about the decades-long illegal domestic surveillance, but none has acted on my complaints.

14. I conveyed my ownership of the technology described in the protective orders to Blxware, a company owned exclusively by me until I conveyed a majority interest to Michael J. Lindell in 2021, while retaining a minority interest. The technology described in the protective orders, which technology I had licensed to agencies of the United States, enabled the collection of data that has been sought by the subpoena issued to me.

15. On October 24, 2022, I was served by counsel for My Pillow, Inc. with a subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action (*US Dominion, Inc. et al. v. My Pillow, Inc.* Case No. 1:21-cv-00445 (D.D.C.)). I am confronted with the choice of refusing to comply with the subpoena or violating the protective orders and the state secrets privilege as the Department has construed the protective orders and repeatedly asserted the state secrets privilege.

16. I am confronted with the choice of refusing to comply with the subpoena with the consequences that are likely to follow or violating the state secrets privilege, the protective order,

4

and the classified information nondoisclosure agreement that I executed with the Defense Security Service.

17. In 2021, I filed a *Bivens* action for damages against agents of the Government, including the Department and the Internal Revenue Service, for the flagrant violation of my rights guaranteed by the Fourth Amendment. *Dennis Montgomery et al v. West et al.*, No. 3:21-cv-00128-MMD-WCC (D. Nev.). The Department filed a motion to dismiss on behalf of the defendants in that action arguing, *inter alia*, that "litigation of this claim potentially involves information subject to the state secrets privilege" and "litigation of Plaintiffs' claim would ultimately implicate the protective order and [the state secrets] privilege." Doc. 28 (filed 10/08/21) at 13. A copy of that motion to dismiss is attached to this declaration as Exhibit B.

18. The Department's attorneys have asserted shifting and often contradictory justifications for preventing me from disclosing information related to the technology that I have developed, and information collected by me using that technology.

19. Asserting the state secrets privilege as a justification, the Government has not returned the property it seized without a warrant from my lawyers at Flynn & Stillman in 2008, including my intellectual property and attorney-client communications.

20. Asserting the state secrets privilege as a justification, the Government has not returned the property it seized without a warrant from my lawyers at the Liner law firm in Los Angeles in 2008, including my intellectual property and attorney-client communications.

21. Over the last 16 years, the U.S. Government has destroyed, seized, stolen, hijacked, or failed to return thousands of disk drives or electronic media which I own that contained my intellectual property. The Government claims it is still reviewing material to see if information on the electronic media is covered by the state secrets privilege.

22. I am personally aware that the U.S. Government has conducted and continues to conduct extensive electronic surveillance of millions of U.S. citizens, private companies, and non-profit entities

23. I fear that, without relief granted to me by a federal court, the Department will act on its repeated threats to arrest me and prosecute me for violating the protective orders and the state secrets privilege.

I certify under penalty of perjury that the foregoing statements are true and correct based upon my personal knowledge.

Dated: November _, 2022
Naples, Florida

_____
Dennis Montgomery