SIGAL CHATTAH, ESQ.
Nevada State Bar No. 8264
CHATTAH LAW GROUP
5875 s. Rainbow Blvd. #204
Las Vegas, Nevada 89118
Tel. (702) 360-6200
Fax (702) 643-6292
Chattahlaw@gmail.com
Attorneys for Defendants/Movant

Patrick M. McSweeney
*Admitted pro hac vice*
MCSWEENEY, CYNKAR &
KACHOUROFF, PLLC
3358 John Tree Hill Road
Powhatan, Virginia 23139
Tel. (804) 937-0895
Fax (703) 365-9593
*patrick@mck-lawyers.com*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY *et al.,* ) | |
| ) | Case No. 3:06-cv-00056-MMD-CSD |
| Plaintiffs, ) | Case No. 3:06-cv-145-MMD-VPC |
| ) | |
| v. ) | |
| ) | MONTGOMERY'S REPLY TO THE |
| ENTREPPID TECHNOLOGIES, L.L.C.. *et al.,*) | GOVERNMENT'S OPPOSITION TO |
| ) | HIS MOTION FILED AT ECF NO. 1236 |
| Defendants. ) | |
| ) | |
| _____ ) | |

    The Government argues that the Court lacks jurisdiction to decide Montgomery's Motion, that Montgomery lacks standing to assert his claim, and that his Motion is without merit. None of these arguments are viable.

I.     THIS COURT HAS JURISDUCTION

Montgomery's Motion requests relief regarding the Protective Order entered by this Court on August 29, 2007 [ECF No. 253]. In its final order, the Court retained jurisdiction to monitor compliance with the Protective Order [ECF No. 962].  The purpose of the Motion is to restrict the application of that Protective Order, which was entered to enforce the state secrets privilege and the classified information nondisclosure agreement.

 After the Protective Order was entered and until the Government filed its Opposition to Montgomery's Motion, the Government has asserted a construction of the Protective Order that was at odds with the plain meaning of its terms. No other federal district court can exercise jurisdiction to modify, construe or enforce the Protective Order and the matters that it covers.

Contrary to the Government's contention, the Motion does not challenge the subpoena issued by Michael J. Lindell and served on Montgomery. The Lindell subpoena comes into play merely because it presents Montgomery with the stark choice of complying with it, which would involve violating the Protective Order according to the Governments' longstanding construction, or defying the subpoena with the associated risk of being held in contempt. Any injury that would result from making such a choice is not attributable to the subpoena but rather to the Protective Order.

 II.     MONTGOMERY HAS STANDING

The Government's argument that Montgomery lacks standing rests on a gross mischaracterization of the Motion. Montgomery expressly requests that the Court establish the proper scope and effect of the Protective Order. As a party bound by that Order, he plainly has standing.

The Lindell subpoena triggered Montgomery's filing of the Motion because it confronted him with an unavoidable choice, but it is relief from the restrictions of the Protective Order and not the subpoena itself that prompted Montgomery's Motion. Until he was served with the subpoena, Montgomery had declined to confront the Government's abusive resort to an inappropriate reading of the Protective Order because of its threats of arrest and prosecution and the prospect of another illegal raid, such as occurred in 2006 at his Reno residence. The only exceptions to that failure to seek relief form the Governments egregious conduct was (1) the filing of a *Bivens* action in this Court in 2021 after Montgomery received assurance from the Government that the filing would not violate the Protective Order and (2) the submission of 47 hard drives of data to the Government in 2015 in an attempt to obtain protection against further harassment and to put an end to the Government's massive surveillance of Americans.

In the former situation, the Government reneged on its assurance and moved to dismiss Montgomery's *Bivens* action as prohibited by the protective order. *Dennis Montgomery et al. v. West et al.,* No. 3:21-cv-00128-MMD-WCC (D. Nev.), [ECF No. 28 at 13]. In the latter situation, the Government has unlawfully retained Montgomery's intellectual property and has taken no action to terminate its surveillance program.

### III. THE COURT'S REVIEW OF THE PROTECTIVE ORDER IS PROPER AND TIMELY

For more than 15 years, the Government has insisted on a construction of the Protective Order that is contrary to its reasonable meaning. It has applied that construction to threaten, punish, and control Montgomery and deprive him of his constitutional rights. After 15 years of asserting that unwarranted construction,[1] the Government has now changed its position. In the

---

[1] Exhibit 1, attached, which confirms the former position of the Government.

3

Government's Memorandum in Opposition to Montgomery's Motion, it makes the following statements:

(1) "The Protective Order…has nothing to do with the defamation litigation against Lindell." ECF No. 1243 at 3.

(2) "The Protective Order does not apply to any litigation but the above-captioned cases." *Id.*

(3) "[B]y its terms, the Protective Order applied only to discovery or disclosure within this litigation." *Id.* at 5.

The parties are now in agreement regarding the construction of the Protective Order that it applies only to discovery and disclosure in this terminated litigation.. The Court can readily dispose of Montgomery's Motion by adopting a construction of the Protective Order that both parties accept.

## CONCLUSION

The court should enter an Order declaring the plain meaning of the Protective Order to be that it applies only to discovery or disclosure in this terminated litigation and not to any other litigation or situation.

Respectfully submitted this __20th__ day of December, 2022

**CHATTAH LAW GROUP**

*/s/ Sigal Chattah*
_____
SIGAL CHATTAH, ESQ.
Nevada State Bar No. 8264
CHATTAH LAW GROUP
5875 s. Rainbow Blvd. #204
Las Vegas, Nevada 89118
Tel. (702) 360-6200
Fax (702) 643-6292
Chattahlaw@gmail.com

Attorney for Defendants/Movant

Patrick M. McSweeney
*Admitted pro hac vice*
MCSWEENEY, CYNKAR &
  KACHOUROFF, PLLC
3358 John Tree Hill Road
Powhatan, Virginia 23139
Tel. (804) 937-0895
Fax (703) 365-9593
*patrick@mck-lawyers.com*
Attorneys for Defendants/Movant

## **CERTIFICATE OF SERVICE**

The undersigned, an employee of CHATTAH LAW GROUP, hereby certified that on the 20th day of December, 2022, she served a true and correct copy of the foregoing, **REPLY TO RESPONSE**, via the Court's CMECF Electronic Filing System to all registered parties.

*/s/     Sigal Chattah*

Chattah Law Group