UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENNIS MONTGOMERY, *et al.*, <br><br>         Plaintiffs, <br><br>    v. <br><br> ETREPPID TECHNOLOGIES, *et al.*, <br><br>         Defendants. | Case No. 3:06-cv-00056-MMD-CSD <br><br> ORDER |

**I.    SUMMARY**

Non-party and proposed intervenor Michael J. Lindell filed a motion to intervene and lift the Court's protective order (ECF No. 1216)[1] in this closed case[2] because the information he needs to defend himself in an unrelated District of Columbia defamation case may be covered by the protective order (ECF No. 253). Plaintiff Dennis Montgomery, who was subpoenaed in the defamation case, subsequently filed a motion to restrict application of the state secrets privilege (ECF No. 1236)[3] because the information he is compelled to produce under the subpoena may be covered by the protective order. Before the Court are the Reports and Recommendations ("R&Rs") of United States Magistrate Judge Craig S. Denney (ECF Nos. 1254, 1255), recommending that the Court deny both

---

[1] The United States, an interested party in the protective order (ECF No. 253), responded to the motion (ECF No. 1232). Lindell replied (ECF No. 1235).

[2] The litigation involved two cases, 3:06-cv-00056-MMD-CSD and 3:06-cv-00145-MMD-VPC, that were later consolidated. (ECF No. 123.) The consolidated case will hereafter be referred to as the "eTreppid case." The parties eventually settled, and the eTreppid case was dismissed in February 2009. (ECF No. 962.)

[3] The United States responded (ECF No. 1243) and Montgomery replied (ECF No. 1251).

motions. Montgomery[4] objected to Judge Denney's second R&R.[5] (ECF No. 1256 ("Objection").) Because the Court agrees with Judge Denney's analysis, and for the reasons stated below, the Court will adopt Judge Denney's R&Rs in full, overrule Montgomery's Objection, and deny both motions.[6]

## II. DISCUSSION

To start, the Court will adopt Judge Denney's first R&R and deny Lindell's motion to intervene and lift the protective order because he lacks Article III standing for the requested relief. The Court will then adopt Judge Denney's second R&R over Montgomery's Objection because the scope of the protective order is abundantly clear from the plain language, Montgomery's requested relief is unrelated to the protective order, the outrageous government conduct doctrine is inapplicable in this civil case, and Montgomery lacks standing for his requested relief.

### A.     Lindell's Motion to Intervene & Lift Protective Order

Because Lindell did not object to the R&R, the Court is satisfied that Judge Denney did not clearly err in finding that Lindell lacks standing to intervene.[7] (ECF No. 1254 at 8-9.) As a proposed intervenor, Lindell must demonstrate independent Article III standing because he is seeking to lift the protective order, which is a different relief than that sought by the existing parties in this case.[8] *See Or. Prescription Drug Monitoring Program v. U.S. Drug Enf't Admin.*, 860 F.3d 1228, 1234 (9th Cir. 2017) (explaining that if the Intervenors

---

[4]Lindell did not object to Judge Denney's first R&R (ECF No. 1254) addressing his motion to intervene.

[5]The United States responded to Montgomery's Objection. (ECF No. 1263.)

[6]The Court incorporates by reference and adopts Judge Denney's description of the case's background and procedural history. (ECF Nos. 1254 at 1-5, 1255 at 1-6.)

[7]Because Lindell did not object, the Court need not conduct de novo review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations") (emphasis in original).

[8]No existing party in this case sought to lift or modify the protective order. In fact, Montgomery repeatedly clarified that he only requests an order declaring the scope of the protective order, and "has not requested a modification of the Protective Order." (ECF Nos. 1251 at 4, 1256 at 3.)

1  "seek to obtain different relief than the original plaintiff, the Intervenors must establish
2  independent Article III standing"); *Cal. Dep't of Toxic Substances Control v. Jim Dobbas,*
3  *Inc.*, 54 F. 4th 1078, 1085 (9th Cir. 2022) (explaining that "[i]ntervenors that seek relief
4  that is broader than or different from the relief sought by existing parties to the case must
5  possess constitutional standing . . . but intervenors that seek the same relief sought by at
6  least one existing party to the case need not do so") (citations omitted).

7  But Lindell has not demonstrated an injury in fact that is traceable to the protective
8  order. *See Jim Dobbas,* 54 F. 4th at 1085 (To have standing, a proposed intervenor must
9  demonstrate an injury in fact "that is concrete and actual or imminent, not conjectural or
10 hypothetical," "a fairly traceable connection between [their threatened] injury and the relief
11 sought," and a likelihood that the requested relief will redress the injury) (citations and
12 quotation marks omitted). There is no question that the protective order does not apply to
13 non-party Lindell or any litigation other than the eTreppid case.[9] (ECF No. 253.) The plain
14 language of the order clearly and unambiguously states that it only binds the parties in
15 the eTreppid lawsuit and the proceedings in the eTreppid case.[10] (*Id*. at 2.) Hence, the
16 protective order has no bearing on Lindell's ability to defend himself in an unrelated
17 defamation lawsuit in another district, and Lindell has failed to demonstrate an injury in
18 fact for standing.[11] *See id*. The Court therefore adopts Judge Denney's first R&R (ECF
19 No. 1254) and denies Lindell's motion to intervene (ECF No. 1216).

20 ///
21 ///
22 ///
23

---

24  [9]The United States also confirmed that Lindell "is not subject to the protective order
25  . . . and that the protective order does not apply to any litigation" other than the eTreppid case. (ECF No. 1232 at 5.)

26  [10]Because the plain language of the protective order is clear, the Court denies
27  Lindell's request for an order stating that he is not subject to the protective order and the protective order does not apply to any other litigation. (ECF No. 1235 at 3.)

28  [11]Because standing is dispositive, the Court need not address the other bases for denial of Lindell's motion.

### B.  Montgomery's Motion to Restrict Application

Montgomery objects to Judge Denney's recommendation that the motion to restrict should be denied.[12] (ECF Nos. 1255, 1256.) Montgomery specifically contends that (1) Judge Denney failed to acknowledge the United States' concession that the protective order only applies to the eTreppid case, (2) he is not requesting a modification of the protective order but rather a court declaration of its scope,[13] (3) the outrageous government conduct in this case warrants injunctive relief whether it occurred in a criminal or civil case, and (4) he is not required to wait for injury to occur because the threatened harm is "part of a pattern of conduct that is likely to recur."[14] (ECF No. 1256 at 2-8.) For the reasons stated below, the Court agrees with Judge Denney's recommendation and overrules Montgomery's Objection.

For Montgomery's first two objections, the Court finds that a separate order declaring the protective order's scope is unwarranted and redundant. As Montgomery himself noted, the United States has repeatedly represented that "the Protective Order entered in this case has nothing to do with the defamation litigation against Lindell," and "the Protective Order does not apply to any litigation" but the eTreppid case. (ECF Nos. 1243 at 3, 1263 at 6.) Moreover, as previously discussed, the plain language of the protective order clearly and unambiguously states that the order does not extend to any other litigation. (ECF No. 253.) Accordingly, the Court denies Montgomery's request because an order repeating what is already apparent from the protective order is

---

[12] As to the portions of the second R&R that Montgomery did not object to, the Court finds that Judge Denney did not clearly err and adopts his recommendations. (ECF Nos. 1255, 1256.) *See Reyna-Tapia*, 328 F.3d at 1116.

[13] Montgomery clarified in his reply and Objection that he is not challenging the subpoena from Lindell. (ECF Nos. 1251 at 2, 1256 at 3.) However, to the extent he is challenging the subpoena, the Court lacks the authority to quash or modify it. *See* Fed. R. Civ. P. 45(d)(3)(A) ("On timely motion, the *court for the district where compliance is required* must quash or modify a subpoena") (emphasis added).

[14] In Montgomery's Objection, he explicitly asks the Court to enter an order (1) "declaring that the Protective Order applies only to Cases Nos. 3:06-cv-00056 and 3:06-cv-00145" and (2) "enjoin[ing] and prohibit[ing] the United States from invoking the state secrets privilege." (ECF No. 1256 at 2, 8-9.)

unnecessary.

Next, the Court overrules Montgomery's third objection because the outrageous government conduct doctrine is indeed limited to extreme criminal cases where a defendant can demonstrate that the government's conduct "violates due process in such a way that it is so grossly shocking and so outrageous as to violate the universal sense of justice." *U.S. v. Stinson*, 647 F.3d 1196, 1209 (9th Cir. 2011) (citations and quotation marks omitted); *see also U.S. v. Wiley*, 794 F.2d 514, 515 (9th Cir. 1986) ("We may dismiss a criminal indictment when government conduct is so outrageous that it violates due process") (citations omitted). Accordingly, outrageous government conduct may not serve as the basis for injunctive relief in this civil case.

Moreover, Montgomery's requested relief is wholly unrelated to the protective order.[15] The protective order pertains to the disclosure or discovery of sensitive information that may jeopardize national security.[16] (ECF Nos. 253, 1243 at 4-5.) However, Montgomery's requested relief is broadly premised on the government's "unlawful surveillance of U.S. citizens" and past "outrageous treatment of Montgomery" including raiding his home and storage units, threatening him with arrest, and seizing records from his attorneys. (ECF No. 1236 at 9, 11-13.) The connection between the terms of the protective order and Montgomery's basis for his requested relief is non-existent or tenuous at best. Accordingly, Montgomery may not attempt to obtain unrelated relief in a dormant lawsuit that was resolved over 14 years ago. (ECF No. 962.)

---

[15]In the motion, Montgomery also seeks to restrict or prohibit the government from invoking the classified information nondisclosure agreement ("NDA"). (ECF No. 1236.) However, Judge Denney correctly found that the NDA was between Montgomery and the United States and the Court lacks authority to modify or lift the NDA. (ECF Nos. 1236 at 11, 1254 at 9.)

[16]The protective order exempted from discovery "the existence or non-existence of any actual or proposed relationship, agreement, connection, contract, transaction, communication or meeting of any kind between any entity in the intelligence community" and the parties, and "any actual or proposed intelligence agency interest in, application of or use of any technology, software or source code owned or claimed by the Parties." (ECF No. 253 at 2.) The order also exempted from discovery or disclosure the "computer source code, software, programs, or technical specifications relating to any technology owned or claimed by any of the Parties" and "[a]ny actual or potential commercial or government applications of the Technology." (*Id*. at 3.)

Finally, the Court overrules Montgomery's fourth objection because he fails to show a "certainly impending" injury for standing. A plaintiff "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000) (citations omitted). A plaintiff "who has standing to seek damages for a past injury . . . does not necessarily have standing to seek prospective relief." *Phillips v. U.S. Customs & Border Prot.*, —F. 4th—, 2023 WL 4673472, at *4 (9th Cir. 2023) (citation omitted). "To the extent a plaintiff seeks relief for a possible future injury, that injury must be certainly impending . . . or there must be a substantial risk that the harm will occur." *Id.* (citations and quotation marks omitted). Here, Montgomery asks the Court to restrict or prohibit the application of the state secrets privilege due to alleged outrageous conduct by the government that occurred over a decade ago.[17] (ECF No. 1236 at 11-13.)

However, there is no indication or evidence that the United States will take any action against Montgomery for complying with Lindell's subpoena in the unrelated defamation case. *See id*. The United States correctly contend that Montgomery's fear of adverse government action is speculative at best—and fails to meet the high "certainly impending" standard for injury. (ECF No. 1263 at 14-15.) *See id*. The eTreppid case has been closed for over 14 years and the United States has already repeatedly confirmed that the protective order does not apply to any other litigation but this already-resolved, dormant case. (ECF Nos. 1243 at 3, 1263 at 6.) Montgomery therefore lacks standing for his requested relief and his motion is also denied on this basis. *See Laidlaw*, 528 U.S. at 185 (citations omitted).

### III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

---

[17]Due to alleged past government misconduct, Montgomery argues that he is forced to "choose between complying with the Subpoena, which would, in the view of the Department, constitute a violation of the state secrets privilege, the protective order, and the classified information nondisclosure agreement or defy the Subpoena and suffer the consequences of doing so." (ECF No. 1236 at 4.)

determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Montgomery's objection (ECF No. 1256) to the Report and Recommendation (ECF No. 1255) of United States Magistrate Judge Craig S. Denney is overruled.

It is further ordered that Judge Denney's Reports and Recommendations (ECF Nos. 1254, 1255) are accepted and adopted in full.

It is further ordered that Lindell's motion to intervene and lift the protective order (ECF No. 1216) is denied.

It is further ordered that Montgomery's motion to restrict application of the state secrets privilege (ECF No. 1236) is denied.

It is further ordered that Montgomery's request for an oral argument is denied. (ECF No. 1237.)

DATED THIS 4th Day of August 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE